1    Paul J. Coady (SBN: 81698)
          Email:  pcoady@winston.com
2    S. Shane Sagheb (SBN: 109878)
          Email:  ssagheb@winston.com
3    WINSTON & STRAWN LLP
     333 South Grand Avenue
4    Los Angeles, CA 90071-1543
     Telephone:     213-615-1700
5    Facsimile:     213-615-1750
6
7    Joan B. Tucker Fife (SBN:144572)
          Email:  jfife@winston.com
8    WINSTON & STRAWN LLP
     101 California Street, Suite 300
9    San Francisco, CA 94111
     Telephone:     415-591-1000
10   Facsimile:     415-591-1400
11
     Attorneys for Defendant
12   BALLY TOTAL FITNESS CORPORATION
13
14              UNITED STATES DISTRICT COURT
15             NORTHERN DISTRICT OF CALIFORNIA
16                 SAN FRANCISCO DIVISION
17

| | |
|---|---|
| 18  FRANCISCO E. SALAZAR, JR., on behalf of ) | **No.** |
| himself, and all others similarly situated and as ) | |
| 19  an "aggrieved employee" under the California ) | |
| Labor Code Private Attorneys General Act, ) | **NOTICE OF REMOVAL OF ACTION** |
| 20 | |
| 21             Plaintiff, ) | (28 U.S.C. § 1446) |
| ) | |
| 22       vs. ) | Putative Class Action |
| ) | |
| 23  BALLY TOTAL FITNESS, a Delaware ) | |
| 24  corporation doing business within the State of ) | |
| California, and each of its subsidiaries doing ) | |
| 25  business in California, and DOES 1 through 50 ) | |
| inclusive, ) | |
| 26 | |
| 27             Defendants. ) | |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2 CALIFORNIA:

3    Defendant, Bally Total Fitness Corporation ("Bally"), pursuant to 28 U.S.C. sections 1332,

4 1441 and 1446, provides notice of the removal of this civil action to this Court.  In support of this

5 notice, Bally states as follows:

6 **I.    INTRODUCTION**

7    1.    This case is being removed to this Court under the Class Action Fairness Act of 2005

8 ("CAFA") because, at the time the Complaint was filed, and at this time, diversity of citizenship

9 exists between Bally on the one hand, and one or more members of the putative class on the other

10 hand.  There are at least 100 members of the classes alleged, and the amount in controversy exceeds

11 $5,000,000, exclusive of interest and costs.  Therefore, this Court has original jurisdiction under 28

12 U.S.C. section 1332(d)(2)(A).  Indeed, as fewer than one-third of the proposed class members are

13 citizens of the same states of which Bally is a citizen, the District Court lacks discretion to decline

14 jurisdiction over this action.  28 U.S.C. §§ 1332(d)(2), (3), and (4).

15 **II.    PROCEDURAL HISTORY AND BACKGROUND**

16    **A.    The State Court Action**

17    2.    On October 22, 2007, an action was commenced in the Superior Court of the State of

18 California in and for the County of San Francisco, entitled *Francisco E. Salazar, Jr. v. Bally Total*

19 *Fitness*, a Delaware corporation doing business within the State of California, and each of its

20 subsidiaries doing business in California, and DOES 1 through 50, inclusive, as Case No. CGC-07-

21 468441.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."  The Complaint

22 seeks recovery of monetary damages and other relief against Bally based upon the following causes

23 of action: (1) failure to pay overtime in violation of California Labor Code sections 510 and 1194;

24 (2) failure to provide meal and rest periods in violation of California Labor Code section 226.7; (3)

25 waiting time penalties pursuant to California Labor Code 203; (4) issuance of out of state paychecks

26 under California Labor Code section 212; (5) violation of California Business and Professions Code

27 section 17200; and (6) Labor Code Private Attorneys General Act of 2004.

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**B.      The Parties**

3.      Bally is informed and believes that plaintiff, Francisco E. Salazar, Jr., and all, or substantially all, members of the putative class are citizens of the State of California.

Bally was, at the time of the filing of this action, and still is, a citizen of the States of Delaware and Illinois, in that it is incorporated in Delaware and maintains its principal place of business in Illinois. (*See* Complaint, ¶ 4 "Defendant Bally Total Fitness Corporation is a Delaware Corporation doing business in California . . . with its main offices located at 8700 West Bryn Mawr Avenue, Chicago, Illinois 60631.")

4.      The citizenship of defendants, Does 1-50, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship.  28 U.S.C. § 1441(a).

**C.      Amount In Controversy**

5.      Plaintiff does not specifically allege an amount of damages.

6.      Plaintiff seeks to recover, on behalf of himself, others similarly situated and the general public, including a class of Bally employees and former employees, overtime wages, payments for purported meal and rest break violations, waiting time penalties of up to 30 days of pay for all former employees/putative class members, statutory penalties, restitution, interest, costs and attorneys fees.  The period allegedly covered by this class action is up to four (4) years.  The Complaint seeks recovery for a number of sub-classes, each allegedly with more than 100 current or former employees.  Based upon the allegations of the Complaint, the size of the putative classes, and the wage and penalty amounts available in the pertinent statutes upon which the Complaint is predicated, the amount in controversy is in excess of five million dollars ($5,000,000), exclusive of interest and costs.

**III.    BASIS FOR JURISDICTION**

7.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil class action between citizens of different states, and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

8.    Jurisdiction exists under CAFA as:  (a) at least one class member of the classes alleged by Plaintiff is a citizen of a state different from Bally's states of citizenship; (b) there are more than 100 members of the proposed classes; and (c) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).

9.    The District Court lacks discretion to refuse to exercise jurisdiction over this action, in that fewer than one-third of the members of the classes proposed by Plaintiff are citizens of any state of which Bally is also a citizen.  28 U.S.C. §§ 1332(d)(2), (3), and (4).

10.    As required by 28 U.S.C. section 1446(d), Bally will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of San Francisco.

11.    Bally was served with Plaintiff's Complaint on December 11, 2007.  This Notice is therefore filed with this Court within 30 days after such service, in accordance with 28 U.S.C. section 1446.

## IV.    STATE COURT PROCESS, PLEADINGS AND ORDERS

12.    Pursuant to 28 U.S.C. section 1446(a), Bally attaches hereto as Exhibit B a true and correct copy of the Summons, the state court Civil Case Cover Sheet, the state court Notice to Plaintiff, the state court Judicial Mediation Pilot Program, the state court Alternative Dispute Resolution ("ADR") Information Package, and the state court Case Management Statement form served upon it with the Complaint.

13.    The Exhibits attached to this Notice of Removal constitute all of the state court process and other papers served upon Bally up to the date of filing of this Notice of Removal.

WHEREFORE, Bally provides notice that this proceeding, entitled *Francisco E. Salazar, Jr. v. Bally Total Fitness, a Delaware corporation doing business within the State of California, and each of its subsidiaries doing business in California, and DOES 1 through 50, inclusive*, as Case No. CGC-07-468441, now pending in the Superior Court of the State of California for the County of San Francisco, is hereby removed to this Court.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

Date:  January 9, 2008

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WINSTON & STRAWN LLP

By:

Paul J. Coady
Attorneys for Defendant
BALLY TOTAL FITNESS
CORPORATION

4

NOTICE OF REMOVAL

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**EXHIBIT A**

Mark R. Thierman Cal SB# 72913
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott Miller, SBN 230322
**LAW OFFICES OF SCOTT MILLER**
16133 Ventura Blvd. #1200
Encino, CA 91436
Tel: (818) 788-8081

Steven L. Miller, SBN 106023
**LAW OFFICES OF STEVEN L. MILLER**
16133 Ventura Blvd. # 1200
Encino, CA 91436
Telephone: 818-986-8900

Attorneys for Plaintiffs

ENDORSED
F I L E D
San Francisco County Superior Court

OCT 2 2 2007

GORDON PARK-LI, Clerk
BY: _____
bautista

CASE MANAGEMENT CONFERENCE SET

MAR 2 1 2008 -9:00 AM

DEPARTMENT 212

BY FAX

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| FRANCISCO E. SALAZAR, JR., on behalf of himself, and all others similarly situated and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, <br><br> Plaintiff, <br><br> v. <br><br> BALLY TOTAL FITNESS, a Delaware corporation doing business within the State of California, and each of its subsidiaries doing business in California, and DOES 1 through 50) inclusive, <br><br> Defendants. | Case No. CGC- 46847 <br><br> CLASS, REPRESENTATIVE AND PRIVATE ATTORNEY GENERAL ACTION <br><br> PLAINTIFF'S COMPLAINT FOR FAILURE TO PAY OVERTIME, FAILURE TO PROVIDE MEAL PERIODS AND FAILURE TO PROVIDE REST PERIODS, WAITING PENALTIES, AND PAYCHECKS ISSUED FROM AN OUT OF STATE BANK WITH NO IN STATE ESTABLISHMENT FOR PRESENTATION AT NO COST <br><br> Cal. Bus. & Prof. Code § 17200 and Cal. Lab. Code § 201, 202, 203, 212, 226.7, 510, 1194, 2699.3 |

CLASS ACTION COMPLAINT

1

Comes now Plaintiff Francisco E. Salazar, Jr. ("Plaintiff") on behalf of himself, all others similarly situated, the general public and all aggrieved employees and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the claims alleged herein pursuant to CAL. BUS. & PROF. CODE § 17200, CAL. LAB. CODE § § 201, 202, 203, 212, 226.7, 510, 1194, and 2699.3.

2.    Venue is proper in this Court because the events giving rise to this action took place within this judicial district.

3.    Plaintiff has complied with all requirements set forth in California Labor Code § 2699.

**PARTIES AND BACKGROUND**

4.    Defendant Bally Total Fitness Corporation is a Delaware Corporation, doing business in California under such names as Bally Total Fitness, Gorilla Sports, Pinnacle Fitness, and Crunch Fitness with its main offices located at 8700 West Bryn Mawr Avenue, Chicago, Illinois 60631.

5.    Defendant is a corporation and commercial operator of fitness centers in California and throughout the United States and Canada.

6.    Defendants pay Plaintiff and all others similarly situated with checks issued by an out of state bank with no in state address for presentation and no provision for negotiating such pay check in California at no cost in violation of Labor Code Section 212. See Exhibit "A" attached hereto, which is a true and correct copy of a paycheck issued by Defendant.

7.    Defendant employs Plaintiff and all others similarly situated as managers and assistant managers to sell club memberships and other items within the club.    Defendant required

Plaintiff and all others similarly situated to work more than 40 hours within a work week and/or 8 hours within a work day without being paid at one and one half times their regular rate of pay in violation of Labor Code Sections 510 and 1194. Additionally, Defendant required Plaintiff and all others similarly situated to work without proper meal and rest breaks on a regular basis in violation of Labor Code Section 226.7.

8. Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore, sues them by those fictitious names.

## CLASS ACTION ALLEGATIONS

## CLASS ACTION ALLEGATIONS

### (CLASS I - THE CALIFORNIA LABOR CODE § § 510 AND 1194 OVERTIME CLASS)

1. Plaintiff brings this action on his own behalf, on behalf of the class of all persons similarly situated.

2. Plaintiff seeks to represent a class of all employees of Defendants, who at all relevant times were employees of Defendant as managers and/or co-managers who were subject to Defendant's illegal practices of requiring Plaintiff and all others similarly situated to work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week and/or 8 hours within a work day in violation of California Labor Code § § 510 and 1194.

3. The Class I Plaintiff seeks to represent consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.



4.    There is a well-defined community of interest in the questions of law and fact affecting the members of Class I which Plaintiff seeks to represent. The Class I members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were required to or suffered and permitted to work and did work overtime without payment of overtime at one and one-half times their regular rate for all hours worked over forty (40) per week and/or 8 within a workday in violation of California Labor Code § § 510 and 1194 within the four years of the filing of this Complaint.

5.    Plaintiff will fairly and adequately represent the interests of the Class I members, because the Plaintiff is a member of the class and the claims of Plaintiff are typical of those in the class.

6.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### (CLASS II)

### (THE CALIFORNIA MEAL AND REST PERIOD LABOR CODE § 226.7 CLASS)

7.    Plaintiff seeks to represent a class of all employees of Defendant, who at all relevant times were employees of Defendant as managers and/or assistant managers who were subject to Defendant's illegal practices of requiring Plaintiff and all others similarly situated to work without proper meal and rest periods in violation of California Labor Code 226.7.

8.    Class II consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

9.    There is a well-defined community of interest in the questions of law and fact affecting the members of Class II Plaintiff seeks to represent. The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class were subject to Defendant's illegal practices of requiring Plaintiff and all others similarly situated to work without proper meal and rest periods in violation of California Labor Code 226.7 within the three years of the filing of this Complaint.

10.    Plaintiff will fairly and adequately represent the interests of the Class II members, because the Plaintiff is a member of the class and the claim of Plaintiff is typical of those in the class.

11.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### CLASS III

### (CALIFORNIA OUT OF STATE CHECK LABOR CODE § 212 CLASS)

12. Plaintiff seeks to represent a class of all persons who are or were employed by Defendant in the State of California within the three years preceding the filing of this Complaint who have received wages from the Defendant in the form of checks issued by an out of state bank with no in state address for presentation and no provision for negotiating such paycheck in California at no cost and/or Defendant's employees have been required to pay a fee to cash their paycheck and/or had a hold placed on their paycheck all in violation of California Labor Code § 212. Attached hereto is a true and correct copy of a paycheck issued by Defendant to a California employee that violates the provisions of California Labor Code § 212. On information and belief, similar paychecks that violate California



Labor Code § 212 have been issued by Defendant to their California employees over the preceding three years.

13.    Class III consists of at least 100 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

14.    There is a well-defined community of interest in the questions of law and fact affecting the members of Class III Plaintiff seeks to represent.  The class members' claims against Defendant involve questions of common or general interest, in that their claims are based on Defendant's implementation and utilization of a policy pursuant to which all members of the class received wages from the Defendant in the form of checks issued by an out of state bank with no in state address for presentation and no provision for negotiating such paycheck in California at no cost and/or Defendant's employees have been required to pay a fee to cash their paycheck and/or had a hold placed on their paycheck all in violation of California Labor Code § 212.  This issue is such that proof of a statement of facts common to the members of the class will entitle each member of the class to the relief requested in this Complaint.

15.    Plaintiff will fairly and adequately represent the interests of the Class III members, because the Plaintiff is a member of the class and the claim of Plaintiff is typical of those in the class.

16.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class.

### FIRST CAUSE OF ACTION

**(Failure to Pay Overtime in Violation of California Labor Code § 510 and 1194)**

17.    Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

18.    Defendant has violated provisions of the Labor Code by failing to pay to Plaintiff and all members of Class I overtime pay as required by Labor Code Section 510 and 1194.

19.    Labor Code, Section 510(a) states that: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

20.    Labor Code Section 1194(a) states that: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

21.    Plaintiffs and Class I members were not employed in an executive, administrative or professional capacity, nor were they exempt from overtime pay by reason of any other exemption under California law.

22.    Defendant improperly classified Plaintiff and members of Class I as "exempt". Consequently, Plaintiff and members of Class I were not paid overtime wages for hours worked in excess of eight hours per day and/or forty hours per week.

23.     Plaintiff and members of Class I regularly worked more than eight hours a day and/or forty hours a week, without being paid any overtime as required by Section 510 of the Labor Code.

24.     By the conduct described above, Defendant has failed to pay Plaintiff and members of Class I overtime compensation as required by California law.

25.     By reason of the above, Plaintiff and members of Class I demand additional compensation for all hours of overtime worked within four years of the filing of the complaint until the date of entry of judgment, plus interest thereon, plus statutory penalties pursuant to Labor Code Section 558, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Failure to Provide Meal and Rest Periods in Violation of California Labor Code § 226.7)**

26.     Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

27.     California Labor Code § 226.7 states:

> a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

28.     At all times relevant, Defendant has required Plaintiff and the putative members of Class II to work without the proper meal and rest periods in violation of the Labor Code.

29.     Defendant's failure to provide Plaintiff and the putative members of Class II the proper meal and rest periods violates the California Labor Code, and Plaintiff, on behalf of

herself and all putative members of Class II, seeks the maximum amount of compensation available for Defendant's failure to comply with Labor Code § 226.7 and attorneys' fees and costs.

## THIRD CAUSE OF ACTION
### (Waiting Penalties)

30.    Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

31.    California Labor Code section 203 states:  If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

32.    Many of the class members have terminated their employment and Defendants have not tendered restitution on wages owed.

33.    Plaintiff and the putative members of Class II demand as waiting penalties, specifically "employee's daily wages for each day he or she remained unpaid up to a total of 30 days" for Plaintiffs and class members who terminated employment without being paid the proper payments.

## FOURTH CAUSE OF ACTION
### (Issuance of Out of State Paychecks under CAL. LAB. CODE § 212)

34.    Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

35.    CAL. LAB. CODE § 212 states:

(a) No person, or agent or officer thereof, shall issue in

payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without discount, at any place of business of the drawee chosen by the person entitled to enforce the instrument.

36.        In other words, the California Labor Code requires the employer to provide notice to the employee on the face of every paycheck, in a separate document contained within the paycheck envelope of a place within the state of California where an employee may negotiate his or her paycheck for its full value in lawful cash currency of the United States without any fee or waiting period, regardless of whether or not the employee has a separate account check cashing facility, and if the check is written on a bank account, the employer may avoid this requirement if the bank will honor the check at any California branch without such charges or waiting periods, as long as the employee is informed of this option even if the exact address is not shown on the check itself.

37.     By issuing Plaintiff and Plaintiff class members' paychecks issued from an out of state bank that Plaintiff and Plaintiff class members are unable to negotiate without discount, Defendant has violated the provisions of Labor Code Section 212.

### FIFTH CAUSE OF ACTION
(CAL. BUS. & PROF. CODE § 17200)

38.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

39.     At all times relevant herein, Defendant has violated the above cited provisions of the California Labor Code.

40.     Defendant's conduct of taking labor without proper pay and taking labor without providing proper meal and rest periods and paying employees with paychecks issued on an out of state bank account with no in state address for presentation without discount described above in this Complaint constitutes unlawful business practices in violation of the provisions of CAL. BUS. & PROF. CODE §§17200, et seq.

41.     Therefore, Plaintiff demands restitution for all hours of labor taken without proper pay and all labor taken without allotment of proper meal and rest periods and restitution for all costs incurred in cashing the out of state checks.

### SIXTH CAUSE OF ACTION
(Labor Code Private Attorneys General Act of 2004)

42.     Plaintiff herein repeats and re-alleges each and every paragraph above as though fully set forth herein.

43.     CAL. LAB. CODE § 2699 (a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code
> that provides for a civil penalty to be assessed and collected by the

Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

44.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

45.    Plaintiff therefore brings this action on behalf of himself and other current and former employees of Defendant, who at all relevant times were subject to Defendant's illegal policies of being issued paychecks from an out of state bank that Plaintiff and Plaintiff class members are unable to negotiate without discount.

46.    By the conduct described above, Defendant has violated the provisions of Section 212 of the Labor Code.

47.    Upon information and belief, the Defendant has a history of violation of various and repeated violations of the labor laws of the state of California, and has not ever taken corrective action on this violation to date.

48.    Based on the facts and circumstances of this particular case including but not limited to the gross revenues, the net worth, the economic benefit derived from doing business in the State of California, as well as the history of labor law violations and /or employee complaints against this employer, an award of the maximum civil penalty amount specified by Labor Code Section 2699 would not result in an award that is unjust, arbitrary and oppressive, or confiscatory, but is simply the presumed penalty specified by the legislature for violations of this type.

49.     Therefore, Plaintiff demands the full amount of penalties provided by law for violations of California Labor Code as required by Labor Code Section 2699.

WHEREFORE, Plaintiff demands judgment against Defendants as hereinafter set forth.

1.     Damages according to proof for overtime compensation under California law for all hours worked overtime within four years of the filing of the original complaint until the date of entry of judgment;

2.     Damages according to proof for one additional hour of pay at each employee's regular rate of compensation for each work day that a meal or rest period was not provided for each such employee entitled to same;

3.     Waiting penalties, specifically "employee's daily wages for each day he or she remained unpaid up to a total of 30 days" for Plaintiffs and class members who terminated employment without being paid the proper payments;

4.     For the maximum civil penalty specified in California Labor Code § 2699, in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved member of Class III per pay period for the initial violation and two hundred dollars ($200) for Plaintiff and each aggrieved member of Class III per pay period for each subsequent violation for the applicable statute of limitations prior to the filing of this Complaint until the date of compliance with the law;

5.     For restitution for all costs incurred by Plaintiff and members of Class III for all checks issued against an out of state bank and any other violation of California Labor Code § 212 for the three year period preceding the filing of the Complaint and continuing therefrom;

6.    Interest;

7.    Attorney fees and costs as provided by statute and/or applicable case law; and

8.    Such other relief as the Court deems just and proper.

Dated this 27th day of September, 2007

THIERMAN LAW FIRM

By: _____

Mark R. Thierman
Attorney for Plaintiff

# EXHIBIT A

**Bally Total Fitness**

Suite 300
12440 E. Imperial Highway
Norwalk, California 90650-9998

Employee:                    FRANCISCO E SALAZAR JR
Social Security Number:      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
Employee Number:             628424
Check Number:                5368378611
Pay Period:                  08/18/05 thru 08/31/05
Pay Date:                    09/30/05

W4 Elections:                    Federal    CA
Taxable Marital Status:          Married    Married
Exemptions:                         4          4

| Earn Code | Pay Rate | Hours | Earn Code | Pay Rate | Hours |
|-----------|----------|-------|-----------|----------|-------|

## Statement of Earnings and Deductions

| Earnings | Hours | Current | Year-to-date |
|----------|-------|---------|--------------|
| REG HOURS |  |  | 4,604.92 |
| OT HOURS |  |  | 549.99 |
| VACATION |  |  | 87.21 |
| COMMISSION |  | 1,028.38 | 3,161.67 |
| BONUS |  |  | 612.68 |
| PERS TRAIN |  |  | 6.75 |
| **Gross Pay** |  | 1,028.38 | 9,023.22 |
| **Net Pay** |  | 915.79 | 7,853.42 |
| **Federal Taxable Wages** |  | 1,028.38 | 9,023.22 |
| **PayRate:** | 6.75 |  |  |

| Deductions | | Current | Year-to-date |
|------------|--|---------|--------------|
| Taxes | FEDERAL TAX | 22.81 | 125.13 |
|  | SOC SECURITY | 63.78 | 559.44 |
|  | MEDICARE | 14.91 | 130.84 |
|  | CA STATE TAX |  | 15.82 |
|  | CA SUI/SDI TAX | 11.11 | 97.47 |
|  | **Total Taxes** | 112.59 | 928.70 |
| Voluntary | STAR LVL3 F |  | 304.00 |
|  | STAR LVL 3 1 |  | 41.10 |
|  | MISCELLANEOUS |  | 95.00 |
|  | **Total Deductions** | .00 | 440.10 |
|  | **Total Withheld** | 112.59 | 1,368.80 |

---

**⌊ DETACH ALONG THIS PERF ⌋**

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND & A GRAY PRINT BORDER • THE BACK OF THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK WHICH CAN BE SEEN BY VIEWING AT AN ANGLE

**Bally Total Fitness Corporation**
Suite 300
12440 E. Imperial Highway
Norwalk, California 90650-9998

CHASE MANHATTAN BANK
1201 Market Street
Wilmington, Delaware 19801

1903 – 09

Check No: 536 8378611

Date: September 30, 2005

**********915.79

Pay:    Nine Hundred Fifteen And 79/100 Dollars

PAYROLL ACCOUNT
VOID 90 DAYS FROM CHECK DATE

To the
order of:    0604 60409
            FRANCISCO E SALAZAR JR
            20409 CANTARA ST
            WINNETKA, CA  91306

⑈5368378611⑈ ⑆031100267⑆ 630141903605⑈

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Bally Total Fitness, a Delaware Corporation doing business within the State of California, and each of its subsidiaries doing business in California, and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Francisco E. Salazar, Jr., on behalf of himself, and all others similarly situated and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court, 400 McAllister Street, San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):* CPF-17-468841

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Mark R. Thierman, Thierman Law Firm, 7287 Lakeside Drive, Reno, NV 89511 (775) 284-1500

DATE: OCT 2 2 2007          Clerk, by CRISTINA E. BAUTISTA          , Deputy
*(Fecha)*                   *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Bally Total Fitness, a Delaware Corporation

under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com



**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Mark R. Thierman, Esq.   Bar No.  72913 <br> 7287 Lakeside Drive <br> Reno, NV 89511 <br> **TELEPHONE NO:** (775) 284-1500   **FAX NO:** (775) 703-5027 <br> **ATTORNEY FOR** *(Name):*  Plaintiff:  Francisco E. Salazar, Jr. | **FOR COURT USE ONLY** <br><br> ENDORSED <br> F I L E D <br> San Francisco County Superior Court <br><br> OCT 2 2 2007 <br><br> GORDON PARK-LI <br> BY: _____ Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco
**STREET ADDRESS:** 400 McAllister Street, Room 103
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** San Francisco, CA  94102
**BRANCH NAME:** San Francisco

**CASE NAME:**
Salazar, Jr., et al. v. Bally Total Fitness, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|---|
| [✓] **Unlimited** <br> (Amount <br> demanded <br> exceeds $25,000) | [ ] **Limited** <br> (Amount <br> demanded is <br> $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 1811) | **JUDGE:** <br> **DEPT:** |

*Items 1–5 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

**2.** This case [ ] is [✓] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

**3.** Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

**4.** Number of causes of action (specify):

**5.** This case [✓] is [ ] is not   a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  October 22, 2007

Mark R. Thierman
_(TYPE OR PRINT NAME)_          _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

CASE NUMBER: CGC-07-468441  FRANCISCO E SALAZAR VS. BALLY TOTAL FITNESS, A D

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|  |  |
|---|---|
| **DATE:** | MAR-21-2008 |
| **TIME:** | 9:00AM |
| **PLACE:** | **Department 212**<br>**400 McAllister Street**<br>**San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR) Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.



- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

1) Judicial arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

### JUDICIAL ARBITRATION

#### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties



voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1  1/06 (bc)



A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1  1/06 (bc)



## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco
Superior Court and The Bar Association of San Francisco (BASF) in which
a court approved mediator provides three hours of mediation at no charge
to the parties. It is designed to afford civil litigants the opportunity to
engage in early mediation of a case shortly after filing the complaint, in an
effort to resolve the matter before substantial funds are expended on the
litigation process. Although the goal of the program is to provide the
service at the outset of the litigation, the program may be utilized at
anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the
court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution
form included in this ADR package the parties will be contacted by BASF.
Upon payment of the $200 per party administration fee, parties select a
specific mediator from the list of court approved mediation providers. The
hourly mediator fee beyond the first three hours will vary depending on the
mediator selected. Waiver of the administrative fee based on financial
hardship is available.

A copy of the Mediation Services rules can be found on the BASF website
at www.sfbar.org, or you may call BASF at 415-782-8913

## *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of
complex cases by volunteer judges of the San Francisco Superior Court.
Cases considered for the program include construction defect, employment
discrimination, professional malpractice, insurance coverage, toxic torts
and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to
Alternative Dispute Resolution form attached to this packet indicating a joint
request for inclusion in the program. A preference for a specific judge may
be indicated. The court Alternative Dispute Resolution Coordinator will
coordinate assignment of cases that qualify for the program.





## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

 

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**       ☐ **Mediation Services of BASF**  ☐       **Judicial Mediation**
☐ **Binding arbitration**                                          Judge _____
☐ **Non-binding judicial arbitration**                             Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

_____

_____

| | | |
|---|---|---|
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**




| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*: | **CM-110**<br><br>**FOR COURT USE ONLY** |
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

   STREET ADDRESS:

   MAILING ADDRESS:

   CITY AND ZIP CODE:

   BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | **CASE NUMBER:** |
|---|---|
| (Check one): ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**<br>     (Amount demanded      (Amount demanded is $25,000<br>     exceeds $25,000)      or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                        Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |



4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

 

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b.    Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

    Status:

## 14. Related cases, consolidation, and coordination

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

## 15. Bifurcation

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (specify):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders**

Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

                                     ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]       **CASE MANAGEMENT STATEMENT**              Page 4 of 4



# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06

# MEDIATION SERVICES

## THE BAR ASSOCIATION OF SAN FRANCISCO



THE BAR ASSOCIATION OF
SAN FRANCISCO

## SUCCESS STORIES

"The mediator settled a case that opposing counsel and I honestly believed could not be settled."

-Richard W. Osman, Esq.,
Bertrand, Fox & Elliot

"Much thanks to the mediator and The Bar Association of San Francisco. The mediator was extraordinary; he went above and beyond the call of duty, and his knowledge of real property issues greatly assisted the parties."

-Robert P. Travis, Esq.,
Travis and Pon

"The mediator was excellent. He was effective with some strong, forceful personalities."

-Denise A. Leadbetter, Esq.
Zicks, Utrecht & Leadbetter

### Procedures, Forms,
### Mediator Biographies and Photos

#### WWW.SFBAR.ORG/MEDIATION

Questions?
ADR@sfbar.org or 415.982.1600

Marilyn O'Toole
Marc Paisin
Herman D. Papa
Basil Plastiras
Marco Quazzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rothstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Arthur R. Siegel
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Yaroslav Sochynsky
Jason H. Stein
Michael J. Timpane
Elizabeth A. Tippin
Charles A. Trioy
Claudia M. Viera
Gregory D. Walker
Albert B. Weinzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

**IS: WWW.SFBAR.ORG/MEDIATION**

## What is mediation?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable. Mediation tends to be less formal, take less time and cost less than arbitration or a court action. The mediator does not make a decision for you, as a judge or arbitrator might. Rather, they help you come to a resolution that all parties are satisfied with, which is binding only if everyone agrees.

## How does it work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; parties may ask experienced BASF staff to suggest a mediator, request three biographies to choose from, or choose a particular mediator from our Web site. To use a BASF mediator, a simple Consent to Mediate form, with the administrative fee, is sent to BASF.

## How much does the service cost?

Our mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee per party, which pays for the costs of running the program. Parties can request a waiver of the fee based on financial hardship.

## What is BASF's Mediation Service?

Mediation Services was established in November 2003 by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This is a traditional mediation service providing experienced private mediators, and is an approved alternative to court ordered Arbitration or Early Settlement.

## Who can use the service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants. Our mediators are ready to assist in almost any area needed, ranging from multi-party commercial matters to individuals in conflict.

## Who are the mediators?

BASF's mediators are experienced mediation professionals who are available to assist in most areas of dispute. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years of mediation experience and 125 hours of formal mediation training.

# BASF Mediators

Koorosh Afshari
Robert E. Aune
Elizabeth E. Bader
Eileen Barker
Sandra Blair
Burton F. Bolluch
Bradley Bostick
Angela Bradstreet
George B. Brewster
Fred D. Butler
Keith Christianson
Thomas A. Cohen
Nancy de Ita
Mark J. Divelbiss
Martin H. Dodd
Paul Dubow
David H. Fielding
Robert T. Fries
Mark Guiner
Sanford Garfinkel
Gerald F. George
Matthew J. Geyer
Judith A. Gordon
Stephen J. Gorski
Laurel Ullman Gottheil
Judge Ron Greenberg (Ret)
Paul D. Gutierrez

Arnold B. Haims
Ben Hamburg
Michael D. Handlos
Lynn Hansen
John R. Heisse, II
Kay E. Henden
Frederick C. Hertz
Bruce Highman
Yolanda M. Jackson
Richard Jaeger
Roberta R. Jeffrey
Kenneth F. Johnson
Steger P. Johnson
Gail Killefer
Carol M. Kingsley
Chris Knowlton
Guy O. Kornblum
Dr. Urs Laeuchli
Paula Lawhon
Theodora R. Lee
Arthur D. Levy
Robert T. Lynch
Sharon T. Maier
Michael L. Marx
Judith A. Mazia
David J. Meadows
Thomas C. Nagle

Marilyn O'Toole
Marc Palsin
Herman D. Papa
Basil Plastiras
Marco Quazzo
Steven Rosenberg
Jeffrey A. Ross
Alan R. Rohlstein
Stephen B. Ruben
Cheryl A. Sena
Malcolm Sher
Elizabeth H. Shwiff
Arthur R. Siegel
Carol Ruth Silver
Teri H. Sklar
Roger W. Sleight
Yaroslav Sochynsky
Jason H. Stein
Michael J. Timpane
Elizabeth A. Tippin
Charles A. Trippy
Claudio M. Viera
Gregory D. Walker
Albert B. Wenzell, Jr.
Arne Werchick
Andrew R. Wiener
Joel Zebrack

# PROOF OF SERVICE

My business address is Winston & Strawn LLP, 333 South Grand Avenue, Los Angeles, CA 90071-1543.  On January 10, 2008 I served the within document:

## NOTICE OF REMOVAL OF ACTION

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Mark R. Thierman
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775)284-1500
Fax:  (775) 703-5027

Scott Miller
LAW OFFICES OF SCOTT MILLER
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel: (818) 788-8081
Fax: (818) 990-7900

Steven L. Miller
LAW OFFICES OF STEVEN L. MILLER
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel:  (818) 986-8900
Fax: (818) 990-7900

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 10, 2008, at Los Angeles, California.

_____
Ellen Duncan

LA:203683.1