PAUL J. COADY (SBN: 81698)
Email: pcoady@winston.com
S. SHANE SAGHEB (SBN: 109878)
Email: ssagheb@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:    213-615-1700
Facsimile:    213-615-1750

JOAN B. TUCKER FIFE (SBN: 144572)
Email: jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendant
BALLY TOTAL FITNESS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO E. SALAZAR, JR., on behalf of himself, and all others similarly situated and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>        Plaintiff,<br><br>    vs.<br><br>BALLY TOTAL FITNESS, a Delaware corporation doing business within the State of California, and each of its subsidiaries doing business in California, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No. C 08-00175 PJH<br><br>**ANSWER OF DEFENDANT BALLY TOTAL FITNESS CORPORATION** |

Defendant, Bally Total Fitness Corporation ("Defendant"), in answer to the Complaint, states as follows:

1. Defendant denies the allegations contained in paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it is a Delaware corporation, doing business in California, and that its principal place of business is in Chicago, Illinois. Other than as expressly admitted herein, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, except admits that Exhibit A is a true and correct copy of a paycheck at issue.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 8 of the Complaint, and therefore denies such allegations.

9. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in the second paragraph 1, set forth on page 3 of the Complaint, and therefore denies such allegations.

10. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in the second paragraph 2, set forth on page 3 of the Complaint, and therefore denies such allegations.

11. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in the second paragraph 3, set forth on page 3 of the Complaint, and therefore denies such allegations.

12. Defendant denies the allegations contained in second paragraph 4, set forth on page 4 of the Complaint.

13. Defendant denies the allegations contained in second paragraph 5, set forth on page 4 of the Complaint.

14.  Defendant denies the allegations contained in second paragraph 6, set forth on page 4 of the Complaint.

15.  Defendant is without sufficient knowledge of information to admit or deny the allegations contained in the second paragraph 7, set forth on page 4 of the Complaint, and therefore denies such allegations.

16.  Defendant is without sufficient knowledge of information to admit or deny the allegations contained in the second paragraph 8, set forth on page 4 of the Complaint, and therefore denies such allegations.

17.  Defendant denies the allegations contained in paragraph 9 of the Complaint.

18.  Defendant denies the allegations contained in paragraph 10 of the Complaint.

19.  Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore denies such allegations.

20.  Defendant denies the allegations contained in paragraph 12 of the Complaint.

21.  Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore denies such allegations.

22.  Defendant denies the allegations contained in paragraph 14 of the Complaint.

23.  Defendant denies the allegations contained in paragraph 15 of the Complaint.

24.  Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore denies such allegations.

25.  Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 17 of the Complaint.

26.  Defendant denies the allegations contained in paragraph 18 of the Complaint.

27.  Defendant admits that the language set forth in paragraph 19 of the Complaint is a portion of the language contained in Labor Code Section 510(a).

28.  Defendant admits the allegations set forth in paragraph 20 of the Complaint.

29.  Defendant denies the allegations contained in paragraph 21 of the Complaint.

30.  Defendant denies the allegations contained in paragraph 22 of the Complaint.

31.  Defendant denies the allegations contained in paragraph 23 of the Complaint.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

32. Defendant denies the allegations contained in paragraph 24 of the Complaint.

33. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 25 of the Complaint, and therefore denies such allegations.

34. Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 26 of the Complaint.

35. Defendant admits the allegations set forth in paragraph 27 of the Complaint.

36. Defendant denies the allegations contained in paragraph 28 of the Complaint.

37. Defendant denies the allegations contained in paragraph 29 of the Complaint.

38. Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 30 of the Complaint.

39. Defendant admits that the language set forth in paragraph 31 of the Complaint is a portion of the language contained in Labor Code Section 203.

40. Defendant denies the allegations contained in paragraph 32 of the Complaint.

41. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore denies such allegations.

42. Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 34 of the Complaint.

43. Defendant admits the allegations set forth in paragraph 35 of the Complaint.

44. Defendant denies the allegations contained in paragraph 36 of the Complaint as the California Labor Code does not contain the recitals contained therein.

45. Defendant denies the allegations contained in paragraph 37 of the Complaint.

46. Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 38 of the Complaint.

47. Defendant denies the allegations contained in paragraph 39 of the Complaint.

48. Defendant denies the allegations contained in paragraph 40 of the Complaint.

49. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 41 of the Complaint, and therefore denies such allegations.

50. Defendant incorporates its responses to every allegation above, and realleges its responses herein in response to paragraph 42 of the Complaint.

51. Defendant admits that the language set forth in paragraph 43 of the Complaint is a portion of the language contained in Labor Code Section 2699(a).

52. Defendant denies the allegations contained in paragraph 44 of the Complaint.

53. Defendant denies the allegations contained in paragraph 45 of the Complaint.

54. Defendant denies the allegations contained in paragraph 46 of the Complaint.

55. Defendant denies the allegations contained in paragraph 47 of the Complaint.

56. Defendant denies the allegations contained in paragraph 48 of the Complaint.

57. Defendant is without sufficient knowledge of information to admit or deny the allegations contained in paragraph 49 of the Complaint, and therefore denies such allegations.

58. Defendant denies that Plaintiff is entitled to any of the relief sought in paragraphs 1 through 8 on pages 13 – 14 of the Complaint, or any relief at all.

## AFFIRMATIVE DEFENSES

59. The Complaint fails to state a claim upon which relief may be granted.

60. Plaintiff's Fourth and Sixth Causes of Action for violation of California Labor Code Section 212 and Section 2699 fail to state a claim upon which relief can be granted because they fail to allege that the paychecks at issue could not be negotiated at the California address listed on the face of the paychecks.

61. Plaintiff's Fifth Cause of Action for violations of Section 17200 of the California Business and Professions Code does not state a claim upon which relief can be granted to the extent it relies on Section 212 of the California Labor Code because Plaintiff is unable to state a claim for a violation of Section 212.

62. Plaintiff's Fifth Cause of Action for violations of Section 17200 of the California Business and Professions Code does not state a claim upon which relief can be granted to the extent

that it relies on an underlying violation of Section 212 of the California Labor Code because Plaintiff has not alleged any injury in fact and loss of money or property.

63. This Court lacks subject matter jurisdiction over the meal and rest period claims because there is no private right of action under California law for violations of meal or rest period requirements.

64. Plaintiff's claims, and/or those of the putative class he seeks to represent, are barred by the doctrine of laches.

65. Plaintiff's claims, and/or those of the putative class he seeks to represent, are barred by the applicable statute of limitations.

66. Plaintiff, and/or the putative class he seeks to represent, is estopped from asserting the claims set forth in the Complaint.

67. The injuries and/or damages alleged in the Complaint, if they in fact exist, were proximately caused by, occurred, and/or were contributed to by Plaintiff's own acts, and/or the acts of the putative class he seeks to represent, and/or their own misconduct.

68. Plaintiff's claims, and/or those of the putative class he seeks to represent, are barred by the avoidable consequences doctrine.

69. Plaintiff, and/or the putative class he seeks to represent, have no standing to assert claims under Section 17200 because they have suffered no injury in fact and have lost no money or property.

70. Plaintiff's claims, and/or those of the putative class he seeks to represent, are barred by the doctrine of waiver.

71. Plaintiff's claims, and/or those of the putative class he seeks to represent, are barred by the doctrine of unclean hands.

72. The relief requested by Plaintiff and members of the proposed class pursuant to California Business and Professions Code Section 17200 et seq. violates Defendant's Constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due processes clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

73. The relief requested by Plaintiff and members of the proposed class pursuant to California Business and Professions Code Sections 17200 et seq. should be denied because Plaintiff and members of the proposed class have an adequate remedy at law.

74. Pursuant to the Industrial Welfare Commission Orders, members of the proposed class are exempt from overtime pay requirements because, inter alia, they were employed in a bona fide executive, administrative and/or professional capacity and/or as an outside salesperson.

75. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 et seq. because its business practices were not unfair, deceptive, or likely to mislead anyone.

76. Defendant is not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 et seq. because it is not liable to Plaintiff or members of the proposed class for any alleged violation of any underlying state laws.

77. Defendant's actions or omissions were not willful within the meaning of applicable law.

78. Plaintiff's claims, if any, are barred because Defendant's acts and omissions were in good faith, Defendant had reasonable grounds for believing that its acts and omissions did not violate any law, and Defendant believed in good faith that it was asserting legal rights.

79. The claims are barred in whole or in part because the amount of time for which Plaintiff and the purported class members seek compensation is *de minimis*. *IBP, Inc. v. Alvarez*, 546 U.S. 21, 126 S. Ct. 514 (2005).

80. The claims are barred in whole or in part by accord and satisfaction.

81. This action is not properly brought as a class action, because, inter alia, Plaintiff has failed to state facts sufficient to certify a class, Plaintiff is not a proper representative of the class he purports to represent, and Plaintiff's Counsel is not an adequate class counsel.

82. Claims for waiting time penalties are barred insofar as Defendant's conduct at the time of termination of employment, as alleged in the Complaint, was not willful.

83. Claims under California Labor Code Section 203 are barred to the extent that they seek damages and penalties for any time period following the filing of the Complaint.

84. Claims for unpaid wages are barred on the ground that Defendant had no actual or constructive knowledge that hours were worked for which employees were not compensated, as alleged in the Complaint.

85. Plaintiff has failed to satisfy the procedural and jurisdictional prerequisites necessary to maintain his purported causes of action under the California Labor Code or any other statute.

86. The Complaint, and each purported cause of action alleged therein, is barred to the extent that it seeks redress for meal and rest period violations on the grounds that Defendant does not have an enforcement duty with respect to meal and rest periods.

87. The Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that Defendant authorized and permitted Plaintiff and the purported class to take meal and rest periods.

88. Plaintiff's claims, if any, are barred because, pursuant to agreements entered into by Plaintiff, arbitration on an individual, non-class basis is a condition precedent to commencement and maintenance of this action, and the action is barred in the absence of an arbitration. By filing its Answer, Defendant does not waive its rights to arbitrate this matter.

89. Plaintiff's claims are subject to arbitration on an individual, non-class basis. By filing its Answer, Defendant does not waive its rights to arbitrate this matter.

WHEREFORE, Defendant asks for judgment as follows:

1. That the Complaint be dismissed with prejudice and Plaintiff take nothing by his Complaint: and

2. That Defendant be awarded such other and further relief as the Court deems just and proper.

Dated: January 17, 2008          WINSTON & STRAWN LLP

By: /s/
Paul J. Coady
Attorneys for Defendant
BALLY TOTAL FITNESS CORPORATION

**PROOF OF SERVICE**

I, Clare O'Hoyne, am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn, 101 California Street, San Francisco, CA 94111.

On January 17, 2008, I served the following documents:

**ANSWER OF DEFENDANT BALLY TOTAL FITNESS CORPORATION**

via overnight courier by placing the documents listed below in a sealed envelope and consigning it to Federal Express mail service for guaranteed delivery on the next business day to the counsel set forth below.

| | |
|---|---|
| Mark R. Thierman<br>**THIERMAN LAW FIRM P.C.**<br>7287 Lakeside Drive<br>Reno, NV 89511<br>775/284-1500<br>Fax: 775-703-5029<br>Email: laborlawyer@pacbell.net | Scott Allen Miller<br>Steven Lee Miller<br>**LAW OFFICES OF SCOTT A. MILLER, A.P.C.**<br>16133 Ventura Blvd.<br>Suite 1200<br>Encino, CA 91436<br>818-788-8081<br>Fax: 818-788-8080<br>Email: millaw@sbcglobal.net |

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on January 17, 2008, at San Francisco, California.

_____
Clare O'Hoyne