1    [COUNSEL LISTED ON NEXT PAGE]

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                               SAN FRANCISCO DIVISION

11

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

12    FRANCISCO E. SALAZAR, JR., on behalf of  )    **No. CV 08-00175 JSW**
      himself, and all others similarly situated and as  )
13    an "aggrieved employee" under the California  )
      Labor Code Private Attorneys General Act,  )    **The Honorable Jeffrey S. White**
14                                             )
15                Plaintiff,                   )
                                               )    **JOINT CASE MANAGEMENT REPORT**
16                                             )
         vs.                                   )    **Fed. R. Civ. Proc. 26(f)**
17                                             )    **Civil Local Rule 16-9**
      BALLY TOTAL FITNESS, a Delaware          )
18    corporation doing business within the State of  )
      California, and each of its subsidiaries doing  )    **Date:        April 25, 2008**
19    business in California, and DOES 1 through 50  )    **Time:        1:30 p.m.**
      inclusive,                               )    **Ctrm:        2**
20                                             )
21                Defendants.                  )
                                               )
22    ─────────────────────────────────────────

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1

2   Mark R. Thierman (SBN: 72913)
    THIERMAN LAW FIRM
3   7287 Lakeside Drive
    Reno, Nevada 89511
4   Telephone:  (775) 284-1500

5   Scott Miller (SBN: 230322
    LAW OFFICES OF SCOTT MILLER
6   16133 Ventura Blvd. #1200
    Encino, CA 91436
7   Telephone:  (818) 788-8081

8
    Steven L. Miller (SBN: 106023)
9   LAW OFFICES OF STEVEN L. MILLER
    16133 Ventura Blvd. #1200
10  Encino, CA 91436
    Telephone: (818)-986-8900
11

12  Attorneys for Plaintiffs

13  Paul J. Coady (SBN: 81698)
        Email:  pcoady@winston.com
14  S. Shane Sagheb (SBN: 109878)
        Email:  ssagheb@winston.com
15  WINSTON & STRAWN LLP
    333 South Grand Avenue
16  Los Angeles, CA 90071-1543
    Telephone:    213-615-1700
17  Facsimile:    213-615-1750

18

19  Joan B. Tucker Fife (SBN:144572)
        Email:  jfife@winston.com
20  WINSTON & STRAWN LLP
    101 California Street, Suite 300
21  San Francisco, CA 94111
    Telephone:    415-591-1000
22  Facsimile:    415-591-1400

23
    Attorneys for Defendant
24  BALLY TOTAL FITNESS CORPORATION

25

26

27

28

1

JOINT CASE MANAGEMENT REPORT CV 08-00175 JSW

1    The parties to the above-entitled action jointly submit this Joint Case Management Statement

2    pursuant to Federal Rules of Civil Procedure, Rule 26(f) and Civil Local Rule 16-9.

3    **I.    CONFERENCE OF THE PARTIES**

4    On Monday, April 14, 2008, counsel for plaintiff, Francisco Salazar Jr. ("Plaintiff"), and

5    defendant, Bally Total Fitness Corporation ("Bally"), participated in the conference of the parties

6    required by Rule 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9. During

7    that conference, the parties discussed the topics set for in Rule 26(f) and Civil Local Rule 16-9 and

8    reached certain agreements detailed below.

9    **II.    JURISDICTION AND SERVICE**

10   The parties agree that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §

11   1332. Further, the parties agree that this Court has jurisdiction over Plaintiff's state law claims under

12   28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts. Bally

13   asserts that notwithstanding the existence of subject matter jurisdiction under the Class Action

14   Fairness Act, all of Plaintiff's claims are subject to arbitration on an individual basis pursuant to an

15   arbitration agreement, containing a class action waiver that Plaintiff signed at the outset of his

16   employment. All appropriate defendants have been properly served.

17   **III.    FACTS**

18   Plaintiff filed this putative class action in San Francisco Superior Court on October 22, 2007,

19   on his own behalf and on behalf of other similarly situated, alleging (1) failure to pay overtime; (2)

20   failure to provide meal and rest periods; (3) waiting time penalties; (4) issuance of out of state

21   paychecks under California Labor Code section 212; (5) violation of California Business and

22   Professions Code section 17200; and (6) violation of Labor Code Section 2699, The Private

23   Attorneys General Act of 2004. On January 9, 2008, Bally removed the case to this Court.

24   **IV.    LEGAL ISSUES**

25   The principal legal issues that the parties dispute are:

26   a.    Whether Plaintiff's claims are subject to arbitration on an individual basis?

27   b.    Whether Plaintiff has stated a claim for which relief can be granted?

28

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*

1    c.    Whether Plaintiff can satisfy the requirements of Rule 23, and pursue this action as a

2  class action ?

3    d.    Whether Plaintiff is an adequate class representative?

4    e.    Whether individual issues of fact or law predominate over common issues?

5    f.    Whether Plaintiff's claims are typical of the claims or defenses of the class?

6    g.    Whether Plaintiff is similarly situated to the entire putative class?

7    h.    Whether the putative class is properly defined?

8    i.    Whether Plaintiff (or if certified, the Rule 23 class) has a private right of action for a

9  claim under California Labor Code Section 226.7?

10    j.    Whether Plaintiff (or if certified, the Rule 23 class) was provided meal periods as

11  required by California Labor Code Section and relevant case law, including *Brown v. Federal*

12  *Express Corporation, et al.*, 2008 WL 906517 (C.D. Cal. Feb. 26, 2008); *White v. Starbucks*, 497

13  F.Supp.2d 1080, 1089 (N.D. Cal. 2007) and; *Moreno, et al v. Guerrero Mexican Food Products,*

14  *Inc., et al.* Case No. CV 05-7737 DSF (PLAx) (C.D. Cal. 2007).

15    k.    Whether Plaintiff (or if certified, the Rule 23 class) can state a claim for violation of

16  California Labor Code Section 212 and Section 2699, and California Business and Professions Code

17  Section 17200, given the fact that he has not alleged that the paychecks at issue could not be

18  negotiated at the California address listed on the face of the paychecks?

19    l.    Whether Plaintiff's Fifth Cause of Action for violation of Section 17200 of the

20  California Business and Professions Code, to the extent it relies upon Section 212 of the California

21  Labor Code, is barred because Plaintiff has not alleged any injury in fact or loss of money or

22  property.

23    m.    Whether Plaintiff's Sixth Cause of Action for violation of Labor Code Section 2699 is

24  barred by the one-year statute of limitations applicable to such claims?

25    n.    Whether Plaintiff's Fourth Cause of Action for violation of California Labor Code

26  Section 212 is barred by the one-year statute of limitations applicable to such claims?

27    o.    Whether Plaintiff (or if certified, the Rule 23 class) was provided with rest periods as

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1   required by California law?

2       p.      In the event that Plaintiff (or, if certified, the Rule 23 class) was not paid all wages

3   owed at the time of termination, whether Bally willfully withheld such wages or whether there was a

4   good faith dispute that any wages were due?

5       By identifying the principal legal issues that this Court will need to resolve if Bally's

6   anticipated petition to compel arbitration is denied, Bally is not engaging in conduct inconsistent

7   with its right to seek an order compelling arbitration of Plaintiff's claims on an individual basis, and

8   does not waive that right.

9   **V.    MOTIONS**

10      Bally intends to file a petition seeking an order compelling arbitration of Plaintiff's claims on

11  an individual basis, and a motion to stay this action until after a resolution of the arbitration petition

12  and proceedings.  Plaintiff has agreed to stipulate to such a stay.  If Bally's petition is denied, the

13  parties anticipate that the following motions may be filed: (1) motion to certify a class under Rule

14  23; (2) motion for summary judgment/adjudication; and (3) motion to bifurcate discovery.  Further,

15  the parties reserve the rights to file any additional motions that may be warranted.

16  **VI.   AMENDMENT OF PLEADINGS**

17      Currently, the parties do not anticipate adding or dismissing parties, claims or defenses.

18  However, both parties reserve the right to amend the pleadings in the future.

19  **VII.  DISCLOSURES**

20      Plaintiff served his initial disclosures on March 26, 2008.  Bally will serve its initial

21  disclosures as required by the Federal Rules of Civil Procedure, Rule 26.

22  **VIII. DISCOVERY**

23      No discovery has been conducted to date.  Given the fact that Bally will shortly be filing a

24  petition to compel arbitration of Plaintiff's claims on an individual basis, the parties agree that all

25  discovery should be stayed pending resolution of that petition.  The parties further propose that

26  discovery cut-off dates and a discovery plan be deferred until after the Court resolving the petition to

27  compel arbitration.

28

_Winston & Strawn LLP_
_333 South Grand Avenue_
_Los Angeles, CA 90071-1543_

IX.    **CLASS ACTION**

In the Complaint, Plaintiff has alleged that this action should be certified as a class action under Federal Rules of Civil Procedure, Rule 23.

X.    **RELIEF**

In his Complaint, Plaintiff seeks the following types of relief:

a.    Damages according to proof for overtime compensation under California law for all hours worked overtime within four years of the filing of the original complaint until the date of entry of judgment;

b.    Damages according to proof for one additional hour of pay at each employee's regular rate of compensation for each workday that a meal or rest period was not provided for each such employee entitled to same;

c.    Waiting penalties, specifically "employee's daily wages for each day he or she remained unpaid up to a total of 30 days" for Plaintiffs and class members who terminated employment without being paid the proper amounts;

d.    For the maximum civil penalty specified in California Labor Code § 2699, in the amount of one hundred dollars ($100) for Plaintiff and each aggrieved member of the class per pay period for the initial violation and two hundred dollars ($200) for Plaintiff and each aggrieved member of the class per pay period for each subsequent violation;

e.    For restitution for all costs incurred by Plaintiff and members of the class for all checks issued against an out of state bank and any other violations of California Labor Code § 212 for the four year period preceding the filing of the Complaint and continuing therefrom;

f.    Interest;

g.    Attorney fees and costs as provided by statute and/or applicable case law; and

h.    Such other relief as the Court deems just and proper.

XI.    **SETTLEMENT AND ADR**

The parties are in the process of scheduling an ADR phone conference. During the conference, the parties will discuss an ADR process most likely to benefit the action.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  **XII.   CONSENT TO MAGISTRATE FOR ALL PURPOSES**

2  The parties do not consent to have a magistrate judge conduct all further proceedings.

3  **XIII.  OTHER REFERENCES**

4  The parties do not believe that this action is suitable for reference to binding arbitration, a

5  special master, or the Judicial Panel on Multidistrict Litigation.

6  **XIV.  NARROWING OF ISSUES**

7  The parties agree that it is too early in this action to consider narrowing the issues.  The

8  parties will revisit this issue after further proceedings.

9  **XV.   EXPEDITED SCHEDULE**

10  The parties do not believe that this action is appropriate for handling on an expedited

11  schedule.

12  **XVI.  SCHEDULING**

13  The parties propose that the Court defer setting dates for further proceedings in this case until

14  after the Court resolves Bally's petition to compel arbitration.

15  **XVII. TRIAL**

16  The parties propose that the Court defer setting a date for trial in this case until after the

17  Court resolves Bally's petition to compel arbitration.

18  **XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

19  Pursuant to Civil L.R. 3-16, the parties certify that the following listed persons, associations

20  of persons, firms, partnerships, corporations (including parent corporations) or other entities may (i)

21  have a financial interest in the subject matter in controversy or in a party to the proceeding, or may

22  (ii) have a non-financial interest in that subject matter or in a party that could be substantially

23  affected by the outcome of this proceeding:

24  • Francisco Salazar Jr.

25  • Bally Total Fitness Corp.

26  • Bally Total Fitness Holding Corp.

27

28

1

2    Date:  April 18, 2008          **WINSTON & STRAWN LLP**

3

4                         By:  /s/ Paul J. Coady
                            Paul J. Coady

5                            Attorneys for Defendant
                            BALLY TOTAL FITNESS

6                            CORPORATION

7

8    Date:  April 18, 2008          **THIERMAN LAW FIRM**

9

10

11                         By:  /s/ Mark R. Thierman
                            Mark R. Thierman

12                            Attorneys for Plaintiff
                            FRANCISCO SALAZAR JR.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    LA:210563.1

28

---

7

JOINT CASE MANAGEMENT REPORT CV 08-00175 JSW

*Winston & Strawn LLP*
*333 South Grand Avenue*
*Los Angeles, CA 90071-1543*