**EXHIBIT  A**

1   BANDER LAW FIRM LLP
    Cathe L. Caraway-Howard (SBN 143661)
2   1055 W. 7th Street, Suite 1950
    Los Angeles, California 90017
3   Telephone: (213) 873-4333
    Facsimile: (213) 837-4334
4   info@banderlaw.com

5   Attorneys for Plaintiff. ANTONIO DELA CRUZ

6   Case assigned
    to Judge          ROLF M TREU                    D-58
7

**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 2 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
        D. Garcia

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                         UNLIMITED JURISDICTION

                                                    BC368859

| | |
|---|---|
| 11  ANTONIO DELA CRUZ, an individual; | Case No.: |
| 12  Plaintiff, | COMPLAINT FOR: |
| 13  vs. | (1) Failure to Pay Overtime Compensation in Violation of Labor Code §1194; |
| 14  998 SOUTH ROBERTSON GROUP, a California corporation, doing business as | (2) Failure to Provide Meal and Rest Periods in Violation of Labor Code §226.7; |
| 15  NATALEE THAI RESTAURANT; VIROJ WATANA, an individual; and DOES 1 through | (3) Failure to Provide Accurate Wage Statements in Violation of Labor Code §226; |
| 16  20, inclusive, | (4) Unfair Business Practices in Violation of |
| 17  Defendants. | Business and Professions Code §17200; |
| 18 | **DEMAND FOR JURY TRIAL** |

19

20      Plaintiff ANTONIO DELA CRUZ ("Plaintiff") hereby alleges the following facts:

21                          **NATURE OF THE CASE**

22      1.      Plaintiff brings this action for unpaid overtime wages, and missed meal and rest

23   breaks, that he earned while working at NATALEE THAI RESTAURANT, owned and operated

24   by defendants 998 SOUTH ROBERTSON GROUP, and its alter ego, VIROJ WATANA.

25   Plaintiff also seeks restitution and other remedies under Business and Professions Code §17200 *et*

26   *seq.* and to pierce the corporate veil to hold VIROJ WATANA liable for the debts of 998 SOUTH

27   ROBERTSON GROUP as its alter ego.

28

                                    - 1 -
                                  COMPLAINT

## PARTIES

2.    Plaintiff, an individual, is now and at all relevant times mentioned herein, was a resident of the County of Los Angeles, State of California.

3.    Defendant 998 SOUTH ROBERTSON GROUP is a California corporation, that at all relevant times mentioned herein was regularly conducting business in the County of Los Angeles, State of California, with its principal place of business at 998 S. Robertson, Los Angeles, California 90035. 998 SOUTH ROBERTSON GROUP owns and operates a restaurant under the fictitious business name of NATALEE THAI RESTAURANT at that location.

4.    Plaintiff is informed and believes, and thereon alleges that VIROJ WATANA is an individual who, at all relevant times mentioned herein, resided in the County of Los Angeles, State of California.

5.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1 through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will seek leave of court to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these fictitiously named defendants is responsible in some manner for the unlawful actions, policies and practices alleged in this complaint.

6.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times mentioned herein, defendants, and each of them, were the agents, servants, employees, partners, joint venturers or co-conspirators of each other defendant, and that each defendant was acting within the course, scope and authority of such agency, employment, partnership, joint venture or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the remaining defendants, and each of them.

7.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff as a matter of law, and controlled or exercised control over the wages, hours and working conditions of Plaintiff.

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

- 2 -

1

## ALTER EGO ALLEGATIONS

2      8.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

3   mentioned herein defendants VIROJ WATANA and Does 1 through 10 (the "Non-corporate

4   defendants") were the owners of all or a controlling proportion of the shares of stock of Defendant

5   998 SOUTH ROBERTSON GROUP, and DOES 11 through 20 (the "Corporate defendants"), and

6   that there existed between the Non-corporate defendants and Corporate defendants, a unity of

7   interest and ownership, such that any individuality and separateness between the Non-corporate

8   defendants and Corporate defendants, never existed or has ceased, and that the Non-corporate

9   defendants are the alter ego of the Corporate defendants, in that:

10          a.      The Corporate defendants were conceived, intended and used by the Non-

11      corporate defendants, and each of them, as a device for the purpose of substituting a

12      financially insolvent corporation in the place of the Non-corporate defendants to avoid

13      individual liability for the Labor Code violations alleged herein;

14          b.      The Non-corporate defendants, and each of them, held themselves out to

15      Plaintiff and to other creditors that they were personally responsible for the debts of

16      Corporate defendants, including the wages earned by Plaintiff;

17          c.      The Non-corporate defendants, and each of them, used the assets of

18      Corporate defendants for their own purposes as though it were their own, and caused assets

19      of Corporate defendants to be transferred to them, or to entities they controlled, or to their

20      family members, without adequate consideration and to avoid creditors, including

21      employees;

22          d.      The Non-corporate defendants, and each of them, dominated and controlled

23      the finances of Corporate defendants, treated the corporate accounts as their personal bank

24      accounts, and commingled corporate and personal funds for their personal use and to avoid

25      creditors of Corporate defendants, including its employees;

26          e.      The Non-corporate defendants, and each of them, completely disregarded

27      the corporate formalities and separateness of Corporate defendants, in that the operations

28      of Corporate defendants, were carried out without the holding of shareholders' or

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-0333

- 3 -

1    directors' meetings, records or minutes of any corporate proceedings were not maintained,

2    and transactions between and among the Non-corporate defendants and Corporate

3    defendants, were neither approved by directors nor shareholders, nor properly documented.

4        9.    Plaintiff is informed and believes, and thereupon alleges that adherence to the

5    fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

6    corporate defendants, and each of them, would permit an abuse of the corporate privilege and

7    would sanction fraud and promote injustice in that, among other things, the Non-corporate

8    defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

9    from underpaying its employees.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## IN VIOLATION OF LABOR CODE §1194

### (Against All Defendants)

10        10.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

15    preceding paragraphs, as though fully set forth herein.

16        11.    Defendants, and each of them, employed Plaintiff as a Cook at 998 S. Robertson,

17    Los Angeles, California 90035 from on or about June 2005 and up to the present.

18        12.    As a cook employed by defendants, and each of them, the duties of Plaintiff

19    involved food preparation, cooking, cleaning, maintenance, and other assigned tasks. Plaintiff's

20    job duties did not include, and never primarily included, employment in an administrative,

21    executive or professional capacity. More particularly, Plaintiff was never primarily engaged in

22    any work which was intellectual, managerial or creative, and which required exercise of discretion

23    and independent judgment. In addition, Plaintiff never supervised any other employees.

24    Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt employee.

25        13.    At all relevant times mentioned herein, defendants, and each of them, required,

26    permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

27    and forty (40) hours per workweek.

28        14.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 4 -

1  adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one

2  and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

3  worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

4  workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

5  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth

6  consecutive day of the workweek.

7    15.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,

8  Plaintiff is entitled to recover his unpaid overtime wages in the amount of $23,678.65.00, plus

9  interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

10  whichever is greater.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST PERIODS

## IN VIOLATION OF LABOR CODE §226.7

### (Against All Defendants)

16.    Plaintiff re-alleges and incorporates by reference each and every allegation of the
preceding paragraphs. as though fully set forth herein.

17.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants,
and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal
period for each scheduled work shift of more than five and a half hours and a ten-minute
uninterrupted rest period for each scheduled work shift of four hours.

18.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted
meal or rest periods during his employment.

19.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is
entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an
uninterrupted ten-minute rest period.

20.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is
entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an
uninterrupted thirty-minute meal period.

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 5 -

1    21.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

2    $4,216.00, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject to

3    proof at trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF LABOR CODE §226

#### (Against All Defendants)

8    22.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

9    preceding paragraphs, as though fully set forth herein.

10    23.    Defendants, and each of them, were obligated under Labor Code §226 and

11    Industrial Wage Order No. 5-2001, to keep an accurate record of the hours of labor worked by

12    Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement

13    accurately showing the total hours worked by Plaintiff.

14    24.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours

15    worked, and further failed to provide accurate itemized wage statements with each payment of

16    wages to Plaintiff as required by law.

17    25.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

18    violation and $100.00 per pay period for each subsequent violation of this section, according to

19    proof of up to a maximum of $4,000.00.

### FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF

### BUSINESS & PROFESSIONS CODE §17200

#### (Against All Defendants)

24    26.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

25    preceding paragraphs as though fully set forth herein.

26    27.    Pursuant to California Business & Professions Code §17200 et seq., and related

27    statutory provisions, defendants, and each of them, were obligated to refrain from engaging in

- 6 -

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  unfair business practices, including the unfair business practices of failing to comply with

2  applicable wage and hour laws of the State of California.

3      28.    Defendants, and each of them, have engaged in the unfair business practices of

4  consistently and knowingly committing the violations against plaintiff as alleged in this

5  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

6      29.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

7  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

8  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

9  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

10 compensation improperly withheld from Plaintiff, as alleged herein.

11     30.    Plaintiff further requests that a receiver be appointed to control and monitor all of

12 the business affairs of defendants, and each of them, to ensure compliance with applicable wage

13 and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

14 her owed and unpaid compensation.

15

16                                   **PRAYER**

17    WHEREFORE, Plaintiff prays for judgment as follows:

18    (1)    For unpaid overtime wages in the amount of $23,678.65, or according to proof,

19           whichever is greater;

20    (2)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the

21           amount of $4,216.00 or according to proof, whichever is greater;

22    (3)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,

23           whichever is lesser;

24    (4)    For any and all other applicable statutory penalties, as provided by law;

25    (5)    For interest on all unpaid wages, according to proof;

26    (6)    For an order requiring restitution to Plaintiff of all owed and unpaid wages;

27    (7)    For costs of suit herein, including attorneys' fees, according to proof, pursuant to

28           Labor Code §1194;

*(left margin, vertical)* BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

- 7 -

1    (8)    For such other and further relief as the Court deems just and proper.

2    DATED: March 30, 2007                    BANDER LAW FIRM LLP

3

4                                        By _Cathe L. Caraway-Howard_

5                                            Cathe L. Caraway-Howard

6                                            Attorneys for Plaintiff,
                                             ANTONIO DELA CRUZ

7

8                          **DEMAND FOR JURY TRIAL**

9    Plaintiff hereby demands a jury trial in the above-captioned action.

10   DATED: March 30, 2007                    BANDER LAW FIRM LLP

11

12                                       By _Cathe L. Caraway-Howard_

13                                           Cathe L. Caraway-Howard

14                                           Attorneys for Plaintiff,
                                             ANTONIO DELA CRUZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

ORIGINAL

1   STEVEN G. PEARL (CA BAR NO. 163381)
    THE PEARL LAW FIRM
2   A PROFESSIONAL CORPORATION
    16133 VENTURA BOULEVARD, SUITE 625
3   ENCINO, CALIFORNIA 91436-2412
    PHONE:      818/ 995-8300
4   FAX:        818/ 995-8301

5   ATTORNEYS FOR PLAINTIFF
    MARTIN GONZALEZ
6                    Case assigned to
                     Judge
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10              CENTRAL DISTRICT    BC371401

11

12  MARTIN GONZALEZ,                )   No.
                                    )
13        Plaintiff,                )   **UNLIMITED CIVIL CASE**
                                    )
14        v.                        )   **COMPLAINT FOR:**
                                    )
15  EDUARDO ALVAREZ, IRMA           )   **1. FAILURE TO PAY EARNED WAGES**
    GONZALEZ TABOADA, AND GENERO    )   **(CAL. LABOR CODE § 204);**
16  TAPIA MELENDEZ, INDIVIDUALLY    )
    AND DOING BUSINESS AS CACTUS    )   **2. FAILURE TO PAY OVERTIME**
17  FRESH, AND DOES 1 THROUGH 100,  )   **COMPENSATION (CAL. LABOR CODE §§**
    INCLUSIVE,                      )   **510, 1194);**
18                                  )
                                    )   **3. FAILURE TO PAY REST PERIOD**
19        Defendants.               )   **COMPENSATION (CAL. LABOR CODE §**
                                    )   **226.7);**
20                                  )
                                    )   **4. FAILURE TO FURNISH WAGE AND**
21                                  )   **HOUR STATEMENTS (CAL. LABOR CODE**
                                    )   **§ 226);**
22                                  )
                                    )   **5. WAITING TIME PENALTIES (CAL.**
23                                  )   **LABOR CODE §§ 201-203);**
                                    )
24                                  )   **6. CONVERSION (CAL. CIV. CODE § 3336;**
                                    )   **AND**
25                                  )
                                    )   **7. UNFAIR COMPETITION (CAL. BUS. &**
26                                  )   **PROF. CODE § 17200, et seq.)**
                                    )
27                                  )   **DEMAND FOR JURY TRIAL**
                                    )
28

---

COMPLAINT

1    Plaintiff Martin Gonzalez alleges:

2                              **GENERAL ALLEGATIONS**

3        1.        This is an action for violation of California's wage and hour laws. Plaintiff alleges that

4    defendants Eduardo Alvarez, Irma Gonzalez Taboada, Genero Tapia Melendez, individually and doing

5    business as Cactus Fresh, and Does 1 Through 100, Inclusive (collectively "Defendants"): (1) failed

6    to pay Plaintiff earned wages for days that he worked for Defendants; (2) failed to pay Plaintiff overtime

7    compensation; (3) failed to provide Plaintiff rest periods and failed to pay Plaintiff rest period

8    compensation; (4) failed to provide Plaintiff with timely and accurate wage and hour statements; (5)

9    failed and refused to pay compensation due to Plaintiff in a timely manner upon his termination; (6)

10   converted Plaintiff's earned wages to their own use and benefit; and (7) violated the Unfair Competition

11   Law California Business & Professions Code sections 17200, et seq. (the "UCL") in an effort to increase

12   profits and to gain an unfair business advantage at the expense of Plaintiff and the public. The foregoing

13   acts and other acts by the Defendants violated provisions of the California Labor Code, including

14   sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 (collectively the "Employment Laws"),

15   violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of

16   California (the "Regulations"), violated the UCL, and violated Plaintiff's rights.

17       2.        Venue is proper in this Court because the Defendants do substantial business in Los

18   Angeles County, California, and employed Plaintiff in Los Angeles County, California.

19                                  **THE PARTIES**

20       3.        Mr. Gonzalez, is, and at all relevant times was, a competent adult residing in Los Angeles

21   County, California.

22       4.        Plaintiff is informed and believes and on that basis alleges that defendant Eduardo

23   Alvarez is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

24       5.        Plaintiff is informed and believes and on that basis alleges that defendant Irma Gonzalez

25   Taboada is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

26       6.        Plaintiff is informed and believes and on that basis alleges that defendant Genero Tapia

27   Melendez is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

28   ///

THE PEARL LAW FIRM

1

1    7.    Plaintiff is currently unaware of the true names and capacities of the defendants sued in
2  this action by the fictitious names DOES 1 through 100, inclusive, and therefore sues those defendants
3  by those fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities
4  of such fictitiously named defendants when they are ascertained.

5    8.    Plaintiff is informed and believes and on that basis alleges that each defendant sued in
6  this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is
7  responsible in some manner for the occurrences, controversies and damages alleged below.

8                              **SPECIFIC ALLEGATIONS**

9    9.    Defendants employed Plaintiff from approximately September, 2003, through April 24,
10  2007.

11    10.    Defendants routinely required Plaintiff to work more than eight hours per day and more
12  than 40 hours per workweek. Defendants failed and refused to pay Plaintiff overtime compensation for
13  his overtime hours worked.

14    11.    Defendants routinely failed to provide Plaintiff with rest periods during work shifts in
15  excess of four hours. Further, Defendants routinely failed to compensate Plaintiff for these missed rest
16  periods.

17    12.    Defendants routinely failed to provide Plaintiff with timely and accurate wage and hour
18  statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the
19  name and address of the legal entity employing him, all applicable hourly rates in effect during each pay
20  period, and the corresponding number of hours worked at each hourly rate by him.

21    13.    Defendants failed and refused to pay Plaintiff all amounts owed to him in a timely manner
22  on his termination, including Plaintiff's final paycheck for the last 60 hours that Plaintiff worked for
23  Defendants.

24    14.    Defendants have converted Plaintiff's earned wages and other compensation due to him
25  to their own use and benefit, depriving him of the fruits of his labor.

26    15.    As set forth above, Defendants engaged in various acts of unfair competition, as defined
27  in California's Unfair Competition Law, California Business and Professions Code Section 17200, et
28  seq.

THE PEARL LAW FIRM

2

THE PEARL LAW FIRM

**FIRST CAUSE OF ACTION**

**For Failure to Pay Earned Wages**

**(California Labor Code Section 204)**

**by Plaintiff Against All Defendants**

16.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as though set forth fully herein.

17.    California law requires employers to pay employees for their hours worked. As set forth above, Defendants employed Plaintiff, but Defendants failed and refused to pay Plaintiff for the last 60 hours that Plaintiff worked, as required by law.

18.    By their unlawful conduct, Defendants have deprived Plaintiffs of their rightfully earned wages. As a result, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

19.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the sake of example and by way of punishing Defendants.

**SECOND CAUSE OF ACTION**

**For Failure to Pay Overtime Compensation**

**(California Labor Code Section 1194)**

**by Plaintiff Against All Defendants**

20.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as though set forth fully herein.

21.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation. The Wage Order provides:

Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the

3

1    workweek.

2        22.    Defendants routinely required Plaintiff to work more than eight hours per day and more

3    than 40 hours per workweek, but Defendants failed and refused to pay Plaintiff the overtime

4    compensation required by the Employment Laws and Regulations.

5        23.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

6    conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

7        24.    Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and

8    proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to

9    recover such amounts, plus interest thereon, attorney's fees and costs.

10       25.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

11   and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

12   sake of example and by way of punishing Defendants.

13                          **THIRD CAUSE OF ACTION**

14                     **For Failure to Pay Rest Period Compensation**

15                       **(California Labor Code Section 226.7)**

16                        **by Plaintiff Against All Defendants**

17       26.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as

18   though set forth fully herein.

19       27.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of

20   California provides:

21           Every employer shall authorize and permit all employees to take rest periods, which

22           insofar as practicable shall be in the middle of each work period. The authorized rest

23           period time shall be based on the total hours worked daily at the rate of ten (10) minutes

24           net rest time per four (4) hours or major fraction thereof.

25       28.    Defendants failed and refused to provide Plaintiff with rest periods during his work shifts

26   and failed and refused to compensate Plaintiff for said rest periods, as required by California Labor Code

27   sections 226.7 and the other applicable sections of the Employment Laws and Regulations.

28       29.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

                                        4

THE PEARL LAW FIRM

1  conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

2      30.    Plaintiff has been deprived of his rightfully earned compensation for rest periods as a

3  direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is

4  entitled to recover such amounts, plus interest thereon.

5      31.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

6  and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

7  sake of example and by way of punishing Defendants.

8                          **FOURTH CAUSE OF ACTION**

9                    **For Failure to Furnish Wage and Hour Statements**

10                       **(California Labor Code Section 226)**

11                       **by Plaintiff Against All Defendants**

12      32.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as

13  though set forth fully herein.

14      33.    The applicable Wage Order provides:

15      Every employer shall semimonthly or at the time of each payment of wages furnish each

16      employee, either as a detachable part of the check, draft, or voucher paying the

17      employee's wages, or separately, an itemized statement in writing showing: (1) all

18      deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the

19      name of the employee or the employee's social security number; and (4) the name of the

20      employer, provided all deductions made on written orders of the employee may be

21      aggregated and shown as one item.

22      34.    Defendants knowingly and intentionally failed to provide Plaintiff with timely and

23  accurate wage and hour statements showing gross wages earned, total hours worked, all deductions

24  made, net wages earned, the name and address of the legal entity employing him, all applicable hourly

25  rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate

26  by him.

27      35.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

28  conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

THE PEARL LAW FIRM

5

36.    Plaintiff suffered injury as a result of Defendants' knowing and intentional failure to provide him with the wage and hour statements required by law.

### FIFTH CAUSE OF ACTION

#### For Waiting Time Penalties

#### (California Labor Code Sections 201 through 203)

#### by Plaintiff Against All Defendants

37.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as though set forth fully herein.

38.    Defendants failed to pay Plaintiff accrued wages and other compensation due to him immediately upon his termination, as required.

39.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

#### For Conversion

#### (California Civil Code Section 3336)

#### by Plaintiff Against All Defendants

40.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as though set forth fully herein.

41.    As alleged above, Defendants wrongfully withheld earned wages from Plaintiff and failed to pay him wages and other compensation which were due to him for overtime hours worked, for missed rest periods, and as otherwise required pursuant to the Employment Laws and Regulations.

42.    At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiff all earned wages and other compensation due to him. Such wages and compensation belonged to Plaintiff at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Plaintiff, not Defendants.

43.    Defendants knowingly and intentionally failed to pay Plaintiff overtime compensation for his overtime hours worked, knowingly and intentionally failed to compensate him for his missed rest periods, and knowingly and intentionally failed to provide other compensation due to Plaintiff. Instead,

6

THE PEARL LAW FIRM

1  Defendants converted Plaintiff's rightfully earned wages and to Defendants' own use and benefit.

2  Defendants converted such wages and compensation as part of an intentional and deliberate scheme to

3  maximize their profits at Plaintiff's expense.

4      44.    Plaintiff has been injured by Defendants' intentional conversion of such wages and

5  compensation. Plaintiff is entitled to immediate possession of all amounts converted by Defendants,

6  with interest, as well as any and all profits that Defendants acquired by their unlawful conversion. Before

7  they filed this action, Plaintiff wrote a pre-litigation demand to Defendants. Plaintiff detailed his claims,

8  demanded that Defendants pay the amounts owed, and offered to discuss a pre-litigation resolution of

9  this matter. A true and correct copy of Plaintiff's pre-litigation demand to Defendants dated April 26,

10  2007, is attached as Exhibit A.

11      45.    Despite these demands, Defendants refuse to pay Plaintiff the unpaid wages and other

12  compensation that they owe him.

13      46.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

14  and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

15  sake of example and by way of punishing Defendants.

16                    **SEVENTH CAUSE OF ACTION**

17                         **For Unfair Competition**

18          **(California Business & Professions Code Section 17200, et seq.)**

19                      **by Plaintiff Against All Defendants**

20      47.    Plaintiff incorporates by reference and realleges paragraphs 1 through 15, inclusive, as

21  though set forth fully herein.

22      48.    Defendants' violations of the Employment Laws and Regulations as alleged herein,

23  including Defendants' failure and refusal to pay Plaintiff his earned wages, failure and refusal to pay

24  overtime wages to Plaintiff, failure to provide rest periods to Plaintiff, failure to provide Plaintiff with

25  timely and accurate wage and hour statements, and conversion of wages and compensation due to

26  Plaintiff, constitute unfair business practices in violation of the Unfair Competition Law, California

27  Business & Professions Code Section 17200, et seq.

28      49.    As a result of Defendants' unfair business practices, Plaintiff has suffered actual injury,

THE PEARL LAW FIRM

7

1  and Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members

2  of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to

3  Plaintiff.

4        50.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent

5  injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore

6  to Plaintiff the compensation unlawfully withheld from him.

7        WHEREFORE, plaintiff Martin Gonzalez hereby prays that the Court enter judgment in his favor

8  and against defendants Eduardo Alvarez, Irma Gonzalez Toboada, Genero Tapia Melendez, individually

9  and doing business as Cactus Fresh, and Does 1 Through 100, Inclusive, and each of them, as follows:

10      1.    For unpaid wages in the amount of $490.00;

11      2.    For payment of overtime compensation to Plaintiff in the amount of $5,007;

12      3.    For payment of rest period compensation to Plaintiff in the amount of $8,484;

13      4.    For Labor Code Section 226 penalties to Plaintiff in the amount of $4,000;

14      5.    For Labor Code Section 203 penalties to Plaintiff in the amount of $2,520;

15      6.    For prejudgment interest on the foregoing at the legal rate;

16      7.    For reasonable attorney fees on Plaintiff's First, Second, Third and Fourth Causes of

17  Action;

18      8.    For costs of suit incurred herein;

19      9.    For punitive damages on Plaintiff's First, Second, Third, and Sixth Causes of Action in

20  an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such

21  conduct in the future;

22      10.    For restitution of all amounts owed to Plaintiff by Defendants on Plaintiff's Seventh

23  Cause of Action;

24      11.    For such further relief as the Court may deem appropriate.

25  DATED: May 18, 2007            THE PEARL LAW FIRM,
26                                 A PROFESSIONAL CORPORATION
27
                               By: Steven G. Pearl
28                                 Attorneys for Plaintiff Martin Gonzalez

THE PEARL LAW FIRM

8

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands jury trial of this matter.

3    DATED: May 18, 2007              THE PEARL LAW FIRM,
4                                     A PROFESSIONAL CORPORATION

5

6                                     By:  Steven G. Pearl
                                      Attorneys for Plaintiff Martin Gonzalez
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

COMPLAINT

# THE PEARL LAW FIRM
## A PROFESSIONAL CORPORATION

April 26, 2007

### VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Mr. Eduardo Alvarez
Ms. Irma Gonzalez
Mr. Genero Tapia Melendez
Cactus Fresh
16060 Ventura Boulevard, #103
Encino, CA 91436

Re:    Martin Gonzalez

Dear Mr. Alvarez, Ms. Gonzalez, and Mr. Melendez:

This office represents Martin Gonzalez with regard to this matter. Pursuant to California Labor Code Section 226(b), Mr. Gonzalez hereby requests that you provide this office with copies of all records required by Section 226(a) pertaining to Mr. Gonzalez within ten (10) business days of this request.

We understand that you employed Mr. Gonzalez as a cashier and dishwasher in your restaurant from September, 2003, through April 24, 2007. Mr. Gonzalez routinely worked 8 to 9 hours per day, Monday through Friday, and 5 hours per day on Saturday, averaging more than 46 hours per week.

You paid Mr. Gonzalez $8.00 per hour but failed to pay Mr. Gonzalez the required overtime compensation (time-and-a-half) for his many overtime hours worked.

You failed to provide Mr. Gonzalez with the required rest periods (one ten-minute rest period for each four hours worked) and failed to compensate him for the missed rest periods. You failed to provide Mr. Gonzalez with timely and accurate wage and hour statements that include all of the required information.

Our initial analysis indicates that you owe Mr. Gonzalez the following:

- More than $4,963 for unpaid overtime compensation and interest thereon, calculated at the rate of 6 overtime hours per week (Cal. Labor Code § 510 et seq.);

- $5,250 for penalties for your failure to pay overtime wages (Cal. Labor Code § 558);

- More than $9,900 for unpaid rest period compensation, calculated at a rate of just one

---

16153 VENTURA BOULEVARD, SUITE 625, ENCINO, CALIFORNIA 91436-2142
TELEPHONE: 818.995.8300 FACSIMILE: 818.995.8301                    041907.EAlvarez.wpd





THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Mr. Eduardo Alvarez
Ms. Irma Gonzalez
Mr. Genero Melendez
Page: 2
April 26, 2007

missed rest period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $5,250 for penalties for your failure to pay missed rest period compensation (Cal. Labor Code § 558);

- $4,000 for failure to provide full, timely and accurate wage and hour statements (Cal. Labor Code § 226);

In total, you owe Mr. Gonzalez more than $29,363 for these items alone. Mr. Gonzalez hereby demands that you pay this amount within ten (10) days of the date of this letter.

This does not include additional extensive amounts owed for your failure to provide timely and accurate wage and hour statements (Cal. Labor Code § 226.3). Section 226.3 carries the largest penalties available under the Labor Code: $250 for the initial violation and $1,000 for each subsequent violation. We calculate that these penalties would total $52,250 in this case. These penalties under the Labor Code Private Attorneys General Act (Cal. Labor Code § 2698, et seq.) are payable 75% to the government and may not be discharged in bankruptcy. 11 United States Code § 523(a)(7).

This also does not include punitive damages for your willful violation of Mr. Gonzalez's rights.

In addition, this office has spent approximately 2 hours of attorney time and 5 hours of paralegal time investigating this matter, calculating the amounts owed to Mr. Gonzalez, and preparing this correspondence. We anticipate that resolving this matter now, prior to litigation, will require an equal amount of additional time. At our regular attorney and paralegal billing rates of $390 and $135 per hour, respectively, Mr. Gonzalez is entitled to recover reasonable attorney fees (exclusive of the lodestar multiplier that he will seek after trial) in the amount of $1,500 in his effort to resolve this matter with you informally (Cal. Labor Code §§ 226(e), 1194).

If we are not able to resolve this matter prior to litigation, the amount that you owe Mr. Gonzalez will only increase as he is forced to incur additional attorney fees and costs. A number of Labor Code sections provide for "one-way" fee shifting in favor of employees. In these cases, where employees typically are represented on contingent fees, the attorney fee award is calculated based on a lodestar analysis. The Court calculates the lodestar by multiplying hours spent times the hourly rate, then multiplies the lodestar by a reasonable multiplier. We typically request and have received a 3.0 multiplier. As a result the total amount owed after trial, including fees for your own attorneys, likely will be several times higher than the amount necessary to resolve this matter now.

Despite the severe and obviously intentional nature of these of these violations, Mr. Gonzalez is

041907.EAlvarez.wpd



THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Mr. Eduardo Alvarez
Ms. Irma Gonzalez
Mr. Genero Melendez
Page: 3
April 26, 2007

willing to discuss a pre-litigation resolution of this matter. Should you agree to resolve this matter now, prior to the filing of a lawsuit, Mr. Gonzalez is willing to accept an amount less than the full amount owed in exchange for a full general release covering any and all claims pursuant to Cal. Civil Code § 1542.

You may contact me directly to discuss resolution of this matter. If you are represented by an attorney, you may have your attorney contact me, as ethical rules will prohibit me from speaking with you directly. If you or your attorney wish to discuss resolution of this matter, we request that you execute and return to us the enclosed Statute of Limitations Tolling Agreement. Our purpose in requesting the Agreement is to maintain the status quo with regard to our client's claims while we discuss resolution of this matter. You are advised to consult with an attorney of your choosing regarding your rights and obligations prior to contacting us regarding this matter or executing the Statute of Limitations Tolling Agreement.

You, your agents and your attorneys may not contact Mr. Gonzalez regarding this matter. Mr. Gonzalez has designated us as his representative for purposes of discussing this matter with you (Cal. Labor Code § 923). Mr. Gonzalez does not want to discuss this matter with you and he will consider any effort to confront him regarding this matter to constitute harassment and unlawful retaliation in violation of his right to demand payment of lawful wages.

Should you reject this offer, Mr. Gonzalez will have no choice but to file a lawsuit in Superior Court against each of you, seeking all amounts owed, including compensation, interest, penalties, costs, attorney fees and punitive damages.

If we are not able to resolve this matter by the close of business on May 10, 2007, we will be forced to move forward with litigation. We sincerely hope that such steps will not be necessary.

Sincerely,

Steven G. Pearl

SGP:dnp

041907.EAlvarez.wpd

1 | MICHAEL L. TRACY, ESQ. (SBN 237779)
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)

2 | LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300

3 | Irvine, CA 92614
T: (949) 260-9171

4 | F: (866) 365-3051

5 | Attorneys for Plaintiff MARTI LUNQUIST

**FILED**

LOS ANGELES SUPERIOR COURT

JUN 0 6 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

6

7

8

9

10

Case assigned to Judge

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL DIVISION**

BC372307

11 | MARTI LUNQUIST, an individual,

12 |         Plaintiff,

13 |     vs.

14 | TAMARA JONES, an individual and doing business as Elmwood Park; ANTHONY PELLY,

15 | an individual and doing business as Elmwood Park; and DOES 1 through 50, inclusive,

16

17 |         Defendants.

) Case No.
)
) **COMPLAINT FOR UNPAID**
) **OVERTIME, MEAL PENALTIES,**
) **WAITING TIME PENALTIES,**
) **FAILURE TO ITEMIZE WAGE**
) **STATEMENTS AND VIOLATIONS OF**
) **CALIFORNIA BUSINESS AND**
) **PROFESSIONS CODE SECTION 17200**
)
) **JURY TRIAL DEMANDED**
)

18

19 |     Plaintiff, MARTI LUNQUIST, alleges:

20 |             **GENERAL ALLEGATIONS**

21 |     1.    This Court is the proper court and this action is properly filed in the County of Los

22 | Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23 | and because Defendants' obligations and liabilities arise therein, and because the work that was

24 | performed by Plaintiff in the County of Los Angeles is the subject of this action.

25 |     2.    Defendant, TAMARA JONES, is an individual doing business as Elmwood Park

26 | and doing business in the County of Los Angeles, State of California.

27 |     3.    Defendant, ANTHONY PELLY, is an individual doing business as Elmwood Park

28 | and doing business in the County of Los Angeles, State of California.

1      4.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

2  therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to

3  show their true names and capacities when they have been ascertained. Plaintiff is informed and

4  believes, and hereon alleges, that such Doe defendants are residents of California.

5      5.    Plaintiff is informed and believes that Defendants, each and all of them, at all times

6  material hereto, were the joint employers, parent companies, successor companies, predecessors in

7  interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

8  representatives, and/or coconspirators of each of the remaining Defendants.  The Defendants,

9  unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

10  herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

11  damages as herein alleged.

12      6.    Plaintiff was employed by Defendants from September 2004 through September

13  2006.

14                  **FIRST CAUSE OF ACTION**

15  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

16      **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

17                  **(AGAINST ALL DEFENDANTS)**

18      7.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

19      8.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

20  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

21  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

22  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

23  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

24  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

25      9.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

26  Defendants failed to compensate Plaintiff for all overtime premiums.

27      10.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

28  amount in excess of $7,039 and subject to proof at time of trial.

1    11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

2  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

3  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

4  fees and costs of suit.

5                          **SECOND CAUSE OF ACTION**

6           **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

7                **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

8                    **CALIFORNIA LABOR CODE SECTION 512**

9                           **(AGAINST ALL DEFENDANTS)**

10    12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

11    13.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

12  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

13  provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

14    14.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

15    15.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

16  Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

17  each workday that the meal period was not provided.

18    16.    Plaintiff prays for damages for missed meals in the amount of $3,520.

19                          **THIRD CAUSE OF ACTION**

20    **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

21                           **(AGAINST ALL DEFENDANTS)**

22    17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

23    18.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

24  wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

25  Labor Code §203 in the amount of $1,620.

26  ///

27  ///

28  ///

1    **FOURTH CAUSE OF ACTION**

2    **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER**

3    **CALIFORNIA LABOR CODE SECTION 226**

4    **(AGAINST ALL DEFENDANTS)**

5    19.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

6    20.    Pursuant to Labor Code §226, every employer must furnish each employee an

7    itemized statement of wages and deductions at the time of payment of wages.

8    21.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

9    worked.

10    22.    Plaintiff suffered injury in her inability to verify her own hours worked as well as to

11    provide proof of her income to others.

12    23.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

13    Defendants in the amount of $4,000 plus costs and attorney's fees.

14    **FIFTH CAUSE OF ACTION**

15    **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

16    **(AGAINST ALL DEFENDANTS)**

17    24.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

18    25.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

19    the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

20    entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

21    pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

22    liquidated damages, as well as costs and attorney's fees.

23    26.    Plaintiff worked numerous weeks in excess of forty (40) hours.

24    27.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

25    Defendants failed to compensate Plaintiff for any overtime premiums.

26    28.    This court has jurisdiction over this cause of action because the federal statute

27    specifically grants the employee the right to bring the action in "any Federal or State court of

28    competent jurisdiction." 29 U.S.C. §216(b).

1   29.   Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2   30.   Plaintiff prays for judgment for overtime pay of $7,039. This amount is subsumed

3   by the overtime pay claimed in the First Cause of Action.

4   31.   Plaintiff prays for judgment for liquidated damages in the amount of $7,039. This

5   amount is supplemental to the relief requested in all other causes of action.

6   32.   Plaintiff prays for costs and attorney's fees.

7                           **SIXTH CAUSE OF ACTION**

8           **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

9                           **CODE SECTION 17200**

10                          **(AGAINST ALL DEFENDANTS)**

11  33.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

12  34.   Defendants failed to pay for overtime premiums that were due to Plaintiff under the

13  terms of employment.

14  35.   By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

15  unlawful business practices under Business and Professions Code §17200, et. seq.

16  36.   Defendants failed to provide meal and rest breaks in accordance with California law.

17  Defendants' acts constitute unfair and unlawful business practices under Business and Professions

18  Code §17200, et. seq

19  37.   As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

20  be determined at trial.

21      WHEREFORE, Plaintiff prays damages as follows:

22                          **ON THE FIRST CAUSE OF ACTION**

23  1.   For damages in an amount in excess of $7,039 and subject to proof at time of

24  trial.

25  2.   For penalties, interest, reasonable attorney's fees and costs of suit.

26                          **ON THE SECOND CAUSE OF ACTION**

27  3.   For damages in an amount in excess of $3,520 and subject to proof at time of

28  trial.

-5-

COMPLAINT

1        **ON THE THIRD CAUSE OF ACTION**

2        4.    For damages in the amount of $1,620.

3                          **ON THE FOURTH CAUSE OF ACTION**

4        5.    For damages in the amount of $4,000.

5        6.    For costs of suit, interest, and reasonable attorney's fees

6                          **ON THE FIFTH CAUSE OF ACTION**

7        7.    For damages in an amount in excess of $7,039 and subject to proof at time of

8    trial.

9        8.    For liquidated damages in an amount in excess of $7,039 and subject to proof at

10   time of trial.

11       9.    For penalties, interest, reasonable attorney's fees and costs of suit.

12                         **ON THE SIXTH CAUSE OF ACTION**

13       10.   For damages in an amount subject to proof at time of trial.

14                         **ON ALL CAUSES OF ACTION**

15       11.   For costs of suit.

16       12.   For pre and post judgment interest.

17       13.   For such other and further relief as the court may deem proper.

18   DATED:  June 4, 2007                    LAW OFFICES OF MICHAEL L. TRACY

19
                                     By:    _____
20                                          MEGAN ROSS HUTCHINS, Attorney for
21                                          Plaintiffs MARTI LUNQUIST

22

23                         **DEMAND FOR JURY TRIAL**

24       Plaintiffs hereby demand a jury trial.

25   DATED:  June 4, 2007                    LAW OFFICES OF MICHAEL L. TRACY

26
                                     By:    _____
27                                          MEGAN ROSS HUTCHINS, Attorney for
28                                          Plaintiffs MARTI LUNQUIST

                          -6-

ORIGINAL

1  Alan Harris (SBN 146079)
   Matthew Kavanaugh (SBN 239961)
2  HARRIS & RUBLE
   5455 Wilshire Blvd., Suite 1800
3  Los Angeles, CA 90036
   Tel: 323.931.3777
4  Fax: 323.931.3366

5  Attorneys for Plaintiff

FILED
LOS ANGELES SUPERIOR COURT

JUN 0 7 2007

JOHN A. CLARKE, CLERK

BY
EDUARDO CHANES, DEPUTY

6  Case assigned  P. 36
7  to Judge  GREGORY ALARCON

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10                 CENTRAL DISTRICT    BC372435

| | |
|---|---|
| 11  MICHAEL CONNORS, individually, | CASE NO. |
| 12        Plaintiff, | **COMPLAINT** |
| 13    vs. | 1. § 203 of the California Labor Code, Continuing Wages |
| 14  FRANK THE PLUMBER, LLC, and Doe 1 through and including Doe 100, | |
| 15 | 2. § 1194 of the California Labor Code, Failure to Pay Minimum Wage |
| 16        Defendants. | |
| 17 | 3. § 1194 of the California Labor Code, Failure to Pay Overtime |
| 18 | |
| 19 | 4. § 225.5 California Labor Code, Damages for Payment with Insufficient Funds |
| 20 | |
| 21 | 5. §203.1 California Labor Code, Damages for Payment with Insufficient Funds |
| 22 | |
| 23 | |
| 24 | 6. § 226 California Labor Code, Failure to Provide Pay Stubs |
| 25 | |
| 26 | 7. 29 U.S.C. § 206, Fair Labor Standards Act, Minimum Wage |
| 27 | |
| 28 | 8. California Business & Professions Code § 17200 *et seq.*—Disgorgement of Profits |

1
COMPLAINT

1    COMES NOW Plaintiff and for his causes of action alleges as follows:

2    <strong><u>JURISDICTION AND VENUE</u></strong>

3    (1) This is a civil action seeking wages, continuing wages, damages, liquidated

4    damages and attorneys' fees and costs by reason of Defendant's violations of Sections of

5    the California Labor Code and Fair Labor Standards Act.

6    (2) Venue as to the Defendant is proper in this judicial district, pursuant to

7    California Business & Professions Code Section 17203 and California Code of Civil

8    Procedure Sections 395(a) and 395.5. Defendant maintains an office, transacts business,

9    has an agent, or is found in the County of Los Angeles and is within the jurisdiction of

10    this Court for purposes of service of process.

11    <strong><u>PARTIES</u></strong>

12    (3) Plaintiff MICHAEL CONNORS ("CONNORS") is an individual who, at all

13    times relevant herein, has been and now is a resident of the County of Los Angeles, State

14    of California.

15    (4) Defendant FRANK THE PLUMBER, LLC ("FTP") is a limited liability

16    company, which at times relevant herein, was doing business within the State of

17    California, and having a principal place of business within the County of Los Angeles,

18    State of California.

19    (5) Defendants DOE ONE through and including DOE ONE HUNDRED are sued

20    herein under the provisions of section 474 of the Code of Civil Procedure. Plaintiff is

21    unaware of the true names, identities and capacities, whether individual, corporate or

22    otherwise, of the said fictitiously named defendants, but leave of Court will be prayed to

23    amend this Complaint to insert the same herein when finally ascertained. Plaintiff is

24    informed, believes and thereupon alleges that each of the said fictitiously named

25    defendants is legally responsible for the acts, omissions and damages hereinafter alleged.

26    <strong><u>GENERAL ALLEGATIONS</u></strong>

27    (6) Defendant employed CONNORS as a Set Lighting Technician on or about

28    January 10, 2007, for the "Josh Groban" production. CONNOR'S daily rate of pay was

2<br>COMPLAINT

1  $350.00 for eight hours. CONNOR worked ten hours for FTP on or about January 10,

2  2007. Defendant FTP discharged CONNORS on or about January 10, 2007. CONNOR

3  is owed unpaid wages and overtime for the work he performed on January 10, 2007. On

4  or about May 9, 2007, FTP presented a check to CONNOR for payment of his wages.

5  Plaintiff attempted on or about May 9, 2007, to negotiate this check and was told there

6  were insufficient funds in the account.

7      (7) Despite requests, Plaintiff has not been compensated for his earned, but unpaid

8  wages for the work he performed for Defendant FTP.

9      (8) At all times relevant herein, section 201.5 of the California Labor Code

10  provided that, "an employee engaged in the production or broadcasting of motion

11  pictures whose employment terminates is entitled to receive payment of the wages

12  earned and unpaid at the time of the termination by the next regular payday."

13      (9) Defendant FTP did not compensate Plaintiff within the time required by

14  California Labor Code § 201.5.

15      (10) At all times relevant herein, section 203 of the California Labor Code

16  provided:

17      If an employer willfully fails to pay, without abatement or reduction, in
        accordance with Sections 201, 201.5, 202 and 202.5, any wages of an
18      employee who is discharged or who quits, the wages of the employee shall
        continue as a penalty from the due date thereof at the same rate until paid or
19      until action therefore is commenced; but the wages shall not continue for
        more than 30 days.
20
        (11) At all times relevant herein, section 1194 of the California
21
    Labor Code provided:
22
        (a) Notwithstanding any agreement to work for a lesser wage, any
23      employee receiving less than the legal minimum wage or the legal overtime
        compensation applicable to the employee is entitled to recover in a civil
24      action the unpaid balance of the full amount of this minimum wage or
        overtime compensation, including interest thereon, reasonable attorney's
25      fees, and costs of suit.

26      (12) At all times relevant herein, section 1194.2(a) of the California Labor Code

27  provided:

28      (a) In any action under Section 1193.6 or Section 1194 to recover wages

because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

(13) At all times relevant herein, section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

...

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

(14) At all times relevant herein, section 212 of the California Labor Code provided:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(!) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the

name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

. . .

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(15) At all times relevant herein, the relevant portion of section 225.5 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who unlawfully withholds wages due any employee in violation of Section 212, 216, 221, 222, or 223 shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($ 100) for each failure to pay each employee.

(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($ 200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(16) At all times relevant herein, 29 U.S.C. § 203(d) of the Fair Labor Standards Act defined employer as:

"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

## FIRST CAUSE OF ACTION

(Continuing Wages, California Labor Code § 203)

(17) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

(18) The failure of Defendant FTP to compensate Plaintiff within the time provided for by section 201.5 of the California Labor Code, despite knowledge of its obligation to do so, was "willful" as the word is used in section 203.

(19) Accordingly, Plaintiff is entitled to continuing wages in the amount of $14,437.50, or in an amount according to proof.

## SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage, California Labor Code § 1194)

(20) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

(21) The failure to pay Plaintiff at least the minimum wage for the work he performed as aforesaid, violates section 1194 of the California Labor Code. Plaintiff is, accordingly, entitled to payment of the minimum wage due to him in the amount of $60.00 or in an amount according to proof, interest, and their reasonable attorneys' fees and costs. Plaintiff is also entitled to liquidated damages in the amount of $60.00 or in an amount according to proof, for Defendant's failure to pay him at least minimum wage under §1194.2 of the California Labor Code.

## THIRD CAUSE OF ACTION
(Failure to Pay Overtime, California Labor Code § 1194)

(22) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in this Complaint.

(23) The failure to pay Plaintiff CONNOR for his two hours of overtime for the work he performed as aforesaid, violates section 1194 of the California Labor Code. Plaintiff CONNOR is, accordingly, entitled to payment of the overtime wages due to him in the amount of $131.25 or in an amount according to proof, interest, and his reasonable attorney's fees and costs in an amount according to proof.

## FOURTH CAUSE OF ACTION
(Damages Pursuant to § 225.5 of the California Labor Code
for Payment with Bounced Check)

(24) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

(25) Plaintiff was given payment of his wages by a check drawn on a bank account that contained insufficient funds to pay the check.

(26) Defendant FTP has violated California Labor Code § 212 by not making payment on an account with sufficient funds.

(27) Plaintiff is therefore entitled to be paid damages in accordance with California Labor Code § 225.5 in the amount of $100.00.

### FIFTH CAUSE OF ACTION
(Damages Pursuant to § 203.1 of the California Labor Code for Payment of Wages with check on which payment refused)

(28) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

(29) Plaintiff was given payment of his wages by a check drawn on a bank account that contained insufficient funds to pay the check.

(30) Defendant FTP has violated California Labor Code § 203.1 by not making payment on an account with sufficient funds.

(31) Plaintiff is therefore entitled to be paid damages in accordance with section 203.1 of the California Labor Code, in the amount of $14,437.50 or in an amount according to proof.

### SIXTH CAUSE OF ACTION

(Failure to Provide Pay Stubs, § 226 California Labor Code)

(32) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

(33) Defendant FTP employed Plaintiff, but failed to provide him with the data required by section 226 of the California Labor Code.  Defendant FTP has not provided Plaintiff with any pay stub.

(34) Accordingly, Plaintiff is entitled to damages in the amount of $50.00 or in an amount according to proof, and attorney's fees and costs.

### SEVENTH CAUSE OF ACTION
(Failure to Pay Minimum Wage, Fair Labor Standards Act, 29 U.S.C. § 206)

(35) Plaintiff repleads, realleges, and incorporates by reference each and every allegation set forth in the Complaint.

(36) FTP acted directly or indirectly in the interest of an employer in relation to Plaintiff.  Defendant was an "employer" of Plaintiff as "employer" is defined under 29

1   U.S.C. § 203. Defendant FTP exercised meaningful control over the work of Plaintiff.

2       (37) Defendant, by failing to pay the discharged Plaintiff the wages due and owing

3   to him, have violated the Fair Labor Standards Act by failing to provide at least

4   minimum wages to Plaintiff as required by 29 U.S.C. § 206.

5       (38) Plaintiff is therefore entitled to be paid $51.50 or in an amount according to

6   proof for at least the minimum wage for the hours he worked. Plaintiff is also entitled to

7   liquidated damages under 29 U.S.C. § 216, in the amount of $51.50 or in an amount

8   according to proof, attorney's fees and costs.

9                        **EIGHTH CAUSE OF ACTION**
                    (For Restitution under section 17200 *et seq.* of the
10                      California Business and Professions Code)

11      (39) Plaintiff repleads, realleges, and incorporates by reference each and every

12   allegation set forth in the Complaint.

13      (40) Defendant's systematic violations of the California Labor Code alleged herein

14   constitute unfair, unlawful and/or fraudulent business practices within the meaning of

15   section 17200 *et seq.* of the Business and Professions Code.

16      (41) Under section 17200 *et seq.*, this Court is authorized to enter such judgment

17   or order as may be necessary to restore to any person in interest the money or property

18   acquired by Defendant through its unfair competition and unfair business practices

19   alleged herein. Plaintiff is, therefore, entitled to the judgment of this Court requiring

20   Defendant to pay over to Plaintiffs the wages and/or continuing wages to which Plaintiff

21   was and is entitled, but which have been denied them by reason of the Defendant's

22   conduct alleged herein.

23      (42) Pursuant to section 17205, the remedies and penalties provided by section

24   17200 *et seq.* are cumulative to the remedies and penalties available under all other laws

25   of this state.

26      (43) To the extent that Defendant has failed to provide the information required by

27   California Labor Code section 226, such conduct also constitutes an unlawful, unfair

28   and/or fraudulent business practice.

(44) Plaintiff is therefore entitled to be paid $481.25 for wages as well as damages in an amount according to proof for violation of section 17200 *et seq*.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That, with respect to the First Cause of Action, it be adjudged that the failure of Defendant FTP to make payment of wages within the time prescribed in section 201.5 of the California Labor Code was "willful" as that word is used in section 203 of the California Labor Code. Plaintiff requests he be awarded judgment for his continuing wages in the amount of $14,437.50 or in an amount according to proof.

2. That, with respect to the Second Cause of Action, Plaintiff be awarded judgment in an amount of $60.00 for unpaid minimum wages or in an amount according to proof, interest, and reasonable attorneys' fees and costs according to proof. Plaintiff also requests judgment for liquidated damages in the amount of $60.00 or in an amount according to proof, for the failure of Defendant to pay him at least minimum wage under section 1194.2 of the California Labor Code.

3. That, with respect to the Third Cause of Action, Plaintiff CONNOR be awarded judgment in the amount of his unpaid overtime in the amount of $131.25 or in an amount according to proof, interest, and reasonable attorney's fees and costs according to proof.

4. That, with respect to the Fourth Cause of Action, Plaintiff be awarded his damages under section 225.5 of the Labor Code in the amount of $100.00 or in an amount according to proof, attorneys' fees and costs, according to proof.

5. That, with respect to the Fifth Cause of Action, Plaintiff be awarded his damages under section 203.1 of the California Labor Code in the amount of $14,437.50 or in an amount according to proof.

6. That, with respect to the Sixth Cause of Action, it be adjudged that the failure of Defendant to provide accurate pay stubs or itemized statements as required by section 226 of the California Labor Code was knowing and intentional, caused injury to Plaintiff and that this Court order that Defendant pay damages to Plaintiff in the amount of $50.00 or in an amount according to proof, and that this Court award Plaintiff his reasonable



1 │ attorneys' fees and costs incurred in the prosecution of this matter.

2 │     7. That with respect to the Seventh Cause of Action, Plaintiff be awarded

3 │ judgment in the amount of his unpaid minimum wages for the hours worked in the

4 │ amount of $51.50 or in an amount according to proof, interest, liquidated damages in the

5 │ amount of $51.50 or in an amount according to proof, and reasonable attorney's fees and

6 │ costs, pursuant to 29 U.S.C. § 216.

7 │     8. That, with regard to the Eighth Cause of Action, it be adjudged that the failure

8 │ of Defendant to make payments of wages within the time prescribed in the California

9 │ Labor Code violated section 17200 *et seq.* of the California Business and Professions

10 │ Code, and that this Court order that Defendant pay restitution to Plaintiffs in the form of

11 │ disgorgement of the wages in the amount of $481.25, unlawfully retained by it with

12 │ interest, and to disgorge the other monies it has saved on account of the illegal practices

13 │ alleged herein, and that the Court award Plaintiff his reasonable attorney's fees and costs

14 │ incurred in the prosecution of the Seventh Cause of Action.

15 │     9. For such other and further relief as to this Court may seem fit and proper.

16 │ Plaintiff demands a trial by jury as to all counts.

17 │

18 │ Dated: June 5, 2007                    HARRIS & RUBLE:

19 │

20 │                                        ALAN HARRIS

21 │                                        *Attorney for Plaintiffs*

22 │

23 │

24 │

25 │

26 │

27 │

28 │

1 | DAVID ADELSTEIN (Bar No. 105250)
BUSH QUINONEZ GOTTLIEB SINGER
2 | LOPEZ KOHANSKI ADELSTEIN & DICKINSON
A Law Corporation
3 | 3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657
4 | Telephone: (818) 973-3200
Facsimile: (818) 973-3201
5 | dadelstein@bushquinonez.com

6 | Attorneys for Plaintiff
RYAN KUSHNER
7

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 01 2007

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

Case assigned to D47
Judge Aurelio Munoz

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

| | | |
|---|---|---|
| RYAN KUSHNER, | ) | Case No.  BC378396 |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT FOR UNPAID WAGES, INTEREST, WAITING TIME PENALTIES, AND ATTORNEYS' FEES** |
| YELLOW PRODUCTIONS CORPORATION, PR, a Nevada corporation, Steven J. Brown and DOES 1-10, | ) | **CALIFORNIA LABOR CODE, SECTIONS 204, 203, 218.5 AND 218.6** |
| Defendants. | ) | |

Comes now Plaintiff, Ryan Kushner, and pleads as follows:

1. This is an action brought by Plaintiff Ryan Kushner [hereinafter "Kushner" or "Plaintiff"] against Defendants Yellow Productions Corporation, PR [hereinafter "Yellow Productions"], Steven J. Brown [hereinafter "Brown"] and Does 1-10 [hereinafter jointly referred to as "Defendants"], for Defendants' failure to pay Kushner wages he earned working as an assistant editor on the motion picture "Yellow," produced by Defendants in 2005-2006.

2. At all material times herein, Kushner has resided in Los Angeles County, and has been over the age of 18. He is an assistant editor by trade, working for many years in Los Angeles County as an assistant editor for a variety of different producers of theatrical motion pictures and television pictures.

BUSH QUINONEZ GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

BUSH QUIÑONEZ GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

3.     At all material times herein, Defendant Yellow Productions has been a Nevada corporation doing business in California and employing post-production employees working in Los Angeles County, California.

4.     Plaintiff is informed and believes and thereupon alleges that at all times material herein, Brown has been and is an individual residing in the State of California and has been the sole shareholder and principal officer of Defendant Yellow Productions. Plaintiff is informed and believes and thereon alleges that at all material times herein, Brown has exercised such dominion and control over Yellow Productions, that there is such a unity of interest and ownership between Brown and Yellow Productions, as to cause the separate existence of Yellow Productions to cease; that Yellow Productions is an alter ego of Brown; and that adherence to the fiction of Yellow Productions' and Brown's separate corporate existence would, under these circumstances, promote and sanction a fraud and injustice. Plaintiff is informed and believes, and thereon alleges, that Brown has so disregarded the corporate form of Yellow Productions that justice and equity dictates he should be considered the alter ego of the corporation and should be held personally liable for the debts and obligations of the corporation.

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 - 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.     Defendants hired Kushner to work as an assistant editor on the motion picture "Yellow" in 2005 at the rate of $1,500.00 for a five day workweek. Kushner worked as an assistant editor on the motion picture "Yellow" in Los Angeles County, California, for five days per week for the weeks ending November 26, December 3, 10 and 17, 2005, and the weeks ending January 7, 14, 21 and 28, 2006, but Defendants paid him for only three days for each of those weeks. Defendants have not paid him wages owed for the remainder of these work days. Defendants

1   therefore owe Kushner additional wages in the amount of $4,800.00 for these sixteen

2   days he was not paid at the rate of $300.00 per day.

3       7.    Kushner worked as an assistant editor on the motion picture "Yellow"

4   in Los Angeles County, California, for five days per week for each of the additional

5   weeks ending February 18 and 26, March 4, 11, 18 and 25, and April 1 and 8, 2006,

6   but Defendants did not pay him any wages for that work. Defendants therefore owe

7   Kushner additional wages of $12,000.00 for the eight weeks he was not paid at the

8   rate of $300.00 per day.

9       8.    Defendants have failed to pay Kushner the wages he was due as set

10  forth in Paragraphs 6 and 7, *supra*, and have therefore violated Section 204 of the

11  California Labor Code.

12      9.    On or about April 15, 2006, Defendants informed Kushner that day

13  would be his last day of work for Defendants on the motion picture "Yellow," and

14  Kushner ceased to work for Defendants on that day. Defendants did not pay Kushner

15  his remaining wages on that day, or any day since. Defendants willfully failed to pay

16  to Kushner the wages owed him on the termination of his employment within the

17  meaning of Section 203 of the California Labor Code, resulting in Kushner's wages

18  continuing as a penalty for a period of thirty days. Defendants therefore owe

19  Kushner additional wages in the amount of $9,000.00.

20      10.   Kushner has been required to retain attorneys to recover these wages

21  and continuation wages, and has incurred attorneys fees in an amount to be proven at

22  trial. Pursuant to Section 218.5 of the California Labor Code, Kushner is entitled to

23  recover said attorneys fees if he is the prevailing party in this litigation.

24      11.   Pursuant to Section 218.6 of the California Labor Code, Defendants

25  must pay Kushner interest on the wages owed in the amount dictated by Section 3289

26  of the California Civil Code.

27      12.   Defendants agreed to waive any statute of limitations for Kushner to

28  bring this claim.

BUSH QUIÑONEZ GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

Complaint for Unpaid Wages, Interest,
Waiting Time Penalties, and Attorneys' Fees

1      **WHEREFORE**, Plaintiff Ryan Kushner prays for relief as against

2 Defendants, and each of them, as follows:

3      a.    For unpaid wages in the amount of $16,800.00;

4      b.    For continuing wages pursuant to Section 203 of the California Labor

5 Code in the amount of $9,000.00;

6      c.    For interest on said amount;

7      d.    For reasonable attorneys' fees and costs; and

8      e.    For such other relief as the court deems appropriate.

9

10 DATED: September 28, 2007        DAVID ADELSTEIN
                                        BUSH QUINONEZ GOTTLIEB SINGER

11                                    LOPEZ KOHANSKI ADELSTEIN &
                                   DICKINSON

12                                    A Law Corporation

13

14                                    By: _____

                                        David Adelstein

15                                    Attorneys for Plaintiff
                                   RYAN KUSHNER

16

17

18

19

20

21

22

23

24

25

26

27

28

BUSH QUIÑONEZ GOTTLIEB SINGER LOPEZ KOHANSKI ADELSTEIN & DICKINSON
3500 West Olive Avenue, Suite 1100
Burbank, California 91505-4657

Complaint for Unpaid Wages, Interest,
Waiting Time Penalties, and Attorneys' Fees