# EXHIBIT B
# PART 1 OF 2

EXHIBIT B

BANDER LAW FIRM LLP
Cathe L. Caraway-Howard (SBN 143661)
1055 W. 7th Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 873-4333
Facsimile: (213) 837-4334
info@banderlaw.com

Attorneys for Plaintiff, PUI FONG LAI

**Case assigned** *John P Shook*
**to Judge**

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 1 1 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

D-53

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

UNLIMITED JURISDICTION

BC364636

| | |
|---|---|
| PUI FONG LAI, an individual; | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) Failure to Pay Overtime Compensation in Violation of Labor Code §1194; |
| J.C.F. LUCKY, INC., a California corporation, doing business as CHINESE EXPRESS; SAY SENG FOO, an individual: LOAN FOO, an individual; CINDY HAN, an individual; and Does 1 through 20, inclusive, | (2) Failure to Provide Meal and Rest Periods in Violation of Labor Code §226.7; |
| | (3) Failure to Pay Wages at Time of Termination in Violation of Labor Code §§201-203; |
| Defendants. | (4) Failure to Provide Accurate Wage Statements in Violation of Labor Code §226;\ |
| | (5) Unfair Business Practices in Violation of Business and Professions Code §17200; |
| | **DEMAND FOR JURY TRIAL** |

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

Plaintiff PUI FONG LAI (Plaintiff") hereby alleges the following facts:

## NATURE OF THE CASE

1.    Plaintiff brings this action for violations of Labor Code §§226.7, 510, and to recover unpaid overtime wages, and payments in lieu of missed meal and rest breaks that she earned while employed in the restaurant known as CHINESE EXPRESS, owned and operated by defendants J.C.F. LUCKY, INC., and its alter egos, SAY SENG FOO, LOAN FOO and CINDY HAN (collectively referred to herein as "Defendants"). Plaintiff also seeks waiting time penalties pursuant to Labor Code §§201-203 because she was not paid all wages due upon termination of

- 1 -

1  her employment; and statutory penalties pursuant to Labor Code §226 for pay stub violations.

2  Plaintiff also seeks restitution and other remedies under Business and Professions Code §17200 *et*

3  *seq.* Plaintiff further seeks to pierce the corporate veil to hold defendants SAY SENG FOO,

4  LOAN FOO and CINDY HAN liable for the debts of J.C.F. LUCKY, INC. as its alter egos.

5                                    **PARTIES**

6          2.      Plaintiff, an individual, is now and at all relevant times mentioned herein, is a

7  resident of the County of Los Angeles, State of California.

8          3.      Defendant J.C.F. LUCKY, INC. is a California corporation, that at all relevant

9  times mentioned herein is regularly conducting business in the County of Los Angeles, State of

10  California, under the fictitious business name of CHINESE EXPRESS, with its principal place of

11  business at 4414 S. Avalon Blvd., Los Angeles, California 90011 ("CHINESE EXPRESS").

12  Plaintiff is informed and believes, and thereon alleges, that defendants SAY SENG FOO, LOAN

13  FO and CINDY HAN own and operate a restaurant under the fictitious business name of

14  CHINESE EXPRESS at that location.

15          4.      Plaintiff is informed and believes, and thereon alleges that defendant SAY SENG

16  FOO ("SENG") is, at all relevant times mentioned herein, an individual residing in the County of

17  Los Angeles, State of California.

18          5.      Plaintiff is informed and believes, and thereon alleges that defendant LOAN FOO

19  ("FOO") is, at all relevant times mentioned herein, an individual residing in the County of Los

20  Angeles, State of California.

21          6.      Plaintiff is informed and believes, and thereon alleges that defendant CINDY HAN

22  ("HAN") is, at all relevant times mentioned herein, an individual residing in the County of Los

23  Angeles, State of California.

24          7.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

25  through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

26  seek leave of court to amend this complaint to allege their true names and capacities when they

27  have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

28  fictiously named defendants is responsible in some manner for the unlawful actions, policies and

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1  practices alleged in this complaint.

2    8.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
3  mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,
4  joint venturers or co-conspirators of each other defendant, and that each defendant was acting
5  within the course, scope and authority of such agency, employment, partnership, joint venture or
6  conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the
7  acts of the remaining defendants, and each of them.

8    9.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
9  mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff
10  as a matter of law, and controlled or exercised control over the wages, hours and working
11  conditions of Plaintiff.

12                      **ALTER EGO ALLEGATIONS**

13    10.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
14  mentioned herein defendants SAY SENG FOO, LOAN FOO and CINDY HAN, Does 1 through
15  10 (the "Non-corporate defendants") were the owners of all or a controlling proportion of the
16  shares of stock of Defendant J.C.F. LUCKY, INC., and Does 11 through 20 (the "Corporate
17  defendants"), and that there existed between the Non-corporate defendants and Corporate
18  defendants, a unity of interest and ownership, such that any individuality and separateness
19  between the Non-corporate defendants and Corporate defendants, never existed or has ceased, and
20  that the Non-corporate defendants are the alter egos of the Corporate defendant in that:

21      a.    The Corporate defendants were conceived, intended and used by the Non-
22    corporate defendants, and each of them, as a device for the purpose of substituting a
23    financially insolvent corporation in the place of the Non-corporate defendants to avoid
24    individual liability for the Labor Code violations alleged herein;

25      b.    The Non-corporate defendants, and each of them, held themselves out to
26    Plaintiff and to other creditors that they were personally responsible for the debts of
27    Corporate defendants, including the wages earned by Plaintiff;

28

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4313

- 3 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  c. The Non-corporate defendants, and each of them, used the assets of

2 Corporate defendants for their own purposes as though it were their own, and caused assets

3 of Corporate defendants to be transferred to them, or to entities they controlled, or to their

4 family members, without adequate consideration and to avoid creditors, including

5 employees;

6  d. The Non-corporate defendants, and each of them, dominated and controlled

7 the finances of Corporate defendants, treated the corporate accounts as their personal bank

8 accounts, and commingled corporate and personal funds for their personal use and to avoid

9 creditors of Corporate defendants, including its employees;

10  e. The Non-corporate defendants, and each of them, completely disregarded

11 the corporate formalities and separateness of Corporate defendants, in that the operations

12 of Corporate defendants, were carried out without the holding of shareholders' or

13 directors' meetings, records or minutes of any corporate proceedings were not maintained,

14 and transactions between and among the Non-corporate defendants and Corporate

15 defendants, were neither approved by directors nor shareholders, nor properly documented.

16 11. Plaintiff is informed and believes, and thereupon alleges that adherence to the

17 fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

18 corporate defendants, and each of them, would permit an abuse of the corporate privilege and

19 would sanction fraud and promote injustice in that, among other things, the Non-corporate

20 defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

21 from underpaying its employees.

22       **FIRST CAUSE OF ACTION**

23     **FAILURE TO PAY OVERTIME COMPENSATION**

24      **IN VIOLATION OF LABOR CODE §1194**

25        **(Against All Defendants)**

26 12. Plaintiff re-alleges and incorporates by reference each and every allegation of the

27 preceding paragraphs, as though fully set forth herein.

28 13. Defendants, and each of them, employed Plaintiff as a Food Server at Los Angeles,

- 4 -

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    California from on or about January 1, 2002 until approximately April 2, 2006.

2    14.    As a food server employed by defendants, and each of them, the duties of Plaintiff
3    involved serving food to the customers of defendants, and each of them, as well as assisting with
4    food preparation, , cleaning, maintenance, and other assigned tasks. Plaintiff's job duties did not
5    include, and never primarily included, employment in an administrative, executive or professional
6    capacity. More particularly, Plaintiff was never primarily engaged in any work which was
7    intellectual, managerial or creative, and which required exercise of discretion and independent
8    judgment. In addition, Plaintiff never supervised any other employees. Accordingly, Plaintiff
9    was, at all times relevant to this action, a non-exempt employee.

10    15.    At all relevant times mentioned herein, defendants, and each of them, required,
11    permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day
12    and forty (40) hours per workweek.

13    16.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as
14    adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one
15    and one and a half times the regular agreed hourly rate, or if none, the minimum wage, for any
16    hours worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per
17    workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours
18    worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth
19    consecutive day of the workweek.

20    17.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,
21    Plaintiff is entitled to recover her unpaid overtime wages in the amount of $31,295.97, plus
22    interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,
23    whichever is greater.

24                    **SECOND CAUSE OF ACTION**

25            **FAILURE TO PROVIDE MEAL AND REST PERIODS**

26                **IN VIOLATION OF LABOR CODE §226.7**

27                        (Against All Defendants)

28    18.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

- 5 -

1   preceding paragraphs, as though fully set forth herein.

2       19.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants,

3   and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

4   period for each scheduled work shift of more than five and a half hours and a ten-minute

5   uninterrupted rest period for each scheduled work shift of four hours.

6       20.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

7   meal or rest periods during her employment.

8       21.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

9   entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

10  uninterrupted ten-minute rest period.

11      22.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

12  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

13  uninterrupted thirty-minute meal period.

14      23.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

15  $22,207.90, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

16  to proof at trial.

17              **THIRD CAUSE OF ACTION**

18          **FAILURE TO PAY WAGES AT TIME OF TERMINATION**

19              **IN VIOLATION OF LABOR CODE §§201-203**

20                  **(Against All Defendants)**

21      24.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

22  preceding paragraphs, as though fully set forth herein.

23      25.    Plaintiff was terminated on or about April 2, 2006. Defendants, and each of them,

24  failed to pay Plaintiff all wages he earned at the time of his termination. Defendants, and each of

25  them, were paying Plaintiff an effective hourly rate of $7.15.

26      26.    Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

27  termination of his employment, all earned and unpaid wages for all hours worked.

28      27.    Defendants, and each of them, have willfully failed to pay all such wages owing to

- 6 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4353

1 | Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

2 | amount of at least $1,716.00, or according to proof, whichever is greater.

### FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF LABOR CODE §226

### (Against All Defendants)

7 |     28.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

8 | preceding paragraphs, as though fully set forth herein.

9 |     29.    Defendants, and each of them, were obligated under Labor Code §226 and

10 | Industrial Wage Order No. 5-2001, to keep an accurate record of the hours of labor worked by

11 | Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement

12 | accurately showing the total hours worked by Plaintiff.

13 |     30.    Defendants, and each of them, knowingly and willfully failed to keep precise

14 | records of Plaintiff's hours worked, and further failed to provide accurate itemized wage

15 | statements with each payment of wages to Plaintiff as required by law.

16 |     31.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

17 | violation and $100.00 per pay period for each subsequent violation of this section, according to

18 | proof of up to a maximum of $4,000.00.

### FIFTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF

### BUSINESS & PROFESSIONS CODE §17200

### (Against All Defendants)

23 |     32.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

24 | preceding paragraphs as though fully set forth herein.

25 |     33.    Pursuant to California Business & Professions Code §17200 *et seq.*, and related

26 | statutory provisions, defendants, and each of them, were obligated to refrain from engaging in

27 | unfair business practices, including the unfair business practices of failing to comply with

28 |

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

1  applicable wage and hour laws of the State of California.

2      34.    Defendants, and each of them, have engaged in the unfair business practices of

3  consistently and knowingly committing the violations against plaintiff as alleged in this

4  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

5      35.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

6  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

7  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

8  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

9  compensation improperly withheld from Plaintiff, as alleged herein.

10      36.    Plaintiff further requests that a receiver be appointed to control and monitor all of

11  the business affairs of defendants, and each of them, to ensure compliance with applicable wage

12  and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

13  her owed and unpaid compensation.

### PRAYER

14

15  WHEREFORE, Plaintiff prays for judgment as follows:

16  (1)    For unpaid overtime wages in the amount of $31,295.97, or according to proof,

17          whichever is greater;

18  (2)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the

19          amount of $22,207.90 or according to proof, whichever is greater;

20  (3)    For waiting time penalties pursuant to Labor Code §§201-203 of $1,716.00 or

21          according to proof, whichever is greater;

22  (4)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,

23          whichever is lesser;

24  (5)    For any and all other applicable statutory penalties, as provided by law;

25  (6)    For interest on all unpaid wages, according to proof;

26  (7)    For an order requiring restitution to Plaintiff of all owed and unpaid wages;

27  (8)    For an appointment of a receiver;

28  (9)    For a permanent injunction;

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 8 -

1    (10)    For costs of suit herein, including attorneys' fees, according to proof, pursuant to

2            Labor Code §1194;

3    (11)    For such other and further relief as the Court deems just and proper.

4

5    DATED: January 9, 2006              BANDER LAW FIRM LLP

6

7                                       By _____

8                                          CATHE L. CARAWAY-HOWARD

9                                          Attorneys for Plaintiff,
                                           PUI FONG LAI
10

11                          **DEMAND FOR JURY TRIAL**

12        Plaintiff hereby demands a jury trial in the above-captioned action.

13    DATED: January 9, 2006              BANDER LAW FIRM LLP

14

15                                       By _____

16                                          CATHE L. CARAWAY-HOWARD

17                                          Attorneys for Plaintiff,
                                           PUI FONG LAI
18

19

20

21

22

23

24

25

26

27

28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 9 -

1  | Michael Tracy (SBN 237779)
2  | Megan Ross Hutchins (SBN 227776)
   | Law Offices of Michael Tracy
3  | 2030 Main St. Ste 1300
4  | Irvine, CA 92614
   | (949) 260-9171
5  | Attorney for: Plaintiff, Cathleen Lasseter

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 0 6 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

7
8  | SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
9  | CENTRAL DIVISION

10
11 | Cathleen Lasseter, an individual

Case No.:  BC365837

12 |         Plaintiff,

13 |     vs.

14 | Douglas R. Brooks, DDS, Inc., a California
15 | Corporation, MMC Executive Services, Inc., a
16 | California Corporation, and DOES 1 through
17 | 50,
18 |         Defendants
19

**COMPLAINT FOR UNPAID OVERTIME, MEAL PENALTIES, REST PENALTIES, VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §17200, FAILURE TO ITEMIZE WAGE STATEMENTS AND LIQUIDATED DAMAGES**

**JURY TRIAL DEMANDED**

20
21 | Plaintiff, Cathleen Lasseter, alleges:
22 |                    GENERAL ALLEGATIONS
23 |     1.    This Court is the proper court and this action is properly filed in the County of
24 | Los Angeles and in this judicial district because Defendants do business in the County of Los
25 | Angeles, and because Defendants' obligations and liabilities arise therein, and because the work
26 | that was performed by Plaintiff in the County of Los Angeles is the subject of this action.
27 |     2.    Defendant, Douglas R. Brooks, DDS, Inc. ("Brooks"), is a corporation
28 | incorporated in California and doing business in the County of Los Angeles, State of California.
29 |     3.    Defendant, MMC Executive Services, Inc. ("MMC"), is a corporation
30 | incorporated in California and doing business in the County of Los Angeles, State of California.

1

4.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that such Doe defendants are residents of California.

5.     Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

6.     Plaintiff is employed by Defendants.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE. (AGAINST ALL DEFENDANTS)

7.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

8.     Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

9.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

10.     As a proximate result of Defendants' violations, Plaintiff has been damaged in an amount in excess of $8,400 and subject to proof at time of trial.

11.     Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

2

1  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

2  fees and costs of suit.

3                              SECOND CAUSE OF ACTION

4        FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA

5        INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR

6                                  CODE SECTION 512

7                                (AGAINST ALL DEFENDANTS)

8        12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

9        13.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

10  Regulations, Title 8, §11040, Defendants were required to provide a thirty (30) minute meal

11  period for any person working more than five (5) hours in a day.

12        14.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

13        15.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8,

14  §11040, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of

15  compensation for each workday that the meal period was not provided.

16        16.    Plaintiff prays for damages for missed meals in an amount in excess of $14,000

17  and subject to proof at time of trial.

18                               THIRD CAUSE OF ACTION

19             FAILURE TO PROVIDE ADEQUATE REST PERIODS UNDER

20           CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

21                                (AGAINST ALL DEFENDANTS)

22        17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

23        18.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

24  Regulations, Title 8, §11040, Defendants were required to provide a ten (10) minute rest period

25  for each four (4) hours worked, or major fraction thereof.

26        19.    Defendants failed to provide Plaintiff a proper meal period for all days worked.

27        20.    Pursuant to California Code of Regulations, Title 8, §11040, Plaintiff is entitled to

28  recover one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that the

29  rest period was not provided.

30

3

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1    21.    Plaintiff prays for damages for missed meals in an amount in excess of $14,000
2    and subject to proof at time of trial.

3                          **FOURTH CAUSE OF ACTION**
4    **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR**
5                              **CODE SECTION 226**
6                          **(AGAINST ALL DEFENDANTS)**

7    22.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.
8    23.    Pursuant to Labor Code §226, every employer must furnish each employee an
9    itemized statement of wages and deductions at the time of payment of wages.

10    24.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours
11    worked and other items required by §226.

12    25.    Defendant suffered injury in his inability to verify his own hours worked as well
13    as to provide proof of his income to others.

14    26.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against
15    Defendants in the amount of $4,000.00 plus costs and attorney fees.

16                          **FIFTH CAUSE OF ACTION**
17    **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION**
18                      **17200.  (AGAINST ALL DEFENDANTS)**

19    27.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. This
20    cause of action is brought against all Defendants jointly and individually.

21    28.    By failing to pay overtime premiums on any wages, Defendants' acts constitute
22    unfair and unlawful business practices under Business and Professions Code §17200, et seq.

23    29.    By failing to provide adequate meal and rest breaks, Defendants' acts constitute
24    unfair and unlawful business practices under Business and Professions Code §17200, et seq.

25    30.    By failing to provide pay stubs that accurately showed all hours worked and other
26    items required by Labor Code §226, Defendants' acts constitute unfair and unlawful business
27    practices under Business and Professions Code §17200, et seq.

28    31.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an
29    amount in excess of $46,700 and subject to proof at time of trial.

30    ///

                                    4

## SIXTH CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216.
### (AGAINST ALL DEFENDANTS)

32.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 31. This cause of action is brought against all Defendants jointly and individually.

33.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

34.    Plaintiff worked numerous weeks in excess of forty (40) hours.

35.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

36.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

37.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

38.    Plaintiff prays for judgment for overtime pay of $8,400. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

39.    Plaintiff prays for judgment for liquidated damages in excess of $6,300, subject to proof at trial. This amount is supplemental to the relief requested in all other causes of action.

40.    Plaintiff prays for costs and attorney's fees.

WHEREFORE, Plaintiff prays damages as follows:

### ON THE FIRST CAUSE OF ACTION

1.    For damages in an amount in excess of $8,400 and subject to proof at time of trial.

2.    For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SECOND CAUSE OF ACTION

3.    For damages in an amount in excess of $14,000 and subject to proof at time of trial.

5

1    4.    For penalties, interest, reasonable attorney's fees and costs of suit.

2    **ON THE THIRD CAUSE OF ACTION**

3    5.    For damages in an amount in excess of $14,000 and subject to proof at time of

4    trial.

5    6.    For penalties, interest, reasonable attorney's fees and costs of suit.

6    **ON THE FOURTH CAUSE OF ACTION**

7    7.    For damages in the amount of $4,000.

8    **ON THE FIFTH CAUSE OF ACTION**

9    8.    For damages in the amount of $46,700.

10    **ON THE SIXTH CAUSE OF ACTION**

11    9.    For damages in an amount in excess of $8,400 and subject to proof at time of trial.

12    10.    For liquidated damages in an amount in excess of $6,300 and subject to proof at

13    time of trial.

14    11.    For penalties, interest, reasonable attorney's fees and costs of suit.

15    **ON ALL CAUSES OF ACTION**

16    12.    For costs of suit.

17    13.    For pre and post judgment interest.

18    14.    For such other and further relief as the court may deem proper.

19

20    Dated this February 5, 2007

21                                        Law Offices of Michael Tracy

22

23                                        By: _____

24                                              Megan Ross Hutchins
                                              Attorney for Cathleen Lasseter,
25                                                      Plaintiff

26

27

28

29

30

6

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.


Dated this February 5, 2007

Law Offices of Michael Tracy

By: _____
       Megan Ross Hutchins
       Attorney for Cathleen Lasseter,
       Plaintiff

---

7

COMPLAINT FOR UNPAID OVERTIME, ET AL.

LAW OFFICE OF DAVID A. MALLEN
David A. Mallen, State Bar No. 159593
Natalia N. Bautista, State Bar No. 245669
840 Apollo Street, Suite 311
El Segundo, California 90245
Telephone: (310) 606-0065
Facsimile:  (310) 606-0064
Natalia@unpaidwages.net

Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 1 4 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
D. Grior

Case assigned to Judge

Ronald M Sohisian

D-41

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

JESSICA MAZUR, an individual,

        Plaintiff,

    vs.

ABC RADIO LOS ANGELES ASSETS, LLC, a
California limited liability company; and DOES
1 through 20, inclusive,

        Defendants.

CASE NO.   BC366400

**COMPLAINT FOR DAMAGES,
RESTITUTION AND
EQUITABLE AND INJUNCTIVE
RELIEF**

1

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF, AND LABOR CODE PENALTIES
T:\files\Phill v. Radio Disney\Mazur Complaint070207163715.WPD

Plaintiff, alleges upon personal knowledge as to herself and her counsel and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, as follows:

## I. INTRODUCTION

1.       Plaintiff brings this action against ABC Radio Los Angeles Assets, LLC, a California limited liability company, and DOES 1 through 20, inclusive for statutory damages, prejudgment interest, costs, attorneys' fees, restitution, Labor Code penalties, and other appropriate and just relief for Defendants' violation of various sections of the California Labor Code, California Industrial Welfare Commission Wage Orders, and the California Business and Professions Code. Jurisdiction is proper in this Court, because alleged damages exceed $25,000.00 and Plaintiff seeks a permanent injunction. (Cal. Code Civ. Pro. § 580, subd. (b)(2))

## II. PARTIES

2.       Plaintiff, Jessica Mazur ("Plaintiff"), is a former employee of defendants and a resident of Los Angeles County.

3.       Plaintiff is informed and believes, and on that basis alleges, that Defendant ABC Radio Los Angeles Assets LLC, is a California limited liability company and is doing business in the County of Los Angeles.

4.       Plaintiff is informed and believes, and on that basis alleges, that each Defendant directly employed or exercised control over the wages, hours, or working conditions of the Plaintiff.

5.       Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant and some of Does 1-20 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1-20, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendant.

6.       Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Plaintiff will amend this Complaint to show their true names and capacities when they

2

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF, AND LABOR CODE PENALTIES
T:\files\Phill v. Radio Disney\Mazur Complaint070207163715.WPD

1    have been ascertained.   Plaintiff is informed and believes and thereon alleges that at all times

2    relevant, ABC Radio Los Angeles Assets, LLC and Radio Disney Group, LLC, and each of these

3    fictitiously named DOE defendants owned, controlled, or managed the business for which Plaintiff

4    worked and/or who directly or indirectly exercised operational control over the wages, hours, and

5    working conditions of Plaintiff.

6        7.       Plaintiff is informed and believes, and thereon alleges that Defendants DOES 1 - 20

7    are, and at all times relevant hereto were, persons, corporations or other business entities organized

8    and existing under and by virtue of the laws of the State of California, and are/were qualified to

9    transact and conduct business in the State of California, and did transact and conduct business in the

10   State of California, and are thus subject to the jurisdiction of the State of California. Specifically,

11   DOES 1 - 20 maintain offices, operate businesses, employ persons, conduct business in, and illegally

12   pay employees by illegal payroll practices and policies in the County of Los Angeles.

13       8.       Plaintiff is further informed and believes, and thereon alleges, that each of

14   the fictitiously named defendants aided and assisted the named defendant in committing the wrongful

15   acts alleged herein, and that the Plaintiff's damages were proximately caused by each defendant.

16       9.       Plaintiff is further informed and believes, and thereon alleges, that each of the

17   defendants was a joint employer of the Plaintiff, and an agent and/or alter ego of the other defendants.

18

19                   ### III. COMMON ALLEGATIONS OF FACT

20       10.      Plaintiff was employed with ABC Radio Los Angeles Assets, LLC and Radio Disney

21   Group LLC, from approximately November 1, 2005 to approximately August 1, 2006.

22       11.      From approximately November 1, 2005 through April 30, 2006, Plaintiff received a

23   yearly salary of $42,000.00. This amount equaled to $20.19 per hour. From approximately May 1,

24   2006 through August 1, 2006, Plaintiff earned a yearly salary of $42,839.68. This amount equaled

25   $20.59 per hour.

26       12.      Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with

27   itemized wage statements that properly and accurately itemized the number of hours worked by

28   Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

                                       3

---

**COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF, AND LABOR CODE PENALTIES**
T:\files\Phil\ v. Radio Disney\Mazur Complaint070207163715.WPD

13.    Plaintiff routinely worked more than 8 hours per day and more than 40 hours per week during her employment with Defendant. She was not compensated at all for the overtime hours she worked.

14.    At all times relevant herein, Industrial Welfare Commission ("IWC") Wage Order 4 (8 Cal. Code Regs. § 11040) applied to the wages, hours, and working conditions of all persons such as Plaintiff.

15.    As a general rule, Plaintiff was not authorized to take a 30-minute meal break, or her meal periods were routinely interrupted and/or were less than 30-minutes throughout her employment.

16.    As a general rule, Plaintiff was not authorized to take a 10-minute rest break in the morning and a 10 minute rest break in the afternoon.

## IV. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Failure to Pay Overtime-By Plaintiff Against All Defendants)

17.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 16 above.

18.    On and after January 1, 2000, pursuant to Labor Code §§ 200, 510, 1194, and 1198, and IWC Wage Order 4, Defendant was required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

19.    At all times relevant herein, Labor Code § 1194(a) provided that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorneys' fees and costs of suit.

20.    Within the last four (4) years preceding the filing of this Complaint, Defendant employed Plaintiff in its promotions department.

21.    Throughout the Plaintiff's employment, Defendant failed and refused to pay and properly calculate overtime compensation to the Plaintiff as required by law.

4

COMPLAINT FOR DAMAGES, RESTITUTION, INJUNCTIVE RELIEF, AND LABOR CODE PENALTIES
T:\files\Phill v. Radio Disney\Mazur Complaint070207163715.WPD

22.     As a direct and proximate result of Defendant's failure and refusal to pay overtime, Plaintiff has suffered approximately $31,501.08 in damages.

23.     Plaintiff, who has retained the services of legal counsel in order to enforce her rights to overtime pay, requests an award of attorneys' fees, costs and interest pursuant to Labor Code § 1194(a).

## SECOND CAUSE OF ACTION

### (For Violation of Labor Code § 226 - By Plaintiff Against Defendants)

24.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 above.

25.     At all times relevant herein, Defendant paid Plaintiff by checks that violated Labor Code § 226(a), in that Defendant failed to properly and accurately itemize the number of hours worked by the Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

26.     Defendant knowingly and intentionally failed to comply with Labor Code § 226(a), causing damages to Plaintiff. These damages, including but not limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code § 226(e), in the amounts of $1,950.00 for Plaintiff, plus reasonable attorneys' fees and costs pursuant to Labor Code § 226(g).

### THIRD CAUSE OF ACTION

### (Compensation for Required Meal Periods Not Provided -

### Cal. Lab. Code § 226.7 and IWC Wage Order 4 – By Plaintiff Against Defendants)

27.     Plaintiff realleges and incorporates by reference the allegations of paragraphs1 through 26 above.

28.     Labor Code § 512 and IWC Wage Order 4 generally require an employer to provide a meal period of not less than 30 minutes for employees in the "Professional, Technical, Clerical, Mechanical and Similar Occupations" who work a period of more than five hours per day, and a second meal period of not less than 30 minutes for employees who work more than 12 hours per

5

1    day.

2         29.    Defendant violated Labor Code § 512 and IWC Wage Order 4 by failing to

3    provide Plaintiff with the requisite 30-minute meal period required by law.

4         30.    Defendant further violated IWC Wage Order 4 and Labor Code § 226.7 by failing to

5    pay one hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period

6    was not provided. Thus, it is estimated that Plaintiff is owed $5,548.27. This amount remains owed

7    and unpaid.

8                           **FOURTH CAUSE OF ACTION**

9         **(For Failure to Provide Rest Periods - Cal. Lab. Code §§ 226.7 and 512,**

10        **and IWC Wage Order 4 By Plaintiff Against Defendants)**

11        31.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

12   through 30 above.

13        32.    Pursuant to IWC Wage Order 4, Defendant was required to authorize and permit

14   Plaintiff to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest

15   time per four (4) hours or major fraction thereof, with no deduction from wages.

16        33.    Defendant failed and refused to authorize and permit Plaintiff to take 10-minute rest

17   periods for every four hours worked, or major fraction thereof, in violation of IWC Wage Order 4.

18   Throughout Plaintiff's employment, Plaintiff took a rest break approximately 2 times per month.

19        34.    Defendant further violated IWC Wage Order 4 and Labor Code § 226.7 by failing to

20   pay Plaintiff one hour of pay at the Plaintiff's regular rate of pay for each rest period not provided.

21   Thus, Plaintiff is owed approximately $5,548.27. This amount remains owed and unpaid.

22                           **FIFTH CAUSE OF ACTION**

23        **(Waiting Time Penalties - Cal. Lab. Code §§ 203 - By Plaintiff Against Defendants)**

24        35.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

25   through 34 above.

26        36.    By willfully failing to pay Plaintiff a separate amount owed for overtime pay, and for

27   rest and meal periods not provided, as set forth above, in a timely manner as required by Labor Code

28   §§ 201 and 202, Defendant is liable to Plaintiff for penalties pursuant to Labor Code § 203, in an

6

1    amount equal to 30 days of each Plaintiff's per diem wage rate totaling approximately $4,941.60.

2                      **SIXTH CAUSE OF ACTION**

3 **(For Unfair Competition in Violation of Unfair Business Practices, Cal. Business & Professions**

4             **Code § 17200 et. seq. - By Plaintiff Against Defendants)**

5        37.      Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

6 through 36 above.

7        38.      California Business and Professions Code § 17200 et. seq. prohibits acts of

8 unfair competition, which shall mean and include any "unlawful and unfair business practices."

9        39.      The prompt payment of overtime is a fundamental public policy of the State of

10 California.

11        40.      It is also the public policy of the State to enforce minimum labor standards to ensure

12 that employees are not required or permitted to work under substandard and unlawful conditions, and

13 to protect those employers who comply with the law from losing competitive advantage to other

14 employers who fail to comply with labor standards and requirements.

15        41.      Through the conduct alleged herein, Defendant acted contrary to these public policies

16 and have therefore engaged in unlawful and/or unfair business practices in violation of Business and

17 Professions Code §§ 17200 et. seq., depriving Plaintiff the rights, benefits, and privileges guaranteed

18 to employees under California law.

19        42.      Defendant regularly and routinely violated the following statutes and regulations with

20 respect to Plaintiff:

21                (a)      IWC Wage Order 4, as amended, and Labor Code §§ 510 and 1194 (failure to

22                       pay overtime);

23                (b)      Labor Code §§ 201, 202, and 203 (failure to pay all wages due to employees on

24                       termination of employment);

25                (c)      Labor Code §§ 226.7 and 512 and IWC Wage Order 4 (failure to provide rest

26                       and meal periods).

27        43.      By engaging in these business practices, which are unfair and unlawful business

28                                      7

1    practices within the meaning of <u>Business and Professions Code</u> §§ 17200 *et. seq.*, Defendant harmed

2    Plaintiff and gained an unfair competitive edge.

3        44.    Under <u>Business and Professions Code</u> § 17203, Plaintiff is entitled to obtain restitution

4    of these funds.

5        45.    Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to

6    prevent Defendant from continuing to engage in the unfair business practices as alleged herein.

7    Plaintiff is informed and believes that Defendant, and persons acting in concert with them, have

8    committed and will continue to commit the above-described unlawful acts unless restrained or

9    enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will

10   result. Plaintiff and other interested persons have no plain, speedy, or adequate remedy at law, in that

11   pecuniary compensation alone would not afford adequate and complete relief. The above-described

12   acts will cause great and irreparable damage to Plaintiff and other interested persons unless Defendant

13   are restrained from committing further illegal acts.

14       46.    Plaintiff's success in this action will result in the enforcement of important rights

15   affecting the public and will confer a significant benefit upon the general public. Private enforcement

16   of the rights enumerated in this Complaint is necessary, as public agencies have only sought limited

17   enforcement of those rights, if any. The named Plaintiff individually, and by and through counsel, is

18   incurring a financial burden in pursuing this action. Plaintiff further seeks to enjoin the above-

19   referenced unlawful actions under the Labor Code. Therefore, Plaintiff seeks an award of attorneys'

20   fees and costs of suit on this Cause of Action pursuant to California Code of Civil Procedure § 1021.5

21   and other applicable laws.

**PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor and against

23   Defendant, and each of them, as follows:

24   **AS TO THE FIRST CAUSE OF ACTION**

25       1.    Compensatory damages in the amount of unpaid overtime due to the Plaintiff,

26           according to proof;

27

28                                    8

2.   Prejudgment interest accrued on all due and unpaid overtime wages from the date that wages were due and payable, pursuant to Labor Code §§ 218.6 and 1194(a), according to proof;

3.   Attorneys' fees and costs made payable to the Law Office of David A. Mallen, pursuant to Labor Code § 1194;

4.   Such other and further relief as the Court deems just and proper;

**AS TO THE SECOND CAUSE OF ACTION**

1.   Awarding statutory damages pursuant to Labor Code § 226, according to proof;

2.   Attorneys' fees and costs pursuant to Labor Code § 226, made payable to the Law Office of David A. Mallen;

3.   A preliminary and permanent injunction pursuant to Labor Code § 226;

4.   Such other and further relief as the Court deems just and proper;

**AS TO THE THIRD CAUSE OF ACTION**

1.   Compensation of one hour at the regular rate of pay for each rest period denied in violation of Labor Code § 226.7 and Wage Order 4, according to proof;

2.   Such other and further relief as the Court deems just and proper;

**AS TO THE FOURTH CAUSE OF ACTION**

1.   Compensation of one hour at the regular rate of pay for each meal period denied in violation of Labor Code § 226.7 and Wage Order 4, according to proof;

2.   Such other and further relief as the Court deems just and proper;

**AS TO THE FIFTH CAUSE OF ACTION**

1.   Waiting time penalties pursuant to Labor Code § 203, in an amount of $4,941.60.

**AS TO THE SIXTH CAUSE OF ACTION**

1.   A preliminary and permanent injunction ordering Defendant to cease the unlawful and unfair practices as alleged herein above, requiring the establishment of appropriate and effective means to prevent future violations;

2.   An award of restitution of wages to Plaintiff in an amount equal to the amount of

9

wages owed and unpaid, according to proof;

3. Pursuant to Business & Professions Code § 17200, specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to Labor Code § 203 for Plaintiff, according to proof;

4. Costs of suit, generally and pursuant to Code of Civil Procedure § 1021.5;

5. Attorneys' fees, payable to the Law Office of David A. Mallen, pursuant to Code of Civil Procedure § 1021.5; and

6. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 12, 2007

LAW OFFICE OF DAVID A. MALLEN

By: _Natalia Bautista_
Natalia N. Bautista, Esq.
Attorneys for Plaintiff

10

1   Michael Tracy (SBN 237779)
2   Megan Ross Hutchins (SBN 227776)
    Law Offices of Michael Tracy
3   2030 Main St. Ste 1300
    Irvine, CA 92614
4   (949) 260-9171
5   Attorney for: Plaintiff, Lynn-Marie Clements

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 15 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

6

7

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

9   **CENTRAL DIVISION**

    BC366359

10

11  Lynn-Marie Clements, an individual              ) Case No.:

12          Plaintiff,                              ) **COMPLAINT FOR UNPAID OVERTIME,**
                                                    ) **LIQUIDATED DAMAGES, WAITING**
13      vs.                                         ) **TIME PENALTIES, AND FAILURE TO**
                                                    ) **ITEMIZE WAGE STATEMENTS**
14  Henry Zaballa, an individual dba CalMed         )
                                                    )
15  Ambulance, and DOES 1 through 50,               ) **JURY TRIAL DEMANDED**
                                                    )
16          Defendants                              )
                                                    )
17  _____

18

19  Plaintiff, Lynn-Marie Clements, alleges:

20                          **GENERAL ALLEGATIONS**

21      1.      This Court is the proper court and this action is properly filed in the County of

22  Los Angeles and in this judicial district because Defendants do business in the County of Los

23  Angeles, and because Defendants' obligations and liabilities arise therein, and because the work

24  that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

25      2.      Defendant, Henry Zaballa, dba CalMed Ambulance, is an individual doing

26  business in the County of Los Angeles, State of California.

27      3.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,

28  who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint

29  to show their true names and capacities when they have been ascertained. Plaintiff is informed

30  and believes, and hereon alleges, that such Doe defendants are residents of California.

                                              1

                    COMPLAINT FOR UNPAID OVERTIME, ET AL.

1    4.    Plaintiff is informed and believes that Defendants, each and all of them, at all
2    times material hereto, were the joint employers, parent companies, successor companies,
3    predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,
4    fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The
5    Defendants, unless otherwise alleged, at all times material hereto, performed all acts and
6    omissions alleged herein within the course and scope of said relationship, and are a proximate
7    cause of Plaintiff's damages as herein alleged.

8    5.    Plaintiff was employed by Defendants.

9    ## FIRST CAUSE OF ACTION

10   ## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA
11   ## INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR
12   ## CODE. (AGAINST ALL DEFENDANTS)

13   6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

14   7.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of
15   Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required
16   to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the
17   regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,
18   and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
19   of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

20   8.    Plaintiff was a non-exempt employee and entitled to the above overtime
21   premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

22   9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an
23   amount in excess of $8,064 and subject to proof at time of trial.

24   10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of
25   Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of
26   overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's
27   fees and costs of suit.

28   ///
29   ///
30   //

2

COMPLAINT FOR UNPAID OVERTIME, ET AL.

## SECOND CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216.
### (AGAINST ALL DEFENDANTS)

11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10. This cause of action is brought against all Defendants jointly and individually.

12.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

13.    Plaintiff worked numerous weeks in excess of forty (40) hours.

14.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

15.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

16.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

17.    Plaintiff prays for judgment for overtime pay of $8,064. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

18.    Plaintiff prays for judgment for liquidated damages in the amount of $8,064. This amount is supplemental to the relief requested in all other causes of action.

19.    Plaintiff prays for costs and attorney's fees.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203 (AGAINST ALL
### DEFENDANTS)

20.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 19.

21.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $13,680.

///

3

1

### FOURTH CAUSE OF ACTION

2      FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR

3                                CODE SECTION 226

4                          (AGAINST ALL DEFENDANTS)

5       22.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.

6       23.    Pursuant to Labor Code §226, every employer must furnish each employee an

7  itemized statement of wages and deductions at the time of payment of wages.

8       24.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

9  worked and other items required by §226.

10      25.    Defendant suffered injury in his inability to verify his own hours worked as well

11  as to provide proof of his income to others.

12      26.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

13  Defendants in the amount of $1,250 plus costs and attorney fees.

14                          FIFTH CAUSE OF ACTION

15      FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA

16      INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR

17             CODE SECTION 512. (AGAINST ALL DEFENDANTS)

18      27.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. This

19  cause of action is brought against all Defendants jointly and individually.

20      28.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

21  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required

22  to provide a thirty (30) minute meal period for any person working more than five (5) hours in a

23  day.

24      29.    Defendant failed to provide Plaintiff proper meal periods for numerous days

25  worked.

26      30.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8,

27  §11090, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of

28  compensation for each workday that the meal period was not provided.

29      31.    Plaintiff prays for damages for missed meals in the amount of $1008.

30

4

WHEREFORE, Plaintiff prays damages as follows:

**ON THE FIRST CAUSE OF ACTION**

1.  For damages in an amount in excess of $8064 and subject to proof at time of trial.

2.  For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE SECOND CAUSE OF ACTION**

3.  For damages in an amount in excess of $8064 and subject to proof at time of trial.

4.  For liquidated damages in an amount in excess of $8064 and subject to proof at time of trial.

5.  For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE THIRD CAUSE OF ACTION**

6.  For damages in an amount in excess of $13,680 and subject to proof at time of trial.

**ON THE FOURTH CAUSE OF ACTION**

7.  For damages in the amount of $1,250.

8.  For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE FIFTH CAUSE OF ACTION**

9.  For damages in an amount in excess of $1008 and subject to proof at time of trial.

10.  For penalties, interest, reasonable attorney's fees and costs of suit.

**ON ALL CAUSES OF ACTION**

11.  For costs of suit.

12.  For pre and post judgment interest.

13.  For such other and further relief as the court may deem proper.

Dated this February 12, 2007

Law Offices of Michael Tracy

By: _____
    Megan Ross Hutchins
    Attorney for Lynn-Marie Clements,
    Plaintiff

5

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1

## DEMAND FOR JURY TRIAL

2  Plaintiff hereby demands a jury trial.

3

4  Dated this February 12, 2007

5                                    Law Offices of Michael Tracy

6

7                                    By:_____

8                                         Megan Ross Hutchins
                                     Attorney for Lynn-Marie Clements,
9                                              Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

6

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1   Cyrus J. Nownejad SBN: 207769
    Charles D. Sneathern, Esq.  Bar No. 54964
    LAW OFFICES OF CYRUS & CYRUS, PLC
2   9935 South Santa Monica
    Beverly Hills, CA 90212
3   Ph: (310) 623-1676 Fax: (310) 271-6893

4   Attorneys for PLAINTIFF MAYRA VERONICA
    ARUCA
5

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 20 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
      D. Garcia

6

7   **Case assigned to Judge**   Ronald M Sohigian   D-41

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12   MAYRA   VERONICA   ARUCA,   an   | CASE NO:   BC366575
     individual;
13                                      | **COMPLAINT FOR DAMAGES**

14                                      |
              PLAINTIFF,                | 1) WAITING TIME PENALTIES
15                                      |    PURSUANT TO LABOR CODE § 203
          v.
16                                      | CIT/CASE: BC366575 LSA/DEP#:
     HANSEN BEVERAGE COMPANY, a         | RECEIPT #:  CCH069443031
17   Corporation  and DOES 1-50,        | DATE PAID:  02/20/07  02:10:10 PM
     inclusive;                         | PAYMENT:  $320.00        0519
18                                      | RECEIVED:
19            Defendants.               |       CHECK:     320.00
                                        |       CASH:
20                                      |       CHANGE:
                                        |       CARD:

21   PLAINTIFF MAYRA VERONICA ARUCA complains and alleges as follows:

22                              **PARTIES**

23        1.    PLAINTIFF MAYRA VERONICA ARUCA ("PLAINTIFF") is, and at all time
24   mentioned herein was, a resident of Los Angeles County, in the State of California.

25        2.    PLAINTIFF is informed and believes, and thereon alleges, that Defendant

26   HANSEN BEVERAGE COMPANY ("HANSEN") is, and at all times relevant hereto was, a

27

                                   - 1 -
28                               COMPLAINT

LAW OFFICES OF CYRUS & CYRUS
P.L.C.
9025 SOUTH SANTA MONICA
BEVERLY HILLS, CALIFORNIA 90212
310/432-1076

1  corporation licensed pursuant to the laws of some state and, doing business in the State

2  of California and the County of Los Angeles, with its principal place of business located in

3  the County of Riverside.  Defendant HANSEN has caused injury to PLAINTIFF in the

4  County of Los Angeles.

5      3.  PLAINTIFF is informed, believes, and on that basis alleges that

6  DEFENDANTS are, and at all times material hereto have been, engaged in the business

7  of, among other things, producing, distributing, publishing, advertising, marketing,

8  exhibiting, telecasting and promoting to the general public and for commercial gain and

9

10  profit a variety of products, including beverage goods, in the promotion thereof, and in

11  the use and exploitation, and offering for sale, of said goods and products.

12      4.  The true names and capacities of the Defendants sued herein as DOES 1

13  through 50 ("DOES"), Inclusive, are unknown to PLAINTIFF who therefore has sued said

14  Defendants by such fictitious names.  PLAINTIFF will seek leave to amend this

15  Complaint to set forth their true names and capacities when the same are ascertained.

16  PLAINTIFF is informed, believes, and thereon alleges that each of the Defendants sued

17  herein as a DOE is, and at all times material hereto was, legally responsible in some

18  manner for one or more of the acts, omissions, breaches, occurrences, losses and

19  damages herein complained of, and further, that each DOE is, and at all times material

20  hereto was, acting as an agent, servant, employee, representative, managing agent,

21  partner, principal alter ego, affiliate, or co-conspirator of one or more of the other

22  Defendants, with the knowledge, consent, and ratification of such other Defendants in

23  causing or permitting the acts, omissions, breaches, occurrences, losses and damages

24  herein complained of. PLAINTIFF is informed and believe that each of the DOES 1

25  through 25 is a business, form unknown, who conducts substantial business in Los

26

27

- 2 -

28  COMPLAINT

1  Angeles County, and each of the DOES 26 through 50 are individuals who reside in Los

2  Angeles County.

3  ## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

4      5.    PLAINTIFF is, and at all time herein mentioned was a professional

5  model/singer.

6      6.    PLAINTIFF earns her living by selling her name, image and likeness to

7  companies and individuals who use her image to sell their products and services.

8
9      7.    DEFENDANTS use and/or take photographs for advertising purposes

10  and/or to sell their products and services.

11      8.    DEFENDANTS and PLAINTIFF entered into a written agreement whereby

12  PLAINTIFF would be the host and spoke person for DEFENDANTS for the purpose of

13  promoting DEFENDANTS' advertising campaign and event.

14      9.    On or about April 2006, PLAINTIFF hosted DEFENDANTS' event pursuant

15  to her agreement with DEFENDANTS.

16      10.    PLAINTIFF was discharged by DEFENDANTS when her services were

17  completed at the termination of the hosting event on or about April 2006.

18
19      11.    DEFENDANT failed to immediately pay to PLAINTIFF all wages due and

20  owing upon discharge as required by Labor Code section 201.

21      12.    On July 31, 2006, more than 30 days after PLAINTIFF'S employment was

22  terminated, DEFENDANTS paid PLAINTIFF $1,500 for the April 2006 production.

23      13.    PLAINTIFF'S work was done under the control and supervision of

24  DEFENDANTS. DEFENDANTS had the right to complete control over the means and

25  manner by which PLAINTIFF performed her hosting work, and did in fact exercise said

26  control. DEFENDANTS controlled virtually every detail of PLAINTIFF'S work, including

27

28

LAW OFFICES OF CYRUS & CYRUS, P.L.C.
9835 SOUTH SANTA MONICA
BEVERLY HILLS, CALIFORNIA 90212
310-853-1075

- 3 -

1    the location of the production, what PLAINTIFF was to wear, and how PLAINTIFF was to

2    pose and conduct herself. Thus, PLAINTIFF was an employee and not an independent

3    contractor of HANSEN'S BEVERAGE COMPANY and defendants and each of them.

4        14.    DEFENDANTS had the right to discharge PLAINTIFF at will.

5        15.    PLAINTIFF did not supply the tools for the work, nor the place where the

6    work was to be performed.

7        16.    PLAINTIFF was told how much she would be paid. PLAINTIFF was not

8    able to bargain for a "contract to be paid by the job".

9

10       17.    The work performed by PLAINTIFF was the regular business of

11   DEFENDANTS.

12       18.    Both PLAINTIFF and DEFENDANTS intended PLAINTIFF to be an

13   employee.

14       19.    PLAINTIFF had no opportunity for profit or loss depending upon her

15   managerial skills.

16                           **FIRST CAUSE OF ACTION**

17           (WAITING TIME PENALTIES PURSUANT TO LABOR CODE § 203)

18       20.    PLAINTIFF re-alleges and incorporates by reference as if fully set forth

19   herein, the allegations of paragraphs 1 through 19 of the General Allegations.

20       21.    DEFENDANT'S failure to pay wages on time, was willful in that

21   DEFENDANTS intentionally failed to pay PLAINTIFF all amounts due and owing to her

22   upon DEFENDANTS' discharge of PLAINTIFF on April 2006, thus entitling PLAINTIFF

23   to penalties under Labor Code §203, which provides that an employee's wages shall

24   continue as a penalty until paid or for a period of up to 30 days from the time they were

25   due, whichever period is shorter.

27

28

- 4 -

LAW OFFICES OF CYRUS & CYRUS
P.L.C.
9255 SOUTH SANTA MONICA
BEVERLY HILLS, CALIFORNIA 90211
310-623-1676

22.    DEFENDANTS failed to pay PLAINTIFF the sum of $1,500.00,

PLAINTIFF'S daily wage at the time of termination, and have failed to pay those sums

for more than thirty days thereafter.

23.    Pursuant to the provisions of Labor Code §203, PLAINTIFF is entitled to a

penalty in the amount of $45,000.00, which is her daily rate multiplied by thirty days.

24.    Pursuant to Labor Code §218.5, PLAINTIFF requests that the court award

PLAINTIFF reasonable attorney's fees and costs incurred by her in this action.

## PRAYER FOR RELIEF

WHEREFORE PLAINTIFF prays judgment as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.    For penalties pursuant to Labor Code section 203 in the amount of $45,000.00;

2.    For interest, including prejudgment interest, at the prevailing legal rate;

3.    For attorneys' fees pursuant to Labor Code section 218.5;

4.    For PLAINTIFF'S costs of suit herein incurred; and

5.    For such other and further relief in favor of PLAINTIFF as the Court may deem

just and proper.

Dated: _February 16_, 2007

LAW OFFICES OF CYRUS & CYRUS, PLC

By: _____
CHARLES D. SNEATHERN, ESQ.
Attorneys for PLAINTIFF MAYRA VERONICA
ARUCA

LAW OFFICES OF CYRUS & CYRUS
PLC
9735 SOUTH SANTA MONICA
BEVERLY HILLS, CALIFORNIA 90212
310-623-1076

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

FEB 20 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

1  STEVEN G. PEARL (CA BAR NO. 163381)
   THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
2  16133 VENTURA BOULEVARD, SUITE 625
   ENCINO, CALIFORNIA 91436-2412
3  PHONE:     818/ 995-8300
   FAX:       818/ 995-8301
4
   ATTORNEYS FOR PLAINTIFF
5  SEIEI KOBASHIKAWA

6  Case assigned    Ralph W Dav
7  to Judge
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

D-57

8                        COUNTY OF LOS ANGELES

9                        CENTRAL DISTRICT

10

11                                         BC366578

12  SEIEI KOBASHIKAWA,                 )  No.
                                       )
13       Plaintiff,                    )  **UNLIMITED CIVIL CASE**
                                       )
14       v.                            )  **COMPLAINT FOR:**
                                       )
15  OKAY LIQUOR, INC., AND DOES 1      )  **1. FAILURE TO PAY OVERTIME
    THROUGH 100, INCLUSIVE,            )  COMPENSATION (CAL. LABOR CODE §§
16                                     )  510, 1194);**
         Defendants.                   )
17                                     )  **2. FAILURE TO PAY MEAL PERIOD
                                       )  COMPENSATION (CAL. LABOR CODE §§
18                                     )  226.7, 512);**
                                       )
19                                     )  **3. FAILURE TO PAY REST PERIOD
                                       )  COMPENSATION (CAL. LABOR CODE
20                                     )  § 226.7);**
                                       )
21                                     )  **4. FAILURE TO FURNISH WAGE AND
                                       )  HOUR STATEMENTS (CAL. LABOR CODE
22                                     )  § 226);**
                                       )
23                                     )  **5. WAITING TIME PENALTIES (CAL.
                                       )  LABOR CODE §§ 201-203);**
24                                     )
                                       )  **6. CONVERSION (CAL. CIV. CODE § 3336);
25                                     )  AND**
                                       )
26                                     )  **7. UNFAIR COMPETITION (CAL. BUS. &
                                       )  PROF. CODE § 17200, et seq.)**
27                                     )
28                                     )  **DEMAND FOR JURY TRIAL**

THE PEARL LAW FIRM

Plaintiff Seiei Kobashikawa alleges:

## GENERAL ALLEGATIONS

1.      This is an action for violation of California's wage and hour laws.  Plaintiff Seiei Kobashikawa ("Mr. Kobashikawa") alleges that defendants Okay Liquor, Inc., And Does 1 Through 100, Inclusive (collectively "Defendants"): (1) failed to pay him overtime compensation; (2) failed to provide him meal periods and failed to pay him meal period compensation; (3) failed to provide him rest periods and failed to pay him rest period compensation; (4) failed to provide him with timely and accurate wage and hour statements; (5) failed and refused to pay compensation due to him in a timely manner upon his termination; (6) converted his earned wages to their own use and benefit; and (7) violated the Unfair Competition Law California Business & Professions Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an unfair business advantage at the expense of Mr. Kobashikawa and the public.  The foregoing acts and other acts by the Defendants violated provisions of the California Labor Code, including sections 201, 202, 203, 204, 206, 226, 226.7, 510, and 512 (collectively the "Employment Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (the "Regulations"), violated the UCL, and violated Mr. Kobashikawa's rights.

2.      Venue is proper in this Court because the Defendants do substantial business in Los Angeles County, California, and employed Mr. Kobashikawa in Los Angeles County, California.

## THE PARTIES

3.      Mr. Kobashikawa is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

4.      Defendant Okay Liquor, Inc., is, and at all relevant times was, a business entity of unknown form with its principal place of business located in Los Angeles County, California.

5.      Mr. Kobashikawa currently is unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names.  Mr. Kobashikawa will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

///

1

THE PEARL LAW FIRM

1    6.    Mr. Kobashikawa is informed and believes and on that basis alleges that each defendant

2    sued in this action, including each defendant sued by the fictitious names DOES 1 through 100,

3    inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

4                                  **SPECIFIC ALLEGATIONS**

5    7.    Defendants employed Mr. Kobashikawa from approximately June, 2005, through

6    November 27, 2006.

7    8.    Defendants routinely required Mr. Kobashikawa to work more than eight hours per

8    workday and 40 hours per workweek. Defendants failed and refused to pay Mr. Kobashikawa overtime

9    compensation for his overtime hours worked.

10    9.    Defendants routinely failed to provide Mr. Kobashikawa with rest breaks during work

11    shifts in excess of four hours, and routinely required Mr. Kobashikawa to work more than five hours

12    without being given at least a 30-minute meal break. Further, Defendants routinely failed to compensate

13    Mr. Kobashikawa for these missed rest breaks and meal breaks.

14    10.    Defendants routinely failed to provide Mr. Kobashikawa with timely and accurate wage

15    and hour statements showing gross wages earned, total hours worked, all deductions made, net wages

16    earned, the name and address of the legal entity employing him, all applicable hourly rates in effect

17    during each pay period, and the corresponding number of hours worked at each hourly rate by him.

18    11.    Defendants failed and refused to pay Mr. Kobashikawa all amounts owed to him in a

19    timely manner on his termination.

20    12.    Defendants have converted Mr. Kobashikawa's earned wages and other compensation

21    due to him to their own use and benefit, depriving him of the fruits of his labor.

22    13.    As set forth above, Defendants engaged in various acts of unfair competition, as defined

23    in California's Unfair Competition Law, California Business and Professions Code Section 17200, et

24    seq.

25    ///

26    ///

27    ///

28    ///

2

THE PEARL LAW FIRM

## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### (California Labor Code Sections 510, 1194)

### by Mr. Kobashikawa Against All Defendants

14.    Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

15.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation.  The Wage Order provides:

Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

16.    Defendants routinely required Mr. Kobashikawa to work more than 40 hours per workweek, but Defendants failed and refused to pay Mr. Kobashikawa the overtime compensation required by the Employment Laws and Regulations.

17.    Defendants thus required Mr. Kobashikawa to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

18.    Mr. Kobashikawa has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Mr. Kobashikawa is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

19.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Kobashikawa is entitled to recover damages for the sake of example and by way of punishing Defendants.

///

///

THE PEARL LAW FIRM

3

THE PEARL LAW FIRM

## SECOND CAUSE OF ACTION

### For Failure to Pay Meal Period Compensation

### (California Labor Code Sections 226.7, 512)

### by Mr. Kobashikawa Against All Defendants

20.    Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

21.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...."

22.    Defendants failed and refused to provide Mr. Kobashikawa with meal periods during his work shifts and failed and refused to compensate Mr. Kobashikawa for said meal periods, as required by California Labor Code sections 226.7 and 512 and the other applicable sections of the Employment Laws and Regulations.

23.    Defendants thus required Mr. Kobashikawa to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

24.    Mr. Kobashikawa has been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Kobashikawa is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

25.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Kobashikawa is entitled to recover damages for the sake of example and by way of punishing Defendants.

## THIRD CAUSE OF ACTION

### For Failure to Pay Rest Period Compensation

### (California Labor Code Section 226.7)

### by Mr. Kobashikawa Against All Defendants

26.    Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

4

27.    The applicable Wage Order provides:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

28.    Defendants failed and refused to provide Mr. Kobashikawa with rest periods during his work shifts and failed and refused to compensate Mr. Kobashikawa for said rest periods, as required by California Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

29.    Defendants thus required Mr. Kobashikawa to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

30.    Mr. Kobashikawa has been deprived of his rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Kobashikawa is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

31.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Kobashikawa is entitled to recover damages for the sake of example and by way of punishing Defendants.

### FOURTH CAUSE OF ACTION

#### For Failure to Furnish Wage and Hour Statements

#### (California Labor Code Section 226)

#### by Mr. Kobashikawa Against All Defendants

32.    Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

33.    The applicable Wage Order provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all

THE PEARL LAW FIRM

5

deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

34.    Defendants knowingly and intentionally failed to provide Mr. Kobashikawa with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by him.

35.    Defendants thus required Mr. Kobashikawa to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

36.    Mr. Kobashikawa suffered injury as a result of Defendants' knowing and intentional failure to provide him with the wage and hour statements required by law.

37.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Kobashikawa is entitled to recover damages for the sake of example and by way of punishing Defendants.

### FIFTH CAUSE OF ACTION

**For Waiting Time Penalties**

**(California Labor Code Sections 201 through 203)**

**by Mr. Kobashikawa Against All Defendants**

38.    Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

39.    Defendants failed to pay Mr. Kobashikawa accrued wages and other compensation due to him immediately upon his termination, as required.

40.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

///

6

THE PEARL LAW FIRM

## SIXTH CAUSE OF ACTION

### For Conversion

### (California Civil Code Section 3336)

### by Mr. Kobashikawa Against All Defendants

41.     Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

42.     As alleged above, Defendants wrongfully withheld earned wages from Mr. Kobashikawa and failed to pay him wages and other compensation which was due to him for overtime hours worked, for missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and Regulations.

43.     At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Mr. Kobashikawa all earned wages and other compensation due to him. Such wages and compensation belonged to Mr. Kobashikawa at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Mr. Kobashikawa, not Defendants.

44.     Defendants knowingly and intentionally failed to pay Mr. Kobashikawa overtime compensation for his overtime hours worked, knowingly and intentionally failed to compensate him for his missed meal and rest breaks, and knowingly and intentionally failed to provide other compensation due to Mr. Kobashikawa. Instead, Defendants converted Mr. Kobashikawa's rightfully earned wages and converted them to Defendants' own use and benefit. Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at Mr. Kobashikawa's expense.

45.     Mr. Kobashikawa has been injured by Defendants' intentional conversion of such wages and compensation. Mr. Kobashikawa is entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion. Before he filed this action, Mr. Kobashikawa wrote a pre-litigation demand to Defendants. Mr. Kobashikawa detailed his claims, demanded that Defendants pay the amounts owed, and offered to discuss a pre-litigation resolution of this matter. A true and correct copy of Mr. Kobashikawa's

7

THE PEARL LAW FIRM

correspondence to Defendants dated January 23, 2007, is attached as Exhibit A. Mr. Kobashikawa is informed and believes and on that basis alleges that Defendants refused delivery of Mr. Kobashikawa's pre-litigation demand.

46. Despite these demands, Defendants refuse to pay Mr. Kobashikawa the unpaid compensation and penalties they owe him.

47. In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Kobashikawa is entitled to recover damages for the sake of example and by way of punishing Defendants.

## SEVENTH CAUSE OF ACTION

### For Unfair Competition

### (California Business & Professions Code Section 17200, et seq.)

### by Mr. Kobashikawa Against All Defendants

48. Mr. Kobashikawa incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

49. Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' failure and refusal to pay Mr. Kobashikawa his earned wages, failure and refusal to pay overtime wages to Mr. Kobashikawa, Defendants' failure to provide meal and rest periods to Mr. Kobashikawa, Defendants' failure to provide Mr. Kobashikawa with timely and accurate wage and hour statements, and Defendants' conversion of wages and compensation due to Mr. Kobashikawa, constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

50. As a result of Defendants' unfair business practices, Mr. Kobashikawa has suffered actual injury and Defendants have reaped unfair benefits and illegal profits at the expense of Mr. Kobashikawa and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Mr. Kobashikawa.

51. Defendants' unfair business practices entitle Mr. Kobashikawa to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore to Mr. Kobashikawa the compensation unlawfully withheld from them.

THE PEARL LAW FIRM

8

WHEREFORE, plaintiff Seiei Kobashikawa hereby prays that the Court enter judgment in his favor and against defendants Okay Liquor, Inc., and Does 1 Through 100, Inclusive, and each of them, as follows:

1.    For payment of overtime compensation in the amount of $7,475;

2.    For payment of meal period compensation in the amount of $4,725;

3.    For payment of rest period compensation in the amount of $4,725;

4.    For Labor Code Section 226 compensation in the amount of $4,000;

5.    For Labor Code Section 203 penalties in the amount of $3,570;

6.    For prejudgment interest on the foregoing at the legal rate;

7.    For reasonable attorney fees;

8.    For costs of suit incurred herein;

9.    For punitive damages on Mr. Kobashikawa's First, Second, Third, Fourth, and Fifth Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

10.    For preliminary and permanent injunctive relief prohibiting Defendants from continuing the conduct alleged herein; and

11.    For such further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Seiei Kobashikawa hereby demands jury trial of this matter.

DATED: February 15, 2007        THE PEARL LAW FIRM,
                                A PROFESSIONAL CORPORATION

                                By: Steven G. Pearl
                                Attorneys for Plaintiff Seiei Kobashikawa

THE PEARL LAW FIRM

9

# THE PEARL LAW FIRM
## A PROFESSIONAL CORPORATION

January 23, 2007

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Ms. Sang Wong Lee
Okay Liquor, Inc.
5500 W. Pico Boulevard
Los Angeles, CA 90019

Re: Seiei Kobashikawa

Dear Ms. Lee:

This office represents Seiei Kobashikawa with regard to this matter. Pursuant to California Labor Code Section 226(b), Mr. Kobashikawa hereby requests that you provide this office with copies of all records required by Section 226(a) pertaining to Mr. Kobashikawa within ten (10) business days of this request.

We understand that you employed Mr. Kobashikawa as a stock person in your liquor store from approximately June 1, 2005, through November 27, 2006. Mr. Kobashikawa routinely worked 56 hours per week.

You paid Mr. Kobashikawa $8.00 per hour but failed to pay Mr. Kobashikawa the required overtime compensation (time-and-a-half and double-time) for his many overtime hours worked.

You failed to provide Mr. Kobashikawa with the required rest periods (one ten-minute rest period for each four hours worked) and meal periods (one thirty-minute meal period for each five hours worked) and failed to compensate him for the missed meal and rest periods. You failed to provide Mr. Kobashikawa with timely and accurate wage and hour statements that included all of the required information. Finally, you failed to pay compensation due to Mr. Kobashikawa in a timely manner upon his termination.

Our initial analysis indicates that you owe Mr. Kobashikawa the following:

- More than $7,475 for unpaid overtime compensation and interest thereon, calculated at the rate of 10 overtime hours and 6 double-time hours per week (Cal. Labor Code § 510 et seq.);

- $4,450 for penalties for your failure to pay overtime wages (Cal. Labor Code § 558);





**THE PEARL LAW FIRM**
A PROFESSIONAL CORPORATION

Ms. Sang Wong Lee
Page: 2
January 23, 2007

- More than $4,725 for unpaid meal period compensation, calculated at a rate of just one missed meal period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $4,450 for penalties for your failure to pay missed meal period compensation (Cal. Labor Code § 558);

- More than $4,725 for unpaid rest period compensation, calculated at a rate of just one missed rest period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $4,450 for penalties for your failure to pay missed rest period compensation (Cal. Labor Code § 558);

- $4,000 for failure to provide full, timely and accurate wage and hour statements (Cal. Labor Code § 226);

- More than $3,570 for your failure to pay Mr. Kobashikawa all amounts owed in a timely manner on his termination (Cal. Labor Code § 203).

In total, you owe Mr. Kobashikawa more than $37,845 for these items alone. Mr. Kobashikawa hereby demands that you pay this amount within ten (10) days of the date of this letter.

This amount does not include additional extensive amounts owed for your failure to provide timely and accurate wage and hour statements (Cal. Labor Code § 226.3). Section 226.3 carries the largest penalties available under the Labor Code: $250 for the initial violation and $1,000 for each subsequent violation. We calculate that these penalties would total $77,250 in this case. Under the Labor Code Private Attorneys General Act (Cal. Labor Code § 2698, et seq.), these penalties are payable 75% to the government and may not be discharged in bankruptcy. 11 United States Code § 523(a)(7).

This amount also does not include punitive damages for your willful violation of Mr. Kobashikawa's rights.

In addition, this office has spent approximately 2 hours of attorney time and 6 hours of paralegal time investigating this matter, calculating the amounts owed to Mr. Kobashikawa, and preparing this correspondence. We anticipate that resolving this matter now, prior to litigation, will require an equal amount of additional time. At our regular attorney and paralegal billing rates of $390 and $135 per hour, respectively, Mr. Kobashikawa is entitled to recover reasonable attorney fees (exclusive of the lodestar multiplier that he will seek after trial) in the amount of $1,110 in his effort to resolve this matter with you informally (Cal. Labor Code §§ 226(e), 1194).



THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Ms. Sang Wong Lee
Page: 3
January 23, 2007

_____

If we are not able to resolve this matter prior to litigation, the amount that you owe Mr. Kobashikawa will only increase as he is forced to incur additional attorney fees and costs. If Mr. Kobashikawa succeeds in recovering even a small amount of compensation at trial, we will ask the Court to award a significant amount in attorney fees. A number of Labor Code sections provide for "one-way" fee shifting in favor of employees. In these cases, where employees typically are represented on contingent fees, the attorney fee award is calculated based on a lodestar analysis. See Serrano v. Unruh (1982) 32 Cal.3d 621. The Court calculates the lodestar by multiplying hours spent times the hourly rate, then multiplies the lodestar by a reasonable multiplier. We typically request and receive a 3.0 multiplier. As a result, the total amount owed after trial, including fees for your own attorneys, likely will be several times higher than the amount necessary to resolve this matter now.

Despite the severe and obviously intentional nature of these of these violations, Mr. Kobashikawa is willing to discuss a pre-litigation resolution of this matter. Should you agree to resolve this matter now, prior to the filing of a lawsuit, Mr. Kobashikawa is willing to accept an amount less than the full amount owed in exchange for a full general release covering any and all claims pursuant to Cal. Civil Code § 1542.

You may contact me directly to discuss resolution of this matter. If you are represented by an attorney, you may have your attorney contact me, as ethical rules will prohibit me from speaking with you directly. If you or your attorney wish to discuss resolution of this matter, we request that you execute and return to us the enclosed Statute of Limitations Tolling Agreement. Our purpose in requesting the Agreement is to maintain the status quo with regard to our client's claims while we discuss resolution of this matter. You are advised to consult with an attorney of your choosing regarding your rights and obligations prior to contacting us regarding this matter or executing the Statute of Limitations Tolling Agreement.

You, your agents and your attorneys may not contact Mr. Kobashikawa regarding this matter. Mr. Kobashikawa has designated us as his representative for purposes of discussing this matter with you (Cal. Labor Code § 923). Mr. Kobashikawa does not want to discuss this matter with you and he will consider any effort to confront him regarding this matter to constitute harassment and unlawful retaliation in violation of his right to demand payment of lawful wages.

Should you reject this offer, Mr. Kobashikawa will have no choice but to file a lawsuit in Superior Court against each of you, seeking all amounts owed, including compensation, interest, penalties, costs, attorney fees and punitive damages.

012307.Okay Liquor.wpd



**THE PEARL LAW FIRM**
A PROFESSIONAL CORPORATION

Ms. Sang Wong Lee
Page: 4
January 23, 2007

If we are not able to resolve this matter by the close of business on February 2, 2007, we will be forced to move forward with litigation. We sincerely hope that such steps will not be necessary.

Sincerely,

Steven G. Pearl

SGP:dnp
Encl.

012307.Okay Liquor.wpd

1  BANDER LAW FIRM LLP
   Joel R. Bander (SBN 119460)
2  Cathe L. Caraway-Howard (SBN 143661)
   1055 W 7th Street, Suite 1950
3  Los Angeles, California 90017
   Telephone: (213) 873-4333
4  Facsimile: (213) 873-4334

5  Attorneys for Plaintiff, Shu Kai Sun

**FILED**

LOS ANGELES SUPERIOR COURT

MAR 0 8 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9                           UNLIMITED JURISDICTION

10

11  SHU KAI SUN, an individual;                  ) Case No.
                                                 )
12             Plaintiffs,                        ) **COMPLAINT** for:  **BC367567**
                                                 )
13        v.                                      ) (1)  Failure to Pay Overtime Compensation
                                                 )      in Violation of Labor Code § 1194;
14  SHI'S NEW PANDA BUFFET, INC., a              ) (2)  Failure to Pay Wages at Time of
   Corporation; ZHU FENG SHI, an individual;     )      Termination in Violation of Labor Code
15  and DOES 1 through 25, inclusive,            )      §§ 201-203;
                                                 ) (3)  Failure to Provide Wage and Hour
16             Defendants                         )      Statements in Violation of Labor Code §
                                                 )      226;
17                                               ) (4)  Failure to Provide Meal and Rest Periods
                                                 )      in Violation of Labor Code § 226.7
18                                               ) (5)  Unfair Business Practices in Violation of
                                                 )      Business & Professions Code §17200
19                                               )
                                                 ) **DEMAND FOR JURY TRIAL**
20                                               )
                                                 )
21  _____ )

22

23  Plaintiff SHU KAI SUN hereby alleges the following facts:

24                           **NATURE OF THE CASE**

25      1.    Plaintiff brings this action to recover unpaid minimum wages and overtime

26  compensation due and owing from her former employers, defendant SHI'S NEW PANDA

27  BUFFET, INC., a restaurant, and defendant ZHU FENG SHI, an individual. Plaintiff also seeks

28  statutory penalties for defendants' failure to: (1) pay all wages due at the time of termination in

- 1 -

COMPLAINT

1  violation of <u>Labor Code</u> §§201-203; (2) provide accurate wage statements in violation of <u>Labor</u>

2  <u>Code</u> §226; and (3) provide meal and rest periods in violation of <u>Labor Code</u> §226.7. Plaintiff also

3  seeks remedies for defendants' unfair business practices under <u>Business & Professions Code</u>

4  §17200 *et seq.*, for treble damages, injunctive relief, full restitution, and/or disgorgement of all

5  revenues, earnings, profits, compensation, and benefits obtained by defendants. Plaintiff seeks to

6  pierce the corporate veil to hold defendant ZHU FENG SHI liable for the debts of SHI'S NEW

7  PANDA BUFFET, INC., as its alter ego.

8                                          **PARTIES**

9        2.      Plaintiff SHU KAI SUN, an individual, is now and at all relevant times mentioned

10  herein, was a resident of the County of Los Angeles, State of California.

11       3.      Plaintiff is informed and believes, and thereupon alleges that defendant SHI'S

12  NEW PANDA BUFFET, INC., ("BUFFET") is now and at all relevant times mentioned herein,

13  was a California corporation that regularly conducted a restaurant business in the County of Los

14  Angeles, State of California, using the fictitious business name of SHI'S NEW PANDA BUFFET,

15  INC., with its principal place of business at 5120 Rodeo Road, Los Angeles, California 90016.

16       4.      Plaintiff is informed and believe, and thereupon allege that Defendant ZHU FENG

17  SHI ("SHI"), is now and at all relevant times mentioned herein was, an individual residing in the

18  County of Los Angeles, State of California.

19       5.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

20  through 25, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

21  seek leave of court to amend this complaint to allege their true names and capacities when they

22  have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

23  fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

24  practices alleged in this complaint.

25       6.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

26  mentioned herein, defendants, and each of them, were the partners, agents, servants, employees,

27  joint venturers or co-conspirators of each defendant, and that each defendant was acting within the

28  course, scope and authority of such partnership, agency, employment, joint venture or conspiracy,

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1  and that each defendant, directly or indirectly, authorized, ratified and approved the acts of the
2  remaining defendants, and each of them.

3      7.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
4  mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff
5  as a matter of law, and owned, controlled and/or managed BUFFET, or exercised control over the
6  wages, hours and working conditions of Plaintiff. Plaintiff is further informed and believes, and
7  thereupon alleges that at all relevant times mentioned herein, defendants, and each of them, had
8  the ability to pay, and willfully refused to pay wages due and payable, and/or falsely denied the
9  amount or validity of the same, with the intent to secure a discount and/or with intent to harass,
10  oppress, hinder, delay, or defraud Plaintiff.

11  **ALTER EGO ALLEGATIONS**

12      8.    Plaintiff is informed and believes, and thereon alleges that at all relevant times,
13  Defendant ZHU FENG SHI and Does 1 through 25 (the "Alter-ego defendants") were the owners
14  of all or a controlling proportion of the shares of stock of defendant BUFFET, and that there
15  existed between the Alter-ego defendants and BUFFET, a unity of interest and ownership, such
16  that any individuality and separateness between the Alter-ego defendants and BUFFET never
17  existed or has ceased, and that the Alter-ego defendants are the alter ego of defendant BUFFET in
18  that:

19      a.    Defendant BUFFET was conceived, intended and used by the Alter-ego
20  defendants as a device for the purpose of substituting a financially insolvent corporation in
21  the place of the Alter-ego defendants to avoid individual liability for the Labor Code
22  violations alleged herein;

23      b.    The Alter-ego defendants held themselves out to Plaintiff and to other
24  creditors that they were personally responsible for the debts of BUFFET, including the
25  wages earned by Plaintiff;

26      c.    The Alter-ego defendants used the assets of BUFFET for their own
27  purposes as though they were their own, and caused assets of BUFFET to be transferred to
28

- 3 -
COMPLAINT

BANDER LAW FIRM, LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    them, or to entities they controlled, or to their family members, without adequate
2    consideration and to avoid creditors, including employees;

3         d.      The Alter-ego defendants dominated and controlled the finances of
4    BUFFET, treated the corporate accounts as their personal bank accounts, and commingled
5    corporate and personal funds for their personal use and to avoid creditors of BUFFET,
6    including its employees;

7         e.      The Alter-ego defendants completely disregarded the corporate formalities
8    and separateness of defendant BUFFET, in that the operations of BUFFET were carried
9    out without the holding of shareholders' or directors' meetings, records or minutes of any
10   corporate proceedings were not maintained, and transactions between and among the Alter-
11   ego defendants and the Corporate Defendants were neither approved by directors nor
12   shareholders, nor properly documented.

13        9.      Plaintiff is informed and believes, and thereon alleges that adherence to the fiction
14   of the separate existence of BUFFET as an entity distinct from the Alter-ego defendants would
15   permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that,
16   among other things, the Alter-ego defendants set up the business of BUFFET to make an unfair
17   profit from underpaying its employees.

**FIRST CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME COMPENSATION**
**IN VIOLATION OF LABOR CODE §1194**
**(Against All Defendants)**

21        10.     Plaintiff re-alleges and incorporates by reference each and every allegation of the
22   preceding paragraphs as though fully set forth herein.

23        11.     As a waiter employed by Defendants, and each of them, Plaintiff's duties involved
24   serving food, setting up and cleaning off tables, assisting customers and other such
25   responsibilities. Plaintiff's job duties did not include, and never primarily included, employment
26   in an administrative, executive or professional capacity. More particularly, Plaintiff was never
27   primarily engaged in any work which was intellectual, managerial or creative, and which required
28   exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 4 -

1   employees. Accordingly, Plaintiff was, at all times relevant to this action, what is commonly
2   called a non-exempt employee.

3       12.    At all relevant times mentioned herein, defendants, and each of them, required,
4   permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day
5   and forty (40) hours per week.

6       13.    Pursuant to Labor Code §§510 and 1194, 1197, Industrial Welfare Commission
7   Order no. 5-2001, Title 8, California Code of Regulations §11000 *et seq*, Plaintiff was entitled to
8   be paid one and a half times the regular agreed hourly rate, or if none, the minimum wage, for any
9   hours worked in excess of eight (8) hours per workday, and or in excess of forty (40) hours per
10  workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours
11  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth
12  consecutive day of the workweek.

13      14.    Accordingly, Plaintiff is entitled to recover his unpaid overtime wages of
14  $23,606.27 or according to proof, whichever is greater, plus interest at the legal rate, and
15  attorneys' fees and costs.

16                          **SECOND CAUSE OF ACTION**
        **FAILURE TO PAY WAGES AT TIME OF TERMINATION**
17              **IN VIOLATION OF LABOR CODE §§201-203**
                        **(Against All Defendants)**
18

19      15.    Plaintiff re-alleges and incorporates by reference each and every allegation of the
20  preceding paragraphs as though fully set forth herein.

21      16.    Plaintiff was terminated on or about April 2, 2006. Defendants, and each of them,
22  failed to pay Plaintiff at the time of his termination all wages he earned. Defendants, and each of
23  them, were not paying Plaintiff any wages at all. Thus, the effective hourly rate was $6.75.

24      17.    Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the
25  termination of his employment, all earned and unpaid wages for all hours worked.

26      18.    Defendants, and each of them, have willfully failed to pay all such wages owing to
27  Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the
28  amount of at least $8,187.94.

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 5 -

BANDER LAW FIRM LLP
1055 W 7th STREET, SUITE 1050
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### IN VIOLATION OF LABOR CODE §226
#### (Against All Defendants)

19.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein. .

20.    California Labor Code §226 provides, in pertinent part:

"Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, ... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

21.    Defendants, and each of them, were obligated to comply with Labor Code §226, as well as Industrial Wage Order No. 5-2001, and Title 8 of the California Code of Regulations §11000 *et seq.*, to keep the records described in the foregoing-paragraph.

22.    Pursuant to Labor Code §226(e), Plaintiff is entitled to a penalty of $100.00 for the first pay period, and $50.00 per each subsequent pay period for violation of this section, up to a maximum of $4,000.00. Further, pursuant to law, defendants and each of them, were obligated to pay Plaintiff his wages no less than twice each month.

//

- 6 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

**FOURTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**IN VIOLATION OF LABOR CODE §226.7**
**(Against All Defendants)**

23.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

24.    Pursuant to Labor Code §226.7, Industrial Welfare Commission No. 5-2001, and Title 8 of the California Code of Regulations §11000 et seq., defendants, and each of them, were required to provide Plaintiff with meal and rest periods each workday.

25.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted meal breaks or rest periods at any time during Plaintiff's employment.

26.    Pursuant to Labor Code §226.7 and Section 11(b) of the Industrial Welfare Commission Order 5-2001, as well as Title 8 of the California Code of Regulations §11000 et seq., Plaintiff is entitled to be paid one hour per day for each day that Plaintiff did not receive a rest break.

27.    Pursuant to Labor Code §226.7 and Section 12(b) of the Industrial Welfare Commission Order 5-2001, as well as Title 8 of the California Code of Regulations §11000 et seq., Plaintiff is entitled to be paid one hour per day for each day that Plaintiff did not receive a meal break.

28.    Plaintiff is entitled to penalties for missed rest and meal breaks, in the amount of at least $6,415.08, plus interest, attorneys' fees and costs.

**FIFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES IN VIOLATION OF**
**BUSINESS & PROFESSIONS CODE §17200**
**(Against All Defendants)**

29.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

30.    Pursuant to Business & Professions Code §17200 et seq., defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of

- 7 -

1 California.

2      31.    Defendants, and each of them, have engaged in the unfair business practices of,

3 among other things and without limitation, consistently and knowingly requiring or permitting

4 Plaintiff to work hours without paying minimum wages or overtime premiums as required by law,

5 failing and refusing to allow rest breaks, taking unlawful deductions and collections from wages,

6 failing and refusing keep accurate employment records, and failing and refusing to provide pay

7 stubs to Plaintiff, as required by law.

8      32.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

9 criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

10 Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

11 Defendants, and each of them, should therefore be ordered to restore to Plaintiff all unpaid wages

12 improperly withheld from Plaintiff, as alleged herein.

13      33.    Plaintiff further seeks a permanent injunction against defendants, and each of them,

14 to end defendants' unlawful employment practices and unfair business practices, as alleged herein.

15      34.    Plaintiff further requests that a receiver be appointed to control and monitor all of

16 the business affairs of defendants, and each of them, to ensure compliance with applicable wage

17 and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

18 his owed and unpaid compensation.

19                                   **PRAYER**

20 WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

21          (1)    For unpaid overtime wages under Labor Code §1194 in excess of

22                 $23,606.27, or according to proof, whichever is greater;

23          (2)    For statutory waiting time penalties Labor Code §203, in excess of

24                 $8,187.94, or according to proof, whichever is greater;

25          (3)    For pay stub violation penalties Labor Code §226, up to $4000,00, or

26                 according to proof, whichever is lesser;

27          (4)    For statutory wages under Labor Code §226.7 for in excess of $6,415.08, or

28                 according to proof, whichever is greater;

BANDER LAW FIRM LLP
1055 W 7ᵀᴴ STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4303

- 8 -

1        (5)    For all other applicable statutory penalties, as provided by law;

2        (6)    For interest on all unpaid wages and penalties, according to proof;

3        (7)    For costs of suit herein, including attorneys' fees, according to proof,

4        pursuant to Labor Code §1194;

5        (8)    For injunctive relief as requested herein;

6        (9)    For appointment of a receiver as requested herein;

7        (10)    For such other and further relief as the Court deems just and proper.

8    DATED: March 7, 2007                   BANDER LAW FIRM LLP

9

10

11                                        JOEL BANDER
                                           Attorneys for Plaintiff,

12                                          SHU KAI SUN

13

14

15                            **DEMAND FOR JURY TRIAL**

16        Plaintiff hereby demands a jury trial in this action.

17    DATED: March 7, 2007                   BANDER LAW FIRM LLP

18

19

20

21                                          JOEL BANDER
                                           Attorneys for Plaintiff,

22                                          SHU KAI SUN

23

24

25

26

27

28

                                        - 9 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

90041

1  Richard G. McCracken
   Eric B. Myers
2  DAVIS, COWELL & BOWE, LLP
   595 Market Street, Suite 1400
3  San Francisco, CA 94105
   Telephone:    (415) 597-7200
4  Facsimile:    (415) 597-7201
   ebm@dcbsf.com
5
   Attorneys for Plaintiff
6

7            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF LOS ANGELES

9                          (Unlimited Jurisdiction)

10  GREGORY GRIFFITH,                    )  Case No.    BC367591
                                         )
11            Plaintiff,                 )
                                         )  VERIFIED COMPLAINT FOR
12     v.                                )  RECOVERY OF UNPAID
                                         )  COMPENSATION
13  NEITCLEM WHOLESALE INSURANCE         )
    BROKERAGE, INC.,                     )
14                                       )
              Defendant.                 )
15

16

17       PLAINTIFF GREGORY GRIFFITH alleges:

18                       **GENERAL ALLEGATIONS**

19       1.     Plaintiff is, and at all relevant times was, a resident of Los Angeles County,

20  California. He was employed by Defendant as an insurance broker until on or about May 13,

21  2005.

22       2.     Defendant NEITCLEM WHOLESALE INSURANCE BROKERAGE, INC.

23  ("NEITCLEM") is an insurance brokerage located in Los Angeles County, California.

24       3.     Plaintiff was hired by NEITCLEM as an insurance broker in or about 2001.

25  He received raises and positive performance feedback at various times during the course of his

26  employment.

27

28

VERIFIED COMPLAINT                                                       Page 1

1   4.    NEITCLEM paid the Plaintiff a compensation package that included a
2   commission called the "bonus compensation."

3   5.    In general, Plaintiff earned bonus compensation based upon income production
4   over a twelve-month period. That twelve-month period—called the "production
5   year"—commenced on December 1 of each year and ended on November 30 the following year.

6   6.    Each year in or around the month of December, NEITCLEM announced the bonus
7   compensation that Plaintiff had earned for the prior production year. NEITCLEM subsequently
8   paid that bonus compensation according to a "payment plan," which consisted of a series of
9   payments spread over ensuring pay periods.

10   7.    In or around December 2004, Neitclem delivered Plaintiff written notification that
11   he had earned bonus compensation in the amount of $50,934.00 for the 2004 production year.
12   NEITCLEM stated it would pay the bonus compensation of $50,934.00 in twenty bi-weekly
13   payments of $2,546.70 each commencing on January 28, 2005, with the last payment due on
14   October 21, 2005.

15   8.    The notification was signed by Dennis Clemente and Rodney Neitzel, who signed
16   in the stated capacities of President and Secretary/Treasurer, respectively.

17   9    The Plaintiff continued working into 2005. He commenced receiving his 2004
18   bonus compensation on or around January 28, 2005.

19   10    During the first part of the 2005 production year, business took a downturn. As a
20   result, NEITCLEM announced on or around April 4, 2005, that it was reducing Plaintiff's 2004
21   bonus compensation from $50,934.00 to $38,201.00, and did so reduce it. Further, NEITCLEM
22   modified the payment plan, stating that it would now pay in installments of $1,018.70 extending
23   until March 2006.

24   11    On or around May 12, 2005, NEITCLEM discharged the Plaintiff. It stopped
25   payment on any amount of the outstanding 2004 bonus compensation.
26   ///

27

28

VERIFIED COMPLAINT                                                           Page 2

12      As of the date of discharge, NEITCLEM had paid out $16,808.30 of the 2004 production year bonus compensation of $50,934.00. It did not pay the Plaintiff the remaining $34,125.70. Plaintiff has demanded payment of this money, and the Defendant has refused.

## FIRST CAUSE OF ACTION

### (Failure to pay wages when due in violation of California Labor Code)

13.     Incorporating by reference paragraph 1 through 12, Defendant violated § 201(a) of the California Labor Code by failing to pay all wages as defined by § 200 of the California Labor when they were due.

## SECOND CAUSE OF ACTION

### (Breach of express and implied contracts of employment)

14.     Incorporating by reference paragraph 1 through 12, Defendant breached express and implied contracts of employment, and their accompanying covenants of good faith and fair dealing, by failing to pay the Plaintiff the unpaid portion of his 2004 bonus compensation.

## PRAYER FOR RELIEF

Plaintiff prays that the Court enter an order ordering payment of:

A.      The sum of $34,125.70.

B.      Interest pursuant to California Labor Code § 218.6.

C.      Waiting penalties pursuant to California Labor Code § 203 in an amount of $254.67 per day for 30 days.

D.      Attorneys' fees and costs pursuant to California Labor Code § 218.5.

E.      All other relief the Court deems appropriate.

Dated: March 1, 2007                    Respectfully submitted,

DAVIS, COWELL & BOWE, LLP

Eric B. Myers
Attorneys for Plaintiff

VERIFIED COMPLAINT                                                      Page 3

1

**VERIFICATION**

2      I, ERIC B. MYERS, declare:

3      1.      I am an attorney duly admitted and licensed to practice before all of the courts of

4   this State. I have my professional office at 595 Market Street, Suite 1400, San Francisco,

5   California 94105.

6      2.      I am the attorney of record for Plaintiff in the above-entitled action.

7      3.      Plaintiff is absent from the county in which I have my office. For that reason I

8   make this verification on his behalf.

9      4.      I have read the foregoing complaint and know the contents thereof. I am informed

10   and believe that the matters contained therein are true, and on that ground I allege that they are

11   true.

12

13      I declare under penalty of perjury under the laws of the State of California that the

14   foregoing is true and correct and that I executed this verification on the 1st day of March 2007 in

15   San Francisco, California.

16

17                                        Eric B. Myers

18

19

20

21

22

23

24

25

26

27

28

Michael Tracy (SBN 237779)
Megan Ross Hutchins (SBN 227776)
Law Offices of Michael Tracy
2030 Main St. Ste 1300
Irvine, CA 92614
(949) 260-9171

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 1 4 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
      D. Garcia

Attorney for: Plaintiff, Asatur Shamamyan

**Case assigned to Judge**     Helen Al Bendix     D-18

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL DIVISION

BC367918

| Asatur Shamamyan, an individual | ) | Case No.: |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR UNPAID OVERTIME,** |
| vs. | ) | **UNPAID MEAL BREAKS, UNPAID REST** |
| | ) | **VIOLATIONS, LIQUIDATED** |
| KLS Transportation Service, Inc., a California | ) | **DAMAGES, WAITING TIME** |
| Corporation, Alexi Darbahani, an individual, | ) | **PENALTIES, FAILURE TO ITEMIZE** |
| | ) | **WAGE STATEMENTS, FAILURE TO** |
| and DOES 1 through 50, | ) | **PROVIDE DOCUMENTS, BUSINESS** |
| | ) | **AND PROFESSIONS CODE §17200** |
| Defendants | ) | **RESTITUTION, UNPAID EXPENSES** |
| | ) | **AND UNPAID GRATUITIES.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |

Plaintiff, Asatur Shamamyan, alleges:

## GENERAL ALLEGATIONS

1.      This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the County of Los Angeles, and because Defendants' obligations and liabilities arise therein, and because the work that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

2.      Defendant, KLS Transportation Service, Inc. (hereinfter "KLS") is a California Corporation doing business in the County of Los Angeles, State of California.

1

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1      3.    Defendant, Alexi Darbahani is an individual doing business in the County of Los

2  Angeles, State of California.

3      4.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,

4  who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint

5  to show their true names and capacities when they have been ascertained. Plaintiff is informed

6  and believes, and hereon alleges, that such Doe defendants are residents of California.

7      5.    Plaintiff is informed and believes that Defendants, each and all of them, at all

8  times material hereto, were the joint employers, parent companies, successor companies,

9  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

10  fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.  The

11  Defendants, unless otherwise alleged, at all times material hereto, performed all acts and

12  omissions alleged herein within the course and scope of said relationship, and are a proximate

13  cause of Plaintiff's damages as herein alleged.

14      6.    Plaintiff was employed by Defendants.

15                **FIRST CAUSE OF ACTION**

16      **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

17    **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR**

18            **CODE. (AGAINST KLS AND DOES 1-25)**

19      7.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

20      8.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

21  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required

22  to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

23  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

24  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

25  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

26      9.    Plaintiff was a non-exempt employee and entitled to the above overtime

27  premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

28      10.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

29  amount in excess of $10,500 and subject to proof at time of trial.

30

11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

### SECOND CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216.

### (AGAINST ALL DEFENDANTS)

12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11. This cause of action is brought against all Defendants jointly and individually.

13.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

14.    Plaintiff worked numerous weeks in excess of forty (40) hours.

15.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

16.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

17.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

18.    Plaintiff prays for judgment for overtime pay of $10,500. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

19.    Plaintiff prays for judgment for liquidated damages in the amount of $10,500. This amount is supplemental to the relief requested in all other causes of action.

20.    Plaintiff prays for costs and attorney's fees.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

### (AGAINST KLS AND DOES 1-25)

21.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 20.

3

22.   Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $1,680.

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

### (AGAINST KLS AND DOES 1-25)

23.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

24.   Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

25.   Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked and other items required by §226.

26.   Defendant suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

27.   Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $4,000 plus costs and attorney fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512. (AGAINST KLS AND DOES 1-25)

28.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 27. This cause of action is brought against all Defendants jointly and individually.

29.   Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

30.   Defendant failed to provide Plaintiff proper meal periods for numerous days worked.

///

///

4

1    31.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8,

2  §11090, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of

3  compensation for each workday that the meal period was not provided.

4    32.    Plaintiff prays for damages for missed meals in the amount of $2,688.

5                          **SIXTH CAUSE OF ACTION**

6          **FAILURE TO PROVIDE ADEQUATE REST PERIODS UNDER**

7          **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

8                          **(AGAINST KLS AND DOES 1-25)**

9    33.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

10    34.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

11  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required

12  to provide a ten (10) minute rest period for each four (4) hours worked, or major fraction thereof.

13    35.    Defendants failed to provide Plaintiff proper rest periods for all days worked.

14    36.    Pursuant to California Code of Regulations, Title 8, §11090, Plaintiff is entitled to

15  recover one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that the

16  rest period was not provided.

17    37.    Plaintiff prays for damages for missed breaks in the amount of $2,688, subject to

18  proof at trial.

19                          **SEVENTH CAUSE OF ACTION**

20     **(FAILURE TO PROVIDE RECORDS UNDER LABOR CODE SECTION 226(b).**

21                          **(AGAINST KLS AND DOES 1-25)**

22    38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37. This

23  cause of action is brought against all Defendants jointly and individually.

24    39.    Pursuant to Labor Code §226(b), every employer must allow an employee the

25  right to inspect or copy records required to be kept under that section.

26    40.    On or about January 16, 2007, Plaintiff, made a demand to inspect or copy

27  records pursuant to §226(b).

28    41.    Defendant has not responded to date.

29    42.    Labor Code §226(c) requires that an employer "shall comply with the request as

30  soon as practicable, but no later than 21 calendar days from the date of the request."

---

5

1    43.    Labor Code §226(f) provides that any employer who fails to allow the inspection
2  or copying of the records within 21 days is liable to the employee for $750 in damages. Labor
3  Code §226(g) allows recovery of attorney fees and costs.

### EIGHTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE
### SECTION 17200 (AGAINST KLS AND DOES 1-25)

7    44.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 43.
8    45.    Defendants failed to pay for overtime premiums that were due to Plaintiff under
9  the terms of employment.
10    46.    By failing to pay overtime premiums due to Plaintiff, Defendants' acts constitute
11  unfair and unlawful business practices under Business and Professions Code §17200, et. seq.
12    47.    Defendants failed to provide meal and rest breaks in accordance with California
13  law. Defendants' acts constitute unfair and unlawful business practices under Business and
14  Professions Code §17200, et. seq
15    48.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to
16  be determined at trial.

### NINTH CAUSE OF ACTION

### FAILURE TO REIMBURSE EXPENSES UNDER Cal. Labor Code §2802
### (AGAINST KLS AND DOES 1-25)

20    49.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 48.
21    50.    Plaintiff was required to purchase items for clients in the course and scope of his
22  employment with Defendants.
23    51.    Defendants have refused to reimburse Plaintiff for these expenses.
24    52.    Plaintiff is entitled to recover damages for the nonpayment of expenses, interest,
25  reasonable attorney's fees and costs of suit.

### TENTH CAUSE OF ACTION

### FAILURE TO PAY GRATUITY IN VIOLATION OF Cal. Labor Code §351
### (AGAINST KLS AND DOES 1-25)

29    53.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 52. This
30  cause of action is brought against all Defendants jointly and individually.

6

COMPLAINT FOR UNPAID OVERTIME, ET AL.

54. Plaintiff was left gratuities by customers.

55. Defendants have refused to turn over all gratuities collected on behalf of Plaintiff.

56. Plaintiff is entitled to recover his gratuities.

WHEREFORE, Plaintiff prays damages as follows:

**ON THE FIRST CAUSE OF ACTION**

1. For damages in an amount in excess of $10,500 and subject to proof at time of trial.

2. For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE SECOND CAUSE OF ACTION**

3. For damages in an amount in excess of $10,500 and subject to proof at time of trial.

4. For liquidated damages in an amount in excess of $10,500 and subject to proof at time of trial.

5. For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE THIRD CAUSE OF ACTION**

6. For damages in an amount in excess of $1,680 and subject to proof at time of trial.

**ON THE FOURTH CAUSE OF ACTION**

7. For damages in the amount of $4,000.

8. For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE FIFTH CAUSE OF ACTION**

9. For damages in an amount in excess of $2,688 and subject to proof at time of trial.

10. For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE SIXTH CAUSE OF ACTION**

11. For damages in an amount in excess of $2,688 and subject to proof at time of trial.

12. For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE SEVENTH CAUSE OF ACTION**

13. For damages in the amount of $750.

14. For penalties, interest, reasonable attorney's fees and costs of suit.

///

7

## ON THE EIGHTH CAUSE OF ACTION

15.   For damages in the amount subject to proof at time of trial.

16.   For penalties, interest, reasonable attorney's fees and costs of suit.

## ON THE NINTH CAUSE OF ACTION

17.   For damages in an amount in excess of $1,000 and subject to proof at time of trial.

## ON THE TENTH CAUSE OF ACTION

18.   For damages in an amount in excess of $5,000 and subject to proof at time of trial.

## ON ALL CAUSES OF ACTION

19.   For costs of suit.

20.   For pre and post judgment interest.

21.   For such other and further relief as the court may deem proper.

Dated this March 12, 2007

Law Offices of Michael Tracy

By:_____
     Megan Ross Hutchins
     Attorney for Asatur Shamamyan,
     Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated this March 12, 2007

Law Offices of Michael Tracy

By:_____
     Megan Ross Hutchins
     Attorney for Asatur Shamamyan,
     Plaintiff

8

COMPLAINT FOR UNPAID OVERTIME, ET AL.

BANDER LAW FIRM LLP
Cathe L. Caraway-Howard (SBN 143661)
1055 W. 7th Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 873-4333
Facsimile: (213) 837-4334
info@banderlaw.com

Attorneys for Plaintiff, SUYON TJHIN

**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 2 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

Case assigned
to Judge       Conrad Aragon       D-49

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

### UNLIMITED JURISDICTION

| | |
|---|---|
| SUYON TJHIN, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> NEWTOWN BUFFET NO. 2, INC, a California corporation; NEWTOWN BUFFET, INC., a California corporation; GAGE INVESTMENT, INC., a California corporation; DA LI, an individual; YONG JI LI, an individual; MING CHI LEE, an individual; VICKY LEE, an individual; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: BC368860 <br><br> COMPLAINT FOR: <br><br> (1) Failure to Pay Minimum Wage in Violation of Labor Code §1194; <br> (2) Failure to Pay Overtime Compensation in Violation of Labor Code §1194; <br> (3) Failure to Provide Meal and Rest Periods in Violation of Labor Code §226.7; <br> (4) Failure to Pay Wages at Time of Termination in Violation of Labor Code §§201-203; <br> (5) Failure to Provide Accurate Wage Statements in Violation of Labor Code §226; <br> (6) Unfair Business Practices in Violation of Business and Professions Code §17200; <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff SUYON TJHIN ("Plaintiff") hereby alleges the following facts:

### NATURE OF THE CASE

1.     Plaintiff brings this action for unpaid minimum and overtime wages, and missed meal and rest breaks that he earned while employed in the restaurant owned and operated by defendants NEWTOWN BUFFET NO. 2, INC. and GAGE INVESTMENT, INC. and its alter egos, DA LI, YONG JI LI, MING CHI LEE, and VICKY LEE (collectively referred to herein as

- 1 -

1    "Defendants"). Plaintiff also seeks waiting time penalties pursuant to Labor Code §203 because

2    he was not paid all wages due upon termination of his employment; and (2) statutory penalties

3    pursuant to Labor Code §226 for pay stub violations. Plaintiff also seeks restitution and other

4    remedies under Business and Professions Code §17200 et seq. Plaintiff further seeks to pierce the

5    corporate veil to hold defendants DA LI, YONG JI LI, MING CHI LEE, and VICKY LEE liable

6    for the debts of NEWTOWN BUFFET NO. 2, INC. and GAGE INVESTMENT, INC. as its alter

7    egos.

8                                          PARTIES

9        2.       Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

10   resident of the County of Los Angeles, State of California.

11       3.       Defendant NEWTOWN BUFFET NO. 2, INC. is a California corporation, that at

12   all relevant times mentioned herein was regularly conducting business in the County of Los

13   Angeles, State of California, with its principal place of business at 1419 E. Gage Ave., Los

14   Angeles, California 90001.

15       4.       Defendant NEWTOWN BUFFET, INC. is a California corporation, that at all

16   relevant times mentioned herein was regularly conducting business in the County of Los Angeles,

17   State of California.

18       5.       Defendant GAGE INVESTMENT, INC. is a California corporation, that at all

19   relevant times mentioned herein was regularly conducting business in the County of Los Angeles,

20   State of California.

21       6.       Plaintiff is informed and believes, and thereon alleges that DA LI was, at all

22   relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

23   California.

24       7.       Plaintiff is informed and believes, and thereon alleges that YONG JI LI was, at all

25   relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

26   California.

27       8.       Plaintiff is informed and believes, and thereon alleges that MING CHI LEE was, at

28   all relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

COMPLAINT

1    California.

2        9.    Plaintiff is informed and believes, and thereon alleges that VICKY LEE was, at all

3    relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

4    California.

5        10.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

6    through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

7    seek leave of court to amend this complaint to allege their true names and capacities when they

8    have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

9    fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

10    practices alleged in this complaint.

11        11.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

12    mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

13    joint venturers or co-conspirators of each other defendant, and that each defendant was acting

14    within the course, scope and authority of such agency, employment, partnership, joint venture or

15    conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

16    acts of the remaining defendants, and each of them.

17        12.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

18    mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

19    as a matter of law, and controlled or exercised control over the wages, hours and working

20    conditions of Plaintiff.

21                            ALTER EGO ALLEGATIONS

22        13.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

23    mentioned herein defendants DA LI, YONG JI LI, MING CHI LEE, and VICKY LEE and Does 1

24    through 10 (the "Non-corporate defendants") were the owners of all or a controlling proportion of

25    the shares of stock of Defendants NEWTOWN BUFFET NO. 2, INC., NEWTOWN BUFFET,

26    INC., and GAGE INVESTMENT, INC., and DOES 11 through 20 (the "Corporate defendants"),

27    and that there existed between the Non-corporate defendants and Corporate defendants, a unity of

28    interest and ownership, such that any individuality and separateness between the Non-corporate

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 3 -

1  defendants and Corporate defendants, never existed or has ceased, and that the Non-corporate

2  defendants are the alter ego of the Corporate defendants. in that:

3         a.      The Corporate defendants were conceived, intended and used by the Non-

4  corporate defendants, and each of them, as a device for the purpose of substituting a

5  financially insolvent corporation in the place of the Non-corporate defendants to avoid

6  individual liability for the Labor Code violations alleged herein;

7         b.      The Non-corporate defendants, and each of them, held themselves out to

8  Plaintiff and to other creditors that they were personally responsible for the debts of

9  Corporate defendants, including the wages earned by Plaintiff;

10        c.      The Non-corporate defendants, and each of them, used the assets of

11  Corporate defendants for their own purposes as though it were their own, and caused assets

12  of Corporate defendants to be transferred to them, or to entities they controlled, or to their

13  family members, without adequate consideration and to avoid creditors, including

14  employees;

15        d.      The Non-corporate defendants, and each of them, dominated and controlled

16  the finances of Corporate defendants, treated the corporate accounts as their personal bank

17  accounts, and commingled corporate and personal funds for their personal use and to avoid

18  creditors of Corporate defendants, including its employees;

19        e.      The Non-corporate defendants, and each of them, completely disregarded

20  the corporate formalities and separateness of Corporate defendants, in that the operations

21  of Corporate defendants, were carried out without the holding of shareholders' or

22  directors' meetings, records or minutes of any corporate proceedings were not maintained,

23  and transactions between and among the Non-corporate defendants and Corporate

24  defendants, were neither approved by directors nor shareholders, nor properly documented.

25        14.     Plaintiff is informed and believes, and thereupon alleges that adherence to the

26  fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

27  corporate defendants, and each of them, would permit an abuse of the corporate privilege and

28  would sanction fraud and promote injustice in that, among other things, the Non-corporate

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 4 -

1  defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

2  from underpaying its employees.

3                              FIRST CAUSE OF ACTION

4                          FAILURE TO PAY MINIMUM WAGE

5                       IN VIOLATION OF LABOR CODE §1194

6                                  (Against All Defendants)

7          15.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

8  preceding paragraphs as though fully set forth herein.

9          16.    Defendants, and each of them, employed Plaintiff as a waiter from on or about

10  December 1, 2005 until approximately November 10, 2006.  Plaintiff worked in excess of 1,944

11  hours and was paid nothing.

12         17.    Pursuant to Title 8 of the California Code of Regulations §11000 *et seq.*,

13  defendants, and each of them, were obligated to pay to Plaintiff at least the minimum wage of

14  $6.75 per hour for all hours worked.

15         18.    Defendants, and each of them, failed to pay the minimum wage to Plaintiff for his

16  hours worked at any time during the period of employment alleged herein.

17         19.    Pursuant to Labor Code §1194, Plaintiff is entitled to recover unpaid minimum

18  wages of at least $13,122.00, plus interest at the legal rate, attorneys' fees and costs.

19         20.    Pursuant to Labor Code §1194.2, Plaintiff is entitled to recover liquidated damages

20  in the amount of proved unpaid minimum wages of at least $13,122.00.

21                             SECOND CAUSE OF ACTION

22                     FAILURE TO PAY OVERTIME COMPENSATION

23                       IN VIOLATION OF LABOR CODE §1194

24                                  (Against All Defendants)

25         21.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

26  preceding paragraphs, as though fully set forth herein.

27         22.    As a waiter employed by defendants, and each of them, the duties of Plaintiff

28  involved serving foods, welcoming guest and other assigned tasks.  Plaintiff's job duties did not

                                         - 5 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-0333

1  include, and never primarily included, employment in an administrative, executive or professional

2  capacity. More particularly, Plaintiff was never primarily engaged in any work which was

3  intellectual, managerial or creative, and which required exercise of discretion and independent

4  judgment. In addition, Plaintiff never supervised any other employees. Accordingly, Plaintiff

5  was, at all times relevant to this action, a non-exempt employee.

6      23.    At all relevant times mentioned herein, defendants, and each of them, required,

7  permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

8  and forty (40) hours per workweek.

9      24.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as

10 adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one

11 and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

12 worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

13 workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

14 worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth

15 consecutive day of the workweek.

16     25.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,

17 Plaintiff is entitled to recover his unpaid overtime wages in the amount of $9,841.50, plus interest

18 thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

19 whichever is greater.

20              ## THIRD CAUSE OF ACTION

21         ### FAILURE TO PROVIDE MEAL AND REST PERIODS

22             ### IN VIOLATION OF LABOR CODE §226.7

23                   (Against All Defendants)

24     26.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

25 preceding paragraphs, as though fully set forth herein.

26     27.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants,

27 and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

28 period for each scheduled work shift of more than five and a half hours and a ten-minute

- 6 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4331

1    meal or rest periods during Saturdays and Sundays of his employment.

2        28.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

3    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

4    uninterrupted ten-minute rest period.

5        29.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

6    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

7    uninterrupted thirty-minute meal period.

8        30.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

9    $3,280.50, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject to

10   proof at trial.

11                              FOURTH CAUSE OF ACTION

12                    FAILURE TO PAY WAGES AT TIME OF TERMINATION

13                        IN VIOLATION OF LABOR CODE §§201-203

14                                (Against All Defendants)

15       31.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

16   preceding paragraphs, as though fully set forth herein.

17       32.    Plaintiff was terminated on or about November 10, 2006. Defendants, and each of

18   them, failed to pay Plaintiff all wages he earned at the time of his termination. Pursuant to Labor

19   Code §203, Plaintiff is entitled by law to receive at the termination of his employment, all earned

20   and unpaid wages for all hours worked.

21       33.    Defendants, and each of them, have willfully failed to pay all such wages owing to

22   Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

23   amount of at least $1,620.00, or according to proof, whichever is greater.

24   ///

25   ///

26   ///

27   ///

28   ///

                                        - 7 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF LABOR CODE §226

#### (Against All Defendants)

34.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

35.    Defendants, and each of them, were obligated under Labor Code §226 and Industrial Wage Order No. 5-2001, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing the total hours worked by Plaintiff.

36.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours worked, and further failed to provide accurate itemized wage statements with each payment of wages to Plaintiff as required by law.

37.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof of up to a maximum of $4,000.00.

### SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF

### BUSINESS & PROFESSIONS CODE §17200

#### (Against All Defendants)

38.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

39.    Pursuant to California Business & Professions Code §17200 et seq., and related statutory provisions, defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

40.    Defendants, and each of them, have engaged in the unfair business practices of

- 8 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  consistently and knowingly committing the violations against plaintiff as alleged in this

2  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

3      41.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

4  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

5  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

6  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

7  compensation improperly withheld from Plaintiff, as alleged herein.

8      42.    Plaintiff further requests that a receiver be appointed to control and monitor all of

9  the business affairs of defendants, and each of them, to ensure compliance with applicable wage

10  and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

11  her owed and unpaid compensation.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(1)    For unpaid minimum wages in the amount of $13,122.00, or according to proof,
       whichever is greater;

(2)    For liquidated damages equal to the amount of unpaid minimum wages proved at
       trial, of at least $13,122.00, pursuant to Labor Code §1194.2;

(3)    For unpaid overtime wages in the amount of $9,841.50, or according to proof,
       whichever is greater;

(4)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the
       amount of $3,280.50 or according to proof, whichever is greater;

(5)    For restitution and reimbursement of all wages deducted or collected from Plaintiff
       in violation of Labor Code §§221 and 224, of at least $20,000.00 or according to
       proof, whichever is greater;

(6)    For waiting time penalties pursuant to Labor Code §§201-203 of $1,620.00 or
       according to proof, whichever is greater;

(7)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,
       whichever is lesser;

- 9 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

(8)    For any and all other applicable statutory penalties, as provided by law;

(9)    For interest on all unpaid wages, according to proof;

(10)   For an order requiring restitution to Plaintiff of all owed and unpaid wages;

(11)   For an appointment of a receiver;

(12)   For a permanent injunction;

(13)   For costs of suit herein, including attorneys' fees, according to proof, pursuant to Labor Code §1194;

(14)   For such other and further relief as the Court deems just and proper.

DATED: March 30, 2007                    BANDER LAW FIRM LLP

By _____
   Cathe L. Caraway-Howard
   Attorneys for Plaintiff,
   SUYON TJHIN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial in the above-captioned action.

DATED: March 30, 2007                    BANDER LAW FIRM LLP

By _____
   Cathe L. Caraway-Howard
   Attorneys for Plaintiff,
   SUYON TJHIN

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 10 -

1  Michael Tracy (SBN 237779)
2  Megan Ross Hutchins (SBN 227776)
   Law Offices of Michael Tracy
3  2030 Main St. Ste 1300
   Irvine, CA 92614
4  (949) 260-9171
5
6  Attorney for: Plaintiff, Kevin Rogers
        **Case assigned**
7       **to Judge** *MARY Ann Murphy*
                                    *D-25*
8
           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
            **COUNTY OF LOS ANGELES - CENTRAL DIVISION**
10

**FILED**
LOS ANGELES SUPERIOR COURT

APR 25 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
         D. Garcia

11                                                    BC370098
   KEVIN ROGERS, an individual;          ) Case No.:
12                                        )
             Plaintiff,                   ) **COMPLAINT FOR UNPAID OVERTIME,**
13                                        ) **UNPAID MEAL BREAKS, LIQUIDATED**
   vs.                                    ) **DAMAGES, WAITING TIME**
14                                        ) **PENALTIES, FAILURE TO ITEMIZE**
15                                        ) **WAGE STATEMENTS, FAILURE TO**
   AMERICAN CHAUFFEURED                   ) **PROVIDE DOCUMENTS, BUSINESS**
16 TRANSPORTATION, INC., a California     ) **AND PROFESSIONS CODE §17200**
   corporation; and DOES 1 through 50, inclusive) **RESTITUTION**
17                                        )
18           Defendants.                  )
                                          ) **JURY TRIAL DEMANDED**
19 _____      )
20 Plaintiff, Kevin Rogers, alleges:
21                      **GENERAL ALLEGATIONS**
22      1.      This Court is the proper court and this action is properly filed in the County of
23 Los Angeles and in this judicial district because Defendants do business in the County of Los
24 Angeles, and because Defendants' obligations and liabilities arise therein, and because the work
25 that was performed by Plaintiff in the County of Los Angeles is the subject of this action.
26      2.      Defendant, American Chauffeured Transportation, Inc. is a California
27 Corporation doing business in the County of Los Angeles, State of California.
28      3.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,
29 who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint
30

                                       1
                    COMPLAINT FOR UNPAID OVERTIME, ET AL.

1    to show their true names and capacities when they have been ascertained. Plaintiff is informed

2    and believes, and hereon alleges, that such Doe defendants are residents of California.

3        4.    Plaintiff is informed and believes that Defendants, each and all of them, at all

4    times material hereto, were the joint employers, parent companies, successor companies,

5    predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

6    fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.  The

7    Defendants, unless otherwise alleged, at all times material hereto, performed all acts and

8    omissions alleged herein within the course and scope of said relationship, and are a proximate

9    cause of Plaintiff's damages as herein alleged.

10        5.    Plaintiff was employed by Defendants.

11                        **FIRST CAUSE OF ACTION**

12            **FAILURE TO PAY OVERTIME COMPENSATION UNDER**

13        **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

14                        **CALIFORNIA LABOR CODE**

15                        **(AGAINST ALL DEFENDANTS)**

16        6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

17        7.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

18    Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required

19    to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

20    regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

21    and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

22    of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

23        8.    Plaintiff was a non-exempt employee and entitled to the above overtime

24    premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

25        9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

26    amount in excess of $11,016 and subject to proof at time of trial.

27        10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

28    Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of

29    overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

30    fees and costs of suit.

2

## SECOND CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216

## (AGAINST ALL DEFENDANTS)

11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10. This cause of action is brought against all Defendants jointly and individually.

12.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

13.    Plaintiff worked numerous weeks in excess of forty (40) hours.

14.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

15.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

16.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

17.    Plaintiff prays for judgment for overtime pay of $8,262. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

18.    Plaintiff prays for judgment for liquidated damages in the amount of $8,262. This amount is supplemental to the relief requested in all other causes of action.

19.    Plaintiff prays for costs and attorney's fees.

## THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

## (AGAINST ALL DEFENDANTS)

20.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 19.

21.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $3,840.

///

3

COMPLAINT FOR UNPAID OVERTIME, ET AL.

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

#### (AGAINST ALL DEFENDANTS)

22.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.

23.     Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

24.     Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked and other items required by §226.

25.     Defendant suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

26.     Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $3,750 plus costs and attorney fees.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512

#### (AGAINST ALL DEFENDANTS)

27.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. This cause of action is brought against all Defendants jointly and individually.

28.     Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day, and a second meal period for any person working more than ten (10) hours in a day.

29.     Defendant failed to provide Plaintiff proper meal periods for numerous days worked.

30.     Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11090, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for each workday that the meal period was not provided.

31.     Plaintiff prays for damages for missed meals in the amount of $1,216.

4

## SIXTH CAUSE OF ACTION

### (FAILURE TO PROVIDE RECORDS UNDER LABOR CODE SECTION 226(b)

### (AGAINST ALL DEFENDANTS)

32.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 31. This cause of action is brought against all Defendants jointly and individually.

33.    Pursuant to Labor Code §226(b), every employer must allow an employee the right to inspect or copy records required to be kept under that section.

34.    On or about March 5, 2007, Plaintiff, made a demand to inspect or copy records pursuant to §226(b).

35.    Defendant has not responded to date.

36.    Labor Code §226(c) requires that an employer "shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request."

37.    Labor Code §226(f) provides that any employer who fails to allow the inspection or copying of the records within 21 days is liable to the employee for $750 in damages. Labor Code §226(g) allows recovery of attorney fees and costs.

## SEVENTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTION 17200

### (AGAINST ALL DEFENDANTS)

38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

39.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the terms of employment.

40.    By failing to pay overtime premiums due to Plaintiff, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

41.    Defendants failed to provide meal and rest breaks in accordance with California law. Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq

42.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to be determined at trial.

///

5

COMPLAINT FOR UNPAID OVERTIME, ET AL.



WHEREFORE, Plaintiff prays damages as follows:

### ON THE FIRST CAUSE OF ACTION

1. For damages in an amount in excess of $11,016 and subject to proof at time of trial.

2. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SECOND CAUSE OF ACTION

3. For damages in an amount in excess of $8,262 and subject to proof at time of trial.

4. For liquidated damages in an amount in excess of $8,262 and subject to proof at time of trial.

5. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE THIRD CAUSE OF ACTION

6. For damages in an amount in excess of $3,840 and subject to proof at time of trial.

### ON THE FOURTH CAUSE OF ACTION

7. For damages in the amount of $3,750.

8. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE FIFTH CAUSE OF ACTION

9. For damages in an amount in excess of $1,216 and subject to proof at time of trial.

10. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SIXTH CAUSE OF ACTION

11. For damages in the amount of $750.

12. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SEVENTH CAUSE OF ACTION

13. For damages in the amount subject to proof at time of trial.

14. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON ALL CAUSES OF ACTION

15. For costs of suit.

16. For pre and post judgment interest.

///
///
///

---

6

17.    For such other and further relief as the court may deem proper.

DATED:  April 19, 2007                                    LAW OFFICE OF MICHAEL TRACY

                                                  By:    _____
                                                         MEGAN ROSS HUTCHINS, Attorney for
                                                         Plaintiff Kevin Rogers


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED:  April 19, 2007                                    LAW OFFICE OF MICHAEL TRACY

                                                  By:    _____
                                                         MEGAN ROSS HUTCHINS, Attorney for
                                                         Plaintiff Kevin Rogers

7

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICE OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile : (310) 322-3039

4
   DENNIS W. RIHN, ESQ. (SBN 126233)
5  **ATTORNEY AT LAW**
   3460 Ocean View Boulevard, Suite F
6  Glendale, California 91208
   Telephone: (818) 265-0525
7  Facsimile : (818) 249-2788

8
   Attorneys for Plaintiff
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

12

13                                              BC370254

14  PONGPAT PRUKPAISARN,            )    CASE NO.
                                    )
15                                  )
                 Plaintiff,         )    **COMPLAINT** FOR DAMAGES:
16                                  )
           vs.                      )
17                                  )    FAILURE TO PAY MINIMUM
                                    )    WAGE AND OVERTIME
18  CITY THAI FINE NOODLE AND       )    COMPENSATION
    AUTHENTIC THAI CUISINE;         )    (*Labor Code* Section1194)
19  KATHLEEN UNGAMRUNG, an          )
    individual; and DOES            )
20  1 through 100, inclusive,       )
                                    )
21                                  )
                 Defendants.        )
22  _____ )

23

24          Plaintiff PONGPAT PRUKPAISARN alleges as follows:

25  ///

26  ///

27  ///

28  ///

                                  -1-
                            C o m p l a i n t

FILED
LOS ANGELES SUPERIOR COURT

APR 2 7 2007

JOHN A. CLARKE, CLERK

BY D.M. STRAIN, DEPUTY

## PRELIMINARY ALLEGATIONS

1.      Plaintiff is informed and believes, and thereupon alleges, that at times mentioned herein, defendant CITY THAI FINE NOODLE AND AUTHENTIC THAI CUISINE is and was a California general partnership which regularly conducts business in the State of California, County of Los Angeles.

2.      Plaintiff is informed and believes, and on that basis alleges, that Defendant KATHLEEN UNGAMRUNG is an individual who at all times relevant to this action resided within the State of California, County of Los Angeles. Plaintiff is further informed and believes, and on that basis alleges, that Defendant KATHLEEN UNGAMRUNG, at all times relevant to this action, was either a general partner of, and/or utilized and conducted business under the aliases and/or fictitious names of CITY THAI FINE NOODLE AND AUTHENTIC THAI CUISINE, or variations of such fictitious name.

3.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this action, defendants, and each of them, were joint legal employers of Plaintiff within the meaning of California law, or in the alternative, the alter ego of each other (and all of them) within the meaning of California law.

4.      Plaintiff is further informed and believes, and on that basis alleges, that Defendant KATHLEEN UNGAMRUNG:

(a)     Deliberately and knowingly committed federal and state tax fraud by failing to make legally required deductions from wages paid to Plaintiff and other employees, including federal income tax, state income tax, social security tax and unemployment tax, and/or deliberately and knowingly caused Defendant CITY THAI FINE NOODLE AND AUTHENTIC THAI CUISINE to commit such acts; and

(b)     Deliberately and knowingly committed the criminal act of failing to procure workers' compensation insurance for employees in violation of law, and/or deliberately and knowingly caused Defendant CITY THAI FINE NOODLE AND AUTHENTIC THAI CUISINE to do so; and

-2-

Complaint

1       (c)    Deliberately and knowingly engaged in an illegal pattern and practice of

2              failing to maintain and retain accurate records of wages paid employees as

3              required by law, and/or deliberately and knowingly caused Defendant CITY

4              THAI FINE NOODLE AND AUTHENTIC THAI CUISINE to do so; and

5       (d)    Deliberately and knowingly engaged in an illegal pattern and practice of

6              failing to maintain and retain accurate records of days and hours worked by

7              employees in violation of California law, and/or deliberately and knowingly

8              caused Defendant CITY THAI FINE NOODLE AND AUTHENTIC THAI

9              CUISINE to do so; and

10      (e)    Deliberately and knowingly engaged in an illegal pattern and practice of

11             violating California wage and hour laws, including the laws requiring

12             payment of minimum wage and overtime compensation, and/or deliberately

13             and knowingly caused Defendant CITY THAI FINE NOODLE AND

14             AUTHENTIC THAI CUISINE to do so; and; and

15      (f)    Deliberately and knowingly converted funds which should have been paid to

16             Plaintiff as minimum wage and overtime compensation owing by law.

17    5.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because

18 Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE

19 defendants, and each of them. Plaintiff is informed and believe and thereupon allege that each of

20 the defendants designated herein as a DOE was an employer of Plaintiff or otherwise liable to

21 Plaintiff under applicable law.

22    6.    Plaintiff is informed and believes, and upon that basis alleges, that the individual

23 defendants, including KATHLEEN UNGAMRUNG and Does 1-100, dominate and control the

24 entity defendants, including CITY THAI FINE NOODLE AND AUTHENTIC THAI CUISINE, and

25 are the sole owners of said entity defendants, including those whose identity is unknown to Plaintff.

26 Plaintiff is further informed and believes and thereupon alleges that defendants, and each of them,

27 engaged in a pattern and practice of utilizing the entity defendants, and each of them, as vehicles to

28 accomplish criminal and civil violations of law, and that there exists, and at all times relevant to this

Complaint

1   complaint there existed a unity of interest and ownership between any entity or corporate defendants

2   and individual defendants such that any individuality and separateness between said defendants has

3   ceased, and all defendants are the alter ego of every other defendant. Plaintiff is further informed

4   and believes, and thereupon alleges that if the acts of any defendant were treated as the acts of such

5   defendant alone, an inequitable result would follow. Plaintiff is further informed and believes, and

6   on that basis alleges, that any judgment solely against the entity, corporate and/or individual

7   defendants in this matter would be uncollectible. Accordingly, as to all defendants, it is fair and

8   equitable to permit piercing the corporate veil and imposition of joint and several liability is

9   warranted. Plaintiff is further informed and believe, and upon that basis alleges, that the individual

10   defendants, and each of them, misappropriated to themselves, as individuals, and for their

11   individual advantage, the unpaid wages owed plaintiff.

12       7.     Plaintiff is informed and believes and therefore alleges that at all times mentioned

13   in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were

14   the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that

15   each defendant was acting within the course, scope and authority of said agency, employment, joint

16   venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or

17   approved the acts of the remaining defendants.

18                           **FIRST CAUSE OF ACTION**

19                      **FOR WAGE AND HOUR VIOLATIONS**

20                **(including LABOR CODE SECTION 1194)**

21              **(PLAINTIFF AGAINST ALL DEFENDANTS)**

22       8     Plaintiff re-alleges and incorporates herein by this reference each of the preceding

23   paragraphs.

24       9     Beginning October 1, 2004, and continuing to March 31, 2007, Plaintiff was

25   employed by defendants, and each of them, as a food server in restaurants controlled, owned, or

26   operated by defendants and each of them.

27       10.     During his employment, Plaintiff was not properly compensated for all hours worked

28   by defendants, and each of them.

1    11.    Pursuant to the provisions of the California Labor Code, including Labor Code

2    Section1194, and regulations adopted by the California Department of Industrial Relations, Plaintiff

3    has the right to be paid properly for every hour of labor.

4    12.    In violation of such laws and regulations, defendants, and each of them failed to pay

5    Plaintiff properly all minimum wage and overtime owed to him. Further, pusuant to *Labor Code*

6    Section 1194.2, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid

7    minimum wage.

8    13.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

9        (A)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

10                termination of his employment all accrued but unpaid wages for all hours

11                labored, including overtime compensation. Because defendants, and each of

12                them failed to pay such wages, Plaintiff is entitled to continuing wages set

13                forth in *Labor Code* Section 203 in an amount estimated to be $1,800.00.

14        (B)    Defendants, and each of them, were obligated under *Labor Code* Section 226

15                and regulations of the Industrial Welfare Commission of the State of

16                California, to keep accurate record of Plaintiff's hours of labor, and to

17                prepare and submit to Plaintiff at least twice per month an itemized statement

18                accurately showing the total hours worked by Plaintiffs.  Defendants, and

19                each of them, failed to keep accurate records of Plaintiff's hours of labor,

20                and further failed to provide accurate itemized wage statements as required

21                by such statute. Accordingly, Plaintiff is entitled to damages pursuant to

22                *Labor Code* Section 226 in the amount of $4,000.00.

23        (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

24                Plaintiff is entitled to receive all other compensation permitted by law,

25                including for meal and rest periods during the course of his employment.

26    14.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

27    to be proved at trial.

28    15.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

1  specifically demanded, in an amount to be proved according to law.

2      16.    In addition, Plaintiff is entitled to costs of suit.

3                                    **PRAYER**

4      WHEREFORE, Plaintiff prays for judgment as follows:

5   1.    For unpaid overtime compensation pursuant to *Labor Code* Section 1194 in an

6         amount exceeding $35,000.00, and more precisely according to proof at the time of

7         trial;

8   2.    For unpaid minimum wage pursuant to *Labor Code* Section 1194 in an amount

9         exceeding $2,500.00, and more precisely according to proof at the time of trial;

10  3.    For liquidated damages pursuant to *Labor Code* Section 1194.2 in an amount

11        exceeding $2,500.00, and more precisely according to proof at the time of trial;

12  4.    For continuing wages pursuant to *Labor Code* Section 203 in the amount of

13        $1,800.00, and more precisely according to proof;

14  5.    For damages pursuant to *Labor Code* Section 226 in the amount of a maximum of

15        $4,000.00, and more precisely according to proof;

16  6.    For compensation for meal and rest periods not received according to law in

17        an amount to be proved at trial;

18  7.    For prejudgment interest;

19  8.    For costs of suit, including attorney's fees, according to proof; and

20  9.    For such other and further relief as the Court may deem appropriate.

21

22                         Respectfully Submitted:

23                         **LAW OFFICES OF ROBERT R. RONNE, APC**

24
25
26

27             BY:    ROBERT R. RONNE,
                      Attorney for Plaintiff
28                    Pongpat Prukpaisarn

                              -6-
                           Complaint

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 4 2007

JOHN A. CLARKE, CLERK

5  Attorneys for Plaintiff NELSON MOLINA

BY RUGENA LOPEZ, DEPUTY

6  Case assigned to
7  Judge

8              SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11 | NELSON MOLINA, an individual,              ) Case No.   BC371064
                                               )
12 |              Plaintiff,                    ) **COMPLAINT FOR UNPAID**
                                               ) **OVERTIME AND FAILURE TO**
13 |       vs.                                  ) **ITEMIZE WAGE STATEMENTS**
                                               )
14 | MERRITT HOSPITALITY, LLC., a Delaware      )
     corporation; and DOES 1 through 50, inclusive, )
15                                             )
                                               )
16 |              Defendants.                  )

17

18        Plaintiff, NELSON MOLINA, alleges:

19                      **GENERAL ALLEGATIONS**

20        1.      This Court is the proper court and this action is properly filed in the County of Los

21 Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22 and because Defendants' obligations and liabilities arise therein, and because the work that was

23 performed by Plaintiff in the County of Los Angeles is the subject of this action.

24        2.      Defendant, MERRITT HOSPITALITY, LLC, is Delaware corporation located in

25 California and doing business in the County of Long Beach, State of California.

26        3.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,

27 therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

28 show their true names and capacities when they have been ascertained. Plaintiff is informed and

---

COMPLAINT

1 │ believes, and hereon alleges, that such Doe defendants are residents of California.

2 │     4.    Plaintiff is informed and believes that Defendants, each and all of them, at all times

3 │ material hereto, were the joint employers, parent companies, successor companies, predecessors in

4 │ interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

5 │ representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

6 │ unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

7 │ herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

8 │ damages as herein alleged.

9 │     5.    Plaintiff is employed by Defendants.

10 │ **FIRST CAUSE OF ACTION**

11 │ **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

12 │ **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

13 │ **(AGAINST ALL DEFENDANTS)**

14 │     6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5. This cause

15 │ of action is brought against all Defendants jointly and individually.

16 │     7.    Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of

17 │ Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

18 │ compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

19 │ regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

20 │ and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

21 │ of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

22 │     8.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

23 │ Defendants failed to compensate Plaintiff for all overtime premiums.

24 │     9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

25 │ amount in excess of $36,917.25 and subject to proof at time of trial.

26 │     10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

27 │ Regulations, Title 8, §11050, Plaintiff is entitled to recover damages for the nonpayment of

28 │ overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

-2-
COMPLAINT

1  fees and costs of suit.

2  ## SECOND CAUSE OF ACTION

3  ### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

4  ### CALIFORNIA LABOR CODE SECTION 226

5  ### (AGAINST ALL DEFENDANTS)

6      11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10. This cause

7  of action is brought against all Defendants jointly and individually.

8      12.    Pursuant to Labor Code §226, every employer must furnish each employee an

9  itemized statement of wages and deductions at the time of payment of wages.

10     13.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

11  worked. For several pay periods, no pay stub was issued.

12     14.    Defendant suffered injury in his inability to verify his own hours worked as well as

13  to provide proof of his income to others.

14     15.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

15  Defendants in the amount of $4,000.00 plus costs and attorney fees.

16     WHEREFORE, Plaintiff prays damages as follows:

17  ### ON THE FIRST CAUSE OF ACTION

18     1.    For damages in an amount in excess of $36,917.25 and subject to proof at time of

19  trial.

20     2.    For penalties, interest, reasonable attorney's fees and costs of suit.

21  ### ON THE SECOND CAUSE OF ACTION

22     3.    For damages in the amount of $4,000.

23     4.    For costs of suit, interest, and reasonable attorney's fees

24  ### ON ALL CAUSES OF ACTION

25     5.    For costs of suit.

26     6.    For pre and post judgment interest.

27  ///

28  ///

-3-
COMPLAINT

1    7.    For such other and further relief as the court may deem proper.

2    DATED: May 11, 2007                          LAW OFFICES OF MICHAEL L. TRACY

3

4                                        By:    _____
                                                MEGAN ROSS HUTCHINS, Attorney for
5                                               Plaintiff NELSON MOLINA

6

7                              **DEMAND FOR JURY TRIAL**

8        Plaintiff hereby demands a jury trial.

9    DATED: May 11, 2007                          LAW OFFICES OF MICHAEL L. TRACY

10

11                                       By:    _____
                                                MEGAN ROSS HUTCHINS, Attorney for
12                                              Plaintiff NELSON MOLINA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-
COMPLAINT

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff DAVID RASOR

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 4 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

6  Case assigned to
   Judge
7

8              SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  DAVID RASOR, an individual,              ) Case No.    BC371056
                                             )
12              Plaintiff,                   ) **COMPLAINT FOR UNPAID**
                                             ) **OVERTIME, UNPAID MEAL BREAKS,**
13        vs.                                ) **LIQUIDATED DAMAGES, WAITING**
                                             ) **TIME PENALTIES, FAILURE TO**
14  CATALINA EXPLORER CO., INC., a           ) **ITEMIZE WAGE STATEMENTS,**
    California corporation; and DOES 1 through 50, ) **FAILURE TO PROVIDE DOCUMENTS,**
15  inclusive,                               ) **AND BUSINESS AND PROFESSIONS**
                                             ) **CODE §17200 RESTITUTION**
16              Defendants.                  )
                                             ) **JURY TRIAL DEMANDED**
17

18        Plaintiff DAVID RASOR alleges:

19                    **GENERAL ALLEGATIONS**

20        1.     This Court is the proper court and this action is properly filed in the County of Los

21  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22  and because Defendants' obligations and liabilities arise therein, and because the work

23  performed by Plaintiff in the County of Los Angeles is the subject of this action.

24        2.     Defendant CATALINA EXPLORER CO., INC. ("Catalina") is a California

25  corporation with its principal place of business in the State of California, County of Los Angeles.

26        3.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

27  therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

28  show their true names and capacities when they have been ascertained. Plaintiff is informed and

COMPLAINT



1   believes, and hereon alleges, that such Doe defendants are residents of California.

2       4.      Plaintiff is informed and believes that Defendants, each and all of them, at all times
3   material hereto, were the joint employers, parent companies, successor companies, predecessors in
4   interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,
5   representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,
6   unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged
7   herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's
8   damages as herein alleged.

9       5.      Plaintiff was employed by Defendants.

10                          **FIRST CAUSE OF ACTION**

11  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**
12  **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**
13                  **(AGAINST CATALINA AND DOES 1-5)**

14      6.      Plaintiff refers to and incorporates by reference Paragraphs 1 through 5. This cause
15  of action id brought against Defendants Catalina and DOES 1-5 jointly and individually.

16      7.      Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of
17  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to
18  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the
19  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,
20  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
21  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

22      8.      Plaintiff was a non-exempt employee and entitled to the above overtime premiums.
23  Defendants failed to compensate Plaintiff for all overtime premiums.

24      9.      As a proximate result of Defendants' violations, Plaintiff has been damaged in an
25  amount in excess of $15,039 and subject to proof at time of trial.

26      10.     Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of
27  Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of
28  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

                                -2-

1 | fees and costs of suit.

## SECOND CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216

### (AGAINST ALL DEFENDANTS)

11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10. This cause of action id brought against all Defendants jointly and individually.

12.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

13.    Plaintiff worked numerous weeks in excess of forty (40) hours.

14.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

15.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

16.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

17.    Plaintiff prays for judgment for overtime pay of $15,039. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

18.    Plaintiff prays for judgment for liquidated damages in the amount of $15,039. This amount is supplemental to the relief requested in all other causes of action.

19.    Plaintiff prays for costs and attorney's fees.

## THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

### (AGAINST CATALINA AND DOES 1-5)

20.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 19. This cause of action id brought against Defendants Catalina and DOES 1-5 jointly and individually.

-3-
COMPLAINT

21.   Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $2,640.

## FOURTH CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST CATALINA AND DOES 1-5)

22.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 21. This cause of action id brought against Defendants Catalina and DOES 1-5 jointly and individually.

23.   Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

24.   Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked and other items required by §226.

25.   Defendant suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

26.   Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $1,350 plus costs and attorney fees.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER

## CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND

## CALIFORNIA LABOR CODE SECTION 512

## (AGAINST CATALINA AND DOES 1-5)

27.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. This cause of action is brought against Defendants Catalina and DOES 1-5 jointly and individually.

28.   Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

29.   Defendant failed to provide Plaintiff proper meal periods for numerous days

-4-
COMPLAINT

1  worked.

2    30.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

3  Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

4  each workday that the meal period was not provided.

5    31.    Plaintiff prays for damages for missed meals in the amount of $3,008.

6                           **SIXTH CAUSE OF ACTION**

7         **FAILURE TO PROVIDE RECORDS UNDER LABOR CODE SECTION 226(b)**

8                        **(AGAINST CATALINA AND DOES 1-5)**

9    32.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 31. This cause

10  of action id brought against Defendants Catalina and DOES 1-5 jointly and individually.

11    33.    Pursuant to Labor Code §226(b), every employer must allow an employee the right

12  to inspect or copy records required to be kept under that section.

13    34.    On or about April 2, 2007, Plaintiff, made a demand to inspect or copy records

14  pursuant to §226(b).

15    35.    Defendant failed to allow Plaintiff to inspect and copy his records within 21 days of

16  having made the request.

17    36.    Labor Code §226(c) requires that an employer "shall comply with the request as

18  soon as practicable, but no later than 21 calendar days from the date of the request."

19    37.    Labor Code §226(f) provides that any employer who fails to allow the inspection or

20  copying of the records within 21 days is liable to the employee for $750 in damages. Labor Code

21  §226(g) allows recovery of attorney fees and costs.

22                        **SEVENTH CAUSE OF ACTION**

23             **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

24                              **CODE SECTION 17200**

25                        **(AGAINST CATALINA AND DOES 1-5)**

26    38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37. This cause

27  of action id brought against Defendants Catalina and DOES 1-5 jointly and individually.

28    39.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

-5-
COMPLAINT

1  terms of employment.

2      40.    By failing to pay overtime premiums due to Plaintiff, Defendants' acts constitute

3  unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

4      41.    Defendants failed to provide meal and rest breaks in accordance with California law.

5  Defendants' acts constitute unfair and unlawful business practices under Business and Professions

6  Code §17200, et. seq

7      42.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

8  be determined at trial.

9      WHEREFORE, Plaintiff prays damages as follows:

10                  **ON THE FIRST CAUSE OF ACTION**

11      1.    For damages in an amount in excess of $15,.39 and subject to proof at time of trial.

12      2.    For penalties, interest, reasonable attorney's fees and costs of suit.

13                  **ON THE SECOND CAUSE OF ACTION**

14      3.    For damages in an amount in excess of $15,039 and subject to proof at time of trial.

15      4.    For liquidated damages in an amount in excess of $15,039 and subject to proof at

16  time of trial.

17      5.    For penalties, interest, reasonable attorney's fees and costs of suit.

18                  **ON THE THIRD CAUSE OF ACTION**

19      6.    For damages in an amount in excess of $2,640 and subject to proof at time of trial.

20                  **ON THE FOURTH CAUSE OF ACTION**

21      7.    For damages in the amount of $3,008.

22      8.    For penalties, interest, reasonable attorney's fees and costs of suit.

23                  **ON THE FIFTH CAUSE OF ACTION**

24      9.    For damages in an amount in excess of $548.73 and subject to proof at time of trial.

25      10.    For penalties, interest, reasonable attorney's fees and costs of suit.

26                  **ON THE SEVENTH CAUSE OF ACTION**

27      11.    For damages in the amount of $750.

28      12.    For penalties, interest, reasonable attorney's fees and costs of suit.

## ON THE EIGHTH CAUSE OF ACTION

13.   For damages in the amount subject to proof at time of trial.

14.   For penalties, interest, reasonable attorney's fees and costs of suit.

## ON ALL CAUSES OF ACTION

15.   For costs of suit.

16.   For pre and post judgment interest.

17.   For such other and further relief as the court may deem proper.

DATED: May 11, 2007                    LAW OFFICES OF MICHAEL L. TRACY

By:   _____
        MEGAN ROSS HUTCHINS, Attorney for
        Plaintiff DAVID RASOR

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: May 11, 2007                    LAW OFFICES OF MICHAEL L. TRACY

By:   _____
        MEGAN ROSS HUTCHINS, Attorney for
        Plaintiff DAVID RASOR

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff ROY FRAWLEY

6

7

8                  **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF LOS ANGELES – CENTRAL DIVISION**

10

11  ROY FRAWLEY, an individual,            ) Case No.    BC372233
                                           )
12              Plaintiffs,                ) **COMPLAINT FOR UNPAID**
                                           ) **OVERTIME, MEAL PENALTIES,**
13        vs.                              ) **WAITING TIME PENALTIES,**
                                           ) **FAILURE TO ITEMIZE WAGE**
14  ALFA OTTO AUTO PARTS, INC., a California ) **STATEMENTS, UNPAID EXPENSES**
    corporation; MAKOTO AUTO TRENDS, INC., ) **AND VIOLATIONS OF BUSINESS AND**
15  a California corporation; EDDY TAN aka  ) **PROFESSIONS CODE SECTION 17200**
    EDDY CHAN, an individual; and DOES 1    )
16  through 50, inclusive                   ) **JURY TRIAL DEMANDED**
                                            )
17              Defendants.                 )
    _____ )
18

19        Plaintiff, ROY FRAWLEY, alleges:

20                      **GENERAL ALLEGATIONS**

21        1.      This Court is the proper court and this action is properly filed in the County of Los

22  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23  and because Defendants' obligations and liabilities arise therein, and because the work that was

24  performed by Plaintiff in the County of Los Angeles is the subject of this action.

25        2.      Defendant, ALFA OTTO AUTO PARTS, INC. ("ALFA"), is California corporation

26  located in California and doing business in the County of Los Angeles, State of California.

27        3.      Defendant, MAKOTO AUTO TRENDS, INC. ("MAKOTO"), is California

28  corporation located in California and doing business in the County of Los Angeles, State of

_____
                              COMPLAINT

1  California.

2      4.      Defendant, EDDY TAN aka EDDY CHAN, ("TAN")is an individual doing business

3  in the County of Los Angeles, State of California

4      5.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

5  therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

6  show their true names and capacities when they have been ascertained. Plaintiff is informed and

7  believes, and hereon alleges, that such Doe defendants are residents of California.

8      6.      Plaintiff is informed and believes that Defendants, each and all of them, at all times

9  material hereto, were the joint employers, parent companies, successor companies, predecessors in

10  interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

11  representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

12  unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

13  herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

14  damages as herein alleged.

15      7.      Plaintiff was employed by Defendants from January 2000 to February 2007.

16                          **FIRST CAUSE OF ACTION**

17  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

18          **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

19                  **(AGAINST ALFA, MAKOTO AND DOES 1 - 50)**

20      8.      Plaintiff refers to and incorporates by reference Paragraphs 1 through 7.

21      9.      Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

22  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to

23  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

24  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

25  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

26  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

27      10.      Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

28  Defendants failed to compensate Plaintiff for all overtime premiums.

1       11.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

2 amount in excess of $10,500 and subject to proof at time of trial.

3       12.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

4 Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of

5 overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

6 fees and costs of suit.

7 **SECOND CAUSE OF ACTION**

8 **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

9 **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

10 **CALIFORNIA LABOR CODE SECTION 512**

11 **(AGAINST ALFA, MAKOTO AND DOES 1 - 50)**

12       13.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 12.

13       14.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

14 Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to

15 provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

16       15.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

17       16.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11090,

18 Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

19 each workday that the meal period was not provided.

20       17.    Plaintiff prays for damages for missed meals in the amount of $2,688.

21 **THIRD CAUSE OF ACTION**

22 **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

23 **(AGAINST ALFA, MAKOTO AND DOES 1 - 50)**

24       18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

25       19.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid

26 wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

27 Labor Code §203 in the amount of $1,680.

28

## FOURTH CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

## CALIFORNIA LABOR CODE SECTION 226

## (AGAINST ALFA, MAKOTO AND DOES 1 - 50)

20.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 19.

21.    Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

22.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked.

23.    Plaintiff suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

24.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $4,000 plus costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

## (AGAINST ALL DEFENDANTS)

25.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 24.

26.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

27.    Plaintiff worked numerous weeks in excess of forty (40) hours.

28.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

29.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

1    30.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2    31.    Plaintiff prays for judgment for overtime pay of $10,500. This amount is subsumed

3    by the overtime pay claimed in the First Cause of Action.

4    32.    Plaintiff prays for judgment for liquidated damages in the amount of $10,500. This

5    amount is supplemental to the relief requested in all other causes of action.

6    33.    Plaintiff prays for costs and attorney's fees.

7                              **SIXTH CAUSE OF ACTION**

8          **FAILURE TO REIMBURSE EXPENSES UNDER CAL. LABOR CODE §2802**

9                        **(AGAINST ALFA, MAKOTO AND DOES 1 - 50)**

10    34.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 33.

11    35.    Plaintiff was required to purchase items for clients in the course and scope of his

12    employment with Defendants.

13    36.    Defendants have refused to reimburse Plaintiff for these expenses.

14    37.    Plaintiff is entitled to recover damages for the nonpayment of expenses, interest,

15    reasonable attorney's fees and costs of suit.

16                            **SEVENTH CAUSE OF ACTION**

17          **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

18                            **CODE SECTION 17200**

19                        **(AGAINST ALFA, MAKOTO AND DOES 1 - 50)**

20    38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

21    39.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

22    terms of employment.

23    40.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

24    unlawful business practices under Business and Professions Code §17200, et. seq.

25    41.    Defendants failed to provide meal and rest breaks in accordance with California law.

26    Defendants' acts constitute unfair and unlawful business practices under Business and Professions

27    Code §17200, et. seq

28    42.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

1  be determined at trial.

2  WHEREFORE, Plaintiff prays damages as follows:

3  **ON THE FIRST CAUSE OF ACTION**

4  1.  For damages in an amount in excess of $10,500 and subject to proof at time of

5  trial.

6  2.  For penalties, interest, reasonable attorney's fees and costs of suit.

7  **ON THE SECOND CAUSE OF ACTION**

8  3.  For damages in an amount in excess of $2,688 and subject to proof at time of

9  trial.

10  **ON THE THIRD CAUSE OF ACTION**

11  4.  For damages in the amount of $1,680.

12  **ON THE FOURTH CAUSE OF ACTION**

13  5.  For damages in the amount of $4,000.

14  6.  For costs of suit, interest, and reasonable attorney's fees

15  **ON THE FIFTH CAUSE OF ACTION**

16  7.  For damages in an amount in excess of $10,500 and subject to proof at time of

17  trial.

18  8.  For liquidated damages in an amount in excess of $10,500 and subject to proof at

19  time of trial.

20  9.  For penalties, interest, reasonable attorney's fees and costs of suit.

21  **ON THE SIXTH CAUSE OF ACTION**

22  10.  For damages in an amount in excess of $1,000 and subject to proof at time of trial.

23  **ON THE SEVENTH CAUSE OF ACTION**

24  11.  For damages in an amount subject to proof at time of trial.

25  **ON ALL CAUSES OF ACTION**

26  12.  For costs of suit.

27  13.  For pre and post judgment interest.

28

1       14.    For such other and further relief as the court may deem proper.

2   DATED: May 31, 2007                          LAW OFFICES OF MICHAEL L. TRACY

3

4                                        By:     _____
                                                 MEGAN ROSS HUTCHINS, Attorney for
5                                                Plaintiff ROY FRAWLEY

6                              **DEMAND FOR JURY TRIAL**

7   Plaintiffs hereby demand a jury trial.

8   DATED: May 31, 2007                          LAW OFFICES OF MICHAEL L. TRACY

9

10                                       By:     _____
                                                 MEGAN ROSS HUTCHINS, Attorney for
11                                               Plaintiff ROY FRAWLEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -7-

1  Henry M. Lee, Bar No. 156041
   HENRY M. LEE, LAW CORPORATION
2  3530 Wilshire Boulevard, Suite 1130
   Los Angeles, California 90010
3  (213) 382 -0955
   (213) 382-0956 Facsimile
4
   Attorneys for Plaintiff
5                  Case assigned to
                   Judge
6



**FILED**
LOS ANGELES SUPERIOR COURT

JUN 1 3 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9

10  SON YOUNG KIM, an individual,           )      CASE NO.:    BC372628
                                            )
11          Plaintiff,                       )      **COMPLAINT FOR DAMAGES:**
                                            )
12  vs.                                     )      1. **UNFAIR COMPETITION;**
                                            )      2. **LABOR CODE VIOLATIONS;**
13                                          )
    NEW STAR REFRIGERATOR AIR,              )
14  a business entity of unknown            )
    organization; SANG SOO KIM, an          )
15  individual and DOES 1 to 100,           )
    inclusive,                              )
16                                          )
            Defendants.                     )
17  _____ )

18      Plaintiff Son Young Kim, an individual (herein "Plaintiff"), hereby complains, alleges

19  and avers as follows:

20                          **GENERAL ALLEGATIONS**

21      1.    Plaintiff is an individual residing in Los Angeles County, California and was a

22  former employee of Defendants identified herein.

23      2.    Plaintiff is informed and believes and based thereon alleges that Defendant

24  NEW STAR REFRIGERATOR AIR is a business entity of unknown organization with

25  its principal places of business in the County of Los Angeles, California. Plaintiff is

26  informed and believes and based thereon alleges that SANG SOO KIM is an individual

27  residing in the County of Los Angeles, State of California and is the owner of NEW

28

                                      1
                                  **Complaint**





1  STAR REFRIGERATOR AIR. Plaintiff alleges each of said Defendants, including the

2  unknown Defendants identified as DOES, directly or indirectly controlled or affected the

3  working conditions, wages, working hours, and conditions of employment of Plaintiff so

4  as to make each of said Defendants employers and liable as employers under the statutory

5  provisions set forth herein (collectively "Defendants"). Plaintiff further alleges, and as

6  further set forth below, that in violation of the provisions of Labor Code Section 226,

7  Defendants and each of them willfully failed to identify the name and address of the

8  person or entity who was the employer; therefore, Plaintiff alleges that Defendants

9  qualify as joint employers for purposes of liability.

10     3.    The true names and capacities, whether individual, corporate, associate, or

11  otherwise, of defendants designated as DOES 1 through 100, inclusive, are currently

12  unknown to Plaintiff, who therefore sue said defendants by such fictitious names. Each

13  of the DOE defendants co conspired with or is otherwise legally responsible in some

14  manner for the acts, omissions, events and happenings which proximately caused

15  damages to Plaintiff, as herein alleged. Plaintiff will ask leave of court to amend this

16  Complaint to allege their true names and capacities when the same have been ascertained.

17     4.    At all times mentioned herein, Defendants, and each of them, were the agents,

18  representatives, employees, co conspirators, successors and/or assigns, each of the other,

19  and were acting within the course and scope of their authority as such agents,

20  representatives, employees, co conspirator, successors and/or assigns, and each Defendant

21  ratified and approved the acts of its, his or her agent, and/or that of the remaining

22  Defendants, and each of them. Plaintiff further alleges to the extent any Defendant is a

23  separate business entity, that there existed such a unity of interest and commonality of

24  control, including possible commingling of funds, lack of adequate capitalization, failure

25  to maintain proper books and records, and additional omissions, there truly is no

26  separation or distinction between the individual and the entity. Plaintiff alleges the

27  entities were nothing more than mere instrumentalities, shells and alter egos of each of

28  the individual defendants such that adherence to the fiction of a separate entity should be

1   ignored and the entities treated as though they were one and the same as the individuals

2   and vice versa.

3   ## FIRST CAUSE OF ACTION

4   **(Unlawful Business Practices in Violation of Bus.&Prof. Code Section 17200 et seq.**

5   **Against all Defendants)**

6      5.   Plaintiff incorporates paragraphs 1 to 4 as though set forth in full herein.

7      6.   Plaintiff alleges that within the four years preceding the filing of this

8   Complaint, Defendants and each of them engaged in numerous unlawful and deceptive

9   activities in violation of the most basic of labor standards, which unlawful conduct

10  afforded Defendants and each of them the ability to unfairly compete against other

11  businesses that did comply with the law.  Plaintiff alleges the unlawful activities include

12  but are not limited to the following.  Defendants and each of them violated the provisions

13  of the Labor Code and applicable Industrial Welfare Commission Order by: failing to pay

14  Plaintiff for overtime hours worked; failing to provide Plaintiff with meal and rest

15  periods; failing to provide Plaintiff with accounting of wages paid and maintaining

16  records of hours worked and wages paid

17     7.   Plaintiff estimates in the four years preceding the filing of this lawsuit,

18  Defendants and each of them hired Plaintiff who was a victim of Defendants and each of

19  their unlawful and unfair business practices.  Plaintiff estimates the amounts personally

20  owed to Plaintiff as follows, which include unpaid wages and unpaid overtime wages:

21  Start:      July 5, 2005

22  End Date: October 31, 2005

23  16 weeks = 80 days

24  Regular Rate:      $28.85 (based on promised salary of $5,000 per month)

25  Overtime Rate:    $42.75

26  Plaintiff estimates he worked 10 hours o/t per week.

27  16 weeks x $42.75 x 10 hrs = 6,840.00 (unpaid overtime)

28  16 weeks x $28.85 x 40 hrs = 18,464.00 (unpaid wages)

**ESTIMATED UNPAID WAGES:**

| | | |
|---|---|---|
| a. | Unpaid wages: | $18,640.00 |
| b. | Unpaid overtime wage: | $ 6,840.00 |
| c. | Meal Break Premium Wages: | $ 2,308.00 |
| d. | Rest Period Premium Wages: | $ 2,308.00 |
| e. | 226 penalties: | $ 4,000.00 |
| f. | 203 penalties: | $ 6,924.00 |
| | **TOTAL:** | **$41,020.00** |

Plaintiff reserves the right to seek all penalties, waiting time and interest, as well as all other additional damages as permitted by law.

8.    Plaintiffs request restitution of all unpaid wages, unpaid overtime compensation, Premium Wages according to proof, interest, and costs, as well as injunctive relief against Defendants as well as appointment of a receiver to ensure Defendants' cease their unlawful operations, as well as all relief permitted by Sections 17200, et seq.

## SECOND CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME WAGES AGAINST ALL DEFENDANTS)

9.    Plaintiff hereby incorporates paragraphs 1 through 8 as though set forth in full herein.

10. Plaintiff alleges that within three years prior to filing of this action, pursuant to the provisions of the California Code of Regulations and the applicable Industrial Welfare Commission Order, Defendants and each of them were required to compensate each and every one of its non exempt employees, including Plaintiff, for overtime wages at the rate of 1.5 times the regular hourly rate of pay for hours worked in excess of 8 hours per day or 40 hours per week, and overtime wages at twice the regular rate of pay for hours worked in excess of 12 hours per day, and over 8 hours on a seventh consecutive work day.

4
Complaint

1    11. Plaintiff alleges that Defendants and each of them violated the Labor Code and

2  Industrial Welfare Commission Order and failed to pay Plaintiff overtime wages for hours

3  which would qualify for overtime wages.

4    12. Pursuant to the provisions of the California Code of Regulations and applicable

5  Industrial Welfare Commission Order, Plaintiff is entitled to recover overtime wages at

6  the applicable rates of overtime pay, including double overtime, for all hours which

7  constitute statutory overtime hours.

8    13.    Plaintiff, therefore seeks recovery of all unpaid overtime wages at the

9  applicable hourly and overtime wage rates, including all penalties, interest and other

10  damages, as stated in paragraph 7 above, or as proven at the time of trial.

11    14.    Plaintiff also seeks the recovery of attorneys fees pursuant to Labor Code

12  Section 1194.

13                              **THIRD CAUSE OF ACTION**

14            **(FAILURE TO PROVIDE MEAL PERIODS AGAINST ALL DEFENDANTS)**

15    15.    Plaintiff hereby incorporates paragraphs 1 through 14 as though set forth in full

16  herein.

17    16.    Plaintiff alleges that within three years prior to filing of this action, pursuant to

18  the provisions of Labor Code Section 512 and the applicable Industrial Welfare

19  Commission Order, Defendants and each of them were required to provide Plaintiff with

20  a meal period of not less than 30 minutes, during which the employees were to be totally

21  relieved of all duties. Said meal period is required to be provided for each 5 hour period

22  worked and a second meal period of no less than 30 minutes for employees who work

23  more than 10 hours per day.

24    17.    Plaintiff alleges that Defendants and each of them violated the Labor Code and

25  Industrial Welfare Commission Order and failed to provide employees with meal breaks

26  during which Plaintiff was completely relieved of all duties.

27

28

5
**Complaint**

 

1     18.    Pursuant to the provisions of Labor Code Section 226.7, Plaintiff is entitled to a

2    full one hour of compensation at Plaintiff's regular rate of pay for each mandatory meal

3    period not provided estimated as proven at the time of trial.

4 **FOURTH CAUSE OF ACTION**

5 **(FAILURE TO PROVIDE REST PERIODS AGAINST ALL DEFENDANTS)**

6     19.    Plaintiff hereby incorporates paragraphs 1 through 18 as though set forth in

7    full herein.

8     20.    Plaintiff alleges that within three years prior to filing of this action, pursuant to

9    the provisions of the Labor Code Section 512 and the applicable Industrial Welfare

10   Commission Order, Defendants and each of them were required to provide each of their

11   employees, including Plaintiff, with a rest period during which the employees were to be

12   totally relieved of all duties. Said rest period is required to be provided for each 4 hour

13   period worked in any single day.

14     21.    Plaintiff alleges that Defendants and each of them violated the Labor Code and

15   Industrial Welfare Commission Order failed to provide Plaintiff with proper rest periods

16   and/or if rest periods were provided, that Plaintiff was not completely relieved of all

17   duties and therefore did not constitute a proper rest period at all.

18     22.    Pursuant to the provisions of Labor Code Section 226.7, Plaintiff is entitled to a

19   full one hour of compensation at Plaintiff's regular rate of pay for each mandatory rest

20   period not provided in an amount as proven at the time of trial.

21 **FIFTH CAUSE OF ACTION**

22 **(WAITING TIME PENALTIES AGAINST ALL DEFENDANTS)**

23     23.    Plaintiff hereby incorporates paragraphs 1 through 22 as though set forth in full

24   herein.

25     24.    Plaintiff alleges that within three years prior to filing of this action, pursuant to

26   the provisions of the Labor Code and applicable Industrial Welfare Commission Order as

27   outlined above, Defendants and each of them failed to pay Plaintiff overtime wages all

28   which became due and payable upon termination of Plaintiff's employment. By failing to

6
**Complaint**



1   timely pay said wages, Defendants and each of them are liable to Plaintiff for penalties

2   pursuant to Labor Code Section 203 in an amount equal to 30 days of Plaintiff's per diem

3   wage rate, all in an amount to be determined at the time of trial, including interest thereon

4   together with reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

6   **(VIOLATION OF LABOR CODE SECTION 226 et seq. AGAINST ALL DEFENDANTS)**

7       25.     Plaintiff hereby incorporates paragraphs 1 through 24  as though set forth in

8   full herein.

9       26.     Plaintiff alleges that within three years prior to filing of this action, pursuant to

10   the provisions of the Labor Code and applicable Industrial Welfare Commission Order as

11   outlined above, Defendants and each of them were required to provide Plaintiff with an

12   accounting with each wage payment containing information as required by Labor Code

13   Section 226 et seq., which information includes but is not limited to the number of hours

14   worked and the rates of pay for said hours.  Plaintiff alleges that Defendants and each of

15   them willfully failed to provide Plaintiff with the requisite accounting as required by the

16   Labor Code and Industrial Welfare Commission Order.  By failing to provide said

17   accounting, Plaintiff suffered damages which include loss of benefits such as disability,

18   Social Security, retirement, and also incurred damages as a result of not being able to

19   determine whether or not they were properly paid, including loss of interest on all unpaid

20   wages.  Defendants and each of them are liable to Plaintiff for penalties of $50 for the

21   initial pay period in which the violation occurred and $100 for each subsequent pay

22   period, for each employee all in an amount to be determined at the time of trial, including

23   interest thereon together with reasonable attorney's fees and costs of suit.

24      27.     Plaintiff estimates that he is entitled to recover damages as permitted by statute

25   of no less than the statutory maximum penalty of  at the minimum penalty of $4,000.

26   Plaintiff also seeks recovery of attorneys fees as permitted by statute.

27

28

## SEVENTH CAUSE OF ACTION

### (FAILURE TO PAY MINIMUM WAGE AGAINST ALL DEFENDANTS)

28.    Plaintiff hereby incorporates paragraphs 1 through 27 as though set forth in full herein.

29.    Plaintiff alleges that within three years prior to filing of this action, pursuant to the provisions of the Labor Code and the applicable Industrial Welfare Commission Order, Defendants and each of them were required to compensate each and every one of its employees at a minimum wage rate of no less than $6.75 per hour.

30.    Plaintiff alleges that Defendants and each of them violated the Labor Code and Industrial Welfare Commission Order and failed to pay Plaintiff at the statutory minimum wage.

31.    Pursuant to the provisions of the Labor Code and applicable Industrial Welfare Commission Order, Plaintiff is entitled to recover wages, including liquidated damages, at the rate of no less than $6.75 for each hour he worked each day, up to 8 hours in a single day and up to 40 hours in a week, with all time worked above those limits being paid at the applicable overtime rates of pay.

32.    Plaintiff therefore seeks recovery of all unpaid wages at the legal minimum hourly wage, including all penalties, interest and other damages, including liquidated damages, as proven at the time of trial. Plaintiff also seeks the recovery of attorneys fees pursuant to Labor Code Section 1194.

## EIGHTH CAUSE OF ACTION

### (ADDITIONAL PENALTIES LABOR CODE PENALTIES AGAINST ALL DEFENDANTS)

33.    Plaintiff hereby incorporates paragraphs 1 through 27 as though set forth in full herein.

34.    Pursuant to Labor Code Section 558, Plaintiff alleges each Defendant was either an "employer" or "other person acting on behalf of an employer," and therefore all Defendants remain personally liable for the underpaid wages and additional civil

8

**Complaint**



1   penalties. Plaintiff alleges that in committing the acts stated herein constituting violations

2   of the Labor Code and provisions of the applicable Industrial Welfare Commission Order

3   regulating hours and days of work, each of the Defendants are liable for additional civil

4   penalties pursuant to Labor Code Section 558 of $50 for the first pay period wherein

5   violations occurred, and $100 for each pay period thereafter, as well as the monetary

6   amounts sufficient to recover Plaintiff's underpaid wages, as stated in paragraph 7 above,

7   or in an amount to be proven at the time of trial

8

9   PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AND EACH OF

10   THEM AS FOLLOWS:

11   ON THE FIRST CAUSE OF ACTION:

12       1.    For restitution of all unpaid wages and interest thereon;

13   ON THE SECOND THROUGH EIGHTH CAUSES OF ACTION

14       1.    For compensatory damages;

15       2.    For all civil penalties and interest;

16   ON ALL CAUSES OF ACTION:

17       1.    For attorneys fees pursuant to statute;

18       2.    For all just and reasonable relief as the court deems appropriate;

19       3.    For costs of suit.

20

21   DATED:  June 8, 2007                    HENRY M. LEE, LAW CORPORATION

22

23                                          By:
                                               Henry M. Lee
24                                             Attorneys for Plaintiff

25

26

27

28

FILED

LOS ANGELES SUPERIOR COURT

JUN 2 0 2007

JOHN A. CLARKE, CLERK

BY_____
    EDUARDO CHANES, DEPUTY

BANDER LAW FIRM LLP
Joel R. Bander (SBN 119460)
Cathe L. Caraway-Howard (SBN 143661)
1055 W. 7th Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 873-4333
Facsimile: (213) 837-4334
info@banderlaw.com

Attorneys for Plaintiff, LORELA D. MONROY

Case assigned
to Judge _____

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| LORELA D. MONROY, an individual; | Case No.:  BC373081 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | (1) Failure to Pay Overtime Compensation in Violation of Labor Code §1194; |
| CHONG HING GOLDSMITH CORP. LTD., a California corporation, dba CHONG HING JEWELERS; RONALD LEE, an individual; ELLEN LEE, an individual; VALERIE LEE, an individual; STEPHANIE JOJI LEE, an individual; and DOES 1 through 20, inclusive, | (2) Failure to Provide Meal and Rest Periods in Violation of Labor Code §226.7; |
| | (3) Failure to Pay Wages at Time of Termination in Violation of Labor Code §§201-203; |
| | (4) Failure to Provide Accurate Wage Statements in Violation of Labor Code §226; |
| Defendants. | (5) Unfair Business Practices in Violation of Business and Professions Code §17200; |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff LORELA D. MONROY ("Plaintiff") hereby alleges the following facts:

## NATURE OF THE CASE

1.    Plaintiff brings this action pursuant to California Labor Code §§200 *et seq.* to recover overtime wages, and payments in lieu of missed meal and rest breaks that she earned while employed in the jewelry and watch store owned and operated by defendants CHONG HING GOLDSMITH CORP. LTD. and its alter egos, RONALD LEE, ELLEN LEE, VALERIE LEE and

- 1 -

COMPLAINT

1  STEPHANIE JOJI LEE (collectively referred to herein as "Defendants").  Plaintiff also seeks

2  waiting time penalties pursuant to Labor Code §203 because she was not paid all wages due upon

3  termination of her employment and statutory penalties pursuant to Labor Code §226 for pay stub

4  violations.  Plaintiff also seeks restitution and other remedies under Business and Professions

5  Code §17200 *et seq.* Plaintiff further seeks to pierce the corporate veil to hold defendants

6  RONALD LEE, ELLEN LEE, VALERIE LEE and STEPHANIE JOJI LEE liable for the debts of

7  CHONG HING GOLDSMITH CORP. LTD. as its alter egos.

8  **PARTIES**

9  2.  Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

10  resident of the County of Los Angeles, State of California.

11  3.  Defendant CHONG HING GOLDSMITH CORP. LTD. is a California corporation,

12  that at all relevant times mentioned herein was regularly conducting business in the County of Los

13  Angeles, State of California, with its principal place of business at 956 N. Hill St., Los Angeles,

14  California 90012. CHONG HING GOLDSMITH CORP. LTD. owns and operates a jewelry and

15  watch store under the fictitious business name of CHONG HING JEWELERS at that location.

16  4.  Plaintiff is informed and believes, and thereon alleges that RONALD LEE was, at

17  all relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

18  California.

19  5.  Plaintiff is informed and believes, and thereon alleges that ELLEN LEE was, at all

20  relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

21  California.

22  6.  Plaintiff is informed and believes, and thereon alleges that VALERIE LEE was, at

23  all relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

24  California.

25  7.  Plaintiff is informed and believes, and thereon alleges that STEPHANIE JOJI LEE

26  was, at all relevant times mentioned herein, an individual residing in the County of Los Angeles,

27  State of California.

28  8.  Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

- 2 -

COMPLAINT

1    through 20, inclusive, and therefore sue these defendants by those fictitious names. Plaintiff will

2    seek leave of court to amend this complaint to allege their true names and capacities when they

3    have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

4    fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

5    practices alleged in this complaint.

6        9.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

7    mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

8    joint venturers or co-conspirators of each other defendant, and that each defendant was acting

9    within the course, scope and authority of such agency, employment, partnership, joint venture or

10   conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

11   acts of the remaining defendants, and each of them.

12       10.   Plaintiff is informed and believes, and thereupon alleges that at all relevant times

13   mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

14   as a matter of law, and controlled or exercised control over the wages, hours and working

15   conditions of Plaintiff.

16                          **ALTER EGO ALLEGATIONS**

17       11.   Plaintiff is informed and believes, and thereupon alleges that at all relevant times

18   mentioned herein defendants RONALD LEE, ELLEN LEE, VALERIE LEE and STEPHANIE

19   JOJI LEE and Does 1 through 10 (the "Non-corporate defendants") were the owners of all or a

20   controlling proportion of the shares of stock of Defendant CHONG HING GOLDSMITH CORP.

21   LTD. and DOES 11 through 20 (the "Corporate defendants"), and that there existed between the

22   Non-corporate defendants and Corporate defendants, a unity of interest and ownership, such that

23   any individuality and separateness between the Non-corporate defendants and Corporate

24   defendants, never existed or has ceased, and that the Non-corporate defendants are the alter ego of

25   the Corporate defendants in that:

26           a.    The Corporate defendants were conceived, intended and used by the Non-

27       corporate defendants, and each of them, as a device for the purpose of substituting a

28       financially insolvent corporation in the place of the Non-corporate defendants to avoid

- 3 -

BANDER LAW FIRM LLP
1035 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1   individual liability for the Labor Code violations alleged herein;

2       b.      The Non-corporate defendants, and each of them, held themselves out to

3   Plaintiff and to other creditors that they were personally responsible for the debts of

4   Corporate defendants, including the wages earned by Plaintiff;

5       c.      The Non-corporate defendants, and each of them, used the assets of

6   Corporate defendants for their own purposes as though it were their own, and caused assets

7   of Corporate defendants to be transferred to them, or to entities they controlled, or to their

8   family members, without adequate consideration and to avoid creditors, including

9   employees;

10      d.      The Non-corporate defendants, and each of them, dominated and controlled

11  the finances of Corporate defendants, treated the corporate accounts as their personal bank

12  accounts, and commingled corporate and personal funds for their personal use and to avoid

13  creditors of Corporate defendants, including its employees;

14      e.      The Non-corporate defendants, and each of them, completely disregarded

15  the corporate formalities and separateness of Corporate defendants, in that the operations

16  of Corporate defendants, were carried out without the holding of shareholders' or

17  directors' meetings, records or minutes of any corporate proceedings were not maintained,

18  and transactions between and among the Non-corporate defendants and Corporate

19  defendants, were neither approved by directors nor shareholders, nor properly documented.

20      12.     Plaintiff is informed and believes, and thereupon alleges that adherence to the

21  fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

22  corporate defendants, and each of them, would permit an abuse of the corporate privilege and

23  would sanction fraud and promote injustice in that, among other things, the Non-corporate

24  defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

25  from underpaying its employees.

26  ///

27  ///

28

- 4 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### IN VIOLATION OF LABOR CODE §1194

#### (Against All Defendants)

13.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

14.     Defendants, and each of them, employed Plaintiff as a sales associate in their jewelry and watch store at 956 N. Hill St., Los Angeles, California 90012 from on or about January 3, 2003 until approximately January 12, 2007. From June 18, 2003 to January 12, 2007, Plaintiff worked in excess of 11,000 hours and was paid a total of $100,350.00 or an average hourly rate of $9.96 per hour. Defendants paid Plaintiff $2,500 per month. Thus, pursuant to Labor Code §515, Plaintiff's effective hourly rate was $14.42.

15.     As a sales associate employed by defendants, and each of them, the duties of Plaintiff included selling jewelries and watches, conducting inventories of merchandise and setting up merchandising displays and other assigned tasks all performed at Defendants' store. Plaintiff's job duties did not include, and never primarily included, employment in an administrative, executive or professional capacity. More particularly, Plaintiff was never primarily engaged in any work which was intellectual, managerial or creative, and which required exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other employees. Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt employee.

16.     At all relevant times mentioned herein, defendants, and each of them, required, permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day and forty (40) hours per workweek.

17.     Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001, as adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

- 5 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the

2  seventh consecutive day of the workweek.

3      18.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001,

4  Plaintiff is entitled to recover her unpaid overtime wages in the amount of $58,170.36, plus

5  interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

6  whichever is greater.

7  SECOND CAUSE OF ACTION

8  FAILURE TO PROVIDE MEAL AND REST PERIODS

9  IN VIOLATION OF LABOR CODE §226.7

10  (Against All Defendants)

11      19.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

12  preceding paragraphs, as though fully set forth herein.

13      20.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, defendants,

14  and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

15  period for each scheduled work shift of more than five and a half hours and a ten-minute

16  uninterrupted rest period for each scheduled work shift of four hours.

17      21.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

18  meal or rest periods during her employment.

19      22.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

20  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

21  uninterrupted ten-minute rest period.

22      23.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

23  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

24  uninterrupted thirty-minute meal period.

25      24.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

26  $33,262.24, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

27  to proof at trial.

28  ///

- 6 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## THIRD CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF TERMINATION

### IN VIOLATION OF LABOR CODE §§201-203

#### (Against All Defendants)

25.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

26.     Plaintiff was terminated on or about January 12, 2007. Defendants, and each of them, failed to pay Plaintiff all wages she earned at the time of her termination. Defendants, and each of them, were paying Plaintiff an effective hourly rate of $14.42.

27.     Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the termination of her employment, all earned and unpaid wages for all hours worked.

28.     Defendants, and each of them, have willfully failed to pay all such wages owing to Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the amount of at least $3,460.80, or according to proof, whichever is greater.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF LABOR CODE §226

#### (Against All Defendants)

29.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

30.     California Labor Code §226 and Industrial Wage Order No. 4-2001, obligate defendants, and each of them, as employers, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing the total hours worked by Plaintiff.

31.     Specifically, Labor Code §226 provides, in pertinent part:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross

- 7 -

1   wages earned, (2) total hours worked by the employee, except for any employee
    whose compensation is solely based on a salary and who is exempt from payment
2   of overtime under subdivision (a) of Section 515 or any applicable order of the
3   Industrial Welfare Commission, (3) the number of piece-rate units earned and any
    applicable piece rate if the employee is paid on a piece-rate basis, (4) all
4   deductions, provided that all deductions made on written orders of the employee
    may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
5   dates of the period for which the employee is paid, (7) the name of the employee
    and his or her social security number, except that by January 1, 2008, only the last
6   four digits of his or her social security number or an employee identification
7   number other than a social security number may be shown on the itemized
    statement, (8) the name and address of the legal entity that is the employer, and (9)
8   all applicable hourly rates in effect during the pay period and the corresponding
9   number of hours worked at each hourly rate by the employee. The deductions made
    from payments of wages shall be recorded in ink or other indelible form, properly
10  dated, showing the month, day, and year, and a copy of the statement or a record of
    the deductions shall be kept on file by the employer for at least three years at the
11  place of employment or at a central location within the State of California.

12      32.     Defendants, and each of them, failed to keep precise records of Plaintiff's hours

13  worked, and further failed to provide accurate itemized wage statements with each payment of

14  wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 4-2001.

15      33.     Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

16  violation and $100.00 per pay period for each subsequent violation of this section, according to

17  proof, of up to a maximum of $4,000.00.

18                          **FIFTH CAUSE OF ACTION**

19              **UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

20                **BUSINESS & PROFESSIONS CODE §17200**

21                         **(Against All Defendants)**

22      34.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

23  preceding paragraphs as though fully set forth herein.

24      35.     Pursuant to California Business & Professions Code §17200 et seq., and related

25  statutory provisions, defendants, and each of them, were obligated to refrain from engaging in

26  unfair business practices, including the unfair business practices of failing to comply with

27  applicable wage and hour laws of the State of California.

28

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 8 -

1    36.    Defendants, and each of them, have engaged in the unfair business practices of

2    consistently and knowingly committing the violations against plaintiff as alleged in this

3    Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

4    37.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

5    criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

6    Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

7    Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

8    compensation improperly withheld from Plaintiff, as alleged herein.

9    38.    Plaintiff further requests that a receiver be appointed to control and monitor all of

10   the business affairs of defendants, and each of them, to ensure compliance with applicable wage

11   and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

12   her owed and unpaid compensation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(1)    For unpaid overtime wages pursuant to Labor Code §§510 and 1194 in amount of
       $58,170.36, or according to proof, whichever is greater;

(2)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the
       amount of $33,262.24 or according to proof, whichever is greater;

(3)    For waiting time penalties pursuant to Labor Code §§201-203 of $3,460.80 or
       according to proof, whichever is greater;

(4)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,
       whichever is lesser;

(5)    For any and all other applicable statutory penalties, as provided by law;

(6)    For interest on all unpaid wages, according to proof;

(7)    For an order requiring restitution to Plaintiff of all owed and unpaid wages;

(8)    For an appointment of a receiver;

(9)    For a permanent injunction;

(10)   For costs of suit herein, including attorneys' fees, according to proof, pursuant to

- 9 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    Labor Code §1194;

2    (11)    For such other and further relief as the Court deems just and proper.

3    DATED: *June 15, 2007*          BANDER LAW FIRM LLP

4

5

6    By *Cathe L. Caraway-Howard*
          Cathe L. Caraway-Howard

7          Attorneys for Plaintiff,
          LORELA D. MONROY

8

9

10                    **DEMAND FOR JURY TRIAL**

11    Plaintiff hereby demands a jury trial in the above-captioned action.

12    DATED: *June 15, 2007*          BANDER LAW FIRM LLP

13

14

15    By *Cathe L. Caraway-Howard*
          Cathe L. Caraway-Howard

16          Attorneys for Plaintiff,
          LORELA D. MONROY

17

18

19

20

21

22

23

24

25

26

27

28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 10 -

COMPLAINT