# EXHIBIT B
# PART 2 OF 2

1  | BANDER LAW FIRM LLP
2  | Joel R. Bander (SBN 119460)
   | Cathe L. Caraway-Howard (SBN 143661)
3  | 1055 W. 7th Street, Suite 1950
   | Los Angeles, California 90017
4  | Telephone: (213) 873-4333
   | Facsimile: (213) 837-4334
5  | info@banderlaw.com
6  | Attorneys for Plaintiff, YUQIN XU

**FILED**
LOS ANGELES SUPERIOR COURT

JUN 21 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

Case assigned to Judge Haley J.

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                          UNLIMITED JURISDICTION

11  | YUQIN XU, an individual;                    )  Case No.:    BC373159
12  |              Plaintiff,                     )  **COMPLAINT FOR:**
13  |      vs.                                    )
    |                                             )  (1)  Failure to Pay Minimum Wage in
14  | HUNAN RESTAURANT, a Business Entity         )       Violation of Labor Code §1194;
    | (form unknown); JINYU JIANG, an individual  )  (2)  Failure to Pay Overtime Compensation
15  | doing business as HUNAN RESTAURANT;         )       in Violation of Labor Code §1194;
    | JIANJUN TANG, an individual doing business  )  (3)  Failure to Provide Meal and Rest Periods
16  | as HUNAN RESTAURANT; and DOES 1             )       in Violation of Labor Code §226.7;
    | through 20, inclusive,                      )  (4)  Failure to Pay Wages at Time of
17  |                                             )       Termination in Violation of Labor Code
    |              Defendants.                    )       §§201-203;
18  |                                             )  (5)  Failure to Provide Accurate Wage
    |                                             )       Statements in Violation of Labor Code
19  |                                             )       §226;
    |                                             )  (6)  Unfair Business Practices in Violation of
20  |                                             )       Business and Professions Code §17200;
    |                                             )
21                                                  **DEMAND FOR JURY TRIAL**

22

23          Plaintiff YUQIN XU ("Plaintiff") hereby alleges the following facts:

24                          **NATURE OF THE CASE**

25      1.    Plaintiff brings this action pursuant to California Labor Code §§226.7, 510, and

26  1194 for unpaid minimum and overtime wages, and payments in lieu of missed meal and rest

27  breaks that she earned while employed in the restaurant owned and operated by defendants

28  HUNAN RESTAURANT, and its alter egos, JINYU JIANG and JIANJUN TANG (collectively

                                          - 1 -
                                       COMPLAINT

1  referred to herein as "Defendants"). Plaintiff also seeks waiting time penalties pursuant to Labor

2  Code §203 because she was not paid all wages due upon termination of her employment and

3  statutory penalties pursuant to Labor Code §226 for pay stub violations. Plaintiff also seeks

4  restitution and other remedies under Business and Professions Code §17200 *et seq.* Plaintiff

5  further seeks to pierce the corporate veil to hold defendants JINYU JIANG and JIANJUN TANG

6  liable for the debts of HUNAN RESTAURANT as its alter egos.

## PARTIES

8      2.      Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

9  resident of the State of California.

10      3.      Defendant HUNAN RESTAURANT is a Business Entity (form unknown), that at

11  all relevant times mentioned herein was regularly conducting business in the County of Los

12  Angeles, State of California, with its principal place of business at 423 N. Atlantic Blvd., #101,

13  Monterey Park, California 91754.

14      4.      Plaintiff is informed and believes, and thereon alleges that JINYU JIANG was, at

15  all relevant times mentioned herein, an individual residing in the County of Los Angeles, State of

16  California.

17      5.      Plaintiff is informed and believes, and thereon alleges that JIANJUN TANG was,

18  at all relevant times mentioned herein, an individual residing in the County of Los Angeles, State

19  of California.

20      6.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

21  through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

22  seek leave of court to amend this complaint to allege their true names and capacities when they

23  have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

24  fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

25  practices alleged in this complaint.

26      7.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

27  mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

28  joint venturers or co-conspirators of each other defendant, and that each defendant was acting

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1    within the course, scope and authority of such agency, employment, partnership, joint venture or
2    conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the
3    acts of the remaining defendants, and each of them.

4        8.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
5    mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff
6    as a matter of law, and controlled or exercised control over the wages, hours and working
7    conditions of Plaintiff.

8                        **ALTER EGO ALLEGATIONS**

9        9.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
10    mentioned herein defendants JINYU JIANG and JIANJUN TANG  and Does 1 through 10 (the
11    "Non-corporate defendants") were the owners of all or a controlling proportion of the shares of
12    stock of Defendant HUNAN RESTAURANT, and DOES 11 through 20 (the "Corporate
13    defendants"), and that there existed between the Non-corporate defendants and Corporate
14    defendants, a unity of interest and ownership, such that any individuality and separateness
15    between the Non-corporate defendants and Corporate defendants, never existed or has ceased, and
16    that the Non-corporate defendants are the alter ego of the Corporate defendants in that:

17        a.    The Corporate defendants were conceived, intended and used by the Non-
18        corporate defendants, and each of them, as a device for the purpose of substituting a
19        financially insolvent corporation in the place of the Non-corporate defendants to avoid
20        individual liability for the Labor Code violations alleged herein;

21        b.    The Non-corporate defendants, and each of them, held themselves out to
22        Plaintiff and to other creditors that they were personally responsible for the debts of
23        Corporate defendants, including the wages earned by Plaintiff;

24        c.    The Non-corporate defendants, and each of them, used the assets of
25        Corporate defendants for their own purposes as though it were their own, and caused assets
26        of Corporate defendants to be transferred to them, or to entities they controlled, or to their
27        family members, without adequate consideration and to avoid creditors, including
28        employees;

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 3 -

d.    The Non-corporate defendants, and each of them, dominated and controlled the finances of Corporate defendants, treated the corporate accounts as their personal bank accounts, and commingled corporate and personal funds for their personal use and to avoid creditors of Corporate defendants, including its employees;

e.    The Non-corporate defendants, and each of them, completely disregarded the corporate formalities and separateness of Corporate defendants, in that the operations of Corporate defendants, were carried out without the holding of shareholders' or directors' meetings, records or minutes of any corporate proceedings were not maintained, and transactions between and among the Non-corporate defendants and Corporate defendants, were neither approved by directors nor shareholders, nor properly documented.

10.    Plaintiff is informed and believes, and thereupon alleges that adherence to the fiction of the separate existence of Corporate defendants as an entity distinct from the Non-corporate defendants, and each of them, would permit an abuse of the corporate privilege and would sanction fraud and promote injustice in that, among other things, the Non-corporate defendants, and each of them, set up the business of Corporate defendants to make an unfair profit from underpaying its employees.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE

## IN VIOLATION OF LABOR CODE §1194

### (Against All Defendants)

11.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

12.    Defendants, and each of them, employed Plaintiff as a waitress and kitchen helper at 423 N. Atlantic Blvd., #101, Monterey Park, California, 91754 from on or about September 1, 2005 until approximately February 28, 2007. Plaintiff worked in excess of 5616 hours and was paid a total of $33,600.00 or an average hourly rate of $5.98 per hour.

13.    Pursuant to Title 8 of the California Code of Regulations §11000 *et seq.*, Labor Code §1194, and Industrial Wage Order No. 5-2001, as adopted by the California Department of

- 4 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

1  Industrial Relations defendants, and each of them, were obligated to pay to Plaintiff at least the

2  minimum wage of $6.75 per hour for all hours worked up to midnight on December 31, 2006, and

3  $7.50 per hour for all hours worked after that.

4       14.     Defendants, and each of them, failed to pay the minimum wage to Plaintiff for her

5  hours worked at any time during the period of employment alleged herein.

6       15.     Pursuant to Labor Code §1194, Plaintiff is entitled to recover unpaid minimum

7  wages of at least $4,758.00, plus interest at the legal rate, attorneys' fees and costs.

8       16.     Plaintiff is further entitled to liquidated damages pursuant to Labor Code §1194.2

9  in the amount of $4,758.00, or equal to the amount awarded as unpaid minimum wages.

10                          SECOND CAUSE OF ACTION

11                    FAILURE TO PAY OVERTIME COMPENSATION

12                    IN VIOLATION OF LABOR CODE §1194

13                          (Against All Defendants)

14       17.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

15  preceding paragraphs, as though fully set forth herein.

16       18.    As a waitress and kitchen helper employed by defendants, and each of them, the

17  duties of Plaintiff involved assisting with food preparation, cooking, cleaning, maintenance, taking

18  orders of the customers of the restaurant, serving food to customers of the restaurant, and other

19  assigned tasks. Plaintiff's job duties did not include, and never primarily included, employment in

20  an administrative, executive or professional capacity. More particularly, Plaintiff was never

21  primarily engaged in any work which was intellectual, managerial or creative, and which required

22  exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other

23  employees. Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt

24  employee.

25       19.    At all relevant times mentioned herein, defendants, and each of them, required,

26  permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

27  and forty (40) hours per workweek.

28       20.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

- 5 -

1  adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one

2  and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

3  worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

4  workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

5  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the

6  seventh consecutive day of the workweek.

7       21.    Defendants paid Plaintiff $2,400.00 per month.  Thus, pursuant to Labor Code

8  §515, Plaintiff's effective hourly rate was $10.96.

9       22.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,

10 Plaintiff is entitled to recover her unpaid overtime wages in the amount of $40,091.44, plus

11 interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

12 whichever is greater.

13              THIRD CAUSE OF ACTION

14        FAILURE TO PROVIDE MEAL AND REST PERIODS

15          IN VIOLATION OF LABOR CODE §226.7

16                (Against All Defendants)

17       23.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

18 preceding paragraphs, as though fully set forth herein.

19       24.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants,

20 and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

21 period for each scheduled work shift of more than five and a half hours and a ten-minute

22 uninterrupted rest period for each scheduled work shift of four hours.

23       25.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

24 meal or rest periods during her employment.

25       26.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

26 entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

27 uninterrupted ten-minute rest period.

28       27.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 6 -

1  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

2  uninterrupted thirty-minute meal period.

3      28.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

4  $10,104.20, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

5  to proof at trial.

6                          FOURTH CAUSE OF ACTION

7              FAILURE TO PAY WAGES AT TIME OF TERMINATION

8                  IN VIOLATION OF LABOR CODE §§201-203

9                          (Against All Defendants)

10      29.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

11  preceding paragraphs, as though fully set forth herein.

12      30.    Plaintiff quit on or about February 28, 2007. Defendants, and each of them, failed

13  to pay Plaintiff all wages she earned at the time of her termination. Defendants, and each of them,

14  were paying Plaintiff an effective hourly rate of $10.96.

15      31.    Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

16  termination of her employment, all earned and unpaid wages for all hours worked.

17      32.    Defendants, and each of them, have willfully failed to pay all such wages owing to

18  Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

19  amount of at least $2,630.40, or according to proof, whichever is greater.

20                          FIFTH CAUSE OF ACTION

21              FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

22                  IN VIOLATION OF LABOR CODE §226

23                          (Against All Defendants)

24      33.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

25  preceding paragraphs, as though fully set forth herein.

26      34.    California Labor Code §226 and Industrial Wage Order No. 5-2001, obligate

27  defendants, and each of them, as employers, to keep an accurate record of the hours of labor

28  worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

1    statement accurately showing the total hours worked by Plaintiff.

2        35.    Specifically, Labor Code §226 provides, in pertinent part:

3    Every employer shall, semimonthly or at the time of each payment of wages,
     furnish each of his or her employees, either as a detachable part of the check, draft,
4    or voucher paying the employee's wages, or separately when wages are paid by
     personal check or cash, an accurate itemized statement in writing showing (1) gross
5    wages earned, (2) total hours worked by the employee, except for any employee
     whose compensation is solely based on a salary and who is exempt from payment
6    of overtime under subdivision (a) of Section 515 or any applicable order of the
     Industrial Welfare Commission, (3) the number of piece-rate units earned and any
7    applicable piece rate if the employee is paid on a piece-rate basis, (4) all
     deductions, provided that all deductions made on written orders of the employee
8    may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
     dates of the period for which the employee is paid, (7) the name of the employee
9    and his or her social security number, except that by January 1, 2008, only the last
     four digits of his or her social security number or an employee identification
10   number other than a social security number may be shown on the itemized
     statement, (8) the name and address of the legal entity that is the employer, and (9)
11   all applicable hourly rates in effect during the pay period and the corresponding
     number of hours worked at each hourly rate by the employee. The deductions made
12   from payments of wages shall be recorded in ink or other indelible form, properly
     dated, showing the month, day, and year, and a copy of the statement or a record of
13   the deductions shall be kept on file by the employer for at least three years at the
     place of employment or at a central location within the State of California.
14

15       36.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours

16   worked, and further failed to provide accurate itemized wage statements with each payment of

17   wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 5-2001.

18       37.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

19   violation and $100.00 per pay period for each subsequent violation of this section, according to

20   proof, of up to a maximum of $4,000.00.

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## SIXTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATION OF

### BUSINESS & PROFESSIONS CODE §17200

### (Against All Defendants)

       38.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

preceding paragraphs as though fully set forth herein.

- 8 -

COMPLAINT

1    39.    Pursuant to California Business & Professions Code §17200 *et seq.*, and related
2    statutory provisions, defendants, and each of them, were obligated to refrain from engaging in
3    unfair business practices, including the unfair business practices of failing to comply with
4    applicable wage and hour laws of the State of California.

5    40.    Defendants, and each of them, have engaged in the unfair business practices of
6    consistently and knowingly committing the violations against plaintiff as alleged in this
7    Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

8    41.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,
9    criminal and fraudulent practices alleged herein, have enriched themselves at the expense of
10   Plaintiff and have gained an unfair competitive advantage over law-abiding employers.
11   Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime
12   compensation improperly withheld from Plaintiff, as alleged herein.

13   42.    Plaintiff further requests that a receiver be appointed to control and monitor all of
14   the business affairs of defendants, and each of them, to ensure compliance with applicable wage
15   and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of
16   her owed and unpaid compensation.

17                                          PRAYER

18   WHEREFORE, Plaintiff prays for judgment as follows:

19   (1)    For unpaid minimum wages pursuant to Labor Code §1194, in the amount of
20          $4,758.00, or according to proof, whichever is greater;

21   (2)    For liquidated damages pursuant to Labor Code §1194.2, in the amount of
22          $4,758.00, or equal to the amount of minimum wages awarded at trial, whichever is
23          greater;

24   (3)    For unpaid overtime wages pursuant to Labor Code §§510 and 1194 in amount of
25          $40,091.44, or according to proof, whichever is greater;

26   (4)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the
27          amount of $10,104.20 or according to proof, whichever is greater;

28   (5)    For waiting time penalties pursuant to Labor Code §§201-203 of $2,630.40 or

- 9 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-0333

1    according to proof, whichever is greater;

2    (6)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,

3           whichever is lesser;

4    (7)    For any and all other applicable statutory penalties, as provided by law;

5    (8)    For interest on all unpaid wages, according to proof;

6    (9)    For an order requiring restitution to Plaintiff of all owed and unpaid wages;

7    (10)   For an appointment of a receiver;

8    (11)   For a permanent injunction;

9    (12)   For costs of suit herein, including attorneys' fees, according to proof, pursuant to

10          Labor Code §1194;

11   (13)   For such other and further relief as the Court deems just and proper.

12   DATED:    June 15, 2007            BANDER LAW FIRM LLP

13

14

15                                     By _____
                                          Cathe L. Caraway-Howard
16                                        Attorneys for Plaintiff,
                                          YUQIN XU
17

18

19                          DEMAND FOR JURY TRIAL

20   Plaintiff hereby demands a jury trial in the above-captioned action.

21   DATED:    June 15, 2007            BANDER LAW FIRM LLP

22

23                                     By _____
                                          Cathe L. Caraway-Howard
24                                        Attorneys for Plaintiff,
                                          YUQIN XU
25

26

27

28

- 10 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff REBECCA FERRUOLO

**FILED**

LOS ANGELES SUPERIOR COURT

JUN 2 6 2007

JOHN A. CLARKE, CLERK

BY B.M. SWAIN, DEPUTY

6

7

8                 SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  REBECCA FERRUOLO, an individual,          )  Case No.   BC373349
                                             )
12            Plaintiff,                      )  **COMPLAINT FOR UNPAID**
                                             )  **OVERTIME, MEAL PENALTIES,**
13      vs.                                   )  **WAITING TIME PENALTIES,**
                                             )  **FAILURE TO ITEMIZE WAGE**
14  COLDWELL BANKER RESIDENTIAL             )  **STATEMENTS, UN-REIMBURSED**
    BROKERAGE COMPANY, a California           )  **EXPENSES AND VIOLATIONS OF**
15  corporation; JADE MILLS, an individual; and )  **CALIFORNIA BUSINESS AND**
    DOES 1 through 50, inclusive,             )  **PROFESSIONS CODE SECTION 17200**
16                                            )
             Defendants.                      )  **JURY TRIAL DEMANDED**
17                                            )
                                             )
18

19      Plaintiff, REBECCA FERRUOLO, alleges:

20                      **GENERAL ALLEGATIONS**

21      1.    This Court is the proper court and this action is properly filed in the County of Los

22  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23  and because Defendants' obligations and liabilities arise therein, and because the work being

24  performed by Plaintiff in the County of Los Angeles is the subject of this action.

25      2.    Defendant, COLDWELL BANKER RESIDENTIAL BROKERAGE COMPANY,

26  is California corporation located in California and doing business in the County of Los Angeles,

27  State of California.

28      3.    Defendant, JADE MILLS, is an individual doing business in the County of Los

                              COMPLAINT

1 | Angeles, State of California.

2 | 4. The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

3 | therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

4 | show their true names and capacities when they have been ascertained. Plaintiff is informed and

5 | believes, and hereon alleges, that such Doe defendants are residents of California.

6 | 5. Plaintiff is informed and believes that Defendants, each and all of them, at all times

7 | material hereto, were the joint employers, parent companies, successor companies, predecessors in

8 | interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

9 | representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

10 | unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

11 | herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

12 | damages as herein alleged.

13 | 6. Plaintiff was employed by Defendants from August 2006 to March 2007.

14 | **FIRST CAUSE OF ACTION**

15 | **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

16 | **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

17 | **(AGAINST ALL DEFENDANTS)**

18 | 7. Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

19 | 8. Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

20 | Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

21 | compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

22 | regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

23 | and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

24 | of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

25 | 9. Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

26 | Defendants failed to compensate Plaintiff for all overtime premiums.

27 | 10. As a proximate result of Defendants' violations, Plaintiff has been damaged in an

28 | amount in excess of $21,620 and subject to proof at time of trial.

1      11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

2  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

3  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

4  fees and costs of suit.

<strong><u>SECOND CAUSE OF ACTION</u></strong>

<strong>FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER</strong>

<strong>CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND</strong>

<strong>CALIFORNIA LABOR CODE SECTION 512</strong>

<strong>(AGAINST ALL DEFENDANTS)</strong>

10     12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

11     13.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

12  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

13  provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

14     14.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

15     15.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

16  Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

17  each workday that the meal period was not provided.

18     16.    Plaintiff prays for damages for missed meals in the amount of $2,402.

<strong><u>THIRD CAUSE OF ACTION</u></strong>

<strong>WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203</strong>

<strong>(AGAINST ALL DEFENDANTS)</strong>

22     17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

23     18.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

24  wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

25  Labor Code §203 in the amount of $4,015.

26  ///

27  ///

28  ///

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

### CALIFORNIA LABOR CODE SECTION 226

### (AGAINST ALL DEFENDANTS)

19.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

20.    Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

21.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked.

22.    Plaintiff suffered injury in her inability to verify her own hours worked as well as to provide proof of her income to others.

23.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $1,350 plus costs and attorney's fees.

### FIFTH CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

### (AGAINST ALL DEFENDANTS)

24.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

25.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

26.    Plaintiff worked numerous weeks in excess of forty (40) hours.

27.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

28.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

-4-

1    29.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2    30.    Plaintiff prays for judgment for overtime pay of $21,620. This amount is subsumed

3    by the overtime pay claimed in the First Cause of Action.

4    31.    Plaintiff prays for judgment for liquidated damages in the amount of $21,620. This

5    amount is supplemental to the relief requested in all other causes of action.

6    32.    Plaintiff prays for costs and attorney's fees.

7                              SIXTH CAUSE OF ACTION

8    FAILURE TO REIMBURSE EXPENSES UNDER CAL. LABOR CODE §2802

9                              (AGAINST ALL DEFENDANTS)

10    33.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

11    34.    Plaintiff's was not reimbursed for her out-of-pocket gas and mileage.

12    35.    This deduction had the effect of causing Plaintiff to incur an expense properly

13    attributable to Defendants.

14    36.    Defendants have refused to reimburse Plaintiff for this expense.

15    37.    Plaintiff is entitled to recover damages for the nonpayment of expenses, interest,

16    reasonable attorney's fees and costs of suit.

17                              SEVENTH CAUSE OF ACTION

18              VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

19                              CODE SECTION 17200

20                              (AGAINST ALL DEFENDANTS)

21    38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

22    39.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

23    terms of employment.

24    40.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

25    unlawful business practices under Business and Professions Code §17200, et. seq.

26    41.    Defendants failed to provide meal and rest breaks in accordance with California law.

27    Defendants' acts constitute unfair and unlawful business practices under Business and Professions

28    Code §17200, et. seq

1   42.   As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

2   be determined at trial.

3   WHEREFORE, Plaintiff prays damages as follows:

### ON THE FIRST CAUSE OF ACTION

5   1.   For damages in an amount in excess of $21,620 and subject to proof at time of

6   trial.

7   2.   For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SECOND CAUSE OF ACTION

9   3.   For damages in an amount in excess of $2,402 and subject to proof at time of

10  trial.

### ON THE THIRD CAUSE OF ACTION

12  4.   For damages in the amount of $4,015.

### ON THE FOURTH CAUSE OF ACTION

14  5.   For damages in the amount of $1,350.

15  6.   For costs of suit, interest, and reasonable attorney's fees

### ON THE FIFTH CAUSE OF ACTION

17  7.   For damages in an amount in excess of $21,620 and subject to proof at time of

18  trial.

19  8.   For liquidated damages in an amount in excess of $21,620 and subject to proof at

20  time of trial.

21  9.   For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SIXTH CAUSE OF ACTION

23  10.   For damages in the amount of $3,000.

24  11.   Costs of suit, interest, and reasonable attorney's fees.

### ON THE SEVENTH CAUSE OF ACTION

26  12.   For damages in an amount subject to proof at time of trial.

### ON ALL CAUSES OF ACTION

28  13.   For costs of suit.

-6-
COMPLAINT

14.  For pre and post judgment interest.

15.  For such other and further relief as the court may deem proper.

DATED:  June 25, 2007

LAW OFFICES OF MICHAEL L. TRACY

By: _____
MEGAN ROSS HUTCHINS, Attorney for
Plaintiff REBECCA FERRUOLO

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED:  June 25, 2007

LAW OFFICES OF MICHAEL L. TRACY

By: _____
MEGAN ROSS HUTCHINS, Attorney for
Plaintiff REBECCA FERRUOLO

-7-
COMPLAINT

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff REBECCA FERRUOLO

FILED
LOS ANGELES SUPERIOR COURT

JUN 2 6 2007

JOHN A. CLARKE, CLERK

BY P.M. SWAIN, DEPUTY

6

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10                              BC373348

11  REBECCA FERRUOLO, an individual,    )  Case No.
                                        )
12          Plaintiff,                  )  COMPLAINT FOR UNPAID
                                        )  OVERTIME, MEAL PENALTIES,
13      vs.                             )  WAITING TIME PENALTIES,
                                        )  FAILURE TO ITEMIZE WAGE
14  SOTHEBY'S INTERNATIONAL REALTY      )  STATEMENTS, UN-REIMBURSED
    CALIFORNIA, INC., a California corporation; )  EXPENSES AND VIOLATIONS OF
15  SHARON ALPERIN, an individual; and DOES 1 ) CALIFORNIA BUSINESS AND
    through 50, inclusive,              )  PROFESSIONS CODE SECTION 17200
16                                      )
            Defendants.                 )  JURY TRIAL DEMANDED
17  _____)

18

19      Plaintiff, REBECCA FERRUOLO, alleges:

20              <u>GENERAL ALLEGATIONS</u>

21      1.    This Court is the proper court and this action is properly filed in the County of Los

22  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23  and because Defendants' obligations and liabilities arise therein, and because the work that is

24  performed by Plaintiff in the County of Los Angeles is the subject of this action.

25      2.    Defendant, SOTHEBY'S INTERNATIONAL REALTY CALIFORNIA, INC., a

26  California corporation located in California and doing business in the County of Los Angeles, State

27  of California.

28      3.    Defendant, SHARON ALPERIN, is an individual doing business in the County of

                              COMPLAINT

1  Los Angeles, State of California.

2      4.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

3  therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

4  show their true names and capacities when they have been ascertained. Plaintiff is informed and

5  believes, and hereon alleges, that such Doe defendants are residents of California.

6      5.      Plaintiff is informed and believes that Defendants, each and all of them, at all times

7  material hereto, were the joint employers, parent companies, successor companies, predecessors in

8  interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

9  representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

10 unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

11 herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

12 damages as herein alleged.

13     6.      Plaintiff was employed by Defendants from December 2005 to July 2006.

14                              FIRST CAUSE OF ACTION

15 FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL

16     WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

17                          (AGAINST ALL DEFENDANTS)

18     7.      Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

19     8.      Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

20 Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

21 compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

22 regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

23 and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

24 of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

25     9.      Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

26 Defendants failed to compensate Plaintiff for all overtime premiums.

27     10.     As a proximate result of Defendants' violations, Plaintiff has been damaged in an

28 amount in excess of $19,094 and subject to proof at time of trial.

1      11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

2 Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

3 overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

4 fees and costs of suit.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

**CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

**CALIFORNIA LABOR CODE SECTION 512**

**(AGAINST ALL DEFENDANTS)**

10      12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

11      13.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

12 Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

13 provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

14      14.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

15      15.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

16 Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

17 each workday that the meal period was not provided.

18      16.    Plaintiff prays for damages for missed meals in the amount of $2,121.

**THIRD CAUSE OF ACTION**

**WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

**(AGAINST ALL DEFENDANTS)**

22      17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

23      18.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

24 wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

25 Labor Code §203 in the amount of $3,300.

26 ///

27 ///

28 ///

-3-
COMPLAINT

## FOURTH CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

## CALIFORNIA LABOR CODE SECTION 226

### (AGAINST ALL DEFENDANTS)

19.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

20.     Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

21.     Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked.

22.     Plaintiff suffered injury in her inability to verify her own hours worked as well as to provide proof of her income to others.

23.     Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $1,350 plus costs and attorney's fees.

## FIFTH CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

### (AGAINST ALL DEFENDANTS)

24.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

25.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

26.     Plaintiff worked numerous weeks in excess of forty (40) hours.

27.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

28.     This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

-4-

1  29.  Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2  30.  Plaintiff prays for judgment for overtime pay of $19,094. This amount is subsumed

3  by the overtime pay claimed in the First Cause of Action.

4  31.  Plaintiff prays for judgment for liquidated damages in the amount of $19,094. This

5  amount is supplemental to the relief requested in all other causes of action.

6  32.  Plaintiff prays for costs and attorney's fees.

7  ## SIXTH CAUSE OF ACTION

8  ## FAILURE TO REIMBURSE EXPENSES UNDER CAL. LABOR CODE §2802

9  ### (AGAINST ALL DEFENDANTS)

10  33.  Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

11  34.  Plaintiff's was not reimbursed for her out-of-pocket gas and mileage.

12  35.  This deduction had the effect of causing Plaintiff to incur an expense properly

13  attributable to Defendants.

14  36.  Defendants have refused to reimburse Plaintiff for this expense.

15  37.  Plaintiff is entitled to recover damages for the nonpayment of expenses, interest,

16  reasonable attorney's fees and costs of suit.

17  ## SEVENTH CAUSE OF ACTION

18  ## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

19  ### CODE SECTION 17200

20  ### (AGAINST ALL DEFENDANTS)

21  38.  Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

22  39.  Defendants failed to pay for overtime premiums that were due to Plaintiff under the

23  terms of employment.

24  40.  By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

25  unlawful business practices under Business and Professions Code §17200, et. seq.

26  41.  Defendants failed to provide meal and rest breaks in accordance with California law.

27  Defendants' acts constitute unfair and unlawful business practices under Business and Professions

28  Code §17200, et. seq

1    42.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

2    be determined at trial.

3        WHEREFORE, Plaintiff prays damages as follows:

4                    ON THE FIRST CAUSE OF ACTION

5    1.    For damages in an amount in excess of $19,094 and subject to proof at time of

6    trial.

7    2.    For penalties, interest, reasonable attorney's fees and costs of suit.

8                    ON THE SECOND CAUSE OF ACTION

9    3.    For damages in an amount in excess of $2,121 and subject to proof at time of

10    trial.

11                    ON THE THIRD CAUSE OF ACTION

12    4.    For damages in the amount of $3,300.

13                    ON THE FOURTH CAUSE OF ACTION

14    5.    For damages in the amount of $1,350

15    6.    For costs of suit, interest, and reasonable attorney's fees

16                    ON THE FIFTH CAUSE OF ACTION

17    7.    For damages in an amount in excess of $19,094 and subject to proof at time of

18    trial.

19    8.    For liquidated damages in an amount in excess of $19,094 and subject to proof at

20    time of trial.

21    9.    For penalties, interest, reasonable attorney's fees and costs of suit.

22                    ON THE SIXTH CAUSE OF ACTION

23    10.    For damages in the amount of $3,000.

24    11.    Costs of suit, interest, and reasonable attorney's fees.

25                    ON THE SEVENTH CAUSE OF ACTION

26    12.    For damages in an amount subject to proof at time of trial.

27                    ON ALL CAUSES OF ACTION

28    13.    For costs of suit.

-6-

1      14.     For pre and post judgment interest.

2      15.     For such other and further relief as the court may deem proper.

3

4   DATED: June 25, 2007                              LAW OFFICES OF MICHAEL L. TRACY

5

6                                          By:       _____
                                                     MEGAN ROSS HUTCHINS, Attorney for
7                                                    Plaintiff REBECCA FERRUOLO

8                                    **DEMAND FOR JURY TRIAL**

9   Plaintiffs hereby demand a jury trial.

10  DATED: June 25, 2007                              LAW OFFICES OF MICHAEL L. TRACY

11

12                                         By:       _____
                                                     MEGAN ROSS HUTCHINS, Attorney for
13                                                   Plaintiff REBECCA FERRUOLO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            -7-
                                        COMPLAINT

1   ROBERT R. RONNE, ESQ. (SBN 092884)
    LAW OFFICE OF ROBERT R. RONNE, APC
2   840 Apollo Street, Suite 307
    El Segundo, California 90245
3   Telephone:  (310) 322-1696
    Facsimile :  (310) 322-3039
4
    DENNIS W. RIHN, ESQ. (SBN 126233)
5   ATTORNEY AT LAW
    3460 Ocean View Boulevard, Suite F
6   Glendale, CA 91208
    Telephone: (818) 265-0525
7   Facsimile: (818) 249-2788
8   Attorneys for Plaintiff Isaias Herrera

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF LOS ANGELES

12                            CENTRAL DISTRICT

13

14   ISAIAS HERRERA,                    )    CASE NUMBER
                                        )
15                  Plaintiff,          )    COMPLAINT  FOR  WAGE  AND  HOUR
                                        )    VIOLATIONS (INCLUDING LABOR CODE
16          vs.                         )    SECTIONS 510 AND 1194)
                                        )
17   INHEE ESTHER SHIN, INHEE ESTHER)
     SHIN dba CHINA INN RESTAURANT, and)
18   DOES 1 through 100, inclusive,     )
                                        )
19                  Defendants.         )
                                        )
20

21

22

23

24          Plaintiff Isaias Herrera alleges as follows:

25                          PRELIMINARY ALLEGATIONS

26          1.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Inhee Esther

27   Shinn is an individual who at all times relevant to this action resided within the State of California,

28
                                             1

1    County of Los Angeles. Plaintiff is further informed and believes, and on that basis allege, that

2    Defendant Inhee Esther Shinn, at all times relevant to this action, utilized and conducted business under

3    the aliases and/or fictitious names of China Inn Restaurant, or variations of such fictitious name.

4    2.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to

5    this action, defendants, and each of them, were joint or successive legal employers of Plaintiff within

6    the meaning of California law, or in the alternative, the alter ego of each other (and all of them) within

7    the meaning of California law.

8    3.    Plaintiff is further informed and believes, and on that basis alleges, that defendants, and

9    each of them:

10                    (a)    Deliberately and knowingly engaged in an illegal pattern and practice of failing

11                            to maintain and retain records of wages paid employees as required by law; and

12                    (b)    Deliberately and knowingly to engaged in an illegal pattern and practice of

13                            failing to maintain and retain accurate records of days and hours worked by

14                            employees in violation of California law; and

15                    (c)    Deliberately and knowingly engaged in an illegal pattern and practice of

16                            violating California wage and hour laws, including the laws requiring payment

17                            of minimum wage and overtime compensation; and

18                    (d)    Deliberately and knowingly converted funds which should have been paid to

19                            Plaintiff as minimum wage and/or overtime compensation owing by law.

20    4.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because

21    Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE

22    defendants, and each of them. Plaintiff is informed and believe and thereupon allege that each of the

23    defendants designated herein as a DOE was an employer of Plaintiff or otherwise liable to Plaintiff

24    under applicable law.

25    5.    Plaintiff is informed and believes, and upon that basis alleges, that the individual

26    defendants dominate and control any corporate or entity defendants, and are the sole owners of any

27    corporate or entity defendants. Plaintiff is further informed and believes and thereupon alleges that the

28

2

1    individual defendants, and each of them, engaged in a pattern and practice of utilizing the corporate and
2    entity defendants, and each of them, as vehicles to accomplish criminal and civil violations of law, and
3    that there exists, and at all times relevant to this complaint there existed a unity of interest and
4    ownership between any corporate or entity defendants and non-corporate and non-entity defendants
5    such that any individuality and separateness between said defendants has ceased, and all defendants are
6    the alter ego of every other defendant. Plaintiff is further informed and believes, and thereupon alleges
7    that if the acts of any defendant were treated as the acts of such defendant alone, an inequitable result
8    would follow. Plaintiff is further informed and believes, and on that basis alleges, that any judgment
9    solely against the corporate, entity and/or individual defendants in this matter would be uncollectible.
10   Accordingly, as to all defendants, it is fair and equitable to permit piercing the corporate veil and
11   imposition of joint and several liability. Plaintiff is further informed and believe, and upon that basis
12   alleges, that the individual defendants, and each of them, misappropriated to themselves, as individuals,
13   and for their individual advantage, the unpaid wages owed plaintiff.

14   6.    Plaintiff is informed and believes and therefore alleges that at all times mentioned
15   in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were
16   the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that each
17   defendant was acting within the course, scope and authority of said agency, employment, joint venture,
18   or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or approved the
19   acts of the remaining defendants.

20                          **FIRST CAUSE OF ACTION**
21                      **FOR WAGE AND HOUR VIOLATIONS**
22                      **(LABOR CODE SECTIONS 510 and 1194)**
23                      **(PLAINTIFF AGAINST ALL DEFENDANTS)**

24   7.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding
25   paragraphs.

26   8.    Beginning July of 2003, and continuing to on or about January 18, 2007, Plaintiff
27   Isaias Herrera was employed at a Chinese restaurant owned and operated by defendants, located at

28
3

1 | 132 N. Glendale Avenue, Glendale, California.

2 |       9.     During his employment, Plaintiff consistently worked more than 8 hours per day and

3 | more than 40 hours per week.

4 |      10. Pursuant to the provisions of the California Labor Code, including Labor Code

5 | Sections 510 and 1194, and regulations adopted by the California Department of Industrial

6 | Relations, Plaintiff had the right to be paid properly for every hour of labor, including but not

7 | limited to, overtime compensation at legally required premium rates for all overtime hours worked.

8 |      11.     In violation of such laws and regulations, Plaintiff was not paid properly for all hours

9 | worked and was not paid for overtime hours at the premium rates required by law. As a result,

10 | defendants, and each of them, are legally liable for unpaid overtime compensation in an amount

11 | estimated to exceed $45,000.00.

12 |      12.     Plaintiff is entitled to additional recoveries allowed by law as follows:

13 |         (A)    Pursuant to Labor Code Section 203, Plaintiff was entitled to receive at the

14 |                 termination of his employment all accrued but unpaid wages for all hours

15 |                 labored, including overtime compensation. Defendants willfully failed to pay

16 |                 such wages. Accordingly, Plaintiff is entitled to continuing wages set forth in

17 |                 Labor Code Section 203 in an amount estimated to be $2,251.20 ($9.38 per

18 |                 hour x 8 hours x 30 days).

19 |         (B)    Defendants, and each of them, were obligated under Labor Code Section 226

20 |                 and regulations of the Industrial Welfare Commission of the State of

21 |                 California, to keep accurate records of Plaintiff's days and hours of labor, and

22 |                 to prepare and submit to Plaintiff at least twice per month an itemized

23 |                 statement accurately showing the total hours worked by Plaintiff.

24 |                 Defendants, and each of them, failed to keep accurate records of Plaintiff's

25 |                 days and hours of labor, and further failed to provide accurate itemized wage

26 |                 statements as required by such statute. Accordingly, Plaintiff is entitled to

27 |                 damages pursuant to Labor Code Section 226 in the amount of $4,000.00.

28 |

4

       (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission, Plaintiff was entitled to meal and rest periods during the course of his employment.  Defendants, and each of them, failed to provide Plaintiff all the meal and rest periods required by law.  Accordingly, Plaintiff is entitled to the recoveries specified in Labor Code Section 226.7, and regulations adopted by the Industrial Welfare Commission, in an amount estimated to exceed $5,530.50.

13.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount to be proved at trial.

14.    In addition, pursuant to Labor Code Section 1194, Plaintiff is entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

15.    In addition, Plaintiff is entitled to costs of suit.

## SECOND CAUSE OF ACTION

## FOR UNFAIR BUSINESS PRACTICES

## PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200

## (PLAINTIFF AGAINST ALL DEFENDANTS)

16.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding paragraphs.

17.    Under California Business and Professions Code, §§ 17200, et seq. and related statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

18.    Defendants, and each of them, have engaged in unfair business practices of:

       (A)    Failing to obey California law laws requiring proper payment of employees, including Plaintiff, who has not been properly paid, and;

       (B)    Failing to obey California laws requiring defendants to keep accurate records

5

1               of the hours and days worked by employees, including Plaintiff.

2       19.      Defendants, and each of them, pursuant to such unlawful, unfair and deceptive

3 practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

4 Plaintiff, and have gained an unfair advantage over law-abiding employers. Defendants, and each

5 of them, should therefore be ordered to restore to Plaintiff all unpaid overtime compensation for the

6 period of one year preceding the statutory claims, in an amount to be proved at trial, but which are

7 estimated to exceed $15,179.50.

8       **WHEREFORE**, Plaintiff prays for judgment as follows:

9       1.      For unpaid overtime pay in an amount estimated to exceed $45,000.00; and

10      2.      For continuing wages pursuant to Labor Code Section 203 in the amount of at least

11             $2,251.20; and

12      3.      For damages pursuant to Labor Code Section 226 in an amount of $4,000; and

13      4.      For compensation for meal and rest periods not received according to law in

14             an amount estimated to exceed $5,530.50; and

15      5.      For prejudgment interest;

16      6.      For costs of suit, including attorney's fees, according to proof; and

17      7.      For restitution of unpaid overtime compensation in an amount estimated to exceed

18             $15,179.50; and

19      8.      For such other and further relief as the Court may deem appropriate.

20

21 DATED: July 2, 2007                 LAW OFFICE OF DENNIS W. RIHN

22

23

24                                      BY: DENNIS W. RIHN, ATTORNEY
                                       FOR PLAINTIFF ISAIAS HERRERA

25

26

27

28

                                    6

1   BANDER LAW FIRM LLP
    Joel R. Bander (SBN 119460)
2   Cathe L. Caraway-Howard (SBN 143661)
    1055 W. 7th Street, Suite 1950
3   Los Angeles, California 90017
    Telephone: (213) 873-4333
4   Facsimile: (213) 837-4334
    info@banderlaw.com
5
    Attorneys for Plaintiff, EDWIN NAVASARTIAN
6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                          UNLIMITED JURISDICTION

11  EDWIN NAVASARTIAN, an individual;        )  Case No.:        BC374367
                                             )
12              Plaintiff,                    )  COMPLAINT FOR:
                                             )
13      vs.                                   )  (1)  Failure to Pay Overtime Compensation
                                             )       in Violation of Labor Code §1194;
14  SPANNING TREE TECHNOLOGIES              )  (2)  Failure to Provide Meal and Rest Periods
15  CABLONG DIVISION, INC., a California     )       in Violation of Labor Code §226.7;
    corporation; SPANNING TREE              )  (3)  Failure to Pay Wages at Time of
16  TECHNOLOGIES INCORPORATED, a            )       Termination in Violation of Labor Code
    California corporation; ROBERT ARMIRIAN, )       §§201-203;
17  an individual; and DOES 1 through 20,    )  (4)  Failure to Provide Accurate Wage
    inclusive,                               )       Statements in Violation of Labor Code
18                                           )       §226;
                                             )  (5)  Unfair Business Practices in Violation of
19                                           )       Business and Professions Code §17200;
                                             )
20  ─────────────────────────────────────   )       DEMAND FOR JURY TRIAL

21      Plaintiff EDWIN NAVASARTIAN ("Plaintiff") hereby alleges the following facts:

22

23                          NATURE OF THE CASE

24      1.    Plaintiff brings this action pursuant to California Labor Code §200
25  recover overtime wages and payments in lieu of missed meal and rest breaks that he earned while
26  employed by defendants SPANNING TREE TECHNOLOGIES CABLING DIVISION, INC and
27  SPANNING TREE TECHNOLOGIES, INCORPORATED and their alter ego, ROBERT

28
                                    - 1 -
    ─────────────────────────────────────────────────────────
                                 COMPLAINT

1   ARMIRIAN (collectively referred to herein as "Defendants"). Plaintiff also seeks waiting time

2   penalties pursuant to Labor Code §203 because he was not paid all wages due upon termination of

3   his employment and statutory penalties pursuant to Labor Code §226 for pay stub violations.

4   Plaintiff also seeks restitution and other remedies under Business and Professions Code §17200 *et*

5   *seq.* Plaintiff further seeks to pierce the corporate veil to hold Defendant ROBERT ARMIRIAN

6   liable for the debts of SPANNING TREE TECHNOLOGIES CABLING DIVISION, INC and

7   SPANNING TREE TECHNOLOGIES, INCORPORATED, as their alter ego.

8                                                   PARTIES

9       2.      Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

10   resident of the State of California.

11      3.      Defendant SPANNING TREE TECHNOLOGIES CABLING DIVISION, INC. is a

12   California corporation, that at all relevant times mentioned herein was regularly conducting

13   business in the County of Los Angeles, State of California, with its principal place of business at

14   433 W. Colorado Street, Glendale, California 91204.

15      4.      Defendant SPANNING TREE TECHNOLOGIES, INCORPORATED is a

16   California corporation, that at all relevant times mentioned herein was regularly conducting

17   business in the County of Los Angeles, State of California, with its principal place of business at

18   433 W. Colorado Street, Glendale, California 91204.

19      5.      Plaintiff is informed and believes, and thereon alleges that ROBERT ARMIRIAN

20   was, at all relevant times mentioned herein, an individual residing in the County of Los Angeles,

21   State of California.

22      6.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

23   through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

24   seek leave of court to amend this complaint to allege their true names and capacities when they

25   have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

26   fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

27   practices alleged in this complaint.

28      7.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1  mentioned herein, Defendants, and each of them, were the agents, servants, employees, partners,

2  joint venturers or co-conspirators of each other defendant, and that each defendant was acting

3  within the course, scope and authority of such agency, employment, partnership, joint venture or

4  conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

5  acts of the remaining defendants, and each of them.

6      8.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

7  mentioned herein, Defendants, and each of them, were the employer or joint employer of Plaintiff

8  as a matter of law, and controlled or exercised control over the wages, hours and working

9  conditions of Plaintiff.

10              ## ALTER EGO ALLEGATIONS

11     9.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

12  mentioned herein Defendants ROBERT ARMIRIAN and Does 1 through 10 (the "Non-corporate

13  Defendants") were the owners of all or a controlling proportion of the shares of stock of

14  Defendants SPANNING TREE TECHNOLOGIES CABLING DIVISION, INC. and SPANNING

15  TREE TECHNOLOGIES, INCORPORATED and DOES 11 through 20 (the "Corporate

16  Defendants"), and that there existed between the Non-corporate Defendants and Corporate

17  Defendants, a unity of interest and ownership, such that any individuality and separateness

18  between the Non-corporate Defendants and Corporate Defendants, never existed or has ceased,

19  and that the Non-corporate Defendants are the alter ego of the Corporate Defendants, in that:

20         a.    The Corporate Defendants were conceived, intended and used by the Non-

21  corporate Defendants, and each of them, as a device for the purpose of substituting a

22  financially insolvent corporation in the place of the Non-corporate Defendants to avoid

23  individual liability for the Labor Code violations alleged herein;

24         b.    The Non-corporate Defendants, and each of them, held themselves out to

25  Plaintiff and to other creditors that they were personally responsible for the debts of

26  Corporate Defendants, including the wages earned by Plaintiff;

27         c.    The Non-corporate Defendants, and each of them, used the assets of

28  Corporate Defendants for their own purposes as though it were their own, and caused

- 3 -

COMPLAINT

1    assets of Corporate Defendants to be transferred to them, or to entities they controlled, or

2    to their family members, without adequate consideration and to avoid creditors, including

3    employees;

4         d.     The Non-corporate Defendants, and each of them, dominated and controlled

5    the finances of Corporate Defendants, treated the corporate accounts as their personal bank

6    accounts, and commingled corporate and personal funds for their personal use and to avoid

7    creditors of Corporate Defendants, including its employees;

8         e.     The Non-corporate Defendants, and each of them, completely disregarded

9    the corporate formalities and separateness of Corporate Defendants, in that the operations

10   of Corporate Defendants, were carried out without the holding of shareholders' or

11   directors' meetings, records or minutes of any corporate proceedings were not maintained,

12   and transactions between and among the Non-corporate Defendants and Corporate

13   Defendants, were neither approved by directors nor shareholders, nor properly

14   documented.

15       10.     Plaintiff is informed and believes, and thereupon alleges that adherence to the

16   fiction of the separate existence of Corporate Defendants as an entity distinct from the Non-

17   corporate Defendants, and each of them, would permit an abuse of the corporate privilege and

18   would sanction fraud and promote injustice in that, among other things, the Non-corporate

19   Defendants, and each of them, set up the business of Corporate Defendants to make an unfair

20   profit from underpaying its employees.

21                          **FIRST CAUSE OF ACTION**

22                **FAILURE TO PAY OVERTIME COMPENSATION**

23                     **IN VIOLATION OF LABOR CODE §1194**

24                          **(Against All Defendants)**

25       11.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

26   preceding paragraphs, as though fully set forth herein.

27       12.     Defendants, and each of them, employed Plaintiff as a cabling technician at 433 W.

28   Colorado Street, Glendale, California 91204 from on or about January 1, 2001 until approximately

- 4 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  December 31, 2006. From July 2, 2003 to December 31, 2006, Plaintiff worked in excess of 3,537

2  hours. Defendants paid Plaintiff $ 4,175.35 per month in bi-weekly installments. Thus, pursuant

3  to Labor Code §515, Plaintiff's effective hourly rate was $24.09.

4      13.    As a cabling technician employed by Defendants, and each of them, the duties of

5  Plaintiff involved government network cabling projects and other assigned tasks. Plaintiff's job

6  duties did not include, and never primarily included, employment in an administrative, executive

7  or professional capacity. More particularly, Plaintiff was never primarily engaged in any work

8  which was intellectual, managerial or creative, and which required exercise of discretion and

9  independent judgment. In addition, Plaintiff never supervised any other employees. Accordingly,

10  Plaintiff was, at all times relevant to this action, a non-exempt employee.

11      14.    At all relevant times mentioned herein, Defendants, and each of them, required,

12  permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

13  and forty (40) hours per workweek.

14      15.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001, as

15  adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one

16  and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

17  worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

18  workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

19  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth

20  consecutive day of the workweek.

21      16.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001,

22  Plaintiff is entitled to recover his unpaid overtime wages in the amount of $46,674.15, plus

23  interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

24  whichever is greater.

25  ///

26  ///

27  ///

28                                 **SECOND CAUSE OF ACTION**

- 5 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1     ### FAILURE TO PROVIDE MEAL AND REST PERIODS

2     ### IN VIOLATION OF LABOR CODE §226.7

3     #### (Against All Defendants)

4          17.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

5     preceding paragraphs, as though fully set forth herein.

6          18.     Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Defendants,

7     and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

8     period for each scheduled work shift of more than five and a half hours and a ten-minute

9     uninterrupted rest period for each scheduled work shift of four hours.

10         19.     Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

11    meal or rest periods during his employment.

12         20.     Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

13    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

14    uninterrupted ten-minute rest period.

15         21.     Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

16    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

17    uninterrupted thirty-minute meal period.

18         22.     Plaintiff is entitled to wages for missed rest and meal periods in the amount of

19    $42,537.48, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

20    to proof at trial.

21    ### THIRD CAUSE OF ACTION

22    ### FAILURE TO PAY WAGES AT TIME OF TERMINATION

23    ### IN VIOLATION OF LABOR CODE §§201-203

24    #### (Against All Defendants)

25         23.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

26    preceding paragraphs, as though fully set forth herein.

27         24.     Plaintiff was terminated on or about December 31, 2006. Defendants, and each of

28    them, failed to pay Plaintiff all wages he earned at the time of his termination. Defendants, and

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 6 -

1    each of them, were paying Plaintiff an effective hourly rate of $24.09.

2        25.    Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

3    termination of his employment, all earned and unpaid wages for all hours worked.

4        26.    Defendants, and each of them, have willfully failed to pay all such wages owing to

5    Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

6    amount of at least $5,781.60, or according to proof, whichever is greater.

7                          FOURTH CAUSE OF ACTION

8                FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

9                      IN VIOLATION OF LABOR CODE §226

10                          (Against All Defendants)

11       27.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

12    preceding paragraphs, as though fully set forth herein.

13       28.    California Labor Code §226 and Industrial Wage Order No. 4-2001, obligate

14    defendants, and each of them, as employers, to keep an accurate record of the hours of labor

15    worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized

16    statement accurately showing the total hours worked by Plaintiff.

17       29.    Specifically, Labor Code §226 provides, in pertinent part:

18       Every employer shall, semimonthly or at the time of each payment of wages,
         furnish each of his or her employees, either as a detachable part of the check, draft,
19       or voucher paying the employee's wages, or separately when wages are paid by
         personal check or cash, an accurate itemized statement in writing showing (1) gross
20       wages earned, (2) total hours worked by the employee, except for any employee
         whose compensation is solely based on a salary and who is exempt from payment
21       of overtime under subdivision (a) of Section 515 or any applicable order of the
         Industrial Welfare Commission, (3) the number of piece-rate units earned and any
22       applicable piece rate if the employee is paid on a piece-rate basis, (4) all
         deductions, provided that all deductions made on written orders of the employee
23       may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
         dates of the period for which the employee is paid, (7) the name of the employee
24       and his or her social security number, except that by January 1, 2008, only the last
         four digits of his or her social security number or an employee identification
25       number other than a social security number may be shown on the itemized
         statement, (8) the name and address of the legal entity that is the employer, and (9)
26       all applicable hourly rates in effect during the pay period and the corresponding
27       number of hours worked at each hourly rate by the employee. The deductions made
28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

1   from payments of wages shall be recorded in ink or other indelible form, properly
2   dated, showing the month, day, and year, and a copy of the statement or a record of
    the deductions shall be kept on file by the employer for at least three years at the
3   place of employment or at a central location within the State of California.

4   30.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours

5   worked, and further failed to provide accurate itemized wage statements with each payment of

6   wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 4-2001.

7   31.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

8   violation and $100.00 per pay period for each subsequent violation of this section, according to

9   proof, of up to a maximum of $4,000.00.

10  ## FIFTH CAUSE OF ACTION

11  ## UNFAIR BUSINESS PRACTICES IN VIOLATION OF

12  ## BUSINESS & PROFESSIONS CODE §17200

13  ### (Against All Defendants)

14  32.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

15  preceding paragraphs as though fully set forth herein.

16  33.    Pursuant to California Business & Professions Code §17200 et seq., and related

17  statutory provisions, Defendants, and each of them, were obligated to refrain from engaging in

18  unfair business practices, including the unfair business practices of failing to comply with

19  applicable wage and hour laws of the State of California.

20  34.    Defendants, and each of them, have engaged in the unfair business practices of

21  consistently and knowingly committing the violations against plaintiff as alleged in this

22  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

23  35.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

24  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

25  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

26  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

27  compensation improperly withheld from Plaintiff, as alleged herein.

28  36.    Plaintiff further requests that a receiver be appointed to control and monitor all of

- 8 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  the business affairs of Defendants, and each of them, to ensure compliance with applicable wage

2  and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

3  his owed and unpaid compensation.

## PRAYER

5  WHEREFORE, Plaintiff prays for judgment as follows:

6  (1)  For unpaid overtime wages pursuant to Labor Code §§510 and 1194 in amount of

7  $46,674.15, or according to proof, whichever is greater;

8  (2)  For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the

9  amount of $42,537.48 or according to proof, whichever is greater;

10  (3)  For waiting time penalties pursuant to Labor Code §§201-203 of $5,781.60 or

11  according to proof, whichever is greater;

12  (4)  For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,

13  whichever is lesser;

14  (5)  For any and all other applicable statutory penalties, as provided by law;

15  (6)  For interest on all unpaid wages, according to proof;

16  (7)  For an order requiring restitution to Plaintiff of all owed and unpaid wages;

17  (8)  For an appointment of a receiver;

18  (9)  For a permanent injunction;

19  (10)  For an accounting, paid for by defendants, and each of them;

20  (11)  For costs of suit herein, including attorneys' fees, according to proof, pursuant to

21  Labor Code §1194;

22  ///

23  ///

24  ///

25  ///

26

27  (12)  For such other and further relief as the Court deems just and proper.

28  DATED:                                              BANDER LAW FIRM LLP

- 9 -

COMPLAINT

1    (12)    For such other and further relief as the Court deems just and proper.

2    DATED: July 6, 2007                        BANDER LAW FIRM LLP

3

4
                                               By
5                                                    JOEL R. BANDER
                                                     Attorneys for Plaintiff,
6                                                    EDWIN NAVASARTIAN

7

8                              **DEMAND FOR JURY TRIAL**

9          Plaintiff hereby demands a jury trial in the above-captioned action.

10   DATED: July 6, 2007                        BANDER LAW FIRM LLP

11

12
                                               By
13                                                   JOEL R. BANDER
                                                     Attorneys for Plaintiff,
14                                                   EDWIN NAVASARTIAN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    - 10 -

                                   COMPLAINT

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

ORIGINAL

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 07 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

1  STEVEN G. PEARL (CA BAR NO. 163381)
   THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
2  16133 VENTURA BOULEVARD, SUITE 625
   ENCINO, CALIFORNIA 91436-2412
3  PHONE:      818/995-8300
   FAX:        818/995-8301
4
   ATTORNEYS FOR PLAINTIFF
5  AMPARO RAMIREZ

*Case assigned to*
*Judge Ralph W. Dau*

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF LOS ANGELES

10                                CENTRAL DISTRICT

11                                           BC375463

12  AMPARO RAMIREZ,                    )  No.
                                       )
13        Plaintiff,                   )  **UNLIMITED CIVIL CASE**
                                       )
14        v.                           )  **COMPLAINT FOR:**
                                       )
15  MARIA CUEVAS, INDIVIDUALLY AND     )  **1. FAILURE TO PAY OVERTIME**
    DOING BUSINESS AS MARISCOS         )  **COMPENSATION (CAL. LABOR CODE §§**
16  MARIA, AND DOES 1 THROUGH 100,     )  **510, 1194);**
    INCLUSIVE,                         )
17                                     )  **2. FAILURE TO PAY MEAL PERIOD**
          Defendants.                  )  **COMPENSATION (CAL. LABOR CODE §§**
18                                     )  **226.7, 512);**
                                       )
19                                     )  **3. FAILURE TO PAY REST PERIOD**
                                       )  **COMPENSATION (CAL. LABOR CODE**
20                                     )  **§ 226.7);**
                                       )
21                                     )  **4. FAILURE TO FURNISH WAGE AND**
                                       )  **HOUR STATEMENTS (CAL. LABOR CODE**
22                                     )  **§ 226);**
                                       )
23                                     )  **5. WAITING TIME PENALTIES (CAL.**
                                       )  **LABOR CODE §§ 201-203);**
24                                     )
                                       )  **6. CONVERSION (CAL. CIV. CODE § 3336);**
25                                     )  **AND**
                                       )
26                                     )  **7. UNFAIR COMPETITION (CAL. BUS. &**
                                       )  **PROF. CODE § 17200, et seq.)**
27                                     )
                                       )  **DEMAND FOR JURY TRIAL**
28                                     )



1    Plaintiff Amparo Ramirez alleges:

2                    **GENERAL ALLEGATIONS**

3       1.      This is an action for violation of California's wage and hour laws. Plaintiff Amparo

4    Ramirez ("Ms. Ramirez") alleges that defendants Maria Cuevas, Individually and Doing Business As

5    Mariscos Maria, and Does 1 Through 100, Inclusive (collectively "Defendants"): (1) failed to pay her

6    overtime compensation; (2) failed to provide her meal periods and failed to pay her meal period

7    compensation; (3) failed to provide her rest periods and failed to pay her rest period compensation; (4)

8    failed to provide her with timely and accurate wage and hour statements; (5) failed and refused to pay

9    compensation due to her in a timely manner upon her termination; (6) converted her earned wages to

10   their own use and benefit; and (7) violated the Unfair Competition Law California Business &

11   Professions Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an

12   unfair business advantage at the expense of Ms. Ramirez and the public. The foregoing acts and other

13   acts by the Defendants violated provisions of the California Labor Code, including sections 201, 202,

14   203, 204, 206, 226, 226.7, 510, and 512 (collectively the "Employment Laws"), violated the applicable

15   Wage Orders issued by the Industrial Welfare Commission of the State of California (the "Regulations"),

16   violated the UCL, and violated Ms. Ramirez's rights.

17      2.      Venue is proper in this Court because the Defendants do substantial business in Los

18   Angeles County, California, and employed Ms. Ramirez in Los Angeles County, California.

19                    **THE PARTIES**

20      3.      Ms. Ramirez is, and at all relevant times was, a competent adult residing in Los Angeles

21   County, California.

22      4.      Ms. Ramirez is informed and believes and on that basis alleges that defendant Maria

23   Cuevas is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

24      5.      Ms. Ramirez currently is unaware of the true names and capacities of the defendants sued

25   in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants

26   by those fictitious names. Ms. Ramirez will amend this Complaint to allege the true names and

27   capacities of such fictitiously named defendants when they are ascertained.

28   ///

THE PEARL LAW FIRM

1



1     6.     Ms. Ramirez is informed and believes and on that basis alleges that each defendant sued

2  in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is

3  responsible in some manner for the occurrences, controversies and damages alleged below.

4                              **SPECIFIC ALLEGATIONS**

5     7.     Defendants employed Ms. Ramirez from approximately March 7, 2006, through July 2,

6  2007.

7     8.     Defendants routinely required Ms. Ramirez to work more than eight hours per workday

8  and 40 hours per workweek. Defendants failed and refused to pay Ms. Ramirez overtime compensation

9  for her overtime hours worked.

10     9.     Defendants routinely required Ms. Ramirez to work more than five hours without being

11  given at least a 30-minute meal period, and routinely failed to provide Ms. Ramirez with rest periods

12  during work shifts in excess of four hours. Further, Defendants routinely failed to compensate Ms.

13  Ramirez for these missed meal periods and rest periods.

14     10.     Defendants routinely failed to provide Ms. Ramirez with timely and accurate wage and

15  hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned,

16  the name and address of the legal entity employing her, all applicable hourly rates in effect during each

17  pay period, and the corresponding number of hours worked at each hourly rate by her.

18     11.     Defendants failed and refused to pay Ms. Ramirez all amounts owed to her in a timely

19  manner on her termination.

20     12.     Defendants have converted Ms. Ramirez's earned wages and other compensation due to

21  her to their own use and benefit, depriving her of the fruits of her labor.

22     13.     As set forth above, Defendants engaged in various acts of unfair competition, as defined

23  in California's Unfair Competition Law, California Business and Professions Code Section 17200, et

24  seq.

25  ///

26  ///

27  ///

28  ///

THE PEARL LAW FIRM

2



## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation
### (California Labor Code Sections 510, 1194)
### by Ms. Ramirez Against All Defendants

14.   Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

15.   The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation.  The Wage Order provides:

> Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

16.   Defendants routinely required Ms. Ramirez to work more than 40 hours per workweek, but Defendants failed and refused to pay Ms. Ramirez the overtime compensation required by the Employment Laws and Regulations.

17.   Defendants thus required Ms. Ramirez to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

18.   Ms. Ramirez has been deprived of her rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Ms. Ramirez is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

19.   In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Ms. Ramirez is entitled to recover damages for the sake of example and by way of punishing Defendants.

///

///

///

3



THE PEARL LAW FIRM

## SECOND CAUSE OF ACTION

### For Failure to Pay Meal Period Compensation

### (California Labor Code Sections 226.7, 512)

### by Ms. Ramirez Against All Defendants

20.    Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

21.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...."

22.    Defendants failed and refused to provide Ms. Ramirez with meal periods during her work shifts and failed and refused to compensate Ms. Ramirez for said meal periods, as required by California Labor Code sections 226.7 and 512 and the other applicable sections of the Employment Laws and Regulations.

23.    Defendants thus required Ms. Ramirez to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

24.    Ms. Ramirez has been deprived of her rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Ms. Ramirez is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

25.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Ms. Ramirez is entitled to recover damages for the sake of example and by way of punishing Defendants.

## THIRD CAUSE OF ACTION

### For Failure to Pay Rest Period Compensation

### (California Labor Code Section 226.7)

### by Ms. Ramirez Against All Defendants

26.    Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

27.    The applicable Wage Order provides:

4

1    Every employer shall authorize and permit all employees to take rest periods, which
2    insofar as practicable shall be in the middle of each work period. The authorized rest
3    period time shall be based on the total hours worked daily at the rate of ten (10) minutes
4    net rest time per four (4) hours or major fraction thereof.

5    28.    Defendants failed and refused to provide Ms. Ramirez with rest periods during her work
6  shifts and failed and refused to compensate Ms. Ramirez for said rest periods, as required by California
7  Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

8    29.    Defendants thus required Ms. Ramirez to work for longer hours than those fixed, or under
9  conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

10    30.    Ms. Ramirez has been deprived of her rightfully earned compensation for rest periods as
11  a direct and proximate result of Defendants' failure and refusal to pay said compensation. Ms. Ramirez
12  is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

13    31.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,
14  and, in addition to the actual damages caused thereby, Ms. Ramirez is entitled to recover damages for
15  the sake of example and by way of punishing Defendants.

16                          **FOURTH CAUSE OF ACTION**
17                    **For Failure to Furnish Wage and Hour Statements**
18                        **(California Labor Code Section 226)**
19                        **by Ms. Ramirez Against All Defendants**

20    32.    Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive,
21  as though set forth fully herein.

22    33.    The applicable Wage Order provides:

23    Every employer shall semimonthly or at the time of each payment of wages furnish each
24    employee, either as a detachable part of the check, draft, or voucher paying the
25    employee's wages, or separately, an itemized statement in writing showing: (1) all
26    deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the
27    name of the employee or the employee's social security number; and (4) the name of the
28    employer, provided all deductions made on written orders of the employee may be

5

THE PEARL LAW FIRM

aggregated and shown as one item.

34.     Defendants knowingly and intentionally failed to provide Ms. Ramirez with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by her.

35.     Defendants thus required Ms. Ramirez to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

36.     Ms. Ramirez suffered injury as a result of Defendants' knowing and intentional failure to provide her with the wage and hour statements required by law.

37.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Ms. Ramirez is entitled to recover damages for the sake of example and by way of punishing Defendants.

### FIFTH CAUSE OF ACTION

#### For Waiting Time Penalties

#### (California Labor Code Sections 201 through 203)

#### by Ms. Ramirez Against All Defendants

38.     Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

39.     Defendants failed to pay Ms. Ramirez accrued wages and other compensation due to her immediately upon her termination, as required.

40.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

### SIXTH CAUSE OF ACTION

#### For Conversion

#### (California Civil Code Section 3336)

#### by Ms. Ramirez Against All Defendants

41.     Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive,

6

THE PEARL LAW FIRM

1    as though set forth fully herein.

2        42.    As alleged above, Defendants wrongfully withheld earned wages from Ms. Ramirez and

3    failed to pay her wages and other compensation which was due to her for overtime hours worked, for

4    missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and

5    Regulations.

6        43.    At all relevant times herein, Defendants had and continue to have a legal obligation

7    imposed by statute to pay Ms. Ramirez all earned wages and other compensation due to her. Such wages

8    and compensation belonged to Ms. Ramirez at the time the labor and services were provided to

9    Defendants, and accordingly such wages and compensation are the property of the Ms. Ramirez, not

10   Defendants.

11       44.    Defendants knowingly and intentionally failed to pay Ms. Ramirez overtime

12   compensation for her overtime hours worked, knowingly and intentionally failed to compensate her for

13   her missed meal and rest breaks, and knowingly and intentionally failed to provide other compensation

14   due to Ms. Ramirez. Instead, Defendants converted Ms. Ramirez's rightfully earned wages and

15   converted them to Defendants' own use and benefit. Defendants converted such wages and

16   compensation as part of an intentional and deliberate scheme to maximize profits at Ms. Ramirez's

17   expense.

18       45.    Ms. Ramirez has been injured by Defendants' intentional conversion of such wages and

19   compensation. Ms. Ramirez is entitled to immediate possession of all amounts converted by

20   Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful

21   conversion. Before she filed this action, Ms. Ramirez wrote a pre-litigation demand to Defendants. Ms.

22   Ramirez detailed her claims, demanded that Defendants pay the amounts owed, and offered to discuss

23   a pre-litigation resolution of this matter. A true and correct copy of Ms. Ramirez's correspondence to

24   Defendants dated July 20, 2007, is attached as Exhibit A. Ms. Ramirez is informed and believes and

25   on that basis alleges that Defendants refused delivery of Ms. Ramirez's pre-litigation demand.

26       46.    Despite these demands, Defendants refuse to pay Ms. Ramirez the unpaid compensation

27   and penalties they owe her.

28       47.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

THE PEARL LAW FIRM

7

1    and, in addition to the actual damages caused thereby, Ms. Ramirez is entitled to recover damages for

2    the sake of example and by way of punishing Defendants.

3                              ### SEVENTH CAUSE OF ACTION

4                                  **For Unfair Competition**

5                  **(California Business & Professions Code Section 17200, et seq.)**

6                              **by Ms. Ramirez Against All Defendants**

7         48.    Ms. Ramirez incorporates by reference and realleges paragraphs 1 through 13, inclusive,

8    as though set forth fully herein.

9         49.    Defendants' violations of the Employment Laws and Regulations as alleged herein,

10   including Defendants' failure and refusal to pay Ms. Ramirez her earned wages, failure and refusal to

11   pay overtime wages to Ms. Ramirez, Defendants' failure to provide meal and rest periods to Ms.

12   Ramirez, Defendants' failure to provide Ms. Ramirez with timely and accurate wage and hour

13   statements, and Defendants' conversion of wages and compensation due to Ms. Ramirez, constitute

14   unfair business practices in violation of the Unfair Competition Law, California Business & Professions

15   Code Section 17200, et seq.

16        50.    As a result of Defendants' unfair business practices, Ms. Ramirez has suffered actual

17   injury and Defendants have reaped unfair benefits and illegal profits at the expense of Ms. Ramirez and

18   members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such

19   monies to Ms. Ramirez.

20        51.    Defendants' unfair business practices entitle Ms. Ramirez to seek preliminary and

21   permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge

22   and restore to Ms. Ramirez the compensation unlawfully withheld from them.

23        WHEREFORE, plaintiff Amparo Ramirez hereby prays that the Court enter judgment in her

24   favor and against defendants Maria Cuevas, Individually and Doing Business as Mariscos Maria, and

25   Does 1 Through 100, Inclusive, and each of them, as follows:

26        1.    For payment of overtime compensation in the amount of $2,433;

27        2.    For payment of meal period compensation in the amount of $2,433;

28        3.    For payment of rest period compensation in the amount of $2,433;

8

THE PEARL LAW FIRM

4.  For Labor Code Section 226 compensation in the amount of $4,000;

5.  For Labor Code Section 203 penalties in the amount of $2,925;

6.  For prejudgment interest on the foregoing at the legal rate;

7.  For reasonable attorney fees;

8.  For costs of suit incurred herein;

9.  For punitive damages on Ms. Ramirez's First, Second, Third, Fourth, and Fifth Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

10. For preliminary and permanent injunctive relief prohibiting Defendants from continuing the conduct alleged herein; and

11. For such further relief as the Court may deem appropriate.

DATED: August _6_, 2007

THE PEARL LAW FIRM,
A PROFESSIONAL CORPORATION

By: Steven G. Pearl
Attorneys for Plaintiff Amparo Ramirez

## DEMAND FOR JURY TRIAL

Plaintiff Amparo Ramirez hereby demands jury trial of this matter.

DATED: August _6_, 2007

THE PEARL LAW FIRM,
A PROFESSIONAL CORPORATION

By: Steven G. Pearl
Attorneys for Plaintiff Amparo Ramirez

THE PEARL LAW FIRM

9



**EXHIBIT A**

# THE PEARL LAW FIRM
## A PROFESSIONAL CORPORATION

July 20, 2007

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Ms. Maria Cuevas
Mariscos Maria Restaurant
5640 W. Adams Boulevard
Los Angeles, CA 90016

Re:    Amparo Ramirez

Dear Ms. Cuevas:

This office represents Amparo Ramirez with regard to this matter. Pursuant to California Labor Code Section 226(b), Ms. Ramirez hereby requests that you provide this office with copies of all records required by Section 226(a) pertaining to Ms. Ramirez within ten (10) business days of this request.

We understand that you employed Ms. Ramirez as a waitress and cashier in your restaurant from March 7, 2006, through July 2, 2007. Ms. Ramirez routinely worked ten hours per day, five days per week, averaging 50 hours per week.

You paid Ms. Ramirez between $6.75 and $7.50 per hour, but failed to pay Ms. Ramirez the required overtime compensation (time-and-a-half) for her many overtime hours worked.

You failed to provide Ms. Ramirez with the required rest periods (one ten-minute rest period for each four hours worked) and meal periods (one thirty-minute meal period for each five hours worked) and failed to compensate her for the missed meal and rest periods. You failed to provide Ms. Ramirez with timely and accurate wage and hour statements that included all of the required information. Finally, you failed to pay compensation due to Ms. Ramirez in a timely manner upon her termination.

Our initial analysis indicates that you owe Ms. Ramirez the following:

- More than $2,603 for unpaid overtime compensation and interest thereon, calculated at the rate of 2 overtime hours per day (Cal. Labor Code § 510 et seq.);

- $5,050 for penalties for your failure to pay overtime wages (Cal. Labor Code § 558);

- More than $2,603 for unpaid meal period compensation, calculated at a rate of just one missed meal period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);



THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Ms. Maria Cuevas
Page: 2
July 20, 2007

- $5,050 for penalties for your failure to pay missed meal period compensation (Cal. Labor Code § 558);

- More than $2,603 for unpaid rest period compensation, calculated at a rate of just one missed rest period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $5,050 for penalties for your failure to pay missed rest period compensation (Cal. Labor Code § 558);

- $4,000 for failure to provide timely and accurate wage and hour statements (Cal. Labor Code § 226);

- More than $2,925 for your failure to pay Ms. Ramirez all amounts owed in a timely manner on her termination (Cal. Labor Code § 203).

In total, you owe Ms. Ramirez more than $29,884 for these items alone. Ms. Ramirez hereby demands that you pay this amount within ten (10) days of the date of this letter.

This does not include additional extensive amounts owed for your failure to provide timely and accurate wage and hour statements (Cal. Labor Code § 226.3). Section 226.3 carries the largest penalties available under the Labor Code: $250 for the initial violation and $1,000 for each subsequent violation. We calculate that these penalties would total $50,250 in this case. These penalties under the Labor Code Private Attorneys General Act (Cal. Labor Code § 2698, et seq.) are payable 75% to the government and may not be discharged in bankruptcy. 11 United States Code § 523(a)(7).

This also does not include punitive damages for your willful violation of Ms. Ramirez's rights.

In addition, this office has spent approximately 2 hours of attorney time and 3 hours of paralegal time investigating this matter, calculating the amounts owed to Ms. Ramirez, and preparing this correspondence. We anticipate that resolving this matter now, prior to litigation, will require an equal amount of additional time. At our regular attorney and paralegal billing rates of $390 and $135 per hour, respectively, Ms. Ramirez is entitled to recover reasonable attorney fees (exclusive of the lodestar multiplier that she will seek after trial) in the amount of $1,185 in her effort to resolve this matter with you informally (Cal. Labor Code §§ 226(e), 1194).

If we are not able to resolve this matter prior to litigation, the amount that you owe Ms. Ramirez will only increase as she is forced to incur additional attorney fees and costs. A number of Labor Code sections provide for "one-way" fee shifting in favor of employees. In these cases the attorney fee award

THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Ms. Maria Cuevas
Page: 3
July 20, 2007

is calculated based on a lodestar analysis. The Court calculates the lodestar by multiplying hours spent times the hourly rate, then multiplies the lodestar by a reasonable multiplier. We typically request and have received a 3.0 multiplier. As a result, the total amount owed after trial, including fees for your own attorneys, likely will be several times higher than the amount necessary to resolve this matter now.

Despite the severe and obviously intentional nature of these of these violations, Ms. Ramirez is willing to discuss a pre-litigation resolution of this matter. Should you agree to resolve this matter now, prior to the filing of a lawsuit, Ms. Ramirez is willing to accept an amount less than the full amount owed in exchange for a full general release covering any and all claims pursuant to Cal. Civil Code § 1542.

You may contact me directly to discuss resolution of this matter. If you are represented by an attorney, you may have your attorney contact me, as ethical rules will prohibit me from speaking with you directly. Should you wish to discuss settlement, we will request that you execute a Statute of Limitations Tolling Agreement, which we will provide upon request. Our purpose in requesting the Agreement is to maintain the status quo with regard to our client's claims while we discuss resolution of this matter. You are advised to consult with an attorney of your choosing regarding your rights and obligations prior to contacting us regarding this matter or executing the Statute of Limitations Tolling Agreement.

You, your agents and your attorneys may not contact Ms. Ramirez regarding this matter. Ms. Ramirez has designated us as her representative for purposes of discussing this matter with you (Cal. Labor Code § 923). Ms. Ramirez does not want to discuss this matter with you and she will consider any effort to confront her regarding this matter to constitute harassment and unlawful retaliation in violation of her right to demand payment of lawful wages.

Should you reject this offer, Ms. Ramirez will have no choice but to file a lawsuit in Superior Court against you, seeking all amounts owed, including compensation, interest, penalties, costs, attorney fees and punitive damages.

If we are not able to resolve this matter by the close of business on July 30, 2007, we will be forced to move forward with litigation. We sincerely hope that such steps will not be necessary.

Sincerely,

Steven G. Pearl

SGP/dnp

071607.MCuevas.wpd



Kenneth Chong (SBN: 192830)
Yoonju Kim    (SBN:249415)
Law Offices of Kenneth Chong
A Professional Corporation
3580 Wilshire Blvd, Ste. 1170
Los Angeles, California 90010
Phone: (213)381-6100 Fax:(213)381-6166

Attorneys for Plaintiff WOO JIN HUH

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 15 2007

JOHN A. CLARKE, CLERK
BY D.M. SWAIN, DEPUTY

case assigned to judge

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES, CENTRAL DISTRICT
UNLIMITED CIVIL

WOO JIN HUH, an individual,

        Plaintiff,

vs.

HO UNG KIM, an individual, doing business
as ITALIAN DESIGN CO.; and DOES 1
through 10, inclusive,

        Defendants.

Case No.:    BC375947

**COMPLAINT FOR:**

(1)UNPAID WAGES;
(2)FAILURE TO PAY PENALTY

Plaintiff is informed and believes and thereupon alleges;

1. Plaintiff, Woo Jin Huh is, and at all times mentioned in this complaint was, a resident of Los
Angeles County, California.

2. Plaintiff is informed and believes that Defendant Ho Ung Kim is a resident of Los Angeles
County, California.

3. Plaintiff is informed and believes that Defendant Ho Ung Kim is, and at all times mentioned in
this complaint was, the owner of Italian Design Co. and has personally managed and operated
Italian Design Co. Plaintiff is informed and believes that Italian Design Co.'s main business is
providing interior design services to contractors and individuals.

4. The true names and capacities sued in this complaint as DOES 1 to 10 inclusive, are unknown
to plaintiff at this time. Plaintiff is informed and believes and thereon allege that each of the

COMPLAINT FOR UNPAID WAGES; FAILURE TO PAY PENALTY

CIT/CASE: BC375947 LEA/DEFH:
RECEIPT #: CCH12122011
DATE PAID: 08/15/07 11:40:59 AM
PAYMENT: 0310

1   fictitiously named defendants is responsible in some manner for the occurrence herein alleged

2   and that such defendants are responsible for the claims herein alleged.

3   5. The action is not subject to the provisions of Sections 1812.10 or 2984.4 of the California

4   Civil Code.

5   6. The obligations and claims sued upon herein were made and entered into and are due and

6   payable in the county of Los Angeles, state of California.

7   7. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each

8   or the fictitiously and specifically named defendants herein was the agent, servant or employee

9   of each of the remaining defendants and was at all times herein mentioned acting within the

10  course and scope of such agency, authority and employment.

11

12              ## FIRST CAUSE OF ACTION: UNPAID WAGES

13  8. Plaintiff re-alleges and incorporates herein by reference paragraph 1-7 inclusive, as though

14  fully set forth herein.

15  9. Plaintiff had been employed by Defendant as a manager since 1999.

16  10. Plaintiff stopped working with Defendant in March 31, 2006 and took vacation for two full

17  months. Plaintiff was officially discharged from employment with Defendant on May 31, 2006.

18  11. Plaintiff and Defendants orally agreed that Plaintiff would perform full time service in 2004

19  in exchange for monthly salary in amount of $2,000.00 ($12.5 per hour).

20  12. In 2005, Plaintiff's monthly salary was raised up to $2500.00 ($15.63 per hour).

21  13. In 2006, Plaintiff's monthly salary was raised up to $3000.00 ($18.75 per hour).

22  13. Plaintiff was required to work 6 days a week from 7 am to 6 PM. Thus, Plaintiff alleges that

23  Plaintiff worked 66 hours a week.

24  13. On or around March 31, 2006, Plaintiff was required to take a vacation by Defendant and

25  Plaintiff took the leave of absence for two months.

26  14. However, at the end of leave, Defendant fired Plaintiff.

27  14. Plaintiff alleges and believes that Defendant failed to pay the wages in amount of $15,911 for

28  Defendant service from January 1, 2004 to March 31, 2006.

- 2 -

COMPLAINT FOR UNPAID WAGES; FAILURE TO PAY PENALTY

1   15. Plaintiff further alleges that Plaintiff have not paid the overtime wages in total amount of

2   $66,562.37; $25,350 for service rendered in 2004; $31,704.4 for year 2005; and $ 9,507.97 for

3   service from January 1, 2006 to March 31, 2006.

4   16. Under §201 of the California Labor Code requires that if an employer discharges an

5   employee, the wages earned and unpaid at the time of discharge are due and payable

6   immediately.

7   17. No part of said sum has been paid, although demand has been made, and there is now due,

8   owing and unpaid the sum of $82,473.37 together with the interest thereon at the legal rate

9   permitted under the law from July 7, 2006.

10

11              **SECOND CAUSE OF ACTION: FAILURE TO PAY PENALTY**

12  18. Plaintiff realleges and incorporates herein by reference paragraph 1-17 inclusive, as though

13  fully set forth herein

14  19. Section 203 of the California Labor Code established that if an employer willfully fails to

15  pay, without abatement or reduction, in accordance with Section 201,201.5, or 202, the wages of

16  the affected employee shall continue as a penalty from the due date thereof at the same rate until

17  paid or to a maximum of 30 calendar days.

18  20. No part of said sum has been paid, although demand has been made. According to California

19  Labor Code section 203, Plaintiff seeks an award of penalties at the rate of $150/per day, up to

20  30 days or $ 4,500.

21

22           **WHEREFORE,** Plaintiff Woo Jin Huh respectfully prays for judgment against

23  defendants jointly and severally as follows;

24  1. For the first and second causes of actions in the amount of $82,473.37.

25  2. For interest on the principal sum at the legal rate or permitted under the law from April 1,

26  2006.

27  3. For costs of suit incurred herein;

28  4. For attorney's fee of $1,000.00 pursuant to California Civil Code section 1717.5;

                              - 3 -

               COMPLAINT FOR UNPAID WAGES; FAILURE TO PAY PENALTY

1    5. For such other and further relief as the court may deem just and equitable.

2

3    Dated: August 7, 2007

4                                                    The Law Offices of Kenneth Chong

5

6

7                                                    Kenneth Chong, Esq.

8                                                    Yoonju Kim, Esq.

                                                     Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

COMPLAINT FOR UNPAID WAGES; FAILURE TO PAY PENALTY

1  BANDER LAW FIRM LLP
   Joel R. Bander (SBN 119460)
2  Cathe L. Caraway-Howard (SBN 143661)
   1055 W. 7th Street, Suite 1950
3  Los Angeles, California 90017
   Telephone: (213) 873-4333
4  Facsimile: (213) 837-4334
   info@banderlaw.com
5
   Attorneys for Plaintiff, ERICA MOSELEY
6            Case assigned to dept. 68
             Judge Attuk Mooney
7

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 2 0 2007

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
                    M. GARCIA

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                         UNLIMITED JURISDICTION          C376247

11  ERICA MOSELEY, an individual;              )  Case No.:
                                               )
12              Plaintiff,                      )  **COMPLAINT FOR:**
                                               )
13  vs.                                        )  (1)  Failure to Pay Overtime Compensation
                                               )       in Violation of Labor Code §1194;
14  TEMPUS, LLC, a California limited liability )  (2)  Failure to Provide Meal and Rest Periods
    company doing business as EMERALD          )       in Violation of Labor Code §226.7;
15  HEALTH SERVICES; MARK STAGEN, an           )  (3)  Failure to Pay Wages at Time of
    individual; and DOES 1 through 20, inclusive, )     Termination in Violation of Labor Code
16                                             )       §§201-203;
              Defendants.                       )  (4)  Failure to Provide Accurate Wage
17                                             )       Statements in Violation of Labor Code
                                               )       §226;
18                                             )  (5)  Unfair Business Practices in Violation of
                                               )       Business and Professions Code §17200;
19                                             )
                                               )
20  _____)   **DEMAND FOR JURY TRIAL**

21

22       Plaintiff ERICA MOSELEY hereby alleges the following facts:

23                           **NATURE OF THE CASE**

24       1.    Plaintiff brings this action pursuant to California Labor Code §§226.7, 510, and

25  1194 for unpaid overtime wages, and payments in lieu of missed meal and rest breaks that she

26  earned while employed as an accounting clerk stet and operated by defendants TEMPUS, LLC

27  and its alter ego, MARK STAGEN (collectively referred to herein as "Defendants"). Plaintiff also

28  seeks waiting time penalties pursuant to Labor Code §203 because she was not paid all wages due

- 1 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  upon termination of her employment and statutory penalties pursuant to <u>Labor Code</u> §226 for pay

2  stub violations. Plaintiff also seeks restitution and other remedies under <u>Business and Professions</u>

3  <u>Code</u> §17200 *et seq.* Plaintiff further seeks to pierce the corporate veil to hold defendants MARK

4  STAGEN liable for the debts of TEMPUS, LLC. as its alter ego.

## PARTIES

6      2.    Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

7  resident of the County of Los Angeles, State of California.

8      3.    Defendant TEMPUS, LLC is a California limited liability company that at all

9  relevant times mentioned herein was regularly conducting business in the County of Los Angeles,

10  State of California, with its principal place of business at 1333 2nd Street Santa Monica, California

11  90401. TEMPUS, LLC owns and operates a nurse staffing agency under the fictitious business

12  name of EMERALD HEALTH SERVICES at that location.

13      4.    Plaintiff is informed and believes, and thereon alleges that defendant MARK

14  STAGEN was, at all relevant times mentioned herein, an individual residing in the County of Los

15  Angeles, State of California.

16      5.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

17  through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

18  seek leave of court to amend this complaint to allege their true names and capacities when they

19  have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

20  fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

21  practices alleged in this complaint.

22      6.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

23  mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

24  joint venturers or co-conspirators of each other defendant, and that each defendant was acting

25  within the course, scope and authority of such agency, employment, partnership, joint venture or

26  conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

27  acts of the remaining defendants, and each of them.

28      7.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1  mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

2  as a matter of law, and controlled or exercised control over the wages, hours and working

3  conditions of Plaintiff.

## ALTER EGO ALLEGATIONS

5      8.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

6  mentioned herein defendants MARK STAGEN and Does 1 through 10 (the "Non-corporate

7  defendants") were the owners of all or a controlling proportion of the shares of stock of Defendant

8  TEMPUS, LLC, and DOES 11 through 20 (the "Corporate defendants"), and that there existed

9  between the Non-corporate defendants and Corporate defendants, a unity of interest and

10  ownership, such that any individuality and separateness between the Non-corporate defendants

11  and Corporate defendants, never existed or has ceased, and that the Non-corporate defendants are

12  the alter ego of the Corporate defendants in that:

13          a.      The Corporate defendants were conceived, intended and used by the Non-

14  corporate defendants, and each of them, as a device for the purpose of substituting a

15  financially insolvent corporation in the place of the Non-corporate defendants to avoid

16  individual liability for the Labor Code violations alleged herein;

17          b.      The Non-corporate defendants, and each of them, held themselves out to

18  Plaintiff and to other creditors that they were personally responsible for the debts of

19  Corporate defendants, including the wages earned by Plaintiff;

20          c.      The Non-corporate defendants, and each of them, used the assets of

21  Corporate defendants for their own purposes as though it were their own, and caused assets

22  of Corporate defendants to be transferred to them, or to entities they controlled, or to their

23  family members, without adequate consideration and to avoid creditors, including

24  employees;

25          d.      The Non-corporate defendants, and each of them, dominated and controlled

26  the finances of Corporate defendants, treated the corporate accounts as their personal bank

27  accounts, and commingled corporate and personal funds for their personal use and to avoid

28  creditors of Corporate defendants, including its employees;

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 3 -

1    e.    The Non-corporate defendants, and each of them, completely disregarded

2    the corporate formalities and separateness of Corporate defendants, in that the operations

3    of Corporate defendants, were carried out without the holding of shareholders' or

4    directors' meetings, records or minutes of any corporate proceedings were not maintained,

5    and transactions between and among the Non-corporate defendants and Corporate

6    defendants, were neither approved by directors nor shareholders, nor properly documented.

7    9.    Plaintiff is informed and believes, and thereupon alleges that adherence to the

8    fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

9    corporate defendants, and each of them, would permit an abuse of the corporate privilege and

10    would sanction fraud and promote injustice in that, among other things, the Non-corporate

11    defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

12    from underpaying its employees.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### IN VIOLATION OF LABOR CODE §1194

#### (Against All Defendants)

17    10.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

18    preceding paragraphs, as though fully set forth herein.

19    11.    Defendants, and each of them, employed Plaintiff as an accounting clerk at

20    EMERALD HEALTH SERVICES from on or about March 23, 2005 until approximately July 13,

21    2007. Defendants paid Plaintiff $4,166.67 per month in weekly installments. Thus, pursuant to

22    Labor Code §515, Plaintiff's effective hourly rate was $24.04.

23    12.    As an accounting clerk employed by defendants, and each of them, the duties of

24    Plaintiff involved handling accounts receivable, collections, payroll and other assigned tasks.

25    Plaintiff's job duties did not include, and never primarily included, employment in an

26    administrative, executive or professional capacity. More particularly, Plaintiff was never

27    primarily engaged in any work which was intellectual, managerial or creative, and which required

28    exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other

- 4 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1  employees. Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt
2  employee.

3     13.    At all relevant times mentioned herein, defendants, and each of them, required,
4  permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day
5  and forty (40) hours per workweek.

6     14.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001, as
7  adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one
8  and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours
9  worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per
10 workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours
11 worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the
12 seventh consecutive day of the workweek.

13     15.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001,
14 Plaintiff is entitled to recover her unpaid overtime wages in the amount of $18,243.06, plus
15 interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,
16 whichever is greater.

17                        SECOND CAUSE OF ACTION

18           FAILURE TO PROVIDE MEAL AND REST PERIODS

19              IN VIOLATION OF LABOR CODE §226.7

20                        (Against All Defendants)

21     16.    Plaintiff re-alleges and incorporates by reference each and every allegation of the
22 preceding paragraphs, as though fully set forth herein.

23     17.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, defendants,
24 and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal
25 period for each scheduled work shift of more than five and a half hours and a ten-minute
26 uninterrupted rest period for each scheduled work shift of four hours.

27     18.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted
28 meal or rest periods during her employment.

- 5 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    19.    Pursuant to <u>Labor Code</u> §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

2    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

3    uninterrupted ten-minute rest period.

4    20.    Pursuant to <u>Labor Code</u> §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

5    entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

6    uninterrupted thirty-minute meal period.

7    21.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

8    $13,492.30, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

9    to proof at trial.

10    ### THIRD CAUSE OF ACTION

11    ### FAILURE TO PAY WAGES AT TIME OF TERMINATION

12    ### IN VIOLATION OF LABOR CODE §§201-203

13    #### (Against All Defendants)

14    22.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

15    preceding paragraphs, as though fully set forth herein.

16    23.    Plaintiff was terminated on or about July 13, 2007. Defendants, and each of them,

17    failed to pay Plaintiff all wages she earned at the time of her termination. Defendants, and each of

18    them, were paying Plaintiff an effective hourly rate of $24.04 (the weekly rate divided by 40

19    hours, pursuant to <u>Labor Code</u> §515.)

20    24.    Pursuant to <u>Labor Code</u> §203, Plaintiff is entitled by law to receive at the

21    termination of her employment, all earned and unpaid wages for all hours worked.

22    25.    Defendants, and each of them, have willfully failed to pay all such wages owing to

23    Plaintiff. Pursuant to <u>Labor Code</u> §203, Plaintiff is entitled to a waiting time penalty in the

24    amount of at least $5,769.60, or according to proof, whichever is greater.

25    ///

26    ///

27    ///

28    ### FOURTH CAUSE OF ACTION

- 6 -

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

# FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

## IN VIOLATION OF LABOR CODE §226

### (Against All Defendants)

26.  Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

27.  California Labor Code §226 and Industrial Wage Order No. 5-2001, obligate defendants, and each of them, as employers, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing the total hours worked by Plaintiff.

28.  Specifically, Labor Code §226 provides, in pertinent part:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

29.  Defendants, and each of them, failed to keep precise records of Plaintiff's hours worked, and further failed to provide accurate itemized wage statements with each payment of wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 5-2001.

30.  Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

1  violation and $100.00 per pay period for each subsequent violation of this section, according to

2  proof, of up to a maximum of $4,000.00.

3  ### FIFTH CAUSE OF ACTION

4  ### UNFAIR BUSINESS PRACTICES IN VIOLATION OF

5  ### BUSINESS & PROFESSIONS CODE §17200

6  (Against All Defendants)

7      31.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

8  preceding paragraphs as though fully set forth herein.

9      32.    Pursuant to California Business & Professions Code §17200 et seq., and related

10  statutory provisions, defendants, and each of them, were obligated to refrain from engaging in

11  unfair business practices, including the unfair business practices of failing to comply with

12  applicable wage and hour laws of the State of California.

13      33.    Defendants, and each of them, have engaged in the unfair business practices of

14  consistently and knowingly committing the violations against plaintiff as alleged in this

15  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

16      34.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

17  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

18  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

19  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

20  compensation improperly withheld from Plaintiff, as alleged herein.

21      35.    Plaintiff further requests that a receiver be appointed to control and monitor all of

22  the business affairs of defendants, and each of them, to ensure compliance with applicable wage

23  and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

24  her owed and unpaid compensation.

25  ///

26  ///

27

28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 8 -

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    **PRAYER**

2    WHEREFORE, Plaintiff prays for judgment as follows:

3    (1)    For unpaid overtime wages pursuant to Labor Code §§510 and 1194 in amount of

4    $18,243.06, or according to proof, whichever is greater;

5    (2)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the

6    amount of $13,492.30 or according to proof, whichever is greater;

7    (3)    For waiting time penalties pursuant to Labor Code §§201-203 of $5,769.60 or

8    according to proof, whichever is greater;

9    (4)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,

10    whichever is lesser;

11    (5)    For any and all other applicable statutory penalties, as provided by law;

12    (6)    For interest on all unpaid wages, according to proof;

13    (7)    For an order requiring restitution to Plaintiff of all owed and unpaid wages;

14    (8)    For an appointment of a receiver;

15    (9)    For a permanent injunction;

16    (10)    For costs of suit herein, including attorneys' fees, according to proof, pursuant to

17    Labor Code §1194;

18    (11)    For such other and further relief as the Court deems just and proper.

19    DATED:  /ugust 17, 2007    BANDER LAW FIRM LLP

20

21

22    By    Cathe L. Caraway-Howard

23    Attorneys for Plaintiff,
     ERICA MOSELEY

24    ///

25    ///

26    ///

27    ///

28    ///

- 9 -

COMPLAINT

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury trial in the above-captioned action.

3    DATED: August 17, 2007    BANDER LAW FIRM LLP

4

5

6    By _____
     Cathe L. Caraway-Howard
7    Attorneys for Plaintiff,
     ERICA MOSELEY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4533

- 10 -

COMPLAINT

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA  92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff
   DAVID CHAVEZ

6

FILED
LOS ANGELES SUPERIOR COURT
AUG 2 3 2007
John A. Cla... ...erk
By _____ Deputy
R.V. GARCIA

7  Case assigned to dept. 23
   Judge Tricia ann Bigelow

8          SUPERIOR COURT OF CALIFORNIA

9       COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  DAVID CHAVEZ, an individual,           )   Case No.        BC376447
                                           )
12          Plaintiff,                     )   COMPLAINT FOR UNPAID
                                           )   OVERTIME AND VIOLATIONS OF
13      vs.                                )   CALIFORNIA BUSINESS AND
                                           )   PROFESSIONS CODE SECTION 17200
14  HAWAIIAN EXPRESS SERVICE, INC., a      )
    California corporation; JEFFREY GRAHAM, an )  JURY TRIAL DEMANDED
15  individual; JOY SCHUAL, an individual; and )
    DOES 1 through 50, inclusive,          )
16                                         )
            Defendants.                    )
17  _____    )

18

19      Plaintiff, DAVID CHAVEZ, alleges:

20                  GENERAL ALLEGATIONS

21      1.    This Court is the proper court and this action is properly filed in the County of Los

22  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23  and because Defendants' obligations and liabilities arise therein, and because the work that was

24  performed by Plaintiff in the County of Los Angeles is the subject of this action.

25      2.    Defendant, HAWAIIAN EXPRESS SERVICE, INC., ("HES") is California

26  corporation located in California and authorized to do business in the County of Los Angeles, State

27  of California.

28      3.    Defendant, JEFFREY GRAHAM, is an individual doing business in the County of

                          COMPLAINT

1 | Los Angeles, State of California.

2 |     4.    Defendant, JOY SCHUAL, is an individual doing business in the County of Los
3 | Angeles, State of California.

4 |     5.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who
5 | therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to
6 | show their true names and capacities when they have been ascertained. Plaintiff is informed and
7 | believes, and hereon alleges, that such Doe defendants are residents of California.

8 |     6.    Plaintiff is informed and believes that Defendants, each and all of them, at all times
9 | material hereto, were the joint employers, parent companies, successor companies, predecessors in
10 | interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,
11 | representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,
12 | unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged
13 | herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's
14 | damages as herein alleged.

15 |     7.    Plaintiff has been employed by Defendants for over 15 years. Prior to December
16 | 2006, Defendants did not pay Plaintiff overtime.

17 | **FIRST CAUSE OF ACTION**

18 | **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**
19 | **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**
20 | **(AGAINST HES AND DOES 1 THROUGH 50)**

21 |     8.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 7.

22 |     9.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of
23 | Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to
24 | compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the
25 | regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,
26 | and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
27 | of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

28 |     10.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

1  Defendants failed to compensate Plaintiff for all overtime premiums.

2      11.     As a proximate result of Defendants' violations, Plaintiff has been damaged in an

3  amount in excess of $40,755 and subject to proof at time of trial.

4      12.     Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

5  Regulations, Title 8, §11016, Plaintiff is entitled to recover damages for the nonpayment of

6  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

7  fees and costs of suit.

8                          ## SECOND CAUSE OF ACTION

9      **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

10                         **(AGAINST ALL DEFENDANTS)**

11     13.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 12.

12     14.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to

13 the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

14 entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

15 pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

16 liquidated damages, as well as costs and attorney's fees.

17     15.     Plaintiff worked numerous weeks in excess of forty (40) hours.

18     16.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

19 Defendants failed to compensate Plaintiff for any overtime premiums.

20     17.     This court has jurisdiction over this cause of action because the federal statute

21 specifically grants the employee the right to bring the action in "any Federal or State court of

22 competent jurisdiction." 29 U.S.C. §216(b).

23     18.     Defendants' violations of 29 U.S.C. §207 were willful and intentional.

24     19.     Plaintiff prays for judgment for overtime pay of $40,755. This amount is subsumed

25 by the overtime pay claimed in the First Cause of Action.

26     20.     Plaintiff prays for judgment for liquidated damages in the amount of $40,755. This

27 amount is supplemental to the relief requested in all other causes of action.

28     21.     Plaintiff prays for costs and attorney's fees.

1

### THIRD CAUSE OF ACTION

2

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

3

### CODE SECTION 17200

4

### (AGAINST HES AND DOES 1 THROUGH 50)

5       22.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.

6       23.     Defendants failed to pay for overtime premiums that were due to Plaintiff under the

7 terms of employment.

8       24.     By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

9 unlawful business practices under Business and Professions Code §17200, et. seq.

10      25.     Defendants failed to provide meal and rest breaks in accordance with California law.

11 Defendants' acts constitute unfair and unlawful business practices under Business and Professions

12 Code §17200, et. seq

13      26.     As a result of Defendants' conduct Plaintiff requires restitution in an amount to be

14 determined at trial.

15      WHEREFORE, Plaintiff prays damages as follows:

16

### ON THE FIRST CAUSE OF ACTION

17      1.     For damages in an amount in excess of $40,755 and subject to proof at time of

18 trial.

19      2.     For penalties, interest, reasonable attorney's fees and costs of suit.

20

### ON THE SECOND CAUSE OF ACTION

21      3.     For damages in an amount in excess of $40,755 and subject to proof at time of

22 trial.

23      4.     For liquidated damages in an amount in excess of $40,755 and subject to proof at

24 time of trial.

25      5.     For penalties, interest, reasonable attorney's fees and costs of suit.

26

### ON THE THIRD CAUSE OF ACTION

27      6.     For restitution in an amount subject to proof at time of trial.

28

## ON ALL CAUSES OF ACTION

7.    For costs of suit.

8.    For pre and post judgment interest.

9.    For such other and further relief as the court may deem proper.

DATED: August 21, 2007                          LAW OFFICES OF MICHAEL L. TRACY

                                        By:    _____
                                               MEGAN ROSS HUTCHINS, Attorney for
                                               Plaintiff DAVID CHAVEZ

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: August 21, 2007                          LAW OFFICES OF MICHAEL L. TRACY

                                        By:    _____
                                               MEGAN ROSS HUTCHINS, Attorney for
                                               Plaintiff DAVID CHAVEZ

**ORIGINAL**

91770

1  STEVEN G. PEARL (CA BAR NO. 163381)
   THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
2  16133 VENTURA BOULEVARD, SUITE 625
   ENCINO, CALIFORNIA 91436-2412
3  PHONE:    818/ 995-8300
   FAX:      818/ 995-8301
4
   ATTORNEYS FOR PLAINTIFF
5  ANDREA SALAS
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   COUNTY OF LOS ANGELES
                      CENTRAL DISTRICT
10
11
12  ANDREA SALAS,                    )  No. BC377024
                                     )
13          Plaintiff,               )  UNLIMITED CIVIL CASE
                                     )
14      v.                           )  COMPLAINT FOR:
                                     )
15  V & L RESTAURANT, LLC, AND DOES 1)  1. FAILURE TO PAY MINIMUM WAGE
    THROUGH 100, INCLUSIVE,          )  (CAL. LABOR CODE §§ 204, 510, 1194,
16                                   )  1194.2);
         Defendants.                 )
17                                   )  2. FAILURE TO PAY MEAL PERIOD
                                     )  COMPENSATION (CAL. LABOR CODE §§
18                                   )  226.7, 512);
                                     )
19                                   )  3. FAILURE TO PAY REST PERIOD
                                     )  COMPENSATION (CAL. LABOR CODE
20                                   )  § 226.7);
                                     )
21                                   )  4. FAILURE TO FURNISH WAGE AND
                                     )  HOUR STATEMENTS (CAL. LABOR CODE
22                                   )  § 226);
                                     )
23                                   )  5. WAITING TIME PENALTIES (CAL.
                                     )  LABOR CODE §§ 201-203);
24                                   )
                                     )  6. CONVERSION (CAL. CIV. CODE);
25                                   )  AND
                                     )
26                                   )  7. UNFAIR COMPETITION (CAL. BUS. &
                                     )  PROF. CODE § 17200, et seq.)
27                                   )
                                     )  DEMAND FOR JURY TRIAL
28                                   )

THE PEARL LAW FIRM

FILED
LOS ANGELES SUPERIOR COURT

SEP 05 2007

JOHN A. CLARKE, CLERK
BY D.M. SWAIN, DEPUTY

COMPLAINT

1    Plaintiff Andrea Salas alleges:

2                                        **GENERAL ALLEGATIONS**

3        1.      This is an action for violation of California's wage and hour laws. Plaintiff Andrea Salas

4    ("Ms. Salas") alleges that defendants V & L Restaurant, LLC, and Does 1 Through 100, Inclusive

5    (collectively "Defendants"): (1) failed to pay Ms. Salas minimum wage, including overtime

6    compensation at the minimum wage rate; (2) failed to provide her meal periods and failed to pay her

7    meal period compensation; (3) failed to provide her rest periods and failed to pay her rest period

8    compensation; (4) failed to provide her with timely and accurate wage and hour statements; (5) failed

9    to pay compensation due to her in a timely manner upon her termination; (6) converted her earned wages

10   to their own use and benefit; and (7) violated the Unfair Competition Law California Business &

11   Professions Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an

12   unfair business advantage at the expense of Ms. Salas and the public. The foregoing acts and other acts

13   by the Defendants violated provisions of the California Labor Code, including sections 201, 202, 203,

14   204, 226, 226.7, 510, 512, 1194 and 1194.2 (collectively the "Employment Laws"), violated the

15   applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (the

16   "Regulations"), violated the UCL, and violated Ms. Salas's rights.

17       2.      Venue is proper in this Court because the Defendants do substantial business in Los

18   Angeles County, California, and employed Ms. Salas in Los Angeles County, California.

19                                          **THE PARTIES**

20       3.      Ms. Salas is, and at all relevant times was, a competent adult residing in Los Angeles

21   County, California.

22       4.      Defendant V & L Restaurant, LLC is, and at all relevant times was, a limited liability

23   company organized under the laws of the state of California doing business in Los Angeles, California.

24       5.      Ms. Salas currently is unaware of the true names and capacities of the defendants sued

25   in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants

26   by those fictitious names. Ms. Salas will amend this Complaint to allege the true names and capacities

27   of such fictitiously named defendants when they are ascertained.

28       6.      Ms. Salas is informed and believes and on that basis alleges that each defendant sued in

                                              2

THE PEARL LAW FIRM

1   this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is

2   responsible in some manner for the occurrences, controversies and damages alleged below.

3                                   **SPECIFIC ALLEGATIONS**

4        7.     Defendants employed Ms. Salas from approximately May 30, 2005, through July 30,

5   2007.

6        8.     Defendants failed to pay Ms. Salas minimum wage.

7        9.     Defendants routinely required Ms. Salas to work more than eight hours per workday and

8   40 hours per workweek. Defendants failed to pay Ms. Salas overtime compensation at the minimum

9   wage rate for her overtime hours worked.

10       10.    Defendants routinely required Ms. Salas to work more than five hours without being

11  given at least a 30-minute meal period, and routinely failed to provide Ms. Salas with rest periods during

12  work shifts in excess of four hours.  Further, Defendants failed to compensate Ms. Salas  for these

13  missed meal periods and rest periods.

14       11.    Defendants failed to provide Ms. Salas with timely and accurate wage and hour

15  statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the

16  name and address of the legal entity employing her, all applicable hourly rates in effect during each pay

17  period, and the corresponding number of hours worked at each hourly rate by her.

18       12.    Defendants failed to pay Ms. Salas all amounts owed to her in a timely manner on her

19  termination.

20       13.    Defendants converted Ms. Salas's earned wages and other compensation due to her to

21  their own use and benefit, depriving her of the fruits of her labor.

22       14.    As set forth above, Defendants engaged in various acts of unfair competition, as defined

23  in California's Unfair Competition Law, California Business and Professions Code Section 17200, et

24  seq.

25  ///

26  ///

27  ///

28  ///

                                            3

THE PEARL LAW FIRM

1

2

3

4

### FIRST CAUSE OF ACTION

#### For Failure to Pay Minimum Wage

(California Labor Code Sections 204, 510, 1194, 1194.2)

by Ms. Salas Against All Defendants

5   15.   Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

6   though set forth fully herein.

7   16.   The applicable Wage Order issued by the Industrial Welfare Commission of the State of

8   California requires minimum wages of six dollars and seventy five cents ($6.75) per hour for all hours

9   worked effective January 1, 2002, and requires minimum wages of seven dollars and fifty cents ($7.50)

10  per hour for all hours worked effective January 1, 2007.

11  17.   The applicable Wage Order issued by the Industrial Welfare Commission of the State of

12  California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek

13  or more than six (6) days in any workweek is permissible only if the employer pays the employee the

14  required overtime compensation.   The Wage Order provides:

15        Such employees shall not be employed more than eight (8) hours in any workday or more

16        than 40 hours in any workweek unless the employee receives one and one-half (1 ½)

17        times such employee's regular rate of pay for all hours worked over 40 hours in the

18        workweek.

19  18.   Defendants failed to pay Ms. Salas minimum wage for her work, including overtime

20  compensation at the minimum wage rate, as required by the Employment Laws and Regulations.

21  19.   Defendants thus required Ms. Salas to work under conditions prohibited by order of the

22  Industrial Welfare Commission, in violation of those orders.

23  20.   Ms. Salas has been deprived of her rightfully earned minimum wage compensation,

24  including overtime compensation at the minimum wage rate, as a direct and proximate result of

25  Defendants' failure and refusal to pay said compensation. Ms Salas is entitled to recover such amounts.

26  Pursuant to California Labor Code Section 1994, Ms. Salas also is entitled to recover interest thereon,

27  reasonable attorney's fees, and costs of suit.

28  21.   In addition, pursuant to California Labor Code Section 1994.2, Ms. Salas is entitled to

4

1    recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest

2    thereon.

3        22.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

4    and, in addition to the actual damages caused thereby, Ms. Salas is entitled to recover damages for the

5    sake of example and by way of punishing Defendants.

6                        **SECOND CAUSE OF ACTION**

7                    **For Failure to Pay Meal Period Compensation**

8                    **(California Labor Code Sections 226.7, 512)**

9                        **by Ms. Salas Against All Defendants**

10       23.    Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

11   though set forth fully herein.

12       24.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of

13   California provides that "No employer shall employ any person for a work period of more than five (5)

14   hours without a meal period of not less than 30 minutes...."

15       25.    Defendants failed and refused to provide Ms. Salas with meal periods during her work

16   shifts and failed and refused to compensate Ms. Salas for said meal periods, as required by California

17   Labor Code sections 226.7 and 512 and the other applicable sections of the Employment Laws and

18   Regulations.

19       26.    Defendants thus required Ms. Salas to work for longer hours than those fixed, or under

20   conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

21       27.    Ms. Salas has been deprived of her rightfully earned compensation for meal periods as

22   a direct and proximate result of Defendants' failure and refusal to pay said compensation. Ms. Salas is

23   entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

24       28.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

25   and, in addition to the actual damages caused thereby, Ms. Salas is entitled to recover damages for the

26   sake of example and by way of punishing Defendants.

27   ///

28   ///

5

THE PEARL LAW FIRM

THE PEARL LAW FIRM

**THIRD CAUSE OF ACTION**

**For Failure to Pay Rest Period Compensation**

**(California Labor Code Section 226.7)**

**by Ms. Salas Against All Defendants**

29.     Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

30.     The applicable Wage Order provides:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

31.     Defendants failed and refused to provide Ms. Salas with rest periods during her work shifts and failed and refused to compensate Ms. Salas for said rest periods, as required by California Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

32.     Defendants thus required Ms. Salas to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

33.     Ms. Salas has been deprived of her rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Ms. Salas is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

34.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Ms. Salas is entitled to recover damages for the sake of example and by way of punishing Defendants.

**FOURTH CAUSE OF ACTION**

**For Failure to Furnish Wage and Hour Statements**

**(California Labor Code Section 226)**

**by Ms. Salas Against All Defendants**

35.     Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

6

36.    The applicable Wage Order provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

37.    Defendants knowingly and intentionally failed to provide Ms. Salas with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing her, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by her.

38.    Defendants thus required Ms. Salas to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

39.    Ms. Salas suffered injury as a result of Defendants' knowing and intentional failure to provide her with the wage and hour statements required by law.

40.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Ms. Salas is entitled to recover damages for the sake of example and by way of punishing Defendants.

### FIFTH CAUSE OF ACTION

#### For Waiting Time Penalties

#### (California Labor Code Sections 201 through 203)

#### by Ms. Salas Against All Defendants

41.    Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

42.    Defendants failed to pay Ms. Salas accrued wages and other compensation due to her immediately upon her termination, as required.

7

THE PEARL LAW FIRM

43.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### For Conversion

### (California Civil Code Section 3336)

### by Ms. Salas Against All Defendants

44.    Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

45.    As alleged above, Defendants wrongfully withheld earned wages from Ms. Salas and failed to pay her wages and other compensation which was due to her for overtime hours worked, for missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and Regulations.

46.    At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Ms. Salas all earned wages and other compensation due to her. Such wages and compensation belonged to Ms. Salas at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Ms. Salas, not Defendants.

47.    Defendants knowingly and intentionally failed to pay Ms. Salas overtime compensation for her overtime hours worked, knowingly and intentionally failed to compensate her for her missed meal and rest breaks, and knowingly and intentionally failed to provide other compensation due to Ms. Salas. Instead, Defendants converted Ms. Salas's rightfully earned wages and converted them to Defendants' own use and benefit. Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize profits at Ms. Salas's expense.

48.    Ms. Salas has been injured by Defendants' intentional conversion of such wages and compensation. Ms. Salas is entitled to immediate possession of all amounts converted by Defendants, with interest, as well as any and all profits that Defendants acquired by their unlawful conversion. Before she filed this action, Ms. Salas wrote a pre-litigation demand to Defendants. Ms. Salas detailed her claims, demanded that Defendants pay the amounts owed, and offered to discuss a pre-litigation resolution of this matter. A true and correct copy of Ms. Salas's correspondence to Defendants dated

8

COMPLAINT

1  August 17, 2007, is attached as Exhibit A.

2      49.      Despite these demands, Defendants refuse to pay Ms. Salas the unpaid compensation and

3  penalties they owe her.

4      50.      In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

5  and, in addition to the actual damages caused thereby, Ms. Salas is entitled to recover damages for the

6  sake of example and by way of punishing Defendants.

7                        **SEVENTH CAUSE OF ACTION**

8                           **For Unfair Competition**

9            **(California Business & Professions Code Section 17200, et seq.)**

10                      **by Ms. Salas Against All Defendants**

11     51.      Ms. Salas incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

12  though set forth fully herein.

13     52.      Defendants' violations of the Employment Laws and Regulations as alleged herein,

14  including Defendants' failure and refusal to pay Ms. Salas her earned wages, failure and refusal to pay

15  overtime wages to Ms. Salas, Defendants' failure to provide meal and rest periods to Ms. Salas,

16  Defendants' failure to provide Ms. Salas with timely and accurate wage and hour statements,  and

17  Defendants' conversion of wages and compensation due to Ms. Salas, constitute unfair business

18  practices in violation of the Unfair Competition Law, California Business & Professions Code Section

19  17200, et seq.

20     53.      As a result of Defendants' unfair business practices, Ms. Salas has suffered actual injury

21  and Defendants have reaped unfair benefits and illegal profits at the expense of Ms. Salas and members

22  of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to

23  Ms. Salas.

24     54.      Defendants' unfair business practices entitle Ms. Salas to seek preliminary and permanent

25  injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore

26  to Ms. Salas the compensation unlawfully withheld from them.

27     WHEREFORE, plaintiff Andrea Salas hereby prays that the Court enter judgment in her favor

28  and against defendants V & L Restaurant, LLC, and Does 1 Through 100, Inclusive, and each of them,

THE PEARL LAW FIRM

9

**COMPLAINT**

as follows:

1.     For payment of minimum wage, including overtime compensation at the minimum wage rate in the amount of $23,570;

2.     For liquidated damages to in the amount of $23,570;

3.     For payment of meal period compensation in the amount of $4,711;

4.     For payment of rest period compensation in the amount of $4,711;

5.     For Labor Code Section 226 compensation in the amount of $2,650;

6.     For Labor Code Section 203 penalties in the amount of $2,925;

7.     For prejudgment interest on the foregoing at the legal rate;

8.     For reasonable attorney fees;

9.     For costs of suit incurred herein;

10.    For punitive damages on Ms. Salas's First, Second, Third, Fourth, Fifth, and Seventh Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

11.    For preliminary and permanent injunctive relief prohibiting Defendants from continuing the conduct alleged herein; and

12.    For such further relief as the Court may deem appropriate.

DATED: September ⫨, 2007          THE PEARL LAW FIRM,
                                  A PROFESSIONAL CORPORATION


                                  By:  Steven G. Pearl
                                  Attorneys for Plaintiff Andrea Salas
                                  **DEMAND FOR JURY TRIAL**

Plaintiff Andrea Salas hereby demands jury trial of this matter.

DATED: September ⫨, 2007          THE PEARL LAW FIRM,
                                  A PROFESSIONAL CORPORATION


                                  By:  Steven G. Pearl
                                  Attorneys for Plaintiff Andrea Salas

10

COMPLAINT



**EXHIBIT A**

# THE PEARL LAW FIRM
## A PROFESSIONAL CORPORATION

August 17, 2007

### VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Ms. Maggie Nguyen
V & L Restaurant
9000 E. Garvey Avenue, #C
Rosemead, CA 91770

Re:     Andrea Salas

Dear Ms. Nguyen:

This office represents Andrea Salas with regard to this matter. Pursuant to California Labor Code Section 226(b), Ms. Salas hereby requests that you provide this office with copies of all records required by Section 226(a) pertaining to Ms. Salas within ten (10) business days of this request.

We understand that you employed Ms. Salas as a dishwasher in your restaurant from approximately May 30, 2005, through July 30, 2007. Ms. Salas routinely worked eight hours per day, six days per week and fourteen hours per day, once a week, averaging more than 108 hours per pay period.

You paid Ms. Salas between $5.25 and $5.50 per hour but failed to pay Ms. Salas the required overtime compensation (time-and-a-half) for her many overtime hours worked. You failed to pay Ms. Salas the minimum wage required by law.

You failed to provide Ms. Salas with the required rest periods (one ten-minute rest period for each four hours worked) and meal periods (one thirty-minute meal period for each five hours worked) and failed to compensate her for the missed meal and rest periods. You failed to provide Ms. Salas with timely and accurate wage and hour statements that included all of the required information. Finally, you failed to pay compensation due to Ms. Salas in a timely manner upon her termination.

Our initial analysis indicates that you owe Ms. Salas the following:

- More than $26,168 in unpaid minimum wages, including overtime hours that you failed to pay at minimum wage, and interest thereon (Cal. Labor Code §§ 204, 206, 218.5, 218.6, 510, 1194);

- $26,168 for liquidated damages for your failure to pay minimum wages and interest thereon (Cal. Labor Code § 1194.2);

16133 VENTURA BOULEVARD, SUITE 625, ENCINO, CALIFORNIA 91436-2142
TELEPHONE: 818.995.8300   FACSIMILE: 818.995.8301                                      081707.MNguyen.wpd

- More than $5,239 for unpaid meal period compensation, calculated at a rate of just one missed meal period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $2,650 for penalties for your failure to pay missed meal period compensation (Cal. Labor Code § 558);

- More than $5,239 for unpaid rest period compensation, calculated at a rate of just one missed rest period per day, and interest thereon (Cal. Labor Code §§ 226.7, 512);

- $2,650 for penalties for your failure to pay missed rest period compensation (Cal. Labor Code § 558);

- $2,650 for failure to provide full, timely and accurate wage and hour statements (Cal. Labor Code § 226);

- More than $2,925 for your failure to pay Ms. Salas all amounts owed in a timely manner on her termination (Cal. Labor Code § 203).

In total, you owe Ms. Salas more than $73,689 for these items alone. Ms. Salas hereby demands that you pay this amount within ten (10) days of the date of this letter.

This does not include additional extensive amounts owed for your failure to provide timely and accurate wage and hour statements (Cal. Labor Code § 226.3). Section 226.3 carries the largest penalties available under the Labor Code: $250 for the initial violation and $1,000 for each subsequent violation. We calculate that these penalties would total $26,250 in this case. These penalties under the Labor Code Private Attorneys General Act (Cal. Labor Code § 2698, et seq.) are payable 75% to the government and may not be discharged in bankruptcy. 11 United States Code § 523(a)(7).

This also does not include punitive damages for your willful violation of Ms. Salas's rights.

In addition, this office has spent approximately 1 hour of attorney time and 4 hours of paralegal time investigating this matter, calculating the amounts owed to Ms. Salas, and preparing this correspondence. We anticipate that resolving this matter now, prior to litigation, will require an equal amount of additional time. At our regular attorney and paralegal billing rates of $390 and $135 per hour, respectively, Ms. Salas is entitled to recover reasonable attorney fees (exclusive of the lodestar multiplier that she will seek after trial) in the amount of $930 in her effort to resolve this matter with you informally (Cal. Labor Code §§ 226(e), 1194).

If we are not able to resolve this matter prior to litigation, the amount that you owe Ms. Salas will only increase as she is forced to incur additional attorney fees and costs. A number of Labor Code sections

THE PEARL LAW FIRM
A PROFESSIONAL CORPORATION

Ms. Maggie Nguyen
Page: 3
August 17, 2007

provide for "one-way" fee shifting in favor of employees. In these cases, where employees typically are represented on contingent fees, the attorney fee award is calculated based on a lodestar analysis. The Court calculates the lodestar by multiplying hours spent times the hourly rate, then multiplies the lodestar by a reasonable multiplier. We typically request and have received a 3.0 multiplier. As a result, the total amount owed after trial, including fees for your own attorneys, likely will be several times higher than the amount necessary to resolve this matter now.

Despite the severe and obviously intentional nature of these of these violations, Ms. Salas is willing to discuss a pre-litigation resolution of this matter. Should you agree to resolve this matter now, prior to the filing of a lawsuit, Ms. Salas is willing to accept an amount less than the full amount owed in exchange for a full general release covering any and all claims pursuant to Cal. Civil Code § 1542.

You may have your attorney contact me directly to discuss resolution of this matter. Should you wish to discuss settlement, we will request that you execute a Statute of Limitations Tolling Agreement, which we will provide upon request. Our purpose in requesting the Agreement is to maintain the status quo with regard to our client's claims while we discuss resolution of this matter. You are advised to consult with an attorney of your choosing regarding your rights and obligations prior to contacting us regarding this matter or executing the Statute of Limitations Tolling Agreement.

You, your agents and your attorneys may not contact Ms. Salas regarding this matter. Ms. Salas has designated us as her representative for purposes of discussing this matter with you (Cal. Labor Code § 923). Ms. Salas does not want to discuss this matter with you and she will consider any effort to confront her regarding this matter to constitute harassment and unlawful retaliation in violation of her right to demand payment of lawful wages.

Should you reject this offer, Ms. Salas will have no choice but to file a lawsuit in Superior Court against you, seeking all amounts owed, including compensation, interest, penalties, costs, attorney fees and punitive damages.

If we are not able to resolve this matter by the close of business on August 27, 2007, we will be forced to move forward with litigation. We sincerely hope that such steps will not be necessary.

Sincerely,

Steven G. Pearl

SGP:dnp

081707.MNguyen.wpd

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 26 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

1 │ MICHAEL L. TRACY, ESQ., SBN 237779·
  │ MEGAN ROSS HUTCHINS, ESQ., SBN 22777
2 │ LAW OFFICE OF MICHAEL TRACY
  │ 2030 Main Street, Suite 1300
3 │ Irvine, CA 92614
  │ T: (949) 260-9171
4 │ F: (866) 365-3051

5   Attorneys for Plaintiff LYNN-MARIE CLEMENTS

6                                          Case assigned to $D$-41

7                                          Judge $Ronald$ $M$·$Sohigian$

8                    SUPERIOR COURT OF CALIFORNIA

9              COUNTY OF LOS ANGELES – CENTRAL DIVISION

10                                          BC378127

11  LYNN-MARIE CLEMENTS, an individual,    .)  Case No.
                                            )
12            Plaintiff,                     )  **COMPLAINT FOR UNPAID**
                                            )  **OVERTIME, LIQUIDATED DAMAGES,**
13       vs.                                 )  **WAITING TIME PENALTIES,**
                                            )  **FAILURE TO ITEMIZE WAGE**
14  CALMED AMBULANCE, LLC, a limited         )  **STATEMENTS AND VIOLATIONS OF**
    liability company; HENRY ZABALLA, an     )  **CALIFORNIA BUSINESS AND**
15  individual; and DOES 1 through 50, inclusive, )  **PROFESSIONS CODE SECTION 17200**
                                            )
16            Defendants.                    )
                                            )  **JURY TRIAL DEMANDED**
17 ─────────────────────────────────────────)

18       Plaintiff, LYNN-MARIE CLEMENTS, alleges:

19                      **GENERAL ALLEGATIONS**

20       1.      This Court is the proper court and this action is properly filed in the County of Los

21  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22  and because Defendants' obligations and liabilities arise therein, and because the work that was

23  performed by Plaintiff in the County of Los Angeles is the subject of this action.

24       2.      Defendant, CALMED AMBULANCE LLC, ("CALMED") is California

25  corporation located in California and doing business in the County of Los Angeles, State of

26  California.

27       3.      Defendant, HENRY ZABALLA is an individual doing business in the County of

28  Los Angeles, State of California.

─────────────────────────────────────────
                       COMPLAINT

 

4.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that such Doe defendants are residents of California.

5.    Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

6.    Plaintiff was employed by Defendants from April 2006 to October 2006.

### FIRST CAUSE OF ACTION

**FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

**(AGAINST CALMED AND DOES 1 THROUGH 50)**

7.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

8.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

9.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

10.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an amount in excess of $8,064 and subject to proof at time of trial.

11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

-2-

COMPLAINT



1  Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of

2  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

3  fees and costs of suit.

4                    **SECOND CAUSE OF ACTION**

5   **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

6                    **(AGAINST CALMED AND DOES 1 THROUGH 50)**

7         12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

8         13.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

9  wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

10  Labor Code §203 in the amount of $13,680.

11                    **THIRD CAUSE OF ACTION**

12         **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER**

13                  **CALIFORNIA LABOR CODE SECTION 226**

14                   **(AGAINST CALMED AND DOES 1 THROUGH 50)**

15        14.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 13.

16        15.    Pursuant to Labor Code §226, every employer must furnish each employee an

17  itemized statement of wages and deductions at the time of payment of wages.

18        16.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

19  worked.

20        17.    Plaintiff suffered injury in her inability to verify her own hours worked as well as to

21  provide proof of her income to others.

22        18.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

23  Defendants in the amount of $1,250 plus costs and attorney's fees.

24                    **FOURTH CAUSE OF ACTION**

25   **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

26                    **(AGAINST ALL DEFENDANTS)**

27        19.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

28        20.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

1    the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

2    entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

3    pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

4    liquidated damages, as well as costs and attorney's fees.

5         21.    Plaintiff worked numerous weeks in excess of forty (40) hours.

6         22.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

7    Defendants failed to compensate Plaintiff for any overtime premiums.

8         23.    This court has jurisdiction over this cause of action because the federal statute

9    specifically grants the employee the right to bring the action in "any Federal or State court of

10   competent jurisdiction." 29 U.S.C. §216(b).

11        24.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

12        25.    Plaintiff prays for judgment for overtime pay of $8,064. This amount is subsumed

13   by the overtime pay claimed in the First Cause of Action.

14        26.    Plaintiff prays for judgment for liquidated damages in the amount of $8,064. This

15   amount is supplemental to the relief requested in all other causes of action.

16        27.    Plaintiff prays for costs and attorney's fees.

17                              **FIFTH CAUSE OF ACTION**

18              **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

19              **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

20                     **CALIFORNIA LABOR CODE SECTION 512**

21                     **(AGAINST CALMED AND DOES 1 THROUGH 50)**

22        28.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 27.

23        29.    Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

24   Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

25   provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

26        30.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

27        31.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11090,

28   Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

1  each workday that the meal period was not provided.

2      32.   Plaintiff prays for damages for missed meals in the amount of $1,008.

3  **SIXTH CAUSE OF ACTION**

4  **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

5  **(AGAINST CALMED AND DOES 1 THROUGH 50)**

6      33.   Plaintiff refers to and incorporates by reference Paragraphs 1 through 32.

7      34.   Plaintiff is informed and believes and hereon alleges that Defendants are subject to

8  the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

9  entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

10  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

11  liquidated damages, as well as costs and attorney's fees.

12      35.   Plaintiff worked numerous weeks in excess of forty (40) hours.

13      36.   Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

14  Defendants failed to compensate Plaintiff for any overtime premiums.

15      37.   This court has jurisdiction over this cause of action because the federal statute

16  specifically grants the employee the right to bring the action in "any Federal or State court of

17  competent jurisdiction." 29 U.S.C. §216(b).

18      38.   Defendants' violations of 29 U.S.C. §207 were willful and intentional.

19      39.   Plaintiff prays for judgment for overtime pay of $8,064. This amount is subsumed

20  by the overtime pay claimed in the First Cause of Action.

21      40.   Plaintiff prays for judgment for liquidated damages in the amount of $8,064. This

22  amount is supplemental to the relief requested in all other causes of action.

23      41.   Plaintiff prays for costs and attorney's fees.

    WHEREFORE, Plaintiff prays damages as follows:

**ON THE FIRST CAUSE OF ACTION**

26      1.   For damages in an amount in excess of $8,064 and subject to proof at time of

27  trial.

28      2.   For penalties, interest, reasonable attorney's fees and costs of suit.

-5-<br>COMPLAINT

1                  **ON THE SECOND CAUSE OF ACTION**

2      3.    For damages in the amount of $13,680.

3                  **ON THE THIRD CAUSE OF ACTION**

4      4.    For damages in the amount of $1,250.

5      5.    For costs of suit, interest, and reasonable attorney's fees

6                  **ON THE FOURTH CAUSE OF ACTION**

7      6.    For damages in an amount in excess of $8,064 and subject to proof at time of

8 trial.

9      7.    For liquidated damages in an amount in excess of $8,064 and subject to proof at

10 time of trial.

11      8.    For penalties, interest, reasonable attorney's fees and costs of suit.

12                  **ON THE FIFTH CAUSE OF ACTION**

13      9.    For damages in an amount in excess of $1,008 and subject to proof at time of

14 trial.

15                  **ON THE SIXTH CAUSE OF ACTION**

16      10.   For damages in an amount in excess of $8,064 and subject to proof at time of

17 trial.

18      11.   For liquidated damages in an amount in excess of $8,064 and subject to proof at

19 time of trial.

20      12.   For penalties, interest, reasonable attorney's fees and costs of suit.

21                  **ON ALL CAUSES OF ACTION**

22      13.   For costs of suit.

23      14.   For pre and post judgment interest.

24      15.   For such other and further relief as the court may deem proper.

25 DATED: September 26, 2007           LAW OFFICE OF MICHAEL TRACY

26

27                 By:    _____

                                 MEGAN ROSS HUTCHINS, Attorney for

28                                Plaintiff Lynn-Marie Clements

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury trial.

3

4  DATED:  September 26, 2007                    LAW OFFICE OF MICHAEL TRACY

5

6                                    By:  _____
                                          MEGAN KOSS HUTCHINS, Attorney for
7                                         Plaintiff Lynn-Marie Clements

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
LOS ANGELES SUPERIOR COURT

SEP 27 2007

JOHN A. CLARKE CLERK

BY EDUARDO CHANES, DEPUTY

BANDER LAW FIRM LLP
Thomas K. Emmitt (SBN 207504)
1055 W. 7th Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 873-4333
Facsimile: (213) 837-4334
info@banderlaw.com

Attorneys for Plaintiff, MIGUEL SEBANES, ~~case assigned to Judge~~

MARK MOONEY

(I).68

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

UNLIMITED JURISDICTION

BC378218

| | |
|---|---|
| MIGUEL SEBANES, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>HICKORY HOUSE, a business partnership;<br>MISSION MANOR, a sole proprietorship;<br>AMADO TRINIDAD, an individual;<br>CARMENCITA TRINIDAD, an individual;<br>AMY TRINIDAD, an individual; TED LIN, an<br>individual; and SUE LIN, an individual; and<br>DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1)  Failure to Pay Overtime Compensation in Violation of Labor Code §1194;<br>(2)  Failure to Provide Meal and Rest Periods in Violation of Labor Code §226.7;<br>(3)  Failure to Pay Wages at Time of Termination in Violation of Labor Code §§201-203;<br>(4)  Failure to Provide Accurate Wage Statements in Violation of Labor Code §226;<br>(5)  Unfair Business Practices in Violation of Business and Professions Code §17200 |

**DEMAND FOR JURY TRIAL**

Plaintiff MIGUEL SEBANES ("Plaintiff") hereby allege the following facts:

**NATURE OF THE CASE**

1.     Plaintiff brings this action pursuant to California Labor Code §§226.7, 512, 510, 1194 for unpaid overtime wages, and payments in lieu of missed meal and rest breaks, that he earned while working as a maintenance worker for HICKORY HOUSE and MISSION MANOR ("Defendants") . Plaintiff also seeks waiting time penalties pursuant to Labor Code §203 because he was not paid all wages due upon termination of his employment; and (2) statutory penalties pursuant to Labor Code §226 for pay stub violations. Plaintiff also seeks restitution and other

- 1 -

1  remedies under Business and Professions Code §17200 *et seq.* Plaintiff further seeks to pierce the

2  corporate veil to hold defendants AMADO TRINIDAD, an individual; CARMINCITA

3  TRINIDAD, an individual; AMY TRINIDAD, an individual; TED LIN, an individual; and SUE

4  LIN, an individual liable for the debts of HICKORY HOUSE and MISSION MANOR as its alter

5  egos.

## PARTIES

7      2.      Plaintiff MIGUEL SEBANES, an individual, is now and at all relevant times

8  mentioned herein, was a resident of the County of Ventura, State of California.

9      3.      Plaintiff is informed and believes, and thereon alleges that HICKORY HOUSE

10  was, at all relevant times mentioned herein, a business partnership registered and based in the 50

11  Oak Street, Camarillo, State of California.

12      4.      Plaintiff is informed and believes, and thereon alleges that MISSION MANOR

13  was, at all relevant times mentioned herein, a business partnership registered and based in the 89

14  Mission Drive, Camarillo, State of California.

15      5.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

16  through 20, inclusive, and therefore sue these defendants by those fictitious names. Plaintiff will

17  seek leave of court to amend this complaint to allege their true names and capacities when they

18  have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

19  fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

20  practices alleged in this complaint.

21      6.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

22  mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

23  joint venturers or co-conspirators of each other defendant, and that each defendant was acting

24  within the course, scope and authority of such agency, employment, partnership, joint venture or

25  conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

26  acts of the remaining defendants, and each of them.

27      7.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

28  mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 2 -

1    as a matter of law, and controlled or exercised control over the wages, hours and working

2    conditions of Plaintiff.

3                         **ALTER EGO ALLEGATIONS**

4          8.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

5    mentioned herein defendants AMADO TRINIDAD, an individual; CARMENCITA TRINIDAD,

6    an individual; AMY TRINIDAD, an individual; TED LIN, an individual; and SUE LIN, an

7    individual and Does 1 through 10 (the "Non-corporate defendants") were the owners of all or a

8    controlling proportion of the shares of stock of Defendants HICKORY HOUSE and MISSION

9    MANOR, and DOES 11 through 20 (the "Corporate defendants"), and that there existed between

10   the Non-corporate defendants and Corporate defendants, a unity of interest and ownership, such

11   that any individuality and separateness between the Non-corporate defendants and Corporate

12   defendants, never existed or has ceased, and that the Non-corporate defendants are the alter ego of

13   the Corporate defendants in that:

14          a.      The Corporate defendants were conceived, intended and used by the Non-

15   corporate defendants, and each of them, as a device for the purpose of substituting a

16   financially insolvent corporation in the place of the Non-corporate defendants to avoid

17   individual liability for the Labor Code violations alleged herein;

18          b.      The Non-corporate defendants, and each of them, held themselves out to

19   Plaintiff and to other creditors that they were personally responsible for the debts of

20   Corporate defendants, including the wages earned by Plaintiff;

21          c.      The Non-corporate defendants, and each of them, used the assets of

22   Corporate defendants for their own purposes as though it were their own, and caused assets

23   of Corporate defendants to be transferred to them, or to entities they controlled, or to their

24   family members, without adequate consideration and to avoid creditors, including

25   employees;

26          d.      The Non-corporate defendants, and each of them, dominated and controlled

27   the finances of Corporate defendants, treated the corporate accounts as their personal bank

28

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 3 -

1    accounts, and commingled corporate and personal funds for their personal use and to avoid

2    creditors of Corporate defendants, including its employees;

3         e.    The Non-corporate defendants, and each of them, completely disregarded

4    the corporate formalities and separateness of Corporate defendants, in that the operations

5    of Corporate defendants, were carried out without the holding of shareholders' or

6    directors' meetings, records or minutes of any corporate proceedings were not maintained,

7    and transactions between and among the Non-corporate defendants and Corporate

8    defendants, were neither approved by directors nor shareholders, nor properly documented.

9         9.    Plaintiff is informed and believes, and thereupon alleges that adherence to the

10   fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

11   corporate defendants, and each of them, would permit an abuse of the corporate privilege and

12   would sanction fraud and promote injustice in that, among other things, the Non-corporate

13   defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

14   from underpaying its employees.

15                            **FIRST CAUSE OF ACTION**

16                     **FAILURE TO PAY OVERTIME COMPENSATION**

17                        **IN VIOLATION OF LABOR CODE §1194**

18                              **(Against All Defendants)**

19        10.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

20   preceding paragraphs, as though fully set forth herein.

21        11.    Defendants, and each of them, employed Plaintiff as an all around maintenance

22   man, driver and gardener at 50 Oak Street, Camarillo, California 93010 and 89 Mission Drive,

23   Camarillo, California 93010 from on or about April 23, 2003 until approximately September 25,

24   2005.

25        12.    As a maintenance man, driver and gardener employed by defendants, and each of

26   them, the duties of Plaintiff involved gardening, repairing and painting the facilities and residential

27   properties of Defendants Carmencita Trinidad and Amado Trinidad, cleaning and fixing

28   appliances and driving. Plaintiff performed other duties and other assigned tasks. Plaintiff's job

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

                                      - 4 -

1    duties did not include, and never primarily included, employment in an administrative, executive

2    or professional capacity.  More particularly, Plaintiff was never primarily engaged in any work

3    which was intellectual, managerial or creative, and which required exercise of discretion and

4    independent judgment.  In addition, Plaintiff never supervised any other employees.  Accordingly,

5    Plaintiff was, at all times relevant to this action, a non-exempt employee.

6        13.    At all relevant times mentioned herein, defendants, and each of them, required,

7    permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

8    and forty (40) hours per workweek.

9        14.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as

10   adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one

11   and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

12   worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

13   workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

14   worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth

15   consecutive day of the workweek.

16       15.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,

17   Plaintiff is entitled to recover his unpaid overtime wages in the amount of $65,861.46, plus

18   interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

19   whichever is greater.

20                        **SECOND CAUSE OF ACTION**

21                **FAILURE TO PROVIDE MEAL AND REST PERIODS**

22                    **IN VIOLATION OF LABOR CODE §226.7**

23                           **(Against All Defendants)**

24       16.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

25   preceding paragraphs, as though fully set forth herein.

26       17.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants,

27   and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

28   period for each scheduled work shift of more than five and a half hours and a ten-minute

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4233

- 5 -

1  uninterrupted rest period for each scheduled work shift of four hours.

2      18.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

3  meal or rest periods during his employment.

4      19.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

5  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

6  uninterrupted ten-minute rest period.

7      20.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

8  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

9  uninterrupted thirty-minute meal period.

10     21.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

11 $6,153.00, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject to

12 proof at trial.

13                        **THIRD CAUSE OF ACTION**

14            **FAILURE TO PAY WAGES AT TIME OF TERMINATION**

15               **IN VIOLATION OF LABOR CODE §§201-203**

16                          **(Against All Defendants)**

17     22.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

18 preceding paragraphs, as though fully set forth herein.

19     23.    Plaintiff was terminated on or about September 25, 2005. Defendants, and each of

20 them, failed to pay Plaintiff all wages he earned at the time of his termination. Defendants, and

21 each of them, were paying Plaintiff an effective hourly rate of $7.00.

22     24.    Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

23 termination of his employment, all earned and unpaid wages for all hours worked.

24     25.    Defendants, and each of them, have willfully failed to pay all such wages owing to

25 Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

26 amount of at least $1,680.00, or according to proof, whichever is greater.

27 ///

28 ///

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 6 -

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**IN VIOLATION OF LABOR CODE §226**

**(Against All Defendants)**

26.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

27.    Defendants, and each of them, were obligated under <u>Labor Code</u> §226 and Industrial Wage Order No. 5-2001, to keep an accurate record of the hours of labor worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized statement accurately showing the total hours worked by Plaintiff.

28.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours worked, and further failed to provide accurate itemized wage statements with each payment of wages to Plaintiff as required by law.

29.    Pursuant to <u>Labor Code</u> §226, Plaintiff is entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof of up to a maximum of $4,000.00 each.

**FIFTH CAUSE OF ACTION**

**UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

**BUSINESS & PROFESSIONS CODE §17200**

**(Against All Defendants)**

30.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

31.    Pursuant to California <u>Business & Professions Code</u> §17200 *et seq.*, and related statutory provisions, defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

32.    Defendants, and each of them, have engaged in the unfair business practices of

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

1    consistently and knowingly committing the violations against Plaintiff as alleged in this

2    Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

3        33.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

4    criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

5    Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

6    Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

7    compensation improperly withheld from Plaintiff, as alleged herein.

8        34.    Plaintiff further requests that a receiver be appointed to control and monitor all of

9    the business affairs of defendants, and each of them, to ensure compliance with applicable wage

10    and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

11    their owed and unpaid compensation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(1)    For unpaid overtime wages in the amount of $65,861.46, or according to proof, whichever is greater;

(2)    For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the amount of $6,153.00 or according to proof, whichever is greater;

(3)    For waiting time penalties pursuant to Labor Code §§201-203 of $1,680.00 or according to proof, whichever is greater;

(4)    For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof, whichever is lesser;

(5)    For any and all other applicable statutory penalties, as provided by law;

(6)    For interest on all unpaid wages, according to proof;

(7)    For an order of restitution requiring restitution to Plaintiff of all owed and unpaid wages;

(8)    For an appointment of a receiver;

(9)    For a permanent injunction;

(10)    For costs of suit herein, including attorneys' fees, according to proof, pursuant to

- 8 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    Labor Code §1194;

2    (11)    For such other and further relief as the Court deems just and proper.

3    DATED: September 21, 2007                    BANDER LAW FIRM LLP

4

5

6    By _____
                    Thomas K. Emmitt
7                    Attorneys for Plaintiff,
                    MIGUEL SEBANES
8

9                    **DEMAND FOR JURY TRIAL**

10    Plaintiffs hereby demand a jury trial in the above-captioned action.

11    DATED: September 21, 2007                    BANDER LAW FIRM LLP

12

13

14    By _____
                    Thomas K. Emmitt
15                    Attorneys for Plaintiff,
                    MIGUEL SEBANES
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

ORIGINAL

FILED
LOS ANGELES SUPERIOR COURT

OCT 01 2007

JOHN A. CLARKE, CLERK

BY EDUARDO OHANES, DEPUTY

1   STEVEN G. PEARL (CA BAR No. 163381)
2   THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
    16133 VENTURA BOULEVARD, SUITE 625
3   ENCINO, CALIFORNIA 91436-2412
    PHONE:    818/ 995-8300
    FAX:      818/ 995-8301
4
5   ATTORNEYS FOR PLAINTIFF
    RAFAEL SALCEDO
6
    case assigned
    to Judge:
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       COUNTY OF LOS ANGELES
                          CENTRAL DISTRICT
10
11                                          BC378314

12  RAFAEL SALCEDO,                )    No.
                                   )
13          Plaintiff,             )    **UNLIMITED CIVIL CASE**
                                   )
14      v.                         )    **COMPLAINT FOR:**
                                   )
15  ULTIMATE PAPER BOX CO., AND DOES )  **1. FAILURE TO PAY OVERTIME
16  1 THROUGH 100, INCLUSIVE,       )   COMPENSATION (CAL. LABOR CODE §§
                                   )    510, 1194);**
17          Defendants.            )
                                   )    **2. FAILURE TO PAY MEAL PERIOD
18                                 )    COMPENSATION (CAL. LABOR CODE §§
                                   )    226.7, 512);**
19                                 )
                                   )    **3. FAILURE TO PAY REST PERIOD
20                                 )    COMPENSATION (CAL. LABOR CODE
                                   )    § 226.7);**
21                                 )
                                   )    **4. FAILURE TO FURNISH WAGE AND
22                                 )    HOUR STATEMENTS (CAL. LABOR CODE
                                   )    § 226);**
23                                 )
                                   )    **5. WAITING TIME PENALTIES (CAL.
24                                 )    LABOR CODE §§ 201-203);**
                                   )
25                                 )    **6. CONVERSION (CAL. CIV. CODE § 3336);
                                   )    AND**
26
                                        **7. UNFAIR COMPETITION (CAL. BUS. &
27                                      PROF. CODE § 17200, et seq.)**
28
                                        **DEMAND FOR JURY TRIAL**

THE PEARL LAW FIRM

COMPLAINT

1    Plaintiff Rafael Salcedo alleges:

2    **GENERAL ALLEGATIONS**

3    1.    This is an action for violation of California's wage and hour laws. Plaintiff Rafael
4    Salcedo ("Mr. Salcedo") alleges that defendant Ultimate Paper Box Co., and Does 1 Through 100,
5    Inclusive (collectively "Defendants"): (1) failed to pay him overtime compensation; (2) failed to provide
6    him meal periods and failed to pay him meal period compensation; (3) failed to provide him rest periods
7    and failed to pay him rest period compensation; (4) failed to provide him with timely and accurate wage
8    and hour statements; (5) failed to pay compensation due to him in a timely manner upon his termination;
9    (6) converted his earned wages to their own use and benefit; and (7) violated the Unfair Competition
10   Law California Business & Professions Code sections 17200, et seq. (the "UCL") in an effort to increase
11   profits and to gain an unfair business advantage at the expense of Mr. Salcedo and the public. The
12   foregoing acts and other acts by the Defendants violated provisions of the California Labor Code,
13   including sections 201, 202, 203, 204, 226, 226.7, 510, 512, and 1194 (collectively the "Employment
14   Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State
15   of California (the "Regulations"), violated the UCL, and violated Mr. Salcedo's rights.

16   2.    Venue is proper in this Court because the Defendants do substantial business in Los
17   Angeles County, California, and employed Mr. Salcedo in Los Angeles County, California.

18   **THE PARTIES**

19   3.    Mr. Salcedo is, and at all relevant times was, a competent adult residing in Los Angeles
20   County, California.

21   4.    Defendant Ultimate Paper Box Co. is, and at all relevant times was, a business entity of
22   unknown form with its principal place of business located in Los Angeles County, California.

23   5.    Mr. Salcedo currently is unaware of the true names and capacities of the defendants sued
24   in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants
25   by those fictitious names. Mr. Salcedo will amend this Complaint to allege the true names and
26   capacities of such fictitiously named defendants when they are ascertained.

27   6.    Mr. Salcedo is informed and believes and on that basis alleges that each defendant sued
28   in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is

THE PEARL LAW FIRM

1

COMPLAINT

1  responsible in some manner for the occurrences, controversies and damages alleged below.

2                                    **SPECIFIC ALLEGATIONS**

3       7.      Defendants employed Mr. Salcedo from approximately November, 2005, through July

4  28, 2007.

5       8.      Defendants routinely required Mr. Salcedo to work more than eight hours per workday

6  and 40 hours per workweek. Defendants failed to pay Mr. Salcedo overtime compensation for his

7  overtime hours worked.

8       9.      Defendants routinely required Mr. Salcedo to work more than five hours without being

9  given at least a 30-minute meal period. Defendants routinely failed to compensate Mr. Salcedo for these

10  missed meal periods.

11      10.     Defendants routinely failed to provide Mr. Salcedo with a rest period for each four hours

12  of work or major fraction thereof. Further, Defendants routinely failed to compensate Mr. Salcedo for

13  these missed meal periods and rest periods.

14      11.     Defendants routinely failed to provide Mr. Salcedo with timely and accurate wage and

15  hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned,

16  the name and address of the legal entity employing him, all applicable hourly rates in effect during each

17  pay period, and the corresponding number of hours worked at each hourly rate by him.

18      12.     Defendants failed to pay Mr. Salcedo all amounts owed to him in a timely manner on his

19  termination.

20      13.     Defendants have converted Mr. Salcedo's earned wages and other compensation due to

21  him to their own use and benefit, depriving him of the fruits of his labor.

22      14.     As set forth above, Defendants engaged in various acts of unfair competition, as defined

23  in California's Unfair Competition Law, California Business and Professions Code Section 17200, et

24  seq.

25  ///

26  ///

27  ///

28  ///

                                              2

                                         COMPLAINT

## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### (California Labor Code Sections 510, 1194)

### by Mr. Salcedo Against All Defendants

15.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

16.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek or more than six (6) days in any workweek is permissible only if the employer pays the employee the required overtime compensation.  The Wage Order provides:

> Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek.

17.    Defendants routinely required Mr. Salcedo to work more than 40 hours per workweek, but Defendants failed to pay Mr. Salcedo the overtime compensation required by the Employment Laws and Regulations.

18.    Defendants thus required Mr. Salcedo to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

19.    Mr. Salcedo has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation.  Mr. Salcedo is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

20.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Salcedo is entitled to recover damages for the sake of example and by way of punishing Defendants.

///

///

///

3

COMPLAINT

THE PEARL LAW FIRM

## SECOND CAUSE OF ACTION

### For Failure to Pay Meal Period Compensation

### (California Labor Code Sections 226.7, 512)

### by Mr. Salcedo Against All Defendants

21.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

22.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...."

23.    Defendants failed to provide Mr. Salcedo with meal periods during his work shifts and failed to compensate Mr. Salcedo for said meal periods, as required by California Labor Code sections 226.7 and 512 and the other applicable sections of the Employment Laws and Regulations.

24.    Defendants thus required Mr. Salcedo to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

25.    Mr. Salcedo has been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Salcedo is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

26.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Salcedo is entitled to recover damages for the sake of example and by way of punishing Defendants.

## THIRD CAUSE OF ACTION

### For Failure to Pay Rest Period Compensation

### (California Labor Code Section 226.7)

### by Mr. Salcedo Against All Defendants

27.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

28.    The applicable Wage Order provides:

Every employer shall authorize and permit all employees to take rest periods, which

4

THE PEARL LAW FIRM

1   insofar as practicable shall be in the middle of each work period. The authorized rest

2   period time shall be based on the total hours worked daily at the rate of ten (10) minutes

3   net rest time per four (4) hours or major fraction thereof.

4       29.    Defendants failed to provide Mr. Salcedo with rest periods during his work shifts and

5   failed to compensate Mr. Salcedo for said rest periods, as required by California Labor Code section

6   226.7 and the other applicable sections of the Employment Laws and Regulations.

7       30.    Defendants thus required Mr. Salcedo to work for longer hours than those fixed, or under

8   conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

9       31.    Mr. Salcedo has been deprived of his rightfully earned compensation for rest periods as

10  a direct and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Salcedo

11  is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

12      32.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

13  and, in addition to the actual damages caused thereby, Mr. Salcedo is entitled to recover damages for

14  the sake of example and by way of punishing Defendants.

15  **FOURTH CAUSE OF ACTION**

16  **For Failure to Furnish Wage and Hour Statements**

17  **(California Labor Code Section 226)**

18  **by Mr. Salcedo Against All Defendants**

19      33.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive,

20  as though set forth fully herein.

21      34.    The applicable Wage Order provides:

22  Every employer shall semimonthly or at the time of each payment of wages furnish each

23  employee, either as a detachable part of the check, draft, or voucher paying the

24  employee's wages, or separately, an itemized statement in writing showing: (1) all

25  deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the

26  name of the employee or the employee's social security number; and (4) the name of the

27  employer, provided all deductions made on written orders of the employee may be

28  aggregated and shown as one item.

THE PEARL LAW FIRM

5

COMPLAINT

35.    Defendants knowingly and intentionally failed to provide Mr. Salcedo with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by him.

36.    Defendants thus required Mr. Salcedo to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

37.    Mr. Salcedo suffered injury as a result of Defendants' knowing and intentional failure to provide him with the wage and hour statements required by law.

38.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Salcedo is entitled to recover damages for the sake of example and by way of punishing Defendants.

## FIFTH CAUSE OF ACTION

### For Waiting Time Penalties

### (California Labor Code Sections 201 through 203)

### by Mr. Salcedo Against All Defendants

39.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

40.    Defendants failed to pay Mr. Salcedo accrued wages and other compensation due to him immediately upon his termination, as required.

41.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### For Conversion

### (California Civil Code Section 3336)

### by Mr. Salcedo Against All Defendants

42.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

6

THE PEARL LAW FIRM

1    43.    As alleged above, Defendants wrongfully withheld earned wages from Mr. Salcedo and
2  failed to pay his wages and other compensation which was due to him for overtime hours worked, for
3  missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and
4  Regulations.

5    44.    At all relevant times herein, Defendants had and continue to have a legal obligation
6  imposed by statute to pay Mr. Salcedo all earned wages and other compensation due to him. Such wages
7  and compensation belonged to Mr. Salcedo at the time the labor and services were provided to
8  Defendants, and accordingly such wages and compensation are the property of the Mr. Salcedo, not
9  Defendants.

10    45.    Defendants knowingly and intentionally failed to pay Mr. Salcedo overtime compensation
11  for his overtime hours worked, knowingly and intentionally failed to compensate him for his missed
12  meal and rest breaks, and knowingly and intentionally failed to provide other compensation due to Mr.
13  Salcedo. Instead, Defendants converted Mr. Salcedo's rightfully earned wages and converted them to
14  Defendants' own use and benefit. Defendants converted such wages and compensation as part of an
15  intentional and deliberate scheme to maximize profits at Mr. Salcedo's expense.

16    46.    Mr. Salcedo has been injured by Defendants' intentional conversion of such wages and
17  compensation. Mr. Salcedo is entitled to immediate possession of all amounts converted by Defendants,
18  with interest, as well as any and all profits that Defendants acquired by their unlawful conversion. Before
19  he filed this action, Mr. Salcedo wrote a pre-litigation demand to Defendants. Mr. Salcedo detailed his
20  claims, demanded that Defendants pay the amounts owed, and offered to discuss a pre-litigation
21  resolution of this matter. A true and correct copy of Mr. Salcedo's correspondence to Defendants dated
22  September 4, 2007, is attached as Exhibit A. Mr. Salcedo is informed and believes and on that basis
23  alleges that Defendants refused delivery of Mr. Salcedo's pre-litigation demand.

24    47.    Despite these demands, Defendants refuse to pay Mr. Salcedo the unpaid compensation
25  and penalties they owe him.

26    48.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,
27  and, in addition to the actual damages caused thereby, Mr. Salcedo is entitled to recover damages for
28  the sake of example and by way of punishing Defendants.

THE PEARL LAW FIRM

7

## SEVENTH CAUSE OF ACTION

### For Unfair Competition

### (California Business & Professions Code Section 17200, et seq.)

### by Mr. Salcedo Against All Defendants

49.    Mr. Salcedo incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

50.    Defendants' violations of the Employment Laws and Regulations as alleged herein, including Defendants' failure and refusal to pay Mr. Salcedo his earned wages, failure and refusal to pay overtime wages to Mr. Salcedo, Defendants' failure to provide meal and rest periods to Mr. Salcedo, Defendants' failure to provide Mr. Salcedo with timely and accurate wage and hour statements,  and Defendants' conversion of wages and compensation due to Mr. Salcedo, constitute unfair business practices in violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

51.    As a result of Defendants' unfair business practices, Mr. Salcedo has suffered actual injury and Defendants have reaped unfair benefits and illegal profits at the expense of Mr. Salcedo and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Mr. Salcedo.

52.    Defendants' unfair business practices entitle Mr. Salcedo to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore to Mr. Salcedo the compensation unlawfully withheld from them.

WHEREFORE, plaintiff Rafael Salcedo hereby prays that the Court enter judgment in his favor and against defendant Ultimate Paper Box Co., and Does 1 Through 100, Inclusive, and each of them, as follows:

1.    For payment of overtime compensation in the amount of $7,943;

2.    For payment of meal period compensation in the amount of $4,586;

3.    For payment of rest period compensation in the amount of $4,586;

4.    For Labor Code Section 226 compensation in the amount of $2,450;

5.    For Labor Code Section 203 penalties in the amount of $2,760;

THE PEARL LAW FIRM

8

6.    For prejudgment interest on the foregoing at the legal rate;

7.    For reasonable attorney fees;

8.    For costs of suit incurred herein;

9.    For punitive damages on Mr. Salcedo's First, Second, Third, Fourth, and Fifth Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

10.    For preliminary and permanent injunctive relief prohibiting Defendants from continuing the conduct alleged herein; and

11.    For such further relief as the Court may deem appropriate.


DATED: October ⅃, 2007              THE PEARL LAW FIRM,
                                    A PROFESSIONAL CORPORATION

                                    By: Steven G. Pearl
                                    Attorneys for Plaintiff Rafael Salcedo

### DEMAND FOR JURY TRIAL

Plaintiff Rafael Salcedo hereby demands jury trial of this matter.

DATED: October ⅃, 2007              THE PEARL LAW FIRM,
                                    A PROFESSIONAL CORPORATION

                                    By: Steven G. Pearl
                                    Attorneys for Plaintiff Rafael Salcedo

9

ORIGINAL

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 06 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

STEVEN G. PEARL (CA BAR NO. 163381)
THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
16133 VENTURA BOULEVARD, SUITE 625
ENCINO, CALIFORNIA 91436-2412
PHONE:    818/ 995-8300
FAX:       818/ 995-8301

ATTORNEYS FOR PLAINTIFF
ETAY ZUPRANER

Case assigned to D-26
Judge James R. Dunn

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CENTRAL DISTRICT

B C 380316

| | |
|---|---|
| ETAY ZUPRANER, | No. |
| Plaintiff, | **UNLIMITED CIVIL CASE** |
| v. | **COMPLAINT FOR:** |
| ROBERT SOLACHNEK, INDIVIDUALLY AND DOING BUSINESS AS BLACK & WHITE TRANSPORTATION SERVICES, AND DOES 1 THROUGH 100, INCLUSIVE, | **1. FAILURE TO PAY MINIMUM WAGE (CAL. LABOR CODE §§ 204, 510, 1194, 1194.2);** |
| Defendants. | **2. FAILURE TO FURNISH WAGE AND HOUR STATEMENTS (CAL. LABOR CODE § 226);** |
| | **3. WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201-203);** |
| | **4. CONVERSION (CAL. CIV. CODE § 3336); AND** |
| | **5. UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200, et seq.)** |
| | **DEMAND FOR JURY TRIAL** |

THE PEARL LAW FIRM

COMPLAINT

 

1    Plaintiff Etay Zupraner alleges:

2                          **GENERAL ALLEGATIONS**

3         1.      This is an action for violation of California's wage and hour laws.  Plaintiff Etay

4    Zupraner ("Mr. Zupraner") alleges that defendants Robert Solachnek, individually and doing business

5    as Black & White Transportation Services, and Does 1 Through 100, Inclusive (collectively

6    "Defendants"): (1) failed to pay Mr. Zupraner minimum wage, including overtime compensation at the

7    minimum wage rate; (2) failed to provide him with timely and accurate wage and hour statements; (3)

8    failed to pay compensation due to him in a timely manner upon his separation; (4) converted his earned

9    wages to their own use and benefit; and (5) violated the Unfair Competition Law California Business

10   & Professions Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an

11   unfair business advantage at the expense of Mr. Zupraner and the public.  The foregoing acts and other

12   acts by the Defendants violated provisions of the California Labor Code, including sections 201, 202,

13   203, 204, 226, 510, 1194 and 1194.2 (collectively the "Employment Laws"), violated the applicable

14   Wage Orders issued by the Industrial Welfare Commission of the State of California (the "Regulations"),

15   violated the UCL, and violated Mr. Zupraner's rights.

16        2.      Venue is proper in this Court because the Defendants do substantial business in Los

17   Angeles County, California, and employed Mr. Zupraner in Los Angeles County, California.

18                              **THE PARTIES**

19        3.      Mr. Zupraner is, and at all relevant times was, a competent adult residing in Los Angeles

20   County, California.

21        4.      Defendant Robert Solachnek is, and at all relevant times was, an individual doing

22   business as Black & White Transportation Services in Los Angeles County, California.

23        5.      Mr. Zupraner currently is unaware of the true names and capacities of the defendants sued

24   in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants

25   by those fictitious names.  Mr. Zupraner will amend this Complaint to allege the true names and

26   capacities of such fictitiously named defendants when they are ascertained.

27        6.      Mr. Zupraner is informed and believes and on that basis alleges that each defendant sued

28   in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is

                                        2

1  responsible in some manner for the occurrences, controversies and damages alleged below.

2  ## SPECIFIC ALLEGATIONS

3       7.     Defendants employed Mr. Zupraner from approximately December 14, 2006, through

4  March 14, 2007.

5       8.     Defendants failed to pay Mr. Zupraner minimum wage.

6       9.     Defendants routinely required Mr. Zupraner to work more than eight hours per workday

7  and 40 hours per workweek. Defendants failed to pay Mr. Zupraner overtime compensation at the

8  minimum wage rate for his overtime hours worked.

9       10.    Defendants failed to provide Mr. Zupraner with timely and accurate wage and hour

10  statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the

11  name and address of the legal entity employing him, all applicable hourly rates in effect during each pay

12  period, and the corresponding number of hours worked at each hourly rate by him.

13       11.    Defendants failed to pay Mr. Zupraner all amounts owed to him in a timely manner on

14  his separation.

15       12.    Defendants converted Mr. Zupraner's earned wages and other compensation due to him

16  to their own use and benefit, depriving him of the fruits of his labor.

17       13.    As set forth above, Defendants engaged in various acts of unfair competition, as defined

18  in California's Unfair Competition Law, California Business and Professions Code Section 17200, et

19  seq.

20  ## FIRST CAUSE OF ACTION

21  ### For Failure to Pay Minimum Wage

22  **(California Labor Code Sections 204, 510, 1194, 1194.2)**

23  **by Mr. Zupraner Against All Defendants**

24       14.    Mr. Zupraner incorporates by reference and realleges paragraphs 1 through 13, inclusive,

25  as though set forth fully herein.

26       15.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of

27  California requires minimum wages of six dollars and seventy five cents ($6.75) per hour for all hours

28  worked effective January 1, 2002, and requires minimum wages of seven dollars and fifty cents ($7.50)

3

THE PEARL LAW FIRM

1 | per hour for all hours worked effective January 1, 2007.

2     16.     The applicable Wage Order issued by the Industrial Welfare Commission of the State of

3 | California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek

4 | or more than six (6) days in any workweek is permissible only if the employer pays the employee the

5 | required overtime compensation. The Wage Order provides:

6     Such employees shall not be employed more than eight (8) hours in any workday or more

7     than 40 hours in any workweek unless the employee receives one and one-half (1 ½)

8     times such employee's regular rate of pay for all hours worked over 40 hours in the

9     workweek.

10     17.     Defendants failed to pay Mr. Zupraner minimum wage for his work, including overtime

11 | compensation at the minimum wage rate, as required by the Employment Laws and Regulations.

12     18.     Defendants thus required Mr. Zupraner to work under conditions prohibited by order of

13 | the Industrial Welfare Commission, in violation of those orders.

14     19.     Mr. Zupraner has been deprived of his rightfully earned minimum wage compensation,

15 | including overtime compensation at the minimum wage rate, as a direct and proximate result of

16 | Defendants' failure to pay said compensation. Mr. Zupraner is entitled to recover such amounts.

17 | Pursuant to California Labor Code Section 1994, Mr. Zupraner also is entitled to recover interest

18 | thereon, reasonable attorney's fees, and costs of suit.

19     20.     In addition, pursuant to California Labor Code Section 1994.2, Mr. Zupraner is entitled

20 | to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest

21 | thereon.

22     21.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

23 | and, in addition to the actual damages caused thereby, Mr. Zupraner is entitled to recover damages for

24 | the sake of example and by way of punishing Defendants.

25 | ///

26 | ///

27 | ///

28 | ///

THE PEARL LAW FIRM

## SECOND CAUSE OF ACTION

### For Failure to Furnish Wage and Hour Statements

### (California Labor Code Section 226)

### by Mr. Zupraner Against All Defendants

22.     Mr. Zupraner incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

23.     The applicable Wage Order provides:

Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item.

24.     Defendants knowingly and intentionally failed to provide Ms. Zupraner with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by him.

25.     Defendants thus required Mr. Zupraner to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

26.     Mr. Zupraner suffered injury as a result of Defendants' knowing and intentional failure to provide him with the wage and hour statements required by law.

27.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Mr. Zupraner is entitled to recover damages for the sake of example and by way of punishing Defendants.

///

///

5

COMPLAINT

THE PEARL LAW FIRM

### THIRD CAUSE OF ACTION

#### For Waiting Time Penalties

#### (California Labor Code Sections 201 through 203)

#### by Mr. Zupraner Against All Defendants

28.    Mr. Zupraner incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

29.    Defendants failed to pay Mr. Zupraner accrued wages and other compensation due to him in a timely manner upon his separation, as required.

30.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

### FOURTH CAUSE OF ACTION

#### For Conversion

#### (California Civil Code Section 3336)

#### by Mr. Zupraner Against All Defendants

31.    Mr. Zupraner incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

32.    As alleged above, Defendants wrongfully withheld earned wages from Mr. Zupraner and failed to pay him minimum wages, including overtime compensation at the minimum wage rate in violation of the Employment Laws and Regulations.

33.    At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Mr. Zupraner all earned wages due to him. Such wages belonged to Mr. Zupraner at the time the labor and services were provided to Defendants, and accordingly such wages are the property of the Mr. Zupraner, not Defendants.

34.    Defendants knowingly and intentionally failed to pay Mr. Zupraner minimum wages, including overtime compensation at the minimum wage rate. Instead, Defendants converted Mr. Zupraner's rightfully earned wages to their own use and benefit. Defendants converted such wages as part of an intentional and deliberate scheme to maximize their own profits at Mr. Zupraner's expense.

35.    Mr. Zupraner has been injured by Defendants' intentional conversion of such wages. Mr.

6



1   Zupraner is entitled to immediate possession of all amounts converted by Defendants, with interest.

2   Before he filed this action, Mr. Zupraner wrote a pre-litigation demand to Defendants. Mr. Zupraner

3   detailed his claims, demanded that Defendants pay the amounts owed, and offered to discuss a pre-

4   litigation resolution of this matter. A true and correct copy of Mr. Zupraner's correspondence to

5   Defendants dated October 1, 2007, is attached as Exhibit A.

6        36.     Despite this demand, Defendants refuse to pay Mr. Zupraner the amounts they owe him.

7        37.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

8   and, in addition to the actual damages caused thereby, Mr. Zupraner is entitled to recover damages for

9   the sake of example and by way of punishing Defendants.

10                              **FIFTH CAUSE OF ACTION**

11                                 **For Unfair Competition**

12              **(California Business & Professions Code Section 17200, et seq.)**

13                            **by Mr. Zupraner Against All Defendants**

14       38.     Mr. Zupraner incorporates by reference and realleges paragraphs 1 through 13, inclusive,

15   as though set forth fully herein.

16       39.     Defendants' violations of the Employment Laws and Regulations as alleged herein,

17   including Defendants' failure to pay Mr. Zupraner minimum wage, including overtime at the minimum

18   wage rate, Defendants' failure to provide Mr. Zupraner with timely and accurate wage and hour

19   statements, and Defendants' conversion of wages due to Mr. Zupraner, constitute unfair business

20   practices in violation of the Unfair Competition Law, California Business & Professions Code Section

21   17200, et seq.

22       40.     As a result of Defendants' unfair business practices, Mr. Zupraner has suffered actual

23   injury, and Defendants have reaped unfair benefits and illegal profits at the expense of Mr. Zupraner and

24   members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such

25   monies to Mr. Zupraner.

26       41.     Defendants' unfair business practices entitle Mr. Zupraner to seek preliminary and

27   permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge

28   and restore to Mr. Zupraner the compensation unlawfully withheld from him.

THE PEARL LAW FIRM

7

1    WHEREFORE, plaintiff Etay Zupraner hereby prays that the Court enter judgment in his favor

2    and against defendants Robert Solachnek, Individually and Doing Business as Black & White

3    Transportation Services, and Does 1 Through 100, Inclusive, and each of them, as follows:

4        1.    For payment of minimum wage, including overtime compensation at the minimum wage

5    rate in the amount of $11,822;

6        2.    For liquidated damages to in the amount of $11,822;

7        3.    For Labor Code Section 226 compensation in the amount of $750;

8        4.    For Labor Code Section 203 penalties in the amount of $2,916;

9        5.    For prejudgment interest on the foregoing at the legal rate;

10       6.    For reasonable attorney fees;

11       7.    For costs of suit incurred herein;

12       8.    For punitive damages on Mr. Zupraner's First and Fourth Causes of Action in an amount

13   sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the

14   future;

15       9.    For preliminary and permanent injunctive relief prohibiting Defendants from continuing

16   the conduct alleged herein; and

17       10.   For such further relief as the Court may deem appropriate.

18   DATED: November __, 2007                THE PEARL LAW FIRM,
                                             A PROFESSIONAL CORPORATION
19

20   _____

21                                           By: Steven G. Pearl
                                             Attorneys for Plaintiff Etay Zupraner
22
                              **DEMAND FOR JURY TRIAL**
23
         Plaintiff Etay Zupraner hereby demands jury trial of this matter.
24
     DATED: November __, 2007                THE PEARL LAW FIRM,
25                                           A PROFESSIONAL CORPORATION

26   _____

27                                           By: Steven G. Pearl
                                             Attorneys for Plaintiff Etay Zupraner
28

                                    8

_____
                              COMPLAINT

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   LAW OFFICE OF ROBERT R. RONNE, APC
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile : (310) 322-3039
4
   DENNIS W. RIHN, ESQ. (SBN 126233)
5  ATTORNEY AT LAW
   3460 Ocean View Boulevard, Suite F
6  Glendale, CA 91208
   Telephone: (818) 265-0525
7  Facsimile: (818) 249-2788
8  Attorneys for Plaintiff Cristian Mejia

FILED
LOS ANGELES SUPERIOR COURT

NOV 20 2007

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

                            ...ned to D-18
                          Helen I. Bendix

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12                           CENTRAL DISTRICT

13                                                   BC381137

14  CRISTIAN MEJIA,                    )  CASE NUMBER ▮▮▮▮▮▮
                                       )
15              Plaintiff,             )  COMPLAINT FOR WAGE AND HOUR
                                       )  VIOLATIONS
16      vs. ·                          )
                                       )
17  MEHRAN KAZEMI aka RON KAZEMI,)
    HOMAYOUN KAZEMI aka JAY KAZEMI,)
18  WATERPROOFING SYSTEMS, CORP., and)
    DOES 1 through 100, inclusive,     )
19                                     )
                Defendants.            )
20  _____)

21

22

23

24

25

26

27

28
                            1

Plaintiff Cristian Mejia alleges as follows:

### PRELIMINARY ALLEGATIONS

1.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Mehran Kazemi is an individual who at all times relevant to this action resided within the State of California, County of Los Angeles. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Mehran Kazemi, at all times relevant to this action, utilized and conducted business under the aliases and/or fictitious names of Ron Kazemi, Kazemi & Associates, or variations of such fictitious names.

2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Homayoun is an individual who at all times relevant to this action resided within the State of California, County of Los Angeles. Plaintiff is further informed and believes, and on that basis alleges, that Defendant Homayoun Kazemi, at all times relevant to this action, utilized and conducted business under the aliases and/or fictitious names of Jay Kazemi, Kazemi & Associates, or variations of such fictitious names.

3.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Waterproofing Systems, Corp. is a California corporation which does business in the State of California, County of Los Angeles.

4.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant to this action, defendants, and each of them, were joint legal employers of Plaintiff within the meaning of California law, or in the alternative, the alter ego of each other (and all of them) within the meaning of California law.

5.    Plaintiff is further informed and believes, and on that basis alleges, that Defendants Mehran Kazemi and Homayoun Kazemi:

        (a)    Deliberately and knowingly committed federal and state tax fraud by failing to make legally required deductions from wages paid to Plaintiff and other employees, including federal income tax, state income tax, social security tax and unemployment tax, and/or deliberately and knowingly caused Defendant Waterproofing Systems, Corp. to commit such acts; and

2

(b) Deliberately and knowingly committed the criminal act of hiring undocumented employees, and/or deliberately and knowingly caused Defendant Waterproofing Systems, Corp. to do so; and

(c) Deliberately and knowingly committed the unlawful act of failing to procure required workers' compensation insurance for all employees in the manner required by law, and/or deliberately and knowingly caused Waterproofing Systems, Corp. to do so; and

(d) Deliberately and knowingly engaged in an illegal pattern and practice of failing to maintain and retain records of the full amount of wages paid employees as required by law, and/or deliberately and knowingly caused Defendant Waterproofing Systems, Corp. to do so; and

(e) Deliberately and knowingly engaged in an illegal pattern and practice of failing to maintain and retain complete and accurate records of days and hours worked by employees in violation of California law, and/or deliberately and knowingly caused Defendant Waterproofing Systems, Corp. to do so; and

(f) Deliberately and knowingly engaged in an illegal pattern and practice of violating California wage and hour laws, including the laws requiring payment of overtime compensation, and/or deliberately and knowingly caused Defendant Waterproofing Systems, Corp. to do so; and

(g) Deliberately and knowingly converted funds which should have been paid to Plaintiff as overtime compensation owing by law.

6.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE was an employer of Plaintiff or otherwise liable to Plaintiff under applicable law.

7.     Plaintiff is informed and believes, and upon that basis alleges, that the individual

3

1    defendants, including Defendants Mehran Kazemi and Homayoun Kazemi, and Does 1-50, dominate

2    and control the entity and corporate defendants, including Waterproofing Systems, Corp. and Does 51-

3    100, and are the sole owners of the corporate and entity defendants. Plaintiff is further informed and

4    believes and thereupon alleges that defendants, and each of them, engaged in a pattern and practice of

5    utilizing the corporate and entity defendants, and each of them, as vehicles to accomplish criminal and

6    civil violations of law, and that there exists, and at all times relevant to this complaint there existed, a

7    unity of interest and ownership between any corporate and entity defendants and all non-corporate and

8    non-entity defendants such that any individuality and separateness between said defendants has ceased,

9    and all defendants are the alter ego of every other defendant. Plaintiff is further informed and believes,

10   and thereupon alleges that if the acts of any defendant were treated as the acts of such defendant alone,

11   an inequitable result would follow. Accordingly, as to all defendants, it is fair and equitable to permit

12   piercing the corporate veil and imposition of joint and several liability. Plaintiff is further informed and

13   believes, and upon that basis alleges, that the individual defendants, and each of them, misappropriated

14   to themselves, as individuals, and for their individual advantage, the unpaid wages owed plaintiff.

15          8.      Plaintiff is informed and believes and therefore alleges that at all times mentioned

16   in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were

17   the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that each

18   defendant was acting within the course, scope and authority of said agency, employment, joint venture,

19   or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or approved the

20   acts of the remaining defendants.

21                          **FIRST CAUSE OF ACTION**

22                        **FOR WAGE AND HOUR VIOLATIONS**

23                      **(LABOR CODE SECTIONS 510 and 1194)**

24                     **(PLAINTIFF AGAINST ALL DEFENDANTS)**

25          9.      Plaintiff re-alleges and incorporates herein by this reference each of the preceding

26   paragraphs.

27          10.     Beginning in 2002, and continuing to on or about April 12, Plaintiff Cristian Mejia

28                                              4

1    was employed as a laborer for a waterproofing business conducted by defendants.

2         11.    During his employment, Plaintiff worked more than 8 hours per day, and more than

3    40 hours per week.

4         12. Pursuant to the provisions of the California    *Labor Code*, including *Labor Code*

5    Sections 510 and 1194, Plaintiff had the right to be paid properly for every hour of labor, including

6    overtime compensation at a premium rate for all hours worked in excess of 8 in any single day, or

7    more than 40 in any single workweek.

8         13.    In violation of such laws and regulations, Plaintiff was not paid overtime

9    compensation as required by law. As a result, defendants, and each of them, are legally liable for

10   unpaid overtime compensation in an amount estimated to exceed $16,718.25.

11        14.    Plaintiff is entitled to additional recoveries allowed by law as follows:

12             (a)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

13                    termination of his employment all accrued but unpaid wages for all hours

14                    worked, including overtime compensation. Defendants willfully failed to pay

15                    such wages. Accordingly, Plaintiff is entitled to continuing wages set forth in

16                    *Labor Code* Section 203 in an amount estimated to be $2,760.00 ($11.50 per

17                    hour x 8 hours x 30 days).

18             (b)    Defendants, and each of them, were obligated under *Labor Code* Section 226

19                    and regulations of the State of California, to keep accurate records of

20                    Plaintiff's hours of labor and the wages he was paid, and to prepare and

21                    submit to Plaintiff at least twice per month an itemized statement accurately

22                    showing such hours worked and amounts paid. Defendants, and each of

23                    them, failed to keep accurate records of Plaintiff's hours of labor and wages

24                    paid, and further failed to provide accurate itemized wage statements as

25                    required by such statute. Accordingly, Plaintiff is entitled to damages

26                    pursuant to *Labor Code* Section 226 in the amount of $4,000.

27             (C)    Pursuant to California law, Defendants were obligated to provide Plaintiff a

28

5

1    (completely uninterrupted) 30 minute meal period for every five hours

2    worked, and a (completely uninterrupted) 10 minute rest period for every 4

3    hours worked. Defendants, and each of them, failed to provide Plaintiff all

4    the meal and rest periods to which he was legally entitled. Accordingly,

5    Plaintiff is entitled to compensation for missed meal periods pursuant to

6    Labor Code Section 226.7 in an amount estimated to exceed $9,461.50, plus

7    compensation for missed rest periods pursuant to Labor Code Section 226.7

8    in an amount estimated to exceed $9,461.50.

9    15.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

10   to be proved at trial.

11   16.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

12   specifically demanded, in an amount to be proved according to law.

13   17.    In addition, Plaintiff is entitled to costs of suit.

14                        **SECOND CAUSE OF ACTION**

15                     **FOR UNFAIR BUSINESS PRACTICES**

16        **PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200**

17                   **(PLAINTIFF AGAINST ALL DEFENDANTS)**

18   18.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding

19   paragraphs.

20   19.    Under California *Business and Professions Code*, §§ 17200, et seq. and related

21   statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated

22   to refrain from engaging in unfair business practices, including the unfair business practices of

23   failing to comply with applicable wage and hour, immigration and taxation laws of the State of

24   California and the United States of America.

25   20.    Defendants, and each of them, have engaged in unfair business practices of:

26        (a)    Deliberately and knowingly committing federal and state tax fraud by failing

27        to make legally required deductions from wages paid to Plaintiff and other

28

6

employees, including federal income tax, state income tax, social security tax and unemployment tax, and/or deliberately and knowingly causing Defendant Waterproofing Systems, Corp. to commit such acts; and

(b) Deliberately and knowingly committing the criminal act of hiring undocumented employees, and/or deliberately and knowingly causing Defendant Waterproofing Systems, Corp. to do so; and

(c) Deliberately and knowingly committing the unlawful act of failing to procure required workers' compensation insurance for all employees in the manner required by law, and/or deliberately and knowingly causing Waterproofing Systems, Corp.; and

(d) Deliberately and knowingly engaging in an illegal pattern and practice of failing to maintain and retain records of the full amount of wages paid employees as required by law, and/or deliberately and knowingly causing Defendant Waterproofing Systems, Corp. to do so; and

(e) Deliberately and knowingly engaging in an illegal pattern and practice of failing to maintain and retain complete and accurate records of days and hours worked by employees in violation of California law, and/or deliberately and knowingly causing Defendant Waterproofing Systems, Corp. to do so; and

(f) Deliberately and knowingly engaging in an illegal pattern and practice of violating California wage and hour laws, including the laws requiring payment of overtime compensation, and/or deliberately and knowingly causing Defendant Waterproofing Systems, Corp. to do so; and

(g) Deliberately and knowingly converting funds which should have been paid to Plaintiff as overtime compensation owing by law.

21.     Defendants, and each of them, pursuant to such unlawful, unfair and deceptive practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

7

1 | Plaintiff, and have gained an unfair advantage over law-abiding employers. Defendants, and each

2 | of them, should therefore be ordered to restore to Plaintiff all overtime compensation not otherwise

3 | recoverable pursuant to Labor Code Section 1194.

4 |     **WHEREFORE**, Plaintiff prays for judgment as follows:

5 |   1.   For unpaid overtime pay in an amount estimated to exceed $16,718.25; and

6 |   2.   For continuing wages pursuant to *Labor Code* Section 203 in the amount of at least

7 |       $2,760.00; and

8 |   3.   For damages pursuant to *Labor Code* Section 226 in an amount of $4,000; and

9 |   4.   For compensation for meal periods not received according to law in

10 |       an amount estimated to exceed $9,461.50; and

11 |   5.   For compensation for rest periods not received according to law in

12 |       an amount estimated to exceed $9,461.50; and

13 |   6.   For prejudgment interest;

14 |   7.   For costs of suit, including attorney's fees, according to proof; and

15 |   8.   For restitution of unpaid overtime compensation in an amount exceeding

16 |       $16,718.25;

17 |   9.   For restitution of unpaid compensation for missed meal and rest periods in an

18 |       amount estimated to exceed $18,923.00; and

19 |   10. For such other and further relief as the Court may deem appropriate.

20 |

21 | DATED: November 19, 2007            LAW OFFICE OF DENNIS W. RIHN

22 |

23 |

24 | BY: DENNIS W. RIHN, ATTORNEY
FOR PLAINTIFF CRISTIAN MEJIA

25 |

26 |

27 |

28 |

8



**ORIGINAL**

FILED IN FORMA PAUPERIS (ORC 986)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO CCP 911.5 (SC §
P. OF ANY FILING FEE UPON JUDGMENT
BY PARTY BECOMES A JUDGMENT CREDITOR

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 3 0 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

FEE WAIVER    NOV 3 0 2007

1  STEVEN G. PEARL (CA BAR No. 163381)
2  THE PEARL LAW FIRM, A PROFESSIONAL CORPORATION
   16133 VENTURA BOULEVARD, SUITE 625
3  ENCINO, CALIFORNIA 91436-2412
   PHONE:    818/ 995-8300
   FAX:      818/ 995-8301
4
5  ATTORNEYS FOR PLAINTIFF
   RIGOBERTO ORTIZ
6
7
             SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                      COUNTY OF LOS ANGELES
9
                        CENTRAL DISTRICT
10
11
12  RIGOBERTO ORTIZ,                    )  No.  BC391532
                                        )
13       Plaintiff,                     )  **UNLIMITED CIVIL CASE**
                                        )
14       v.                             )  **COMPLAINT FOR:**
                                        )
15  EVEREST WINDOWS SYSTEMS, INC.,      )  **1. FAILURE TO PAY OVERTIME**
    AND DOES 1 THROUGH 100,             )  **COMPENSATION (CAL. LABOR CODE §§**
16  INCLUSIVE,                          )  **510, 1194);**
                                        )
17       Defendants.                    )  **2. FAILURE TO PAY REST PERIOD**
                                        )  **COMPENSATION (CAL. LABOR CODE**
18                                      )  **§ 226.7);**
                                        )
19                                      )  **3. FAILURE TO FURNISH WAGE AND**
                                        )  **HOUR STATEMENTS (CAL. LABOR CODE**
20                                      )  **§ 226);**
                                        )
21                                      )  **4. WAITING TIME PENALTIES (CAL.**
                                        )  **LABOR CODE §§ 201-203);**
22                                      )
                                        )  **5. CONVERSION (CAL. CIV. CODE § 3336);**
23                                      )  **AND**
                                        )
24                                      )  **6. UNFAIR COMPETITION (CAL. BUS. &**
                                        )  **PROF. CODE § 17200, et seq.)**
25                                      )
                                        )  **DEMAND FOR JURY TRIAL**
26  ————————————————
27
28

COMPLAINT

Plaintiff Rigoberto Ortiz alleges:

## GENERAL ALLEGATIONS

1.   This is an action for violation of California's wage and hour laws. Plaintiff Rigoberto Ortiz ("Mr. Ortiz") alleges that defendant Everest Windows Systems, Inc., and Does 1 Through 100, Inclusive (collectively "Defendants"): (1) failed to pay him overtime compensation; (2) failed to provide him rest periods and failed to pay him rest period compensation; (3) failed to provide him with timely and accurate wage and hour statements; (4) failed to pay compensation due to him in a timely manner upon his seperation; (5) converted his earned wages to their own use and benefit; and (6) violated the Unfair Competition Law California Business & Professions Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an unfair business advantage at the expense of Mr. Ortiz and the public. The foregoing acts and other acts by the Defendants violated provisions of the California Labor Code, including sections 201, 202, 203, 226, 226.7, 510, and 1194 (collectively the "Employment Laws"), violated the applicable Wage Orders issued by the Industrial Welfare Commission of the State of California (the "Regulations"), violated the UCL, and violated Mr. Ortiz's rights.

2.   Venue is proper in this Court because the Defendants do substantial business in Los Angeles County, California, and employed Mr. Ortiz in Los Angeles County, California.

## THE PARTIES

3.   Mr. Ortiz is, and at all relevant times was, a competent adult residing in Los Angeles County, California.

4.   Defendant Everest Windows Systems, Inc., is, and at all relevant times was, a corporation with its principal place of business located in Los Angeles County, California.

5.   Mr. Ortiz currently is unaware of the true names and capacities of the defendants sued in this action by the fictitious names DOES 1 through 100, inclusive, and therefore sue those defendants by those fictitious names. Mr. Ortiz will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

6.   Mr. Ortiz is informed and believes and on that basis alleges that each defendant sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is responsible in some manner for the occurrences, controversies and damages alleged below.

2

## SPECIFIC ALLEGATIONS

7.     Defendants employed Mr. Ortiz from approximately 1997, through approximately June 15, 2007.

8.     Defendants routinely required Mr. Ortiz to work more than eight hours per workday and 40 hours per workweek. Defendants failed to pay Mr. Ortiz overtime compensation for his overtime hours worked.

9.     Defendants routinely failed to provide Mr. Ortiz with a rest period for each four hours of work or major fraction thereof. Defendants routinely failed to compensate Mr. Ortiz for these missed rest periods.

10.    Defendants routinely failed to provide Mr. Ortiz with timely and accurate wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing him, all applicable hourly rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate by him.

11.    Defendants failed to pay Mr. Ortiz all amounts owed to him in a timely manner on his separation.

12.    Defendants have converted Mr. Ortiz's earned wages to their own use and benefit, depriving him of the fruits of his labor.

13.    As set forth above, Defendants engaged in various acts of unfair competition, as defined in California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq.

## FIRST CAUSE OF ACTION

### For Failure to Pay Overtime Compensation

### (California Labor Code Sections 510, 1194)

### by Mr. Ortiz Against All Defendants

14.    Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as though set forth fully herein.

15.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of California (the "IWC") provides that employment beyond eight (8) hours in any workday, 40 hours in

3

THE PEARL LAW FIRM

1  any workweek or more than six (6) days in any workweek is permissible only if the employer pays the
2  employee the required overtime compensation. The Wage Order provides:
3      Such employees shall not be employed more than eight (8) hours in any workday or more
4      than 40 hours in any workweek unless the employee receives one and one-half (1 ½)
5      times such employee's regular rate of pay for all hours worked over 40 hours in the
6      workweek.
7      16.    Defendants routinely required Mr. Ortiz to work more than 40 hours per workweek, but
8  Defendants failed to pay Mr. Ortiz the overtime compensation required by the Employment Laws and
9  Regulations.
10     17.    Defendants thus required Mr. Ortiz to work for longer hours than those fixed, or under
11 conditions prohibited, by order of the IWC, in violation of those orders.
12     18.    Mr. Ortiz has been deprived of his rightfully earned overtime compensation as a direct
13 and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Ortiz is entitled
14 to recover such amounts, plus interest thereon, attorney's fees and costs.
15     19.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,
16 and, in addition to the actual damages caused thereby, Mr. Ortiz is entitled to recover damages for the
17 sake of example and by way of punishing Defendants.

18                          SECOND CAUSE OF ACTION
19                    For Failure to Pay Rest Period Compensation
20                      (California Labor Code Section 226.7)
21                      by Mr. Ortiz Against All Defendants
22     20.    Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as
23 though set forth fully herein.
24     21.    The applicable IWC Wage Order provides:
25     Every employer shall authorize and permit all employees to take rest periods, which
26     insofar as practicable shall be in the middle of each work period. The authorized rest
27     period time shall be based on the total hours worked daily at the rate of ten (10) minutes
28     net rest time per four (4) hours or major fraction thereof.

4

THE PEARL LAW FIRM

1    22.    Defendants failed to provide Mr. Ortiz with rest periods during his work shifts and failed

2    to compensate Mr. Ortiz for said rest periods, as required by California Labor Code section 226.7 and

3    the other applicable sections of the Employment Laws and Regulations.

4    23.    Defendants thus required Mr. Ortiz to work for longer hours than those fixed, or under

5    conditions prohibited, by order of the IWC, in violation of those orders.

6    24.    Mr. Ortiz has been deprived of his rightfully earned compensation for rest periods as a

7    direct and proximate result of Defendants' failure and refusal to pay said compensation. Mr. Ortiz is

8    entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

9    25.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

10    and, in addition to the actual damages caused thereby, Mr. Ortiz is entitled to recover damages for the

11    sake of example and by way of punishing Defendants.

12    ## THIRD CAUSE OF ACTION

13    ### For Failure to Furnish Wage and Hour Statements

14    ### (California Labor Code Section 226)

15    ### by Mr. Ortiz Against All Defendants

16    26.    Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as

17    though set forth fully herein.

18    27.    The applicable IWC Wage Order provides:

19    Every employer shall semimonthly or at the time of each payment of wages furnish each

20    employee, either as a detachable part of the check, draft, or voucher paying the

21    employee's wages, or separately, an itemized statement in writing showing: (1) all

22    deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the

23    name of the employee or the employee's social security number; and (4) the name of the

24    employer, provided all deductions made on written orders of the employee may be

25    aggregated and shown as one item.

26    28.    Defendants knowingly and intentionally failed to provide Mr. Ortiz with timely and

27    accurate wage and hour statements showing gross wages earned, total hours worked, all deductions

28    made, net wages earned, the name and address of the legal entity employing him, all applicable hourly

5

THE PEARL LAW FIRM



1    rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate

2    by him.

3         29.     Defendants thus required Mr. Ortiz to work for longer hours than those fixed, or under

4    conditions prohibited, by order of the IWC, in violation of those orders.

5         30.     Mr. Ortiz suffered injury as a result of Defendants' knowing and intentional failure to

6    provide him with the wage and hour statements required by law.

7         31.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

8    and, in addition to the actual damages caused thereby, Mr. Ortiz is entitled to recover damages for the

9    sake of example and by way of punishing Defendants.

10                      **FOURTH CAUSE OF ACTION**

11                        **For Waiting Time Penalties**

12            **(California Labor Code Sections 201 through 203)**

13                **by Mr. Ortiz Against All Defendants**

14         32.     Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as

15    though set forth fully herein.

16         33.     Defendants failed to pay Mr. Ortiz accrued wages and other compensation due to him

17    immediately upon his separation, as required.

18         34.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory

19    penalties pursuant to California Labor Code section 203.

20                        **FIFTH CAUSE OF ACTION**

21                        **For Conversion**

22                 **(California Civil Code Section 3336)**

23                **by Mr. Ortiz Against All Defendants**

24         35.     Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as

25    though set forth fully herein.

26         36.     As alleged above, Defendants wrongfully withheld earned wages from Mr. Ortiz and

27    failed to pay his wages and other compensation which was due to him for overtime hours worked, for

28    missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and

6

THE PEARL LAW FIRM

1  Regulations.

2      37.    At all relevant times herein, Defendants had and continue to have a legal obligation

3  imposed by statute to pay Mr. Ortiz all earned wages due to him. Such wages belonged to Mr. Ortiz at

4  the time the labor and services were provided to Defendants, and accordingly such wages are the

5  property of the Mr. Ortiz, not Defendants.

6      38.    Defendants knowingly and intentionally failed to compensate Mr. Ortiz for his overtime

7  hours worked and missed rest periods. Instead, Defendants converted Mr. Ortiz's rightfully earned

8  wages to Defendants' own use and benefit. Defendants converted such wages as part of an intentional

9  and deliberate scheme to maximize profits at Mr. Ortiz's expense.

10     39.    Mr. Ortiz has been injured by Defendants' intentional conversion of such wages. Mr.

11  Ortiz is entitled to immediate possession of all amounts converted by Defendants, with interest. Before

12  he filed this action, Mr. Ortiz wrote a pre-litigation demand to Defendants. Mr. Ortiz detailed his

13  claims, demanded that Defendants pay the amounts owed, and offered to discuss a pre-litigation

14  resolution of this matter. A true and correct copy of Mr. Ortiz's correspondence to Defendants dated

15  November 6, 2007, is attached as Exhibit A.

16     40.    Despite these demands, Defendants refuse to pay Mr. Ortiz the unpaid compensation they

17  owe him.

18     41.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

19  and, in addition to the actual damages caused thereby, Mr. Ortiz is entitled to recover damages for the

20  sake of example and by way of punishing Defendants.

21                              **SIXTH CAUSE OF ACTION**

22                                  **For Unfair Competition**

23               **(California Business & Professions Code Section 17200, et seq.)**

24                           **by Mr. Ortiz Against All Defendants**

25     42.    Mr. Ortiz incorporates by reference and realleges paragraphs 1 through 13, inclusive, as

26  though set forth fully herein.

27     43.    Defendants' violations of the Employment Laws and Regulations as alleged herein,

28  including Defendants' failure to pay overtime wages to Mr. Ortiz, failure to provide rest periods to Mr.

7

THE PEARL LAW FIRM

COMPLAINT

1   Ortiz or pay him for his missed rest periods, failure to provide Mr. Ortiz with timely and accurate wage

2   and hour statements, and conversion of wages due to Mr. Ortiz, constitute unfair business practices in

3   violation of the Unfair Competition Law, California Business & Professions Code Section 17200, et seq.

4        44.      As a result of Defendants' unfair business practices, Mr. Ortiz has suffered actual injury,

5   and Defendants have reaped unfair benefits and illegal profits at the expense of Mr. Ortiz and members

6   of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to

7   Mr. Ortiz.

8        45.      Defendants' unfair business practices entitle Mr. Ortiz to seek preliminary and permanent

9   injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore

10  to Mr. Ortiz the compensation unlawfully withheld from them.

11       WHEREFORE, plaintiff Rigoberto Ortiz hereby prays that the Court enter judgment in his favor

12  and against defendant Everest Windows Systems, Inc., and Does 1 Through 100, Inclusive, and each of

13  them, as follows:

14       1.       For payment of overtime compensation in the amount of $11,350;

15       2.       For payment of rest period compensation in the amount of $9,729;

16       3.       For Labor Code Section 226 compensation in the amount of $1,650;

17       4.       For Labor Code Section 203 penalties in the amount of $2,992.50;

18       5.       For prejudgment interest on the foregoing at the legal rate;

19       6.       For reasonable attorney fees;

20       7.       For costs of suit incurred herein;

21       8.       For punitive damages on Mr. Ortiz's First, Second, Third, and Fourth Causes of Action

22  in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such

23  conduct in the future;

24       9.       For preliminary and permanent injunctive relief prohibiting Defendants from continuing

25  the conduct alleged herein; and

26  ///

27  ///

28  ///

8

COMPLAINT

 

10.    For such further relief as the Court may deem appropriate.

DATED: November 29, 2007          THE PEARL LAW FIRM,
                                  A PROFESSIONAL CORPORATION


                                  By:  Steven G. Pearl
                                  Attorneys for Plaintiff Rigoberto Ortiz


## DEMAND FOR JURY TRIAL

Plaintiff Rigoberto Ortiz hereby demands jury trial of this matter.

DATED: November 29, 2007          THE PEARL LAW FIRM,
                                  A PROFESSIONAL CORPORATION


                                  By:  Steven G. Pearl
                                  Attorneys for Plaintiff Rigoberto Ortiz

9

COMPLAINT