**EXHIBIT  C**

1 | Michael Tracy (SBN 237779)
2 | Megan Ross Hutchins (SBN 227776)
  | Law Offices of Michael Tracy
3 | 2030 Main St. Ste 1300
4 | Irvine, CA 92614
  | (949) 260-9171
5 | Attorney for: Plaintiff, Michael French
6
7
8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
9 | **CENTRAL DIVISION**      BC364910
10

**FILED**
LOS ANGELES SUPERIOR COURT
JAN 17 2007
JOHN A. CLARKE, CLERK
BY D.M. SWAIN, DEPUTY

11 | Michael French, an individual            ) Case No.:
12 |              Plaintiff,                  ) **COMPLAINT FOR UNPAID OVERTIME,**
   |                                          ) **MEAL PENALTIES, REST PENALTIES,**
13 |         vs.                              ) **WAITING TIME PENALTIES, AND**
14 | Vitel Communications, Inc., a California ) **FAILURE TO ITEMIZE WAGE**
   |                                          ) **STATEMENTS**
15 | Corporation, and DOES 1 through 50,      )
16 |              Defendants                  ) **JURY TRIAL DEMANDED**
17 |                                          )
18 |                                          )
19 |                                          )
20 | Plaintiff, Michael French, alleges:
21 |                        **GENERAL ALLEGATIONS**
22 |     1.    This Court is the proper court and this action is properly filed in the County of
23 | Los Angeles and in this judicial district because Defendants do business in the County of Los
24 | Angeles, and because Defendants' obligations and liabilities arise therein, and because the work
25 | that was performed by Plaintiff in the County of Los Angeles is the subject of this action.
26 |     2.    Defendant, Vitel Communications, Inc. ("Vitel"), is a corporation incorporated in
27 | California and doing business in the County of Los Angeles, State of California.
28 |     3.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,
29 | who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint

1

1  to show their true names and capacities when they have been ascertained. Plaintiff is informed

2  and believes, and hereon alleges, that such Doe defendants are residents of California.

3      4.    Plaintiff is informed and believes that Defendants, each and all of them, at all

4  times material hereto, were the joint employers, parent companies, successor companies,

5  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

6  fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The

7  Defendants, unless otherwise alleged, at all times material hereto, performed all acts and

8  omissions alleged herein within the course and scope of said relationship, and are a proximate

9  cause of Plaintiff's damages as herein alleged.

10      5.    Plaintiff was employed by Defendants.

11  <div align="center">

**FIRST CAUSE OF ACTION**

12  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

13  **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR**

14  **CODE. (AGAINST ALL DEFENDANTS)**
</div>

15      6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

16      7.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

17  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required

18  to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

19  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

20  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

21  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

22      8.    Plaintiff was a non-exempt employee and entitled to the above overtime

23  premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

24      9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

25  amount in excess of $225,000 and subject to proof at time of trial.

26      10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

27  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

28  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

29  fees and costs of suit.

30  ///

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE SECTION 512

### (AGAINST ALL DEFENDANTS)

11.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 10.

12.     Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

13.     Defendant failed to provide Plaintiff a meal period for numerous days worked.

14.     Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for each workday that the meal period was not provided.

15.     Plaintiff prays for damages for missed meals in an amount in excess of $22,500 and subject to proof at time of trial.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE REST PERIODS UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS

### (AGAINST ALL DEFENDANTS)

16.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

17.     Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, Defendants were required to provide a ten (10) minute rest period for each four (4) hours worked, or major fraction thereof.

18.     Defendants failed to provide Plaintiff a proper meal period for all days worked.

19.     Pursuant to California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover one (1) hour of pay at Plaintiff's regular rate of compensation for each workday that the rest period was not provided.

20.     Plaintiff prays for damages for missed meals in an amount in excess of $22,500 and subject to proof at time of trial.

///

3

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203 (AGAINST ALL DEFENDANTS)

21.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 20.

22.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $6,000.

## FIFTH CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

## (AGAINST ALL DEFENDANTS)

23.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

24.    Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

25.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked and other items required by §226.

26.    Defendant suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

27.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $4,000.00 plus costs and attorney fees.

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200, (AGAINST ALL DEFENDANTS)

28.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 27. This cause of action is brought against all Defendants jointly and individually.

29.    By failing to pay overtime premiums on any wages, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et seq.

30.    By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et seq.

4

1    31.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an

2    amount in excess of $270,000 and subject to proof at time of trial.

9    WHEREFORE, Plaintiff prays damages as follows:

10   **ON THE FIRST CAUSE OF ACTION**

11   1.    For damages in an amount in excess of $225,000 and subject to proof at time of

12   trial.

13   2.    For penalties, interest, reasonable attorney's fees and costs of suit.

14   **ON THE SECOND CAUSE OF ACTION**

15   3.    For damages in an amount in excess of $22,500 and subject to proof at time of

16   trial.

17   **ON THE THIRD CAUSE OF ACTION**

18   4.    For damages in an amount in excess of $22,500 and subject to proof at time of

19   trial.

20   **ON THE FOURTH CAUSE OF ACTION**

21   5.    For damages in the amount of $6,000.

22   **ON THE FIFTH CAUSE OF ACTION**

23   6.    For damages in the amount of $4,000.

24   7.    For costs of suit, interest, and reasonable attorney's fees

25   **ON THE SIXTH CAUSE OF ACTION**

26   8.    For damages in an amount in excess of $270,000 and subject to proof at time of

27   trial.

28   **ON ALL CAUSES OF ACTION**

29   9.    For costs of suit.

30   10.    For pre and post judgment interest.

5

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1    11.    For such other and further relief as the court may deem proper.

2

3   Dated this January 16, 2007

4                                              Law Offices of Michael Tracy

5

6                                              By: _____

7                                                   Megan Ross Hutchins
                                                   Attorney for Michael French,
8                                                         Plaintiff

9

10                          **DEMAND FOR JURY TRIAL**

11

12   Plaintiff hereby demands a jury trial.

13

14   Dated this January 16, 2007

15                                              Law Offices of Michael Tracy

16

17                                              By: _____

18                                                   Megan Ross Hutchins
                                                   Attorney for Michael French,
19                                                        Plaintiff

20

21

22

23

24

25

26

27

28

29

30

6

1    ROBERT R. RONNE, ESQ. (SBN 092884)
    LAW OFFICE OF ROBERT R. RONNE, APC
2    840 Apollo Street, Suite 307
    El Segundo, California 90245
3    Telephone: (310) 322-1696
    Facsimile : (310) 322-3039

4

5    DENNIS W. RIHN, ESQ. (SBN 126233)
    ATTORNEY AT LAW
6    3460 Ocean View Boulevard, Suite E
    Glendale, California 91208
7    Telephone: (818) 265-0525
    Facsimile : (818) 249-2788

8

9    Attorneys for Plaintiff Sweetheart Saling

10

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13

14    SWEETHEART SALING,      )    CASE NO.
                             )
15                              )    BC365681
        Plaintiff,         )    **COMPLAINT** FOR DAMAGES:
16                              )
      vs.                    )    1)    FAILURE TO PAY OVERTIME
17                              )          COMPENSATION
                             )          (*Labor Code* Sections 510 and 1194);
18    SUNRISE BOARD & CARE; ALEX   )
    ROSENBERG, an individual; JANIE  )    2)    FAILURE TO PAY MINIMUM
19    ROSENBERG, an individual; and DOES 1 )         WAGE AND OVERTIME
    through 100, inclusive,       )          COMPENSATION
20                              )          (*Fair Labor Standards Act*)
                             )
21         Defendants.       )
                             )
22

23

     Plaintiff Sweetheart Saling alleges as follows:
24
                **PRELIMINARY ALLEGATIONS**
25
       1.     Plaintiff is informed and believe, and thereupon allege, that at all times mentioned
26
herein, defendant SUNRISE BOARD & CARE is a business entity, form unknown, which may use
27
variations on that name, and which regularly conducts business in the State of California, County of
28
Los Angeles, and was an employer of Plaintiff.

<div align="center">-1-</div>

<div align="center">Complaint</div>

1      2.    Defendant Alex Rosenberg is an individual who resides within the State

2   of California, County of Los Angeles, and, Plaintiff is informed and believe, and on that basis allege

3   that said Defendant utilizes and does business under the names of (or variations of the names of)

4   SUNRISE BOARD & CARE.  To the extent Defendants contend that a legal entity other than the

5   individual defendants employed Plaintiff, Plaintiff is further informed and believe, and thereon

6   allege, that this individual defendant was an employer of Plaintiff as said defendant may have been

7   at times an officer and/or director of any claimed non-individual defendant, is a person with

8   significant ownership interest in any claimed non-individual defendant, is a person who controls

9   significant day-to-day functions of any claimed non-individual defendant, and/or was a person with

10  significant operational control of any claimed non-individual defendant during employment of

11  Plaintiff, and thus was the employer of Plaintiff within the meaning of the Fair Labor Standards Act,

12  or that said defendant is otherwise an employer as defined by law.

13      3.    Defendant Janie Rosenberg is an individual who resides within the State

14  of California, County of Los Angeles, and, Plaintiff is informed and believe, and on that basis allege

15  that said Defendant utilizes and does business under the names of (or variations of the names of)

16  SUNRISE BOARD & CARE.  To the extent Defendants contend that a legal entity other than the

17  individual defendants employed Plaintiff, Plaintiff is further informed and believe, and thereon

18  allege, that this individual defendant was an employer of Plaintiff as said defendant may have been

19  at times an officer and/or director of any non-individual defendant, is a person with significant

20  ownership interest in any claimed non-individual defendant, is a person who controls significant

21  day-to-day functions of any claimed non-individual defendant, and/or was a person with significant

22  operational control of any claimed non-individual defendant during employment of Plaintiff, and

23  thus was the employer of Plaintiff within the meaning of the Fair Labor Standards Act, or that said

24  defendant is otherwise an employer as defined by law.

25      4.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because

26  Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE

27  defendants, and each of them.  Plaintiff is informed and believe and thereupon allege that each of

28  the defendants designated herein as a DOE is an employer of Plaintiff.

1    5.    To the extent defendants claim that as individuals they did not employ Plaintiff,

2 Plaintiff is informed and believe and thereupon allege that defendants, and each of them, engaged in

3 a pattern and practice of utilizing any claimed non-individual defendants, and each of them, as

4 vehicles to accomplish violations of law, and that there exists, and at all times relevant to this

5 complaint there existed a unity of interest and ownership between any claimed non-individual

6 defendants and individual defendants such that any individuality and separateness between said

7 defendants has ceased. Plaintiff is further informed and believe, and thereupon allege that if the acts

8 of any claimed non-individual are treated as those of the entity alone, an inequitable result would

9 follow. Plaintiff is further informed and believe, and on that basis allege, that any judgment solely

10 against any non-individual defendants in this matter would be uncollectible. Accordingly, as to the

11 defendants which are not individual defendants, it is fair and equitable to permit piercing any

12 purported corporate veil. Plaintiff is further informed and believe, and upon that basis allege, that

13 the individual defendants, and each of them, misappropriated to themselves, as individuals for their

14 individual advantage, the unpaid wages owed Plaintiff.

15    6.    Plaintiff is informed and believe and thereupon allege that at all times mentioned

16 herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

17 inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

18 defendant, and that each defendant was acting within the course, scope and authority of said agency,

19 employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

20 ratified, and/or approved the acts of the remaining defendants.

21                    **FIRST CAUSE OF ACTION**

22                **FOR WAGE AND HOUR VIOLATIONS**

23                **(LABOR CODE SECTIONS 510 and 1194)**

24                **(PLAINTIFF AGAINST ALL DEFENDANTS)**

25    7.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding

26 paragraphs.

27    8.    Beginning on or about April 1, 2005, and continuing to about November 1, 2006,

28 Plaintiff was employed by defendants, and each of them.

-3-
Complaint

1    9.    During her employment, Plaintiff was not properly compensated by defendants, and

2    each of them, for all hours worked.

3    10.    Pursuant to the provisions of the California Labor Code, including Labor Code

4    Sections 510 and 1194, and regulations adopted by the California Department of Industrial

5    Relations, Plaintiff has the right to be paid properly for every hour of labor.

6    11.    In violation of such laws and regulations, defendants and each of them failed to pay

7    Plaintiff all overtime owed in an amount believed to exceed $100,000.00.

8    12.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

9        (A)    Pursuant to Labor Code Section 203, Plaintiff was entitled to receive at the

10            termination of her employment all accrued but unpaid wages for all hours

11            labored, including overtime compensation. Because defendants, and each of

12            them failed to pay such wages, Plaintiff is entitled to continuing wages set

13            forth in Labor Code Section 203 in an amount estimated to be in excess of

14            $1,939.20.

15        (B)    Defendants, and each of them, were obligated under Labor Code Section 226

16            and regulations of the Industrial Welfare Commission of the State of

17            California, to keep accurate records of Plaintiff' hours of labor, and to

18            prepare and submit to Plaintiff at least twice per month an itemized statement

19            accurately showing the total hours worked by Plaintiff.    Defendants, and

20            each of them, failed to keep accurate records of Plaintiff's hours of labor, and

21            further failed to provide accurate itemized wage statements as required by

22            such statute. Accordingly, Plaintiff is entitled to damages pursuant to Labor

23            Code Section 226 in the amount of $4,000.00.

24        (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

25            Plaintiff is entitled to receive all other compensation permitted by law,

26            including for meal and rest periods during the course of her employment.

27    13.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

28    to be proved at trial.

-4-

Complaint

14.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

15.    In addition, Plaintiff is entitled to costs of suit.

### SECOND CAUSE OF ACTION

### FOR WAGE AND HOUR VIOLATIONS

### (FAIR LABOR STANDARDS ACT)

### (PLAINTIFF AGAINST ALL DEFENDANTS)

16.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding paragraphs.

17.    During her employment, defendants, and each of them, required and permitted Plaintiff to work hours substantially in excess of 40 per week.

18.    Pursuant to the provisions of the Fair Labor Standards Act, Plaintiff had the right to be paid minimum wage for every hour of labor, plus the right to be paid one and a half times her regular hourly rate for all hours worked in excess of 40 during a week.

19.    In violation of such laws and regulations, defendants, and each of them, failed to pay Plaintiff at the required minimum wage and failed to pay Plaintiff for her overtime hours at the minimum required premium rates. Pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff is entitled to recover the full amount of unpaid minimum wage and overtime compensation owing in an amount estimated to exceed $70,000.00.

20.    In addition, because defendants violated Sections 206 and 207 of the Fair Labor Standard Acts, pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff is entitled to a doubling of the full amount of unpaid minimum wage and overtime compensation in an additional amount to be proved at trial, estimated to exceed $70,000.00.

21.    In addition, Plaintiff is entitled to reasonable attorney's fees in an amount to be proved according to law.

22.    In addition, Plaintiff is entitled to prejudgment interest and costs of suit.

///

///

-5-

Complaint

1

## PRAYER.

2    WHEREFORE, Plaintiff prays for judgment as follows:

3    1.    For unpaid overtime compensation in an amount exceeding $100,000.00, and subject

4          to more precise proof at the time of trial;

5    2.    For continuing wages pursuant to *Labor Code* Section 203 in the amount of at least

6          $1,939.20, and more precisely according to proof;

7    3.    For damages pursuant to *Labor Code* Section 226 in the amount of a maximum of

8          $4,000.00, and more precisely according to proof;

9    4.    For compensation for meal and rest periods not received according to law in

10         an amount to be proved at trial;

11   5.    For all relief permitted under the Fair Labor Standards Act;

12   6.    For prejudgment interest on Plaintiff's state law claims;

13   7.    For costs of suit, including attorney's fees, according to proof; and

14   8.    For such other and further relief as the Court may deem appropriate.

15

16                            Respectfully Submitted:

17                            **LAW OFFICES OF ROBERT R. RONNE, APC**

18

19

20                  By: _____

21                            ROBERT R. RONNE,
                              Attorney for Plaintiff
22                            Sweetheart Saling.

23

24

25

26

27

28

Complaint

1   Michael Tracy (SBN 237779)
2   Megan Ross Hutchins (SBN 227776)
    Law Offices of Michael Tracy
3   2030 Main St. Ste 1300
    Irvine, CA 92614
4   (949) 260-9171
5   Attorney for: Plaintiff, Dilip Patel

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 15 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

6

7

8   **SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

9                       **CENTRAL DIVISION**

BC366358

10

11   Dilip Patel, an individual      )   Case No.:

12          Plaintiff,          )   **COMPLAINT FOR UNPAID OVERTIME,**
                          )   **LIQUIDATED DAMAGES, WAITING**
13        vs.              )   **TIME PENALTIES, AND FAILURE TO**
14   Global Hotel Network, Inc., a California  )   **ITEMIZE WAGE STATEMENTS**
15   Corporation, and DOES 1 through 50,   )   **JURY TRIAL DEMANDED**
                          )
16        Defendants        )

17   ————————————————————)

18

19   Plaintiff, Dilip Patel, alleges:

20                      **GENERAL ALLEGATIONS**

21       1.     This Court is the proper court and this action is properly filed in the County of

22   Los Angeles and in this judicial district because Defendants do business in the County of Los

23   Angeles, and because Defendants' obligations and liabilities arise therein, and because the work

24   that was performed by Plaintiff in the County of Los Angeles is the subject of this action.

25       2.     Defendant, Global Hotel Network, Inc., is a corporation incorporated in California

26   and doing business in the County of Los Angeles, State of California.

27       3.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff,

28   who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint

29   to show their true names and capacities when they have been ascertained. Plaintiff is informed

30   and believes, and hereon alleges, that such Doe defendants are residents of California.

1

COMPLAINT FOR UNPAID OVERTIME, ET AL.

4.    Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

5.    Plaintiff was employed by Defendants.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE. (AGAINST ALL DEFENDANTS)

6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

7.    Pursuant to Industrial Welfare Commission Order No. 5-2001, California Code of Regulations, Title 8, §11050, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

8.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an amount in excess of $175,750.31 and subject to proof at time of trial.

10.   Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of Regulations, Title 8, §11050, Plaintiff is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

///
///
//

2

COMPLAINT FOR UNPAID OVERTIME, ET AL.

## SECOND CAUSE OF ACTION

## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 AND §216.
### (AGAINST ALL DEFENDANTS)

11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10. This cause of action is brought against all Defendants jointly and individually.

12.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

13.    Plaintiff worked numerous weeks in excess of forty (40) hours.

14.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

15.    This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

16.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

17.    Plaintiff prays for judgment for overtime pay of $175,750.31. This amount is subsumed by the overtime pay claimed in the First Cause of Action.

18.    Plaintiff prays for judgment for liquidated damages in the amount of $175,750.31. This amount is supplemental to the relief requested in all other causes of action.

19.    Plaintiff prays for costs and attorney's fees.

### THIRD CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203 (AGAINST ALL DEFENDANTS)

20.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 20.

21.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $3,150.

///

3

COMPLAINT FOR UNPAID OVERTIME, ET AL.

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER LABOR CODE SECTION 226

### (AGAINST ALL DEFENDANTS)

22.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 21.

23.    Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

24.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked and other items required by §226.

25.    Defendant suffered injury in his inability to verify his own hours worked as well as to provide proof of his income to others.

26.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $2,550 plus costs and attorney fees.

### FIFTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200. (AGAINST ALL DEFENDANTS)

27.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. This cause of action is brought against all Defendants jointly and individually.

28.    By failing to pay overtime premiums on any wages, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et seq.

29.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an amount in excess of $175,750.31 and subject to proof at time of trial.

WHEREFORE, Plaintiff prays damages as follows:

### ON THE FIRST CAUSE OF ACTION

1.    For damages in an amount in excess of $175,750.31 and subject to proof at time of trial.

2.    For penalties, interest, reasonable attorney's fees and costs of suit.

///

///

4

1  **ON THE SECOND CAUSE OF ACTION**

2      3.    For damages in an amount in excess of $175,750.31 and subject to proof at time

3  of trial.

4      4.    For liquidated damages in an amount in excess of $175,750.31 and subject to

5  proof at time of trial.

6      5.    For penalties, interest, reasonable attorney's fees and costs of suit.

7  **ON THE THIRD CAUSE OF ACTION**

8      6.    For damages in an amount in excess of $3,150 and subject to proof at time of trial.

9  **ON THE FOURTH CAUSE OF ACTION**

10     7.    For damages in the amount of $2,550

11 **ON THE FIFTH CAUSE OF ACTION**

12 For damages in an amount in excess of $175,750.31 and subject to proof at time of trial.

13    **ON ALL CAUSES OF ACTION**

14     8.    For costs of suit.

15     9.    For pre and post judgment interest.

16     10.   For such other and further relief as the court may deem proper.

17

18 Dated this February 12, 2007

19                             Law Offices of Michael Tracy

20

21                          By:

22                               Megan Ross Hutchins

                              Attorney for Dilip Patel,

23                               Plaintiff

24

25

26

27

28

29

30

                                    5

1

## DEMAND FOR JURY TRIAL

2 Plaintiff hereby demands a jury trial.

3

4 Dated this February 12, 2007

5                                          Law Offices of Michael Tracy

6

7                                   By:_____
                                            Megan Ross Hutchins
8                                         Attorney for Dilip Patel,
9                                         Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

6

COMPLAINT FOR UNPAID OVERTIME, ET AL.

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   LAW OFFICE OF ROBERT R. RONNE, APC
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile : (310) 322-3039
4

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 1 9 2007

JOHN A. ~~~~~~, CLERK

BY ROGENA LOPEZ, DEPUTY

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   ATTORNEY AT LAW
6  3460 Ocean View Boulevard, Suite F
   Glendale, California 91208
7  Telephone: (818) 265-0525
   Facsimile : (818) 249-2788
8
                              Case assigned to
9  Attorneys for Plaintiff Divina Lavarias

10

11           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12           **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13                                              BC368107

14  DIVINA LAVARIAS,                )   CASE NO.
                                    )
15                                  )
              Plaintiff,            )
16                                  )   **COMPLAINT** FOR DAMAGES:
           vs.                      )
17                                  )   1)   FAILURE TO PAY MINIMUM
                                    )        WAGE COMPENSATION
18  AMERICAN COMPANION AND          )        (*Labor Code* Sections 510 and 1194);
    HOMEMAKER SERVICES, INC.; ACHS  )
19  HOMECARE, INC.; and DOES 1 through )  2)   FAILURE TO PAY MINIMUM
    100, inclusive,                 )        WAGE COMPENSATION
20                                  )        (*Fair Labor Standards Act*)
                                    )
21            Defendants.           )
    _____ )
22
23
24       Plaintiff Divina Lavarias alleges as follows:

25  ///

26  ///

27  ///

28  ///

                              -1-
                           Complaint

1        **PRELIMINARY ALLEGATIONS**

2        1.      Plaintiff is informed and believes, and thereupon allege, that at all times mentioned
3    herein, defendant AMERICAN COMPANION AND HOMEMAKER SERVICES, INC. is a
4    business entity, form unknown, which may use variations on that name, or other names, and which
5    regularly conducts business in the State of California, County of Los Angeles, and at some point
6    after the commencement of her employment, may have identified itself as an employer of Plaintiff,
7    and which is, perhaps with others, responsible for acting as Plaintiff's employer.

8        2.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned
9    herein, defendant ACHS HOMECARE, INC. is a business entity, form unknown, which may use
10   variations on that name, or other names, and which regularly conducts business in the State of
11   California, County of Los Angeles, and at some point after the commencement of her employment,
12   may have identified itself as an employer of Plaintiff, and which is, perhaps with others, responsible
13   for acting as Plaintiff's employer.

14       3.      Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because
15   Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE
16   defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of
17   the defendants designated herein as a DOE is an employer of Plaintiff.

18       4.      To the extent defendants claim that either they did not, or certain individuals,
19   whether or not named did not employ Plaintiff, Plaintiff is informed and believes and thereupon
20   alleges that defendants, and each of them, engaged in a pattern and practice of utilizing any non-
21   individual defendants, and each of them, as vehicles to accomplish violations of law, and that there
22   exists, and at all times relevant to this complaint there existed a unity of interest and ownership
23   between any claimed non-individual defendants and individual defendants such that any
24   individuality and separateness between said defendants has ceased. Plaintiff is further informed and
25   believes, and thereupon alleges that if the acts of any claimed non-individual are treated as those of
26   the entity alone, an inequitable result would follow. Plaintiff is further informed and believes, and
27   on that basis alleges, that any judgment solely against any non-individual defendants in this matter
28   would be uncollectible. Accordingly, as to the defendants which are not individual defendants, it is

-2-
Complaint

1  fair and equitable to permit piercing any purported corporate veil. Plaintiff is further informed and

2  believes, and upon that basis alleges, that the named and individual defendants, and each of them,

3  misappropriated to themselves, as individuals for their individual advantage, the unpaid wages

4  owed Plaintiff.

5       5.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned

6  herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

7  inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

8  defendant, and that each defendant was acting within the course, scope and authority of said agency,

9  employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

10  ratified, and/or approved the acts of the remaining defendants.

11                    **FIRST CAUSE OF ACTION**

12                 **FOR WAGE AND HOUR VIOLATIONS**

13                **(LABOR CODE SECTIONS 510 and 1194)**

14               **(PLAINTIFF AGAINST ALL DEFENDANTS)**

15       6.    Plaintiff re-alleges and incorporate herein by this reference each of the preceding

16  paragraphs.

17       7.    Beginning about February 9, 2004, and continuing to date, Plaintiff was employed by

18  defendants, and each of them.

19       8.    During her employment, Plaintiff was not properly compensated by defendants, and

20  each of them, for all hours worked.

21       9.    Pursuant to the provisions of the California Labor Code, including Labor Code

22  Sections 510 and 1194, and regulations adopted by the California Department of Industrial

23  Relations, Plaintiffs have the right to be paid properly for every hour of labor.

24       10.    In violation of such laws and regulations, defendants and each of them failed to pay

25  Plaintiffs all minimum wage owed in an amount believed to exceed $60,000.00, as well as a

26  doubling of said amount pursuant to *Labor Code* Section 1194.2.

27  ///

28  ///

1    11.    In addition, Plaintiff is entitled to those recoveries allowed by law as follows:

2           (A)    Defendants, and each of them, were obligated under Labor Code Section 226

3                  and regulations of the Industrial Welfare Commission of the State of

4                  California, to keep accurate records of Plaintiff's hours of labor, and to

5                  prepare and submit to Plaintiff at least twice per month an itemized statement

6                  accurately showing the total hours worked by Plaintiff.   Defendants, and

7                  each of them, failed to keep accurate records of Plaintiff's hours of labor, and

8                  further failed to provide accurate itemized wage statements as required by

9                  such statute. Accordingly, Plaintiff is entitled to damages pursuant to Labor

10                 Code Section 226 in the amount of $4,000.00.

11          (B)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

12                 Plaintiff is entitled to receive all other compensation permitted by law,

13                 including for meal and rest periods during the course of her employment.

14   12.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

15   to be proved at trial.

16   13.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

17   specifically demanded, in an amount to be proved according to law.

18   14.    In addition, Plaintiff is entitled to costs of suit.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

## FOR WAGE AND HOUR VIOLATIONS

## (FAIR LABOR STANDARDS ACT)

## (PLAINTIFF AGAINST ALL DEFENDANTS)

15. Plaintiff re-alleges and incorporates herein by this reference each of the preceding paragraphs.

16. During her employment, defendants, and each of them, required and permitted Plaintiff to work hours during her employment for which she was not paid the minimum wage.

17. Pursuant to the provisions of the Fair Labor Standards Act, Plaintiff has the right to be paid minimum wage for every hour of labor.

18. In violation of such laws and regulations, defendants, and each of them, failed to pay Plaintiff at the required minimum wage. Pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff is entitled to recover the full amount of unpaid minimum wage owing in an amount estimated to exceed $30,000.00.

19. In addition, because defendants violated Sections 206 and 207 of the Fair Labor Standard Acts, pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff is entitled to a doubling of the full amount of unpaid minimum wage in an additional amount to be proved at trial.

20. In addition, Plaintiff is entitled to reasonable attorney's fees in an amount to be proved according to law.

21. In addition, Plaintiff is entitled to prejudgment interest and costs of suit.

///
///
///
///
///
///
///
///

1

**PRAYER**

2      WHEREFORE, Plaintiff prays for judgment as follows:

3      1.    For unpaid minimum wages in an amount of about $60,000.00 under her state

4            claims, and of about $30,000.00 under federal law, and subject to more precise proof

5            at the time of trial;

6      2.    For damages under *Labor Code* Section 1194.2 of about $60,000.00, and subject to

7            more precise proof at the time of trial;

8      3.    For liquidated damages, under federal law, on the unpaid minimum wages in an

9            amount of about $30,000.00, and subject to more precise proof at the time of trial;

10     4.    For damages pursuant to *Labor Code* Section 226 in the amount of a maximum of

11           $4,000.00, and more precisely according to proof;

12     5.    For compensation for meal and rest periods not received according to law in

13           an amount to be proved at trial;

14     6.    For all relief permitted under the Fair Labor Standards Act;

15     7.    For prejudgment interest on Plaintiff's state law claims;

16     8.    For costs of suit, including attorney's fees, according to proof; and

17     9.    For such other and further relief as the Court may deem appropriate.

18

19

20                              Respectfully Submitted:

21                              **LAW OFFICES OF ROBERT R. RONNE, APC**

22

23

24

25     By:_____
                   ROBERT R. RONNE,
26                 Attorney for Plaintiff
                   Divina Lavarias.
27

28

-6-

Complaint

1  BANDER LAW FIRM LLP
   Cathe L. Caraway-Howard (SBN 143661)
2  1055 W. 7th Street, Suite 1950
   Los Angeles, California 90017
3  Telephone: (213) 873-4333
   Facsimile: (213) 837-4334
4  info@banderlaw.com

5  Attorneys for Plaintiff, SUSANA SAN AGUSTIN

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                  UNLIMITED JURISDICTION

11  SUSANA SAN AGUSTIN, an individual;     ) Case No.:          BC366769
                                           )
12        Plaintiff,                       ) COMPLAINT FOR:
                                           )
13        vs.                              ) (1)  Failure to Pay Overtime Compensation
                                           )      in Violation of Labor Code §1194;
14                                         ) (2)  Failure to Provide Meal and Rest Periods
    ENAYATI, INC. dba DAVE'S PAINT &       )      in Violation of Labor Code §226.7;
15  HARDWARE #2; BEHNAM ENAYATI, an        ) (3)  Failure to Pay Wages at Time of
    individual; and DOES 1 through 20, inclusive, )  Termination in Violation of Labor Code
16                                         )      §§201-203;
          Defendants.                      ) (4)  Failure to Provide Accurate Wage
17                                         )      Statements in Violation of Labor Code
                                           )      §226;
18                                         ) (5)  Unfair Business Practices in Violation of
                                           )      Business and Professions Code §17200
19                                         )
                                           )      DEMAND FOR JURY TRIAL
20                                         )

21

22  Plaintiff SUSANA SAN AGUSTIN ("Plaintiff") hereby alleges the following facts:

23

24                         **NATURE OF THE CASE**

        1.    Plaintiff brings this action pursuant to California Labor Code §§226,

    1194 for unpaid minimum and overtime wages, and payments in lieu of missed meal and rest
25
    breaks that she earned while employed as a clerk in the hardware store owned and operated by
26
    defendant ENAYATI, INC. d/b/a DAVE'S PAINT & HARDWARE #2, and its alter ego,
27
    defendant BEHNAM ENAYATI (collectively "Defendants"). Plaintiff also seeks waiting time
28

                                      - 1 -

                                    COMPLAINT

1  penalties pursuant to Labor Code §203 because she was not paid all wages due upon termination

2  of her employment; and statutory penalties pursuant to Labor Code §226 for pay stub violations.

3  Plaintiff also seeks restitution and other remedies under Business and Professions Code §17200 et

4  seq. Plaintiff further seeks to pierce the corporate veil to hold defendants BEHNAM ENAYATI

5  liable for the debts of ENAYATI , INC. d/b/a DAVE'S PAINT & HARDWARE #2, as its alter

6  ego.

## PARTIES

8      2.      Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

9  resident of the County of Los Angeles, State of California.

10     3.      Defendant ENAYATI, INC. is a California corporation, which at all relevant times

11 mentioned herein was regularly conducting business in the County of Los Angeles, State of

12 California, under the fictitious business name of DAVE'S PAINT & HARDWARE #2, with its

13 principal place of business at 332 W. Florence Avenue, Los Angeles, California 90003

14     4.      Plaintiff is informed and believes, and thereon alleges that defendant BEHNAM

15 ENAYATI is now and at all relevant times mentioned herein, was an individual residing in the

16 County of Los Angeles, State of California.

17     5.      Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

18 through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

19 seek leave of court to amend this complaint to allege their true names and capacities when they

20 have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

21 fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

22 practices alleged in this complaint.

23     6.      Plaintiff is informed and believes, and thereupon alleges that at all relevant times

24 mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

25 joint venturers or co-conspirators of each other defendant, and that each defendant was acting

26 within the course, scope and authority of such agency, employment, partnership, joint venture or

27 conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

28 acts of the remaining defendants, and each of them.

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE: (213) 873-4333

- 2 -

## ALTER EGO ALLEGATIONS

7.     Plaintiff is informed and believes, and thereupon alleges that at all relevant times mentioned herein defendants BEHNAM ENAYATI and Does 1 through 10 (the "Non-corporate defendants") were the owners of all or a controlling proportion of the shares of stock of Defendant ENAYATI, INC. dba DAVE'S PAINT & HARDWARE #2, and DOES 11 through 20 (the "Corporate defendants"), and that there existed between the Non-corporate defendants and Corporate defendants, a unity of interest and ownership, such that any individuality and separateness between the Non-corporate defendants and Corporate defendants, never existed or has ceased, and that the Non-corporate defendants are the alter ego of the Corporate defendants. in that:

a.     The Corporate defendants were conceived, intended and used by the Non-corporate defendants, and each of them, as a device for the purpose of substituting a financially insolvent corporation in the place of the Non-corporate defendants to avoid individual liability for the Labor Code violations alleged herein;

b.     The Non-corporate defendants, and each of them, held themselves out to Plaintiff and to other creditors that they were personally responsible for the debts of Corporate defendants, including the wages earned by Plaintiff;

c.     The Non-corporate defendants, and each of them, used the assets of Corporate defendants for their own purposes as though it were their own, and caused assets of Corporate defendants to be transferred to them, or to entities they controlled, or to their family members, without adequate consideration and to avoid creditors, including employees;

d.     The Non-corporate defendants, and each of them, dominated and controlled the finances of Corporate defendants, treated the corporate accounts as their personal bank accounts, and commingled corporate and personal funds for their personal use and to avoid creditors of Corporate defendants, including its employees;

e.     The Non-corporate defendants, and each of them, completely disregarded the corporate formalities and separateness of Corporate defendants, in that the operations

- 3 -

COMPLAINT

1    of Corporate defendants, were carried out without the holding of shareholders' or

2    directors' meetings, records or minutes of any corporate proceedings were not maintained,

3    and transactions between and among the Non-corporate defendants and Corporate

4    defendants, were neither approved by directors nor shareholders, nor properly documented.

5    8.    Plaintiff is informed and believes, and thereupon alleges that adherence to the

6    fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

7    corporate defendants, and each of them, would permit an abuse of the corporate privilege and

8    would sanction fraud and promote injustice in that, among other things, the Non-corporate

9    defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

10    from underpaying its employees.

11    ## FIRST CAUSE OF ACTION

12    ## FAILURE TO PAY OVERTIME COMPENSATION

13    ## IN VIOLATION OF LABOR CODE §1194

14    ### (Against All Defendants)

15    9.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

16    preceding paragraphs, as though fully set forth herein.

17    10.    Defendants, and each of them, employed Plaintiff at DAVE'S PAINT &

18    HARDWARE #2, located at 332 W. Florence Avenue, Los Angeles, California from on or June 1,

19    2002 until approximately July 19, 2006. Plaintiff was a clerk in the hardware store. Her duties

20    included, but were not limited to, assisting customers, cashiering, answering telephones, stocking

21    merchandise, and other assigned tasks. Plaintiff's job duties did not include, and never primarily

22    included, employment in an administrative, executive or professional capacity. More particularly,

23    Plaintiff was never primarily engaged in any work which was intellectual, managerial or creative,

24    and which required exercise of discretion and independent judgment. In addition, Plaintiff never

25    supervised any other employees. Accordingly, Plaintiff was, at all times relevant to this action, a

26    non-exempt employee.

27    11.    At all relevant times mentioned herein, defendants, and each of them, required,

28    permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4533

- 4 -

1  and forty (40) hours per workweek.

2      12.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001, as

3  adopted by the California Department of Industrial Relations, Plaintiff was entitled to be paid one

4  and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours

5  worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per

6  workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours

7  worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth

8  consecutive day of the workweek.

9      13.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 4-2001,

10  Plaintiff was entitled to recover her unpaid overtime wages in the amount of $151,147.02 plus

11  interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

12  whichever is greater.

<div align="center">

### SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL AND REST PERIODS

### IN VIOLATION OF LABOR CODE §226.7

#### (Against All Defendants)

</div>

17      14.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

18  preceding paragraphs, as though fully set forth herein.

19      15.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, defendants,

20  and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal

21  period for each scheduled work shift of more than five and a half hours and a ten-minute

22  uninterrupted rest period for each scheduled work shift of four hours.

23      16.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted

24  meal or rest periods during her employment.

25      17.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

26  entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

27  uninterrupted ten-minute rest period.

28      18.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 4-2001, Plaintiff is

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-1333

<div align="center">

- 5 -

</div>

1   entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

2   uninterrupted thirty-minute meal period.

3       19.     Plaintiff is entitled to wages for missed rest and meal periods in the amount of

4   $56,690.80, plus interest thereon at the legal rate, attorneys' fees and costs, in an amount subject

5   to proof at trial.

6                          **THIRD CAUSE OF ACTION**

7                    **FAILURE TO PAY WAGES AT TIME OF TERMINATION**

8                    **IN VIOLATION OF LABOR CODE §§201-203**

9                          **(Against All Defendants)**

10      20.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

11  preceding paragraphs, as though fully set forth herein.

12      21.     Plaintiff was terminated on or about July 19, 2006. Defendants, and each of them,

13  failed to pay Plaintiff all wages she earned at the time of her termination. Defendants, and each of

14  them, were paying Plaintiff an effective hourly rate of $24.00.

15      22.     Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

16  termination of her employment, all earned and unpaid wages for all hours worked.

17      23.     Defendants, and each of them, have willfully failed to pay all such wages owing to

18  Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the amount

19  of at least $5,760.00, or according to proof, whichever is greater.

20                          **FOURTH CAUSE OF ACTION**

21                   **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

22                          **IN VIOLATION OF LABOR CODE §226**

23                          **(Against All Defendants)**

24      24.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

25  preceding paragraphs, as though fully set forth herein.

26      25.     California Labor Code §226 and Industrial Wage Order No. 5-2001, obligate

27  defendants, and each of them, as employers, to keep an accurate record of the hours of labor

28  worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized

                                      - 6 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    statement accurately showing the total hours worked by Plaintiff.

2        26.    Specifically, Labor Code §226 provides, in pertinent part:

3    Every employer shall, semimonthly or at the time of each payment of wages,
     furnish each of his or her employees, either as a detachable part of the check, draft,
4    or voucher paying the employee's wages, or separately when wages are paid by
     personal check or cash, an accurate itemized statement in writing showing (1) gross
5    wages earned, (2) total hours worked by the employee, except for any employee
     whose compensation is solely based on a salary and who is exempt from payment
6    of overtime under subdivision (a) of Section 515 or any applicable order of the
     Industrial Welfare Commission, (3) the number of piece-rate units earned and any
7    applicable piece rate if the employee is paid on a piece-rate basis, (4) all
     deductions, provided that all deductions made on written orders of the employee
8    may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
     dates of the period for which the employee is paid, (7) the name of the employee
9    and his or her social security number, except that by January 1, 2008, only the last
     four digits of his or her social security number or an employee identification
10   number other than a social security number may be shown on the itemized
     statement, (8) the name and address of the legal entity that is the employer, and (9)
11   all applicable hourly rates in effect during the pay period and the corresponding
     number of hours worked at each hourly rate by the employee. The deductions made
12   from payments of wages shall be recorded in ink or other indelible form, properly
     dated, showing the month, day, and year, and a copy of the statement or a record of
13   the deductions shall be kept on file by the employer for at least three years at the
     place of employment or at a central location within the State of California.
14

15       27.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours

16   worked, and further failed to provide accurate itemized wage statements with each payment of

17   wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 5-2001.

18   Defendants' violations of Labor Code §226 included but were not limited to:

19       a.    Recording fewer hours than were actually worked;

20       b.    Recording hours worked by management creating false handwritten records of

21             when employees started and stopped working; and

22       c.    Issuing pay stubs that showed fewer hours than were actually worked.

23       28.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

24   violation and $100.00 per pay period for each subsequent violation of this section, according to

25   proof, of up to a maximum of $4,000.00.

26

27

28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

# FIFTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES IN VIOLATION OF

## BUSINESS & PROFESSIONS CODE §17200

### (Against All Defendants)

29.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs as though fully set forth herein.

30.    Pursuant to California Business & Professions Code §17200 *et seq.*, and related statutory provisions, defendants, and each of them, were obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California.

31.    Defendants, and each of them, have engaged in the unfair business practices of consistently and knowingly committing the violations against Plaintiff as alleged in this Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

32.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive, criminal and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers. Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime compensation improperly withheld from Plaintiff, as alleged herein.

33.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive, criminal and fraudulent practices alleged herein, have enriched themselves at the expense of Plaintiff and have gained an unfair competitive advantage over law-abiding employers. Defendants, and each of them, should therefore be ordered to restore to all earned and unpaid wages, unlawfully withheld or deducted from.

34.    Plaintiff further requests that a receiver be appointed to control and monitor all of the business affairs of defendants, and each of them, to ensure compliance with applicable wage and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of her owed and unpaid compensation.

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 8 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(1)   For unpaid overtime wages in the amount of $151,147.02, or according to proof, whichever is greater;

(2)   For wages for missed meal and rest breaks pursuant to Labor Code §226.7 in the amount of $56,690.80 or according to proof, whichever is greater;

(3)   For waiting time penalties pursuant to Labor Code §§201-203 of $5,760.00 or according to proof, whichever is greater;

(4)   For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof, whichever is lesser;

(5)   For any and all other applicable statutory penalties, as provided by law;

(6)   For interest on all unpaid wages, according to proof;

(7)   For an order requiring restitution to Plaintiff of all owed and unpaid wages;

(8)   For an appointment of a receiver;

(9)   For a permanent injunction;

(10)  For costs of suit herein, including attorneys' fees, according to proof, pursuant to Labor Code §1194;

(11)  For such other and further relief as the Court deems just and proper.

DATED: February 21, 2007                 BANDER LAW FIRM LLP

By _____
Cathe L. Caraway-Howard
Attorneys for Plaintiff,
SUSANA SAN AGUSTIN

///
///
///
///

- 9 -

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial in the above-captioned action.

3    DATED: February 21, 2007              BANDER LAW FIRM LLP

4

5                                          By Cathe L. Caraway-Howard

6                                          Cathe L. Caraway-Howard

7                                          Attorneys for Plaintiff,
                                           SUSANA SAN AGUSTIN

8

9

10

11

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

COMPLAINT

1    BANDER LAW FIRM LLP
     Cathe L. Caraway-Howard (SBN 143661)
2    1055 W. 7th Street, Suite 1950
     Los Angeles, California 90017
3    Telephone: (213) 873-4333
     Facsimile: (213) 837-4334
4    info@banderlaw.com

5    Attorneys for Plaintiff, WENYE LI

**FILED**

LOS ANGELES SUPERIOR COURT

APR 2 5 2007

JOHN A. CLARKE, CLERK

BY HUGENA LOPEZ, DEPUTY

6
7                          Case assigned to
                           Judge

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                         UNLIMITED JURISDICTION

11   WENYE LI, an individual;              ) Case No.:            BC370034
                                           )
12            Plaintiff,                    )
                                           ) **COMPLAINT FOR:**
13        vs.                              )
                                           )  (1)  Failure to Pay Minimum Wages in
14   ANA KAREN DAY SPA, a California       )        Violation of Labor Code §1194;
     corporation; LYNN N. LAM, an individual; and )  (2)  Failure to Pay Overtime Compensation
15   DOES 1 through 20, inclusive;         )        in Violation of Labor Code §1194;
                                           )  (3)  Failure to Provide Rest Periods in
16            Defendants.                   )        Violation of Labor Code §226.7;
                                           )  (4)  Failure to Pay Split Shift Premium in
17                                         )        Violation of California Code of
                                           )        Regulations, Title 8, §11050(4)(c);
18                                         )  (5)  Failure to Pay Wages at Time of
                                           )        Termination in Violation of Labor Code
19                                         )        §§201-203;
                                           )  (6)  Failure to Provide Accurate Wage
20                                         )        Statements in Violation of Labor Code
                                           )        §226.
21                                         )
                                           )
22   _____ ) **DEMAND FOR JURY TRIAL**

23        Plaintiff WENYE LI ("Plaintiff") hereby alleges the following facts:

24                         **NATURE OF THE CASE**

25        1.    Plaintiff brings this action pursuant to California Labor Code §§226.7, 510, and

26   1194 to recover unpaid overtime wages, and payments in lieu of missed rest breaks that he earned

27   while employed in the spa salon owned and operated by defendants ANA KAREN DAY SPA, and

28   its alter ego, LYNN N. LAM (collectively referred to herein as "Defendants"). Plaintiff also seeks

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 1 -

1    waiting time penalties pursuant to Labor Code §203 because he was not paid all wages due upon
2    termination of his employment; and statutory penalties pursuant to Labor Code §226 for pay stub
3    violations. Plaintiff further seeks to pierce the corporate veil to hold defendant LYNN N. LAM
4    liable for the debts of ANA KAREN DAY SPA as its alter ego.

## PARTIES

6    2.    Plaintiff, an individual, is now and at all relevant times mentioned herein, is a
7    resident of the County of Los Angeles, State of California.

8    3.    Defendant ANA KAREN DAY SPA is a California corporation, which at all
9    relevant times mentioned herein regularly conducted a day spa and salon business in the County of
10   Los Angeles, State of California, with its principal place of business at 799 S. Towne Ave., #300,
11   Los Angeles, California 90021.

12   4.    Plaintiff is informed and believes, and thereon alleges that LYNN N. LAM is, at all
13   relevant times mentioned herein, was an individual residing in the County of Los Angeles, State of
14   California, and regularly conducted a day spa and salon business under the name of ANA KAREN
15   DAY SPA, located at 799 S. Towne Ave., #300, Los Angeles, California 90021.

16   5.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1
17   through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will
18   seek leave of court to amend this complaint to allege their true names and capacities when they
19   have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these
20   fictitiously named defendants is responsible in some manner for the unlawful actions, policies, and
21   practices alleged in this complaint.

22   6.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times
23   mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,
24   joint venturers or co-conspirators of each other defendant, and that each defendant was acting
25   within the course, scope and authority of such agency, employment, partnership, joint venture or
26   conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the
27   acts of the remaining defendants, and each of them.

28   7.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

- 2 -

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1 | mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

2 | as a matter of law, and controlled or exercised control over the wages, hours, and working

3 | conditions of Plaintiff.

## ALTER EGO ALLEGATIONS

5 |       8.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

6 | mentioned herein defendants LYNN N. LAM and Does 1 through 10 (the "Non-corporate

7 | defendants") were the owners of all or a controlling proportion of the shares of stock of Defendant

8 | ANA KAREN DAY SPA, and DOES 11 through 20 (the "Corporate defendants"), and that there

9 | existed between the Non-corporate defendants and Corporate defendants, a unity of interest and

10 | ownership, such that any individuality and separateness between the Non-corporate defendants

11 | and Corporate defendants, never existed or has ceased, and that the Non-corporate defendants are

12 | the alter ego of the Corporate defendants. in that:

      a.    The Corporate defendants were conceived, intended and used by the Non-corporate defendants, and each of them, as a device for the purpose of substituting a financially insolvent corporation in the place of the Non-corporate defendants to avoid individual liability for the Labor Code violations alleged herein;

      b.    The Non-corporate defendants, and each of them, held themselves out to Plaintiff and to other creditors that they were personally responsible for the debts of Corporate defendants, including the wages earned by Plaintiff;

      c.    The Non-corporate defendants, and each of them, used the assets of Corporate defendants for their own purposes as though it were their own, and caused assets of Corporate defendants to be transferred to them, or to entities they controlled, or to their family members, without adequate consideration and to avoid creditors, including employees;

      d.    The Non-corporate defendants, and each of them, dominated and controlled the finances of Corporate defendants, treated the corporate accounts as their personal bank accounts, and commingled corporate and personal funds for their personal use and to avoid creditors of Corporate defendants, including its employees;

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4353

- 3 -

1            e.      The Non-corporate defendants, and each of them, completely disregarded

2    the corporate formalities and separateness of Corporate defendants, in that the operations

3    of Corporate defendants, were carried out without the holding of shareholders' or

4    directors' meetings, records or minutes of any corporate proceedings were not maintained,

5    and transactions between and among the Non-corporate defendants and Corporate

6    defendants, were neither approved by directors nor shareholders, nor properly documented.

7        9.      Plaintiff is informed and believes, and thereupon alleges that adherence to the

8    fiction of the separate existence of Corporate defendants as an entity distinct from the Non-

9    corporate defendants, and each of them, would permit an abuse of the corporate privilege and

10   would sanction fraud and promote injustice in that, among other things, the Non-corporate

11   defendants, and each of them, set up the business of Corporate defendants to make an unfair profit

12   from underpaying its employees.

13                       **FIRST CAUSE OF ACTION**

14                **FAILURE TO PAY MINIMUM WAGE**

15            **IN VIOLATION OF LABOR CODE §1194**

16                 **(Against All Defendants)**

17       10.     Plaintiff re-alleges and incorporates by reference each and every allegation of the

18   preceding paragraphs, as though fully set forth herein.

19       11.     Defendants, and each of them, employed Plaintiff as a janitor at the day spa and

20   salon located at 799 S. Towne Ave., #300, Los Angeles, California 90021, from on or about

21   August 11, 2004 until approximately September 10, 2006. Plaintiff worked in excess of 7,885

22   hours and was paid a total of $32,159.00 or an average of $4.08 per hour (total wages paid divided

23   by total hours worked).

24       12.     Pursuant to Title 8 of the California Code of Regulations §11000 *et seq.*,

25   defendants, and each of them, were obligated to pay to Plaintiff at least the minimum wage of

26   $6.75 per hour for all hours worked.

27       13.     Defendants, and each of them, failed to pay the minimum wage to Plaintiff for all

28   of their hours worked at any time during the period of employment alleged herein.

- 4 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

14.    Pursuant to Labor Code §1194, Plaintiff is entitled to recover unpaid minimum wages of $21,068.00, or according to proof at trial, whichever is greater, plus interest at the legal rate, attorneys' fees and costs.

15.    Plaintiffs are further entitled to liquidated damages pursuant to Labor Code §1194.2 in the amount of $21,068.00, or equal to the amount awarded as unpaid minimum wages.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

## IN VIOLATION OF LABOR CODE §1194

16.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

17.    As a janitor employed by defendant the duties of Plaintiff involved cleaning and maintenance of the day spa and salon, and performance of any other assigned tasks. Plaintiff's job duties did not include, and never primarily included, employment in an administrative, executive or professional capacity. More particularly, Plaintiff was never primarily engaged in any work which was intellectual, managerial or creative, and which required exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other employees. Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt employee.

18.    At all relevant times mentioned herein, defendants required, permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day and forty (40) hours per workweek.

19.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth consecutive day of the workweek.

20.    Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001,

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 5 -

1   Plaintiff is entitled to recover his unpaid overtime wages in the amount of $44,591.23 plus interest

2   thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial,

3   whichever is greater.

4   ## THIRD CAUSE OF ACTION

5   ## FAILURE TO PROVIDE REST PERIODS

6   ## IN VIOLATION OF LABOR CODE §226.7

7   **(Against All Defendants)**

8   21.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

9   preceding paragraphs, as though fully set forth herein.

10   22.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendant

11   was required to provide Plaintiff with a thirty-minute uninterrupted meal period for each

12   scheduled work shift of more than five and a half hours and a ten-minute uninterrupted rest period

13   for each scheduled work shift of four hours.

14   23.    Defendant failed to provide Plaintiff with any uninterrupted rest or meal periods

15   during his employment.

16   24.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is

17   entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an

18   uninterrupted ten-minute rest period, and an additional hour of wages per day for each day that

19   Plaintiff did not receive an uninterrupted thirty-minute meal period.

20   25.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of

21   $11,265.00, plus interest thereon at the legal rate, attorneys' fees, and costs, in an amount subject

22   to proof at trial.

23   ## FOURTH CAUSE OF ACTION

24   ## FAILURE TO PAY SPLIT SHIFT PREMIUM IN VIOLATION

25   ## OF CALIFORNIA CRC TITLE 8, §11050(4)(c)

26   **(Against All Defendants)**

27   26.    Plaintiff re-alleges and incorporates by reference each and every allegation of

28   paragraphs as though fully set forth herein.

- 6 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

27.    Pursuant to Title 8, California <u>Code of Regulations</u> §11050(4)(c) and Industrial Welfare Commission Order No. 5-2001, Section 4(c), defendants, and each of them, were required to pay Plaintiff a split shift premium as follows:

"When an employee works a split shift, one hour's pay at the minimum wage shall be paid in addition to the minimum wage for that workday, except when the employee resides at the place of employment."

28.    Plaintiff worked a split shift for defendants, and each of them, in that every day at the requirement of defendants, and each of them closed for business and/or released Plaintiff from all duties from 12:00 p.m. to 2:00 p.m., during which period Plaintiff did not work and was not paid.

29.    Defendants, and each of them, failed to pay Plaintiff the additional one hour's pay at the minimum wage as required by law.

30.    Plaintiff is entitled to wages for the split shifts in the amount of at least $5,632.50, plus interest at the legal rate, attorneys' fees and costs, according to proof.

### FIFTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF TERMINATION

### IN VIOLATION OF LABOR CODE §§201-203

31.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

32.    Plaintiff was terminated on or about September 10, 2006. Defendants failed to pay Plaintiff all wages he earned at the time of his termination. Defendants, and each of them, were paying Plaintiff at least $7.50 per hour.

33.    Pursuant to <u>Labor Code</u> §203, Plaintiff is entitled by law to receive at the termination of his employment, all earned and unpaid wages for all hours worked.

34.    Defendant has willfully failed to pay all such wages owing to Plaintiff. Pursuant to <u>Labor Code</u> §203, Plaintiff is entitled to a waiting time penalty in the amount of at least $1,800.00, or according to proof, whichever is greater.

///

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 673-4333

## SIXTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

### IN VIOLATION OF LABOR CODE §226

35.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

36.     California Labor Code §226 provides, in pertinent part:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

"(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

" (g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

37.     Defendants, and each of them, failed to keep precise records of Plaintiff's hours

- 8 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1 | worked, and further failed to provide accurate itemized wage statements with each payment of

2 | wages to Plaintiff, in violation of Labor Code §226.

3 |     38.    Accordingly, Plaintiff is entitled to all remedies provided by Labor Code §226,

4 | arising from the violations thereof by Defendants, and each of them, including but not limited to

5 | actual damages, a penalty of $750.00, a penalty of $50.00 for the first violation and $100.00 per

6 | pay period for each subsequent violation, of at least $4,000.00 each, or, according to proof, as well

7 | as injunctive relief, interest, attorneys' fees, and costs.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1)     For unpaid minimum wages in the amount of $21,068.00, or according to proof, whichever is greater, pursuant to Labor Code §1194;

2)     for liquidated damages in the amount of $21,068.00, or according to proof, whichever is greater, pursuant to Labor Code §1194.2;

3)     for unpaid overtime wages in the amount of $41,121.56, or according to proof, whichever is greater, pursuant to Labor Code §1194;

4)     for missed meal and rest break compensation pursuant to Labor Code §226.7 in the amount of $11,265.00 or according to proof, whichever is greater;

5)     for split shift premiums pursuant to Title 8, California Code of Regulations §11050(4)(c) in the amount of $5,632.50 or according to proof, whichever is greater;

6)     for waiting time penalties pursuant to Labor Code §§201-203 of $1,800.00 or according to proof, whichever is greater.

7)     For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof, whichever is lesser;

8)     For any and all other applicable statutory penalties, as provided by law;

9)     For interest on all unpaid wages, according to proof;

10)     For costs of suit herein, including attorneys' fees, according to proof,

- 9 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    pursuant to <u>Labor Code</u> §1194;

2        11)    For such other and further relief as the Court deems just and proper.

3  DATED: April 24, 2007                    BANDER LAW FIRM LLP

4

5

6  By _____
                          CATHE L. CARAWAY-HOWARD

7                          Attorneys for Plaintiff,
                          WENYE LI

8

9

10                    <u>**DEMAND FOR JURY TRIAL**</u>

11    Plaintiffs hereby demand a jury trial in the above-captioned action.

12  DATED: April 24, 2007                    BANDER LAW FIRM LLP

13

14

15  By _____
                          CATHE L. CARAWAY-HOWARD

16                          Attorneys for Plaintiff,
                          WENYE LI

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

COMPLAINT

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

BANDER LAW FIRM LLP
Cathe L. Caraway-Howard (SBN 143661)
1055 W. 7th Street, Suite 1950
Los Angeles, California 90017
Telephone: (213) 873-4333
Facsimile: (213) 837-4334
info@banderlaw.com

Attorneys for Plaintiff, ROSAURO HERNANDEZ

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 8 2007

JOHN A. CLARKE, CLERK

BY R.M. SWAIN, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

UNLIMITED JURISDICTION

BC370762

| | |
|---|---|
| ROSAURO HERNANDEZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>GERALD WANG, an Individual, doing business as HOMETOWN INN, BUENA PARK, and DIANE WANG, an Individual, doing business as HOMETOWN INN, BUENA PARK; HOMETOWN INN, BUENA PARK, a partnership, and DOES 1 through 20, inclusive;<br><br>Defendants | Case No.:<br><br>**COMPLAINT FOR:**<br><br>(1)  Failure to Pay Minimum Wage in Violation of Labor Code §1194;<br>(2)  Failure to Pay Overtime Compensation in Violation of Labor Code §1194;<br>(3)  Failure to Provide Meal Periods in Violation of Labor Code §226.7;<br>(4)  Failure to Pay Wages at Time of Termination in Violation of Labor Code §§201-203;<br>(5)  Failure to Provide Accurate Wage Statements in Violation of Labor Code §226;<br>(6)  Unfair Business Practices in Violation of Business and Professions Code §17200<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ROSAURO HERNANDEZ ("Plaintiff") hereby alleges the following facts:

## NATURE OF THE CASE

1.    Plaintiff brings this action pursuant to California Labor Code §§226.7, 510, 1194, and 1194.2, to recover unpaid overtime wages, and payments in lieu of missed meal he earned while employed as a desk clerk in HOMETOWN INN, BUENA PARK, a motel facility co-owned

- 1 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    and co-operated by defendants GERALD WANG and DIANE WANG, (collectively referred to

2    herein as "Defendants"). Plaintiff also seeks waiting time penalties pursuant to <u>Labor Code</u> §203

3    because he was not paid all wages due upon termination of his employment; and statutory

4    penalties pursuant to <u>Labor Code</u> §226 for pay stub violations. Plaintiff also seeks restitution and

5    other remedies under <u>Business and Professions Code</u> §17200 *et seq.*

6                                                    **PARTIES**

7        2.    Plaintiff, an individual, is now and at all relevant times mentioned herein, was a

8    resident of State of California.

9        3.    Plaintiff is informed and believes, and thereon alleges that Defendant ALBERTO

10    GERALD WANG was, at all relevant times mentioned herein, an individual residing in the

11    County of Orange, State of California.

12       4.    Plaintiff is informed and believes, and thereon alleges that Defendant ALBERTO

13    DIANE WANG was, at all relevant times mentioned herein, an individual residing in the County

14    of Orange, State of California.

15       5.    Plaintiff is informed and believes, and thereon alleges that Defendants, and each of

16    them, at all relevant times mentioned herein, owned and operated a hotel or motel business under

17    the fictitious business name of HOMETOWN INN, BUENA PARK, with their principal place of

18    business at 7777 Beach Boulevard, Buena Park, California 90620.

19       6.    Plaintiff is ignorant of the true names and capacities of defendants sued as Does 1

20    through 20, inclusive, and therefore sues these defendants by those fictitious names. Plaintiff will

21    seek leave of court to amend this complaint to allege their true names and capacities when they

22    have been ascertained. Plaintiff is informed and believes, and thereupon alleges that each of these

23    fictitiously named defendants is responsible in some manner for the unlawful actions, policies and

24    practices alleged in this complaint.

25       7.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

26    mentioned herein, defendants, and each of them, were the agents, servants, employees, partners,

27    joint venturers or co-conspirators of each other defendant, and that each defendant was acting

28    within the course, scope and authority of such agency, employment, partnership, joint venture or

BANDER LAW FIRM LLP
1055 W. 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

                                            - 2 -

1  conspiracy, and that each defendant, directly or indirectly, authorized, ratified and approved the

2  acts of the remaining defendants, and each of them.

3      8.    Plaintiff is informed and believes, and thereupon alleges that at all relevant times

4  mentioned herein, defendants, and each of them, were the employer or joint employer of Plaintiff

5  as a matter of law, and controlled or exercised control over the wages, hours, and working

6  conditions of Plaintiff.

7  <div align="center">**FIRST CAUSE OF ACTION**</div>

8  <div align="center">**FAILURE TO PAY MINIMUM WAGE**</div>

9  <div align="center">**IN VIOLATION OF LABOR CODE §1194**</div>

10  <div align="center">**(Against All Defendants)**</div>

11      9.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

12  preceding paragraphs as though fully set forth herein.

13      10.    Defendants, and each of them, employed Plaintiff as a desk clerk at HOMETOWN

14  INN, BUENA PARK, located at 7777 Beach Boulevard, Buena Park, California 90620 from

15  September 1, 2002 to November 1, 2006. Between May 6, 2003 and November 1, 2006, Plaintiff

16  worked in excess of 10,920 hours and was paid a total of $49,424.00 or an average of $4.53 per

17  hour (total wages paid divided by total hours worked).

18      11.    Pursuant to Title 8 of the California Code of Regulations §11000 *et seq.*,

19  defendants, and each of them, were obligated to pay to Plaintiff at least the minimum wage of

20  $6.75 per hour for all hours worked.

21      12.    Defendants, and each of them, failed to pay the minimum wage to Plaintiff for his

22  hours worked at any time during the period of employment alleged herein.

23      13.    Pursuant to Labor Code §1194, Plaintiff is entitled to recover unpaid minimum

24  wages of at least $24,286.00, or according to proof at trial, whichever is greater, plus interest at the

25  legal rate, attorneys' fees and costs.

26      14.    Plaintiff is further entitled to liquidated damages pursuant to Labor Code §1194.2

27  in the amount of $24,286.00, or equal to the amount awarded as unpaid minimum wages.

28

<div align="center">- 3 -</div>

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

### IN VIOLATION OF LABOR CODE §1194

#### (Against All Defendants)

15.     Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

16.     As a desk clerk employed by defendants, and each of them, the duties of Plaintiff involved in check in and check out of guests, night auditing, scheduling custodial services, and customer service. Plaintiff's job duties did not include, and never primarily included, employment in an administrative, executive or professional capacity. More particularly, Plaintiff was never primarily engaged in any work which was intellectual, managerial or creative, and which required exercise of discretion and independent judgment. In addition, Plaintiff never supervised any other employees. Accordingly, Plaintiff was, at all times relevant to this action, a non-exempt employee.

17.     At all relevant times mentioned herein, defendants, and each of them, required, permitted, and suffered Plaintiff to work hours substantially in excess of eight (8) hours per day and forty (40) hours per workweek.

18.     Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, as adopted by the California Department of Industrial Relations, Plaintiff is entitled to be paid one and a half times the regular agreed hourly rate, or if none, the minimum wage, for any hours worked in excess of eight (8) hours per workday and or in excess of forty (40) hours per workweek, and double the regular agreed hourly rate, or if none, the minimum wage for hours worked in excess of twelve (12) hours in a workday, or in excess of eight (8) hours after the sixth consecutive day of the workweek.

19.     Pursuant to Labor Code §§510 and 1194, and Industrial Wage Order No. 5-2001, Plaintiff is entitled to recover his unpaid overtime wages in the amount of $44,047.50, plus interest thereon at the legal rate, attorneys fees and costs, or in an amount subject to proof at trial, whichever is greater.

- 4 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### IN VIOLATION OF LABOR CODE §226.7

#### (Against All Defendants)

20.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

21.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, defendants, and each of them, were required to provide Plaintiff with a thirty-minute uninterrupted meal period for each scheduled work shift of more than five and a half hours and a ten-minute uninterrupted rest period for each scheduled work shift of four hours.

22.    Defendants, and each of them, failed to provide Plaintiff with any uninterrupted meal or rest periods during his employment.

23.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an uninterrupted ten-minute rest period.

24.    Pursuant to Labor Code §226.7 and Industrial Wage Order No. 5-2001, Plaintiff is entitled to be paid one hour of wages per day for each day that Plaintiff did not receive an uninterrupted thirty-minute meal period.

25.    Plaintiff is entitled to wages for missed rest and meal periods in the amount of $19,110.00, plus interest thereon at the legal rate, attorneys' fees, and costs, in an amount subject to proof at trial.

## FOURTH CAUSE OF ACTION

### FAILURE TO PAY WAGES AT TIME OF TERMINATION

### IN VIOLATION OF LABOR CODE §§201-203

#### (Against All Defendants)

26.    Plaintiff re-alleges and incorporates by reference each and every allegation of the preceding paragraphs, as though fully set forth herein.

27.    Plaintiff was terminated on or about November 1, 2006. Defendants, and each of

- 5 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1   them, failed to pay Plaintiff all wages he earned at the time of his termination. Defendants, and

2   each of them, were paying Plaintiff an hourly rate of $7.50.

3       28.   Pursuant to Labor Code §203, Plaintiff is entitled by law to receive at the

4   termination of his employment, all earned and unpaid wages for all hours worked.

5       29.   Defendants, and each of them, have willfully failed to pay all such wages owing to

6   Plaintiff. Pursuant to Labor Code §203, Plaintiff is entitled to a waiting time penalty in the

7   amount of at least $1,800.00, or according to proof, whichever is greater.

8                        **FIFTH CAUSE OF ACTION**

9          **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

10              **IN VIOLATION OF LABOR CODE §226**

11                 **(Against All Defendants)**

12       30.   Plaintiff re-alleges and incorporates by reference each and every allegation of the

13   preceding paragraphs, as though fully set forth herein.

14       31.   California Labor Code §226 and Industrial Wage Order No. 5-2001, obligate

15   defendants, and each of them, as employers, to keep an accurate record of the hours of labor

16   worked by Plaintiff and to prepare and submit to Plaintiff with each payment of wages an itemized

17   statement accurately showing the total hours worked by Plaintiff.

18       32.   Specifically, Labor Code §226 provides, in pertinent part:

19     Every employer shall, semimonthly or at the time of each payment of wages,
     furnish each of his or her employees, either as a detachable part of the check, draft,
20     or voucher paying the employee's wages, or separately when wages are paid by
     personal check or cash, an accurate itemized statement in writing showing (1) gross
21     wages earned, (2) total hours worked by the employee, except for any employee
     whose compensation is solely based on a salary and who is exempt from payment
22     of overtime under subdivision (a) of Section 515 or any applicable order of the
     Industrial Welfare Commission, (3) the number of piece-rate units earned and any
23     applicable piece rate if the employee is paid on a piece-rate basis, (4) all
     deductions, provided that all deductions made on written orders of the employee
24     may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
25     dates of the period for which the employee is paid, (7) the name of the employee
26     and his or her social security number, except that by January 1, 2008, only the last
     four digits of his or her social security number or an employee identification
27     number other than a social security number may be shown on the itemized
     statement, (8) the name and address of the legal entity that is the employer, and (9)
28

- 6 -

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    all applicable hourly rates in effect during the pay period and the corresponding
2    number of hours worked at each hourly rate by the employee. The deductions made
     from payments of wages shall be recorded in ink or other indelible form, properly
3    dated, showing the month, day, and year, and a copy of the statement or a record of
     the deductions shall be kept on file by the employer for at least three years at the
4    place of employment or at a central location within the State of California.

5    33.    Defendants, and each of them, failed to keep precise records of Plaintiff's hours

6    worked, and further failed to provide accurate itemized wage statements with each payment of

7    wages to Plaintiff, in violation of Labor Code §226 and Industrial Wage Order No. 5-2001.

8    Defendants' violations of Labor Code §226 included but were not limited to:

9         a.   Recording fewer hours than were actually worked;

10        b.   Recording hours worked by management creating false handwritten records of

11             when employees started and stopped working; and

12        c.   Issuing pay stubs that showed fewer hours than were actually worked.

13   34.    Pursuant to Labor Code §226, Plaintiff is entitled to a penalty of $50.00 for the first

14   violation and $100.00 per pay period for each subsequent violation of this section, according to

15   proof, of up to a maximum of $4,000.00.

16                              **SIXTH CAUSE OF ACTION**

17               **UNFAIR BUSINESS PRACTICES IN VIOLATION OF**

18                  **BUSINESS & PROFESSIONS CODE §17200**

19                            **(Against All Defendants)**

20   35.    Plaintiff re-alleges and incorporates by reference each and every allegation of the

21   preceding paragraphs as though fully set forth herein.

22   36.    Pursuant to California Business & Professions Code §17200 et seq., and related

23   statutory provisions, defendants, and each of them, were obligated to refrain from engaging in

24   unfair business practices, including the unfair business practices of failing to comply with

25   applicable wage and hour laws of the State of California.

26   37.    Defendants, and each of them, have engaged in the unfair business practices of

27   consistently and knowingly committing the violations against plaintiff as alleged in this

28

BANDER LAW FIRM LLP
1055 W.7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

- 7 -

COMPLAINT

1  Complaint, each of which is specifically incorporated into this Cause of Action by this reference.

2      38.    Defendants, and each of them, by engaging in such unlawful, unfair, deceptive,

3  criminal and fraudulent practices alleged herein, have enriched themselves at the expense of

4  Plaintiff and have gained an unfair competitive advantage over law-abiding employers.

5  Defendants, and each of them, should therefore be ordered to restore to Plaintiff all overtime

6  compensation improperly withheld from Plaintiff, as alleged herein.

7      39.    Plaintiff further requests that a receiver be appointed to control and monitor all of

8  the business affairs of defendants, and each of them, to ensure compliance with applicable wage

9  and hour laws of the State of California, and to ensure that full restitution is made to Plaintiff of

10  her owed and unpaid compensation.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(1)  For unpaid minimum wages in the amount of $24,286.00, or according to proof,
     whichever is greater;

(2)  For liquidated damages pursuant to Labor Code §1194.2, in the amount of
     $24,286.00, or equal to the amount of minimum wages awarded at trial, whichever
     is greater;

(3)  For unpaid overtime wages in the amount of $44,047.50, or according to proof,
     whichever is greater;

(4)  For wages for missed meal pursuant to Labor Code §226.7 in the amount of
     $19,110.00 or according to proof, whichever is greater;

(5)  For waiting time penalties pursuant to Labor Code §§201-203 of $1,800 or
     according to proof, whichever is greater;

(6)  For penalties pursuant to Labor Code §226 of $4,000.00 or according to proof,
     whichever is lesser;

(7)  For any and all other applicable statutory penalties, as provided by law;

(8)  For interest on all unpaid wages, according to proof;

(9)  For an order of restitution requiring restitution to Plaintiff of all owed and unpaid

- 8 -

BANDER LAW FIRM LLP
1055 W 7TH STREET, SUITE 1950
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 873-4333

1    wages;

2    (10)    For a permanent injunction;

3    (11)    For a receiver;

4    (12)    For costs of suit herein, including attorneys' fees, according to proof, pursuant to

5    Labor Code §1194;

6    (13)    For such other and further relief as the Court deems just and proper.

7    DATED:  May 7, 2007                                    BANDER LAW FIRM LLP

8

9                                        By _____

10                                           Cathe L. Caraway-Howard
                                            Attorneys for Plaintiff,
11                                           ROSAURO HERNANDEZ

12                              **DEMAND FOR JURY TRIAL**

13        Plaintiff hereby demands a jury trial in the above-captioned action.

14    DATED:  May 7, 2007                                    BANDER LAW FIRM LLP

15

16

17                                        By _____

                                            Cathe L. Caraway-Howard
18                                           Attorneys for Plaintiff,
                                            ROSAURO HERNANDEZ

19

20

21

22

23

24

25

26

27

28

- 9 -

COMPLAINT

ORIGINAL

1  STEVEN G. PEARL (CA BAR NO. 163381)
   THE PEARL LAW FIRM
2  A PROFESSIONAL CORPORATION
   16133 VENTURA BOULEVARD, SUITE 625
3  ENCINO, CALIFORNIA 91436-2412
   PHONE:    818/ 995-8300
4  FAX:      818/ 995-8301

5  ATTORNEYS FOR PLAINTIFF
   VENTURA FRANCO

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 1 7 2007

JOHN A. CLARKE, CLERK

BY_____
   EDUARDO CHANES, DEPUTY

Case assigned *D 71*
to Judge *SOUSSAN BRUGUERA*

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF LOS ANGELES

10                    CENTRAL DISTRICT

11  VENTURA FRANCO,                    )  No.    BC371321
                                       )
12         Plaintiff,                  )  **UNLIMITED CIVIL CASE**
                                       )
13     v.                              )  **COMPLAINT FOR:**
                                       )
14  JIMMY CHI, INDIVIDUALLY AND        )  **1. FAILURE TO PAY OVERTIME**
    DOING BUSINESS AS KUNG PAO         )  **COMPENSATION (CAL. LABOR CODE §§**
15  CHINA BISTRO, AND DOES 1           )  **510, 1194);**
    THROUGH 100, INCLUSIVE,            )
16                                     )  **2. FAILURE TO PAY MEAL PERIOD**
         Defendants.                   )  **COMPENSATION (CAL. LABOR CODE §**
17                                     )  **226.7, 512);**
                                       )
18                                     )  **3. FAILURE TO PAY REST PERIOD**
                                       )  **COMPENSATION (CAL. LABOR CODE §**
19                                     )  **226.7);**
                                       )
20                                     )  **4. FAILURE TO FURNISH WAGE AND**
                                       )  **HOUR STATEMENTS (CAL. LABOR CODE**
21                                     )  **§ 226);**
                                       )
22                                     )  **5. WAITING TIME PENALTIES (CAL.**
                                       )  **LABOR CODE §§ 201-203);**
23                                     )
                                       )  **6. CONVERSION (CAL. CIV. CODE § 3336);**
24                                     )  **AND**
                                       )
25                                     )  **7. UNFAIR COMPETITION (CAL. BUS. &**
                                       )  **PROF. CODE § 17200, et seq.)**
26                                     )
                                       )  **DEMAND FOR JURY TRIAL**
27
28

THE PEARL LAW FIRM

COMPLAINT

1  Plaintiff Ventura Franco alleges:

2  ## GENERAL ALLEGATIONS

3  1.     This is an action for violation of California's wage and hour laws. Plaintiff alleges that

4  defendant Jimmy Chi, individually and doing business as Kung Pao China Bistro, and Does 1 Through

5  100, Inclusive (collectively "Defendants"): (1) failed to pay Plaintiff overtime compensation; (2) failed

6  to provide Plaintiff meal periods and failed to pay Plaintiff meal period compensation; (3) failed to

7  provide Plaintiff rest periods and failed to pay Plaintiff rest period compensation; (4) failed to provide

8  Plaintiff with timely and accurate wage and hour statements; (5) failed and refused to pay compensation

9  due to Plaintiff in a timely manner upon his termination; (6) converted Plaintiff's earned wages to their

10  own use and benefit; and (7) violated the Unfair Competition Law California Business & Professions

11  Code sections 17200, et seq. (the "UCL") in an effort to increase profits and to gain an unfair business

12  advantage at the expense of Plaintiff and the public. The foregoing acts and other acts by the Defendants

13  violated provisions of the California Labor Code, including sections 201, 202, 203, 204, 206, 226, 226.7,

14  510, 512, and 1194 (collectively the "Employment Laws"), violated the applicable Wage Orders issued

15  by the Industrial Welfare Commission of the State of California (the "Regulations"), violated the UCL,

16  and violated Plaintiff's rights.

17  2.     Venue is proper in this Court because the Defendants do substantial business in Los

18  Angeles County, California, and employed Plaintiff in Los Angeles County, California.

19  ## THE PARTIES

20  3.     Mr. Franco, is, and at all relevant times was, a competent adult residing in Los Angeles

21  County, California.

22  4.     Plaintiff is informed and believes and on that basis alleges that defendant Jimmy Chi is,

23  and at all relevant times was, a competent adult residing and doing business as Kung Pao China Bistro

24  in Los Angeles, California.

25  5.     Plaintiff is currently unaware of the true names and capacities of the defendants sued in

26  this action by the fictitious names DOES 1 through 100, inclusive, and therefore sues those defendants

27  by those fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities

28  of such fictitiously named defendants when they are ascertained.

2

THE PEARL LAW FIRM

1    6.    Plaintiff is informed and believes and on that basis alleges that each defendant sued in
2  this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, is
3  responsible in some manner for the occurrences, controversies and damages alleged below.

4                                    **SPECIFIC ALLEGATIONS**

5    7.    Defendants employed Plaintiff from approximately 1998, through October 8, 2006.

6    8.    Defendants routinely required Plaintiff to work more than eight hours per day and more
7  than 40 hours per workweek. Defendants failed and refused to pay Plaintiff overtime compensation for
8  his overtime hours worked.

9    9.    Defendants routinely failed to provide Plaintiff with meal periods during work shifts in
10 excess of five hours. Further, Defendants routinely failed to compensate Plaintiff for these missed meal
11 periods.

12    10.    Defendants routinely failed to provide Plaintiff with rest periods during work shifts in
13 excess of four hours. Further, Defendants routinely failed to compensate Plaintiff for these missed rest
14 periods.

15    11.    Defendants routinely failed to provide Plaintiff with timely and accurate wage and hour
16 statements showing gross wages earned, total hours worked, all deductions made, net wages earned, the
17 name and address of the legal entity employing him, all applicable hourly rates in effect during each pay
18 period, and the corresponding number of hours worked at each hourly rate by him.

19    12.    Defendants failed and refused to pay Plaintiff all amounts owed to him in a timely manner
20 on his termination.

21    13.    Defendants have converted Plaintiff's earned wages and other compensation due to him
22 to their own use and benefit, depriving him of the fruits of his labor.

23    14.    As set forth above, Defendants engaged in various acts of unfair competition, as defined
24 in California's Unfair Competition Law, California Business and Professions Code Section 17200, et
25 seq. is entitled to recover damages for the sake of example and by way of punishing Defendants.

26  ///
27  ///
28  ///

THE PEARL LAW FIRM

3

1

2

3

**FIRST CAUSE OF ACTION**
**For Failure to Pay Overtime Compensation**
**(California Labor Code Sections 510, 1194)**
**by Plaintiff Against All Defendants**

4    15.    Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

5    though set forth fully herein.

6    16.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of

7    California provides that employment beyond eight (8) hours in any workday, 40 hours in any workweek

8    or more than six (6) days in any workweek is permissible only if the employer pays the employee the

9    required overtime compensation.   The Wage Order provides:

10    Such employees shall not be employed more than eight (8) hours in any workday or more
      than 40 hours in any workweek unless the employee receives one and one-half (1 ½)
11    times such employee's regular rate of pay for all hours worked over 40 hours in the
      workweek.
12

13    17.    Defendants routinely required Plaintiff to work more than eight hours per day and more

14    than 40 hours per workweek, but Defendants failed and refused to pay Plaintiff the overtime

15    compensation required by the Employment Laws and Regulations.

16    18.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

17    conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

18    19.    Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and

19    proximate result of Defendants' failure and refusal to pay said compensation.   Plaintiff is entitled to

20    recover such amounts, plus interest thereon, attorney's fees and costs.

21    20.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

22    and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

23    sake of example and by way of punishing Defendants.

24

25

26

**SECOND CAUSE OF ACTION**
**For Failure to Pay Meal Period Compensation**
**(California Labor Code Sections 226.7, 512)**
**by Plaintiff Against All Defendants**

27    21.    Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

28    though set forth fully herein.

4

THE PEARL LAW FIRM

22.     The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...."

23.     Defendants failed and refused to provide Plaintiff with meal periods during his work shifts and failed and refused to compensate Plaintiff for said meal periods, as required by California Labor Code sections 226.7 and 512 and the other applicable sections of the Employment Laws and Regulations.

24.     Defendants thus required Plaintiff to work for longer hours than those fixed, or under conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

25.     Plaintiff has been deprived of his rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

26.     In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice, and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the sake of example and by way of punishing Defendants.

**THIRD CAUSE OF ACTION**
**For Failure to Pay Rest Period Compensation**
**(California Labor Code Section 226.7)**
**by Plaintiff Against All Defendants**

27.     Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

28.     The applicable Wage Order issued by the Industrial Welfare Commission of the State of California provides:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

29.     Defendants failed and refused to provide Plaintiff with rest periods during his work shifts and failed and refused to compensate Plaintiff for said rest periods, as required by California Labor Code section 226.7 and the other applicable sections of the Employment Laws and Regulations.

THE PEARL LAW FIRM

5

1    30.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

2    conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

3    31.    Plaintiff has been deprived of his rightfully earned compensation for rest periods as a

4    direct and proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is

5    entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

6    32.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

7    and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

8    sake of example and by way of punishing Defendants.

9    ### FOURTH CAUSE OF ACTION
     **For Failure to Furnish Wage and Hour Statements**
10   **(California Labor Code Section 226)**
     **by Plaintiff Against All Defendants**
11

12    33.    Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

13   though set forth fully herein.

14    34.    The applicable Wage Order issued by the Industrial Welfare Commission of the State of

15   California provides:

16       Every employer shall semimonthly or at the time of each payment of wages furnish each
         employee, either as a detachable part of the check, draft, or voucher paying the
17       employee's wages, or separately, an itemized statement in writing showing: (1) all
         deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the
18       name of the employee or the employee's social security number; and (4) the name of the
         employer, provided all deductions made on written orders of the employee may be
19       aggregated and shown as one item.

20    35.    Defendants knowingly and intentionally failed to provide Plaintiff with timely and

21   accurate wage and hour statements showing gross wages earned, total hours worked, all deductions

22   made, net wages earned, the name and address of the legal entity employing him, all applicable hourly

23   rates in effect during each pay period, and the corresponding number of hours worked at each hourly rate

24   by him.

25    36.    Defendants thus required Plaintiff to work for longer hours than those fixed, or under

26   conditions prohibited, by order of the Industrial Welfare Commission, in violation of those orders.

27    37.    Plaintiff suffered injury as a result of Defendants' knowing and intentional failure to

28   provide him with the wage and hour statements required by law.  Defendants thus are liable to Plaintiff

6

THE PEARL LAW FIRM

1 | for the amounts set forth in Labor Code Section 226.

<div align="center">

**FIFTH CAUSE OF ACTION**
For Waiting Time Penalties
(California Labor Code Sections 201 through 203)
by Plaintiff Against All Defendants

</div>

38.     Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

39.     Defendants failed to pay Plaintiff accrued wages and other compensation due to him immediately upon his termination, as required.

40.     Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to California Labor Code section 203.

<div align="center">

**SIXTH CAUSE OF ACTION**
For Conversion
(California Civil Code Section 3336)
by Plaintiff Against All Defendants

</div>

THE PEARL LAW FIRM

41.     Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as though set forth fully herein.

42.     As alleged above, Defendants wrongfully withheld earned wages from Plaintiff and failed to pay him wages and other compensation which were due to him for overtime hours worked, for missed meal and rest periods, and as otherwise required pursuant to the Employment Laws and Regulations.

43.     At all relevant times herein, Defendants had and continue to have a legal obligation imposed by statute to pay Plaintiff all earned wages and other compensation due to him. Such wages and compensation belonged to Plaintiff at the time the labor and services were provided to Defendants, and accordingly such wages and compensation are the property of the Plaintiff, not Defendants.

44.     Defendants knowingly and intentionally failed to pay Plaintiff overtime compensation for his overtime hours worked, knowingly and intentionally failed to compensate him for his missed meal and rest periods, and knowingly and intentionally failed to provide other compensation due to Plaintiff. Instead, Defendants converted Plaintiff's rightfully earned wages and to Defendants' own use and benefit. Defendants converted such wages and compensation as part of an intentional and deliberate scheme to maximize their profits at Plaintiff's expense.

<div align="center">

7

</div>

1    45.    Plaintiff has been injured by Defendants' intentional conversion of such wages and

2    compensation. Plaintiff is entitled to immediate possession of all amounts converted by Defendants,

3    with interest, as well as any and all profits that Defendants acquired by their unlawful conversion.

4    46.    In committing the foregoing acts, Defendants were guilty of oppression, fraud or malice,

5    and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages for the

6    sake of example and by way of punishing Defendants.

7
<div align="center">

**SEVENTH CAUSE OF ACTION**
**For Unfair Competition**
8    **(California Business & Professions Code Section 17200, et seq.)**
**by Plaintiff Against All Defendants**

</div>

9

10    47.    Plaintiff incorporates by reference and realleges paragraphs 1 through 14, inclusive, as

11    though set forth fully herein.

12    48.    Defendants' violations of the Employment Laws and Regulations as alleged herein,

13    including Defendants' failure and refusal to pay Plaintiff his earned wages, failure and refusal to pay

14    overtime wages to Plaintiff, failure to provide meal and rest periods to Plaintiff, and conversion of wages

15    and compensation due to Plaintiff, constitute unfair business practices in violation of the Unfair

16    Competition Law, California Business & Professions Code Section 17200, et seq.

17    49.    Plaintiff has suffered injury in fact and has lost money or property as a result of

18    Defendants' acts of unfair competition. Defendants should be made to restore such monies to Plaintiff.

19    50.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent

20    injunctive relief, including but not limited to orders that the Defendants account for, disgorge and restore

21    to Plaintiff the compensation unlawfully withheld from him.

22    WHEREFORE, plaintiff Ventura Franco hereby prays that the Court enter judgment in his favor

23    and against defendants Kung Pao China Bistro, Inc., Jimmy Chi, and Does 1 Through 100, Inclusive,

24    and each of them, as follows:

25    1.    For payment of overtime compensation to Plaintiff in the amount of $83,581;

26    2.    For payment of meal period compensation to Plaintiff in the amount of $14,331;

27    3.    For payment of rest period compensation to Plaintiff in the amount of $14,331;

28    4.    For payment of Labor Code Section 226 penalties to Plaintiff in the amount of $1,150;

THE PEARL LAW FIRM

8

5.    For payment of Labor Code Section 203 penalties to Plaintiff in the amount of $5,772;

6.    For prejudgment interest on the foregoing at the legal rate;

7.    For reasonable attorney fees on Plaintiff's First, Second, Third, Fourth, and Seventh Causes of Action;

8.    For costs of suit incurred herein;

9.    For punitive damages on Plaintiff's First, Second, Third, Fourth and Seventh Causes of Action in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

10.    For restitution of all amounts owed to Plaintiff by Defendants on Plaintiff's Seventh Cause of Action;

11.    For such further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial of this matter.

DATED: May 17, 2007          THE PEARL LAW FIRM,
                             A PROFESSIONAL CORPORATION

                             By: Steven G. Pearl
                             Attorneys for Plaintiff Ventura Franco

9

COMPLAINT

FILED
LOS ANGELES SUPERIOR COURT

JUN 08 2007

JOHN A. CLARKE, CLERK

BY _____ EDUARDO CHANES, DEPUTY

1  OFFICES OF STEVEN P. CHANG
2  STEVEN P. CHANG, CSB 221783
   Garfield Ave., Suite 338
3  Alhambra, CA 91801
   TEL: (626) 281____2
4  FAX: (626) 281-2919

5  ATTORNEYS FOR PLAINTIFF
6  LIAN SHENG ZHAO    Case assigned    D-45
                      to Judge:
7                                 MEL RECANK
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10 LIAN SHENG ZHAO, an individual,    )  Case No.:  BC372514
                                      )
11        Plaintiffs,                 )  COMPLAINT FOR DAMAGES
                                      )  1) FOR FAILURE TO PAY WAGES;
12                                    )  2) FOR FAILURE TO PAY OVERTIME
      vs.                             )  COMPENSATION;
13                                    )  3) FOR VIOLATION OF UNFAIR
                                      )  COMPETITION LAWS; AND
14 YE LEE, an individual; NEW DYNASTY )
15 REMODEL, a business entity unknown; and )
   DOES 1-100 inclusive,             )
16                                    )
17                                    )
                                      )
18        Defendants.                 )
                                      )
19                                    )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____ )

23        Plaintiffs, for counts and causes of action against defendants, and each of them, allege as

24 follows:

25                    GENERAL ALLEGATIONS

26        1. Plaintiff LIAN SHENG ZHAO (hereinafter "ZHAO") is, and at all times herein

27 mentioned was, individual residing within the County of Los Angeles and was previously

28 employed by some or all of the defendants herein.

                    FIRST COMPLAINT
                         - 1 -

1        2. Plaintiffs are informed and believe, and on that basis allege, that Defendant NEW

2 DYNASY REMODEL (hereinafter "NEW DYNASTY") is a California business entity, form

3 unknown, is as a matter of law, employer of plaintiff, and is responsible for ensuring compliance

4 with the wage and hour applicable to plaintiff's labor with same, or is otherwise liable to plaintiff

5 as set forth herein. Further, said defendant authorized, approved, or ratified the illegal conduct

6 herein.

7        3. The true names and capacities, whether individual, corporate, association or

8 otherwise, of defendants sues herein as Does 1 through 100, inclusive, are currently unknown to

9 plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs are informed

10 and believe, and based thereon allege, that each of the defendants, designated herein as a Doe, is

11 legally responsible in some manner for the events and happenings referred to herein, and caused

12 injury and damages proximately thereby to plaintiffs as hereinafter alleged. Plaintiffs will seek

13 leave of court to amend this complaint to show the true names and capacities of defendants

14 designated herein as Does when the same has been ascertained. Whenever this complaint in

15 reference is made to "defendants and each of them" such allegations shall be deemed to mean

16 acts of defendants acting individually, jointly and/or severally.

17        4. Except as herein after specifically described, defendants and each of them are and were

18 the agents and or employees of each of the other defendants, and in acting as described herein

19 were acting within the scope of their authority or employment as agents and/or employees

20 thereof, with the permission and consent of the other defendants, and in concert with each other.

21        5. On or about June 2005, plaintiff began working for defendants LEE, NEW DYNASTY,

22 and DOES 1 to 100. (hereinafter collectively referred to as "defendants") as a remodeling worker

23        6. Plaintiff was non-exempt employee when hired by defendants, and remained until

24 their departures on or about 2006 from defendants' employ, a non-exempt employee of

25 defendants.

26        7. Plaintiff worked as remodeling labor. His job duties included construction work,

27 remodeling, flooring, and provide whatever manual labor defendants demanded of him.

28 Plaintiff's job duties did not include, and never included, employment in the capacity as an

1   administrative, executive, or professional person.  More particularly, plaintiff was never engaged
2   in any work which was primarily intellectual, managerial, or creative, and which required
3   exercise of discretion and independent judgment. Thus, plaintiff is what is commonly called a
4   "non-exempt" employee, in the field of endeavor in which he worked for defendants.

5       8. As such, Plaintiff is entitled to the benefits of certain Labor Code statutes, and of
6   regulations promulgated by the Department of Industrial Relations, and its appropriate divisions,
    including, but not limited to, the right to be paid time and a half for hours worked over 8 in a
    day, the right to be paid time and a half for hours worked over 40 during the week, the right to be
9   paid at double time for any hours worked over 12 in a day, the right to be paid at double time for
10  any hours worked on any day after the sixth consecutive day of work, the right to be paid time
11  and a half for any hours worked on the sixth day of work. Most importantly the right to
12  minimum wage as regulated.

13      9. Further, defendants, and each of them have engaged in a pattern and practice over
14  many years willfully failing to pay minimum wage and "premium" rates of pay required by law
15  to be paid to plaintiff.  Defendants and each of them have also established, as will be further
16  detailed herein, over a number of years, a pattern and practice of concealing from employees,
17  such as plaintiff, and including plaintiff, what their legal rights are despite the fact defendants
18  know or should have known. Defendants and each of them willfully violated and disregarded the
19  law by willfully failing to state the actual hours worked by the plaintiff and misclassifying the
20  plaintiff.

21      10. In fact, defendants and each of them is engaged in such a devious scheme to avoid
22  the labor law by willfully engaging in pay pattern that would give off an impression that in fact
23  minimum wage had been paid but in reality were not.  This case is so egregious that punitive
24  damage is warranted as to deter future occurrence of like events.

25
26
27
28

## FIRST CAUSE OF ACTION

### (For Failure To Pay Minimum Wages Against All Defendants)

11. Plaintiffs hereby incorporates by this reference paragraphs 1-11, inclusive, herein as if set forth in full.

12. Beginning immediately after their employment, more specifically beginning on or about July 2005, to October 2006, Plaintiff was required to and did work for defendants, and each of them, on average 10 to 12 hours a day, and sometimes 5 days and sometimes 6 days a week. Plaintiff has not been paid the legally required premium amount of compensation for the work over 8 hours a day, and any thing more than 40 hours a week.

13. Plaintiff is entitled, under the Labor Code, to bring this civil action to recover the unpaid wages and premium not paid, and to recover, according to proof, said amount at trial, which plaintiffs believe exceeds $50,000.00.

14. In addition, Plaintiffs are entitled to interest thereon, according to proof, which plaintiff believes exceeds $10,000.00

15. In addition, Plaintiffs are entitled by law to costs of suit as well as statutory wait time penalty, which plaintiffs believe to be $3,000.00.

16. Plaintiffs are, in addition, entitled to recover all consequential, general, and special damages, as well as attorney's fees (which are hereby demanded) in an amount according to proof, and statutory penalties according to proof, but in any event in excess of $10,000.00.

## SECOND CAUSE OF ACTION

### (To Recover Overtime Compensation Against All defendants)

17. Plaintiff hereby incorporates by this reference paragraphs 1-17, inclusive, herein, as if set forth in full.

18. Beginning immediately after his employment commenced, plaintiff was required to and did work extensive and considerable amounts of overtime, including more than twelve (12) hours in a day and plaintiff has not been paid compensation at the legal rate for those hours of labor. Further, defendants did NOT keep any pay records as to reflect the employer of and the

1  amount of time worked by plaintiff, and thus are inappropriate and against the law. Defendants,

2  having violated the mandates of Labor Code section 226(a)(2), amongst other things, entitles

3  plaintiffs to damages or statutory recovery hereunder, whichever is greater.

4        19. Plaintiff is entitled, under Labor Code section 1194, to bring this civil action to

5  recover the unpaid balance of the full amount of overtime compensation not paid of at least

6  $60,000.00 according to proof at trial.

7        20. In addition, Plaintiffs are entitled to interest thereon, of at least $10,000.00, and

8  according to proof at trial.

9        21. In addition, plaintiffs are entitled by law to costs of suit as well as statutory wait time

10  penalty, which plaintiff believes exceeds $3,000.00.

11        22. Plaintiffs are, in addition, entitled to recover all consequential, general, and special

12  damages, as well as attorney's fees (which are hereby demanded) in an amount according to

13  proof, and statutory penalties according to proof, but in any event in excess of $10,000.00 to

14  date.

15                        THIRD CAUSE OF ACTION

16        (For Restitution for Violation of Unfair Competition Laws As Against All Defendants)

17        23. Plaintiffs hereby incorporate by this reference paragraphs 1-23, inclusive, herein, as if

18  set forth in full. Plaintiffs bring this claim to remedy, and have standing to remedy the improper

19  conduct of Defendants, and each of them, alleged in this count, on behalf of themselves.

20        24. Under California Business and Profession Code, Sections 17200 et. Seq. Defendants,

21  and each of them, are obligated to refrain from engaging in unfair business practices. Further,

22  under a group of laws now commonly referred to as the "Unfair Competition Laws," Defendants,

23  and each of them are obligated to comply with the law, and avoid improper, illegal, and unethical

24  activity which would constitute a violation of the Unfair Competition Laws.

25        25. Defendants, and each of them, on multiple occasions, and in multiple instances,

26  engaged in such conduct prohibited by the Unfair Competition Laws, and engaged in a course of

27  illegal business practices including, Plaintiffs are informed and believe, but not limited to, the

28  followings:

1   (a) Failing to pay plaintiff overtime wages known by defendants, and each of them, to be
    due and owing;

3   (b) Failing to rectify the failure to pay overtime wages, after having been put on notice

4   within the last two years of the fact that said overtime wages due plaintiffs had not been paid;

5           (c) By misclassifying plaintiffs as exempt from overtime requirements;

6           (d) By improperly withholding from plaintiffs monies owed to them;

7           (e) By improperly calculating monies owed to plaintiffs;

8           (f) By failing to pay monies owed to plaintiffs by defendants;

9           (g) By failing to pay plaintiffs minimum wage;

10          (h) By failing to rectify the failure to pay minimum wage within the last two years;

11          (i) By developing schemes designed to disguise their unfair practices;

12          (j) By charging third parties amounts for services reflecting a price structure that would

13          lead defendants' customers and consumers to believe that plaintiff was legally paid;

14          (k) By retaliating against plaintiffs who protest defendants' illegal conduct or exercise

15          legal rights;

16          (l) By utilizing defendants COUNTRY BISTRO and GUYUE, as an instrumentality of

17          defendant's illegal activities;

18          26.  Said activities were intended to and did deceive others, including plaintiffs.

19          27.  Such conduct did, and in fact was utilized by Defendants, and each of them, to gain

20   unfair business advantages, as alleged.  Further, such conducts were unfair business practices,

21   and constitute violation of Unfair Competition Laws.

22          28.  Plaintiffs request relief for said violations by restoring those monies unfairly taken,

23   specifically from plaintiffs;

24          29.  Further, Defendants' business practices and violations of the Unfair Practices Laws

25   have yielded substantial ill-gotten gains to Defendants. Plaintiffs therefore request that the court

26   enter judgment requiring those Defendants to return plaintiffs all sums owed in a sum according

27   to proof.

28

PRAYER

WHEREFORE, Plaintiffs pray judgment against defendants and each of them as follows:

1. Unpaid overtime, according to proof, in excess of $60,000.00;

2. Liquidated Damages, according to proof;

3. Interest of at least $10,000.00; more precisely according to proof;

4. For Wait time penalty of $3,000.00;

5. Cost of suits, including attorney's fees, according to proof;

6. For such other and further relief as the court may deem appropriate.

Dated:    June 6, 2007                    Respectfully Submitted,
                                          LAW OFFICES OF STEVEN P. CHANG

                                          BY

                                          Steven P. Chang
                                          Attorney for Plaintiff
                                          LIAN SHENG ZHAO

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA  92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff Case assigned to
   LISA MYERS        Judge

6

7

8                SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10                                          BC374416

11  LISA MYERS, an individual,           )  Case No.
                                         )
12               Plaintiff,              )  COMPLAINT FOR UNPAID
                                         )  OVERTIME, MEAL PENALTIES,
13          vs.                          )  WAITING TIME PENALTIES,
                                         )  FAILURE TO ITEMIZE WAGE
14  ISSG, LLC, a California limited liability )  STATEMENTS AND VIOLATIONS OF
    company; and DOES 1 through 50, inclusive, )  CALIFORNIA BUSINESS AND
15                                       )  PROFESSIONS CODE SECTION 17200
               Defendants.              )
16                                       )
                                         )  JURY TRIAL DEMANDED
17

18       Plaintiff, LISA MYERS, alleges:

19                    GENERAL ALLEGATIONS

20       1.       This Court is the proper court and this action is properly filed in the County of Los

21  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22  and because Defendants' obligations and liabilities arise therein, and because the work that was

23  performed by Plaintiff in the County of Los Angeles is the subject of this action.

24       2.       Defendant, ISSG, LLC is a California limited liability company located in

25  California and doing business in the County of Los Angeles, State of California.

26       3.       The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

27  therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

28  show their true names and capacities when they have been ascertained. Plaintiff is informed and

COMPLAINT

1 believes, and hereon alleges, that such DOE defendants are residents of California.

2     4.    Plaintiff is informed and believes that Defendants, each and all of them, at all times 3 material hereto, were the joint employers, parent companies, successor companies, predecessors in 4 interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, 5 representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, 6 unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged 7 herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's 8 damages as herein alleged.

9     5.    Plaintiff was employed by Defendants from February 2004 to November 2004.

10 <div align="center">**FIRST CAUSE OF ACTION**</div>

11 **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL** 12 <div align="center">**WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**</div> 13 <div align="center">**(AGAINST ALL DEFENDANTS)**</div>

14     6.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

15     7.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of 16 Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to 17 compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the 18 regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, 19 and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day 20 of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

21     8.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. 22 Defendants failed to compensate Plaintiff for all overtime premiums.

23     9.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an 24 amount in excess of $47,542 and subject to proof at time of trial.

25     10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of 26 Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of 27 overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's 28 fees and costs of suit.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER
### CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND
### CALIFORNIA LABOR CODE SECTION 512

### (AGAINST ALL DEFENDANTS)

11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10.

12.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

13.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

14.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for each workday that the meal period was not provided.

15.    Plaintiff prays for damages for missed meals in the amount of $4,754.

### THIRD CAUSE OF ACTION

### WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203

### (AGAINST ALL DEFENDANTS)

16.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

17.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by Labor Code §203 in the amount of $8,815.

### FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER
### CALIFORNIA LABOR CODE SECTION 226

### (AGAINST ALL DEFENDANTS)

18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

19.    Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

1      20.     Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours
2  worked.

3      21.     Plaintiff suffered injury in her inability to verify her own hours worked as well as to
4  provide proof of her income to others.

5      22.     Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against
6  Defendants in the amount of $2,150 plus costs and attorney's fees.

7                                    **FIFTH CAUSE OF ACTION**

8      **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

9                                 **(AGAINST ALL DEFENDANTS)**

10     23.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

11     24.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to
12 the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is
13 entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of
14 pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as
15 liquidated damages, as well as costs and attorney's fees.

16     25.     Plaintiff worked numerous weeks in excess of forty (40) hours.

17     26.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.
18 Defendants failed to compensate Plaintiff for any overtime premiums.

19     27.     This court has jurisdiction over this cause of action because the federal statute
20 specifically grants the employee the right to bring the action in "any Federal or State court of
21 competent jurisdiction." 29 U.S.C. §216(b).

22     28.     Defendants' violations of 29 U.S.C. §207 were willful and intentional.

23     29.     Plaintiff prays for judgment for overtime pay of $47,542. This amount is subsumed
24 by the overtime pay claimed in the First Cause of Action.

25     30.     Plaintiff prays for judgment for liquidated damages in the amount of $47,542. This
26 amount is supplemental to the relief requested in all other causes of action.

27     31.     Plaintiff prays for costs and attorney's fees.

28 ///

1          ## SIXTH CAUSE OF ACTION

2          ## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

3          ## CODE SECTION 17200

4          ## (AGAINST ALL DEFENDANTS)

5          32.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 31.

6          33.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

7   terms of employment.

8          34.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

9   unlawful business practices under Business and Professions Code §17200, et. seq.

10         35.    Defendants failed to provide meal and rest breaks in accordance with California law.

11  Defendants' acts constitute unfair and unlawful business practices under Business and Professions

12  Code §17200, et. seq

13         36.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to

14  be determined at trial.

15         WHEREFORE, Plaintiff prays damages as follows:

16         ## ON THE FIRST CAUSE OF ACTION

17         1.    For damages in an amount in excess of $47,542 and subject to proof at time of

18  trial.

19         2.    For penalties, interest, reasonable attorney's fees and costs of suit.

20         ## ON THE SECOND CAUSE OF ACTION

21         3.    For damages in an amount in excess of $4,754 and subject to proof at time of

22  trial.

23         ## ON THE THIRD CAUSE OF ACTION

24         4.    For damages in the amount of $8,815.

25         ## ON THE FOURTH CAUSE OF ACTION

26         5.    For damages in the amount of $2,150.

27         6.    For costs of suit, interest, and reasonable attorney's fees.

28

-5-
COMPLAINT

# ON THE FIFTH CAUSE OF ACTION

7. For damages in an amount in excess of $47,542 and subject to proof at time of trial.

8. For liquidated damages in an amount in excess of $47,542 and subject to proof at time of trial.

9. For penalties, interest, reasonable attorney's fees and costs of suit.

# ON THE SIXTH CAUSE OF ACTION

10. For damages in an amount subject to proof at time of trial.

# ON ALL CAUSES OF ACTION

11. For costs of suit.

12. For pre and post judgment interest.

13. For such other and further relief as the court may deem proper.

DATED: July 17, 2007                                    LAW OFFICES OF MICHAEL L. TRACY

By: _____
    MEGAN ROSS HUTCHINS, Attorney for
    Plaintiff LISA MYERS

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED: July 17, 2007                                    LAW OFFICES OF MICHAEL L. TRACY

By: _____
    MEGAN ROSS HUTCHINS, Attorney for
    Plaintiff LISA MYERS

-6-
COMPLAINT

1 | MICHAEL L. TRACY, ESQ. (SBN 237779)
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2 | LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
3 | Irvine, CA 92614
T: (949) 260-9171
4 | F: (866) 365-3051

5 | Attorneys for Plaintiff
LUCY GAMBOA
6
7

FILED
LOS ANGELES SUPERIOR COURT

JUL 18 2007

JOHN A. CLARKE, CLERK

BY
EDUARDO CHANES, DEPUTY

Case assigned
to Judge MARK MOONEY

8 |                 SUPERIOR COURT OF CALIFORNIA

9 |           COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11 | LUCY GAMBOA, an individual,          )  Case No.   BC374475
                                        )
12 |            Plaintiff,               )  COMPLAINT FOR UNPAID
                                        )  OVERTIME, MEAL PENALTIES,
13 |       vs.                           )  WAITING TIME PENALTIES,
                                        )  FAILURE TO ITEMIZE WAGE
14 | OMNIKRON SYSTEMS, INC., a California )  STATEMENTS AND VIOLATIONS OF
    corporation; and DOES 1 through 50, inclusive, )  CALIFORNIA BUSINESS AND
15 |                                     )  PROFESSIONS CODE SECTION 17200
            Defendants.                 )
16 |                                     )
                                        )  JURY TRIAL DEMANDED
17

18 |      Plaintiff, LUCY GAMBOA, alleges:

19 |                    GENERAL ALLEGATIONS

20 |      1.     This Court is the proper court and this action is properly filed in the County of Los

21 | Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22 | and because Defendants' obligations and liabilities arise therein, and because the work that was

23 | performed by Plaintiff in the County of Los Angeles is the subject of this action.

24 |      2.     Defendant, OMNIKRON SYSTEMS, INC. is California corporation located in

25 | California and doing business in the County of Los Angeles, State of California.

26 |      3.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

27 | therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

28 | show their true names and capacities when they have been ascertained. Plaintiff is informed and

---
COMPLAINT

1   believes, and hereon alleges, that such Doe defendants are residents of California.

2       4.      Plaintiff is informed and believes that Defendants, each and all of them, at all times

3   material hereto, were the joint employers, parent companies, successor companies, predecessors in

4   interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

5   representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

6   unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

7   herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

8   damages as herein alleged.

9       5.      Plaintiff was employed by Defendants from July 2004 through October 2005.

10                              **FIRST CAUSE OF ACTION**

11  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

12      **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

13                              **(AGAINST ALL DEFENDANTS)**

14      6.      Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

15      7.      Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

16  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

17  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

18  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

19  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

20  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

21      8.      Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

22  Defendants failed to compensate Plaintiff for all overtime premiums.

23      9.      As a proximate result of Defendants' violations, Plaintiff has been damaged in an

24  amount in excess of $91,527 and subject to proof at time of trial.

25      10.     Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

26  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

27  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

28  fees and costs of suit.

1

## SECOND CAUSE OF ACTION

2

### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER

3

### CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND

4

### CALIFORNIA LABOR CODE SECTION 512

5

### (AGAINST ALL DEFENDANTS)

6      11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10.

7      12.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

8 Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

9 provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

10      13.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

11      14.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

12 Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

13 each workday that the meal period was not provided.

14      15.    Plaintiff prays for damages for missed meals in the amount of $8,136.

15

### THIRD CAUSE OF ACTION

16

### WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203

17

### (AGAINST ALL DEFENDANTS)

18      16.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

19      17.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

20 wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

21 Labor Code §203 in the amount of $9,969.

22

### FOURTH CAUSE OF ACTION

23

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

24

### CALIFORNIA LABOR CODE SECTION 226

25

### (AGAINST ALL DEFENDANTS)

26      18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

27      19.    Pursuant to Labor Code §226, every employer must furnish each employee an

28 itemized statement of wages and deductions at the time of payment of wages.

1     20.     Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

2 worked.

3     21.     Plaintiff suffered injury in her inability to verify her own hours worked as well as to

4 provide proof of her income to others.

5     22.     Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

6 Defendants in the amount of $3,450 plus costs and attorney's fees.

7 <div align="center">**FIFTH CAUSE OF ACTION**</div>

8 <div align="center">**OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**</div>

9 <div align="center">**(AGAINST ALL DEFENDANTS)**</div>

10     23.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

11     24.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to

12 the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

13 entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

14 pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

15 liquidated damages, as well as costs and attorney's fees.

16     25.     Plaintiff worked numerous weeks in excess of forty (40) hours.

17     26.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

18 Defendants failed to compensate Plaintiff for any overtime premiums.

19     27.     This court has jurisdiction over this cause of action because the federal statute

20 specifically grants the employee the right to bring the action in "any Federal or State court of

21 competent jurisdiction." 29 U.S.C. §216(b).

22     28.     Defendants' violations of 29 U.S.C. §207 were willful and intentional.

23     29.     Plaintiff prays for judgment for overtime pay of $91,527. This amount is subsumed

24 by the overtime pay claimed in the First Cause of Action.

25     30.     Plaintiff prays for judgment for liquidated damages in the amount of $91,527. This

26 amount is supplemental to the relief requested in all other causes of action.

27     31.     Plaintiff prays for costs and attorney's fees.

28

<div align="center">-4-</div>

## SIXTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

### CODE SECTION 17200

### (AGAINST ALL DEFENDANTS)

32.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 31.

33.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the terms of employment.

34.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

35.    Defendants failed to provide meal and rest breaks in accordance with California law. Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

36.    As a result of Defendants' conduct Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff prays damages as follows:

### ON THE FIRST CAUSE OF ACTION

1.    For damages in an amount in excess of $91,527 and subject to proof at time of trial.

2.    For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SECOND CAUSE OF ACTION

3.    For damages in an amount in excess of $8,136 and subject to proof at time of trial.

### ON THE THIRD CAUSE OF ACTION

4.    For damages in the amount of $9,969.

### ON THE FOURTH CAUSE OF ACTION

5.    For damages in the amount of $3,450.

6.    For costs of suit, interest, and reasonable attorney's fees.

1

## ON THE FIFTH CAUSE OF ACTION

2       7.      For damages in an amount in excess of $91,527 and subject to proof at time of

3   trial.

4       8.      For liquidated damages in an amount in excess of $91,527 and subject to proof at

5   time of trial.

6       9.      For penalties, interest, reasonable attorney's fees and costs of suit.

7

## ON THE SIXTH CAUSE OF ACTION

8       10.     For damages in an amount subject to proof at time of trial.

9

## ON ALL CAUSES OF ACTION

10      11.     For costs of suit.

11      12.     For pre and post judgment interest.

12      13.     For such other and further relief as the court may deem proper.

13   DATED: July 17, 2007                          LAW OFFICES OF MICHAEL L. TRACY

14

15                                      By:   _____
                                              MEGAN ROSS HUTCHINS, Attorney for
16                                            Plaintiff LUCY GAMBOA

17

## DEMAND FOR JURY TRIAL

18      Plaintiff hereby demands a jury trial.

19

20   DATED: July 17, 2007                          LAW OFFICES OF MICHAEL L. TRACY

21

22                                      By:   _____
                                              MEGAN ROSS HUTCHINS, Attorney for
23                                            Plaintiff LUCY GAMBOA

24

25

26

27

28

-6-
COMPLAINT

1  LAW OFFICES OF GERALD K. KITANO
   GERALD K. KITANO, ESQ., SBN 59603
2  MICHAEL M. HIROTSU, ESQ., SBN 164983
   3435 WILSHIRE BLVD., SUITE 1800
3  LOS ANGELES, CA  90010
   (213) 386-1400 PHONE
4  (213) 386-8811 FAX

5  Attorneys for Plaintiff, Keiko Perry

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 24 2007

JOHN A. CLARKE, CLERK

BY EDUARDO GHANES, DEPUTY

assigned (D) 42
to Judge  ELIHU M. BERLE

9           SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF LOS ANGELES

12  KEIKO PERRY, an individual,          Case No.:   BC376583

13              Plaintiff,

                                         **COMPLAINT FOR:**
14       v.                                 1) **UNFAIR BUSINESS**
                                               **PRACTICES**
15  M&C MANAGEMENT SERVICES                 2) **UNPAID OVERTIME**
16  (USA) INC. DBA SAI SAI                     **WAGES**
    RESTAURANT, M&C HOTELS                  3) **MISSED MEAL PERIODS**
17  INTERESTS, INC. DBA SAI SAI            4) **PENALTIES**
    RESTAURANT, MILLENNIUM
18  HOTELS AND RESORTS AND DOES
    1 through 50, inclusive,
19              Defendants.

- 1 -
COMPLAINT

1    Plaintiff generally alleges as follows:

2    ## PARTIES

3    1.    Plaintiff, Keiko Perry ("PLAINTIFF") is an individual over the age of 18

4    years, who for all relevant times herein resided in the county of Los Angeles, California.

5    2.    Defendants, M&C Management Services (USA) Inc. dba Sai Sai

6    restaurant, M&C Hotels Interests, Inc. dba Sai Sai Restaurant and Millennium Hotels

7    and Resorts (hereinafter referred to collectively as "DEFENDANTS") are each, on

8    information and belief, PLAINTIFF'S employers and corporations duly licensed to do

9    business in the State of California and whose primary place of business is in Los

10   Angeles, California.

11   3.    The amount in controversy in this matter exceeds the jurisdictional limit

12   of this court, or $25,000, exclusive of costs, interest and attorney's fees.

13   ## DOE ALLEGATIONS

14   4.    PLAINTIFF is unaware of the true names of defendants designated as

15   DOES 1 through 50, inclusive, and whether they are corporations, associations, public

16   entities, and/or natural persons, and for that reason, defendants, and each of them, are

17   sued under fictitious names and when the true names of such defendants are ascertained

18   by PLAINTIFF, PLAINTIFF will ask leave of Court to amend this complaint, and all

19   subsequent proceedings herein, to include the true names and capacities of such

20   defendants.

21   5.    Upon information and belief PLAINTIFF alleges that DOE defendants

22   1-50, inclusive were all in some way partially or wholly responsible, or contributed to,

23   or encouraged and aided the other named defendants in a manner unknown to

24   PLAINTIFF at this time, but known to DEFENDANTS. Therefore, PLAINTIFF alleges

25

1   the DOE defendants 1-50, inclusive, damaged PLAINTIFF as herein alleged.

2   PLAINTIFF will ask leave to amend this pleading and will amend if and when specific

3   activities of DOE defendants 1-50, inclusive, become known to PLAINTIFF.

4        6.    Any time the word DEFENDANT or DEFENDANTS appears in an

5   allegation herein, it shall refer to the corporate DEFENDANTS and all DOE defendants,

6   and to each of them, unless expressly restricted within the individual allegation.

7   <center>**FIRST CAUSE OF ACTION**</center>

8   <center>Unfair Business Practice, Business & Professions Code §17200 et seq.</center>

9   <center>against all defendants</center>

10       7.    PLAINTIFF hereby incorporates into this cause of action all previous

11  paragraphs in this complaint as though fully set forth herein.

12       8.    Upon information and belief, DEFENDANTS engaged in certain illegal

13  practices for the specific purpose of denying wages, compensation and other benefits to

14  their employees, including PLAINTIFF, and to convert and otherwise use the wages and

15  compensation and PLAINTIFF'S labor in question for DEFENDANTS' own benefit,

16  and to thereby achieve and/or increase operating and profit objectives in a manner that is

17  in violation of the law.

18       9.    DEFENDANTS converted PLAINTIFF'S wages and compensation, fully

19  earned by and rightfully belonging to PLAINTIFF, without the knowledge or consent of

20  PLAINTIFF, without legal right, and in direct violation of the law.

21       10.    California Business & Professions Code § 17203 provides that "[t]he

22  court may make such orders or judgments ... as may be necessary to prevent the use or

23  employment by any person of any practice which constitutes unfair competition, as

24  defined in this chapter, or as may be necessary to restore to any person in interest any

25

<center>- 3 -</center>
<center>COMPLAINT</center>

1    money or property, real or personal, which may have been acquired by means of unfair

2    competition."

3        11.      California Business & Professions Code § 17204 provides for suits for

4    injunctive relief to be brought by both public officials and private attorneys general:

5    "Actions for injunction pursuant to this chapter may be prosecuted by ... any person

6    acting for the interests of itself, its members or the general public."

7        12.      DEFENDANTS have committed certain illegal practices in violation of

8    the California and/or Federal law and regulations governing PLAINTIFF'S employment.

9        13.      DEFENDANTS illegal practices constitute unfair business practices as

10   defined in Business and professions Code § 17200, et seq.

11       14.      DEFENDANTS threaten to and unless restrained, will continue to

12   convert wages and compensation of PLAINTIFF for their own use. This will deny

13   PLAINTIFF of her right to payment of earned wages in contravention of the express

14   public policy of the State of California.

15       15.      Moreover, DEFENDANTS threaten to, and unless restrained, will

16   convert monies in which PLAINTIFF has a lawful security interest, and convert those

17   monies to their own use in violation of PLAINTIFF'S security interest.

18       16.      DEFENDANTS' illegal practices will irreparably harm the employees

19   currently working for DEFENDANTS and the general public.

20       17.      PLAINTIFF has no plain, speedy, or adequate remedy at law.

21       18.      As a proximate cause of DEFENDANTS' illegal practices, PLAINTIFF

22   is entitled to recover restitution, and is specifically entitled to a disgorgement of

23   improperly retained benefits, in a sum according to proof at trial.

24

25

- 4 -
COMPLAINT

1    **SECOND CAUSE OF ACTION**

2    Non-Payment of Overtime Wages against all defendants

3    19.    PLAINTIFF hereby incorporates each of the preceding paragraphs into

4    this cause of action as though fully set out herein.

5    20.    During the relevant statute of limitations period, DEFENDANTS were

6    required by California Labor Code §510, and certain provisions of California Code of

7    Regulations §11050, to pay PLAINTIFF an overtime wage at the rate of one and one-

8    half times her regular hourly rate of pay for hours in excess of 8 hours per day and/or 40

9    per week and/or double time for hours worked in excess of 12 per day.

10    21.    During the applicable statute of limitations period, PLAINTIFF regularly

11    worked overtime hours that were not paid.

12    22.    PLAINTIFF has been damaged as a proximate cause of DEFENDANTS'

13    failure to pay overtime wages and is entitled to recover her unpaid overtime wages in the

14    approximate sum of $200,000.00, more specifically according to proof at trial.

15    **THIRD CAUSE OF ACTION**

16    Missed Meal Period Penalty against all defendants

17    23.    PLAINTIFF hereby incorporates each of the preceding paragraphs into

18    this cause of action as though fully set out herein.

19    24.    California Code of Regulations § 11050 requires DEFENDANTS to

20    provide PLAINTIFF a thirty-minute meal period.

21    25.    At all relevant time during the applicable statue of limitations,

22    DEFENDANTS failed to provide the required meal period.

23

24

25

- 5 -

COMPLAINT

1      26.    As a proximate cause of DEFENDANTS' conduct, PLAINTIFF is

2  entitled to a penalty equal to one hour's wages for each missed meal period, in the sum

3  according to proof at trial.

4  <div align="center">**FOURTH CAUSE OF ACTION**</div>

5  <div align="center">Penalties against all defendants</div>

6      27.    PLAINTIFF hereby incorporates each of the preceding paragraphs into

7  this cause of action as though fully set out herein.

8      28.    Labor Code §§ 201 and 202 require the prompt payment of all earned

9  wages upon termination and quitting. During PLAINTIFF's employment,

10 DEFENDANTS failed to pay PLAINTIFF overtime wages as required by California law

11 and regulations.

12     29.    DEFENDANTS willfully violated Labor Code §§ 201 and 202 by failing

13 to pay upon termination, all wages earned, including PLAINTIFF'S overtime wages.

14     30.    As a proximate cause of DEFENDANTS conduct in failing to pay

15 PLAINTIFF her overtime wages, PLAINTIFF is entitled to penalties up to and including

16 30 days' wages, in an approximate sum of $3,920.00, more specifically, according to

17 proof at trial

18     **WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS as

19 follows:

20 <u>**AS TO THE FIRST CAUSE OF ACTION**</u>

21     1.    For an order requiring DEFENDANTS to show cause, if any they have,

22 why they should not be enjoined as set forth below, during the pendency of this action;

23

24

25

<div align="center">– 6 –</div>

1    2.    For a preliminary and permanent injunction enjoining DEFENDANTS

2    from converting the funds required to be paid as any wages, including overtime wages, to

3    their own use;

4    3.    For restitution of all unpaid wages, including interest thereon, penalties

5    and overtime wages illegally withheld from PLAINTIFF according to proof at trial;

6    4.    For costs of suit herein incurred; including, reasonable attorney's fees

7    incurred by PLAINTIFF, inter alia, under Code of Civil Procedure Section 1021.5;

8    5.    Any other relief appropriate based on the allegations set forth herein.

9    ## AS TO THE SECOND CAUSE OF ACTION

10    6.    For restitution of all unpaid overtime wages illegally withheld from

11    PLAINTIFF according to proof at trial, including interest thereon;

12    7.    For costs of suit herein incurred; including, reasonable attorney's fees

13    incurred by PLAINTIFF; and,

14    8.    Any other relief appropriate based on the allegations set forth herein.

15    ## AS TO THE THIRD CAUSE OF ACTION

16    9.    Payment to PLAINTIFF of one hour's wages for each missed meal

17    according to proof at trial and interest thereon;

18    10.    For costs of suit herein incurred; including, reasonable attorney's fees

19    incurred by PLAINTIFF; and,

20    11.    Any other relief appropriate based on the allegations set forth herein.

21    ## AS TO THE FOURTH CAUSE OF ACTION

22    12.    Payment of Labor Code Section 203 penalties to PLAINTIFF in a sum

23    according to proof at trial;

24

25

- 7 -

1        13.    For costs of suit herein incurred, including, reasonable attorney's fees

2    incurred by PLAINTIFF; and,

3        14.    Any other relief appropriate based on the allegations set forth herein.

4

5    DATED: August 23, 2007                    LAW OFFICE OF GERALD K. KITANO

6

7

8                                              Gerald K. Kitano, Esq.
                                               Attorney for Plaintiff,
9                                              Keiko Perry

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 8 -
COMPLAINT

**FILED**
LOS ANGELES SUPERIOR COURT

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

AUG 24 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

5  Attorneys for Plaintiff
   MARK ARATA

6                              Case assigned
7                              to Judge     PAUL GUTMAN

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES – CENTRAL DIVISION

10

11  MARK ARATA, an individual,              )  Case No.          BC376503
                                            )
12              Plaintiff,                  )  **COMPLAINT FOR UNPAID**
                                            )  **OVERTIME, MEAL PENALTIES,**
13      vs.                                 )  **WAITING TIME PENALTIES,**
                                            )  **FAILURE TO ITEMIZE WAGE**
14  A LIST LIMOUSINE SERVICE, INC., a       )  **STATEMENTS AND VIOLATIONS OF**
    California corporation; AVI KARPEL, an  )  **CALIFORNIA BUSINESS AND**
15  individual; and DOES 1 through 50, inclusive, )  **PROFESSIONS CODE SECTION 17200**
                                            )
16              Defendants.                 )
                                            )  **JURY TRIAL DEMANDED**
17  _____ )

18

19      Plaintiff, MARK ARATA, alleges:

20                  **GENERAL ALLEGATIONS**

21      1.      This Court is the proper court and this action is properly filed in the County of El

22  Dorado and in this judicial district because Defendants do business in the County of El Dorado and

23  because Defendants' obligations and liabilities arise therein, and because the work that was

24  performed by Plaintiff in the County of El Dorado is the subject of this action.

25      2.      Defendant, A-LIST LIMOUSINE SERVICE, INC. ("A-LIST"), is California

26  corporation located in California and doing business in the County of Los Angeles, State of

27  California.

28      3.      Defendant, AVI KARPEL, is an individual doing business in the County of Los

_____
                            COMPLAINT

1 | Angeles, State of California.

2 |     4.     The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

3 | therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

4 | show their true names and capacities when they have been ascertained. Plaintiff is informed and

5 | believes, and hereon alleges, that such Doe defendants are residents of California.

6 |     5.     Plaintiff is informed and believes that Defendants, each and all of them, at all times

7 | material hereto, were the joint employers, parent companies, successor companies, predecessors in

8 | interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

9 | representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

10 | unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

11 | herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

12 | damages as herein alleged.

13 |     6.     Plaintiff was employed by Defendants from November 2005 through September

14 | 2006.

15 | **FIRST CAUSE OF ACTION**

16 | **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

17 | **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

18 | **(AGAINST A-LIST AND DOES 1 - 50)**

19 |     7.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

20 |     8.     Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

21 | Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to

22 | compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

23 | regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

24 | and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

25 | of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

26 |     9.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

27 | Defendants failed to compensate Plaintiff for all overtime premiums.

28 |     10.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an



1   amount in excess of $58,002 and subject to proof at time of trial.

2       11.     Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

3   Regulations, Title 8, §11090, Plaintiff is entitled to recover damages for the nonpayment of

4   overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

5   fees and costs of suit.

6                           **SECOND CAUSE OF ACTION**

7           **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

8           **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

9                  **CALIFORNIA LABOR CODE SECTION 512**

10                      **(AGAINST A-LIST AND DOES 1 - 50)**

11      12.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

12      13.     Pursuant to Industrial Welfare Commission Order No. 9-2001, California Code of

13  Regulations, Title 8, §11090, for the period of Plaintiff's employment, Defendants were required to

14  provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

15      14.     Defendant failed to provide Plaintiff a meal period for numerous days worked.

16      15.     Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11090,

17  Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

18  each workday that the meal period was not provided.

19      16.     Plaintiff prays for damages for missed meals in the amount of $7,315.

20                          **THIRD CAUSE OF ACTION**

21  **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

22                      **(AGAINST A-LIST AND DOES 1 - 50)**

23      17.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

24      18.     Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid

25  wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

26  Labor Code §203 in the amount of $5,538.

27  ///

28  ///

1    **FOURTH CAUSE OF ACTION**

2    **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER**

3    **CALIFORNIA LABOR CODE SECTION 226**

4    **(AGAINST A-LIST AND DOES 1 - 50)**

5        19.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 18.

6        20.    Pursuant to Labor Code §226, every employer must furnish each employee an

7    itemized statement of wages and deductions at the time of payment of wages.

8        21.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

9    worked.

10       22.    Plaintiff suffered injury in his inability to verify his own hours worked as well as to

11   provide proof of his income to others.

12       23.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

13   Defendants in the amount of $2,250 plus costs and attorney's fees.

14   **FIFTH CAUSE OF ACTION**

15   **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

16   **(AGAINST ALL DEFENDANTS)**

17       24.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

18       25.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

19   the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

20   entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

21   pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

22   liquidated damages, as well as costs and attorney's fees.

23       26.    Plaintiff worked numerous weeks in excess of forty (40) hours.

24       27.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

25   Defendants failed to compensate Plaintiff for any overtime premiums.

26       28.    This court has jurisdiction over this cause of action because the federal statute

27   specifically grants the employee the right to bring the action in "any Federal or State court of

28   competent jurisdiction." 29 U.S.C. §216(b).

-4-

1    29.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2    30.    Plaintiff prays for judgment for overtime pay of $58,002. This amount is subsumed

3    by the overtime pay claimed in the First Cause of Action.

4    31.    Plaintiff prays for judgment for liquidated damages in the amount of $58,002. This

5    amount is supplemental to the relief requested in all other causes of action.

6    32.    Plaintiff prays for costs and attorney's fees.

7

### SIXTH CAUSE OF ACTION

8

### VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

9

### CODE SECTION 17200

10

### (AGAINST A-LIST AND DOES 1 - 50)

11    33.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 37.

12    34.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

13    terms of employment.

14    35.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

15    unlawful business practices under Business and Professions Code §17200, et. seq.

16    36.    Defendants failed to provide meal and rest breaks in accordance with California law.

17    Defendants' acts constitute unfair and unlawful business practices under Business and Professions

18    Code §17200, et. seq

19    37.    As a result of Defendants' conduct Plaintiff requires restitution in an amount to be

20    determined at trial.

21    WHEREFORE, Plaintiff prays damages as follows:

22

### ON THE FIRST CAUSE OF ACTION

23    1.    For damages in an amount in excess of $58,002 and subject to proof at time of

24    trial.

25    2.    For penalties, interest, reasonable attorney's fees and costs of suit.

26

### ON THE SECOND CAUSE OF ACTION

27    3.    For damages in an amount in excess of $7,315 and subject to proof at time of

28    trial.

1    **ON THE THIRD CAUSE OF ACTION**

2       4.    For damages in the amount of $2,250.

3                    **ON THE FOURTH CAUSE OF ACTION**

4       5.    For damages in the amount of $5,538.

5       6.    For costs of suit, interest, and reasonable attorney's fees

6                    **ON THE FIFTH CAUSE OF ACTION**

7       7.    For damages in an amount in excess of $58,002 and subject to proof at time of

8    trial.

9       8.    For liquidated damages in an amount in excess of $58,002 and subject to proof at

10   time of trial.

11      9.    For penalties, interest, reasonable attorney's fees and costs of suit.

12                   **ON THE SIXTH CAUSE OF ACTION**

13      10.   For restitution in an amount subject to proof at time of trial.

14                   **ON ALL CAUSES OF ACTION**

15      11.   For costs of suit.

16      12.   For pre and post judgment interest.

17      13.   For such other and further relief as the court may deem proper.

18

19   DATED: August 23, 2007                    LAW OFFICES OF MICHAEL L. TRACY

20

21                                   By: _____
                                         MEGAN ROSS HUTCHINS, Attorney for
22                                       Plaintiff MARK ARATA

23                    **DEMAND FOR JURY TRIAL**

24        Plaintiff hereby demands a jury trial.

25   DATED: August 23, 2007                    LAW OFFICES OF MICHAEL L. TRACY

26

27                                   By: _____
                                         MEGAN ROSS HUTCHINS, Attorney for
28                                       Plaintiff MARK ARATA

-6-
COMPLAINT

1  LAW OFFICE OF DAVID A. MALLEN
   David A. Mallen, State Bar No. 159593
2  Natalia N. Bautista, State Bar No. 245669
   840 Apollo Street, Suite 311
3  El Segundo, California 90245
   Telephone: (310) 606-0065
4  Facsimile:  (310) 606-0064
   Natalia@unpaidwages.net
5
6  Attorneys for Plaintiff

**FILED**
**LOS ANGELES SUPERIOR COURT**

SEP 1 2 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

7
8
9             SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                  FOR THE COUNTY OF LOS ANGELES
11                                                            BC377455
12  ISAHEL ORTEGA, an individual,           )   CASE NO.
                                            )
13              Plaintiff,                   )
                                            )   **COMPLAINT FOR DAMAGES AND**
14         vs.                               )   **RESTITUTION**
                                            )
15  AMPCO SYSTEM PARKING, INC., a California )
    Corporation; DOES 1 through 20, inclusive, )
16                                          )
              Defendant.                     )
17  _____     )
18
19
20
21
22                       I. **INTRODUCTION**
23
24      1.    Plaintiff Isahel Ortega ("Plaintiff") brings this action against AMPCO System Parking, Inc.,
25  ("Defendant"), inclusive for statutory damages, prejudgment interest, costs, attorneys' fees, restitution,
26  Labor Code penalties, and other appropriate and just relief for Defendant's violation of various sections of
27  the California Labor Code and California Industrial Welfare Commission Wage Orders.
28

                                  -1-

## II. PARTIES

2.    Plaintiff is a former employee of Defendant and resident of Los Angeles County.

3.    Plaintiff is informed and believes, an on that basis alleges, that Defendant AMPCO System Parking, Inc., is a California corporation and is doing business in the County of Los Angeles.

4.    Plaintiff is informed and believes, and on that basis alleges, that Defendant directly employed or exercised control over the wages, hours, or working conditions of the Plaintiff.

5.    Plaintiff is informed and believes and thereon alleges, that at all times relevant herein, Defendant and some of DOES 1-20 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1-20, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

6.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Plaintiff will amend his Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that at all times relevant, each of these fictitiously named DOE Defendants was an individual person who owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These DOES Defendants held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal payroll practices and policies for Defendants which have damaged Plaintiff and others similarly situated. Therefore, DOES 1 - 20, in addition to the remaining Defendants, are "employers" as a matter of law and personally liable on the causes of action alleged herein pursuant to Cal. Lab. Code §558, as well as other California wage and hour laws and regulations as alleged herein.

7.    Plaintiff is informed and believes, and on that basis alleges, that Defendant DOES 1 - 20 are, and at all times relevant hereto were, persons, corporations or other business entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of

-2-

COMPLAINT FOR DAMAGES AND RESTITUTION
T:\files\Ortega v. Ampco System Parking, Inc\Ortega Complaint070910180703.WPD

1  California, and are thus subject to the jurisdiction of the State of California. Specifically, DOES 1 - 20

2  maintain offices, operate businesses, employ persons, conduct business in, and illegally pay employees by

3  illegal payroll practices and policies in the County of Los Angeles.

4      8.      Plaintiff is further informed and believes, and thereon alleges, that each of the

5  fictitiously named Defendants aided and assisted the named Defendant in committing the wrongful acts

6  alleged herein, and that Plaintiff's damages were proximately caused by each defendant.

7                              III.  ALLEGATIONS OF FACT

8      9.      Plaintiff was employed at Defendant's business from approximately September 17, 1991

9  through on or about August 24, 2007.

10      10.      Between September 2003 through September 1, 2004, Plaintiff earned a salary of $450.00

11  per week. His hourly wage during this period was $11.25. Between September 2, 2004 through

12  December 31, 2004, Plaintiff earned a weekly salary of $550.00. His hourly wage during this period was

13  $13.75. From January 1, 2005 through November 30, 2006, Plaintiff earned a weekly salary of $600. His

14  hourly wage during this period was $15.00. From December 1, 2006 through August 24, 2007, Plaintiff

15  earned a weekly salary of $675.00. His hourly wage during this period was $16.87.

16      11.      Plaintiff was not compensated at all for the overtime hours that he worked.

17      12.      Plaintiff routinely worked more than 8 hours per day and more than 40 hours per week

18  during his employment. He received a weekly salary regardless of the hours he worked.

19      13.      At all times relevant herein, Industrial Welfare Commission ("IWC") Wage Order No. 9

20  (8 Cal. Code Regs. §11050), established minimum standards pertaining to the wages, hours, and working

21  conditions for all persons employed in the "Transportation industry whether paid on a time, piece rate,

22  commission, or other basis."

23      14.      As a general rule, Plaintiff was not authorized to take a 10 minute rest break in the

24  morning and a 10 minute rest break in the afternoon.

25      15.      As a general rule, Plaintiff was not authorized to take a 30-minute meal break, or his meal

26  periods were routinely interrupted and/or were less than 30-minutes.

27      16.      Throughout Plaintiff's employment, Defendant failed to provide Plaintiff with

28

                                        -3-

itemized wage statements that properly and accurately itemized the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

## III. CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**(Failure to Pay Overtime By Plaintiff Acting Individually Against Defendant)**

17.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 16 above.

18.    On and after January 1, 2000, pursuant to Cal. Lab. Code §§200, 510, 1194, and 1198, and IWC Wage Order No. 9, Defendant was required to compensate Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

19.    At all times relevant herein, Cal. Lab. Code §1194(a) provided that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount overtime wages due, including interest thereon, together with reasonable attorneys' fees and costs of suit.

20.    Within at least the last year preceding the filing of this Complaint, Defendant employed Plaintiff as a parking attendant.

21.    Throughout Plaintiff's employment, Defendant failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

22.    As a direct and proximate result of Defendant's failure and refusal to pay overtime, Plaintiff suffered damages in the amount of approximately $92,776.66. This overtime compensation is owed and unpaid.

23.    Plaintiff, who has retained the services of legal counsel in order to enforce his rights to overtime pay, requests an award of attorneys' fees, costs and interest pursuant to Cal. Lab. Code §1194(a).

///

-4-

COMPLAINT FOR DAMAGES AND RESTITUTION
T:\files\Ortega v. Ampco System Parking, Inc\Ortega Complaint070910180705.WPD

## SECOND CAUSE OF ACTION

**(For Violation of Cal. Lab. Code §226 - By Plaintiff Acting Individually Against Defendant)**

24.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 23 above.

25.     At all times relevant herein, Defendant issued payroll statements to Plaintiff which violated Cal. Lab. Code §226(a), in that Defendant failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective regular rates of pay and the effective overtime rates of pay.

26.     Defendant knowingly and intentionally failed to comply with Cal. Lab. Code §226(a), causing damages to Plaintiff. These damages, including but not limited to costs expended calculating his true hours worked, and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code §226(e), in the amount of $4,000.00 plus reasonable attorneys' fees and costs.

27.     Plaintiff requests a permanent injunction to stop this unlawful conduct, plus attorneys' fees and costs in obtaining the injunction, pursuant to Cal. Lab. Code §226(g).

## THIRD CAUSE OF ACTION

**(Compensation for Required Rest Periods Not Provided - Cal. Lab. Code §226.7 and IWC Wage Order No. 9 - By Plaintiff Against Defendant)**

28.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 27 above.

29.     Pursuant to IWC Wage Order No. 9, Defendant was required to authorize and permit employees such as Plaintiff to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, with no deduction from wages.

30.     Defendant failed and refused to authorize and permit Plaintiff to take 10 minute rest periods for every four hours worked, or major fraction thereof, in violation of IWC Wage Order No. 9.

-5-

31.    Defendant further violated IWC Wage Order No. 9 and Cal. Lab. Code §226.7 by failing to pay Plaintiff one hour of pay at Plaintiff's regular rate of pay for each rest period not provided. Thus, Plaintiff is owed approximately $14,742.80. This amount remains owed and unpaid.

## FOURTH CAUSE OF ACTION

### (For Failure to Provide Meal Periods - Cal. Lab. Code §§ 226.7 and 512, and IWC Wage Order 9 By Plaintiff Against Defendants)

32.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 31 above.

33.    Labor Code § 512 and IWC Wage Order 9 generally require an employer to provide a meal period of not less than 30 minutes for employees in the "transportation industry" who work a period of more than five hours per day, and a second meal period of not less than 30 minutes for employees who work more than 10 hours per day.

34.    Defendants violated Labor Code § 512 and IWC Wage Order 9 by failing to provide the Plaintiff the requisite 30-minute uninterrupted meal periods required by law.

35.    Defendants further violated IWC Wage Order 9 and Labor Code § 226.7 by failing to pay one hour of compensation at Plaintiff's regular rate of pay for each work day that the meal period was not provided, in an amount no less than $14,742.80. This amount is owed and unpaid.

## FIFTH CAUSE OF ACTION

### (Waiting Time Penalties - Cal. Lab. Code §203 - By Plaintiff Acting Individually Against Defendant)

36.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 35 above.

37.    By willfully failing to pay Plaintiff's separate amounts owed for overtime pay, and for rest periods not provided, as set forth above, in a timely manner as required by Cal. Lab. Code §§201 & 202, Defendant is liable to Plaintiff for penalties pursuant to Cal. Lab. Code §203, in an amount equal to 30 days of each Plaintiff's per diem wage rate: approximately $4,048.80.

-6-

## SIXTH CAUSE OF ACTION

(For Unfair Competition in Violation of Unfair Business Practices, Cal. Bus. & Prof. Code §17200 *et. seq.* - By Plaintiff Against Defendant)

38.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 37 above.

39.    California Business & Professions Code §17200 *et. seq.* prohibits acts of unfair competition, which shall mean and include any "unlawful and unfair business practices."

40.    The conduct of Defendants as alleged herein has been and continues to be unfair, unlawful, and deleterious to Plaintiff. Plaintiff hereby seeks to enforce important rights affecting the public interest within the meaning of the Cal. Code of Civ. Proc. §1021.5. Plaintiff is a "person" within the meaning of Business & Professions Code §17204, and therefore has standing to bring this suit for restitution.

41.    The prompt payment of overtime is a fundamental public policy of the State of California.

42.    It is also the public policy of this State to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

43.    Through the conduct alleged herein, Defendants acted contrary to these public policies and have thus engaged in unlawful and/or unfair business practices in violation of Business & Professions Code §§17200 *et. seq.*, depriving Plaintiff of the rights, benefits, and privileges guaranteed to employees under California law.

44.    Defendants regularly and routinely violated the following statutes and regulations with respect to Plaintiff:

(a)    IWC Wage Order No. 9 as amended, and Cal. Lab. Code §§510 and 1194 (failure to pay overtime);

(b)    Cal. Lab. Code §226 (failing to provide accurate wage statements to employees at the time of payment);

-7-

(c)     Cal. Lab. Code §§201, 202 and 203 (failure to pay wages due on
termination);

(d)     Cal. Lab. Code §§226.7 and 512, and IWC Wage Order No. 9
(failure to provide meal and rest periods);

45.     By engaging in these business practices, which are unfair business practices within the meaning of Bus. & Prof. Code §§17200 *et. seq.*, Defendants harmed Plaintiff and gained an unfair competitive edge. Under the Business & Professions Code §17203, Plaintiff is entitled to obtain restitution of these funds.

46.     Plaintiff's success in this action will result in the enforcement of important rights affecting the public and will confer a significant benefit. Private enforcement of the rights enumerated in this Complaint is necessary, as public agencies have only sought limited enforcement of those rights, if any. Plaintiff, by and through counsel, is incurring a financial burden in pursuing this action. Plaintiff seeks an award of attorneys' fees and costs of suit on this Cause of Action pursuant to Cal. Code of Civ. Proc. §1021.5 and other applicable laws.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendant as follows:

## AS TO THE FIRST CAUSE OF ACTION

1.     Compensatory damages in the amount of unpaid overtime due to Plaintiff, according to proof;

2.     Prejudgment interest accrued on all due and unpaid overtime wages from the date that wages were due and payable, pursuant to Cal. Lab. Code §§218.6 and 1194(a), according to proof;

3.     Attorneys' fees and costs made payable to the Law Office of David A. Mallen, pursuant to Cal. Lab. Code §1194;

4.     Such other and further relief as the Court deems just and proper.

-8-
COMPLAINT FOR DAMAGES AND RESTITUTION
T:\files\Ortega v. Ampco System Parking, Inc\Ortega Complaint070910180703.WPD

**AS TO THE SECOND CAUSE OF ACTION**

1.  Awarding statutory damages pursuant to Cal. Lab. Code §226, according to proof;

2.  Attorneys' fees and costs pursuant to Cal. Lab. Code §226, made payable to the Law Office of David A. Mallen;

3.  Such other and further relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION**

1.  Compensation of one hour at the regular rate of pay for each rest period denied in violation of Cal. Lab. Code §226.7 and Wage Order No. 9, according to proof;

2.  Such other and further relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION**

1.  Compensation of one hour at the regular rate of pay for each meal period denied in violation of Labor Code § 226.7 and Wage Order 9, according to proof; and

2.  Such other and further relief as the Court deems just and proper.

**AS TO THE FIFTH CAUSE OF ACTION**

1.  Payment to Plaintiff of waiting time penalties pursuant to Cal. Lab. Code §203, in an amount equal to his respective daily rates of pay at the time of termination or layoff, multiplied by the total amount of days elapsed between the date of the involuntary termination, and/or 72 hours after notice of the voluntary termination, up to a maximum of 30 days' pay, according to proof in an approximate amount of $4,048.80.

**AS TO THE SIXTH CAUSE OF ACTION**

1.  An award of restitution of wages to each aggrieved employee of Defendant in an amount equal to the amount of wages owed and unpaid, according to proof;

2.  Pursuant to Business & Professions Code §17200, specific relief enforcing waiting time penalties of 30 days of per diem wages pursuant to Labor Code § 203, according to proof.

3.  Costs of suit, generally and pursuant to Code of Civil Procedure § 1021.5;

4.  Attorneys' fees, payable to the Law Office of David A. Mallen, pursuant to Code of Civil Procedure §1021.5;

-9-

1    5.    Such other and further relief as the Court deems just and proper;

2

3                          **JURY DEMAND**

4   Plaintiff demands a trial by jury.

5

6   Dated: September 10, 2007              LAW OFFICE OF DAVID A. MALLEN

7

8                                    By: *Natalia Bautista*
                                         Natalia N. Bautista
9                                        Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -10-
                    COMPLAINT FOR DAMAGES AND RESTITUTION
T:\files\Ortega v. Ampco System Parking, Inc\Ortega Complaint070910180703.WPD

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA 92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff
   ETHAN VALFRE

**FILED**
**LOS ANGELES SUPERIOR COURT**

SEP 18 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

6

7  assigned
   to Judge

8            **SUPERIOR COURT OF CALIFORNIA**

9       **COUNTY OF LOS ANGELES -- CENTRAL DISTRICT**

10

11  ETHAN VALFRE, an individual,                ) Case No.   BC377684
                                                )
12          Plaintiff,                          ) **COMPLAINT FOR UNPAID**
                                                ) **OVERTIME, MEAL PENALTIES,**
13      vs.                                     ) **WAITING TIME PENALTIES,**
                                                ) **FAILURE TO ITEMIZE WAGE**
14  JEFF'S EXOTIC FISH, INC., a California       ) **STATEMENTS AND VIOLATIONS OF**
    corporation; JEFF MAJDALI, an individual; and ) **CALIFORNIA BUSINESS AND**
15  DOES 1 through 50, inclusive,               ) **PROFESSIONS CODE SECTION 17200**
                                                )
16          Defendants.                         )
                                                ) **JURY TRIAL DEMANDED**
17  ─────────────────────────────────────────

18

19      Plaintiff, ETHAN VALFRE, alleges:

20                  **GENERAL ALLEGATIONS**

21      1.      This Court is the proper court and this action is properly filed in the County of Los

22  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

23  and because Defendants' obligations and liabilities arise therein, and because the work

24  performed by Plaintiff in the County of Los Angeles is the subject of this action.

25      2.      Defendant, JEFF'S EXOTIC FISH, INC., ("JEFF") is California corporation

26  in California and doing business in the County of Los Angeles, State of California.

27      3.      Defendant JEFF MAJDALI is an individual doing business in the County of Los

28  Angeles, State of California.

─────────────────────────────────────────
                        COMPLAINT

4.    The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and hereon alleges, that such Doe defendants are residents of California.

5.    Plaintiff is informed and believes that Defendants, each and all of them, at all times material hereto, were the joint employers, parent companies, successor companies, predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants. The Defendants, unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's damages as herein alleged.

6.    Plaintiff was employed by Defendants from September 2000 to February 2007.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE

### (AGAINST JEFF AND DOES 1 THROUGH 50)

7.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 6.

8.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

9.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for all overtime premiums.

10.    As a proximate result of Defendants' violations, Plaintiff has been damaged in an amount in excess of $52,676 and subject to proof at time of trial.

11.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

-2-
COMPLAINT

1  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

2  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

3  fees and costs of suit.

4  ### SECOND CAUSE OF ACTION

5  ### FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER

6  ### CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND

7  ### CALIFORNIA LABOR CODE SECTION 512

8  ### (AGAINST JEFF AND DOES 1 THROUGH 50)

9      12.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 11.

10      13.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

11  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

12  provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

13      14.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

14      15.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

15  Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

16  each workday that the meal period was not provided.

17      16.    Plaintiff prays for damages for missed meals in the amount of $10,535.

18  ### THIRD CAUSE OF ACTION

19  ### WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203

20  ### (AGAINST JEFF AND DOES 1 THROUGH 50)

21      17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

22      18.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid

23  wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

24  Labor Code §203 in the amount of $4,500.

25  ///

26  ///

27  ///

28

-3-
COMPLAINT

1

## FOURTH CAUSE OF ACTION

2  ### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

3  ### CALIFORNIA LABOR CODE SECTION 226

4  ### (AGAINST JEFF AND DOES 1 THROUGH 50)

5    19.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

6    20.    Pursuant to Labor Code §226, every employer must furnish each employee an

7  itemized statement of wages and deductions at the time of payment of wages.

8    21.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours

9  worked.

10    22.    Plaintiff suffered injury in his inability to verify his own hours worked as well as to

11  provide proof of his income to others.

12    23.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

13  Defendants in the amount of $4,000 plus costs and attorney's fees.

14  ### FIFTH CAUSE OF ACTION

15  ### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

16  ### (AGAINST ALL DEFENDANTS)

17    24.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 22.

18    25.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

19  the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

20  entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of

21  pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as

22  liquidated damages, as well as costs and attorney's fees.

23    26.    Plaintiff worked numerous weeks in excess of forty (40) hours.

24    27.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

25  Defendants failed to compensate Plaintiff for any overtime premiums.

26    28.    This court has jurisdiction over this cause of action because the federal statute

27  specifically grants the employee the right to bring the action in "any Federal or State court of

28  competent jurisdiction." 29 U.S.C. §216(b).

1    29.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2    30.    Plaintiff prays for judgment for overtime pay of $52,676. This amount is subsumed

3    by the overtime pay claimed in the First Cause of Action.

4    31.    Plaintiff prays for judgment for liquidated damages in the amount of $43,876. This

5    amount is supplemental to the relief requested in all other causes of action.

6    32.    Plaintiff prays for costs and attorney's fees.

7    ## SIXTH CAUSE OF ACTION

8    ## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

9    ## CODE SECTION 17200

10    ## (AGAINST JEFF AND DOES 1 THROUGH 50)

11    33.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

12    34.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

13    terms of employment.

14    35.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

15    unlawful business practices under Business and Professions Code §17200, et. seq.

16    36.    Defendants failed to provide meal and rest breaks in accordance with California law.

17    Defendants' acts constitute unfair and unlawful business practices under Business and Professions

18    Code §17200, et. seq

19    37.    As a result of Defendants' conduct Plaintiff requires restitution in an amount to be

20    determined at trial.

21    WHEREFORE, Plaintiff prays damages as follows:

22    ## ON THE FIRST CAUSE OF ACTION

23    1.    For damages in an amount in excess of $52,676 and subject to proof at time of

24    trial.

25    2.    For penalties, interest, reasonable attorney's fees and costs of suit.

26    ## ON THE SECOND CAUSE OF ACTION

27    3.    For damages in an amount in excess of $10,535 and subject to proof at time of

28    trial.

**ON THE THIRD CAUSE OF ACTION**

4.    For damages in the amount of $4,500.

**ON THE FOURTH CAUSE OF ACTION**

5.    For damages in the amount of $4,000.

6.    For costs of suit, interest, and reasonable attorney's fees

///

**ON THE FIFTH CAUSE OF ACTION**

7.    For damages in an amount in excess of $52,676 and subject to proof at time of trial.

8.    For liquidated damages in an amount in excess of $43,876 and subject to proof at time of trial.

9.    For penalties, interest, reasonable attorney's fees and costs of suit.

**ON THE SIXTH CAUSE OF ACTION**

10.    For restitution in an amount subject to proof at time of trial.

**ON ALL CAUSES OF ACTION**

11.    For costs of suit.

12.    For pre and post judgment interest.

13.    For such other and further relief as the court may deem proper.

DATED: September 6, 2007                    LAW OFFICES OF MICHAEL L. TRACY

By:    _____
       MEGAN ROSS HUTCHINS, Attorney for
       Plaintiff ETHAN VALFRE

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

DATED: September 6, 2007                    LAW OFFICES OF MICHAEL L. TRACY

By:    _____
       MEGAN ROSS HUTCHINS, Attorney for
       Plaintiff ETHAN VALFRE

-6-
COMPLAINT

91304

**FILED**
LOS ANGELES SUPERIOR COURT

1  KENNETH F. MOSS
   Attorney at Law
2  20335 Ventura Boulevard
   Suite 430                                    NOV 01 2007
3  Woodland Hills, California 91364
   (818) 340-1414
4  SBN: 94185                                JOHN A. CLARKE, CLERK

5  Attorney for Plaintiff BLANCA AGUIRRE     BY MARY GARCIA, DEPUTY

6                                            Case assigned to D 51
                                             Judge Irvine Jeffer
7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             COUNTY OF LOS ANGELES, CENTRAL DISTRICT
                        Unlimited Civil Action
9
   BLANCA AGUIRRE, an individual,    )    Case No.   BC380003
10                                    )
                                      )
11            Plaintiff,              )    COMPLAINT FOR
                                      )
12        -vs-                        )    1) BREACH OF STATUTORY
                                      )       OBLIGATION; MINIMUM
13  STATEWIDE MANAGEMENT CO., an      )       WAGE (Labor Code
    entity of unknown type;          )       §1194 et seq.);
14  5541 NEWCASTLE AVE. APARTMENTS,   )
    a California Limited Partnership; )    2) WORK, LABOR & SERVICES
15  DOES 1 to 30, inclusive          )       PROVIDED
                                      )
16                                    )    3) BREACH OF STATUTORY
              Defendants             )       OBLIGATION; WORKERS'
17  _____  )       COMPENSATION INSURANCE
                                             (Labor Code §3706)
18
                                          4) BREACH OF STATUTORY
19                                           OBLIGATION; PAYCHECK
                                             STUBS (Labor Code
20                                           §226)

21                                        5) UNFAIR BUSINESS
                                             PRACTICE
22                                           (TREBLE DAMAGES)

23
         Plaintiff alleges:
24
            FACTS COMMON TO ALL CAUSES OF ACTION
25
        1.  Plaintiff BLANCA AGUIRRE is an individual with her
26
   principal place of residence in the County of Los Angeles and
27
   within the jurisdiction of this court.
28
        2.  Plaintiff is informed and believes, and based thereon

                                1

1   alleges, that Defendant STATEWIDE MANAGEMENT CO. (hereinafter
2   sometimes referred to as "STATEWIDE") is an entity of unknown type
3   and doing business in the State of California within the
4   jurisdiction of this Court. Plaintiff will seek leave to amend
5   this Complaint at such time as the true nature of STATEWIDE is
6   determined.

7       3.  Plaintiff is informed and believes, and based thereon
8   alleges, that Defendant 5541 NEWCASTLE AVE. APARTMENTS is a
9   California Limited Partnership duly organized pursuant to the laws
10  of the State of California and doing business in the State of
11  California within the jurisdiction of this Court (and sometimes
12  herein referred to as "partnership"), and was, during the majority
13  of the time relevant hereto the owner of a residential apartment
14  building located at 20346 Cohasset Street, Canoga Park, California
15  (hereinafter sometimes referred to as "the building").

16      4.  Plaintiff is informed and believes, and based thereon
17  alleges, that defendants Doe 1 through 10, inclusive, are entities
18  of unknown type, domiciled in either the State of California, or
19  some other state and doing business in the State of California.

20      5.  The true names and capacities, whether individual,
21  corporate or otherwise, of defendants named herein as DOES 1
22  through 30, inclusive, are now unknown to plaintiff who therefore
23  sues said defendants by such fictitious names. Plaintiff is
24  informed and believes, and based thereon alleges, that each of the
25  fictitiously named defendants was in some way responsible for the
26  acts complained of herein. Plaintiff will seek leave to insert the
27  true names and capacities of said fictitious defendants herein when
28  the same shall have been ascertained.

6.    Plaintiff is informed and believes, and based thereon alleges, that each of the defendants was the agent, employee, or representative of each of the remaining defendants, and was acting within the course and scope of such agency, employment, or representation, with the knowledge and consent, express or implied, of each of the remaining defendants in performing the acts complained of herein.

7.    Defendants, and each of them, employed Plaintiff as resident manager of an apartment complex (referred to herein-above as the building) owned and operated by Defendants and each of them, located at 20346 Cohasset Street, Canoga Park, California. Plaintiff had no written employment contract in conformity with the requirements of the Order (as defined and described in Paragraph 9 below.  Such employment commenced on or about April 20, 2001 and continued until on or about February 22, 2007.

9.    At all times during the employment of Plaintiff by Defendants there was in full force and effect an Order of the INDUSTRIAL WELFARE COMMISSION of the State of California, designated Order No. 5-2001, as amended, (hereinafter occasionally referred to as the "Order"), to which both Plaintiff and Defendants were subject, and which fixed a minimum wage to be paid to employees in the "Public Housekeeping Industry", which is defined in that Order to include "apartment houses".  Pursuant to that order, the minimum wage payable to Plaintiff was $6.75 per hour for all hours worked from the commencement of Plaintiff's employment through the end of December, 2006, and $7.50 per hour for all hours worked from January 1, 2007 through the cessation of Plaintiff's employment by Defendants.

1    10.   Said Order also defines "hours worked" as "...the time
2  during which an employee is subject to the control of an employer,
3  and includes all the time the employee is suffered or permitted to
4  work, whether or not required to do so, and in the case of an
5  employee who is required to reside on the employment premises, that
6  time spent carrying out assigned duties shall be counted as hours
7  worked."

8                          **FIRST CAUSE OF ACTION**
                (For Breach of Statutory Obligation; Minimum Wage,
9                           against all Defendants)

10    11.   Throughout the employment by Defendants of Plaintiff,
11  Defendants, and each of them, failed and refused to pay Plaintiff
12  the minimum wage required by law and the Order for the hours worked
13  by Plaintiff for Defendants.  As a direct and proximate result of
14  said failure and refusal, Plaintiff has been damaged in an amount
15  according to proof, but not less than $42,120.00, together with
16  interest thereon.

17    12.   Labor Code §1194.2 provides for the award of Liquidated
18  Damages equal to the amount of wages unlawfully unpaid and interest
19  thereon in favor of any employee bringing an action pursuant to
20  Labor Code §1194.   Plaintiff is therefor also entitled to such
21  Liquidated Damages in an amount according to proof, but not less
22  than $42,120.00, together with interest thereon.

23    13.   Labor Code §1194 provides for the award of reasonable
24  attorney's fees in favor of an employee in a civil action to
25  recover the unpaid balance of the minimum wage due the employee.
26  Plaintiff has been required to retain the Law Offices of Kenneth F.
27  Moss to bring this action and is entitled to the reasonable fees
28  incurred thereby in an amount according to proof, but not less than

1  $25,000.00.

2      14.  Labor Code §203 provides for wages equal to the amount of
3  wages unpaid at the termination of employment continuing for a
4  maximum period of 30 days.  Plaintiff is therefor entitled to such
5  penalty for each monthly pay period she was not lawfully paid, in
6  the amount of $42,120.00.

7                    **SECOND CAUSE OF ACTION**
                 (For Work, Labor & Services Provided,
8                     against all Defendants)

9      15.  Within two years last past, Plaintiff rendered work,
10 labor and services to Defendants, and each of them, at the special
11 instance and request of Defendants, and each of them, for which
12 Defendants, and each of them, then and there promised to pay
13 Plaintiff the reasonable value of such services.

14     16.  At all times herein mentioned, the reasonable value
15 of the above services was measured, pursuant to law, by the value
16 of the minimum wage then in effect times the number of hours worked
17 by Plaintiff, plus the value of any overtime hours worked pursuant
18 to law.   The value of Plaintiff's uncompensated services is
19 presently unknown and subject to proof, but not less than
20 $42,120.00

21     17.  Defendants have refused to pay said sum, despite demand
22 therefore, and there is now due, owing and unpaid from Defendants,
23 and each of them, a sum subject to proof, but not less than
24 $42,120.00, together with interest thereon at the legal rate.

25                     **THIRD CAUSE OF ACTION**
                 (For breach of statutory obligations;
26             Labor Code §3706 against all Defendants)

27     33.  Labor Code §3706 provides for a private right of action
28 to secure compensation for injuries on the part of an employee

                              5

1 | against an employer in the event that the employer fails to
2 | secure payment of compensation for injuries incurred by an
3 | employee.

4 | 34. On or about October 23, 2005, Plaintiff was injured
5 | while performing her tasks on behalf of the Defendants, and each
6 | of them, and during the regular course of her employment.
7 | Defendants, and each of them, failed to secure compensation for
8 | Plaintiff for her injuries, and failed to have in force and
9 | effect a policy of Workers' Compensation Insurance for the
10 | benefit of Plaintiff.

11 | 35. As a direct and proximate result of the injuries
12 | sustained by Plaintiff, she has been damaged in an amount subject
13 | to proof at trial, but not less than $5,000.00.

14 | **FOURTH CAUSE OF ACTION**
(For breach of statutory obligations;
15 | Labor Code §226 against all Defendants)

16 | 30. Labor Code §226 requires that every employer in the
17 | State of California shall, at the time of each payment of wages,
18 | furnish each employee with an accurate itemized statement in
19 | writing showing various items, including, inter alia, gross wages
20 | earned, total hours worked, deductions, net wages earned, the
21 | inclusive dates of the period for which the employee is being
22 | paid by that check, the name of the employee and his or her
23 | social security number, the applicable hourly rates applying to
24 | that employee. For violation of §226, §226 provides for the
25 | recovery by the employee of all actual damages or $50.00 for the
26 | initial pay period in which a violation occurs and $100.00 per
27 | employee for each subsequent violation, not exceeding an
28 | aggregate penalty of $4000.00, as well as costs and reasonable

1  attorney's fees.

2      31.  Defendants failed to comply with Labor Code §226 and
3  Plaintiff has been damaged thereby in an amount subject to proof
4  at trial, but not less than $4000.00.

5      32.  Plaintiff has also been required to retain the services
6  of the law offices of Kenneth F. Moss to pursue this action, and
7  is therefore entitled to her reasonable attorney's fees, in an
8  amount subject to proof at trial, but not less than $25,000.00.

9                      **FIFTH CAUSE OF ACTION**
        (For Unfair Business Practices Against All Defendants)
10

11      26.  Plaintiff incorporates at this point, in addition to
12  the "Facts Common to All Causes of Action", Paragraphs 11 & 12
13  above, as though fully set forth hereat.

14      27.  The failure of defendants to pay plaintiff as required
15  by the laws of the State of California constitutes an Unfair
16  Business Practice in violation of the Unfair Practices Act,
17  entitling plaintiff to her damages in an amount subject to proof
18  at trial, but currently believed by plaintiff to be $56,160.00,
19  trebled to $168,480.00.

20

21      WHEREFORE, Plaintiff prays for judgment as follows:
22  AS TO THE FIRST CAUSE OF ACTION:
23          1.  For damages according to proof, but not less than
24              $42,120.00, together with interest thereon;
25          2.  For liquidated damages according to proof, but not
26              less than $42,120.00, together with interest
27              thereon;
28          3.  For reasonable Attorney's Fees according to proof

                                 7

but not less than $25,000.00;

4.  For statutory wages pursuant to Labor Code
§ 203 of not less than 42,120.00;

AS TO THE SECOND CAUSE OF ACTION:

5.  For damages according to proof, but not less than
$42,120.00, together with interest thereon;

AS TO THE THIRD CAUSE OF ACTION:

6.  For damages according to proof, but not less than
$5000.00;

AS TO THE FOURTH CAUSE OF ACTION:

7.  For statutory damages of not less than $4000.00;

8.  For reasonable attorneys fees according to proof
but not less than $25,000.00;

AS TO THE FIFTH CAUSE OF ACTION:

9.  For trebled damages in the amount of $168,480.00;

10. For reasonable attorneys fees according to
proof but not less than $25,000.00;

AS TO ALL CAUSES OF ACTION:

11. For Plaintiffs' costs of suit incurred herein; and

12. For such other and further relief as the Court
deems just and proper.

Respectfully submitted,

Dated: October 31, 2007

KENNETH F. MOSS, Attorney
for Plaintiff BLANCA AGUIRRE

1  Jeffrey Huron, State Bar No. 136585
   jhuron@huronlaw.com
2  HURON LAW GROUP
   1875 Century Park East, Suite 1000
3  Los Angeles, California 90067
   Telephone: 310.284.3400
4  Facsimile: 310.772.0037

5  Attorneys for Plaintiff BRIAN J. BRANDON

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 05 2007

JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  BRIAN J. BRANDON,                    CASE NO.    BC380225

12              Plaintiff,               **COMPLAINT FOR:**

13       v.                              **(1) FAILURE TO PAY OVERTIME PAY;**

14  JUICE WIRELESS, INC., a Delaware     **(2) FAILURE TO IDENTIFY**
    Corporation; and DOES 1 through 20,  **DEDUCTIONS FROM WAGES AND**
15  inclusive,                           **PROVIDE BREAKS AND MEAL**
                                         **PERIODS;**
16              Defendants.
                                         **(3) VIOLATION OF BUSINESS AND**
17                                       **PROFESSIONS CODE §§17200 ET SEQ.;**
                                         **AND**
18
                                         **(4) CONVERSION**
19

20

21                                       **DEMAND FOR JURY TRIAL**

22

23       Plaintiff Brian J. Brandon ("Plaintiff") hereby alleges as follows:

24       1.      Plaintiff is, and at all times relevant hereto was, a resident of the State of

25  California, County of Los Angeles.

26       2.      Plaintiff is informed and believes and on that basis alleges that defendant Juice

27  Wireless, Inc. ("Juice Wireless") is, and at all times relevant hereto was, a corporation organized

28  and existing under the laws of the State of Delaware, with its principal place of business in

─────────────────────────────────────
                    COMPLAINT

1  California, and which is licensed to do business in the State of California and maintains offices
2  and is doing business in Los Angeles County.

3       3.      Plaintiff is ignorant of the true names of the defendants sued herein as Does 1
4  through 20, inclusive, and therefore sues each defendants by such fictitious names. Plaintiff will
5  amend this Complaint when he has ascertained the true names and capacities of the Doe
6  defendants. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously
7  named defendants was the agent, employee or co-conspirator of one or more of the named
8  defendants, aided and assisted the named defendants in doing the wrongful acts alleged herein,
9  ratified said acts and/or perpetrated such wrongful acts themselves, and that Plaintiff's damages as
10 alleged herein were proximately caused by such defendants.

11      4.      Plaintiff is informed and believes and on that basis alleges that at all times material
12 hereto, each of the defendants were agents or employees of the other defendants, acting within the
13 course and scope of such agency or employment, and aided or assisted one or more of the other
14 defendants in completing the wrongful acts alleged herein. Accordingly, each of the defendants is
15 jointly and severally liable for the damages alleged herein.

16      5.      Juice Wireless is responsible for the actions, policies and practices of their agents
17 and employees. At all relevant times, Juice Wireless was and continues to be responsible for
18 assuring that the actions of its employees and agents comply with California employment laws.

19      6.      Each of the defendants knew of, approved, endorsed and otherwise ratified the
20 wrongful acts of each of the other named defendants herein.

21      7.      Venue is proper in Los Angeles County because Juice Wireless employed Plaintiff
22 to perform his duties in Los Angeles County, the complained of conduct occurred in Los Angeles
23 County, and Juice Wireless' principal place of business is Los Angeles County.

24

25                    **FACTS COMMON TO ALL ALLEGATIONS**

26      8.      Juice Wireless is a start-up company which has developed a mobile video and
27 photo sharing application called Juice Caster.

28      9.      On or about December 7, 2006, Juice Wireless hired Plaintiff as a Systems

Huron law group

-2-
COMPLAINT

1  Administrator. Plaintiff worked for Juice Wireless from December 11, 2006 until August 18,

2  2007. During this time, Plaintiff worked a minimum of eight (80) hours per week.

3    10.    Although Plaintiff worked a minimum of 1360 overtime hours, Juice Wireless paid

4  him overtime pay only on two occasions and only for a total of 159 hours.

5    11.    As evident by Juice Wireless' payment of overtime pay to Plaintiff, he was a non-

6  exempt employee.

7    12.    Juice Wireless works its employees as much as possible without paying them

8  overtime pay. Its 2006 Employee Handbook even brazenly states that Juice Wireless expects

9  more from its employees than a traditional 40 hour week organization and its employees should

10  "expect to work no less than an average of 48 hours per week.

11

12                                    **FIRST CAUSE OF ACTION**

13                    **(Failure To Pay Overtime Compensation Against All Defendants)**

14    13.    Plaintiff incorporates the allegations of paragraphs 1 through 12, above, as though

15  set forth in full.

16    14.    Pursuant to Labor Code §§ 200, 226, 500, 510, and 1198, and California Code of

17  Regulations, Title 8, Chapter 5, Section 11070, on or after December 11, 2006, Juice Wireless was

18  required to compensate Plaintiff for all overtime, which is calculated at one and one-half (1½)

19  times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty

20  (40) hours per week, and for the first eight (8) hours on the seventh consecutive work day; with

21  double time after eight (8) hours on the seventh day of any work week, or after twelve (12) hours

22  in any workday.

23    15.    Plaintiff was a non-exempt employee entitled to the protections of Industrial

24  Welfare Commission Orders 7-80 and 7-98, California Code of Regulations, Title 8, Section

25  11070, and Labor Code §§ 200, 226, 500, 510, and 1198. During the course of Plaintiff's

26  employment, Juice Wireless failed to compensate Plaintiff for overtime hours worked as required

27  under the foregoing labor regulations.

28    16.    Under the foregoing wage order, statutes, and regulations, Plaintiff is entitled to

Huron law group

1  one and one half (1½) times and/or double his regular rate of pay for overtime work performed

2  during the three (3) years preceding the filing of this complaint, based on appropriate calculations

3  of the "total remuneration" for each workweek.

4        17.    In violation of state law, Juice Wireless has knowingly and willfully refused to

5  perform its obligations to compensate Plaintiff for all wages earned and all hours worked.  As a

6  direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and

7  enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking

8  to compel Juice Wireless to perform fully its obligations under state law, all to his damage in

9  amounts according to proof at the time of trial in excess of $100,000.

10       18.    Juice Wireless' conduct described herein violates Labor Code §§ 200, 226, 500, 510

11 and 1198.  Therefore, pursuant to Labor Code §§ 200, 203, 218.5, 226, 558 and 1194, Plaintiff is

12 entitled to recover the unpaid balance of overtime compensation Juice Wireless owes Plaintiff plus

13 interest, penalties, attorneys' fees, expenses, and costs of suit.

14

15                          **SECOND CAUSE OF ACTION**

16              **(Failure to Identify Deductions From Wages And Provide Breaks**

17                    **And Meal Time Against All Defendants)**

18       19.    Plaintiff incorporates the allegations of paragraphs 1 through 18, above, as though

19 set forth in full.

20       20.    Pursuant to Industrial Welfare Commission Orders 7-90 and 7-98, California Code

21 of Regulations, Title 8, Chapter 5, Section 11070, Labor Code § 226, and other laws of the State

22 of California, it is unlawful for employers to make set-offs and/or deductions from employees'

23 wages, and fail to properly itemize all deductions from wages.

24       21.    For the three (3) years preceding the filing of this lawsuit, Juice Wireless failed to

25 properly itemize all deductions from wages in violation of Labor Code §§ 226 and 2802, and

26 Industrial Welfare Commission Orders 7-90 and 7-98, California Code of Regulations, Title 8,

27 Chapter 5, Section 11070.

28 / / /

Huron law group

-4-
COMPLAINT

1    22.    Juice Wireless also unlawfully and illegally failed to: pay for all hours worked;

2  provide breaks; and provide meal periods as required by law.

3    23.    Juice Wireless also unlawfully and illegally failed to record all time Plaintiff

4  worked.

5    24.    In violation of state law, Juice Wireless has knowingly and willfully refused to

6  perform its obligations to compensate Plaintiff for all wages earned and all hours worked. As a

7  direct result, Plaintiff has suffered, and continues to suffer, substantial losses related to the use and

8  enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking

9  to compel Juice Wireless to perform fully its obligations under state law, all to his damage in

10  amounts according to proof at the time of trial in excess of $100,000.

11    25.    Juice Wireless' conduct described herein violates Labor Code §§ 200, 226, 500, 510

12  and 1198. Therefore, pursuant to Labor Code §§ 200, 203, 218.5, 226, 558 and 1194, Plaintiff is

13  entitled to recover the unpaid balance of overtime compensation Juice Wireless owes Plaintiff plus

14  interest, penalties, attorneys' fees, expenses, and costs of suit.

15

16    **THIRD CAUSE OF ACTION**

17    **(For Violation of California Business & Professions**

18    **Code §17200 Against All Defendants)**

19    26.    Plaintiff incorporates the allegations of paragraphs 1 through 25, above, as though

20  set forth in full.

21    27.    By violating the foregoing statutes and regulations, Juice Wireless' acts constitute

22  unfair and unlawful business practices under California Business and Professions Code §§ 17200

23  et seq.

24    28.    Juice Wireless' violations of California wage and hour law constitutes a business

25  practice because it was done repeatedly over a significant period of time, and in a systematic

26  manner to the detriment of Plaintiff.

27    29.    For the four (4) years preceding the filing of this complaint, Plaintiff has suffered

28  damages and requests damages and/or restitution of all monies and profits to be disgorged from

*Huron law group*

1  Juice Wireless in an amount according to proof at the time of trial in excess of $100,000.

2

3                           **FOURTH CAUSE OF ACTION**

4                      **(For Conversion Against All Defendants)**

5          30.    Plaintiff incorporates the allegations of paragraphs 1 through 29, above, as though

6  set forth in full.

7          31.    It is a violation of law to fail to pay earned wages on the next pay day after they are

8  earned.  Pursuant to Labor Code § 216, it is a misdemeanor for the employer to keep wages and

9  not pay them to the employee from the next pay day forward, because after the wages are earned,

10 they become the property of the employees as a matter of law.

11         32.    Plaintiff has an absolute right to be promptly paid for his labor and services

12 performed for Juice Wireless.

13         33.    The overtime pay that Juice Wireless illegally failed to pay Plaintiff is a specific

14 sum of money, which legally belongs to Plaintiff.

15         34.    Juice Wireless has converted Plaintiff's overtime pay for its own use and benefit

16 without Plaintiff's consent.

17         35.    As a direct result of Juice Wireless' wrongful conduct, Plaintiff has suffered

18 damages in an amount to be proven at trial in excess of $100,000.

19         36.    The foregoing conduct of Juice Wireless was intended to cause injury to Plaintiff,

20 subject him to cruel and unjust hardship in conscious disregard of his rights, and/or was designed

21 to deprive him of property, legal rights or otherwise cause him injury.  Such conduct therefore

22 constitutes malice, oppression or fraud under California Civil Code § 3294, thereby entitling

23 Plaintiff to punitive damages in an amount sufficient to deter and punish Juice Wireless.

24

25                              **PRAYER FOR RELIEF**

26    WHEREFORE, Plaintiff prays for judgment as follows:

27    1.    For nominal, compensatory and punitive damages;

28    2.    For restitution of all monies due to Plaintiff, and disgorgement of profits realized

Huron law group

1   by Juice Wireless from its unfair and unlawful business practices;

2       3.     For waiting time penalties pursuant to Labor Code § 203;

3       4.     For penalties pursuant to Labor Code § 226, 558, 1194 and 1194.2;

4       5.     For interest accrued to date;

5       6.     For costs of suit and expenses incurred herein pursuant to Labor Code §§ 218.5,

6   226, and 1194;

7

8       7.     For reasonable attorneys' fees pursuant to Labor Code §§ 218.5, 226, and 1194;

9       8.     For all such other and further relief as the Court may deem just and proper.

10

11   DATED: November 5, 2007         HURON LAW GROUP

12

13                 By:      _____

14                     JEFFREY HURON
                        Attorneys for Plaintiff BRIAN J. BRANDON

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Huron law group

1  MICHAEL L. TRACY, ESQ. (SBN 237779)
   MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2  LAW OFFICES OF MICHAEL L. TRACY
   2030 Main Street, Suite 1300
3  Irvine, CA  92614
   T: (949) 260-9171
4  F: (866) 365-3051

5  Attorneys for Plaintiff
   CHRISTINE ROGERS

6

7

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 1 6 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

8              **SUPERIOR COURT OF CALIFORNIA**

9          **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10                                         BC380888

11  CHRISTINE ROGERS, an individual,        ) Case No.
                                            )
12              Plaintiff,                  ) **COMPLAINT FOR UNPAID**
                                            ) **OVERTIME, MEAL PENALTIES,**
13      vs.                                 ) **WAITING TIME PENALTIES,**
                                            ) **FAILURE TO ITEMIZE WAGE**
14  THOR, INC., a California corporation; TERRY ) **STATEMENTS AND VIOLATIONS OF**
    THORMODSGAARD, an individual; and DOES ) **CALIFORNIA BUSINESS AND**
15  1 through 50, inclusive,                ) **PROFESSIONS CODE SECTION 17200**
                                            )
16              Defendants.                 )
                                            ) **JURY TRIAL DEMANDED**
17  _____)

18      Plaintiff, CHRISTINE ROGERS, alleges:

19                  **GENERAL ALLEGATIONS**

20      1.      This Court is the proper court and this action is properly filed in the County of Los

21  Angeles and in this judicial district because Defendants do business in the County of Los Angeles,

22  and because Defendants' obligations and liabilities arise therein, and because the work that was

23  performed by Plaintiff in the County of Los Angeles is the subject of this action.

24      2.      Defendant, THOR, INC., ("THOR") is California corporation located in California

25  and doing business in the County of Los Angeles, State of California.

26      3.      Defendant TERRY THORMODSGAARD, an individual doing business in the

27  County of Los Angeles, State of California.

28      4.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

_____
                    COMPLAINT

1   therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to

2   show their true names and capacities when they have been ascertained. Plaintiff is informed and

3   believes, and hereon alleges, that such Doe defendants are residents of California.

4       5.      Plaintiff is informed and believes that Defendants, each and all of them, at all times

5   material hereto, were the joint employers, parent companies, successor companies, predecessors in

6   interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

7   representatives, and/or coconspirators of each of the remaining Defendants.  The Defendants,

8   unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

9   herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

10  damages as herein alleged.

11      6.      Plaintiff was employed by Defendants from October 2004 to June 2005.

12      7.      Plaintiff repeatedly demanded arbitration pursuant to an agreement with Defendants.

13  Defendants have failed and refused and continue to refuse to arbitrate this matter.

14                          **FIRST CAUSE OF ACTION**

15  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

16          **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

17                  **(AGAINST THOR AND DOES 1 THROUGH 5)**

18      8.      Plaintiff refers to and incorporates by reference Paragraphs 1 through 7.

19      9.      Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

20  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

21  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the

22  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

23  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

24  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

25      10.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

26  Defendants failed to compensate Plaintiff for all overtime premiums.

27      11.     As a proximate result of Defendants' violations, Plaintiff has been damaged in an

28  amount in excess of $50,265 and subject to proof at time of trial.

-2-
COMPLAINT

1    12.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

2   Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of

3   overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

4   fees and costs of suit.

5                              **SECOND CAUSE OF ACTION**

6                **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

7                **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

8                      **CALIFORNIA LABOR CODE SECTION 512**

9                      **(AGAINST THOR AND DOES 1 THROUGH 5)**

10    13.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 12.

11    14.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

12   Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

13   provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

14    15.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

15    16.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

16   Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

17   each workday that the meal period was not provided.

18    17.    Plaintiff prays for damages for missed meals in the amount of $4,551.

19                              **THIRD CAUSE OF ACTION**

20    **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

21                      **(AGAINST THOR AND DOES 1 THROUGH 5)**

22    18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

23    19.    Defendants willfully refused and continues to refuse to pay Plaintiff her unpaid

24   wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

25   Labor Code §203 in the amount of $10,800.

26   ///

27   ///

28   ///

## FOURTH CAUSE OF ACTION

### FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER

### CALIFORNIA LABOR CODE SECTION 226

### (AGAINST THOR AND DOES 1 THROUGH 5)

20.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 19.

21.     Pursuant to Labor Code §226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

22.     Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours worked.

23.     Plaintiff suffered injury in her inability to verify her own hours worked as well as to provide proof of her income to others.

24.     Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against Defendants in the amount of $1,350 plus costs and attorney's fees.

### FIFTH CAUSE OF ACTION

### OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216

### (AGAINST ALL DEFENDANTS)

25.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 24.

26.     Plaintiff is informed and believes and hereon alleges that Defendants are subject to the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty (40) hours in a week and an equal additional amount as liquidated damages, as well as costs and attorney's fees.

27.     Plaintiff worked numerous weeks in excess of forty (40) hours.

28.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums. Defendants failed to compensate Plaintiff for any overtime premiums.

29.     This court has jurisdiction over this cause of action because the federal statute specifically grants the employee the right to bring the action in "any Federal or State court of competent jurisdiction." 29 U.S.C. §216(b).

-4-

1     30.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

2     31.    Plaintiff prays for judgment for overtime pay of $50,265. This amount is subsumed

3  by the overtime pay claimed in the First Cause of Action.

4     32.    Plaintiff prays for judgment for liquidated damages in the amount of $50,265. This

5  amount is supplemental to the relief requested in all other causes of action.

6     33.    Plaintiff prays for costs and attorney's fees.

7
## SIXTH CAUSE OF ACTION

8
## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

9
## CODE SECTION 17200

10
### (AGAINST THOR AND DOES 1 THROUGH 5)

11     34.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 33.

12     35.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the

13  terms of employment.

14     36.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and

15  unlawful business practices under Business and Professions Code §17200, et. seq.

16     37.    Defendants failed to provide meal and rest breaks in accordance with California law.

17  Defendants' acts constitute unfair and unlawful business practices under Business and Professions

18  Code §17200, et. seq

19     38.    As a result of Defendants' conduct Plaintiff requires restitution in an amount to be

20  determined at trial.

21     WHEREFORE, Plaintiff prays damages as follows:

22
### ON THE FIRST CAUSE OF ACTION

23     1.    For damages in an amount in excess of $50,265 and subject to proof at time of

24  trial.

25     2.    For penalties, interest, reasonable attorney's fees and costs of suit.

26
### ON THE SECOND CAUSE OF ACTION

27     3.    For damages in an amount in excess of $4,551 and subject to proof at time of

28  trial.

### ON THE THIRD CAUSE OF ACTION

4. For damages in the amount of $10,800.

### ON THE FOURTH CAUSE OF ACTION

5. For damages in the amount of $1,350.

6. For costs of suit, interest, and reasonable attorney's fees

### ON THE FIFTH CAUSE OF ACTION

7. For damages in an amount in excess of $50,265 and subject to proof at time of trial.

8. For liquidated damages in an amount in excess of $50,265 and subject to proof at time of trial.

9. For penalties, interest, reasonable attorney's fees and costs of suit.

### ON THE SIXTH CAUSE OF ACTION

10. For restitution in an amount subject to proof at time of trial.

### ON ALL CAUSES OF ACTION

11. For costs of suit.

12. For pre and post judgment interest.

13. For such other and further relief as the court may deem proper.

DATED: November 15, 2007            LAW OFFICES OF MICHAEL L. TRACY

By: _____
MEGAN ROSS HUTCHINS, Attorney for
Plaintiff CHRISTINE ROGERS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED: November 15, 2007            LAW OFFICES OF MICHAEL L. TRACY

By: _____
MEGAN ROSS HUTCHINS, Attorney for
Plaintiff CHRISTINE ROGERS

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 1 8 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

1 | ROBERT R. RONNE, ESQ. (SBN 092884)
**LAW OFFICE OF ROBERT R. RONNE, APC**
2 | 840 Apollo Street, Suite 307
El Segundo, California 90245
3 | Telephone: (310) 322-1696
Facsimile : (310) 322-3039
4

5 | DENNIS W. RIHN, ESQ. (SBN 126233)
**ATTORNEY AT LAW**
6 | 3460 Ocean View Boulevard, Suite F
Glendale, California 91208
7 | Telephone: (818) 265-0525
Facsimile : (818) 249-2788
8

9 | Attorneys for Plaintiff

Case assigned to D-36
Judge
Gregory Alarcon

10

11 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13 | BC382552

| | |
|---|---|
| 14 WILFREDO MARTINEZ, ) | CASE NO. |
| 15 ) | |
| Plaintiff, ) | **COMPLAINT** FOR DAMAGES: |
| 16 ) | |
| 17 vs. ) | 1) FAILURE TO PAY OVERTIME COMPENSATION (*Labor Code* Section 1194); |
| 18 ADAMS RESIDENTIAL CARE ) | |
| FACILITY, a business entity, form ) | 2) UNFAIR COMPETITION (*Business & Professions Code* Section 17200). |
| 19 unknown; UN LEE, an individual; and ) | |
| DOES 1 through 100, inclusive, ) | |
| 20 ) | |
| 21 Defendants. ) | |

22

23
24

Plaintiff Wilfredo Martinez alleges as follows:

25
26

**PRELIMINARY ALLEGATIONS**

27

1.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

28 herein, defendant ADAMS RESIDENTIAL CARE FACILITY is and was a business entity, form

unknown, which regularly conducts business in the State of California, County of Los Angeles, and

-1-
**C o m p l a i n t**

1   may claim to have been an employer of Plaintiff.

2       2.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

3   herein, defendant UN LEE (by that, or with variations on said name, or under various aliases) is and

4   was an individual who regularly conducts business in the State of California, County of Los

5   Angeles, and was an employer of Plaintiff.

6       3.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

7   herein, defendants and each of them, including defendant UN LEE (who also may utilize various

8   aliases and other names, including, but not limited to, Un Joong Lee, Un Jong Lee, John Lee, and

9   "Johnny" Lee), who also utilizes and does business under the names of ADAMS RESIDENTIAL

10  CARE FACILITY (by that, or with variations on said name), and that under that name, his name, or

11  other names, was a business entity, the precise form of which is unknown, which regularly conducts

12  business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

13      4.      Plaintiff is informed and believes, and on that basis alleges, that at all times relevant

14  to this action, Defendants, and each of them, were joint legal employers of Plaintiff within the

15  meaning of California law, or in the alternative, the alter ego of each other (and all of them) within

16  the meaning of California law.  Plaintiff is further informed and believes, and on that basis alleges,

17  that some of the Defendants, and each of them, at all times relevant to this action, utilized and

18  conducted business under the aliases and/or fictitious names of ADAMS RESIDENTIAL CARE

19  FACILITY, or other names or variations of such fictitious names.

20      5.      Plaintiff is further informed and believes, and on that basis alleges, that Defendants,

21  and each of them:

22          (a)     Deliberately and knowingly committed federal and state tax fraud by failing

23                  to make legally required deductions from wages paid to Plaintiff and other

24                  employees, including federal income tax, state income tax, social security tax

25                  and unemployment tax, and/or deliberately and knowingly caused other

26                  Defendants to commit such acts; and

27          (b)     Deliberately and knowingly committed the criminal act of failing to procure

28                  workers' compensation insurance for employees in violation of law, and/or

-2-

Complaint

1        deliberately and knowingly caused other Defendants to do so; and

2    (c)    Deliberately and knowingly engaged in an illegal pattern and practice of

3        failing to maintain and retain accurate records of wages paid employees as

4        required by law, and/or deliberately and knowingly caused other Defendants

5        to fail to do so; and

6    (d)    Deliberately and knowingly engaged in an illegal pattern and practice of

7        failing to maintain and retain accurate records of days and hours worked by

8        employees in violation of California law, and/or deliberately and knowingly

9        caused other Defendants to do so; and

10    (e)    Deliberately and knowingly engaged in an illegal pattern and practice of

11        violating California wage and hour laws, including the laws requiring

12        payment of overtime compensation, and/or deliberately and knowingly

13        caused other Defendants to do so; and

14    (f)    Deliberately and knowingly converted funds which should have been paid to

15        Plaintiff as overtime compensation owing by law.

16    6.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names

17    because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of

18    the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges

19    that each of the defendants designated herein as a DOE was an employer of Plaintiff or otherwise

20    liable to Plaintiff under applicable law. Whenever in this complaint reference is made to

21    "Defendants, and each of them," such allegations shall be deemed to mean acts of defendants acting

22    individually, jointly, or severally, or all or any combination of them.

23    7.    Plaintiff is informed and believes, and upon that basis alleges, that the individual

24    defendants, including certain Does, dominate and control the corporate defendants, and are the sole

25    owners of the corporate defendants. Plaintiff is further informed and believes and thereupon alleges

26    that Defendants, and each of them, engaged in a pattern and practice of utilizing the corporate (or

27    other) Defendants, and each of them, as vehicles to accomplish criminal and civil violations of law,

28    and that there exists, and at all times relevant to this complaint there existed a unity of interest and

-3-

1   ownership between any corporate defendants and non-corporate defendants such that any

2   individuality and separateness between said defendants has ceased, and all defendants are the alter

3   ego of every other defendant. Plaintiff is further informed and believes, and thereupon alleges that

4   if the acts of any defendant were treated as the acts of such defendant alone, an inequitable result

5   would follow. Plaintiff is further informed and believes, and on that basis alleges, that any

6   judgment solely against the corporate and/or individual defendants in this matter would be

7   uncollectible. Accordingly, as to all defendants, it is fair and equitable to permit piercing the

8   corporate veil and imposition of joint and several liability. Plaintiff is further informed and

9   believes, and upon that basis alleges, that the individual defendants, and each of them,

10  misappropriated to themselves, and for their own advantage, the unpaid wages owed Plaintiff.

11       8.       Plaintiff is informed and believes and therefore alleges that at all times mentioned

12  in this complaint, the Defendants, and each of them, including DOES 1 through 100, inclusive, were

13  the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that

14  each defendant was acting within the course, scope and authority of said agency, employment, joint

15  venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or

16  approved the acts of the remaining defendants.

17                           **FIRST CAUSE OF ACTION**

18  **(FOR WAGE AND HOUR VIOLATIONS, INCLUDING LABOR CODE SECTION 1194)**

19                   **(PLAINTIFF AGAINST ALL DEFENDANTS)**

20       9.       Plaintiff re-alleges and incorporates herein by this reference each of the preceding

21  paragraphs.

22       10.      Beginning approximately June 14, 2002, and continuing to September 14, 2007,

23  Plaintiff Wilfredo Martinez was employed by Defendants, and each of them.

24       11.      During his employment, Plaintiff was not properly compensated by Defendants, and

25  each of them for all hours worked.

26       12.      Pursuant to the provisions of the California Labor Code, including Labor Code

27  Section 1194, and regulations adopted by the California Department of Industrial Relations,

28  Plaintiff has the right to be paid properly for every hour of labor.

1      13.    In violation of such laws and regulations, defendants, and each of them failed to pay

2    Plaintiff all overtime owed in an amount believed to exceed $100,000.00.

3      14.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

4            (A)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

5                   termination of his employment all accrued but unpaid wages for all hours

6                   labored, including overtime compensation. Because defendants, and each of

7                   them failed to pay such wages, Plaintiff Wilfredo Martinez is entitled to

8                   continuing wages set forth in *Labor Code* Section 203 in an amount

9                   estimated to be in excess of $1,800.00.

10           (B)    Defendants, and each of them, were obligated under *Labor Code* Section 226

11                  and regulations of the Industrial Welfare Commission of the State of

12                  California, to keep accurate records of Plaintiff's hours of labor, and to

13                  prepare and submit to Plaintiff at least twice per month an itemized statement

14                  accurately showing the total hours worked by Plaintiff. Defendants, and each

15                  of them, failed to keep accurate records of Plaintiff's hours of labor, and

16                  further failed to timely provide accurate itemized wage statements as required

17                  by such statute. Accordingly, Plaintiff Wilfredo Martinez is entitled to

18                  damages pursuant to *Labor Code* Section 226 in the amount of about

19                  $4,000.00.

20           (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

21                  Plaintiff is entitled to receive all other compensation permitted by law,

22                  including for meal and rest periods during the course of his employment.

23     15.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

24   to be proved at trial.

25     16.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

26   specifically demanded, in an amount to be proved according to law.

27     17.    In addition, Plaintiff is entitled to costs of suit.

28   ///

## SECOND CAUSE OF ACTION

(FOR RESTITUTION AND INJUNCTIVE RELIEF UNDER BUSINESS AND

PROFESSIONS CODE SECTION 17200; LABOR CODE SECTION 226;

AND RELATED SECTIONS AS AGAINST ALL DEFENDANTS)

18.    Plaintiff hereby incorporates herein by this reference paragraphs 1- 8, as if set forth in full.

19.    Under California *Business and Professions Code*, §§ 17200, et seq., Defendants, and each of them, are obligated to refrain from engaging in unfair business practices. Further, under a group of laws now commonly referred to as the "Unfair Competition Laws," Defendants, and each of them, are obligated to comply with the law, and avoid improper, illegal, and unethical activity which would constitute a violation of the Unfair Competition Laws which directly harmed Plaintiff.

20.    Defendants, and each of them, on multiple occasions, and in multiple instances, engaged in such conduct prohibited by the Unfair Competition Laws, and engaged in a course of illegal business practices including, Plaintiff is informed and believes, but not limited to, the following:

> (a)    By failing to pay Plaintiff overtime wages which Defendants knew, or should have known, to be due and owing:
>
> (b)    By improperly calculating and withholding from Plaintiff's monies for overtime owed to him;
>
> ©)    By not keeping time records required by law, including in violation of *Labor Code* Section 226, for Plaintiff;
>
> (d)    By failing to provide what are commonly referred to as "pay stubs" to Plaintiff which include all required information mandated by *Labor Code* Section 226;
>
> (e)    By failing to pay and deposit all taxes due by virtue of the Plaintiff's employment by defendants, and each of them.

21.    Plaintiff requests relief for said violations, including entry by this Court of an injunction, requiring Defendants, and each of them, to:

-6-

Complaint

1      a)     Provide those pay stubs required by law;

2      b)     Require Defendants to deposit and pay those monies owed to all appropriate

3             sources pertaining to the employment of the Plaintiff;

4      c)     Hold in trust all amounts received by Defendants, and each of them, which

5             should have been paid to Plaintiff for his overtime wage earned.

6      22.    Defendants, and each of them, pursuant to such unlawful, unfair and deceptive

7 practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

8 Plaintiff, and have gained an unfair advantage over law-abiding employers. Defendants, and each

9 of them, should therefore be ordered to restore to the Plaintiff those amounts he is entitled to

10 receive, including all unpaid overtime compensation for the period of one year preceding the

11 statutory claims, in an amount to be proved at trial, but which are estimated to exceed $20,000.00.

12                              **PRAYER**

13      WHEREFORE, Plaintiff prays judgment be entered in his favor and against Defendants and

14 each of them as follows:

15      1.     For unpaid overtime compensation in an amount exceeding $100,000.00, and

16             subject to more precise proof at the time of trial;

17      2.     For continuing wages pursuant to *Labor Code* Section 203 in an amount of at

18             least $1,800.00, and more precisely according to proof;

19      3.     For damages pursuant to *Labor Code* Section 226 in an amount of a

20             maximum of $4,000.00, and more precisely according to proof;

21      4.     For compensation for meal and rest periods not received according to law in

22             an amount to be proved at trial;

23      5.     For prejudgment interest;

24      6.     Imposition of a constructive trust on all amounts converted;

25      7.     For costs of suit, including attorney's fees, according to proof; and

26      8.     For such other and further relief as the Court may deem appropriate.

27 ///

28 ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY:    ROBERT R. RONNE,
       Attorney for Plaintiff
       Wilfredo Martinez.

Complaint