# EXHIBIT D
# PART 1 OF 6

ORIGINAL

Thomas H. Edwards (SBN 96368)
119 E. Union St., Suite B
Pasadena, CA 91103

Telephone: (626) 395-5161
Facsimile: (626) 795-6600

Attorney for Plaintiff Liliana Contreras

FILED
LOS ANGELES SUPERIOR COURT

JAN 0 8 2007

JOHN A. C̲———, ———
BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

LILIANA CONTRERAS,

                    Plaintiff

vs.

CITI LAW CORP., a California Corporation;
CHRISTIE KIM PROFESSIONAL CORP. dba
L.A. LAW GROUP, a California Corporation;
and CHRISTIE KIM also dba L.A.LAW
GROUP, an individual; and DOES 1-20,
inclusive,

                    Defendants

Case No.     BC364437

**COMPLAINT FOR DAMAGES**

1. Unpaid Wages

2. Labor Code § 203

3. Business & Professions Code § 17200

4. Fraudulent Transfer

Unlimited Jurisdiction

Plaintiff Liliana Contreras ("plaintiff") hereby states her complaint as follows:

1. Plaintiff is an individual residing in Los Angeles County.

2. Defendant Citi Law Corporation ("Citi Law") is a corporation organized under California law and transacting business in Los Angeles County.

3. Defendant Christie Kim Professional Corporation ("CKPC") is a corporation organized under California law and transacting business in Los Angeles County.

4. Defendant Christie Kim ("Kim") is an individual residing in Los Angeles County. Plaintiff is informed and believes and on that basis alleges that Kim is an attorney admitted to

Case No.

COMPLAINT FOR DAMAGES

1 | practice in California.

2 |     5. Plaintiff is informed and believes and on that basis alleges that Kim and CKPC have
3 | both registered to do business in Los Angeles County under the fictitious business name "L.A.
4 | Law Group."

5 |     6. Plaintiff is further informed and believes that defendant Kim has conducted the law
6 | practice which she has been operating through CKPC with capitalization that was grossly
7 | inadequate in light of the nature and extent of the business which she was conducting, and that
8 | she has dominated and controlled the affairs of the corporation and has utilized the corporate
9 | form in order to perpetrate a fraud on its creditors, including plaintiff. Plaintiff is further informed
10 | and believes that there is such a unity of interest and ownership between defendants Kim and
11 | CKPC that it would sanction a fraud or promote injustice for this court to continue to recognize
12 | the separate existence of this entity.

13 |     7. The true names and capacities of Does 1-20 are unknown to plaintiff who therefore
14 | sues them by these fictitious names. Plaintiff will amend her complaint to state their true names
15 | and capacities when the same are ascertained. Plaintiff is informed and believes and on that
16 | basis alleges that each of these fictitiously named defendants participated in the commission of
17 | the wrongful acts alleged herein and is liable to her for some or all of the damages alleged
18 | herein.

19 |     8. Plaintiff is informed and believes and on that basis alleges that on or about December
20 | 2004 Citi Law transferred all of its assets and all of the matters that it had been working on to
21 | L.A. Law Group without receiving a reasonably equivalent value in exchange for the transfer,
22 | and that CITI Law became insolvent as a result of the transfer.

23 |     9. Commencing in 2002 plaintiff was employed as a paralegal by Citi Law. On or about
24 | December 2004 the name of her employer changed from Citi Law to L.A. Law Group when Citi
25 | Law transferred all of its assets and cases to L.A. Law Group, but plaintiff's duties remained
26 | unchanged. Plaintiff continued to be employed as a paralegal by LA Law Group until the end of
27 | May 2006 at which time her employment terminated.

28 |

# FIRST CAUSE OF ACTION FOR UNPAID WAGES AGAINST
## ALL DEFENDANTS

10. The allegations of paragraphs 1 through 9 are incorporated by reference in this paragraph as if repeated in their entirety.

11. During the entire period when she was employed by defendants plaintiff was classified as an exempt employee. She was not paid overtime and did not receive meal periods or rest periods as part of her employment by defendants.

12. This exempt classification was improper and unlawful under California law. Plaintiff should have been classified as a nonexempt employee and should have been paid overtime and given meal periods and rest periods commensurate with that status.

13. Plaintiff is therefore entitled to be paid overtime and additional wages pursuant to the applicable Wage Order and pursuant to the provisions of Labor Code sections 510 and 512. The amount owed to plaintiff is in excess of $25,000.

# SECOND CAUSE OF ACTION UNDER LABOR CODE § 203 AGAINST
## ALL DEFENDANTS

14. The allegations of paragraphs 1 through 12 are incorporated by reference in this paragraph as if repeated in their entirety.

15. Defendants were obligated to pay all of the wages owed to plaintiff at the time her employment by each of them terminated.

16. Defendants willfully failed to pay the wages owed to plaintiff at the time her employment by each of them terminated.

17. Defendants are therefore each liable to plaintiff for 30 days of additional wages commencing on the date of her last day of employment by each of them pursuant to Labor Code § 203.

COMPLAINT FOR DAMAGES

1

2

## THIRD CAUSE OF ACTION UNDER BUSINESS & PROFESSIONS CODE
## § 17200 AGAINST ALL DEFENDANTS

3      18. The allegations of paragraphs 1 through 17 are incorporated by reference in this

4   paragraph as if repeated in their entirety.

5      19. Defendants have engaged in unfair competition  under California Business &

6   Professions Code § 17200 by committing the acts alleged hereinabove, and plaintiff is also

7   entitled to obtain restitution of the wages owed to her pursuant to this statute.

8

9

10     ## FOURTH CAUSE OF ACTION FOR FRAUDULENT TRANSFER AGAINST
## ALL DEFENDANTS

11

12     20. The allegations of paragraphs 1 through 19 are incorporated by reference in this

13   paragraph as if repeated in their entirety.

14     21. Based on the facts alleged hereinabove, the transfer of assets from Citi Law to L.A.

15   Law Group that took place in December 2004 was fraudulent and hence voidable as to plaintiff

16   pursuant to Civil Code § 3439.08(a)(1).

17

18     22. Pursuant to the provisions of Civil Code § 3439.08 and subject to the limitations set

19   forth therein, plaintiff is entitled to enforce any judgment in this lawsuit in her favor against Citi

20   Law against the defendants other than Citi Law.

21     WHEREFORE, plaintiff respectfully prays for judgment against defendants and each of

22   them as follows:

23     1. For judgment against all of the defendants according to proof at trial under plaintiff's

24   First, Second, Third and Fourth Causes of Action;

25

26     2. For an award of plaintiff's reasonable attorney fees pursuant to Labor Code § 1194;

27     3. For costs of suit incurred herein; and

28     4. For any additional relief that is just and equitable.

4

Dated: January 4, 2007

Thomas H. Edwards

Attorney for Plaintiff Liliana Contreras

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICE OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile : (310) 322-3039
4

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   **ATTORNEY AT LAW**
6  3460 Ocean View Boulevard, Suite E
   Glendale, California 91208
7  Telephone: (818) 265-0525
   Facsimile: (818) 249-2788
8

9  Attorneys for Plaintiff    Case assigned    *Helen A Bendix*
                              to Judge              *D - 18*

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 11 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
   D. Garcia

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13                                              BC364632

14  KITI ZUVUN,                    )    CASE NO.
                                   )
15                                 )
              Plaintiff,           )    **COMPLAINT** FOR DAMAGES:
16                                 )
        vs.                        )    1)    FAILURE TO PAY MINIMUM
17                                 )          WAGE, OVERTIME
    ONARJ ORAPAD; ONGARJ ALLAPACH; )          COMPENSATION AND OTHER
18  THAI ORIGINAL BBQ; and         )          RELIEF
    DOES 1 through 100, inclusive, )          (Including under *Labor Code*
19                                 )          Sections 510 and 1194)
                                   )
20                                 )    2)    UNFAIR COMPETITION
              Defendants.          )          (*Business & Professions Code*
21                                 )          Section 17200).

22

23

24     Plaintiff Kiti Zuvun alleges as follows:

25                    **PRELIMINARY ALLEGATIONS**

26        1.    Plaintiff is informed and believes, and on that basis alleges, that Defendant ONARJ

27  ORAPAD is an individual who resides within the State of California, County of Los Angeles, and

28  who may both utilize other names, as well as the name of THAI ORIGINAL BBQ in conducting his

                              -1-
                         **Complaint**

1    restaurant business. Plaintiff is further informed and believes, and thereon alleges, that said

2    individual defendant was an employer of Plaintiff.

3        2.    Plaintiff is informed and believes, and on that basis alleges, that Defendant ONGARJ

4    ALLAPACH is an individual who resides within the State of California, County of Los Angeles,

5    and who may both utilize other names, as well as the name of THAI ORIGINAL BBQ in

6    conducting his restaurant business. Plaintiff is further informed and believes, and thereon alleges,

7    that said individual defendant was an employer of Plaintiff.

8        3.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

9    herein, defendant THAI ORIGINAL BBQ is a business entity which regularly conducts business in

10    the State of California, County of Los Angeles, and was a name utilized by Defendants in

11    conducting their restaurant business.

12        4.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because

13    Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE

14    defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of

15    the defendants designated herein as a DOE is an employer of or otherwise liable to Plaintiff.

16        5.    Plaintiff is informed and believes and thereupon alleges that there exists, and at all

17    times relevant to this complaint, there existed a unity of interest and ownership between the

18    corporate defendants and the non-corporate defendants such that any individuality and separateness

19    between said individual defendants have ceased. Plaintiff is further informed and believes, and

20    thereupon alleges that if the acts of the defendant entitles are treated as those of the entity alone, an

21    inequitable result would follow. Accordingly, as to the defendants which are corporate defendants,

22    it is fair and equitable to permit piercing the corporate veil.

23        6.    Plaintiff is informed and believes and thereon alleges that at all times mentioned

24    herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

25    inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

26    defendant, and that each defendant was acting within the course, scope and authority of said agency,

27    employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

28    ratified, and/or approved the acts of the remaining defendants.

1

**FIRST CAUSE OF ACTION**

2

**FOR WAGE AND HOUR VIOLATIONS**

3

**(LABOR CODE SECTIONS 510 and 1194)**

4

**(PLAINTIFF AGAINST ALL DEFENDANTS)**

5      7.      Plaintiff re-alleges and incorporates herein by this reference each of the preceding

6   paragraphs.

7      8.      Beginning October, 2003 and continuing to the present, Plaintiff Kiti Zuvun was

8   employed by defendants, and each of them, at Defendants' 484 N. Western Avenue, Los Angeles,

9   California restaurant operation.

10      9.      During his employment, Plaintiff was not properly compensated for all hours he

11   worked for defendants, and each of them.

12      10.      Pursuant to the provisions of the California *Labor Code*, including *Labor Code*

13   Sections 510 and 1194, and regulations adopted by the California Department of Industrial

14   Relations, Plaintiff has the right to be paid properly for every hour of labor.

15      11.      In violation of such laws and regulations, defendants, and each of them failed to pay

16   Plaintiff properly at the minimum wage. Said unpaid minimum wage is approximately $8,424.00.

17      12.      Plaintiff is entitled to, and hereby claims from defendants, and each of them a

18   doubling of the unpaid minimum wage under *Labor Code* Section 1194.2.

19      13.      In additional violation of such laws and regulations, defendants, and each of them

20   failed to pay plaintiff all overtime compensation owed to him in an approximate amount of

21   $10,530.00.

22      14.      Plaintiff is entitled to additional recoveries allowed by law as follows:

23          (A)      Pursuant to *Labor Code* Section 203, Plaintiff is entitled to receive at the

24                termination of his employment all accrued but unpaid wages for all hours

25                labored, including overtime compensation. Because defendants, and each of

26                them have and will fail to pay such wages, Plaintiff Kiti Zuvun is entitled to

27                continuing wages set forth in *Labor Code* Section 203 in an amount

28                estimated to be $1,620.00.

-3-

Complaint

1    (B)   Defendants, and each of them, were obligated under *Labor Code* Section 226
2          and regulations of the Industrial Welfare Commission of the State of
3          California, to keep accurate record of Plaintiff's hours of labor, and to
4          prepare and submit to Plaintiff at least twice per month an itemized statement
5          accurately showing the total hours worked by Plaintiffs, and each of them.
6          Defendants, and each of them, failed to keep accurate records of Plaintiff's
7          hours of labor, and further failed to provide accurate itemized wage
8          statements as required by such statute. Accordingly, Plaintiff Kiti Zuvun is
9          entitled to damages pursuant to *Labor Code* Section 226 an amount of
10         $4,000, and more precisely according to proof.
11   (C)   Pursuant to Labor Code Section 226.7, and applicable regulations, Plaintiff is
12         entitled to receive that other compensation permitted by law, including for
13         meal and rest periods during the course of his employment.

14   15.   In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount
15   to be proved at trial.

16   16.   In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby
17   specifically demanded, in an amount to be proved according to law.

18   17.   In addition, Plaintiff is entitled to costs of suit.

19                          **SECOND CAUSE OF ACTION**
20                      **FOR UNFAIR BUSINESS PRACTICES**
21        **PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200**
22                      **(Plaintiff AGAINST ALL DEFENDANTS)**

23   18.   Plaintiff re-alleges and incorporates herein by this reference each of the preceding
24   paragraphs.

25   19.   Under California Business and Professions Code, §§ 17200, et seq. and related
26   statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated
27   to refrain from engaging in unfair business practices, including the unfair business practices of
28   failing to comply with applicable wage and hour laws of the State of California and the United

                                   -4-
                              Complaint

1  States of America.

2      20.    Defendants, and each of them, have engaged in unfair business practices of:

3              (A)    Failing to obey state and federal laws requiring proper payment of employees,

4                     including Plaintiff, who has not been properly paid, and;

5              (B)    Failing to obey state and federal laws requiring defendants to keep accurate

6                     records of the hours and days worked by employees, including Plaintiff.

7      21.    Defendants, and each of them, pursuant to such unlawful, unfair and deceptive

8  practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

9  Plaintiff, and have gained an unfair advantage over law-abiding employers. Defendants, and each

10  of them, should therefore be ordered to restore to Plaintiff all unpaid minimum wage and overtime

11  compensation for the period of one year preceding the statutory claims, in an amount to be proved at

12  trial, but which Plaintiff believes to exceed $3,510.00.

13      **WHEREFORE,** Plaintiff prays for judgment as follows:

14      1.    For unpaid overtime compensation of about $10,530.00, and more precisely

15            according to proof at trial;

16      2.    For unpaid minimum wage of about $8,424.00, and more precisely according to

17            proof at trial;

18      3.    For a doubling of the unpaid minimum wage, or an additional $8,424.00, per *Labor*

19            *Code* Section 1194.2;

20      4.    For continuing wages pursuant to *Labor Code* Section 203 in the amount of at least

21            $1,620.00, and more precisely according to proof;

22      5.    For damages pursuant to *Labor Code* Section 226 in an amount of $4,000, and more

23            precisely according to proof;

24      6.    For compensation for meal and rest periods not received according to law in

25            an amount to be proved at trial;

26      7.    For prejudgment interest;

27      8.    For costs of suit, including attorney's fees, according to proof; and

28      9.    For such other and further relief as the Court may deem appropriate.

-5-

**Complaint**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY:     ROBERT R. RONNE,
        Attorney for Plaintiff
        Kiti Zuvun.

**Complaint**

1　ROBERT R. RONNE, ESQ. (SBN 092884)
　　**LAW OFFICE OF ROBERT R. RONNE, APC**
2　840 Apollo Street, Suite 307
　　El Segundo, California 90245
3　Telephone: (310) 322-1696
　　Facsimile : (310) 322-3039
4

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 1 1 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

5　DENNIS W. RIIHN, ESQ. (SBN 126233)
　　**ATTORNEY AT LAW**
6　3460 Ocean View Boulevard, Suite E
　　Glendale, California 91208
7　Telephone: (818) 265-0525
　　Facsimile : (818) 249-2788
8

9　Attorneys for Plaintiff

10

11

12　　　　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13　　　**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

14

| | |
|---|---|
| WALTER CORPUZ, | CASE NO.    BC364586 |
| Plaintiff, | |
| vs. | **COMPLAINT** FOR DAMAGES: |
| COMMAND GUARD SERVICES, a business entity, form unknown; MAJOR PROTECTIVE SERVICES, INC.; WSA PERSONNEL SERVICES, INC.; and DOES 1 through 100, inclusive, | 1)   FAILURE TO PAY OVERTIME COMPENSATION (*Labor Code* Sections 510 and 1194); |
| Defendants. | 2)   UNFAIR COMPETITION (*Business & Professions Code* Section 17200). |

PLAINTIFF Walter Corpuz hereby alleges as follows:

///

///

///

-1-
Complaint

**GENERAL ALLEGATIONS**

1.     At all times mentioned herein, defendant COMMAND GUARD SERVICES was a business entity, form unknown. Said entity, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing guard services to clients, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times employed Plaintiff.

2.     At all times mentioned herein, plaintiff is informed and believes, and on that basis alleges, defendant MAJOR PROTECTIVE SERVICES, INC. was a California corporation. Said entity, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing guard services to clients, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times employed Plaintiff.

3.     At all times mentioned herein, plaintiff is informed and believes, and on that basis alleges, defendant WSA PERSONNEL SERVICES, INC. was a California corporation. Said entity, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing services, including preparation of W-2 forms, for clients such as Defendants COMMAND and MAJOR, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times claims to have employed Plaintiff.

4.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE defendant was and is responsible in some actionable manner for the events and incidents described in this complaint. Plaintiff is further informed and believes and thereupon alleges that each DOE defendants is also an employer of Plaintiff, or jointly responsible for employment of same. Plaintiff will seek leave of court to amend this pleading when the true names, identities and capacities of said DOE defendants have been ascertained.

5.     Plaintiff is informed and believes and thereupon alleges that there exists, and at all times relevant to this complaint, there existed a unity of interest and ownership between the corporate defendants and the non-corporate defendants such that any individuality and separateness between said individual defendants have ceased. Plaintiff is further informed and believes and

Complaint

1  thereupon alleges that if the acts of the defendant entities are treated as those of the entity alone, an

2  inequitable result would follow. Accordingly, as to the defendants which are corporate defendants,

3  it is fair and equitable to permit piercing the corporate veil as to the non-corporate defendants.

4        6.      Plaintiff is informed and believes and thereupon alleges that at all times mentioned

5  in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were

6  the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that

7  each defendant was acting within the course, scope and authority of said agency, employment, joint

8  venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and/or

9  approved the acts of the remaining defendants.

10                              **FIRST CAUSE OF ACTION**

11       **FOR UNPAID OVERTIME COMPENSATION AND WAGE AND HOUR VIOLATIONS**

12                            **(PLAINTIFF AGAINST ALL DEFENDANTS)**

13       7.      Plaintiff incorporates by reference each of the preceding paragraphs.

14       8.      Plaintiff was employed by defendants, and each of them, as a security guard, starting

15  during May of 2003, and continuing up to and including about June 30, 2006.

16       9.      Plaintiff was, during his employment, required and permitted to work hours in excess

17  of 8 hours per day or 40 hours per week.

18       10.     Pursuant to the provisions of the California Labor Code, including Labor Code

19  Section 510, and regulations adopted by the California Department of Industrial Relations,

20  Defendants were obligated to pay Plaintiff 1.5 times his regular hourly rate for hours worked over 8

21  in a day, 1.5 times his regular hourly rate for hours worked over 40 during a week, 1.5 times his

22  regular hourly rate for the first 8 hours of labor after the sixth consecutive day of work, 2 times his

23  regular hourly rate for hours worked over 12 in a day, and 2 times his regular hourly rate for hours

24  worked over 8 after the sixth consecutive day of work. In violation of such laws and regulations,

25  defendants, and each of them, failed to fully pay Plaintiff for all the overtime hours he worked at the

26  required premium rates of pay. Pursuant to *Labor Code* Section 1194, Plaintiff is entitled to recover

27  the full amount of unpaid overtime compensation owing him.

28       11.     In addition, pursuant to the provisions of the California *Labor Code*, and regulations

1   adopted by the California Department of Industrial Relations, Plaintiff was entitled to uninterrupted
2   rest periods in the middle of each work period at the rate of ten minutes per four hours of work (or
3   major fraction of four hours of work). In addition, pursuant to such laws, Plaintiff was entitled to
4   uninterrupted meal periods of not less than thirty minutes for any work period of more than five
5   hours. In violation of such laws and regulations, Plaintiff did not receive all legally required rest
6   and meal periods. Accordingly, Plaintiff is entitled to compensation for each meal and rest period
7   which was not uninterrupted, or which was not received as required by law, in an amount to be
8   proved at trial.

9         12.   In addition, pursuant to the provisions of the California *Labor Code*, and regulations
10   adopted by the California Department of Industrial Relations, Defendants, and each of them, were
11   obligated to provide uniforms and uniform maintenance to Plaintiff free of charge since Plaintiff
12   was required by defendants, and each of them, to wear uniforms while performing their duties. In
13   violation of such laws and regulations, Defendants failed to provide and maintain such uniforms,
14   and charged Plaintiff for such uniforms. Accordingly, Plaintiff is entitled to reimbursement of
15   uniform charges and maintenance costs.

16         13.   In addition, pursuant to *Labor Code* Section 203, Plaintiff was entitled by law to
17   receive at the termination of his employment all accrued but unpaid wages for all hours labored,
18   including overtime compensation. Because defendants, and each of them failed to pay such wages,
19   Plaintiff is entitled to the penalty of continuing wages set forth in *Labor Code* Section 203 in an
20   amount to be proved at trial.

21         14.   In addition, Plaintiff is entitled to interest on unpaid overtime compensation and
22   other recoveries to which they are entitled in an amount to be proved at trial.

        15.   In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby
specifically demanded, in an amount to be proved at trial or by way of motion authorized by law.

        16.   In addition, Plaintiff is entitled to costs of suit.

///

27   ///

28   ///

-4-

## SECOND CAUSE OF ACTION

### FOR UNFAIR BUSINESS PRACTICES

### PURSUANT TO *BUSINESS & PROFESSIONS CODE* SECTION 17200

### (PLAINTIFF AGAINST ALL DEFENDANTS)

17.     Plaintiff re-alleges and incorporate herein by this reference each of the preceding paragraphs.

18.     Under California *Business and Professions Code*, §§ 17200, and related statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California and the United States of America.

19.     Defendants, and each of them, have engaged in unfair business practices of:

(A)     Failing to obey state and federal laws requiring provision and maintenance of uniforms, and payment of overtime compensation to employees, including Plaintiffs, who have worked overtime hours for which they have not been paid, and;

(B)     Failing to obey laws requiring defendants to keep accurate records of the hours and days worked by employees.

20.     Defendants, and each of them, pursuant to such unlawful, unfair and deceptive practices, have enriched themselves at the expense of innocent victims, including, but not limited to, Plaintiffs and other employees of defendants, and have gained an unfair advantage over law-abiding employers. Defendants, and each of them, should therefore be enjoined from future violations of such laws and ordered to restore to Plaintiff all unpaid overtime compensation, for the period of May 2003 through December 2003 only, in an amount to be proved at trial.

///

///

///

///

1          **PRAYER**

2    WHEREFORE, Plaintiff prays for judgment as follows:

3    On the first cause of action:

4          A.    For unpaid overtime compensation in an amount exceeding the jurisdiction of

5                this court, and in an amount according to proof at trial;

6          B.    For meal and rest periods an amount to be determined at trial according to

7                proof;

8          C.    For uniform and uniform maintenance reimbursement in an amount

9                according to proof at trial;

10         D.    For interest on the foregoing according to proof;

11         E.    Compensation for meal and rest periods as provided by law, and according to

12               proof;

13         F.    Damages for violation of *Labor Code* Section 226;

14         G.    Waiting time damages under *Labor Code* Section 203 as allowed by law;

15         H.    For attorney's fees according to law;

16         I.    For costs of suit, and;

17         J.    For other relief as the Court deems just.

18   On the second cause of action:

19         K.    For an order of restitution for unpaid overtime and minimum wage

20               compensation owing Plaintiffs in an amount to be proved at trial;

21         L.    For such other and further relief as the Court may deem appropriate.

22
23                                  Respectfully Submitted:

24                                  **LAW OFFICES OF ROBERT R. RONNE, APC**

25
26
27                                  _____
                                    BY:    ROBERT R. RONNE,
28                                         Attorney for Plaintiff
                                           Walter Corpuz

                                    -6-

ROBERT R. RONNE, ESQ. (SBN 092884)
**LAW OFFICE OF ROBERT R. RONNE, APC**
840 Apollo Street, Suite 307
El Segundo, California 90245
Telephone: (310) 322-1696
Facsimile : (310) 322-3039

DENNIS W. RIHN, ESQ. (SBN 126233)
**ATTORNEY AT LAW**
3460 Ocean View Boulevard, Suite E
Glendale, California 91208
Telephone: (818) 265-0525
Facsimile : (818) 249-2788

Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 17 2007

JOHN A. CLARKE, CLERK

BY HUGENA LOPEZ, DEPUTY

*Case assigned to Judge*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

BC364848

| | |
|---|---|
| SILVERIO DE GUZMAN,<br><br>                    Plaintiff,<br><br>      vs.<br><br>PARC TEMPLE LLC; PARC TEMPLE<br>LLC dba SEABREEZE HOMES; SUSAN<br>DAVID, an individual; and DOES 1 through<br>100, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT** FOR DAMAGES:<br><br>1)  FAILURE TO PAY OVERTIME<br>      COMPENSATION<br>      (*Labor Code* Sections 510 and 1194);<br><br>2)  FAILURE TO PAY MINIMUM<br>      WAGE AND OVERTIME<br>      COMPENSATION<br>      (*Fair Labor Standards Act*). |

Plaintiff Silverio De Guzman alleges as follows:

### PRELIMINARY ALLEGATIONS

1.        Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

herein, defendant PARC TEMPLE LLC is and was a California limited liability company which

regularly conducts business in the State of California, County of Los Angeles, and was an employer

of Plaintiff.

-1-
Complaint

1      2.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

2 herein, defendant PARC TEMPLE LLC dba SEABREEZE HOMES is a business entity, form

3 unknown, which regularly conducts business in the State of California, County of Los Angeles, and

4 was an employer of Plaintiff.

5      3.     Defendant SUSAN DAVID is an individual who resides within the State

6 of California, County of Los Angeles, and, Plaintiff is informed and believes and thereon alleges,

7 that said Defendant utilizes and does business under the name of PARC TEMPLE LLC, PARC

8 TEMPLE LLC dba SEABREEZE HOMES, or both. Plaintiff is further informed and believes, and

9 thereon alleges, that said individual defendant was an employer of Plaintiff as said defendant was at

10 all times relevant hereto a member, manager, officer and/or director of said defendants, is a person

11 with significant ownership interest in any entity defendant, is a person who controls significant day-

12 to-day functions of any entity defendant, and/or is a person with significant operational control of

13 any entity defendant during the employment of Plaintiff, and thus was the employer, or a co-

14 employer, of Plaintiff within the meaning of the Fair Labor Standards Act, or that defendant David

15 is otherwise an employer of Plaintiff as defined by law.

16      4.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because

17 Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE

18 defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of

19 the defendants designated herein as a DOE is an employer of Plaintiff.

20      5.     Plaintiffs are informed and believe and thereupon allege that defendants, and each

21 of them, engaged in a pattern and practice of utilizing the corporate defendants, and each of them, as

22 vehicles to accomplish violations of law, and that there exists, and at all times relevant to this

23 complaint there existed a unity of interest and ownership between any corporate defendants and

24 non-corporate defendants such that any individuality and separateness between said defendants has

25 ceased. Plaintiffs are further informed and believe, and thereupon allege that if the acts of the

26 defendant entities are treated as those of the entity alone, an inequitable result would follow.

27 Plaintiffs are further informed and believe, and on that basis allege, that any judgment solely against

28 the corporate defendant in this matter would be uncollectible. Accordingly, as to the defendants

-2-

Complaint

1  which are corporate defendants, it is fair and equitable to permit piercing the corporate veil.

2  Plaintiffs are further informed and believe, and upon that basis allege, that the individual

3  defendants, and each of them, misappropriated to themselves, as individuals for their individual

4  advantage, the unpaid wages owed plaintiffs, and each of them.

5        6.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned

6  herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

7  inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

8  defendant, and that each defendant was acting within the course, scope and authority of said agency,

9  employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

10  ratified, and/or approved the acts of the remaining defendants.

11  **FIRST CAUSE OF ACTION**

12  **FOR WAGE AND HOUR VIOLATIONS**

13  **(LABOR CODE SECTIONS 510 and 1194)**

14  **(PLAINTIFF AGAINST ALL DEFENDANTS)**

15        7.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding

16  paragraphs.

17        8.    Beginning approximately March 15, 2006, and continuing to January 9, 2007,

18  Plaintiff Silverio De Guzman was employed by defendants, and each of them.

19        9.    During his employment, Plaintiff was not properly compensated for all hours worked

20  by defendants, and each of them.

21        10.    Pursuant to the provisions of the California Labor Code, including Labor Code

22  Sections 510 and 1194, and regulations adopted by the California Department of Industrial

23  Relations, Plaintiff has the right to be paid properly for every hour of labor.

24        11.    In violation of such laws and regulations, defendants, and each of them failed to pay

25  Plaintiff all overtime owed in an amount believed to exceed $59,048.64.

26  ///

27  ///

28  ///

-3-
**C o m p l a i n t**

12.   In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

   (A)   Pursuant to Labor Code Section 203, Plaintiff was entitled to receive at the termination of his employment all accrued but unpaid wages for all hours labored, including overtime compensation. Because defendants, and each of them failed to pay such wages, Plaintiff Silverio De Guzman is entitled to continuing wages set forth in Labor Code Section 203 in an amount estimated to be in excess of $1,939.20.

   (B)   Defendants, and each of them, were obligated under Labor Code Section 226 and regulations of the Industrial Welfare Commission of the State of California, to keep accurate records of Plaintiff's hours of labor, and to prepare and submit to Plaintiff at least twice per month an itemized statement accurately showing the total hours worked by Plaintiff. Defendants, and each of them, failed to keep accurate records of Plaintiff's hours of labor, and further failed to timely provide accurate itemized wage statements as required by such statute. Accordingly, Plaintiff Silverio De Guzman is entitled to damages pursuant to Labor Code Section 226 in the amount of $1,850.00.

   (C)   Pursuant to the applicable wage order of the Industrial Welfare Commission, Plaintiff is entitled to receive all other compensation permitted by law, including for meal and rest periods during the course of his employment.

13.   In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount to be proved at trial.

14.   In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby specifically demanded, in an amount to be proved according to law.

15.   In addition, Plaintiff is entitled to costs of suit.

///

///

///

-4-

Complaint

## SECOND CAUSE OF ACTION

## FOR WAGES AND HOUR VIOLATIONS

## (FAIR LABOR STANDARDS ACT)

## (PLAINTIFF AGAINST ALL DEFENDANTS]

16.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding paragraphs.

17.    Consistently, during his employment, defendants, and each of them, required and permitted Plaintiff to work hours substantially in excess of 40 per week.

18.    Pursuant to the provisions of the Fair Labor Standards Act, Plaintiff had the right to be paid minimum wage for every hour of labor plus the right to be paid one and a half times his regular hourly rate for all hours worked in excess of 40 during a week.

19.    In violation of such laws and regulations, defendants, and each of them, failed to pay Plaintiff at the required minimum wage and failed to pay Plaintiff for his overtime hours at the minimum required premium rates. Pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff Silverio De Guzman is entitled to recover the full amount of unpaid minimum wage and overtime compensation owing in an amount estimated to exceed $32,718.84.

20.    In addition, because defendants violated Sections 206 and 207 of the Fair Labor Standard Acts, pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff Silverio De Guzman is entitled to a doubling of the full amount of unpaid minimum wage and overtime compensation in an additional amount estimated to exceed $32,718.84.

21.    In addition, Plaintiff is entitled to reasonable attorney's fees in an amount to be proved according to law.

22.    In addition, Plaintiff is entitled to prejudgment interest and costs of suit.

///

///

///

///

///

-5-

Complaint

1    WHEREFORE, Plaintiff prays for judgment as follows:

2        1.    For unpaid overtime compensation in an amount exceeding $59,048.64, and subject

3              to more precise proof at the time of trial;

4        2.    For continuing wages pursuant to Labor Code Section 203 in the amount of at least

5              $1,939.20, and more precisely according to proof;

6        3.    For damages pursuant to Labor Code Section 226 in the amount of a maximum of

7              $1,850.00, and more precisely according to proof;

8        4.    For compensation for meal and rest periods not received according to law in

9              an amount to be proved at trial;

10        5.    For all relief permitted under the Fair Labor Standards Act;

11        6.    For prejudgment interest on Plaintiff's state law claims;

12        7.    For costs of suit, including attorney's fees, according to proof; and

13        8.    For such other and further relief as the Court may deem appropriate.

14

15

16                                    Respectfully Submitted:

17                                    LAW OFFICES OF ROBERT R. RONNE, APC

18

19

20                              BY:    ROBERT R. RONNE,
21                                     Attorney for Plaintiff
                                       Silverio De Guzman.
22

23

24

25

26

27

28

-6-

Complaint

1  MARC A. KARLIN, ESQ. SBN 137558
   **KARLIN & KARLIN**
2  A Professional Law Corporation
   3701 Wilshire Boulevard, Suite 1035
3  Los Angeles, California 90010
   (213) 365-1555
4  (213) 383-1166 facsimile

5  Attorneys for PLAINTIFF LUIS DE LA TORRE

6

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8        FOR THE COUNTY OF LOS ANGELES---UNLIMITED JURISDICTION

9

10

11  LUIS DE LA TORRE,                        CASE NO.   BC365291

12                                           )
                                             )
13           Plaintiff,                      )   **COMPLAINT**
                                             )
14      vs.                                  )   1.   UNLAWFUL NON-PAYMENT OF
                                             )        OVERTIME COMPENSATION;
15  COMPLETE EYE CARE CENTER OF              )
    HOLLYWOOD, INC., a California            )   2.   FAILURE TO PROVIDE REQUIRED
16  Corporation, d/b/a OPTICAL SOLUTIONS;    )        MEAL PERIODS;
    and, DOES 1-100, inclusive,              )
17                                           )   3.   FAILURE TO PROVIDE REQUIRED
             Defendants.                     )        REST PERIODS;
18                                           )
                                             )   4.   FAILURE TO MAINTAIN
19  _____ )        REQUIRED RECORDS;
                                                 5.   FAILURE TO PAY ALL EARNED
20                                                    WAGES UPON SEPARATION
21

22      PLAINTIFF LUIS DE LA TORRE, an individual (hereinafter "Plaintiff"), alleges as
23  follows:
24           <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>
25      1.   Plaintiff is unaware of the true names or capacities of the defendants herein
26  as DOES 1 through 100, inclusive, and therefore sue said defendants by these
27  fictitious names. Plaintiff is informed and believes, and upon that basis alleges,
28  that said defendants are in some manner legally responsible for the injuries and

                                    -1-
─────────────────────────────────────────────
COMPLAINT

damages to Plaintiff as alleged herein. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of said fictitiously named defendants and the nature of their legal responsibility when the same have been ascertained.

2. At all times mentioned herein and at all times material hereto, each of the defendants named in this Complaint was the agent, employee, partner and joint venturer of each of the other defendants named and mentioned herein, and was acting within the course and scope of, and in furtherance of, said agency, employment, partnership and joint venture described herein, and furthermore was acting with the consent, permission, authority and ratification of each and all of the other defendants named herein.

3. Plaintiff is informed and believes that all of the acts alleged in this Complaint were made by defendants in their capacities as individual business entities, and/or individuals, and/or alter egos of the business entities named herein as defendants, and that each of the defendants identified above were involved in, or are in some way responsible for the injuries and damages to Plaintiff as alleged herein as a result of defendants' joint business interests, and therefore that each of the defendants named herein are jointly and severally liable for any and all of the damages alleged in this Complaint. Furthermore, at all times herein material, each of the defendants named herein was acting for himself, herself or itself, and/or as an employee and/or agent for any each and every other defendant named herein, and conspired together to do the things alleged hereinafter.

4. Plaintiff LUIS DE LA TORRE an individual, is and was, at all times relevant to this Complaint, a resident of the County of Los Angeles, State of California.

5. Defendant COMPLETE EYE CARE CENTER OF HOLLYWOOD, INC., d/b/a Optical Solutions ("Defendant") is and was, according to Plaintiff's information and belief, a corporation duly organized under the laws of the State of

–2–

COMPLAINT

California, with its principal place of business in the County of Los Angeles, State of California.

6.  From August 1997 to January 26, 2006, Plaintiff was employed by Defendant as a lab technician and optical dispenser, at Defendant's location at 2843 Hyperion Ave., Los Angeles, CA 90027.

7.  From August 1997 to January 26, 2006, worked six (6) days a week, Monday through Saturday, from 10:00 a.m. to 6 p.m.

8.  From August 1997 to January 26, 2006, Defendant did not provide Plaintiff with the required breaks. Defendant did provide Plaintiff with lunch breaks that were approximately five (5) minutes in duration.

9.  Plaintiff was employed as a lab technician and optical dispenser by Defendant, and in such capacity, performed duties that made him a non-exempt employee who is entitled to the benefits and protections of the *Labor Code* of California, and to the existing and applicable Industrial and Welfare Commission Order 7-2001 (Title 8, California Code of Regulations, §§11000, 11070.) At no time did Plaintiff work in a capacity or perform duties that would have made him exempt from such provisions.

10. From August 1997 to January 26, 2006, Plaintiff was paid $18.75 per hour. He was paid weekly by check, without deductions, or by cash.

## FIRST CAUSE OF ACTION

(Unlawful Non-Payment of Overtime against Defendant and DOES 1 through 10, Inclusive)

11. Plaintiff realleges, repeats, and incorporates by reference each and every allegation set forth herein in paragraphs 1 through 10 of this Complaint, as though fully set forth herein.

12. At all times herein mentioned, Defendant was subject to the *Labor Code* of the State of California and applicable regulations which state that an employee such

-3-

1    as Plaintiff shall not be employed more than eight hours in any workday or more

2    than forty hours per week, unless the employee receives one and one-half (1 ½)

3    times such employee's regular rate of pay for all hours worked over 40 hours in

4    a workweek.

5    13.   From August 1997 to January 26, 2006, Plaintiff worked more than 40 hours per

6          workweek.

7    14.   For this violation, seeks an award of statutory and actual damages and fees, not

8          yet calculated.

9

10                              SECOND CAUSE OF ACTION

11   (FAILURE TO PROVIDE MEAL PERIODS and DOES 1 through 10, Inclusive)

12   20.   Plaintiff realleges, repeats, and incorporates by reference each and every

13         allegation set forth herein in paragraphs 1 through 13 of this Complaint, as

14         though fully set forth herein.

15   21.   *Labor Code* section 512 and other applicable codes and regulations prohibit

16         Defendant from employing Plaintiff for more than five (5) hours per day

17         without providing Plaintiff with a meal period of no less than thirty (30)

18         minutes.

19   22.   From August 1997 to January 26, 2006, Defendant failed to provide Plaintiff

20         with the required meal period.

21   23.   For this violation, seeks an award of statutory and actual damages and fees, not

22         yet calculated.

23

24

25

26

27

28

-4-

COMPLAINT

## THIRD CAUSE OF ACTION

(FAILURE TO PROVIDE REST PERIODS AGAINST DEFENDANT and DOES 1 through 10, Inclusive)

24. Plaintiff realleges, repeat, and incorporate by reference each and every allegation set forth herein in paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

25. The California *Labor Code* and other applicable codes and regulations prohibit Defendant from employing Plaintiff for more than four (5) hours per day without providing Plaintiff with a rest period of no less than ten (10) minutes.

26. From August 1997 to January 26, 2006, Defendant failed to provide Plaintiff with the required rest period.

27. For this violation, seeks an award of statutory and actual damages and fees, not yet calculated.

## FOURTH CAUSE OF ACTION

(FAILURE TO MAINTAIN REQUIRED RECORDS AGAINST DEFENDANT AND DOES 1 through 10, Inclusive)

28. Plaintiff realleges, repeats, and incorporates by reference each and every allegation set forth herein in paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

29. The California *Labor Code* and other applicable codes and regulations require Defendant, at the time of each payment of wages, to furnish each employee with accurate, itemized statement, in writing, showing gross wages earned, total hours worked by the employee, all net deductions, net wages earned, the inclusive date for which each employee was paid, and all applicable hourly rates in effect during the pay period.

30. From August 1997 to January 26, 2006, Defendant failed to provide Plaintiff with the required writing.

-5-

COMPLAINT

31.   For this violation, seeks an award of statutory and actual damages and fees, not yet calculated.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.   For actual, statutory, consequential and incidental damages;

**ON THE SECOND CAUSE OF ACTION:**

2.   For actual, statutory, consequential and incidental damages;

**ON THE THIRD CAUSE OF ACTION:**

3.   For actual, statutory, consequential and incidental damages;

**ON THE FOURTH CAUSE OF ACTION:**

4.   For actual, statutory, consequential and incidental damages;

**ON ALL CAUSES OF ACTION:**

5.   For pre-judgment interest;

6.   For attorneys' fees pursuant to any applicable statute or contract;

7.   For the costs of suite herein incurred; and,

8.   For such other and further relief as the Court may deem just and proper.

Date: January 25, 2007

KARLIN & KARLIN
A PROFESSIONAL LAW CORP.

By _____
MARC A. KARLIN
Attorneys for Plaintiff

–6–

COMPLAINT

1  Michael A. Gould (SBN 151851)
2  Aarin A. Zeif (SBN 247088)
   GOULD & ASSOCIATES
3  A Professional Law Corporation
   12832 Valley View Street, Suite 211
4  Garden Grove, California 92845
   Telephone: (714) 379-6240
5  Telecopier: (714) 379-6243

6  Attorneys for Plaintiff
7  Maurice Dunklin  **Case assigned
                      to Judge**

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 0 2 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
        D. Garcia

*Victor H. Person*

D-39

8
9              **SUPERIOR COURT OF CALIFORNIA**
10                **COUNTY OF LOS ANGELES**

11  MAURICE DUNKLIN,                )   CASE NO.      BC365772
                                    )
12              Plaintiff,          )   COMPLAINT FOR DAMAGES FOR:
                                    )
13  v.                              )
                                    )   1. **FAILURE TO PAY OVERTIME**
14                                  )      (*California Labor Code §§ 1194* and
                                    )      *510(a), California Code of Regulations*
15  UNITED N AND R, INC., and DOES 1)      *§11040*);
    through 25,                     )
16                                  )   2. **FAILURE TO PAY MINIMUM**
                                    )      **WAGE** (*California Labor Code §*
17              Defendants.         )      *1197*);
                                    )
18                                  )   3. **FAILURE TO PROVIDE BREAKS**
                                    )      **AND LUNCH PERIODS** (*California*
19                                  )      *Labor Code* § 226.7, 512, and *Code of*
                                    )      *Regulations* §11070);
20                                  )
                                    )   4. **FAILURE TO PAY UPON**
21                                  )      **TERMINATION OR QUITTING**
                                    )      **EMPLOYEE** (*California Labor Code*
22                                  )      §§ 201, 202, 203);
                                    )
23                                  )   5. **UNFAIR BUSINESS PRACTICES**
                                    )      (*California Business & Professions*
24                                  )      *Code* § 17200).
                                    )
25                                  )   **Unlimited Civil**
                                    )   **Demand for Jury Trial**
26
27
28
                                    1

CIVIL COURT COMPLAINT FOR DAMAGES

Plaintiff Maurice Dunklin (hereinafter referred to as "DUNKLIN") alleges as follows:

## GENERAL ALLEGATIONS

1. Dunklin is, at all times mentioned, an individual residing in the City of Paramount, County of Los Angeles, State of California.

2. Dunklin is informed and believes, and thereon alleges, that Defendant United N and R, Inc. (hereinafter referred to as "United") is a California Corporation with a principal place of business in the City of South Gate, County of Los Angeles, State of California.

3. Dunklin is unaware of the true names and capacities of defendants sued herein as Does 1 through 25, inclusive, and therefore sues said defendants by such fictitious names. Dunklin will amend this complaint to allege their true names and capacities when ascertained. Dunklin is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct.

4. Dunklin is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5. Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

## FIRST CAUSE OF ACTION
### Failure to Pay Overtime Wages
(Violation of *California Labor Code* §§ 1194 and 510(a),
*California Code of Regulations* § 11040)

6. Dunklin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 5, inclusive, as though fully set forth herein.

7. Dunklin is informed and believes and thereon alleges that Dunklin was employed at the car wash located at 3900 Firestone Blvd., South Gate, Ca 90280 (herein after referred to as the "South Gate Car Wash") for approximately twenty (20) years.

8. Dunklin is informed and believes and thereon alleges that *California Labor Code*

2

1    § 2066 was in full force and effect and binding on United at all times mentioned in this

2    Complaint. Said section holds successor employers engaged in car washing liable for unpaid

3    wages and penalties of the predecessor employer.

4         9.    Dunklin is informed and believes and thereon alleges that Defendant United is

5    engaged in car washing at the same location as Dunklin's previous employer (hereinafter referred

6    to as the "predecessor employer").

7         10.    Dunklin is informed and believes, and thereon alleges, that at all times relevant to

8    his employment at the South Gate Car Wash *California Labor Code* §§ 510(a), 1194, and the

9    *IWC Wage Orders* (*Code of Regulations* § 11040) were in full force and effect and binding upon

10    predecessor employer and United. These statutes and wage orders required successor employer

11    and United to pay Dunklin one-and-one-half times his regular rate of pay for each hour of work

12    performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek.

13         11.    Dunklin is informed and believes, and thereon alleges, that during the course of

14    his employment, he often worked in excess of eight (8) hours in one workday and/or forty (40)

15    hours in one workweek and was not paid at a rate of one and one-half times his regular rate of

16    pay.

17         12.    Dunklin is informed and believes, and thereon alleges, that despite the

18    requirements of *California Labor Code* §§ 510(a), 1194 and the *IWC Wage Orders*, predecessor

19    employer and United failed and refused to pay the required overtime wage premiums for

20    overtime worked.

21         13.    As a result of the unlawful acts of predecessor employer and United, Dunklin is

22    entitled to recover from United unpaid overtime wages in the amount to be proven at trial,

23    prejudgment interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

24    //

25    //

26    //

27    //

28    //

3

## SECOND CAUSE OF ACTION
### For Failure to Pay Minimum Wage
#### (Violation of *California Labor Code* § 1197)

14.     Dunklin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 13, inclusive, as though fully set forth herein.

15.     Dunklin is informed and believes and thereon alleges that Dunklin was employed at the South Gate Car Wash for approximately twenty (20) years.

16.     Dunklin is informed and believes and thereon alleges that *California Labor Code* § 2066 was in full force and effect and binding on United at all times mentioned in this Complaint. Said section holds successor employers engaged in car washing liable for unpaid wages and penalties of the predecessor employer.

17.     Dunklin is informed and believes and thereon alleges that Defendant United is engaged in car washing at the same location as Dunklin's predecessor employer.

18.     Dunklin is informed and believes, and thereon alleges, that the *IWC Wage Orders* and *California Labor Code* § 1197 were in full force and effect and binding on United and predecessor employer. Said sections make it unlawful for an employer to pay an employee less than the minimum wage set by the *Industrial Welfare Commission*.

19.     Dunklin is informed and believes and thereon alleges that he failed to receive the minimum wage set by the Industrial Welfare Commission at all times that he was employed by predecessor employer and United.

20.     Dunklin is therefore entitled to recover from United the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.2.

## THIRD CAUSE OF ACTION
### Failure to Provide Meal and Rest Periods
#### (Violation of *California Labor Code* § 226.7 and 512)

21.     Dunklin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     Dunklin is informed and believes and thereon alleges that Dunklin was employed

4

at the South Gate Car Wash for approximately twenty (20) years.

23. Dunklin is informed and believes and thereon alleges that *California Labor Code* § 2066 was in full force and effect and binding on United at all times mentioned in this Complaint. Said section holds successor employers engaged in car washing liable for unpaid wages and penalties of the predecessor employer.

24. Dunklin is informed and believes and thereon alleges that Defendant United is engaged in car washing at the same location as Dunklin's predecessor employer.

25. Dunklin is informed and believes, and thereon alleges that *California Labor Code* § 226.7 was in full force and effect and binding on United and predecessor employer during all times mentioned in this Complaint. Said section requires employers to comply with all *Industrial Welfare Commission Wage Orders* governing meal and rest periods.

26. Dunklin is informed and believes, and thereon alleges, that the *IWC Wage Orders* were in full force and effect and govern when employers, including Defendant United and predecessor employer, must give employee breaks for meal and rest periods. *The Wage Orders* state in pertinent part that employers must provide at least thirty minutes of meal periods for every eight hours of work and another thirty-minute period if the work period is ten hours or more. Furthermore, *the IWC Wage Orders* state in pertinent part that employees must be given at least a ten minute rest period for every four (4) hours or major fraction thereof.

27. Dunklin worked for predecessor employer and Defendant and was often required to work through his meal break and rest periods to perform and complete his tasks. Dunklin was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512.

28. Dunklin is informed and believes, and thereon alleges, that *The Wage Orders* and the *California Labor Code* mandate that United must pay Dunklin one hour of pay at Dunklin's regular rate of pay for every missed meal and rest period. Dunklin is thereby entitled to these damages in an amount to be proven at trial.

//

//

5

**FOURTH CAUSE OF ACTION**
Failure to Pay Terminated or Quitting Employee
(Violation of *California Labor Code* §§ 201, 202, and 203)

29.    Dunklin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.    Dunklin is informed and believes and thereon alleges that Dunklin was employed at the South Gate Car Wash for approximately twenty (20) years.

31.    Dunklin is informed and believes and thereon alleges that *California Labor Code* § 2066 was in full force and effect and binding on United at all times mentioned in this Complaint. Said section holds successor employers engaged in car washing liable for unpaid wages and penalties of the predecessor employer.

32.    Dunklin is informed and believes and thereon alleges that Defendant United is engaged in car washing at the same location as Dunklin's predecessor employer.

33.    At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on United and predecessor employer. Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

34.    Dunklin is informed and believes, and thereon alleges, that United and predecessor employer refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge.

35.    As a result of United's and predecessor employer's violation of *California Labor Code* §§ 201, 202 and 203, Plaintiff is entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, " the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

//

//

//

//

6

## FIFTH CAUSE OF ACTION
### Unfair Business Practices
(Violation of *California Business and Professions Code* § 17200 *et. seq.*)

36.    Dunklin re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, inclusive, as though fully set forth herein.

37.    Dunklin is informed and believes and thereon alleges that Dunklin was employed at the South Gate Car Wash for approximately twenty (20) years.

38.    Dunklin is informed and believes and thereon alleges that *California Labor Code* § 2066 was in full force and effect and binding on United at all times mentioned in this Complaint. Said section holds successor employers engaged in car washing liable for unpaid wages and penalties of the predecessor employer.

39.    Dunklin is informed and believes and thereon alleges that Defendant United is engaged in car washing at the same location as Dunklin's predecessor employer.

40.    At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* were in full force and effect and binding upon United and predecessor employer. Said sections prohibit United and predecessor employer from engaging in unfair practices including, but not limited to, failing to pay proper overtime wages, failing to provide proper meal and rest periods, and failure to pay minimum wages.

41.    Dunklin is informed and believes, and thereon alleges, that United and predecessor employer engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay proper overtime wages to Dunklin, failing to provide proper meal and rest periods to Dunklin, and failure to pay all minimum wages.

42.    As a direct result of the actions of United and predecessor employer as alleged above, Dunklin is entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

//

//

//

7

## PRAYER FOR RELIEF

WHEREFORE, Dunklin prays for judgment against the Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. Judgment against Defendants for all unpaid overtime wage damages owed to Plaintiff according to proof;

2. Judgment against Defendants for all penalties provided in *California Labor Code* § 558;

3. Judgment against Defendants for pre-judgment interest, according to proof;

4. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

5. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

### ON THE SECOND CAUSE OF ACTION

6. Judgment against Defendants for all wage damages owed to Plaintiff according to proof;

7. Judgment against Defendants for all penalties provided in *California Labor Code* § 558;

8. Judgment against Defendants for pre-judgment interest, according to proof;

9. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

10. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

### ON THE THIRD CAUSE OF ACTION

11. Judgment against Defendants for all damages pursuant to *California Labor Code* § 226.7;

12. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

13. For interest on all wages owed;

8

14. For all reasonable attorneys fees and costs recoverable by law;

## ON THE FOURTH CAUSE OF ACTION

15. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

## ON THE FIFTH CAUSE OF ACTION

16. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

## ALL CAUSES OF ACTION

17. Judgment against Defendants for reasonable attorney's fees according to proof;

18. Judgment against Defendants for pre-judgment interests;

19. Judgment against Defendants for costs of suit incurred herein; and

20. Judgment against Defendants for such further relief as the court deems just and proper.

Dated: February 1, 2007

Aaron A. Zeif
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Maurice Dunklin

9

1  Vatche' Chorbajian (Bar No. 134271)
   LAW OFFICES OF VATCHE' CHORBAJIAN
2  12707 High Bluff Drive, Suite 100
   San Diego, CA 92130-2036
3  Telephone:  (858) 259-5577
   Facsimile:  (858) 923-2124
4
   Sahag Majarian II (Bar No. 146621)
5  LAW OFFICES OF SAHAG MAJARIAN
   18250 Ventura Boulevard
6  Tarzana, California 91356
   Telephone: 818.609.0807
7  Facsimile: 818.609.0892

8

9  Attorneys for Plaintiff,
   Javier Martinez
10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12               FOR THE COUNTY OF LOS ANGELES

13                    CENTRAL DISTRICT

14

15  Javier Martinez,                  )  Case No.:    BC365885
                                      )
16        Plaintiff,                  )
                                      )  COMPLAINT
17     vs.                            )
                                      )  1.   VIOLATION OF LABOR CODE §§
18                                    )  510, 512, FAILURE TO PAY
    Choice Fashion and Does 1         )  OVERTIME;
19  through 100,                      )
                                      )  2.   VIOLATION OF LABOR CODE §
20  inclusive ,                       )  226.7 (b) FAILURE TO PROVIDE A
                                      )  SECOND MEAL PERIOD;
21                                    )
                                      )  3.    FAILURE TO PROPERLY
22        Defendants.                 )  COMPENSATE - FRAUD;
                                      )
23                                    )  4. VIOLATION OF LABOR CODE §§
                                      )  203, 218.5 AND 218.6; and
24  ─────────────────────────────────)
                                         5.   UNFAIR BUSINESS PRACTICES
25                                       IN VIOLATION OF Bus. & Prof.
                                         Code Section 17200.
26

27

28

         Plaintiff, Javier Martinez alleges follows:

         COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

─────────────────────────────────────────────────────────
                         COMPLAINT
                            1

1. Plaintiff, JAVIER MARTINEZ, is a resident of Los Angeles County, State of California.

2. Defendant, Choice Fashion is and was at all relevant times is a business entity form unknown, doing business in city Los Angeles, County of Los Angeles State of California.

3. The true names and capacities, whether, individual, corporate, associate or otherwise of Defendants DOES 1 to 100, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend his complaint to show all true names and capacities of all DOE defendant when the same have been fully ascertained.

4 Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and thereby legally and substantially caused injury and damage to Plaintiff as hereinafter alleged.

5. Plaintiff is informed and believes and thereon alleges that each of the defendants was the agent, employee, assistant, and consultant of one another; and in doing the things hereinafter alleged, each defendant was acting in the course and scope of such agency and employment; and that each defendant, when acting as a principal, was negligent in the selection and hiring of every other defendant as an agent, employee, assistant or consultant; and that at all relevant times, each defendant permitted, consent to, ratified and approved the acts, omissions and representations of each and every remaining co-defendant. Defendants are vicariously liable for the acts of each other under the doctrine of Respondent Superior.

## JURISDICTION AND VENUE ALLEGATIONS

6.    This action is properly filed in the Superior Court for the County of Los Angeles, State of California, because the acts complained of herein occurred therein, and Plaintiff was damaged in an amount exceeding the jurisdictional minimum of this Court.

7.    This action arises under the California Labor Code Sections 510, 512, 226.7, and 203.

8.    At all times relevant, Defendants Choice Fashion, is and was the employer of Plaintiff.

## FACTUAL ALLEGATIONS

9.    Plaintiff is an adult person and was hired by defendants 2001 and worked for 5 years continuously for Defendants, as a cutter, up to the time he was discharged on March 15, 2006.

10.   While employed by Defendants, Plaintiff worked over 8 hours per day and was not paid overtime for over 8 hours in a day in violation of Labor Code Section 510-511.

11.   While employed by Defendants, Plaintiff was compensated at the rate of $320.00 a week for performing the job of a cutter. Plaintiff was not correctly compensated as his hours worked were consistently over 8 hours. Moreover, Defendants miscalculated Plaintiff's hours so as to not pay overtime.

12.   While employed by Defendants, Plaintiff was not provided meal breaks and rest periods in violation of Labor Code Sections 512 and 226.7.

13.   While employed by Defendants, Plaintiff was not paid wages within the time required as outlined in Labor Code Section 203.

14.       While employed by Defendants, Plaintiff is also
eligible to seek a combination of penalties against Defendants
under Labor Code Sections 201, 203, 204, 223, 226, 226.7, 510,
511, 558, 1174, 1194, 2802, 6310, 1720, 1773-1777 et seq., 1810
and 2810.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME

(Plaintiff against all Defendants and DOES 1-100)

15.   Plaintiff incorporates all prior and subsequent pleading
allegations in this Complaint.

16.   While employed by Defendants, Plaintiff worked over 8 hours
per day and was not paid overtime for over 8 hours in a day in
violation of Labor Code Section 510-511. In particular, during
his employment, Plaintiff worked approximately 60 hours a week,
but received no overtime compensation. For period commencing
March 15, 2001 to March 15, 2006, Plaintiff worked approximately
6240 overtime hours and thus has lost approximately the amount
of $33,280.00.

17.   Defendants above described unlawful conduct are in
violation of Labor Code Sections 510-511.

18.   As a legal and substantial result of the above described
conduct, Plaintiff lost income in amounts presently unknown, to
be proved at trial or when ascertained, and in a sum within the
jurisdiction of this Court.

19.   Plaintiff is also eligible to seek a combination of
penalties against Defendants under Labor Code Sections 201, 203,
204, 223, 226, 226.7, 510, 511, 558, 1174, 1194, 2802, 6310,
1720, 1773-1777 et seq., 1810 and 2810.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS AND REST PERIODS

(Plaintiff against all Defendants and DOES 1-100)

20.   Plaintiff incorporates all prior and subsequent pleading allegations in this Complaint.

21.   While employed by Defendants, Plaintiff was not provided meal breaks and rest periods in violation of Labor Code Sections 512 and 226.7. Labor Code section 226.7 provides, in pertinent part, as follows: "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." Industrial Welfare Commission Order No.10 entitles Plaintiff a minimum of 30 minute meal break period for each work period which exceeds five (5) hours. In addition, it provides Plaintiff a minimum of ten (10) minute rest period for every four (4) hours work period.

22.   The shifts worked by Plaintiff exceeded five (5) hours. In violation of Labor Code Sections 226.7 Defendants did not provide Plaintiff with the required meal and rest periods.

23.   As a legal and substantial result of the above described conduct, Plaintiff is entitled to one additional hour of pay for each work day a meal period was not provided pursuant to Labor Code Section 226.7(b); one additional hour of pay for each work day a rest period was not provided pursuant to Labor Code Section 226.7(b); reasonable attorneys fees pursuant to Labor Code Section 218.5; costs incurred pursuant to Labor Code Section 1194(a) and 218.5, and interest pursuant to Labor Code Section 218.6. There is now due and owing Plaintiff damages in an amount presently unknown, to be proved at trial or when ascertained, and in a sum within the jurisdiction of this Court.

## THREE CAUSE OF ACTION

## FAILURE TO MAINTAIN RECORDS OR TO PROPERLY COMPENSATE - FRAUD

(Plaintiff against all Defendants and DOES 1-100)

24.  Plaintiff incorporates all prior and subsequent pleading allegations in this Complaint.

25.  While employed by Defendants, Plaintiff was not correctly compensated as his hours worked were consistently miscalculated or manually changed. Labor Code Section 1174(d) requires Defendants to do the following:

Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission but in any case shall be kept on file for not less than two years.

26.  In violation of Labor Code section 1174(d), Defendants failed to keep the payroll records of Plaintiff, and or intentionally manipulated those records because Plaintiff regularly worked over 10 hours per day on a regular basis, yet Plaintiff was only compensated for 8 hours of pay. This fraud pattern continued on a weekly basis through Plaintiff's employment with Defendant.

27.  As a legal and substantial result of the above described conduct, Plaintiff is entitled to a civil penalty of $250.00 for each initial violation pursuant to Civil Code Section 226.3; a civil penalty of $1000 for each subsequent violation pursuant to Civil Code Section 226.3; a $1000 fine pursuant to Labor Code

1  Section 226.6 provided Defendants are convicted of a
2  misdemeanor; and reasonable attorneys fees pursuant to Labor
3  Code Section 218.5; costs incurred pursuant to Labor Code
4  Section 1194(a) and 218.5, and interest pursuant to Labor Code
5  Section 218.6. There is now due and owing Plaintiff damages in
6  an amount presently unknown, to be proved at trial or when
7  ascertained, and in a sum within the jurisdiction of this Court.
8
9                    FOURTH CAUSE OF ACTION
10                  FAILURE TO TIMELY PAY WAGES
11          (Plaintiff against all Defendants and DOES 1-100)
12  28.  Plaintiff incorporates all prior and subsequent pleading
13  allegations in this Complaint.
14  29.  While employed by Defendants, Plaintiff was not paid wages,
15  vacation time or other benefits upon discharge within the time
16  required as outlined in Labor Code Section 203. Labor Code
17  Section 203 provides "If an employer willfully fails to pay,
18  without abatement or reduction, in accordance with Sections 201,
19  201.5, 202 and 205.5, any wages of an employee who is discharged
20  or who quits, the wages of the employee shall continue as a
21  penalty from the due date thereof at the same rate until paid or
22  until an action therefore is commenced; but the wages shall not
23  continue for more than 30 days."
24  30.  As a legal and substantial result of the above described
25  conduct, Plaintiff is entitled to wages at the same rate for a
26  maximum of 30 days; reasonable attorney fees pursuant to Labor
27  Code Section 218.5; costs incurred pursuant to Labor Code
28  Section 1194(a) and 218.5, and interest pursuant to Labor Code
    Section 218.6. There is now due and owing Plaintiff damages in

1  an amount presently unknown, to be proved at trial or when

2  ascertained, and in a sum within the jurisdiction of this Court.

3

4                          FIFTH CAUSE OF ACTION

5                        UNFAIR BUSINESS PRACTICES

6          (Plaintiff against all Defendants and DOES 1-100)

7  31.  Plaintiff incorporates all prior and subsequent pleading

8  allegations in this Complaint.

9  32.  Upon information and belief, Plaintiff alleges that while

10 he was employed by Defendants, each of them engaged in unfair,

11 deceptive, unlawful, unfair and/or fraudulent business acts and

12 practices by failing to pay Plaintiff, and others, the correct

13 hourly rate, plus overtime, failure to keep adequate records,

14 manipulation of payroll records, failure to provide payroll

15 records all in violation of Business and Professions Code,

16 section 17200, all to Defendants' benefit and Plaintiff's

17 detriment.

18 33.  As a direct and proximate result of these violations,

19 Defendants received and continue to receive ill gotten gains

20 which rightfully belong to Plaintiff.

21 34.  As a legal and substantial result of the above described

22 conduct, Plaintiff is entitled to restitution pursuant to

23 Business and Professions Code Section 17203; an appointment of

24 receiver pursuant to Business and Professions Section 17203;

25 reasonable attorney fees pursuant to Labor Code Section 218.5;

26 costs incurred pursuant to Labor Code Section 1194(a) and 218.5,

27 and interest pursuant to Labor Code Section 218.6. There is now

28 due and owing Plaintiff damages in an amount presently unknown,

   to be proved at trial or when ascertained, and in a sum within

   the jurisdiction of this Court.

1

2 WHEREFORE, Plaintiff prays for judgment as follows:

3 1.    For damages according to proof, including overtime pay,

4 deferred compensation and other employment benefits;

5 2.    For an accounting of all wages due and owing as well as

6 penalties;

7 3.    For reasonable attorney's fees;

8 4.    For prejudgment interest on all sums awarded;

9 5.    For costs of suit incurred herein; and

10 6.    For such other relief as the Court deems proper.

11

12 DATED:    January *30*, 2007 LAW OFFICES OF VATCHE' CHORBAJIAN

13

14

15                    VATCHE' CHORBAJIAN, Attorney for

16 Plaintiff
                      Javier Martinez
17

18

19

20

21

22                    SAHAG MAJARIAAN II, Attorney for

23 Plaintiff
                      Javier Martinez
24

25

26

27

28

1  Marc J. Appell, SBN 156665
   **LAW OFFICES OF MARC APPELL**
2  5850 Canoga Avenue, Fourth Floor
   Woodland Hills, CA 91367
3  TELEPHONE: (818) 710-7177
   FACSIMILE: (818) 710-7179
4

**FILED**
LOS ANGELES SUPERIOR COURT
FEB 06 2007
John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

5  Attorneys for Plaintiff GAYLE WOLFF

6  Case assigned *MAUREEN DUFFY-LEWIS*
   to Judge

7  SUPERIOR COURT OF THE STATE OF CALIFORNIA-UNLIMITED JURISDICTION

8  IN AND FOR THE COUNTY OF LOS ANGELES-CENTRAL DISTRICT   *D-38*

9

10  GAYLE WOLFF, an individual,           )   CASE NO.:      BC365965
                                          )
11           Plaintiffs,                  )   **COMPLAINT FOR DAMAGES; DEMAND**
                                          )   **FOR JURY TRIAL**
12      vs.                               )
                                          )   1.  Unpaid Wages
13  BANG PHAN, an individual, PHAN        )   2.  Failure to Pay Overtime Compensation
    DENTAL CORPORATION., a California     )   3.  Failure to Pay Meal and Rest
14  corporation, and DOES 1 through 100,  )       Compensation
    inclusive,                            )   4.  Conversion
15                                        )   5.  Waiting Time Penalties
             Defendants.                  )   6.  Unfair Business Practices
16                                        )   7.  Failure to Furnish Wage and Hour
    _____ )       Statements
17                                            8.  Failure to Maintain Payroll Records

18

19       PLAINTIFF GAYLE WOLFF HEREBY ALLEGES THE FOLLOWING:

20                                  **I.**

21                        **GENERAL ALLEGATIONS**

22       1.    At all times mentioned herein, Plaintiff  GAYLE WOLFF (hereinafter "Plaintiff") an

23  individual who was and is a resident of the State of California, County of Los Angeles.

24       2.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant

25  herein, defendant BANG PHAN (hereinafter "PHAN") is an individual who was and is a resident of the

26  State of California, County of Los Angeles.

27       3.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant

28  herein, defendant PHAN DENTAL CORPORATION (hereinafter "DENTAL CORP") was and is a

                                          1

1    corporation organized and existing under the laws of the State of California, and operating in the County
2    of Los Angeles.

3        4.    Plaintiff is informed and believes and based thereon alleges, that at all times relevant herein,
4    defendants and each of them, were, and are, owned, operated, and controlled by the same individual(s) and
5    or entity or entities, so that they enjoyed the same unity of interest and any corporate individuality among
6    them ceased. Plaintiff is further informed and believes and based thereon alleges that if judgment should
7    be had against one defendant then it would be appropriate to find against all defendants; otherwise,
8    injustice would result.

9        5.    The true names and capacities, whether individual, corporate, associate, partnership,
10   governmental or otherwise, of DOES 1 through 100, inclusive, are unknown to the plaintiff, who therefore
11   sues said defendants by such fictitious names pursuant to Code of Civil Procedure §474. When the true
12   names and capacities of said defendants are ascertained, plaintiff will seek to amend this Complaint
13   accordingly.

14       6.    Plaintiff is informed and believes and thereon alleges that each and every defendant
15   designated herein, including all DOE defendants, was negligently, wrongfully, carelessly, unlawfully,
16   tortuously, or in some other actionable manner, responsible for the events and happenings herein referred
17   to, and that their negligent and/or otherwise tortuous and wrongful acts and/or omissions proximately
18   caused, or were a substantial factor in causing, the injuries and damages to plaintiff as are herein alleges.

19       7.    Plaintiff is informed and believes and thereon alleges that at all relevant times herein, each
20   of the defendants was an agent, employee, joint venturer, partner, alter ego, and/or legal representative of
21   each of the remaining defendants, and that all times mentioned herein, the defendants were acting within
22   the time and within the authority, course and scope of said agency, employment, joint venture, partnership,
23   or as an alter ego and with the full knowledge, ratification, permission and consent of the remaining co-
24   defendants, and each of them.

25       8.    In approximately late October or early November, 2006, plaintiff was hired by defendants
26   as an office administrator. During her employment, plaintiff did not supervise employees, her arrival and
27   leave times were set by defendants, her tasks were assigned by defendants, and defendants provided all
28   equipment and supplies that plaintiff used during her employment.

1    9.    Plaintiff ceased working for defendants in early December, 2006. Plaintiff is informed and

2  believes and thereon alleges that she was earning $5,000 per month at the time her employment ended.

3    10.    Plaintiff is informed and believes and based thereon alleges that defendants routinely

4  required plaintiff during the time of her employment, to work more than eight (8) hours per day, more than

5  twelve (12) hours per day, and more than forty (40) hours per workweek. Defendant also routinely

6  required Plaintiff to work seven (7) straight days in a work week.

7    11.    Defendants failed and refused to pay plaintiff overtime compensation for these overtime

8  hours worked.

9    12    Plaintiff is further informed and believes and based thereon alleges that during the time of

10  plaintiff's employ, defendants routinely failed to provide plaintiff with rest breaks during work shifts in

11  excess of four (4) hours, and routinely required plaintiff to work more than five hours without giving

12  Plaintiff at least a thirty (30) minute meal break. Furthermore, defendants routinely failed to compensate

13  plaintiff for these missed rest breaks and meal breaks.

14    13.    Plaintiff is further informed and believes and based thereon alleges that defendants

15  converted plaintiff's earned wages and other compensation due to her to their own use and benefit,

16  depriving plaintiff of the fruits of her labor.

17    14.    Based on the foregoing, defendants engaged in various acts of unfair competition, as defined

18  in California's Unfair Competition Law, California *Business and Professions Code Section 17200, et seq.*

19                                              **II.**

20                                **FIRST CAUSE OF ACTION**

21                                      **(Unpaid Wages)**

22    15.    Plaintiff realleges and incorporates by reference each and every allegation contained in

23  paragraphs 1 through 14, as though fully set forth herein.

24    16.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant

25  herein, defendants failed to pay plaintiff for all the time that plaintiff worked, including overtime, and

26  missed meal and rest breaks.

27  ///

28

                                              3

1    17.    Defendants' conduct described herein violates, inter alia, Labor Code §§ 512, 558, 1194,
2    and 1198. Therefore, pursuant to Labor Code §§ 218.5, 512, 558, and 1194, Plaintiff is entitled to recover
3    damages for the nonpayment of wages for all hours worked, penalties, reasonable attorney's fees and costs
4    of suit.

5    18.    As a direct and proximate result of the conduct of defendants, and each of them, plaintiff
6    has been damaged in an amount to be proven at trial, but in excess of the jurisdictional minimum of this
7    court.

8    ## III.

9    ### SECOND CAUSE OF ACTION

10    #### (Failure to Pay Overtime Compensation)

11    19.    Plaintiff realleges and incorporates by reference each and every allegation contained in
12    paragraphs 1 through 18, as though fully set forth herein.

13    20.    Plaintiff is informed and believes and based thereon alleges that defendant routinely
14    required plaintiff during the time of plaintiff's employment, to work more than eight (8) hours per day,
15    more than twelve (12) hours per day, and more than forty (40) hours per workweek.

16    21.    At all times relevant herein, plaintiff routinely spent less than Fifty Percent (50%) of her
17    working hours performing work which was primarily intellectual, managerial or creative, or which required
18    the regular and customary exercise of discretion and independent judgment with respect to matters of
19    significance on more than an occasional basis, making plaintiff a non-exempt employee entitled to the
20    protections of Industrial Welfare Commission Orders, California Code of Regulations, Title 8, § 11010
21    et seq.

22    22.    Pursuant to Industrial Welfare Commission Orders, California Code of Regulations, Title
23    8, § 11010 et seq., for the three years preceding the filing of this lawsuit, defendants were required to
24    compensate plaintiffs for all overtime, which is calculated at one and one-half (1½) times the regular rate
25    of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2)
26    times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

27    23.    Plaintiff is further informed and believes, and based thereon alleges, that during the course
28    of plaintiff's employment, defendants, and each of them, failed to compensate plaintiff for overtime hours

4
COMPLAINT FOR DAMAGES

1 | worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for

2 | hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor

3 | regulations.

4 |     24.    As a direct and proximate result of the conduct of defendants, and each of them, plaintiff

5 | has been damaged in an amount to be proven at trial, but in excess of the jurisdictional minimum of this

6 | court.

7 |     25.    Plaintiff is further informed and believes, and based thereon alleges, that at all times

8 | relevant herein defendants' conduct violated, inter alia, Labor Code §§ 512, 558, 1194, and 1198.

9 | Therefore plaintiff is entitled to recover the unpaid balance of wages owed, penalties, interest, and

10 | reasonable attorney's fees and costs of suit.

11 |     26.    Plaintiff has been deprived of this rightfully earned overtime compensation as a direct and

12 | proximate result of defendants' failure and refusal to pay compensation. Plaintiff is entitled to recover

13 | such amounts, plus interest thereon, attorneys fees and costs, pursuant to Labor Code §1194.

14 |     27.    As a direct and proximate result of the conduct of defendants described herein, plaintiff has

15 | been damaged in an amount to be proven at trial.

16 | **IV.**

17 | **THIRD CAUSE OF ACTION**

18 | **(Failure to Pay Meal and Rest Compensation)**

19 |     28.    Plaintiff realleges and incorporates by reference each and every allegation contained in

20 | paragraphs 1 through 27, as though fully set forth herein.

21 |     29.    Plaintiff is informed and believes and based thereon alleges that during the time of

22 | plaintiff's employ, defendants routinely failed to provide plaintiff with rest breaks during work shifts in

23 | excess of four (4) hours, and routinely required plaintiff to work more than five hours without being given

24 | at least a thirty (30) minute meal break. Furthermore, defendants routinely failed to compensate plaintiff

25 | for these missed rest breaks and meal breaks.

26 |     30.    Plaintiff has been deprived of this rightfully earned compensation for meal and rest periods

27 | as a direct and proximate result of defendants' failure and refusal to pay compensation. Plaintiff is entitled

28 | to recover such amounts, plus interest thereon, attorneys fees and costs, pursuant to Labor Code §226.7.

31.    As a direct and proximate result of the conduct of defendants described herein, plaintiff has been damaged in an amount to be proven at trial.

## V.

## FOURTH CAUSE OF ACTION

### (Conversion)

32.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31, as though fully set forth herein.

33.    As described herein, defendants wrongfully withheld earned wages from plaintiff and failed to pay wages and other compensation which was due for overtime hours worked, for meal and rest breaks, and as otherwise required pursuant to employment laws of the State of California.

34.    At all relevant times herein, defendants had and continue to have a legal obligation imposed by statute to pay plaintiff all earned wages and other compensation due.  Such wages and compensation belonged to plaintiff at the time the labor and services were provided to defendants, and accordingly such wages and compensation are the property of plaintiff.

35.    As a direct and proximate result of the conduct of defendants, plaintiff has been damaged in an amount to be proven at trial.

## VI.

## FIFTH CAUSE OF ACTION

### (Waiting Time Penalties)

36.    Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, as though fully set forth herein.

37.    At all times relevant herein, defendants failed to pay plaintiff accrued wages and other compensation due immediately upon termination or within seventy-two (72) hours of resignation, as required by law.

38.    Plaintiff has been deprived of this rightfully earned compensation as a direct and proximate result of defendants' failure and refusal to pay compensation. Plaintiff is entitled to recover such amounts as additional wages and/or penalties, plus interest thereon, attorneys fees and costs, pursuant to Labor Code §203.

COMPLAINT FOR DAMAGES

1    39.    As a direct and proximate result of the conduct of defendants described herein, plaintiff has

2    been damaged in an amount to be proven at trial.

3                                                VII.

4                                SIXTH CAUSE OF ACTION

5                                    (Unfair Competition)

6    40.    Plaintiff realleges and incorporates by reference each and every allegation contained in

7    paragraphs 1 through 39, as though fully set forth herein.

8    41.    The Unfair Competition Act (Business & Professions Code §17200) prohibits acts of

9    "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair,

10   deceptive, untrue or misleading advertising."

11   42.    Defendants, and each of them, have committed acts of unfair competition by failing to

12   compensate plaintiff for all hours worked, failing to compensate for overtime, failing to compensate for

13   missed meal and rest periods, converting plaintiff's wages, and failing to pay waiting time penalties.

14   43.    Plaintiff is informed and believes, and thereon alleges, that such practices of defendants,

15   and each of them, are continuing in nature and are widespread practices engaged in by said defendants.

16   44.    As a result of defendants' unfair business practices, defendants have reaped unfair profits

17   and benefits and illegal profits at plaintiff's expense. Defendants should be made to disgorge their ill-

18   gotten gains and restore such monies to plaintiff.

19   45.    Furthermore, on behalf of herself and the general public, plaintiff requests that an injunction

20   against defendants, and each of them, issue to enjoin them from continuing in the behavior described

21   herein.

22   46.    As a direct and proximate result of the conduct of defendants described herein, plaintiff has

23   been damaged in an amount to be proven at trial.

24   47.    Plaintiff further requests an award of attorney's fees upon prevailing in this request for

25   injunctive relief, for costs of suit, and other and further relief, as the Court deems appropriate.

26   ///

27   ///

28   ///

1

**VIII.**

2

**SEVENTH CAUSE OF ACTION**

3

**(Failure to Furnish Wage and Hour Statements)**

4   48.   Plaintiff realleges and incorporates by reference each and every allegation contained in

5   paragraphs 1 through 47, as though fully set forth herein.

6   49.   At all times relevant herein, Defendants failed to provide Plaintiff with timely and accurate

7   wage and hour statements showing gross wages earned, total hours worked, all deductions made, net wages

8   earned, name and address of the legal entity employing him, all applicable hourly rates in effect during

9   each pay period, and the corresponding number of hours worked at each hourly rate by her.

10   50.   Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties

11   pursuant to California *Labor Code* sections 226, 226.3, 558, and other applicable provisions of the

12   Employment Laws and Regulations.

13

**IX.**

14

**EIGHTH CAUSE OF ACTION**

15

**(Failure to Maintain Payroll Records)**

16   51.   Plaintiff realleges and incorporates by reference each and every allegation contained in

17   paragraphs 1 through 50, as though fully set forth herein.

18   52.   At all times relevant herein, Defendants failed to maintain complete and accurate payroll

19   records for Plaintiff, showing gross wages earned, total hours worked, all deductions made, net wages

20   earned, the name and address of the legal entity employing Plaintiff, all applicable hourly rates in effect

21   during each pay period, and the corresponding number of hours worked at each hourly rate by her.

22   53.   Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties

23   pursuant to California *Labor Code* sections 1174.5, 558, and other applicable provisions of the

24   Employment Laws and Regulations.

25   **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

26   1.   For special damages, in an amount to be proven at trial;

27   2.   For general damages, in an amount to be proven at trial;

28

COMPLAINT FOR DAMAGES

1    3.    For an order that defendants restore to plaintiff all unpaid wages, overtime wages, and meal

2    and rest period compensation wrongfully withheld;

3    4.    For penalties and interest on the unpaid wage claims, as provided by law;

4    5.    For prejudgment interest as provided by law;

5    6.    For attorneys fees as provided by law;

6    7.    For injunctive relief, where appropriate;

7    8.    For costs of suit; and

8    9.    For such other and further relief as the Court may deem just and proper.

9    DATED:    January 31, 2007    LAW OFFICES OF MARC APPELL

10

11    By:    _____

12    Marc J. Appell
      Attorneys for Plaintiff
      GAYLE WOLFF

13

14    **DEMAND FOR JURY TRIAL**

15    Plaintiff GAYLE WOLFF hereby demands trial by jury.

16    DATED:    January 31, 2007    LAW OFFICES OF MARC APPELL

17

18    By:    _____

19    Marc J. Appell
      Attorneys for Plaintiff
      GAYLE WOLFF

20

21    MJA\Lit\Wolff\Phan\Pleadings\Complaint

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

1  KEITH F. SIMPSON, ESQ. (SBN 196014)
   LAW OFFICES OF KEITH F. SIMPSON
2  A PROFESSIONAL CORPORATION
   1230 Rosecrans Avenue, Suite 170
3  Manhattan Beach, California 90266
   Telephone: (310) 297-9090
4
   Attorney for Plaintiff FAY M. PURCELL
5

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 09 2007

JOHN A. ———, CLERK

BY RUGENA LOPEZ, DEPUTY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            IN AND FOR THE COUNTY OF LOS ANGELES B C 3 6 6 1 7 7

10  FAY M. PURCELL, an individual,                | CASE NO.
11                                                |
                                                  | Unlimited Jurisdiction
12            Plaintiffs,                          |
13        v.                                       | **COMPLAINT FOR UNPAID OVERTIME
                                                  | COMPENSATION, REST PERIOD
14                                                | PAYMENTS, WAITING TIME
                                                  | PENALITIES, AND FAILURE TO
15  NORMA C. SALCEDA, M.D., an individual;        | MAINTAIN RECORDS**
    NORMA C. SALCEDA, M.D., INC., a
16  California corporation; SAINT ANA
    WOMEN'S MEDICAL CLINIC, a business
17  entity of unknown form; INNOVATIVE
    STAFF MANAGEMENT, INC., a California
18  corporation; and DOES 1 to 100, inclusive.
19            Defendants.
20

21        Plaintiff, FAY M. PURCELL, for her complaint herein against Defendants, and

22  each of them, alleges as follows:

23                          **GENERAL ALLEGATIONS**

24        1.    At all times relevant to this action, Plaintiff, FAY M. PURCELL was an

25  individual residing and employed by Defendants herein in the County of Los Angeles,

26  State of California.

27        2.    At all times relevant to this action, Defendant NORMA C. SALCEDA, M.D.,

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
1230 ROSECRANS AVENUE STE 170
LOS ANGELES, CA 90034
TEL (310) 234-2522

COMPLAINT                                    -1-

1  was an individual residing and employer in the County of Los Angeles, State of
2  California.

3      3.    At all times relevant to this action, Defendant, NORMA C. SALCEDA,
4  M.D., INC., was a corporation duly organized under the laws of the State of California
5  and an employer and doing business in the County of Los Angeles, State of California.

6      4.    At all times relevant to this action, Defendant SAINT ANA WOMEN'S
7  MEDICAL CLINIC., was a business entity of form unknown, existing under and by virtue
8  of, the laws of the State of California and an employer and conducting business in the
9  County of Los Angeles, State of California.

10     5.    At all times relevant to this action, Defendant, INNOVATIVE STAFF
11  MANAGEMENT, INC., was a corporation duly organized under the laws of the State of
12  California and an employer and doing business in the County of Los Angeles, State of
13  California.

14     6.    The true names and capacities of the Defendants named herein as DOES 1
15  through 100, inclusive, whether individual, corporate, associate or otherwise, are
16  unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to
17  Code of Civil Procedure §474.   Plaintiff is informed and believes that such DOE
18  Defendants are California residents or doing business in California.   Plaintiff will amend
19  this Complaint to show their true names and capacities when they have been
20  determined.   Each Defendant was an agent of the other Defendants and ratified the
21  conduct of the other Defendants.

22     7.    At all times herein mentioned, each Defendant was the owner, operator,
23  employer, employee, agent, servant or in some other legal relationship with each and all
24  of the other Defendants, and in doing the things as herein alleged acted within the
25  course and scope of said legal relationship, and with the knowledge, consent, approval
26  and ratification of each and all of the other Defendants.

27     8.    Defendants and each of the remaining DOE Defendants named herein are
28  collectively referred to as "Defendants."

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3962 W. 3RALE AVENUE, STE. 210
LOS ANGELES, CA 90034
TEL (310) 204-2622

COMPLAINT                                    -2-

1    9.    Venue is proper in this action in the County of Los Angeles in that one or

2   more of the Defendants is registered to do business in the State of California, County of

3   Los Angeles, has its principal place of business in the County of Los Angeles, resides in

4   the County of Los Angeles or is doing business in the County of Los Angeles.

5   Furthermore, this Court has jurisdiction over each and every Defendant herein due to

6   the substantially similar questions of law and/or fact involved with each and every

7   Defendant herein.

8    10.    As a direct and proximate result of the unlawful employment acts of

9   Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in

10  amounts as yet unascertained, but subject to proof at trial.

11   11.    From August 16, 2005, through December 14, 2006, Plaintiff was

12  employed by Defendants in Los Angeles County at Defendants' facility.    Plaintiff was

13  paid and worked at that location and the failure to pay her properly occurred at that

14  location.

15   12.    Defendants' business is as a health care provider in obstetrics and

16  gynecology.    Throughout her employment with Defendants, Plaintiff was unlawfully and

17  wrongfully classified as a salaried employee.    Plaintiff was employed by Defendants as

18  a physician's assistant and compensated at the rate of $53.00 per hour when her

19  employment ended.

20                          **FIRST CAUSE OF ACTION**

21          **(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**
22          **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**
                                      **LABOR CODE)**

23   13.    The allegations of paragraphs 1 through 12 are realleged and incorporated

24  herein by reference. This cause of action is pled against all Defendants.

25   14.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California

26  Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment,

27  Defendants were required to compensate Plaintiff for all overtime, which is calculated at

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3502 MCNABB AVENUE, STE 212
LOS ANGELES, CA 90034
TEL (310) 224-3222

COMPLAINT                                   -3-

1   one and one-half (1½) times the regular rate of pay for hours worked in excess of eight
2   (8) in a day or forty (40) hours in a week, and two (2) time the regular rate of pay for
3   hours worked in excess of twelve (12) hours in a day or hours worked in excess of eight
4   (8) on the seventh consecutive work day in a week.

5          15.    From the beginning of her employment with Defendants, Plaintiff was
6   unlawfully and wrongfully classified as a salaried employee exempt from overtime.    The
7   true facts are that Plaintiff did not qualify for an exemption from Industrial Welfare
8   Commission Orders and was in fact entitled to the above overtime premiums.

9          16.    From the beginning of her employment to the end, Plaintiff was scheduled
10  and did work at least 48 hours per week.    During all of this time period she never paid
11  overtime compensation for the time she worked over forty (40) hours in any week.
12  Under Labor Code 515(d), when a non-exempt employee is paid a weekly salary for
13  services rendered, the overtime rate of compensation required to be paid shall be based
14  upon a regular hourly rate of 1/40th of the weekly salary.

15         17.    For each week in which Plaintiff did not receive at least one and one-half
16  times the minimum wage, Plaintiff was entitled to the above overtime premiums.
17  Defendants failed to compensate Plaintiff for any overtime premiums.

18         18.    As a proximate result of Defendants' violations, Plaintiff has been
19  damaged in an amount according to proof at time of trial.

20         19.    Pursuant to Labor Code §§218.6, 510, 1194 and California Code of
21  Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment
22  of overtime wages for all overtime hours worked, interest, plus reasonable attorney's
23  fees and costs of suit.

24

25                              **SECOND CAUSE OF ACTION**

26              **(OVERTIME PAY AND LIQUIDATED DAMAGES PURSUANT TO
                          29 U.S.C. §207 AND §216)**
27

28         20.    The allegations of paragraphs 1 through 19 are realleged and incorporated

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3707 MCNALE AVENUE, STE 245
LOS ANGELES, CA 93034
TEL (310) 234-2822

COMPLAINT                                           -4-

1   herein by reference.  This cause of action is pled against all Defendants.

2       21.    Plaintiff is informed and believes that Defendants are subject to the

3   provisions of the Fair Labor Standards Act.    Under 29 U.S.C. §207(a) and §216(b),

4   Plaintiff is entitled to overtime pay at a rate of one and one-half (1½) times the regular

5   rate of pay for hours worked in excess of forty (40) hours in a week and an equal

6   additional amount as liquidated damages plus costs and attorney's fees.

7       22.    Plaintiff worked numerous weeks in excess of forty (40) hours.

8       23.    Plaintiff was a non-exempt employee and entitled to the above overtime

9   premiums.  Defendants failed to compensate Plaintiff for any overtime premiums.

10      24.    This court has jurisdiction over this cause of action because the federal

11  statute specifically grants the employee the right to bring the action in "any Federal or

12  State court of competent jurisdiction."  29 U.S.C. §216(b).

13      25.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

14      26.    Plaintiff prays for judgment for overtime pay and liquidated damages

15  according to proof at time of trial as well as costs and attorneys fees.

16

17                      **THIRD CAUSE OF ACTION**

18      **(FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS
        PURSUANT TO LABOR CODE §§218.6, 226.7, 1194, IWC ORDER 4 & 12;**

19                  **TITLE 8 Cal. Code of Regulation 11070)**

20      27.    The allegations of paragraphs 1 through 26 are realleged and incorporated

21  herein by reference.  This cause of action is pled against all Defendants.

22      28.    Section 12 of Industrial Welfare Commission Order 5 required Defendants

23  to give Plaintiff rest periods as follows: "Every employer shall authorize and permit all

24  employees to take rest periods, which insofar as practicable shall be in the middle of

25  each work period. The authorized rest period time shall be based on the total hours

26  worked daily at the rate of ten (10) minutes net time per four (4) hours or major fraction

27  thereof. However, a rest period need not be authorized for employees whose total daily

28

LAW OFFICES OF
**KEITH F. SIMPSON**
A PROFESSIONAL CORPORATION
3217 MIDVALE AVENUE, STE 210
LOS ANGELES, CA 90034
TEL (310) 204-2622

COMPLAINT                              -5-

1   work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall

2   be counted as hours worked for which there shall be no deduction wages.  If an

3   employer fails to provide an employee a rest period in accordance with the applicable

4   provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

5   employee's regular rate of compensation for each work day that the rest period is not

6   provided."

7       29.    Throughout the entire time Plaintiff was employed, Defendants failed to

8   comply with section 12 of IWC Order 4, by failing to provide required meal periods to

9   Plaintiff.  The rest period was not waived by mutual consent of the Defendants and

10  Plaintiff.  There is no applicable exemption that would permit Defendant to fail or to

11  refuse to provide Plaintiff with the required rest period.

12      30.    Defendants further violated IWC Order 4 by failing to pay Plaintiff an

13  additional one hour of compensation at her regular rate of pay for each day that

14  Defendant failed to provide Plaintiff required rest period.  This compensation is owed

15  and unpaid in an amount according to proof at trial, plus interest thereon at the

16  maximum legal rate from the dates such compensation became due and payable, plus

17  all appropriate penalties.

18      31.    Effective January 1, 2001, Labor Code 226.7 prohibits Defendants from

19  requiring any employee to work during any rest periods mandated by an applicable

20  order of the Industrial Welfare Commission.    If an employer fails to provide an

21  employee one additional hour of pay at the employee's regular rate of pay for each work

22  day the rest period is not provided.

23      32.    Defendants violated Labor Code 226.7 by failing to provide required rest

24  periods to Plaintiff.  The rest period was not waived by mutual consent of Defendants

25  and Plaintiff.  There is no applicable exemption that would permit Defendants to fail or

26  to refuse to provide Plaintiff with the required rest period.

27      33.    Defendants further violated Labor Code 226.7 by failing to pay Plaintiff an

28  additional one hour of compensation at her regular rate of pay for each day those

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3002 MIDVALE AVENUE, STE 219
LOS ANGELES, CA 90034
TEL. (310) 234-2622

COMPLAINT                                    -6-

1   Defendants failed to provide her the required meal period.   This compensation is owed

2   and unpaid in an amount according to proof at trial, plus interest thereon at the

3   maximum legal rate from the dates such compensation became due and payable, plus

4   all appropriate penalties.

5        34.    As Defendants' conduct alleged herein violates Labor Code §226.7, she is

6   entitled to recover the unpaid compensation, pursuant to Labor Code §218 and interest,

7   attorney's fees, and costs of suit pursuant to Labor Code §1194.

8

9                              **FOURTH CAUSE OF ACTION**

10          **(FAILURE TO PAY WAGES UPON SEPARATION PURSUANT**
                    **TO Labor Code §§203, 218.6, 1194)**

11

12       35.    The allegations of paragraphs 1 through 34 are realleged and incorporated

13   herein by reference.  This cause of action is pled against all Defendants.

14       36.    At all times herein mentioned, Defendants were subject to the Labor

15   Codes of the State of California, and to the existing and applicable IWC ORDER 5-2001

16   (Title 8, California Code of 12 regulations 11000, 11070).

17       37.    Labor Code 201 and 202 require that an employer pay all wages due to an

18   employer after said employee is discharged or quits.

19       38.    Labor Code 203 provides a penalty for the willful to pay all wages due to

20   an employee who is discharged or quits. This penalty consists of an amount equal to

21   the sum of the employee's wages at the employee's prior rate of pay, until the unpaid

22   wages are paid, in an amount not to exceed thirty (30) days (Mamika v. Barca, 68

23   Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998).

24       39.    When construing "willful: in the context of wages and hour labor code

25   violations, Courts have held that the term willful means "[t]he employer 'intentionally

26   failed or refused to perform an act which was required to be done.'.....it does not mean

27   that he employer's refusal to pay wages must necessarily be based on a deliberate evil

28   purpose to defraud workers for wages which the employer know to be due."(Road

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3303 WILSHIRE AVENUE, STE 313
LOS ANGELES, CA 90004
TEL (310) 734-2622

COMPLAINT                              -7-

1 | Sprinklers Fitters Local Union No. 669 vs. G & G Fire Sprinklers, Inc. (2002) 102

2 | Cal.App. 4th 765, 781).

3      40.    Defendants failed to pay Plaintiff on December 14, 2006 for all wages and

4 | earned compensation due by improperly deducting amounts from Plaintiff's final check,

5 | failing to pay Plaintiff for all hours worked, failing to pay overtime wages, and failing to

6 | compensate for rest periods that were not permitted as alleged herein.

7      41.    Defendants' failure to pay wages as alleged was willful in that Defendants

8 | refused to pay said amounts knowing that she had worked overtime without being

9 | compensated for such overtime and knowing that Plaintiff was not being paid for the rest

10 | breaks, she did not receive. As a consequence, she is entitled to penalties under Labor

11 | Code §203, which provides that an employee's wages shall continue as a penalty until

12 | paid for a period of up to 30 days from the time they were due, whichever period is

13 | shorter.

14      42.    Defendants failed to pay Plaintiff the alleged amounts of unpaid wages on

15 | December 14, 2006, and have continued to fail to pay that sum for over 30 days.

16 | Pursuant to the provisions of Labor Code §203, she is entitled to a waiting time penalty,

17 | which is Plaintiff's daily rate of $424.00, multiplied by 30 days which is $12,720.00.

18 | These penalties are owed and unpaid.

19      43.    The penalties set forth in Labor Code §203 may be pursued through this

20 | action. Plaintiff is entitled to attorney's fees, expenses, and costs of suit pursuant to

21 | Labor Code §1194(a) for bringing this action.

22 |

23 |                          **FIFTH CAUSE OF ACTION**

24 | **(FAILURE TO MAINTAIN REQUIRED RECORDS PURSUANT TO LABOR CODE**
**§218.6, 226, 226(e); IWC Order 5 & 7; Title 8 Cal. Code of Regulation 11070)**

25 |

26      44.    The allegations of paragraphs 1 through 43 are realleged and incorporated

27 | herein by reference. This cause of action is pled against all Defendants.

28      45.    Labor Code §226 requires Defendants, at the time of each payment of

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3950 MIDVALE AVENUE, STE 213
LOS ANGELES, CA 90034
TEL: (310) 234-0922

COMPLAINT                                    -8-

1  wages, to furnish each employee an accurate, itemized statement, in writing, showing
2  gross wages earned, total hours worked by the employee, except for any employee
3  whose compensation is solely based on a salary and who exempt from payment of
4  overtime under subdivision (a) of section 515 or any applicable order of the IWC, all
5  deductions, net wages earned, the inclusive dates of the period for which the employee
6  is paid, and all applicable hourly rates in effect during the pay period and corresponding
7  number of hours worked at each hourly rate by the employee.  The Defendants are
8  required to keep a copy of the statement or a record of the deductions shall be kept on
9  file for at least three years at the place of employment or at a central location within the
10  State of California

11    46.    Labor Code §226(e) states that "An employee suffering injury as a result of
12  a knowing and intentional failure by an employer to comply with subdivision (a) is
13  entitled to recover the greater of all actual damages or fifty dollars ($50) or the initial pay
14  period in which a violation occurs and one hundred dollars ($100) per employee for each
15  violation in a subsequent pay period, not exceeding an aggregate penalty of four
16  thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's
17  fees."

18    47.    When construing "willful: in the context of wage and hour labor code
19  violations, Courts have held that the term willful means "[t]he employer intentionally
20  failed or refused to perform an act which was required to be done."....It does not mean
21  that the employer's refusal to pay wages must necessarily be based on a deliberate evil
22  purpose to defraud workers for wages which the employer knows to be due." (Road
23  Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinkles. Inc. (2002) 102
24  Cal.App.4th 765, 781.)

25    48.    Industrial Welfare Commission Order 7 & 7 (Title 8, California Code of
26  Regulation 11070), in addition to language similar to Labor Code §226, expressly
27  mandates that the employer keep "Time records showing when the employee begins
28  and ends each work period. Meal periods, split shift intervals and total daily hours

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
1002 MIDVALE AVENUE, STE 240
LOS ANGELES, CA 90024
TEL (510) 204-2622

COMPLAINT                                    -9-

1 │ worked shall also be recorded."

2 │      49.    Throughout Plaintiff's employment with Defendants, Defendants failed to
3 │ comply with Labor Code §226 and IWC Order 7 & 7, by failing to maintain records which
4 │ employer are required to maintain, including, but not limited to, records of meal periods,
5 │ total hours worked, and all applicable hourly rates in effect during the pay period and the
6 │ corresponding number of hours worked at each hourly rate by the employee.

7 │      50.    Plaintiff alleges that Defendants "knowingly and intentionally" failed to
8 │ provide her with a copy of an itemized statement, which states the total number of hours
9 │ worked because Defendants wrongfully and unlawfully classified Plaintiff as a salaried
10 │ employee for the purpose of avoiding compliance with Federal and State labor and
11 │ employment law.

12 │      51.    Although Defendants paid Plaintiff with checks, they failed to provide her
13 │ with checks and check stubs which indicated the total hours that she had worked and
14 │ did not pay her the overtime premium rate for all overtime hours worked.

15 │      52.    As a result of the failure to keep the required records, Defendants are
16 │ subject to the penalties set forth in Labor Code §226(e) in a sum of not less than
17 │ $4,000.00.

18 │      53.    Plaintiff seeks an award of reasonable attorney's fee and costs pursuant to
19 │ Labor Code §226(e).

20 │

21 │     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as
22 │ follows:

23 │ **As to the First Cause of Action**

24 │     1.    For damages according to proof at the time of trial;

25 │     2.    For interest plus reasonable attorney's fees and cost of suit;

26 │ **As to the Second Cause of Action**

27 │     3.    For damages according to proof at time of trial;

28 │     4.    For costs of suit and reasonable attorney's fees;

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3072 MIDVALE AVENUE, STE 219
LOS ANGELES, CA 90034
TEL (310) 234-2802

COMPLAINT                     -10-

## As to the Third Cause of Action

5.   For an additional one hour of pay at Plaintiff's regular rate of pay for each day the Defendants failed to give her the required rest periods as alleged herein according to proof at the time of trial;

6.   For interest plus reasonable attorney's fees and costs of suit.

## As to the Fourth Cause of Action

7.   For statutory waiting time penalty under Labor Code 203, in an amount according to proof, plus interest thereon at he maximum legal rate accruing from the 31st day following the separation of Plaintiff from Defendants in a sum according to proof at the time of trial;

8.   For interest pursuant to Labor Code 218.6; and,

9.   For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

## As to the Fifth Cause of Action

10.   For penalties pursuant to Labor Code §226(e) in the sum of $4,000.00;

11.   For reasonable attorney's fees and costs as provided by Labor Code §226(e).

## As to all Cause of Action

12.   For costs of suit herein incurred; and

13.   For such other and further relief as the court deems proper.

DATED: February 9, 2007

LAW OFFICES OF KEITH F. SIMPSON, A PROFESSIONAL CORPORATION

By: _____
KEITH F. SIMPSON
Attorneys for Plaintiff
FAY M. PURCELL

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3002 MIDVALE AVENUE, STE 210
LOS ANGELES, CA 55034
TEL (310) 234-2522

COMPLAINT                                              -11-

# DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this action.

DATED: February 9, 2007

LAW OFFICES OF KEITH F. SIMPSON,
A PROFESSIONAL CORPORATION

By: _____
KEITH F. SIMPSON
Attorneys for Plaintiff
FAY M. PURCELL

LAW OFFICES OF
**KEITH F. SIMPSON**
A PROFESSIONAL CORPORATION

COMPLAINT                                         -12-

1  KEITH F. SIMPSON, ESQ.  (SBN 196014)
   LAW OFFICES OF KEITH F. SIMPSON
2  A PROFESSIONAL CORPORATION
   1230 Rosecrans Avenue, Suite 170
3  Manhattan Beach, California  90266
   Telephone: (310) 297-9090
4
   Attorney for Plaintiff
5  CANDICE L. SCHULTZ
6

**FILED**

LOS ANGELES SUPERIOR COURT

FEB 09 2007

JOHN A. CLARKE, Clerk

BY RUGENA LOPEZ, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF LOS ANGELES

10 | CANDICE L. SCHULTZ, an individual,        | CASE NO.        BC366178

11

12 |              Plaintiffs,                  | Unlimited Jurisdiction

13 |     v.                                    | COMPLAINT FOR UNPAID OVERTIME
                                               | COMPENSATION, REST PERIOD
14 |                                           | PAYMENTS, WAITING TIME
                                               | PENALITIES, AND FAILURE TO
15 | NORMA C. SALCEDA, M.D., an individual;    | MAINTAIN RECORDS
   | NORMA C. SALCEDA, M.D., INC., a
16 | California corporation; SAINT ANA
   | WOMEN'S MEDICAL CLINIC, a business
17 | entity of unknown form;  INNOVATIVE
   | STAFF MANAGEMENT, INC., a California
18 | corporation; and DOES 1 to 100, inclusive.
19 |              Defendants.

20

21       Plaintiff, CANDICE L. SCHULTZ, for her complaint herein against Defendants,

22  and each of them, alleges as follows:

23                      **GENERAL ALLEGATIONS**

24       1.    At all times relevant to this action, Plaintiff, CANDICE L. SCHULTZ was

25  an individual residing and employed by Defendants herein in the County of Los Angeles,

26  State of California.

27       2.    At all times relevant to this action, Defendant NORMA C. SALCEDA, M.D.,

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
1230 W DVALS AVENUE, STE 213
LOS ANGELES, CA 90004
TEL (310) 234-0522

COMPLAINT                              -1-

1  was an individual residing and employer in the County of Los Angeles, State of

2  California.

3      3.    At all times relevant to this action, Defendant, NORMA C. SALCEDA,

4  M.D., INC., was a corporation duly organized under the laws of the State of California

5  and an employer and doing business in the County of Los Angeles, State of California.

6      4.    At all times relevant to this action, Defendant SAINT ANA WOMEN'S

7  MEDICAL CLINIC., was a business entity of form unknown, existing under and by virtue

8  of, the laws of the State of California and an employer and conducting business in the

9  County of Los Angeles, State of California.

10     5.    At all times relevant to this action, Defendant, INNOVATIVE STAFF

11  MANAGEMENT, INC., was a corporation duly organized under the laws of the State of

12  California and an employer and doing business in the County of Los Angeles, State of

13  California.

14     6.    The true names and capacities of the Defendants named herein as DOES 1

15  through 100, inclusive, whether individual, corporate, associate or otherwise, are

16  unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to

17  Code of Civil Procedure §474.   Plaintiff is informed and believes that such DOE

18  Defendants are California residents or doing business in California.   Plaintiff will amend

19  this Complaint to show their true names and capacities when they have been

20  determined.   Each Defendant was an agent of the other Defendants and ratified the

21  conduct of the other Defendants.

22     7.    At all times herein mentioned, each Defendant was the owner, operator,

23  employer, employee, agent, servant or in some other legal relationship with each and all

24  of the other Defendants, and in doing the things as herein alleged acted within the

25  course and scope of said legal relationship, and with the knowledge, consent, approval

26  and ratification of each and all of the other Defendants.

27     8.    Defendants and each of the remaining DOE Defendants named herein are

28  collectively referred to as "Defendants."

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3032 WILSHIRE AVENUE, STE 219
LOS ANGELES, CA 90034
TEL (310) 274-2622

COMPLAINT                                    -2-

1    9.    Venue is proper in this action in the County of Los Angeles in that one or

2  more of the Defendants is registered to do business in the State of California, County of

3  Los Angeles, has its principal place of business in the County of Los Angeles, resides in

4  the County of Los Angeles or is doing business in the County of Los Angeles.

5  Furthermore, this Court has jurisdiction over each and every Defendant herein due to

6  the substantially similar questions of law and/or fact involved with each and every

7  Defendant herein.

8    10.    As a direct and proximate result of the unlawful employment acts of

9  Defendants, Plaintiff has suffered and continues to suffer from loss of earnings in

10  amounts as yet unascertained, but subject to proof at trial.

11    11.    From July 9, 2005, through December 14, 2006, Plaintiff was employed by

12  Defendants in Los Angeles County at Defendants' facility.    Plaintiff was paid and

13  worked at that location and the failure to pay her properly occurred at that location.

14    12.    Defendants' business is as a health care provider in obstetrics and

15  gynecology.    Throughout her employment with Defendants, Plaintiff was unlawfully and

16  wrongfully classified as a salaried employee.    Plaintiff was employed by Defendants as

17  a physician's assistant and compensated at the rate of $47.00 per hour at the

commencement of her employment and at the rate of $53.00 per hour when her

18  employment ended.

19

20                              FIRST CAUSE OF ACTION

21          (FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA
            INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA
22                                    LABOR CODE)

23    13.    The allegations of paragraphs 1 through 12 are realleged and incorporated

24  herein by reference.   This cause of action is pled against all Defendants.

25    14.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California

26  Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment,

27  Defendants were required to compensate Plaintiff for all overtime, which is calculated at

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3632 MIDVALE AVENUE STE 210
LOS ANGELES, CA 90034
TEL (310) 204-2872

COMPLAINT                                    -3-

1   one and one-half (1½) times the regular rate of pay for hours worked in excess of eight

2   (8) in a day or forty (40) hours in a week, and two (2) time the regular rate of pay for

3   hours worked in excess of twelve (12) hours in a day or hours worked in excess of eight

4   (8) on the seventh consecutive work day in a week.

5        15.    From the beginning of her employment with Defendants, Plaintiff was

6   unlawfully and wrongfully classified as a salaried employee exempt from overtime.   The

7   true facts are that Plaintiff did not qualify for an exemption from Industrial Welfare

8   Commission Orders and was in fact entitled to the above overtime premiums.

9        16.    From the beginning of her employment to the end, Plaintiff was scheduled

10   and did work at least 48 hours per week.    During all of this time period she never paid

11   overtime compensation for the time she worked over forty (40) hours in any week.

12   Under Labor Code 515(d), when a non-exempt employee is paid a weekly salary for

13   services rendered, the overtime rate of compensation required to be paid shall be based

14   upon a regular hourly rate of 1/40th of the weekly salary.

15        17.    For each week in which Plaintiff did not receive at least one and one-half

16   times the minimum wage, Plaintiff was entitled to the above overtime premiums.

17   Defendants failed to compensate Plaintiff for any overtime premiums.

18        18.    As a proximate result of Defendants' violations, Plaintiff has been

19   damaged in an amount according to proof at time of trial.

20        19.    Pursuant to Labor Code §§218.6, 510, 1194 and California Code of

21   Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment

22   of overtime wages for all overtime hours worked, interest, plus reasonable attorney's

23   fees and costs of suit.

24

25                          **SECOND CAUSE OF ACTION**

26         **(OVERTIME PAY AND LIQUIDATED DAMAGES PURSUANT TO**

                            **29 U.S.C. §207 AND §216)**

27

28        20.    The allegations of paragraphs 1 through 19 are realleged and incorporated

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3002 MIDVALE AVENUE, STE 210
LOS ANGELES, CA 90034
TEL: (310) 204-2822

COMPLAINT                      -4-

1  herein by reference.  This cause of action is pled against all Defendants.

2      21.    Plaintiff is informed and believes that Defendants are subject to the

3  provisions of the Fair Labor Standards Act.   Under 29 U.S.C. §207(a) and §216(b),

4  Plaintiff is entitled to overtime pay at a rate of one and one-half (1½) times the regular

5  rate of pay for hours worked in excess of forty (40) hours in a week and an equal

6  additional amount as liquidated damages plus costs and attorney's fees.

7      22.    Plaintiff worked numerous weeks in excess of forty (40) hours.

8      23.    Plaintiff was a non-exempt employee and entitled to the above overtime

9  premiums.   Defendants failed to compensate Plaintiff for any overtime premiums.

10      24.    This court has jurisdiction over this cause of action because the federal

11  statute specifically grants the employee the right to bring the action in "any Federal or

12  State court of competent jurisdiction."  29 U.S.C. §216(b).

13      25.    Defendants' violations of 29 U.S.C.  §207 were willful and intentional.

14      26.    Plaintiff prays for judgment for overtime pay and liquidated damages

15  according to proof at time of trial as well as costs and attorneys fees.

16

17                            THIRD CAUSE OF ACTION

18          (FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS
            PURSUANT TO LABOR CODE §§218.6, 226.7, 1194, IWC ORDER 4 & 12;
19                    TITLE 8 Cal. Code of Regulation 11070)

20      27.    The allegations of paragraphs 1 through 26 are realleged and incorporated

21  herein by reference.  This cause of action is pled against all Defendants.

22      28.    Section 12 of Industrial Welfare Commission Order 5 required Defendants

23  to give Plaintiff rest periods as follows: "Every employer shall authorize and permit all

24  employees to take rest periods, which insofar as practicable shall be in the middle of

25  each work period.  The authorized rest period time shall be based on the total hours

26  worked daily at the rate of ten (10) minutes net time per four (4) hours or major fraction

27  thereof.  However, a rest period need not be authorized for employees whose total daily

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
1802 MORALE AVENUE, STE 216
LOS ANGELES, CA 90034
TEL. (310) 234-2922

COMPLAINT                          -5-

1    work time is less than three and one-half (3 ½) hours. Authorized rest period time shall
2    be counted as hours worked for which there shall be no deduction wages. If an
3    employer fails to provide an employee a rest period in accordance with the applicable
4    provisions of this Order, the employer shall pay the employee one (1) hour of pay at the
5    employee's regular rate of compensation for each work day that the rest period is not
6    provided."

7        29.    Throughout the entire time Plaintiff was employed, Defendants failed to
8    comply with section 12 of IWC Order 4, by failing to provide required meal periods to
9    Plaintiff.   The rest period was not waived by mutual consent of the Defendants and
10   Plaintiff.   There is no applicable exemption that would permit Defendant to fail or to
11   refuse to provide Plaintiff with the required rest period.

12       30.    Defendants further violated IWC Order 4 by failing to pay Plaintiff an
13   additional one hour of compensation at her regular rate of pay for each day that
14   Defendant failed to provide Plaintiff required rest period.   This compensation is owed
15   and unpaid in an amount according to proof at trial, plus interest thereon at the
16   maximum legal rate from the dates such compensation became due and payable, plus
17   all appropriate penalties.

18       31.    Effective January 1, 2001, Labor Code 226.7 prohibits Defendants from
19   requiring any employee to work during any rest periods mandated by an applicable
20   order of the Industrial Welfare Commission.    If an employer fails to provide an
21   employee one additional hour of pay at the employee's regular rate of pay for each work
22   day the rest period is not provided.

23       32.    Defendants violated Labor Code 226.7 by failing to provide required rest
24   periods to Plaintiff. The rest period was not waived by mutual consent of Defendants
25   and Plaintiff.   There is no applicable exemption that would permit Defendants to fail or
26   to refuse to provide Plaintiff with the required rest period.

27       33.    Defendants further violated Labor Code 226.7 by failing to pay Plaintiff an
28   additional one hour of compensation at her regular rate of pay for each day those

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3622 MIDVALE AVENUE, STE 210
LOS ANGELES, CA 90034
TEL (310) 234-2622

COMPLAINT                                          -6-

1   Defendants failed to provide her the required meal period.    This compensation is owed

2   and unpaid in an amount according to proof at trial, plus interest thereon at the

3   maximum legal rate from the dates such compensation became due and payable, plus

4   all appropriate penalties.

5        34.    As Defendants' conduct alleged herein violates Labor Code §226.7, she is

6   entitled to recover the unpaid compensation, pursuant to Labor Code §218 and interest,

7   attorney's fees, and costs of suit pursuant to Labor Code §1194.

8

9                         **FOURTH CAUSE OF ACTION**

10              (FAILURE TO PAY WAGES UPON SEPARATION PURSUANT
                       TO Labor Code §§203, 218.6, 1194)
11

12       35.    The allegations of paragraphs 1 through 34 are realleged and incorporated

13   herein by reference.    This cause of action is pled against all Defendants.

14       36.    At all times herein mentioned, Defendants were subject to the Labor

15   Codes of the State of California, and to the existing and applicable IWC ORDER 5-2001

16   (Title 8, California Code of 12 regulations 11000, 11070).

17       37.    Labor Code 201 and 202 require that an employer pay all wages due to an

18   employer after said employee is discharged or quits.

19       38.    Labor Code 203 provides a penalty for the willful to pay all wages due to

20   an employee who is discharged or quits. This penalty consists of an amount equal to

21   the sum of the employee's wages at the employee's prior rate of pay, until the unpaid

22   wages are paid, in an amount not to exceed thirty (30) days (Mamika v. Barca, 68

23   Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998).

24       39.    When construing "willful: in the context of wages and hour labor code

25   violations, Courts have held that the term willful means "[t]he employer 'intentionally

26   failed or refused to perform an act which was required to be done.'.....It does not mean

27   that he employer's refusal to pay wages must necessarily be based on a deliberate evil

28   purpose to defraud workers for wages which the employer know to be due."(Road

LAW OFFICES OF
**KEITH F. SIMPSON**
A PROFESSIONAL CORPORATION
3301 MOVALE AVENUE, STE 219
LOS ANGELES, CA 90034
TEL (310) 204-2622

COMPLAINT                                    -7-

1 | Sprinklers Fitters Local Union No. 669 vs. G & G Fire Sprinklers. Inc. (2002) 102

2 | Cal.App. 4th 765, 781).

3 |     40.     Defendants failed to pay Plaintiff on December 14, 2006 for all wages and

4 | earned compensation due by improperly deducting amounts from Plaintiff's final check,

5 | failing to pay Plaintiff for all hours worked, failing to pay overtime wages, and failing to

6 | compensate for rest periods that were not permitted as alleged herein.

7 |     41.     Defendants' failure to pay wages as alleged was willful in that Defendants

8 | refused to pay said amounts knowing that she had worked overtime without being

9 | compensated for such overtime and knowing that Plaintiff was not being paid for the rest

10 | breaks, she did not receive. As a consequence, she is entitled to penalties under Labor

11 | Code §203, which provides that an employee's wages shall continue as a penalty until

12 | paid for a period of up to 30 days from the time they were due, whichever period is

13 | shorter.

14 |     42.     Defendants failed to pay Plaintiff the alleged amounts of unpaid wages on

15 | December 14, 2006, and have continued to fail to pay that sum for over 30 days.

16 | Pursuant to the provisions of Labor Code §203, she is entitled to a waiting time penalty,

17 | which is Plaintiff's daily rate of $424.00, multiplied by 30 days which is $12,720.00.

18 | These penalties are owed and unpaid.

19 |     43.     The penalties set forth in Labor Code §203 may be pursued through this

20 | action. Plaintiff is entitled to attorney's fees, expenses, and costs of suit pursuant to

21 | Labor Code §1194(a) for bringing this action.

22 |

23 |                         FIFTH CAUSE OF ACTION

24 |     (FAILURE TO MAINTAIN REQUIRED RECORDS PURSUANT TO LABOR CODE
      §218.6, 226, 226(e); IWC Order 5 & 7; Title 8 Cal. Code of Regulation 11070)

25 |

26 |     44.     The allegations of paragraphs 1 through 43 are realleged and incorporated

27 | herein by reference. This cause of action is pled against all Defendants.

28 |     45.     Labor Code §226 requires Defendants, at the time of each payment of

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
1053 McEVANS AVENUE, STE 249
LOS ANGELES, CA 90034
TEL. (310) 204-2622

COMPLAINT                                    -8-

1  wages, to furnish each employee an accurate, itemized statement, in writing, showing

2  gross wages earned, total hours worked by the employee, except for any employee

3  whose compensation is solely based on a salary and who exempt from payment of

4  overtime under subdivision (a) of section 515 or any applicable order of the IWC, all

5  deductions, net wages earned, the inclusive dates of the period for which the employee

6  is paid, and all applicable hourly rates in effect during the pay period and corresponding

7  number of hours worked at each hourly rate by the employee. The Defendants are

8  required to keep a copy of the statement or a record of the deductions shall be kept on

9  file for at least three years at the place of employment or at a central location within the

10  State of California

11      46.    Labor Code §226(e) states that "An employee suffering injury as a result of

12  a knowing and intentional failure by an employer to comply with subdivision (a) is

13  entitled to recover the greater of all actual damages or fifty dollars ($50) or the initial pay

14  period in which a violation occurs and one hundred dollars ($100) per employee for each

15  violation in a subsequent pay period, not exceeding an aggregate penalty of four

16  thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's

17  fees."

18      47.    When construing "willful: in the context of wage and hour labor code

19  violations, Courts have held that the term willful means "[t]he employer intentionally

20  failed or refused to perform an act which was required to be done."....It does not mean

21  that the employer's refusal to pay wages must necessarily be based on a deliberate evil

22  purpose to defraud workers for wages which the employer knows to be due." (Road

23  Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinkles, Inc. (2002) 102

24  Cal.App.4th 765, 781.)

25      48.    Industrial Welfare Commission Order 7 & 7 (Title 8, California Code of

26  Regulation 11070), in addition to language similar to Labor Code §226, expressly

27  mandates that the employer keep "Time records showing when the employee begins

28  and ends each work period. Meal periods, split shift intervals and total daily hours

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3002 MONALD AVENUE, STE 210
LOS ANGELES, CA 90034
TEL (310) 234-3922

COMPLAINT                                      -9-

1  worked shall also be recorded."

2      49.    Throughout Plaintiff's employment with Defendants, Defendants failed to

3  comply with Labor Code §226 and IWC Order 7 & 7, by failing to maintain records which

4  employer are required to maintain, including, but not limited to, records of meal periods,

5  total hours worked, and all applicable hourly rates in effect during the pay period and the

6  corresponding number of hours worked at each hourly rate by the employee.

7      50.    Plaintiff alleges that Defendants "knowingly and intentionally" failed to

8  provide her with a copy of an itemized statement, which states the total number of hours

9  worked because Defendants wrongfully and unlawfully classified Plaintiff as a salaried

10  employee for the purpose of avoiding compliance with Federal and State labor and

11  employment law.

12      51.    Although Defendants paid Plaintiff with checks, they failed to provide her

13  with checks and check stubs which indicated the total hours that she had worked and

14  did not pay her the overtime premium rate for all overtime hours worked.

15      52.    As a result of the failure to keep the required records, Defendants are

16  subject to the penalties set forth in Labor Code §226(e) in a sum of not less than

17  $4,000.00.

18      53.    Plaintiff seeks an award of reasonable attorney's fee and costs pursuant to

19  Labor Code §226(e).

20

21      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

22  follows:

23      **As to the First Cause of Action**

24      1.    For damages according to proof at the time of trial;

25      2.    For interest plus reasonable attorney's fees and cost of suit;

26      **As to the Second Cause of Action**

27      3.    For damages according to proof at time of trial;

28      4.    For costs of suit and reasonable attorney's fees;

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3053 MD'VALE AVENUE, STE 210
LOS ANGELES, CA 90034
TEL (310) 204-2022

COMPLAINT                                    -10-

**As to the Third Cause of Action**

5. For an additional one hour of pay at Plaintiff's regular rate of pay for each day the Defendants failed to give her the required rest periods as alleged herein according to proof at the time of trial;

6. For interest plus reasonable attorney's fees and costs of suit.

**As to the Fourth Cause of Action**

7. For statutory waiting time penalty under Labor Code 203, in an amount according to proof, plus interest thereon at he maximum legal rate accruing from the 31st day following the separation of Plaintiff from Defendants in a sum according to proof at the time of trial;

8. For interest pursuant to Labor Code 218.6; and,

9. For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

**As to the Fifth Cause of Action**

10. For penalties pursuant to Labor Code §226(e) in the sum of $4,000.00;

11. For reasonable attorney's fees and costs as provided by Labor Code §226(e).

**As to all Cause of Action**

12. For costs of suit herein incurred; and

13. For such other and further relief as the court deems proper.

DATED: February 9, 2007

LAW OFFICES OF KEITH F. SIMPSON,
A PROFESSIONAL CORPORATION

By: _____
KEITH F. SIMPSON
Attorneys for Plaintiff
CANDICE L. SCHULTZ

1    **DEMAND FOR JURY TRIAL**

2    Plaintiff hereby requests a trial by jury in this action.

3

4    DATED: February 9, 2007                LAW OFFICES OF KEITH F. SIMPSON,
                                            A PROFESSIONAL CORPORATION
5

6

7                                          By: _____
8                                             KEITH F. SIMPSON
                                              Attorneys for Plaintiff
9                                             CANDICE L. SCHULTZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
KEITH F. SIMPSON
A PROFESSIONAL CORPORATION
3522 McDONALD AVENUE, STE 210
LOS ANGELES, CA 90034
TEL (310) 234/2522

COMPLAINT                                              -12-

● ORIGINAL ●

1  Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Joseph Cho (SBN 198844)
3  Gregory Yu (SBN 230520)
   Initiative Legal Group LLP
4  1875 Century Park East, Suite 1800
   Los Angeles, California 90067
5  Telephone:   (310) 556-5637
   Facsimile:   (310) 861-9051
6  Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 1 3 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

Case assigned
to Judge   Paul Gutman   D-34

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11

12

13  ROBERT BAUMANN,

14          Plaintiff,

15  vs.

16  UBS FINANCIAL SERVICES, INC. and
17  DOES 1 through 20, inclusive,

18          Defendants.

19

20

21

22

23

24

25

26

27

28

Case Number:    BC366254

Complaint For:
(1) Violation of California Labor Code §§
510 and 1194;
(2) Violation of California Labor Code §
226(a);
(3) Violation of California Labor Code §
226.7(a);
(4) Violation of California Labor Code §§
221, 400-410, 2802 and 8 C.C.R. § 11040
(5) Violation of California Labor Code §§
201 and 202; and
(6) Violation of California Business &
Professions Code § 17200, et seq.;

**Jury Trial Demanded**

COMPLAINT

Plaintiff, ROBERT BAUMANN alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to California Constitution Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

2.    This Court has jurisdiction over all Defendants because, based on information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

3.    Venue is proper in this Court because, upon information and belief, Defendants transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.    Plaintiff ROBERT BAUMANN (hereinafter "BAUMANN" or "Plaintiff"), is a United States citizen and resident of Los Angeles County, in the state of California.

6.    Defendant UBS FINANCIAL SERVICES, INC., (hereinafter "Defendant") was and is, upon information and belief, a corporation doing business within the state of California, and at all material times hereinafter mentioned. Defendant is in the business of providing investment banking, securities trading and brokerage services.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-20, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474, once their names and capacities become known.

2

8.     Plaintiff is informed and believes, and thereon alleges, that Does 1-20 are the partners, owners, shareholders or managers of Defendants, and were acting on behalf of Defendants.

9.     Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences and transactions alleged herein.

10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of Defendants were in accordance with, and represent the official policy of, Defendants.

11.     At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

## FACTUAL ALLEGATIONS

12.     At all material times set forth herein, Defendants employed Plaintiff as a securities broker in the State of California from, on or about, September 2001 until June 2002.

13.     At all material times set forth herein, Defendants consistently failed to properly pay regular and overtime wages to Plaintiff.

14.     Defendants knew or should have known that Plaintiff was not receiving proper regular or premium overtime wages, because, among other things, Defendants' agents, officers and employees witnessed Plaintiff working hours entitling him to such wages and Defendants' own work schedules indicate that these hours were worked.

15.     Plaintiff is informed and believes, and thereon alleges, that at all material times set forth herein, Defendants knew that they had a duty to compensate Plaintiff and that

COMPLAINT

3

1    Defendants had the financial ability to pay such compensation, but willfully, knowingly and

2    intentionally failed to do so, solely to increase Defendants' profits.

3        16.    California Labor Code § 218 states that nothing in Article 1 of the Labor Code

4    shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him

5    under this article."

6

7                                    **FIRST CAUSE OF ACTION**

8                          Violation of <u>California Labor Code</u> §§ 510 and 1194

9                                      **(Against all Defendants)**

10       17.    Plaintiff incorporates by reference and realleges as if fully stated herein the

11   allegations set out in paragraphs 1 through 16 of this Complaint.

12       18.    California Labor Code § 510(a) provides in relevant part,

13              Eight hours of labor constitutes a day's work.  Any work in excess of eight

14              hours in one workday and any work in excess of 40 hours in any one workweek

15              and the first eight hours worked on the seventh day of work in any one

16              workweek shall be compensated at the rate of no less than one and one-half

17              times the regular rate of pay for an employee.  Any work in excess of 12 hours

18              in one day shall be compensated at the rate of no less than twice the regular rate

19              of pay for an employee.  In addition, any work in excess of eight hours on any

20              seventh day of a workweek shall be compensated at the rate of no less than

21              twice the regular rate of pay of an employee.

22       19.    California Labor Code § 515(a) provides in relevant part,

23              The Industrial Welfare Commission may establish exemptions from the

24              requirement than an overtime rate of compensation be paid pursuant to Sections

25              510 and 511 for executive, administrative, and professional employees,

26              provided that the employee is primarily engaged in the duties that meet the test

27              of the exemption, customarily and regularly exercises discretion and

28              independent judgment in performing those duties, and earns a monthly salary

                                                4                                COMPLAINT

equivalent to no less than two times the state minimum wage for full-time employment.

20.    At all material times set forth herein, Plaintiff did not qualify for "exempt" status under the <u>California Labor Code</u> because, *inter alia*, he was not primarily engaged in the duties that meet any potential exemptions and he did not customarily and regularly exercise discretion and independent judgment in performing those duties.

21.    <u>California Labor Code</u> § 515(d) provides in relevant part,

For the purpose of computing the overtime rate of compensation required to be paid to a nonexempt full-time salaried employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly salary.

22.    <u>California Labor Code</u> § 1194(a) provides,

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of his minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

23.    At all material times set forth herein, Plaintiff consistently worked in excess of eight hours in one workday and/or 40 hours in any one workweek; however, the proper overtime compensation was not paid by Defendants.

24.    Therefore, Plaintiff is entitled to recover his unpaid overtime compensation pursuant to <u>California Labor Code</u> § 510(a) at the rate specified in <u>California Labor Code</u> § 515(d), plus interest, costs, and attorneys' fees.

25.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example. Therefore, Plaintiff is entitled to punitive damages.

COMPLAINT

## SECOND CAUSE OF ACTION

### Willful Violation of California Labor Code § 226(a)

### (Against all Defendants)

26.    Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 25 of this Complaint.

27.    California Labor Code § 226(a) provides that every employer shall, semimonthly or at the time of each payment of wages, furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (i) gross wages earned; (ii) total hours worked by the employee, except for an employee whose compensation is based solely on a salary and who is exempt from the payment of overtime; (iii) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece rate basis; (iv) all deductions; (v) net wages earned; (vi) the inclusive dates of the period for which the employee is paid; (vii) the name of the employee and his or her social security number; (viii) the name and address of the legal entity that is the employer; and (ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

28.    At all material times set forth herein, Defendants either recklessly or intentionally failed to make, keep and preserve true, accurate, and complete records of, among other things, the actual number of hours worked each workday and each workweek by Plaintiff.

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally under-reported the number of hours worked by Plaintiff, resulting in widespread under-compensation for labor performed by Plaintiff.

30.    Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally caused a wage rate to be represented on the employee check stubs that did not correspond with the actual wage rate used to calculate employee compensation.

COMPLAINT

31.    Plaintiff is informed and believes, and thereon alleges, that Defendants systematically and intentionally engaged in conduct designed to conceal the under-reporting of hours and the incorrect wage reporting from Plaintiff.

32.    Defendants' conduct as alleged herein is in violation of <u>California Labor Code</u> § 226(a).

33.    Plaintiff is entitled to recover from Defendants the greater of his actual monetary damages caused by Defendants' failure to comply with <u>California Labor Code</u> § 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000.00) and an award of costs and reasonable attorney's fees pursuant to <u>California Labor Code</u> § 226(e).

34.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff is entitled to punitive damages.

## THIRD CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §226.7(a)

#### (Against all Defendants)

35.    Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 34 of this Complaint.

36.    The applicable IWC Wage Order and <u>California Labor Code</u> § 226.7(a) provide that employees cannot be required to work in excess of four hours without receiving a ten minute rest period, nor can they be required to work in excess of five hours without receiving a meal period of not less than 30 minutes.

37.    At all material times set forth herein, Defendants required Plaintiff to work in excess of four hours without providing a ten minute rest period.

38.    At all material times set forth herein, Defendants required Plaintiff to work an additional four hours without providing a second ten minute rest period.

39.    At all material times set forth herein, Defendants required Plaintiff to work for periods longer than five hours without a meal period of not less than 30 minutes.

COMPLAINT

7

40.   At all material times set forth herein, Defendants required Plaintiff to work during meal periods and failed to compensate Plaintiff for work performed during meal periods.

41.   At all material times set forth herein, Defendants required Plaintiff to work during rest periods and failed to compensate Plaintiff for work performed during rest periods.

42.   Defendants' conduct violates the applicable IWC Wage Order, therefore violating California Labor Code 226.7(a).

43.   Plaintiff is entitled to recover from Defendants one hour compensation per missed meal break and/or rest period as premium pay, and not as a penalty.

44.   Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff is entitled to punitive damages.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 221, 400-410, 2802 and 8 C.C.R. § 11040

### (Against All Defendants)

45.   Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in paragraphs 1 through 44 of this Complaint.

46.   California Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive from an employee any part of wages previously paid by the employer to the employee.

47.   California Labor Code § 2802(a) provides,

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

COMPLAINT

8

48.    California Labor Code §§ 400-410 provide that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary costs of doing business to the employee.

49.    8 Cal. Code Regs. § 11040(8) provides,

No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

50.    At all material times set forth herein, Defendants required Plaintiff to contribute to Defendants' costs of doing business, including, but not limited to compensating Defendants' other employees (i.e. Sales Assistants) for the labor necessary to complete the work; incurring expenses (including, but not limited to, marketing, travel, overhead, office supplies and other expenses that are the employer's costs of doing business) in direct consequence of the discharge of his duties, or of his obedience to Defendants' directions, which expenses have not yet been reimbursed by Defendants; and being charged back commissions and/or the actual value of the stock losses allegedly caused by Plaintiff as a result of his simple negligence or through no fault of his own.

51.    Thus, at all material times set forth herein, Plaintiff was forced to contribute to the capital and expenses of Defendants' businesses, which constitutes putting up a cash bond and must be refunded by Defendants to Plaintiff.

52.    California Labor Code § 218.6 provides for interest specified in California Civil Code § 3289(b), accruing from the date that the wages were due and payable.

53.    Therefore, Plaintiff demands reimbursement for those chargebacks deducted by Defendants against Plaintiff's wages; and reimbursement for the expenditures or losses incurred by Plaintiff in direct consequence of the discharge of his duties, or of his obedience to Defendants' directions; plus return of all cash bonds or other coerced investments in Defendants' businesses, with interest at the statutory rate, and attorneys fees.

COMPLAINT

9

54.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff is entitled to punitive damages.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against all Defendants)

55.    Plaintiff incorporates by reference and realleges as if fully stated herein the allegations set out in paragraphs 1 through 54 of this Complaint.

56.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

57.    After Plaintiff's resignation, Defendants did not pay Plaintiff his earned wages within the required 72 hours.  Indeed, Defendants still have not yet paid Plaintiff all his earned and unpaid wages to this day.

58.    Defendants' failure to promptly pay Plaintiff his wages earned and unpaid at the time of discharge or resignation violated California Labor Code §§ 201 or 202.

59.    California Labor Code § 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

60.    Therefore, Plaintiff is entitled to recover from Defendants the statutory penalty for each day he was not paid at his regular rate of pay up to a 30 day maximum pursuant to California Labor Code § 203.

COMPLAINT

10

61.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff is entitled to punitive damages.

## SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against all Defendants)

62.    Plaintiff incorporates by reference and realleges as if fully stated herein the material allegations set out in paragraphs 1 through 61 of this Complaint.

63.    At all material times set forth herein, Defendants' conduct was unfair, unlawful, and harmful to Plaintiff.

64.    Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff is entitled to restitution of the wages withheld, deducted and/or retained by Defendants, and, losses and/or expenses unreimbursed or charged by Defendants during a period that commences four years prior to the filing of this Complaint; a permanent injunction requiring Defendants to pay all outstanding monies due to Plaintiff; an award of attorneys' fees and costs.

78.    Defendants have been guilty of oppression, fraud, or malice, and should be punished for the sake of example.  Therefore, Plaintiff is entitled to punitive damages.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff prays for relief and judgment against Defendants, jointly and severally, as follows:

### As to the First Cause of Action

1.    For general unpaid wages at overtime wage rates;

COMPLAINT

11

2.      For pre-judgment interest on any unpaid overtime compensation from the date such amounts were due;

3.      For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

4.      For punitive damages; and,

5.      For such other and further relief as the Court may deem appropriate.

### As to the Second Cause of Action

6.      For all actual damages, according to proof;

7.      For statutory penalties pursuant to California Labor Code § 226(e);

8.      For reasonable costs and attorney's fees pursuant to California Labor Code § 226(e);

9.      For punitive damages; and,

10.     For such other and further relief as the Court may deem appropriate.

### As to the Third Cause of Action

11.     For payments pursuant to California Labor Code § 226.7(b);

12.     For reasonable attorney's fees;

13.     For costs of suit incurred herein;

14.     For punitive damages; and,

15.     For such other and further relief as the Court may deem appropriate.

### As to the Fourth Cause of Action

16.     For unpaid wages;

17.     For interest on all due and unpaid wages, accrued from the date that the wages were due and payable, at the rate of interest specified in California Civil Code § 3289(b), pursuant to California Labor Code § 218.6;

18.     For reasonable attorney's fees;

COMPLAINT

12

19.    For costs of suit incurred herein;

20.    For punitive damages; and,

21.    For such other and further relief as the Court may deem appropriate.

### As to the Fifth Cause of Action

22.    For statutory penalties pursuant to California Labor Code § 203;

23.    For reasonable attorney's fees;

24.    For costs of suit incurred herein;

25.    For punitive damages; and,

26.    For such other and further relief as the Court may deem appropriate.

### As to the Sixth Cause of Action

27.    For restitution of unpaid wages, wrongful deductions, unreimbursed expenses and pre-judgment interest thereon;

28.    For a permanent injunction ordering Defendants to pay required overtime rates for overtime hours worked to all securities brokers and broker trainees and ordering Defendants to discontinue the practice of passing on the costs of Defendants' doing business to its securities brokers and broker trainees;

29.    For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from the Defendants determined to have been wrongfully acquired by the Defendants as a result of violations of California Business & Professions Code § 17200 et seq.;

30.    For reasonable attorney's fees;

31.    For costs of suit incurred herein;

32.    For punitive damages; and,

33.    For such other and further relief as the Court may deem appropriate.

COMPLAINT

13

1

Dated: February 12, 2007

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Initiative Legal Group LLP

By: _____

Mark Yablonovich
Marc Primo
Joseph Cho
Gregory Yu
Susan J. Cregg
Attorneys for Plaintiff,
Robert Baumann

COMPLAINT

14

FILED IN FORMA PAUPERIS (CRC 385)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO §6511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

FEB 14 2007

**FILED**

LOS ANGELES SUPERIOR COURT

FEB 14 2007

John A. Clark, Executive Officer/Clerk

By _____ , Deputy
D. Garcia

Law Offices Peter Beck, APLC
Peter Beck, Esq.    (SBN #164824)
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0120 (tel) 213-637-0246 (fax)

Attorney for: Plaintiffs MICHEL JHEUN

Case assigned to Judge Soussan Bruguera

D-71

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL JUSTICE DISTRICT

| | |
|---|---|
| MICHEL JHEUN | CASE NO. BC366300 |
| Plaintiff, | Unlimited Civil Case |
| vs. | |
| HEE HO PARK, individually and dba M & M LEATHER FACTORY, and DOES 1 TO 20, inclusive. | **COMPLAINT FOR UNPAID OVERTIME** |
| Defendants. | |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the county of Los Angeles and because Defendants' obligations and liability arise therein.

1

Complaint for Damages

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant HEE HO PARK, an individual, is doing business as M & M LEATHER FACTORY in the County of Los Angeles, State of California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.    Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant M & M LEATHER FACTORY, and were acting on behalf of M & M LEATHER FACTORY who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

6.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

9.    Plaintiff was employed by Defendant from on August 1, 2005 to January 3, 2007 as a delivery person. Plaintiff's wages were $1500 every two weeks he last worked for Defendant.

**FIRST CAUSE OF ACTION**

2

(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.  Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.  Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.  Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.  Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.  Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

3

14.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

### SECOND CAUSE OF ACTION

**(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

16.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

17.  Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

18.  As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19.  At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage

1  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those

2  wages; and 5) the name and address of the employer.

3      20. Defendants knowingly and intentionally failed to provide each Plaintiff with

4  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in

5  Defendants' itemized wage statements included, among other things, not accurately showing the

6  number of all hours worked, and not including overtime hours in each pay period, as well as

   incorrectly reporting gross wages earned and not paying rest break premiums.

7      21. The Plaintiffs are likely to have evidentiary support, after research and reasonable

8  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

9  maintained a payroll recording system that did not accurately capture the hours worked by each

10  employee.

11      22. Plaintiffs are likely to have evidentiary support, after research and reasonable

12  opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

13  overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

14  violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

15  5-01), and the guidelines set forth by the IWC.

16      23. As a direct result of each Defendant's failure, each Plaintiffs were injured and

17  entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

18  pursuant to Cal. Lab. Code §226.

19                          **THIRD CAUSE OF ACTION**

20              (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

21      24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

22  herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought

23  against all Defendants jointly and individually.

24      25.    Defendants, and each of them, willfully refused and continue to refuse, to pay

25  Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore

26  request restitution and penalties as provided by Labor Code §203.

27

28

                                    5

## FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25. This cause of action is brought against all Defendants jointly and individually.

27.    By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.    Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.    For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE**, Plaintiffs pray judgment as follows:

1.    For compensatory damages;

2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.    For waiting time penalties pursuant to Labor Code §203 and §226;

4.    For penalties pursuant to Labor code §512 and §558;

6.    For interest accrued to date pursuant to Labor code §1194(a);

7.    For costs of suit incurred herein;

8.    For attorney's fees and costs pursuant to Labor code §1194; and

9.    For such other and further relief that the Court may deem just and proper.

6

1

2                                            Law Offices of Peter Beck, APLC

3  Dated:    1 - 9 - 07

4                                            By: _____

5                                                Peter Beck
                                                 Attorneys for Plaintiffs
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Complaint for Damages

1　ROBERT R. RONNE, ESQ. (SBN 092884)
　　LAW OFFICE OF ROBERT R. RONNE, APC
2　840 Apollo Street, Suite 307
　　El Segundo, California 90245
3　Telephone: (310) 322-1696
　　Facsimile : (310) 322-3039
4

5　DENNIS W. RIHN, ESQ. (SBN 126233)
　　ATTORNEY AT LAW
6　3460 Ocean View Boulevard, Suite F
　　Glendale, California 91208
7　Telephone: (818) 265-0525
　　Facsimile : (818) 249-2788
8

9　Attorneys for Plaintiff
　　　Case assigned
10　　to Judge          Conrad Aragon   D-49

11

12　　　　　SUPERIOR COURT OF THE STATE OF CALIFORNIA

13　　　　FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

14

15　BENEDICTO GARCIA,　　　　　)　CASE NO.　BC366582
　　　　　　　　　　　　　　　　)
16　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
17　　　　　　　　　　　　　　　　)　COMPLAINT FOR DAMAGES:
　　　　　vs.　　　　　　　　　　)
18　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　1)　FAILURE TO PAY OVERTIME
19　COMMAND GUARD SERVICES, a　)　　　COMPENSATION
　　business entity, form unknown; MAJOR )　　(Labor Code Sections 510 and
20　PROTECTIVE SERVICES, INC.; WSA )　　1194);
　　SECURITY, INC.; WSA PERSONNEL )
21　SERVICES, INC.; and　　　　　)　2)　UNFAIR COMPETITION
22　DOES 1 through 100, inclusive,　)　　　(Business & Professions Code
　　　　　　　　　　　　　　　　)　　　Section 17200).
23　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　)
24

25
　　　　PLAINTIFF Benedicto Garcia hereby alleges as follows:
26
　　///
27　///
28　///

-1-
Complaint

FILED
LOS ANGELES SUPERIOR COURT
FEB 20 2007
John A. Clark, Executive Officer/Clerk
By _____, Deputy

## GENERAL ALLEGATIONS

1.     At all times mentioned herein, defendant COMMAND GUARD SERVICES was a business entity, form unknown. Said entity, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing guard services to clients, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times employed Plaintiff.

2.     At all times mentioned herein, plaintiff is informed and believes, and on that basis alleges, defendant MAJOR PROTECTIVE SERVICES, INC. ("Major") was a California corporation. Said entity, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing guard services to clients, and has its main office in the State of California, County of Los Angeles. Further, Plaintiff is informed and believes, and on that basis alleges that Major calls itself sometimes Command Guard Services ("Command"). Said defendant at all relevant times employed Plaintiff.

3.     At all times mentioned herein, plaintiff is informed and believes, and on that basis alleges, defendants WSA SECURITY, INC. and WSA PERSONNEL SERVICES, INC. are California corporations. Said entities, Plaintiff is informed and believes, and on that basis alleges, are in the business of providing services, including preparation of W-2 forms, for clients such as Defendants COMMAND and MAJOR, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times claims to have employed Plaintiff.

4.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE defendant was and is responsible in some actionable manner for the events and incidents described in this complaint. Plaintiff is further informed and believes and thereupon alleges that each DOE defendants is also an employer of Plaintiff, or jointly responsible for employment of same. Plaintiff will seek leave of court to amend this pleading when the true names, identities and capacities of said DOE defendants have been ascertained.

5.     Plaintiff is informed and believes and thereupon alleges that there exists, and at all times relevant to this complaint, there existed a unity of interest and ownership between the

1  corporate defendants and the non-corporate defendants such that any individuality and separateness

2  between said individual defendants have ceased. Plaintiff is further informed and believes and

3  thereupon alleges that if the acts of the defendant entities are treated as those of the entity alone, an

4  inequitable result would follow. Accordingly, as to the defendants which are corporate defendants,

5  it is fair and equitable to permit piercing the corporate veil as to the non-corporate defendants.

6      6.    Plaintiff is informed and believes and thereupon alleges that at all times mentioned

7  in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were

8  the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that

9  each defendant was acting within the course, scope and authority of said agency, employment, joint

10  venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified and/or

11  approved the acts of the remaining defendants.

12                    FIRST CAUSE OF ACTION

13  FOR UNPAID OVERTIME COMPENSATION AND WAGE AND HOUR VIOLATIONS

14              (PLAINTIFF AGAINST ALL DEFENDANTS)

15      7.    Plaintiff incorporates by reference each of the preceding paragraphs.

16      8.    Plaintiff was employed by defendants, and each of them, as a security guard, starting

17  about June 17, 2003, and continuing up to and including around September, 2006.

18      9.    Plaintiff was, during his employment, required and permitted to work hours in excess

19  of 8 hours per day or 40 hours per week.

20      10.    Pursuant to the provisions of the California Labor Code, including Labor Code

21  Section 510, and regulations adopted by the California Department of Industrial Relations,

22  Defendants were obligated to pay Plaintiff 1.5 times his regular hourly rate for hours worked over 8

23  in a day, 1.5 times his regular hourly rate for hours worked over 40 during a week, 1.5 times his

24  regular hourly rate for the first 8 hours of labor after the sixth consecutive day of work, 2 times his

25  regular hourly rate for hours worked over 12 in a day, and 2 times his regular hourly rate for hours

26  worked over 8 after the sixth consecutive day of work. In violation of such laws and regulations,

27  defendants, and each of them, failed to fully pay Plaintiff for all the overtime hours he worked at the

28  required premium rates of pay. Pursuant to *Labor Code* Section 1194, Plaintiff is entitled to recover

-3-
Complaint

1    the full amount of unpaid overtime compensation owing him.

2          11.    In addition, pursuant to the provisions of the California *Labor Code*, and regulations

3    adopted by the California Department of Industrial Relations, Plaintiff was entitled to uninterrupted

4    rest periods in the middle of each work period at the rate of ten minutes per four hours of work (or

5    major fraction of four hours of work). In addition, pursuant to such laws, Plaintiff was entitled to

6    uninterrupted meal periods of not less than thirty minutes for any work period of more than five

7    hours. In violation of such laws and regulations, Plaintiff did not receive all legally required rest

8    and meal periods. Accordingly, Plaintiff is entitled to compensation for each meal and rest period

9    which was not uninterrupted, or which was not received as required by law, in an amount to be

10   proved at trial.

11         12.    In addition, pursuant to the provisions of the California *Labor Code*, and regulations

12   adopted by the California Department of Industrial Relations, Defendants, and each of them, were

13   obligated to provide uniforms and uniform maintenance to Plaintiff free of charge since Plaintiff

14   was required by defendants, and each of them, to wear uniforms while performing their duties. In

15   violation of such laws and regulations, Defendants failed to provide and maintain such uniforms,

16   and charged Plaintiff for such uniforms. Accordingly, Plaintiff is entitled to reimbursement of

17   uniform charges and maintenance costs.

18         13.    In addition, pursuant to *Labor Code* Section 203, Plaintiff was entitled by law to

19   receive at the termination of his employment all accrued but unpaid wages for all hours labored,

20   including overtime compensation. Because defendants, and each of them failed to pay such wages,

21   Plaintiff is entitled to the penalty of continuing wages set forth in *Labor Code* Section 203 in an

22   amount to be proved at trial.

23         14.    In addition, Plaintiff is entitled to interest on unpaid overtime compensation and

24   other recoveries to which they are entitled in an amount to be proved at trial.

25         15.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

26   specifically demanded, in an amount to be proved at trial or by way of motion authorized by law.

27         16.    In addition, Plaintiff is entitled to costs of suit.

28   ///

## SECOND CAUSE OF ACTION

### FOR UNFAIR BUSINESS PRACTICES

### PURSUANT TO *BUSINESS & PROFESSIONS CODE* SECTION 17200

### (PLAINTIFF AGAINST ALL DEFENDANTS)

17.    Plaintiff re-alleges and incorporate herein by this reference each of the preceding paragraphs.

18.    Under California *Business and Professions Code*, §§ 17200, and related statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated to refrain from engaging in unfair business practices, including the unfair business practices of failing to comply with applicable wage and hour laws of the State of California and the United States of America.

19.    Defendants, and each of them, have engaged in unfair business practices of:

    (A)    Failing to obey state and federal laws requiring provision and maintenance of uniforms, and payment of overtime compensation to employees, including Plaintiff, who have worked overtime hours for which they have not been paid, and;

    (B)    Failing to obey laws requiring defendants to keep accurate records of the hours and days worked by employees.

20.    Defendants, and each of them, pursuant to such unlawful, unfair and deceptive practices, have enriched themselves at the expense of innocent victims, including, but not limited to, Plaintiff and other employees of defendants, and have gained an unfair advantage over law-abiding employers. Defendants, and each of them, should therefore be enjoined from future violations of such laws and ordered to restore to Plaintiff all unpaid overtime compensation, for the period of June 17, 2003 through February, 2004 only, in an amount to be proved at trial.

///

///

///

///

-5-

Complaint

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

On the first cause of action:

    A.   For unpaid overtime compensation in an amount exceeding the jurisdiction of this court, and in an amount according to proof at trial;

    B.   For meal and rest periods an amount to be determined at trial according to proof;

    C.   For uniform and uniform maintenance reimbursement in an amount according to proof at trial;

    D.   For interest on the foregoing according to proof;

    E.   Compensation for meal and rest periods as provided by law, and according to proof;

    F.   Damages for violation of *Labor Code* Section 226;

    G.   Waiting time damages under *Labor Code* Section 203 as allowed by law;

    H.   For attorney's fees according to law;

    I.   For costs of suit, and;

    J.   For other relief as the Court deems just.

On the second cause of action:

    K.   For an order of restitution for unpaid overtime and minimum wage compensation owing Plaintiff in an amount to be proved at trial;

    L.   For such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

LAW OFFICES OF ROBERT R. RONNE, APC

BY:   ROBERT R. RONNE,
Attorney for Plaintiff
Benedicto Garcia

-6-