# EXHIBIT D
# PART 2 OF 6

1  Miklos Varga, Esq. #210917
   LAW OFFICES OF MIKLOS VARGA
2  22425 Ventura Blvd. Suite 400
   Woodland Hills, California 91364
3  Telephone: (818) 542-6531
   E-Mail: Vargalaw@earthlink.net
4

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 22 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
D. Garcia

5  Attorney for Plaintiff
   JEREMY MONSELLE
6

7  **Case assigned** Teresa Sanchez-Gordon
8  **to Judge**    SUPERIOR COURT OF THE STATE OF CALIFORNIA  D-74

9           FOR THE COUNTY OF LOS ANGELES

10

11  JEREMY MONSELLE                 )   Case No.  BC366647
                                    )
12                                  )   COMPLAINT FOR:
                                    )
13              Plaintiff,          )
                                    )
14       vs.                        )
                                    )   1) UNPAID OVERTIME WAGES
15  GOLDEN STATE TOWING AND AUTO    )
    REPAIR, INC., a California      )   2) INJUNCTIVE RELIEF AND
16  Corporation; and DOES 1         )      RESTITUTION (B&P 17200)
    through 100                     )
17                                  )
                Defendants.         )
18  _____)

19       Plaintiff, complains and alleges as follows:

20                     GENERAL ALLEGATIONS

21       1.   At all times herein mentioned, JEREMY MONSELLE

22  hereinafter referred to as "Plaintiff" worked for Defendants.

23       2.   Defendant GOLDEN STATE TOWING AND AUTO REPAIR, INC., is

24  incorporated in the State of California and doing business in

25  California at 32264 Castaic Road County of Los Angeles.

26       3.   The true names and capacities of the Defendants, DOES 1

27  through 100, inclusive, whether individual, corporate, associate or

28  otherwise, are unknown to Plaintiff, who therefore sues said

Complaint of Plaintiff

1  Defendants by such fictitious names.  Plaintiff will ask leave of
2  Court to amend this Complaint to show their true names and
3  capacities when the same have been ascertained.  Plaintiff is
4  informed and believes, and thereon alleges, that each of the
5  Defendants, designated herein as a DOE, is legally responsible in
6  some manner for the events and happenings herein referred to, and
7  negligently, wantonly, recklessly, tortiously and/or unlawfully
8  proximately caused the injuries and damages thereby to Plaintiff as
9  herein alleged.

10    4. Plaintiff is informed and believes, and on that information
11  and belief alleges, that at all times mentioned in this complaint,
12  defendants and DOES 1 through 100, were agents and employees of
13  their codefendants, and in doing the things alleged in this
14  complaint were acting within the course and scope of that agency
15  and employment. Each defendant, when acting as principal, was
16  negligent in the selection and hiring of each other defendant as an
17  agent or employee.

18                    **FIRST CAUSE OF ACTION**
                    (Unpaid Overtime Wages)
19

20    5.   Plaintiff repeats and realleges Paragraphs 1 through 4 of
21  the General Allegations, and incorporates the same by reference
22  though fully set forth herein.

23    6. Plaintiff was employed with defendants from approximately
24  May, 2005 through November, 2006 as a tow truck driver in
25  defendant's business.  Plaintiff's duties included but were not
26  limited to towing automobiles.

27    7.  Plaintiff during his tenure with defendants was a non-

28

1  exempt employee and consistently worked over 40 hours per week and
2  was not paid for overtime hours worked.

3      8.  Plaintiff during his tenure did not receive a meal period
4  or break periods as mandated by Labor Code 226.7.

5      9.  Plaintiff's itemized wage statements were not in
6  compliance with the mandates of Labor Code 226 and plaintiff is
7  entitled to damages and other remedies pursuant to such statute.

8      10.  Workers such as the plaintiff employed in the State of
9  California were and are non-exempt employees and subject to the
10  overtime pay provisions of Labor Code 510 and its predecessors.

11      11. All of the aforementioned actions by defendants were in
12  violation of numerous sections of the California Labor Code.

13      12.  Pursuant to Labor Code 201 at the time Plaintiff's
14  employment was terminated, defendants were obligated to pay
15  plaintiff's wages earned and unpaid in the amount specified herein.
16  In violation of Labor Code 201, defendants failed to pay plaintiff
17  the amount of wages due and owing.

18      13.  Since the date of termination from employment with the
19  defendants, plaintiff has been available and ready to receive the
20  amount of wages specified herein due and owing.  Plaintiff has not
21  refused to receive any payment, nor has plaintiff been absent from
22  his regular place of residence.

23      14.  Defendants failure to pay plaintiff his wages due and
24  owing as alleged herein was willful in that plaintiff has made
25  demand for such payment but defendants have knowingly not paid him
26  wages in violation of the aforementioned Labor Code sections.

Complaint of Plaintiff                    - 3 -

1   Furthermore, defendants do not have a good faith dispute that some
2   wages are due plaintiff.

3          15.   Defendants willful failure to pay plaintiff his wages
4   due and owing constitutes a violation of Labor Code 203 which
5   provides that an employee's wages will continue as a penalty until
6   paid up to 30 days from the time the wages were due.   Therefore,
7   plaintiff is entitled to waiting time penalties pursuant to Labor
8   Code 203.
9
          16.   Pursuant to Labor Code 1194 plaintiff requests the court
10  to award plaintiff his attorney fees, interest and costs incurred
11  in this action.
12
13                        **SECOND CAUSE OF ACTION**
                   (Injunctive Relief and Restitution B&P 17200)
14
          17.   Plaintiff incorporates herein by reference paragraphs 1
15  through 16, inclusive as though fully set forth herein.
16
          18.   Plaintiff brings this action in his individual capacity
17  on behalf of himself only.
18
          19.   On or about May, 2005 and continuing through the date of
19  his termination defendants have violated Business and Professions
20  Code 17200 and have engaged in unlawful and unfair business acts in
21  that they have implemented ongoing business practices including but
22  not limited to:
23
             (a) Failure to pay the plaintiff overtime wages pursuant
24  to the Labor Code and applicable I.W.C. Order;
25
             (b)  Failure  to  pay  the  plaintiff  his  wages  upon
26  termination in violation of Labor Code 201;
27
28

1    (c) Failure to provide the plaintiff with accurate itemized
2    wage statements as mandated by Labor Code 226;

3    (d) Failure to maintain accurate and complete payroll
4    records for the plaintiff pursuant to Labor Code 1174(d) and
5    applicable wage orders;

6    (e) Failure to provide plaintiff with mandated meal and rest
7    periods as required by Labor Code 226.7;

8    (f) Violation of public policy and Labor Code 90.5
9    
10   by permitting the plaintiff to work in substandard unlawful
11   conditions and thereby attempting to gain a competitive advantage
12   over other individuals who employ clerical workers at the expense
13   of the plaintiff by failing to comply with minimum labor standards,
14   defrauding the government by failing to pay payroll taxes and
15   pocketing such monies that were lawfully due the taxing
16   authorities.

17   20. The above described acts and practices violate the law
18   and as a direct and proximate result of the defendants' conduct
19   which is in violation of the aforementioned laws, defendants have
20   received monies that are lawfully earned and owing to the
21   plaintiff.

22   21. Plaintiff is entitled to an order requiring defendants
23   to disgorge the ill-gotten gains obtained by engaging in these
24   unlawful business practices and to provide restitution to the
25   plaintiff who has suffered injury as a result of these unlawful
26   business practices.
27
28

Complaint of Plaintiff                    -5-

**Wherefore,** Plaintiff prays for judgment as follows:

<u>FIRST CAUSE OF ACTION</u>:

1.  For compensatory damages representing overtime wages and other compensation earned by plaintiff according to proof;

2.  For waiting time penalties pursuant to Labor Code 203;

3.  For premium wages pursuant to Labor Code 226.7;

4.  For damages pursuant to Labor Code 226;

5.  For interest pursuant to Labor Code 1194;

6.  For attorney fees pursuant to Labor Code 1194;

7.  For costs of suit pursuant to Labor Code 1194; and

8.  For such other and further relief as the court may deem proper.

<u>SECOND CAUSE OF ACTION</u>:

1.  Defendants be ordered to restore to the plaintiff all funds acquired by the acts of unfair competition set forth herein pursuant to Business and Professions Code section 17203;

2.  For interest according to the law;

3.  For costs of suit; and

4.  For such other and further relief as the court may deem proper.


Dated: February 22, 2007                    LAW OFFICES OF MIKLOS VARGA


                                            MIKLOS VARGA, Esq.
                                            Attorney for Plaintiff

1 | Miklos Varga, Esq. #210917
LAW OFFICES OF MIKLOS VARGA
2 | 22425 Ventura Blvd. Suite 400
Woodland Hills, California 91364
3 | Telephone: (818) 542-6531
E-Mail: Vargalaw@earthlink.net
4 |

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 22 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

5 | Attorney for Plaintiff
ABRAHAM MBALATI
6 |
Case assigned *Edward A Ferns*   D-69
7 | to Judge
8 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 |                 FOR THE COUNTY OF LOS ANGELES
10 |                                              BC366646
11 | ABRAHAM MBALATI                )  Case No.
                                   )
12 |                                )  COMPLAINT FOR:
                                   )
13 |              Plaintiff,        )
                                   )
14 |         vs.                    )
                                   )  1) UNPAID OVERTIME WAGES
15 | MARIPOSA BREAD COMPANY, L.L.C. )
     an unknown business entity;   )  2) INJUNCTIVE RELIEF AND
16 | and DOES 1 through 100         )     RESTITUTION (B&P 17200)
                                   )
17 |           Defendants.         )
                                   )
18 | _____)

19 |      Plaintiff, complains and alleges as follows:

20 |                      GENERAL ALLEGATIONS

21 |      1.   At all times herein mentioned, ABRAHAM MBALATI

22 | hereinafter referred to as "Plaintiff" worked for Defendants.

23 |      2.   Defendant MARIPOSA BREAD COMPANY, L.L.C. an unknown

24 | business entity is doing business in the County of Los Angeles.

25 |      3.   The true names and capacities of the Defendants, DOES 1

26 | through 100, inclusive, whether individual, corporate, associate or

27 | otherwise, are unknown to Plaintiff, who therefore sues said

28 | Defendants by such fictitious names. Plaintiff will ask leave of

Complaint of Plaintiff

1   Court to amend this Complaint to show their true names and
2   capacities when the same have been ascertained.  Plaintiff is
3   informed and believes, and thereon alleges, that each of the
4   Defendants, designated herein as a DOE, is legally responsible in
5   some manner for the events and happenings herein referred to, and
6   negligently, wantonly, recklessly, tortiously and/or unlawfully
7   proximately caused the injuries and damages thereby to Plaintiff as
8   herein alleged.

9       4. Plaintiff is informed and believes, and on that information
10  and belief alleges, that at all times mentioned in this complaint,
11  defendants and DOES 1 through 100, were agents and employees of
12  their codefendants, and in doing the things alleged in this
13  complaint were acting within the course and scope of that agency
14  and employment. Each defendant, when acting as principal, was
15  negligent in the selection and hiring of each other defendant as an
16  agent or employee.

17                      **FIRST CAUSE OF ACTION**
                        (Unpaid Overtime Wages)
18

19      5.   Plaintiff repeats and realleges Paragraphs 1 through 4 of
20  the General Allegations, and incorporates the same by reference
21  though fully set forth herein.

22      6. Plaintiff was employed with defendants from approximately
23  May, 2006 through January, 2007 as a general laborer in defendant's
24  bread business.  Plaintiff's duties included but were not limited
25  to baking bread, operating the cash register, cleaning the
26  bathroom, cleaning tables, making sandwiches, making deliveries,
27  washing dishes, stocking inventory and other clerical duties.
28

7.    Plaintiff during his tenure with defendants was a non-exempt employee and consistently worked over 40 hours per week and was not paid for overtime hours worked. Plaintiff was paid a salary and mis-classified as an exempt employee when in fact well over 75% of his duties involved the non-exempt duties described herein.

8.    Plaintiff during his tenure did not receive a meal period or break periods as mandated by Labor Code 226.7.

9.    Plaintiff's itemized wage statements were not in compliance with the mandates of Labor Code 226 and plaintiff is entitled to damages and other remedies pursuant to such statute.

10.    Workers such as the plaintiff employed in the State of California were and are non-exempt employees and subject to the overtime pay provisions of Labor Code 510 and its predecessors.

11. All of the aforementioned actions by defendants were in violation of numerous sections of the California Labor Code.

12. Pursuant to Labor Code 201 at the time Plaintiff's employment was terminated, defendants were obligated to pay plaintiff's wages earned and unpaid in the amount specified herein. In violation of Labor Code 201, defendants failed to pay plaintiff the amount of wages due and owing.

13.    Since the date of termination from employment with the defendants, plaintiff has been available and ready to receive the amount of wages specified herein due and owing. Plaintiff has not refused to receive any payment, nor has plaintiff been absent from his regular place of residence.

14.    Defendants failure to pay plaintiff his wages due and

1  owing as alleged herein was willful in that plaintiff has made
2  demand for such payment but defendants have knowingly not paid him
3  wages in violation of the aforementioned Labor Code sections.
4  Furthermore, defendants do not have a good faith dispute that some
5  wages are due plaintiff.

6      15.  Defendants willful failure to pay plaintiff his wages
7  due and owing constitutes a violation of Labor Code 203 which
8  provides that an employee's wages will continue as a penalty until
9  paid up to 30 days from the time the wages were due.  Therefore,
10 plaintiff is entitled to waiting time penalties pursuant to Labor
11 Code 203.
12

13     16.  Pursuant to Labor Code 1194 plaintiff requests the court
14 to award plaintiff his attorney fees, interest and costs incurred
15 in this action.

16                    **SECOND CAUSE OF ACTION**
17            (Injunctive Relief and Restitution B&P 17200)

18     17. Plaintiff incorporates herein by reference paragraphs 1
19 through 16, inclusive as though fully set forth herein.

20     18.  Plaintiff brings this action in his individual capacity
21 on behalf of himself only.

22     19.  On or about May, 2006 and continuing through the date of
23 his termination defendants have violated Business and Professions
24 Code 17200 and have engaged in unlawful and unfair business acts in
25 that they have implemented ongoing business practices including but
26 not limited to:

27           (a) Failure to pay the plaintiff overtime wages pursuant
28

Complaint of Plaintiff                    - 4 -

1  to the Labor Code and applicable I.W.C. Order;

2      (b) Failure to pay the plaintiff his wages upon

3  termination in violation of Labor Code 201;

4      (c) Failure to provide the plaintiff with accurate itemized

5  wage statements as mandated by Labor Code 226;

6      (d) Failure to maintain accurate and complete payroll

7  records for the plaintiff pursuant to Labor Code 1174(d) and

8  applicable wage orders;

9

10     (e) Failure to provide plaintiff with mandated meal and rest

11  periods as required by Labor Code 226.7;

12     (f) Violation of public policy and Labor Code 90.5

13  by permitting the plaintiff to work in substandard unlawful

14  conditions and thereby attempting to gain a competitive advantage

15  over other individuals who employ clerical workers at the expense

16  of the plaintiff by failing to comply with minimum labor standards,

17  defrauding the government by failing to pay payroll taxes and

18  pocketing such monies that were lawfully due the taxing

19  authorities.

20     20. The above described acts and practices violate the law

21  and as a direct and proximate result of the defendants' conduct

22  which is in violation of the aforementioned laws, defendants have

23  received monies that are lawfully earned and owing to the

24

25  plaintiff.

26     21. Plaintiff is entitled to an order requiring defendants

27  to disgorge the ill-gotten gains obtained by engaging in these

28  unlawful business practices and to provide restitution to the

Complaint of Plaintiff                        - 5 -

1  plaintiff who has suffered injury as a result of these unlawful

2  business practices.

3

4      **Wherefore**, Plaintiff prays for judgment as follows:

5                    FIRST CAUSE OF ACTION:

6  1.  For compensatory damages representing overtime wages and other

7      compensation earned by plaintiff according to proof;

8  2.  For waiting time penalties pursuant to Labor Code 203;

9  3.  For premium wages pursuant to Labor Code 226.7;

10 4.  For damages pursuant to Labor Code 226;

11 5.  For interest pursuant to Labor Code 1194;

12 6.  For attorney fees pursuant to Labor Code 1194;

13 7.  For costs of suit pursuant to Labor Code 1194; and

14 8.  For such other and further relief as the court may deem

15     proper.

16

17                   SECOND CAUSE OF ACTION:

18 1. Defendants be ordered to restore to the plaintiff all funds

19     acquired by the acts of unfair competition set forth herein

20     pursuant to Business and Professions Code section 17203;

21 2. For interest according to the law;

22 3. For costs of suit; and

23 4. For such other and further relief as the court may deem

24     proper.

25

26

27

28

Complaint of Plaintiff                    - 6 -

1

2

3  Dated: February 22, 2007               LAW OFFICES OF MIKLOS VARGA

4

5

6                                         MIKLOS VARGA, Esq.
                                          Attorney for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint of Plaintiff                    - 7 -

Feb 27 2007 8:58AM    SPCLAW FAX                    16262812919          p.9

91791

1 | LAW OFFICES OF STEVEN P. CHANG
2 | BY: STEVEN P. CHANG, CSB 221783
  | 801 S. Garfield Ave., Suite 338
3 | Alhambra, CA 91801
  | TEL: (626) 281-1232
4 | FAX: (626) 281-2919
5 | ATTORNEYS FOR PLAINTIFF
6 | Yuan Shi

**FILED**
LOS ANGELES SUPERIOR COURT

FEB 27 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
        D. Garcia

Case assigned *TERRY GREEN*
to Judge     D-14

7
8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF LOS ANGELES

10 | Yuan Shi, an individual

| | |
|---|---|
| 10 | Yuan Shi, an individual |
| 11 | Plaintiff, |
| 12 | vs. |
| 13 | |
| 14 | AAE Express (LA) Corp., a California |
| 15 | Corporation; AAE Plus Express, Inc., a |
| 16 | California Corporation; and DOES 1-100 inclusive, |
| 17 | |
| 18 | |
| 19 | Defendants. |
| 20 | |

Case No.: **BC367039**

COMPLAINT FOR DAMAGES
1) FOR FAILURE TO PAY WAGES;
2) FOR FAILURE TO PAY OVERTIME COMPENSATION;
3) FOR VIOLATION OF UNFAIR COMPETITION LAWS

CIT/CASE: BC367039 (BA/TR-B)
RECEIPT #: CTH 01447059
DATE PAID: 02/27/07  08:40:10 T?
PAYMENT: $320.00        ?D-??
RECEIVED:
        CHECK;
        CASH;
        CHANGE;

21 | Plaintiff, for counts and causes of action against defendants, and each of them, alleges as

22 |

23 | follows:

**GENERAL ALLEGATIONS**

24

25 | 1. Plaintiff YUAN SHI is, and at all times herein mentioned was, individual residing

26 | within the County of Los Angeles and was previously employed by some or all of the defendants

27 | herein.

28 | 2. Plaintiff is informed and believe, and on that basis allege, that Defendant, AAE

Express (LA) Corp., (hereinafter "AAE") is a California Corporation, is as a matter of law,



1   employer of plaintiff, and is responsible for ensuring compliance with the wage and hour

2   applicable to plaintiff's labor with same, or is otherwise liable to plaintiff as set forth herein.

3   Further, said defendant authorized, approved, or ratified the illegal conduct pled herein.

4       3. Plaintiff is informed and believe, and on that basis allege, that Defendant, AAE

5   APLUS Express, Inc., (hereinafter "APLUS") is the new entity that wholly owns, part of, or

6   belongs to AAE and is as a matter of law an employer of plaintiff and was the entity responsible

7   for ensuring compliance with the wage and hour applicable to plaintiff's labor with same, or is

8   otherwise liable to plaintiff as set forth herein.

9       4. The true names and capacities, whether individual, corporate, association or

10   otherwise, of defendants sues herein as Does 1 through 100, inclusive, are currently unknown to

11   plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and

12   believe, and based thereon alleges, that each of the defendants, designated herein as a Doe, is

13   legally responsible in some manner for the events and happenings referred to herein, and caused

14   injury and damages proximately thereby to plaintiff as hereinafter alleged. Plaintiff will seek

15   leave of court to amend this complaint to show the true names and capacities of defendants

16   designated herein as Does when the same has been ascertained. Whenever this complaint in

17   reference is made to "defendants and each of them" such allegations shall be deemed to mean

18   acts of defendants acting individually, jointly and/or severally.

19       5. Except as herein after specifically described, defendants and each of them are and were

20   the agents and or employees of each of the other defendants, and in acting as described herein

21   were acting within the scope of their authority or employment as agents and/or employees

22   thereof, with the permission and consent of the other defendants, and in concert with each other.

23       6. On or about July 1, 2004 plaintiff began working for defendants AAE and APLUS

24   (hereinafter collectively referred to as "defendants") as an assistant and driver and deliver person.

25       7. Plaintiff was a non-exempt employee when hired by defendants, and remained until

26   his departure on or about February 1, 2007 from defendants' employ, a non-exempt employee of

27   defendants.

28

1    8. Plaintiff worked as an assistant, driver and deliver person. Essentially, his job duties

2    included doing everything that is needed in the company including sorting the shipment that

3    comes in from China, arrange the shipment that comes in, drive the shipment from defendants'

4    warehouse to Los Angeles International Airport for shipment, and delivery to local residences

5    and businesses. Plaintiff's job duties did not include, and never included, employment in the

6    capacity as an administrative, executive, or professional person. More particularly, plaintiff was

7    never engaged in any work which was primarily intellectual, managerial, or creative, and which

8    required exercise of discretion and independent judgment. Thus, plaintiff is what is commonly

9    called a "non-exempt" employee, in the field of endeavor in which he worked for defendants.

10    9. As such, Plaintiff is entitled to the benefits of certain Labor Code statutes, and of

11    regulations promulgated by the Department of Industrial Relations, and its appropriate divisions,

12    including, but not limited to, the right to be paid time and a half for hours worked over 8 in a

13    day, the right to be paid time and a half for hours worked over 40 during the week, the right to be

14    paid at double time for any hours worked over 12 in a day, the right to be paid at double time for

15    any hours worked on any day after the sixth consecutive day of work, the right to be paid time

16    and a half for any hours worked on the sixth day of work. Most importantly the right to

17    minimum wage as regulated.

18    10. Further, defendants, and each of them have engaged in a pattern and practice over

19    many years willfully failing to pay minimum wage and "premium" rates of pay required by law

20    to be paid to plaintiff. Defendants and each of them have also established, as will be further

21    detailed herein, over a number of years, a pattern and practice of concealing from employees,

22    such as plaintiff, and including plaintiff, what their legal rights are despite the fact defendants

23    know or should have known. Defendants and each of them willfully violated and disregard the

24    law by willfully failing to state the actual hours worked by the plaintiff and misclassifying the

25    plaintiff.

26    11. In fact, defendants and each of them is engaged in such a devious scheme to avoid

27    the labor law by willfully engaging in pay pattern that would give off an impression that in fact

28

1 | minimum wage had been paid but in reality were not. This case is so egregious that punitive

2 | damage is warranted as to deter future occurrence of like events.

3 |        12. Plaintiff is informed and believe, and on such information and belief thereon allege,

4 | that at all time relevant herein, Defendants, and each of them, were agents, servants and/or

5 | employees, representative, promoters, directors, officers, employees, instruments and/or alter

6 | egos, and/or entities unified in interest and ownership of the other Defendants, and each of them

7 | ,and in doing the things herein alleged, each Defendant was acting within the course and scope of

8 | his/her/their representation, direction, officiation, interest, employment, authority, agency and

9 | promotion of all other Defendants and with the permission, ratification and consent of all other

10 | Defendants.

11 |        13. There exists, and, at all times herein mentioned, there existed the unity of interest and

12 | ownership between Defendants, AAE, APLUS, and DOES 1 to 100, such that any individuality

13 | and separateness between them has ceased, and, at all time herein mentioned, the Defendants

14 | have been the alter ego of one another Co-defendants and DOES 1 to 100.

15 |        14.. The AAE and APLUS Defendants are, and at all time herein mentioned, the alter

16 | egos of the other Defendants identified herein and there exists a unity of interest and ownership

17 | between them, such that any separateness has ceased to exist and that said Defendants

18 | completely controlled, dominated, managed, and operated both, and intermingled, co-mingled

19 | and failed to separate the assets of each to suit their convenience, to conceal and manipulate

20 | business activities, treating said entities and their assets as the assets of each other Defendants

21 | thereby failing to separate each Defendants assets and liabilities from these of other Defendants.

22 |        15. The AAE and APLUS Defendants are, and at all time herein mentioned, were, mere

23 | shells, instrumentalities and/or conduits through which the other Defendants carried on business

24 | and as Defendants would have conducted such business without said entities thereby exercising

25 | complete control, manipulation and dominance of said entities to such an extent that any

26 | individuality or separateness does not, and, at all time herein mentioned, did not exist. As a

27 | result said entities were so controlled, dominated, manipulated and operated by said Defendants

28 | such that they are the alter ego of the other.

Feb 27 2007 9:00AM    SBCLAW FAX     16  2812919    p.13

1     16. Adherence to the fiction of separate existence of the AAE and APLUS as separate

2 entities distinct from one another would permit the abuse of the privilege and/or sanction a fraud.

3

4 FIRST CAUSE OF ACTION

5 (For Fraudulent Transfer Against All Defendants and DOES 1 to 100)

6     17. Plaintiff hereby incorporate by this reference paragraphs 1-16, inclusive, herein as if

7 set forth in full.

8     18. Defendants and each of them were alter-egos and immediate successors of the entire

9 business interest of one another.

10     19. Plaintiff is informed and believe and thereon allege that Defendants and each of them

11 conspired to transfer all assets whether tangible or intangible, real and personal from AAE to

12 APlus in a sham transfer to avoid creditors and liabilities.

13     20. This transfer was made with the intent to defraud, hinder or delay plaintiff or without

14 receiving equivalent value in exchange, intending to incur debts which were beyond their ability

15 to pay when they are due.

16     21. As a proximate result of Defendants' conduct, Defendants' assets have been placed

17 out of plaintiff's lawful reach.

18     22. Defendants' aforesaid transfer should be voided.

19     23. Defendants' conduct was fraudulent, malicious and oppressive, entitling Plaintiff to

20 exemplary damages.

21

22 SECOND CAUSE OF ACTION

23 (For Failure To Pay Minimum Wages Against All Defendants)

24     24. Plaintiff hereby incorporates by this reference paragraphs 1-23, inclusive, herein as if

25 set forth in full.

26     25. Beginning immediately after their employment, more specifically beginning on or

27 about July 1, 2004 through February 1, 2007, Plaintiff was required to and did work for

28 defendants, and each of them, on average 10 to 12 hours a day, approximately 6 days a week. In

1  fact, as part of the job requirements plaintiff would arrive at work 8:00AM and often get off

2  work around 9:00PM. Plaintiff has not been paid the legally required premium amount of

3  compensation for the work over 8 hours a day, and any thing more than 40 hours a week.

4       26. Plaintiff is entitled, under the Labor Code, to bring this civil action to recover the

5  unpaid wages and premium not paid, and to recover, according to proof, said amount at trial,

6  which plaintiff believes exceeds $30,000.00.

7       27. In addition, Plaintiff is entitled to interest thereon, according to proof, which plaintiff

8  believes exceeds $10,000.00

9       28. In addition, Plaintiff is entitled by law to costs of suit as well as statutory wait time

10 penalty, which plaintiff believes exceeds $5,000.00.

11      29. Plaintiff is, in addition, entitled to recover all consequential, general, and special

12 damages, as well as attorney's fees (which are hereby demanded) in an amount according to

13 proof, and statutory penalties according to proof, but in any event in excess of $20,000 to date.

14

15                          THIRD CAUSE OF ACTION

16            (To Recover Overtime Compensation Against All defendants)

17      30. Plaintiff hereby incorporates by this reference paragraphs 1-29, inclusive, herein, as if

18 set forth in full.34

19      31. Beginning immediately after his employment commenced, plaintiff was required to

20 and did work extensive and considerable amounts of overtime, including more than twelve (12)

21 hours in a day, and plaintiff has not been paid compensation at the legal rate for those hours of

22 labor. Further, defendants did NOT keep any pay records as to reflect the employer of and the

23 amount of time worked by plaintiff, and thus are inappropriate and against the law. Defendants,

24 having violated the mandates of Labor Code section 226(a)(2), amongst other things, entitles

25 plaintiff to damages or statutory recovery thereunder, whichever is greater.

26 ///

27 //

28 ///

1      32. Plaintiff is entitled, under Labor Code section 1194, to bring this civil action to

2    recover the unpaid balance of the full amount of overtime compensation not paid of at least

3    $30,000.00 according to proof at trial.

4      33. In addition, Plaintiff is entitled to interest thereon, of at least $10,000.00, and

5    according to proof at trial.

6      34. In addition, plaintiff is entitled by law to costs of suit as well as statutory wait time

7    penalty, which plaintiff believes exceeds $5,000.00.

8      35. Plaintiff is, in addition, entitled to recover all consequential, general, and special

9    damages, as well as attorney's fees (which are hereby demanded) in an amount according to

10   proof, and statutory penalties according to proof, but in any event in excess of $20,000.00 to

11   date.

12                          FOURTH CAUSE OF ACTION

13      (For Restitution for Violation of Unfair Competition Laws As Against All Defendants)

14      36. Plaintiff hereby incorporate by this reference paragraphs 1-35, inclusive, herein, as if

15   set forth in full. Plaintiff brings this claim to remedy, and have standing to remedy the improper

16   conduct of Defendants, and each of them, alleged in this count, on behalf of himself.

17      37. Under California Business and Profession Code, Sections 17200 et. Seq. Defendants,

18   and each of them, are obligated to refrain from engaging in unfair business practices. Further,

19   under a group of laws now commonly referred to as the "Unfair Competition Laws," Defendants,

20   and each of them are obligated to comply with the law, and avoid improper, illegal, and unethical

21   activity which would constitute a violation of the Unfair Competition Laws.

22      38. Defendants, and each of them, on multiple occasions, and in multiple instances,

23   engaged in such conduct prohibited by the Unfair Competition Laws, and engaged in a course of

24   illegal business practices including, Plaintiff is informed and believe, but not limited to, the

25   followings:

26      (a) Failing to pay plaintiff overtime wages known by defendants, and each of them, to be

27      due and owing;

28


1    (b) Failing to rectify the failure to pay overtime wages, after having been put on notice

2    within the last two years of the fact that said overtime wages due plaintiff had not been paid;

3    (c) By misclassifying plaintiff as exempt employee from overtime requirements;

4    (d) By improperly withholding from plaintiff monies owed to them;

5    (e) By improperly calculating monies owed to plaintiff;

6    (f) By failing to pay monies owed to plaintiff by defendants;

7    (g) By failing to pay plaintiff minimum wage;

8    (h) By failing to rectify the failure to pay minimum wage within the last two years;

9    (i) By developing schemes designed to disguise their unfair practices;

10    (j) By charging third parties amounts for services reflecting a price structure that would

11    lead defendants' customers and consumers to believe that plaintiff was legally paid;

12    (k) By retaliating against plaintiff who protest defendants' illegal conduct or exercise

13    legal rights;

14    (l) By utilizing defendants AAE and APLUS., as an instrumentality of defendant's illegal

15    activities;

16    39. Said activities were intended to and did deceive others, including plaintiff.

17    40. Such conduct did, and in fact was utilized by Defendants, and each of them, to gain

18    unfair business advantages, as alleged. Further, such conducts were unfair business practices,

19    and constitute violation of Unfair Competition Laws.

20    41. Plaintiff requests relief for said violations by restoring those monies unfairly taken,

21    specifically from plaintiff;

22    42. Further, Defendants' business practices and violations of the Unfair Practices Laws

23    have yielded substantial ill-gotten gains to Defendants. Plaintiff therefore requests that the court

24    enter judgment requiring those Defendants to return plaintiff all sums owed in a sum according

25    to proof.

26    <u>PRAYER</u>

27    WHEREFORE, Plaintiff prays judgment against defendants and each of them as follows:

28    1. Unpaid overtime, according to proof, in excess of $30,000.00;

FIRST COMPLAINT
- 8 -

2. Liquidated Damages, according to proof;

3. Interest of at least $10,000.00; more precisely according to proof;

4. For restitution for plaintiff, according to proof;

5. Cost of suits, including attorney's fees, according to proof;

6. For such other and further relief as the court may deem appropriate.

Dated:   February 26, 2007

Respectfully submitted
LAW OFFICES OF STEVEN P. CHANG

BY:

STEVEN P. CHANG
Attorney for Plaintiff
YUAN SHI

1  Henry M. Lee, Bar No. 156041
   HENRY M. LEE, LAW CORPORATION
2  3530 Wilshire Boulevard, Suite 1130
   Los Angeles, California 90010
3  (213) 382 -0955
   (213) 382-0956 Facsimile
4
   Attorneys for Plaintiff
5  Seungyoun Sur

**FILED**
Los Angeles Superior Court

MAR 05 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

6

7  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

9

10  SEUNGYOUN SUR aka JENNY
    SUR, an individual,
11
            Plaintiff,
12
    vs.
13
    B & G COMMODITIES, INC., a
14  California corporation; BILLY H.
    JANG aka KYUNG H. JANG,
15  individually and doing business as B
    & G COMMODITIES, INC.;
16  GERARDO SAMSON individually
    and doing business as B & G
17  COMMODITIES, INC.; USA CTT
    CO., INC. doing business as CIL, a
18  California corporation; JASON M.
    LEE, an individual; and DOES 1
19  through 100, inclusive.
20          Defendants.
21

CASE NO.:  BC367269

**COMPLAINT FOR DAMAGES:**

1. **UNFAIR COMPETITION;**
2. **LABOR CODE VIOLATIONS**

22      Plaintiff SEUNGYOUN SUR aka JENNY SUR ("Plaintiff") hereby complains,

23  alleges and avers as follows:

24                      <u>**GENERAL ALLEGATIONS**</u>

25      1. Plaintiff ("Plaintiff") is and was an individual residing in Los Angeles County,

26  State of California and was a former employee of Defendants identified herein.

27      2. Plaintiff is informed and believes and based thereon alleges that Defendant & G

28  COMMODITIES, INC. a California corporation with its principal place of business in the

1
**Complaint**

1  County of Los Angeles, State of California. Plaintiff is informed and believes that
2  Defendant BILLY H. JANG aka KYUNG H. JANG is an individual residing in the
3  County of Los Angeles, State of California and doing business using the name of B & G
4  COMMODITIES, INC. Plaintiff alleges Defendant GERARDO SAMSON is an
5  individual residing in the County of Los Angeles, State of California, and also used the
6  business name of B & G COMMODITIES, INC. Plaintiff is informed and believes and
7  based thereon alleges that Defendant USA CTT Co., Inc., a California corporation with
8  its principal place of business in the County of Los Angeles, State of California. Plaintiff
9  is informed and believes that Defendant Jason M. Lee is an individual residing in the
10  County of Los Angeles, State of California and doing business using the name of CIL.
11  Plaintiff alleges that each of said Defendants, including the unknown Defendants
12  identified as DOES, directly or indirectly controlled or affected the working conditions,
13  wages, working hours, and conditions of employment of Plaintiff and all others similarly
14  situated so as to make each of said Defendants employers and liable as employers under
15  the statutory provisions set forth herein.

16  3. The true names and capacities, whether individual, corporate, associate, or
17  otherwise, of defendants designated as DOES 1 through 100, inclusive, are currently
18  unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Each
19  of the DOE defendants co conspired with or is otherwise legally responsible in some
20  manner for the acts, omissions, events and happenings which proximately caused
21  damages to Plaintiffs, as herein alleged. Plaintiffs will ask leave of court to amend this
22  Complaint to allege their true names and capacities when the same have been ascertained.

23  4. At all times mentioned herein, Defendants, and each of them, were the agents,
24  representatives, employees, co conspirators, successors and/or assigns, each of the other,
25  and were acting within the course and scope of their authority as such agents,
26  representatives, employees, co conspirator, successors and/or assigns, and each Defendant
27  ratified and approved the acts of its, his or her agent, and/or that of the remaining
28  Defendants, and each of them.

5. Pursuant to California Labor Code section 218, Plaintiff may bring a civil action for unpaid wages directly against the employer without first filing a claim with the Department of Labor Standards Enforcement.

6. Plaintiff alleges that Defendants and each of them engaged in numerous unlawful activities in violation of the most basic of labor standards, including but not limited to the those set forth in the applicable Industrial Welfare Commission Order. Among other things, Plaintiff alleges Defendants and each of them failed to provide their employees with proper payment of wages, failed to pay for overtime wages, failed to provide proper meal and rest periods, failed to provide a proper accounting of wages paid, issued instruments in payment of wages, which instruments were drawn on insufficient funds, and are subject to several different penalties for these and other Labor Code violations.

7. Plaintiff alleges that she was employed as a non exempt employee within the period of four years preceding the filing of this lawsuit, during the course of employment with Defendants and each of them, Plaintiff was not properly paid wages, and is entitled to recovery of the following damages, including penalties, as estimated below, or as proven at the time of trial. Throughout employment, Plaintiff was paid at various monthly salary rates, rather than an hourly rate, the corresponding hourly rates for which are set forth below. Therefore, Plaintiff seeks the full amount of unpaid wages as set forth below, according to the promised rate of pay.

**ESTIMATED UNPAID WAGES (June 13, 2055 through July 31, 2006)**

Monthly Salary of $2,500

| | | |
|---|---|---|
| a. | Unpaid wages: | $21,884.00 |
| b. | Meal Penalties: | $4,181.80 |
| c. | Rest Periods: | $4,181.80 |
| d. | 226 Penalties: | $2,650.00 |
| e. | 203 Penalties: | $3,460.80 |
| f. | Parking paid on behalf of Defendants | $472.50 |
| | TOTAL: | $36,830.90 |

3
Complaint

1   h.   Checks drawn on insufficient funds:

2        #1001                              $ 5,000.00

3        #1002                              $ 5,000.00

4        #1003                              $ 5,000.00

5        #1004                              $ 5,000.00

6        #1005                              $ 2,356.50

7        **TOTAL**                          **$ 22,356.50**

8        8.  Plaintiff also alleges that she suffered additional damages due to Defendants and

9   each of their failure to withhold taxes from his wages, the damages of which are

10  estimated at no less than $20,000. Plaintiff therefore requests recovery of unpaid wages

11  in the form of penalties according to proof, interest, attorneys' fees, and costs pursuant to

12  all applicable provisions of the Labor Code, Industrial Welfare Commission Order and/or

13  other statutes, including "waiting time penalties" pursuant to Labor Code section 203, as

14  set forth above or as proven at the time of trial.

15                          **FIRST CAUSE OF ACTION**

16  **(Unlawful Business Practices in Violation of Bus.&Prof. Code Section 17200 et seq.**

17                          **Against all Defendants)**

18       9.   Plaintiff incorporates paragraphs 1 to 8 as though set forth in full herein.

19       10.  Plaintiff alleges that Defendants and each of them engaged in numerous

20  unlawful and deceptive activities in violation of the most basic of labor standards, which

21  unlawful conduct afforded Defendants and each of them the ability to unfairly compete

22  against other businesses that did comply with the law. Further, pursuant to the provisions

23  of the applicable Industrial Welfare Commission Order, employees are required to be

24  given meal breaks and rest periods during each day of work. Plaintiff also alleges

25  Defendants engaged in additional violations as set forth in further detail below.

26       11.  Plaintiff is informed and believes and thereon alleges that defendants

27  intentionally, willfully and improperly failed to pay non exempt employees their wages

28  for hours worked. Plaintiff alleges that Defendants and each of them issued instruments

1   to Plaintiff as payment of wages, but said instruments were drawn on insufficient funds.

2       12.   Plaintiff further alleges that Defendants and each of them also engaged in

3   additional multiple Labor Code violations including but not limited to failing to properly

4   maintain adequate records of hours and wages, failing to provide employees with meal

5   and rest periods, failing to provide employees with an accounting of their wages, when

6   wages were paid, failing to provide employees with proper notice of their rights.

7       13.   Plaintiff estimates as a result of the Defendants' and each of their unlawful

8   business practices, Defendants have unlawfully withheld wages from Plaintiff.

9       14.   Plaintiff requests restitution of unpaid wages, according to proof, interest,

10  pursuant to statute.

11                          **SECOND CAUSE OF ACTION**

12          **(FAILURE TO PROVIDE MEAL PERIODS AGAINST ALL DEFENDANTS)**

13      15.   Plaintiff hereby incorporates paragraphs 1 through 14 as though set forth in

14  full herein.

15      16.   Plaintiff alleges that within three years prior to filing of this action, pursuant to

16  the provisions of Labor Code Section 226.7 and the applicable Industrial Welfare

17  Commission Order, Defendants and each of them were required to provide each of their

18  employees with a meal period of not less than 30 minutes, during which the employees

19  were to be totally relieved of all duties. Said meal period is required to be provided for

20  each 5 hour period worked and a second meal period of no less than 30 minutes for

21  employees who work more than 12 hours per day.

22      17.   Plaintiff alleges that Defendants and each of them violated the Labor Code and

23  Industrial Welfare Commission Order and failed to provide employees with proper meal

24  periods and/or if meal periods were provided, that such employees were not completely

25  relieved of all duties and therefore did not constitute a proper meal period at all.

26      18.   Pursuant to the provisions of Labor Code Section 226.7, Plaintiff is entitled to a

27  full one hour of compensation at that employee's regular rate of pay for each mandatory

28

5
**Complaint**

1 | meal period not provided as set forth in Paragraph 7 above, or as proven at the time of
2 | trial.

3 |     19.    Plaintiff also seeks recovery of attorneys fees pursuant to statute as well as all
4 | applicable penalties.

5 | **THIRD CAUSE OF ACTION**

6 | **(FAILURE TO PROVIDE REST PERIODS AGAINST ALL DEFENDANTS)**

7 |     20.    Plaintiff hereby incorporates paragraphs 1 through 19 as though set forth in
8 | full herein.

9 |     21.    Plaintiff alleges that within three years prior to filing of this action, pursuant to
10 | the provisions of Labor Code Section 226.7 and the applicable Industrial Welfare
11 | Commission Order, Defendants and each of them were required to provide each of their
12 | employees with a rest period during which the employees were to be totally relieved of all
13 | duties. Said rest period is required to be provided for each 4 hour period worked in any
14 | single day.

15 |     22.    Plaintiff alleges that Defendants and each of them violated the Labor Code and
16 | Industrial Welfare Commission Order and failed to provide employees with proper rest
17 | periods and/or if rest periods were provided, that such employees were not completely
18 | relieved of all duties and therefore did not constitute a proper rest period at all.

19 |     23.    Pursuant to the provisions of Labor Code Section 226.7, Plaintiff is entitled to
20 | full one hour of compensation at regular rate of pay for each mandatory rest period not
21 | provided as set forth in Paragraph 7, or proven at the time of trial.

22 |     24.    Plaintiff also seeks recovery of attorneys fees pursuant to statute as well as all
23 | applicable penalties.

24 | **FOURTH CAUSE OF ACTION**

25 | **(WAITING TIME PENALTIES AGAINST ALL DEFENDANTS)**

26 |     25.    Plaintiff hereby incorporates paragraphs 1 through 24 as though set forth in
27 | full herein.

28 |

26.     Plaintiff alleges that within three years prior to filing of this action, pursuant to the provisions of the Labor Code and applicable Industrial Welfare Commission Order as outlined above, Defendants and each of them willfully failed to pay their non exempt employees proper overtime wages, and failed to provide nonexempt employees proper meal breaks and rest periods, and failed to pay said employees their wages due upon resignation or termination. By failing to timely pay said wages, Defendants and each of them are liable to Plaintiff and all other similarly situated employees for penalties pursuant to Labor Code Section 203 in an amount equal to 30 days of each employee's per diem wage rate, as set forth in Paragraph 7 above or in an amount to be determined at the time of trial, including interest thereon together with reasonable attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION

**(VIOLATION OF LABOR CODE SECTION 226 et seq. AGAINST ALL DEFENDANTS)**

27.     Plaintiff hereby incorporates paragraphs 1 through 27 as though set forth in full herein.

28.     Plaintiff alleges that within three years prior to filing of this action, pursuant to the provisions of the Labor Code and applicable Industrial Welfare Commission Order as outlined above, Defendants and each of them were required to provide Plaintiff with an accounting with each wage payment containing information as required by Labor Code Section 226 et seq., which information includes but is not limited to the number of hours worked, the rates of pay for said hours, and tax withholdings. Plaintiff alleges that Defendants and each of them willfully failed to provide their employees with the requisite accounting as required by the Labor Code and Industrial Welfare Commission Order. By failing to provide said accounting, Defendants and each of them are liable to Plaintiff and all other similarly situated employees for penalties of $50 for the initial pay period in which the violation occurred and $100 for each subsequent pay period, for each employee all in an amount to be determined at the time of trial, including interest thereon together with reasonable attorney's fees and costs of suit.

7
**Complaint**

## SIXTH CAUSE OF ACTION

**(PENALTIES FOR VIOLATIONS OF LABOR CODE AGAINST ALL DEFENDANTS)**

29.    Plaintiff hereby incorporates paragraphs 1 through 28  as though set forth in full herein.

30.    Plaintiff alleges that within three years prior to filing of this action, pursuant to the provisions of the Labor Code and applicable Industrial Welfare Commission Order as outlined above, Defendants and each of them engaged in multiple violations of the Labor Code and applicable Industrial Welfare Commission Order, including but not limited to willfully failing to pay nonexempt employees overtime wages, failing to provide employees with proper accountings of their wages, failing to provide other employees with meal breaks and rest periods, failing to provide statutory mandated notices to employees of their rights.  By committing said violations of the Labor Code and Industrial Welfare Commission Order, is entitled to recover of additional statutory penalties from Defendants and each of them, of $50 for the initial pay period in which the violation occurred and $100 for each subsequent pay period, all in an amount to be determined at the time of trial, including interest thereon together with reasonable attorney's fees and costs of suit.

## SEVENTH CAUSE OF ACTION

**(VIOLATIONS OF LABOR CODE SECTION 212 AGAINST ALL DEFENDANTS)**

31.    Plaintiff hereby incorporates paragraphs 1 through 31  as though set forth in full herein.

32.    Plaintiff alleges that Defendants, on several occasions, issued instruments to Plaintiff as payment for wages earned, however, the instruments were drawn on insufficient funds.  Plaintiff contends Defendants and each of their conduct constitutes a direct violation of the provisions of Labor Code Section 212, entitling Plaintiff to recovery of damages, including but not limited to wages, penalties, interest and attorneys fees.

1    WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS

2    AND EACH OF THEM AS FOLLOWS:

3    ON THE FIRST CAUSE OF ACTION:

4        1. For restitution of all unpaid wages and interest;

5    ON THE SECOND THROUGH NINTH CAUSES OF ACTION:

6        1. For compensatory damages;

7        2. For all civil penalties and interest;

8    ON ALL CAUSES OF ACTION:

9        1. For attorneys fees pursuant to statute;

10       2. For all just and reasonable relief as the court deems appropriate;

11       3. For costs of suit.

12

13

14    DATED:   February 8, 2007            HENRY M. LEE, LAW CORPORATION

15

16                                        By: _____
                                               Henry M. Lee
17                                             Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED
AMOUNT RECOVERABLE PURSUANT
TO 935117.6 GO §
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR

**FEE WAIVER** MAR 0 7 2007

Law Offices of Peter Beck, APLC
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0246 (fax) 213-637-0120 (tel)

Attorney for: Plaintiffs RAFAEL ROBLES

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 0 7 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
      D. Garcia

Case assigned to Judge     ALICE E. ALTOON

D-28

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL JUSTICE DISTRICT

| | |
|---|---|
| RAFAEL ROBLES | CASE NO. **BC367494** |
| Plaintiff, | Unlimited Civil Case |
| vs. | |
| ARA SHUKRI, AGOP SHUKRI, and ARMAN SHUKRI, individuals; ALOOJIAN ENTERPRISES, LLC, a California Limited Company; and DOES 1 TO 20, inclusive. | **COMPLAINT FOR UNPAID OVERTIME AND WAGES** |
| Defendants. | |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1.     This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the county of Los Angeles and because Defendants' obligations and liability arise therein.

1

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant ALOOJIAN ENTERPRISES, LLC, a California Limited Company is doing business in the County of Los Angeles, State of California.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant ARA SHUKRI, AGOP SHUKRI, and ARMAN SHUKRI are individuals residing in and doing business in the County of Los Angeles, State of California.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant ARA SHUKRI, AGOP SHUKRI, and ARMAN SHUKRI and DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant ALOOJIAN ENTERPRISES, LLC, a California Limited Company, and were acting on behalf of ALOOJIAN ENTERPRISES, LLC, a California Limited Company in the payment of wages to Plaintiff.

7.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was partly written, partly oral, and partly implied.

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.1    Defendant  ARA SHUKRI, AGOP SHUKRI, and ARMAN SHUKRI is liable for the acts of defendant ALOOJIAN ENTERPRISES, LLC, a California Corporation alleged in this complaint as its alter ego  and its recognition of the privilege of separate existence would promote injustice because defendants ARA SHUKRI, AGOP SHUKRI, and ARMAN SHUKRI

1  in bad faith dominated and controlled defendant ALOOJIAN ENTERPRISES, LLC, a California

2  Limited Company.

3     9.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had

4  suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but

5  subject to proof at trial.

6

7     9.1  Plaintiff was employed by Defendant from on or about June 1, 2005 to March 7,

8  2007 as a car wash employee.  Plaintiff's wages were $30 per day when he last worked for

   Defendant.

9

10

11                    **FIRST CAUSE OF ACTION**

12  (FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL
    WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

13

14     9.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

15  herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought

16  against all Defendants jointly and individually.

17     10.   Pursuant to Industrial Welfare Commission Order 1-90, California Code of

18  Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January

    1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated

19  at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of eight (8)

20  hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for

21  hours worked in excess of twelve (12) hours per day.

22     11.   Pursuant to Industrial Welfare Commission Order 1-98, California Code of

23  Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate

24  Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of

25  pay for hours worked in excess of forty (40) hours per week.

26     12.   Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000,

27  California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date

28  plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff

                              3

1  for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for

2  hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2)

3  times the regular rate of pay for hours in excess of twelve (12) hours per day.

4      13.    Plaintiff was a nonexempt employee entitled to the protections of Industrial

5  Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010.

6  During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate

   Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours

7  per week and double-time hours for hours worked in excess of twelve (12) hours per day, as

8  required under the aforementioned labor regulations.

9      14.    As a proximate result of the aforementioned violations, Plaintiff has been

10  damaged in an amount according to proof at time of trial, but in an amount in excess of the

11  jurisdiction of this Court.

12      15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and

13  1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus

14  interest, and reasonable attorney's fees and costs of suit.

15

16

17                              **SECOND CAUSE OF ACTION**

18  **(Penalties for failure to accurately record hours worked, and provide rest and meal
   periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

19

20      16.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

21  herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought

22  against all Defendants jointly and individually.

23      17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other

24  employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-

25  minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1,

26  2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

27      18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be

28  proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of

                                              4

compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those wages; and 5) the name and address of the employer.

20. Defendants knowingly and intentionally failed to provide each Plaintiff with accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in Defendants' itemized wage statements included, among other things, not accurately showing the number of all hours worked, and not including overtime hours in each pay period, as well as incorrectly reporting gross wages earned and not paying rest break premiums.

21. The Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants, and each of them, maintained a payroll recording system that did not accurately capture the hours worked by each employee.

22. Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted overtime hours or minutes from employee time sheets to avoid payment of overtime wages in violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and 5-01), and the guidelines set forth by the IWC.

23. As a direct result of each Defendant's failure, each Plaintiffs were injured and entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation pursuant to Cal. Lab. Code §226.

## THIRD CAUSE OF ACTION

(Failure to Pay Minimum Wages – IWC Wage Orders 5-500,5-01, and Cal Labor Code §1194 and §1198)

24.     Plaintiffs hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 30. This cause of action is brought against all Defendants jointly and individually.

25.  Labor Code §1194 requires that employees be paid a minimum wage.   Defendants failed to pay the minimum wage during the period of Plaintiffs' employment.

26.  Plaintiff is entitled to recover damages for violation of Labor Code §1194, civil penalties, liquidated damages Labor Code §1194.2, and reasonable attorney's fees and costs of suit.

## FOURTH CAUSE OF ACTION
### (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

27.     Plaintiffs hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 through 26. This cause of action is brought against all Defendants jointly and individually.

28.     Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore request restitution and penalties as provided by Labor Code §203.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

29.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 28. This cause of action is brought against all Defendants jointly and individually.

6

30.   By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

31.   Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

32.   For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE,** Plaintiffs pray judgment as follows:

1.   For compensatory damages;

2.   For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.   For waiting time penalties pursuant to Labor Code §203 and §226;

4.   For penalties pursuant to Labor code §512 and §558;

6.   For interest accrued to date pursuant to Labor code §1194(a);

7.   For costs of suit incurred herein;

8.   For attorney's fees and costs pursuant to Labor code §1194;

9.   For punitive damages for violation of Labor Code sections 1194 and 1198; and

10.   For such other and further relief that the Court may deem just and proper.

Law Offices of Peter Beck, APLC

Dated:  3-7-07

By: _____

Peter Beck
Attorneys for Plaintiffs

7

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 1 4 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

1  **LAW OFFICES OF SAHAG MAJARIAN II**
   SAHAG MAJARIAN, ESQ. (SBN 146621)
2  18250 Ventura Boulevard
   Tarzana, California 91356
3  Tel: (818) 609-0807
   Fax: (818) 609-0892
4                                    Case assigned to
                                     Judge
5  **KALOUSTIAN & ASSOCIATES**
   HARRY S. KALOUSTIAN, ESQ. (SBN 219679)
6  21243 Ventura Boulevard, Suite 115
   Woodland Hills, CA 91364
7  Tel: (818) 594-0739
   Fax: (818) 594-0852
8
   Attorneys for Plaintiff CLAUDIA ROSAS
9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12           FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT -

13                        UNLIMITED JURISDICTION

                                        BC367815
14

15  CLAUDIA ROSAS, an individual;          )  Case No.:
                                           )
16                                         )  COMPLAINT FOR DAMAGES:
                                           )
17              Plaintiff,                 )  1. Failure to Pay Overtime;
                                           )  2. Waiting Time Penalties (Cal. Lab. Code §
18         vs.                             )     203);
                                           )  3. Failure to Provide Accurate Itemized
19  BILG & KHANGURA GAS & FOOD, a          )     Statements (Cal. Lab. Code § 226);
    business organization form unknown d/b/a )  4. Failure to Provide Rest Periods (Cal. Lab.
20  ARCO AMPM; and DOES 1 to 25, inclusive,  )     Code §§ 226.7, 512 and IWC Wage Order
                                           )     5);
21                                         )  5. Conversion
              Defendants.                  )
22                                         )  **JURY TRIAL DEMANDED**
                                           )
23                                         )  **UNLIMITED JURISDICTION**
                                           )  **(Amount Demanded Exceeds $25,000)**
24
25        Plaintiff, CLAUDIA ROSAS (hereinafter referred to as "Plaintiff"), complains against

26  the above named Defendants (defendant BILG & KHANGURA GAS & FOOD, business

27  organization form unknown d/b/a ARCO AMPM, and DOES 1 to 25 are hereafter

28

                                      - 1 -

                              COMPLAINT FOR DAMAGES

collectively referred to as "Defendants") for causes of action against each of them as follows:

## I. INTRODUCTION

Plaintiff brings this action against Defendants for statutory damages, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of the California Labor Code and Industrial Welfare Commission Wage Orders.

## II. PARTIES

1. Plaintiff is, and at all times relevant was, a resident of the county of Los Angeles, State of California. During all relevant times, Plaintiff was an employee of Defendants'.

2. Defendant BILG & KHANGURA GAS & FOOD is, and at all times relevant hereto was, a business organization form unknown and is and was doing business as ARCO AMPM and maintained its principal place of business at 4380 Eagle Rock Boulevard, Highland Park, CA 90042.

3. Plaintiff is informed and believes and on that basis alleges, that Defendants and some of Does 1 through 25 directly employed or exercised control over the wages, hours, or working conditions of Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants referenced herein was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

5. Defendants Does 1 through 25, inclusive, are sued herein under such fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that Defendant and some of the fictitiously named Doe defendants either owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These

1 DOES held ownership, officer, director and/or executive positions with the remaining
2 Defendants, and acted on behalf of the remaining Defendants, which included decision making
3 responsibility for, and establishment of, illegal payroll practices and policies for Defendants
4 which have damaged Plaintiff. Therefore, DOES 1 through 25, in addition to the remaining
5 Defendants, are "employers" as a matter of law and personally liable on the causes of action
6 alleged herein.

7 　　　6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through
8 25 are, and at all times relevant hereto were, persons, corporations or other business entities
9 organized and existing under and by virtue of California law, and are/were qualified to transact
10 and conduct business in the State of California, and did transact and conduct business in the State
11 of California, and are thus subject to the jurisdiction of the State of California. Specifically,
12 DOES 1 through 25 maintain offices, operate businesses, employ persons, conduct business in,
13 and illegally pay employees by illegal payroll practices and policies in Los Angeles County.

14 　　　7. Plaintiff is further informed and believes, and thereon alleges, that each of the
15 fictitiously named defendants aided and assisted the named defendants in committing the
16 wrongful acts alleged herein, and that Plaintiff's damages where proximately caused by each
17 defendant.

18 　　　8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
19 one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or
20 otherwise, the successors, assigns, joint venturers, co-venturers or partners of one or more of the
21 remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that
22 capacity.

23 　　　9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
24 one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or
25 otherwise, the assured, insured, indemnitor, guarantor of one or more of the remaining named
26 and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.
27 　　　10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
28 one or more of each named and/or unnamed defendant(s) was the alter ego of one or more of the

COMPLAINT FOR DAMAGES

1  remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their
2  own benefit and/or the benefit of one or more of the remaining named and/or unnamed
3  defendant(s).

4      11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has
5  suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but
6  subject to proof at trial.

7

8          III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9      12. Plaintiff was employed at BILG & KHANGURA GAS & FOOD from on or about
10  March, 1999 to March, 2006.

11      13. Defendants initially paid Plaintiff at a rate of $8.00 per hour and later began paying
12  Plaintiff at a rate of $9.00 per hour. Plaintiff will amend this complaint to state the exact dates of
13  payment of these wages when the same has been ascertained.

14      14. Under Wage Orders established by the Department of Labor Standards and
15  Enforcement ("D.L.S.E"), the above-named Plaintiff did not qualify as an "exempt-employee,",
16  and therefore, his employment was subject to all appropriate laws with respect to non-exempt
17  employees who are entitled to an hourly wage and therefore, also entitled to overtime wages.

18      15. Plaintiff routinely worked well in excess of eight (8) hours per day or forty hours per
19  week, all without receiving the proper overtime pay.

20      16. Plaintiff was consistently paid incorrectly by Defendants, because they failed to pay
21  the Plaintiff for all hours worked, including regular hours worked and all applicable overtime
22  hours which he was entitled to. Plaintiff complained to Defendants about this fact, to no avail.

23      17. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage
24  Order 5, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working
25  conditions of all persons such as the above-named Plaintiff.

26      18. As a general rule, Plaintiff was not authorized to take a ten (10) minute rest break in
27  the morning and/or a ten (10) minute rest break in the afternoon for every four hours worked by
28  the Plaintiff.

- 4 -

19. Plaintiff was never required to clock in or out for any and all breaks that were taken, if any were received. Furthermore, there was never any agreement, whether formal or informal, whereby the Plaintiff acquiesced to waiving any of her breaks.

20. Throughout Plaintiff's employment, Defendants failed to provide her with accurate, itemized wage statements that properly and accurately itemized the number of hours worked by the Plaintiff at the effective overtime rates of pay.

## IV. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME
## (AGAINST ALL DEFENDANTS)

21. Plaintiff refers to and incorporates paragraphs 1 through 20 above as though set forth in full in this cause of action.

22. Pursuant to Industrial Welfare Commission ("IWC") Order I-98, California Code of Regulations, Title 8, § 11010, as of March, 1999, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of eight (8) hours per day.

23. Pursuant to IWC Order I-98, California Code of Regulations, Title 8, § 11010, as of March, 1999, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of forty (40) hours per week.

24. Plaintiff is a nonexempt employee entitled to the protections of IWC Order I-90 and I-98, California Code o Regulations, Title 8, §11010. During the course of the Plaintiffs employment, Defendants, and each of them, failed to compensate the Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations.

25. Pursuant to Labor Code §§ 200, 510, 1194 and 1198 and IWC Wage Order 5, Defendants were required to compensate the Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventy (7th) consecutive day of any work week.

26. At all times relevant herein, Labor Code § 1194(a) provided that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

27. Throughout the Plaintiff's employment, Defendants have failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

28. As a direct and proximate result of Defendants' willful, knowing and intentional failure to pay overtime wages, the Plaintiff has suffered and continues to suffer wage losses in a sum according to proof.

29. Plaintiff incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to California Labor Code § 1194(a), in a sum according to proof.

## SECOND CAUSE OF ACTION

### WAITING TIME PENALTIES (Ca. Lab. Code §§203)
### (AGAINST ALL DEFENDANTS)

30. Plaintiff refers to and incorporates paragraphs 1 through 29 above as though set forth in full in this cause of action.

31. Plaintiff has made numerous requests to the defendants for her overtime and compensation for regular wages, but the defendants have refused to pay her for such.

///

-6-

32. To date, Plaintiff has not been paid in full for, but not limited to, overtime compensation.

33. Defendants have willfully failed to pay Plaintiff all monies owed to her, without withholding.

34. As a result of these failures to pay, Plaintiff is entitled to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

35. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to Labor Code § 218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS –

(Ca. Lab. Code §§226)

(AGAINST ALL DEFENDANTS)

36. Plaintiff refers to and incorporates paragraphs 1 through 35 above as though set forth in full in this cause of action.

37. At all times relevant herein, Defendants violated Labor Code Section 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective overtime rate of pay.

38. Defendants and each of them knowingly and intentionally failed to comply with Labor Code Section 226, causing damages to the Plaintiff. These damages, including but not limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, the Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code Section 226, in an amount according to proof at the time of trial, plus reasonable attorney's fees and costs pursuant to Labor Code Section 226(g).

-7-

# FOURTH CAUSE OF ACTION

## COMPENSATION FOR REQUIRED REST PERIODS NOT PROVIDED –
### (Ca. Lab. Code §§226.7, 512 and IWC Wage Order 5)
### (AGAINST ALL DEFENDANTS)

39. Plaintiff refers to and incorporates paragraphs 1 through 38 above as though set forth in full in this cause of action.

40. Pursuant to IWC Wage Order 5, Defendants were required to authorize and permit employees such as the Plaintiff to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours or a major fraction thereof, with no deduction from wages.

41. Defendants failed and refused to authorize and permit for Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of IWC Wage Order 5.

42. Defendants further violated IWC Wage Order 5 and Labor Code Section 226.7 by failing to pay Plaintiff one (1) hour of pay at the Plaintiff's regular rate of pay for each rest period not provided, in an amount according to proof at the time of trial. This amount remains owed and unpaid.

# FIFTH CAUSE OF ACTION

## CONVERSION
### (AGAINST ALL DEFENDANTS)

43. Plaintiff refers to and incorporates paragraphs 1 through 42 above as though set forth in full in this cause of action.

44. At the time Defendants failed to pay the wages due to the Plaintiff, as described herein, Plaintiff owed and had the right to possess the withheld compensation. Defendants willfully and without legal justification interfered with the Plaintiff's right to own and possess

- 8 -

1  her wages and compensation.

2    45. In refusing to pay the Plaintiff's wages and compensation, Defendants unlawfully and

3  intentionally took and converted the property of the Plaintiff to their own use. At the time the

4  conversion took place, the Plaintiff was entitled to immediate possession of the amounts of

5  wages and compensation payable. The conversion was concealed by the Defendants from the

6  Plaintiff. The conversion was oppressive, malicious and fraudulent.

7    46. Plaintiff has been damaged as a result of this conversion and is entitled to (1) all

8  monies converted by Defendants with interest thereon; (2) any and all profits, whether direct or

9  indirect, Defendants acquired by their conversion; (3) punitive and exemplary damages.

10

11             V. PRAYER

12

13    WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as

14  follows:

15    1. For Special (Actual) Damages: back pay, front pay, and other special damages

16     according to proof;

17    2. For General Damages;

18    3. For all Statutory Damages;

19    4. For Punitive and Exemplary Damages;

20    5. For pre-judgment and post-judgment interest on all damages awarded;

21    6. For all penalties imposed as stipulated by the California Labor Code; including

22     waiting time penalties, pursuant to Labor Code §§ 203 and 558;

23    7. For reasonable Attorney's Fees, pursuant to California Labor Code §§ 218.5, 226(g),

24     1194(a), 1197 and CCP 1021.5;

25    8. For Costs of Suit incurred;

26    9. For compensation of one hour at the regular rate of pay for each meal or rest period

27     denied in violation of Labor Code § 226.7 and Wage Order 5, according to proof;

28  ///

10. For such other and further relief as the Court may deem just and proper;

11. For a Jury Trial.

Dated: 2/14/2007

KALOUSTIAN & ASSOCIATES

By: Harry Kaloustian, Attorneys for
Plaintiff CLAUDIA ROSAS

- 10 -

COMPLAINT FOR DAMAGES

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

MAR 14 2007 FEE WAIVER

Law Offices of Peter Beck, APLC
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0246 (fax) 213-637-0120 (tel)

Attorney for: Plaintiffs CARLOS VALDEZ

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 14 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

BC367729

| | |
|---|---|
| CARLOS VALDEZ | CASE NO. |
| Plaintiff, | Unlimited Civil Case |
| vs. | |
| MARCIAL OLARTE, an individual; OLARTE TRANSPORT SERVICES, business form unknown, and DOES 1 TO 20, inclusive. | **COMPLAINT FOR UNPAID OVERTIME AND WAGES** |
| Defendants. | |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1. This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the county of Los Angeles and because Defendants' obligations and liability arise therein.

1

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant OLARTE TRANSPORT SERVICES, business form unknown, is doing business in the County of Los Angeles, State of California.

4.    Plaintiff is informed and believes, and thereon alleges, that Defendant MARCIAL OLARTE is an individual residing in or doing business in the County of Los Angeles, State of California.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

6.    Plaintiff is informed and believes, and thereon alleges, that Defendant MARCIAL OLARTE and DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant OLARTE TRANSPORT SERVICES, business form unknown, and were acting on behalf of OLARTE TRANSPORT SERVICES, business form unknown, in the payment of wages to Plaintiff.

7.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was partly written, partly oral, and partly implied.

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.1    Defendant MARCIAL OLARTE is liable for the acts of defendant OLARTE TRANSPORT SERVICES, business form unknown, INC. alleged in this complaint as its alter ego and its recognition of the privilege of separate existence would promote injustice because defendant MARCIAL OLARTE in bad faith dominated and controlled defendant OLARTE TRANSPORT SERVICES, business form unknown.

2

9.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

9.1  Plaintiff was employed by Defendant from on or about February 1, 2004 to May 1, 2006 as a Handyman/ Driver.  Plaintiff's wages were $300 per week per week when he last worked for Defendant.

### FIRST CAUSE OF ACTION
(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.    Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for

3

1    hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2)

2    times the regular rate of pay for hours in excess of twelve (12) hours per day.

3         13.    Plaintiff was a nonexempt employee entitled to the protections of Industrial

4    Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010.

5    During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate

6    Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours

7    per week and double-time hours for hours worked in excess of twelve (12) hours per day, as

     required under the aforementioned labor regulations.

8         14.    As a proximate result of the aforementioned violations, Plaintiff has been

9    damaged in an amount according to proof at time of trial, but in an amount in excess of the

10   jurisdiction of this Court.

11        15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and

12   1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus

13   interest, and reasonable attorney's fees and costs of suit.

14

15                          **THIRD CAUSE OF ACTION**

16   (Failure to Pay Minimum Wages – IWC Wage Orders 5-500,5-01, and Cal Labor Code §1194

     and §1198)

17        16.    Plaintiffs hereby realleges and incorporates by reference, as though fully set forth

18   herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought

19   against all Defendants jointly and individually.

20        17.    Labor Code §1194 requires that employees be paid a minimum wage.    Defendants

21   failed to pay the minimum wage during the period of Plaintiffs' employment.

22        18.    Plaintiff is entitled to recover damages for violation of Labor Code §1194, civil

23   penalties, liquidated damages Labor Code §1194.2, and reasonable attorney's fees and costs of

24   suit.

25

26                          **SECOND CAUSE OF ACTION**

27

28

                                          4

1  (Penalties for failure to accurately record hours worked, and provide rest and meal
2  periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)

3
4      19.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth
5  herein, the aggregations contained in paragraphs 1 though 18. This cause of action is brought
6  against all Defendants jointly and individually.
       20. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other
7  employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-
8  minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1,
9  2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.
10      21. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be
11  proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of
12  compensation for each workday that the meal period was not provided and one additional hour of
13  pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not
14  provided.
15      22. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage
16  Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep
17  written daily records of each of its employee's hours of work and meal breaks and to maintain
    such records for at least three (3) years; and to provide to each employee with each periodic wage
18  payment a writing setting forth, among other things the following: 1) the dates of labor for which
19  payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage
20  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those
21  wages; and 5) the name and address of the employer.
22      23. Defendants knowingly and intentionally failed to provide each Plaintiff with
23  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in
24  Defendants' itemized wage statements included, among other things, not accurately showing the
25  number of all hours worked, and not including overtime hours in each pay period, as well as
26  incorrectly reporting gross wages earned and not paying rest break premiums.
27      24. The Plaintiffs are likely to have evidentiary support, after research and reasonable
28  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

                                        5

1    maintained a payroll recording system that did not accurately capture the hours worked by each
2    employee.

3    　　　25.  Plaintiffs are likely to have evidentiary support, after research and reasonable
4    opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted
5    overtime hours or minutes from employee time sheets to avoid payment of overtime wages in
6    violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and
     5-01), and the guidelines set forth by the IWC.
7
8    　　　26.  As a direct result of each Defendant's failure, each Plaintiffs were injured and
     entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation
9    pursuant to Cal. Lab. Code §226.

10

11    　　　　　　　　　　　**THIRD CAUSE OF ACTION**
12    　　　　　(WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

13    　　　27.  Plaintiffs hereby reallege and incorporates by reference, as though fully set forth
14    herein, the aggregations contained in paragraphs 1 through 26.  This cause of action is brought
15    against all Defendants jointly and individually.

16    　　　28.  Defendants, and each of them, willfully refused and continue to refuse, to pay
17    Plaintiff overtime in a timely manner, as required by Labor Code §203.  Plaintiff therefore
18    request restitution and penalties as provided by Labor Code §203.

19

20

21    　　　　　　　　　　　**FOURTH CAUSE OF ACTION**
22    　　　(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

23

24    　　　29.  Plaintiffs hereby reallege and incorporates by reference, as though fully set forth
      herein, the allegations contained in paragraphs 1 through 28.  This cause of action is brought
25    against all Defendants jointly and individually.
26

27

28

30.    By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

31.    Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

32.    For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE,** Plaintiffs pray judgment as follows:

1.    For compensatory damages;

2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.    For waiting time penalties pursuant to Labor Code §203 and §226;

4.    For penalties pursuant to Labor code §512 and §558;

6.    For interest accrued to date pursuant to Labor code §1194(a);

7.    For costs of suit incurred herein;

8.    For attorney's fees and costs pursuant to Labor code §1194;

9.    For punitive damages; and

10.    For such other and further relief that the Court may deem just and proper.

Law Offices of Peter Beck, APLC

Dated: 3-13-07

By: _____

Peter Beck
Attorneys for Plaintiffs

7

Complaint for Damages

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

**FEE WAIVER**

MAR 14 2007

Law Offices of Peter Beck, APLC
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0246 (fax) 213-637-0120 (tel)  Case assigned to

Attorney for: Plaintiffs ARNULFO GARCIA aka JÓSE A. GARCIA

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 14 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ARNULFO GARCIA aka JOSE A. GARCIA )<br><br>Plaintiff, )<br><br>vs. )<br><br>LUIS ANTONIO URVINA, and individual; D )<br>& J SPORTSWEAR CORP. dba )<br>PACIFIC CLOTHING, INC., a California )<br>Corporation; and DOES 1 TO 20, inclusive. )<br><br>Defendants. )<br> ) | CASE NO.    BC367730<br><br>Unlimited Civil Case<br><br><br>**COMPLAINT FOR UNPAID**<br>**OVERTIME AND WAGES** |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the county of Los Angeles and because Defendants' obligations and liability arise therein.

1

2.      Plaintiff is a former non-exempt employee of Defendants and a resident of the County of Los Angeles, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that Defendant D & J SPORTSWEAR CORPORATION dba PACIFIC CLOTHING, INC., a California Corporation, business form unknown, is doing business in the County of Los Angeles, State of California.

3.1.    Plaintiff is informed and believes, and thereon alleges, that Defendant LUIS ANTONIO URV INA is an individual residing in or doing business in the County of Los Angeles, State of California.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant LUIS ANTONIO URV INA and DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant D & J SPORTSWEAR CORPORATION dba PACIFIC CLOTHING, INC., and were acting on behalf of D & J SPORTSWEAR CORPORATION dba PACIFIC CLOTHING, INC., in the payment of wages to Plaintiff.

6.      At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

7.1     Defendant LUIS ANTONIO URV INA is liable for the acts of defendant D & J SPORTSWEAR CORPORATION dba PACIFIC CLOTHING, INC. alleged in this complaint as its alter ego and its recognition of the privilege of separate existence would promote injustice because defendant LUIS ANTONIO URV INA in bad faith dominated and controlled defendant D & J SPORTSWEAR CORPORATION dba PACIFIC CLOTHING, INC.

2

Complaint for Damages

7.2    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

8.  Plaintiff was employed by Defendant from on or about June 15, 2005 to March 6, 2007 as a Laborer/Driver.  Plaintiff's wages were $8.00 per hour when he last worked for Defendant.

## FIRST CAUSE OF ACTION
(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8.  This cause of action is brought against all Defendants jointly and individually.

10.    Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^{1}/_{2}$) times the regular rate of pay for

3

1 | hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2)
2 | times the regular rate of pay for hours in excess of twelve (12) hours per day.

3 |      13.     Plaintiff was a nonexempt employee entitled to the protections of Industrial
4 | Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010.
5 | During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate
6 | Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours
7 | per week and double-time hours for hours worked in excess of twelve (12) hours per day, as
  | required under the aforementioned labor regulations.

8 |      14.     As a proximate result of the aforementioned violations, Plaintiff has been
9 | damaged in an amount according to proof at time of trial, but in an amount in excess of the
10 | jurisdiction of this Court.

11 |      15.     Defendants' conduct described herein violates Labor Code §512, 558, 1194 and
12 | 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus
13 | interest, and reasonable attorney's fees and costs of suit.

14

15

16 | ## SECOND CAUSE OF ACTION

17 | **(Penalties for failure to accurately record hours worked, and provide rest and meal**
18 | **periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

19 |      16.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth
20 | herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought
21 | against all Defendants jointly and individually.

22 |      17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other
23 | employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-
24 | minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1,
25 | 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

26 |      18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be
27 | proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of
28 | compensation for each workday that the meal period was not provided and one additional hour of

4

pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those wages; and 5) the name and address of the employer.

20. Defendants knowingly and intentionally failed to provide each Plaintiff with accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in Defendants' itemized wage statements included, among other things, not accurately showing the number of all hours worked, and not including overtime hours in each pay period, as well as incorrectly reporting gross wages earned and not paying rest break premiums.

21. The Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants, and each of them, maintained a payroll recording system that did not accurately capture the hours worked by each employee.

22. Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted overtime hours or minutes from employee time sheets to avoid payment of overtime wages in violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and 5-01), and the guidelines set forth by the IWC.

23. As a direct result of each Defendant's failure, each Plaintiffs were injured and entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation pursuant to Cal. Lab. Code §226.

### THIRD CAUSE OF ACTION
(WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

5

24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought against all Defendants jointly and individually.

25.    Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore request restitution and penalties as provided by Labor Code §203.

### FOURTH CAUSE OF ACTION
(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25. This cause of action is brought against all Defendants jointly and individually.

27.    By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.    Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.    For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE**, Plaintiffs pray judgment as follows:

1.    For compensatory damages;

2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

6

3.   For waiting time penalties pursuant to Labor Code §203 and §226;

4.   For penalties pursuant to Labor code §512 and §558;

6.   For interest accrued to date pursuant to Labor code §1194(a);

7.   For costs of suit incurred herein;

8.   For attorney's fees and costs pursuant to Labor code §1194;

9.   For punitive damages; and

10.  For such other and further relief that the Court may deem just and proper.

Law Offices of Peter Beck, APLC

Dated: 3-13-07

By: P B

Peter Beck
Attorneys for Plaintiffs

7

Complaint for Damages

1  Law Offices of Peter Beck, APLC
2  3580 Wilshire Blvd., 17th floor
   Los Angeles, CA 90010
3  213-637-0246 (fax) 213-637-0120 (tel)

4  Attorney for: Plaintiffs SOON A. PARK

5

6  Case assigned *Aurelio Munoz*
7  to Judge                                    D-47

8              SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                                       BC367969

11  SOON A. PARK                  )  CASE NO.
                                  )
12                                )  Unlimited Civil Case
                                  )
13          Plaintiff,            )
                                  )
14      vs.                       )  **COMPLAINT FOR UNPAID**
                                  )  **OVERTIME**
15                                )
    CAROL CHOI, an individual; LC )
16  KEYSTONE, LLC dba KOBA TOFU HOUSE, )
    a California limited company; and DOES 1 TO )
17  20, inclusive.               )
                                  )
18                                )
           Defendants.            )
19                                )

20

21

22

23      Plaintiffs alleges as follows:

24

25              **GENERAL ALLEGATIONS**

26

27

28
                          1
```
Complaint for Damages
```

**FILED**

LOS ANGELES SUPERIOR COURT

MAR 15 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
      D. Garcia

1      1.      This Court is the proper court and this action is properly filed in the County of

2   Los Angeles and in this judicial district because Defendants do business in the county of Los

3   Angeles and because Defendants' obligations and liability arise therein.

4      2.      Plaintiffs are former non-exempt employees of Defendants and a resident of the

5   County of Orange, State of California.

6      3.      Plaintiff is informed and believes, and thereon alleges, that Defendant LC

    KEYSTONE, LLC dba KOBA TOFU HOUSE, a California Limited Company, is doing business

7   in the County of Los Angeles, State of California.

8      4.      Plaintiff is informed and believes, and thereon alleges, that Defendant CAROL

9   CHOI is an individual residing in and doing business in the County of Los Angeles, State of

10  California.

11     5.      The true names and capacities, whether individual, corporate, associate, or

12  otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE

13  Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names

14  and capacities when they have been ascertained.

15     6.      Plaintiff is informed and believes, and thereon alleges, that Defendant CAROL

16  CHOI and DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant

    LC KEYSTONE, LLC dba KOBA TOFU HOUSE., and were acting on behalf of LC

17  KEYSTONE, LLC dba KOBA TOFU HOUSE. who violated, or caused to be violated, labor

18  laws pertaining to overtime and minimum wage regulation.

19     7.      At all relevant times alleged herein Plaintiff was employed by Defendants under

20  an employment agreement that was partly written, partly oral, and partly implied.

21     8.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

22  and omissions alleged herein were performed by, and/or attributable to, all Defendants, each

23  acting as agents and/or employees, and under the direction and control of each of the other

24  Defendants, and that said acts and failures to act were within the course and scope of said agency,

25  employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges,

26  that at all times material hereto Defendants were and are the agents of each other.

27     8.1     Defendant  CAROL CHOI is liable for the acts of defendant LC KEYSTONE,

28  LLC dba KOBA TOFU HOUSE. alleged in this complaint as its alter ego  Recognition of the

1  privilege of separate existence would promote injustice because defendant CAROL CHOI in bad

2  faith dominated and controlled defendant LC KEYSTONE, LLC dba KOBA TOFU HOUSE. as

3  follows: a) Defendant CAROL CHOI diverted funds and other assets for his own convenience

4  and to assist in evading payment of obligations.  B) Defendant CAROL CHOI failed to maintain

5  minutes or adequate corporate records of defendant LC KEYSTONE, LLC dba KOBA TOFU

   HOUSE.. C) Defendant CAROL CHOI failed to adequately capitalize defendant LC

6  KEYSTONE, LLC dba KOBA TOFU HOUSE.. D) Defendant CAROL CHOI diverted assets

7  from defendant LC KEYSTONE, LLC dba KOBA TOFU HOUSE. to himself to the detriment of

8  creditors, including plaintiff. E) Defendant CAROL CHOI contracted with plaintiff with intent

9  to avoid performance by use of the corporate entity of defendant LC KEYSTONE, LLC dba

10 KOBA TOFU HOUSE. as a shield against personal liability. F) Defendant CAROL CHOI

11 commingled funds and other assets of defendant LC KEYSTONE, LLC dba KOBA TOFU

12 HOUSE and his funds and other assets for his convenience and to assist in evading payment of

13 obligations.

14        9.      As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had

15 suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but

16 subject to proof at trial.

17        10. Plaintiff was employed by Defendant from November 11, 2005 to January 5, 2007

18        2005 as a waitress.  Plaintiff's wages were $1,250 every two weeks when she last
           worked for Defendant.

19

20

21                          **FIRST CAUSE OF ACTION**

22 (FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL
   WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

23

24        9.      Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

25 herein, the aggregations contained in paragraphs 1 though 8.  This cause of action is brought

26 against all Defendants jointly and individually.

27        10.     Pursuant to Industrial Welfare Commission Order 1-90, California Code of

28 Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January

                                          3

1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.    Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

14.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

4

1  (Penalties for failure to accurately record hours worked, and provide rest and meal
2  periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)

4      16.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth
5  herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought
6  against all Defendants jointly and individually.

7      17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other
8  employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-
9  minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1,
   2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

10      18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be
11  proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of
12  compensation for each workday that the meal period was not provided and one additional hour of
13  pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not
14  provided.

15      19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage
16  Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep
17  written daily records of each of its employee's hours of work and meal breaks and to maintain
    such records for at least three (3) years; and to provide to each employee with each periodic wage
18  payment a writing setting forth, among other things the following: 1) the dates of labor for which
19  payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage
20  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those
21  wages; and 5) the name and address of the employer.

22      20. Defendants knowingly and intentionally failed to provide each Plaintiff with
23  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in
24  Defendants' itemized wage statements included, among other things, not accurately showing the
25  number of all hours worked, and not including overtime hours in each pay period, as well as
26  incorrectly reporting gross wages earned and not paying rest break premiums.

27      21. The Plaintiffs are likely to have evidentiary support, after research and reasonable
28  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

                                          5

1  maintained a payroll recording system that did not accurately capture the hours worked by each

2  employee.

3      22.  Plaintiffs are likely to have evidentiary support, after research and reasonable

4  opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

5  overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

6  violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

7  5-01), and the guidelines set forth by the IWC.

8      23.  As a direct result of each Defendant's failure, each Plaintiffs were injured and

   entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

9  pursuant to Cal. Lab. Code §226.

10

11                        **THIRD CAUSE OF ACTION**

12              (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

13      24.  Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

14  herein, the aggregations contained in paragraphs 1 through 23.  This cause of action is brought

15  against all Defendants jointly and individually.

16      25.  Defendants, and each of them, willfully refused and continue to refuse, to pay

17  Plaintiff overtime in a timely manner, as required by Labor Code §203.  Plaintiff therefore

18  request restitution and penalties as provided by Labor Code §203.

19

20

21                        **FOURTH CAUSE OF ACTION**

22          (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

23

24      26.  Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

25  herein, the allegations contained in paragraphs 1 through 25.  This cause of action is brought

26  against all Defendants jointly and individually.

27

28

                                    6

1      27.    By violating the foregoing statutes and regulations, the acts of Defendants

2   constitute unfair and unlawful business practices under Business and Professions Code § 17200

3   et seq.

4      28.    Defendants' violation of California wage and hour laws constitutes a business

5   practice because it was done repeatedly over a significant period of time and in a systematic

6   manner to the detriment of Plaintiffs.

7      29.    For the four years preceding the filing of this action, Plaintiffs have suffered

    damages and requests damages and/or/ restitution of all monies and profits to be disgorged from

8   Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of

9   this Court.

10

11      **WHEREFORE,** Plaintiffs pray judgment as follows:

12      1.    For compensatory damages;

13      2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the

14   unlawful business practices of Defendants;

15      3.    For waiting time penalties pursuant to Labor Code §203 and §226;

16      4.    For penalties pursuant to Labor code §512 and §558;

17      6.    For interest accrued to date pursuant to Labor code §1194(a);

18      7.    For costs of suit incurred herein;

19      8.    For attorney's fees and costs pursuant to Labor code §1194; and

       9.    For such other and further relief that the Court may deem just and proper.

20

21

22

23

24                                      Law Offices of Peter Beck, APLC

25   Dated: `2 - (2 - -> ）`

26                                 By: _____

27                                      Peter Beck
                                        Attorneys for Plaintiffs
28

                                            7

1  LAW OFFICES OF THOMAS W. FALVEY
   THOMAS W. FALVEY, SBN 65744
2  301 North Lake Avenue, Suite 800
   Pasadena, California 91101
3  Telephone: (626) 795-0205

4  Attorneys for Plaintiff,
   ALICE KRAUS

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  Alice Kraus,                          CASE NO.  BC 367874

12                   Plaintiff,           COMPLAINT FOR:

13          vs.                           1.  Unpaid Wages - Overtime
                                          2.  Failure to Provide Meal Periods
14  Warner Brothers Television            3.  Failure to Provide Rest Periods
    Production, Inc., and DOES 1 through  4.  Violation of Labor Code Section 203
15  25, Inclusive,                        5.  Conversion
                                          6.  Unfair Competition - Restitution and
16                   Defendants.              Injunctive Relief

17                                        REQUEST FOR JURY TRIAL

18

19  Plaintiff alleges as follows:

20                        GENERAL ALLEGATIONS

21      Plaintiff, Alice Kraus, alleges the following general allegations are common to all CAUSES

22  OF ACTION:

23  1.  Defendants, Warner Brothers Television Production, Inc. and DOES 1 through 25, at all

24  material times herein were employers within the meaning of California Government Code §

25  12940 and at all material times were located in the County of Los Angeles, State of California.

26  2.  The true names and capacities of Defendants named as DOES 1 through 25, Inclusive,

27  ("DOES") are unknown to Plaintiff who therefore sues such Defendants by fictitious names.

28  Plaintiff will amend this complaint when the true names and capacities have been ascertained.

                                    Complaint

1     3. Plaintiff is informed, and believes, and based thereon alleges that at all times herein

2     mentioned, defendants and each of them were the agents of each of the other defendants and in

3     doing the things hereinafter alleged, were acting within the course and scope of such agency and

4     with the permission and consent of its/his/her co-defendants.

5     4. Plaintiff began employment with Defendants, during the past four years, whereby Plaintiff

6     agreed to certain duties in exchange for wages to be paid by said defendants.

7     5. Plaintiff performed all obligations as required during employment.

8

9                     **FIRST CAUSE OF ACTION**

10                 **(Unpaid Wages - Overtime)**

11    6. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

12    7. Plaintiff brings this action to recover unpaid overtime compensation.

13    8. During employment, on various occasions, plaintiff was forced to work additional hours for

14    which plaintiff either was not compensated or was compensated at a wage below that required by

15    law, and forced to accept payment for hours which were less than the hours worked due to

16    plaintiff's assignment and/or defendants' workload.

17    9. Pursuant to various sections of Labor Code and the Industrial Wage Commission Orders, it is

18    unlawful to fail to pay wages (including overtime), depending on the number of hours per day

19    worked, and the number of days per week worked.

20    10. Plaintiff should have received additional wages for overtime hours worked during any

21    applicable periods referred to above. Plaintiff is uncertain of the amount of past wages not paid,

22    but will pray for leave to amend according to proof when they are ascertained, or according to

23    proof at the time of the trial of this matter. Defendants have failed and refused and continue to

24    fail and refuse to pay plaintiff the amount owed.

25    11. Defendants' failure to pay plaintiff said wages required by the applicable Wage Order,

26    violates the provision of Labor Code §1194 and is therefore unlawful.

27    12. Furthermore, plaintiff is informed and believes and, based thereon, alleges that defendants'

28    acts were in violation of Business and Professions Code, §17200, et. sec., and plaintiff may be

1  owed restitution for said actions by defendants.

2  13. Defendants' failure to pay wages and past due expenses was willful, entitling plaintiff to

3  penalties under Labor Code §203.

4  14. Therefore Plaintiff is entitled to recover the unpaid balance of compensation Defendants owe

5  to Plaintiff, plus interest on that amount, reasonable attorney's fees and costs incurred in this

6  action pursuant to Labor Code section 1194.

7

8                              ## SECOND CAUSE OF ACTION

9              **(Failure to Provide Proper Meal Periods or Compensation in Lieu Thereof)**

10  15. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

11  16. By their failure to provide Plaintiff with minimum 30 minute meal periods for days on which

12  Plaintiff worked in excess of five hours, and failing to provide premium compensation in lieu

13  thereof, defendants willfully violated the provisions of Labor Code section 512 and Wage Orders

14  of the California Department of Labor and incorporated into California's Code of Regulations.

15  By failing to keep adequate time records required by Sections 226.7 and 1174(d) of the Labor

16  Code, defendants have made it difficult to calculate the unpaid rest and meal period

17  compensation due to Plaintiff.

18  17. As a result of the unlawful acts of defendants, Plaintiff has been deprived of premium

19  wages in amounts to be determined at trial and Plaintiff is entitled to recovery of such amounts,

20  plus interest and penalties thereon, attorney's fees and costs under Labor Code sections 226,

21  226.7 and Wage Orders of the California Department of Labor and incorporated into California's

22  Code of Regulations.

23

24                               ## THIRD CAUSE OF ACTION

25              **(Failure to Provide Proper Rest Periods or Compensation in Lieu Thereof)**

26  18. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

27  19. By their failure to provide Plaintiff with paid 10 minute rest periods for every four hours or

28  major fraction thereof worked per day, and failing to provide premium pay compensation for

---

3

Complaint

1  such unprovided rest periods, as alleged above, defendants willfully violated the provisions of

2  Labor Code Sections 226.7 and 512 and Wage Orders of the California Department of Labor and

3  incorporated into California's Code of Regulations.

4  20. As a result of the unlawful acts of defendants, Plaintiff has been deprived of premium

5  wages in amounts to be determined at trial and Plaintiff is entitled to recovery of such amounts,

6  plus interest and penalties thereon, attorney's fees and costs under Labor Code sections 226,

7  226.7 and Wage Orders of the California Department of Labor and incorporated into California's

8  Code of Regulations.

9

10                          **FOURTH CAUSE OF ACTION**

11                   (Violation of Labor Code Section 203 - Waiting Time)

12  21. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

13  22.  Defendants' failure to pay wages and past due expenses was willful, entitling Plaintiff to

14  penalties under Labor Code §203.

15

16                          **FIFTH CAUSE OF ACTION**

17                               (Conversion)

18  23. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

19  24. The Labor Code and other applicable law provides that wages become the property of the

20  employees on the next pay day after they are earned. In failing to pay and retaining the wages

21  owed to Plaintiff on and after the next pay day after they were owed, defendants wrongfully

22  exercised dominion and control over monies otherwise owed to Plaintiff.

23  25. It is well-settled that employees in California have a vested property right to their wages and

24  the right vests as the work is performed. As conversion is the wrongful dominion of another's

25  property and as conversion includes intangible property rights (where the amount is certain or

26  capable of being made certain), conversion is appropriate to recover unlawfully withheld wages[1].

27  _____

28      [1] "It is not necessary that there be a manual taking of the property; it is only necessary to
       show an assumption of control or ownership over the property, or that the alleged converter has

-------

                                       4
                                   Complaint

26. At the time Defendants refused to pay the wages due to Plaintiff, as alleged herein, Plaintiff owned and had an immediate right to posses the withheld wages. Defendants willfully and without legal justification interfered with Plaintiff' rights to own and possess its wages. The exact amount of those wages is capable of being made certain from a review of either the information of Plaintiff or from the records of Defendants.

27. In refusing to pay wages to Plaintiff, Defendants unlawfully and intentionally took and converted the property of Plaintiff to their own use. At the time the conversion took place, Plaintiff was entitled to immediate possession of the amounts of wages payable. This conversion was oppressive, malicious, and fraudulent. This conversion was concealed by Defendants from Plaintiff.

28. This amount of wages converted by Defendants from Plaintiff is easily ascertainable through Defendants' records that California employers are required by law to keep.

29. Plaintiff has been injured by this conversion and is entitled to all monies converted by Defendants with interest thereon pursuant to Civil Code section 3336, any and all profits whether direct or indirect that the Defendants acquired by their conversion, and punitive or exemplary damages pursuant to Civil Code section 3294.

## SIXTH CAUSE OF ACTION

### (Unfair Competition Business and Professions Code § 17200 et Seq.)

30. Plaintiff realleges every allegation set forth, *supra*, as though fully set forth hereat.

31. Business and Professions Code section 17200 et seq. defines unfair competition to include any "unfair," "unlawful" or "deceptive" business practice; and provides for injunctive and restitutionary relief for violations. Defendants' failure to pay wages and/or overtime premiums to Plaintiff constitutes an unfair, unlawful and deceptive business practice, and further, constitutes action for which restitutionary relief is available.

---

applied the property to his own use. Money can be the subject of an action for conversion if a specific sum capable of identification is involved." (*Farmers Ins. Exchange v. Zerin* (1997) 53 Cal. App. 4th 445, 451-452.)

---

32. As a proximate result of Defendants' actions, Plaintiff has suffered injury in fact and lost money or property.

33. Under Business and Professions Code § 17200 et seq., Plaintiff is entitled to restitution of all funds, which lawfully should have been paid as wages and/or overtime and wrongfully withheld by Defendants, for the last four years, together with interest thereon, as well as costs, and reasonable attorney fees pursuant to statute including Code of Civil Procedure section 1021.5[2].

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages from the defendants as follows:

1. For an accounting as to all hours worked, wages paid and manner of payment to Plaintiff sufficient for a determination of the wages.

2. For general damages according to proof at trial;

3. For special damages according to proof at trial;

4. For sanctions and/or penalties as may be applicable;

5. For all monies converted by Defendants;

6. For all actual, consequential and incidental damages, according to proof at trial;

7. For all direct and indirect profits Defendants acquired by their conversion;

8. For restitution of unpaid wages and overtime premium for the past four years;

9. For interest, costs and reasonable attorney fees pursuant to statute;

10. For exemplary and/or punitive damages according to proof at trial;

11. For prejudgment interest on the sums awarded according to proof at trial;

12. For an award of reasonable attorney's fees according to proof at trial;

13. For all costs of suit incurred herein; and

///

---

[2] "If a plaintiff prevails in an unfair competition law claim, it may seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5. There is no provision for such a right for a successful defendant." (*Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal. App. 4th 1158, 1179.)

1   14. For all such other and further relief as the Court may deem proper.

2   DATED: March 15, 2007                    LAW OFFICES OF THOMAS W. FALVEY

3

4                                           By:
                                            THOMAS W. FALVEY
5                                           Attorney for Plaintiff, ALICE KRAUS

6

7                          **JURY TRIAL DEMANDED**

8       Plaintiff demand trial by jury of all issues, except for attorneys' fees.

9   DATED: March 15, 2007                    LAW OFFICES OF THOMAS W. FALVEY

10

11                                          By:
                                            THOMAS W. FALVEY
12                                          Attorney for Plaintiff, ALICE KRAUS

13

14  \\Tom\mydocuments\C2B\7\Kraus.comp.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                    7
                                Complaint

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

**FEE WAIVER** MAR 2 2 2007

90222

1  Law Offices Peter Beck, APLC
   Peter Beck, Esq.    (SBN #164824)
2  3580 Wilshire Blvd., 17th floor
   Los Angeles, CA 90010
3  213-637-0120 (tel) 213-637-0246 (fax)

**FILED**
LOS ANGELES SUPERIOR COURT

MAR 2 2 2007

4
   Attorney for: Plaintiffs CESAR PABLO ACUNA
5

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
      D. Garcia

6  Case assigned    *Malcolm H Mackey*
   to Judge
                                                    D-55
8            SUPERIOR COURT OF CALIFORNIA

9         COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  CESAR PABLO ACUNA              )   CASE NO.    BC368317
                                   )
12            Plaintiff,           )   Unlimited Civil Case
                                   )
13      vs.                        )
                                   )
14                                 )   **COMPLAINT FOR UNPAID**
    HUB CITY PALLET CO., business form  )   **OVERTIME**
15  unknown, and DOES 1 TO 20, inclusive.  )
                                   )
16            Defendants.          )
                                   )
17                                 )
                                   )
18                                 )
                                   )
19                                 )

20

21

22            Plaintiffs alleges as follows:

23

24                      **GENERAL ALLEGATIONS**

25      1.    This Court is the proper court and this action is properly filed in the County of

26  LOS ANGELES and in this judicial district because Defendants do business in the county of

27  LOS ANGELES and because Defendants' obligations and liability arise therein.

28

                                    1

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of LOS ANGELES, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant HUB CITY PALLET CO., business form unknown in the County of LOS ANGELES, State of California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.    Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant HUB CITY PALLET CO., business form unknown, and were acting on behalf of HUB CITY PALLET CO., business form unknown who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

6.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

9.   Plaintiff was employed by Defendant from on or about September 1, 2001 as a Fork Lift Driver. Plaintiff's wages were $407.20 every week when he last worked for Defendants.

\\\

2

## FIRST CAUSE OF ACTION

(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.     Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.     Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.     Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.     Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

3

14.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

16.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

17.    Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

18.    As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19.    At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage

4

1  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those

2  wages; and 5) the name and address of the employer.

3          20. Defendants knowingly and intentionally failed to provide each Plaintiff with

4  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in

5  Defendants' itemized wage statements included, among other things, not accurately showing the

6  number of all hours worked, and not including overtime hours in each pay period, as well as

   incorrectly reporting gross wages earned and not paying rest break premiums.

7          21. The Plaintiffs are likely to have evidentiary support, after research and reasonable

8  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

9  maintained a payroll recording system that did not accurately capture the hours worked by each

10  employee.

11          22. Plaintiffs are likely to have evidentiary support, after research and reasonable

12  opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

13  overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

14  violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

15  5-01), and the guidelines set forth by the IWC.

16          23. As a direct result of each Defendant's failure, each Plaintiffs were injured and

17  entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

   pursuant to Cal. Lab. Code §226.

18

19                      **THIRD CAUSE OF ACTION**

20          (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

21          24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

22  herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought

23  against all Defendants jointly and individually.

24          25.    Defendants, and each of them, willfully refused and continue to refuse, to pay

25  Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore

26  request restitution and penalties as provided by Labor Code §203.

27

28

                              5

## FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25.  This cause of action is brought against all Defendants jointly and individually.

27.     By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.     Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.     For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE,** Plaintiffs pray judgment as follows:

1.     For compensatory damages;

2.     For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.     For waiting time penalties pursuant to Labor Code §203 and §226;

4.     For penalties pursuant to Labor code §512 and §558;

6.     For interest accrued to date pursuant to Labor code §1194(a);

7.     For costs of suit incurred herein;

8.     For attorney's fees and costs pursuant to Labor code §1194; and

9.     For such other and further relief that the Court may deem just and proper.

Dated: 3-22-09

Law Offices of Peter Beck, APLC

By: _____

Peter Beck
Attorneys for Plaintiffs

6

1  Michael A. Gould (SBN 151851)
2  Aarin A. Zeif (SBN 247088)
   GOULD & ASSOCIATES
3  A Professional Law Corporation
   17822 E 17ᵗʰ Street, Suite 106
4  Tustin, California, 92780
   Telephone: (714) 669-2850
5  Facsimile: (714) 544-0800

6  Attorneys for Plaintiff
7  Richard Jewell

FILED
LOS ANGELES SUPERIOR COURT
MAR 29 2007
JOHN A. CLARKE, CLERK
BY: EUGENA LOPEZ, DEPUTY

Case assigned to
Judge

8
9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11                                        B C 3 6 8 6 2 6

                                    )   CASE NO:
12  RICHARD JEWELL.                 )
                                    )   COMPLAINT FOR DAMAGES FOR:
13                                  )
                                    )   1.   FAILURE TO PAY
14                                  )        OVERTIME (Cal. Labor Code §§ 1194
         Plaintiff,                 )        and 510(a), Cal. Code of Regulations §
15                                  )        11040);
                                    )
16  v.                              )
                                    )   2.   FAILURE TO PROVIDE ITEMIZED
17                                  )        STATEMENT TO EMPLOYEE (Cal.
                                    )        Labor Code § 226);
18                                  )
    THE NORTH AMERICAN             )
19  MANUFACTURING COMPANY, LTD.,    )   3.   FAILURE TO PROVIDE
    and DOES 1 through 25,          )        MEAL AND REST PERIODS
20                                  )        (Cal. Labor Code §§ 226.7 and
                                    )        512);
21                                  )
                                    )
22       Defendants.                )   4.   VIOLATION OF THE FAIR
                                    )        LABOR STANDARDS ACT
23                                  )        (FLSA 29 U.S.C. § 201)
                                    )
24                                  )   5.   UNFAIR BUSINESS
                                    )        PRACTICES (Cal. Business &
25                                  )        Professions Code § 17200);
                                    )
26                                  )
                                    )   Unlimited Civil
27  _____        )   Demand for Jury Trial
28

─────────────────────────────
                        - 1 -
              CIVIL COMPLAINT FOR DAMAGES

1

2      Plaintiff, RICHARD JEWELL ("JEWELL"), individually alleges as follows:

3                              **GENERAL ALLEGATIONS**

4          1.      Plaintiff, JEWELL, is a resident of the State of Tennessee. He performed the

5      work that is the subject of this Complaint in the State of California as well as other States.

6          2.      JEWELL is informed and believes, and based on such information and belief,

7      alleges that Defendant NORTH AMERICAN MANUFACTURING COMPANY, LTD.

8      ("NORTH AMERICAN") is an Ohio corporation doing business in the County of Los Angeles,

9      State of California.

10         3.      JEWELL is unaware of the true names and capacities of those defendants sued as

11     DOES 1 through 25. JEWELL will amend this Complaint when those names and capacities

12     become known. On information and beliefs, each of the defendants, including DOE defendants,

13     is the agents, employees, representatives, or co-conspirators of each of the other defendants, and

14     in engaging in the conduct alleged herein, did so in furtherance of such relationship.

15         4.      Venue is proper in this judicial district because the complained of conduct

16     occurred in this judicial district.

17         5.      JEWELL has worked for NORTH AMERICAN as a Field Service Technician

18     during the four years preceding the filing of this action.

19

20
                                   **FIRST CAUSE OF ACTION**
21                                **Failure to Pay Overtime Wages**
                       **(Violation of *Cal. Labor Code* §§ 510(a) and 1194)**
22
            6.      JEWELL hereby repeats and re-alleges paragraphs 1 through 5 as if fully set forth
23
       herein again.
24
            7.      JEWELL is informed and believes, and thereon alleges, that at all times relevant
25
       to his employment by NORTH AMERICAN, *California Labor Code* §§ 510(a), 1194 and Wage
26
       Orders 4-2000 and 5-2001 of the Industrial Welfare Commission (*California Code of*
27
       *Regulations* § 11040) were in full force and effect and binding upon Defendant. These statutes
28

                                        **- 2 -**
                            **CIVIL COMPLAINT FOR DAMAGES**

1    and wage orders required Defendant to pay JEWELL not less than one and one half times his

2    regular wage rate for each hour of work performed in excess of eight hours in one workday or

3    forty hours in one work week and two times his regular rate of pay for hours worked in excess of

4    twelve hours in one day.

5        8.    JEWELL is informed and believes, and thereon alleges, that during the course of

6    employment, he often worked in excess of eight hours in one workday and/or in excess of forty

7    hours in one workweek.

8        9.    JEWELL is informed and believes, and thereon alleges, that nevertheless and

9    despite the requirements of the *California Labor Code* and *Wage Orders* of the Industrial

10   Welfare Commission, NORTH AMERICAN improperly classified him as exempt from overtime

11   and failed and refused to pay the required overtime wage premiums for overtime worked.

12       10.   JEWELL is informed and believes, and thereon alleges, that he is entitled to

13   recover the unpaid amount of overtime wages, in addition to prejudgment interest, attorney's fees

14   pursuant to *California Labor Code* § 1194, penalties under *California Labor Code* § 558 and

15   costs of suit incurred herein.

16

17

18                          **SECOND CAUSE OF ACTION**
                       **Failure To Provide Itemized Statement To Employee**
19                          **(Violation of *Cal. Labor Code* § 226)**

20       11.   JEWELL re-alleges and incorporates by reference each and every

     allegation contained in paragraphs 1 through 10, inclusive, as though set forth fully herein.

21
         12.   JEWELL is informed and believes, and thereon alleges, that NORTH
22
     AMERICAN is required by law to provide an itemized statement under *California Labor Code* §
23
     226. Said section requires employers to give an itemized statement to an employee at every pay
24
     period which includes gross wages earned, total hours worked by employee, number of piece-rate
25
     units owned, all deductions, net wages earned, dates for which the period was paid, employee's
26
     name and social security number, name and address of employer, and all applicable hourly rates.
27
         13.   At all times mentioned in this complaint *California Labor Code* § 226 was in full
28

1   force and effect and binding on NORTH AMERICAN.

2       14.    Notwithstanding the requirements of *California Labor Code* § 226, JEWELL

3   received an itemized statement of wages that failed to set forth the correct itemized information

4   which constitutes a violation of *California Labor Code* § 226.

5       15.    JEWELL is informed and believes, and thereon alleges, that within the applicable

6   statute of limitations, he is entitled to all wages earned for all hours worked and penalties for

7   failure to maintain and provide itemized statements of employees pay, a violation of *California*

8   *Labor Code* § 226, in an amount according to proof at trial.

9

10

11
### THIRD CAUSE OF ACTION
**Failure to Provide Meal and Rest Periods**
(Violation of *California Labor Code* §§ 226.7 and 512)

12      16.    JEWELL re-alleges and incorporates by reference each and every allegation

13   contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

14      17.    JEWELL is informed and believes, and thereon alleges that *California Labor*

15   *Code* § 226.7 was in full force and effect and binding on Defendant NORTH AMERICAN

16   during all times mentioned in this Complaint. Said section requires employers to comply with all

17   *Industrial Welfare Commission Wage Orders* governing meal and rest periods.

18      18.    JEWELL is informed and believes, and thereon alleges, that the *IWC Wage*

19   *Orders* were in full force and effect and govern when employers, including Defendant NORTH

20   AMERICAN, must give employee breaks for meal and rest periods. *The Wage Orders* state in

21   pertinent part that employers must provide at least thirty minutes of meal periods for every five

22   hours of work and another thirty-minute period if the work period is ten hours or more.

23   Furthermore, the *IWC Wage Orders* state in pertinent part that employees must be given at least a

24   ten minute rest period for every four (4) hours or major fraction thereof.

25      19.    JEWELL worked for Defendant NORTH AMERICAN and was often required to

26   work through his meal break and rest periods to perform and complete his tasks for Defendant.

27   JEWELL was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and

28

*California Labor Code* §§ 226.7 and 512.

20.    JEWELL is informed and believes, and thereon alleges, that *The Wage Orders* and the *California Labor Code* mandate that Defendant NORTH AMERICAN must pay JEWELL one hour of pay at JEWELL'S regular rate of pay for every missed meal and rest period. JEWELL is thereby entitled to these penalties in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
#### (Violation of the *Fair Labor Standards Act*)

21.    JEWELL re-alleges and incorporate by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though set forth fully herein.

22.    The labor and services performed by the plaintiff were directly essential to the shipment and use of various goods which moved in interstate commerce and/or such labor and services involved the use of goods which have moved in interstate commerce and all such persons therefore were engaged in commerce or in the production of goods for commerce as those terms are used in the FLSA while employed by the defendants. JEWELL is further informed and believes and thereon alleges that NORTH AMERICAN was directly engaged in interstate commerce.

23.    At all relevant times, Defendant was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201, et seq. and are subject to the provisions of such ACT. JEWELL is further informed and believes and thereon alleges that NORTH AMERICAN employs 2 or more employees.

24.    Plaintiff at all relevant times was an employee of Defendant, as defined by the Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq.

25.    During the period of time that JEWELL was employed by NORTH AMERICAN he performed overtime work for which no additional compensation was paid to him by Defendant in violation of the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq. The *Fair Labor Standards Act, 29,* U.S.C. § 201 *et seq.* states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week. JEWELL regularly worked more than 40 hours per week but was not

1   paid overtime at a rate of one and one half times his regular rate of pay.

2       26.   JEWELL is owed unpaid overtime wages from the Defendant pursuant to 29

3   U.S.C. §§ 206, 207 in an amount which will be determined upon a review of records and/or at

4   the trial of this action.

5

6                              **FIFTH CAUSE OF ACTION**
                                  Unfair Business Practices
7               (Violation of *Cal. Business and Professions Code* §17200 *et. seq.*)

8       27.   Plaintiff JEWELL re-alleges and incorporates by reference each and every

9   allegation contained in paragraphs 1 through 26, inclusive, as though set forth fully herein.

10      28.   At all times herein mentioned, *California Business and Professions Code* §17200

11  *et. seq.* were in full force and effect and was binding upon NORTH AMERICAN. Said sections

12  prohibit Defendants from engaging in unfair practices including but not limited to failing to pay

13  all wages owed to Plaintiff.

14      29.   JEWELL is informed and believes, and thereon alleges, that NORTH

15  AMERICAN engaged in unlawful business practices in violation of *California Business and*

16  *Professions Code* §17200 *et. seq.* by failing to pay all wages owed to Plaintiff.

17      30.   As a direct result of the actions of NORTH AMERICAN as alleged above,

18  JEWELL is entitled to restitution of unpaid overtime and other wages pursuant to *California*

19  *Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

20

21                              **PRAYER FOR RELIEF**

22  WHEREFORE, JEWELL prays for judgment against Defendants as follows:

23                         **ON THE FIRST CAUSE OF ACTION**

24      1.    Judgment against Defendants for all unpaid overtime wage damages owed to
              Plaintiff according to proof;

25      2.    Judgment against Defendants for all penalties provided in *California*
              *Labor Code* § 558;

26

27

28

---
                                      - 6 -
                          CIVIL COMPLAINT FOR DAMAGES

3. Judgment against Defendants for pre-judgment interest, according to proof;

4. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

5. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

### ON THE SECOND CAUSE OF ACTION

6. Judgment against Defendants for penalties pursuant to *California Labor Code* § 226;

### ON THE THIRD CAUSE OF ACTION

7. Judgment against Defendants for all damages pursuant to *California Labor Code* § 226.7;

8. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

9. For interest on all wages owed;

10. For all reasonable attorney's fees and costs recoverable by law;

### ON THE FOURTH CAUSE OF ACTION

11. That Defendants be enjoined from further violations of § 7 of the Fair Labor Standards Act;

12. That Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided in 29 U.S.C. §216(b) for willful violation of said statute;

13. That recover compensatory damages and an equal amount of liquidated damages as provided in 29 U.S.C. §216(b);

14. That Plaintiff recover an award of reasonable attorneys fees, costs and expenses, as provided for under 29 U.S.C. § 216(b).

### ON THE FIFTH CAUSE OF ACTION

15. For restitution of all unlawfully withheld wages for a period

---

1   commencing four years prior to the filing of this action through final

2   judgment;

## ALL CAUSES OF ACTION

4   16.   For reasonable attorney's fees and costs as provided for by law;

5   17.   For pre-judgment interest;

6   18.   For waiting time penalties, as provided for by law;

7   19.   For costs of suit incurred herein; and,

8   20.   For such further relief as the court deems just and proper.

10  Dated: March 26, 2007

Aarin A. Zeif
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Richard Jewell

*90710*

1   ROBERT R. RONNE, ESQ. (SBN 092884)
    **LAW OFFICE OF ROBERT R. RONNE, APC**
2   840 Apollo Street, Suite 307
    El Segundo, California 90245
3   Telephone: (310) 322-1696
    Facsimile: (310) 322-3039
4

5   DENNIS W. RIHN, ESQ. (SBN 126233)
    **ATTORNEY AT LAW**
6   3460 Ocean View Boulevard, Suite F
    Glendale, California 91208
7   Telephone: (818) 265-0525
    Facsimile: (818) 249-2788
8

9   Attorneys for Plaintiff

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12          **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13

14   ANDREA AVILA,                        )   CASE NO.   BC368761
                                          )
15                                        )
                   Plaintiff,             )   **COMPLAINT** FOR DAMAGES:
16                                        )
           vs.                            )   1)   FAILURE TO PAY OVERTIME
17                                        )        COMPENSATION
     K AND S GROUP HOME I, INC.; K AND    )        (*Labor Code* Sections 510 and 1194);
18   S GROUP HOME II, INC.; K AND S       )
     GROUP HOME III, INC.; LUIS          )   2)   FAILURE TO PAY MINIMUM
19   CENDANA, an individual; DIVINA       )        WAGE AND OVERTIME
     CENDANA, an individual; and DOES 1   )        COMPENSATION
20   through 100, inclusive,              )        (*Fair Labor Standards Act*).
                                          )
21                                        )   3)   UNFAIR COMPETITION
                   Defendants.            )        (*Business & Professions Code* Section
22   _____)        17200).

23

24   Plaintiff Andrea Avila alleges as follows:
25
26   ///

27   ///

28   ///

                                     -1-
                              **Complaint**

FILED
LOS ANGELES SUPERIOR COURT
APR 02 2007
JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

**PRELIMINARY ALLEGATIONS**

1.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant K AND S GROUP HOME I, INC. (by that, or with variations on said name) is and was a California corporation which regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

2.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant K AND S GROUP HOME II, INC. (by that, or with variations on said name) is and was a California corporation which regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

3.      Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant K AND S GROUP HOME III, INC. (by that, or with variations on said name) is and was a Califiornia corporation which regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

4.      Defendant LUIS CENDANA is an individual who resides within the State of California, County of Los Angeles, and, Plaintiff is informed and believes, and on that basis alleges that said Defendant utilizes and does business under the names of (or variations of the names of) K AND S GROUP HOME 1, INC.; K AND S GROUP HOME II, INC.; and K AND S GROUP HOME III, INC.. To the extent Defendants contend that a legal entity other than the individual defendants employed Plaintiff, Plaintiff is further informed and believes, and thereon alleges, that this individual defendant was an employer of Plaintiff as said defendant may have been at times an officer and/or director of any claimed non-individual defendant, is a person with significant ownership interest in any claimed non-individual defendant, is a person who controls significant day-to-day functions of any claimed non-individual defendant, and/or was a person with significant operational control of any claimed non-individual defendant during employment of Plaintiff, and thus was the employer of Plaintiff within the meaning of the Fair Labor Standards Act, or that said defendant is otherwise an employer as defined by law.

5.      Defendant DIVINA CENDANA is an individual who resides within the State of California, County of Los Angeles, and, Plaintiff is informed and believes, and on that basis

-2-

Complaint

1  alleges that said Defendant utilizes and does business under the names of (or variations of the
2  names of) K AND S GROUP HOME 1, INC., K AND S GROUP HOME II, INC., and K AND S
3  GROUP HOME III, INC.. To the extent Defendants contend that a legal entity other than the
4  individual defendants employed Plaintiff, Plaintiff is further informed and believes, and thereon
5  alleges, that this individual defendant was an employer of Plaintiff as said defendant may have been
6  at times an officer and/or director of any claimed non-individual defendant, is a person with
7  significant ownership interest in any claimed non-individual defendant, is a person who controls
8  significant day-to-day functions of any claimed non-individual defendant, and/or was a person with
9  significant operational control of any claimed non-individual defendant during employment of
10 Plaintiff, and thus was the employer of Plaintiff within the meaning of the Fair Labor Standards Act,
11 or that said defendant is otherwise an employer as defined by law.

12        6.       Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because
13 Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE
14 defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of
15 the defendants designated herein as a DOE is an employer of Plaintiff.

16        7.       To the extent defendants claim that as individuals they did not employ Plaintiff,
17 Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, engaged
18 in a pattern and practice of utilizing any claimed non-individual defendants, as vehicles to
19 accomplish violations of law, and that there exists, and at all times relevant to this complaint there
20 existed a unity of interest and ownership between any claimed non-individual defendants and
21 individual defendants such that any individuality and separateness between said defendants has
22 ceased. Plaintiff is further informed and believes, and thereupon alleges that if the acts of any
23 claimed non-individual are treated as those of the entity alone, an inequitable result would follow.
24 Plaintiff is further informed and believes, and on that basis alleges, that any judgment solely against
25 any non-individual defendants in this matter would be uncollectible. Accordingly, as to the
26 defendants which are not individual defendants, it is fair and equitable to permit piercing any
27 purported corporate veil. In addition, the utilization by defendants and each of them of multiple
28 entities to employ persons, such as the Plaintiff, to perform the same type of services for the

1 | defendants constitutes a joint enterprise. Plaintiff is further informed and believes, and upon that

2 | basis alleges, that the individual defendants, and each of them, misappropriated to themselves, as

3 | individuals for their individual advantage, the unpaid wages owed Plaintiff.

4        8.       Plaintiff is informed and believes and thereupon allegess that at all times mentioned

5 | herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

6 | inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

7 | defendant, and that each defendant was acting within the course, scope and authority of said agency,

8 | employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

9 | ratified, and/or approved the acts of the remaining defendants.

## FIRST CAUSE OF ACTION

## FOR WAGE AND HOUR VIOLATIONS

## (LABOR CODE SECTIONS 510 and 1194)

## (PLAINTIFF AGAINST ALL DEFENDANTS)

14        9.       Plaintiff re-alleges and incorporates herein by this reference each of the preceding

15 | paragraphs.

16        10.      Beginning approximately November 18, 2000, and continuing to about March 10,

17 | 2007, Plaintiff Andrea Avila was employed by defendants, and each of them.

18        11.      During her employment, Plaintiff was not properly compensated for all hours worked

19 | by defendants, and each of them.

20        12.      Pursuant to the provisions of the California Labor Code, including Labor Code

21 | Sections 510 and 1194, and regulations adopted by the California Department of Industrial

22 | Relations, Plaintiff has the right to be paid properly for every hour of labor.

23        13.      In violation of such laws and regulations, defendants, and each of them failed to pay

24 | Plaintiff all overtime owed in an amount believed to exceed $25,000.00.

25        14.      In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

26                 (A)      Pursuant to Labor Code Section 203, Plaintiff was entitled to receive at the

27                 termination of her employment all accrued but unpaid wages for all hours

28                 labored, including overtime compensation. Because defendants, and each of

-4-

Complaint

1    them failed to pay such wages, Plaintiff Andrea Avila is entitled to

2    continuing wages set forth in <u>Labor Code</u> Section 203 in an amount estimated

3    to be in excess of $1,800.00.

4    (B)    Defendants, and each of them, were obligated under <u>Labor Code</u> Section 226

5    and regulations of the Industrial Welfare Commission of the State of

6    California, to keep accurate records of Plaintiff's hours of labor, and to

7    prepare and submit to Plaintiff at least twice per month an itemized statement

8    accurately showing the total hours worked by Plaintiff. Defendants, and each

9    of them, failed to keep accurate records of Plaintiff's hours of labor, and

10   further failed to timely provide accurate itemized wage statements as required

11   by such statute. Accordingly, Plaintiff Andrea Avila is entitled to damages

12   pursuant to <u>Labor Code</u> Section 226 in the amount of $4,000.00.

13   (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

14   Plaintiff is entitled to receive all other compensation permitted by law,

15   including for expenses incurred but not reimbursed by the employer, split

16   shift differentials and meal and rest periods during the course of her

17   employment.

18   13.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

19   to be proved at trial.

20   14.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

21   specifically demanded, in an amount to be proved according to law.

22   15.    In addition, Plaintiff is entitled to costs of suit.

23   <u>SECOND CAUSE OF ACTION</u>

24   FOR WAGES AND HOUR VIOLATIONS

25   (FAIR LABOR STANDARDS ACT)

26   (PLAINTIFF AGAINST ALL DEFENDANTS)

27   16.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding

28   paragraphs.

-5-

Complaint

1   17.   Consistently, during her employment, defendants, and each of them, required and

2   permitted Plaintiff to work hours substantially in excess of 40 per week.

3   18.   Pursuant to the provisions of the Fair Labor Standards Act, Plaintiff had the right to

4   be paid minimum wage for every hour of labor plus the right to be paid one and a half times his

5   regular hourly rate for all hours worked in excess of 40 during a week.

6   19.   In violation of such laws and regulations, defendants, and each of them, failed to pay

7   Plaintiff at the required minimum wage and failed to pay Plaintiff for her overtime hours at the

8   minimum required premium rates. Pursuant to Section 216 of the Fair Labor Standards Act,

9   Plaintiff Andrea Avila is entitled to recover the full amount of unpaid minimum wage and overtime

10  compensation owing in an amount estimated to exceed $1,000.00.

11  20.   In addition, because defendants violated Sections 206 and 207 of the Fair Labor

12  Standard Acts, pursuant to Section 216 of the Fair Labor Standards Act, Plaintiff Andrea Avila is

13  entitled to a doubling of the full amount of unpaid minimum wage and overtime compensation in an

14  additional amount estimated to exceed $1,000.00.

15  21.   In addition, Plaintiff is entitled to reasonable attorney's fees in an amount to be

16  proved according to law.

17  22.   In addition, Plaintiff is entitled to prejudgment interest and costs of suit.

18  **THIRD CAUSE OF ACTION**

19  **FOR UNFAIR BUSINESS PRACTICES**

20  **PURSUANT TO BUSINESS & PROFESSIONS CODE SECTION 17200**

21  **(PLAINTIFFS AGAINST ALL DEFENDANTS)**

22  23.   Plaintiff re-alleges and incorporates herein by this reference each of the preceding

23  paragraphs.

24  24.   Under California Business and Professions Code, §§ 17200, et seq. and related

25  statutory provisions, Defendants, and each of them, were at all times, and continue to be, obligated

26  to refrain from engaging in unfair business practices, including the unfair business practices of

27  failing to comply with applicable wage and hour laws of the State of California and the United

28  States of America.

-6-

1     25.   Defendants, and each of them, have engaged in unfair business practices of:

2         (A)   Failing to obey state and federal laws requiring proper payment of employees,

3               including Plaintiffs, who have not been properly paid, and

4         (B)   Failing to reimburse Plaintiff for expenses in the necessary course of

5               conducting Defendant's business, as well as failings to afford split shift

6               differentials, and

7         (C)   Failing to obey state and federal laws requiring defendants to keep accurate

8               records of the hours and days worked by employees, including Plaintiffs.

9     26.   Defendants, and each of them, pursuant to such unlawful, unfair and deceptive

10   practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

11   Plaintiffs, and have gained an unfair advantage over law-abiding employers. Defendants, and each

12   of them, should therefore be ordered to restore to Plaintiffs all unpaid overtime compensation for

13   the period of one year preceding the statutory claims, in an amount to be proved at trial.

14

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

**Complaint**

1    WHEREFORE, Plaintiff prays for judgment as follows:

2      1.   For unpaid overtime compensation in an amount exceeding $25,000.00, and subject

3           to more precise proof at the time of trial;

4      2.   For continuing wages pursuant to Labor Code Section 203 in the amount of at least

5           $1,800.00, and more precisely according to proof;

6      3.   For damages pursuant to Labor Code Section 226 in the amount of a maximum of

7           $4,000.00, and more precisely according to proof;

8      4.   For reimbursement of expenses incurred and compensation for meal and rest periods

9           not received according to law in an amount to be proved at trial;

10     5.   For all relief permitted under the Fair Labor Standards Act;

11     6.   For restitution of earned but unpaid overtime wages;

12     7.   For prejudgment interest on Plaintiff's state law claims;

13     8.   For costs of suit, including attorney's fees, according to proof; and

14     9.   For such other and further relief as the Court may deem appropriate.

15

16

17                              Respectfully Submitted:

18                              LAW OFFICES OF ROBERT R. RONNE, APC

19

20

21                              BY:    ROBERT R. RONNE,
22                                     Attorney for Plaintiff
                                       Andrea Avila.
23

24

25

26

27

28

                                          -8-
                                       Complaint

1  Michael D. Myers, Esq.,  [SBN: 086996]
   Alan L. Siegel, Esq.,   [SBN: 120156]
2  MYERS & SIEGEL, P.C.
   675 W.  Foothill Blvd., Suite 200
3  Claremont, California 91711
   (909) 398-4200
4  (909) 398-4220 Facsimile
   Attorneys for Plaintiff
5

**FILED**
LOS ANGELES SUPERIOR COURT

APR 0 2 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
        D. Garcia

6  Case assigned        Teresa Sancher Gordon
7  to Judge
                                                        D-74
8       SUPERIOR COURT OF THE STATE OF CALIFORNIA

9           COUNTY OF LOS ANGELES CENTRAL DISTRICT

10              STANLEY MOSK COURTHOUSE

11  Roberto Badillo,              ) Case No.
                                  )            BC368874
12          Plaintiff             ) (Unlimited Jurisdiction)
                                  )
13          v.                    ) COMPLAINT FOR DAMAGES AND
                                  ) PENALTIES FOR:
14  La Fortaleza, Inc; A California )
    Corporation; and  DOES 1 TO 50, ) 1.  Failure to Pay Overtime
15  inclusive.                    )     Wages per Labor Code §510
                                  )
16          Defendant(s)          ) 2.  Failure to Maintain
                                  )     Records per Labor Code
17                                )     §226
                                  )
18                                ) 3.  Failure to Pay Wages For
                                  )     All Hours Worked
19                                )
                                  ) 4.  Waiting Time Penalties
20                                )     Under Labor Code §203
                                  )
21                                ) 5.  Failure to Provide Meal
                                  )     and Rest Breaks Under
22                                )     Labor  Code Sections
                                  )     512 and 226.7
23                                )
                                  ) 6   Theft of Labor
24                                )
                                  ) 7.  Unlawful Business
25                                )     Practices per Business and
                                  )     Professions Code § 17200,
26                                )     et seq.
27                                  8.  Exemplary damages
28                                    DEMAND FOR JURY TRIAL

                          1
                   COMPLAINT FOR DAMAGES

1  Plaintiff alleges:

2                                    I.

3                              THE PARTIES

4      1.  This is a action brought by plaintiff Roberto Badillo,

5  (hereinafter " Badillo") for claims arising from his employment

6  by La Fortaleza, Inc., (hereinafter "Fortaleza"), during the

7  relevant time periods alleged herein.  Badillo began working for

8  Fortaleza on or about May, 1999.  Badillo's employment with

9  Fortaleza was terminated on or about February 17, 2007.

10     2.  Plaintiff  Badillo is, and at all times herein mentioned

11 was, an individual residing in the State of California, County of

12 Los Angeles.

13     3.  Defendant Fortaleza is, and at all times herein

14 mentioned was, a corporation organized and existing pursuant to

15 the laws of the State of California. Plaintiff is informed and

16 believes, and there upon avers, that defendant Fortaleza does

17 business in Los Angeles County and that the acts alleged herein

18 took place in said County.  Jurisdiction and venue in this court

19 is properly fixed pursuant to Sections 393(a) and 395.5 of the

20 California Code of Civil Procedure.

21     4.  Plaintiff does not know the true names and capacities,

22 whether individual, corporate or otherwise, of defendants DOES 1

23 through 50, and therefore sues them by such fictitious names.

24 Plaintiffs are informed and believe and on that basis allege that

25 each of the DOE defendants is in some manner responsible for the

26 damages alleged by them in this Complaint.  Plaintiff will amend

27 this complaint to allege their true names and capacities when the

28 same have been ascertained.

1    5.   Plaintiff is informed and believes and on that basis
2  alleges that at the various times alleged in this Complaint, each
3  of the named and DOE defendants was the agent or employee of each
4  of the remaining co-defendants and, in doing the actions alleged
5  in this Complaint, was acting within the course and scope of said
6  agency, employment and service with advance knowledge, consent
7  and/or ratification of each of the remaining Defendants.

8    6.   The acts committed by Fortaleza and DOES 1 through 50
9  (hereinafter "Defendants") as described in this Complaint were
10  duly authorized and directed by its owners, officers, directors
11  and/or managing agents.  In addition, Defendants participated in
12  the acts of its employees and agents as described in this
13  Complaint, and ratified or accepted benefits of such acts.

14

15                              II.

16              FACTS COMMON TO ALL CAUSES OF ACTION

17    7.   Plaintiff restates and incorporates by this reference as
18  though set forth fully here, each of the allegations contained in
19  paragraphs 1 through 6, inclusive, of this Complaint.

20    8.   Defendant Fortaleza's primary business is the
21  manufacturer of tortillas and other food products.  It is
22  subject to the provisions of the applicable Wage Order issued by
23  the Industrial Welfare Commission ("IWC").

24    9.   On or about May, 1999 Badillo was hired by Fortaleza as
25  a cook to work in the County of Los Angeles, State of California.
26  Since his date of hire, through his termination on February 17,
27  2007, Plaintiff was not paid all of the regular and overtime
28  compensation to which he was entitled under the applicable Wage

                              3
                     COMPLAINT FOR DAMAGES

1   Order of the IWC and Labor Code Section 510.  At all times during

2   his employment at Fortaleza, Plaintiff Badillo is and was an

3   employee that was not exempt from the requirements of Labor Code

4   sections 500, 510, 1194 and 1198 regarding the payment of minimum

5   wages, overtime pay and other requirements.

6

7                             III.

8                      FIRST CAUSE OF ACTION

9              FOR UNPAID OVERTIME WAGES IN VIOLATION OF

10                     LABOR CODE SECTION 510

11            (AGAINST ALL DEFENDANTS AND DOES 1 TO 50)

12      10.  Plaintiff restates and incorporates by this reference

13  as though set forth fully here, each of the allegations contained

14  in paragraphs 1 through 9, inclusive, of this Complaint.

15      11.  On and before May, 1999, through and including February

16  17, 2007, pursuant to Labor Code §§ 500, 510, 1194, and 1198, and

17  the applicable wage order of the IWC, Defendants were required to

18  compensate Plaintiff with premium pay for all overtime work

19  performed, for hours worked in excess of eight (8) hours per day

20  and/or forty (40) hours per week and for the first eight (8)

21  hours on the seventh (7th) consecutive day of any work week, and

22  double time after twelve (12) hours in any single workday and/or

23  after eight (8) hours on the seventh (7th) consecutive day of any

24  work week.

25      12.  At all times relevant herein, Labor Code Section

26  1194(a) provided that an employee who has not been paid overtime

27  compensation could recover the unpaid balance of the full amount

28  of overtime wages due, including interest therein, together with

1   reasonable attorneys' fees and costs of suit.

2       13.   Within at least the last three (3) years preceding the
3   filing of this Complaint, Defendants employed Plaintiff, and
4   Defendants failed and refused to pay Plaintiffs overtime
5   compensation at the rates required by law.

6       14.   As a direct and proximate result of Defendants' failure
7   and refusal to pay overtime premium rate wages, Plaintiff has
8   suffered losses in earnings and other employment related
9   benefits, all of his damages in an amount unknown at this time,
10  but which will be shown according to proof at the time of trial.

11      15.   Plaintiff, who has retained the services of legal
12  counsel in order to enforce his rights to overtime wage pay,
13  requests an award of attorneys' fees, costs and interest pursuant
14  to Labor Code Section 1194(a).

15      16.   An employer or other person acting as an agent of the
16  employer who fails to pay overtime or premium pay in
17  contravention of an IWC Wage Order shall be subject to civil
18  penalties pursuant to Cal. Labor Code Section 558. Plaintiff
19  requests an appropriate award reflecting these civil penalties,
20  plus interest thereon.

21      17.   As a result of Defendants failure to pay overtime to
22  Plaintiff, Defendants owe Plaintiff compensation, the exact
23  amount to be determined according to proof.

24      18.   In addition, Plaintiff is entitled by statute to
25  recover reasonable attorneys' fees, costs of suit, and interest
26  on the unpaid amounts pursuant to Labor Code Sections 218.5 and
27  1194.

28                              IV.

1              SECOND CAUSE OF ACTION

2        FOR FAILURE TO ISSUE ACCURATE PAYROLL STATEMENTS

3        AND OTHER RECORD KEEPING VIOLATIONS

4        IN VIOLATION OF LABOR CODE SECTION 226

5        (AGAINST ALL DEFENDANTS AND DOES 1-50)

6     19.  Plaintiff realleges and incorporates by reference the

7 allegations of paragraphs 1 through 18 above.

8     20.  Labor Code Section 226(a) sets forth reporting

9 requirements for employers when they pay wages, as follows: "Each

10 employer shall semimonthly, or at the time of each payment of

11 wages, furnish each of his or her employees either as a

12 detachable part of the check, draft, or voucher paying the

13 employee's wages, or separately when wages are paid by personal

14 check or cash, an itemized statement in writing showing (1) gross

15 wages earned, (2) total hours worked by the employee, (5) net

16 wages earned, (8) the name and address of the legal entity that

17 is the employer, (9) all applicable hourly rates in effect

18 during the pay period and the corresponding number of hours

19 worked at each hourly rate by the employee." Section (e)

20 provides: "Any employee suffering injury as a result of a knowing

21 and intentional failure by an employer to comply with subdivision

22 (a) shall be entitled to recover the greater of all actual

23 damages or fifty dollars ($50) for the initial pay period in

24 which a violation occurs and one hundred dollars ($100) per

25 employee for each violation in all subsequent pay periods, not

26 exceeding an aggregate penalty of four thousand dollars ($4,000),

27 and shall be entitled to an award of costs and reasonable

28 attorney's fees."

1    21.   Defendants did not truly and accurately record
2  Plaintiffs' work hours.  During the relevant periods, Defendants
3  have not provided Plaintiff with written itemized statements for
4  all pay periods which show: (1) The total number of hours worked
5  by Plaintiff; (2) The number of overtime hours worked; (3) The
6  effective overtime rate of pay; (4) The legal name and address of
7  the legal entity which was his employer. Defendants knowingly and
8  intentionally failed to comply with Labor Code Section 226 et seq
9  and applicable Wage Order of the IWC.

10    22.   Plaintiff was damaged by defendants' failure to
11  accurately record his work hours and to comply with the
12  requirements of Labor Code Section 226(a) because it hindered
13  Plaintiff from determining the true and accurate amounts of wages
14  owed to him.  As such, Plaintiff is entitled to receive the
15  statutory penalties as set forth in Labor Code Section 226(e) for
16  each and every pay period that a complete and accurate paycheck
17  report stub was not provided to him.

18    23.   In addition, Plaintiff is entitled by statute to
19  recover reasonable attorneys' fees, costs of suit, and interest
20  on the unpaid amounts pursuant to Labor Code Sections 218.5, 226
21  (e) and 1194.

22

23                              V.

24                    THIRD CAUSE OF ACTION

25              FAILURE TO PAY WAGES FOR ALL HOURS

26                 WORKED PER IWC WAGE ORDERS

27    24.   Plaintiff re-alleges and incorporates by this
28  reference, as if set forth in full, each and every allegation

7
COMPLAINT FOR DAMAGES