# EXHIBIT D
# PART 3 OF 6

1  contained in paragraphs 1 through 23, inclusive, as set forth
2  above.

3      25.   The applicable Wage Order of the IWC states that:
4  "Hours worked means time during which an employee is subject to
5  control of an employer, and includes all the time the employee is
6  suffered or permitted to work, whether or not required to do so."

7      26.   Defendants, and each of them, failed to pay compensate
8  Plaintiff for all of the time he spent while engaged in
9  activities for the benefit of Fortaleza.

10     27.   Plaintiff seeks recovery of wages owed for all of the
11  time that he worked for Fortaleza during the three year period
12  preceding the filing of this complaint as well as  pre-judgment
13  interest, costs, attorneys fees and penalties pursuant to Labor
14  Code Sections 200, 218.5, 510, 558 and 1194.

15                              VI.

16                     FOURTH CAUSE OF ACTION

17                   WAITING TIME PENALTIES UNDER

18                      LABOR CODE §203

19     28.   Plaintiffs restate and incorporate by this reference as
20  if fully set forth herein each and every allegation contained in
21  paragraphs 1 through 27, inclusive, of this Complaint.

22     29.   At all times relevant herein, California Labor Code
23  Section 203 authorizes an employee to sue for penalties in an amount
24  equal to the former employers' daily wages for up to 30 days if an
25  employer willfully failed to pay any wages due to the employee at
26  the time of separation from employment (or within 72 hours if the
27  employee tenders a resignation).  Plaintiff was not paid his final
28  wages due upon his termination and is entitled to Section 203

                              8
                     COMPLAINT FOR DAMAGES

1  penalties.

2       30.  Defendants' failure to pay Plaintiff Badillo his

3  overtime wages and Section 203 penalties, was willful in nature as

4  set forth in the applicable authority governing Labor Code Section

5  203, and warrants the imposition of a thirty-day wage penalty.

6

7                              VII.

8                     FIFTH CAUSE OF ACTION

9              FAILURE TO PROVIDE REST AND MEAL BREAKS

10          IN VIOLATION OF CALIFORNIA LABOR CODE 226.7

11               (Against All Defendants, and DOES 1-50)

12       31.  Plaintiffs restate and incorporate by this reference as

13  if fully set forth herein each and every allegation contained in

14  paragraphs 1 through 30, inclusive, of this Complaint.

15       32.  Section 512 of the Labor Code requires employers to

16  provide employees who work more than five hours in a day at least

17  a 30-minute meal break.  Plaintiff was never given or allowed to

18  take such a meal period.

19       33.  California Wage Orders require that any employee who

20  works at least three and a half hours to receive a minimum ten-

21  minute paid rest period.  Plaintiff was not allowed to take any

22  meal breaks, regardless of the fact that he worked in excess of

23  eight and sometimes 12 hours or more in a day.  Plaintiff was

24  denied rest breaks.

25       34.  The extra compensation for missed meal breaks and rest

26  breaks constitutes "wages" for purposes of Labor Code Section

27  226.  In addition, Section 7(A) of the applicable Wage Orders

28  governing Records, mandates that "Every employer shall keep

                              9
                    COMPLAINT FOR DAMAGES

1 accurate information with respect to each employee including the
2 following: 'Time records showing when the employee begins and
3 ends each work period. Meal period, split shift intervals and
4 total daily hours worked shall also be recorded.'"

5    35.    Section 226.7 of the Labor Code states that if an
6 employer fails to provide an employee with a meal period as
7 required by Section 512 or rest periods as mandated by a Wage
8 Order, the employer has to pay the employee an additional hour of
9 pay for each day at the employee's regular rate of compensation
10 for each meal or rest period.

11    36.    Defendants refused and prohibited Plaintiff from taking
12 meal and rest breaks as authorized by law. Therefore, Defendants
13 must pay them one hour of wages for every meal period and/or rest
14 period that they refused to provide, the exact amount to be
15 determined according to proof.

16    37.    In addition, Plaintiff is entitled by statute to
17 recover reasonable attorneys' fees, costs of suit, and interest
18 on the unpaid amounts pursuant to Labor Code Sections 218.5 and
19 1194.

20                              VIII

21                       SIXTH CAUSE OF ACTION

22                         THEFT OF LABOR

23                     (PENAL CODE SECTION 484)

24    38.    Plaintiff restates and incorporates by this reference
25 as though set forth fully here, each of the allegations contained
26 in paragraphs 1 through 37, inclusive, of this Complaint.

27    39.    Plaintiff is informed and believes, and thereon
28 alleges, that defendants, in addition to the acts and omissions

                              10

1  described above, knowingly and designedly, by false and/or

2  fraudulent representations and/or pretenses, defrauded Plaintiff

3  including but not limited to promising to pay Plaintiff for his

4  labor while intending not to pay him in the proper amounts.

5      40.  By defrauding Plaintiff, defendants violated Penal Code

6  Section 484.

7      41.  Plaintiff has suffered and continues to suffer damages

8  as a direct and legal (proximate) result of defendants violation

9  of Penal Code Section 484.  Plaintiff is entitled to relief for

10  the damages he has suffered as a result of defendants violations

11  of Penal Code Section 484, in amounts to be determined according

12  to proof at trial.

13      42.  Plaintiff is informed and believes and on that, basis

14  alleges that defendants and DOES 1-50, inclusive acted willfully,

15  knowingly, and intentionally engaging in the pattern of conduct

16  described herein.  Plaintiff is informed and believes, and on

17  that basis alleges that in doing the acts and in engaging in the

18  conduct herein alleged, defendants acted in conscious disregard

19  of the rights of Plaintiff and engaged in despicable conduct

20  which has subjected Plaintiff to cruel and unjust hardship.

21      43.  Further, Plaintiff is informed and believes and on that

22  basis alleges that defendants and DOES 1-50, inclusive in doing

23  the acts and engaging in the conduct herein alleged, acted with a

24  willful and conscious disregard of plaintiffs legal rights.

25  Because defendants have acted with such oppression, fraud and

26  malice, Plaintiff is entitled to punitive damages, pursuant to

27  Civil Code Section 1708.7 (c) and 3294 in an amount that will

28  punish defendants for the conduct described herein and in an

1  amount that will deter them and others from engaging in similar

2  conduct in the future.

3                                    IX

4                       SEVENTH CAUSE OF ACTION

5             UNLAWFUL BUSINESS PRACTICES IN VIOLATION

6      OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

7      44.   Plaintiff re-alleges and incorporates by this

8  reference, as if set forth in full, each and every allegation

9  contained in paragraphs 1 through 43, inclusive, as set forth

10 above.

11      45.   Since Plaintiff began his employment with defendant

12 Fortaleza in May of 1999, defendant Fortaleza has committed acts

13 of unfair competition, as defined by Business and Professions

14 Code §17200, by engaging in the practices alleged above.

15      46.   California Business and Professions Code Section 17200

16 et. seq. prohibits acts of unfair competition, which shall mean

17 and include any "unlawful and unfair business practices."

18      47.   The conduct of defendants as alleged herein has been

19 and continues to be unfair, unlawful and deleterious to

20 Plaintiff.  Plaintiff hereby seeks to enforce important rights

21 that affect his interests within the meaning of Code of Civil

22 Procedure Section 1021.5.  Plaintiff is a "person" within the

23 meaning of Business and Professions Code Section 17204, and

24 therefore has standing to bring this suit for injunctive relief

25 and restitution.

26      48.   The prompt and proper payment of wages is a fundamental

27 public policy of the State of California. Furthermore, failure to

28 pay overtime, failure to provide and keep proper employment

12
COMPLAINT FOR DAMAGES

1  records, and failure to pay wages for all hours worked all give

2  Defendant and unfair business advantage over competitors that

3  adhere to the provisions of the IWC Wage Orders and the

4  California Labor Code.

5      49.    By engaging in the aforementioned business practices,

6  which are unfair and unlawful business practices within the

7  meaning of Business and Professions Code Section 17200 et. seq.,

8  Defendants harmed plaintiff.  Under Business and Professions Code

9  Section 17203, Plaintiff is entitled to obtain restitution of

10 monies due to him. Plaintiff seeks full restitution of monies, as

11 necessary and according to proof, to restore any and all monies

12 withheld, acquired and/or converted by the Defendants by means of

13 the unfair practices complained of herein.  The restitution

14 includes the equivalent of (a) all unpaid wages for hours worked

15 whether it be straight-time or overtime.

16     50.    Pursuant to Business and Professions code Section

17 17202, Plaintiff is entitled to specific relief enforcing the

18 penalty provisions of various Labor Code Sections for himself in

19 amounts to be proved at trial.  Failure to enforce the penalties

20 due would result in the unlawful enrichment of the Defendants and

21 wold promote unfair competition.

22     51.    The acts complained of herein occurred within the last

23 four years preceding the filing of the Complaint in this action.

24     52.    Plaintiff is entitled to attorney fees and costs

25 pursuant to the common fund equitable doctrine, Code of Civil

26 Procedure Section 1021.5 and the substantial benefits doctrine.

27

28

1    WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS,
2  AND EACH OF THEM, AS FOLLOWS:

3      A.   For economic damages according to proof;

4      B.   For general, special and incidental damages according to
5  proof;

6      C.   For pre-judgment interest as allowed by California Labor
7  Code Section 218.5 or 1194 and California Civil Code Section 3287
8  or any other statute to the fullest extent permitted by law;

9      D.   For reasonable attorneys' fees pursuant to Labor Code
10  Sections 218.5, 203, 1194, 226(e), Code of Civil Procedure
11  Section 1021.5, and all and any other applicable laws and
12  statutes;

13      E. For civil penalties pursuant to Labor Code Sections 558,
14  1194.2, 203, and 226(e).

15      F.   That Defendants pay restitution to Plaintiff of all
16  funds unlawfully acquired by Defendants by means of any acts or
17  practices declared by this Court to be violative of the mandate
18  established by California Business and Professions Code Section
19  17200 et seq.;

20      G.   Exemplary damages in an amount sufficient to punish and
21  make an example of defendants and to deter future similar
22  conduct.

23      H.   For costs of suit herein incurred; and

24      I.   For such other and further relief as the Court may deem
25  proper.

26

27                    DEMAND FOR JURY TRIAL

28      Plaintiff does hereby demand a jury trial in this action.

1

2  DATED: March 30 __, 2007

3                              LAW OFFICES OF
                               MYERS & SIEGEL, P.C.
4

5

6  _____
                               Michael D. Myers
7                              Alan L. Siegel
                               Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF STEPHEN GLICK
Stephen Glick, CSB# 59404
Lorena Garcia, CSB# 234091
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorneys for Plaintiff RONALD L. FARRIOR

**Case assigned
to Judge** Elizabeth A Grimes

D - 30

**FILED**
LOS ANGELES SUPERIOR COURT

APR 16 2007

John A. Clark, Executive Officer/Clerk
By _____ , Deputy
    D. Garcia

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

| | |
|---|---|
| RONALD L. FARRIOR, <br><br> PLAINTIFF. <br><br> vs. <br><br> VITEL COMMUNICATIONS, LLC, a Delaware limited liability company; and DOES 1 through 100, Inclusive, <br><br> DEFENDANTS. | Case No. <br> **BC369566** <br><br> COMPLAINT FOR: <br><br> 1. UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 4 § 3); <br><br> 2. FAILURE TO PAY MINIMUM WAGE AS A RESULT OF FAILING TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1197; IWC ORDER 7 § 4); <br><br> 3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 4 § 11); <br><br> 4. FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 4 § 12); <br><br> 5. FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE § 226. 1174; IWC ORDER 4 § 7); <br><br> 6. FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203); |

- 1 -
COMPLAINT

Comes now PLAINTIFF, RONALD L. FARRIOR, who complains and alleges as follows:

### INTRODUCTION

1.  From about October 10, 2006 to February 8, 2007, DEFENDANTS, VITEL COMMUNICATIONS, LLC and DOES 1 through 100, inclusive, employed Plaintiff, RONALD L. FARRIOR, as a trainer in their premises in the city of Los Angeles. DEFENDANTS, VITEL COMMUNICATIONS, LLC, and DOES 1 through 100, inclusive, required Plaintiff, RONALD L. FARRIOR, to work long hours without paying overtime, providing meal and rest periods, paying the minimum wage for all hours worked, maintaining the required records, and failing to pay all wages due upon separation. This is an action brought by PLAINTIFF, RONALD L. FARRIOR, against DEFENDANTS, VITEL COMMUNICATIONS, LLC, and DOES 1-100, inclusive, alleging violations of various wage/hour provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

### VENUE AND JURISDICTION

2.  Venue is proper in Los Angeles County because DEFENDANTS employed PLAINTIFF, RONALD L. FARRIOR, in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

3.  The monetary damages sought by Plaintiff exceed $25,000, as set forth in the prayer for relief, and will be established according to proof at trial. Further, there is no federal question at issue as the complaint is based solely on California law and statutes including the IWC Wage Orders, Labor Code, Civil Code, and Code of Civil Procedure.

### GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

4.  Plaintiff, RONALD L. FARRIOR (hereinafter "RONALD L. FARRIOR"), is an individual who was employed by DEFENDANTS, VITEL COMMUNICATIONS, LLC, and DOES 1 through

COMPLAINT

1  100, inclusive, in the State of California.

2     5.   RONALD L. FARRIOR is informed and believes, and based thereon alleges, that
3  DEFENDANTS, VITEL COMMUNICATIONS, LLC ("DEFENDANTS"), is a corporation duly
4  organized under laws of the State of California and is duly qualified under the laws of the State of
5  California to conduct business within the State of California and does routinely conduct business in
6  the County of Los Angeles.

7     6.   RONALD L. FARRIOR is ignorant of the true names or capacity of the DEFENDANTS
8  sued herein under the fictitious names DOE 1 through 100, inclusive; and they are therefore sued
9  pursuant to Code of Civil Procedure § 474. When their true names and capacity are ascertained,
10  RONALD L. FARRIOR will amend this complaint by inserting their true names and capacity
11  herein. RONALD L. FARRIOR is informed and believes, and based thereon alleges, that
12  DEFENDANTS DOE 1 through 100, inclusive, hereinafter collectively referred to as "DOES,"
13  acted wrongfully, maliciously, intentionally and negligently; that each is responsible in some
14  manner for the events and happenings complained of herein; and that injuries of RONALD L.
15  FARRIOR, as alleged herein, were proximately caused by DEFENDANTS DOES, either through
16  said DEFENDANTS own conduct or through the conduct of their agents and/or employees.

17     7.   RONALD L. FARRIOR is informed and believes, and based thereon alleges, that at all
18  relevant times, each of the DEFENDANTS, whether named or fictitiously named as DOE
19  (hereinafter collectively referred to as "DEFENDANTS"), was the merging entity, merged entity,
20  subsidiary, acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS
21  and, in doing the things hereinafter alleged, was acting within the course and scope of such agency
22  and/or employment with the knowledge, advice, permission and consent of each other.

23     8.   Beginning on or about October 10, 2006 to February 8, 2007, RONALD L. FARRIOR, was
24  employed by DEFENDANTS at DEFENDANTS' premises located in Los Angeles, California, in
25  the County of Los Angeles.

26     9.   RONALD L. FARRIOR was employed as a trainer by the DEFENDANTS and in such
27  capacity, RONALD L. FARRIOR performed duties that make RONALD L. FARRIOR a non-

28

- 3 –

COMPLAINT

1    exempt employee who is entitled to the benefits and protections of the Labor Codes of the State of

2    California, and to the existing and applicable Industrial Welfare Commission Order 4-2001 (Title 8,

3    California Code of Regulations §§ 11000, 11040). At no time did RONALD L. FARRIOR work in

4    a capacity or perform duties that would have made RONALD L. FARRIOR exempt from such

5    provisions.

6        10.    Effective February 8, 2007, RONALD L. FARRIOR was terminated or laid off by

7    DEFENDANTS.

8        11.    RONALD L. FARRIOR worked for DEFENDANTS each week during the period from

9    about October 10, 2006 to February 8, 2007. During the period from about October 10, 2006 to

10   February 8, 2007, RONALD L. FARRIOR worked for DEFENDANTS on Mondays, Tuesdays,

11   Wednesdays, Thursdays, Fridays, and Saturdays, from approximately 7:00 am to varying times, but

12   always more than 8 hours per day and sometimes 14 hours per day.

13       12.    During the period from about October 10, 2006 to February 8, 2007, RONALD L.

14   FARRIOR was compensated at the hourly rate of $22.60. He was paid bi-weekly in check.

15       13.    RONALD L. FARRIOR is authorized to bring this action pursuant to California Labor

16   Code §§ 1194, 226, 203 and pursuant to the power vested in plaintiff to enforce the provisions of

17   the California Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

18       14.    At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

19   State of California, and to the existing and applicable Industrial Welfare Commission Order 4 (Title

20   8, California Code of Regulations § 11040).

21       15.    RONALD L. FARRIOR is seeking damages for the Labor Code violations for the period

22   from October 10, 2006 to February 8, 2007 pursuant to Ca. Code. of Civ. Pro. §338(a).

23       16.    RONALD L. FARRIOR has incurred, and during the pendency of this action will continue

24   to incur, expenses for attorney's fees and costs herein. RONALD L. FARRIOR requests that the

25   court award attorney's fees and costs in an amount according to proof pursuant to California Labor

26   Code §1194(a).

27

28

- 4 –

COMPLAINT

1

## FIRST CAUSE OF ACTION

2

### UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION

3

**Brought by PLAINTIFF against all DEFENDANTS**

4

(Labor Code §§ 200, 203, 218.6, 500, 510, 1194, 1198, 1199; IWC ORDER 4 § 3(A) (Title 8

5

Cal. Code of Reg. § 11040))

6      17.    RONALD L. FARRIOR refers to and incorporates all of the paragraphs of this complaint

7    as though fully set forth herein.

8      18.    At all times herein mentioned, RONALD L. FARRIOR was employed by DEFENDANTS

9    as a trainer. RONALD L. FARRIOR'S position, therefore, does not fall within the professional,

10    administrative, or executive exemptions.

11      19.    At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

12    State of California, and to the existing and applicable Industrial Welfare Commission 4 (Title 8,

13    California Code of Regulation § 11040) which states that an employee such as RONALD L.

14    FARRIOR shall not be employed more than eight hours in any workday or more than 40 hours in

15    any workweek unless the employee receives one and one-half (1 ½) times such employee's regular

16    rate of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot

17    be less than the applicable minimum wage.

18      20.    At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

19    510 which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of

20    eight hours in one workday and any work in excess of 40 hours in any one workweek and the first

21    eight hours worked on the seventh day of work in any one workweek shall be compensated at the

22    rate of no less than one and one-half times the regular rate of pay for an employee. Any work in

23    excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a

24    workweek shall be compensated at the rate of no less than twice the regular rate of pay of any

25    employee."

26      21.    At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

27    1198 which states that "the maximum hours of work and the standard conditions of labor fixed by

28

- 5 –

COMPLAINT

1    the commission shall be the maximum hours of work and the standard conditions of labor for

2    employees. The employment of any employee for longer hours than those fixed by the order or

3    under conditions of labor prohibited by the order is unlawful."

4    22.   At all times herein mentioned, DEFENDANTS were subject to California Labor Code

5    §1199. Labor Code §1199 states "every employer... is guilty of a misdemeanor and is punishable

6    by a fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by

7    both, who does any of the following: (a) requires or causes an employee to work for longer hours

8    than those fixed, or under conditions of labor prohibited by an order of the commission."

9    23.   Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

10    failure to receive the legal overtime rate of pay.

11    24.   RONALD L. FARRIOR was a non-exempt employee entitled to the protections of

12    Industrial Welfare Commission Order 4 (Title 8 of the California Code of Regulations § 11040),

13    and California Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

14    25.   From October 10, 2006 to February 8, 2007, RONALD L. FARRIOR worked more than

15    40 hours per workweek.

16    26.   From October 10, 2006 to February 8, 2007, RONALD L. FARRIOR worked more than 8

17    hours per day.

18    27.   From October 10, 2006 to February 8, 2007, RONALD L. FARRIOR sometimes worked

19    more than 12 hours per day.

20    28.   From October 10, 2006 to February 8, 2007, pursuant to Labor Code § 510 and Title 8 of

21    California Code of Regulations § 11040(3)(a), DEFENDANTS were required to pay RONALD L.

22    FARRIOR, overtime compensation, which is calculated at one and one-half (1½) times the regular

23    rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

24    and, for the first eight (8) hours on the seventh consecutive day of any work week, with double time

25    after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh consecutive

26    day of any work week.

27    29.   During the course of RONALD L. FARRIOR'S employment, DEFENDANTS failed to

28

- 6 –

COMPLAINT

1    compensate RONALD L. FARRIOR for overtime hours worked with the premium overtime pay as
2    required under the aforementioned labor regulations.

3        30.   Instead of making the required payments under the aforementioned wage orders and Labor
4    Code provisions, DEFENDANTS only paid RONALD L. FARRIOR an hourly rate, that did not
5    take into consideration the total number of hours worked or the number of overtime hours worked.
6    There is no law or wage order that permits DEFENDANTS to lawfully pay RONALD L. FARRIOR
7    an hourly rate that does not compensate RONALD L. FARRIOR for all hours worked and all
8    overtime hours worked at the legally mandated rate of pay (the overtime premium rate).

9        31.   Labor Code § 515(d) states that "for the purpose of computing the overtime rate of
10   compensation required to be paid to a nonexempt full-time salaried employee, the employee's
11   regular hourly rate shall be 1/40th of the employee's weekly salary.

12       32.   Under the aforementioned wage orders, statutes, and regulations, RONALD L. FARRIOR
13   is entitled to one and one-half times and/or double his regular rate of pay for overtime work
14   performed from October 10, 2006 to February 8, 2007, based on appropriate calculations of the total
15   remuneration for each workweek, and the corresponding number of hours worked each day and/or
16   workweek.

17       33.   As DEFENDANTS' conduct alleged herein violates Labor Code §§200, 500, 510, 1194,
18   1198, and 1199, RONALD L. FARRIOR is entitled to recover the unpaid balance of overtime
19   compensation, plus interest, attorney's fees, and costs of suit pursuant to Labor Code §1194.

20       34.   RONALD L. FARRIOR seeks interest pursuant to Labor Code § 218.6. That code states
21   that in any action brought for the nonpayment of wages, the Court shall award interest on all due
22   and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil
23   Code [currently 10 percent per annum], which shall accrue from the date that the wages were due
24   and payable[.]" RONALD L. FARRIOR entitled to said interest.

25   ///
26   ///
27   ///
28

- 7 -
COMPLAINT

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE

**Brought by PLAINTIFF against all DEFENDANTS**

**(Labor Code §§ 200, 218.6, 1194, 1194.2, 1198, IWC ORDER 4-2001 § 4 (Title 8 Cal. Code of Reg. §11040))**

35.   RONALD L. FARRIOR refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

36.   At all times herein mentioned, RONALD L. FARRIOR was employed by DEFENDANTS as a trainer. RONALD L. FARRIOR'S position, therefore, does not fall within the professional, administrative, or executive exemptions.

37.   RONALD L. FARRIOR was a non-exempt employee entitled to the protections of IWC Order 4-2001 (Title 8 of the California Code of Regulations § 11040), and California Labor Code § 200, 500, 1194, 1197, and 1198.

38.   At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State of California, and to the existing and applicable IWC Order 4-2001 (Title 8, California Code of Regulations §§ 11000, 11040). IWC 4 (4) requires DEFENDANTS to pay each non-exempt employee wages of not less than six dollars and twenty-five cents ($6.25) per hour for all hours worked, effective January 2001, and not less than six dollars and seventy-five cents per hour for all hours worked, effective January 1, 2002. IWC 4 (4) requires DEFENDANTS to pay each non-exempt employee wages of not less than seven dollars and fifty cents ($7.50) per hour for all hours worked, effective January 1, 2007.

39.   Labor Code § 1197 states that "the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

40.   Labor Code § 1198 states that "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the

- 8 –

COMPLAINT

1    order or under conditions of labor prohibited by the order is unlawful."

2       41.    Labor Code § 1194(a) permits an aggrieved employee to bring a private right of action for

3    failure to receive the legal minimum wage.

4       42.    From October 10, 2006 to February 8, 2007, DEFENDANTS failed to compensate

5    RONALD L. FARRIOR the minimum wage for all hours worked as DEFENDANTS established a

6    policy whereby instead of making the required payments under the aforementioned wage orders,

7    DEFENDANTS only paid RONALD L. FARRIOR a flat hourly, that did not take into consideration

8    the total number of hours worked or the number of overtime hours worked. Because RONALD L.

9    FARRIOR was not paid for all hours worked, RONALD L. FARRIOR thereby worked certain

10   hours without being paid the legal minimum wage. There is no law or wage order that permits

11   DEFENDANTS to lawfully pay RONALD L. FARRIOR a flat salary that does not compensate

12   RONALD L. FARRIOR for all hours worked and all overtime hours worked at the legally

13   mandated rate of pay.

14      43.    Pursuant to Labor Code § 1194.2, in any action brought forth under Labor Code § 1194 by

15   an employee to recover compensation for minimum wage violations, the employee is also entitled to

16   recover liquidated damages in the amount of the unpaid compensation plus interest thereon.

17   RONALD L. FARRIOR is entitled to recover said liquidated damages plus interest thereon.

18      44.    RONALD L. FARRIOR is entitled to attorney's fees, expenses, and costs of suit pursuant

19   to Labor Code § 1194(a), for bringing this action.

20      45.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

21   court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

22   (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the

23   date that the wages were due and payable[.]" RONALD L. FARRIOR is entitled to said interest.

24

25   ///

26   ///

27   ///

28

- 9 -

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS

#### Brought by PLAINTIFF against all DEFENDANTS

(Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 4 § 11 (Title 8 Cal. Code of Reg. § 11040))

46.   RONALD L. FARRIOR refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

47.   At all times herein mentioned, RONALD L. FARRIOR was employed by DEFENDANTS as a trainer. RONALD L. FARRIOR'S position, therefore, does not fall within the professional, administrative, or executive exemptions.

48.   At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State of California, and to the existing and applicable Industrial Welfare Commission Order 4 (Title 8, California Code of Regulations § 11040).

49.   Section 11 of Industrial Welfare Commission Order 4 required DEFENDANTS to give RONALD L. FARRIOR meal breaks as follows: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of employer and employee. Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to."

50.   Section 11 of Industrial Welfare Commission Order 4 further states that "if an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided."

51.   Labor Code § 512 also prohibits DEFENDANTS from employing RONALD L. FARRIOR for a work period of more than five hours per day without providing RONALD L.

– 10 –

COMPLAINT

1   FARRIOR with a meal period of not less than 30 minutes.

2   52.   From October 10, 2006 to February 8, 2007, DEFENDANTS failed to comply with

3   section 11 of IWC Order 4-2001 and California Labor Code §512, by failing to provide required

4   meal periods to RONALD L. FARRIOR. That meal period was not waived by mutual consent of

5   the DEFENDANTS and RONALD L. FARRIOR. There is no applicable exemption that would

6   permit DEFENDANTS to fail or to refuse to provide RONALD L. FARRIOR with the required

7   meal period.

8   53.   DEFENDANTS further violated IWC Order 4 by failing to pay RONALD L. FARRIOR

9   an additional one hour of compensation at RONALD L. FARRIOR'S regular rate of pay for each

10   day that DEFENDANTS failed to provide RONALD L. FARRIOR the required meal period from

11   October 10, 2006 to February 8, 2007. This compensation is owed and unpaid in an amount

12   according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

13   compensation became due and payable, plus all appropriate penalties.

14   54.   Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring

15   any employee to work during any meal period mandated by an applicable order of the Industrial

16   Welfare Commission. If an employer fails to provide an employee a meal period in accordance

17   with an applicable order of the IWC the employer shall pay the employee one additional hour of pay

18   at the employee's regular rate of pay for each work day that the meal period is not provided.

19   55.   From October 10, 2006 to February 8, 2007, DEFENDANTS failed to comply with Labor

20   Code § 226.7 by failing to provide required meal periods to RONALD L. FARRIOR. That meal

21   period was not waived by mutual consent of the DEFENDANTS and RONALD L. FARRIOR.

22   There is no applicable exemption that would permit DEFENDANTS to fail or to refuse to provide

23   RONALD L. FARRIOR with the required meal period.

24   56.   DEFENDANTS further violated Labor Code § 226.7 by failing to pay RONALD L.

25   FARRIOR an additional one hour of compensation at his regular rate of pay for each day that

26   DEFENDANTS failed to provide RONALD L. FARRIOR the required meal period from October

27   10, 2006 to February 8, 2007. This compensation is owed and unpaid in an amount according to

28

- 11 -

COMPLAINT

1  proof at trial, plus interest thereon at the maximum legal rate from the dates such compensation

2  became due and payable, plus all appropriate penalties.

3     57.  As DEFENDANTS' conduct alleged herein violates Labor Code §§ 226.7, and RONALD

4  L. FARRIOR is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and

5  interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

6     58.  Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

7  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

8  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

9  date that the wages were due and payable[.]" RONALD L. FARRIOR is entitled to said interest.

10

11  <div align="center">**FOURTH CAUSE OF ACTION**</div>

12  <div align="center">**FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS**</div>

13  <div align="center">**Brought by PLAINTIFF against all DEFENDANTS**</div>

14  <div align="center">**(Labor Code §§ 218.6, 226.7, 1194, IWC Order 4 § 12 (Title 8 Cal. Code of Reg. § 11040))**</div>

15     59.  RONALD L. FARRIOR refers to and incorporates all of the paragraphs of this complaint

16  as though fully set forth herein.

17     60.  At all times herein mentioned, RONALD L. FARRIOR was employed by DEFENDANTS

18  as a trainer. RONALD L. FARRIOR'S position, therefore, does not fall within the professional,

19  administrative, or executive exemptions.

20     61.  At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the

21  State of California, and to the existing and applicable Industrial Welfare Commission Order 4 (Title

22  8, California Code of Regulations § 11040).

23     62.  Section 12 of Industrial Welfare Commission Order 4 required DEFENDANTS to give

24  RONALD L. FARRIOR rest periods as follows: "Every employer shall authorize and permit all

25  employees to take rest periods, which insofar as practicable shall be in the middle of each work

26  period. The authorized rest period time shall be based on the total hours worked daily at the rate of

27  ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period

28

<div align="center">– 12 –</div>
<div align="center">COMPLAINT</div>

1 | need not be authorized for employees whose total daily work time is less than three and one-half (3

2 | ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

3 | deduction from wage. If an employer fails to provide an employee a rest period in accordance with

4 | the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at

5 | the employee's regular rate of compensation for each work day that the rest period is not provided."

6     63.   From October 10, 2006 to February 8, 2007, DEFENDANTS failed to comply with

7 | section 12 of IWC Order 4, by failing to provide required rest periods to RONALD L. FARRIOR.

8 | The rest period was not waived by mutual consent of the DEFENDANTS and RONALD L.

9 | FARRIOR. There is no applicable exemption that would permit DEFENDANTS to fail or to refuse

10 | to provide RONALD L. FARRIOR with the required rest period.

11     64.   DEFENDANTS further violated IWC Order 4 by failing to pay RONALD L. FARRIOR

12 | an additional one hour of compensation at RONALD L. FARRIOR'S regular rate of pay for each

13 | day that DEFENDANTS failed to provide RONALD L. FARRIOR the required rest period. This

14 | compensation is owed and unpaid in an amount according to proof at trial, plus interest thereon at

15 | the maximum legal rate from the dates such compensation became due and payable, plus all

16 | appropriate penalties.

17     65.   Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring

18 | any employee to work during any rest period mandated by an applicable order of the Industrial

19 | Welfare Commission. If an employer fails to provide an employee a rest period in accordance with

20 | an applicable order of the IWC the employer shall pay the employee one additional hour of pay at

21 | the employee's regular rate of pay for each work day that the rest period is not provided.

22     66.   DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to

23 | RONALD L. FARRIOR. The rest period was not waived by mutual consent of DEFENDANTS

24 | and RONALD L. FARRIOR. There is no applicable exemption that would permit DEFENDANTS

25 | to fail or to refuse to provide RONALD L. FARRIOR with the required rest period.

26     67.   DEFENDANTS further violated Labor Code § 226.7 by failing to pay RONALD L.

27 | FARRIOR an additional one hour of compensation at RONALD L. FARRIOR'S regular rate of pay

28

- 13 –

COMPLAINT

1  for each day that DEFENDANTS failed to provide RONALD L. FARRIOR the required rest period

2  from October 10, 2005 to February 8, 2007. This compensation is owed and unpaid in an amount

3  according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

4  compensation became due and payable, plus all appropriate penalties.

5      68.  As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, RONALD L.

6  FARRIOR is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and

7  interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

8      69.  Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

9  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

10  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

11  date that the wages were due and payable[.]"  RONALD L. FARRIOR is entitled to said interest.

12

13  <center>**FIFTH CAUSE OF ACTION**</center>

14  <center>**FAILURE TO MAINTAIN REQUIRED RECORDS**</center>

15  <center>**Brought by PLAINTIFF against all DEFENDANTS**</center>

16  <center>**(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174, 117.5; IWC Order 4 § 7 (Title 8 Cal. Code of**</center>

17  <center>**Reg. § 11040))**</center>

18      70.  RONALD L FARRIOR refers to and incorporates all of the paragraphs of this complaint

19  as though fully set forth herein.

20      71.  At all times herein mentioned, RONALD L. FARRIOR was employed by DEFENDANTS

21  as a trainer. RONALD L. FARRIOR'S position, therefore, does not fall within the professional,

22  administrative, or executive exemptions.

23      72.  Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to

24  furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,

25  total hours worked by the employee, except for any employee whose compensation is solely based

26  on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or

27  any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period

28

<center>- 14 -</center>

<center>COMPLAINT</center>

1  for which the employee is paid, and all applicable hourly rates in effect during the pay period and

2  the corresponding number of hours worked at each hourly rate by the employee. The

3  DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be

4  kept on file for at least three years at the place of employment or at a central location within the

5  State of California.

6      73.  Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing

7  and intentional failure by an employer to comply with subdivision (a) is entitled to recover the

8  greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation

9  occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,

10  not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of

11  costs and reasonable attorney's fees."

12     74.  When construing "willful" in the context of wage and hour labor code violations, Courts

13  have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an

14  act which was required to be done.'... It does not mean that the employer's refusal to pay wages

15  must necessarily be based on a deliberate evil purpose to defraud workers for wages which the

16  employer knows to be due" (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinkles.*

17  *Inc.* (2002) 102 Cal.App. 4th 765, 781).

18     75.  Labor Code § 226.3 provide for a civil penalty against an employer who violates

19  subdivision (a) of Section 226 in the amount of $250 per employee per violation for the initial

20  citation and $1,000 per employee for each violation in a subsequent citation. The civil penalties are

21  in addition to any other penalty provided by law.

22     76.  Labor Code § 1174 requires every person employing labor in the State of California to

23  keep payroll records showing the hours worked daily by and the wage paid to each employee.

24     77.  Labor Code § 1174.5 permits a civil penalty of $500 against an employer who willfully

25  fails to maintain records required by Labor Code § 1174(c) or accurate and complete records

26  required by § 1174(d).

27     78.  Industrial Welfare Commission Order 4 § 7 (Title 8, California Code of Regulation §

28

- 15 –

COMPLAINT

1    11040), in addition to language similar to Labor Code § 226, expressly mandates that the employer

2    keep "Time records showing when the employee begins and ends each work period. Meal periods,

3    split shift intervals and total daily hours worked shall also be recorded."

4    79.    From October 10, 2006 to February 8, 2007, DEFENDANTS failed to comply with Labor

5    Code §§ 226, 1174, and IWC Order 4 § 7, by failing to maintain records which employers are

6    required to maintain, including, but not limited to, records of meal periods, total hours worked, and

7    all applicable hourly rates in effect during the pay period and the corresponding number of hours

8    worked at each hourly rate by the employee.

9    80.    RONALD L. FARRIOR alleges that DEFENDANTS "knowingly and intentionally" failed

10    to provide RONALD L. FARRIOR with a copy of an itemized statement, which states the total

11    number of hours worked because DEFENDANTS did not pay RONALD L. FARRIOR for all hours

12    worked.

13    81.    Although DEFENDANTS paid RONALD L. FARRIOR with checks, they failed to

14    provide RONALD L. FARRIOR with checks and check stubs for the total hours that RONALD L.

15    FARRIOR worked. Whenever RONALD L. FARRIOR worked any hours in excess of eighty hours

16    for a two week period DEFENDANTS only paid him for eighty hours.  However, whenever

17    RONAL L. FARRIOR worked less than 80 hours for a two week period they paid him for the

18    corresponding hours.  DEFENDANTS did not pay RONALD L. FARRIOR the overtime premium

19    rate for the overtime hours worked.

20    82.    As a result of the failure to keep the required records, DEFENDANTS are subject to the

21    penalties set forth in Labor Code §§ 226(e), 226.3, and 1174.5.

22    83.    RONALD L. FARRIOR seeks an award of reasonable attorney's fees and costs pursuant

23    to Labor Code § 226(e).

24    84.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

25    Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

26    (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

27    date that the wages were due and payable[.]" RONALD L. FARRIOR is entitled to said interest.

28

- 16 –

COMPLAINT

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES UPON SEPARATION

### Brought by PLAINTIFF against all DEFENDANTS

### (Labor Code §§ 203, 218.6, 1194)

85.    RONALD L FARRIOR refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

86.    At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State of California, and to the existing and applicable IWC Order 4-2001 (Title 8, California Code of Regulations §§ 11000, 11040).

87.    Labor Code § 201 and 202 require that an employer pay all wages due to an employee after said employee is discharged or quits.

88.    Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits. This penalty consists of an amount equal to the sum of the employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998)). When construing "willful" in the context of wage and hour labor code violations, Courts have held that: "the purpose of section 203 is to compel the prompt payment of earned wages; the section is to be given a reasonable but strict interpretation. [¶]... [To] be at fault within the meaning of the statute, the employer's refusal to pay need not be based on a deliberate evil purpose to defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful' merely means that the employer intentionally failed or refused to perform an act which was required to be done." (Barnhill v. Robert Saunders & Co. (1981) 125 Cal.App.3d 1, 77 [177 Cal.Rptr. 803]).

89.    DEFENDANTS failed to pay RONALD L. FARRIOR on February 8, 2007 for all wages and earned compensation due by failing to pay RONALD L. FARRIOR for all hours worked, failing to pay overtime wages, failing to pay the minimum wage, and failing to compensate for meal and rest periods that were not permitted as alleged herein. DEFENDANTS continue to fail to pay RONALD L. FARRIOR the overtime wages, minimum wages, and compensation owed for meal

- 17 –

1    and rest periods that were not permitted.

2        90.    DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS

3    refused to pay said amounts knowing that RONALD L. FARRIOR had worked overtime without

4    being compensated for such overtime and knowing that RONALD L. FARRIOR was not being paid

5    for the rest and meal breaks he did not receive. As a consequence, RONALD L. FARRIOR is

6    entitled to penalties under Labor Code Section 203, which provides that an employee's wages shall

7    continue as a penalty until paid for a period of up to 30 days from the time they were due,

8    whichever period is shorter.

9        91.    DEFENDANTS failed to pay RONALD L. FARRIOR the alleged amounts of unpaid

10   wages on February 8, 2007 and have continued to fail to pay those sums for over 30 days. Pursuant

11   to the provisions of Labor Code Section 203, RONALD L. FARRIOR is entitled to a waiting time

12   penalty, which is plaintiff's daily rate, as of February 8, 2007, multiplied by 30 days. These

13   penalties are owed and unpaid.

14       92.    The penalties set forth in Labor Code § 203 may be pursued through this action.

15       93.    RONALD L. FARRIOR is entitled to attorney's fees, expenses, and costs of suit pursuant

16   to Labor Code §1194(l) for bringing this action.

17       94.    Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

18   Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

19   (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

20   date that the wages were due and payable[.]" RONALD L. FARRIOR is entitled to said interest.

21

22                                **PRAYER FOR RELIEF**

23       WHEREFORE PLAINTIFF, RONALD L. FARRIOR prays for judgment against

24   DEFENDANTS, and each of them, jointly and severally, as follows:

25

26                               **FIRST CAUSE OF ACTION**

27       1.    That DEFENDANTS be ordered to pay RONALD L. FARRIOR all unpaid overtime

28

                                        - 18 -
                                       COMPLAINT

1    compensation as alleged herein or according to proof pursuant to Labor Code §§

2    1194 and 510;

3    2.    For interest pursuant to Labor Code § 218.6; and

4    3.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

5

6    ## SECOND CAUSE OF ACTION

7    4.    That DEFENDANTS be ordered to pay RONALD L. FARRIOR all unpaid

8    minimum wage compensation as alleged herein or according to proof pursuant to

9    Labor Code § 1194;

10    5.    For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount equal to

11    the minimum wages unpaid and interest on that amount;

12    6.    For interest pursuant to Labor Code § 218.6; and

13    7.    For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

14

15    ## THIRD CAUSE OF ACTION

16    8.    For an additional one hour of pay at RONALD L. FARRIOR'S regular rate of pay

17    for each day DEFENDANTS failed to give RONALD L. FARRIOR the required

18    meal periods as alleged herein or according to proof, pursuant to Labor Code §§

19    226.7, 512 and IWC Order 4 § 11;

20    9.    For interest pursuant to Labor Code § 218.6; and

21    10.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

22

23    ## FOURTH CAUSE OF ACTION

24    11.    For an additional one hour of pay at RONALD L. FARRIOR'S regular rate of pay

25    for each day that DEFENDANTS failed to give RONALD L. FARRIOR the required

26    rest periods as alleged herein or according to proof, pursuant to Labor Code § 226.7

27    and IWC Order 4 § 12;

28

- 19 -
COMPLAINT

1  12.  For interest pursuant to Labor Code § 218.6; and

2  13.  For reasonable attorney's fees and costs as provided by Labor Code § 1194.

3

4  ## FIFTH CAUSE OF ACTION

5  14.  For penalties pursuant to Labor Code § 226(e);

6  15.  For penalties pursuant to Labor Code § 226.3;

7  16.  For penalties pursuant to Labor Code § 1174.5;

8  17.  For interest pursuant to Labor Code § 218.6; and

9  18.  For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

10

11  ## SIXTH CAUSE OF ACTION

12  19.  That DEFENDANTS be ordered to pay RONALD L. FARRIOR a statutory waiting

13  time penalty under Labor Code § 203, in an amount according to proof, plus interest

14  thereon at the maximum legal rate accruing from the 31st day following the

15  separation of RONALD L. FARRIOR'S employment from DEFENDANTS;

16  20.  For interest pursuant to Labor Code § 218.6; and,

17  21.  For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

18

19  ## ALL CAUSES OF ACTION

20  22.  For penalties and interest as allowed by law;

21  23.  For costs of suit herein incurred; and

22  24.  For such other and further relief as the court deems proper.

23  DATED: April 1 —, 2007                LAW OFFICES OF STEPHEN GLICK

24

25

26  By: _____
    Stephen Glick
27  Attorney for Plaintiff,
    RONALD L. FARRIOR
28

- 20 -

COMPLAINT

ORIGINAL



1   KEN NATHANSON, ESQ. (SBN 077556)
    ABHAY KHOSLA, ESQ. (SBN 223555)
2   **SHERMAN & NATHANSON, P.C.**
    9454 Wilshire Boulevard, Suite 820
3   Beverly Hills, California 90212
    Telephone (310) 246-0321
4   Facsimile (310) 246-0305

5   Attorneys for Plaintiff
    Isaac Cohen                    Case assigned to
6                                  Judge

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10                                          BC369886

11  ISAAC COHEN, AN INDIVIDUAL,       CASE NO.

12                      Plaintiff,    COMPLAINT FOR:

13              v.                    1.   UNLAWFUL NONPAYMENT
                                           OF OVERTIME
14  IMPORT STONE. INC., A CALIFORNIA       COMPENSATION;
    CORPORATION. AND DOES 1 TO 10,
15  INCLUSIVE,                        2.   FAILURE TO PROVIDE
                                           REQUIRED MEAL PERIODS;
16                      Defendants.
                                      3.   FAILURE TO PROVIDE
17                                         REQUIRED REST PERIODS;

18                                    4.   FAILURE TO MAINTAIN
                                           REQUIRED RECORDS;
19
                                      5.   FAILURE TO PAY WAGES
20                                         REQUIRED BY CALIFORNIA
                                           LABOR CODE §201.
21

22

23

24      Plaintiff Isaac Cohen (hereafter referred to as "***Cohen***") alleges as follows:

25                          **INTRODUCTION**

26      1.      Defendant Import Stone, Inc. is engaged in the business of distributing and

27  marketing stone products. From October 2005 to January 2007, Cohen was an employee of

28  Import Stone. During this time period, Import Stone *inter alia* required Cohen to work long

1    hours without overtime pay, failed to provide meal and rest periods, refused to provide adequate

2    wage statements, and failed to maintain required records. Cohen's employment was abruptly

3    terminated on or about January 29, 2007; thereafter, Import Stone refused and continues to refuse

4    to pay wages due upon separation. Accordingly, Cohen brings this action against the defendants

5    for Import Stone's numerous violations of the California Labor Code and the Industrial Welfare

6    Commission Wage Orders.

## THE PARTIES

7

8        2.    Upon information and belief, Cohen alleges that Defendant Import Stone, Inc. is a

9    corporation duly organized under the laws of the State of California, doing business in the

10   County of Los Angeles.

11       3.    Cohen does not know the true names and capacities of the defendants sued herein

12   as DOES 1 through 10 ("*DOE Defendants*"), inclusive, and therefore sues said DOE Defendants

13   by fictitious names. Plaintiff is informed and believes, and upon that basis alleges, that each of

14   the DOE Defendants is responsible in some manner for the acts and omissions described herein

15   and a legal cause of damages suffered by the Plaintiff. Plaintiff will amend this complaint to set

16   forth the true names and capacities of each DOE Defendant when same are ascertained. Import

17   Stone, Inc. and the DOE Defendants are hereinafter referred to collectively as "*Defendants.*"

18       4.    Plaintiff is informed and believes, and thereon alleges, that the Defendants, and

19   each of them, are and at all material times have been, the agents, servants or employees of one

20   another, acting within the scope of said agency, service or employment in performing the acts

21   and omitting to act alleged herein.

## GENERAL ALLEGATIONS

22

23       5.    At all times mentioned herein, Defendants, and each of them, was subject to the

24   existing and applicable Labor Codes of the State of California, and the orders of the Industrial

25   Welfare Commission("*IWC*"), including but not limited to IWC Order 7-2001 (Title 8,

26   California Code of Regulations §11070).

27       6.    Between October 2005 and January 2007, Cohen was employed by Defendants,

28   and each of them, as a"Distribution Center Manager." Notwithstanding this title, Cohen did not

1    customarily or regularly exercise discretion or independent judgment with respect to matters of

2    significance. At all times herein mentioned, Cohen was a non-exempt employee entitled to the

3    full benefits and protections of the California Labor Codes (hereafter abbreviated to "*Labor*

4    *Codes*"), and to the existing and applicable IWC Order 7-2001.

5        7.        On or about January 29, 2007, Cohen was abruptly terminated from said

6    employment.

7        8.        Cohen is authorized to bring this action pursuant to, *inter alia*, California Labor

8    Code §§ 1194, 225, and 203 and pursuant to the power vested in plaintiff to enforce the

9    provisions of the California Labor Code and the Industrial Welfare Commission ("*IWC*") orders.

10        9.        At all times mentioned herein, during the course of Cohen's employment with the

11    Defendants, Cohen often worked more than 40 hours per work week.

12        10.        At all times mentioned herein, during the course of Cohen's employment with the

13    Defendants. Cohen often worked more than 8 hours per day.  In fact, Cohen often worked more

14    than 12 hours per day.

15        11.        At all times mentioned herein, during the course of Cohen's employment with the

16    Defendants, Defendants only paid to Cohen a fixed salary which amount did not take into

17    account the number of hours worked, or the number of overtime hours worked.

18                              **FIRST CAUSE OF ACTION**

19              **FOR UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION**

20                        **(By PLAINTIFF against all DEFENDANTS)**

21        12.        Plaintiff refers to and incorporates paragraphs 1 to 11, inclusive, of this Complaint

22    as though fully set forth herein.

23        13.        At all times mentioned herein, Defendants were subject to Labor Code § 510

24    which states that " eight hours of labor constitutes a day's work. Any work in excess of eight

25    hours in one work day and any work in excess of 40 hours in any one workweek and the first

26    eight hours worked on the seventh day of work in any one workweek shall be compensated at the

27    rate of no less than one and one-half times the regular rate of pay for an employee. Any work in

28    excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular

1    rate of pay for an employee."

2          14.    At all times herein mentioned, Defendants were subject to Labor Code §1198

3    which states that "the maximum hours of work and the standard conditions of labor fixed by the

4    commission shall be the maximum hours of work and the standard conditions of labor for

5    employees. The employment of any employee for longer hours than those fixed by the order or

6    under conditions of labor prohibited by the order is unlawful."

7          15.    At all times herein mentioned herein, Defendants were subject to Labor Code

8    §1199, which states "every employer ... is guilty of a misdemeanor and is punishable by a fine of

9    not less than one hundred dollars ($100) or by imprisonment for not less than 30 days, or by both,

10   who does any of the following: (a) Requires or causes any employee to work for longer hours

11   than those fixed, or under conditions of labor prohibited by an order of the commission[.]"

12         16.    In addition to the foregoing. Labor Code §1194 permits an aggrieved employee to

13   bring a private right of action for a failure to receive the legal overtime rate of pay.

14         17.    Pursuant to the foregoing authorities, and Title 8 of the California Code of

15   Regulations §110"0(3)(a), Defendants were required to pay Cohen overtime compensation.

16         18.    During the course of Cohen's employment, Defendants failed to compensate him

17   for overtime hours worked with premium overtime pay as required under the aforementioned

18   labor regulations; there is no law or wage order that permits Defendants to pay Cohen an hourly

19   rate that does not compensate Cohen for all hours worked and all overtime hours worked at the

20   legally mandated overtime premium rate of pay.

21         19.    Pursuant, *inter alia*, to the aforementioned wage orders, statutes and regulations.

22   Cohen is entitled to one-and-one half times and/or double his regular rate of pay for overtime

23   work performed during the course of Cohen's employment, based on appropriate calculations of

24   the total remuneration of each work week. and the corresponding number of hours worked each

25   day and/or work week.

26         20.    Furthermore, Cohen has incurred, and during the pendency of this action will

27   continue to incur, expenses for attorney's fees and costs herein. Cohen respectfully requests that

28   the court award attorney's fees and costs in an amount according to proof pursuant to Labor Code

1    §1194(a).

2        21.    As defendants' conduct alleged herein violates Labor Code §§ 200, 500, 510,

3    1194, 1198, and 1999, Cohen is entitled to recover the unpaid balance of overtime compensation,

4    plus interest, attorney's fees, and costs of suit pursuant to Labor Code §1194. Cohen is further

5    entitled to interest pursuant to Labor Code §218.6.

6                            **SECOND CAUSE OF ACTION**

7            **FOR FAILURE TO PROVIDE REQUIRED MEAL PERIODS**

8                        **(By PLAINTIFF against all DEFENDANTS)**

9        22.    Plaintiff refers to and incorporates paragraphs 1 to 11, inclusive, of this Complaint

10   as though fully set forth herein.

11       23.    At all times mentioned herein, Section 11 of IWC Order 7-2001 required

12   Defendants to give Cohen meal breaks as follows: "No employer shall employ any person for a

13   work period of more than five (5) hours without a meal period of not less than 30 minutes, except

14   that when a work period of not more than six (6) hours will complete the day's work the meal

15   period may be waived by mutual consent of the employer and the employee."

16       24.    Section 11 of IWC Order 7-2001 further states that "If an employer fails to

17   provide an employee a meal period in accordance with the applicable provisions of this order, the

18   employer shall pay the employee one (1) hour of pay at the employee's regular rate of

19   compensation for each workday that the meal period is not provided."

20       25.    In addition to the foregoing sections of IWC Order 7-2001, Labor Code §512

21   prohibits Defendants from employing Cohen for a work period of more than five (5) hours per

22   day without providing Cohen with a meal period of not less than thirty(30) minutes.

23       26.    Labor Code §226.7 also prohibits Defendants from requiring employees to work

24   during meal periods mandated by an applicable order of the IWC. If an employer fails to provide

25   a meal period in satisfaction of same, the employer is required to pay the employee one

26   additional hour of pay at the employee's regular rate of pay for each work day that the meal

27   period is not provided.

28       27.    During the course of Cohen's employment, Defendants did not provide Cohen

1    with the meal periods required by Section 11 of IWC Order 7-2001, Labor Code §512, and Labor

2    Code §226.7, nor were meal periods waived by the mutual consent of Cohen and the Defendants.

3    There is no applicable exemption that would permit Defendants to fail to provide Cohen with

4    said required meal periods.

5        28.    Defendants further violated IWC Order 7-2001 and Labor Code §226.7 by failing

6    to pay Cohen an additional hour of compensation at Cohen's regular rate of pay for each day that

7    Defendants failed o provide a required meal period. This compensation is owed and unpaid in

8    an amount according to proof at trial, plus interest thereon at the maximum legal rate from the

9    dates such compensation became due and payable, plus all appropriate penalties.

10        29.    Pursuant to the foregoing, Cohen is entitled to recover unpaid compensation

11    pursuant to Labor Code §218, as well as interest and costs of suit pursuant to Labor Code §1194.

12    Cohen is further entitled to interest pursuant to Labor Code §218.6.

13        30.    Cohen has incurred, and during the pendency of this action will continue to incur,

14    expenses for attorney's fees and costs herein. Cohen respectfully requests that the court award

15    attorney's fees and costs in an amount according to proof pursuant to Labor Code §1194(a).

16    <div align="center">**THIRD CAUSE OF ACTION**</div>

17    <div align="center">**FOR FAILURE TO PROVIDE REQUIRED REST PERIODS**</div>

18    <div align="center">**(By PLAINTIFF against all DEFENDANTS)**</div>

19        31.    Plaintiff refers to and incorporates paragraphs 1 to 11, inclusive, of this Complaint

20    as though fully set forth herein.

21        32.    At all times mentioned herein, Section 12 of IWC Order 7-2001 required

22    Defendants to give Cohen rest periods as follows: "Every employer shall authorize and permit all

23    employees to take rest periods, which insofar as practicable shall be in the middle of each work

24    period. The author zed rest period time shall be based on the total hours worked daily at the rate

25    of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest

26    period need not be authorized for employees whose total daily work time is less than three and

27    one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which

28    there shall be no deduction from wages. ... If an employer fails to provide an employee a rest

            COMPLAINT

1   period in accordance with the applicable provisions of this order, the employer shall pay the

2   employee one (1) hour of pay at the employee's regular rate of compensation for each workday

3   that the rest period is not provided."

4        33.   In addition to the foregoing, Labor Code §226.7 also prohibits Defendants from

5   requiring employees to work during rest periods mandated by an applicable order of the IWC. If

6   an employer fails to provide a rest period in satisfaction of same, the employer is required to pay

7   the employee one additional hour of pay at the employee's regular rate of pay for each work day

8   that the rest period is not provided.

9        34.   During the course of Cohen's employment, Defendants did not provide Cohen

10  with the rest periods required by Section 12 of IWC Order 7-2001 and Labor Code §226.7, nor

11  were rest periods waived by the mutual consent of Cohen and the Defendants. There is no

12  applicable exemption that would permit Defendants to fail to provide Cohen with said required

13  rest periods.

14       35.   Defendants further violated IWC Order 7-2001 and Labor Code §226.7 by failing

15  to pay Cohen an additional hour of compensation at Cohen's regular rate of pay for each day that

16  Defendants failed to provide a required meal period. This compensation is owed and unpaid in

17  an amount according to proof at trial, plus interest thereon at the maximum legal rate from the

18  dates such compensation became due and payable, plus all appropriate penalties.

19       36.   Pursuant to the foregoing, Cohen is entitled to recover unpaid compensation

20  pursuant to Labor Code §218, as well as interest and costs of suit pursuant to Labor Code §1194.

21  Cohen is further entitled to interest pursuant to Labor Code §218.6.

22       37.   Cohen has incurred, and during the pendency of this action will continue to incur,

23  expenses for attorney's fees and costs herein. Cohen respectfully requests that the court award

24  attorney's fees and costs in an amount according to proof pursuant to Labor Code §1194(a).

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO MAINTAIN REQUIRED RECORDS

## (By PLAINTIFF against all DEFENDANTS)

25

26

27

28   38.   Plaintiff refers to and incorporates paragraphs 1 to 11, inclusive, of this Complaint

7.                                              COMPLAINT

1  as though fully set forth herein.

2          39.    At all times mentioned herein, Labor Code §226 (a) requires Defendants, at the

3  time of each payment of wages, to furnish each employee with an accurate, itemized statement in

4  writing, which statement is to include

5          (1) gross wages earned, (2) total hours worked by the employee, except for any
employee whose compensation is solely based on a salary and who is exempt

6          from payment of overtime under subdivision (a) of Section 515 or any applicable
order of the Industrial Welfare Commission, (3) the number of piece-rate units

7          earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the

8          employee may be aggregated and shown as one item, (5) net wages earned, (6) the
inclusive dates of the period for which the employee is paid, (7) the name of the

9          employee and his or her social security number, except that by January 1, 2008,
only the last four digits of his or her social security number or an employee

10         identification number other than a social security number may be shown on the
itemized statement, (8) the name and address of the legal entity that is the

11         employer, and (9) all applicable hourly rates in effect during the pay period and
the corresponding number of hours worked at each hourly rate by the employee.

12

13  In addition, pursuant to said Labor Code section, "the deductions made from payments of wages

14  shall be recorded in ink or other indelible form, properly dated, showing the month, day, and

15  year."

16         40.    Furthermore, Labor Code§ 226 requires defendants to keep a copy of said

17  statement or record of deductions on file for at least three(3) years at the place of employment or

18  at a central location within the State of California. Labor Code § 226(e) states that "An

19  employee suffering injury as a result of a knowing and intentional failure by an employer to

20  comply with subdivision (a) [of Labor Code §226] is entitled to recover the greater of all actual

21  damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

22  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding

23  an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

24  reasonable attorney's fees."

25         41.    In addition. Labor Code § 1174 requires every person employing labor in the State

26  of California to keep payroll records showing the hours worked daily and the wage paid to each

27  employee. Labor Code § 1174.5 permits a civil penalty of $500 against an employer who

28  willfully fails to maintain records required by Labor Code §1174.

42.    Furthermore, Section 7 of IWC Order 7-2001 expressly mandates that an employer keep "T me records showing when the employee begins and ends each work period. Meal periods, spli shift intervals and total daily hours worked shall also be recorded."

43.    Du ing the course of Cohen's employment, Defendants failed to comply with Labor Code §§ 22., 1174 and Section 7 of IWC Order 7-2001 by failing to maintain records which employers i re required to maintain, including but not limited to records of meal periods, total hours workec, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

44.    As i result of said failure to keep required records, Defendants are subject to penalties set forth n Labor Code §§ 226(c). 226.3, and 1174.5. Furthermore, Cohen has incurred, and durir g the pendency of this action will continue to incur, expenses for attorney's fees and costs herein. Cohen respectfully requests that the court award attorney's fees and costs in an amount accoi ding to proof pursuant to Labor Code §226(e).

## FIFTH CAUSE OF ACTION

## FOR FAILURE TO PAY WAGES REQUIRED BY CALIFORNIA LABOR CODE §201

## (By PLAINTIFF against all DEFENDANTS)

45.    Plai itiff refers to and incorporates paragraphs 1 to 11, inclusive, of this Complaint as though fully set orth herein.

46.    Lab r Code §§ 201 and 202 require that an employer pay all wages due to an employee after saic employee is discharged or quits. Labor Code §203 provides a penalty for the willful failure to pay all wages due to an employee who is discharged or quits: "the wages of the employee shall con inue as a penalty from the due date thereof at the same rate until paid or until an action therefor i: commenced; but the wages shall not continue for more than 30 days."

47.    On or about January 29, 2007. Cohen's employment was abruptly terminated by the Defendants. Thereafter, Defendants failed and continue to fail to pay Cohen for all wages and earned compen sation due by failing to pay Cohen for all hours worked, failing to pay overtime wages, an i failing to compensate for meal and rest periods that were not provided to Cohen; said amoun s are due and owing.

48.     Said failure to pay wages was willful and intentional in that Defendants refused to pay said amounts despite knowing that Cohen had worked overtime without being compensated for such overtime, and despite knowing that Cohen was not being paid for rest and meal breaks that he did not receive. Accordingly, Cohen is entitled to the relevant penalties set forth in Labor Code Section 203 i.e. a waiting time penalty which is plaintiff's daily rate as of January 29, 2007 for a period of not more than 30 days: said penalties are also due and owing.

49.     Cohen has incurred, and during the pendency of this action will continue to incur, expense for attorney's fees and costs herein. Cohen respectfully requests that the court award attorney's fees and costs in an amount according to proof pursuant to Labor Code §1194(a). Cohen is further entitled to interest pursuant to Labor Code §218.6.

**WHEREFORE** Plaintiff Isaac Cohen prays for judgment against Defendants, and each of them, jointly and severally as follows:

### FIRST CAUSE OF ACTION

1.     That Defendants be ordered to pay Cohen all unpaid overtime compensation as alleged herein, in an amount according to proof, not less than $50,000;

2.     For interest pursuant to California Labor Code §218.6;

3.     For reasonable attorney's fees and costs as provided by California Labor Code §1194.

### SECOND CAUSE OF ACTION

4.     That Defendants be ordered to pay at Cohen's regular rate of pay for each day Defendants failed to provide Cohen with the required meal periods, in an amount according to proof;

5.     For interest pursuant to California Labor Code §218.6;

6.     For reasonable attorney's fees and costs as provided by California Labor Code §1194.

### THIRD CAUSE OF ACTION

7.     For an additional one hour of pay at Cohen's regular rate of pay for each day that

1   Defendants failed to give Cohen the required rest periods as alleged herein, in an

2   amount according to proof;

3   8.   For interest pursuant to California Labor Code §218.6;

4   9.   For reasonable attorney's fees and costs as provided by California Labor Code

5   §1194.

6                              FOURTH CAUSE OF ACTION

7   10.   For penalties pursuant to California Labor Code §226(e);

8   11.   For interest pursuant to California Labor Code §218.6;

9   12.   For reasonable attorney's fees and costs as provided by California Labor Code

10   §1 94.

11                              FIFTH CAUSE OF ACTION

12   13.   That Defendants be ordered to pay Cohen all unpaid wages due and owing, plus a

13   statutory waiting time penalty under Labor Code §203, in an amount according to

14   proof, plus interest thereon accruing from the 31st day following the termination of

15   Cohen's employment from the Defendants;

16   14.   For interest pursuant to California Labor Code §218.6;

17   15.   For reasonable attorney's fees and costs as provided by California Labor Code

18   §1194.

19                              ALL CAUSES OF ACTION

20   16.   For costs of suit;

21   17.   For such other relief as the Court deems just and proper.

22

23   Dated: April 18, 2007                SHERMAN & NATHANSON, P.C.

24

25                                        By

26                                        KEN NATHANSON
                                          Attorneys for Plaintiff Isaac Cohen
27

28

1  Jennifer Kramer, SBN 203385
2  KRAMER & JACOB, LLP
   801 South Figueroa Street, Suite 1130
3  Los Angeles, CA  90017
   Telephone:  (213) 955-0200
4  Facsimile:  (213) 955-0215

5

6  Attorneys for Plaintiff
   DAVID MIRANDA

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF LOS ANGELES

10

11  DAVID MIRANDA, an individual,          CASE NO.    BC369964

12              Plaintiff,                 COMPLAINT FOR DAMAGES AND
                                           EQUITABLE RELIEF FOR:
13       v.
                                           1.  FAILURE TO PAY VACATION
14  CALIFORNIA MARKER COPIES, a California     WAGES (*Labor Code* § 227.3)
    Corporation; and DOES 1 through 25, Inclusive,
15                                         2.  FAILURE TO PAY WAGES (*Labor
                                               Code* § 1194)
            Defendant.
16                                         3.  FAILURE TO PROVIDE MEAL AND
                                               REST PERIODS (*Labor Code* § 226.7)
17
                                           4.  UNFAIR COMPETITION (*Business &
18                                             Professions Code* § 17200 et seq.)
19                                         5.  THEFT OF LABOR AND
                                               CONVERSION
20

21

22                                         DEMAND FOR JURY TRIAL

23

24

25

26

27

28

                              -1-

1    Plaintiff DAVID MIRANDA (hereinafter "Plaintiff"), hereby submit his Complaint against

2  Defendant CALIFORNIA MARKER COPIES, INC. (hereinafter "Defendant"), as follows:

3  ## PARTIES AND JURISDICTION

4    1.    Plaintiff David Miranda is, and at all times relevant hereto was, a resident of the

5  State of California, County of Los Angeles.

6    2.    Defendant California Marker Copies is a California corporation doing business in the

7  State of California, County of Los Angeles.

8    3.    Plaintiff is unaware of the true names and/or capacities of the persons sued as DOES

9  1-25 inclusive and therefore sue such DOES pursuant to *Code of Civil Procedure* § 474. Plaintiff is

10  informed and believes and thereon alleges that each of the fictitiously named Defendants is

11  responsible for the occurrences alleged herein and is liable to Plaintiff for the damages proximately

12  caused thereby. Plaintiff will amend his Complaint to set forth the true names and capacities of

13  such DOES when their true identities and/or capacities become known.

14    4.    Plaintiff is informed and believes and thereon alleges that, except as otherwise stated

15  herein, each of the natural persons referred to herein, either by true name or by a fictitious name,

16  was an officer, employee, or agent of one or more of the Defendants named herein and was acting,

17  at least in part, in the course and scope of his or her employment or official duties as such officer,

18  employee or agent and that each of the Defendants is therefore liable for the acts and omissions of

19  each such natural person under the doctrine of *respondeat superior*.

20    5.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

21  named herein was acting as the agent of each of the other Defendants named herein and that each of

22  the Defendants are therefore jointly and severally liable for the acts and omissions of each other

23  named defendant.

24    6.    The acts or omissions of the natural persons mentioned or alluded to herein and each

25  of them were authorized and/or ratified by the officers, directors and/or managing agents.

26  ## BACKGROUND FACTS

27    7.    Plaintiff was employed by Defendant for sixteen years before he was abruptly

28  terminated on October 13, 2006.

-2-
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

8.    In 1995, Casey Kolovos, Defendant's owner, reclassified Plaintiff as a salaried exempt employee to justify a pay raise to other employees with seniority. Plaintiff was given a new title ("operations manager"), but no added responsibilities or increase in discretion.

9.    Plaintiff did not supervise more than two full time employees. While he may have occasionally assigned work to the office/clerical assistant, Mr. Kolovos remained in charge of scheduling, wage rates, and other personnel issues.

10.    Plaintiff did not have the authority to hire or fire Defendant's employees.

11.    Plaintiff's duties and responsibilities did not primarily involve the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof.

12.    Plaintiff's duties and responsibilities did not primarily involve the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers.

13.    Plaintiff did not customarily and regularly exercise discretion and independent judgment in performing his duties as Defendant's "operations manager."

14.    Plaintiff was not primarily engaged in duties which meet the test of the executive or administrative exemptions under the California Industrial Wage Order or any other exemption provided under California law.

15.    Plaintiff never set his own lunch breaks. During his lunch breaks he was required to have his lunch at the facility, answer phones, endure constant interruptions by Mr. Kolovos, and tend to walk-in customers on a daily basis. If Plaintiff wanted to have a lunch break out of the office, he had to ask Mr. Kolovos for permission several days in advance or justify leaving the premises by showing he did not bring a lunch. Mr. Kolovos did not permit Defendant's employees to take rest periods.

16.    At the time of his separation from employment, Defendant failed to pay Plaintiff all the vacation wages he was due. *Labor Code* § 227.3 requires employers to pay separating employees all accrued vacation pay.

17.    When Plaintiff started working for Defendant in 1990, the policy was and has always

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1    been that any unused vacation would be rolled over to the following year.

2        18.    On Plaintiff's last day of employment he was informed by Defendant's Office

3    Manager, Julie McCord, that he had accrued 56 hours of vacation pay. However, when Plaintiff

4    received his last check, there was no vacation pay included.

5        19.    Plaintiff contacted Mr. Kolovos to inquire why he was not being paid his accrued but

6    unused vacation pay. Mr. Kolovos informed Plaintiff that he never pays out vacation upon

7    separation from employment and that he was not going to start with Plaintiff.

8                              **FIRST CAUSE OF ACTION**

9                        **VIOLATION OF *LABOR CODE* § 227.3**

10                       **FOR FAILURE TO PAY VACATION WAGES**

11       20.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 as though

12   fully set forth here.

13       21.    *Labor Code* § 227.3 requires employers to pay separating employees all accrued

14   vacation pay. "The right to a paid vacation, when offered in an employer's policy or contract of

15   employment, constitutes deferred wages for services rendered. Case law from this state and others,

16   as well as principles of equity and justice, compel the conclusion that a proportionate right to a paid

17   vacation 'vests' as the labor is rendered. Once vested, the right is protected from forfeiture by

18   section 227.3. On termination of employment, therefore, the statute requires that an employee be

19   paid in wages for a pro rata share of his vacation pay." *Suastez v. Plastic Dress-Up Co.* (1982) 31

20   Cal.3d 774, 784.

21       22.    Under California law, vacation plans may not have a use-it-or-lose-it forfeiture

22   policy. *Henry v. Amrol* (1990) 222 Cal.App.3d Supp. 1.

23       23.    Defendant failed in its affirmative obligation to compensate Plaintiff for all vested

24   vacation time as wages including upon separation in violation of *Labor Code* § 227.3.

25       24.    Defendant's failure to comply with *Labor Code* § 227.3 was willful and done with

26   the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to

27   malice, and in conscious disregard of Plaintiff's rights.

28       25.    Defendant's willful failure to provide Plaintiff the wages due and owing him upon

-4-

1 | separation from employment results in a continued payment of wages up to thirty (30) days from the
2 | time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to *Labor Code* §
3 | 203.

4 |     26.    Such a pattern, practice and uniform administration of corporate policy as described
5 | herein is unlawful and creates an entitlement to recovery by the Plaintiff for the unpaid balance of
6 | the unpaid compensation pursuant to, including interest thereon, penalties, reasonable attorney's
7 | fees, and costs of suit according to the mandate of California *Labor Code* § 218.5.

8 |     27.    In failing to pay accrued and unused vacation wages to Plaintiff and retaining the
9 | wages for its own use, the Defendant acted with malice, oppression and/or conscious disregard for
10 | the statutory rights of the Plaintiff. Such wrongful and intentional acts justify an award of punitive
11 | damages.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES

14 |     28.    Plaintiff hereby incorporates paragraphs 1 through 27 as though fully set forth here.

15 |     29.    This cause of action is brought pursuant to *Labor Code* § 1194 et seq., which
16 | provides that employees are entitled to wages and compensation for overtime work performed, and
17 | provides a private right of action for failure to pay legal overtime compensation for work
18 | performed.

19 |     30.    Plaintiff was regularly working in excess of forty (40) hours per workweek and/or
20 | eight (8) hours per day without receiving straight time or overtime compensation for such overtime
21 | hours worked in violation of California *Labor Code* § 510 and the applicable California Industrial
22 | Welfare Commission wage order(s).

23 |     31.    Plaintiff was improperly and illegally misclassified by Defendant as an "exempt"
24 | employee when, in fact, he was a "non-exempt" employee according to California law.

25 |     32.    Plaintiff is informed and believes and based thereon alleges that Defendant
26 | misclassified Plaintiff on the basis of his title and job description, and without reference to his
27 | actual work, as exempt from the overtime laws and failed to pay him overtime compensation.

28 |     33.    Plaintiff is informed and believes and based thereon alleges that Defendant

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

1   uniformly administered a policy concerning staffing levels, duties and responsibilities which
2   required plaintiff to work overtime without appropriate pay and regularly spend more than fifty
3   percent (50%) of his time performing non-exempt tasks.

4       34.   As a pattern and practice, in violation of the aforementioned labor laws and wage
5   orders, Plaintiff is informed and believes and based thereon alleges Defendant did not properly
6   maintain records pertaining to when Plaintiff began and ended each work period, the total daily
7   hours worked, and the total hours worked per pay period and applicable rates of pay in violation of
8   California *Labor Code* § 1174.

9       35.   Plaintiff is informed and believes and based thereon alleges that Defendant's regular
10  business custom and practice of requiring substantial "overtime" work and not paying for said work
11  according to the overtime mandates of California law is, and at all times herein mentioned was, in
12  violation of California *Labor Code* §§ 1194 and 1198 and California Industrial Welfare
13  Commission wage order(s).   Defendant's employment policies and practices wrongfully and
14  illegally failed to compensate Plaintiff for overtime compensation earned as required by California
15  law.

16      36.   Such a pattern, practice and uniform administration of corporate policy regarding
17  illegal employee compensation as described herein is unlawful and creates an entitlement to
18  recovery by plaintiff for the unpaid balance of the full amount of straight time compensation and
19  overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs
20  of suit.

21      37.   Defendant's willful failure to provide Plaintiff the wages due and owing him upon
22  separation from employment results in a continued payment of wages up to thirty (30) days from the
23  time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to *Labor Code* §
24  203.

25      38.   In performing the acts and/or omissions alleged herein, Defendant acted maliciously,
26  fraudulently, despicably and oppressively with the wrongful intention of injuring Plaintiff, from an
27  improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights.
28  Plaintiff is thus entitled to recover exemplary and/or punitive damages from Defendant in an

1   amount unknown at this time, but which will be shown according to proof at the time of trial.

2                                **THIRD CAUSE OF ACTION**

3                    **FAILURE TO PROVIDE MEAL AND REST PERIODS**

4           39.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though

5   fully set forth herein.

6           40.    Defendant failed in its affirmative obligation to ensure that Plaintiff was actually

7   relieved of all duties, not performing any work, and free to leave the premises during meal periods.

8   Plaintiff was suffered and permitted to work through legally required meal breaks. As such,

9   Defendant is responsible for paying premium compensation for missed meal periods pursuant to

10  *Labor Code* § 226.7 and the applicable IWC Wage Order(s). Defendant shall pay Plaintiff one (1)

11  hour of pay at the employee's regular rate of compensation for each workday that the meal break

12  was not provided.

13          41.    Plaintiff regularly worked in excess of five (5) hours per day and accordingly had a

14  right to take a 30-minute meal period each day worked in excess of five (5) hours. Plaintiff

15  frequently worked through meal breaks. Defendant had knowledge that Plaintiff worked through

16  lunch. Defendant did not take steps to ensure that Plaintiff took an uninterrupted meal break, in

17  violation of California law.

18          42.    Plaintiff regularly worked four (4) hours, or a major fraction of four hours without

19  being permitted to take at least a 10 minute rest period, as required by the applicable IWC Wage

20  Order.

21          43.    Defendant willfully failed to pay her the premium compensation set out in *Labor*

22  *Code* § 226.7 and the applicable IWC Wage Order(s). Defendant's willful failure to provide

23  Plaintiff the wages due and owing him upon separation from employment results in a continued

24  payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is

25  entitled to compensation pursuant to *Labor Code* § 203.

26          44.    As a pattern and practice, in violation of the aforementioned labor laws and wage

27  orders, Defendant did not properly maintain records pertaining to when Plaintiff began and ended

28  each meal period in violation of California Labor Code §1174 and Section 7 of the applicable IWC

                                            -7-

1  Wage Order(s).

2      45.    Such a pattern, practice and uniform administration of corporate policy as described

3  herein is unlawful and creates an entitlement to recovery by Plaintiff for the unpaid balance of the

4  unpaid premium compensation pursuant to *Labor Code* § 226.7 and the applicable IWC Wage

5  Order(s), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according

6  to the mandate of California *Labor Code* § 218.5.

7  <center>**FOURTH CAUSE OF ACTION**</center>

8  <center>**UNFAIR COMPETITION**</center>

9      46.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though

10  fully set forth herein.

11      47.    Defendant engaged and possibly continues to engage in unfair business practices in

12  California by practicing, employing and utilizing the employment practices outlined above, by

13  requiring Plaintiff to perform labor services complained of herein without overtime compensation

14  and providing lawful meal periods and failing to pay accrued but unused vacation upon separation

15  from employment.

16      48.    Plaintiff is informed and believes and based thereon alleges that at all times herein

17  mentioned, Defendant engaged in unlawful, deceptive and unfair business practices, as proscribed

18  by California *Business and Professions Code* §17200, et seq., including those set forth above

19  thereby depriving Plaintiff of the minimum working condition standards and conditions due to him

20  under California labor laws and Industrial Welfare Commission wage order(s) as specifically

21  described herein.

22      49.    Defendant's utilization of such unfair business practices constitutes unfair

23  competition and provides and unfair advantage over Defendant's competitors.

24      50.    Plaintiff seeks full restitution and disgorgement of monies, as necessary and

25  according to proof, to restore any and all monies withheld, acquired and/or converted by the

26  Defendant by means of the unfair practices complained of herein.

27      51.    The restitution includes all wages earned and unpaid, including interest thereon.

28      52.    The acts complained of herein occurred, at least in part, within the last four (4) years

<center>-8-</center>
<center>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**</center>

1  preceding the filing of the complaint in this action.

2  ## FIFTH CAUSE OF ACTION

3  ## CONVERSION AND THEFT OF LABOR

4      53.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 as though

5  fully set forth herein.

6      54.    Pursuant to statute, including but not limited to *Labor Code* §§ 216, 553 and 1199,

7  and Penal Code § 484 and 532, it is a criminal violation of law to fail to pay wages on the next

8  payday after they are earned.

9      55.    Defendant failed and refused to pay overtime wages to Plaintiff on the next payday

10  after such overtime wages were earned. Defendant also failed to pay accrued and unused vacation

11  wages upon separation from employment and compensation owing for missed meal periods.

12      56.    At the time wages were due and payable by Defendant to Plaintiff, the unpaid wages

13  become the property Plaintiff. By failing to pay the earned overtime wages to Plaintiff when due,

14  Defendant converted the property to its own use.

15      57.    The amount of wages converted by Defendant from Plaintiff is specific and certain

16  based on the number of uncompensated overtime hours worked, vacation hours accrued, and meal

17  periods missed and the calculated hourly rate of pay.

18      58.    By failing to pay the wages on the appropriate payday and retaining the sums earned

19  by class members, the Defendant thereby wrongfully exercised dominion and control over the

20  property of Plaintiff and each class member. Further, once Defendant thereafter applied the monies

21  to its own use, the conversion was complete.

22      59.    Plaintiff has been denied the possession, use and enjoyment of said monies and has

23  been damaged in an amount for each class member according to the proof.

24      60.    Defendant obtained labor from Plaintiff through false pretenses.

25      61.    In failing to pay overtime compensation to Plaintiff and retaining the wages for its

26  own use, Defendant acted with malice, oppression and/or conscious disregard for the statutory

27  rights of Plaintiff. Such wrongful and intentional acts justify an award of punitive damages.

28  ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages from the Defendant as follows:

1. For unpaid overtime wages according to proof at trial;

2. For compensation pursuant to Labor Code § 226.7 according to proof at trial;

3. For accrued and unpaid vacation wages according to proof at trial;

4. For penalties pursuant to *Labor Code* § 203;

5. For an award of punitive damages;

6. For restitution of wages illegally withheld;

7. For prejudgment interest on the sums awarded according to proof at trial;

8. For an award of reasonable attorney's fees according to proof at trial;

9. For all costs of suit incurred herein; and

10. For all such other and further relief as the Court may deem proper.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a Trial by Jury.

DATED:  April 20, 2007                    KRAMER & JACOB, LLP


By:_____
                                          Jennifer Kramer, Esq.
                                          **Attorneys for Plaintiff**
                                          **DAVID MIRANDA**

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR

**APR 25** 2007     **FEE WAIVER**

Law Offices of Peter Beck, APLC
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0246 (fax) 213-637-0120 (tel)

**FILED**
LOS ANGELES SUPERIOR COURT

APR 25 2007

Attorney for: Plaintiffs CAYETANO SANCHEZ

John A. Clark, Executive Officer/Clerk

By _____, Deputy
         D. Gerc

Case assigned to Judge *Irving Feffer*   D-51

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| CAYETANO SANCHEZ | CASE NO.  BC370095 |
| Plaintiff, | Unlimited Civil Case |
| vs. | **COMPLAINT FOR UNPAID OVERTIME** |
| PARK VILLAGE APARTMENTS, business form unknown; and DOES 1 TO 20, inclusive. | |
| Defendants. | |

Plaintiffs alleges as follows:

### GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of Los Angeles and in this judicial district because Defendants do business in the county of Los Angeles and because Defendants' obligations and liability arise therein.

1

Complaint for Damages



2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant PARK VILLAGE APARTMENTS, business form unknown, is doing business in the County of Los Angeles, State of California.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

6.    Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant PARK VILLAGE APARTMENTS, and were acting on behalf of PARK VILLAGE APARTMENTS who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

7.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was partly written, partly oral, and partly implied.

8.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

9.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

2

## FIRST CAUSE OF ACTION

(FAILURE TO COMPENSATE FOR ALL HOURS WORKED UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE §1198)

10.    Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 9. This cause of action is brought against all Defendants jointly and individually.

11.    At all times relevant herein, Defendants, were required to compensate its hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer pursuant to Industrial Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

12.    For the three (3) years preceding the filing of this action, Defendants failed to compensate Plaintiff for all hours worked including vacation time.

13.    Under the aforementioned wage order and regulations, Plaintiff is to recover compensation for all hours worked but not paid by Defendants for the three (3) years preceding the filing of this Complaint.

14.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.    Defendants' conduct described herein violates Labor Code §§512, 558, 1194 and 1198. Therefore, pursuant to Labor Code §§218.5, 512, 558 and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

16.    Plaintiff hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

3

17.    Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

18.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

19.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

20.    Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

21.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

4



22.    Defendants' conduct described herein violates Labor Code §§512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

### THIRD CAUSE OF ACTION

(Failure to Pay Minimum Wages – IWC Wage Orders 5-500,5-01, and Cal Labor Code §1194 and §1198)

23.    Plaintiffs hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 22. This cause of action is brought against all Defendants jointly and individually.

24.    Labor Code §1194 requires that employees be paid a minimum wage. Defendants failed to pay the minimum wage during the period of Plaintiffs' employment.

25.    Plaintiff is entitled to recover damages for violation of Labor Code §1194, civil penalties, liquidated damages Labor Code §1194.2, and reasonable attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION

(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)

26.    Plaintiffs hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 25. This cause of action is brought against all Defendants jointly and individually.

27. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

28.  As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

29.  At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those wages; and 5) the name and address of the employer.

30.  Defendants knowingly and intentionally failed to provide each Plaintiff with accurate, itemized wage statements in compliance with Cal. Labor Code §226.  Such failures in Defendants' itemized wage statements included, among other things, not accurately showing the number of all hours worked, and not including overtime hours in each pay period, as well as incorrectly reporting gross wages earned and not paying rest break premiums.

31.  The Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants, and each of them, maintained a payroll recording system that did not accurately capture the hours worked by each employee, and also engaged in the practice of allowing employees to work "off the clock." By requiring employees to punch out and continue working, the Defendants created the illusion that employees worked fewer hours, and reduced the hours worked by each employee to avoid payment of overtime wages and other benefits in violation of Cal. Lab. Code § 1198, California Code of Regulations (IWC Wage Orders 5-00 and 5-01), and the guidelines set forth by the IWC.

6

32. Plaintiffs are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted overtime hours or minutes from employee time sheets to avoid payment of overtime wages in violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and 5-01), and the guidelines set forth by the IWC.

33. As a direct result of each Defendant's failure, each Plaintiffs were injured and entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation pursuant to Cal. Lab. Code §226.

## SIXTH CAUSE OF ACTION
### (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

34.     Plaintiffs hereby realleges and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 through 33. This cause of action is brought against all Defendants jointly and individually.

35.     Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff overtime and accrued vacation time in a timely manner, as required by Labor Code §203. Plaintiff therefore request restitution and penalties as provided by Labor Code §203.

## SEVENTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

36.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 35. This cause of action is brought against all Defendants jointly and individually.

37.     By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

7

1    38.    Defendants' violation of California wage and hour laws constitutes a

2  business practice because if was done repeatedly over a significant period of time and

3  in a systematic manner to the detriment of Plaintiffs.

4    39.    For the four years preceding the filing of this action, Plaintiffs have

5  suffered damages and requests damages and/or/ restitution of all monies and profits to

6  be disgorged from Defendants in an amount according to proof at time of trial, but in

   excess of the jurisdiction of this Court.

7

8    **WHEREFORE,** Plaintiffs pray judgment as follows:

9    1.    For compensatory damages;

10   2.    For restitution of all monies due to Plaintiffs and disgorgement of profits

11  from the unlawful business practices of Defendants;

12   3.    For waiting time penalties pursuant to Labor Code §203 and §226;

13   4.    For penalties pursuant to Labor code §512 and §558;

14   5.    For penalties and liquidated damages pursuant to Labor code §1194.2;

15   6.    For interest accrued to date pursuant to Labor code §1194(a);

    7.    For costs of suit incurred herein;

16   8.    For attorney's fees and costs pursuant to Labor code §§218.5 and 1194;

17  and

18   9.    For such other and further relief that the Court may deem just and proper.

19

20                                         Law Offices of Peter Beck, APLC

21  Dated: 4|24|07

22                                    By: _P B_____

23                                         Peter Beck
                                           Attorneys for Plaintiffs

24

25

26

27

28

                                    8

APR 25 2007 **FEE WAIVER**

FILED IN FORMA PAUPERIS (CRC 985)
ER ORDER DATED _____
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

Law Offices Peter Beck, APLC
Peter Beck, Esq.    (SBN #164824)
3580 Wilshire Blvd., 17th floor
Los Angeles, CA 90010
213-637-0120 (tel) 213-637-0246 (fax)

Attorney for: Plaintiffs AVILIO BARRERA

**FILED**
LOS ANGELES SUPERIOR COURT

APR 25 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy
D. Garcia

*Case assigned to Judge*

TERRY GREEN    D-14

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

NO SUMMONS ISSUED

| | |
|---|---|
| AVILIO BARRERA | CASE NO.    BC370096 |
| Plaintiff, | Unlimited Civil Case |
| vs. | |
| FRANCO SORGI, individually and dba TRASTEVERE OF HOLLYWOOD, and DOES 1 TO 20, inclusive. | **COMPLAINT FOR UNPAID OVERTIME** |
| Defendants. | |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of LOS ANGELES and in this judicial district because Defendants do business in the county of LOS ANGELES and because Defendants' obligations and liability arise therein.

1

Complaint for Damages

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of LOS ANGELES , State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant FRANCO SORGI, an individual, is doing business as TRASTEVERE OF HOLLYWOOD in the County of LOS ANGELES , State of California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.    Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant TRASTEVERE OF HOLLYWOOD , and were acting on behalf of TRASTEVERE OF HOLLYWOOD who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

6.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

9.  Plaintiff was employed by Defendant from on or about June 25, 2001  as March 9, 2007.  Plaintiff's wages were $14.23 when he last worked for Defendant.

\\\

\\\

2

**FIRST CAUSE OF ACTION**
(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL
WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.      Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.      Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.      Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.      Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.      Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

3

14.     As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.     Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

16.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage

4

1  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those

2  wages; and 5) the name and address of the employer.

3     20. Defendants knowingly and intentionally failed to provide each Plaintiff with

4  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in

5  Defendants' itemized wage statements included, among other things, not accurately showing the

6  number of all hours worked, and not including overtime hours in each pay period, as well as

   incorrectly reporting gross wages earned and not paying rest break premiums.

7     21. The Plaintiffs are likely to have evidentiary support, after research and reasonable

8  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

9  maintained a payroll recording system that did not accurately capture the hours worked by each

10  employee.

11     22. Plaintiffs are likely to have evidentiary support, after research and reasonable

12  opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

13  overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

14  violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

15  5-01), and the guidelines set forth by the IWC.

16     23. As a direct result of each Defendant's failure, each Plaintiffs were injured and

17  entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

18  pursuant to Cal. Lab. Code §226.

19                              **THIRD CAUSE OF ACTION**

20                  (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

21     24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

22  herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought

23  against all Defendants jointly and individually.

24     25.    Defendants, and each of them, willfully refused and continue to refuse, to pay

25  Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore

26  request restitution and penalties as provided by Labor Code §203.

27

28

                                        5

## FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25. This cause of action is brought against all Defendants jointly and individually.

27.    By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.    Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.    For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

WHEREFORE, Plaintiffs pray judgment as follows:

1.    For compensatory damages;

2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.    For waiting time penalties pursuant to Labor Code §203 and §226;

4.    For penalties pursuant to Labor code §512 and §558;

6.    For interest accrued to date pursuant to Labor code §1194(a);

7.    For costs of suit incurred herein;

8.    For attorney's fees and costs pursuant to Labor code §1194; and

9.    For punitive damages; and

10.    For such other and further relief that the Court may deem just and proper.

6

1

2    Dated: 4|24|07

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Peter Beck, APLC

By: _____

Peter Beck
Attorneys for Plaintiffs

7

Complaint for Damages



FILED IN FORMA PAUPERIS (CRC 985)
ORDER DATED _____
___UNT RECOVERABLE PURSUANT ___
TO §§511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

FEE WAIVER APR 25 2007
90303

FILED
LOS ANGELES SUPERIOR COURT

APR 26 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

1  Law Offices Peter Beck, APLC
   Peter Beck, Esq.   (SBN #164824)
2  3580 Wilshire Blvd., 17ᵗʰ floor
   Los Angeles, CA 90010
3  213-637-0120 (tel) 213-637-0246 (fax)

4  Attorney for: RENE VALDEZ

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF LOS ANGELS, CENTRAL DISTRICT

10                                              BC370054

11  RENE VALDEZ                    )   CASE NO.
                                    )
12            Plaintiff,           )   Unlimited Civil Case
                                    )
13     vs.                         )
                                    )
14                                 )   COMPLAINT FOR UNPAID
    JOSE BAENA AND  LUZ TERESA BAENA, )   OVERTIME
15  individually; and dba  CHILE VERDE )
    MEXICAN FOOD , and DOES 1 TO 20, )
16  inclusive.                      )
                                    )
17                                 )
            Defendants.            )
18                                 )
                                    )
19                                 )

20

21

22     Plaintiffs alleges as follows:

23

24            **GENERAL ALLEGATIONS**

25

26        1.     This Court is the proper court and this action is properly filed in the County of

27  County of Los Angeles and in this judicial district because Defendants do business in the county

28  of County of Los Angeles and because Defendants' obligations and liability arise therein.

                                    1

                        Complaint for Damages

2.    Plaintiff is a former non-exempt employee of Defendants and a resident of the County of County of Los Angeles, State of California.

3.    Plaintiff is informed and believes, and thereon alleges, that Defendant JOSE BAENA AND LUZ TERESA BAENA, are individuals, doing business as CHILE VERDE MEXICAN FOOD, in the County of County of Los Angeles, State of California.

4.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.    Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant CHILE VERDE MEXICAN FOOD , and were acting on behalf of CHILE VERDE MEXICAN FOOD who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

6.    At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

9. Plaintiff was employed by Defendant from on or about September 1, 2003 to February 20, 2007, as a Cook. Plaintiff's wages were $9.50 per hr when he last worked for Defendant.

2

## FIRST CAUSE OF ACTION

(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.    Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1\frac{1}{2}$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.    Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

3

14. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15. Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

16. Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage

4

1   break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those

2   wages; and 5) the name and address of the employer.

3       20. Defendants knowingly and intentionally failed to provide each Plaintiff with

4   accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in

5   Defendants' itemized wage statements included, among other things, not accurately showing the

6   number of all hours worked, and not including overtime hours in each pay period, as well as

   incorrectly reporting gross wages earned and not paying rest break premiums.

7       21. The Plaintiffs are likely to have evidentiary support, after research and reasonable

8   opportunity for further investigation and discovery, to allege that Defendants, and each of them,

9   maintained a payroll recording system that did not accurately capture the hours worked by each

10  employee.

11      22. Plaintiffs are likely to have evidentiary support, after research and reasonable

12  opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

13  overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

14  violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

15  5-01), and the guidelines set forth by the IWC.

16      23. As a direct result of each Defendant's failure, each Plaintiffs were injured and

17  entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

   pursuant to Cal. Lab. Code §226.

18

19                  **THIRD CAUSE OF ACTION**

20      (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

21      24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

22  herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought

23  against all Defendants jointly and individually.

24      25.    Defendants, and each of them, willfully refused and continue to refuse, to pay

25  Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore

26  request restitution and penalties as provided by Labor Code §203.

27

28

                              5

## FOURTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25. This cause of action is brought against all Defendants jointly and individually.

27.    By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.    Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.    For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

WHEREFORE, Plaintiffs pray judgment as follows:

1.    For compensatory damages;

2.    For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants;

3.    For waiting time penalties pursuant to Labor Code §203 and §226;

4.    For penalties pursuant to Labor code §512 and §558;

6.    For interest accrued to date pursuant to Labor code §1194(a);

7.    For costs of suit incurred herein;

8.    For attorney's fees and costs pursuant to Labor code §1194; and

9.    For such other and further relief that the Court may deem just and proper.

Law Offices of Peter Beck, APLC

Dated: 4|24|07                          By: _____

Peter Beck
Attorneys for Plaintiffs

6

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 03 2007

JOHN A. CLARKE, CLERK

BY HUGENA LOPEZ, DEPUTY

1  **LAW OFFICES OF SAHAG MAJARIAN II**
   SAHAG MAJARIAN, ESQ. (SBN 146621)
2  HARRY KALOUSTIAN, ESQ. (SBN 219679)
   18250 Ventura Boulevard
3  Tarzana, California 91356
   Tel: (818) 609-0807
4  Fax: (818) 609-0892

   Case assigned to
5                Judge

6  Attorneys for Plaintiff ALBERTO CARDENAS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT -

10                    UNLIMITED JURISDICTION

11

12  ALBERTO CARDENAS, an individual;        ) Case No.:    BC370551
                                            )
13                                          ) COMPLAINT FOR DAMAGES:
                                            )
14          Plaintiff,                      ) 1.  Failure to Pay Overtime;
                                            ) 2.  Waiting Time Penalties (Cal. Lab. Code §
15     vs.                                  )     203);
                                            ) 3.  Failure to Provide Accurate Itemized
16  FRANCISCO LOYA, an individual d/b/a     )     Statements (Cal. Lab. Code § 226);
                                            ) 4.  Failure to Provide Rest Periods (Cal. Lab.
17  KIKO'S PLACE; and DOES 1 to 25,         )     Code §§ 226.7, 512 and IWC Wage Order
                                            )     5);
18  inclusive,                              ) 5.  Conversion
                                            )
19          Defendants.                     ) **JURY TRIAL DEMANDED**
                                            )
20                                          ) **UNLIMITED JURISDICTION**
                                            ) **(Amount Demanded Exceeds $25,000)**
21

22      Plaintiff, ALBERTO CARDENAS (hereinafter referred to as "Plaintiff"), complains

23  against the above named Defendant (defendant FRANCISCO LOYA, individually and d/b/a

24  KIKO'S PLACE, and DOES 1 to 25 are hereafter collectively referred to as "Defendant") for

25  causes of action against each of them as follows:

26

27  ///

28

                              - 1 -

                    COMPLAINT FOR DAMAGES

## I. INTRODUCTION

Plaintiff brings this action against Defendant for statutory damages, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendant's violations of the California Labor Code and Industrial Welfare Commission Wage Orders.

## II. PARTIES

1. Plaintiff is, and at all times relevant was, a resident of the county of Los Angeles, State of California. During all relevant times, Plaintiff was an employee of Defendant's.

2. Defendant FRANCISCO LOYA is, and at all times relevant hereto was, a business organization form unknown and is and was doing business as KIKO'S PLACE and maintained its principal place of business at 7110 Pacific Blvd. Huntington Park, CA 90255.

3. Plaintiff is informed and believes and on that basis alleges, that Defendant and some of Does 1 through 25 directly employed or exercised control over the wages, hours, or working conditions of Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendant referenced herein was the agent and/or employee of each of the remaining Defendant, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

5. Defendant Does 1 through 25, inclusive, are sued herein under such fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that Defendant and some of the fictitiously named Doe Defendant either owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These DOES held ownership, officer, director and/or executive positions with the remaining Defendant, and acted on behalf of the remaining Defendant, which included decision making responsibility for, and establishment of, illegal payroll practices and policies for Defendant which have

- 2 -

1  damaged Plaintiff. Therefore, DOES 1 through 25, in addition to the remaining Defendant, are

2  "employers" as a matter of law and personally liable on the causes of action alleged herein.

3         6. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1 through

4  25 are, and at all times relevant hereto were, persons, corporations or other business entities

5  organized and existing under and by virtue of California law, and are/were qualified to transact

6  and conduct business in the State of California, and did transact and conduct business in the State

7  of California, and are thus subject to the jurisdiction of the State of California. Specifically,

8  DOES 1 through 25 maintain offices, operate businesses, employ persons, conduct business in,

9  and illegally pay employees by illegal payroll practices and policies in Los Angeles County.

10        7. Plaintiff is further informed and believes, and thereon alleges, that each of the

11  fictitiously named defendants aided and assisted the named defendants in committing the

12  wrongful acts alleged herein, and that Plaintiff's damages where proximately caused by each

13  defendant.

14        8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

15  one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or

16  otherwise, the successors, assigns, joint venturers, co-venturers or partners of one or more of the

17  remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that

18  capacity.

19        9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

20  one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or

21  otherwise, the assured, insured, indemnitor, guarantor of one or more of the remaining named

22  and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.

23        10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

24  one or more of each named and/or unnamed defendant(s) was the alter ego of one or more of the

25  remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their

26  own benefit and/or the benefit of one or more of the remaining named and/or unnamed

27  defendant(s).

28  ///

11.  As a direct and proximate result of the unlawful acts of Defendant, Plaintiff has suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but subject to proof at trial.

## III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.  Plaintiff was employed at KIKO'S PLACE from on or about 1992 to 2006

13.  At all times relevant hereto, Defendant paid Plaintiff at a rate of $9.50 per hour.

14.  Under Wage Orders established by the Department of Labor Standards and Enforcement ("D.L.S.E"), the above-named Plaintiff did not qualify as an "exempt-employee,", and therefore, his employment was subject to all appropriate laws with respect to non-exempt employees who are entitled to an hourly wage and therefore, also entitled to overtime wages.

15.  Plaintiff routinely worked well in excess of eight (8) hours per day or forty hours per week, all without receiving the proper overtime pay.

16.  Plaintiff was consistently paid incorrectly by Defendant, because they failed to pay the Plaintiff for all hours worked, including regular hours worked and all applicable overtime hours which he was entitled to.  Plaintiff complained to Defendant about this fact, to no avail.

17.  At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage Order 5, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working conditions of all persons such as the above-named Plaintiff.

18.  As a general rule, Plaintiff was not authorized to take a ten (10) minute rest break in the morning and/or a ten (10) minute rest break in the afternoon for every four hours worked by the Plaintiff.

19.  Plaintiff was never required to clock in or out for any and all breaks that were taken, if any were received.  Furthermore, there was never any agreement, whether formal or informal, whereby the Plaintiff acquiesced to waiving any of her breaks.

20.  Throughout Plaintiff's employment, Defendant failed to provide him with accurate, itemized wage statements that properly and accurately itemized the number of hours worked by the Plaintiff at the effective overtime rates of pay.

- 4 -

## IV. CLAIMS FOR RELIEF

## **FIRST CAUSE OF ACTION**

### FAILURE TO PAY OVERTIME
### (AGAINST ALL DEFENDANTS)

21. Plaintiff refers to and incorporates paragraphs 1 through 20 above as though set forth in full in this cause of action.

22. Pursuant to Industrial Welfare Commission ("IWC") Order I-98, California Code of Regulations, Title 8, § 11010, as of March, 1999, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of eight (8) hours per day.

23. Pursuant to IWC Order I-98, California Code of Regulations, Title 8, § 11010, as of the start of Plaintiff's employment, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of forty (40) hours per week.

24. Plaintiff is a nonexempt employee entitled to the protections of IWC Order I-90 and I-98, California Code o Regulations, Title 8, §11010. During the course of the Plaintiffs employment, Defendant failed to compensate the Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations.

25. Pursuant to Labor Code §§ 200, 510, 1194 and 1198 and IWC Wage Order 5, Defendant was required to compensate the Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventy (7th) consecutive day of any work week.

26. At all times relevant herein, Labor Code § 1194(a) provided that an employee who

- 5 -

1   had not been paid overtime compensation could recover the unpaid balance of the full amount of

2   overtime wages due, including interest thereon, together with reasonable attorney's fees and costs

3   of suit.

4       27. Throughout the Plaintiff's employment, Defendant has failed and refused to pay and

5   properly calculate overtime compensation to Plaintiff as required by law.

6       28. As a direct and proximate result of Defendant's willful, knowing and intentional

7   failure to pay overtime wages, the Plaintiff has suffered and continues to suffer wage losses in a

8   sum according to proof.

9       29. Plaintiff incurred and continues to incur legal expenses and attorney's fees. Plaintiff

10  is entitled to legal expenses and attorney's fees pursuant to California Labor Code § 1194(a), in a

11  sum according to proof.

12

13                          **SECOND CAUSE OF ACTION**

14

15                  WAITING TIME PENALTIES (Ca. Lab. Code §§203)

16                          (AGAINST ALL DEFENDANTS)

17      30. Plaintiff refers to and incorporates paragraphs 1 through 29 above as though set forth

18  in full in this cause of action.

19      31. Plaintiff has made numerous requests to the defendants for her overtime and

20  compensation for regular wages, but the defendants have refused to pay him for such.

21      32. To date, Plaintiff has not been paid in full for, but not limited to, overtime

22  compensation.

23      33. Defendant has willfully failed to pay Plaintiff all monies owed to him, without

24  withholding.

25      34. As a result of these failures to pay, Plaintiff is entitled to waiting time penalties

26  pursuant to Labor Code § 203, for a period of thirty (30) days.

27      35. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

28  Plaintiff is entitled to legal expenses and attorney's fees pursuant to Labor Code § 218.5, in a

- 6 -

1  sum according to proof.

2

3  **THIRD CAUSE OF ACTION**

4

5  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS –

6  (Ca. Lab. Code §§226)

7  (AGAINST ALL DEFENDANTS)

8  36. Plaintiff refers to and incorporates paragraphs 1 through 35 above as though set forth

9  in full in this cause of action.

10  37. At all times relevant herein, Defendant violated Labor Code Section 226, in that

11  Defendant failed to properly and accurately itemize the number of hours worked by Plaintiff at

12  the effective overtime rate of pay.

13  38. Defendant knowingly and intentionally failed to comply with Labor Code Section

14  226, causing damages to the Plaintiff. These damages, including but not limited to costs

15  expended calculating the true hours worked and the amount of employment taxes which were not

16  properly paid to state and federal tax authorities, are difficult to estimate. Therefore, the Plaintiff

17  elects to recover liquidated damages of $50.00 for the initial pay period in which the violation

18  occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code

19  Section 226, in an amount according to proof at the time of trial, plus reasonable attorney's fees

20  and costs pursuant to Labor Code Section 226(g).

21

22  **FOURTH CAUSE OF ACTION**

23

24  COMPENSATION FOR REQUIRED REST PERIODS NOT PROVIDED –

25  (Ca. Lab. Code §§226.7, 512 and IWC Wage Order 5)

26  (AGAINST ALL DEFENDANTS)

27  39. Plaintiff refers to and incorporates paragraphs 1 through 38 above as though set forth

28  in full in this cause of action.

- 7 -

COMPLAINT FOR DAMAGES

1    40. Pursuant to IWC Wage Order 5, Defendant was required to authorize and permit

2  employees such as the Plaintiff to take rest periods, based upon the total hours worked at a rate of

3  ten (10) minutes net rest per four (4) hours or a major fraction thereof, with no deduction from

4  wages.

5    41. Defendant failed and refused to authorize and permit for Plaintiff to take ten (10)

6  minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of

7  IWC Wage Order 5.

8    42. Defendants further violated IWC Wage Order 5 and Labor Code Section 226.7 by

9  failing to pay Plaintiff one (1) hour of pay at the Plaintiff's regular rate of pay for each rest period

10 not provided, in an amount according to proof at the time of trial. This amount remains owed

11 and unpaid.

12

13                              **FIFTH CAUSE OF ACTION**

14

15                                      CONVERSION

16                              (AGAINST ALL DEFENDANTS)

17    43. Plaintiff refers to and incorporates paragraphs 1 through 42 above as though set forth

18 in full in this cause of action.

19    44. At the time Defendant failed to pay the wages due to the Plaintiff, as described

20 herein, Plaintiff owed and had the right to possess the withheld compensation. Defendant

21 willfully and without legal justification interfered with the Plaintiff's right to own and possess his

22 wages and compensation.

23    45. In refusing to pay the Plaintiff's wages and compensation, Defendant unlawfully and

24 intentionally took and converted the property of the Plaintiff to his own use. At the time the

25 conversion took place, the Plaintiff was entitled to immediate possession of the amounts of

26 wages and compensation payable. The conversion was concealed by the Defendant from the

27 Plaintiff. The conversion was oppressive, malicious and fraudulent.

28    46. Plaintiff has been damaged as a result of this conversion and is entitled to (1) all

- 8 -

1  monies converted by Defendant with interest thereon; (2) any and all profits, whether direct or

2  indirect, Defendant acquired by their conversion; (3) punitive and exemplary damages.

3

4                                    V. PRAYER

5

6       WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as

7  follows:

8       1. For Special (Actual) Damages: back pay, front pay, and other special damages

9          according to proof;

10      2. For General Damages;

11      3. For all Statutory Damages;

12      4. For Punitive and Exemplary Damages;

13      5. For pre-judgment and post-judgment interest on all damages awarded;

14      6. For all penalties imposed as stipulated by the California Labor Code; including

15         waiting time penalties, pursuant to Labor Code §§ 203 and 558;

16      7. For reasonable Attorney's Fees, pursuant to California Labor Code §§ 218.5, 226(g),

17         1194(a), 1197 and CCP 1021.5;

18      8. For Costs of Suit incurred;

19      9. For compensation of one hour at the regular rate of pay for each meal or rest period

20         denied in violation of Labor Code § 226.7 and Wage Order 5, according to proof;

21      10. For such other and further relief as the Court may deem just and proper;

22      11. For a Jury Trial.

23

24  Dated: 4/30/2007                    LAW OFFICES OF SAHAG MAJARIAN II

25

26

                                        By: Harry Kaloustian, Attorneys for
27                                      Plaintiff ALBERTO CARDENAS

28

                                       - 9 -

1  LAW OFFICES OF SAHAG MAJARIAN II
   SAHAG MAJARIAN (SBN 146621)
2  HARRY KALOUSTIAN, (SBN 219679)
   18250 Ventura Boulevard
3  Tarzana, California 91356
   Tel: (818) 609-0807
4  Fax: (818) 609-0892

**FILED**
LOS ANGELES SUPERIOR COURT

MAY 0 9 2007

JOHN A. CLARKE, CLERK

BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

5

6  Attorneys for Plaintiff LUCIA HERNANDEZ

7

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT -

12                      UNLIMITED JURISDICTION

13

14  LUCIA HERNANDEZ, an individual;          )   Case No.:    B C 3 7 0 6 7 0
                                             )
15                                           )   COMPLAINT FOR DAMAGES:
                                             )
16            Plaintiff,                      )   1.  Failure to Pay Overtime;
                                             )   2.  Waiting Time Penalties (Cal. Lab. Code §
17      vs.                                  )       203);
                                             )   3.  Failure to Provide Accurate Itemized
18  ASTRO PLEATING, a business organization  )       Statements (Cal. Lab. Code § 226);
    form unknown; and DOES 1 to 25, inclusive,)  4.  Failure to Provide Rest Periods (Cal. Lab.
19                                           )       Code §§ 226.7, 512 and IWC Wage Order
                                             )       5);
20            Defendants.                     )   5.  Conversion
                                             )
21                                           )   **JURY TRIAL DEMANDED**
                                             )
22                                           )   **UNLIMITED JURISDICTION**
                                             )   (Amount Demanded Exceeds $25,000)
23                                           )

24      Plaintiff, Lucia Hernandez (hereinafter referred to as "Plaintiff"), complains against

25  the above named Defendants (defendant Astro Pleating, a business organization form unknown

26  and DOES 1 to 25 are hereafter collectively referred to as "Defendants") for causes of action

27  against each of them as follows:

28

- 1 -

COMPLAINT FOR DAMAGES

I. INTRODUCTION

Plaintiff brings this action against Defendants for statutory damages, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of the California Labor Code and Industrial Welfare Commission Wage Orders.

II. PARTIES

1. Plaintiff is, and at all times relevant was, a resident of the county of Los Angeles, State of California. During all relevant times, Plaintiff was an employee of Defendants'.

2. Defendant ASTRO PLEATING is, and at all times relevant hereto was, a business organization form unknown and is and was doing business as ARCO AMPM and maintained its principal place of business at 1326 S. Olive Street, Suite C, Los Angeles, CA 90015.

3. Plaintiff is informed and believes and on that basis alleges, that Defendants and some of Does 1 through 25 directly employed or exercised control over the wages, hours, or working conditions of Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants referenced herein was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

5. Defendants Does 1 through 25, inclusive, are sued herein under such fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that Defendant and some of the fictitiously named Doe defendants either owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These DOES held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision making responsibility for, and establishment of, illegal payroll practices and policies for Defendants

- 2 -

COMPLAINT FOR DAMAGES

1 | which have damaged Plaintiff. Therefore, DOES 1 through 25, in addition to the remaining
2 | Defendants, are "employers" as a matter of law and personally liable on the causes of action
3 | alleged herein.

4 | 6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through
5 | 25 are, and at all times relevant hereto were, persons, corporations or other business entities
6 | organized and existing under and by virtue of California law, and are/were qualified to transact
7 | and conduct business in the State of California, and did transact and conduct business in the State
8 | of California, and are thus subject to the jurisdiction of the State of California. Specifically,
9 | DOES 1 through 25 maintain offices, operate businesses, employ persons. conduct business in,
10 | and illegally pay employees by illegal payroll practices and policies in Los Angeles County.

11 | 7. Plaintiff is further informed and believes, and thereon alleges, that each of the
12 | fictitiously named defendants aided and assisted the named defendants in committing the
13 | wrongful acts alleged herein, and that Plaintiff's damages where proximately caused by each
14 | defendant.

15 | 8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
16 | one or more of each named and/or unnamed defendant(s) was in some fashion. by contract or
17 | otherwise, the successors, assigns. joint venturers, co-venturers or partners of one or more of the
18 | remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that
19 | capacity.

20 | 9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
21 | one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or
22 | otherwise, the assured, insured, indemnitor, guarantor of one or more of the remaining named
23 | and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.

24 | 10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,
25 | one or more of each named and/or unnamed defendant(s) was the alter ego of one or more of the
26 | remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their
27 | own benefit and/or the benefit of one or more of the remaining named and/or unnamed
28 | defendant(s).

-3-

1    11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has
2 suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but
3 subject to proof at trial.

4

5        III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6    12. Plaintiff was employed at ASTRO PLEATING from on or about October, 2004 to
7 June 14, 2006.

8    13. Defendants paid Plaintiff at a rate of $6.75 per hour.

9    14. Under Wage Orders established by the Department of Labor Standards and
10 Enforcement ("D.L.S.E"), the above-named Plaintiff did not qualify as an "exempt-employee,",
11 and therefore, her employment was subject to all appropriate laws with respect to non-exempt
12 employees who are entitled to an hourly wage and therefore, also entitled to overtime wages.

13    15. Plaintiff routinely worked well in excess of eight (8) hours per day or forty hours per
14 week, all without receiving the proper overtime pay.

15    16. Plaintiff was consistently paid incorrectly by Defendants, because they failed to pay
16 the Plaintiff for all hours worked, including regular hours worked and all applicable overtime
17 hours which she was entitled to. Plaintiff complained to Defendants about this fact, to no avail.

18    17. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage
19 Order 6, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working
20 conditions of all persons such as the above-named Plaintiff.

21    18. As a general rule, Plaintiff was not authorized to take a ten (10) minute rest break in
22 the morning and/or a ten (10) minute rest break in the afternoon for every four hours worked by
23 the Plaintiff.

24    19. Plaintiff was never required to clock in or out for any and all breaks that were taken,
25 if any were received. Furthermore, there was never any agreement, whether formal or informal,
26 whereby the Plaintiff acquiesced to waiving any of her breaks.

27 ///

28 ///

- 4 -

20. Throughout Plaintiff's employment, Defendants failed to provide her with accurate, itemized wage statements that properly and accurately itemized the number of hours worked by the Plaintiff at the effective overtime rates of pay.

## IV. CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME
### (AGAINST ALL DEFENDANTS)

21. Plaintiff refers to and incorporates paragraphs 1 through 20 above as though set forth in full in this cause of action.

22. Pursuant to Industrial Welfare Commission ("IWC") Order I-98, California Code of Regulations, Title 8, § 11010, as of March, 1999, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of eight (8) hours per day.

23. Pursuant to IWC Order I-98, California Code of Regulations, Title 8, § 11010, during the entire duration of Plaintiff's employment, Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours worked in excess of forty (40) hours per week.

24. Plaintiff is a nonexempt employee entitled to the protections of IWC Order I-90 and I-98, California Code o Regulations, Title 8, §11010.  During the course of the Plaintiffs employment, Defendants, and each of them, failed to compensate the Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations.

25. Pursuant to Labor Code §§ 200, 510, 1194 and 1198 and IWC Wage Order 6, Defendants were required to compensate the Plaintiff with premium pay for all overtime work performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week

- 5 -

and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventy (7th) consecutive day of any work week.

26. At all times relevant herein, Labor Code § 1194(a) provided that an employee who had not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest thereon, together with reasonable attorney's fees and costs of suit.

27. Throughout the Plaintiff's employment, Defendants have failed and refused to pay and properly calculate overtime compensation to Plaintiff as required by law.

28. As a direct and proximate result of Defendants' willful, knowing and intentional failure to pay overtime wages, the Plaintiff has suffered and continues to suffer wage losses in a sum according to proof.

29. Plaintiff incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to California Labor Code § 1194(a), in a sum according to proof.

## SECOND CAUSE OF ACTION

### WAITING TIME PENALTIES (Ca. Lab. Code §§203)
### (AGAINST ALL DEFENDANTS)

30. Plaintiff refers to and incorporates paragraphs 1 through 29 above as though set forth in full in this cause of action.

31. Plaintiff has made numerous requests to the defendants for her overtime and compensation for regular wages, but the defendants have refused to pay her for such.

32. To date, Plaintiff has not been paid in full for, but not limited to, overtime compensation.

33. Defendants have willfully failed to pay Plaintiff all monies owed to her, without withholding.

- 6 -

COMPLAINT FOR DAMAGES

34. As a result of these failures to pay, Plaintiff is entitled to waiting time penalties pursuant to Labor Code § 203, for a period of thirty (30) days.

35. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to Labor Code § 218.5, in a sum according to proof.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS –
### (Ca. Lab. Code §§226)
### (AGAINST ALL DEFENDANTS)

36. Plaintiff refers to and incorporates paragraphs 1 through 35 above as though set forth in full in this cause of action.

37. At all times relevant herein, Defendants violated Labor Code Section 226, in that Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at the effective overtime rate of pay.

38. Defendants and each of them knowingly and intentionally failed to comply with Labor Code Section 226, causing damages to the Plaintiff. These damages, including but not limited to costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, the Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor Code Section 226. in an amount according to proof at the time of trial, plus reasonable attorney's fees and costs pursuant to Labor Code Section 226(g).

///
///
///
///

-7-

## FOURTH CAUSE OF ACTION

### COMPENSATION FOR REQUIRED REST PERIODS NOT PROVIDED –
### (Ca. Lab. Code §§226.7, 512 and IWC Wage Order 5)
### (AGAINST ALL DEFENDANTS)

39. Plaintiff refers to and incorporates paragraphs 1 through 38 above as though set forth in full in this cause of action.

40. Pursuant to IWC Wage Order 6, Defendants were required to authorize and permit employees such as the Plaintiff to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours or a major fraction thereof, with no deduction from wages.

41. Defendants failed and refused to authorize and permit for Plaintiff to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof, in violation of IWC Wage Order 6.

42. Defendants further violated IWC Wage Order 6 and Labor Code Section 226.7 by failing to pay Plaintiff one (1) hour of pay at the Plaintiff's regular rate of pay for each rest period not provided, in an amount according to proof at the time of trial. This amount remains owed and unpaid.

## FIFTH CAUSE OF ACTION

### CONVERSION
### (AGAINST ALL DEFENDANTS)

43. Plaintiff refers to and incorporates paragraphs 1 through 42 above as though set forth in full in this cause of action.

44. At the time Defendants failed to pay the wages due to the Plaintiff, as described herein, Plaintiff owed and had the right to possess the withheld compensation. Defendants willfully and without legal justification interfered with the Plaintiff's right to own and possess

- 8 -

1  her wages and compensation.

2       45. In refusing to pay the Plaintiff's wages and compensation, Defendants unlawfully and

3  intentionally took and converted the property of the Plaintiff to their own use. At the time the

4  conversion took place, the Plaintiff was entitled to immediate possession of the amounts of

5  wages and compensation payable. The conversion was concealed by the Defendants from the

6  Plaintiff. The conversion was oppressive, malicious and fraudulent.

7       46. Plaintiff has been damaged as a result of this conversion and is entitled to (1) all

8  monies converted by Defendants with interest thereon; (2) any and all profits, whether direct or

9  indirect, Defendants acquired by their conversion; (3) punitive and exemplary damages.

10

11                                    V. PRAYER

12

13       WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as

14  follows:

15       1. For Special (Actual) Damages: back pay, front pay, and other special damages

16          according to proof;

17       2. For General Damages;

18       3. For all Statutory Damages;

19       4. For Punitive and Exemplary Damages;

20       5. For pre-judgment and post-judgment interest on all damages awarded;

21       6. For all penalties imposed as stipulated by the California Labor Code; including

22          waiting time penalties, pursuant to Labor Code §§ 203 and 558;

23       7. For reasonable Attorney's Fees, pursuant to California Labor Code §§ 218.5, 226(g),

24          1194(a), 1197 and CCP 1021.5;

25       8. For Costs of Suit incurred;

26       9. For compensation of one hour at the regular rate of pay for each meal or rest period

27          denied in violation of Labor Code § 226.7 and Wage Order 6, according to proof;

28  ///

                                      - 9 -

10. For such other and further relief as the Court may deem just and proper;

11. For a Jury Trial.

Dated: 5/4/2007                          LAW OFFICES OF SAHAG MAJARIAN II

                                         By: Harry Kaloustian, Attorneys for
                                         Plaintiff LUCIA HERNANDEZ

- 10 -

COMPLAINT FOR DAMAGES

REC'D

●

MAY 23 2007

FILING WINDOW

1  KENNETH H. YOON (State Bar No. 198443)
   LAW OFFICES OF KENNETH H. YOON
2  One Wilshire Boulevard, Suite 2200
   Los Angeles, California 90017-3383
3  Telephone: (213) 612-0988
   Facsimile: (213) 947-1211
4
   Attorneys for Plaintiff
5  Ana Fisette

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 23 2007

JOHN A. CLARKE, CLERK

BY B:M: SWAIN; DEPUTY

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| 11  ANA FISETTE, an individual; | CASE NO.: BC369930 |
| 12         Plaintiff, | (Assigned for all purposes to the Hon. Ernest M. Hiroshige, Dept. 54) |
| 13      v. | **FIRST AMENDED COMPLAINT FOR:** |
| 14  ALCAST FOUNDRY, INC., a California Corporation; STEVEN E. PORTNER, an individual, and DOES 1 TO 100, inclusive; | (1)  **FAILURE TO PAY OVERTIME WAGES (29 U.S.C §§ 201-219);** |
| 15 | (2)  **FAILURE TO PAY OVERTIME WAGES (Cal. Lab. Code. §1194 et seq.);** |
| 16         Defendants. | (3)  **VIOLATION OF CALIFORNIA LABOR CODE SECTION 226;** |
| 17 | (4)  **VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 (REST BREAKS);** |
| 18 | (5)  **VIOLATION OF CALIFORNIA LABOR CODE SECTION 226.7 (MEAL PERIODS);** |
| 19 | (6)  **VIOLATION OF UNFAIR BUSINESS PRACTICES ACT;** |
| 20 | |
| 21 | **AND** |
| 22 | **DEMAND FOR JURY TRIAL** |

23                              **INTRODUCTION**

24          1.      Plaintiff Ana Fisette ("Plaintiff" or "Ms. Fisette") has been working from 1994

25  to approximately March 27, 2006 for Defendant Alcast Foundry, Inc. ("Defendant" or "Alcast") as a

26  customer service employee.

27          2.      During her employment time, Ms. Fisette has been improperly classified as

28  exempt from overtime.

1

**THE PARTIES**

3.    Plaintiff was at all times mentioned herein a resident of Los Angeles County.

4.    Plaintiff is informed and believes and thereon alleges that Alcase was and, at all times mentioned herein, is a California corporation that regularly does business in California and in Los Angeles County.

5.    Plaintiff is informed and believes and thereon alleges that Steven E. Portner is a person acting directly or indirectly in the interest of Alcast in relation to Plaintiff's employment. Steven E. Portner regularly does business in Los Angeles County, California.  Steven E. Portner exercises control over Plaintiff's pay, duties and work.

6.    Plaintiff is ignorant of the true names and capacities of Defendants sued in this Complaint as DOES 1 through 100, inclusive, and therefore sues these Defendants by these fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes and thereon alleges that at all times herein Defendants and each of them, are alter egos and were acting as the agents and servants of each other and were acting within the full course and scope of their authority and contractual relationships, if any, and with the full knowledge and consent, either express or implied, of each other, and therefore are responsible and liable for the actions and/or inactions of each other Defendant, whether in contract, tort or otherwise.

FIRST CAUSE OF ACTION

**For Overtime Wages for Violation of the FLSA 29 U.S.C §§ 201-219**

(Against All Defendants)

8.    Plaintiff re-allege and incorporates by reference paragraphs 1 through 7 as though fully set for herein.

9.    This cause of action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, for failure to pay the proper overtime wages and overtime rates for all overtime hours worked.

10.    At all times relevant herein, Defendants were required to compensate Plaintiff for all overtime hours worked in excess 40 hours per workweek as per FLSA, 29 U.S.C. §§ 201-219.

2

11.    As a pattern, practice and policy, Defendants failed to pay Plaintiff the required compensation for all overtime hours worked.

12.    As a pattern, practice and policy, Defendants improperly paid for hours worked in excess of 40 hours per workweek at straight pay or not at all.

13.    The conduct of Defendants and their agents and employees as described herein was intentional and done in conscious disregard of established FLSA overtime law and in conscious disregard of Plaintiff's rights and done by managerial employees of Defendant. Plaintiff is thereby entitled to an award of double damages and/or liquidated damages pursuant to the FLSA in an amount to conform to proof. Further, such intentional and knowing conduct subjects Defendant to a 3-year statute of limitations under the FLSA.

14.    Such pattern, practice and policy and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for the unpaid balance of the full amount of overtime premiums owing, injunctive relief to comply with the FLSA, and including interest thereon, reasonable attorneys fees, and costs of suit according to the mandate of the FLSA.

<div align="center">SECOND CAUSE OF ACTION</div>

<div align="center">**Failure to Pay Overtime Wages**</div>

<div align="center">(Against All Defendants except Steven E. Portner)</div>

15.    The allegations in paragraphs 1 through 14 are incorporated here by reference, as if realleged and set forth here in full.

16.    As set forth above, during the relevant period, on a regular basis, Plaintiff worked overtime hours for which he was not lawfully compensated.

17.    This cause of action is brought pursuant to Labor Code § 1194, *et seq.*, which provides that employees are entitled to overtime wages and compensation for work performed, and provides a private right of action for failure to pay legal overtime compensation for overtime work performed.

18.    Defendant violated the overtime pay provisions of California Labor Code §1194 and Industrial Welfare Commission Wage Order 1-2001, § 3, by requiring Plaintiff to work in excess

<div align="center">3</div>

1  of 8 hours per day in a work day without paying Plaintiff for those hours at a rate of not less than one

2  and one-half (1 ½) the regular hourly rate and/or 12 hours in a work day without paying Plaintiff for

3  those hours at a rate of not less than two times (2) the regular hourly rate and/or double the regular

4  hourly rate for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of

5  work in a workweek.

6          19.    In addition to interest at the legal rate thereon, Plaintiff is therefore entitled to

7  recovery of the full amount of this overtime compensation due him, including interest thereon.

8          20.    Plaintiff alleges that the failure to pay overtime wages by Defendants was

9  willful and knowing and was done with oppression, fraud, and malice and warrants the imposition of

10  punitive damages in an amount to be proved at trial.

11          21.    Plaintiff is further entitled to and claims reasonable attorney's fees and costs of

12  this action, pursuant to Labor Code §§ 1194 & 1198.

13                          THIRD CAUSE OF ACTION

14                      **Violation of Labor Code §226**

15                  (Against All Defendants except Steven E. Portner)

16          22.    The allegations in paragraphs 1 through 21 are incorporated here by reference,

17  as if realleged and set forth here in full.

18          23.    Defendant failed in its affirmative obligation to keep accurate records regarding

19  the total hours worked, and gross and net wages earned for Plaintiff. Defendant, as a matter of policy

20  and practice, did not record the accurate number of hours for regular pay, overtime pay, or double-

21  time pay for daily and weekly overtime hours worked by Plaintiff.

22          24.    As a pattern and practice, Defendant regularly required Plaintiff to work more

23  than 8 hours and 12 hours in a 24-hour workday and failed to record all overtime and double time

24  hours worked.

25          25.    Such a pattern, practice and uniform administration of corporate policy as

26  described herein is unlawful and creates an entitlement to recovery by the Plaintiff for the unpaid

27  balance of overtime owed and/or penalties pursuant to Labor Code § 226, including interest thereon,

28  penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor

4

Code § 226.

## FOURTH CAUSE OF ACTION

### Violation Of Labor Code Section 226.7 (Rest Breaks)

(Against All Defendants except Steven E. Portner)

26.    The allegations in paragraphs 1 through 25 are incorporated here by reference, as if realleged and set forth here in full.

27.    As set forth above, on a regular basis during the relevant period, Plaintiff was required to work through lawfully-required rest periods, in violation of the applicable Industrial Welfare Commission Wage Order and Labor Code section 226.7.

28.    During the relevant period, Defendant violated the provisions of the applicable I.W.C. Wage Order by requiring Plaintiff to work in excess of four hours per day on a daily basis without permitting her to take her rest period(s), as required by law.

29.    Labor Code § 226.7(a) further mandates that no employer shall require any employee to work during any meal or rest period mandated by an application order of the IWC.

30.    Plaintiff is therefore entitled to and claims wages for Defendant's failure to lawfully provide rest breaks, pursuant to Labor Code § 226.7(b) and the applicable I.W.C. Wage Order, which states that an employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided, plus interest and penalties thereon, attorneys' fees and costs under Labor Code §§ 226.7 and 1194, and the applicable I.W.C. Wage Order.

## FIFTH CAUSE OF ACTION

### Violation Of Labor Code Section 226.7 (Meal Periods)

(Against All Defendants except Steven E. Portner)

31.    The allegations in paragraphs 1 through 30 are incorporated here by reference, as if realleged and set forth here in full.

32.    As set forth herein above, during the relevant period, on a regular basis, Plaintiff was forced to work in excess of five (5) hours per day without being provided a daily thirty (30) minute restrictive-free meal break, in violation of the provisions of California Labor Code § 226.7 and

5

1   the applicable Industrial Welfare Commission Wage Order.

2         33.    During the relevant period, on a regular basis, Plaintiff worked in excess of ten

3   (10) hours per day without being provided a second daily thirty (30) minute restrictive-free meal

4   break, in violation of the provisions of California Labor Code § 226.7 and the applicable Industrial

5   Welfare Commission Wage Order.

6         34.    Labor Code § 226.7(a) further mandates that no employer shall require any

7   employee to work during any meal or rest period mandated by an applicable order of the IWC.

8         35.    Plaintiff is therefore entitled to and claim wages for the Defendant's failure to

9   lawfully provide daily meal breaks, pursuant to Labor Code § 226.7(b) and the applicable Industrial

10  Welfare Commission Wage Order, which states that an employer shall pay the employee one

11  additional hour of pay at the employee's regular rate of compensation for each work day that the meal

12  period is not provided, plus interest and penalties thereon, attorneys' fees and costs under Labor Code

13  §§ 226.7 and 1194, and the applicable I.W.C. Wage Order.

14                              SIXTH CAUSE OF ACTION

15                        **Violation Of Unfair Business Practices Act**

16                      (Against All Defendants except Steven E. Portner)

17        36.    The allegations in paragraphs 1 through 35 are incorporated here by reference,

18  as if realleged and set forth here in full.

19        37.    The violation of the foregoing statues and regulations, and/or maintenance of

20  the unlawful labor practices by Defendant, which are set forth in the First through Fifth Causes of

21  Action hereinabove, constitute unfair and unlawful business practices under Business and Professions

22  Code § 17200 *et seq.*

23        38.    Plaintiff seeks restitution from Defendants for the harm suffered and for the

24  profits realized by Defendants because of the illegal business practices outlined in the First through

25  Fifth Causes of Action.

26        39.    The identified violations of California's wage and hour laws and Federal wage

27  and hour laws constitute business practices because they were done repeatedly over a significant

28  period of time, and in a systematic manner to the detriment of Plaintiff.

                                        6

40.     As a result of Defendant's continuing violation of the California and Federal wage and hour laws described above, the issuance of a temporary and permanent injunction is mandated. Therefore, Plaintiff seeks an injunction ordering Defendant to cease and desist engaging in the unfair business practices described in the First through Fifth Action of this Complaint. Such an injunction is appropriate to remedy Defendant's wrongful conduct.

41.     As a further remedy authorized by California Business & Professions Code § 17200 *et seq.*, because the Defendant wrongfully obtained a competitive advantage by engaging in these unlawful and unfair business practices, and continues to do so, the monies unlawfully obtained by such means should be restored to the parties from whom these monies were taken (Plaintiff).

42.     By way of an injunctive order, Defendant should be ordered to:  pay restitution, together with interest and attorney fees and costs, accordingly; and to comply with any other order or judgment which the Court deems necessary to prevent the use of any practice by the Defendants constituting unfair business practices or to restore to any person in interest any money or property which was acquired by means of such a practice, including but not limited to the appointment of a receiver, pursuant to California Business & Professions Code § 17200 *et seq.*

<div align="center">PRAYER FOR RELIEF</div>

By reason of which, Plaintiff prays for relief as follows, from and against the Defendants:

1.      For lost earnings, benefits and other compensation; and

2.      For unpaid overtime and double time wages according to proof; and

3.      For civil penalties pursuant to California Labor Code or Industrial Welfare Commission Wage Order 1-2001; and

4.      For damages or penalties as provided by Labor Code §226(e); and

5.      For meal period and rest break wages provided by the Labor Code of the State of California or Industrial Welfare Commission Wage Order 1-2001 according to proof; and

6.      For liquidated damages; and

7.      For attorneys fees; and

8.      For an injunction ordering the Defendants to comply with California and

<div align="center">7</div>

<div align="right">FIRST AMENDED COMPLAINT</div>

1  Federal law relating to overtime; and

2          9.      For interest, from the earliest possible date, on all sums due at 10% per annum,

3  or at the highest rate permitted by law and/or contract; and

4          10.     For the costs of suit incurred by Plaintiff in this matter; and

5          11.     For such further relief as may appear necessary and appropriate to the Court.

6  DATED: May 21, 2007                    LAW OFFICES OF KENNETH H. YOON

7

8                                          By: _____
                                               Kenneth H. Yoon
9                                          Attorney for Plaintiff,
                                           ANA FISETTE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        8

                                                FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

| | |
|---|---|
| STATE OF CALIFORNIA | ) |
| | ) ss. |
| COUNTY OF LOS ANGELES | ) |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is One Wilshire Boulevard, Suite 2200, Los Angeles, California 90017.

On May 21, 2007, I served the following document described as:

### FIRST AMENDED COMPLAINT

on all interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as shown on the attached mailing list.

[ ]    **(BY FACSIMILE)**
I am readily familiar with the business practices of this office. The telephone number of the facsimile machine I used was (213) 489-9961. This facsimile machine complies with Rules 2003(2) of the California Rules of Court. Upon transmission, no error was reported by the facsimile machine and a printed copy of the machine's transmission record indicating that the transmission was successfully completed is attached to this declaration.

[ ]    By having copies **personally delivered to the designated party(ies)**.

[ ]    By leaving, during usual business hours, copies in the office of the party(ies) served with the person who apparently was in charge and thereafter mailing (by first class mail, postage prepaid) copies to the party(ies) served at the place where the copies were left.

[X]    **(BY MAIL)**
I am familiar with my employer's mail collection and processing practices; know that mail is collected and deposited with the United States Postal Services on the same day it is deposited in interoffice mail; and know that postage thereon is fully prepaid.

[ ]    **(BY FEDERAL EXPRESS COURIER)**
I am "readily familiar" with the firm's practice of collection and processing correspondence for Federal Express delivery. Under that practice it would be deposited with the Federal Express Courier on that same day at Los Angeles, California in the ordinary course of business. Executed on May 21, 2007, at Los Angeles, California.

[X]    (State)    I declare under penalty of perjury that the above is true and correct.

[ ]    (Federal)    I declare that I am employed in the office of a member the Bar of this Court at whose direction the service was made.

Executed on May 21, 2007, at Los Angeles, California.

_____
KENNETH YOON

1

*Ana Fisette v. Alcast Foundry, Inc., et al.*
Los Angeles County Superior Court Case No. BC369930

2

**SERVICE LIST**

3

4

<u>**Attorney for Defendants**</u>

5

Vida M. Holguin
6    Law Office of Vida M. Holguin
2447 Pacific Coast Hwy., Ste. 100
7    Hermosa Beach, California 90254
Telephone: (310) 376-5207
8    Facsimile: (310) 376-4318

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael A. Gould (SBN 151851)
Aarin Zeif (SBN 247088)
GOULD & ASSOCIATES
A Professional Law Corporation
17822 East 17th Street, Suite 106
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiff
Jacqueline Cucuiat

FILED
LOS ANGELES SUPERIOR COURT

JUN 19 2007

JOHN A. CLARKE, CLERK
BY_____
EDUARDO CHANES, DEPUTY

... assigned D. 23
to Judge TRICIA ANN BIGELOW

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| JACQUELINE CUCUIAT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CATHERINE VERDUSCO, an individual; CATHERINE VERDUSCO d/b/a WEST COAST MATERNITY, and DOES 1 through 25,<br><br><br>Defendants. | CASE NO.: BC372890<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. **FAILURE TO PAY OVERTIME** (*Labor Code §§ 1194 and 510(a), Code of Regulations § 11040*);<br><br>2. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (*Labor Code §§ 226.7 and 512*);<br><br>3. **FAILURE TO PAY UPON TERMINATION OR QUITTING EMPLOYEE** (*Cal. Labor Code §§ 201, 202, 203*);<br><br>4. **FAILURE TO PROVIDE CORRECT ITEMIZED STATEMENT TO EMPLOYEE** (*Cal. Labor Code § 226*);<br><br>5. **UNFAIR BUSINESS PRACTICES** (*Business and Professions Code §§ 17200 et seq.*).<br><br>Demand for Jury Trial<br>Unlimited Civil |

1

CIVIL COMPLAINT FOR DAMAGES

 

Plaintiff Jacqueline Cucuiat (hereinafter referred to as "Cucuiat") alleges as follows:

## GENERAL ALLEGATIONS

1.  Cucuiat is, at all times mentioned, an individual residing in the County of Los Angeles, State of California.

2.  Cucuiat is informed and believes, and thereon alleges, that Defendant, Catherine Verdusco (hereinafter referred to as "Defendants") is doing business as West Coast Maternity in the county of Los Angeles, State of California.

3.  Cucuiat is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive and therefore sues those Defendants by such fictitious names. Cucuiat will amend this complaint to allege their true names and capacities when ascertained. Cucuiat is informed and believes, and thereon alleges, that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct.

4.  Cucuiat is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5.  Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

### FIRST CAUSE OF ACTION
#### Failure to Pay Overtime Wages
(Violation of *Cal. Labor Code* §§ 1194 and 510(a), *Cal. Code of Regulations* § 11040)

6.  Cucuiat re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 5, inclusive, as though fully set forth herein.

7.  Cucuiat is informed and believes, and thereon alleges, that at all times relevant to her employment by Defendants, *California Labor Code* §§ 510(a), 1194, and the *IWC Wage Orders* (*Code of Regulations* § 11040) were in full force and effect and binding upon Defendants. These statutes and wage orders required Defendants to pay to Cucuiat one-and-one-

2



half times her regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and the first eight hours worked on the seventh day of work in any one workweek.

8.    Cucuiat is informed and believes, and thereon alleges, that during the course of her employment, she often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and on the seventh day of any one workweek, and was not paid at a rate of one and one-half times her regular rate of pay.

9.    Cucuiat is informed and believes, and thereon alleges, that despite the requirements of *California Labor Code* §§ 510(a), 119 and the *IWC Wage Orders*, Defendants failed and refused to pay the required overtime wage premiums for overtime worked.

10.    As a result of the unlawful acts of Defendants, Cucuiat is entitled to recover unpaid overtime wages in the amount to be proven at trial, prejudgment interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

<center>

**SECOND CAUSE OF ACTION**
**Failure to Provide Meal and Rest Periods**
**(Violation of *California Labor Code* § 226.7 and 512)**
</center>

11.    Cucuiat re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.    Cucuiat is informed and believes, and thereon alleges that *California Labor Code* § 226.7 was in full force and effect and binding on Defendants during all times mentioned in this Complaint. Said section requires employers to comply with all *Industrial Welfare Commission Wage Orders* governing meal and rest periods.

13.    Cucuiat is informed and believes, and thereon alleges, that the *IWC Wage Orders* were in full force and effect and govern when employers, including Defendants, must give employee breaks for meal and rest periods. *The Wage Orders* state in pertinent part that employers must provide at least thirty minutes of meal periods for every eight hours of work and another thirty-minute period if the work period is five hours or more. Furthermore, *the IWC Wage Orders* state in pertinent part that employees must be given at least a ten minute rest period

3

1   for every four (4) hours or major fraction thereof.

2       14.    Cucuiat worked for Defendants and was often required to work through her meal

3   break and rest periods to perform and complete her tasks for Defendants. Cucuiat was not

4   allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code*

5   §§ 226.7 and 512.

6       15.    Cucuiat is informed and believes, and thereon alleges, that *The Wage Orders* and

7   the *California Labor Code* mandate that Defendants must pay Cucuiat one hour of pay at

8   Cucuiat's regular rate of pay for every missed meal and rest period. Cucuiat is thereby entitled to

9   these penalties in an amount to be proven at trial.

10   

11   

### THIRD CAUSE OF ACTION
#### Failure to Pay Terminated or Quitting Employee
#### (Violation of *Cal. Labor Code* §§ 201, 202, and 203)

12      16.    Cucuiat re-alleges and incorporates by reference each and every allegation

13  contained in paragraphs 1 through 15, inclusive, as though fully set forth herein.

14      17.    At all times mentioned in this Complaint *California Labor Code* §§ 201, 202,

15  and 203 were in full force and effect and binding on Defendants. Said sections require an

16  employer to pay all unpaid and earned wages to an employee immediately upon discharge.

17      18.    Cucuiat is informed and believes, and thereon alleges, that Defendants refused

18  and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge.

19      19.    As a result of Defendants' violation of *California Labor Code* §§ 201, 202 and

20  203, Plaintiff is entitled to penalties under *California Labor Code* § 203, which provides that

21  upon violation of *California Labor Code* § 201, "the wages of the employee shall continue as a

22  penalty from the due date thereof at the same rate until paid or until an action is commenced; but

23  such wages shall not continue for more than 30 days."

24   

25   

### FOURTH CAUSE OF ACTION
#### Failure to Provide Itemized Statement to Employee
#### *(Violation of Labor Code* § 226)

26   

27      20.    Cucuiat re-alleges and incorporates by reference each and every allegation

28  contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

4

---

21.     Cucuiat is informed and believes, and thereon alleges, that Defendants are required by law to provide a proper itemized statement to Plaintiff under *California Labor Code* § 226. Said section requires employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

22.     At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

23.     Notwithstanding the requirements of *California Labor* Code § 226, Plaintiff received no statement whatsoever, in violation of *California Labor Code* § 226.

24.     Cucuiat is informed and believes, and thereon alleges, that she is entitled to penalties for failure to maintain proper and correct itemized statements in violation of *California Labor Code* § 226, in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION
#### Unfair Business Practices
(Violation of *Cal. Business and Professions Code* § 17200 et. seq.)

25.     Cucuiat re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* were in full force and effect and binding upon Cucuiat. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay proper wages.

27.     Cucuiat is informed and believes, and thereon alleges, that Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay proper wages to Cucuiat.

28.     As a direct result of the actions of Defendants as alleged above, Cucuiat is entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and §17208 in an amount according to proof at trial.

5

---

CIVIL COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Cucuiat prays for judgment against the Defendants, and each of them, as follows:

### FIRST CAUSE OF ACTION

1.  Judgment against Defendants for all unpaid overtime wage damages owed to Plaintiff according to proof;

2.  Judgment against Defendants for all penalties provided in *California Labor Code* § 558;

3.  Judgment against Defendants for pre-judgment interest;

4.  Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

5.  Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

### SECOND CAUSE OF ACTION

6.  Judgment against Defendants for all damages pursuant to *California Labor Code* § 226.7;

7.  Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

8.  For interest on all wages owed;

9.  For all reasonable attorneys fees and costs recoverable by law;

### ON THE THIRD CAUSE OF ACTION

10. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

### ON THE FOURTH CAUSE OF ACTION

11. Judgment against Defendants for penalties and/or damages pursuant to *California Labor Code* § 226;

### ON THE FIFTH CAUSE OF ACTION

12. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

6

## ALL CAUSES OF ACTION

13. For pre-judgment interest according to proof;

14. Costs of suit incurred herein;

15. Attorney's Fees as provided by law; and

16. For such further relief as the court deems just and proper.

Dated: June 12, 2007

Michael A. Gould
GOULD & ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Jacqueline Cucuiat

7

CIVIL COMPLAINT FOR DAMAGES

1  James H. Goudge, Esq., SBN 92668
   DENNISON, BENNETT & PRESS, LLP
2  21031 Ventura Blvd., 12th Floor
   Woodland Hills, CA 91364-2203
3  Telephone: 818-716-7200

4  Attorneys for Plaintiff, ELIZABETH CRUZ

**FILED**
LOS ANGELES SUPERIOR COURT
JUL 03 2007
JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES           BC373690

10 MANUEL RODRIGUEZ,                )  CASE NO.:
                                    )
11            Plaintiff,            )  **COMPLAINT FOR MONEY DAMAGES**
                                    )  **FOR:**
12 vs.                              )
                                    )  (1) FAILURE TO PAY OVERTIME
13 THERMO DISTRIBUTION, INC.        )  WAGES PURSUANT TO LABOR CODE
   and                             )  § 510 AND FOR WAITING TIME
14 DOES 1 - 30, inclusive,         )  PENALTIES PURSUANT TO LABOR
                                    )  CODE § 203;
15            Defendants.           )  (2) MONETARY PENALTIES FOR
                                    )  VIOLATION OF LABOR CODE §
16 _____   )  226(a); AND
                                       (3) BREACH OF ORAL CONTRACT
17
                                       DEMAND FOR TRIAL BY JURY
18

19      Plaintiff, MANUEL RODRIGUEZ, alleges:

20              **GENERAL ALLEGATIONS**

21      1.  Plaintiff, MANUEL RODRIGUEZ, is and at all times herein

22 mentioned was, an individual residing in the County of Los Angeles,

23 State of California.

24      2.  Plaintiff is informed and believes and thereon alleges that

25 Defendant, THERMO DISTRIBUTION, INC., is, and at all times herein

26 mentioned was, a corporation existing under the laws of a state

27 authorized to and doing business in within the state of California

28 with its principal place of business at 8457 S. Eastern Avenue, Bell

-1-

COMPLAINT FOR MONEY DAMAGES

1  Gardens, California 90201, in the County of Los Angeles, State of
2  California.

3      3.    The   true   names   and   capacities,   whether   individual,
4  corporate, associate, or otherwise of Defendants DOES 1 - 30,
5  inclusive   are   unknown   to   Plaintiff,   who   therefore   sues   such
6  Defendants by fictitious names, but will amend this Complaint to show
7  their true names and capacities when same have been ascertained.
8  Plaintiff is informed and believes and thereon alleges that each of
9  the Defendants designated herein as a DOE is in some manner, and to
10 some extent, liable for a substantial factor in causing injuries and
11 damages to Plaintiff as herein alleged.

12     4.    Plaintiff is informed and believes and thereon alleges that
13 at all times herein mentioned, each of the Defendants was the agent,
14 servant, employee and joint venturer of each of the remaining
15 Defendants, and at all times acting within the course and scope of
16 said agency, employment, and joint ventureship.

17                     **STATEMENT OF FACTS**

18     5.    Plaintiff, MANUEL RODRIGUEZ, began working for Defendants,
19 and each of them, on or about July 1, 2005 as a truck driver for
20 THERMO DISTRIBUTION, INC. and DOES 1 - 30, inclusive located at 8457
21 S. Eastern Avenue, Bell Gardens, California 90201. John Duarte, an
22 owner/officer of Defendant THERMO DISTRIBUTION, INC. and DOES 1 - 30,
23 inclusive  categorized  the  business  relationship  between  MANUEL
24 RODRIGUEZ and THERMO DISTRIBUTION, INC. and DOES 1 - 30, inclusive as
25 an independent contractor relationship even though Defendant, THERMO
26 DISTRIBUTION, INC., and DOES 1 - 30, inclusive concurrently employed
27 approximately ten (10) other truck drivers performing the same or
28 identical work for Defendants and treated those individuals as

1  employees.

2      6.    Plaintiff MANUEL RODRIGUEZ, as truck driver for Defendants

3  THERMO DISTRIBUTION, INC. and DOES 1 - 30, inclusive, and each of

4  them, between July 1, 2005 and the time of the termination of the

5  business relationship, March 6, 2007, worked exclusively as a truck

6  driver for THERMO DISTRIBUTION, INC. and DOES 1 - 30 inclusive, and

7  each of them.   In performing his work for Defendants, Plaintiff

8  MANUEL RODRIGUEZ would report to the THERMO DISTRIBUTION yard in Bell

9  Gardens or other specifically designated locations, hook up a trailer

10  owned by Defendants and haul the trailer loaded with food products to

11  a destination that Defendants designated. Plaintiff would disengage

12  the trailer from his tractor and on occasion assist in unloading the

13  contents of the trailer.   He would then, at the direction of

14  Defendants, hook up another trailer owned by Defendants and drive the

15  tractor trailer combination to another location designated by a

16  representative of Defendants, and each of them.

17      7.    In performing the services for Defendants, Plaintiff was

18  subject to termination of his services at will.  Furthermore, MANUEL

19  RODRIGUEZ was engaged in a distinct occupation or business just as

20  were the approximately ten (10) truck drivers who were treated as

21  employees by Defendant THERMO DISTRIBUTION, INC. and DOES 1 - 30,

22  inclusive, and each of them.  The work of Plaintiff MANUEL RODRIGUEZ

23  was done under the direction of a principal of Defendants.  No unique

24  skill was required in performing Plaintiff's truck driver duties.

25  Furthermore, Defendants, and each of them, supplied the

26  instrumentalities, tools, place of and location for work with the

27  sole exception of the tractor itself which was owned by Plaintiff.

28  Defendants, and each of them, specified the length of time for which

- 3 -

1  the services were to be performed and provided specific instructions
2  as to the point to point delivery of the trailers loaded with
3  Defendants' food products that were to be delivered to specific
4  customers of Defendants and each of them.

5      8.   The work performed by Plaintiff MANUEL RODRIGUEZ was part
6  and parcel of the regular business of Defendants THERMO DISTRIBUTION,
7  INC. and DOES 1 - 30, inclusive, and each of them.   The
8  classification of Plaintiff MANUEL RODRIGUEZ as an independent
9  contractor was a pretext to avoid employee status, to avoid payment
10 of overtime wages and to avoid payment of other benefits to or on
11 behalf of Plaintiff MANUEL RODRIGUEZ.   Overtime wages and other
12 benefits would have to have been paid to Plaintiff MANUEL RODRIGUEZ
13 by Defendants, and each of them, had Defendants properly
14 characterized Plaintiff MANUEL RODRIGUEZ as an employee rather than
15 incorrectly characterizing him as an independent contractor.

16     9.   Plaintiff MANUEL RODRIGUEZ had no employees and his
17 opportunity for profit or loss did not depend upon his managerial
18 skill in that Plaintiff was paid by the job in the sole discretion of
19 representatives of Defendants, and each of them.   The services
20 rendered by Plaintiff MANUEL RODRIGUEZ to Defendants THERMO
21 DISTRIBUTION, INC. and DOES 1 - 30, inclusive, and each of them, were
22 an integral part of Defendants' business.   For these reasons,
23 Plaintiff was an employee of Defendants and each of them and not an
24 independent contractor.

25     10.  Plaintiff's employment was pursuant to an oral contract as
26 modified by certain policies, practices, assurances and other oral
27 statements of Defendants THERMO DISTRIBUTION, INC. and DOES 1 - 30,
28 inclusive, and each of them.

1    11.  Without warning on or about March 6, 2007, John Duarte, an
2  owner/officer of Defendants THERMO DISTRIBUTION, INC. and DOES 1 –
3  30, inclusive, and each of them, terminated the employment
4  relationship between Plaintiff and Defendants and each of them.

5    12.  In performing his services for Defendants, and each of
6  them, Plaintiff MANUEL RODRIGUEZ would usually work between 6:00 a.m.
7  and 5:00 or 6:00 p.m or later Monday through Friday including some
8  Saturdays.

9  Plaintiff frequently worked in excess of eight (8) per day and forty
10  (40) hours per week.   Plaintiff MANUEL RODRIGUEZ was paid by
11  Defendants and each of them on a per job basis in the discretion of
12  Defendants and each of them.  Plaintiff MANUEL RODRIGUEZ was never
13  paid overtime for any hours worked in excess of eight (8) hours per
14  day or forty (40) hours per week although such overtime was required
15  to be paid to Plaintiff by Defendants, and each of them, pursuant to
16  Labor Code § 510 and Industrial Welfare Commission Wage Order No. 9-
17  2001.  Plaintiff is entitled to damages for unpaid overtime wages and
18  waiting time penalties pursuant to Labor Code § 203 according to
19  proof at time of Trial.

20    13.  Plaintiff was never provided an itemized statement in
21  writing showing (1) gross wages earned, (2) total hours worked by
22  Plaintiff MANUEL RODRIGUEZ, (3) any deductions mandated by law or
23  otherwise, (4) net wages earned, (5) inclusive dates of the period
24  for which MANUEL RODRIGUEZ was paid, (6) MANUEL RODRIGUEZ' name and
25  his social security number, (7) the name and address of the legal
26  entity that was his employer, and (8) all applicable hourly rates in
27  effect during the pay period and corresponding number of hours worked
28  at each hourly rate by Plaintiff MANUEL RODRIGUEZ as required by

- 5 -

1   California Labor Code § 226(a). Plaintiff is informed and believes
2   and thereon alleges that Defendants THERMO DISTRIBUTION, INC. and
3   DOES 1 - 30, inclusive, and each of them, never withheld any
4   deductions from Plaintiff MANUEL RODRIGUEZ' pay and never forwarded
5   any federal or state mandated deductions from wages or the employer's
6   share of deductions, contributions, and/or taxes to either the
7   appropriate federal agencies or the appropriate states agencies as
8   required by law.

9       14.  Plaintiff, MANUEL RODRIGUEZ, is informed and believes and
10  thereon alleges that Defendants THERMO DISTRIBUTION, INC. and DOES 1
11  - 30, inclusive, and each of them, never forwarded to the Internal
12  Revenue Service, Department of the Treasury, United States Government
13  their share of the federally mandated Federal Insurance Contribution
14  Act (FICA) taxes consisting of social security and medicare taxes in
15  the amount of 7.65% or any other legally mandated amount during the
16  entire time that Plaintiff, MANUEL RODRIGUEZ, was employed by
17  Defendants and each of them. Plaintiff, MANUEL RODRIGUEZ, is
18  informed and believes and thereon alleges that Defendants THERMO
19  DISTRIBUTION, INC. and DOES 1 - 30, inclusive, and each of them,
20  never forwarded to the Department of the Treasury, Internal Revenue
21  Service their mandated federal employment tax (FUTA) at the rate of
22  6.2% or any other rate mandated by law.

23      15.  Plaintiff, MANUEL RODRIGUEZ, is informed and believes and
24  thereon alleges that Defendants THERMO DISTRIBUTION, INC. and DOES 1
25  - 30, inclusive, and each of them never forwarded to the Employment
26  Development Department, State of California, the employer's mandated
27  Unemployment Insurance (UI) tax at the rate of 5.4% of the first
28  $7,000.00 of annual income, or at any other legal rate required by

1    law.

2        16.    By  failing  to  forward  these  employer  taxes  to  the

3    respective  governmental  entities,  Defendants,  and  each  of  them,

4    engaged in an unfair business practice and were unjustly enriched.

5        17.    Defendants, THERMO DISTRIBUTION, INC. and DOES 1 - 30,

6    inclusive, and each of them are liable to Plaintiff for waiting time

7    penalties pursuant to Labor Code § 203 for their failure to pay

8    accrued overtime wages at the time that Defendants, and each of them,

9    terminated  Plaintiff  MANUEL  RODRIGUEZ  from  his  employment  with

10    Defendants and each of them on March 6, 2007.

11        18.    Plaintiff    MANUEL    RODRIGUEZ    and    Defendants    THERMO

12    DISTRIBUTION, INC. and DOES 1 - 30, inclusive, and each of them

13    entered into an oral contract whereby Defendants, and each of them,

14    agreed to pay on a weekly basis fuel surcharges to Plaintiff based

15    upon  fuel  consumed  by  Plaintiff  in  performing  services  for

16    Defendants, and each of them, pursuant to a schedule published on a

17    weekly basis by the Department of Energy entitled "West Coast On-

18    highway Self Service Diesel Price." Although Defendants promised to

19    pay the fuel surcharge according to the above-referenced schedule,

20    Defendants have failed and refused to pay Plaintiff MANUEL RODRIGUEZ

21    the agreed upon fuel surcharges.

22        **FIRST CAUSE OF ACTION FOR FAILURE TO PAY OVERTIME WAGES**

23        **PURSUANT TO LABOR CODE § 510 FOR WAITING TIME**

24        **PENALTIES PURSUANT TO LABOR CODE § 203 AND**

25        **FOR OTHER DAMAGES**

26        **(By Plaintiff Against All Defendants)**

27        19.    Plaintiff incorporates by this reference the allegations

28    contained in paragraphs 1 - 18 with the same force and effect as

1 | though set forth herein in full.

2 |    20. Pursuant to California Labor Code § 218, a Plaintiff may

3 | bring a civil action for unpaid overtime wages directly against his

4 | employer without first filing a claim with the Department of Labor

5 | Standards Enforcement.

6 |    21. Pursuant to California Labor Code § 510 and Industrial

7 | Welfare Commission Wage Order No. 9-2001, an employee of Defendants,

8 | and each of them, must be compensated at the rate of no less than one

9 | and one-half (1½) times his regular hourly rate of pay for any and

10 | all hours worked in excess of eight (8) hours per day and any hours

11 | worked in excess of forty (40) hours per week. Any work in excess of

12 | twelve (12) hours per day must be compensated at a rate of no less

13 | than double the regular rate of pay for an employee.

14 |    22. Plaintiff is informed and believes and thereon alleges that

15 | during his employment with Defendants, and each of them, Plaintiff

16 | was required to work, and did work, on numerous occasions, over eight

17 | (8) hours per day and/or over forty (40) hours per week for which he

18 | was not compensated.

19 |    23. Plaintiff, MANUEL RODRIGUEZ, seeks recovery of unpaid

20 | overtime compensation, penalties, interest, attorney's fees and costs

21 | pursuant to California Labor Code §§ 218.5 and 1194(a) as well as

22 | assessment of any statutory penalties against Defendants, and each of

23 | them, in a sum or sums as provided by the California Labor Code

24 | and/or other statutes including waiting time penalties pursuant to

25 | California Labor Code § 203.

26 |    24. Plaintiff, MANUEL RODRIGUEZ, is informed and believes and

27 | thereon alleges that Defendants, and each of them, intentionally,

28 | willfully and improperly failed to pay the appropriate governmental

1  entities the employer's share of FICA, FUTA and UI taxes to the
2  federal and state governmental entities. Defendants' failure to pay
3  FICA, FUTA and UI taxes is unlawful pursuant to federal and state
4  laws and regulations and is therefore actionable pursuant to
5  California Business and Professions Code § 17200 et seq. Defendants'
6  conduct permitted Defendants to obtain an unfair advantage over
7  competing businesses which comply with the federal and state laws and
8  regulations and who pay their respective shares of employers' taxes
9  to the federal and state taxing authorities.

10      25.  Plaintiff therefore seeks restitution and/or disgorgement
11  of all sums obtained by Defendants' violations of their obligation to
12  pay the employer's share of FICA, FUTA and UI taxes.

13      26.  Plaintiff is informed and believes and thereon alleges that
14  the characterization of the business relationship between Plaintiff
15  MANUEL RODRIGUEZ and Defendants THERMO DISTRIBUTION, INC. and DOES 1
16  - 30, and each of them was designed and carried out in an attempt to
17  deprive Plaintiff of his entitlement to payment of overtime wages and
18  other benefits. Plaintiff is informed and believes and thereon
19  alleges that Defendants, and each of them, knowingly and
20  intentionally miscategorized Plaintiff as an independent contractor
21  rather than an employee although, at all times pertinent hereto,
22  Defendants and each of them knew that Plaintiff qualified as an
23  employee of Defendants and each of them.

24      27.  The conduct of Defendants, and each of them, was carried
25  out in a deliberate manner, was oppressive, outrageous, despicable
26  and malicious. The conduct of Defendants, and each of them, was
27  ratified with the advance knowledge of the officers, directors or
28  managing agents of Defendants, and each of them, in conscious

1  disregard of Plaintiff's rights and constitute oppression,
2  outrageous, despicable and malicious conduct. Accordingly, Plaintiff
3  MANUEL RODRIGUEZ is entitled to and does hereby seek punitive damages
4  against Defendants, and each of them. Punitive damages are necessary
5  to punish Defendants, and each of them, as well as to deter
6  Defendants from engaging in future wrongful conduct.

7  **SECOND CAUSE OF ACTION FOR MONETARY PENALTIES FOR VIOLATION OF**
8  **LABOR CODE § 226(a)**
9  **(By Plaintiff Against All Defendants)**

10    28.  Plaintiff incorporates by this reference the allegations
11  contained in paragraphs 1 - 27 with the same force and effect as
12  though set forth herein in full.

13    29.  Pursuant to California Labor Code § 226(a) Defendants, and
14  each of them, were required to provide an itemized statement in
15  writing to Plaintiff MANUEL RODRIGUEZ showing (1) gross wages earned,
16  (2) total hours worked by Plaintiff MANUEL RODRIGUEZ, (3) any
17  deductions mandated by law or otherwise, (4) net wages earned, (5)
18  inclusive dates of the period for which MANUEL RODRIGUEZ was paid,
19  (6) MANUEL RODRIGUEZ' name and his social security number, (7) the
20  name and address of the legal entity that was his employer and (8)
21  all applicable hourly rates in effect during the pay period and the
22  corresponding number of hours worked at each hourly rate by Plaintiff
23  MANUEL RODRIGUEZ.

24    30.  Plaintiff, MANUEL RODRIGUEZ, is informed and believes and
25  thereon alleges that Defendants, and each of them, failed to comply
26  with the above provisions of California Labor Code § 226(a).
27  Accordingly, pursuant to Labor Code § 226(e) Plaintiff MANUEL
28  RODRIGUEZ is entitled to recover the greater of all actual damages or

1  fifty dollars ($50.00) for the initial pay period in which such a
2  violation occurred and one hundred dollars ($100.00) for each
3  violation in a subsequent pay period not exceeding the aggregate
4  penalty of four thousand dollars ($4,000.00), and is entitled to an
5  award of costs and reasonable attorney's fees.  Plaintiff MANUEL
6  RODRIGUEZ was paid weekly and thus is entitled to aggregate penalties
7  for violation of Labor Code § 226 in the amount of four thousand
8  dollars ($4,000.00) or in such amount as to be proven at time of
9  Trial.

10          **THIRD CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT**

11              **(By Plaintiff Against All Defendants)**

12      31.  Plaintiff incorporates by this reference the allegations
13  contained in paragraphs 1 - 30 with the same force and effect as
14  though set forth herein in full.

15      32.  As set forth above, Defendants, and each of them, entered
16  into an oral contract with Plaintiff, MANUEL RODRIGUEZ, to pay
17  Plaintiff on a weekly basis a fuel surcharge for fuel purchased and
18  consumed by Plaintiff in the performance of his duties for
19  Defendants, and each of them.

20      33.  Defendants, and each of them, breached this oral agreement
21  by failing and refusing to pay any fuel surcharges whatsoever to
22  Plaintiff MANUEL RODRIGUEZ.  Plaintiff is entitled to recovery of the
23  fuel surcharges unpaid by Defendants, and each of them pursuant to
24  the oral contract in an amount to be proven at time of Trial.

25      34.  As a result of the breach of Defendants, and each of them,
26  in failing and refusing to pay to Plaintiff MANUEL RODRIGUEZ the fuel
27  surcharges as represented and promised by Defendants, and each of
28  them, Plaintiff has been damaged in an amount to proven at time of

1    Trial.

2        WHEREFORE, Plaintiff prays for judgment against Defendants, and

3    each of them, as follows:

4        1.    For compensatory damages in an amount according to proof

5    within the jurisdiction of this Court;

6        2.    For civil penalties pursuant to the California Labor Code;

7        3.    For interest pursuant to the California Labor Code;

8        4.    For pre-judgment interest pursuant to Civil Code § 3287 and

9    any other applicable provision of law;

10       5.    For reasonable attorney's fees according to proof;

11       6.    For punitive damages;

12       7.    For costs of suit; and

13       8.    For such other and further relief as this Court may deem

14   just and proper.

15   DATED:  July __2__, 2007        DENNISON, BENNETT & PRESS, LLP

16

17                                   By: _____
                                         JAMES H. GOUDGE
18                                       Attorneys for Plaintiff,
                                         MANUEL RODRIGUEZ
19
                                  DEMAND FOR JURY TRIAL
20
21       Plaintiff demands a jury trial.

     DATED:  July __2__, 2007        DENNISON, BENNETT & PRESS, LLP
22

23                                   By: _____
                                         JAMES H. GOUDGE
24                                       Attorneys for Plaintiff,
                                         MANUEL RODRIGUEZ
25

26

27

28
                                   - 12 -

07/06/2007 11:40 FAX 94970,                                    ☒004/027

FILED
LOS ANGELES SUPERIOR COURT

JUL 0 6 2007

JOHN A. CLARKE, CLERK

BY _____
        EDUARDO CHANES, DEPUTY

1   Roksana Ghodsian Ebrahemi (State Bar No. 209640)
    **LAW OFFICE OF ROKSANA G. EBRAHEMI, P.C.**
2   500 Newport Center Drive, Suite 500
    Newport Beach, California 92660
3   Telephone (949) 706-1840
    Facsimile (949) 258-5227
4   E-mail: Roksana@rgelegal.com

Case assigned _D.80_
to Judge]

HALEY J. FROMHOL?

5   Attorney for PLAINTIFF KARL N. HOSHOR

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                **FOR THE COUNTY OF LOS ANGELES - CENTRAL**

9                                              BC 373885
    KARL N. HOSHOR, an individual,        ) Case No.:
10                                          )
11                                          )
         PLAINTIFF,                         ) **PLAINTIFF   KARL   N.   HOSHOR'S**
12                                          ) **COMPLAINT   FOR   DAMAGES   AND**
                                            ) **RESTITUTION AND FOR:**
13  vs.                                     )
                                            ) 1.  **FAILURE   TO   ALLOW   MEAL**
14                                          )     **PERIODS    IN    VIOLATION    OF**
    THE SCORE GENTLEMEN'S CLUB LOS          )     **INDUSTRIAL          WELFARE**
15  ANGELES, form unknown;   THE SCORE      )     **COMMISSION ORDER 5-2001**
    OPERATING   ACCOUNT,   form unknown;    )
16  DDL LOS ANGELES, LLC, a Limited Liability ) 2. **FAILURE TO ALLOW REST**
    Company; and DOES 1 to 100, Inclusive.  )     **PERIODS IN VIOLATION OF**
17                                          )     **INDUSTRIAL WELFARE**
                                            )     **COMMISSION ORDER 5-2001**
18       DEFENDANTS.                        )
                                            ) 3.  **FAILURE TO PAY OVERTIME IN**
19                                          )     **VIOLATION OF CAL. LABOR**
                                            )     **CODE SECTION 510 AND IWC**
20                                          )     **ORDER 5-2001**
                                            )
21                                          )
                                            ) 4.  **VIOLATION   OF   CALIFORNIA**
22                                          )     **LABOR CODE SECTION 226**
                                            )
23                                          ) 5.  **VIOLATION   OF   CAL.   LABOR**
                                            )     **CODE § 201 RESULTING IN §203**
24                                          )     **WAGES    AND    PENALTIES**
                                            )     **FOR FAILURE TO PAY WAGES**
25                                          )     **DUE   AT   THE   TIME   OF**
                                            )     **DISCHARGE**
26                                          )
                                            ) 6.  **VIOLATION   OF   CALIFORNIA**
27                                          )     **LABOR CODE SECTION 221**

28  _____

                        **COMPLAINT FOR DAMAGES**
                                    1

11364232 tn - 7/6/2007 12 45 44 PM

07/06/2007 11:41 FAX 9497L                                                    ☎005/027

7.    VIOLATION OF BUSINESS &
       PROFESSIONS CODE SECTIONS
       17200 et. seq.

                                                DEMAND FOR JURY TRIAL

                                    )
_____ )

    **NOW COME PLAINTIFF KARL N. HOSHOR,** on behalf of himself, (hereinafter

"PLAINTIFF") alleges and complains against DEFENDANTS THE SCORE GENTLEMEN'S

CLUB LOS ANGELES, THE SCORE OPERATING ACCOUNT (hereinafter collectively

"SCORE"), DDL LOS ANGELES, LLC (hereinafter "DDL") and DOES 1 to 100, inclusive,

(hereinafter collectively referred to as "DEFENDANTS") as follows:

## I.    PRELIMINARY ALLEGATIONS

    1.    At all times herein mentioned, PLAINTIFF KARL N. HOSHOR ("PLAINTIFF")

resided in the State of California. PLAINTIFF worked at and/or for DEFENDANTS within Los

Angeles County, California, as an hourly, non-exempt employee, within the four years preceding the

filing of this Complaint.

    2.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and

each of them, are and at all times mentioned in this complaint, were authorized to operate by the

State of California and the United States Government and authorized and qualified to do business in

the County of Los Angeles.

    3.    PLAINTIFF is unaware of the true names of DEFENDANTS Does 1 through 100,

and of the facts on which the liability of said DEFENDANTS is based. PLAINTIFF sues said

DEFENDANTS by said fictitious names, and will amend this complaint when their true names and

capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

by law or by the Court.

---

**COMPLAINT FOR DAMAGES**

2

4.     PLAINTIFF is informed and believes and thereon alleges that at all times relevant herein, each and every DEFENDANT, including the Doe DEFENDANTS, acted in concert and in furtherance of each other's interest. The acts of the individually named DEFENDANTS, as described herein, were known to and ratified by other DEFENDANTS.

5.     PLAINTIFF is informed and believe and thereon allege that at all relevant times each DEFENDANT was the principal, agent, employer, employee, partner, joint venturer, alter ego, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other DEFENDANTS, and was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit, and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of them. PLAINTIFFS are further informed and believe and thereon allege that each DEFENDANT acted pursuant to and within the scope of the relationships alleged above, that each DEFENDANT knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANTS; and that each DEFENDANT acted pursuant to a conspiracy and agreement to do the things alleged herein.    As used in this Complaint, "DEFENDANTS" means "DEFENDANTS and each of them," and refers to the DEFENDANTS named in the causes of action in which the word appears.

6.     PLAINTIFF makes the allegations in this complaint without any admission that, as to any particular allegation, PLAINTIFF bears the burden of pleading, proof, or persuasion, and PLAINTIFF reserves all of PLAINTIFF'S rights to plead in the alternative.

7.     Venue is proper in this Court because the complained of conduct occurred in Los Angeles County and some or all of the DEFENDANTS were and/ or are residents of Los Angeles County or are doing or did business in Los Angeles County.

**COMPLAINT FOR DAMAGES**

3

## II.    GENERAL ALLEGATIONS

8.    PLAINTIFF was employed by DEFENDANT SCORE and/ or DEFENDANT DDL from approximately May 2003 to April 18, 2007 as a doorman/ bouncer.

9.    At all times during his employment with DEFENDANTS, PLAINTIFF was an hourly non-exempt employee of DEFENDANTS.    At all relevant times during his employment, DEFENDANTS engaged in the following violations, among other things:

a.    DEFENDANTS failed to provide PLAINTIFF with 30 minutes of uninterrupted meals break when he worked in excess of five (5) hours in a day, at anytime during his employment.

b.    DEFENDANTS failed to provide PLAINTIFF with 10 minutes of uninterrupted rest breaks for every four (4) hour period he worked in a day, at anytime during his employment.

c.    DEFENDANTS failed to provide PLAINTIFF with overtime pay at a rate of one and a half times his compensation, as required by law.    PLAINTIFF was not properly compensated with overtime pay at anytime during his employment despite the fact that he routinely worked a minimum of nine (9) hour shifts and was improperly classified as an exempt employee.

d.    From January 1, 2007 to April 18, 2007, DEFENDANTS engaged in illegal tip pooling by forcing PLAINTIFF to involuntarily pool or share his tips with the employer's agents, managers and supervising employees. Specifically, PLAINTIFF was forced to pay a portion of the tips he received with the General Manager as well as the Daytime Manager, both of whom fall within the definition of "employer" or "agent" under California Labor Code section 350. As such, DEFENDANTS' practice of collecting, taking, and receiving monies from PLAINTIFF violated the prohibitions contained in Cal. Labor Code Section 351.

10.    On or about April 18, 2007, PLAINTIFF was terminated from his employment. DEFENDANTS however, failed to provide PLAINTIFF with his wages until April 23, 2007. As

11364232 1M - 7/6/2007 12 46 44 PH

  

1  such, DEFENDANTS failed to timely pay PLAINTIFF'S wages upon his termination as mandated

2  by law.

3      11.    Pursuant to Industrial Welfare Commission 5-2001, published at 8 California Code

4  of Regulations ("Cal. Code Reg."), each and every one of the DEFENDANTS was an employer of

5

6  PLAINTIFF within the meaning of the applicable Wage Order and applicable California Labor

7  Code sections.   Therefore, each DEFENDANT is jointly and severally liable for the wrongs

8  complained of herein.

9                          **FIRST CAUSE OF ACTION**

10  **FAILURE TO ALLOW MEAL PERIODS IN VIOLATION OF IWC WAGE ORDER 5-2001**

11                          **(Against All DEFENDANTS)**

12

13      12.    PLAINTIFF hereby incorporates by reference paragraphs 1 through 11 above and

14  realleges the same, as if fully set herein.

15      13.    At all times herein mentioned, PLAINTIFF was a non-exempt employee and subject

16  to the meal period provisions of the Industrial Welfare Commission.

17      14.    Paragraph 11 of the California Wage Order 5-2001 provides that:

18

19          "(A) No employer shall employ any person for a work period of more than

20          five (5) hours without a meal period of not less than 30 minutes, except

21          that when a work period of not more than six (6) hours will complete the

22          day's work the meal period may be waived by mutual consent of the

23          employer and employees."

24      15.    DEFENDANTS did not provide PLAINTIFF with a 30 minute meal period for every

25  five hours worked and never sought a written waiver from PLAINTIFF prior to depriving him of the

26  meal breaks due under the law.    DEFENDANTS permitted and required PLAINTIFF to work

27

28

                          COMPLAINT FOR DAMAGES
                                    5



without the meal periods prescribed by California labor law for more than four years. PLAINTIFF is entitled to back wages to compensate him retroactively for all meal periods of which he was deprived during his employment, plus all applicable penalties, including one hour's compensation.

16.    Wages are due to employees for all hours worked under IWC Order 5-2001 and applicable laws, rules, orders, requirements, and regulations. PLAINTIFF demands all applicable reimbursement and penalties for lost meal breaks, including the one hour's compensation due under the wage order. Further, PLAINTIFF demands reasonable attorney's fees and costs of suit, pursuant to Labor Code Section 218.5.

17.    Under California law, meal periods must be recorded unless all operations cease during the scheduled meal periods. DEFENDANTS failed to record PLAINTIFF's meal periods. In fact, DEFENDANTS' records evidence and support the fact that PLAINTIFF was not afforded a meal period after 5 hours of work. PLAINTIFF is not only entitled to compensation for the lost meal periods, but to the extent that DEFENDANTS claim that meal periods were taken which are not documented, PLAINTIFF also seek all applicable penalties for DEFENDANTS' failure to keep accurate time records and to issue PLAINTIFF accurate earnings statements.

## SECOND CAUSE OF ACTION

### FAILURE TO ALLOW REST PERIODS IN VIOLATION OF IWC WAGE ORDER 5-2001

### (Against All DEFENDANTS)

18.    PLAINTIFF hereby incorporates by reference paragraphs 1 through 17 above and realleges the same, as if fully set herein.

19.    At all times herein mentioned the PLAINTIFF was a non-exempt employee and subject to the rest period provisions of the Industrial Welfare Commission.

20.    Paragraph 12 of the California Wage Order 5-2001 provides, in part, that:

---

COMPLAINT FOR DAMAGES

6

11364232 id - 7/6/2007 12 45 44 PM

"(a) Every employer shall authorize and permit all employees to take rest

periods, which insofar as practicable shall be in the middle of each work

week.  The authorized rest period time shall be based on the total hours

worked daily at the rate of ten (10) minutes net rest time per four (4) hours

or major fraction thereof ...  Authorized rest periods shall be counted as

hours worked for which there shall be no deduction from wages.

(b)   If an employer fails to provide an employee a rest period in

accordance with the applicable provisions of this order, the employer shall

pay the employee one (1) hour of pay at the employee's regular rate of

compensation for each work day that the rest period is not provided."

21.    DEFENDANTS did not provide PLAINTIFF with a 10 minute rest period for every

four hours worked and never sought a written waiver from PLAINTIFF prior to depriving him of

the rest period.    DEFENDANTS permitted and required PLAINTIFF to work without the rest

periods prescribed by California labor law for more than four years. PLAINTIFF is entitled to back

wages to compensate him retroactively for all rest periods of which he was deprived during his

employment, plus all applicable penalties, including one hour's compensation.

22.    Wages are due to employees for all hours worked under IWC Order 5-2001 and

applicable laws, rules, orders, requirements, and regulations.  PLAINTIFF demands all applicable

reimbursement and penalties for lost rest breaks, including the one hour's compensation due under

the wage order. Further, PLAINTIFF demands reasonable attorney's fees and costs of suit, pursuant

to Labor Code Section 218.5.

23.    Plaintiff is not only entitled to compensation for the lost rest periods, but to the

extent that DEFENDANTS claim that rest periods were taken which are not documented, Plaintiff

11364792 M - 7/6/2007 12 45 44 PM

also seeks all applicable penalties for DEFENDANTS' failure to keep accurate time records and to

issue PLAINTIFF with accurate earnings statements.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE PAYMENT FOR OVERTIME IN VIOLATION OF IWC WAGE

### ORDER 5-2001 AND CAL. LABOR CODE SECTION 510

### (Against All DEFENDANTS)

24.     PLAINTIFF hereby incorporates by reference paragraphs 1 through 23 above and

realleges the same, as if fully set herein.

25.     At all times herein mentioned, PLAINTIFF was a non-exempt employee and subject

to the overtime provisions of the Industrial Welfare Commission and the California Labor Code.

26.     Cal. Labor Code Section 510 provides in part, that:

"(a)  Eight hours of labor constitutes a day's work.  Any work in excess of eight

hours in one workday and any work in excess of 40 hours in any one workweek and the first

eight hours worked on the seventh day of work in any one workweek shall be compensated at the

rate of no less than one and one-half times the regular rate of pay for an employee ..."

27.     Paragraph 3 of California Wage Order 5-2001 similarly provides that employees

who work beyond eight hours in any given workday must be compensated at a rate of no less

than one and one-half times the regular rate of pay for the employee.

28.     DEFENDANTS did not provide PLAINTIFF with compensation for overtime hours

worked as required by law.   During each shift, PLAINTIFF was required to work a minimum of

nine hours.  DEFENDANTS failed to provide PLAINTIFF with overtime pay as prescribed by

California labor law for more than four years. PLAINTIFF is entitled to back wages to compensate

him retroactively for all overtime compensation he was deprived during the relevant time period,

11364232 td - 7/6/2007 12 45 44 PM

1    plus all applicable penalties.

2        29.    Wages are due to employees for all hours worked under IWC Order 5-2001 and

3    applicable laws, rules, orders, requirements, and regulations.  PLAINTIFF demands all applicable

4    reimbursement and penalties for all unpaid overtime pursuant to Cal. Labor Code Section 1194.

5    Further, PLAINTIFF demands reasonable attorney's fees and costs of suit, pursuant to Cal. Labor

6

7    Code Sections 218.5 and 1194.

8                        **FOURTH CAUSE OF ACTION**

9                **VIOLATION OF CAL. LABOR CODE SECTION 226**

10                        **(Against All DEFENDANTS)**

11        30.    PLAINTIFF hereby incorporates by reference paragraphs 1 through 29 above and

12

13    realleges the same, as if fully set herein.

14        31.    Labor Code Section 226(a) sets forth reporting requirements for employers when

15    they pay wages, as follows: "Every employer shall ... at the time of each payment of wages, furnish

16    each of his or her employees ... an itemized statement in writing showing (1) gross wages earned,

17    (2) total hours worked by the employee ... (5) net wages earned ... and (9) all applicable hourly

18

19    rates in effect during the pay period and the corresponding number of hours worked at each hourly

20    rate by the employee." Labor Code Section 226(e) provides: "An employee suffering injury as a

21    result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be

22    entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in

23    which a violation occurs and one hundred dollars ($100) per employee for each violation in a

24    subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

25    shall be entitled to an award of costs and reasonable attorney's fees."

26

27        32.    During the years 2003 and 2004, DEFENDANTS failed to accurately record all times

28

                        **COMPLAINT FOR DAMAGES**
                                  **9**



worked by PLAINTIFF by failing to identify on PLAINTIFF's pay stub the total hours worked by PLAINTIFF for each work week. As such, DEFENDANTS improperly treated PLAINTIFF, a non-exempt employee, as an exempt employee.

33.    DEFENDANTS failed to accurately record all times worked by PLAINTIFF, including but not limited to failure to pay for missed meal breaks.

34.    PLAINTIFF has been damaged by these failures because, among other things, DEFENDANTS' failures led him to believe that he was not entitled to be paid for working overtime or for missed meal breaks although he was so entitled.

35.    PLAINTIFF requests recovery of Labor Code Section 226(e) penalties according to proof, interest, as well as attorneys' fees and costs pursuant to Labor Code Section 226(e), in a sum as provided by the Labor Code and/or other statutes.

## FIFTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE § 201 RESULTING IN § 203 WAGES AND PENALTIES (WAITING TIME PENALTIES) FOR FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE

#### (Against All DEFENDANTS)

36.    PLAINTIFF hereby incorporate by reference paragraphs 1 through 35 above and realleges the same, as if fully set herein.

37.    At all times relevant to this Complaint the California Labor Code sections 201 and 203 were in effect and binding on DEFENDANTS.

38.    California Labor Code § 201 requires that an employer promptly pay all wages due to discharged employees. California Labor Code § 201 states in pertinent part: "(a) If an employer discharges an employee, the wages earned and unpaid at the time if discharge are due and payable immediately...."

11364232 bt  7/6/2007 12:45:44 PM

39.    California Labor Code § 203 provides wages and penalties for the employer's willful failure to pay all wages due to an employee who were discharged under § 201. PLAINTIFF was terminated from his employment on April 18, 2007, but did not receive his final paycheck until April 23, 2007, in violation of Section 201.

40.    Pursuant to Labor Code § 203, those wages and penalties consist of an amount equal to the sum of the employees' rate of pay at the time of his termination until the unpaid wages are paid, in an amount not to exceed the equivalent of 30 days' pay.

41.    PLAINTIFF alleges that DEFENDANTS failed to pay all the wages due to him at the time of his termination and/or resignation. PLAINTIFF alleges that he is therefore entitled to wages and penalties pursuant to California Labor Code §203.

42.    PLAINTIFF further demands reasonable attorney's fees, costs of suit, and interest pursuant to California Labor Code § 218.5.

### SIXTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE SECTION 221

### (Against All DEFENDANTS)

43.    PLAINTIFF hereby incorporate by reference paragraphs 1 through 42 above and realleges the same, as if fully set herein.

44.    Pursuant to California Law as set forth in Labor Code §221,

> "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

45.    At all times material hereto, after the periodic payment of wages by DEFENDANTS to PLAINTIFF, DEFENDANTS continually collected and received a portion of those wages by extracting money from PLAINTIFF in violation of Labor Code §221 and other relevant Labor Code

11364232 hl - 7/6/2007 12:45:44 PM



sections. Although DEFENDANTS allocate the payments as being from gratuities, those gratuities are the sole property of the employee, and the primary effect of the extraction of money is a deduction from paid wages. Labor Code §351 prohibits a credit against the minimum wage on account of gratuities received.

46.     The taking by DEFENDANTS of PLAINTIFF's monies, solely on the basis of gratuities received by PLAINTIFF upon pain of termination in the event of a refusal by PLAINTIFF to comply, is effectively a credit against PLAINTIFF's wages.

47.     PLAINTIFF has been damaged by DEFENDANTS receiving and collecting of a portion of the wages previously paid to them in an amount within the unlimited jurisdiction of this Court subject to proof at time of trial.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE SECTION 17200 *et seq.*

### (Against All DEFENDANTS)

48.     PLAINTIFF hereby incorporates by reference paragraphs 1 through 47 above and realleges the same, as if fully set herein.

49.     California Business and Professions Code Section 17200, entitled "Definition," provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

50.     As set forth above, DEFENDANTS have violated the provisions of the California Labor Code requiring timely payment of wages to PLAINTIFFS, allowing PLAINTIFF to take uninterrupted 30 minute meal break and 10 minute rest breaks, and properly compensating

1    PLAINTIFF for overtime.

2        51.    From January 1, 2007 to April 18, 2007, DEFENDANTS also violated the provisions

3    of California Labor Code section 351 which prohibits an employer or agent from collecting, taking

4    or receiving any gratuity given to an employee by a patron.

5

6        52.    Pursuant to California Law as set forth in Labor Code §351 et seq.

7                "No employer or agent shall collect, take, or receive any gratuity or a part
                 thereof that is paid, given to, or left for an employee by a patron, or
8                **deduct any amount from wages due an employee on account of such**
                 **gratuity, or require an employee to credit the amount or any part**
9                **thereof, of a gratuity against and as a part of the wages due the**
                 **employee from the employer.** Every such gratuity is hereby declared to
10               be the **sole property of the employee** or employees to whom it was paid,
                 given, or left for . . ." (Emphasis added).
11

12

13       53.    The source of the funds, the monies DEFENDANTS took, collected and received

14   from PLAINTIFF was largely gratuities intended for PLAINTIFF and paid and given by patrons

15   directly to PLAINTIFF. The demanding and daily taking of the monies from PLAINTIFF on

16   account of gratuities received, whether the monies actually came from the gratuities or not, is

17   effectively a credit against PLAINTIFF's wages. Under any scenario, in taking, collecting and

18   receiving a portion of the gratuities, DEFENDANTS violated Labor Code §351.

19

20       54.    Specifically, DEFENDANTS violated Section 351 by forcing PLAINTIFF to pay a

21   portion of the tips he received to the General Manager as well as the Daytime Manager, both of

22   whom fall within the definition of "employer" or "agent" under California Labor Code section 350.

23       55.    DEFENDANTS' payment of part or all of the gratuities intended for and given to

24   PLAINTIFF by patrons, to other employees, does not excuse DEFENDANTS' violation of Labor

25   Code §351 because the intent of the patron is to give the gratuity exclusively to PLAINTIFF, and

26   the recipients of the payments by DEFENDANT DDL of PLAINTIFF's money include "agents"

27

28

                              COMPLAINT FOR DAMAGES
                                        13

1    who supervise, direct, or control the acts of employees of DEFENDANTS.

2         56.    The conduct described above occurred during the four year period preceding the

3    filing of this action. The unlawful conduct of DEFENDANTS in violating Labor Code Sections 221

4    and 351 constitutes unlawful business practices in violation of Cal. Business and Professions Code

5

6    Section 17200, et. seq.

7         57.    By the conduct described above, DEFENDANTS have violated the provisions of the

8    Unfair Competition Law, Business and Professions Code Sections 17200 et seq., for which this

9    Court should issue equitable and injunctive relief pursuant to Business and Professions Code

10   Section 17203, including restitution of wages wrongfully withheld or labor taken without proper

11

12   compensation.

13        58.    Unless enjoined, DEFENDANTS will continue to fail to pay proper wages to their

14   employees as required by law and continue to violate the prohibitions contained in Cal. Labor Code

15   section 351.

16        59.    PLAINTIFF demands an Order of the Court pursuant to California Business and

17   Professions Code Sections 17200, et seq. enjoining DEFENDANTS from engaging in these, or

18   similar, unlawful business practices and seeks a permanent injunction requiring DEFENDANTS to

19

20   refrain from taking, collecting and/ or receiving a portion of gratuities paid to employees by patrons

21   in violation of Cal. Labor Code section 351.

22        60.    PLAINTIFF further demands an Order that DEFENDANTS search their records and

23   make full restitution to PLAINTIFF for wages unlawfully retained due to payment of improper wage

24   and failure to indemnify.  Pursuant to Cal. Business and Professions Code section 17200,

25   PLAINTIFF is entitled to restitution of the portion of his gratuities taken by DEFENDANTS during

26   a period that commences four years prior to the filing of this action and continues at least through

27

28

---

**COMPLAINT FOR DAMAGES**

14

1    the date judgment is entered in this action.

2        WHEREFORE, PLAINTIFF prays that judgment be entered in his favor and against

3    DEFENDANTS, and each of them, as follows, for:

4        1.    For such general, special, compensatory and liquidated damages as may be

5

6    appropriate, including all damages alleged above.

7        2.    For unpaid wages to PLAINTIFF who was not provided with proper meal breaks and

8    did not receive timely wages.

9        3.    For indemnification and/or additional wages, as appropriate, to PLAINTIFF.

10        4.    For waiting time statutory amounts under Labor Code Section 203.

11

12        5.    For restitution as described in the claim for relief under Business and Professions

13    Code Sections 17200 et. seq.

14        6.    For permanent injunctive and declaratory relief described in the claim for relief

15    under Business & Professions Code Section 17200 et. seq.

16        7.    For pre-judgment interest.

17        8.    For costs of suit and attorneys' fees.

18

19        9.    For punitive damages as permitted under California law.

20        10.    For such other relief as the Court deems just and proper.

21

22    Dated: July 5, 2007                Respectfully submitted,

23                        LAW OFFICE OF ROKSANA G. EBRAHEMI, P.C.

24

25                    By: _____

26                        Roksana G. Ebrahemi, Esq.
                        Attorneys for PLAINTIFF
27                        KARL N. HOSHOR

28

---

**COMPLAINT FOR DAMAGES**
15

07/06/2007 11:44 FAX  949706                                    @019/027

## DEMAND FOR TRIAL BY JURY

PLAINTIFF KARL N. HOSHOR hereby demands trial by jury.

Dated: July 5, 2007                     Respectfully submitted,

**LAW OFFICE OF ROKSANA G. EBRAHEMI, P.C.**


By: _____
    Roksana G. Ebrahemi, Esq.
    Attorneys for PLAINTIFF
    KARL N. HOSHOR

1  **THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
   GARY R. CARLIN, CSBN: 44945
2  BRENT S. BUCHSBAUM, CSBN: 194816
   LAUREL N. HAAG, CSBN: 211279
3  MARIE MINDES BRO, CSBN: 216195
   555 E. Ocean Blvd., Suite 818
4  Long Beach, CA 90802
   Telephone:(562) 432-8933
5  Fax: (562) 435-1656

6  Attorneys for Plaintiff CHELTZIE LYONS

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

11  CHELTZIE LYONS,                    CASE NO.    BC374151

12          Plaintiff,

13          vs.                        **COMPLAINT FOR DAMAGES FOR**

14  QUIZNOS SUB CORPORATION, A
    California Corporation; and DOES 1 through    **VIOLATION OF LABOR CODE**
15  250, inclusive;                    **SECTIONS 200, ET SEQ. AND 500, ET
                                       SEQ.**
16          Defendants.
                                       [DEMAND FOR JURY TRIAL]
17

18

19          COMES NOW the Plaintiff, CHELTZIE LYONS, (who hereinafter shall be referred to as

20  the "Plaintiff" or as "LYONS"), who hereby respectfully alleges, avers, and complains, as

21  follows:

22

23                            **INTRODUCTION**

24

25          This is an action brought by the Plaintiff, LYONS, pursuant to California

26  statutory, decisional, and regulatory laws. Plaintiff was an employee of Defendant

27  QUIZNOS SUB CORPORATION, a California corporation operating and doing business

28  within the State of California, (hereinafter referred to as "QUIZNOS").

                                COMPLAINT                                -1-

FILED
LOS ANGELES SUPERIOR COURT
JUL 12 2007
JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

Case assigned to
Judge

2.    Plaintiff alleges that California and federal statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations.

4.    Venue in this Court is proper in that the causes of action herein alleged took place at QUIZNOS's business address located in the City of Eagle Rock, County of Los Angeles, State of California.

## PARTIES

5.    At all times herein mentioned, Plaintiff LYONS is and was a resident of Los Angeles County, State of California.

6.    Defendant QUIZNOS is and at all times herein mentioned has been a corporation with the capacity to sue and to be sued, and doing business, with a principal place of business located at 5045 Eagle Rock Blvd., Eagle Rock, CA 90041.

7.    Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named or referred to as a fictitious name, said Defendants supervised, ratified, controlled,

COMPLAINT                                                          -2-

1    acquiesced in, adopted, directed, substantially participated in, and/or approved the acts,

2    errors, or omissions, of each remaining Defendant.

3

4    8.    The true names and capacities of the Defendants named herein as DOES 1 through 250,

5    inclusive, whether individual, corporate, partnership, association, or otherwise, are

6    unknown to Plaintiff who therefore sues these Defendants by such fictitious names.

7    Plaintiff will request leave of court to amend this Complaint to allege their true names

8    and capacities at such time as they are ascertained.

9

10    **FACTUAL ALLEGATIONS**

11

12    10.    Plaintiff was an employee of QUIZNOS from September 2005 through July 15, 2006.

13

14    11.    During her employment with QUIZNOS, Plaintiff regularly worked more than 40 hours

15    per week, or 8 hours per day, but was not compensated at time and a half for the overtime

16    hours worked for QUIZNOS. Rather, Plaintiff was paid straight time for all time worked

17    over 40 hours per week and/or 8 hours per day. In addition, Plaintiff was not provided

18    with a meal break on most occasions and/or was not relieved of her work duties during

19    her meal period. Further, Plaintiff was not provided with rest periods during her

20    employment with QUIZNOS.

21

22    **FIRST CAUSE OF ACTION**

23    **(Violation of Labor Code Sections 200, et seq. and 500, et seq.)**

24    **(LYONS Against Defendants QUIZNOS and DOES 1 through 250, inclusive)**

25

26    12.    The allegations of paragraphs 1 through 11 are re-alleged and incorporated herein by

27    reference as though fully set forth herein.

28

13.  Plaintiff alleges on personal information and belief that Defendants failed to pay her earned wages in the form of, including but not limited to, overtime earned and unpaid rest and meal-time breaks.

14.  Plaintiff alleges on personal information and belief that Defendants failed to pay her earned wages in the form of, including but not limited to, overtime compensation. Plaintiff regularly worked more than forty (40) hours per week and/or eight (8) hours per day. Defendants did not pay Plaintiff time and a half for hours worked overtime, and Plaintiff was not paid any "premium wage" rate for overtime hours she worked.

15.  Plaintiff was not an employee within any exemption to the federal or state overtime compensation laws and regulations. Plaintiff was not an administrative, executive or professional employee.

16.  Plaintiff was not provided with meal and/or rest breaks during her employment with QUIZNOS. If Plaintiff was provided with a short meal period, on occasion, she was not relieved of her work duties during her meal period.

17.  Defendants are in violation of Labor Code section 201 since Plaintiff's employment with QUIZNOS was terminated and Plaintiff was not paid all wages due to her at the time of termination of her employment.

18.  Defendants are in violation of California Statutory laws prohibiting such conduct, including but not limited to, California Labor Code, Section 201 and 203 et seq. and 500, et seq.

19.  As a result of the above-described unpaid wages, including but not limited to, overtime and rest and/or meal-time pay, Plaintiff is entitled to wages owing and, in addition,

1   continuing wages through the time this complaint is filed and until Defendants make all

2   due payments.

3

4   20.   As a further result of the above-described unpaid wages, and pursuant to California Labor

5         Code, Section 1194, 218.5, and 226(g), Plaintiff is entitled to and requests an award of

6         reasonable attorneys fees and costs.

7

8   21.   Pursuant to California Labor Code, Section 218.6, Plaintiff is entitled to and requests an

9         award of interest on all due and unpaid wages, at the rate of interest specified in

10        subdivision (b) of Section 3289 of the Civil Code, which shall accrue from the date that

11        the wages were due and payable.

12

13  22.   Pursuant to California Labor Code, Section 203, Plaintiff is also entitled to a waiting-time

14        penalty from Defendant QUIZNOS, calculated as the unpaid wages from the due date

15        thereof at the same rate until paid or until an action therefor is commenced, up to a

16        maximum of 30 days.

17

18

19                                          **PRAYER**

20  1.    For damages according to proof, including loss of earnings, deferred compensation,

21        overtime, vacation earned, and other employment benefits;

22

23

24  2.    For interest on the amount of losses incurred in loss of earnings, deferred compensation,

25        and other employee benefits at the prevailing legal rate;

26

27

28  3.    For prejudgment interest on lost wages and benefits;

                                          COMPLAINT                                    -5-

4.    For waiting-time penalties pursuant to California Labor Code;

5.    For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in

      obtaining the benefits due Plaintiff ; and

6.    For such other and further relief as the court deems just and proper,

Dated: July 11, 2007             LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
                                 A Limited Liability Partnership


                                 By
                                 Laurel N. Haag, Attorneys for Plaintiff,
                                 CHELTZIE LYONS


## DEMAND FOR JURY TRIAL

      Plaintiff hereby respectfully demands a jury trial.

Dated: July 11, 2007             LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
                                 A Limited Liability Partnership


                                 By
                                 Laurel N. Haag, Attorneys for Plaintiff,
                                 CHELTZIE LYONS


COMPLAINT                                                              -6-