# EXHIBIT D
# PART 4 OF 6

90049

1  DANZ & GERBER
2  KARL GERBER, SBN: 166003
   ANN GULESER SBN: 210790
3  13418 Ventura Boulevard
   Sherman Oaks, California 91423
4  Telephone: 818 783 7300
5  Facsimile:  818 995 7159

6  Attorneys for Plaintiff
   DENISE HODGE
7

**FILED**
LOS ANGELES SUPERIOR COURT
JUL 2 3 2007
JOHN A. CLARKE, CLERK
BY HUGENA LOPEZ, DEPUTY

Case assigned to
Judge

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  DENISE HODGE                          )  CASE NO.:     BC374663
                                          )
12       Plaintiff,                       )  COMPLAINT FOR DAMAGES AND
                                          )  DEMAND FOR JURY TRIAL BASED
13       vs.                              )  UPON:
                                          )
14                                        )  1.  CALIFORNIA LABOR CODE
    TUMBLEWEED EDUCATIONAL               )      VIOLATIONS
15  ENTERPRISES, INC., a California       )  2.  COMMON COUNT FOR WORK AND
16  Corporation; DOES 1 through 100, inclusive )     LABOR PERFORMED
                                          )  3.  REASONABLE VALUE OF WORK
17       Defendants                       )      PERFORMED (QUANTUM MERIUT)
                                          )  4.  UNFAIR BUSINESS & PROFESSIONS
18                                        )      CODE SECTION 17200, ET. SEQ.
19                                        )  5.  VIOLATION OF CALIFORNIA
                                          )      LABOR CODE SECTION 558
20  _____ )

21      PLAINTIFF, DENISE HODGE, complains and alleges as follows:

22  \\
23  \\
24  \\
25  \\
26  \\
27  \\
28  \\

COMPLAINT

## GENERAL ALLEGATIONS

## (AGAINST ALL NAMED DEFENDANTS)

1.      Plaintiff DENISE HODGE is a resident of the County of Los Angeles, State of California.

2.      Plaintiff is informed and believes that at all times herein mentioned, Defendant, TUMBLEWEED EDUCATIONAL ENTERPRISES, INC., ("TUMBLEWEED") was a duly organized California corporation with its principal place of business at 1024 Hanley Avenue Los Angeles, CA 90049, employing Plaintiff and more than 5 people there.

3.      Plaintiff worked for Defendant TUMBLEWEED from 2000 to about July 17, 2006, as a bus driver for school trips and school sports activities.

4.      Plaintiff was promised that she would be paid $12.75 an hour for the hours she worked. However, Defendant TUMBLEWEED did not pay Plaintiff for the full duration of her shift from approximately 5:00 a.m. to 10:30 p.m. or 12:30 a.m. Plaintiff worked for 17-19 hours a day and was only paid $12.75 her regular rate of pay for a portion of the time she worked. Plaintiff provided daily time sheets to Defendant and was only paid regular rate of pay of $12.75 for the hours that it took her to complete the trips and buy gas for the bus she drove.

5.      Plaintiff was not paid for the time she was required to remain in Defendant's office in between trips wherein she was not allowed to use this time for personal use and was forced to remain on premises. Plaintiff was required to be at TUMBLEWEED location in between driving assignments in case she had to cover for an absent driver and take over their assignment. If Plaintiff were to use the time in between trips for personal use and left the TUMBLEWEED office, she would lose her job. All such time is considered hours worked and is included in Plaintiff's shift and must be added to other working time warranting overtime compensation. Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not accurately determine the Plaintiff's overtime hours and wages and failed to accurately record hours worked.

6.    In general Plaintiff was not paid for all hours worked and overtime hours worked because Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not accurately determine the Plaintiff's overtime hours and wages and failed to accurately record hours worked.

7.    Plaintiff was also not paid for split shift and reporting time penalties. Defendant told Plaintiff that she would work in split shifts. From 5:00 a.m. to 8:00 a.m. was the first shift for which Plaintiff was paid three hours of wages at her regular rate of pay of $12.75. If Plaintiff had her next trip scheduled at 8:00 a.m., there would be no split shift for that day. If Plaintiff did not have another trip scheduled at 8:00 a.m., her shift would split and her next shift would start whenever the next trip was scheduled which could be anytime from 8:30 a.m. to 11:00 a.m. However, Plaintiff was not allowed to clock out after the first shift ended and was not allowed to take a certain period of recess for her personal use. Plaintiff was to wait at the Defendant's office in case she had to cover for a bus driver who could not attend her scheduled shift. Thus, there was no split shift. Plaintiff is entitled to one hour of wages for these split shifts and reporting time penalties. Additionally, the Defendant TUMBLEWEED is located in an isolated remote location. Even if Plaintiff wanted to use some of the controlled standby time in between trips for personal use, she would be unable to go anywhere within a short period of time such as one hour.

8.    On or about September 2006, Plaintiff resigned her position at Defendant TUMBLEWEED. Plaintiff was not paid the money that she was owed for all the hours worked and overtime worked within 72 hours of her resignation.

9.    All of the foregoing and following actions taken towards the Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

\\

\\

3

COMPLAINT

# FIRST CAUSE OF ACTION
## LABOR CODE VIOLATIONS
### (AGAINST TUMBLEWEED, AND DOE DEFENDANTS)

10. Plaintiff alleges the information set forth in Paragraphs 1-9 as if they were fully alleged herein. This cause of action pleads for relief going back 3 years from July of 2007, the specific date in July 2007, that this lawsuit was filed insofar as the failure to pay overtime to Plaintiff.

11. Plaintiff brings this cause of action under the following laws, for the following reasons:

    a. California Labor Code Section 202(a) which states that if an employee quits her employment, the wages she earned and unpaid at the time of resignation are due and payable within 72 hours of resignation for failure to pay Plaintiff wages, and overtime wages for the hours worked within 72 hours of her resignation.

    b. California Labor Code Section 203 which states that if an employer willfully fails to pay, without abatement or reduction, any wages of an employee who quits the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. Plaintiff claims 30 day wages because Defendant for failure to pay Plaintiff wages, and overtime wages for the hours worked within 72 hours of her resignation.

    c. California Labor Code section 218.5 for recovery of costs and attorney fees for relief associated with Plaintiffs' prosecution of this cause of action under California Labor Code Sections 200, et seq.

    d. California Labor Code Section 510 which specifies that work in excess of 8 hours in a day, or in excess of 40 hours in a week, is to be compensated at an overtime rate. The specified overtime rate is one and a half times the normal rate for all hours between 8 and less than 12 in a day, or hours in excess of 40 in a week presuming not more than 12 hours have been worked in any one day which is

double time. Plaintiff alleges that the as drivers they should receive overtime pay for all hours they worked in excess of 8 in a day and all hours they worked in excess of 40 in a week, and overtime pay for hours worked in excess of 12 in a day, because they are not management nor administrative employees exempt from California overtime law for failure to accurately calculate all hours worked and failure to pay Plaintiff wages and overtime wages for the hours worked.

e.   California Labor Code Section 558 penalty provision by failing to pay Plaintiffs money and overtime wages for the hours worked said Defendant caused a violation for which penalties are due. Plaintiffs therefore pray for penalties of $50.00 for each of them for each pay period for which they were underpaid in addition to the amount sufficient to recover the underpaid wages, and $100.00 for each subsequent violation. Plaintiff claims penalties for each pay period for which Plaintiff was underpaid.

f.   California Labor Code Section 1194(a), which states that any employee receiving less than the legal minimum or overtime wage applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, including interest thereon, reasonable attorney's fees, and costs of suit for refusing to pay Plaintiff wages and overtime wages for the hours she worked.

g.   California Labor Code section 1194(a) for all attorney fees and costs accrued in recovering the unpaid wages and unpaid overtime wages due to Plaintiff for the hours she worked.

h.   California Labor Code Section 1194(a) allowing employees who are paid less than the legal minimum compensation to recover in a civil action, the unpaid balance of the full amount of the wages and overtime wages due along with interest, attorney fees and costs for failure to pay Plaintiffs wages and overtime wages for the hours worked.

5
COMPLAINT

i.   Split shift and reporting time penalties for subjecting Plaintiff to a split shift without allowing Plaintiff any recess time.

j.   California Business and Professions Code sections 17200-17500 ("Unfair Business Practices"), which prohibits any unlawful, unfair or fraudulent business act or practice for failure to pay Plaintiff wages and overtime wages and unfairly competing by keeping costs of employee wages low.

k.   All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by retaliating, harassing, and firing Plaintiff.

12.   Under this cause of action, Plaintiff prays for all wages and overtime wages and otherwise due pay to them under the statutes, regulations, and wage orders alleged in this cause of action along with any allowable interest, penalties, attorney fees, and costs and split shift and reporting time penalties which will equal an amount known to Plaintiffs once they have obtained all of their payroll records from Defendants.

13.   Plaintiffs contend that they were not paid all of their wages at the time they ended their employment. They allege that they were owed overtime wage as well as money never paid for he hours worked. Accordingly, Plaintiffs contend that California Labor Code Sections 201 was violated creating penalties under Section 203 and prays for 30 days of pay under Labor Code Section 203.

14.   Plaintiffs also pray for Labor Code Section 211 and 218.5 recovery of costs and attorney fees as well as interest under Labor Code Section 218.6.

\\
\\
\\
\\
\\

6
COMPLAINT

# SECOND CAUSE OF ACTION

## COMMON COUNT FOR WORK AND LABOR PERFORMED

### (AGAINST DEFENDANT TUMBLEWEED AND DOE DEFENDANTS)

15.     Plaintiff alleges the information set forth in Paragraphs 1-9 of the general allegations, paragraphs 10-14 of the First Cause of Action and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

16.     Plaintiff was promised that she would be paid $12.75 an hour for the hours she worked. However, Defendant TUMBLEWEED did not pay Plaintiff for the full duration of her shift from approximately 5:00 a.m. to 10:30 p.m. or 12:30 a.m.  Plaintiff worked for 17-19 hours a day and was only paid $12.75 her regular rate of pay for a portion of the time she worked. Plaintiff provided daily time sheets to Defendant and was only paid regular rate of pay of $12.75 for the hours that it took her to complete the trips and buy gas for the busses. Plaintiff was not paid for the time she was required to remain at Defendant's office in between trips wherein she was not allowed to use this time for personal use and was forced to remain on premises. Plaintiff was required to be at TUMBLEWEED location in between driving assignments in case she had to cover for an absent driver and take over their assignment. If Plaintiff were to use the time in between trips for personal use and left the TUMBLEWEED office, she would lose her job. All such time is considered hours worked and is included in Plaintiff's shift and must be added to other working time warranting overtime compensation. Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not accurately determine the Plaintiff's overtime hours and wages and failed to accurately record hours worked.

17.     Plaintiff worked approximately 17-19 hours a day, 5- 6 days a week  throughout her employment that ended in September 2006. Plaintiff prays to be paid for the value of the work she earned. Accordingly, Plaintiff prays for the difference in what she earned and worked for in terms of hourly rate and legal overtime versus what she was paid. Plaintiff prays for all prejudgment interest in those sums.

### THIRD CAUSE OF ACTION

## REASONABLE VALUE OF WORK LABOR PERFORMED (QUANTUM MERIUT)
## (AGAINST DEFENDANT TUMBLEWEED AND DOE DEFENDANTS

18.    Plaintiff alleges the information set forth in Paragraphs 1-9 of the general allegations, paragraphs 10-14 of the First Cause of Action and, Paragraphs 15-17 of the Second Cause of Action and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

19.    Plaintiff was promised that she would be paid $12.75 an hour for the hours she worked. However, Defendant TUMBLEWEED did not pay Plaintiff for the full duration of her shift from approximately 5:00 a.m. to 10:30 p.m. or 12:30 a.m. Plaintiff worked for 17-19 hours a day and was only paid $12.75 her regular rate of pay for a portion of the time she worked. Plaintiff provided daily time sheets to Defendant and was only paid regular rate of pay of $12.75 for the hours that it took her to complete the trips and buy gas for the busses. Plaintiff was not paid for the time she was required to remain ant Defendant's office in between trips wherein she was not allowed to use this time for personal use and was forced to remain on premises. Plaintiff was required to be at TUMBLEWEED location in between driving assignments in case she had to cover for an absent driver and take over their assignment. If Plaintiff were to use the time in between trips for personal use and left the TUMBLEWEED office, she would lose her job. All such time is considered hours worked and is included in Plaintiff's shift and must be added to other working time warranting overtime compensation. Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not accurately determine the Plaintiff's overtime hours and wages and failed to accurately record hours worked.

Plaintiff worked approximately 17-19 hours a day, 5- 6 days a week throughout her employment that ended in September 2006. Plaintiff prays to be paid for the value of the work she earned. Accordingly, Plaintiff prays for the difference in what she earned and worked for in terms of

hourly rate and legal overtime versus what she was paid. Plaintiff prays for all prejudgment interest in those sums.

### FOURTH CAUSE OF ACTION

### CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 VIOLATIONS
### (AGAINST DEFENDANT TUMBLEWEED AND DOE DEFENDANTS)

20.    Plaintiff alleges the information set forth in Paragraphs 1-9 of the general allegations, paragraphs 10-14 of the First Cause of Action and, Paragraphs 15-17 of the Second Cause of Action, Paragraphs 18-19 of the Third Cause of Action and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

21.    In the State of California, over the 4 years proceeding the filing of this lawsuit, Defendant TUMBLEWEED, engaged in unfair competition and unlawful business practices.    Plaintiff alleges that she was not fully paid for her efforts at Defendants.

22.    Plaintiff was promised that she would be paid $12.75 an hour for the hours she worked. However, Defendant TUMBLEWEED did not pay Plaintiff for the full duration of her shift from approximately 5:00 a.m. to 10:30 p.m. or 12:30 a.m. Plaintiff worked for 17-19 hours a day and was only paid $12.75 her regular rate of pay for a portion of the time she worked. Plaintiff provided daily time sheets to Defendant and was only paid regular rate of pay of $12.75 for the hours that it took her to complete the trips and buy gas for the busses.

23.    Plaintiff was not paid for the time she was required to remain in Defendant's office in between trips wherein she was not allowed to use this time for personal use and was forced to remain on premises. Plaintiff was required to be at TUMBLEWEED location in between driving assignments in case she had to cover for an absent driver and take over their assignment. If Plaintiff were to use the time in between trips for personal use and left the TUMBLEWEED office, she would lose her job. All such time is considered hours worked and is included in Plaintiff's shift and must be added to other working time warranting overtime compensation.

1 Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not
2 accurately determine the Plaintiff's overtime hours and wages and failed to accurately record
3 hours worked.

4 24.    In general Plaintiff was not paid for all hours worked and overtime hours worked because
5 Defendant TUMBLEWEED improperly calculated the total hours Plaintiff worked and did not
6 accurately determine the Plaintiff's overtime hours and wages and failed to accurately record
7 hours worked.

8
9 25.    Plaintiff was also not paid for split shift and reporting time penalties. Defendant told
10 Plaintiff that she would work in split shifts. From 5:00 a.m. to 8:00 a.m. was the first shift for
11 which Plaintiff was paid three hours of wages at her regular rate of pay of $12.75. If Plaintiff
12 had her next trip scheduled at 8:00 a.m., there would be no split shift for that day. If Plaintiff did
13 not have another trip scheduled at 8:00 a.m., her shift would split and her next shift would start
14 whenever the next trip was scheduled which could be anytime from 8:30 a.m. to 11:00 a.m.
15 However, Plaintiff was not allowed to clock out after the first shift ended and was not allowed to
16 take a certain period of recess for her personal use. Plaintiff was to wait at the Defendant's
17 office in case she had to cover for a bus driver who could not attend her scheduled shift. Thus,
18 there was no split shift.   Plaintiff is entitled to one hour of wages for these split shifts and
19 reporting time penalties.

20 26.    Plaintiff worked approximately 17-19 hours a day, 5-6 days a week  throughout her
21 employment that he ended on or about September 2006.

22 27.    Defendant TUMBLEWEED failed to pay Plaintiffs any money at all for the controlled
23 standby time in between driving assignments in violation of the wage laws.

24 28.    Defendant's competitors had to spend more money paying their employees to perform the
25 services Plaintiff performed. Everybody in the State of California had to pay their drivers for the
26 wages and overtime accounting for the total hours they work and pay for the controlled standby
27 time which Defendant did not pay Plaintiff. Everybody in the State of California had to pay
28 drivers split shift and reporting time penalties which Defendant did not pay Plaintiffs. This

1  enabled Defendant to compete unfairly due to these lower costs and earn considerably more

2  profit than their competitors who abided by the law.

3  29.    Plaintiffs pray that California Business and Professions Code Section 17202 be utilized to

4  enforce the labor laws specified in the first cause of action and require Defendant to pay Plaintiff

5  overtime and wages for controlled standby time denied.

6
7  30.    Plaintiffs further pray that California Business and Professions Code Section 17203 be

8  utilized to enjoin Defendant from further engaging in the unlawful and unfair business practices

9  specified in this cause of action and the first cause of action.

10  31.    Under this cause of action, Plaintiffs pray that equitable relief be given including

11  disgorgement of Defendant's profits.

12

13                          **FIFTH CAUSE OF ACTION**

14                  **VIOLATION OF LABOR CODE SECTION 558**

15                      **(AGAINST DEFENDANT TUMBLEWEED)**

16

17  32.    Plaintiff alleges the information set forth in Paragraphs 1-9 of the general allegations,

18  paragraphs 10-14 of the First Cause of Action and, Paragraphs 15-17 of the Second Cause of

19  Action, Paragraphs 18-19 of the Third Cause of Action, Paragraphs 20-31 of the Fourth Cause of

20  Action, and incorporate these paragraphs into this cause of action as if they were fully alleged

21  herein. This cause of action pleads for relief going back 3 years from the date this lawsuit was

22  filed insofar as the failure to pay overtime to Plaintiffs.

23  33.    This cause of action is against Defendant TUMBLEWEED for violating the California

24  Labor Code Section 558(a) which states that any person acting on behalf of an employer who

25  violates, or causes to be violated, a section of this chapter or any provision regulating hours and

26  days of work in any order of the Industrial Welfare Commission shall be subject to a civil

27  penalty for any initial violation, fifty dollars ($50) for each underpaid employee for each pay

28  period for which the employee was underpaid in addition to an amount sufficient to recover

                                    11

underpaid wages. Civil penalty for each subsequent violation is one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

34.    Defendant TUMBLEWEED violated and caused to be violated, California Labor Code Section 558 by violating the following laws, for the following reasons:

    a.  California Labor Code Section 510 which specifies that work in excess of 8 hours in a day, or in excess of 40 hours in a week, is to be compensated at an overtime rate. The specified overtime rate is one and a half times the normal rate for all hours between 8 and less than 12 in a day, or hours in excess of 40 in a week presuming not more than 12 hours have been worked in any one day which is double time. Plaintiff alleges that the as drivers they should receive overtime pay for all hours they worked in excess of 8 in a day and all hours they worked in excess of 40 in a week, and overtime pay for hours worked in excess of 12 in a day, because they are not management nor administrative employees exempt from California overtime law for failure to accurately calculate all hours worked and failure to pay Plaintiff wages and overtime wages for the hours worked.

    b.  California Labor Code Section 558 penalty provision by failing to pay Plaintiffs money and overtime wages for the hours worked said Defendant caused a violation for which penalties are due. Plaintiffs therefore pray for penalties of $50.00 for each of them for each pay period for which they were underpaid in addition to the amount sufficient to recover the underpaid wages, and $100.00 for each subsequent violation. Plaintiff claims penalties for each pay period for which Plaintiff was underpaid.

    c.  California Labor Code section 218.5 for recovery of costs and attorney fees for relief associated with Plaintiffs' prosecution of this cause of action under California Labor Code Sections 200, et seq.

35.    Defendant was enforcing, and causing the illegal overtime scheme to be enforced. Defendant knew that it was violating the laws enumerated in Paragraph 34. Defendant knowingly violated said laws.

36.    Under this cause of action, Plaintiff prays for all overtime wages and wages otherwise due pay to her under the statutes, regulations, and wage orders alleged in this cause of action along with any allowable interest, penalties, attorney fees, and costs which will equal an amount known to Plaintiff once she has obtained all of her time sheets and payroll records from Defendant.

37.    Plaintiff also prays for Labor Code Section 211 and 218.5 recovery of costs and attorney fees as well as interest under Labor Code Section 218.6.

WHEREFORE, the Plaintiff prays for all costs of suit and for a jury to make determinations about Defendants' liability for all causes of action but the Fourth;

For Causes of Action 1-3 and 5, Plaintiffs pray for a jury to find:

1.    General damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.    All costs and disbursements incurred in this suit;

3.    For such other and further relief as the Court deems just and proper;

4.    For all interest as allowed by law;

5.    For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court;

As to the First Cause of Action:

6.    For reasonable attorneys fees, costs, and interest as allowed by law, under the California Labor Code for the time that the Plaintiffs' attorney spends pursuing this cause

13
COMPLAINT

of action against said Defendant as well as statutory penalties including attorney fees under California Labor Code Sections 218.5, 218.6, 1194(a) and, for the time that the Plaintiffs' attorneys spend pursuing this cause of action;

As to the Fifth Cause of Action:

7.  For reasonable attorneys fees, costs, and interest as allowed by law, under the California Labor Code for the time that the Plaintiffs' attorney spends pursuing this cause of action against said Defendant as well as statutory penalties including attorney fees under California Labor Code Sections 218.5, 218.6 and, for the time that the Plaintiffs' attorneys spend pursuing this cause of action;

For the Court to Find:

8.  All equitable relief available for the Fourth Causes of Action and for a remedy of unjust enrichment;

9.  All restitutionary remedies and equitable relief allowed under the Fourth Cause of Action.

DATED: July 19, 2007                        DANZ & GERBER

                                            By: _____
                                                 Karl Gerber
                                                 Ann Guleser
                                                 Attorneys for Plaintiffs
                                                 DENISE HODGE

---
14
COMPLAINT

9004

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, CSB# 59404
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorneys for Plaintiff, SILVERIO PINEDO

**FILED**
LOS ANGELES SUPERIOR COURT

JUL 2 5 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

*Case assigned to Judge Mel Recana* (handwritten)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

| | |
|---|---|
| SILVERIO PINEDO, | Case No. **BC374901** |
| PLAINTIFF, | COMPLAINT FOR: |
| vs. | 1. UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 9 § 3); |
| ANGEL'S TEAM, INC., a California corporation; ANGEL'S TRANSPORTATION, INC., a California corporation; DIRECT PRODUCE, INC., a California corporation; and DOES 1 through 100, Inclusive, | 2. FAILURE TO PAY MINIMUM WAGE AS A RESULT OF FAILING TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1197; IWC ORDER 9 § 4); |
| DEFENDANTS. | 3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 9 § 11); |
| | 4. FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 9 § 12); |
| | 5. FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE §§ 226, 1174; IWC ORDER 9 § 7); |
| | 6. FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203); |

- 1 -
COMPLAINT

7. UNFAIR BUSINESS PRACTICES,
BUSINESS AND PROFESSIONS CODE §§
17200, ET SEQ.

Comes now PLAINTIFF, SILVERIO PINEDO, who complains and alleges as follows:

## INTRODUCTION

1. From about January 2004 to February 12, 2006, DEFENDANTS, ANGEL'S TEAM, INC., ANGEL'S TRANSPORTATION, INC., DIRECT PRODUCE, INC., and DOES 1 through 100, inclusive, employed PLAINTIFF, SILVERIO PINEDO, to load and unload produce, deliver produce to different locations, and place produce throughout warehouses, in the city of Los Angeles. DEFENDANTS, ANGEL'S TEAM, INC., ANGEL'S TRANSPORTATION, INC., DIRECT PRODUCE, INC., and DOES 1 through 100, inclusive, required Plaintiff, SILVERIO PINEDO, to work long hours without paying overtime, providing meal and rest periods, paying the minimum wage for all hours worked, maintaining the required records, and failing to pay all wages due upon separation. This is an action brought by PLAINTIFF, SILVERIO PINEDO, against DEFENDANTS, ANGEL'S TEAM, INC., ANGEL'S TRANSPORTATION, INC., DIRECT PRODUCE, INC., and DOES 1-100, inclusive, alleging violations of various wage/hour provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

## VENUE AND JURISDICTION

2. Venue is proper in Los Angeles County because DEFENDANTS employed PLAINTIFF, SILVERIO PINEDO, in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

3. The monetary damages sought by Plaintiff exceed $25,000, as set forth in the prayer for relief, and will be established according to proof at trial. Further, there is no federal question at

1 | issue as the complaint is based solely on California law and statutes including the IWC Wage

2 | Orders, Labor Code, Civil Code, and Code of Civil Procedure.

3

4 | **GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES**

5 | 4. Plaintiff, SILVERIO PINEDO (hereinafter "SILVERIO PINEDO"), is an individual who

6 | was employed by DEFENDANTS, ANGEL'S TEAM, INC., ANGEL'S TRANSPORTATION,

7 | INC., DIRECT PRODUCE, INC., and DOES 1 through 100, inclusive, in the State of California.

8 | 5. SILVERIO PINEDO is informed and believes, and based thereon alleges, that

9 | DEFENDANTS, ANGEL'S TEAM, INC., ANGEL'S TRANSPORTATION, INC., DIRECT

10 | PRODUCE, INC. (hereinafter "DEFENDANTS"), are corporations duly organized under laws of

11 | the State of California and are duly qualified under the laws of the State of California to conduct

12 | business within the State of California and do routinely conduct business in the County of Los

13 | Angeles.

14 | 6. SILVERIO PINEDO is ignorant of the true names or capacity of the DEFENDANTS sued

15 | herein under the fictitious names DOE 1 through 100, inclusive; and they are therefore sued

16 | pursuant to Code of Civil Procedure § 474. When their true names and capacity are ascertained,

17 | SILVERIO PINEDO will amend this complaint by inserting their true names and capacity herein.

18 | SILVERIO PINEDO is informed and believes, and based thereon alleges, that DEFENDANTS

19 | DOE 1 through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully,

20 | maliciously, intentionally and negligently; that each is responsible in some manner for the events

21 | and happenings complained of herein; and that injuries of SILVERIO PINEDO, as alleged herein,

22 | were proximately caused by DEFENDANTS DOES, either through said DEFENDANTS' own

23 | conduct or through the conduct of their agents and/or employees.

24 | 7. SILVERIO PINEDO is informed and believes, and based thereon alleges, that at all relevant

25 | times, each of the DEFENDANTS, whether named or fictitiously named as DOE (hereinafter

26 | collectively referred to as "DEFENDANTS"), was the merging entity, merged entity, subsidiary,

27 | acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS and, in

28

COMPLAINT

1   doing the things hereinafter alleged, was acting within the course and scope of such agency and/or

2   employment with the knowledge, advice, permission and consent of each other.

3       8. Beginning on or about January 2004 to February 12, 2006, SILVERIO PINEDO, was

4   employed by DEFENDANTS at DEFENDANTS' premises located in Los Angeles, California, in

5   the County of Los Angeles.

6       9. SILVERIO PINEDO was employed by the DEFENDANTS to load and unload produce,

7   deliver produce to different locations, and place produce throughout warehouses and in such

8   capacity, SILVERIO PINEDO performed duties that make SILVERIO PINEDO a non-exempt

9   employee who is entitled to the benefits and protections of the Labor Codes of the State of

10  California, and to the existing and applicable Industrial Welfare Commission Order 9-2001 (Title 8,

11  California Code of Regulations §§ 11000, 11090). At no time did SILVERIO PINEDO work in a

12  capacity or perform duties that would have made SILVERIO PINEDO exempt from such

13  provisions.

14      10. Effective February 12, 2006, SILVERIO PINEDO was terminated or laid off by

15  DEFENDANTS.

16      11. SILVERIO PINEDO worked for DEFENDANTS each week during the period from about

17  January 2004 to February 12, 2006. During the period from about January 2004 to February 12,

18  2006 SILVERIO PINEDO worked for DEFENDANTS on Mondays, Tuesdays, Wednesdays,

19  Thursdays, Fridays, and Saturdays, from approximately 2:00 am to 5:00 pm.

20      12. During the period from about January 2004 to approximately May 2004, SILVERIO

21  PINEDO received a flat weekly salary of $500 from DEFENDANTS. He was paid in check.

22      13. During the period from about June 2004 to up and until February 12, 2006, SILVERIO

23  PINEDO received a flat weekly salary of $500 from DEFENDANTS. He was paid in check.

24      14. SILVERIO PINEDO is authorized to bring this action pursuant to California Labor Code §§

25  1194, 226, 203 and pursuant to the power vested in plaintiff to enforce the provisions of the

26  California Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

27      15. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

28

- 4 --

COMPLAINT

1   of California, and to the existing and applicable Industrial Welfare Commission Order 9 (Title 8,

2   California Code of Regulations § 11090).

3       16. SILVERIO PINEDO is seeking damages for the Labor Code violations for the past three

4   years prior to the filing of this complaint pursuant to Ca. Code. of Civ. Pro. §338(a).

5       17. As for the fourth year prior to the filing of this complaint, SILVERIO PINEDO would be

6   entitled to restitution and/or back pay pursuant to Business and Professions Code § 17200 and

7   *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

8       18. SILVERIO PINEDO has incurred, and during the pendency of this action will continue to

9   incur, expenses for attorney's fees and costs herein. SILVERIO PINEDO requests that the court

10  award attorney's fees and costs in an amount according to proof pursuant to California Labor Code

11  §1194(a).

12

13                          **FIRST CAUSE OF ACTION**

14          **UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION**

15                  **Brought by PLAINTIFF against all DEFENDANTS**

16  **(Labor Code §§ 200, 203, 218.6, 500, 510, 1194, 1198, 1199; IWC Order 9 § 3(A) (Title 8 Cal.**

17                          **Code of Reg. § 11090))**

18      19. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

19  though fully set forth herein.

20      20. At all times herein mentioned, SILVERIO PINEDO was employed by DEFENDANTS to

21  load and unload produce, deliver produce to different locations, and place produce throughout

22  warehouses.  SILVERIO PINEDO'S position, therefore, does not fall within the professional,

23  administrative, or executive exemptions.

24      21. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

25. of California, and to the existing and applicable Industrial Welfare Commission 9 (Title 8,

26  California Code of Regulation § 11090) which states that an employee such as SILVERIO PINEDO

27. shall not be employed more than eight hours in any workday or more than 40 hours in any

28·

1   workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate
2   of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot be
3   less than the applicable minimum wage.

4      22. At all times herein mentioned, DEFENDANTS were subject to California Labor Code § 510
5   which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of
6   eight hours in one workday and any work in excess of 40 hours in any one workweek and the first
7   eight hours worked on the seventh day of work in any one workweek shall be compensated at the
8   rate of no less than one and one-half times the regular rate of pay for an employee. Any work in
9   excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a
10  workweek shall be compensated at the rate of no less than twice the regular rate of pay of any
11  employee."

12     23. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §
13  1198 which states that "the maximum hours of work and the standard conditions of labor fixed by
14  the commission shall be the maximum hours of work and the standard conditions of labor for
15  employees. The employment of any employee for longer hours than those fixed by the order or
16  under conditions of labor prohibited by the order is unlawful."

17     24. At all times herein mentioned, DEFENDANTS were subject to California Labor Code
18  §1199. Labor Code §1199 states "every employer... is guilty of a misdemeanor and is punishable
19  by a fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by
20  both, who does any of the following: (a) requires or causes an employee to work for longer hours
21  than those fixed, or under conditions of labor prohibited by an order of the commission."

22     25. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for
23  failure to receive the legal overtime rate of pay.

24     26. SILVERIO PINEDO was a non-exempt employee entitled to the protections of Industrial
25  Welfare Commission Order 9 (Title 8 of the California Code of Regulations § 11090), and
26  California Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

27     27. For the last four (4) years before the filing of this complaint, SILVERIO PINEDO worked
28

- 6 -
COMPLAINT

1  more than 40 hours per workweek.

2  28. For the last four (4) years before the filing of this complaint, SILVERIO PINEDO worked
3  more than 8 hours per day.

4  29. For the last four (4) years before the filing of this complaint, SILVERIO PINEDO worked
5  more than 12 hours per day.

6  30. For the last four (4) years before the filing of this complaint, pursuant to Labor Code § 510
7  and Title 8 of California Code of Regulations § 11090(3)(a), DEFENDANTS were required to pay
8  SILVERIO PINEDO, overtime compensation, which is calculated at one and one-half (1½) times
9  the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours
10  per week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with
11  double time after twelve (12) hours in any single workday and/or after eight (8) hours on the
12  seventh consecutive day of any work week.

13  31. During the course of SILVERIO PINEDO'S employment, DEFENDANTS failed to
14  compensate SILVERIO PINEDO for overtime hours worked with the premium overtime pay as
15  required under the aforementioned labor regulations.

16  32. Instead of making the required payments under the aforementioned wage orders and Labor
17  Code provisions, DEFENDANTS only paid SILVERIO PINEDO an hourly rate, that did not take
18  into consideration the total number of hours worked or the number of overtime hours worked.
19  There is no law or wage order that permits DEFENDANTS to lawfully pay SILVERIO PINEDO an
20  hourly rate that does not compensate SILVERIO PINEDO for all hours worked and all overtime
21  hours worked at the legally mandated rate of pay (the overtime premium rate).

22  33. Labor Code § 515(d) states that "for the purpose of computing the overtime rate of
23  compensation required to be paid to a nonexempt full-time salaried employee, the employee's
24  regular hourly rate shall be 1/40[th] of the employee's weekly salary.

25  34. Under the aforementioned wage orders, statutes, and regulations, SILVERIO PINEDO is
26  entitled to one and one-half times and/or double his regular rate of pay for overtime work performed
27  for the last four (4) years prior to the filing of this complaint, based on appropriate calculations of

28

- 7 -
COMPLAINT

1  the total remuneration for each workweek, and the corresponding number of hours worked each day

2  and/or workweek.

3    35. As DEFENDANTS' conduct alleged herein violates Labor Code §§200, 500, 510, 1194,

4  1198, and 1199, SILVERIO PINEDO is entitled to recover the unpaid balance of overtime

5  compensation, plus interest, attorney's fees, and costs of suit pursuant to Labor Code §1194.

6    36. SILVERIO PINEDO seeks interest pursuant to Labor Code § 218.6. That code states that in

7  any action brought for the nonpayment of wages, the Court shall award interest on all due and

8  unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code

9  [currently 10 percent per annum], which shall accrue from the date that the wages were due and

10  payable[.]" SILVERIO PINEDO entitled to said interest.

11

12                           **SECOND CAUSE OF ACTION**

13                       **FAILURE TO PAY MINIMUM WAGE**

14                   **Brought by PLAINTIFF against all DEFENDANTS**

15   **(Labor Code §§ 200, 218.6, 1194, 1194.2, 1198, IWC Order 9-2001 § 4 (Title 8 Cal. Code of**

16                                **Reg. §11090))**

17    37. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

18  though fully set forth herein.

19    38. At all times herein mentioned, SILVERIO PINEDO was employed by DEFENDANTS to

20  load and unload produce, deliver produce to different locations, and place produce throughout

21  warehouses. SILVERIO PINEDO'S position, therefore, does not fall within the professional,

22  administrative, or executive exemptions.

23    39. SILVERIO PINEDO was a non-exempt employee entitled to the protections of IWC

24  ORDER 9-2001 (Title 8 of the California Code of Regulations § 11090), and California Labor Code

25  § 200, 500, 1194, 1197, and 1198.

26    40. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

27  of California, and to the existing and applicable IWC Order 9-2001 (Title 8, California Code of

28

                                   - 8 -

1   Regulations §§ 11000, 11090). IWC 9 (4) requires DEFENDANTS to pay each non-exempt
2   employee wages of not less than six dollars and twenty-five cents ($6.25) per hour for all hours
3   worked, effective January 2001, and not less than six dollars and seventy-five cents per hour for all
4   hours worked, effective January 1, 2002.

5       41. Labor Code § 1197 states that "the minimum wage for employees fixed by the commission
6   is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so
7   fixed is unlawful."

8       42. Labor Code § 1198 states that "the maximum hours of work and the standard conditions of
9   labor fixed by the commission shall be the maximum hours of work and the standard conditions of
10  labor for employees. The employment of any employee for longer hours than those fixed by the
11  order or under conditions of labor prohibited by the order is unlawful."

12      43. Labor Code § 1194(a) permits an aggrieved employee to bring a private right of action for
13  failure to receive the legal minimum wage.

14      44. For the past four (4) years prior to the filing of this complaint, DEFENDANTS failed to
15  compensate SILVERIO PINEDO the minimum wage for all hours worked as DEFENDANTS
16  established a policy whereby instead of making the required payments under the aforementioned
17  wage orders, DEFENDANTS only paid SILVERIO PINEDO a flat salary, that did not take into
18  consideration the total number of hours worked or the number of overtime hours worked. When
19  taking the flat salary and dividing it by number of hours that SILVERIO PINEDO actually worked
20  each week, the hourly rate does not total the minimum wage for the hours worked in excess of forty
21  hours. This substandard wage violates Labor Code §§ 1194, 1197, 1198 and IWC Order 9-2001 (4).

22      45. For the past four (4) years prior to the filing of this complaint, DEFENDANTS failed to
23  compensate SILVERIO PINEDO the minimum wage for all hours worked as DEFENDANTS failed
24  to compensate SILVERIO PINEDO for overtime hours worked in the first instance.
25  DEFENDANTS established a policy whereby instead of making the required payments under the
26  aforementioned wage orders, DEFENDANTS only paid SILVERIO PINEDO a flat salary that did
27  not take into consideration the total number of hours worked or the overtime hours worked.

28

- 9 -
COMPLAINT

1  Because SILVERIO PINEDO was not paid for all hours worked, SILVERIO PINEDO thereby

2  worked certain hours without being paid the legal minimum wage. There is no law or wage order

3  that permits DEFENDANTS to lawfully pay SILVERIO PINEDO a flat salary that does not

4  compensate SILVERIO PINEDO for all hours worked and all overtime hours worked at the legally

5  mandated rate of pay.

6      46. Pursuant to Labor Code § 1194.2, in any action brought forth under Labor Code § 1194 by

7  an employee to recover compensation for minimum wage violations, the employee is also entitled to

8  recover liquidated damages in the amount of the unpaid compensation plus interest thereon.

9  SILVERIO PINEDO is entitled to recover said liquidated damages plus interest thereon.

10     47. SILVERIO PINEDO is entitled to attorney's fees, expenses, and costs of suit pursuant to

11  Labor Code § 1194(a), for bringing this action.

12     48. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

13  court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

14  (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the

15  date that the wages were due and payable[.]" SILVERIO PINEDO is entitled to said interest.

16

17                          **THIRD CAUSE OF ACTION**

18     **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS**

19                  **Brought by PLAINTIFF against all DEFENDANTS**

20  **(Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 9 § 11 (Title 8 Cal. Code of Reg. § 11090))**

21     49. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

22  though fully set forth herein.

23     50. At all times herein mentioned, SILVERIO PINEDO was employed by DEFENDANTS to

24  load and unload produce, deliver produce to different locations, and place produce throughout

25  warehouses. SILVERIO PINEDO'S position, therefore, does not fall within the professional,

26  administrative, or executive exemptions.

27     51. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

28

1   of California, and to the existing and applicable Industrial Welfare Commission Order 9 (Title 8,

2   California Code of Regulations § 11090).

3       52. Section 11 of Industrial Welfare Commission Order 9 required DEFENDANTS to give

4   SILVERIO PINEDO meal breaks as follows: "No employer shall employ any person for a work

5   period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except

6   that when a work period of not more than six (6) hours will complete the day's work the meal period

7   may be waived by mutual consent of employer and employee. Unless the employee is relieved of all

8   duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal

9   period and counted as time worked. An "on duty" meal period shall be permitted only when the

10  nature of the work prevents an employee from being relieved of all duty and when by written

11  agreement between the parties an on-the-job paid meal period is agreed to."

12      53. Section 11 of Industrial Welfare Commission Order 9 further states that "if an employer fails

13  to provide an employee a meal period in accordance with the applicable provisions of this Order, the

14  employer shall pay the employee one hour of pay at the employee's regular rate of compensation for

15  each work day that the meal period is not provided."

16      54. Labor Code § 512 also prohibits DEFENDANTS from employing SILVERIO PINEDO for

17  a work period of more than five hours per day without providing SILVERIO PINEDO with a meal

18  period of not less than 30 minutes.

19      55. For the last four (4) years prior to the filing of the complaint, DEFENDANTS failed to

20  comply with section 11 of IWC Order 9-2001 and California Labor Code §512, by failing to provide

21  required meal periods to SILVERIO PINEDO. That meal period was not waived by mutual consent

22  of the DEFENDANTS and SILVERIO PINEDO. There is no applicable exemption that would

23  permit DEFENDANTS to fail or to refuse to provide SILVERIO PINEDO with the required meal

24  period.

25      56. DEFENDANTS further violated IWC Order 9 by failing to pay SILVERIO PINEDO an

26  additional one hour of compensation at SILVERIO PINEDO'S regular rate of pay for each day that

27  DEFENDANTS failed to provide SILVERIO PINEDO the required meal period for the last four (4)

28

- 11 -
COMPLAINT

1  years prior to the filing of this complaint. This compensation is owed and unpaid in an amount
2  according to proof at trial, plus interest thereon at the maximum legal rate from the dates such
3  compensation became due and payable, plus all appropriate penalties.

4  57. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any
5  employee to work during any meal period mandated by an applicable order of the Industrial Welfare
6  Commission. If an employer fails to provide an employee a meal period in accordance with an
7  applicable order of the IWC the employer shall pay the employee one additional hour of pay at the
8  employee's regular rate of pay for each work day that the meal period is not provided.

9  58. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
10 comply with Labor Code § 226.7 by failing to provide required meal periods to SILVERIO
11 PINEDO. That meal period was not waived by mutual consent of the DEFENDANTS and
12 SILVERIO PINEDO. There is no applicable exemption that would permit DEFENDANTS to fail or
13 to refuse to provide SILVERIO PINEDO with the required meal period.

14 59. DEFENDANTS further violated Labor Code § 226.7 by failing to pay SILVERIO PINEDO
15 an additional one hour of compensation at his regular rate of pay for each day that DEFENDANTS
16 failed to provide SILVERIO PINEDO the required meal period for the last four (4) years prior to
17 the filing of this complaint. This compensation is owed and unpaid in an amount according to proof
18 at trial, plus interest thereon at the maximum legal rate from the dates such compensation became
19 due and payable, plus all appropriate penalties.

20 60. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 226.7, and SILVERIO
21 PINEDO is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and interest,
22 attorney's fees, and costs of suit pursuant to Labor Code § 1194.

23 61. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
24 Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision
25 (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the
26 date that the wages were due and payable[.]" SILVERIO PINEDO is entitled to said interest.

27
28

- 12 -
COMPLAINT

1

## FOURTH CAUSE OF ACTION

2

### FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS

3
**Brought by PLAINTIFF against all DEFENDANTS**

4
(Labor Code §§ 218.6, 226.7, 1194, IWC Order 9 § 12 (Title 8 Cal. Code of Reg. § 11090))

5      62. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

6   though fully set forth herein.

7      63. At all times herein mentioned, SILVERIO PINEDO was employed by DEFENDANTS to

8   load and unload produce, deliver produce to different locations, and place produce throughout

9   warehouses. SILVERIO PINEDO'S position, therefore, does not fall within the professional,

10   administrative, or executive exemptions.

11      64. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

12   of California, and to the existing and applicable Industrial Welfare Commission Order 9 (Title 8,

13   California Code of Regulations § 11090).

14      65. Section 12 of Industrial Welfare Commission Order 9 required DEFENDANTS to give

15   SILVERIO PINEDO rest periods as follows: "Every employer shall authorize and permit all

16   employees to take rest periods, which insofar as practicable shall be in the middle of each work

17   period. The authorized rest period time shall be based on the total hours worked daily at the rate of

18   ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period

19   need not be authorized for employees whose total daily work time is less than three and one-half (3

20   ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

21   deduction from wages. If an employer fails to provide an employee a rest period in accordance with

22   the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at

23   the employee's regular rate of compensation for each work day that the rest period is not provided."

24      66. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

25   comply with section 12 of IWC Order 9, by failing to provide required rest periods to SILVERIO

26   PINEDO. The rest period was not waived by mutual consent of the DEFENDANTS and

27   SILVERIO PINEDO. There is no applicable exemption that would permit DEFENDANTS to fail

28

COMPLAINT

1 | or to refuse to provide SILVERIO PINEDO with the required rest period.

2 |     67. DEFENDANTS further violated IWC Order 9 by failing to pay SILVERIO PINEDO an

3 | additional one hour of compensation at SILVERIO PINEDO'S regular rate of pay for each day that

4 | DEFENDANTS failed to provide SILVERIO PINEDO the required rest period. This compensation

5 | is owed and unpaid in an amount according to proof at trial, plus interest thereon at the maximum

6 | legal rate from the dates such compensation became due and payable, plus all appropriate penalties.

7 |     68. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

8 | employee to work during any rest period mandated by an applicable order of the Industrial Welfare

9 | Commission. If an employer fails to provide an employee a rest period in accordance with an

10 | applicable order of the IWC the employer shall pay the employee one additional hour of pay at the

11 | employee's regular rate of pay for each work day that the rest period is not provided.

12 |     69. DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to

13 | SILVERIO PINEDO. The rest period was not waived by mutual consent of DEFENDANTS and

14 | SILVERIO PINEDO. There is no applicable exemption that would permit DEFENDANTS to fail

15 | or to refuse to provide SILVERIO PINEDO with the required rest period.

16 |     70. DEFENDANTS further violated Labor Code § 226.7 by failing to pay SILVERIO PINEDO

17 | an additional one hour of compensation at SILVERIO PINEDO'S regular rate of pay for each day

18 | that DEFENDANTS failed to provide SILVERIO PINEDO the required rest period for the last four

19 | (4) years prior to the filing of this complaint. This compensation is owed and unpaid in an amount

20 | according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

21 | compensation became due and payable, plus all appropriate penalties.

22 |     71. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, SILVERIO

23 | PINEDO is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and interest,

24 | attorney's fees, and costs of suit pursuant to Labor Code § 1194.

25 |     72. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

26 | Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

27 | (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

28 |

1  date that the wages were due and payable[.]" SILVERIO PINEDO is entitled to said interest.

2

3                           **FIFTH CAUSE OF ACTION**

4                    **FAILURE TO MAINTAIN REQUIRED RECORDS**

5                    **Brought by PLAINTIFF against all DEFENDANTS**

6    **(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174, 117.5; IWC Order 9 § 7 (Title 8 Cal. Code of**

7                                  **Reg. § 11090))**

8       73. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

9    though fully set forth herein.

10      74. At all times herein mentioned, SILVERIO PINEDO was employed by DEFENDANTS to

11   load and unload produce, deliver produce to different locations, and place produce throughout

12   warehouses. SILVERIO PINEDO'S position, therefore, does not fall within the professional,

13   administrative, or executive exemptions.

14      75. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to

15   furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,

16   total hours worked by the employee, except for any employee whose compensation is solely based

17   on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or

18   any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period

19   for which the employee is paid, and all applicable hourly rates in effect during the pay period and

20   the corresponding number of hours worked at each hourly rate by the employee. The

21   DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be

22   kept on file for at least three years at the place of employment or at a central location within the

23   State of California.

24      76. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing and

25   intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of

26   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and

27   one hundred dollars ($100) per employee for each violation in a subsequent pay period, not

28

                                       - 15 -

1  exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of
2  costs and reasonable attorney's fees."

3      77. When construing "willful" in the context of wage and hour labor code violations, Courts
4  have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an
5  act which was required to be done.'... It does not mean that the employer's refusal to pay wages
6  must necessarily be based on a deliberate evil purpose to defraud workers for wages which the
7  employer knows to be due." (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire
8  Sprinkles, Inc.* (2002) 102 Cal.App. 4th 765, 781.)

9      78. Labor Code § 226.3 provide for a civil penalty against an employer who violates subdivision
10  (a) of Section 226 in the amount of $250 per employee per violation for the initial citation and
11  $1,000 per employee for each violation in a subsequent citation. The civil penalties are in addition
12  to any other penalty provided by law.

13      79. Labor Code § 1174 requires every person employing labor in the State of California to keep
14  payroll records showing the hours worked daily by and the wage paid to each employee.

15      80. Labor Code § 1174.5 permits a civil penalty of $500 against an employer who willfully fails
16  to maintain records required by Labor Code § 1174(c) or accurate and complete records required by
17  § 1174(d).

18      81. Industrial Welfare Commission Order 9 § 7 (Title 8, California Code of Regulation §
19  11090), in addition to language similar to Labor Code § 226, expressly mandates that the employer
20  keep "Time records showing when the employee begins and ends each work period. Meal periods,
21  split shift intervals and total daily hours worked shall also be recorded."

22      82. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
23  comply with Labor Code §§ 226, 1174, and IWC Order 9 § 7, by failing to maintain records which
24  employers are required to maintain, including, but not limited to, records of meal periods, total
25  hours worked, and all applicable hourly rates in effect during the pay period and the corresponding
26  number of hours worked at each hourly rate by the employee.

27      83. SILVERIO PINEDO alleges that DEFENDANTS "knowingly and intentionally" failed to
28

1  provide SILVERIO PINEDO with a copy of an itemized statement, which states the total number of
2  hours worked because DEFENDANTS paid SILVERIO PINEDO in part by cash.

3     84. Although DEFENDANTS paid SILVERIO PINEDO with checks, they failed to provide
4  SILVERIO PINEDO with checks and check stubs for the total hours that SILVERIO PINEDO
5  worked.  However, they did not pay SILVERIO PINEDO the overtime premium rate for the
6  overtime hours worked.

7     85. As a result of the failure to keep the required records, DEFENDANTS are subject to the
8  penalties set forth in Labor Code §§ 226(e), and 226.3.

9     86. SILVERIO PINEDO seeks an award of reasonable attorney's fees and costs pursuant to
10  Labor Code § 226(e).

11     87. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
12  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision
13  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the
14  date that the wages were due and payable[.]" SILVERIO PINEDO is entitled to said interest.

15
16       **SIXTH CAUSE OF ACTION**
17       **FAILURE TO PAY WAGES UPON SEPARATION**
18       **Brought by PLAINTIFF against all DEFENDANTS**
19       **(Labor Code §§ 203, 218.6, 1194)**

20     88. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as
21  though fully set forth herein.

22     89. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State
23  of California, and to the existing and applicable IWC Order 9-2001 (Title 8, California Code of
24  Regulations §§ 11000, 11090).

25     90. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after
26  said employee is discharged or quits.

27     91. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an
28

- 17 -
COMPLAINT

1   employee who is discharged or quits. This penalty consists of an amount equal to the sum of the
2   employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount
3   not to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4[th] 487, 80 Cal.Rptr.2d 175 (1998)).

4   When construing "willful" in the context of wage and hour labor code violations, Courts have
5   held that: "the purpose of section 203 is to compel the prompt payment of earned wages; the section
6   is to be given a reasonable but strict interpretation. [¶]... [To] be at fault within the meaning of the
7   statute, the employer's refusal to pay need not be based on a deliberate evil purpose to defraud
8   workmen of wages which the employer knows to be due. As used in section 203, 'willful' merely
9   means that the employer intentionally failed or refused to perform an act which was required to be
10  done." *(Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 77 [177 Cal.Rptr. 803]).

11      92. DEFENDANTS failed to pay SILVERIO PINEDO on February 12,2006 for all wages and
12  earned compensation due by failing to pay SILVERIO PINEDO for all hours worked, failing to pay
13  overtime wages, failing to pay the minimum wage, and failing to compensate for meal and rest
14  periods that were not permitted as alleged herein. DEFENDANTS continue to fail to pay
15  SILVERIO PINEDO the overtime wages, minimum wages, and compensation owed for meal and
16  rest periods that were not permitted.

17      93. DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS refused
18  to pay said amounts knowing that SILVERIO PINEDO had worked overtime without being
19  compensated for such overtime and knowing that SILVERIO PINEDO was not being paid for the
20  rest and meal breaks he did not receive. As a consequence, SILVERIO PINEDO is entitled to
21  penalties under Labor Code Section 203, which provides that an employee's wages shall continue as
22  a penalty until paid for a period of up to 30 days from the time they were due, whichever period is
23  shorter.

24      94. DEFENDANTS failed to pay SILVERIO PINEDO the alleged amounts of unpaid wages on
25  February 12, 2006 and have continued to fail to pay those sums for over 30 days. Pursuant to the
26  provisions of Labor Code Section 203, SILVERIO PINEDO is entitled to a waiting time penalty,
27  which is plaintiff's daily rate, as of February 12, 2006, multiplied by 30 days. These penalties are
28

- 18 -
COMPLAINT

1  owed and unpaid.

2     95. The penalties set forth in Labor Code § 203 may be pursued through this action.

3     96. SILVERIO PINEDO is entitled to attorney's fees, expenses, and costs of suit pursuant to

4  Labor Code §1194(a) for bringing this action.

5     97. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

6  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

7  (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

8  date that the wages were due and payable[.]"  SILVERIO PINEDO is entitled to said interest.

9

10                          **SEVENTH CAUSE OF ACTION**

11                           **UNFAIR BUSINESS PRACTICES**

12                    **Brought by PLAINTIFF against All DEFENDANTSS**

13                        **(Bus. and Prof. Code § 17200, Et seq.)**

14     98. SILVERIO PINEDO refers to and incorporates all of the paragraphs of this complaint as

15  though fully set forth herein.

16     99. SILVERIO PINEDO is suing DEFENDANTS pursuant to Business and Professions Code

17  §§ 17200, et seq.

18     100. If any employer acquires money to be paid by means of an unlawful practice, that

19  constitutes unfair competition under Business and Professions Code § 17200 (Cortez v. Purolator

20  Air Filtration Products Co., (2000) 23 Cal. 4th 163, 167)).

21     101. By violating the statutes and regulations as alleged herein, SILVERIO PINEDO is alleging

22  that DEFENDANTS' acts constitute unlawful and unfair business practices under California

23  Business and Professions Code §§ 17200, et seq.  For the last four (4) years prior to the filing of this

24  complaint, DEFENDANTS violated and continues to violate the law, as expressed in Labor Code

25  §§ 200, 203, 221, 226, 226.7, 500, 510, 512, 1174, 1194, 1197, 1198; IWC 9 §§ 2, 3, 4, 7, 11, 12

26  (Title 8 Cal. Code of Reg. § 11090); Ralphs Grocery Co. v. The Superior Court (Los Angeles)

27  (2003) 112 Cal. App. 4th 1090; 5 Cal. Rptr. 3d 687 (2nd App. Dist.), and, Business & Professions

28

1  Code §§ 17200, et seq. In other words, SILVERIO PINEDO contends that by failing to properly

2  pay wages, properly pay overtime wages, provide meal periods, provide rest periods, failing to keep

3  proper records, and other violations alleged herein, DEFENDANTS violated Business &

4  Professions Code §§ 17200, Et. seq.

5      102. DEFENDANTS' violations of the statutes and regulations as alleged herein are business

6  practices done repeatedly over a significant period of time, in California, and in a systematic manner

7  to the detriment of SILVERIO PINEDO.

8      103. The harm to SILVERIO PINEDO outweighs any utility of DEFENDANTS' policies and

9  practices, as alleged herein, and consequently constitute unfair business acts or practices within the

10  meaning of Business and Professions Code §§ 17200, et seq.

11      104. As a direct and proximate result of the aforementioned acts by DEFENDANTS,

12  DEFENDANTS wrongfully retained and continues to retain funds earned by SILVERIO PINEDO,

13  according to proof at the time of trial.

14      105. The unfair and unlawful business acts and practices described herein present a continuing

15  threat to SILVERIO PINEDO and the California general public. SILVERIO PINEDO is informed

16  and believes and on such basis alleges that DEFENDANTS have engaged in such practices over a

17  number of years and have failed to indicate, in any way, that they plan to cease such activities any

18  time in the future.

19      106. For the past four (4) years prior to the filing of this complaint, SILVERIO PINEDO has

20  suffered and requests back pay and/or restitution of all monies and profits from DEFENDANTS in

21  an amount according to proof at time of trial, but in excess of the Court's jurisdiction requirement,

22  generally, including all awardable amounts, is over $25,000.

23      107. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable

24  powers of this court, DEFENDANTS should be preliminarily and permanently enjoined from their

25  unfair and unlawful business acts and practices.

26      108. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable

27  powers of this court, DEFENDANTS should be ordered to restore to SILVERIO PINEDO all funds

28

1  DEFENDANTSS retained by means of the unfair and unlawful business acts and practices alleged
2  herein.

3      109.  SILVERIO PINEDO also seeks interest pursuant to Business & Professions Code §
4  17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and
5  *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Cal. Code
6  of Civ. Pro. § 1032.

7      110.  Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
8  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision
9  (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the
10  date that the wages were due and payable[.]" SILVERIO PINEDO is entitled to said interest.

11

12                              **PRAYER FOR RELIEF**

13      WHEREFORE, PLAINTIFF, SILVERIO PINEDO prays for judgment against
14  DEFENDANTS, and each of them, jointly and severally, as follows:

15

16                              **FIRST CAUSE OF ACTION**

17  1.    That DEFENDANTS be ordered to pay SILVERIO PINEDO all unpaid overtime
18        compensation as alleged herein or according to proof pursuant to Labor Code §§
19        1194 and 510;

20  2.    For interest pursuant to Labor Code § 218.6; and

21  3.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

22

23                              **SECOND CAUSE OF ACTION**

24  4.    That DEFENDANTS be ordered to pay SILVERIO PINEDO all unpaid minimum
25        wage compensation as alleged herein or according to proof pursuant to Labor Code §
26        1194;

27  5.    For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount equal to

28

                                    - 21 -
                                  COMPLAINT

the minimum wages unpaid and interest on that amount;

6.  For interest pursuant to Labor Code § 218.6; and

7.  For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

### THIRD CAUSE OF ACTION

8.  For an additional one hour of pay at SILVERIO PINEDO'S regular rate of pay for each day DEFENDANTS failed to give SILVERIO PINEDO the required meal periods as alleged herein or according to proof, pursuant to Labor Code §§ 226.7, 512 and IWC ORDER 9 § 11;

9.  For interest pursuant to Labor Code § 218.6; and

10. For reasonable attorney's fees and costs as provided by Labor Code § 1194.

### FOURTH CAUSE OF ACTION

11. For an additional one hour of pay at SILVERIO PINEDO'S regular rate of pay for each day that DEFENDANTS failed to give SILVERIO PINEDO the required rest periods as alleged herein or according to proof, pursuant to Labor Code § 226.7 and IWC ORDER 9 § 12;

12. For interest pursuant to Labor Code § 218.6; and

13. For reasonable attorney's fees and costs as provided by Labor Code § 1194.

### FIFTH CAUSE OF ACTION

14. For penalties pursuant to Labor Code § 226(e);

15. For penalties pursuant to Labor Code § 226.3;

16. For penalties pursuant to Labor Code § 1174.5;

17. For interest pursuant to Labor Code § 218.6; and

18. For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

1

2                          **SIXTH CAUSE OF ACTION**

3       19.    That DEFENDANTS be ordered to pay SILVERIO PINEDO a statutory waiting time

4              penalty under Labor Code § 203, in an amount according to proof, plus interest

5              thereon at the maximum legal rate accruing from the 31st day following the

6              separation of SILVERIO PINEDO'S employment from DEFENDANTS;

7       20.    For interest pursuant to Labor Code § 218.6; and,

8       21.    For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

9

10                         **SEVENTH CAUSE OF ACTION**

11      22.    For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful

12             practices as alleged herein;

13      23.    That DEFENDANTS be ordered to restore to SILVERIO PINEDO all funds

14             DEFENDANTS retained by means of the unfair and unlawful business acts and

15             practices alleged herein;

16      24.    That DEFENDANTS be ordered to restore all profits in an amount according to

17             proof at time of trial;

18      25.    For enforcement of the civil penalties imposed by the Labor Code pursuant to

19             Business & Professions Code § 17202;

20      26.    For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax*

21             *Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

22             *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

23      27.    For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

24  ///

25  ///

26  ///

27  ///

28

                                      - 23 -
                                   COMPLAINT

1   ///

2                           **ALL CAUSES OF ACTION**

3       28.   For penalties and interest as allowed by law;

4       29.   For costs of suit herein incurred; and

5       30.   For such other and further relief as the court deems proper.

6

7

8   DATED: July 23, 2007                    LAW OFFICES OF STEPHEN GLICK

9

10                                          By: _____

11                                          Stephen Glick
                                            Attorney for Plaintiff,
12                                          SILVERIO PINEDO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

COMPLAINT

JUL-30-2007 1c:18 From:THE CULLEN LAW FIRM 6267449436

101Fax

P.9/21

FILED
LOS ANGELES SUPERIOR COURT

JUL 30, 2007

JOHN A. CLARKE, CLERK

BY _EDUARDO CHANES, DEPUTY

1  Paul T. Cullen, Esq. (#193575)
2  THE CULLEN LAW FIRM, APC
   29229 Canwood Street, Suite 208
3  Agoura Hills, CA 91301-1555
   Tel: (626) 744-9436; (818) 338-8915
4  Fax: (626) 744-9436

5  Attorneys for Plaintiff            ...se assigned   D. 38
   CRISANTA ESTEP, an individual      to Judge   MAUREEN DUFFY LEWIS
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  CRISANTA ESTEP, an individual,        )   CASE NO.:   BC375040
                                          )
12         Plaintiff,                     )   COMPLAINT FOR:
                                          )   1.  RECOVERY OF UNPAID
13         v,                             )       OVERTIME WAGES;
                                          )   2.  RECOVERY OF UNPAID MINIMUM
14  THE ROMAN CATHOLIC ARCHBISHOP OF )        WAGES;
15  LOS ANGELES, A CORPORATE          )   3.  FAILURE TO PROVIDE MEAL
    SOLE/SAINT PHILOMENA CHURCH; and   )       PERIODS;
16  DOES 1 through 100, inclusive,    )   4.  FAILURE TO PROVIDE PAID REST
                                          )       PERIODS;
17                                        )   5.  FAILURE TO TIMELY FURNISH
18         Defendants.                    )       ACCURATE ITEMIZED WAGE
                                          )       STATEMENTS;
19                                        )   6.  ACCOUNTING;
                                          )   7.  DECLARATORY RELIEF;
20                                        )   8.  INJUNCTIVE RELIEF;
                                          )   9.  UNFAIR BUSINESS PRACTICES;
21                                        )       AND
22                                        )   10. WAITING TIME PENALTIES
                                          )
23                                        )   DEMAND FOR JURY TRIAL

24

25

26  Plaintiff CRISANTA ESTEP, (hereinafter "Plaintiff") hereby files this Complaint against

27  Defendants THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, A CORPORA

28

                              COMPLAINT

JUL-30-2007 12:19 From:THE CULLEN LAW FIRM 626/4494536                    10:FAX              P.10/27

1   SOLE/SAINT PHILOMENA CATHOLIC CHURCH; and DOES 1 through 100, inclusive, and

2   alleges as follows:

3                                               I.

4                               **GENERAL ALLEGATIONS**

5
6       1.      This lawsuit challenges the Defendants' improper pay practices with respect to

7   the Plaintiff who is an employee at THE ROMAN CATHOLIC ARCHBISHOP OF LOS

8   ANGELES, A CORPORATE SOLE/SAINT PHILOMENA CATHOLIC CHURCH.

9       2.      Defendants apparently did not consider Plaintiff to be exempt from California

10  laws relating to payment of premium wages for work in excess of eight hours per day and/or 40

11  hours per week. Nevertheless, Defendants treated Plaintiff as if she was exempt, and thus

12  refused to pay Plaintiff the premium pay rates due her for overtime work.

13
14      3.      Defendants routinely obligated Plaintiff and her co-workers to work in excess of

15  eight (8) hours per day and forty (40) hours per week without premium overtime pay. Instead,

16  Defendants purportedly would only pay Plaintiff at a straight-time rate for a maximum of eight

17  (8) hours of pay, regardless of the number of hours she actually worked, and then Defendants

18  would issue paystubs to her falsely stating that she worked fewer hours than she actually had

19
20  worked.

21      4.      Plaintiff's action seeks general and punitive damages, penalties, declaratory relief,

22  injunctive relief and restitution from Defendants.

23      5.      The acts complained of herein have occurred, are presently occurring, and are

24  expected to continue occurring, within the time period from four (4) years preceding July 7, 2006

25  at which time Defendant, by and through its attorney of record, agreed to a tolling of the statute

26  of limitations on Plaintiff's claims raised in this lawsuit, up to and through the time of trial for

27  this matter (hereinafter, the "Relevant Time Period").

28
                                         2
                                    COMPLAINT

JUL-30-2007 12:19 From:THE CULLEN LAW FIRM 6267449436          TO:T AX          P.11/27

## II.

## JURISDICTION AND VENUE

6.    The Superior Court of the State of California for the County of Los Angeles, Central District has jurisdiction over this case due to the fact that the alleged violations (a) of California Labor Code (i.e. §§ 200 et seq.), (b) California Business and Professions Code §§ 17200 et seq. and (c) related common law occurred in the County of Los Angeles.

7.    Venue is proper in the Central District of the Los Angeles Superior Court pursuant to Code of Civil Procedure §395(a) and §395.5, because at least some of the acts complained of herein occurred in the County of Los Angeles, and complaints regarding such issues may be filed in the Central District.

## III.

## PARTIES

### PLAINTIFF CRISANTA ESTEP

8.    Plaintiff is an individual over the age of eighteen (18) and is now and/or at all times mentioned in this Complaint was a resident and domiciliary of the State of California.

9.    Plaintiff worked for Defendants in the County of Los Angeles, State of California as a bookkeeper in Defendants' church.

10.    Plaintiff seeks damages, including, but not limited to unpaid wages, penalties and other compensation, from Defendants for the Relevant Time Period, because Defendants have:

    a.    Failed to pay Plaintiff overtime wages for all overtime hours worked;

    b.    Failed to pay Plaintiff state-mandated minimum wages for all hours worked;

    c.    Failed to provide Plaintiff proper meal and rest periods;

    d.    Failed to furnish Plaintiff accurate itemized wage statements;

    e.    Failed to timely pay Plaintiff all wages due her; and

3
COMPLAINT

JUL-30-2007 12:29 From:THE CULLEN LAW FIRM  626-744-9455                    TO:FAX                    P.12/21

f.   Subjected Plaintiff to unfair business practices within the meaning of B&PC

§§ 17200 et seq.

## DEFENDANTS, THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, A CORPORATE SOLE/SAINT PHILOMENA CATHOLIC CHURCH and DOES 1 through 100, inclusive

11.   Plaintiff is unaware of the exact nature of the business entity that is maintained by THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, A CORPORATE SOLE/SAINT PHILOMENA CATHOLIC CHURCH and DOES 1 through 100, inclusive; however, Defendants are the owner and operator of a religious establishment, to wit the Catholic church at 21900 South Main Street, Carson, CA 90745.

## DOES 1 TO 100, INCLUSIVE

12.   DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.  Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

## ALL DEFENDANTS

13.   Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14.  Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, co-employers and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

15.  Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

16.  Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of the Plaintiff herein.

17.  Defendants, and each of them, at all times mentioned in this Complaint concured with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

///

///

///

JUL-30-2007  12:28 From:THE CULLER LAW FIRM  6267449435

IV.

## INDIVIDUAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### RECOVERY OF UNPAID OVERTIME WAGES

#### (By Plaintiff Against All Defendants)

18.  Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

19.  As a matter of Defendants' established policy and/or practice, Plaintiff was employed and scheduled to work and in fact did work for Defendants during the period of four (4) years preceding the filing of the Complaint herein to the present date, in excess of eight (8) hours per workday and/or in excess of 40 hours per workweek without receiving straight time or overtime compensation for such excess hours worked, in violation of California Labor Code §1997 and the applicable California IWC Wage Order.

20.  Notwithstanding any job title accorded to Plaintiff, she performed non-exempt tasks in excess of fifty percent (50%) of her workday or workweek; thus, she could not properly have been classified and/or treated by Defendants as "exempt" employees from California laws regulating overtime.

21.  Defendants' failure to pay Plaintiff premium wages for work performed in excess of eight (8) hours per day and/or 40 hours per week violates, at a minimum Labor Code §§510(a) and 1198.

22.  Plaintiff is informed and believes and thereon alleges that Defendants had and/or have numerous manuals, letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment with Plaintiff.

6
COMPLAINT

23.    Plaintiff is informed and believes and thereon alleges that Defendants have also disseminated false information throughout Defendants' facilities and establishments and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the Plaintiff and her co-workers are/were not entitled to overtime compensation.

24.    Defendants' pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful. Pursuant to Labor Code §§218 and §1194(a), Plaintiff seeks to recover for herself the unpaid balance of the full amount of the straight time compensation and overtime premiums due owing to her.

25.    Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of overtime wages, including but not limited to:

a.    Interest pursuant to Labor Code §§218.6 and 1194(a), Civil Code §§ 3287 and §3289;

b.    Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§218.5 and §1194;

c.    Damages and/or penalties pursuant to Labor Code §558(a); and,

d.    Punitive damages, because Defendants knew such wages were due and owing to Plaintiff. Defendants had the clear ability to pay said wages, and the willful non-payment of said wages was oppressive and malicious. As such Defendants actions and warrant an award of punitive and exemplary damages against Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

7
COMPLAINT

JUL-30-2007 12:28 FROM:THE CULLEN LAW FIRM 6267449438                 10:FAX                    F.16/21



## SECOND CAUSE OF ACTION

### RECOVERY OF UNPAID MINIMUM WAGES

### (By Plaintiff Against All Defendants)

26.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

27.    Failure of an employer to pay its employees the minimum wage fixed by the California Labor Commission violates, *inter alia* Labor Code §1197.

28.    During the Relevant Time Period, Defendants required Plaintiff to remain under Defendants' control without paying therefor, which resulted in Plaintiff earning less than the legal minimum wage in the State of California.

29.    Defendants' pattern and practice of uniformly administering a business policy, whereby Defendants failed to pay the legal minimum wage to Plaintiff violates Labor Code §1194(a).

30.    Accordingly, Plaintiff seeks to recover, pursuant to Labor Code § 1194(a) the unpaid balance of the minimum wages owed her, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

31.    Plaintiff further seeks liquidated damages pursuant to Labor Code §1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

32.    Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at §20(A).

JUL-30-2007 12:12  From:THE CULLEN LAW FIRM  6257449436

33.    Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

a.    Interest pursuant to Labor Code §§218.6 and 1194(a), Civil Code §§ 3287 and §3289;

b.    Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§218.5 and §1194;

c.    Damages and/or penalties pursuant to Labor Code §558(a); and,

d.    Punitive damages, because Defendants knew such wages were due and owing to Plaintiff. Defendants had the clear ability to pay said wages, and the willful non-payment of said wages was oppressive and malicious. As such, Defendants actions warrant an award of punitive and exemplary damages against Defendants.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### (By Plaintiff Against All Defendants).

34.    Plaintiff incorporates by reference and re-alleges each and every one of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

35.    Plaintiff regularly worked over five (5) hours per shift; thus, she was entitled to a meal period of not less than thirty (30) minutes without duty.

36.    Nevertheless, Defendants routinely failed to provide Plaintiff with such meal periods, notwithstanding the fact that Plaintiff had not waived her right to the same.

37.    As such, because Defendants incorrectly considered and/or treated Plaintiff as exempt from meal period requirements established by Labor Code §§ 226.7, §512, 516 and

JUL-30-2007 12:21 From:THE COLLEGE LAW - IRM 5557449430                    P.18/21

1    Section 11 of the IWC Wage Order(s). Defendants failed to comply with these provisions of

2    California law and thus, on a regular basis, denied Plaintiff the meal periods to which Plaintiff

3    was entitled.

4          38.    Plaintiff seeks damages pursuant to Section 11(D) of the IWC Wage Order(s) and

5    Labor Code §226.7(b), in the amount of one (1) additional hour of pay at the Plaintiff regular

6    

7    rate of compensation for each work day that a meal period is/was not provided to her, the

8    cumulative sum of which is to be proved at time of trial.

9          39.    Plaintiff further seeks penalties pursuant to Labor Code §558(a) for Defendants'

10   failure to provide such meal periods.

11         40.    Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to

12   

13   Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

14         41.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code

15   §§218.5 and 1194.

16                              FOURTH CAUSE OF ACTION

17   

18                      FAILURE TO PROVIDE PAID REST PERIODS

19                          (By Plaintiff Against All Defendants)

20         42.    Plaintiff incorporates by reference and re-alleges each and every one of the

21   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

22   herein.

23         43.    Plaintiff consistently worked over four (4) hours per shift and, therefore, was

24   

25   entitled to a rest period of not less than ten (10) minutes for that time period.

26         44.    Defendants failed to authorize and/or permit Plaintiff to avail herself of required

27   rest periods, in part because Defendants incorrectly considered and/or treated Plaintiff as exempt

28

                                        10
                                      COMPLAINT

1    from the rest period requirements established by Labor Code §§ 226.7, 516 and Section 12 of the

2    IWC Wage Order(s).

3         45.    Pursuant to Section 12(B) of the IWC Wage Order(s) and Labor Code §226.7(b),

4    Plaintiff seeks damages in the amount of one (1) additional hour of pay at the Plaintiff' regular

5    rate of compensation for each work day that a rest period was not provided, the cumulative sum

6    of which is to be proved at time of trial.

7
8         46.    Plaintiff further seeks penalties for Defendants wrongful failure to authorized

9    and/or permit Plaintiff to take such rest period pursuant to Labor Code §558(a)(1)-(2).

10        47.    Plaintiff further seeks pre-judgment interest on the sums recovered in this cause of

11   action pursuant to Labor Code §§218.6 and 1194(a) as well as Civil Code §§ 3287(b) and 3289.

12        48.    Plaintiff further seeks an award reasonable attorneys' fees and costs pursuant to

13   Labor Code §§218.5 and 1194.

14

15                          FIFTH CAUSE OF ACTION

16                          FAILURE TO TIMELY FURNISH

17                    ACCURATE ITEMIZED WAGE STATEMENTS

18                        (By Plaintiff Against All Defendants)

19        49.    Plaintiff incorporates by reference and re-alleges each and every one of the

20   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

21

22   herein.

23        50.    Plaintiff is informed and believes and thereon alleges that Defendants, in violation

24   of Labor Code §226(a), engaged in a consistent practice with respect to Plaintiff of regularly

25   failing to furnish her with accurate, itemized statements in writing showing (1) gross wages

26   earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or

27

28

                                    11
                                 COMPLAINT

1  (5) all applicable hourly rates in effect during each respective pay period and the corresponding

2  number of hours worked at each hourly rate by each respective individual.

3      51.    Plaintiff is further informed and believes and thereon alleges that Defendants did

4  not maintain accurate business records pertaining to the total hours worked for Defendants by

5

6  Plaintiff herein.

7      52.    Plaintiff seeks penalties pursuant to Labor Code §226(e) for each violation by

8  Defendants of Labor Code §226(a).

9      53.    Plaintiff further seeks preliminary and permanent injunctive relief pursuant to

10 Labor Code §226(g).

11     54.    Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to

12 Labor Code §226(g).

13

14                          SIXTH CAUSE OF ACTION

15                              ACCOUNTING

16                      (By Plaintiff Against All Defendants)

17     55.    Plaintiff incorporates by reference and re-alleges each and every one of the

18 allegations contained in the preceding paragraphs of this Complaint as though fully set forth

19 herein.

20     56.    The Plaintiff is owed moneys by Defendants in the form of wages and/or penalties

21 due to Defendants' violation of California laws as set forth hereinabove.

22     57.    Plaintiff does not know the precise amount of the compensation due to her. Upon

23 information and belief, Plaintiff alleges that Defendants, and each of them, possess complex

24 records from which the amount of compensation due and owing to her herein can be readily

25 determined.

26

27

28

                                  12
                              COMPLAINT

JUL-30-2007 12:22 FROM:THE CULLEN LAW FIRM 626744943b

58.    The amount of statutory interest owed to Plaintiff is based upon the amount of
compensation owed to Plaintiff by Defendants. This amount can only be determined by an
accounting of books and records which are believed to be in the sole possession of Defendants,
and each of them.

SEVENTH CAUSE OF ACTION

DECLARATORY RELIEF

(By Both Plaintiff Against All Defendants)

59.    Plaintiff incorporates by reference and re-alleges each and every one of the
allegations contained in the preceding paragraphs of this Complaint as though fully set forth
herein.

60.    An actual controversy has arisen between the Plaintiff, on one hand, and the
Defendants, on the other hand, relating to the following matters:

   a.  Whether Defendants have unlawfully suffered Plaintiff to work
       overtime without appropriate pay therefor in violation of California
       law as set forth hereinabove;

   b.  Whether Defendants, and each of them, have improperly treated
       and/or classified Plaintiff as an exempt employee;

   c.  Whether Defendants, and each of them, may require as a
       condition of employment that Plaintiff work overtime and through
       rest periods without appropriate pay therefor, forego meal breaks,
       and accept inaccurate wage statements; and,

   d.  What amounts the Plaintiff is entitled to receive in principal and
       interest for unpaid wages and/or penalties.

61.    Plaintiff further seeks entry of a declaratory judgment against all Defendants
herein and in Plaintiff's favor, which declares Defendants' practices to be unlawful, and which

13
COMPLAINT

JUL-30-2007 12:22 From:THE CULLEN LAW FIRM 626749945b    10:P.

1 | provides for recovery of all sums determined by this Court to be owed by Defendants, and each

2 | of them, to the Plaintiff.

3 | **EIGHTH CAUSE OF ACTION**

4 | **INJUNCTIVE RELIEF**

5 | **(By Plaintiff Against All Defendants)**

6 | 62.    Plaintiff incorporates by reference and re-alleges each and every one of the

7 | allegations contained in the preceding paragraphs of this Complaint as though fully set forth

8 |

9 | herein.

10 | 63.    As the Plaintiff's employers, Defendants, and each of them, have threatened to

11 | continue to engage in the practices complained of hereinabove as to Plaintiff and her co-workers

12 | who are currently employed by the Defendants, that is to work overtime and through rest periods

13 | without appropriate pay therefor, to forego meal breaks, and to accept inaccurate wage

14 | statements.

15 |

16 | 64.    Plaintiff and her co-workers have been injured and damaged, and, those who are

17 | current employees, are threatened with further injury and damage by the Defendants'

18 | continuance of such unlawful employment practices. Plaintiff and her co-workers are threatened

19 | with immediate, irreparable harm by the continuance of Defendants' unlawful payment practices,

20 | and they have no adequate remedy at law.

21 | 65.    Defendants have acted, and threaten to act, on grounds generally applicable to the

22 |

23 | Plaintiff and her co-workers, thereby making appropriate preliminary and permanent injunctive

24 | relief enjoining Defendants and her agents from practicing the unlawful practices heretofore

25 | alleged.

26 | 66.    As a direct and proximate result of the Defendants' conduct, the Plaintiff is

27 | entitled to have this court grant her a preliminary and permanent injunction restraining

28 |

14
COMPLAINT

JUL-30-2007 12:22 From:THE COLLEN LAW FIRM  5687449435        10:P    P.23/27

1   Defendants from suffering her employees from being required to work overtime and through rest

2   periods without appropriate pay therefor, to forego meal breaks, and to accept inaccurate wage

3   statements.

### NINTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

#### (By Plaintiff Against All Defendants)

7      67.    Plaintiff incorporates by reference and re-alleges each and every one of the

8

9   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

10   herein.

11      68.    Defendants, and each of them, have engaged in unfair business practices in

12   California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay

13   employee compensation as described hereinabove, specifically, by requiring the Plaintiff to

14   perform the work without regular and overtime compensation, adequate rest and meal periods, or

15

16   proper wage statements. Defendants' use of such practices constitutes an unfair business

17   practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

18      69.    Plaintiff seeks full restitution of the same by Defendants as necessary and

19   according to proof, to restore any and all monies withheld, acquired and/or converted by the

20   Defendants by means of the unfair business practices complained of herein.

21      70.    Plaintiff seeks the appointment of a receiver, as necessary, to oversee said

22

23   restitution, including all wages earned and unpaid, including interest thereon.

24      71.    The acts complained of herein, occurred, at least in part, within the last 4 years

25   preceding this Complaint for Damages.

26      72.    Further, if Defendants are not enjoined from the unlawful conduct described

27   above, Defendants will continue unabated in its unlawful conduct, which will continue to result

28

JUL-30-2007 12:23 From:THE CULLEN LAW FIRM  5267449435                    10:5                    P.29/2(

1   in irreparable injury to members of the general public, including, but not limited to Plaintiff and

2   her similarly situated co-workers, who are current employees of the Defendants, and for which

3   there is no adequate remedy at law.  Thus, Plaintiff requests that the Court issue a preliminary

4   and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

5

6       73.     Plaintiff seeks full restitution from Defendants, as necessary and according to

7   proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

8   of the unfair practices complained of herein.

9                           TENTH CAUSE OF ACTION

10                          WAITING TIME PENALTIES

11                      (By Plaintiff Against All Defendants)

12      74.     Plaintiff incorporates by reference and re-alleges each and every one of the

13  allegations contained in the preceding paragraphs of this Complaint as though fully set forth

14  herein.

15      75.     Defendants, and each of them, willfully failed to timely pay Plaintiff all wages

16  due and owing to her at the time of her termination of employment, including the basic and

17

18  overtime wages as set forth hereinabove.

19      76.     Plaintiff seeks the penalties to which she is entitled pursuant to Labor Code §203,

20  in the amount of her daily wages multiplied by thirty (30) days.

21                                    V.

22                          PRAYER FOR RELIEF

23

24  WHEREFORE, Plaintiff prays:

25      a.      As to the First Cause of Action for Failure to Pay Overtime Wages:

26          1.      For damages according to proof pursuant to Labor Code §1194(a) and the

27              IWC Wage Order(s) regarding wages due and owing,;

28

2.  For compensation as authorized by Labor Code §558;

3.  For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

4.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194(a);

5.  For and award of exemplary damages;

b.  As to the Second Cause of Action for Failure to Pay Minimum Wages:

1.  For recovery of the unpaid balance of the full amount of the minimum wages due and owing, according to proof;

2.  For liquidated damages on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof), pursuant to Labor Code §1194.2(a);

3.  For pre-judgment interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287(b) and 3289;

4.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194(a);

5.  For and award of exemplary damages;

c.  As to the Third Cause of Action for Failure to Provide Meal Periods:

1.  For one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided;

2.  For compensation pursuant to Labor Code §558;

3.  For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

JUL-30-2007 12:23 From:THE CULLEN LAW FIRM  5257449436                101:P.M                    P.63/67

1    4.    For an award of reasonable attorneys' fees and costs pursuant to Labor

2          Code §§ 218.5 and 1194;

3    d.    As to the Fourth Cause of Action for Failure to Provide Paid Rest Periods:

4    1.    For one (1) hour of pay at the employee's regular rate of compensation for

5          each workday that a rest period was not provided;

6

7    2.    For compensation pursuant to Labor Code §558;

8    3.    For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a)

9          and Civil Code §§ 3287(b) and 3289;

10   4.    For an award of reasonable attorneys' fees and costs pursuant to Labor

11         Code §§ 218.5 and 1194.

12

13   5.    For and award of exemplary damages;

14   f.    As to the Fifth Cause of Action for Failure to Timely Furnish Accurate Itemized

15         Wage Statements:

16   1.    For penalties as authorized by Labor Code §226(c);

17   2.    For injunctive relief pursuant to Labor Code §226(g);

18   3.    For an award of costs and reasonable attorneys' fees pursuant to Labor

19         Code §226(g);

20

21   g.    As to the Sixth Cause of Action for Accounting:

22         For an accounting as requested therein.

23   h.    As to the Seventh Cause of Action for Declaratory Relief:

24         Declaratory relief as sought therein.

25   i.    As to the Eighth Cause of Action for Injunctive Relief:

26         Preliminary and Permanent Injunctive Relief as sought therein.

27

28   j.    As to the Ninth Cause of Action for Unfair Business Practices:

JUL-30-2007 12:23 From:THE CULLEN LAW FIRM  5257449435                  To:                    P.2/2

1        1.    For an accounting, under administration of Plaintiff and/or the receiver

2            and subject to Court review, to determine the amount to be returned by

3            Defendants, and the amounts to be refunded to the Plaintiff who are owed

4            monies by Defendants;

5
         2.    For an Order requiring Defendants to make full restitution and payment
6
             pursuant to California law;
7

8        3.    For an Order for a preliminary and/or permanent injunction prohibiting

9            Defendants from engaging in the acts complained of herein;

10       4.    For all other appropriate injunctive, declaratory and equitable relief;

11
         5.    For interest to the extent permitted by law;
12
         6.    For an award of reasonable attorneys' fees and costs incurred in the
13
             investigation, filing and prosecution of this action pursuant to CCP
14
             §1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other
15

16           applicable provision of law; and,

17     k.    As to the Tenth Cause of Action for Unfair Business Practices:

18         Penalties pursuant to Labor Code § 203.
19
                                    VI.
20

21                       DEMAND FOR JURY TRIAL

22   Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

23

24   Dated: July 29, 2007                 The Cullen Law Firm,
                                           A Professional Corporation
25

26

27                                         Paul T. Cullen, Esq.
                                           Attorneys for Plaintiff
28

                                    19
                                 COMPLAINT

Jul 31 2007 10:5    HP  SERJET FAX    P.9

1   LAW OFFICES OF STEVEN P. CHANG
    BY: STEVEN P. CHANG, CSB 221783
2   801 S. Garfield Ave., Suite 338
3   Alhambra, CA 91801
    TEL: (626) 281-1232
4   FAX: (626) 281-2919
5   ATTORNEY FOR PLAINTIFF
6   Xiang Zhen Jia, an individual

Case assigned to
Judge

FILED
LOS ANGELES SUPERIOR COURT

JUL 3 1 2007

JOHN A. CLARKE, CLERK

BY G.B.; STRAIN, DEPUTY

7
8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   COUNTY OF LOS ANGELES  B C 3 7 5 0 9 1

10  Xiang Zhen Jia, an individual          )  Case No.:
                                           )
11         Plaintiff                       )  COMPLAINT FOR DAMAGES
                                           )  1) FOR FAILURE TO PAY WAGES;
12                                         )  2) FOR FAILURE TO PAY OVERTIME
       vs.                                 )  COMPENSATION;
13                                         )  3) VIOLATION OF LABOR CODE
14  Kun Ho Kim, an individual; New York Buffet, )  SECTION 226
15  a business entity unknown; Sang Jin Shin, an )
    individual, and DOES 1 to 100, inclusive;  )
16                                         )
17                                         )
18         Defendants.                     )
19                                         )
20                                         )

21         Plaintiff, for counts and causes of action against defendants, and each of them, alleges as
22  follows:
23                            GENERAL ALLEGATIONS
24         1. Plaintiff Xiang Zhen Jia, at all times herein mentioned was an individual residing
25  within the County of Los Angeles and was previously employed by some or all of the defendants
26  herein.
27         2. Plaintiff is informed and believe, and on that basis allege, that Defendant, New York
28  Buffet (hereinafter "NY Buffet") is a California business, entity unknown, is as a matter of law,

FIRST COMPLAINT
- 1 -

1   employer of plaintiff, and is responsible for ensuring compliance with the wage and hour
2   applicable to plaintiff's labor with same, or is otherwise liable to plaintiff as set forth herein.
3   Further, said defendant authorized, approved, or ratified the illegal conduct pled herein.

4       3. Plaintiff is informed and believe, and on that basis allege, that Defendant, Kun Ho
5   Kim, (hereinafter "Kim") represented to be the employer of the plaintiff. Therefore, is as a
6   matter of law, employer of plaintiff, or is otherwise an individual who was responsible for
7   ensuring compliance with the wage and hour applicable to plaintiff's labor with same, or is
8   otherwise liable to plaintiff as set forth herein. Further, said defendant authorized, approved, or
9   ratified the illegal conduct pled herein.

10      4. Plaintiff is informed and believe, and on that basis allege, that Defendant, Sang Jin
11  Shin, (hereinafter "Shin") represented to be the employer of the plaintiff. Therefore, is as a
12  matter of law, employer of plaintiff, or is otherwise an individual who was responsible for
13  ensuring compliance with the wage and hour applicable to plaintiff's labor with same, or is
14  otherwise liable to plaintiff as set forth herein. Further, said defendant authorized, approved, or
15  ratified the illegal conduct pled herein.

16      5. The true names and capacities, whether individual, corporate, association or
17  otherwise, of defendants sues herein as Does 1 through 100, inclusive, are currently unknown to
18  plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and
19  believe, and based thereon allege, that each of the defendants, designated herein as a Doe, is
20  legally responsible in some manner for the events and happenings referred to herein, and caused
21  injury and damages proximately thereby to plaintiff as hereinafter alleged. Plaintiff will seek
22  leave of court to amend this complaint to show the true names and capacities of defendants
23  designated herein as Does when the same has been ascertained. Whenever this complaint in
24  reference is made to "defendants and each of them" such allegations shall be deemed to mean
25  acts of defendants acting individually, jointly and/or severally.

26      6. Except as herein after specifically described, defendants and each of them are and were
27  the agents and or employees of each of the other defendants, and in acting as described herein
28

1   were acting within the scope of their authority or employment as agents and/or employees
2   thereof, with the permission and consent of the other defendants, and in concert with each other.
3          7. On or about November 2006 plaintiff applied for a position with defendants Shin, Kim
4   and NY Buffet as a waitress. Plaintiff was as of November 2, 2006, hired as an employee of
5   each of the defendants.
6          8. Plaintiff was a non-exempt employee when hired by defendants, and remained until
7   her departure on June 19 2007 from defendants' employ, a non-exempt employee of defendants.
8          9. Plaintiff was hired as a waitress. Her job duties included bringing the food to the
9   table, show the customers to their seats, bring drinks, plates, or utensils to the customers, and
10  provide whatever matter the customers or patrons need. Plaintiff's job duties did not include,
11  and never included, employment in the capacity as an administrative, executive, or professional
12  person. More particularly, plaintiff was never engaged in any work which was primarily
13  intellectual, managerial, or creative, and which required exercise of discretion and independent
14  judgment. Thus, plaintiff is what is commonly called a "non-exempt" employee, in the field of
15  endeavor in which she worked for defendants.
16         10. As such, Plaintiff is entitled to the benefits of certain Labor Code statutes, and of
17  regulations promulgated by the Department of Industrial Relations, and its appropriate divisions,
18  including, but not limited to, the right to be paid time and a half for hours worked over 8 in a
19  day, the right to be paid time and a half for hours worked over 40 during the week, the right to be
20  paid at double time for any hours worked over 12 in a day, the right to be paid at double time for
21  any hours worked on any day after the sixth consecutive day of work, the right to be paid time
22  and a half for any hours worked on the sixth day of work.
23         11. Further, defendants, and each of them have engaged in a pattern and practice of
24  willfully failing to pay "premium" rates of pay required by law to be paid to plaintiff or
25  sometimes to even pay at all. Defendants and each of them have also established, as will be
26  further detailed herein, over a number of years, a pattern and practice of concealing from
27  employees, such as plaintiff, and including plaintiff, what their legal rights are despite the fact
28  defendants know or should have known. Defendants and each of them willfully violated and

1  disregard the law by willfully failing to state the actual hours worked by the plaintiff and
2  misclassifying the plaintiff.

3      12. In fact, defendants and each of them is engaged in such a devious scheme to avoid
4  the labor law by willfully engaging in pay pattern that would give off an impression that in fact
5  minimum wage had been paid but in reality were not. This case is so egregious that punitive
6  damage is warranted as to deter future occurrence of like events.

7      13. Plaintiffs are informed and believe, and on such information and belief thereon
8  allege, that at all time relevant herein, Defendants, and each of them, were agents, servants
9  and/or employees, representative, promoters, directors, officers, employees, instruments and/or
10  alter egos, and/or entities unified in interest and ownership of the other Defendants, and each of
11  them ,and in doing the things herein alleged, each Defendant was acting within the course and
12  scope of his/her/their representation, direction, officiation, interest, employment, authority,
13  agency and promotion of all other Defendants and with the permission, ratification and consent
14  of all other Defendants.

15      14. There exists, and, at all times herein mentioned, there existed the unity of interest and
16  ownership between Defendants New York Buffet, Kun Ho Kim, Shin and Does 1-100 such that
17  any individuality and separateness between them has ceased, and, at all time herein mentioned,
18  the Defendants have been the alter ego of one another Co-defendants and DOES 1 to 100.

19      15. Defendants are, and at all time herein mentioned, so inadequately capitalized for the
20  type and extent of their business operation and undertakings and the loss attendant thereon, such
21  that its capitalization was illusionary and trifling.

22
23      16.. Defendants are, and at all time herein mentioned, the alter egos of the other
24  Defendants identified herein and there exists a unity of interest and ownership between them,
25  such that any separateness has ceased to exist and that said Defendants completely controlled,
26  dominated, managed, and operated both, and intermingled, co-mingled and failed to separate the
27  assets of each to suit their convenience, to conceal and manipulate business activities, treating
28  said entities and their assets as the assets of each other Defendants thereby failing to separate
   each Defendants assets and liabilities from those of other Defendants.

FIRST COMPLAINT
- 4 -

17. Defendants are, and at all time herein mentioned, were, mere shells, instrumentalities and/or conduits through which the other Defendants carried on business and as Defendants would have conducted such business without said entities thereby exercising complete control, manipulation and dominance of said entities to such an extent that any individuality or separateness does not, and, at all time herein mentioned, did not exist. As a result said entities were so controlled, dominated, manipulated and operated by said Defendants such that they are the alter ego of the other.

18.. Adherence to the fiction of separate existence of the New York Buffet and Kun Ho Kim and Shin as separate entities or defendant distinct from one another would permit the abuse of the privilege and/or sanction a fraud.

### FIRST CAUSE OF ACTION

(For Failure To Pay Minimum Wages Against All Defendants)

19. Plaintiff hereby incorporates by this reference paragraphs 1-18, inclusive, herein as if set forth in full.

20. Beginning immediately after their employment, more specifically beginning on or about November 2006 through June 2007, Plaintiff was required to and did work for defendants, on average 10 to 12 hours a day, and 6 days a week. Plaintiff has not been paid the legally required premium amount of compensation for the work over 8 hours a day, and any thing more than 40 hours a week.

21. Plaintiff is entitled, under the Labor Code, to bring this civil action to recover the unpaid wages and premium not paid, and to recover, according to proof, said amount at trial, which plaintiff believes exceeds $25,000.00.

22. In addition, Plaintiff is entitled to interest thereon, according to proof, which plaintiff believes exceeds $5,000.00

23. In addition, Plaintiff is entitled by law to costs of suit as well as statutory wait time penalty, which plaintiff believes exceeds $5,000.00.

1    24. Plaintiff is, in addition, entitled to recover all consequential, general, and special

2    damages, as well as attorney's fees (which are hereby demanded) in an amount according to

3    proof, and statutory penalties according to proof, but in any event in excess of $5,000 to date.

4

5                          SECOND CAUSE OF ACTION

6              (To Recover Overtime Compensation Against All defendants)

7    25. Plaintiff hereby incorporates by this reference paragraphs 1-24, inclusive, herein, as if

8    set forth in full.

9    26. Beginning immediately after her employment commenced, plaintiff was required to

10   and did work extensive and considerable amounts of overtime, including more than twelve (12)

11   hours in a day and plaintiff has not been paid compensation at the legal rate for those hours of

12   labor. Further, defendants did NOT keep any pay records as to reflect the employer of and the

13   amount of time worked by plaintiff, and thus are inappropriate and against the law. Defendants,

14   having violated the mandates of Labor Code section 226(a)(2), amongst other things, entitles

15   plaintiff to damages or statutory recovery thereunder, whichever is greater.

16   27. Plaintiff is entitled, under Labor Code section 1194, to bring this civil action to

17   recover the unpaid balance of the full amount of overtime compensation not paid of at least

18   $25,000.00 according to proof at trial.

19   28. In addition, Plaintiff is entitled to interest thereon, of at least $5,000.00, and

20   according to proof at trial.

21   29. In addition, plaintiff is entitled by law to costs of suit as well as statutory wait time

22   penalty, which plaintiff believes exceeds $5,000.00.

23   30. Plaintiff is, in addition, entitled to recover all consequential, general, and special

24   damages, as well as attorney's fees (which are hereby demanded) in an amount according to

25   proof, and statutory penalties according to proof, but in any event in excess of $5,000.00 to date.

26

27                          THIRD CAUSE OF ACTION

28                   (Violation of Labor Code Section 226)

1        31. Plaintiff hereby incorporates by this reference paragraphs 1-30, inclusive,

2    herein, as if set forth in full.

3        32. Plaintiff have on numerous occasions, but in no event less than two (2)

4    separate occasions dating from June 22, 2007 pursuant to Labor Code section 226

5    demanded for the itemized statements of the employees,

6        33. Pursuant to Labor Code Section 226, defendants are required to give such

7    information as soon as possible but in no event less than 21 days from date of requests.

8        34. Pursuant to Labor Code Section 226(f) this failure entitles the employee to

9    recover $750.00 per employees as well as reasonable attorney's fee.

10

11    PRAYER

12    WHEREFORE, Plaintiff prays judgment against defendants and each of them as follows:

13        1. Unpaid overtime, minimum wage and tip deduction according to proof, in excess of

14    $25,000.00;

15        2. Liquidated Damages, according to proof;

16        3. Interest of at least $5,000.00; more precisely according to proof;

17        4. For restitution for plaintiff, according to proof;

18        5. Cost of suits, including attorney's fees, according to proof;

19        6. For such other and further relief as the court may deem appropriate.

20

21    Dated:  July 30, 2007            Respectfully submitted,
                                       LAW OFFICES OF STEVEN P. CHANG
22

23

24                                     By
25                                         Steven P. Chang
                                           Attorney for Plaintiff
26                                         Xiang Zhen Jia
27

28

FILED
LOS ANGELES SUPERIOR COURT

AUG 21 2007

JOHN A. CLARKE, CLERK

BY D.M. SWAIN, DEPUTY

1  JAY S. ROTHMAN & ASSOCIATES
   MARINA KATS FRAIGUN, ESQ.
2  State Bar Number 192563
   21900 Burbank Blvd., Suite 210
3  Woodland Hills, California 91367
   Tel. (818) 986-7870
4  Fax (818) 990-3019

5  Attorney for Plaintiff
   DANIEL BROWN
6

7          SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              FOR THE COUNTY OF LOS ANGELES

9

10  DANIEL BROWN,                          ) CASE NO.
                                           )         BC376322
11                                         )
                                           ) COMPLAINT FOR DAMAGES
12                Plaintiff,               )
                                           ) 1.  VIOLATION OF LABOR CODE
13  vs.                                    )     SECTION 510;
                                           ) 2.  VIOLATION OF LABOR CODE
14                                         )     SECTION 201;
    CREATIVE CONVERSION                    ) 3.  VIOLATION OF BUSINESS &
15  TECHNOLOGIES, LLC., a Limited          )     PROFESSIONS CODE, SECTION
    Liability company; LURID               )     17200, et.seq.
16  ENTERTAINMENT, INC., a Nevada          )
    corporation; LURID VIDEO, INC., a      )
17  California corporation; and DOES 1     )
    through 50, Inclusive,                 )
18                                         )
19                Defendants.              )
                                           )
20                                         )
                                           )
21  ─────────────────────────────         )

22                    **INTRODUCTION**

23      Plaintiff DANIEL BROWN (hereinafter "Plaintiff") was employed by defendants

24  CREATIVE CONVERSION TECHNOLOGIES, LLC; LURID ENTERTAINMENT,

25  INC. and LURID VIDEO, INC.. (hereinafter "defendant EMPLOYER").

26      Plaintiff began working for defendant EMPLOYER on or about June 14, 2004.

27  He last worked on or about June 28, 2007. During his employment, Plaintiff was

28  improperly classified as an independent contractor when in fact he was an employee.

1   Therefore, Plaintiff was wrongfully not paid overtime compensation and was not given

2   meal and rest breaks as required by the Labor Code.

3       When Plaintiff was terminated, he was not paid all wages due and owing to him

4   by Defendant EMPLOYERS, including but not limited to, compensation for overtime

5   compensation. In addition, his personal property was not returned to him.

6                                  **GENERAL ALLEGATIONS**

7       1. This is a complaint by an individual for damages arising out of the

8   outrageous, oppressive and intrusive conduct of all defendants. Plaintiff seeks

9   compensatory and punitive damages.

10      2. The true names and capacities of the defendants sued herein as DOES 1

11  through 50, inclusive, are unknown to Plaintiff, who therefore sues these defendants

12  by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint

13  to show their true names and capacities when same have been ascertained. Plaintiff is

14  informed and believes, and thereon alleges, that each of the defendants, herein

15  designated as a DOE, proximately caused the injuries and damages to Plaintiff as

16  hereinafter alleged.

17      3. Plaintiff is informed and believes, and thereon alleges, that each of the

18  defendants designated herein as a DOE is legally responsible in some manner for the

19  events and happenings herein referred to, and negligently, wantonly, recklessly,

20  tortiously and/or unlawfully proximately caused the injuries and damages thereby to

21  Plaintiff as herein alleged.

22      4. Plaintiff is informed and believes and thereon alleges that Defendant

23  EMPLOYERS existed under the laws of the State of California and at all times

24  relevant herein, were authorized to do business in California.

25      5. At all times herein mentioned, Plaintiff was an individual who resided in the

26  City of Simi Valley and an employee of defendant EMPLOYERS and was and is a

27  citizen of the State of California.

28  ///

2                           COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## (VIOLATION OF LABOR CODE SECTION 510, et seq.)

### (Against All DEFENDANTS)

6.  The allegations of the Introduction and 1 through 5 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Labor Code Section 510.

7.  In doing the things herein alleged, DEFENDANTS, and each of them, violated Labor Code Section 510, et seq. in that they improperly failed to pay Plaintiff overtime compensation and failed to provide meal and rest breaks, as required by Labor Code Section 510, et seq.

8.  As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has incurred/continues to incur and is therefore entitled to recover:

      a. Overtime compensation;

      b. Compensation for missed meal and rest breaks;

      c. Waiting penalties pursuant to Labor Code Section 203;

      d. Interest under the Labor Code;

      e. Necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to him further damage in an amount according to proof; and

      f. All other damages allowed by law.

### SECOND CAUSE OF ACTION

### (VIOLATION OF LABOR CODE SECTION 201)

### (Against All DEFENDANTS)

9.  The allegations of the Introduction and 1 through 8 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Labor Code Section 201.

10.  In doing the things herein alleged, DEFENDANTS, and each of them, violated Labor Code Section 201.

COMPLAINT FOR DAMAGES

1    11.   As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

2    incurred/continues to incur and is therefore entitled to recover:

3        a.  Waiting penalties pursuant to Labor Code Section 203;

4        b.  Interest under the Labor Code;

5        c. Necessary and reasonable attorneys' fees in order to enforce his rights and to

6    obtain benefits due him, all to his further damage in an amount according to proof; and

7        d.  All other damages allowed by law.

8                      **THIRD CAUSE OF ACTION**

9              **VIOLATION OF B & P CODE, SECTION 17200, et.seq.**

10                        **(Against All Defendants)**

11       12.   The allegations of paragraphs 1 through 11 are realleged and incorporated

12   herein by reference except where to do so would be inconsistent with pleading a cause

13   of action for Violation of Business & Professions Code, Section 17200.

14       13.   The Unfair Practices Act provides that it is a violation of that law for a

15   company to engage in any "unlawful, unfair or fraudulent business act or practice."

16       14.   In doing the things herein alleged, defendant EMPLOYERS engaged in

17   "unlawful, unfair or fraudulent business act or practice".

18       15.   As a proximate result of the aforesaid acts of defendants, Plaintiff has

19   foreseeably suffered and continues to suffer:

20        a.  Substantial loss of earnings and employment benefits in an amount

21   according to proof at the time of trial;

22

23        b.  Necessary and reasonable attorneys' fees in order to enforce his rights

24   and to obtain benefits due him, all to his further damage in an amount according to

25   proof;

26        c.  Embarrassment, humiliation, emotional distress, mental anguish and

27   severe shock to his nervous system, and thereby sustained serious injuries to his

28   physical and mental health, strength and activity, causing his extreme physical and

4                          COMPLAINT FOR DAMAGES

1   emotional pain, all to his general damage in such amount as may be proven at time of

2   trial. Said amount is within the jurisdiction of the Superior Court of the State of

3   California.

4        d. Medical expenses, the exact nature and extent of which are unknown to

5   PLAINTIFF at this time. PLAINTIFF will seek leave of court to amend this

6   complaint when the same have been ascertained;

7        e. Pre-judgment interest;

8        g. Civil penalties as allowed by law;

9

10       h. Appropriate injunctive relief; and

11       i. All costs allowed by law.

12       16. Because the acts taken toward Plaintiff were carried out in a deliberate,

13   cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff

14   requests the assessment of punitive damages against defendants, and each of them, in

15   an amount appropriate to punish and make an example of defendants.

16       Wherefore, Plaintiff prays for judgment against the defendants as hereinafter set

17   forth.

18                              **PRAYER**

19

20   WHEREFORE, Plaintiff prays for judgment against defendants as follows:

21       1.   For compensatory damages including losses arising from mental and

22   emotional distress and other special and general damages in an amount in excess of

23   $50,000.00 and according to proof at trial;

24       2.   For an award of punitive damages;

25       3.   For attorneys' fees and costs as allowed by law;

26       4.   For penalties and wages under the Labor Code;

27

28       5.   For prejudgment interest on all amounts claimed as allowed by law;

5                           COMPLAINT FOR DAMAGES

6.    For appropriate injunctive relief;

7.    For liquidated damages under the Labor Code; and

8.    For such other and further relief as the Court deems just and proper.

DATED: August _17_, 2007               JAY S. ROTHMAN & ASSOCIATES

                                       MARINA KATS FRAIGUN
                                       Attorney for Plaintiff

6                    COMPLAINT FOR DAMAGES

ORIGINAL

91502

FILED
LOS ANGELES SUPERIOR COURT

AUG 28 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

1  Heather Appleton, Esq. – State Bar No. 162283
   APPLETON, BLADY & MAGNANIMO, LLP
2  12301 Wilshire Boulevard, Suite 202
   Los Angeles, California 90025
3  Telephone:    (310) 474-7022
   Facsimile:    (310) 474-7023
4
5  Attorneys for Plaintiff
   John Trainer
6
                            ... assigned  D - 45
7                           to Judge:   MEL RECANA
8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES

10                     CENTRAL DISTRICT

11  JOHN TRAINER,                    ) CASE NO.:      BC376693
                                     )
12              Plaintiff,           ) PLAINTIFF JOHN TRAINER'S
                                     ) COMPLAINT FOR DAMAGES FOR:
13  vs.                              )
                                     ) 1.  FAILURE TO PAY STATUTORILY
14  COMMUNITY CHEVROLET COMPANY, a   )     MANDATED WAGES;
    California corporation; and DOES 1 through ) 2.  FAILURE TO PROVIDE
15  50, inclusive,                   )     ADEQUATE MEAL AND REST
                                     )     PERIODS (PREMIUM WAGES);
16              Defendants.          ) 3   CONVERSION;
                                     ) 4.  UNFAIR BUSINESS PRACTICES
17  ─────────────────────────────── )

18       Plaintiff John Trainer alleges as follows:

19                     GENERAL ALLEGATIONS

20       1.      At all relevant times, Plaintiff John Trainer ("Plaintiff") was and now is an

21  individual residing in the County of Los Angeles, State of California.

22       2.      At all relevant times, Defendant Community Chevrolet Company ("Defendant")

23  was and now is a corporation, incorporated under the laws of the State of California, and

24  doing business and employing individuals in the County of Los Angeles, State of California.

25       3.      The true names and capacities of Defendants, DOES 1 through 50, inclusive,

26  whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing

27  this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask

28  leave of Court to amend this Complaint to show their true names or capacities when the same have

                                    1
                        COMPLAINT FOR DAMAGES

1  been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the

2  DOE Defendants is, in some manner, responsible for the events and happenings herein set forth

3  and proximately caused injury and damages to Plaintiff as herein alleged.

4      4.      At all times herein mentioned, the Defendants were acting as the agents and/or

5  employees of each of the remaining Defendants, and were, at all times herein mentioned, acting

6  within the scope of said agency and employment, except where alleged or contended otherwise.

7      5.      Whenever in this Complaint reference is made to any act of Defendants, such

8  allegations shall be deemed to mean all named Defendants and DOES 1 through 50, or their

9  officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did

10  or authorized such acts while actively engaged in the operation, management, direction or control

11  of the affairs of Defendants and while acting within the course and scope of their duties.

12                          **FACTUAL ALLEGATIONS**

13      6.      Plaintiff was employed by Defendant as a brake and front-end technician at

14  Defendant's Burbank, California facility from August 6, 1999 until his employment was

15  terminated on February 16, 2007.

16      7.      Plaintiff was paid on a piece-rate basis for each flagged hour of work but was not

17  paid overtime when he worked more than 8 hours in a day or more than 40 hours in a week.

18      8.      Plaintiff was scheduled to work Monday through Friday from 8:00 a.m. to 5:00

19  p.m. Nevertheless, during the last 4 years of Plaintiff's employment, work demands were often

20  such that Plaintiff was required to work until beyond his normal work schedule.

21      9.      Additionally, during the last 4 years of Plaintiff's employment, Plaintiff was not

22  always able to take a full duty-free 30 minute meal period within the first 5 hours of his work day.

23      10.      Plaintiff is informed and believes and based thereon alleges that, for the majority of

24  his employment, Defendant did not keep records of the hours Plaintiff worked.

25      11.      Plaintiff's final rate of pay was $27.00 per hour for flagged hours of work and

26  $75.00 per day for holidays. Vacation pay was calculated using a formula based on an average rate

27  of pay for the last 6 months.

28      12.      Plaintiff's employment was involuntarily terminated by Defendant on February 16,

                                  2

                          **COMPLAINT FOR DAMAGES**

1    2007 after Plaintiff had worked the majority of his scheduled hours that day.  Plaintiff's final
2    paycheck was not delivered to him at the time his employment was terminated.  Instead, Plaintiff
3    did not receive his final check until approximately 7 to 10 days after his employment was
4    terminated.

5         13.     Plaintiff has never been paid any overtime, double-time, or premium pay by
6    Defendant.  Plaintiff did not receive any waiting time penalties after his employment was
7    terminated.

8         14.     During Plaintiff's employment with Defendant, Defendant had a consistent policy
9    of: (1) permitting, encouraging, and/or requiring its mechanics, including Plaintiff, to work in
10    excess of 8 hours per day and in excess of 40 hours per week without paying them overtime
11    compensation as required by California state wage and hour laws; (2) permitting, encouraging,
12    and/or requiring its mechanics, including Plaintiff, to work in excess of 5 hours per day without
13    taking a duty-free meal period of at least 30 minutes; and (3) permitting, encouraging, and/or
14    requiring its mechanics to work without taking required rest breaks.

15         15.     During Plaintiff's employment with Defendant, Defendant compensated its
16    mechanics, including Plaintiff, as if they were exempt from California's overtime pay
17    requirements and refused to pay them overtime, notwithstanding the fact that the mechanics,
18    including Plaintiff, did not meet the criteria required for classification as "exempt" employees.

19         16.     Since at least January 2001, Defendant has failed to furnish its mechanics,
20    including Plaintiff, with timely itemized wage statements accurately showing total hours worked,
21    as required by Labor Code section 226.  Plaintiff is owed $50.00 for the initial pay period in which
22    Defendant failed to provide a statement showing total hours worked and $100.00 for each
23    subsequent pay period, up to a total of $4,000.00.

24    ///
25    ///
26    ///
27    ///
28    ///

3

**COMPLAINT FOR DAMAGES**

           Printed on Recycled Paper

## FIRST CAUSE OF ACTION

## FAILURE TO PAY STATUTORILY MANDATED WAGES/WAITING TIME PENALTIES

### (Against All Defendants)

17.  Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16, inclusive, as though fully set forth herein.

18.  During his employment with Defendant, Plaintiff was required and/or permitted and/or suffered to work hours beyond 8 in a day and/or 40 in a week, which hours were compensable at one and one-half times Plaintiff's regular hourly rate or two times Plaintiff's regular hourly rate, for which Plaintiff was not compensated.

19.  By failing to pay Plaintiff overtime compensation, as alleged above, Defendant has violated and continues to violate California's Wage Orders, which require overtime compensation to non-exempt employees. By failing to keep adequate time records required by Labor Code section 1174(d) and section 7(I) of the Fair Labor Standards Act, Defendants have made it difficult to calculate the overtime compensation due to its mechanics, including Plaintiff.

20.  As a proximate result of Defendant's unlawful acts, Plaintiff has been deprived of overtime and other compensation, and interest thereon, in amounts according to proof at the time of trial.

21.  Labor Code section 201 requires an employer who terminates an employee to pay compensation due and owing to said employee immediately upon termination. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon termination, as required by section 201, the employer is liable for waiting time penalties in the form of continued compensation for up to 30 work days.

22.  Defendant willfully failed and refused, and continue to willfully fails and refuses, to timely pay compensation and wages, including unpaid overtime pay to Plaintiff whose employment was terminated. As a result, Defendant is liable to Plaintiff for waiting time penalties, together with interest thereon and attorneys' fees and costs, pursuant to California Labor Code section 203.

4

Client Files\TRA101\001\00019475.WPD                               Printed on Recycled Paper

1    23.    Plaintiff has also incurred and continue to incur attorneys' fees and legal expenses

2  in an amount according to proof at the time of trial.

3                        **SECOND CAUSE OF ACTION**

4        **FAILURE TO PROVIDE ADEQUATE MEAL AND REST PERIODS**

5                                **(PREMIUM PAY)**

6                              **(Against All Defendants)**

7    24.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16

8  and 18 through 23, inclusive, as though fully set forth herein.

9    25.    Plaintiff regularly worked in excess of 5 hours a day without being afforded a meal

10  period of at least 30 minutes in which he was relieved of all duties, as required by Labor Code

11  sections 226.7 and 512 and the Wage Orders.

12    26.    Plaintiff also regularly worked without taking 10 minute breaks, as required by the

13  Wage Orders.

14    27.    Because Defendant failed to afford proper meal periods, Defendant is liable to

15  Plaintiff for 1 hour of additional pay at the regular rate of compensation ("premium pay") for each

16  occasion that a proper meal period was not provided, pursuant to Labor Code section 226.7 and the

17  Wage Orders.

18    28.    Because Defendant failed to afford proper rest breaks, Defendant is liable to

19  Plaintiff for 1 hour of additional pay at the regular rate of compensation ("premium pay") for each

20  occasion that the proper break period was not provided, pursuant to Labor Code section 226.7 and

21  the Wage Orders.

22    29.    As a proximate result of Defendant's conduct, Plaintiff is entitled to premium pay

23  as set forth above, and interest thereon, in an amount according to proof at the time of trial.

24    30.    Plaintiff has also incurred and continue to incur attorneys' fees and legal expenses

25  in an amount according to proof at the time of trial.

26  ///

27  ///

28  ///

                                     5
Client: Files\TRA\01\001\00019475.WPD                              Printed on Recycled Paper

## THIRD CAUSE OF ACTION

### CONVERSION

### (Against all Defendants)

31.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16, 18 through 23, and 25 through 30, inclusive, as though fully set forth herein.

32.    Plaintiff had an absolute right to paid overtime compensation at the rate of one and one-half times his regular hourly rate for the hours he worked beyond 8 in one day and/or 40 in one week.

33.    Plaintiff had an absolute right to receive 1 hour of premium pay for each day that he missed a meal period, took a meal period after working more than 5 hours in one day, took a meal period of less than 30 minutes, took a meal period that was not duty-free for at least 30 minutes and/or missed a rest break.

34.    Plaintiff has been damaged by Defendant's conduct by unlawful conversion of wages known to be owed to him.

35.    As a proximate result of the conversion by Defendant, Plaintiff is entitled to the return of the wages converted by Defendant in an amount according to proof at the time of trial.

36.    Plaintiff is further entitled to compensation for the time and money expended in pursuit of the converted property.

37.    In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights, and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

### FOURTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES

### (Against all Defendants)

38.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 16, 18 through 23, 25 through 30, and 32 through 37, inclusive, as though fully set forth herein.

39.    Defendant failed to pay Plaintiff legally required wages, including overtime compensation, failed to provide Plaintiff with legally required meal periods and rest breaks, failed

6

**COMPLAINT FOR DAMAGES**

Printed on Recycled Paper

1   to pay Plaintiff premium pay for days in which he did not take his legally required meal period and

2   legally required rest breaks, failed to keep proper time records of the hours worked by Plaintiff as

3   required by Labor Code section 1174, failed to timely furnish Plaintiff with wage statements

4   accurately showing hours worked and failed to fully pay Plaintiff all wages due upon terminating

5   his employment.

6        40.    Defendant's conduct, as alleged above, constitutes unlawful, unfair and fraudulent

7   activity prohibited by Business and Professions Code sections 17200, et seq.

8        41.    Defendant has also attempted to annoy, harass, oppress, hinder, delay and/or

9   defraud Plaintiff from obtaining the wages owed to him in violation of Labor Code section 216.

10       42.    As a result of its improper acts, Defendant has reaped and continues to reap unfair

11  benefits and illegal profits at Plaintiff's expense. Defendant should be enjoined from this activity

12  and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages

13  and related premium pay and/or penalties, pursuant to Business and Professions Code section

14  17203.

15                         **PRAYER FOR RELIEF**

16      WHEREFORE, Plaintiff requests the following relief:

17      1.    That the Court find that Defendant's violations as described above are found to

18  have been willful;

19      2.    That the Court award to Plaintiff damages for the amount of unpaid wages,

20  including premium pay, subject to proof at trial;

21      3.    That Defendant be ordered and enjoined to pay restitution to Plaintiff based on

22  Defendant's unlawful, unfair and fraudulent activities, pursuant to Business and Professions Code

23  sections 17200-17205;

24      4.    That Defendant further be enjoined to cease and desist from unlawful activities in

25  violation of Business and Professions Code sections 17200, et seq.;

26      5.    For disgorgement through restitution of all ill-gotten and/or ill-gained profits,

27  including unpaid wages, premium pay and/or penalties, resulting from Defendant's unfair business

28  practices pursuant to Business and Professions Code sections 17200-17205;

**COMPLAINT FOR DAMAGES**

Client Files\TRA\01\001\00019475.WPD                                         Printed on Recycled Paper

1      6.     For unpaid wages and penalties;

2      7.     For interest on all unpaid wages and penalties;

3      8.     That Plaintiff be awarded reasonable attorneys' fees where available by law,

4 including but not limited to pursuant to Labor Code section 1194;

5      9.     For costs of suit incurred herein;

6     10.     Prejudgment and post-judgment interest as available by law; and

7     11.     For such other and further relief as this Court may deem just and proper.

8                              **DEMAND FOR JURY TRIAL**

9     Plaintiff hereby demands a jury trial of all causes of action and claims with respect to

10 which he has a right to jury trial.

11

12 DATED: August 27, 2007             **APPLETON, BLADY & MAGNANIMO, LLP**

13

14                          By:

15                               HEATHER APPLETON
                                       Attorneys for Plaintiff
                                       John Trainer

16

17

18

19

20

21

22

23

24

25

26

27

28

8

Client Files\TRA101\001\0019475.WPD                                         Printed on Recycled Paper

1   APPELL | HILAIRE | BENARDO LLP
    Barry M. Appell, Esq. (CSB #174324)
2   Stephen M. Benardo, Esq. (CSB #160239)
    Jordan A. Gropack, Esq. (CSB #245249)
3   15233 Ventura Boulevard, Suite 420
    Sherman Oaks, California 91403
4   Telephone:    818-788-2300
    Facsimile:    818-788-2464
5
    Attorneys for
6   LUZ A. SANDOVAL

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 2 9 2007

John A. Clarke,
By _____ Deputy

7                           Case assigned to *dept.69*
8                           Judge *Edward A. Ferns*

    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9   FOR THE COUNTY OF LOS ANGELES

10

11  LUZ A. SANDOVAL, an individual,            CASE NO.    BC376783

12                  Plaintiff,                 Assigned to:

13          vs.                                Complaint for:

14  SIGMA FOODS, INC., a Delaware corporation;     1.  UNPAID OVERTIME;
15  and Does 1 through 50, inclusive,              2.  FAILURE TO PROVIDE MEAL
                                                       AND REST BREAKS;
16                  Defendants.                    3.  FAILURE TO REIMBURSE
                                                       FOR EXPENSES (Labor Code
17                                                     Section 2802);
                                                   4.  WAITING TIME PENALTIES
18                                                     (Labor Code Section 203);
                                                   5.  FAILURE TO FURNISH
19                                                     TIMELY AND ACCURATE
                                                       WAGE STATEMENTS;
20                                                 6.  FAILURE TO PERMIT
                                                       INSPECTION OR COPYING OF
21                                                     EMPLOYMENT RECORDS;
                                                       AND
22                                                 7.  UNFAIR BUSINESS
                                                       PRACTICES (*B&P Code* Section
23                                                     17200 et seq.);

24

25      Plaintiff LUZ A. SANDOVAL complains and pleads as follows:

26                          **GENERAL ALLEGATIONS**

27      1.      At all relevant times, Plaintiff LUZ A. SANDOVAL ("Plaintiff") was and now is an

28  individual residing in the City and County of Los Angeles, State of California.

{AH108320.DOC}                      - 1 -
                          COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1    2.    Plaintiff is informed and believes and based thereon alleges that at all relevant times

2    herein, Defendant SIGMA FOODS, INC. ("Sigma") was and now is a corporation organized and

3    existing under the laws of the State of Delaware, with its principal place of business located in

4    Houston, Texas, and with several locations in California, including one in Los Angeles, California.

5    3.    Plaintiff is informed and believes and based thereon alleges that each Defendant was

6    the agent and employee of its Co-Defendants, and in doing the things alleged in this Complaint was

7    acting within the course and scope of that agency and employment.

8    4.    The true names and capacities of Defendants sued herein as Does 1 through 50,

9    inclusive, are unknown to Plaintiff, but Plaintiff will amend this Complaint when and if the true

10    names of said Defendants become known to her. Plaintiff is informed and believes and based

11    thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner for

12    the events and happenings herein set forth and proximately caused injury and damages, and any

13    reference to "Defendant" shall mean "Defendant and each of them."

14    5.    Plaintiff, who was originally from Mexico, worked for Sigma Alimentos in Mexico.

15    Plaintiff is informed and believes and based thereon alleges that Sigma Alimentos is the parent

16    corporation of Sigma. In or around 2002, Sigma Alimentos established a separate corporation in

17    the United States which began operations in the United States. Sigma brought Plaintiff and other

18    workers from Mexico to work for them in the United States. Sigma produces and sells meats,

19    cheeses, and prepared foods which are marketed primarily towards Hispanic consumers in the

20    United States. At all relevant times herein, Sigma has had employees stationed at stores

21    throughout California, and sells its products to stores and markets throughout California.

22    6.    Plaintiff worked for Sigma in the greater Los Angeles area, from approximately

23    2002 until her employment ended in approximately August 2007. Plaintiff was given the title of

24    Trainer. However, Plaintiff rarely trained any other employees during her tenure with Sigma.

25    Rather, Plaintiff's job consisted of traveling to various stores and markets around the Los Angeles

26    area, wherever she was directed to go by Sigma, and to demonstrate various food products

27    produced by Sigma. Plaintiff handed out food samples of Sigma's products to the customers of the

28    stores where she was stationed and answered questions about the products.

{AH108320.DOC}    - 2 -
COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1    7.    Plaintiff was required to work long hours without being paid for overtime and

2    without being allowed to take lawful meal and rest breaks. Plaintiff is informed and believes and

3    based thereon alleges, that Sigma's regular practice was to bring people from Latin American

4    countries such as Mexico, and to exploit these workers by depriving them of the protections of

5    wage and hour laws, which are provided to other employees. Plaintiff is further informed and

6    believes and based thereon alleges, that at times, Sigma brings these Latin American workers to the

7    United States on tourist visas and has them work for Sigma illegally in the United States.

8                                **FIRST CAUSE OF ACTION**

9                                  **UNPAID OVERTIME**

10                                **(Against All Defendants)**

11    8.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 7,

12    inclusive, of this Complaint as though fully set forth herein.

13    9.    Plaintiff was regularly required to work in excess of 8 hours per day and/or 40 hours

14    per week. Plaintiff was regularly required to work in excess of 12 hours per day and 6 or 7 days

15    per week.

16    10.   Plaintiff did not fall within any of the exemptions for overtime pay set forth in the

17    wage orders promulgated by California's Industrial Welfare Commission. Defendants have failed

18    to pay Plaintiff overtime and double-time premium pay for all hours she worked as required by

19    California law.

20    11.   As a result of the unlawful acts of Defendants, and each of them, Plaintiff has been

21    deprived of overtime and double-time premium pay she is owed in amounts to be proven at trial,

22    and Plaintiff is entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and

23    costs pursuant to Labor Code sections 218.5 and 1194.

24                            **SECOND CAUSE OF ACTION**

25                **FAILURE TO PROVIDE MEAL AND REST BREAKS**

26                                **(Against all Defendants)**

27    12.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 11,

28    inclusive, of this Complaint as though fully set forth herein.

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108320.DOC}                                - 3 -

1    13.    Plaintiff regularly worked in excess of ten hours in a day without being provided

2    with two meal periods in which she was relieved of all duties for at least thirty minutes. Such meal

3    periods are required by California Labor Code sections 226.7 and 512, and California Wage

4    Orders.

5    14.    Plaintiff regularly worked in excess of four hours in a day without being provided a

6    rest break in which she was relieved of all duties for at least ten minutes for every four hours, as

7    required by Labor Code section 226.7.

8    15.    Pursuant to Labor Code section 226.7, Defendants are liable to Plaintiff for one hour

9    of additional premium pay at the regular rate of compensation for each day in which the proper

10    meal periods were not provided and for one hour of additional premium pay at the regular rate of

11    compensation for each day in which the proper rest breaks were not provided. In addition, Plaintiff

12    is entitled to interest, penalties, attorneys' fees, and costs, pursuant to California Labor Code

13    sections 218.5, 218.6, 226.7, 512, and 558.

14    **THIRD CAUSE OF ACTION**

15    **FAILURE TO REIMBURSE FOR EXPENSES**

16    **(Against All Defendants)**

17    16.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 15,

18    inclusive, of this Complaint as though fully set forth herein.

19    17.    During her employment, Plaintiff was required to travel to the various stores and

20    markets where she was assigned by Defendants throughout Los Angeles.

21    18.    Despite the expense of driving a car for work purposes, Defendants failed to

22    reimburse Plaintiff for the gas, wear and tear, and insurance expenses of these commutes, except on

23    a few occasions. Labor Code section 2802 requires employers to indemnify employees for all

24    necessary expenditures incurred by the employee in the discharge of his or her duties.

25    19.    Defendants are liable to Plaintiff for the expenses incurred by Plaintiff in the course

26    of her employment with Sigma, including but not limited to traveling to and from stores for

27    Defendants, plus interest, and attorney's fees and costs pursuant to Labor Code section 2802(c).

28    ///

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108320.DOC}                                    - 4 -
                                              **COMPLAINT**

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Against All Defendants)

20.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 19, inclusive, of this Complaint as though fully set forth herein.

21.    Labor Code section 203 provides that an employer who willfully fails to pay wages of an employee who is discharged or quits, is liable for waiting time penalties in the form of continued compensation at the employee's daily wage rate for up to 30 days.

22.    Defendants willfully failed and refused, and continue to willfully fail and refuse to pay to Plaintiff her unpaid overtime wages. As a result, Defendants are liable to Plaintiff for waiting time penalties, together with interest thereon pursuant to Labor Code section 203.

## FIFTH CAUSE OF ACTION

## FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS

### (Against All Defendants)

23.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24.    California Labor Code section 226(a) requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with an accurate itemized statement in writing showing, inter alia, gross and net wages earned, total hours worked, and all applicable hourly rates and the number of hours she worked at each rate. California Labor Code section 226(e) provides that if an employer knowingly and intentionally fails to furnish an employee with a timely accurate itemized statement, then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs, and $100 for each violation in a subsequent pay period, up to $4,000.

25.    Defendants knowingly and intentionally failed to furnish Plaintiff with timely accurate itemized statements which set forth the amount she had earned at the various rates and the number of hours worked. As a result, Defendants are liable to Plaintiff for the penalties, together with attorneys' fees and costs, pursuant to California Labor Code section 226(e).

{AH108320.DOC}

- 5 -

COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

## SIXTH CAUSE OF ACTION

## FAILURE TO PERMIT INSPECTION OR COPYING OF EMPLOYMENT RECORDS

### (Against All Defendants)

26.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27.    California Labor Code sections 226(b) and (c) require an employer to permit a current or former employee to inspect or copy certain employment records upon reasonable request, as soon as practicable, but in no event later than 21 days after the request. California Labor Code section 226(f) provides that an employee aggrieved by a violation of section 226(c) is entitled to recover a $750 penalty from the employer. In addition, Labor Code sections 1198.5 and 1776 require an employer to allow an employee to inspect various personnel records.

28.    On July 20, 2007, Plaintiff requested that Defendants allow her to inspect or copy her personnel and payroll records. Defendants refused to permit Plaintiff to inspect or copy her employment records upon her reasonable request to do so. Therefore, Defendants are liable to Plaintiff in the amount set forth in California Labor Code section 226(f), plus attorney's fees and costs pursuant to Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES (B&P Code Section 17200 et seq.)

### (Against All Defendants)

29.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 28, inclusive, of this Complaint as though fully set forth herein.

30.    By the conduct described above, Defendants have violated the provisions of the Unfair Competition Law, codified at Business and Professions Code sections 17200 et seq., by engaging in unfair, unlawful, and fraudulent activity.

31.    Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices. Plaintiff is therefore entitled to restitution of any and all monies received by Defendants, and each of them, while engaged in such practices.

32.    As a result, Plaintiff is entitled to restitution of her unpaid overtime plus unpaid

{AH108320.DOC}                                    - 6 -
COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1    premium time for Defendants' failure to provide adequate meal periods and rest periods,

2    reimbursement of her expenses, in addition to interest, penalties, reasonable attorneys' fees and

3    costs, pursuant to Business and Professions Code section 17200 et seq.

4                                    **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of

6    them, according to proof, as follows:

7          a.    For unpaid overtime and double-time premium wages according to proof at the time

8                of trial;

9          b.    For reimbursement of expenses;

10         c.    For statutory penalties pursuant to the Labor Code, including but not limited to,

11               sections 226(e), 226(f), 226.7, 203, 558, and 1194.2;

12         d.    For interest at the maximum legal rate;

13         e.    For reasonable attorney's fees pursuant to statutes;

14         f.    For costs of suit incurred herein;

15

16    Dated: August 28, 2007                    Appell | Hilaire | Benardo LLP

17

18                                         By _____
                                               BARRY M. APPELL
19                                             Attorney for Plaintiff Luz A. Sandoval

20

21

22

23

24

25

26

27

28

{AH108320.DOC}                              - 7 -
                                          **COMPLAINT**

Appell | Hilaire | Benardo LLP
Attorneys at Law

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on the claims so triable.

Dated: August 28, 2007                                   Appell | Hilaire | Benardo LLP

                                                   By
                                                      BARRY M. APPELL
                                                      Attorney for Plaintiff Luz A. Sandoval

{AH108320.DOC}                         - 8 -
                                    COMPLAINT

APPELL | HILAIRE | BENARDO LLP
Mika M. Hilaire, Esq. (CSB #212263)
Jordan A. Gropack, Esq. (CSB #245249)
15233 Ventura Boulevard, Suite 420
Sherman Oaks, California 91403
Telephone:    818-788-2300
Facsimile:    818-788-2464

Attorneys for
MAURO BORDOVSKY

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 30 2007

JOHN A. CLARKE, CLERK

BY EDUARDO CHANES, DEPUTY

Case assigned  D. 30
to Judge ELIZABETH A. GRIMES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MAURO BORDOVSKY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CEDARS-SINAI MEDICAL CENTER, a California corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.   BC376814<br><br>Assigned to:<br><br>**Complaint for:**<br><br>1. UNPAID OVERTIME;<br>2. FAILURE TO PROVIDE MEAL BREAKS; and<br>3. WAITING TIME PENALTIES |

Plaintiff MAURO BORDOVSKY complains and pleads as follows:

## GENERAL ALLEGATIONS

1.    At all relevant times, Plaintiff MAURO BORDOVSKY ("Plaintiff") is an individual residing in the County of Los Angeles, State of California.

2.    At all relevant times, Defendant CEDARS-SINAI MEDICAL CENTER ("") was and now is a corporation organized and existing under the laws of the State of California with its principal place of business located at 8700 Beverly Boulevard, Los Angeles, CA 90048.

3.    Plaintiff is informed and believes and based thereon alleges that each Defendant was

{AH108348.DOC}                          - 1 -
                                     COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1    the agent and employee of its Co-Defendants, and in doing the things alleged in this Complaint was

2    acting within the course and scope of that agency and employment.

3    4.    The true names and capacities of Defendants sued herein as Does 1 through 50,

4    inclusive, are unknown to Plaintiff, but Plaintiff will amend this Complaint when and if the true

5    names of said Defendants become known to him. Plaintiff is informed and believes and based

6    thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner for

7    the events and happenings herein set forth and proximately caused injury and damages, and any

8    reference to "Defendant" shall mean "Defendant and each of them."

9    5.    Plaintiff began his employment at Cedars in November 1994, and received several

10    promotions in his first year of employment. By 1996, he held the title of Systems Analyst.

11    Plaintiff's duties largely centered around the JAMIS computer system until approximately July

12    2003.

13    6.    In or around July 2003, Cedars was preparing for a complete overhaul of its

14    information systems, with the implementation of the PeopleSoft system. Plaintiff was responsible

15    for not only doing his usual tasks, but was now also required to attend multiple, lengthy meetings

16    to discuss how the new system worked and how to complete the transition from the JAMIS system.

17    This meant even longer hours for Plaintiff who now was forced to work weekends in order to meet

18    his deadlines. On April 5, 2004, PeopleSoft went live. Plaintiff worked at Cedars until February

19    16, 2006.

20    7.    Throughout the course of his employment, Plaintiff was treated as an exempt

21    employee for overtime purposes and was not paid anything for the hours he worked beyond forty

22    hours in a week or eight hours in a day.

23    8.    Plaintiff's employment did not fall under any of the overtime exemptions under

24    California law. During most of his employment, Plaintiff would spend more than 50% of his time

25    providing technical support, i.e. troubleshooting for Cedars. The majority of his remaining time

26    was spent compiling information for reports when doctors or other persons would request them.

27    Generally, Plaintiff would also respond to telephone calls and emails from Cedars' employees who

28    needed assistance in operating their computers. During the time period in which Peoplesoft was

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108348.DOC}    - 2 -

COMPLAINT

1  being implemented, Plaintiff spent much of his time learning the system and creating reports and

2  data sheets, at the direction of others, that were utilized to test the new software.

3      9.    At no time during Plaintiff's employment did he perform tasks that would place him

4  within any overtime exemption, such as the administrative, executive, or highly-skilled computer

5  employee exemption. The executive exemption clearly does not apply because Plaintiff did not

6  supervise any other employees. Likewise, the administrative exemption is not applicable. Plaintiff

7  had little discretion over how his time was spent at work. He was directed by Mr. Meltzer to

8  complete specific tasks on a daily basis. He was not permitted to exercise independent judgment

9  and had to have all decisions approved by his immediate supervisor, Mr. Meltzer. He merely

10  applied his computer-related knowledge to the set of parameters developed by others at Cedars.

11  The decision by the California Court of Appeals in Harris v. Liberty Mutual, (2007) Cal. App.

12  LEXIS 1352, is instructive on the issue concerning discretion and independent judgment. The

13  Harris court noted that just because an employee sometimes makes important decisions, it does not

14  mean that they *regularly* exercise discretion and independent judgment, as the exemption requires.

15  Plaintiff did not regularly exercise such discretion and independent judgment.

16      10.    Further, Plaintiff's job duties required him to be regularly engaged in the operation

17  of computers, placing outside of any computer-related exemptions.

18      11.    On April 27, 2007, Plaintiff and Cedars entered into a tolling agreement whereby all

19  of Plaintiff's claims for wage an hour violations were tolled, for statutes of limitations purposes, as

20  of April 5, 2007. The agreement to toll the statute of limitations was subsequently extended three

21  times. The last of these agreements expired on August 17, 2007. True and correct copies of all

22  four of these agreements are attached hereto as Exhibit "A".

### FIRST CAUSE OF ACTION

### UNPAID OVERTIME

#### (Against all Defendants)

    12.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 11, inclusive, of this Complaint as though fully set forth herein.

    13.    Plaintiff's employment did not fall within any of the exemptions for overtime pay

{AH108348.DOC}    - 3 -

COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1  set forth in the California Wage Orders. Defendants have failed to pay Plaintiff overtime premium

2  pay for all hours he worked in excess of eight hours in a day and forty hours in a week as required

3  by California law.

4        14.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of

5  overtime pay he is owed under California law, in an amount to be proven at trial, and Plaintiff is

6  entitled to recovery of such amount, plus interest, penalties, attorneys' fees, and costs, pursuant to

7  California Labor Code sections 218.5, 218.6, 558, and 1194.

8                          **SECOND CAUSE OF ACTION**

9                      **FAILURE TO PROVIDE MEAL BREAKS**

10                           **(Against all Defendants)**

11       15.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 14,

12  inclusive, of this Complaint as though fully set forth herein.

13       16.     Plaintiff regularly worked in excess of five hours in a day without being provided a

14  meal period in which he was relieved of all duties for at least thirty minutes. Such meal periods are

15  required by California Labor Code sections 226.7 and 512, and California Wage Orders.

16       17.     Pursuant to Labor Code section 226.7, Defendants are liable to Plaintiff for one hour

17  of additional premium pay at the regular rate of compensation for each day in which the proper

18  meal period was not provided. In addition, Plaintiff is entitled to interest, penalties, attorneys' fees,

19  and costs, pursuant to California Labor Code sections 218.5, 218.6, 226.7, 512, and 558.

20                           **THIRD CAUSE OF ACTION**

21                       **WAITING TIME PENALTIES**

22                           **(Against all Defendants)**

23       18.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 17,

24  inclusive, of this Complaint as though fully set forth herein.

25       19.     Labor Code Section 203 provides that an employer who willfully fails to pay wages

26  of an employee who is discharged or quits, is liable for waiting time penalties in the form of

27  continued compensation at the employee's daily wage rate for up to 30 days.

28       20.     Defendants willfully failed and refused, and continue to willfully fail and refuse to

{AH108348.DOC}                          - 4 -
                                   COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

1  pay to Plaintiff his unpaid wages, overtime, and reimbursements. As a result, Defendants are liable

2  to Plaintiff for waiting time penalties, together with interest thereon and attorney's fees and costs,

3  pursuant to Labor Code Section 203.

## PRAYER FOR RELIEF

5    WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of

6  them, according to proof, as follows:

7    a.    For unpaid wages according to proof at the time of trial;

8    b.    For statutory penalties pursuant to Labor Code Sections 218.5, 218.6, 226.7, 512,

9          558, 1194 and 203;

10   c.    For interest at the maximum legal rate;

11   d.    For reasonable attorney's fees;

12   e.    For costs of suit incurred herein;

13   f.    For exemplary and punitive damages; and

14   g.    For such other and further relief as the Court may deem just and proper.

16  Dated: August 29, 2007                    Appell | Hilaire | Benardo LLP

18                                      By _____
                                            JORDAN A. GROPACK
19                                          Attorney for Plaintiff Mauro Bordovsky

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108348.DOC}                          - 5 -
                                      COMPLAINT

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby requests a jury trial on the claims so triable.

3

4    Dated: August 29, 2007                          Appell | Hilaire | Benardo LLP

5
                                                     By _____
6                                                        JORDAN A. GROPACK
                                                         Attorney for Plaintiff Mauro Bordovsky
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{AH108348.DOC}                          - 6 -
                                      COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

## AGREEMENT TOLLING STATUTES OF LIMITATION

1. This is an agreement ("Agreement") between Mauro Bordovsky ("Bordovsky") and Cedars Sinai Medical Center ("Cedars") (collectively the "Parties").

2. Bordovsky alleges certain claims against Cedars which arose out of, are related to, or connected with Bordovsky's employment with Cedars, and/or its affiliated companies and/or predecessor companies. These claims concern wage and hour violations, including, but not limited to the failure to pay overtime and waiting time penalties.

3. The Parties hereby agree that all wage and hour claims, as set forth in paragraph 2 above, that Bordovsky could bring against Cedars and/or its affiliated and predecessor companies are tolled from April 5, 2007 until June 26, 2007.

4. The Parties enter into this Agreement for the purpose of allowing the Parties and their attorneys to conduct due diligence on the merits of Bordovsky's claims and for the purpose of attempting to resolve Bordovsky's claims. No admission of liability is expressed by or shall be inferred from this Agreement.

5. This Agreement shall remain in effect until June 26, 2007. Bordovsky or Cedars may terminate this Agreement if either party gives the other party's counsel written notice of the intent to withdraw the consent to the continued tolling of the statutes of limitation pursuant to this Agreement.

6. This Agreement shall not be offered or received in evidence, nor shall it be admissible or used in any trial or other proceeding, except in reference to a claim or defense that a statute of limitations has run.

7. Each party or agent of a party executing this Agreement acknowledges and represents that he or she has full authority to execute and enter into this Agreement.

8. This Agreement shall bind and inure to the benefit of each party hereto, their predecessors, successors, assigns, partners, employees, and agents.

9. This Agreement contains the entire agreement as it relates to the tolling of the statute of limitations between the Parties as to the wage and hour claims of Bordovsky and may not be altered, amended, or modified in any respect, except by a writing executed by all Parties. All prior agreements or understandings as it relates to the tolling of the statutes of limitations for Bordovsky's claims of wage and hour violations, whether oral or in writing, are expressly superseded by this Agreement and are of no further effect.

10. This Agreement shall be governed by the law of the State of California.

11. This Agreement may be executed in counterparts. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original. Collectively, the signed counterparts shall constitute one agreement which shall be binding upon and effective as to all Parties.

{AH107090.DOC}



12. A signed copy of this Agreement transmitted by facsimile or e-mail shall have the same force and effect as an original document bearing an original signature.

Dated: 4/27/07

On behalf of Mauro Bordovsky:

_____

Jordan A. Gropack
Appell | Hilaire | Benardo LLP
Attorneys for Mauro Bordovsky

Dated: 4/27/07

On behalf of Cedars Sinai Health Systems:

_____

Roger M. Mansukhani or Gina Haggerty
Gordon & Rees LLP
Attorneys for Cedars Sinai Health Systems

{AH107090.DOC}

## AGREEMENT TOLLING STATUTES OF LIMITATION

1. This is an agreement ("Agreement") between Mauro Bordovsky ("Bordovsky") and Cedars Sinai Medical Center ("Cedars") (collectively the "Parties").

2. Bordovsky alleges certain claims against Cedars which arose out of, are related to, or connected with Bordovsky's employment with Cedars, and/or its affiliated companies and/or predecessor companies. These claims concern wage and hour violations, including, but not limited to the failure to pay overtime and waiting time penalties.

3. The Parties hereby agree that all wage and hour claims, as set forth in paragraph 2 above, that Bordovsky could bring against Cedars and/or its affiliated and predecessor companies are tolled from April 5, 2007 until July 26, 2007.

4. The Parties enter into this Agreement for the purpose of allowing the Parties and their attorneys to conduct due diligence on the merits of Bordovsky's claims and for the purpose of attempting to resolve Bordovsky's claims. No admission of liability is expressed by or shall be inferred from this Agreement.

5. This Agreement shall remain in effect until July 26, 2007. Bordovsky or Cedars may terminate this Agreement if either party gives the other party's counsel written notice of the intent to withdraw the consent to the continued tolling of the statutes of limitation pursuant to this Agreement.

6. This Agreement shall not be offered or received in evidence, nor shall it be admissible or used in any trial or other proceeding, except in reference to a claim or defense that a statute of limitations has run.

7. Each party or agent of a party executing this Agreement acknowledges and represents that he or she has full authority to execute and enter into this Agreement.

8. This Agreement shall bind and inure to the benefit of each party hereto, their predecessors, successors, assigns, partners, employees, and agents.

9. This Agreement contains the entire agreement as it relates to the tolling of the statute of limitations between the Parties as to the wage and hour claims of Bordovsky and may not be altered, amended, or modified in any respect, except by a writing executed by all Parties. All prior agreements or understandings as it relates to the tolling of the statutes of limitations for Bordovsky's claims of wage and hour violations, whether oral or in writing, are expressly superseded by this Agreement and are of no further effect.

10. This Agreement shall be governed by the law of the State of California.

11. This Agreement may be executed in counterparts. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original. Collectively, the signed counterparts shall constitute one agreement which shall be binding upon and effective as to all Parties.

{AH107686.DOC}

12. A signed copy of this Agreement transmitted by facsimile or e-mail shall have the same force and effect as an original document bearing an original signature.

Dated: 6/21/07

On behalf of Mauro Bordovsky:

Jordan A. Gropack
Appell | Hilaire | Benardo LLP
Attorneys for Mauro Bordovsky

Dated: 6/26/07

On behalf of Cedars Sinai Health Systems:

Roger M. Mansukhani or Gina Haggerty
Gordon & Rees LLP
Attorneys for Cedars Sinai Health Systems

{AH107686.DOC}

## AGREEMENT TOLLING STATUTES OF LIMITATION

1. This is an agreement ("Agreement") between Mauro Bordovsky ("Bordovsky") and Cedars Sinai Medical Center ("Cedars") (collectively the "Parties").

2. Bordovsky alleges certain claims against Cedars which arose out of, are related to, or connected with Bordovsky's employment with Cedars, and/or its affiliated companies and/or predecessor companies. These claims concern wage and hour violations, including, but not limited to the failure to pay overtime and waiting time penalties.

3. The Parties hereby agree that all wage and hour claims, as set forth in paragraph 2 above, that Bordovsky could bring against Cedars and/or its affiliated and predecessor companies are tolled from April 5, 2007 until August 9, 2007.

4. The Parties enter into this Agreement for the purpose of allowing the Parties and their attorneys to conduct due diligence on the merits of Bordovsky's claims and for the purpose of attempting to resolve Bordovsky's claims. No admission of liability is expressed by or shall be inferred from this Agreement.

5. This Agreement shall remain in effect until August 9, 2007. Bordovsky or Cedars may terminate this Agreement if either party gives the other party's counsel written notice of the intent to withdraw the consent to the continued tolling of the statutes of limitation pursuant to this Agreement.

6. This Agreement shall not be offered or received in evidence, nor shall it be admissible or used in any trial or other proceeding, except in reference to a claim or defense that a statute of limitations has run.

7. Each party or agent of a party executing this Agreement acknowledges and represents that he or she has full authority to execute and enter into this Agreement.

8. This Agreement shall bind and inure to the benefit of each party hereto, their predecessors, successors, assigns, partners, employees, and agents.

9. This Agreement contains the entire agreement as it relates to the tolling of the statute of limitations between the Parties as to the wage and hour claims of Bordovsky and may not be altered, amended, or modified in any respect, except by a writing executed by all Parties. All prior agreements or understandings as it relates to the tolling of the statutes of limitations for Bordovsky's claims of wage and hour violations, whether oral or in writing, are expressly superseded by this Agreement and are of no further effect.

10. This Agreement shall be governed by the law of the State of California.

11. This Agreement may be executed in counterparts. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original. Collectively, the signed counterparts shall constitute one agreement which shall be binding upon and effective as to all Parties.

{AH00944.DOC}

12. A signed copy of this Agreement transmitted by facsimile or e-mail shall have the same force and effect as an original document bearing an original signature.

Dated: 7|26|07

On behalf of Mauro Bordovsky:

Jordan A. Gropack
Appell / Hilaire | Benardo LLP
Attorneys for Mauro Bordovsky

Dated: 7/26/07

On behalf of Cedars Sinai Health Systems:

Christopher Cato
Gordon & Rees LLP
Attorneys for Cedars Sinai Health Systems

LA11079946.DOC}

## AGREEMENT TOLLING STATUTES OF LIMITATION

1. This is an agreement ("Agreement") between Mauro Bordovsky ("Bordovsky") and Cedars Sinai Medical Center ("Cedars") (collectively the "Parties").

2. Bordovsky alleges certain claims against Cedars which arose out of, are related to, or connected with Bordovsky's employment with Cedars, and/or its affiliated companies and/or predecessor companies. These claims concern wage and hour violations, including, but not limited to the failure to pay overtime and waiting time penalties.

3. The Parties hereby agree that all wage and hour claims, as set forth in paragraph 2 above, that Bordovsky could bring against Cedars and/or its affiliated and predecessor companies are tolled from April 5, 2007 until August 17, 2007.

4. The Parties enter into this Agreement for the purpose of allowing the Parties and their attorneys to conduct due diligence on the merits of Bordovsky's claims and for the purpose of attempting to resolve Bordovsky's claims. No admission of liability is expressed by or shall be inferred from this Agreement.

5. This Agreement shall remain in effect until August 17, 2007. Bordovsky or Cedars may terminate this Agreement if either party gives the other party's counsel written notice of the intent to withdraw the consent to the continued tolling of the statutes of limitation pursuant to this Agreement.

6. This Agreement shall not be offered or received in evidence, nor shall it be admissible or used in any trial or other proceeding, except in reference to a claim or defense that a statute of limitations has run.

7. Each party or agent of a party executing this Agreement acknowledges and represents that he or she has full authority to execute and enter into this Agreement.

8. This Agreement shall bind and inure to the benefit of each party hereto, their predecessors, successors, assigns, partners, employees, and agents.

9. This Agreement contains the entire agreement as it relates to the tolling of the statute of limitations between the Parties as to the wage and hour claims of Bordovsky and may not be altered, amended, or modified in any respect, except by a writing executed by all Parties. All prior agreements or understandings as it relates to the tolling of the statutes of limitations for Bordovsky's claims of wage and hour violations, whether oral or in writing, are expressly superseded by this Agreement and are of no further effect.

10. This Agreement shall be governed by the law of the State of California.

11. This Agreement may be executed in counterparts. When each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original. Collectively, the signed counterparts shall constitute one agreement which shall be binding upon and effective as to all Parties.

{XH105213.DOC}

12. A signed copy of this Agreement transmitted by facsimile or e-mail shall have the same force and effect as an original document bearing an original signature.

Dated: 8/9/07

On behalf of Mauro Bordovsky:

_____

Jordan A. Gropack
Appell | Hilaire | Benardo LLP
Attorneys for Mauro Bordovsky

Dated: 8/14/07

On behalf of Cedars Sinai Health Systems:

_____

Christopher Cato
Gordon & Rees LLP
Attorneys for Cedars Sinai Health Systems

{AH106213.DOC}

1 | Michael D. Myers, Esq.,  [SBN: 086996]
Alan L. Siegel, Esq.,    [SBN: 120156]
2 | MYERS & SIEGEL, P.C.
675 W.  Foothill Blvd., Suite 200
3 | Claremont, California 91711
(909) 398-4200
4 | (909) 398-4220 Facsimile
Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

AUG 30 2007

JOHN A. CLARKE CLERK

BY EDUARDO CHANES, DEPUTY

case assigned
to judge

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

BC376754

| | |
|---|---|
| 10 SALOME MENA,<br><br>11    Plaintiff<br><br>12    v.<br><br>13 HAKUSHO USA, INC., A California<br>Corporation, INDIVIDUALLY AND<br>14 DOING BUSINESS AS L.A. CITY<br>MARKET; YOURS HAKUSHO, INC., A<br>15 California Corporation; HAKUSHO<br>USA and DOES 1 TO 50,<br>16 inclusive.<br><br>17    Defendant(s) | Case No.<br>(Unlimited Jurisdiction)<br><br>COMPLAINT FOR DAMAGES AND<br>PENALTIES FOR:<br><br>1.  Failure to Pay Overtime<br>    Wages per Labor Code §510<br><br>2.  Failure to Maintain<br>    Records per Labor Code §226<br><br>3.  Failure to Pay Wages For<br>    All Hours Worked<br><br>4.  Waiting Time Penalties<br>    Under Labor Code §203<br><br>5.  Failure to Provide Meal<br>    and Rest Breaks Under<br>    Labor  Code Sections<br>    512 and 226.7<br><br>6.  Unlawful Business<br>    Practices per Business and<br>    Professions Code §§<br><br>DEMAND FOR JURY TRIAL |

Plaintiff SALOME MENA alleges as follows:

////

////

1

COMPLAINT FOR DAMAGES

1                                    I.

2                              THE PARTIES

3      1.   This is an action for unpaid wages, premium overtime pay

4  and statutory penalties brought by plaintiff SALOME MENA against

5  defendants HAKUSHO USA, INC., A CALIFORNIA CORPORATION,

6  INDIVIDUALLY AND DOING BUSINESS AS L.A. CITY MARKET, YOURS

7  HAKUSHO, INC., A CALIFORNIA CORPORATION, and HAKUSHO

8  USA, (hereinafter "Defendants"), arising from plaintiff's

9  employment by said Defendants.  Plaintiff, SALOME MENA's

10  (hereinafter "MENA") employment by Defendants began in or about

11  February, 2004.  His employment was terminated in or about May

12  2006.

13      2.   MENA is, and at all times herein mentioned was, a person

14  residing in the State of California, County of Los Angeles.

15      3.   Plaintiff is informed and believes and thereon alleges

16  that HAKUSHO USA, INC., is and at all times herein mentioned was,

17  a corporation organized and existing pursuant to the laws of the

18  State of California.  L.A. CITY MARKET, is, and at all times

19  herein mentioned was, a business organization, the form of which

20  is currently unknown.  YOURS HAKUSHO, INC., is and at all times

21  herein mentioned was, a corporation organized and existing

22  pursuant to the laws of the State of California. HAKUSHO USA, is,

23  and at all times herein mentioned was, a business organization,

24  the form of which is currently unknown.  Plaintiff reserves the

25  right to amend this complaint if and when the true and actual

26  form of business organization of L.A. CITY MARKET AND HAKUSHO

27  USA, are ascertained. HAKUSHO USA, INC., L.A. CITY MARKET, YOURS

28  HAKUSHO, INC., AND HAKUSHO USA have their principal place of

---

2

COMPLAINT FOR DAMAGES

1  business in the County of Los Angeles, and the acts and conduct
2  complained of herein took place within the City of Los Angeles,
3  California.  Jurisdiction and venue in this court is properly
4  fixed pursuant to *California Code of Civil Procedure Sections*
5  *393(a) and 395.5.*

6      4.  Plaintiff does not know the true names and capacities,
7  whether individual, corporate or otherwise, of defendants DOES 1
8  through 50, and therefore sues them by such fictitious names.
9  Plaintiff is informed and believes and on that basis alleges that
10 each of the DOE defendants is in some manner responsible for the
11 damages alleged by them in this Complaint.  Plaintiff will amend
12 this complaint to allege their true names and capacities when the
13 same have been ascertained.

14     5.  Plaintiff is informed and believes and on that basis
15 alleges that at the various times alleged in this Complaint, each
16 of the named and DOE defendants was the agent or employee of each
17 of the remaining co-defendants and, in doing the acts alleged in
18 this Complaint, were acting within the course and scope of said
19 agency, employment and service with advance knowledge, consent
20 and/or ratification of each of the remaining Defendants.

21     6.  Each and every act or wrongful conduct committed by
22 HAKUSHO USA, INC., A CALIFORNIA CORPORATION, INDIVIDUALLY AND
23 DOING BUSINESS AS L.A. CITY MARKET, YOURS HAKUSHO, INC., A
24 CALIFORNIA CORPORATION, and HAKUSHO USA and DOES 1 through 50 as
25 described in this Complaint were duly personally known to,
26 authorized, ratified and directed by the owners, officers,
27 directors and/or managing agents of HAKUSHO USA, INC., A
28 CALIFORNIA CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS L.A.

3
COMPLAINT FOR DAMAGES

1  CITY MARKET, YOURS HAKUSHO, INC., A CALIFORNIA CORPORATION, and

2  HAKUSHO USA.  In addition, said owners, officers, directors

3  and/or managing agents of HAKUSHO USA, INC., A CALIFORNIA

4  CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS L.A. CITY MARKET,

5  YOURS HAKUSHO, INC., A CALIFORNIA CORPORATION, and HAKUSHO USA

6  participated in the acts described in this Complaint, and

7  ratified or accepted benefits of such acts.

8

9                              II.

10        FACTS COMMON TO ALL CAUSES OF ACTION

11      7.  Plaintiff restates and incorporates by this reference

12  each of the allegations contained in paragraphs 1 through 6 as

13  though set forth fully here.

14      8.  Defendants primary business is in the whole sale supply

15  of food and food products.  As such, defendants are subject to

16  the provisions of one or more applicable State of California

17  Department of Labor Industrial Welfare Commission ("IWC") Wage

18  Orders.

19      9. MENA was hired by Defendants as a delivery driver of food

20  products.  During his employment, Defendants paid MENA a daily

21  wage.  *Labor Code § 510* defines a days work as 8 hours.  All

22  hours worked beyond eight are subject to premium pay.  During all

23  periods of employment, MENA worked tremendous hours of overtime,

24  often working 17 hours or more of overtime each weekly pay

25  period.  MENA was not paid all of the regular and overtime

26  compensation to which he was entitled under the applicable Wage

27  Orders of the IWC and *California Labor Code §510*.  At all times

28  during his employment at HAKUSHO USA, INC., A CALIFORNIA

                              4
                     **COMPLAINT FOR DAMAGES**

1  CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS L.A. CITY MARKET,

2  YOURS HAKUSHO, INC., A CALIFORNIA CORPORATION, and HAKUSHO USA,

3  MENA was an employee that was not exempt from the premium

4  overtime pay requirements of *Labor Code §§ 500, 510, 1194 and*

5  *1198* regarding the payment of minimum wages, overtime premium pay

6  and other requirements.

7      10.  The Defendants, in violation of *Labor Code § 226* did

8  not accurately set forth on plaintiff pay stubs the number of

9  hours worked and the hourly rate of wages applicable to

10  plaintiff.  Instead, during the period of plaintiff's employment,

11  the Defendants would characterize plaintiff's wages in a vague

12  and generalized manner as "salary" or simply as "regular" pay.

13  Accordingly, plaintiff is currently unaware of the precise amount

14  of overtime premium pay due to plaintiff.  Plaintiff reserves the

15  right to amend this complaint and to submit proof at time of

16  trial of the precise amount of regular and overtime premium wages

17  he is owed by Defendants and each of them.

18      11.  MENA was not paid overtime premium wages as required by

19  the applicable *California Labor Code* sections and Wage Orders set

20  forth above.

21                          III.

22                 FIRST CAUSE OF ACTION

23           FOR UNPAID OVERTIME WAGES IN VIOLATION OF

24                 LABOR CODE SECTION 510

25           (AGAINST ALL DEFENDANTS AND DOES 1 TO 50)

26      12.  Plaintiff restate and incorporate by this reference

27  each of the allegations contained in paragraphs 1 through 11 as

28  though set forth fully here.

1    13.    During the periods of plaintiffs employment by
2 Defendants,   pursuant to Labor Code §§ 500, 510, 1194, and 1198,
3 and the applicable wage order of the IWC, Defendants were
4 required to compensate Plaintiff with premium pay for all
5 overtime work performed for hours worked in excess of eight (8)
6 hours per day and/or forty (40) hours per week and for the first
7 eight (8) hours on the seventh (7th) consecutive day of any work
8 week, and double time after twelve (12) hours in any single
9 workday and/or after eight (8) hours on the seventh (7th)
10 consecutive day of any work week.

11    14.    At all times relevant herein, Labor Code Section
12 1194(a) provided that an employee who has not been paid overtime
13 compensation could recover the unpaid balance of the full amount
14 of overtime wages due, including interest therein, together with
15 reasonable attorneys' fees and costs of suit.

16    15.    Within at least the last four (4) years preceding the
17 filing of this Complaint, Defendants employed Plaintiff, and
18 Defendants failed and refused to pay Plaintiff overtime
19 compensation at the rates required by law.

20    16.    As a direct and proximate result of Defendants' failure
21 and refusal to pay overtime premium rate wages, Plaintiff has
22 suffered losses in an amount of which is currently unknown at
23 this time, but which will be shown according to proof at the time
24 of trial in unpaid overtime.    Plaintiff has incurred additional
25 loss in earnings, interest and other employment related benefits.
26 However, based upon Defendants wrongful conduct described in this
27 complaint, including but not limited to falsifying or not
28 accurately reporting MENA's hours worked and wage rates to which

6
COMPLAINT FOR DAMAGES

1  he was lawfully entitled, the precise amount of damages is
2  currently unknown at this time, but which will be shown according
3  to proof at the time of trial.

4      17.  Plaintiff, who has retained the services of legal
5  counsel in order to enforce his rights to overtime wage pay,
6  requests an award of attorneys' fees, costs and interest pursuant
7  to *Labor Code Section 1194(a)* in an amount that is currently
8  unascertainable but will be shown upon proof at trial.

9      18.  An employer or other person acting as an agent of the
10  employer who fails to pay overtime or premium pay in
11  contravention of an IWC Wage Order shall be subject to civil
12  penalties pursuant to *California Labor Code* Section 558.
13  Plaintiff requests an appropriate award reflecting these civil
14  penalties, plus interest thereon.

15      19.  As a result of Defendants failure to pay overtime to
16  Plaintiff, Defendants owes Plaintiff compensation, the exact
17  amount to be determined according to proof.

18      20.  In addition, Plaintiff is entitled by statute to
19  recover reasonable attorneys' fees, costs of suit, and interest
20  on the unpaid amounts pursuant to *Labor Code Sections 218.5 and*
21  *1194.*

22                              IV.

23                   SECOND CAUSE OF ACTION

24          FOR FAILURE TO ISSUE ACCURATE PAYROLL STATEMENTS
25          AND OTHER RECORD KEEPING VIOLATIONS
26          IN VIOLATION OF LABOR CODE SECTION 226
27          (AGAINST ALL DEFENDANTS AND DOES 1-50)

28      21.  Plaintiff restates and incorporates by reference the

                              7
                    COMPLAINT FOR DAMAGES

1 allegations of paragraphs 1 through 20 above as though set forth
2 fully here.
3    22.  *Labor Code Section 226(a)* sets forth reporting
4 requirements for employers when they pay wages, as follows: "Each
5 employer shall semimonthly, or at the time of each payment of
6 wages, furnish each of his or her employees either as a
7 detachable part of the check, draft, or voucher paying the
8 employee's wages, or separately when wages are paid by personal
9 check or cash, an itemized statement in writing showing (1) gross
10 wages earned, (2) total hours worked by the employee, (5) net
11 wages earned, (8) the name and address of the legal entity that
12 is the employer,  (9) all applicable hourly rates in effect
13 during the pay period and the corresponding number of hours
14 worked at each hourly rate by the employee." Section (e)
15 provides: "Any employee suffering injury as a result of a k
16 nowing and intentional failure by an employer to comply with
17 subdivision (a) shall be entitled to recover the greater of all
18 actual damages or fifty dollars ($50) for the initial pay period
19 in which a violation occurs and one hundred dollars ($100) per
20 employee for each violation in all subsequent pay periods, not
21 exceeding an aggregate penalty of four thousand dollars ($4,000),
22 and shall be entitled to an award of costs and reasonable
23 attorney's fees."
24    23.  Defendants did not truly and accurately record
25 Plaintiffs' work hours. During the relevant periods, Defendants
26 have not provided Plaintiff with truthful and accurate written
27 itemized statements for all pay periods which show: (1) The total
28 number of hours worked by Plaintiff; (2) The number of overtime

8
COMPLAINT FOR DAMAGES

1 hours worked; (3) The effective regular and overtime rates of
2 pay; (4) The legal name and address of the legal entity which was
3 his employer.  Defendants knowingly and intentionally failed to
4 comply with *California Labor Code Section 226* et seq and
5 applicable Wage Orders of the IWC.

6      24.  Plaintiff was damaged by defendants' failure to
7 accurately record his work hours and to comply with the
8 requirements of *Labor Code Section 226(a)* because it hindered
9 Plaintiff from determining the true and accurate amounts of wages
10 owed to him.  As such, Plaintiff is entitled to receive the
11 statutory penalties as set forth in *Labor Code Section 226(e)* for
12 each and every pay period that a complete and accurate paycheck
13 report stub was not provided to him.

14      25.  In addition, Plaintiff is entitled by statute to
15 recover reasonable attorneys' fees, costs of suit, and interest
16 on the unpaid amounts pursuant to *Labor Code Sections 218.5,*
17 *226(e) and 1194.*

18                            V.

19                   THIRD CAUSE OF ACTION

20             FAILURE TO PAY WAGES FOR ALL HOURS

21                 WORKED PER IWC WAGE ORDERS

22      26.  Plaintiff restates and incorporates by reference the
23 allegations of paragraphs 1 through 25 above as though set forth
24 fully here.

25      27.  The applicable Wage Order of the IWC states that:
26 "Hours worked means time during which an employee is subject to
27 control of an employer, and includes all the time the employee is
28 suffered or permitted to work, whether or not required to do so."

                            9
                  COMPLAINT FOR DAMAGES

1    28.  Defendants, and each of them, failed to compensate MENA
2  for all of the time he spent while engaged in activities for the
3  benefit of HAKUSHO USA, INC., A CALIFORNIA CORPORATION,
4  INDIVIDUALLY AND DOING BUSINESS AS L.A. CITY MARKET, YOURS
5  HAKUSHO, INC., A CALIFORNIA CORPORATION, and HAKUSHO USA.
6    29.  Plaintiff seeks recovery of wages owed for all of the
7  time that he worked for Defendant all lawfully applicable periods
8  of time preceding the filing of the subject complaint as well as
9  pre-judgment interest, costs, attorneys fees and penalties
10 pursuant to *California Labor Code Sections 200, 218.5, 510, 558*
11 *and 1194.*
12
13                            VI.
14                  FOURTH CAUSE OF ACTION
15              WAITING TIME PENALTIES UNDER
16                    LABOR CODE §203
17    30.  Plaintiff restates and incorporates by reference the
18 allegations of paragraphs 1 through 29 above as though set forth
19 fully here.
20    31.  *California Labor Code § 203* authorizes an employee to sue
21 for penalties in an amount equal to the former employers' daily
22 wages for up to 30 days if an employer willfully failed to pay any
23 wages due to the employee at the time of separation from employment
24 (or within 72 hours if the employee tenders a resignation).
25 Plaintiff was not paid his final wages due upon his termination and
26 is entitled to Section 203 penalties.
27    32.  Defendants' failure to pay MENA his overtime wages and
28 Section 203 penalties, was willful in nature as set forth in the

                            10
                  COMPLAINT FOR DAMAGES

1  applicable authority governing *Labor Code Section 203*, and warrants

2  the imposition of a thirty-day wage penalty.

3

4                                VII.

5                      FIFTH CAUSE OF ACTION

6              FAILURE TO PROVIDE REST AND MEAL BREAKS

7            IN VIOLATION OF CALIFORNIA LABOR CODE 226.7

8              (Against All Defendants, and DOES 1-50)

9        33.  Plaintiff restates and incorporates by reference the

10  allegations of paragraphs 1 through 32 above as though set forth

11  fully here.

12       34.  *Labor Code Section 512* requires employers to provide

13  employees who work more than five hours in a day at least a 30-

14  minute meal break.  Plaintiff was never given or allowed to take

15  such a meal period.

16       35.  California Wage Orders require that any employee who

17  works at least three and a half hours to receive a minimum ten-

18  minute paid rest period.  Plaintiff was never given or allowed to

19  take any rest period, regardless of the fact that he worked in

20  excess of eight hours or more in a day.

21       36.  The extra compensation for missed meal breaks and rest

22  breaks constitutes "wages" for purposes of *Labor Code Section*

23  *226*.  In addition, Section 7(A) of the applicable Wage Orders

24  governing Records, mandates that "Every employer shall keep

25  accurate information with respect to each employee including the

26  following: 'Time records showing when the employee begins and

27  ends each work period.  Meal period, split shift intervals and

28  total daily hours worked shall also be recorded.'"

                              11
                     COMPLAINT FOR DAMAGES