# EXHIBIT D
# PART 5 OF 6

1     37.  *Labor Code § 226.7* states that if an employer fails to

2  provide an employee with a meal period as required by Section 512

3  or rest periods as mandated by a Wage Order, the employer has to

4  pay the employee an additional hour of pay for each day at the

5  employee's regular rate of compensation for each meal or rest

6  period.

7     38.  Defendants refused to allow and otherwise prohibited

8  MENA from taking meal and rest breaks as authorized by law.

9  Therefore, Defendant must pay him one hour of wages for every

10  meal period and/or rest period that they refused to provide, the

11  exact amount to be determined according to proof.

12     39.  In addition, Plaintiff is entitled by statute to

13  recover reasonable attorneys' fees, costs of suit, and interest

14  on the unpaid amounts pursuant to *Labor Code Sections 218.5 and*

15  *1194.*

16

17                      IX

18             SEVENTH CAUSE OF ACTION

19       UNLAWFUL BUSINESS PRACTICES IN VIOLATION

20    OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

21     40.  Plaintiff restates and incorporates by reference the

22  allegations of paragraphs 1 through 39 above as though set forth

23  fully here.

24     41.  Since MENA began employment with Defendants, defendants

25  have committed acts of unfair competition, as defined by *Business*

26  *and Professions Code §17200*, by engaging in the practices alleged

27  above.

28     42.  Defendants used identical or substantially similar

1  practices of avoiding the payment of lawfully earned wages and

2  premium overtime pay with the majority of its non-exempt

3  employees, such as MENA.

4      43.  MENA sustained and incurred damages-in-fact personal to

5  each of them as a direct and proximate result of the unfair

6  business practices committed by HAKUSHO USA, INC., A CALIFORNIA

7  CORPORATION, INDIVIDUALLY AND DOING BUSINESS AS L.A. CITY MARKET,

8  YOURS HAKUSHO, INC., A CALIFORNIA CORPORATION, and HAKUSHO USA.

9      44.  The prompt and proper payment of wages is a fundamental

10  public policy of the State of California.  Furthermore, failure

11  to pay overtime, failure to provide and keep proper employment

12  records, and failure to pay wages to its employees, including

13  MENA for all hours worked all give Defendants an unfair business

14  advantage over its competitors that adhere to the provisions of

15  the IWC Wage Orders and the California Labor Code because it

16  reduces Defendants business overhead, such that it can price its

17  goods and services under the true market cost such goods and

18  services.  Defendants unlawful business practices as herein

19  alleged were intended to give it an unfair business advantage

20  over it competitors.

21      45.  *California Business and Professions Code Section 17200*

22  *et. seq.* prohibits acts of unfair competition, which shall mean

23  and include any "unlawful and unfair business practices."

24      46.  The conduct of Defendants as alleged herein has been

25  and continues to be unfair, unlawful and has caused direct

26  financial damage to plaintiff MENA.  Plaintiff hereby seeks to

27  enforce important rights that affect his interests within the

28  meaning of *Code of Civil Procedure Section 1021.5*.  Each

1  Plaintiff is a "person" within the meaning of *Business and*
2  *Professions Code Section 17204*, and therefore has standing to
3  bring this suit for injunctive relief and restitution.

4      47.  By engaging in the aforementioned business practices,
5  which are unfair and unlawful business practices within the
6  meaning of *Business and Professions Code Section 17200* et. seq.,
7  Defendants harmed plaintiff.  Under *Business and Professions Code*
8  *Section 17203*, each Plaintiff is entitled to obtain restitution
9  of monies due to him.  Plaintiff seeks full restitution of
10 monies, as necessary and according to proof, to restore any and
11 all monies withheld, acquired and/or converted by the Defendants
12 by means of the unfair practices complained of herein.  The
13 restitution includes the equivalent of all unpaid wages for hours
14 worked whether it be straight-time, overtime or compensation for
15 meal and rest breaks not allowed by defendant.

16     48.  Pursuant to *Business and Professions Code Section*
17 *17202*, Plaintiff is entitled to specific relief enforcing the
18 penalty provisions of  *Labor Code* for himself in amounts to be
19 proved at trial.  Failure to enforce the penalties due would
20 result in the unlawful enrichment of the Defendants and would
21 promote unfair competition.

22     49.  The acts complained of herein occurred within the last
23 four years preceding the filing of the Complaint in this action.

24     50.  Plaintiff is entitled to attorney fees and costs
25 pursuant to the common fund equitable doctrine, *Code of Civil*
26 *Procedure Section 1021.5* and the substantial benefits doctrine.

27

28     WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND

1  EACH OF THEM, AS FOLLOWS:

2      A.  For economic damages according to proof;

3      B.  For general, special and incidental damages according to

4  proof;

5      C.  For pre-judgment interest as allowed by *California Labor*

6  *Code Section 218.5 or 1194* and *California Civil Code Section 3287*

7  or any other statute to the fullest extent permitted by law;

8      D.  For reasonable attorneys' fees pursuant to *Labor Code*

9  *Sections 218.5, 203, 1194, 226(e)*, Code of Civil Procedure Section

10  *1021.5*, and all and any other applicable laws and statutes;

11     E.  For civil penalties pursuant to *Labor Code Sections 558,*

12  *1194.2, 203, and 226(e)*.

13     F.  That Defendants pay restitution to Plaintiff of all funds

14  unlawfully acquired by Defendants by means of any acts or practices

15  declared by this Court to violate the mandate established by

16  *California Business and Professions Code Section 17200* et seq.;

17     H.  For costs of suit herein incurred; and

18     I.  For such other and further relief as the Court may deem

19  just and proper.

20

21                    DEMAND FOR JURY TRIAL

22     Plaintiff does hereby demand a jury trial in this action.

23

24  DATED: August 29, 2007        MYERS & SIEGEL, P.C.

25

26

27                                Michael D. Myers
                                  Alan L. Siegel
                                  Attorneys for Plaintiff

28

                            15
                    COMPLAINT FOR DAMAGES

FEE WAIVER

FILED IN FORMA PAUPERIS (CRC 985)
PER ORDER DATED ___
AMOUNT RECOVERABLE PURSUANT
TO 68511.3 GC § ___ 37n b v
PLUS A ONE TIME ADMINISTRATIVE FEE UPON JUDGMENT
IF THE PARTY BECOMES A JUDGMENT CREDITOR.

FILED
LOS ANGELES SUPERIOR COURT

SEP 0 7 2007

John A. Clarke, Executive Officer/Clerk

By ___ M. GARCIA Deputy

1  Law Offices Peter Beck, APLC
   Peter Beck, Esq.    (SBN #164824)
2  3580 Wilshire Blvd., 17th floor
   Los Angeles, CA 90010
3  213-637-0120 (tel) 213-637-0246 (fax)

4  Attorney for: Plaintiffs ROBERTO CASTANEDA

Case assigned to dpt 85
Judge Malcolm H Mackey

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERTO CASTANEDA | CASE NO.   BC377262 |
| Plaintiff, | Unlimited Civil Case |
| vs. | |
| HUB CITY PALLET CO., business form unknown, and DOES 1 TO 20, inclusive. | COMPLAINT FOR UNPAID OVERTIME |
| Defendants. | |

Plaintiffs alleges as follows:

## GENERAL ALLEGATIONS

1.    This Court is the proper court and this action is properly filed in the County of LOS ANGELES and in this judicial district because Defendants do business in the county of LOS ANGELES and because Defendants' obligations and liability arise therein.

Complaint for Damages



2.  Plaintiff is a former non-exempt employee of Defendants and a resident of the County of LOS ANGELES, State of California.

3.  Plaintiff is informed and believes, and thereon alleges, that Defendant **ROBERTO CASTANEDA**, an individual, is doing business as HUB CITY PALLET CO., business form unknown in the County of LOS ANGELES, State of California.

4.  The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 20 are unknown to Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.

5.  Plaintiff is informed and believes, and thereon alleges, that all Defendants including Defendants DOES 1 through 20 are the partners, owners, shareholders, or managers of Defendant HUB CITY PALLET CO., and were acting on behalf of HUB CITY PALLET CO. who violated, or caused to be violated, labor laws pertaining to overtime and minimum wage regulation.

6.  At all relevant times alleged herein Plaintiff was employed by Defendants under an employment agreement that was oral.

7.  Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and under the direction and control of each of the other Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto Defendants were and are the agents of each other.

8.  As a direct and proximate result of the unlawful acts of Defendants, Plaintiff had suffered loss of earnings in amounts as yet unascertained, but subject to proof at trial.

8.1  Plaintiff was employed by Defendant from on or about January 1999 to May 8, 2007 as driver.  Plaintiff's wages were $6.83 per hour he last worked for Defendant.

\\\

\\\

2

## FIRST CAUSE OF ACTION

(FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

9.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 8. This cause of action is brought against all Defendants jointly and individually.

10.    Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations, Title 8, §11010, for the three years preceding the filing of this lawsuit until January 1, 1998, Defendants, were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per day.

11.    Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations, Title 8, §11010, as of January 1, 1998, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of forty (40) hours per week.

12.    Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000, California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff for all overtime, which is calculated at one and one-half ($1^1/_2$) times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for hours in excess of twelve (12) hours per day.

13.    Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare Commission Orders 1-910 and 1-98, California Code of Regulations, Title 8, §11010. During the course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and double-time hours for hours worked in excess of twelve (12) hours per day, as required under the aforementioned labor regulations.

3

14.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

15.    Defendants' conduct described herein violates Labor Code §512, 558, 1194 and 1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus interest, and reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

**(Penalties for failure to accurately record hours worked, and provide rest and meal periods-IWC Wage Order 2001; Cal. Lab. Code §226.7)**

16.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the aggregations contained in paragraphs 1 though 15. This cause of action is brought against all Defendants jointly and individually.

17. Defendants knowingly and intentionally failed to provide Plaintiffs, and all other employees, with a ten-minute rest period for every four (4) hours of work and with a thirty-minute meal period for every five (5) hours of work in compliance with IWC 5-98, the March 1, 2000-September 30, 2000 Interim Wage Order, 5-00 and 5-01 and Cal. Lab. Code § 226.7.

18. As a result of Defendants' failure, Plaintiffs are entitled to recover an amount to be proved at trial, of not less than one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the meal period was not provided and one additional hour of pay at Plaintiffs' regular rate of compensation for each workday that the rest period was not provided.

19. At all times relevant hereto, Defendants were subject to the provisions of IWC Wage Orders 5-00 and 5-01, and Cal. Lab. Code §§ 226 and 1174, which require Defendants to keep written daily records of each of its employee's hours of work and meal breaks and to maintain such records for at least three (3) years; and to provide to each employee with each periodic wage payment a writing setting forth, among other things the following: 1) the dates of labor for which payment of wages is made, 2) the total hours of work for the pay period; 3)the payment of a wage

6

1  break premium for breaks not taken; 4) the gross and net wages paid, all deductions from those

2  wages; and 5) the name and address of the employer.

3      20. Defendants knowingly and intentionally failed to provide each Plaintiff with

4  accurate, itemized wage statements in compliance with Cal. Labor Code §226. Such failures in

5  Defendants' itemized wage statements included, among other things, not accurately showing the

6  number of all hours worked, and not including overtime hours in each pay period, as well as

   incorrectly reporting gross wages earned and not paying rest break premiums.

7      21. The Plaintiffs are likely to have evidentiary support, after research and reasonable

8  opportunity for further investigation and discovery, to allege that Defendants, and each of them,

9  maintained a payroll recording system that did not accurately capture the hours worked by each

10 employee.

11     22. Plaintiffs are likely to have evidentiary support, after research and reasonable

12 opportunity for further investigation and discovery, to allege that Defendants "shaved" or deleted

13 overtime hours or minutes from employee time sheets to avoid payment of overtime wages in

14 violation of Cal. Lab. Code §1198 California Code of Regulations (IWC Wage Orders 5-00 and

15 5-01), and the guidelines set forth by the IWC.

16     23. As a direct result of each Defendant's failure, each Plaintiffs were injured and

   entitled to recover an amount to be proved at trial, of not less then $100.00 for each violation

17 pursuant to Cal. Lab. Code §226.

18

19                         **THIRD CAUSE OF ACTION**

20              (WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)

21     24.    Plaintiffs hereby reallege and incorporates by reference, as though fully set forth

22 herein, the aggregations contained in paragraphs 1 through 23. This cause of action is brought

23 against all Defendants jointly and individually.

24     25.    Defendants, and each of them, willfully refused and continue to refuse, to pay

25 Plaintiff overtime in a timely manner, as required by Labor Code §203. Plaintiff therefore

26 request restitution and penalties as provided by Labor Code §203.

27

28

                                        5

## FOURTH CAUSE OF ACTION

(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)

26.     Plaintiffs hereby reallege and incorporates by reference, as though fully set forth herein, the allegations contained in paragraphs 1 through 25. This cause of action is brought against all Defendants jointly and individually.

27.     By violating the foregoing statutes and regulations, the acts of Defendants constitute unfair and unlawful business practices under Business and Professions Code § 17200 et seq.

28.     Defendants' violation of California wage and hour laws constitutes a business practice because if was done repeatedly over a significant period of time and in a systematic manner to the detriment of Plaintiffs.

29.     For the four years preceding the filing of this action, Plaintiffs have suffered damages and requests damages and/or/ restitution of all monies and profits to be disgorged from Defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

**WHEREFORE,** Plaintiffs pray judgment as follows:

1.     For compensatory damages;

2.     For restitution of all monies due to Plaintiffs and disgorgement of profits from the unlawful business practices of Defendants including injunctive relief;

3.     For waiting time penalties pursuant to Labor Code §203 and §226;

4.     For penalties pursuant to Labor code §512 and §558;

6.     For interest accrued to date pursuant to Labor code §1194(a) and CCP §1021.5;

7.     For punitive damages; and

8.     For attorney's fees and costs pursuant to Labor code §1194; and

9.     For such other and further relief that the Court may deem just and proper.

1

2

3    Dated: 9|5|07

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of Peter Beck, APLC

By: _PB_____

Peter Beck
Attorneys for Plaintiffs

7

Complaint for Damages

~0021

**FILED**
LOS ANGELES SUPERIOR COURT

SEP 12 2007

JOHN A. CLARKE, CLERK

BY EDUARDO GHANES, DEPUTY

1 | Jeannie Joung, Esq. (SBN: 201777)
   | LAW OFFICES OF JEANNIE JOUNG, APC
2 | 19811 E. Colima Rd., Suite 340
   | Walnut, CA 91789
3 | Tel:  (909) 598-8707
   | Fax:  (909) 598-3158
4 |

5 | Attorney for Plaintiff: MICHAEL KIM

6 |                                    as assigned   D 37

7 |                           to Judge  JOANNE O'DONNELL

8 |         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                   COUNTY OF LOS ANGELES

10 | MICHAEL KIM, an individual;          Case No.:   BC377429

11 |          Plaintiff,

12 |                                      BY FAX
    | vs.
13 |                                      COMPLAINT FOR
    | ROCK & SALT, INC., a corporation;   UNPAID WAGES AND OVERTIME
14 | FRANK Y. LEE, individually and as
    | employer; and
15 | DOES 1-10, inclusive;

16 |          Defendants.

17 |

18 |

19 | Plaintiff, MICHAEL KIM, alleges:

20 |

21 |    1.    Plaintiff is, and at all times mentioned in this complaint was, a resident of Los

22 | Angeles County, California.

23 |    2.    Defendant ROCK & SALT, INC., is, and at all times mentioned in this

24 | complaint was, a corporation organized and existing under the laws of the State of

25 | California with its principal place of business located at 726 E. 12th Street, Suite 203,

26 | Los Angeles, Los Angeles County, California.

27 |    3.    Defendant FRANK Y. LEE (hereinafter referred to as "LEE"), is, and at all

28 | times mentioned in this complaint was a resident of Los Angeles County, California.

---

1
COMPLAINT

4.    Unless otherwise alleged in this complaint, Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their Co-Defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

5.  Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, or any of them, and therefore sues these Defendants, and each of them, by such fictitious names. The DOE Defendants include persons and entities assisting or acting in concert with the named Defendants in connection with the actions complained of herein and include persons and entities that are responsible in some manner for the acts, occurrences and liability hereinafter alleged and referred to.

6.  Plaintiffs are informed and believe and based thereon allege that Defendant LEE and DOES 1 through 10, inclusive, are and were the alter ego of the other Defendants, and the actions, representations, and other conduct alleged herein of the one were and are the actions, representations, and conduct of the others, and each of them is and was bound thereby as having done, made, and/or committed the same directly.  At all times mentioned herein, Defendants' conduct are and were the actions, representations, and conduct of each and all other such Defendants, and each such Defendant is and was to be obligated, responsible, held liable, and charged thereby.

7.  On or about July 3, 2007, Plaintiff filed a Claim with State of California Department of Industrial Relations, Division of Labor Standards Enforcement (the "State") relating to the violations alleged herein, and on or about July 16, 2007, the State issued its right-to-sue-notice.

## FIRST CAUSE OF ACTION
### (FOR UNPAID WAGES)

1    8.    Plaintiff incorporates by reference allegations in paragraphs 1 through 7 as
2    though they are fully set forth herein.  This cause of action is brought against all
3    Defendants jointly and individually.
4    9.    Plaintiff was employed by Defendants under a contract of employment that was
5    partly oral and partly implied, which commenced on November 19, 2006.
6    10.   The terms of the contract on which Plaintiff relied included, but were not limited
7    to payment in the amount of $4,500 per month (40 hours per week) plus 6% sales
8    commission plus overtime compensation.
9    11.   Plaintiff was employed in the sales department at Defendant ROCK & SALT,
10   INC.
11   12.   On June 22, 2007, Defendant LEE terminated Plaintiff's employment.
12   13.   Pursuant to Labor Code § 201, at the time Defendants terminated Plaintiff's
13   employment Defendants were obligated to pay Plaintiff wages earned and unpaid in an
14   amount according to proof at trial, but in an amount in excess of the jurisdiction of this
15   court.
16   14.   In violation of Labor Code § 201, Defendants failed to pay Plaintiff any of the
17   amount of wages due and owing Plaintiff.
18   15.   Although Plaintiff has demanded payment, Defendants have refused and
19   continue to refuse to pay Plaintiff the amount due and owing Plaintiff.
20   16.   Since the date of Plaintiff's termination from employment with Defendants,
21   Plaintiff has been available and ready to receive the amount of wages due and owing
22   Plaintiff.  Plaintiff has not refused to receive payment, nor has Plaintiff been absent from
23   his regular place of residence.
24   17.   Defendants' failure to pay Plaintiff the wages due and owing Plaintiff was
25   willful in that Plaintiff has made both verbal and written demand for this payment but
26   Defendants have refused to pay any portion of the amount due and owing Plaintiff.
27   18.   Defendants' willful refusal to pay Plaintiff the wages due and owing Plaintiff
28   constitutes a violation of Labor Code § 203 that provides that an employee's wages will

1    continue as a penalty until paid up to 30 days from the time the wages are due.

2    Therefore, Plaintiff is entitled to a penalty in an amount according to proof at trial.

3    ///

4       19.  Pursuant to Labor Code § 218.5, Plaintiff requests the court to award Plaintiff

5    reasonable attorney fees and costs incurred by Plaintiff in this action.

6

7                   **SECOND CAUSE OF ACTION**

8           **(FOR UNPAID OVERTIME COMPENSATION)**

9       20.  Plaintiff incorporates by reference allegations in paragraphs 1 through 19 as

10   though they are fully set forth herein.  This cause of action is brought against all

11   Defendants jointly and individually.

12      21.  Pursuant to Industrial Welfare Commission Order 1-2001, California Code of

13   Regulations, Title 8, § 11070, Defendants were required to compensate Plaintiff for all

14   overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for

15   hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and

16   two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours per

17   day.

18      22.  Plaintiff was a nonexempt employee entitled to the protections of Industrial

19   Welfare Commission Orders 1-2001, California Code of Regulations, Title 8, § 11070.

20   During the course of Plaintiff's employment, Defendants, and each of them, failed to

21   compensate Plaintiff for overtime hours worked in excess of eight (8) hours per day

22   and/or forty (40) hours per week and double-time hours for hours worked in excess of

23   twelve (12) hours per day, as required under the aforementioned labor regulations.

24      23.  As a proximate result of the aforementioned violations, Plaintiff has been

25   damaged in an amount according to proof at time of trial, but in an amount in excess of

26   the jurisdiction of this court.

27

28

1   24.  Defendants' conduct described herein violates Labor Code § 512, 558, 1194 and

2   1198. Therefore, Plaintiff is entitled to recover the unpaid balance of wages owed,

3   penalties, plus interest and reasonable attorney fees and costs of suit.

4

5                        **THIRD CAUSE OF ACTION**

6       **(FOR WAITING TIME PENALTIES PURSUANT TO LABOR CODE § 203)**

7       25.  Plaintiff incorporates by reference allegations in paragraphs 1 through 24 as

8   though they are fully set forth herein. This cause of action is brought against all

9   Defendants jointly and individually.

10      26.  Defendants, and each of them, willfully refused and continue to refuse, to pay

11  Plaintiff wages and overtime compensation in a timely manner, as required by Labor

12  Code § 203. Plaintiff therefore requests restitution and penalties as provided by Labor

13  Code § 203.

14

15                              **PRAYER**

16      **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them,

17  as follows:

18          1.  Compensatory damages;

19          2.  For restitution of all monies due to Plaintiff;

20          3.  For waiting time penalties pursuant to Labor Code § 203 and § 226;

21          4.  For penalties pursuant to Labor Code § 512 and § 558;

22          5.  For interest accrued to date pursuant to Labor Code § 1194(a);

23          6.  For costs of suit incurred herein;

24          7.  For attorney's fees and costs pursuant to Labor Code § 1194;

25          8.  For any other and further relief that the court considers proper.

26

27  Dated: September 7, 2007

28                                  JEANNIE JOUNG
                                    Attorney for Plaintiff

                                    5
                                 COMPLAINT

"X4
2-1/03    M

1 | KALOUSTIAN & ASSOCIATES
HARRY S. KALOUSTIAN, ESQ. (SBN 219679)
2 | 21243 Ventura Boulevard, Suite 115
Woodland Hills, CA 91364
3 | Tel: (818) 594-0739
Fax: (818) 594-0852
4

5 | LAW OFFICES OF SAHAG MAJARIAN II
SAHAG MAJARIAN, ESQ. (SBN 146621)
6 | 18250 Ventura Boulevard
Tarzana, California 91356
7 | Tel: (818) 609-0807
Fax: (818) 609-0892
8

Attorneys for Plaintiff ARTEMIO GONZALEZ REYES
9

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 0 1 2007

JOHN A. CLARKE, CLERK

BY N. TERRAZAS, DEPUTY

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | FOR THE COUNTY OF LOS ANGELES – NORTHWEST DISTRICT

12

13 | URIAN LOPEZ, an individual;

14

15 |               Plaintiff,

16 | vs.

17 | WATERPROOFING EXPERTS, INC., a
California Corporation; and DOES 1 to 25,
18 | inclusive.

19 |               Defendants.

20

21

22

23

Case No.: **LC079243**

COMPLAINT FOR DAMAGES:

1. Failure to Pay Overtime;
2. Waiting Time Penalties (Cal. Lab. Code § 203);
3. Failure to Provide Accurate Itemized Statements (Cal. Lab. Code § 226);
4. Failure to Provide Meal and Rest Periods (Cal. Lab. Code §§ 226.7, 512 and IWC Wage Order 5);
5. Failure to Indemnify for Travel Expenses (Cal. Lab. Code § 2802);
6. Conversion

**JURY TRIAL DEMANDED**

**UNLIMITED JURISDICTION – AMOUNT DEMANDED EXCEEDS $25,000**

24 |      Plaintiff, URIAN LOPEZ (hereinafter referred to as "Plaintiff"), complains against the

25 | above named Defendants (defendant WATERPROOFING EXPERTS, INC. and DOES 1 to 25

26 | are hereafter collectively referred to as "Defendants") for causes of action against each of them

27 | as follows:

28

- 1 -

COMPLAINT FOR DAMAGES

# I. INTRODUCTION

Plaintiff brings this action against Defendants for statutory damages, prejudgment interest, costs, attorney's fees, restitution, Labor Code penalties, and other appropriate relief for Defendants' violations of the California Labor Code and Industrial Welfare Commission Wage Orders.

# II. PARTIES

1. Plaintiff is, and at all times relevant was, a resident of the county of Los Angeles, State of California. During all relevant times, Plaintiff was an employee of Defendants'.

2. Defendant WATERPROOFING EXPERTS, INC. is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the State of California. Defendant WATERPROOFING EXPERS, INC. is and was doing business and maintained its principal place of business at 7736 Deering Avenue, Canoga Park, CA 91304.

3. Plaintiff is informed and believes and on that basis alleges, that Defendants and some of Does 1 through 25 directly employed or exercised control over the wages, hours, or working conditions of Plaintiff.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants referenced herein was the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment.

5. Defendants Does 1 through 25, inclusive, are sued herein under such fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that Defendant and some of the fictitiously named Doe defendants either owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff. These DOES held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision making

- 2 -

COMPLAINT FOR DAMAGES

1   responsibility for, and establishment of, illegal payroll practices and policies for Defendants

2   which have damaged Plaintiff. Therefore, DOES 1 through 25, in addition to the remaining

3   Defendants, are "employers" as a matter of law and personally liable on the causes of action

4   alleged herein.

5   6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through

6   25 are, and at all times relevant hereto were, persons, corporations or other business entities

7   organized and existing under and by virtue of California law, and are/were qualified to transact

8   and conduct business in the State of California, and did transact and conduct business in the State

9   of California, and are thus subject to the jurisdiction of the State of California. Specifically,

10  DOES 1 through 25 maintain offices, operate businesses, employ persons, conduct business in,

11  and illegally pay employees by illegal payroll practices and policies in Los Angeles County.

12  7. Plaintiff is further informed and believes, and thereon alleges, that each of the

13  fictitiously named defendants aided and assisted the named defendants in committing the

14  wrongful acts alleged herein, and that Plaintiff's damages where proximately caused by each

15  defendant.

16  8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

17  one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or

18  otherwise, the successors, assigns, joint venturers, co-venturers or partners of one or more of the

19  remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that

20  capacity.

21  9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

22  one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or

23  otherwise, the assured, insured, indemnitor, guarantor of one or more of the remaining named

24  and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.

25  10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

26  one or more of each named and/or unnamed defendant(s) was the alter ego of one or more of the

27  remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their

28

- 3 -

1  own benefit and/or the benefit of one or more of the remaining named and/or unnamed

2  defendant(s).

3      11. As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

4  suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but

5  subject to proof at trial.

6

7                  III. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8      12. Plaintiff was employed at Defendant WATERPROOFING EXPERTS, INC. from

9  February 7, 2006 to November 6, 2006.

10      13. Defendants paid Plaintiff at a rate of $8.00 per hour.

11      14. Under Wage Orders established by the Department of Labor Standards and

12  Enforcement ("D.L.S.E"), the above-named Plaintiff did not qualify as an "exempt-employee,",

13  and therefore, her employment was subject to all appropriate laws with respect to non-exempt

14  employees who are entitled to an hourly wage and therefore, also entitled to overtime wages.

15      15. Plaintiff routinely worked well in excess of eight (8) hours per day or forty hours per

16  week, all without receiving the proper overtime pay.

17      16. Plaintiff was consistently paid incorrectly by Defendants, because they failed to pay

18  the Plaintiff for all hours worked, including regular hours worked and all applicable overtime

19  hours which he was entitled to. Plaintiff complained to Defendants about this fact, to no avail.

20      17. At all times relevant herein, the Industrial Welfare Commission ("IWC") Wage

21  Order 1, as amended (8 Cal. Code Regs. § 11050), applied to wages, hours, and working

22  conditions of all persons such as the above-named Plaintiff.

23      18. As a general rule, Plaintiff was not authorized to take a ten (10) minute rest break in

24  the morning and/or a ten (10) minute rest break in the afternoon for every four hours worked by

25  the Plaintiff.

26      19. As a general rule, Plaintiff was not authorized to take an additional thirty (30) minute

27  meal break for every day where he worked in excess of ten (10) hours.

28

-4-

1      20. Plaintiff also regularly drove his personal car in the performance of his duties for

2  Defendants and was never reimbursed for either gas or mileage by Defendants.

3      21. Plaintiff was never required to clock in or out for any and all breaks that were taken,

4  if any were received. Furthermore, there was never any agreement, whether formal or informal,

5  whereby the Plaintiff acquiesced to waiving any of his breaks or meal periods.

6      22. Throughout Plaintiff's employment, Defendants failed to provide him with accurate,

7  itemized wage statements that properly and accurately itemized the number of hours worked by

8  the Plaintiff at the effective overtime rates of pay.

9

10                         IV. CLAIMS FOR RELIEF

11

12                    **FIRST CAUSE OF ACTION**

13

14                  FAILURE TO PAY OVERTIME

15              (AGAINST ALL DEFENDANTS)

16     23. Plaintiff refers to and incorporates paragraphs 1 through 22 above as though set forth

17 in full in this cause of action.

18     24. Pursuant to Industrial Welfare Commission ("IWC") Order I-98, California Code of

19 Regulations, Title 8, § 11010, Defendants were required to compensate the Plaintiff for all

20 overtime, which is calculated at one and one-half (1 ½) times regular rate of pay for hours

21 worked in excess of eight (8) hours per day.

22     25. Pursuant to IWC Order I-98, California Code of Regulations. Title 8. § 11010.

23 Defendants were required to compensate the Plaintiff for all overtime, which is calculated at one

24 and one-half (1 ½) times regular rate of pay for hours worked in excess of forty (40) hours per

25 week.

26     26. Plaintiff is a nonexempt employee entitled to the protections of IWC Order I-90 and

27 I-98, California Code o Regulations, Title 8, §11010. During the course of the Plaintiff's

28 employment, Defendants, and each of them, failed to compensate the Plaintiff for overtime hours

- 5 -

1 | worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under
2 | the aforementioned labor regulations.

3 |     27. Pursuant to Labor Code §§ 200, 510, 1194 and 1198 and IWC Wage Order 5,
4 | Defendants were required to compensate the Plaintiff with premium pay for all overtime work
5 | performed, for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week
6 | and for the first eight (8) hours on the seventy (7th) consecutive day of any work week, and
7 | double time after twelve (12) hours in any single workday and/or after eight (8) hours on the
8 | seventy (7th) consecutive day of any work week.

9 |     28. At all times relevant herein, Labor Code § 1194(a) provided that an employee who
10 | had not been paid overtime compensation could recover the unpaid balance of the full amount of
11 | overtime wages due, including interest thereon, together with reasonable attorney's fees and costs
12 | of suit.

13 |     29. Throughout the Plaintiff's employment, Defendants have failed and refused to pay
14 | and properly calculate overtime compensation to Plaintiff as required by law.

15 |     30. As a direct and proximate result of Defendants' willful, knowing and intentional
16 | failure to pay overtime wages, the Plaintiff has suffered and continues to suffer wage losses in a
17 | sum according to proof.

18 |     31. Plaintiff incurred and continues to incur legal expenses and attorney's fees. Plaintiff
19 | is entitled to legal expenses and attorney's fees pursuant to California Labor Code § 1194(a), in a
20 | sum according to proof.

21 |

22 | **SECOND CAUSE OF ACTION**

23 |

24 | WAITING TIME PENALTIES (Ca. Lab. Code §§203)
25 | (AGAINST ALL DEFENDANTS)

26 |     32. Plaintiff refers to and incorporates paragraphs 1 through 31 above as though set forth
27 | in full in this cause of action.

28 |     33. Plaintiff has made numerous requests to the defendants for his overtime and

- 6 -

1 │ compensation for regular wages, but the defendants have refused to pay him for such.

2 │ 34. To date, Plaintiff has not been paid in full for, but not limited to, overtime
3 │ compensation.

4 │ 35. Defendants have willfully failed to pay Plaintiff all monies owed to him, without
5 │ withholding.

6 │ 36. As a result of these failures to pay, Plaintiff is entitled to waiting time penalties
7 │ pursuant to Labor Code § 203, for a period of thirty (30) days.

8 │ 37. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.
9 │ Plaintiff is entitled to legal expenses and attorney's fees pursuant to Labor Code § 218.5, in a
10 │ sum according to proof.

11

12 │ ### THIRD CAUSE OF ACTION

13

14 │ FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS –

15 │ (Ca. Lab. Code §§226)

16 │ (AGAINST ALL DEFENDANTS)

17 │ 38. Plaintiff refers to and incorporates paragraphs 1 through 37 above as though set forth
18 │ in full in this cause of action.

19 │ 39. At all times relevant herein, Defendants violated Labor Code Section 226, in that
20 │ Defendants failed to properly and accurately itemize the number of hours worked by Plaintiff at
21 │ the effective overtime rate of pay.

22 │ 40. Defendants and each of them knowingly and intentionally failed to comply with Labor
23 │ Code Section 226, causing damages to the Plaintiff. These damages, including but not limited to
24 │ costs expended calculating the true hours worked and the amount of employment taxes which
25 │ were not properly paid to state and federal tax authorities, are difficult to estimate. Therefore, the
26 │ Plaintiff elects to recover liquidated damages of $50.00 for the initial pay period in which the
27 │ violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Labor
28 │ Code Section 226, in an amount according to proof at the time of trial, plus reasonable attorney's

- 7 -

1  fees and costs pursuant to Labor Code Section 226(g).

2

3  **FOURTH CAUSE OF ACTION**

4

5  COMPENSATION FOR REQUIRED REST PERIODS NOT PROVIDED –

6  (Ca. Lab. Code §§226.7, 512 and IWC Wage Order 5)

7  (AGAINST ALL DEFENDANTS)

8      41. Plaintiff refers to and incorporates paragraphs 1 through 40 above as though set forth

9  in full in this cause of action.

10      42. Pursuant to IWC Wage Order 5, Defendants were required to authorize and permit

11  employees such as the Plaintiff to take rest periods, based upon the total hours worked at a rate of

12  ten (10) minutes net rest per four (4) hours or a major fraction thereof, with no deduction from

13  wages. Also pursuant to IWC Wage Order 5, Defendants were required to authorize and permit

14  employees such as the Plaintiff to take an additional thirty (30) minute meal period for each

15  working day where Plaintiff worked in excess of ten (10) hours.

16      43. Defendants failed and refused to authorize and permit for Plaintiff to take ten (10)

17  minute rest periods for every four (4) hours worked, or major fraction thereof, and also failed and

18  refused to authorize and permit for Plaintiff to take an additional thirty (30) minute meal period

19  for each work day exceeding ten (10) hours in violation of IWC Wage Order 5.

20      44. Defendants further violated IWC Wage Order 1 and Labor Code Section 226.7 by

21  failing to pay Plaintiff one (1) hour of pay at the Plaintiff's regular rate of pay for each rest period

22  or meal period not provided, in an amount according to proof at the time of trial. This amount

23  remains owed and unpaid.

24  ///

25  ///

26  ///

27  ///

28  ///

- 8 -

COMPLAINT FOR DAMAGES

# FIFTH CAUSE OF ACTION

## INDEMNIFICATION FOR TRAVEL EXPENSES NOT PROVIDED –
### (Ca. Lab. Code §§2802)
### (AGAINST ALL DEFENDANTS)

45. Plaintiff refers to and incorporates paragraphs 1 through 44 above as though set forth in full in this cause of action.

46. Plaintiff used his personal automobile in the performance of his job duties for Defendants and made prior requests for reimbursement of his travel expenses such as fuel and mileage.

47. Defendants failed and refused to reimburse Plaintiff for his travel expenses in violation of California Labor Code Section 2802.

48. As a result of these failures to pay, Plaintiff is entitled to indemnification from Defendant for these travel expenses pursuant to Labor Code § 2802.

49. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is entitled to legal expenses and attorney's fees pursuant to Labor Code § 2802 in a sum according to proof.

# SIXTH CAUSE OF ACTION

## CONVERSION
### (AGAINST ALL DEFENDANTS)

50. Plaintiff refers to and incorporates paragraphs 1 through 49 above as though set forth in full in this cause of action.

51. At the time Defendants failed to pay the wages due to the Plaintiff, as described herein, Plaintiff owed and had the right to possess the withheld compensation. Defendants willfully and without legal justification interfered with the Plaintiff's right to own and possess his wages and compensation.

1     52. In refusing to pay the Plaintiff's wages and compensation, Defendants unlawfully and

2 intentionally took and converted the property of the Plaintiff to their own use. At the time the

3 conversion took place, the Plaintiff was entitled to immediate possession of the amounts of

4 wages and compensation payable. The conversion was concealed by the Defendants from the

5 Plaintiff. The conversion was oppressive, malicious and fraudulent.

6     53. Plaintiff has been damaged as a result of this conversion and is entitled to (1) all

7 monies converted by Defendants with interest thereon; (2) any and all profits, whether direct or

8 indirect, Defendants acquired by their conversion; (3) punitive and exemplary damages.

9

10 V. PRAYER

11

12     WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as

13 follows:

14     1. For Special (Actual) Damages: back pay, front pay, and other special damages

15        according to proof;

16     2. For General Damages;

17     3. For all Statutory Damages;

18     4. For Punitive and Exemplary Damages;

19     5. For pre-judgment and post-judgment interest on all damages awarded;

20     6. For all penalties imposed as stipulated by the California Labor Code: including

21        waiting time penalties, pursuant to Labor Code §§ 203 and 558;

22     7. For reasonable Attorney's Fees, pursuant to California Labor Code §§ 218.5, 226(g),

23        1194(a), 1197, 2802 and CCP 1021.5;

24     8. For Costs of Suit incurred;

25     9. For compensation of one hour at the regular rate of pay for each meal or rest period

26        denied in violation of Labor Code § 226.7 and Wage Order 5, according to proof;

27     10. For such other and further relief as the Court may deem just and proper;

28

- 10 -

1          11. For a Jury Trial.

2

3  Dated: 9/28/07                     KALOUSTIAN & ASSOCIATES

4

5                                     _____
                                      By: Harry Kaloustian, Attorneys for
6                                     Plaintiff URIAN LOPEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

COMPLAINT FOR DAMAGES

●

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, CSB# 59404
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorneys for Plaintiff, JOSE BELTRAN

● **FILED**
LOS ANGELES SUPERIOR COURT

OCT 02 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

Case assigned to D-6 9
Judge *Edward A Ferns*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT

BC378486

| | |
|---|---|
| JOSE BELTRAN, | Case No. |
| PLAINTIFF, | COMPLAINT FOR: |
| vs. | 1. UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 5 § 3); |
| IRMA GONZALEZ doing business as TONY'S MEXICAN GRILL; and DOES 1 through 100, Inclusive, | 2. FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 5 § 11); |
| DEFENDANTS. | 3. FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 5 § 12); |
| | 4. FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE § 226, 1174; IWC ORDER 5 § 7); |
| | 5. FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203); |
| | 6. UNFAIR BUSINESS PRACTICES, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ. |

- 1 -
COMPLAINT

1

2    Comes now Plaintiff, JOSE BELTRAN, who complains and alleges as follows:

3

4    **INTRODUCTION**

5    1.  From about 2001 to July 26, 2007, DEFENDANTS, IRMA GONZALEZ doing business as

6    TONY'S MEXICAN GRILL and DOES 1 through 100, inclusive, employed Plaintiff, JOSE

7    BELTRAN, as a kitchen helper and cook in their premises in the city of Sherman Oaks.

8    DEFENDANTS, IRMA GONZALEZ doing business as TONY'S MEXICAN GRILL and DOES 1

9    through 100, inclusive, required Plaintiff, JOSE BELTRAN, to work long hours without paying

10   overtime, providing meal and rest periods, paying the minimum wage for all hours worked,

11   maintaining the required records, and failing to pay all wages due upon separation. This is an

12   action brought by Plaintiff, JOSE BELTRAN, against DEFENDANTS, IRMA GONZALEZ doing

13   business as TONY'S MEXICAN GRILL and DOES 1-100, inclusive, alleging violations of various

14   wage/hour provisions of the California Labor Code and Industrial Welfare Commission Wage

15   Orders.

16

17   **VENUE AND JURISDICTION**

18   2.  Venue is proper in Los Angeles County because DEFENDANTS employed Plaintiff, JOSE

19   BELTRAN, in the County of Los Angeles, and the acts complained of herein occurred in Los

20   Angeles County.

21   3.  The monetary damages sought by Plaintiff exceed $25,000, as set forth in the prayer for

22   relief, and will be established according to proof at trial. Further, there is no federal question at

23   issue as the complaint is based solely on California law and statutes including the IWC Wage

24   Orders, Labor Code, Civil Code, and Code of Civil Procedure.

25

26   **GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES**

27   4.  Plaintiff, JOSE BELTRAN (hereinafter "JOSE BELTRAN"), is an individual who was

28

- 2 -
COMPLAINT

1  employed by DEFENDANTS, IRMA GONZALEZ doing business as TONY'S MEXICAN GRILL,

2  and DOES 1 through 100, inclusive, in the State of California.

3     5. IRMA GONZALEZ is an individual doing business under the fictitious name of and style of

4  TONY'S MEXICAN GRILL ("DEFENDANT") within the city and County of Los Angeles.

5     6. JOSE BELTRAN is ignorant of the true names or capacity of the DEFENDANTS sued

6  herein under the fictitious names DOE 1 through 100, inclusive; and they are therefore sued

7  pursuant to Code of Civil Procedure § 474. When their true names and capacity are ascertained,

8  JOSE BELTRAN will amend this complaint by inserting their true names and capacity herein.

9  JOSE BELTRAN is informed and believes, and based thereon alleges, that DEFENDANTS DOE 1

10  through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully,

11  maliciously, intentionally and negligently; that each is responsible in some manner for the events

12  and happenings complained of herein; and that injuries of JOSE BELTRAN, as alleged herein, were

13  proximately caused by DEFENDANTS DOES, either through said DEFENDANTS' own conduct or

14  through the conduct of their agents and/or employees.

15     7. JOSE BELTRAN is informed and believes, and based thereon alleges, that at all relevant

16  times, each of the DEFENDANTS, whether named or fictitiously named as DOE (hereinafter

17  collectively referred to as "DEFENDANTS"), was the merging entity, merged entity, subsidiary,

18  acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS and, in

19  doing the things hereinafter alleged, was acting within the course and scope of such agency and/or

20  employment with the knowledge, advice, permission and consent of each other.

21     8. Beginning on or about 2001 to July 26, 2007, JOSE BELTRAN, was employed by

22  DEFENDANTS at DEFENDANTS' premises located in Sherman Oaks, California, in the County

23  of Los Angeles.

24     9. JOSE BELTRAN was employed as a kitchen helper and cook by the DEFENDANTS and in

25  such capacity, JOSE BELTRAN performed duties that make JOSE BELTRAN a non-exempt

26  employee who is entitled to the benefits and protections of the Labor Codes of the State of

27  California, and to the existing and applicable Industrial Welfare Commission Order 5-2001 (Title 8,

28

COMPLAINT

1 | California Code of Regulations §§ 11000, 11050). At no time did JOSE BELTRAN work in a

2 | capacity or perform duties that would have made JOSE BELTRAN exempt from such provisions.

3 |     10. Effective July 26, 2007, JOSE BELTRAN was terminated or laid off by DEFENDANTS.

4 |     11. JOSE BELTRAN worked for DEFENDANTS each week during the period from about

5 | 2001 to July 26, 2007.

6 |     12. During the period from approximately September 2003 to May 31, 2005, JOSE BELTRAN

7 | worked for DEFENDANTS on Mondays and Tuesdays from 3:00 p.m. to 9:00 p.m., Wednesday

8 | from 7:00 a.m. to 9:00 p.m., Thursdays and Fridays from 3:00 p.m. to 9:00 p.m., Saturdays from

9 | 7:00 a.m. to 9:00 p.m., and on Sundays from approximately 9:00 a.m. to 9:00 p.m.

10 |     13. During the period from approximately June 1, 2005 to December 31, 2005, JOSE

11 | BELTRAN worked for DEFENDANTS on Mondays through Sundays from 7:00 a.m. to 9:00 p.m.

12 |     14. During the period from approximately January 1, 2006 to July 26, 2007, JOSE BELTRAN

13 | worked for DEFENDANTS on Mondays and Tuesdays from 3:00 p.m. to 9:00 p.m., Wednesday

14 | from 7:00 a.m. to 9:00 p.m., Thursdays and Fridays from 3:00 p.m. to 9:00 p.m., Saturdays from

15 | 7:00 a.m. to 9:00 p.m., and on Sundays from approximately 9:00 a.m. to 9:00 p.m.

16 |     15. During the period from approximately September 2003 to December 31, 2003, JOSE

17 | BELTRAN was paid at the hourly rate of $8.00. He was paid in cash.

18 |     16. During the period from approximately January 1, 2004 to December 31, 2004, JOSE

19 | BELTRAN was paid at the hourly rate of $9.00. He was paid in cash.

20 |     17. During the period from approximately January 1, 2005 to December 31, 2005, JOSE

21 | BELTRAN was paid at the hourly rate of $10.00. He was paid in cash.

22 |     18. During the period from approximately January 1, 2006 to December 31, 2006, JOSE

23 | BELTRAN was paid at the hourly rate of $11.00. He was paid in cash.

24 |     19. During the period from approximately January 1, 2007 to July 26, 2007, JOSE BELTRAN

25 | was paid at the hourly rate of $12.00. He was paid in cash.

26 |     20. JOSE BELTRAN is authorized to bring this action pursuant to California Labor Code §§

27 | 1194, 226, 203 and pursuant to the power vested in plaintiff to enforce the provisions of the

28 |

COMPLAINT

1   California Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

2     21. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

3   of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

4   California Code of Regulations § 11050).

5     22. JOSE BELTRAN is seeking damages for the Labor Code violations for the past three years

6   prior to the filing of this complaint pursuant to Ca. Code. of Civ. Pro. §338(a).

7     23. As for the fourth year prior to the filing of this complaint, JOSE BELTRAN would be

8   entitled to restitution and/or back pay pursuant to Business and Professions Code § 17200 and

9   *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

10     24. JOSE BELTRAN has incurred, and during the pendency of this action will continue to incur,

11   expenses for attorney's fees and costs herein. JOSE BELTRAN requests that the court award

12   attorney's fees and costs in an amount according to proof pursuant to California Labor Code

13   §1194(a).

14

15                     **FIRST CAUSE OF ACTION**

16           **UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION**

17              **Brought by PLAINTIFF against all DEFENDANTS**

18   **(Labor Code §§ 200, 203, 218.6, 500, 510, 1194, 1198, 1199; IWC ORDER 5 § 3(A) (Title 8**

19                **Cal. Code of Reg. § 11050))**

20     25. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as though

21   fully set forth herein.

22     26. At all times herein mentioned, JOSE BELTRAN was employed by DEFENDANTS as a

23   kitchen helper and cook. JOSE BELTRAN'S position, therefore, does not fall within the

24   professional, administrative, or executive exemptions.

25     27. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

26   of California, and to the existing and applicable Industrial Welfare Commission 5 (Title 8,

27   California Code of Regulation § 11050) which states that an employee such as JOSE BELTRAN

28

COMPLAINT

1  shall not be employed more than eight hours in any workday or more than 40 hours in any

2  workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate

3  of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot be

4  less than the applicable minimum wage.

5     28. At all times herein mentioned, DEFENDANTS were subject to California Labor Code § 510

6  which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of

7  eight hours in one workday and any work in excess of 40 hours in any one workweek and the first

8  eight hours worked on the seventh day of work in any one workweek shall be compensated at the

9  rate of no less than one and one-half times the regular rate of pay for an employee. Any work in

10  excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a

11  workweek shall be compensated at the rate of no less than twice the regular rate of pay of any

12  employee."

13     29. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

14  1198 which states that "the maximum hours of work and the standard conditions of labor fixed by

15  the commission shall be the maximum hours of work and the standard conditions of labor for

16  employees. The employment of any employee for longer hours than those fixed by the order or

17  under conditions of labor prohibited by the order is unlawful."

18     30. At all times herein mentioned, DEFENDANTS were subject to California Labor Code

19  §1199. Labor Code §1199 states "every employer… is guilty of a misdemeanor and is punishable

20  by a fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by

21  both, who does any of the following: (a) requires or causes an employee to work for longer hours

22  than those fixed, or under conditions of labor prohibited by an order of the commission."

23     31. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

24  failure to receive the legal overtime rate of pay.

25     32. JOSE BELTRAN was a non-exempt employee entitled to the protections of Industrial

26  Welfare Commission Order 5 (Title 8 of the California Code of Regulations § 11050), and

27  California Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

28

- 6 -

COMPLAINT

1      33. For the last four (4) years before the filing of this complaint, JOSE BELTRAN worked more
2   than 40 hours per workweek.

3      34. For the last four (4) years before the filing of this complaint, JOSE BELTRAN worked more
4   than 8 hours per day.

5      35. For the last four (4) years before the filing of this complaint, JOSE BELTRAN sometimes
6   worked more than 12 hours per day.

7      36. For the last four (4) years before the filing of this complaint, pursuant to Labor Code § 510
8   and Title 8 of California Code of Regulations § 11050(3)(a), DEFENDANTS were required to pay
9   JOSE BELTRAN, overtime compensation, which is calculated at one and one-half (1½) times the
10   regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per
11   week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with
12   double time after twelve (12) hours in any single workday and/or after eight (8) hours on the
13   seventh consecutive day of any work week.

14      37. During the course of JOSE BELTRAN'S employment, DEFENDANTS failed to
15   compensate JOSE BELTRAN for overtime hours worked with the premium overtime pay as
16   required under the aforementioned labor regulations.

17      38. Instead of making the required payments under the aforementioned wage orders and Labor
18   Code provisions, DEFENDANTS only paid JOSE BELTRAN an hourly rate, that did not take into
19   consideration the total number of hours worked or the number of overtime hours worked. There is
20   no law or wage order that permits DEFENDANTS to lawfully pay JOSE BELTRAN an hourly rate
21   that does not compensate JOSE BELTRAN for all hours worked and all overtime hours worked at
22   the legally mandated rate of pay (the overtime premium rate).

23      39. Labor Code § 515(d) states that "for the purpose of computing the overtime rate of
24   compensation required to be paid to a nonexempt full-time salaried employee, the employee's
25   regular hourly rate shall be 1/40th of the employee's weekly salary.

26      40. Under the aforementioned wage orders, statutes, and regulations, JOSE BELTRAN is
27   entitled to one and one-half times and/or double his regular rate of pay for overtime work performed

28

1    for the last four (4) years prior to the filing of this complaint, based on appropriate calculations of

2    the total remuneration for each workweek, and the corresponding number of hours worked each day

3    and/or workweek.

4        41. As DEFENDANTS' conduct alleged herein violates Labor Code §§200, 500, 510, 1194,

5    1198, and 1199, JOSE BELTRAN is entitled to recover the unpaid balance of overtime

6    compensation, plus interest, attorney's fees, and costs of suit pursuant to Labor Code §1194.

7        42. JOSE BELTRAN seeks interest pursuant to Labor Code § 218.6. That code states that in

8    any action brought for the nonpayment of wages, the Court shall award interest on all due and

9    unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code

10   [currently 10 percent per annum], which shall accrue from the date that the wages were due and

11   payable[.]" JOSE BELTRAN entitled to said interest.

12

13                        **SECOND CAUSE OF ACTION**

14        **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS**

15                     **Brought by PLAINTIFF against all DEFENDANTS**

16   **(Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 5 § 11 (Title 8 Cal. Code of Reg. § 11050))**

17        43. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as

18   though fully set forth herein.

19        44. At all times herein mentioned, JOSE BELTRAN was employed by DEFENDANTS as a

20   kitchen helper and cook. JOSE BELTRAN'S position, therefore, does not fall within the

21   professional, administrative, or executive exemptions.

22        45. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

23   of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

24   California Code of Regulations § 11050).

25        46. Section 11 of Industrial Welfare Commission Order 5 required DEFENDANTS to give

26   JOSE BELTRAN meal breaks as follows: "No employer shall employ any person for a work period

27   of more than five (5) hours without a meal period of not less than thirty (30) minutes, except that

28

                                    - 8 -



1  when a work period of not more than six (6) hours will complete the day's work the meal period

2  may be waived by mutual consent of employer and employee. Unless the employee is relieved of all

3  duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal

4  period and counted as time worked. An "on duty" meal period shall be permitted only when the

5  nature of the work prevents an employee from being relieved of all duty and when by written

6  agreement between the parties an on-the-job paid meal period is agreed to."

7      47. Section 11 of Industrial Welfare Commission Order 5 further states that "if an employer fails

8  to provide an employee a meal period in accordance with the applicable provisions of this Order, the

9  employer shall pay the employee one hour of pay at the employee's regular rate of compensation for

10  each work day that the meal period is not provided."

11      48. Labor Code § 512 also prohibits DEFENDANTS from employing JOSE BELTRAN for a

12  work period of more than five hours per day without providing JOSE BELTRAN with a meal

13  period of not less than 30 minutes.

14      49. For the last four (4) years prior to the filing of the complaint, DEFENDANTS failed to

15  comply with section 11 of IWC Order 5-2001 and California Labor Code §512, by failing to provide

16  required meal periods to JOSE BELTRAN. That meal period was not waived by mutual consent of

17  the DEFENDANTS and JOSE BELTRAN. There is no applicable exemption that would permit

18  DEFENDANTS to fail or to refuse to provide JOSE BELTRAN with the required meal period.

19      50. DEFENDANTS further violated IWC Order 5 by failing to pay JOSE BELTRAN an

20  additional one hour of compensation at JOSE BELTRAN'S regular rate of pay for each day that

21  DEFENDANTS failed to provide JOSE BELTRAN the required meal period for the last four (4)

22  years prior to the filing of this complaint. This compensation is owed and unpaid in an amount

23  according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

24  compensation became due and payable, plus all appropriate penalties.

25      51. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

26  employee to work during any meal period mandated by an applicable order of the Industrial Welfare

27  Commission. If an employer fails to provide an employee a meal period in accordance with an

28

COMPLAINT

1   applicable order of the IWC the employer shall pay the employee one additional hour of pay at the

2   employee's regular rate of pay for each work day that the meal period is not provided.

3      52. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

4   comply with Labor Code § 226.7 by failing to provide required meal periods to JOSE BELTRAN.

5   That meal period was not waived by mutual consent of the DEFENDANTS and JOSE BELTRAN.

6   There is no applicable exemption that would permit DEFENDANTS to fail or to refuse to provide

7   JOSE BELTRAN with the required meal period.

8      53. DEFENDANTS further violated Labor Code § 226.7 by failing to pay JOSE BELTRAN an

9   additional one hour of compensation at his regular rate of pay for each day that DEFENDANTS

10   failed to provide JOSE BELTRAN the required meal period for the last four (4) years prior to the

11   filing of this complaint. This compensation is owed and unpaid in an amount according to proof at

12   trial, plus interest thereon at the maximum legal rate from the dates such compensation became due

13   and payable, plus all appropriate penalties.

14      54. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 226.7, and JOSE

15   BELTRAN is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and

16   interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

17      55. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

18   Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

19   (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

20   date that the wages were due and payable[.]" JOSE BELTRAN is entitled to said interest.

21

22                                  **THIRD CAUSE OF ACTION**

23          **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS**

24                  **Brought by PLAINTIFF against all DEFENDANTS**

25      **(Labor Code §§ 218.6, 226.7, 1194, IWC Order 5 § 12 (Title 8 Cal. Code of Reg. § 11050))**

26      56. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as

27   though fully set forth herein.

28

                                       - 10 -

1    57. At all times herein mentioned, JOSE BELTRAN was employed by DEFENDANTS as a

2    kitchen helper and cook. JOSE BELTRAN'S position, therefore, does not fall within the

3    professional, administrative, or executive exemptions.

4    58. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

5    of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

6    California Code of Regulations § 11050).

7    59. Section 12 of Industrial Welfare Commission Order 5 required DEFENDANTS to give

8    JOSE BELTRAN rest periods as follows: "Every employer shall authorize and permit all

9    employees to take rest periods, which insofar as practicable shall be in the middle of each work

10   period. The authorized rest period time shall be based on the total hours worked daily at the rate of

11   ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period

12   need not be authorized for employees whose total daily work time is less than three and one-half (3

13   ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

14   deduction from wages. If an employer fails to provide an employee a rest period in accordance with

15   the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at

16   the employee's regular rate of compensation for each work day that the rest period is not provided."

17   60. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

18   comply with section 12 of IWC Order 5, by failing to provide required rest periods to JOSE

19   BELTRAN. The rest period was not waived by mutual consent of the DEFENDANTS and JOSE

20   BELTRAN. There is no applicable exemption that would permit DEFENDANTS to fail or to

21   refuse to provide JOSE BELTRAN with the required rest period.

22   61. DEFENDANTS further violated IWC Order 5 by failing to pay JOSE BELTRAN an

23   additional one hour of compensation at JOSE BELTRAN'S regular rate of pay for each day that

24   DEFENDANTS failed to provide JOSE BELTRAN the required rest period. This compensation is

25   owed and unpaid in an amount according to proof at trial, plus interest thereon at the maximum

26   legal rate from the dates such compensation became due and payable, plus all appropriate penalties.

27   62. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

28

- 11 -

COMPLAINT

1   employee to work during any rest period mandated by an applicable order of the Industrial Welfare

2   Commission. If an employer fails to provide an employee a rest period in accordance with an

3   applicable order of the IWC the employer shall pay the employee one additional hour of pay at the

4   employee's regular rate of pay for each work day that the rest period is not provided.

5       63. DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to

6   JOSE BELTRAN. The rest period was not waived by mutual consent of DEFENDANTS and JOSE

7   BELTRAN. There is no applicable exemption that would permit DEFENDANTS to fail or to

8   refuse to provide JOSE BELTRAN with the required rest period.

9       64. DEFENDANTS further violated Labor Code § 226.7 by failing to pay JOSE BELTRAN an

10  additional one hour of compensation at JOSE BELTRAN'S regular rate of pay for each day that

11  DEFENDANTS failed to provide JOSE BELTRAN the required rest period for the last four (4)

12  years prior to the filing of this complaint. This compensation is owed and unpaid in an amount

13  according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

14  compensation became due and payable, plus all appropriate penalties.

15      65. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, JOSE BELTRAN

16  is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and interest,

17  attorney's fees, and costs of suit pursuant to Labor Code § 1194.

18      66. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

19  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

20  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

21  date that the wages were due and payable[.]"  JOSE BELTRAN is entitled to said interest.

22

23                          **FOURTH CAUSE OF ACTION**

24                  **FAILURE TO MAINTAIN REQUIRED RECORDS**

25                  **Brought by PLAINTIFF against all DEFENDANTS**

26      **(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174, 117.5; IWC Order 5 § 7 (Title 8 Cal. Code of**

27                                  **Reg. § 11050))**

28

                                    - 12 -

1    67. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as though
2    fully set forth herein.

3    68. At all times herein mentioned, JOSE BELTRAN was employed by DEFENDANTS as a
4    kitchen helper and cook. JOSE BELTRAN'S position, therefore, does not fall within the
5    professional, administrative, or executive exemptions.

6    69. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to
7    furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,
8    total hours worked by the employee, except for any employee whose compensation is solely based
9    on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or
10   any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period
11   for which the employee is paid, and all applicable hourly rates in effect during the pay period and
12   the corresponding number of hours worked at each hourly rate by the employee. The
13   DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be
14   kept on file for at least three years at the place of employment or at a central location within the
15   State of California.

16   70. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing and
17   intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of
18   all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and
19   one hundred dollars ($100) per employee for each violation in a subsequent pay period, not
20   exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of
21   costs and reasonable attorney's fees."

22   71. When construing "willful" in the context of wage and hour labor code violations, Courts
23   have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an
24   act which was required to be done.'... It does not mean that the employer's refusal to pay wages
25   must necessarily be based on a deliberate evil purpose to defraud workers for wages which the
26   employer knows to be due." (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire*
27   *Sprinkles, Inc.* (2002) 102 Cal.App. 4th 765, 781.)

28

1    72. Labor Code § 226.3 provide for a civil penalty against an employer who violates subdivision

2    (a) of Section 226 in the amount of $250 per employee per violation for the initial citation and

3    $1,000 per employee for each violation in a subsequent citation. The civil penalties are in addition

4    to any other penalty provided by law.

5    73. Labor Code § 1174 requires every person employing labor in the State of California to keep

6    payroll records showing the hours worked daily by and the wage paid to each employee.

7    74. Labor Code § 1174.5 permits a civil penalty of $500 against an employer who willfully fails

8    to maintain records required by Labor Code § 1174(c) or accurate and complete records required by

9    § 1174(d).

10    75. Industrial Welfare Commission Order 5 § 7 (Title 8, California Code of Regulation §

11    11050), in addition to language similar to Labor Code § 226, expressly mandates that the employer

12    keep "Time records showing when the employee begins and ends each work period. Meal periods,

13    split shift intervals and total daily hours worked shall also be recorded."

14    76. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

15    comply with Labor Code §§ 226, 1174, and IWC Order 5 § 7, by failing to maintain records which

16    employers are required to maintain, including, but not limited to, records of meal periods, total

17    hours worked, and all applicable hourly rates in effect during the pay period and the corresponding

18    number of hours worked at each hourly rate by the employee.

19    77. JOSE BELTRAN alleges that DEFENDANTS "knowingly and intentionally" failed to

20    provide JOSE BELTRAN with a copy of an itemized statement, which states the total number of

21    hours worked because DEFENDANTS paid JOSE BELTRAN in cash.

22    78. DEFENDANTS paid JOSE BELTRAN in cash and failed to provide JOSE BELTRAN with

23    checks and check stubs for the total hours that JOSE BELTRAN worked. They paid JOSE

24    BELTRAN in cash for all hours worked. However, they did not pay JOSE BELTRAN the

25    overtime premium rate for the overtime hours worked.

26    79. As a result of the failure to keep the required records, DEFENDANTS are subject to the

27    penalties set forth in Labor Code §§ 226(e), and 226.3.

28

- 14 -

1    80. JOSE BELTRAN seeks an award of reasonable attorney's fees and costs pursuant to Labor

2  Code § 226(e).

3    81. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

4  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

5  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

6  date that the wages were due and payable[.]" JOSE BELTRAN is entitled to said interest.

7

8                              **FIFTH CAUSE OF ACTION**

9                    **FAILURE TO PAY WAGES UPON SEPARATION**

10                    **Brought by PLAINTIFF against all DEFENDANTS**

11                         **(Labor Code §§ 203, 218.6, 1194)**

12    82. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as though

13  fully set forth herein.

14    83. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

15  of California, and to the existing and applicable IWC Order 5-2001 (Title 8, California Code of

16  Regulations §§ 11000, 11050).

17    84. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after

18  said employee is discharged or quits.

19    85. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

20  employee who is discharged or quits. This penalty consists of an amount equal to the sum of the

21  employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount

22  not to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998)).

23    86. When construing "willful" in the context of wage and hour labor code violations, Courts

24  have held that: "the purpose of section 203 is to compel the prompt payment of earned wages; the

25  section is to be given a reasonable but strict interpretation. [¶]... [To] be at fault within the meaning

26  of the statute, the employer's refusal to pay need not be based on a deliberate evil purpose to

27  defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful'

28

                                    - 15 -

1  merely means that the employer intentionally failed or refused to perform an act which was required

2  to be done." (*Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 77 [177 Cal.Rptr. 803]).

3  87. DEFENDANTS failed to pay JOSE BELTRAN on July 26, 2007 for all wages and earned

4  compensation due by failing to pay JOSE BELTRAN for all hours worked, failing to pay overtime

5  wages, and failing to compensate for meal and rest periods that were not permitted as alleged herein.

6  DEFENDANTS continue to fail to pay JOSE BELTRAN the overtime wages and compensation

7  owed for meal and rest periods that were not permitted.

8  88. DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS refused

9  to pay said amounts knowing that JOSE BELTRAN had worked overtime without being

10  compensated for such overtime and knowing that JOSE BELTRAN was not being paid for the rest

11  and meal breaks he did not receive. As a consequence, JOSE BELTRAN is entitled to penalties

12  under Labor Code Section 203, which provides that an employee's wages shall continue as a

13  penalty until paid for a period of up to 30 days from the time they were due, whichever period is

14  shorter.

15  89. DEFENDANTS failed to pay JOSE BELTRAN the alleged amounts of unpaid wages on

16  July 26, 2007 and have continued to fail to pay those sums for over 30 days. Pursuant to the

17  provisions of Labor Code Section 203, JOSE BELTRAN is entitled to a waiting time penalty, which

18  is Plaintiff's daily rate, as of July 26, 2007, multiplied by 30 days. These penalties are owed and

19  unpaid.

20  90. The penalties set forth in Labor Code § 203 may be pursued through this action.

21  91. JOSE BELTRAN is entitled to attorney's fees, expenses, and costs of suit pursuant to Labor

22  Code §1194(a) for bringing this action.

23  92. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

24  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

25  (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

26  date that the wages were due and payable[.]" JOSE BELTRAN is entitled to said interest.

27  ///

28

- 16 -
COMPLAINT

1  ///

2  ///

3  ### SIXTH CAUSE OF ACTION

4  ### UNFAIR BUSINESS PRACTICES

5  **Brought by PLAINTIFF against All DEFENDANTSS**

6  **(Bus. and Prof. Code § 17200, Et seq.)**

7  93. JOSE BELTRAN refers to and incorporates all of the paragraphs of this complaint as though

8  fully set forth herein.

9  94. JOSE BELTRAN is suing DEFENDANTS pursuant to Business and Professions Code §§

10  17200, et seq.

11  95. If any employer acquires money to be paid by means of an unlawful practice, that constitutes

12  unfair competition under Business and Professions Code § 17200 (Cortez v. Purolator Air Filtration

13  Products Co., (2000) 23 Cal. 4th 163, 167)).

14  96. By violating the statutes and regulations as alleged herein, JOSE BELTRAN is alleging that

15  DEFENDANTS' acts constitute unlawful and unfair business practices under California Business

16  and Professions Code §§ 17200, et seq. For the last four (4) years prior to the filing of this

17  complaint, DEFENDANTS violated and continues to violate the law, as expressed in Labor Code

18  §§ 200, 203, 221, 226, 226.7, 500, 510, 512, 1194, 1197, 1198; IWC 7 §§ 2, 3, 4, 7, 11, 12 (Title 8

19  Cal. Code of Reg. § 11040), and Business & Professions Code §§ 17200, et seq. In other words,

20  JOSE BELTRAN contends that by failing to properly pay wages, properly pay overtime wages,

21  provide meal periods, provide rest periods, failing to keep proper records, and other violations

22  alleged herein, DEFENDANTS violated Business & Professions Code §§ 17200, Et. seq.

23  97. DEFENDANTS' violations of the statutes and regulations as alleged herein are business

24  practices done repeatedly over a significant period of time, in California, and in a systematic manner

25  to the detriment of JOSE BELTRAN.

26  98. The harm to JOSE BELTRAN outweighs any utility of DEFENDANTS' policies and

27  practices, as alleged herein, and consequently constitute unfair business acts or practices within the

28

- 17 -

COMPLAINT

1  meaning of Business and Professions Code §§ 17200, et seq.

2      99. As a direct and proximate result of the aforementioned acts by DEFENDANTS,

3  DEFENDANTS wrongfully retained and continues to retain funds earned by JOSE BELTRAN,

4  according to proof at the time of trial.

5      100. The unfair and unlawful business acts and practices described herein present a continuing

6  threat to JOSE BELTRAN and the California general public. JOSE BELTRAN is informed and

7  believes and on such basis alleges that DEFENDANTS have engaged in such practices over a

8  number of years and have failed to indicate, in any way, that they plan to cease such activities any

9  time in the future.

10     101. For the past four (4) years prior to the filing of this complaint, JOSE BELTRAN has

11  suffered and requests back pay and/or restitution of all monies and profits from DEFENDANTS in

12  an amount according to proof at time of trial, but in excess of the Court's jurisdiction requirement,

13  generally, including all awardable amounts, is over $25,000.

14     102. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable

15  powers of this court, DEFENDANTS should be preliminarily and permanently enjoined from their

16  unfair and unlawful business acts and practices.

17     103. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable

18  powers of this court, DEFENDANTS should be ordered to restore to JOSE BELTRAN all funds

19  DEFENDANTSS retained by means of the unfair and unlawful business acts and practices alleged

20  herein.

21     104. JOSE BELTRAN also seeks interest pursuant to Business & Professions Code § 17203;

22  *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin*

23  *vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Cal. Code of Civ.

24  Pro. § 1032.

25     105. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

26  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

27  (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

28

- 18 -

COMPLAINT

1   date that the wages were due and payable[.]" JOSE BELTRAN is entitled to said interest.

2

3                        **PRAYER FOR RELIEF**

4       WHEREFORE, PLAINTIFF, JOSE BELTRAN prays for judgment against

5   DEFENDANTS, and each of them, jointly and severally, as follows:

6

7                        **FIRST CAUSE OF ACTION**

8   1.   That DEFENDANTS be ordered to pay JOSE BELTRAN all unpaid overtime

9        compensation as alleged herein or according to proof pursuant to Labor Code §§

10       1194 and 510;

11  2.   For interest pursuant to Labor Code § 218.6; and

12  3.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

13

14                       **SECOND CAUSE OF ACTION**

15  4.   For an additional one hour of pay at JOSE BELTRAN'S regular rate of pay for each

16       day DEFENDANTS failed to give JOSE BELTRAN the required meal periods as

17       alleged herein or according to proof, pursuant to Labor Code §§ 226.7, 512 and IWC

18       Order 5 § 11;

19  5.   For interest pursuant to Labor Code § 218.6; and

20  6.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

21

22                       **THIRD CAUSE OF ACTION**

23  7.   For an additional one hour of pay at JOSE BELTRAN'S regular rate of pay for each

24       day that DEFENDANTS failed to give JOSE BELTRAN the required rest periods as

25       alleged herein or according to proof, pursuant to Labor Code § 226.7 and IWC Order

26       5 § 12;

27  8.   For interest pursuant to Labor Code § 218.6; and

28

                              - 19 -

9.      For reasonable attorney's fees and costs as provided by Labor Code § 1194.

## FOURTH CAUSE OF ACTION

10.     For penalties pursuant to Labor Code § 226(e);

11.     For penalties pursuant to Labor Code § 226.3;

12.     For penalties pursuant to Labor Code § 1174.5;

13.     For interest pursuant to Labor Code § 218.6; and

14.     For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

## FIFTH CAUSE OF ACTION

15.     That DEFENDANTS be ordered to pay JOSE BELTRAN a statutory waiting time

penalty under Labor Code § 203, in an amount according to proof, plus interest

thereon at the maximum legal rate accruing from the 31st day following the

separation of JOSE BELTRAN'S employment from DEFENDANTS;

16.     For interest pursuant to Labor Code § 218.6; and,

17.     For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

## SIXTH CAUSE OF ACTION

18.     For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful

practices as alleged herein;

19.     That DEFENDANTS be ordered to restore to JOSE BELTRAN all funds

DEFENDANTS retained by means of the unfair and unlawful business acts and

practices alleged herein;

20.     That DEFENDANTS be ordered to restore all profits in an amount according to

proof at time of trial;

21.     For enforcement of the civil penalties imposed by the Labor Code pursuant to

Business & Professions Code § 17202;

- 20 -

22. For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

23. For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

## ALL CAUSES OF ACTION

24. For penalties and interest as allowed by law;

25. For costs of suit herein incurred; and

26. For such other and further relief as the court deems proper.

DATED: October 2, 2007                    LAW OFFICES OF STEPHEN GLICK

By:_____
Stephen Glick
Attorney for Plaintiff,
JOSE BELTRAN

- 21 -

COMPLAINT

FILED
LOS ANGELES SUPERIOR COURT

OCT 03 2007

JOHN A CLARKE, CLERK

BY MARY GARCIA, DEPUTY

1  APPELL | HILAIRE | BENARDO LLP
   Mika M. Hilaire, Esq. (CSB #212263)
2  Jordan A. Gropack, Esq. (CSB #245249)
   15233 Ventura Boulevard, Suite 420
3  Sherman Oaks, California 91403
   Telephone:   818-788-2300
4  Facsimile:   818-788-2464

5  Attorneys for
   BRIDGET MUNDWILER

6                                           Case assigned to D-41

7                                           Judge  Ronald M. Sohigian

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                                          BC378598

11  BRIDGET MUNDWILER, an individual,    |  CASE NO.

12                  Plaintiff,           |  Assigned to:

13         vs.                           |  Complaint for:

14  LIEN ON ME, INC., a California corporation;    |  1. UNPAID OVERTIME;
    and Does 1 through 50, inclusive,             |  2. FAILURE TO PROVIDE MEAL
15                                                |     BREAKS;
                  Defendants.                     |  3. FAILURE TO PROVIDE REST
16                                                |     BREAKS; and
                                                  |  4. WAITING TIME PENALTIES
17

18      Plaintiff BRIDGET MUNDWILER complains and pleads as follows:

19                    **GENERAL ALLEGATIONS**

20      1.    At all relevant times, Plaintiff BRIDGET MUNDWILER ("Plaintiff") was and now

21  is an individual residing in the County of Los Angeles, State of California.

22      2.    At all relevant times, Defendant LIEN ON ME, INC. ("Lien") was and now is a

23  corporation organized and existing under the laws of the State of California, with its principal place

24  of business located at 465 North Halstead Street, #130, Pasadena, CA 91109.

25      3.    Plaintiff is informed and believes and based thereon alleges that each Defendant was

26  the agent and employee of its Co-Defendants, and in doing the things alleged in this Complaint was

27  acting within the course and scope of that agency and employment.

28

{AH108657.DOC}                    - 1 -
                              COMPLAINT

Appell | Hilaire | Benardo LLP
Attorneys at Law

4.    The true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff, but Plaintiff will amend this Complaint when and if the true names of said Defendants become known to him. Plaintiff is informed and believes and based thereon alleges that each of the Defendants sued herein as a Doe is responsible in some manner for the events and happenings herein set forth and proximately caused injury and damages, and any reference to "Defendant" shall mean "Defendant and each of them."

5.    Plaintiff was employed by Lien as a Hearing Representative from October 2002 until June 2006. Throughout the course of her employment, Plaintiff was treated as an exempt employee for overtime purposes and was not paid anything for the hours she worked beyond forty hours in a week or eight hours in a day.

6.    Plaintiff's employment did not fall under any of the overtime exemptions under California law.

7.    At no time during Plaintiff's employment did she perform tasks that would place her within any overtime exemption, such as the administrative or executive exemption. The executive exemption clearly does not apply because Plaintiff did not supervise any other employees. Likewise, the administrative exemption is not applicable. Plaintiff was responsible for negotiating liens and attending hearings. Her work was not related to the management policies or general business operations of Lien. She was simply carrying out the day-to-day activities of Lien: negotiating liens. Additionally, Plaintiff did not exercise the requisite discretion and independent judgment required to place her within the exemption.

8.    The recent decision by the California Court of Appeals in Harris v. Liberty Mutual, (2007) Cal. App. LEXIS 1352, is instructive on this very issue concerning discretion and independent judgment. The Harris court noted that just because an employee sometimes makes important decisions, it does not mean that they *regularly* exercise discretion and independent judgment as related to management policies, as the exemption requires.

9.    By their conduct, Defendants implemented and enforced a policy of requiring Plaintiff to work uncompensated overtime in violation of California law, including the California Labor Code and regulation promulgated thereunder. Additionally, Defendants required Plaintiff to

{AH108657.DOC}                              - 2 -

COMPLAINT

1   work through her lawful meal and rest breaks.

2                              **FIRST CAUSE OF ACTION**

3                                **UNPAID OVERTIME**

4                              **(Against all Defendants)**

5          10.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 9,

6   inclusive, of this Complaint as though fully set forth herein.

7          11.    Plaintiff's employment did not fall within any of the exemptions for overtime pay

8   set forth in the California Wage Orders. Defendants have failed to pay Plaintiff overtime premium

9   pay for all hours she worked in excess of eight hours in a day and forty hours in a week as required

10  by California law.

11         12.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of

12  overtime pay she is owed under California law, in an amount to be proven at trial, and Plaintiff is

13  entitled to recovery of such amount, plus interest, penalties, attorneys' fees, and costs, pursuant to

14  California Labor Code sections 218.5, 218.6, 558, and 1194.

15                             **SECOND CAUSE OF ACTION**

16                          **FAILURE TO PROVIDE MEAL BREAKS**

17                              **(Against all Defendants)**

18         13.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 12,

19  inclusive, of this Complaint as though fully set forth herein.

20         14.    Plaintiff regularly worked in excess of five hours in a day without being provided a

21  meal period in which she was relieved of all duties for at least thirty minutes. Such meal periods

22  are required by California Labor Code sections 226.7 and 512, and California Wage Orders.

23         15.    Pursuant to Labor Code section 226.7, Defendants are liable to Plaintiff for one hour

24  of additional premium pay at the regular rate of compensation for each day in which the proper

25  meal period was not provided. In addition, Plaintiff is entitled to interest, penalties, attorneys' fees,

26  and costs, pursuant to California Labor Code sections 218.5, 218.6, 226.7, 512, and 558.

27  ///

28  ///

{AH108657.DOC}                          - 3 -

Appell | Hilaire | Benardo LLP
Attorneys at Law

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS

#### (Against all Defendants)

16.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 15, inclusive, of this Complaint as though fully set forth herein.

17.    Plaintiff regularly worked in excess of 4 hours in a day without being provided a rest break in which she was relieved of all duties for at least 10 minutes for every 4 hours, as required by Labor Code Section 226.7.

18.    Pursuant to Labor Code Section 226.7, Defendants are liable to Plaintiff for 1 hour of additional premium pay at the regular rate of compensation for each day in which the proper rest break was not provided. In addition, Plaintiff is entitled to interest, penalties, attorney's fees and costs pursuant to Labor Code Section 226.7.

### FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES

#### (Against all Defendants)

19.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth herein.

20.    Labor Code Section 203 provides that an employer who willfully fails to pay wages of an employee who is discharged or quits, is liable for waiting time penalties in the form of continued compensation at the employee's daily wage rate for up to 30 days.

21.    Defendants willfully failed and refused, and continue to willfully fail and refuse to pay to Plaintiff his unpaid wages, overtime, and reimbursements. As a result, Defendants are liable to Plaintiff for waiting time penalties, together with interest thereon and attorney's fees and costs, pursuant to Labor Code Section 203.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, and each of them, according to proof, as follows:

a.    For unpaid wages according to proof at the time of trial;

{AH108657.DOC}

- 4 -

COMPLAINT

b.    For statutory penalties pursuant to Labor Code Sections 226(f), 218.5, and 203;

c.    For interest at the maximum legal rate;

d.    For reasonable attorney's fees;

e.    For costs of suit incurred herein;

f.    For such other and further relief as the Court may deem just and proper.

Dated: October 3, 2007                                Appell | Hilaire | Benardo LLP

By _____
MIRA M. HILAIRE
Attorney for Plaintiff Bridget Mundwiler

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108657.DOC}                          - 5 -
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on the claims so triable.

Dated: October 3, 2007

Appell | Hilaire | Benardo LLP

By _____
MIKA M. HILAIRE
Attorney for Plaintiff Bridget Mundwiler

Appell | Hilaire | Benardo LLP
Attorneys at Law

{AH108657.DOC}

- 6 -

COMPLAINT

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 05 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

Case assigned to D-61

Judge David L. Minning

1  JAY S. ROTHMAN & ASSOCIATES
   JAY S. ROTHMAN, SBN 49739
2  MARINA KATS FRAIGUN, SBN 192563
   21900 Burbank Blvd., Suite 210
3  Woodland Hills, California 91367
   Tel. (818) 986-7870
4  Fax (818) 990-3019

5  Attorney for Plaintiff
   CELSO ALEJANDRO MALDONADO

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF LOS ANGELES

9

10  CELSO ALEJANDRO MALDONADO,      )   CASE NO.      BC378666
                                    )
11                                  )   COMPLAINT FOR DAMAGES
                                    )
12              Plaintiff,          )   1.  VIOLATION OF LABOR CODE
                                    )       SECTION 510, et.seq.;
13  vs.                             )   2.  VIOLATION OF LABOR CODE
                                    )       SECTION 201;
14                                  )   3.  VIOLATION OF BUSINESS &
    C.C.L. LABORATORIES, INC., a    )       PROFESSIONS CODE, SECTION
15  California corporation; BERNADETTE )    17200, et.seq.
    VILLANUEVA, an individual; and  )
16  DOES 1 through 50, Inclusive,   )
                                    )
17                                  )
                                    )
18              Defendants.         )
                                    )
19                                  )
                                    )
20  _____

21                        **INTRODUCTION**

22      Plaintiff CELSO ALEJANDO MALDONADO (hereinafter "Plaintiff")

23  employed by Defendants C.C.L. LABORATORIES, INC. and BERNADETTE

24  VILLANUEVA (hereinafter "DEFENDANTS").

25      Plaintiff began working for DEFENDANTS in 2001. He last worked for

26  DEFENDANTS in July 2007. During his employment, Plaintiff was not properly paid

27  overtime wages and was not given meal and rest breaks as required by the *Labor*

28  *Code*.

1    When Plaintiff's employment was terminated, he was not paid all wages due and

2    owing to him by DEFENDANTS, including but not limited to, overtime

3    compensation, meal and rest breaks, ordinary wages due to him and accrued vacation.

4                                **GENERAL ALLEGATIONS**

5        1. This is a complaint by an individual for damages arising out of the

6    outrageous, oppressive and intrusive conduct of all defendants. Plaintiff seeks

7    compensatory and punitive damages.

8        2. The true names and capacities of the defendants sued herein as DOES 1

9    through 50, inclusive, are unknown to Plaintiff, who therefore sues these defendants

10   by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint

11   to show their true names and capacities when same have been ascertained. Plaintiff is

12   informed and believes, and thereon alleges, that each of the defendants, herein

13   designated as a DOE, proximately caused the injuries and damages to Plaintiff as

14   hereinafter alleged.

15       3. Plaintiff is informed and believes, and thereon alleges, that each of the

16   defendants designated herein as a DOE is legally responsible in some manner for the

17   events and happenings herein referred to, and negligently, wantonly, recklessly,

18   tortiously and/or unlawfully proximately caused the injuries and damages thereby to

19   Plaintiff as herein alleged.

20       4. Plaintiff is informed and believes and thereon alleges that DEFENDANTS

21   existed under the laws of the State of California and at all times relevant herein, were

22   authorized to do business in California.

23       5. At all times herein mentioned, Plaintiff was an individual who resided in the

24   City of Simi Valley and an employee of DEFENDANTS and was and is a citizen of

25   the State of California.

26   ///

27   ///

28   ///

1    **FIRST CAUSE OF ACTION**

2    **(VIOLATION OF LABOR CODE SECTION 510, et seq.)**

3    **(Against All DEFENDANTS)**

4    6.  The allegations of the Introduction and 1 through 5 are realleged and

5    incorporated herein by reference except where to do so would be inconsistent with

6    pleading a cause of action for Violation of *Labor Code* Section 510, et.seq..

7    7.  In doing the things herein alleged, DEFENDANTS, and each of them,

8    violated *Labor Code* Section 510, et seq. in that they improperly failed to pay Plaintiff

9    overtime compensation and failed to provide meal and rest breaks, as required by

10    *Labor Code* Section 510, et seq.

11    8.  As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF

12    has incurred/continues to incur and is therefore entitled to recover:

13        a.  Overtime compensation;

14        b.  Compensation for missed meal and rest breaks;

15        c.  Waiting penalties pursuant to *Labor Code* Section 203;

16        d.  Interest under the *Labor Code*;

17        e.  Necessary and reasonable attorneys' fees in order to enforce his rights

18            and to obtain benefits due him, in an amount according to proof; and

19        f.  All other damages allowed by law.

20    **SECOND CAUSE OF ACTION**

21    **(VIOLATION OF LABOR CODE SECTION 201)**

22    **(Against All DEFENDANTS)**

23    9.    The allegations of the Introduction and 1 through 8 are realleged and incorporated

24    herein by reference except where to do so would be inconsistent with pleading a cause of

25    action for Violation of *Labor Code* Section 201.

26    10.   In doing the things herein alleged, DEFENDANTS, and each of them, violated

27    *Labor Code* Section 201.

28    / / /

3            COMPLAINT FOR DAMAGES

11.   As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has incurred/continues to incur and is therefore entitled to recover:

      a.  Waiting penalties pursuant to *Labor Code* Section 203;

      b.  Interest under the *Labor Code*;

      c.  Necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof; and

      d.  All other damages allowed by law.

## THIRD CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE

## SECTION 17200, et seq.

## (Against All Defendants)

12.   The allegations of paragraphs 1 through 11 are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of *Business & Professions Code*, Section 17200.

13.   The *Unfair Practices Act* provides that it is a violation of that law for a company to engage in any "unlawful, unfair or fraudulent business act or practice."

14.   In doing the things herein alleged, DEFENDANTS engaged in "unlawful, unfair or fraudulent business act or practice".

15.   As a proximate result of the aforesaid acts of defendants, Plaintiff has foreseeably suffered and continues to suffer:

      a.  Substantial loss of earnings and employment benefits in an amount according to proof at the time of trial;

      b.  Necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof;

      c.  Embarrassment, humiliation, emotional distress, mental anguish and severe shock to his nervous system, and thereby sustained serious

COMPLAINT FOR DAMAGES

injuries to his physical and mental health, strength and activity, causing his extreme physical and emotional pain, all to his general damage in such amount as may be proven at time of trial. Said amount is within the jurisdiction of the Superior Court of the State of California.

d. Medical expenses, the exact nature and extent of which are unknown to PLAINTIFF at this time. PLAINTIFF will seek leave of court to amend this complaint when the same have been ascertained;

e. Pre-judgment interest;

g. Civil penalties as allowed by law;

h. Appropriate injunctive relief; and

i. All costs allowed by law.

16. Because the acts taken toward Plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, Plaintiff prays for judgment against the defendants as hereinafter set forth.

### PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1. For compensatory damages including losses arising from mental and emotional distress and other special and general damages in an amount in excess of $50,000.00 and according to proof at trial;

2. For an award of punitive damages;

3. For attorneys' fees and costs as allowed by law;

4. For penalties and wages under the *Labor Code*;

5                                    COMPLAINT FOR DAMAGES

1     5.    For prejudgment interest on all amounts claimed as allowed by law;

2     6.    For appropriate injunctive relief;

3     7.    For liquidated damages under the *Labor Code*; and

4

5     8.    For such other and further relief as the Court deems just and proper.

6     DATED: September 28 2007      JAY S. ROTHMAN & ASSOCIATES

7

8

9                             MARINA KATS FRAIGUN

                                Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6          COMPLAINT FOR DAMAGES

1  DANZ & GERBER
   KARL GERBER SBN 166003
2  PETER CHOI SBN 249482
   13418 VENTURA BLVD.
3  SHERMAN OAKS, CALIFORNIA 91423

4  TELEPHONE: (818) 783-7300
   FACSIMILE: (818) 995-7159
5
   ATTORNEYS FOR PLAINTIFF, ANTONIO RAMIREZ

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 10 2007

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

Case assigned to D-51
Judge Irving Feffer

6
7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF LOS ANGELES

10
11  ANTONIO RAMIREZ,                    Case No.  BC 378886

12          Plaintiff,                  COMPLAINT FOR DAMAGES
                                        AND DEMAND FOR JURY TRIAL
13                                      BASED UPON:

14          vs.
                                        1.  LABOR CODE VIOLATIONS
15  SIREN STAGES, INC.                  2.  INTENTIONAL INFLICTION OF
    and DOES 1-100, INCLUSIVE               EMOTIONAL DISTRESS
16                                      3.  CALIFORNIA BUSINESS AND
            Defendants.                     PROFESSIONS CODE (NON JURY)
17                                      4.  COMMON COUNT FOR WORK
                                            AND LABOR PERFORMED
18                                      5.  REASONABLE VALUE OF WORK
                                            AND LABOR PERFORMED
19                                          (QUANTUM MERUIT)

20

21                      GENERAL ALLEGATIONS

22        (AGAINST DEFENDANT SIREN STAGES, INC. AND ALL DOE

23                          DEFENDANTS)

24      1. Plaintiff, ANTONIO RAMIREZ, is a resident of the County of Los Angeles,

25  State of California.

26      2. The Plaintiff is informed and believes that at all times herein, Defendant, Siren

27  Stages, Inc. was a California corporation, employing Plaintiff at 6063 W. Sunset Blvd. Los

28  Angeles, CA 90028.

                                   1
                COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    3. The Plaintiff is ignorant of the true names and capacities, whether individual,

2    corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100

3    inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed

4    and believes that each of the Doe defendants reside in the State of California and are in

5    some manner responsible for conduct alleged herein. Upon discovering the true names and

6    capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to

7    show the true names and capacities of these fictitiously named Defendants.

8    4. Plaintiff started work at Siren Stages, Inc. on or about November 5, 2005. He

9    was an assistant stage manager at the time until he was later made a studio manager on or

10   about May 1, 2006. His salary was 10 dollars per hour as an assistant stage manager. His

11   job was to load "gear" when such "gear" came into Siren Stages, Inc. and to prepare such

12   "gear" for loading out. He also took customer service orders for renters and prepared

13   invoices. On or about May 1, 2006, Plaintiff was made a studio manager. His salary as a

14   studio manager was 200 dollars per day when production companies filmed at the "studio

15   department" and 10 dollars per hour if there was no production company filming at the

16   "studio department." In this position, he did not perform exempt functions in order to be

17   exempt from over time protection.

18   5. Plaintiff often worked in excess of 100 hours per week and was not paid

19   overtime for work in excess of his regular workday. Further, Plaintiff often was forced to

20   work 7 days a week with no days off. Further, Plaintiff was often denied meal break and

21   rest periods and if they were granted, they were for periods for less than half an hour and

22   supervised.

23   6. In approximately December of 2006, Plaintiff complained about his working

24   situation to Dean Gavone. Specifically, Plaintiff discussed his issues with the workweeks

25   in excess of 100 hours, lack of rest and meal breaks. He was assured by Dean Gavone that

26   conditions would improve. The conditions temporarily improved for about 2-3 weeks.

27   7. Plaintiff's working conditions, however, worsened once again, as described in

28   Paragraph 6, until his termination on April 19,'07.

2

1

2      8. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the

3   basis of that information and belief allege that all times herein mentioned, each of the

4   remaining DOE Defendants, in doing the things hereinafter alleged, were acting within the

5   course, scope, and under the authority of their agency, employment, or representative

6   capacity, with the consent of his/ her co defendants.

7      9. All of the foregoing and following actions taken towards the Plaintiff that are

8   alleged were carried out by managerial employees and agents of each other acting in a

9   deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure

10   and damage the Plaintiff.

11

12                          **FIRST CAUSE OF ACTION**

13                         **FOR LABOR CODE VIOLATIONS**

14   **(AGAINST DEFENDANT SIREN STAGES, INC. AND ALL DOE DEFENDANTS)**

15      10. Plaintiff re alleges the information set forth in Paragraphs 1-9 above and

16   incorporates those paragraphs as though fully stated in this cause of action.

17      11. Plaintiff alleges that he was not fully paid for his work at the corporate

18   Defendant. He alleges that he is due overtime for all work in excess of eight hours in a day,

19   double time for work in excess of twelve hours in a day, and overtime for work in excess

20   of forty hours in a work week as California Labor Code Section 510 specifies. Additionally

21   California Labor Code Sections 1171 and 1173 have given the Industrial Welfare

22   Commission jurisdiction to enact Wage Orders and regulations specifying the same.

23      12. Plaintiff further alleges he is entitled to his normal hourly rate for each

24   uninterrupted meal break he was not allowed to take in an eight hour day, and one hour of

25   pay for each second meal break he did not get if he worked more than ten hours in a day.

26   California Labor Code Section 512 specifies when it is employees are to get meal breaks

27   and California Labor Code Section 226.7 sets forth the penalty scheme. California Labor

28   Code Section 516 further allows the Industrial Welfare Commission to make orders about

3

1  breaks and meal periods.

2  13. Plaintiff alleges that he was not exempt under overtime laws. He did not engage
3  in management or administrative duties and did not supervise two or more people as
4  required for a managerial exemption.

5  14. California Labor Code Section 510 specifies that work in excess of 8 hours in a
6  day, or in excess of 40 hours in a week, is to be compensated at an overtime rate. The
7  specified overtime rate is one and a half times the normal rate for all hours between 8 and
8  less than 12 in a day, or hours in excess of 40 in a week presuming not more than 12 hours
9  have been worked in any one day which is double time.  Plaintiff pleads for these remedies
10  as well as what remedies are required by California Code of Regulations Title 8 Sections
11  11020 section 11 requiring one meal break if five hours of work and a second one if ten
12  hours of work, and Section 12 of 11020 requiring a ten minute break for every four hours
13  of work. Plaintiff also prays under California Labor Code Section 1194 to receive the full
14  amount of overtime and double time compensation along with interest, reasonable attorney
15  fees, and costs of suit.

16  15. Plaintiff prays for Labor Code Section 558 penalties for each violation of the
17  law in respect to breaks, and also for separate penalties for each violation of the law in
18  respect to overtime and double time compensation. Defendant, DOES, are therefore in this
19  cause of action because he was the person acting on behalf of the employer who caused
20  violations of California Labor Code Sections 510, 512, 516, and all Wage Orders and
21  Codes of Regulation associated with those sections violated. This is also a complaint
22  against the Defendant, SIREN STAGES, Inc. for 558 penalties.

23  16. Plaintiff alleges that California Labor Code Section 202 and/ or 203 penalties
24  are due for failing to pay Plaintiff his wages due as alleged in this cause of action
25  including, but not limited to, overtime, double time, meal breaks, actual pay for the hours
26  he worked in excess of forty in a week, and double time. Plaintiff alleges that at the time of
27  his discharge he was not paid all wages due to him within seventy-two hours of his
28  discharge and still has not been.

4

1    17. Plaintiff was not always allowed to take non-meal breaks. Section 12 of the

2  Wage Order pertains to whatever industry the Plaintiff is in. He is in the motion picture

3  industry, and Section 12 of all of the wage orders pertaining to each industry (e.g. 12-2001,

4  section 12), requires employees to receive a ten minute break if they work four or more

5  hours a day. The penalty under Section 20 of each wage order is that in addition to any

6  other penalties that may exist, the employer and person acting on behalf of the employer is

7  subject to a civil penalty of $50.00 for the initial violation and $100.00 for all subsequent

8  violations. This same penalty is in Title 8 California Code of Regulations Section

9  11020(20) and section 20 of each code of regulation pertaining to each industry.

10  Additionally, Plaintiff prays to be paid for the non-meal breaks he worked through.

11    18. As a result of the Labor Code violations specified in this cause of action,

12  Plaintiff alleges California Labor Code Section 226 violations because Plaintiff was not

13  given valid statements indicating why he was being paid what he was being paid.

14  Additionally, Plaintiff prays for all overtime, double time, and meal breaks he was not

15  properly paid along with all statutory penalties, interest under California Labor Code

16  Section 218.6, and attorney fees and costs under Section 218.5.

17

18                    **SECOND CAUSE OF ACTION**

19              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

20  **(AGAINST DEFENDANT SIREN STAGES, INC. AND ALL DOE DEFENDANTS)**

21    19. Plaintiff re alleges the information set forth in Paragraphs 1-9 above and

22  Paragraphs 10- 18 of the First Cause of Action and incorporates those paragraphs as

23  though fully stated in this cause of action.

24    20. Defendant, SIREN STUDIOS, INC. acted intentionally and/or recklessly and

25  subjected the Plaintiff to severe emotional distress by doing the outrageous acts alleged to

26  have been done by said Defendant, to the Plaintiff by:

27    a. enforcing a policy against Plaintiff that violated the statutes specified in the 1st

28  cause of action because Plaintiff was not being allowed breaks or meal breaks in very long

5

1  shifts some of which were 12 hours or more. By enforcing this policy against Plaintiff, the

2  Plaintiff became stressed and her health was effected. He was not allowed to eat or relax.

3  21. The Defendant acted intentionally and/or recklessly and subjected the Plaintiff

4  to severe emotional distress by doing the outrageous acts alleged to have been done by said

5  Defendant, to the Plaintiff by doing the things to Plaintiff alleged in Paragraph 20. They

6  also subjected Plaintiff to severe emotional distress by doing the other acts alleged up until

7  this point in the complaint. These acts included failing to pay Plaintiff overtime or provide

8  him meal breaks but requiring him to work very long shifts.

9  22. In doing the acts herein, beginning in Paragraph 4, the SIREN STAGES, INC.

10  acted outrageously with the intent of causing (or with reckless disregard of the probability

11  of causing) severe emotional distress to the Plaintiff.

12  23. The Defendant's actions as alleged in this cause of action, directly and

13  proximately resulted in the Plaintiff suffering and continuing to suffer, extreme and severe

14  anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness,

15  tension, anxiety, and depression, and causing the Plaintiff to incur future medical bills, all

16  to the Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained

17  according to proof.

18  24. As a direct, foreseeable, and proximate result of the Defendant's actions, and

19  each of their actions alleged in this cause of action, the Plaintiff has suffered, and continues

20  to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits,

21  and other employment benefits she would have received had said Defendant's actions not

22  caused him such emotional suffering and grief, all to the Plaintiff's damage, in a sum

23  within the jurisdiction of this court, to be ascertained according to proof.

24  25. As a direct, foreseeable, and proximate result of the Defendant's actions, as

25  alleged in this cause of action, which were intentional, malicious, oppressive, and made in

26  a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously

27  disregard the Plaintiff's rights by taking the actions alleged in this cause of action, the

28  Plaintiff prays for punitive damages against said Defendants in a sum within the

6

1  jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large

2  amount to punish said Defendant, deter future conduct by said Defendants and others

3  behaving like them, and to make an example of said Defendants.

4

5                                 **THIRD CAUSE OF ACTION**

6          **CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**

7                                         **VIOLATIONS**

8               **(AGAINST DEFENDANT, SIREN STAGES, INC. AND ALL DOE**

9                                         **DEFENDANTS)**

10         26. Plaintiff re alleges the information set forth in Paragraphs 1-9 above,

11  Paragraphs 10-18 of the First Cause of Action, and Paragraphs 19-25 of the Second Cause

12  of Action, and incorporates those paragraphs as though fully stated in this cause of action.

13         27. In the State of California, over the 4 years proceeding the filing of this lawsuit,

14  the Defendant to this cause of action engaged in unfair competition and unlawful business

15  practices by engaging in the Labor Code violations that form the First Cause of Action.

16  Basically, Defendant failed to pay overtime, double time, failed to provide uninterrupted

17  meal breaks, failed to provide ten minute breaks, and failed to provide proper itemizations

18  on checks in violation of California Labor Code Section 226. All of the other statutes,

19  Wage Orders, and Codes of Regulation enumerated in the First Cause of Action were

20  violated by Defendant thereby creating a system of deception towards their employees and

21  the government as well as an unfair competitive environment because Defendant's

22  competitors ran their businesses without violating these laws. Defendant's failure to abide

23  by these Labor laws specified in the first cause of action saved them millions of dollars in

24  labor costs and considerable money in worker's compensation premiums. This enabled

25  them to compete unfairly due to these lower costs and earn considerably more profit than

26  their competitors who abided by the law in violation of California Business and

27  Professions Code Section 17200.

28         28. Plaintiff prays that California Business and Professions Code Section 17202 be

7

1  utilized to enforce the labor laws specified in the first cause of action and require

2  Defendant to pay restitutionary remedies for overtime, rest periods denied, and meal

3  periods denied to Plaintiff.

4      29. Plaintiff further prays that California Business and Professions Code Section

5  17203 be utilized to enjoin Defendant from further engaging in the unlawful and unfair

6  business practices specified in this cause of action and the first cause of action relating to

7  failing to pay overtime, not allowing breaks, or meal periods, and not paying employees

8  for such.

9

10                     **FOURTH CAUSE OF ACTION**

11           **COMMON COUNT FOR WORK AND LABOR PERFORMED**

12           **(AGAINST DEFENDANT, SIREN STAGES, INC. AND ALL DOE**

13                         **DEFENDANTS)**

14      31. Plaintiff alleges the information set forth in Paragraphs 1-9, Paragraphs 10-18

15  of the First Cause of Action, Paragraphs 19-25 of the Second Cause of Action, Paragraphs

16  26-29 of the Third Cause of Action, and incorporates these paragraphs into this cause of

17  action as if they were fully alleged herein.

18      32. Plaintiff alleges that Plaintiff was not fully paid for Plaintiff's services at

19  SIREN STAGES, Inc. Plaintiff was not paid for time worked through meal breaks or other

20  breaks. Nor was Plaintiff paid for time worked in excess of eight hours a day or forty hours

21  a week. Accordingly, Plaintiff prays to receive the reasonable value of Plaintiff's services

22  in providing Defendant with this labor.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

8

FIFTH CAUSE OF ACTION

REASONABLE VALUE OF WORK LABOR PERFORMED (QUANTUM

MERIUT)

(AGAINST DEFENDANT, SIREN STAGES, INC. AND DOE

DEFENDANTS)

33. Plaintiff alleges the information set forth in Paragraphs 1-9, Paragraphs 10-18 of the First Cause of Action, Paragraphs 19-25 of the Second Cause of Action, Paragraphs 26-29 of the Third Cause of Action, Paragraphs 31-32 of the Fourth Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

34. Plaintiff alleges that Plaintiff was not fully paid for Plaintiff's services at Defendant SIREN STAGES, Inc. Plaintiff was not paid for time worked through meal breaks or other breaks. Nor was Plaintiff paid for time worked in excess of eight hours a day or forty hours a week. Accordingly, Plaintiff prays to receive the reasonable value of Plaintiff's services in providing Defendant with this labor.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

9

1    WHEREFORE, the Plaintiff prays for the following relief, to be determined by a jury for

2    causes of action, 1, 2, 4, 5 as follows:

3

4         1. For general damages in an amount according to proof, but in excess of the

5    minimum jurisdiction of this court;

6         2. For special damages in an amount according to proof, but in the excess of the

7    minimum jurisdiction of this court, in order to compensate the Plaintiff for loss of past and

8    future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job

9    security, failure to properly advance within Plaintiff's career;

10        3. For all general and special damages in an amount according to proof, but in the

11   excess of the minimum jurisdiction of this court;

12        4. For punitive damages, as allowed by law, in an amount to be ascertained,

13   according to proof, that will sufficiently punish all named Defendants, make an example of

14   them, and deter future conduct; as to the first two causes of action.

15

16        For all Causes of Action:

17

18        5. For all costs and disbursements incurred in this suit;

19        6. For such other and further relief as the Court deems just and proper;

20        7. For all interest as allowed by law;

21

22        For a jury trial on the First Cause of Action and for:

23

24        8. all statutory penalties, remedies allowed, interest under Labor Code Section

25   218.6, attorney fees and costs under California Labor Code Section 218.5, and all unpaid

26   wages and overtime.

27

28

10

1     For the Third Cause of Action:

2        9. for the court to fashion all restitutionary remedies possible and any other relief

3  the court deems suitable;

4

5        10. for the court to fashion all restitutionary remedies possible and any other relief

6  the court deems suitable;

7

8     For the Fourth and Fifth Causes of Action:

9

10       11. for a jury determination of the reasonable value of Plaintiff's services Plaintiff

11  was not paid for.

12

13

14  DATED: OCT. 8, 2007                    DANZ & GERBER

15

16

17

18                                BY: _Peter Choi_____

19                                    KARL GERBER
                                     PETER CHOI,
20                                    ATTORNEYS FOR PLAINTIFF,
                                     ANTONIO RAMIREZ
21

22

23

24

25

26

27

28

                                    11

1  KINGSLEY & KINGSLEY, APC
   GEORGE R. KINGSLEY, ESQ.  SBN-38022
2  ERIC B. KINGSLEY, ESQ.   SBN-185123
   DARREN M. COHEN, ESQ.    SBN-221938
3  16133 VENTURA BL., SUITE 1200
   ENCINO, CA 91436
4  (818) 990-8300, FAX (818) 990-2903

5  Attorneys for Plaintiff

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 11 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

Case assigned to D-25
Judge Mary Ann Murphy

| | |
|---|---|
| CHRISTIN VENEMA, | CASE NO.:    BC378940 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1.  Failure to Pay Overtime |
| | 2.  Failure to Provide a Meal Break Pursuant to Labor Code §226.7 |
| EASTON SPORTS, INC.; JAS. D. EASTON, INC.; and DOES 1 to 50, Inclusive, | 3.  Penalties Pursuant to Labor Code §203 |
| Defendants. | 4.  Violation of Business & Professions Code §17200 |

PLAINTIFF ALLEGES AS FOLLOWS:

I

COMMON ALLEGATIONS

1.   Defendant **EASTON SPORTS, INC.** is and at all times herein mentioned was a California corporation with its corporate address at 7855 Haskell Avenue, Suite 200, Van Nuys, CA 91406. Defendant **JAS. D. EASTON, INC.** is and at all times herein mentioned was a Delaware corporation with its corporate mailing address 5040 W. Harold Gatty Dr., Salt Lake City, UT 84116.

1

COMPLAINT

1    2.   Plaintiff **CHRISTIN VENEMA**, a resident of Los Angeles
2  County, California, was employed by defendants.

3    3.   At all times herein mentioned, the actions of defendants
4  EASTON SPORTS, INC. and JAS. D. EASTON, INC. (hereinafter
5  collectively referred to as "EASTON" or "defendants"), and DOES 1 to
6  25 were carried out and ratified by and through their agents,
7  employees officers and/or directors including defendant DOES 26 to
8  50 acting in their official capacities for EASTON.

9    4.   Plaintiff is ignorant of the true names and capacities of
10  defendants sued herein as DOES 1 to 50, inclusive, and therefore
11  sues these defendants by such fictitious names.  Plaintiff will
12  amend this complaint to allege their true names and capacities when
13  ascertained.  Plaintiff is informed and believes and thereon alleges
14  that each of the fictitiously named defendants are responsible in
15  some manner for the occurrences herein alleged, and that plaintiff's
16  damages as herein alleged were proximately caused by their conduct.

17    5.   Defendants EASTON and DOES 1 to 50 were all employers
18  within the meaning of California Industrial Wage Commission Wage
19  Orders and the California Labor Code in that they directly or
20  indirectly employed or, exercised control over wages, hours or
21  working conditions of plaintiff.

22    6.   Plaintiff worked as an executive secretary and was
23  improperly classified as an exempt employee.  Plaintiff consistently
24  worked over eight (8) hours a day and/or forty (40) hours per week.
25  However, plaintiff was not compensated for said work at premium
26  rates.
27  ///
28  ///

2

1  ///

## II

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

7.    Plaintiff incorporates paragraphs 1 through 6 as though fully set forth herein.

8.    Plaintiff was employed by defendants as an executive secretary performing manual labor from September 2002 through the present. Plaintiff was required to worked five (5) days per week, Monday thru Friday, from 9:00 am to approximately 8:00 pm. As a result, plaintiff consistently worked in excess of eight (8) hours per day and/or forty (40) hours per week. However, plaintiff was never compensated for the overtime hours worked.

9.    Defendants failed to properly compensate plaintiff. Defendants did not pay plaintiff the proper overtime compensation for work performed pursuant to the California Labor Code.

10.   Under the provisions of the California Labor Code, plaintiff should have received overtime compensation at a rate of time and one-half (1 1/2) for all hours performed in excess of eight (8) hours per day and/or forty (40) hours per week.

In addition, plaintiff should also have been compensated at double the regular rate of pay for all hours worked in excess of twelve (12) in a workday.

11.   Defendants' failure to pay the sums as identified above and required by the Wage Orders, violates the provisions of Labor Code §1194 and is therefore unlawful.

12.   As a result of the unlawful acts of defendants, plaintiff has been deprived of wages and/or overtime in amounts to be

3

1 | determined at trial, and is entitled to recovery of such amounts,
2 | plus interest and penalties thereon, attorneys' fees, and costs,
3 | pursuant to Labor Code §1194.

4 | III

5 | SECOND CAUSE OF ACTION

6 | FAILURE TO ALLOW MEAL BREAKS PURSUANT TO LABOR CODE §226.7

7 | 13. Plaintiff incorporates paragraphs 1 through 12 as though
8 | fully set forth herein.

9 | 14. Labor Code §226.7 requires an employer to pay an
10 | additional hour of compensation for each meal period the employer
11 | fails to provide. Employees are entitled to a meal period of a
12 | least thirty (30) minutes per five (5) hour work period. Plaintiff
13 | consistently worked over five (5) hour shifts. Pursuant to the
14 | Code, plaintiff is entitled to a meal period of not less than thirty
15 | (30) minutes prior to exceeding five (5) hours of employment.

16 | 15. Defendants failed to provide plaintiff with timely meal
17 | breaks of not less than thirty (30) minutes as required by the Labor
18 | Code during the relevant class period.

19 | 16. Pursuant to Labor Code §226.7, plaintiff is entitled to
20 | damages in an amount equal to one (1) hour of wages per missed meal
21 | break, in a sum to be proven at trial.

22 | IV

23 | THIRD CAUSE OF ACTION

24 | WAITING TIME PENALTIES UNDER LABOR CODE §203

25 | 17. Plaintiff incorporates paragraphs 1 through 16 as though
26 | fully set forth herein.

27 | 18. Plaintiff is no longer employed by defendants.

28 | 19. The defendants' failure to pay wages, as alleged above was

4

COMPLAINT

1  willful in that defendants and each of them knew wages to be due but
2  failed to pay them, thus entitling plaintiff to penalties under
3  Labor Code §203, which provides that an employee's wages shall
4  continue as a penalty until paid for a period of up to thirty (30)
5  days from the time they were due.

6      20.  Defendants have failed to pay plaintiff a sum certain at
7  the time of termination or within seventy-two (72) hours of her
8  resignation, and have failed to pay those sums for thirty (30) days
9  thereafter.  Pursuant to the provisions of Labor Code §203,
10 plaintiff is entitled to a penalty in the amount of plaintiff's
11 daily wage multiplied by thirty (30) days.

12 VI

13 **FOURTH CAUSE OF ACTION**

14 **UNFAIR COMPETITION PURSUANT TO BUSINESS**

15 **AND PROFESSIONS CODE §17200**

16     21.  Plaintiff incorporates paragraphs 1 through 20 as though
17 fully set forth herein.

18     22.  **CHRISTIN VENEMA** on her own behalf brings this claim
19 pursuant to Business & Professions Code §17200, et seq.  The conduct
20 of all defendants as alleged in this Complaint has been and
21 continues to be unfair, unlawful, and harmful to plaintiff and the
22 general public.  Plaintiff seeks to enforce important rights
23 affecting the public interest within the meaning of Code of Civil
24 Procedure §1021.5.

25     23.  Plaintiff is a "person" within the meaning of Business &
26 Professions Code §17204, and therefore has standing to bring this
27 cause of action for injunctive relief, restitution, and other
28 appropriate equitable relief.

5

24.   Business & Profession Code §17200, et seq. prohibits unlawful and unfair business practices.

25.   Wage and Hour Laws Express Fundamental Public Policies. The prompt payment of overtime pay, meal breaks, and other legally required wages and benefits are a fundamental public policy of this State and of the United States.  Labor Code §90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

26.   Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code §17200, et seq., depriving plaintiff benefits, and privileges guarantees to all employees under law.

27.   Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code.

28.   Defendants, by engaging in the conduct herein alleged, by not paying the proper overtime compensation and providing meal breaks, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  As such it is a violation of §17200 of the Business & Professions Code.

29.   As a proximate result of the above mentioned acts of defendants, plaintiff has been damaged in a sum as may be proven.

6

30.   Unless restrained by this Court, defendants will continue to engage in the unlawful conduct as alleged above.   Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including but not limited to, disgorgement of profits which may be necessary to restore plaintiff to the money defendants have unlawfully failed to pay.

## RELIEF REQUESTED

WHEREFORE, plaintiff prays for the following relief:

1.   For compensatory damages, representing the amount of overtime compensation unlawfully unpaid in an amount as may be proven;

2.   For compensatory damages in the amount of plaintiff's hourly wage for each meal period missed or taken late as may be proven;

3.   For penalties pursuant to Labor Code §203 for plaintiff equal to her daily wage times thirty (30) days;

4.   An award of prejudgment and post judgment interest at the highest rate allowable by law from the date such amounts were due;

5.   An order enjoining defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for it from failing to pay overtime compensation and providing meal breaks to its employees as required by law;

6.   For restitution for unfair competition pursuant to

7

1  Business & Professions Code §17200, including disgorgement or

2  profits, in an amount as may be proven;

3      7.  An award providing for payment of costs of suit;

4      8.  An award of attorneys' fees; and

5      9.  Such other and further relief as this Court may deem

6  proper and just.

7

8                   DEMAND FOR JURY TRIAL

9      Plaintiff hereby request trial by jury.

10

11 DATED: October 10 , 2007       Respectfully submitted,

12                               KINGSLEY & KINGSLEY, APC

13

14                          By: _____
                                DARREN M. COHEN

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              8

1  Michael D. Myers, Esq.,  [SBN: 086996]
   Alan L. Siegel, Esq.,    [SBN: 120156]
2  MYERS & SIEGEL, P.C.
   675 W.  Foothill Blvd., Suite 200
3  Claremont, California 91711
   (909) 398-4200
4  (909) 398-4220 Facsimile
   Attorneys for Plaintiff
5

**FILED**

LOS ANGELES SUPERIOR COURT

OCT 24 2007

JOHN A. CLARKE, CLERK

BY MARY GARGIA, DEPUTY

6

Case assigned to D-32
7        Judge William Highberger,

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10

11                                    BC379655

12  CARLOS SORIANO,                    )  Case No.
                                       )
13           Plaintiff                 )  (Unlimited Jurisdiction)
                                       )
14        v.                           )  COMPLAINT FOR DAMAGES AND
                                       )  PENALTIES FOR:
15  WALTER JAYASINGHE, M.D. and        )
    AESHEA JAYASINGHE,                 )  1.  Failure to Pay Overtime
16  individually, and Doing           )      Wages per Labor Code §510
    Business As METRO MEDICAL MALL;    )
17  METRO MEDICAL MALL, INC.  and     )  2.  Failure to Maintain
    DOES 1 TO 50, inclusive.           )      Records per Labor Code §226
18                                     )
             Defendant(s)              )  3.  Failure to Pay Wages For
19                                     )      All Hours Worked
                                       )
20                                     )  4.  Waiting Time Penalties
                                       )      Under Labor Code §203
21                                     )
                                       )  5.  Failure to Provide Meal
22                                     )      and Rest Breaks Under
                                       )      Labor  Code  Sections
23                                     )      512 and 226.7
                                       )
24                                     )  6.  Unlawful Business
                                       )      Practices per Business and
25                                     )      Professions Code §17200
                                       )
26  _____       )  DEMAND FOR JURY TRIAL

27

28        Plaintiff CARLOS SORIANO alleges as follows:

                              1
                   COMPLAINT FOR DAMAGES

I.

## THE PARTIES

1. This is an action for unpaid wages, premium overtime
pay, statutory penalties and punitive damages brought by
plaintiff CARLOS SORIANO, (hereinafter "SORIANO" or "plaintiff")
against defendants WALTER JAYASINGHE, M.D. and AESHEA JAYASINGHE,
individually, and Doing Business As METRO MEDICAL MALL; METRO
MEDICAL MALL, INC. and DOES 1 TO 50, inclusive. (hereinafter
collectively as "defendants") arising from plaintiff's employment
by said defendants. PLAINTIFF'S employment with DEFENDANT began
in July of 1990. His employment was terminated on or about
September 18, 2006.

2. SORIANO is, and at all times herein mentioned was, a
person residing in the State of California, County of Los
Angeles.

3. Plaintiff is informed and believes and thereon alleges
that defendants WALTER JAYASINGHE, M.D. and AESHEA JAYASINGHE are
individual natural persons doing business as METRO MEDICAL MALL,
which itself is a business organization or partnership, the true
form of which is currently unknown to plaintiff. Plaintiff
reserves the right to amend this complaint when the true nature
and form of METRO MEDICAL MALL is ascertained. AESHEA JAYASINGHE
and METRO MEDICAL MALL were identified on plaintiffs payroll
check stubs as plaintiffs employer during the acts alleged
herein.

4. Plaintiff is informed and believes and thereon alleges
that METRO MEDICAL MALL, INC., at all times herein mentioned was,
a corporation, however the nature and filing jurisdiction of said

1  corporation is currently unknown to the plaintiff.  Plaintiff

2  reserves the right to amend this complaint when the true nature

3  and jurisdictional filing of the corporation is ascertained.

4      5.  Defendants and each of them has its principal place of

5  business in the City of Los Angeles, and the acts and conduct

6  complained of herein took place within the County of Los Angeles.

7  Jurisdiction and venue in this court is properly fixed pursuant

8  to  California Code of Civil Procedure Sections 393(a) and 395.5.

9      6.  Plaintiff does not know the true names and capacities,

10  whether individual, corporate or otherwise, of defendants DOES 1

11  through 50, and therefore sues them by such fictitious names.

12  Plaintiff is informed and believes and on that basis alleges that

13  each of the DOE defendants is in some manner responsible for the

14  damages alleged by them in this Complaint.  Plaintiff will amend

15  this complaint to allege their true names and capacities when the

16  same have been ascertained.

17      7.  Plaintiff is informed and believes and on that basis

18  alleges that at the various times alleged in this Complaint, each

19  of the defendants herein was the agent or employee of each of the

20  remaining co-defendants and, in doing the acts alleged in this

21  Complaint, were acting within the course and scope of said

22  agency, employment and service with advance knowledge, consent

23  and/or ratification of each of the other Defendants.

24      8.  Each and every act or wrongful conduct committed by

25  defendants and each of them described in this complaint was duly

26  personally known to, authorized, ratified and directed by the

27  owners, officers, directors and/or managing agents of METRO

28  MEDICAL MALL and METRO MEDICAL MALL, INC.  In addition, said

COMPLAINT FOR DAMAGES

1  owners, officers, directors and/or managing agents of METRO

2  MEDICAL MALL and METRO MEDICAL MALL, INC. participated in the

3  acts described in this Complaint, and ratified or accepted

4  benefits of such acts.

5

6                                II.

7              FACTS COMMON TO ALL CAUSES OF ACTION

8      9.  Plaintiff restates and incorporates by this reference

9  each of the allegations contained in paragraphs 1 through 8 as

10  though set forth fully here.

11     10.  Defendants primary business employing the plaintiff is

12  the managing of commercial office buildings, parking lots and

13  other services in and near the greater Los Angeles metropolitan

14  area.  As such, defendant is subject to the provisions of one or

15  more applicable State of California Department of Labor

16  Industrial Welfare Commission ("IWC") Wage Orders.

17     11.  SORIANO was hired by defendants as a parking lot

18  attendant in July of 1990, to be paid an hourly wage on a bi-

19  weekly basis.  During the period of September 2003 through

20  September 2006, SORIANO was paid $9.00 per hour as regular pay.

21  As a parking lot attendant, plaintiff's job duties included

22  cashier, parking and moving cars within the parking lot, opening

23  and closing the parking lot.  At all times during his employment

24  as a parking lot attendant, SORIANO was an employee that was not

25  exempt from the premium overtime pay requirements of *Labor Code*

26  *sections 500, 510, 1194 and 1198* regarding the payment of minimum

27  wages overtime premium pay and other requirements.

28     12.  During all periods of employment, SORIANO worked

---

4

COMPLAINT FOR DAMAGES

1  overtime hours, often working 18 or more hours of overtime each

2  weekly pay period.  Plaintiff was therefore entitled to overtime

3  premium pay at one and a half times his regular wage of $9.00 per

4  hour for a total $13.50 per hour of overtime worked.  Since his

5  date of hire, through his termination on September 18, 2006,

6  SORIANO was not paid for all of the regular and overtime

7  compensation to which he was entitled under the applicable Wage

8  Orders of the IWC and *California Labor Code §510.*  Instead, all

9  overtime hours worked by SORIANO were paid at his regular wage of

10 $9.00.  Notably, in an apparent effort to avoid paying SORIANO

11 overtime premium pay, defendants paid plaintiff in three separate

12 methods: by computer generated payroll check, handwritten company

13 check, and by cash.

14      13.  The nature of SORIANO'S employment by defendants

15 required that defendants accurately record the number of hours

16 worked by SORIANO, and provide him with itemized payroll check

17 statements or pay stubs that show all hours worked, his

18 applicable hourly rate and pay him overtime premium wages as

19 required by law.  During plaintiffs many years of employment,

20 defendants failed to follow these requirements.  The checks and

21 pay stubs that were issued to plaintiff by the defendants during

22 this time period do not accurately show the number of hours

23 worked, the lawful regular and overtime hourly rates, or the

24 payment of overtime.  True and correct copies of examples of such

25 pay stubs are attached hereto and incorporated herein by this

26 reference collectively as Exhibit "1".

27 ///

28 ///

1

III.

2

FIRST CAUSE OF ACTION

3

FOR UNPAID OVERTIME WAGES IN VIOLATION OF

4

LABOR CODE SECTION 510

5

(AGAINST ALL DEFENDANTS AND DOES 1 TO 50)

6        14.  Plaintiff restates and incorporates by this reference

7  each of the allegations contained in paragraphs 1 through 13 as

8  though set forth fully here.

9        15.  On and before 2003, through and including September 18,

10 2006, pursuant to Labor Code §§ 500, 510, 1194, and 1198, and the

11 applicable wage order of the IWC, Defendants were required to

12 compensate Plaintiff with premium pay for all overtime work

13 performed for hours worked in excess of eight (8) hours per day

14 and/or forty (40) hours per week and for the first eight (8)

15 hours on the seventh (7th) consecutive day of any work week, and

16 double time after twelve (12) hours in any single workday and/or

17 after eight (8) hours on the seventh (7th) consecutive day of any

18 work week.

19       16.  At all times relevant herein, Labor Code Section

20 1194(a) provided that an employee who has not been paid overtime

21 compensation could recover the unpaid balance of the full amount

22 of overtime wages due, including interest therein, together with

23 reasonable attorneys' fees and costs of suit.

24       17.  Within at least the last three (3) years preceding the

25 filing of this Complaint, Defendants employed Plaintiff, and

26 Defendants failed and refused to pay Plaintiff overtime

27 compensation at the rates required by law.

28       18.  As a direct and proximate result of Defendants' failure

6

COMPLAINT FOR DAMAGES

1 and refusal to pay overtime premium rate wages, Plaintiff has
2 suffered losses in an amount currently unknown at this time, but
3 which will be shown according to proof at the time of trial in
4 unpaid overtime. Plaintiff has incurred additional loss in
5 earnings, interest and other employment related benefits.
6 However, based upon defendant wrongful conduct described in this
7 complaint, including but not limited to falsifying or not
8 accurately reporting SORIANO'S hours worked and wages to which he
9 is lawfully entitled, the precise amount of damages in currently
10 unknown at this time, but which will be shown according to proof
11 at the time of trial.

12    19. Plaintiff, who has retained the services of legal
13 counsel in order to enforce his rights to overtime wage pay,
14 requests an award of attorneys' fees, costs and interest pursuant
15 to *Labor Code Section 1194(a)* in an amount that is currently
16 unascertainable but will be shown upon proof at trial.

17    20. An employer or other person acting as an agent of the
18 employer who fails to pay overtime or premium pay in
19 contravention of an IWC Wage Order shall be subject to civil
20 penalties pursuant to *California Labor Code* Section 558.
21 Plaintiff requests an appropriate award reflecting these civil
22 penalties, plus interest thereon.

23    21. As a result of Defendants failure to pay overtime to
24 Plaintiff, Defendants owe Plaintiff compensation, the exact
25 amount to be determined according to proof.

26    22. In addition, Plaintiff is entitled by statute to
27 recover reasonable attorneys' fees, costs of suit, and interest
28 on the unpaid amounts pursuant to *Labor Code Sections 218.5 and*

1 │ 1194.

2

3 │                              IV.

4 │                      SECOND CAUSE OF ACTION

5 │          FOR FAILURE TO ISSUE ACCURATE PAYROLL STATEMENTS

6 │          AND OTHER RECORD KEEPING VIOLATIONS

7 │          IN VIOLATION OF LABOR CODE SECTION 226

8 │          (AGAINST ALL DEFENDANTS AND DOES 1-50)

9 │      23.  Plaintiff restates and incorporates by reference the

10 │ allegations of paragraphs 1 through 22 above as though set forth

11 │ fully here.

12 │      24.  Labor Code Section 226(a) sets forth reporting

13 │ requirements for employers when they pay wages, as follows: "Each

14 │ employer shall semimonthly, or at the time of each payment of

15 │ wages, furnish each of his or her employees either as a

16 │ detachable part of the check, draft, or voucher paying the

17 │ employee's wages, or separately when wages are paid by personal

18 │ check or cash, an itemized statement in writing showing (1) gross

19 │ wages earned, (2) total hours worked by the employee, (5) net

20 │ wages earned, (8) the name and address of the legal entity that

21 │ is the employer,  (9) all applicable hourly rates in effect

22 │ during the pay period and the corresponding number of hours

23 │ worked at each hourly rate by the employee."  Section (e)

24 │ provides: "Any employee suffering injury as a result of a k

25 │ nowing and intentional failure by an employer to comply with

26 │ subdivision (a) shall be entitled to recover the greater of all

27 │ actual damages or fifty dollars ($50) for the initial pay period

28 │ in which a violation occurs and one hundred dollars ($100) per

                              8

1  employee for each violation in all subsequent pay periods, not
2  exceeding an aggregate penalty of four thousand dollars ($4,000),
3  and shall be entitled to an award of costs and reasonable
4  attorney's fees."

5      25.  Defendants did not truly and accurately record
6  Plaintiffs' work hours.  During the relevant periods, Defendants
7  have not provided Plaintiff with truthful and accurate written
8  itemized statements for all pay periods which show: (1) The total
9  number of hours worked by Plaintiff; (2) The number of overtime
10 hours worked; (3) The effective overtime rate of pay; (4) The
11 legal name and address of the legal entity which was his
12 employer.  Defendants knowingly and intentionally failed to
13 comply with *California Labor Code Section 226* et seq and
14 applicable Wage Orders of the IWC.

15     26.  Plaintiff was damaged by defendants' failure to
16 accurately record his work hours and to comply with the
17 requirements of *Labor Code Section 226(a)* because it hindered
18 Plaintiff from determining the true and accurate amounts of wages
19 owed to him.  As such, Plaintiff is entitled to receive the
20 statutory penalties as set forth in *Labor Code Section 226(e)* for
21 each and every pay period that a complete and accurate paycheck
22 report stub was not provided to him.

23     27.  In addition, Plaintiff is entitled by statute to
24 recover reasonable attorneys' fees, costs of suit, and interest
25 on the unpaid amounts pursuant to *Labor Code Sections 218.5,*
26 *226(e) and 1194.*

27 ////
28 ////

V.

### THIRD CAUSE OF ACTION

FAILURE TO PAY WAGES FOR ALL HOURS

WORKED PER IWC WAGE ORDERS

28.  Plaintiff restates and incorporates by reference the allegations of paragraphs 1 through 27 above as though set forth fully here.

29.  The applicable Wage Order of the IWC states that: "Hours worked means time during which an employee is subject to control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

30.  Defendants, and each of them, failed to compensate SORIANO for all of the time he spent while engaged in activities for the benefit of the defendants.

31.  Plaintiff seeks recovery of wages owed for all of the time that he worked for defendants and each of them during the three year period preceding the filing of this complaint as well as pre-judgment interest, costs, attorneys fees and penalties pursuant to *California Labor Code Sections 200, 218.5, 510 and 1194.*

VI.

### FOURTH CAUSE OF ACTION

WAITING TIME PENALTIES UNDER

LABOR CODE §203

32.  Plaintiff restates and incorporates by reference the allegations of paragraphs 1 through 31 above as though set forth fully here.

1    33.  *California Labor Code § 203* authorizes an employee to sue
2    for penalties in an amount equal to the former employers' daily
3    wages for up to 30 days if an employer willfully failed to pay any
4    wages due to the employee at the time of separation from employment
5    (or within 72 hours if the employee tenders a resignation).
6    Plaintiff was not paid his final wages due upon his termination and
7    is entitled to Section 203 penalties.

8    34.  Defendants' failure to pay SORIANO his overtime wages and
9    Section 203 penalties, was willful in nature as set forth in the
10   applicable authority governing *Labor Code Section 203*, and warrants
11   the imposition of a thirty-day wage penalty.

12

13                              VII.

14                      FIFTH CAUSE OF ACTION

15              FAILURE TO PROVIDE REST AND MEAL BREAKS

16              IN VIOLATION OF CALIFORNIA LABOR CODE 226.7

17                  (Against All Defendants, and DOES 1-50)

18   35.  Plaintiff restates and incorporates by reference the
19   allegations of paragraphs 1 through 34 above as though set forth
20   fully here.

21   36.  *Labor Code Section 512* requires employers to provide
22   employees who work more than five hours in a day at least a 30-
23   minute meal break.  Plaintiff was never given or allowed to take
24   such a meal period.

25   37.  California Wage Orders require that any employee who
26   works at least three and a half hours to receive a minimum ten-
27   minute paid rest period.  Plaintiff was never given or allowed to
28   take any rest period, regardless of the fact that he worked in

                              11
                       COMPLAINT FOR DAMAGES

1  excess of eight and sometimes 12 hours or more in a day.

2      38.  The extra compensation for missed meal breaks and rest
3  breaks constitutes "wages" for purposes of *Labor Code Section*
4  *226.*  In addition, Section 7(A) of the applicable Wage Orders
5  governing Records, mandates that "Every employer shall keep
6  accurate information with respect to each employee including the
7  following: 'Time records showing when the employee begins and
8  ends each work period.  Meal period, split shift intervals and
9  total daily hours worked shall also be recorded.'"

10     39.  *Labor Code § 226.*7 states that if an employer fails to
11 provide an employee with a meal period as required by Section 512
12 or rest periods as mandated by a Wage Order, the employer has to
13 pay the employee an additional hour of pay for each day at the
14 employee's regular rate of compensation for each meal or rest
15 period.

16     40.  Defendants and each of them refused and prohibited
17 SORIANO from taking meal and rest breaks as authorized by law.
18 Therefore, plaintiff is entitled to and defendant must pay one
19 hour of wages for every meal period and/or rest period that they
20 refused to provide, the exact amount to be determined according
21 to proof.

22     41.  In addition, Plaintiff is entitled by statute to
23 recover reasonable attorneys' fees, costs of suit, and interest
24 on the unpaid amounts pursuant to *Labor Code Sections 218.5 and*
25 *1194.*

26 ////

27 ////

28 ////

X.

<u>SIXTH CAUSE OF ACTION</u>

UNLAWFUL BUSINESS PRACTICES IN VIOLATION

OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

42.  Plaintiff restates and incorporates by reference the allegations of paragraphs 1 through 53 above as though set forth fully here.

43.  Since SORIANO began his employment with defendant MMM in July of 1990, MMM has committed acts of unfair competition, as defined by *Business and Professions Code* §17200, by engaging in the practices alleged above.

44.  Defendants and each of them used identical or substantially similar practices of avoiding the payment of lawfully earned wages and premium overtime pay with the majority of its non-exempt employees, such as SORIANO.

45.  SORIANO has sustained and incurred damages-in-fact personal to him as a direct and proximate result of the unfair business practices committed by defendants.

46.  The prompt and proper payment of wages is a fundamental public policy of the State of California.  Furthermore, failure to pay overtime, failure to provide and keep proper employment records, and failure to pay wages to its employees, including SORIANO for all hours worked all give defendants an unfair business advantage over its competitors that adhere to the provisions of the IWC Wage Orders and the California Labor Code because it reduces defendants business overhead, such that it can price its services under the true market cost of providing such services such as leasing its commercial properties, and managing

1  its parking facilities.   Defendants unlawful business practices
2  as herein alleged were intended to give it an unfair business
3  advantage over it competitors.

4      47.   *California Business and Professions Code Section 17200*
5  et. seq. prohibits acts of unfair competition, which shall mean
6  and include any "unlawful and unfair business practices."

7      48.   The conduct of defendants and each of them as alleged
8  herein has been and continues to be unfair, unlawful and has
9  caused direct financial damage to plaintiff SORIANO.   Plaintiff
10 hereby seeks to enforce important rights that affect his
11 interests within the meaning of *Code of Civil Procedure Section*
12 *1021.5*.   Plaintiff is a "person" within the meaning of *Business*
13 *and Professions Code Section 17204*, and therefore has standing to
14 bring this suit for injunctive relief and restitution.

15     49.   By engaging in the aforementioned business practices,
16 which are unfair and unlawful business practices within the
17 meaning of Business and Professions Code Section 17200 et. seq.,
18 defendants have harmed the plaintiff.   Under *Business and*
19 *Professions Code Section 17203*, Plaintiff is entitled to obtain
20 restitution of monies due to him.   Plaintiff seeks full
21 restitution of monies, as necessary and according to proof, to
22 restore any and all monies withheld, acquired and/or converted by
23 the Defendants by means of the unfair practices complained of
24 herein.   The restitution includes the equivalent of all unpaid
25 wages for hours worked whether it be straight-time, overtime or
26 compensation for meal and rest breaks not allowed by defendant.

27     50.   Pursuant to *Business and Professions Code Section*
28 *17202*, Plaintiff is entitled to specific relief enforcing the

1  penalty provisions of  *Labor Code* for himself in amounts to be

2  proved at trial.  Failure to enforce the penalties due would

3  result in the unlawful enrichment of the Defendants and would

4  promote unfair competition.

5      51.  The acts complained of herein occurred within the last

6  four years preceding the filing of the Complaint in this action.

7      52.  Plaintiff is entitled to attorney fees and costs

8  pursuant to the common fund equitable doctrine, *Code of Civil*

9  *Procedure Section 1021.5* and the substantial benefits doctrine.

10

11     WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS,

12  AND EACH OF THEM, AS FOLLOWS:

13     A.  For economic damages according to proof;

14     B.  For general, special and incidental damages according to

15  proof;

16     C.  For pre-judgment interest as allowed by *California Labor*

17  *Code Section 218.5 or 1194* and *California Civil Code Section 3287*

18  or any other statute to the fullest extent permitted by law;

19     D.  For reasonable attorneys' fees pursuant to *Labor Code*

20  *Sections 218.5, 203, 1194, 226(e)*, *Code of Civil Procedure Section*

21  *1021.5*, and all and any other applicable laws and statutes;

22     E. For civil penalties pursuant to *Labor Code Sections 1194.2,*

23  *203, and 226(e)*.

24     F.  That Defendants pay restitution to Plaintiff of all funds

25  unlawfully acquired by Defendants by means of any acts or practices

26  declared by this Court to violate the mandate established by

27  *California Business and Professions Code Section 17200* et seq.;

28     G.  For costs of suit herein incurred; and

1    H.   For such other and further relief as the Court may deem

2  just and proper.

3

4                    DEMAND FOR JURY TRIAL

5      Plaintiff does hereby demand a jury trial in this action.

6

7  DATED: October 19 , 2007          MYERS & SIEGEL, P.C.

8

9                                    Michael D. Myers

10                                   Alan L. Siegel
                                     Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Michael D. Myers, Esq.,  [SBN: 086996]
Alan L. Siegel, Esq.,    [SBN: 120156]
2 | MYERS & SIEGEL, P.C.
675 W.  Foothill Blvd., Suite 200
3 | Claremont, California 91711
(909) 398-4200
4 | (909) 398-4220 Facsimile
Attorneys for Plaintiff
5 |

**FILED**
LOS ANGELES SUPERIOR COURT

OCT ⬡ 1 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

6 |                     ...eu to D-69
7 |                     Edward A. Ferns.

8 |        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |        COUNTY OF LOS ANGELES - CENTRAL DISTRICT

10 | GEOVANNI A. MALDONADO,            ) Case No.  BC379486
                                      ) (Unlimited Jurisdiction)
11 |         Plaintiff                 ) COMPLAINT FOR DAMAGES AND
                                      ) PENALTIES FOR:
12 |         v.                        )
                                      ) 1.  Failure to Pay Overtime
13 | FRANCISCAN MERCHANDISE, INC., A ) Wages per Labor Code §510
     California Corporation; and      )
14 | DOES 1 TO 50, inclusive.         ) 2.  Failure to Maintain
                                      )     Records per Labor Code §226
15 |         Defendant(s)             )
                                      ) 3.  Failure to Pay Wages For
16 |                                  )     All Hours Worked
                                      )
17 |                                  ) 4.  Waiting Time Penalties
                                      )     Under Labor Code §203
18 |                                  )
                                      ) 5.  Unlawful Business
19 |                                  )     Practices per Business and
                                      )     Professions Code § 17200
20 |                                  )
                                      )  Exemplary damages
21 |                                  )
                                      )  DEMAND FOR JURY TRIAL
22 |

23 | Plaintiff GEOVANNI A. MALDONADO alleges:

24 |                             I.

25 |                        THE PARTIES

26 |     1.  This is an action for unpaid wages, premium overtime

27 | pay, statutory penalties and punitive damages brought by

28 | plaintiff GEOVANNI A. MALDONADO, (hereinafter "MALDONADO" or

1  "plaintiff") against defendant FRANCISCAN MERCHANDISE, INC., A

2  California Corporation, (hereinafter "FRANCISCAN MERCHANDISE,

3  INC." or "defendant"), arising from plaintiff's employment by

4  said defendant. MALDONADO'S employment by FRANCISCAN MERCHANDISE,

5  INC., began January 1999.  His employment was terminated on or

6  about July 16, 2007.

7       2. GEOVANNI A. MALDONADO is, and at all times herein

8  mentioned was, a person residing in the State of California,

9  County of Los Angeles.

10      3.  Plaintiff is informed and believes and thereon alleges

11  that FRANCISCAN MERCHANDISE, INC. is, and at all times herein

12  mentioned was, a corporation organized and existing pursuant to

13  the laws of the State of California.  FRANCISCAN MERCHANDISE,

14  INC., has its principal place of business in the City of Los

15  Angeles, and the acts and conduct complained of herein took place

16  within the County of Los Angeles.  Jurisdiction and venue in this

17  court is properly fixed pursuant to *California Code of Civil*

18  *Procedure Sections 393(a) and 395.5.*

19      4.  Plaintiff does not know the true names and capacities,

20  whether individual, corporate or otherwise, of defendants DOES 1

21  through 50, and therefore sues them by such fictitious names.

22  Plaintiff is informed and believes and on that basis allege that

23  each of the DOE defendants is in some manner responsible for the

24  damages alleged by them in this Complaint.  Plaintiff will amend

25  this complaint to allege their true names and capacities when the

26  same have been ascertained.

27      5.  Plaintiff is informed and believes and on that basis

28  alleges that at the various times alleged in this Complaint, each

1  of the named and DOE defendants was the agent or employee of each

2  of the remaining co-defendants and, in doing the acts alleged in

3  this Complaint, were acting within the course and scope of said

4  agency, employment and service with advance knowledge, consent

5  and/or ratification of each of the remaining Defendants.

6    6.  Each and every act or wrongful conduct committed by

7  FRANCISCAN MERCHANDISE, INC., and DOES 1 through 50 as described

8  in this Complaint was duly personally known to, authorized,

9  ratified and directed by the owners, officers, directors and/or

10 managing agents of FRANCISCAN MERCHANDISE, INC.  In addition,

11 said owners, officers, directors and/or managing agents of

12 FRANCISCAN MERCHANDISE, INC., participated in the acts described

13 in this Complaint, and ratified or accepted benefits of such

14 acts.

15                          II.

16            FACTS COMMON TO ALL CAUSES OF ACTION

17    7.  Plaintiff restates and incorporates by this reference

18 each of the allegations contained in paragraphs 1 through 6 as

19 though set forth fully here.

20    8.  Defendant FRANCISCAN MERCHANDISE, INC.'s primary

21 business is a retail and wholesale seller of hair accessories,

22 costume jewelry, beauty items, novelty items, and general

23 merchandise products.  As such, defendant is subject to the

24 provisions of one or more applicable State of California

25 Department of Labor Industrial Welfare Commission ("IWC") Wage

26 Orders.

27    9.  MALDONADO was hired by FRANCISCAN MERCHANDISE, INC. in

28 January of 1999, to be paid a fixed salary wage on a weekly

1 basis.  MALDONADO's job duties included, sales, loading/unloading
2 containers, deliveries, and as an order picker from the
3 warehouse.  During 2003, MALDONADO was paid a weekly salary of
4 $475.00, in 2004 he was paid a weekly salary of $500.00, in 2005
5 $525.00 per week, in 2006, $550.00 per week and from January 2007
6 through his termination on July 16, 2007, he was paid a weekly
7 salary of $575.00.  During all periods of employment, MALDONADO
8 was required or allowed by defendant to work overtime hours,
9 often working 20 or more hours of overtime each weekly pay
10 period.  Since his date of hire, through his termination on July
11 16, 2007, MALDONADO was not paid all of the regular and overtime
12 compensation to which he was entitled under the applicable Wage
13 Orders of the IWC and *California Labor Code §510*.  At all times
14 during his employment at FRANCISCAN MERCHANDISE, INC., MALDONADO
15 was an employee that was not exempt from the premium overtime pay
16 requirements of *Labor Code sections 500, 510, 1194 and 1198*
17 regarding the payment of minimum wages, overtime premium pay and
18 other requirements.

19     10.  MALDONADO was not paid overtime premium wages as
20 required by the applicable *California Labor Code* sections and
21 Wage Orders set forth above.  Instead, MALDONADO was paid for all
22 overtime hours worked in cash at his regular wage rate.
23 Defendant engaged in this practice in an apparent effort to avoid
24 paying MALDONADO overtime premium pay.
25 ///
26 ///
27 ///
28 ///

III.

FIRST CAUSE OF ACTION

FOR UNPAID OVERTIME WAGES IN VIOLATION OF

LABOR CODE SECTION 510

(AGAINST ALL DEFENDANTS AND DOES 1 TO 50)

11. Plaintiff restates and incorporates by this reference each of the allegations contained in paragraphs 1 through 10 as though set forth fully here.

12. On and before January, 1999, through and including July 16, 2007, pursuant to *Labor Code §§ 500, 510, 1194, and 1198*, and the applicable wage order of the IWC, Defendants were required to compensate Plaintiff with premium pay for all overtime work performed for hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first eight (8) hours on the seventh (7th) consecutive day of any work week, and double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh (7th) consecutive day of any work week.

13. At all times relevant herein, *Labor Code Section 1194(a)* provided that an employee who has not been paid overtime compensation could recover the unpaid balance of the full amount of overtime wages due, including interest therein, together with reasonable attorneys' fees and costs of suit.

14. Within at least the last three (3) years preceding the filing of this Complaint, Defendants employed Plaintiff, and Defendants failed and refused to pay Plaintiff overtime compensation at the rates required by law.

15. As a direct and proximate result of Defendants' failure

5

COMPLAINT FOR DAMAGES

1  and refusal to pay overtime premium rate wages, Plaintiff has
2  suffered losses in an amount to be determined at time of trial in
3  unpaid overtime.  Plaintiff has incurred additional loss in
4  earnings, interest and other employment related benefits.
5  However, based upon FRANCISCAN MERCHANDISE, INC.'S wrongful
6  conduct described in this complaint, including but not limited to
7  falsifying or not accurately reporting MALDONADO'S hours worked
8  and wages to which he is lawfully entitled, the precise amount of
9  damages in currently unknown at this time, but which will be
10  shown according to proof at the time of trial.

11      16.  Plaintiff, who has retained the services of legal
12  counsel in order to enforce his rights to overtime wage pay,
13  requests an award of attorneys' fees, costs and interest pursuant
14  to *Labor Code Section 1194(a)* in an amount that is currently
15  unascertainable but will be shown upon proof at trial.

16      17.  An employer or other person acting as an agent of the
17  employer who fails to pay overtime or premium pay in
18  contravention of an IWC Wage Order shall be subject to civil
19  penalties pursuant to *California Labor Code* Section 558.
20  Plaintiff requests an appropriate award reflecting these civil
21  penalties, plus interest thereon.

22      18.  As a result of Defendants failure to pay overtime to
23  Plaintiff, Defendants owe Plaintiff compensation, the exact
24  amount to be determined according to proof.

25      19.  In addition, Plaintiff is entitled by statute to
26  recover reasonable attorneys' fees, costs of suit, and interest
27  on the unpaid amounts pursuant to *Labor Code Sections 218.5 and*
28  *1194*.

1 | IV.

2 | SECOND CAUSE OF ACTION

3 | FOR FAILURE TO ISSUE ACCURATE PAYROLL STATEMENTS

4 | AND OTHER RECORD KEEPING VIOLATIONS

5 | IN VIOLATION OF LABOR CODE SECTION 226

6 | (AGAINST ALL DEFENDANTS AND DOES 1-50)

7 | 20.  Plaintiff restates and incorporates by reference the

8 | allegations of paragraphs 1 through 19 above as though set forth

9 | fully here.

10 | 21.  *Labor Code Section 226(a)* sets forth reporting

11 | requirements for employers when they pay wages, as follows: "Each

12 | employer shall semimonthly, or at the time of each payment of

13 | wages, furnish each of his or her employees either as a

14 | detachable part of the check, draft, or voucher paying the

15 | employee's wages, or separately when wages are paid by personal

16 | check or cash, an itemized statement in writing showing (1) gross

17 | wages earned, (2) total hours worked by the employee, (5) net

18 | wages earned, (8) the name and address of the legal entity that

19 | is the employer,  (9) all applicable hourly rates in effect

20 | during the pay period and the corresponding number of hours

21 | worked at each hourly rate by the employee."  Section (e)

22 | provides: "Any employee suffering injury as a result of a knowing

23 | and intentional failure by an employer to comply with subdivision

24 | (a) shall be entitled to recover the greater of all actual

25 | damages or fifty dollars ($50) for the initial pay period in

26 | which a violation occurs and one hundred dollars ($100) per

27 | employee for each violation in all subsequent pay periods, not

28 | exceeding an aggregate penalty of four thousand dollars ($4,000),

1  and shall be entitled to an award of costs and reasonable

2  attorney's fees."

3      22.   Defendants did not truly and accurately record

4  Plaintiffs' work hours.  During the relevant periods, Defendants

5  have not provided Plaintiff with truthful and accurate written

6  itemized statements for all pay periods which show: (1) The total

7  number of hours worked by Plaintiff; (2) The number of overtime

8  hours worked; (3) The effective overtime rate of pay; (4) The

9  legal name and address of the legal entity which was his

10 employer.  Defendants knowingly and intentionally failed to

11 comply with *California Labor Code Section 226* et seq and

12 applicable Wage Orders of the IWC.

13     23.   Plaintiff was damaged by defendants' failure to

14 accurately record his work hours and to comply with the

15 requirements of *Labor Code Section 226(a)* because it hindered

16 Plaintiff from determining the true and accurate amounts of wages

17 owed to him.  As such, Plaintiff is entitled to receive the

18 statutory penalties as set forth in *Labor Code Section 226(e)* for

19 each and every pay period that a complete and accurate paycheck

20 report stub was not provided to him.

21     24.   In addition, Plaintiff is entitled by statute to

22 recover reasonable attorneys' fees, costs of suit, and interest

23 on the unpaid amounts pursuant to *Labor Code Sections 218.5,*

24 *226(e) and 1194.*

25                          V.

26              THIRD CAUSE OF ACTION

27          FAILURE TO PAY WAGES FOR ALL HOURS

28              WORKED PER IWC WAGE ORDERS

---

1    25.  Plaintiff restates and incorporates by reference the
2  allegations of paragraphs 1 through 24 above as though set forth
3  fully here.

4    26.  The applicable Wage Order of the IWC states that:
5  "Hours worked means time during which an employee is subject to
6  control of an employer, and includes all the time the employee is
7  suffered or permitted to work, whether or not required to do so."

8    27.  Defendants, and each of them, failed to compensate
9  MALDONADO for all of the time he spent while engaged in
10 activities for the benefit of FRANCISCAN MERCHANDISE, INC.

11   28.  Plaintiff seeks recovery of wages owed for all of the
12 time that he worked for FRANCISCAN MERCHANDISE, INC., during the
13 three year period preceding the filing of this complaint as well
14 as pre-judgment interest, costs, attorneys fees and penalties
15 pursuant to *California Labor Code Sections 200, 218.5, 510, 558*
16 *and 1194.*

17

18                            VI.

19                   FOURTH CAUSE OF ACTION

20                WAITING TIME PENALTIES UNDER

21                      LABOR CODE §203

22   29.  Plaintiff restates and incorporates by reference the
23 allegations of paragraphs 1 through 28 above as though set forth
24 fully here.

25   30.  *California Labor Code § 203* authorizes an employee to sue
26 for penalties in an amount equal to the former employers' daily
27 wages for up to 30 days if an employer willfully failed to pay any
28 wages due to the employee at the time of separation from employment

1  (or within 72 hours if the employee tenders a resignation).
2  Plaintiff was not paid his final wages due upon his termination and
3  is entitled to Section 203 penalties.

4      31.  Defendants' failure to pay MALDONADO his overtime wages
5  and Section 203 penalties, was willful in nature as set forth in the
6  applicable authority governing *Labor Code Section 203*, and warrants
7  the imposition of a thirty-day wage penalty.

8

9                              VII.

10                      FIFTH CAUSE OF ACTION

11            UNLAWFUL BUSINESS PRACTICES IN VIOLATION

12      OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.

13      32.  Plaintiff restates and incorporates by reference the
14  allegations of paragraphs 1 through 31 above as though set forth
15  fully here.

16      33.  Since MALDONADO began his employment with defendant
17  FRANCISCAN MERCHANDISE, INC., in January of 1999, FRANCISCAN
18  MERCHANDISE, INC., has committed acts of unfair competition, as
19  defined by *Business and Professions Code §17200*, by engaging in
20  the practices alleged above.

21      34.  FRANCISCAN MERCHANDISE, INC., used identical or
22  substantially similar practices of avoiding the payment of
23  lawfully earned wages and premium overtime pay with the majority
24  of its non-exempt employees, such as MALDONADO.

25      35.  MALDONADO has sustained and incurred damages-in-fact
26  personal to him as a direct and proximate result of the unfair
27  business practices committed by FRANCISCAN MERCHANDISE, INC.

28      36.  The prompt and proper payment of wages is a fundamental

1  public policy of the State of California.  Furthermore, failure
2  to pay overtime, failure to provide and keep proper employment
3  records, and failure to pay wages to its employees, including
4  MALDONADO for all hours worked all give FRANCISCAN MERCHANDISE,
5  INC., an unfair business advantage over its competitors that
6  adhere to the provisions of the IWC Wage Orders and the
7  California Labor Code because it reduces FRANCISCAN MERCHANDISE,
8  INC.'S business overhead, such that it can price its goods under
9  the true market cost of manufacturing its goods.  FRANCISCAN
10  MERCHANDISE, INC.'S unlawful business practices as herein alleged
11  were intended to give it an unfair business advantage over it
12  competitors.

13      37.  *California Business and Professions Code Section 17200*
14  *et. seq.* prohibits acts of unfair competition, which shall mean
15  and include any "unlawful and unfair business practices."

16      38.  The conduct of FRANCISCAN MERCHANDISE, INC., as alleged
17  herein has been and continues to be unfair, unlawful and has
18  caused direct financial damage to plaintiff MALDONADO.  Plaintiff
19  hereby seeks to enforce important rights that affect his
20  interests within the meaning of *Code of Civil Procedure Section*
21  *1021.5*.  Plaintiff is a "person" within the meaning of *Business*
22  *and Professions Code Section 17204*, and therefore has standing to
23  bring this suit for injunctive relief and restitution.

24      39.  By engaging in the aforementioned business practices,
25  which are unfair and unlawful business practices within the
26  meaning of Business and Professions Code Section 17200 et. seq.,
27  Defendants harmed plaintiff.  Under *Business and Professions Code*
28  *Section 17203*, Plaintiff is entitled to obtain restitution of

1 monies due to him.  Plaintiff seeks full restitution of monies,

2 as necessary and according to proof, to restore any and all

3 monies withheld, acquired and/or converted by the Defendants by

4 means of the unfair practices complained of herein.  The

5 restitution includes the equivalent of all unpaid wages for hours

6 worked whether it be straight-time, overtime or compensation for

7 meal and rest breaks not allowed by defendant.

8     40.  Pursuant to *Business and Professions Code Section*

9 *17202*, Plaintiff is entitled to specific relief enforcing the

10 penalty provisions of  *Labor Code* for himself in amounts to be

11 proved at trial.  Failure to enforce the penalties due would

12 result in the unlawful enrichment of the Defendants and would

13 promote unfair competition.

14     41.  The acts complained of herein occurred within the last

15 four years preceding the filing of the Complaint in this action.

16     42.  Plaintiff is entitled to attorney fees and costs

17 pursuant to the common fund equitable doctrine, *Code of Civil*

18 *Procedure Section 1021.5* and the substantial benefits doctrine.

19

20     WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS, AND

21 EACH OF THEM, AS FOLLOWS:

22     A.  For economic damages according to proof;

23     B.  For general, special and incidental damages according to

24 proof;

25     C.  For pre-judgment interest as allowed by *California Labor*

26 *Code Section 218.5 or 1194* and *California Civil Code Section 3287*

27 or any other statute to the fullest extent permitted by law;

28     D.  For reasonable attorneys' fees pursuant to *Labor Code*

12
COMPLAINT FOR DAMAGES

1  *Sections 218.5, 203, 1194, 226(e), Code of Civil Procedure Section*

2  *1021.5,* and all and any other applicable laws and statutes;

3      E.  For civil penalties pursuant to *Labor Code Sections 558,*

4  *1194.2, 203, and 226(e).*

5      F.  That Defendants pay restitution to Plaintiff of all funds

6  unlawfully acquired by Defendants by means of any acts or practices

7  declared by this Court to violate the mandate established by

8  *California Business and Professions Code Section 17200* et seq.;

9      G.  Exemplary damages in an amount sufficient to punish and

10 make an example of FRANCISCAN MERCHANDISE, INC., and to deter future

11 similar conduct.

12     H.  For costs of suit herein incurred; and

13     I.  For such other and further relief as the Court may deem

14 just and proper.

15                     DEMAND FOR JURY TRIAL

16     Plaintiff does hereby demand a jury trial in this action.

17

18 DATED: OCTOBER 30 , 2007          MYERS & SIEGEL, P.C.

19

20                                  _____
                                    Michael D. Myers
21                                  Alan L. Siegel
                                    Attorneys for Plaintiff
22

23

24

25

26

27

28

_____

                              13
                     COMPLAINT FOR DAMAGES

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 01 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

90015

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, CSB# 59404
Jose Cristobal, CSB# 232922
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorneys for Plaintiff, CARLOS ARECHIGA

Case assigned to D-n
Judge Mary Thorton House

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**

| | |
|---|---|
| CARLOS ARECHIGA, | Case No. BC380124 |
| PLAINTIFF, | COMPLAINT FOR: |
| vs. | 1. UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 5 § 3); |
| DOLORES PRESS, INC., a California corporation; and DOES 1 through 100, Inclusive, | 2. FAILURE TO PAY MINIMUM WAGE AS A RESULT OF FAILING TO COMPENSATE FOR ALL HOURS WORKED (LABOR CODE §§ 1194, 1197; IWC ORDER 5 § 4); |
| DEFENDANTS. | 3. FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 5 § 11); |
| | 4. FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 5 § 12); |
| | 5. FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE §§ 226, 1174; IWC ORDER 5 § 7); |
| | 6. FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203); |

- 1 -

COMPLAINT