# EXHIBIT D
# PART 6 OF 6

7. UNFAIR BUSINESS PRACTICES,
BUSINESS AND PROFESSIONS CODE §§
17200, ET SEQ.

Comes now Plaintiff, CARLOS ARECHIGA, who complains and alleges as follows:

## INTRODUCTION

1. From about January 2000 to September 30, 2006, DEFENDANTS, DOLORES PRESS,
INC. and DOES 1 through 100, inclusive, employed Plaintiff, CARLOS ARECHIGA, as a
maintenance worker in their premises in the city of Los Angeles. DEFENDANTS, DOLORES
PRESS, INC. and DOES 1 through 100, inclusive, required Plaintiff, CARLOS ARECHIGA, to
work long hours without paying overtime, providing meal and rest periods, paying the minimum
wage for all hours worked, maintaining the required records, and failed to pay all wages due upon
separation. This is an action brought by Plaintiff, CARLOS ARECHIGA, against DEFENDANTS,
DOLORES PRESS, INC. and DOES 1-100, inclusive, alleging violations of various wage/hour
provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

## VENUE AND JURISDICTION

2. Venue is proper in Los Angeles County because DEFENDANTS employed PLAINTIFF,
CARLOS ARECHIGA, in the County of Los Angeles, and the acts complained of herein occurred
in Los Angeles County.

3. The monetary damages sought by Plaintiff, CARLOS ARECHIGA, exceed $25,000, as set
forth in the prayer for relief, and will be established according to proof at trial. Further, there is no
federal question at issue as the complaint is based solely on California law and statutes including the
IWC Wage Orders, Labor Code, Civil Code, and Code of Civil Procedure.

- 2 -
COMPLAINT

1

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

2   4. Plaintiff, CARLOS ARECHIGA (hereinafter "CARLOS ARECHIGA"), is an individual

3   who was employed by DEFENDANTS, DOLORES PRESS, INC. and DOES 1 through 100,

4   inclusive, in the State of California.

5   5. CARLOS ARECHIGA is informed and believes, and based thereon alleges, that

6   DEFENDANTS, DOLORES PRESS, INC. ("DEFENDANTS"), is a corporation duly organized

7   under laws of the State of California and is duly qualified under the laws of the State of California

8   to conduct business within the State of California and does routinely conduct business in the County

9   of Los Angeles.

10   6. CARLOS ARECHIGA is ignorant of the true names or capacity of the DEFENDANTS sued

11   herein under the fictitious names DOES 1 through 100, inclusive, and they are therefore sued

12   pursuant to Code of Civil Procedure § 474. When their true names and capacity are ascertained,

13   CARLOS ARECHIGA will amend this complaint by inserting their true names and capacity herein.

14   CARLOS ARECHIGA is informed and believes, and based thereon alleges, that DEFENDANTS

15   DOES 1 through 100, inclusive, hereinafter collectively referred to as "DOES," acted wrongfully,

16   maliciously, intentionally and negligently; that each is responsible in some manner for the events

17   and happenings complained of herein; and that injuries of CARLOS ARECHIGA, as alleged herein,

18   were proximately caused by DEFENDANTS DOES, either through said DEFENDANTS' own

19   conduct or through the conduct of their agents and/or employees.

20   7. CARLOS ARECHIGA is informed and believes, and based thereon alleges, that at all

21   relevant times, each of the DEFENDANTS, whether named or fictitiously named as DOE

22   (hereinafter collectively referred to as "DEFENDANTS"), was the merging entity, merged entity,

23   subsidiary, acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS

24   and, in doing the things hereinafter alleged, was acting within the course and scope of such agency

25   and/or employment with the knowledge, advice, permission and consent of each other.

26   8. Beginning on or about January 2000 to September 30, 2006, CARLOS ARECHIGA, was

27   employed by DEFENDANTS at DEFENDANTS' premises located in Los Angeles, California, in

28

COMPLAINT

1  the County of Los Angeles.

2      9.  CARLOS ARECHIGA was employed as a maintenance worker by DEFENDANTS and in

3  such capacity, CARLOS ARECHIGA performed duties that make CARLOS ARECHIGA a non-

4  exempt employee who is entitled to the benefits and protections of the Labor Code of the State of

5  California, and to the existing and applicable Industrial Welfare Commission Order 5-2001 (Title 8,

6  California Code of Regulations §§ 11000, 11050).  At no time did CARLOS ARECHIGA work in a

7  capacity or perform duties that would have made CARLOS ARECHIGA exempt from such

8  provisions.

9      10. Effective September 30, 2006, CARLOS ARECHIGA was terminated or laid off by

10  DEFENDANTS.

11      11. CARLOS ARECHIGA worked for DEFENDANTS each week during the period from about

12  January 2000 to September 30, 2006.

13      12.  During the period from about September 2003 to September 30, 2006, CARLOS

14  ARECHIGA worked for DEFENDANTS on Mondays, Tuesdays, Wednesdays, Thursdays, Fridays,

15  and Saturdays, from approximately 6:00 a.m. to 6:00 p.m.

16      13. During the period from about September 2003 to September 30, 2006, CARLOS

17  ARECHIGA received a flat bi-weekly salary of $1,906.66 from DEFENDANTS.  He was paid in

18  check.

19      14. CARLOS ARECHIGA is authorized to bring this action pursuant to California Labor Code

20  §§ 1194, 226, and 203 and pursuant to the power vested in Plaintiff to enforce the provisions of the

21  California Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

22      15. At all times herein mentioned, DEFENDANTS were subject to the Labor Code of the State

23  of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

24  California Code of Regulations § 11050).

25      16. CARLOS ARECHIGA is seeking damages for the Labor Code violations for the past three

26  years prior to the filing of this complaint pursuant to Ca. Code. of Civ. Pro. §338(a).

27      17. As for the fourth year prior to the filing of this complaint, CARLOS ARECHIGA would be

28

- 4 -

COMPLAINT

1 | entitled to restitution and/or back pay pursuant to Business and Professions Code § 17200 and

2 | *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

3 | 18. CARLOS ARECHIGA has incurred, and during the pendency of this action will continue to

4 | incur, expenses for attorney's fees and costs herein. CARLOS ARECHIGA requests that the court

5 | award attorney's fees and costs in an amount according to proof pursuant to California Labor Code

6 | §1194(a).

7

8 | **FIRST CAUSE OF ACTION**

9 | **UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION**

10 | **Brought by PLAINTIFF against all DEFENDANTS**

11 | **(Labor Code §§ 200, 203, 218.6, 500, 510, 1194, 1198, and 1199; IWC ORDER 5 § 3(A) (Title 8**

12 | **Cal. Code of Reg. § 11050))**

13 | 19. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

14 | though fully set forth herein.

15 | 20. At all times herein mentioned, CARLOS ARECHIGA was employed by DEFENDANTS as

16 | a maintenance worker. CARLOS ARECHIGA'S position, therefore, does not fall within the

17 | professional, administrative, or executive exemptions.

18 | 21. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

19 | of California, and to the existing and applicable Industrial Welfare Commission 5 (Title 8,

20 | California Code of Regulation § 11050) which states that an employee such as CARLOS

21 | ARECHIGA shall not be employed more than eight hours in any workday or more than 40 hours in

22 | any workweek unless the employee receives one and one-half (1 ½) times such employee's regular

23 | rate of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot

24 | be less than the applicable minimum wage.

25 | 22. At all times herein mentioned, DEFENDANTS were subject to California Labor Code § 510

26 | which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of

27 | eight hours in one workday and any work in excess of 40 hours in any one workweek and the first

28

- 5 -

COMPLAINT

1  eight hours worked on the seventh day of work in any one workweek shall be compensated at the

2  rate of no less than one and one-half times the regular rate of pay for an employee. Any work in

3  excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a

4  workweek shall be compensated at the rate of no less than twice the regular rate of pay of any

5  employee."

6      23. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

7  1198 which states that "the maximum hours of work and the standard conditions of labor fixed by

8  the commission shall be the maximum hours of work and the standard conditions of labor for

9  employees. The employment of any employee for longer hours than those fixed by the order or

10 under conditions of labor prohibited by the order is unlawful."

11     24. At all times herein mentioned, DEFENDANTS were subject to California Labor Code

12 §1199. Labor Code §1199 states "every employer… is guilty of a misdemeanor and is punishable by

13 a fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by both,

14 who does any of the following: (a) requires or causes an employee to work for longer hours than

15 those fixed, or under conditions of labor prohibited by an order of the commission."

16     25. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

17 failure to receive the legal overtime rate of pay.

18     26. CARLOS ARECHIGA was a non-exempt employee entitled to the protections of Industrial

19 Welfare Commission Order 5 (Title 8 of the California Code of Regulations § 11050), and

20 California Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

21     27. For the last four (4) years before the filing of this complaint, CARLOS ARECHIGA worked

22 more than 40 hours per workweek.

23     28. For the last four (4) years before the filing of this complaint, CARLOS ARECHIGA worked

24 more than 8 hours per day.

25     29. For the last four (4) years before the filing of this complaint, CARLOS ARECHIGA

26 sometimes worked more than 12 hours per day.

27     30. For the last four (4) years before the filing of this complaint, pursuant to Labor Code § 510

28

- 6 -
COMPLAINT

1  and Title 8 of California Code of Regulations § 11050(3)(a), DEFENDANTS were required to pay

2  CARLOS ARECHIGA, overtime compensation, which is calculated at one and one-half (1½) times

3  the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours

4  per week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with

5  double time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh

6  consecutive day of any work week.

7      31. During the course of CARLOS ARECHIGA'S employment, DEFENDANTS failed to

8  compensate CARLOS ARECHIGA for overtime hours worked with the premium overtime pay as

9  required under the aforementioned labor regulations.

10     32. Instead of making the required payments under the aforementioned wage orders and Labor

11  Code provisions, DEFENDANTS only paid CARLOS ARECHIGA flat bi-weekly salary that did

12  not take into consideration the total number of hours worked or the number of overtime hours

13  worked.  There is no law or wage order that permits DEFENDANTS to lawfully pay CARLOS

14  ARECHIGA an flat bi-weekly salary that does not compensate CARLOS ARECHIGA for all hours

15  worked and all overtime hours worked at the legally mandated rate of pay (the overtime premium

16  rate).

17     33. Labor Code § 515(d) states that "for the purpose of computing the overtime rate of

18  compensation required to be paid to a nonexempt full-time salaried employee, the employee's

19  regular hourly rate shall be $1/40^{th}$ of the employee's weekly salary.

20     34. Under the aforementioned wage orders, statutes, and regulations, CARLOS ARECHIGA is

21  entitled to one and one-half times and/or double his regular rate of pay for overtime work performed

22  for the last four (4) years prior to the filing of this complaint, based on appropriate calculations of

23  the total remuneration for each workweek, and the corresponding number of hours worked each day

24  and/or workweek.

25     35. As DEFENDANTS' conduct alleged herein violates Labor Code §§200, 500, 510, 1194,

26  1198, and 1199, CARLOS ARECHIGA is entitled to recover the unpaid balance of overtime

27  compensation, plus interest, attorney's fees, and costs of suit pursuant to Labor Code §1194.

28

- 7 -

COMPLAINT

1   36. CARLOS ARECHIGA seeks interest pursuant to Labor Code § 218.6. That code states that

2   in any action brought for the nonpayment of wages, the Court shall award interest on all due and

3   unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code

4   [currently 10 percent per annum], which shall accrue from the date that the wages were due and

5   payable[.]" CARLOS ARECHIGA entitled to said interest.

6

7                          **SECOND CAUSE OF ACTION**

8                       **FAILURE TO PAY MINIMUM WAGE**

9                   **Brought by PLAINTIFF against all DEFENDANTS**

10  **(Labor Code §§ 200, 218.6, 1194, 1194.2, 1198, IWC ORDER 5-2001 § 4 (Title 8 Cal. Code of**

11                              **Reg. §11050))**

12  37. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

13  though fully set forth herein.

14  38. At all times herein mentioned, CARLOS ARECHIGA was employed by DEFENDANTS as

15  a maintenance worker. CARLOS ARECHIGA'S position, therefore, does not fall within the

16  professional, administrative, or executive exemptions.

17  39. CARLOS ARECHIGA was a non-exempt employee entitled to the protections of IWC

18  Order 5-2001 (Title 8 of the California Code of Regulations § 11050), and California Labor Code §

19  200, 500, 1194, 1197, and 1198.

20  40. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

21  of California, and to the existing and applicable IWC Order 5-2001 (Title 8, California Code of

22  Regulations §§ 11000, 11050). IWC 5 (4) requires DEFENDANTS to pay each non-exempt

23  employee wages of not less than six dollars and twenty-five cents ($6.25) per hour for all hours

24  worked, effective January 2001, and not less than six dollars and seventy-five cents per hour for all

25  hours worked, effective January 1, 2002.

26  41. Labor Code § 1197 states that "the minimum wage for employees fixed by the commission

27  is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so

28

1    fixed is unlawful."

2    42. Labor Code § 1198 states that "the maximum hours of work and the standard conditions of
3    labor fixed by the commission shall be the maximum hours of work and the standard conditions of
4    labor for employees. The employment of any employee for longer hours than those fixed by the
5    order or under conditions of labor prohibited by the order is unlawful."

6    43. Labor Code § 1194(a) permits an aggrieved employee to bring a private right of action for
7    failure to receive the legal minimum wage.

8    44. For the past three (3) years prior to the filing of this complaint, DEFENDANTS failed to
9    compensate CARLOS ARECHIGA the minimum wage for all hours worked as DEFENDANTS
10   failed to compensate CARLOS ARECHIGA for overtime hours worked in the first instance.
11   DEFENDANTS established a policy whereby instead of making the required payments under the
12   aforementioned wage orders, DEFENDANTS only paid CARLOS ARECHIGA a flat bi-weekly
13   salary that did not take into consideration the total number of hours worked or the overtime hours
14   worked. Because CARLOS ARECHIGA was not paid for all hours worked, CARLOS ARECHIGA
15   thereby worked certain hours without being paid the legal minimum wage. There is no law or wage
16   order that permits DEFENDANTS to lawfully pay CARLOS ARECHIGA a flat bi-weekly salary
17   that does not compensate CARLOS ARECHIGA for all hours worked and all overtime hours
18   worked at the legally mandated rate of pay.

19   45. Pursuant to Labor Code § 1194.2, in any action brought forth under Labor Code § 1194 by
20   an employee to recover compensation for minimum wage violations, the employee is also entitled to
21   recover liquidated damages in the amount of the unpaid compensation plus interest thereon.
22   CARLOS ARECHIGA is entitled to recover said liquidated damages plus interest thereon.

23   46. CARLOS ARECHIGA is entitled to attorney's fees, expenses, and costs of suit pursuant to
24   Labor Code § 1194(a), for bringing this action.

25   47. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
26   court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision
27   (b) of Section 3289 of the Civil Code currently 10 percent per annum, which shall accrue from the
28

1   date that the wages were due and payable[.]"  CARLOS ARECHIGA is entitled to said interest.

2

3                                    **THIRD CAUSE OF ACTION**

4        **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS**

5                          **Brought by PLAINTIFF against all DEFENDANTS**

6   **(Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 5 § 11 (Title 8 Cal. Code of Reg. § 11050))**

7        48. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

8   though fully set forth herein.

9        49. At all times herein mentioned, CARLOS ARECHIGA was employed by DEFENDANTS as

10  a maintenance worker. CARLOS ARECHIGA'S position, therefore, does not fall within the

11  professional, administrative, or executive exemptions.

12       50. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

13  of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

14  California Code of Regulations § 11050).

15       51. Section 11 of Industrial Welfare Commission Order 5 required DEFENDANTS to give

16  CARLOS ARECHIGA meal breaks as follows: "No employer shall employ any person for a work

17  period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except

18  that when a work period of not more than six (6) hours will complete the day's work the meal period

19  may be waived by mutual consent of employer and employee. Unless the employee is relieved of all

20  duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal

21  period and counted as time worked. An "on duty" meal period shall be permitted only when the

22  nature of the work prevents an employee from being relieved of all duty and when by written

23  agreement between the parties an on-the-job paid meal period is agreed to."

24       52. Section 11 of Industrial Welfare Commission Order 5 further states that "if an employer fails

25  to provide an employee a meal period in accordance with the applicable provisions of this Order, the

26  employer shall pay the employee one hour of pay at the employee's regular rate of compensation for

27  each work day that the meal period is not provided."

28

                                             - 10 -

1    53. Labor Code § 512 also prohibits DEFENDANTS from employing CARLOS ARECHIGA

2    for a work period of more than five hours per day without providing CARLOS ARECHIGA with a

3    meal period of not less than 30 minutes.

4    54. For the last four (4) years prior to the filing of the complaint, DEFENDANTS failed to

5    comply with section 11 of IWC Order 5-2001 and California Labor Code §512, by failing to provide

6    required meal periods to CARLOS ARECHIGA. That meal period was not waived by mutual

7    consent of the DEFENDANTS and CARLOS ARECHIGA. There is no applicable exemption that

8    would permit DEFENDANTS to fail or to refuse to provide CARLOS ARECHIGA with the

9    required meal period.

10    55. DEFENDANTS further violated IWC Order 5 by failing to pay CARLOS ARECHIGA an

11    additional one hour of compensation at CARLOS ARECHIGA'S regular rate of pay for each day

12    that DEFENDANTS failed to provide CARLOS ARECHIGA the required meal period for the last

13    four (4) years prior to the filing of this complaint. This compensation is owed and unpaid in an

14    amount according to proof at trial, plus interest thereon at the maximum legal rate from the dates

15    such compensation became due and payable, plus all appropriate penalties.

16    56. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

17    employee to work during any meal period mandated by an applicable order of the Industrial Welfare

18    Commission. If an employer fails to provide an employee a meal period in accordance with an

19    applicable order of the IWC the employer shall pay the employee one additional hour of pay at the

20    employee's regular rate of pay for each work day that the meal period is not provided.

21    57. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

22    comply with Labor Code § 226.7 by failing to provide required meal periods to CARLOS

23    ARECHIGA. That meal period was not waived by mutual consent of the DEFENDANTS and

24.   CARLOS ARECHIGA. There is no applicable exemption that would permit DEFENDANTS to fail

25.   or to refuse to provide CARLOS ARECHIGA with the required meal period.

26    58. DEFENDANTS further violated Labor Code § 226.7 by failing to pay CARLOS

27    ARECHIGA an additional one hour of compensation at his regular rate of pay for each day that

28

1 DEFENDANTS failed to provide CARLOS ARECHIGA the required meal period for the last four

2 (4) years prior to the filing of this complaint. This compensation is owed and unpaid in an amount

3 according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

4 compensation became due and payable, plus all appropriate penalties.

5     59. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 226.7, and CARLOS

6 ARECHIGA is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and

7 interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

8     60. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

9 Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

10 (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

11 date that the wages were due and payable[.]" CARLOS ARECHIGA is entitled to said interest.

12

13                        **FOURTH CAUSE OF ACTION**

14          **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS**

15                    **Brought by PLAINTIFF against all DEFENDANTS**

16       **(Labor Code §§ 218.6, 226.7, 1194, IWC Order 5 § 12 (Title 8 Cal. Code of Reg. § 11050))**

17     61. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

18 though fully set forth herein.

19     62. At all times herein mentioned, CARLOS ARECHIGA was employed by DEFENDANTS as

20 a maintenance worker. CARLOS ARECHIGA'S position, therefore, does not fall within the

21 professional, administrative, or executive exemptions.

22     63. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

23 of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

24 California Code of Regulations § 11050).

25     64. Section 12 of Industrial Welfare Commission Order 5 required DEFENDANTS to give

26 CARLOS ARECHIGA rest periods as follows: "Every employer shall authorize and permit all

27 employees to take rest periods, which insofar as practicable shall be in the middle of each work

28

                                    - 12 -
                                   COMPLAINT

1    period. The authorized rest period time shall be based on the total hours worked daily at the rate of

2    ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period

3    need not be authorized for employees whose total daily work time is less than three and one-half (3

4    ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no

5    deduction from wages. If an employer fails to provide an employee a rest period in accordance with

6    the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at

7    the employee's regular rate of compensation for each work day that the rest period is not provided."

8       65. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to

9    comply with section 12 of IWC Order 5, by failing to provide required rest periods to CARLOS

10   ARECHIGA. The rest period was not waived by mutual consent of the DEFENDANTS and

11   CARLOS ARECHIGA. There is no applicable exemption that would permit DEFENDANTS to fail

12   or to refuse to provide CARLOS ARECHIGA with the required rest period.

13      66. DEFENDANTS further violated IWC Order 5 by failing to pay CARLOS ARECHIGA an

14   additional one hour of compensation at CARLOS ARECHIGA'S regular rate of pay for each day

15   that DEFENDANTS failed to provide CARLOS ARECHIGA the required rest period. This

16   compensation is owed and unpaid in an amount according to proof at trial, plus interest thereon at

17   the maximum legal rate from the dates such compensation became due and payable, plus all

18   appropriate penalties.

19      67. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

20   employee to work during any rest period mandated by an applicable order of the Industrial Welfare

21   Commission. If an employer fails to provide an employee a rest period in accordance with an

22   applicable order of the IWC the employer shall pay the employee one additional hour of pay at the

23   employee's regular rate of pay for each work day that the rest period is not provided.

24      68. DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to

25   CARLOS ARECHIGA. The rest period was not waived by mutual consent of DEFENDANTS and

26   CARLOS ARECHIGA. There is no applicable exemption that would permit DEFENDANTS to fail

27   or to refuse to provide CARLOS ARECHIGA with the required rest period.

28

1    69. DEFENDANTS further violated Labor Code § 226.7 by failing to pay CARLOS

2  ARECHIGA an additional one hour of compensation at CARLOS ARECHIGA'S regular rate of pay

3  for each day that DEFENDANTS failed to provide CARLOS ARECHIGA the required rest period

4  for the last four (4) years prior to the filing of this complaint.  This compensation is owed and

5  unpaid in an amount according to proof at trial, plus interest thereon at the maximum legal rate from

6  the dates such compensation became due and payable, plus all appropriate penalties.

7    70. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, CARLOS

8  ARECHIGA is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and

9  interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

10    71. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

11  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

12  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

13  date that the wages were due and payable[.]"  CARLOS ARECHIGA is entitled to said interest.

14

15                              **FIFTH CAUSE OF ACTION**

16                  **FAILURE TO MAINTAIN REQUIRED RECORDS**

17                  **Brought by PLAINTIFF against all DEFENDANTS**

18  **(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174, 117.5; IWC Order 5 § 7 (Title 8 Cal. Code of**

19                              **Reg. § 11050))**

20    72. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

21  though fully set forth herein.

22    73. At all times herein mentioned, CARLOS ARECHIGA was employed by DEFENDANTS as

23  a maintenance worker.  CARLOS ARECHIGA'S position, therefore, does not fall within the

24  professional, administrative, or executive exemptions.

25    74. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to furnish

26  each employee an accurate, itemized statement, in writing, showing gross wages earned, total hours

27  worked by the employee, except for any employee whose compensation is solely based on a salary

28

                                     - 14 -

1  and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable
2  order of the IWC, all deductions, net wages earned, the inclusive dates of the period for which the
3  employee is paid, and all applicable hourly rates in effect during the pay period and the
4  corresponding number of hours worked at each hourly rate by the employee. The DEFENDANTS
5  are required to keep a copy of the statement or a record of the deductions shall be kept on file for at
6  least three years at the place of employment or at a central location within the State of California.

7  75. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing and
8  intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of
9  all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one
10  hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an
11  aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and
12  reasonable attorney's fees."

13  76. When construing "willful" in the context of wage and hour labor code violations, Courts
14  have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an
15  act which was required to be done.'... It does not mean that the employer's refusal to pay wages
16  must necessarily be based on a deliberate evil purpose to defraud workers for wages which the
17  employer knows to be due." (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinkles,*
18  *Inc.* (2002) 102 Cal.App. 4th 765, 781.)

19  77. Labor Code § 226.3 provide for a civil penalty against an employer who violates subdivision
20  (a) of Section 226 in the amount of $250 per employee per violation for the initial citation and
21  $1,000 per employee for each violation in a subsequent citation. The civil penalties are in addition
22  to any other penalty provided by law.

23  78. Labor Code § 1174 requires every person employing labor in the State of California to keep
24  payroll records showing the hours worked daily by and the wage paid to each employee.
25  79. Labor Code § 1174.5 permits a civil penalty of $500 against an employer who willfully fails
26  to maintain records required by Labor Code § 1174(c) or accurate and complete records required by
27  § 1174(d).
28

- 15 -
COMPLAINT

1   80. Industrial Welfare Commission Order 5 § 7 (Title 8, California Code of Regulation §
2   11050), in addition to language similar to Labor Code § 226, expressly mandates that the employer
3   keep "Time records showing when the employee begins and ends each work period. Meal periods,
4   split shift intervals and total daily hours worked shall also be recorded."

5   81. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
6   comply with Labor Code §§ 226, 1174, and IWC Order 5 § 7, by failing to maintain records which
7   employers are required to maintain, including, but not limited to, records of meal periods, total
8   hours worked, and all applicable hourly rates in effect during the pay period and the corresponding
9   number of hours worked at each hourly rate by the employee.

10   82. Although DEFENDANTS paid CARLOS ARECHIGA with checks, they failed to provide
11   CARLOS ARECHIGA with checks and check stubs for the total hours that CARLOS ARECHIGA
12   worked.

13   83. As a result of the failure to keep the required records, DEFENDANTS are subject to the
14   penalties set forth in Labor Code §§ 226(e), and 226.3.

15   84. CARLOS ARECHIGA seeks an award of reasonable attorney's fees and costs pursuant to
16   Labor Code § 226(e).

17   85. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
18   Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision
19   (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the
20   date that the wages were due and payable[.]" CARLOS ARECHIGA is entitled to said interest.

21

22                              **SIXTH CAUSE OF ACTION**
23                   **FAILURE TO PAY WAGES UPON SEPARATION**
24                   **Brought by PLAINTIFF against all DEFENDANTS**
25                        **(Labor Code §§ 203, 218.6, 1194)**
26   86. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as
27   though fully set forth herein.

28

1     87. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

2 of California, and to the existing and applicable IWC Order 5-2001 (Title 8, California Code of

3 Regulations §§ 11000, 11050).

4     88. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after

5 said employee is discharged or quits.

6     89. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

7 employee who is discharged or quits. This penalty consists of an amount equal to the sum of the

8 employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount

9 not to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998)).

10     90. When construing "willful" in the context of wage and hour labor code violations, Courts

11 have held that: "the purpose of section 203 is to compel the prompt payment of earned wages; the

12 section is to be given a reasonable but strict interpretation. [¶]... [To] be at fault within the meaning

13 of the statute, the employer's refusal to pay need not be based on a deliberate evil purpose to

14 defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful'

15 merely means that the employer intentionally failed or refused to perform an act which was required

16 to be done." (Barnhill v. Robert Saunders & Co. (1981) 125 Cal.App.3d 1, 77 [177 Cal.Rptr. 803]).

17     91. DEFENDANTS failed to pay CARLOS ARECHIGA on September 30, 2006 for all wages

18 and earned compensation due by failing to pay CARLOS ARECHIGA for all hours worked, failing

19 to pay overtime wages, failing to pay the minimum wage, and failing to compensate for meal and

20 rest periods that were not permitted as alleged herein. DEFENDANTS continue to fail to pay

21 CARLOS ARECHIGA the overtime wages, minimum wages, and compensation owed for meal and

22 rest periods that were not permitted.

23     92. DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS refused

24 to pay said amounts knowing that CARLOS ARECHIGA had worked overtime without being

25 compensated for such overtime and knowing that CARLOS ARECHIGA was not being paid for the

26 rest and meal breaks he did not receive. As a consequence, CARLOS ARECHIGA is entitled to

27 penalties under Labor Code Section 203, which provides that an employee's wages shall continue as

28

1  a penalty until paid for a period of up to 30 days from the time they were due, whichever period is

2  shorter.

3      93. DEFENDANTS failed to pay CARLOS ARECHIGA the alleged amounts of unpaid wages

4  on September 30, 2006 and have continued to fail to pay those sums for over 30 days. Pursuant to

5  the provisions of Labor Code Section 203, CARLOS ARECHIGA is entitled to a waiting time

6  penalty, which is plaintiff's daily rate, as of September 30, 2006, multiplied by 30 days. These

7  penalties are owed and unpaid.

8      94. The penalties set forth in Labor Code § 203 may be pursued through this action.

9      95. CARLOS ARECHIGA is entitled to attorney's fees, expenses, and costs of suit pursuant to

10  Labor Code §1194(a) for bringing this action.

11      96. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

12  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

13  (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

14  date that the wages were due and payable[.]" CARLOS ARECHIGA is entitled to said interest.

15

16                          **SEVENTH CAUSE OF ACTION**

17                          **UNFAIR BUSINESS PRACTICES**

18                  **Brought by PLAINTIFF against All DEFENDANTSS**

19                      **(Bus. and Prof. Code § 17200, Et seq.)**

20      97. CARLOS ARECHIGA refers to and incorporates all of the paragraphs of this complaint as

21  though fully set forth herein.

22      98. CARLOS ARECHIGA is suing DEFENDANTS pursuant to Business and Professions Code

23  §§ 17200, et seq.

24      99. If any employer acquires money to be paid by means of an unlawful practice, that constitutes

25  unfair competition under Business and Professions Code § 17200 (Cortez v. Purolator Air Filtration

26  Products Co., (2000) 23 Cal. 4th 163, 167)).

27      100.  By violating the statutes and regulations as alleged herein, CARLOS ARECHIGA is

28

                              - 18 -

1  alleging that DEFENDANTS' acts constitute unlawful and unfair business practices under

2  California Business and Professions Code §§ 17200, et seq. For the last four (4) years prior to the

3  filing of this complaint, DEFENDANTS violated and continues to violate the law, as expressed in

4  Labor Code §§ 200, 203, 221, 226, 226.7, 500, 510, 512, 551, 552, 1174, 1194, 1197, 1198; IWC 5

5  §§ 2, 3, 4, 7, 11, 12 (Title 8 Cal. Code of Reg. § 11050); Ralphs Grocery Co. v. The Superior Court

6  (Los Angeles) (2003) 112 Cal. App. 4th 1090; 5 Cal. Rptr. 3d 687 (2nd App. Dist.), and, Business

7  & Professions Code §§ 17200, et seq. In other words, CARLOS ARECHIGA contends that by

8  failing to properly pay wages, properly pay overtime wages, provide meal periods, provide rest

9  periods, failing to keep proper records, and other violations alleged herein, DEFENDANTS violated

10  Business & Professions Code §§ 17200, Et. seq.

11     101.  DEFENDANTS' violations of the statutes and regulations as alleged herein are business

12  practices done repeatedly over a significant period of time, in California, and in a systematic manner

13  to the detriment of CARLOS ARECHIGA.

14     102.  The harm to CARLOS ARECHIGA outweighs any utility of DEFENDANTS' policies

15  and practices, as alleged herein, and consequently constitute unfair business acts or practices within

16  the meaning of Business and Professions Code §§ 17200, et seq.

17     103.  As a direct and proximate result of the aforementioned acts by DEFENDANTS,

18  DEFENDANTS wrongfully retained and continues to retain funds earned by CARLOS

19  ARECHIGA, according to proof at the time of trial.

20     104.  The unfair and unlawful business acts and practices described herein present a continuing

21  threat to CARLOS ARECHIGA and the California general public. CARLOS ARECHIGA is

22  informed and believes and on such basis alleges that DEFENDANTS have engaged in such

23  practices over a number of years and have failed to indicate, in any way, that they plan to cease such

24  activities any time in the future.

25     105.  For the past four (4) years prior to the filing of this complaint, CARLOS ARECHIGA has

26  suffered and requests back pay and/or restitution of all monies and profits from DEFENDANTS in

27  an amount according to proof at time of trial, but in excess of the Court's jurisdiction requirement,

28

1 | generally, including all awardable amounts, is over $25,000.

2 | 106. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the

3 | equitable powers of this court, DEFENDANTS should be preliminarily and permanently enjoined

4 | from their unfair and unlawful business acts and practices.

5 | 107. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the

6 | equitable powers of this court, DEFENDANTS should be ordered to restore to CARLOS

7 | ARECHIGA all funds DEFENDANTSS retained by means of the unfair and unlawful business acts

8 | and practices alleged herein.

9 | 108. CARLOS ARECHIGA also seeks interest pursuant to Business & Professions Code §

10 | 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and

11 | *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Cal. Code

12 | of Civ. Pro. § 1032.

13 | 109. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

14 | Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

15 | (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

16 | date that the wages were due and payable[.]" CARLOS ARECHIGA is entitled to said interest.

19 | **PRAYER FOR RELIEF**

20 | WHEREFORE, PLAINTIFF, CARLOS ARECHIGA prays for judgment against

21 | DEFENDANTS, and each of them, jointly and severally, as follows:

23 | **FIRST CAUSE OF ACTION**

24 | 1. That DEFENDANTS be ordered to pay CARLOS ARECHIGA all unpaid overtime compensation as alleged herein or according to proof pursuant to Labor Code §§ 1194 and 510;

27 | 2. For interest pursuant to Labor Code § 218.6; and

28 |

3.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

## SECOND CAUSE OF ACTION

4.    That DEFENDANTS be ordered to pay CARLOS ARECHIGA all unpaid minimum wage compensation as alleged herein or according to proof pursuant to Labor Code § 1194;

5.    For liquidated damages pursuant to Labor Code § 1194.2(a) in an amount equal to the minimum wages unpaid and interest on that amount;

6.    For interest pursuant to Labor Code § 218.6; and

7.    For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

## THIRD CAUSE OF ACTION

8.    For an additional one hour of pay at CARLOS ARECHIGA'S regular rate of pay for each day DEFENDANTS failed to give CARLOS ARECHIGA the required meal periods as alleged herein or according to proof, pursuant to Labor Code §§ 226.7, 512 and IWC Order 5 § 11;

9.    For interest pursuant to Labor Code § 218.6; and

10.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

## FOURTH CAUSE OF ACTION

11.   For an additional one hour of pay at CARLOS ARECHIGA'S regular rate of pay for each day that DEFENDANTS failed to give CARLOS ARECHIGA the required rest periods as alleged herein or according to proof, pursuant to Labor Code § 226.7 and IWC Order 5 § 12;

12.   For interest pursuant to Labor Code § 218.6; and

13.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

1    **FIFTH CAUSE OF ACTION**

2    14.    For penalties pursuant to Labor Code § 226(e);

3    15.    For penalties pursuant to Labor Code § 226.3;

4    16.    For penalties pursuant to Labor Code § 1174.5;

5    17.    For interest pursuant to Labor Code § 218.6; and

6    18.    For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

7

8    **SIXTH CAUSE OF ACTION**

9    19.    That DEFENDANTS be ordered to pay CARLOS ARECHIGA a statutory waiting

10    time penalty under Labor Code § 203, in an amount according to proof, plus interest

11    thereon at the maximum legal rate accruing from the 31st day following the

12    separation of CARLOS ARECHIGA'S employment from DEFENDANTS;

13    20.    For interest pursuant to Labor Code § 218.6; and,

14    21.    For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

15

16    **SEVENTH CAUSE OF ACTION**

17    22.    For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful

18    practices as alleged herein;

19    23.    That DEFENDANTS be ordered to restore to CARLOS ARECHIGA all funds

20    DEFENDANTS retained by means of the unfair and unlawful business acts and

21    practices alleged herein;

22    24.    That DEFENDANTS be ordered to restore all profits in an amount according to

23    proof at time of trial;

24    25.    For enforcement of the civil penalties imposed by the Labor Code pursuant to

25    Business & Professions Code § 17202;

26    26.    For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax*

27    *Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

28

1      *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

2      27.    For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

3

4

5                   **ALL CAUSES OF ACTION**

6      28.    For penalties and interest as allowed by law;

7      29.    For costs of suit herein incurred; and

8      30.    For such other and further relief as the court deems proper.

9

10 DATED: November ___, 2007             LAW OFFICES OF STEPHEN GLICK

11

12

13

14                                 By: _____

                                 Stephen Glick

15                                  Attorney for Plaintiff,

                                 CARLOS ARECHIGA

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

● **FILED**    90201
LOS ANGELES SUPERIOR COURT

NOV 0 6 2007

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

**LAW OFFICES OF STEPHEN GLICK**
Stephen Glick, CSB# 59404
Jose Cristobal, CSB# 232922
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorneys for Plaintiff, GERONIMO MARTINEZ

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES—CENTRAL DISTRICT**

case assigned to J-61
Judge    David L. Minning.

| | |
|---|---|
| GERONIMO MARTINEZ, | Case No.  BC 380313 |
| PLAINTIFF, | COMPLAINT FOR: |
| vs. | 1. UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 5 § 3); |
| SILJAN, INC. doing business as GLORIA'S PUPUSERIA, a California corporation; and DOES 1 through 100, Inclusive, | 2. FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 5 § 11); |
| DEFENDANTS. | 3. FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 5 § 12); |
| | 4. FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE § 226, 1174; IWC ORDER 5 § 7); |
| | 5. FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203); |
| | 6. UNFAIR BUSINESS PRACTICES, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ. |

- 1 -
COMPLAINT



Comes now PLAINTIFF, GERONIMO MARTINEZ, who complains and alleges as follows:

## INTRODUCTION

1.  From about January 2000 to September 10, 2007, DEFENDANTS, SILJAN, INC. doing business as GLORIA'S PUPUSERIA, and DOES 1 through 100, inclusive, employed PLAINTIFF, GERONIMO MARTINEZ, as a dishwasher in their premises in the cities of Huntington Park and Bell Gardens. DEFENDANTS, SILJAN, INC. doing business as GLORIA'S PUPUSERIA, and DOE 1 through 100, inclusive, required PLAINTIFF, GERONIMO MARTINEZ, to work long hours without paying overtime, providing meal and rest periods, maintaining the required records, and failed to pay all wages due upon separation. This is an action brought by PLAINTIFF, GERONIMO MARTINEZ, against DEFENDANTS, SILJAN, INC. doing business as GLORIA'S PUPUSERIA, and DOES 1 through100, inclusive, alleging violations of various wage and hour provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

## VENUE AND JURISDICTION

2.  Venue is proper in Los Angeles County because DEFENDANTS employed PLAINTIFF, GERONIMO MARTINEZ, in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

3.  The monetary damages sought by Plaintiff exceed $25,000, as set forth in the prayer for relief, and will be established according to proof at trial. Further, there is no federal question at issue as the complaint is based solely on California law and statutes including the IWC Wage Orders, Labor Code, Civil Code, and Code of Civil Procedure.

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

4.  Plaintiff, GERONIMO MARTINEZ (hereinafter "GERONIMO MARTINEZ"), is an individual who was employed by DEFENDANTS, SILJAN, INC. doing business as GLORIA'S PUPUSERIA, and DOES 1 through 100, inclusive, in the State of California.

- 2 -
COMPLAINT

1    5.  GERONIMO MARTINEZ is informed and believes, and based thereon alleges, that

2  DEFENDANTS, SILJAN, INC. doing business as GLORIA'S PUPUSERIA ("DEFENDANTS"),

3  is a corporation duly organized under laws of the State of California and is duly qualified under the

4  laws of the State of California to conduct business within the State of California and does routinely

5  conduct business in the County of Los Angeles.

6    6.  GERONIMO MARTINEZ is ignorant of the true names or capacity of the DEFENDANTS

7  sued herein under the fictitious names DOES 1 through 100. inclusive; and they are therefore sued

8  pursuant to Code of Civil Procedure § 474. When their true names and capacity are ascertained,

9  GERONIMO MARTINEZ will amend this complaint by inserting their true names and capacity

10  herein. GERONIMO MARTINEZ is informed and believes, and based thereon alleges, that

11  DEFENDANTS DOES 1 through 100, inclusive, hereinafter collectively referred to as "DOES,"

12  acted wrongfully, maliciously, intentionally and negligently; that each is responsible in some

13  manner for the events and happenings complained of herein; and that injuries of GERONIMO

14  MARTINEZ, as alleged herein, were proximately caused by DEFENDANTS DOES, either through

15  said DEFENDANTS' own conduct or through the conduct of their agents and/or employees.

16    7.  GERONIMO MARTINEZ is informed and believes, and based thereon alleges, that at all

17  relevant times, each of the DEFENDANTS, whether named or fictitiously named as DOE

18  (hereinafter collectively referred to as "DEFENDANTS"). was the merging entity, merged entity,

19  subsidiary, acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS

20  and, in doing the things hereinafter alleged, was acting within the course and scope of such agency

21  and/or employment with the knowledge, advice, permission and consent of each other.

22    8.  Beginning on or about January 2000 to September 10, 2007, GERONIMO MARTINEZ,

23  was employed by DEFENDANTS at DEFENDANTS' premises located in Huntington Park and

24  Bell Gardens, California, in the County of Los Angeles.

25    9.  GERONIMO MARTINEZ was employed as a dishwasher by DEFENDANTS and in such

26  capacity, GERONIMO MARTINEZ performed duties that make GERONIMO MARTINEZ a non-

27  exempt employee who is entitled to the benefits and protections of the Labor Code of the State of

28

- 3 -
COMPLAINT

1   California, and to the existing and applicable Industrial Welfare Commission Order 5-2001 (Title 8,

2   California Code of Regulations §§ 11000, 11050). At no time did GERONIMO MARTINEZ work

3   in a capacity or perform duties that would have made GERONIMO MARTINEZ exempt from such

4   provisions.

5       10. Effective September 10, 2007, GERONIMO MARTINEZ was terminated or laid off by

6   DEFENDANTS.

7       11. GERONIMO MARTINEZ worked for DEFENDANTS each week during the period from

8   about January 2000 to September 10, 2007.

9       12. During the period from about October 2003 to approximately June 31, 2004, GERONIMO

10  MARTINEZ worked for DEFENDANTS on Mondays, Wednesdays, Thursdays, and Fridays from

11  approximately 3:00 p.m. to 10:00 p.m., on Saturdays from approximately 11:00 a.m. to 11:00 p.m.,

12  and on Sundays from approximately 10:00 a.m. to 11:00 p.m.

13      13. During the period from about July 1, 2004 to about January 31, 2005, GERONIMO

14  MARTINEZ worked for DEFENDANTS on Mondays and Tuesdays from approximately 12:00

15  p.m. to 9:00 p.m., Wednesdays and Fridays from approximately 3:00 p.m. to 10:00 p.m., Saturdays

16  from approximately 11:00 a.m. to 11:00 p.m., and Sundays from approximately 10:00 a.m. to 11:00

17  p.m.

18      14. During the period from about February 1, 2005 to about January 31, 2006, GERONIMO

19  MARTINEZ worked for DEFENDANTS on Mondays, Tuesdays, and Wednesdays from

20  approximately 3:00 p.m. to 10:00 p.m., Fridays from approximately 3:00 p.m. to 10:00 p.m.,

21  Saturdays from approximately 11:00 a.m. to 11:00 p.m., and Sundays from approximately 10:00

22  a.m. to 11:00 p.m.

23      15. During the period from about February 1, 2006 to about March 31, 2007, GERONIMO

24  MARTINEZ worked for DEFENDANTS on Tuesdays, Wednesdays, Thursdays, and Fridays from

25  approximately 2:00 p.m. to 10:00 p.m., Saturdays from approximately 11:00 a.m. to 11:00 p.m., and

26  Sundays from approximately 10:00 a.m. to 11:00 p.m.

27      16. During the period from about April 1, 2007 to September 10, 2007, GERONIMO

28

- 4 -
COMPLAINT

1   MARTINEZ worked for DEFENDANTS on Tuesdays, Wednesdays, Thursdays, and Fridays from

2   approximately 5:00 p.m. to 10:00 p.m., Saturdays from approximately 11:00 a.m. to 11:00 p.m., and

3   Sundays from approximately 10:00 a.m. to 11:00 p.m.

4      17.  During the period from October 2003 to January 8, 2006, GERONIMO MARTINEZ was

5   compensated at the hourly rate of $7.00 by DEFENDANTS.  He was paid in check and in cash.

6      18.  During the period from January 9, 2006 to September 3, 2006, GERONIMO MARTINEZ

7   was compensated at the hourly rate of $7.25 by DEFENDANTS.  He was paid in check and in cash.

8      19.  During the period from September 4, 2006 to December 31, 2006, GERONIMO

9   MARTINEZ was compensated at the hourly rate of $7.25 by DEFENDANTS.  He was paid in cash.

10     20.  During the period from January 1, 2007 to March 16, 2007, GERONIMO MARTINEZ was

11  compensated at the hourly rate of $7.75 by DEFENDANTS.  He was paid in check and in cash.

12     21.  During the period from March 17, 2007 to June 15, 2007, GERONIMO MARTINEZ was

13  compensated at the hourly rate of $7.75 by DEFENDANTS.  He was paid in cash.

14     22.  During the period from June 16, 2007 to September 10, 2007, GERONIMO MARTINEZ

15  was compensated at the hourly rate of $8.00 by DEFENDANTS.  He was paid in check and in cash.

16     23.  GERONIMO MARTINEZ is authorized to bring this action pursuant to California Labor

17  Code §§ 1194, 226, 203 and pursuant to the power vested in GERONIMO MARTINEZ to enforce

18  the provisions of the California Labor Code and the Industrial Welfare Commission (hereinafter

19  "IWC") orders.

20     24.  At all times herein mentioned, DEFENDANTS were subject to the Labor Code of the State

21  of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

22  California Code of Regulations § 11050).

23     25.  GERONIMO MARTINEZ is seeking damages for the Labor Code violations for the past

24  three years prior to the filing of this complaint pursuant to California Code. of Civil Procedure

25  §338(a).

26     26.  As for the fourth year prior to the filing of this complaint, GERONIMO MARTINEZ would

27  be entitled to restitution and/or back pay pursuant to Business and Professions Code § 17200 and

28

- 5 -
COMPLAINT

1    *Cortez vs. Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

2        27. GERONIMO MARTINEZ has incurred, and during the pendency of this action will

3    continue to incur, expenses for attorney's fees and costs herein. GERONIMO MARTINEZ requests

4    that the court award attorney's fees and costs in an amount according to proof pursuant to California

5    Labor Code §1194(a).

6

7                              FIRST CAUSE OF ACTION

8              UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION

9                    Brought by PLAINTIFF against all DEFENDANTS

10   (Labor Code §§ 200, 203, 218.6, 500, 510, 1194, 1198, 1199; IWC ORDER 5 § 3(A) (Title 8

11                           Cal. Code of Reg. § 11050))

12       28. GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

13   as though fully set forth herein.

14       29. At all times herein mentioned, GERONIMO MARTINEZ was employed by

15   DEFENDANTS as a dishwasher. GERONIMO MARTINEZ'S position, therefore, does not fall

16   within the professional, administrative, or executive exemptions.

17       30. At all times herein mentioned, DEFENDANTS were subject to the Labor Code of the State

18   of California, and to the existing and applicable Industrial Welfare Commission 5 (Title 8,

19   California Code of Regulation § 11050) which states that an employee such as GERONIMO

20   MARTINEZ shall not be employed more than eight hours in any workday or more than 40 hours in

21   any workweek unless the employee receives one and one-half (1 ½) times such employee's regular

22   rate of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot

23   be less than the applicable minimum wage.

24       31. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

25   510 which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of

26   eight hours in one workday and any work in excess of 40 hours in any one workweek and the first

27   eight hours worked on the seventh day of work in any one workweek shall be compensated at the

28

                                    - 6 -

1    rate of no less than one and one-half times the regular rate of pay for an employee. Any work in

2    excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a

3    workweek shall be compensated at the rate of no less than twice the regular rate of pay of any

4    employee."

5        32. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

6    1198 which states that "the maximum hours of work and the standard conditions of labor fixed by

7    the commission shall be the maximum hours of work and the standard conditions of labor for

8    employees. The employment of any employee for longer hours than those fixed by the order or

9    under conditions of labor prohibited by the order is unlawful."

10       33. At all times herein mentioned, DEFENDANTS were subject to California Labor Code §

11   1199. Labor Code § 1199 states "every employer... is guilty of a misdemeanor and is punishable

12   by a fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by

13   both, who does any of the following: (a) requires or causes an employee to work for longer hours

14   than those fixed, or under conditions of labor prohibited by an order of the commission..."

15       34. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

16   failure to receive the legal overtime rate of pay.

17       35. GERONIMO MARTINEZ was a non-exempt employee entitled to the protections of

18   Industrial Welfare Commission Order 5 (Title 8 of the California Code of Regulations § 11050),

19   and California Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

20       36. For the last four (4) years before the filing of this complaint, GERONIMO MARTINEZ

21   worked more than 40 hours per workweek.

22       37. For the last four (4) years before the filing of this complaint, GERONIMO MARTINEZ

23   worked more than 8 hours per day.

24       38. For the last four (4) years before the filing of this complaint, GERONIMO MARTINEZ

25   sometimes worked more than 12 hours per day.

26       39. For the last four (4) years before the filing of this complaint, pursuant to Labor Code § 510

27   and Title 8 of California Code of Regulations § 11050(3)(a), DEFENDANTS were required to pay

28

- 7 -

COMPLAINT

1  GERONIMO MARTINEZ, overtime compensation, which is calculated at one and one-half (1½)

2  times the regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40)

3  hours per week; and, for the first eight (8) hours on the seventh consecutive day of any work week.

4  with double time after twelve (12) hours in any single workday and/or after eight (8) hours on the

5  seventh consecutive day of any work week.

6      40. During the course of GERONIMO MARTINEZ'S employment, DEFENDANTS failed to

7  compensate GERONIMO MARTINEZ for overtime hours worked with the premium overtime pay

8  as required under the aforementioned labor regulations.

9      41. Instead of making the required payments under the aforementioned wage order and Labor

10  Code provisions, DEFENDANTS only paid GERONIMO MARTINEZ an hourly rate that did not

11  take into consideration the total number of hours worked or the number of overtime hours worked.

12  There is no law or wage order that permits DEFENDANTS to lawfully pay GERONIMO

13  MARTINEZ an hourly rate that does not compensate GERONIMO MARTINEZ for all hours

14  worked and all overtime hours worked at the legally mandated rate of pay (the overtime premium

15  rate).

16      42. Labor Code § 515(d) states that "for the purpose of computing the overtime rate of

17  compensation required to be paid to a nonexempt full-time salaried employee, the employee's

18  regular hourly rate shall be the $1/40^{th}$ of the employee's weekly salary."

19      43. Under the aforementioned wage order, statutes, and regulations, GERONIMO MARTINEZ

20  is entitled to one and one-half times and/or double his regular rate of pay for overtime work

21  performed for the last four (4) years prior to the filing of this complaint, based on appropriate

22  calculations of the total remuneration for each workweek, and the corresponding number of hours

23  worked each day and/or workweek.

24      44. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 200, 500, 510, 1194,

25  1198, and 1199, GERONIMO MARTINEZ is entitled to recover the unpaid balance of overtime

26  compensation, plus interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

27      45. GERONIMO MARTINEZ seeks interest pursuant to Labor Code § 218.6. That code states

28

- 8 -
COMPLAINT

1  that in any action brought for the nonpayment of wages, the Court shall award interest on all due

2  and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil

3  Code [currently 10 percent per annum], which shall accrue from the date that the wages were due

4  and payable[.]" GERONIMO MARTINEZ entitled to said interest.

5

6                              SECOND CAUSE OF ACTION

7      FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS

8                      Brought by PLAINTIFF against all DEFENDANTS

9  (Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 5 § 11 (Title 8 Cal. Code of Reg. § 11050))

10     46. GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

11  as though fully set forth herein.

12     47. At all times herein mentioned, GERONIMO MARTINEZ was employed by

13  DEFENDANTS as a dishwasher. GERONIMO MARTINEZ'S position, therefore, does not fall

14  within the professional, administrative, or executive exemptions.

15     48. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

16  of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,

17  California Code of Regulations § 11050).

18     49. Section 11 of Industrial Welfare Commission Order 5 required DEFENDANTS to give

19  GERONIMO MARTINEZ meal breaks as follows: "No employer shall employ any person for a

20  work period of more than five (5) hours without a meal period of not less than thirty (30) minutes,

21  except that when a work period of not more than six (6) hours will complete the day's work the meal

22  period may be waived by mutual consent of employer and employee. Unless the employee is

23  relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an

24  "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted

25  only when the nature of the work prevents an employee from being relieved of all duty and when by

26  written agreement between the parties an on-the-job paid meal period is agreed to."

27     50. Section 11 of Industrial Welfare Commission Order 5 further states that "if an employer

28

                                   - 9 -
                                COMPLAINT

1  fails to provide an employee a meal period in accordance with the applicable provisions of this
2  Order, the employer shall pay the employee one hour of pay at the employee's regular rate of
3  compensation for each work day that the meal period is not provided."

4  51. Labor Code § 512 also prohibits DEFENDANTS from employing GERONIMO
5  MARTINEZ for a work period of more than five hours per day without providing GERONIMO
6  MARTINEZ with a meal period of not less than 30 minutes and for a work period of more than 10
7  hours per day without providing the employee with a second meal period of not less than 30
8  minutes, except that if the total hour worked is no more than 12 hours.

9  52. For the last four (4) years prior to the filing of the complaint, DEFENDANTS fail to
10 comply with section 11 of IWC Order 5-2001 and California Labor Code § 512 by failing to
11 provide required meal periods to GERONIMO MARTINEZ. That meal period was not waived by
12 mutual consent of the DEFENDANTS and GERONIMO MARTINEZ. There is no applicable
13 exemption that would permit DEFENDANTS to fail or refuse to provide GERONIMO MARTINEZ
14 with the required meal period.

15 53. DEFENDANTS further violated IWC Order 5 by failing to pay GERONIMO MARTINEZ
16 an additional one hour of compensation at GERONIMO MARTINEZ'S regular rate of pay for each
17 day DEFENDANTS failed to provide GERONIMO MARTINEZ the required meal period for the
18 last four (4) years prior to the filing of this complaint. This compensation is owed and unpaid in an
19 amount according to proof at trial, plus interest thereon at the maximum legal rate from the dates
20 such compensation became due and payable, plus all appropriate penalties.

21 54. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring
22 any employee to work during any meal period mandated by an applicable order of the Industrial
23 Welfare Commission. If an employer fails to provide an employee a meal period in accordance
24 with an applicable order of the IWC the employer shall pay the employee one additional hour of pay
25 at the employee's regular rate of pay for each work day that the meal period is not provided.

26 55. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
27 comply with Labor Code § 226.7 by failing to provide required meal periods to GERONIMO

- 10 -
COMPLAINT

1  MARTINEZ. That meal period was not waived by mutual consent of the DEFENDANTS and

2  GERONIMO MARTINEZ. There is no applicable exemption that would permit DEFENDANTS to

3  fail or refuse to provide GERONIMO MARTINEZ with the required meal period.

4      56. DEFENDANTS further violated Labor Code § 226.7 by failing to pay GERONIMO

5  MARTINEZ an additional one hour of compensation at his regular rate of pay for each day that

6  DEFENDANTS failed to provide GERONIMO MARTINEZ the required meal period for the last

7  four (4) years prior to the filing of this complaint. This compensation is owed and unpaid in an

8  amount according to proof at trial, plus interest thereon at the maximum legal rate from the dates

9  such compensation became due and payable, plus all appropriate penalties.

10      57. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7 GERONIMO

11  MARTINEZ is entitled to recover the unpaid compensation pursuant to Labor Code § 218, and

12  interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

13      58. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

14  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

15  (b) of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the

16  date that the wages were due and payable[.]" GERONIMO MARTINEZ is entitled to said interest.

17

18

19                      **THIRD CAUSE OF ACTION**

20      **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS**

21              **Brought by PLAINTIFF against all DEFENDANTS**

22    **(Labor Code §§ 218.6, 226.7, 1194, IWC Order 5 § 12 (Title 8 Cal. Code of Reg. § 11050))**

23      59. GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

24  as though fully set forth herein.

25      60. At all times herein mentioned, GERONIMO MARTINEZ was employed by

26  DEFENDANTS as a dishwasher. GERONIMO MARTINEZ'S position, therefore, does not fall

27  within the professional, administrative, or executive exemptions.

28

- 11 -

COMPLAINT

1    61. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State
2  of California, and to the existing and applicable Industrial Welfare Commission Order 5 (Title 8,
3  California Code of Regulations § 11050).

4    62. Section 12 of Industrial Welfare Commission Order 5 required DEFENDANTS to give
5  GERONIMO MARTINEZ rest periods as follows: "Every employer shall authorize and permit all
6  employees to take rest periods, which insofar as practicable shall be in the middle of each work
7  period. The authorized rest period time shall be based on the total hours worked daily at the rate of
8  ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period
9  need not be authorized for employees whose total daily work time is less than three and one-half (3
10  ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no
11  deduction from wages. If an employer fails to provide an employee a rest period in accordance with
12  the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at
13  the employee's regular rate of compensation for each work day that the rest period is not provided."

14    63. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
15  comply with section 12 of IWC Order 5 by failing to provide required rest periods to GERONIMO
16  MARTINEZ. The rest period was not waived by mutual consent of the DEFENDANTS and
17  GERONIMO MARTINEZ. There is no applicable exemption that would permit DEFENDANTS to
18  fail or refuse to provide GERONIMO MARTINEZ with the required rest period.

19    64. DEFENDANTS further violated IWC Order 5 by failing to pay GERONIMO MARTINEZ
20  an additional one hour of compensation at GERONIMO MARTINEZ'S regular rate of pay for each
21  day DEFENDANTS failed to provide GERONIMO MARTINEZ the required rest period. This
22  compensation is owed and unpaid in an amount according to proof at trial, plus interest thereon at
23  the maximum legal rate from the dates such compensation became due and payable, plus all
24  appropriate penalties.

25    65. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring
26  any employee to work during any rest period mandated by an applicable order of the Industrial
27  Welfare Commission. If an employer fails to provide an employee a rest period in accordance with
28

- 12 -
COMPLAINT



1  an applicable order of the IWC the employer shall pay the employee one additional hour of pay at

2  the employee's regular rate of pay for each work day that the rest period is not provided.

3      66. DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to

4  GERONIMO MARTINEZ. The rest period was not waived by mutual consent of DEFENDANTS

5  and GERONIMO MARTINEZ. There is no applicable exemption that would permit

6  DEFENDANTS to fail or refuse to provide GERONIMO MARTINEZ with the required rest period.

7      67. DEFENDANTS further violated Labor Code § 226.7 by failing to pay GERONIMO

8  MARTINEZ an additional one hour of compensation at GERONIMO MARTINEZ'S regular rate of

9  pay for each day that DEFENDANTS failed to provide GERONIMO MARTINEZ the required rest

10 period for the last four (4) years prior to the filing of this complaint. This compensation is owed

11 and unpaid in an amount according to proof at trial, plus interest thereon at the maximum legal rate

12 from the dates such compensation became due and payable, plus all appropriate penalties.

13     68. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, GERONIMO

14 MARTINEZ is entitled to recover the unpaid compensation pursuant to Labor Code § 218, and

15 interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

16     69. Pursuant to Labor Code § 218.6, "in any action brought for the nonpayment of wages, the

17 Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

18 (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

19 date that the wages were due and payable[.]" GERONIMO MARTINEZ is entitled to said interest.

20

21                          **FOURTH CAUSE OF ACTION**

22                   **FAILURE TO MAINTAIN REQUIRED RECORDS**

23                   **Brought by PLAINTIFF against all DEFENDANTS**

24  **(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174, 1174.5; IWC Order 5 § 7 (Title 8 Cal. Code of**

25                                   **Reg. § 11050))**

26     70. GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

27 as though fully set forth herein.

28

                                       - 13 -

 

71. At all times herein mentioned, GERONIMO MARTINEZ was employed by
DEFENDANTS as a dishwasher. GERONIMO MARTINEZ'S position, therefore, does not fall
within the professional, administrative, or executive exemptions.

72. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to
furnish each employee an accurate, itemized statement, in writing, showing gross wages earned,
total hours worked by the employee, except for any employee whose compensation is solely based
on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or
any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period
for which the employee is paid, and all applicable hourly rates in effect during the pay period and
the corresponding number of hours worked at each hourly rate by the employee. The
DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be
kept on file for at least three years at the place of employment or at a central location within the
State of California.

73. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing and
intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of
all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and
one hundred dollars ($100) per employee for each violation in a subsequent pay period, not
exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of
costs and reasonable attorney's fees."

74. When construing "willful" in the context of wage and hour labor code violations, courts
have held that the term willful means "[t]he employer 'intentionally failed or refused to perform an
act which was required to be done.'... It does not mean that the employer's refusal to pay wages
must necessarily be based on a deliberate evil purpose to defraud workers for wages which the
employer knows to be due." (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire
Sprinkles, Inc.* (2002) 102 Cal.App. 4th 765, 781.)

75. Labor Code § 226.3 provide for a civil penalty against an employer who violates
subdivision (a) of Section 226 in the amount of $250 per employee per violation for the initial

- 14 -

COMPLAINT

1  citation and $1,000 per employee for each violation in a subsequent citation. The civil penalties are
2  in addition to any other penalty provided by law.

3       76. Labor Code § 1174 requires every person employing labor in the State of California to keep
4  payroll records showing the hours worked daily by and the wage paid to each employee.

5       77. Labor Code § 1174.5 permits a civil penalty of $500 against an employer who willfully fails
6  to maintain records required by Labor Code § 1174(c) or accurate and complete records required by
7  § 1174(d).

8       78. Industrial Welfare Commission Order 5 § 7 (Title 8, California Code of Regulation §
9  11050), in addition to language similar to Labor Code § 226, expressly mandates that the employer
10  keep "Time records showing when the employee begins and ends each work period. Meal periods,
11  split shift intervals and total daily hours worked shall also be recorded."

12       79. For the last four (4) years prior to the filing of this complaint, DEFENDANTS failed to
13  comply with Labor Code §§ 226, 1174, and IWC Order 5 § 7, by failing provide accurate itemized
14  wage statements and failing to maintain records which employers are required to maintain,
15  including, but not limited to, records of meal periods, total hours worked, and all applicable hourly
16  rates in effect during the pay period and the corresponding number of hours worked at each hourly
17  rate by the employee.

18       80. GERONIMO MARTINEZ alleges that DEFENDANTS "knowingly and intentionally"
19  failed to provide GERONIMO MARTINEZ with a copy of an itemized statement, which states the
20  total number of hours worked because DEFENDANTS paid GERONIMO MARTINEZ in part by
21  cash.

22       81. Although DEFENDANTS paid GERONIMO MARTINEZ with checks, they failed to
23  provide GERONIMO MARTINEZ with checks and check stubs for the total hours that
24  GERONIMO MARTINEZ worked. They paid GERONIMO MARTINEZ in cash for all hours
25  worked on Monday, Tuesdays, Wednesdays, Thursdays, and Fridays. However, they did not pay
26  GERONIMO MARTINEZ the overtime premium rate for the overtime hours worked.

27       82. As a result of the failure to keep the required records, DEFENDANTS are subject to the

28

- 15 -
COMPLAINT

1   penalties set forth in Labor Code §§ 226(e), and 226.3.

2      83. GERONIMO MARTINEZ seeks an award of reasonable attorney's fees and costs pursuant

3   to Labor Code § 226(e).

4      84. Pursuant to Labor Code § 218.6, "in any action brought for the nonpayment of wages, the

5   Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

6   (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

7   date that the wages were due and payable[.]" GERONIMO MARTINEZ is entitled to said interest.

8

9                              **FIFTH CAUSE OF ACTION**

10                     **FAILURE TO PAY WAGES UPON SEPARATION**

11                     **Brought by PLAINTIFF against all DEFENDANTS**

12                          **(Labor Code §§ 203, 218.6, 1194)**

13      85. GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

14   as though fully set forth herein.

15      86. At all times herein mentioned, DEFENDANTS were subject to the Labor Code of the State

16   of California, and to the existing and applicable IWC Order 5-2001 (Title 8, California Code of

17   Regulations §§ 11000, 11050).

18      87. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee

19   after said employee is discharged or quits.

20      88. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

21   employee who is discharged or quits. This penalty consists of an amount equal to the sum of the

22   employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount

23   not to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4[th] 487).

24      89. When construing "willful" in the context of wage and hour labor code violations, Courts

25   have held that: "the purpose of section 203 is to compel the prompt payment of earned wages; the

26   section is to be given a reasonable but strict interpretation. [¶]... [To] be at fault within the meaning

27   of the statute, the employer's refusal to pay need not be based on a deliberate evil purpose to

28

                                       - 16 -

1    defraud workmen of wages which the employer knows to be due. As used in section 203, 'willful'

2    merely means that the employer intentionally failed or refused to perform an act which was required

3    to be done." (*Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 77).

4        90. DEFENDANTS failed to pay GERONIMO MARTINEZ on September 10, 2007 for all

5    wages and earned compensation due by failing to pay GERONIMO MARTINEZ for all hours

6    worked, failing to pay overtime wages and by failing to compensate for meal and rest periods that

7    were not permitted as alleged herein. DEFENDANTS continue to fail to pay GERONIMO

8    MARTINEZ the overtime wages and compensation owed for meal and rest periods that were not

9    permitted.

10        91. DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS refused

11    to pay said amounts knowing that GERONIMO MARTINEZ had worked overtime without being

12    compensated for such overtime and knowing that GERONIMO MARTINEZ was not being paid for

13    the rest and meal breaks he did not receive. As a consequence, GERONIMO MARTINEZ is entitled

14    to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a

15    penalty until paid for a period of up to 30 days from the time they were due, whichever period is

16    shorter.

17        92. DEFENDANTS failed to pay GERONIMO MARTINEZ the alleged amounts of unpaid

18    wages on September 10, 2007 and have continued to fail to pay those sums for over 30 days.

19    Pursuant to the provisions of Labor Code § 203, GERONIMO MARTINEZ is entitled to a waiting

20    time penalty, which is GERONIMO MARTINEZ' daily rate, as of September 10, 2007, multiplied

21    by 30 days. These penalties are owed and unpaid.

22        93. The penalties set forth in Labor Code § 203 may be pursued through this action.

23        94. GERONIMO MARTINEZ is entitled to attorney's fees, expenses, and costs of suit pursuant

24    to Labor Code § 1194(a) for bringing this action.

25        95. Pursuant to Labor Code § 218.6, "in any action brought for the nonpayment of wages, the

26    Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

27    (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

28

- 17 -
COMPLAINT

1    date that the wages were due and payable[.]"  GERONIMO MARTINEZ is entitled to said interest.

2

3

4                              **SIXTH CAUSE OF ACTION**

5                            **UNFAIR BUSINESS PRACTICES**

6                       **Brought by PLAINTIFF against All DEFENDANTSS**

7                          **(Bus. and Prof. Code §§ 17200, Et seq.)**

8        96.  GERONIMO MARTINEZ refers to and incorporates all of the paragraphs of this complaint

9    as though fully set forth herein.

10       97.  GERONIMO MARTINEZ is suing DEFENDANTS pursuant to Business and Professions

11   Code §§ 17200, et seq.

12       98.  If any employer acquires money to be paid by means of an unlawful practice, that

13   constitutes unfair competition under Business and Professions Code § 17200 (Cortez v. Purolator

14   Air Filtration Products Co., (2000) 23 Cal. 4th 163, 167)).

15       99.  By violating the statutes and regulations as alleged herein, GERONIMO MARTINEZ is

16   alleging that DEFENDANTS' acts constitute unlawful and unfair business practices under

17   California Business and Professions Code §§ 17200, et seq.  For the last four (4) years prior to the

18   filing of this complaint, DEFENDANTS violated and continues to violate the law, as expressed in

19   Labor Code §§ 200, 203, 221, 226, 226.7, 500, 510, 512, 1174, 1198; IWC 5 §§ 3, 7, 11, 12 (Title 8

20   Cal. Code of Reg. § 11050); and Business & Professions Code §§ 17200, et seq.  In other words,

21   GERONIMO MARTINEZ contends that by failing to properly pay wages, properly pay overtime

22   wages, provide meal periods, provide rest periods, failing to keep proper records, and other

23   violations alleged herein, DEFENDANTS violated Business & Professions Code §§ 17200, Et. seq.

24       100. DEFENDANTS' violations of the statutes and regulations as alleged herein are business

25   practices done repeatedly over a significant period of time, in California, and in a systematic manner

26   to the detriment of GERONIMO MARTINEZ.

27       101. The harm to GERONIMO MARTINEZ outweighs any utility of DEFENDANTS' policies

28

                                          - 18 -
                                        COMPLAINT

1  and practices, as alleged herein, and consequently constitute unfair business acts or practices within

2  the meaning of Business and Professions Code §§ 17200, et seq.

3      102. As a direct and proximate result of the aforementioned acts by DEFENDANTS,

4  DEFENDANTS wrongfully retained and continue to retain funds earned by GERONIMO

5  MARTINEZ, according to proof at the time of trial.

6      103. The unfair and unlawful business acts and practices described herein present a continuing

7  threat to GERONIMO MARTINEZ and the California general public. GERONIMO MARTINEZ is

8  informed and believes and on such basis alleges that DEFENDANTS have engaged in such

9  practices over a number of years and have failed to indicate, in any way, that they plan to cease such

10  activities any time in the future.

11      104. For the past four (4) years prior to the filing of this complaint, GERONIMO MARTINEZ

12  has suffered and requests back pay and/or restitution of all monies and profits from DEFENDANTS

13  in an amount according to proof at time of trial, but in excess of the Court's jurisdiction

14  requirement, generally, including all awardable amounts, is over $25,000.

15      105. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable

16  powers of this court, DEFENDANTS should be preliminarily and permanently enjoined from their

17  unfair and unlawful business acts and practices.

18      106. Pursuant to Business and Professions Code §§ 17200. et seq., and pursuant to the equitable

19  powers of this court, DEFENDANTS should be ordered to restore to GERONIMO MARTINEZ all

20  funds DEFENDANTS retained by means of the unfair and unlawful business acts and practices

21  alleged herein.

22      107. GERONIMO MARTINEZ also seeks interest pursuant to Business & Professions Code §

23  17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and

24  *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to California

25  Code of Civil Procedure § 1032.

26      108. Pursuant to Labor Code § 218.6, "in any action brought for the nonpayment of wages, the

27  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision

28

1    (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the

2    date that the wages were due and payable[.]" GERONIMO MARTINEZ is entitled to said interest.

3

4

5                                    **PRAYER FOR RELIEF**

6       WHEREFORE, PLAINTIFF, GERONIMO MARTINEZ prays for judgment against

7    DEFENDANTS, and each of them, jointly and severally, as follows:

8

9                                    **FIRST CAUSE OF ACTION**

10      1.    That DEFENDANTS be ordered to pay GERONIMO MARTINEZ all unpaid

11            overtime compensation as alleged herein or according to proof pursuant to Labor

12            Code §§ 1194 and 510;

13      2.    For interest pursuant to Labor Code § 218.6; and

14      3.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

15

16                                   **SECOND CAUSE OF ACTION**

17      4.    For an additional one hour of pay at GERONIMO MARTINEZ'S regular rate of pay

18            for each day DEFENDANTS failed to give GERONIMO MARTINEZ the required

19            meal periods as alleged herein or according to proof, pursuant to Labor Code §§

20            226.7, 512 and IWC Order 5 § 11;

21      5.    For interest pursuant to Labor Code § 218.6; and

22      6.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

23

24                                   **THIRD CAUSE OF ACTION**

25      7.    For an additional one hour of pay at GERONIMO MARTINEZ'S regular rate of pay

26            for each day that DEFENDANTS failed to give GERONIMO MARTINEZ the

27            required rest periods as alleged herein or according to proof, pursuant to Labor Code

28

                                         - 20 -
                                        COMPLAINT

1      § 226.7 and IWC Order 5 § 12;

2     8.    For interest pursuant to Labor Code § 218.6; and

3     9.    For reasonable attorney's fees and costs as provided by Labor Code § 1194.

4

5                    **FOURTH CAUSE OF ACTION**

6     10.    For penalties pursuant to Labor Code § 226(e);

7     11.    For penalties pursuant to Labor Code § 226.3;

8     12.    For penalties pursuant to Labor Code § 1174.5;

9     13.    For interest pursuant to Labor Code § 218.6; and

10     14.    For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

11

12                    **FIFTH CAUSE OF ACTION**

13     15.    That DEFENDANTS be ordered to pay GERONIMO MARTINEZ a statutory

14      waiting time penalty under Labor Code § 203, in an amount according to proof, plus

15      interest thereon at the maximum legal rate accruing from the 31st day following the

16      separation of GERONIMO MARTINEZ'S employment from DEFENDANTS;

17     16.    For interest pursuant to Labor Code § 218.6; and.

18     17.    For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

19

20                    **SIXTH CAUSE OF ACTION**

21     18.    For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful

22      practices as alleged herein;

23     19.    That DEFENDANTS be ordered to restore to GERONIMO MARTINEZ all funds

24      DEFENDANTS retained by means of the unfair and unlawful business acts and

25      practices alleged herein;

26     20.    That DEFENDANTS be ordered to restore all profits in an amount according to

27      proof at time of trial;

28

1    21.    For enforcement of the civil penalties imposed by the Labor Code pursuant to

2           Business & Professions Code § 17202;

3    22.    For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax*

4           *Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs.*

5           *Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

6    23.    For reasonable costs as provided by California Code of Civil Procedure § 1032.

7

8                           ALL CAUSES OF ACTION

9    24.    For penalties and interest as allowed by law;

10   25.    For costs of suit herein incurred; and

11   26.    For such other and further relief as the court deems proper.

12

13   DATED: November ⟋, 2007                    LAW OFFICES OF STEPHEN GLICK

14

15

16                                              By:

17                                              Stephen Glick
                                                Attorney for Plaintiff,
18                                              GERONIMO MARTINEZ

19

20

21

22

23

24

25

26

27

28

                                    - 22 -
                                  COMPLAINT

1 | EDGARDO GARCIA (SBN 219755)
Edgardo Garcia, Attorney At Law, Inc.
2 | 3440 Torrance Boulevard
Suite 104
3 | Torrance, California 90503
(310) 316-3408
4
Attorney for Plaintiff Jose Melendez
5

**FILED**

LOS ANGELES SUPERIOR COURT

NOV 2 6 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

6
7

Case assigned to D-14
Judge Terry Green

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF LOS ANGELES

10

B C 3 8 1 2 8 4

| 11 | JOSE LUIS MELENDEZ, an individual; | ) Case No.: |
|---|---|---|
| 12 | Plaintiff, | ) |
| 13 | vs. | ) COMPLAINT FOR: |

11 | JOSE LUIS MELENDEZ, an individual;    ) Case No.:

12 |        Plaintiff,

13 | vs.                                   ) COMPLAINT FOR:
                                           ) 1. FAILURE TO PROVIDE MEAL AND
                                           )    REST PERIODS
14 | CYBERFLOW SOLUTIONS, INC., a          ) 2. FAILURE TO PAY HOURS WORKED
     corporation; and DOES 1 through 50, inclusive, ) 3. FAILURE TO PAY OVERTIME
15 |                                       ) 4. WAITING TIME PENALITES
                                           ) 5. FAILURE TO FURNISH TIMELY AND
16 |                                       )    ACCURATE WAGE STATEMENTS
         Defendants.                       ) 6. VIOLATION OF BUS. &
17 |                                       )    PROFESSIONS CODE SECT. 17200
                                           )
18 |                                       )
                                           )
19 |                                       )

20

21        This is an action brought by Mr. Jose Luis Melendez("Melendez" or "Plaintiff") against his

22 | former employer, Cyber Flow Solutions, Inc. ("CFSI" or "Defendant") for Failure to Provide Meal

23 | and Rest Periods, Failure to Pay Hours Worked and Overtime in violation of CA Labor Code Sect.

24 | 226.7, 1198, and Industrial Welfare Commission Orders 1-90 and 1-98, CA Code of Regulations,

25 | Title 8 Sect. 11010, and the Public Policy of the State of California, and Violation of CA Business

26 | and Professions Code Sect 17200.

27

28

Unpaid Wages Complaint - 1

## GENERAL ALLEGATIONS

1. At all times relevant hereto, Plaintiff Jose Luis Melendez was a resident of the county of Los Angeles, State of California.

2. Plaintiff is informed and believes and alleges thereupon that at all times relevant hereto Defendant Cyberflow Solutions Inc. was and is a corporation located in and doing business in the County of Los Angeles, State of California.

3. The true names and capacities of the defendants sued as Does 1 through 50 is unknown to the plaintiff and therefore, plaintiff sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the Does when such names have been ascertained.

4. Plaintiff is further informed and believes and thereupon alleges that each of these fictitiously named defendants are legally responsible in some manner for the occurrences herein alleged and that plaintiff's damages as herein alleged were approximately caused by their conduct in common with Defendants CFSI and other parties.

5. As a proximate result of the actions of Defendants and each of them, Plaintiff has lost and will continue to lose earnings and fringe benefits and has suffered and will continue to suffer other actual, consequent and incidental damages, in an amount to be proven at trial and in excess of the jurisdictional minimum of this court. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to California Civil Code Sect. 3287 and 3288 and/or other provisions of law for pre-judgment interest.

6. Because the actions taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, cruel and intentional manner and in conscious disregard of Plaintiff's rights and in order to injure and damage her, Plaintiff request that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## EMPLOYMENT HISTORY

7.  Plaintiff began working at Cyber Flow Solutions Inc. in November 2004 as a Personal Driver & Assistant for Defendant Cyber Flow Solutions Inc. (hereafter CFSI). Plaintiff worked in that capacity until June 29, 2007.

8.  During the entire period of time that Plaintiff worked for CFSI, he worked more than five hours per day. Plaintiff was not provided meal breaks or rest periods as required by Industrial Welfare Commission, Paragraph 12, and other applicable law mandating one rest period for each four hours worked.

9.  Plaintiff made repeated verbal requests to be permitted to take lunch and break periods to management at CFSI and specifically advised management that the lack of rest and meal periods was having a negative impact on his health. His requests were ignored.

10.  Plaintiff worked though meal and rest breaks at the direction and /or the behest of Defendants and/or with their knowledge and/or acquiescence. Plaintiff did not voluntarily perform this work but rather undertook it because it was a requirement and necessary element of keeping his job.

11.  While employed by Defendants, Plaintiff performed services for Defendants. Such Services were not gratuitously undertaken or "volunteered" but done with the reasonable expectation of compensation from Defendants.

12.  The essence of employment is to receive compensation for the hours worked. Plaintiff had a reasonable expectation that Defendants would comply with all wage and hour laws in its business operation as required by the law of the State of California.

13.  Defendants breached their statutory requirements by failing to pay Plaintiff for all hours worked and failing to provide required meal and rest breaks and failing to compensate him for such periods at a regular rate of pay in instances where mean and rest breaks were interrupted and Plaintiff was required to work.

14.  Defendants corporate polices reflect a failure to record all time actually worked and or meal and rest breaks skipped.

15.  Defendants exploited Plaintiff's ignorance of the law and fear of loosing his job by

1 | compelling him to work through and during meal and rest breaks without the legally mandated
2 | compensation.

3

4 | ### FIRST CAUSE OF ACTION

5 | ### (FAILURE TO PROVIDE MEAL AND REST PERIODS
6 | ### UNDER CALIFORNIA LABOR CODE §226.7 and §512)

7 | 16. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein,
8 | the allegations contained in the preceding paragraphs. This cause of action is brought against all
9 | Defendants jointly and individually.

10 | 17. At all times relevant herein, Defendants, were required to provide their employees a
11 | meal and rest periods as mandated by California Labor Code §226.7 and 512 AND California Wage
12 | Orders.

13 | 18. IWC order no 7-2001(11) ( c) provides in relevant pat, "Unless the employee is relieved
14 | of all duty during 30 minute mead period, the meal period shall be considered an "on Duty" meal
15 | period and counted as time worked.

16 | 19. IWC order no 7-2001(12) (a) authorized employees to take rest period based on the total
17 | hours worked daily at the rate of ten minutes net rest per four hours or major fraction thereof.
18 | provides in relevant pat, "Unless the employee is relieved of all duty during 30 minute mead period,
19 | the meal period shall be considered an "on duty" meal period and counted as time worked.

20 | 20. For the entire period of time Plaintiff was employed by Defendants, he was not
21 | permitted to take the mandated rest or meal period and Defendants failed to compensate Plaintiff for
22 | all hours worked.

23 | 21. Under the aforementioned wage order and regulations, Plaintiff is to recover
24 | compensation for all hours worked but not paid by Defendants.

25 | 22. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an
26 | amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this
27 | Court.

28 | 23. Defendants' conduct described herein violates Labor Code §§218.5, 218.6, 226.7 and

1 | 512. Therefore, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours

2 | worked, penalties, plus reasonable attorney's fees and costs of suit.

3

4

## SECOND CAUSE OF ACTION

### (FAILURE TO COMPENSATE FOR ALL HOURS WORKED
### UNDER CALIFORNIA INDUSTRIAL WELFARE COMMISSION
### ORDERS AND CALIFORNIA LABOR CODE §1198)

24. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein, the allegations preceding. This cause of action is brought against all Defendants jointly and individually.

25. At all times relevant herein, Defendants, were required to compensate its hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer pursuant to Industrial Welfare Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010.

26. Defendants failed to compensate Plaintiff for all hours worked.

27. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this Court.

28. Defendants' conduct described herein violates Labor Code §§2185, 218.6, 1194 and 1198. Therefore, pursuant to Labor Code §§218.5, 512, 558, and 1194, Plaintiff is entitled to recover damages for the nonpayment of wages for all hours worked, penalties, plus reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### (FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA
### INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE)

29. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein,

1    the allegations contained in the preceding paragraphs. This cause of action is brought against all

2    Defendants jointly and individually.

3         30. Pursuant to Industrial Welfare Commission Order 1-90, California Code of Regulations,

4    Title 8, §11010, Defendants, were required to compensate Plaintiff for all overtime, which is

5    calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of eight

6    (8) hours per day and/or forty (40) hours per week, and two (2) times the regular rate of pay for

7    hours worked in excess of twelve (12) hours per day.

8         31. Pursuant to Industrial Welfare Commission Order 1-98, California Code of Regulations,

9    Title 8, §11010, Defendants were required to compensate Plaintiff for all overtime, which is

10   calculated at one and one-half (1½) times the regular rate of pay for hours worked in excess of forty

11   (40) hours per week.

12        32. Pursuant to Industrial Welfare Commission Order 1, effective January 1, 2000,

13   California Code of Regulations, Title 8, §11010, beginning on January 1, 2000 until the date

14   plaintiff ceased to be employed by Defendants, Defendants were required to compensate Plaintiff

15   for all overtime, which is calculated at one and one-half (1½) times the regular rate of pay for hours

16   worked in excess of eight (8) hours per day and/or forty (40) hours per week, and two (2) times the

17   regular rate of pay for hours worked in excess of twelve (12) hours per day.

18        33. Plaintiff was a nonexempt employee entitled to the protections of Industrial Welfare

19   Commission Orders 1-90 and 1-98, California Code of Regulations, Title 8, §11010. During the

20   course of Plaintiff's employment, Defendants, and each of them, failed to compensate Plaintiff for

21   overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week and

22   double-time hours for hours worked in excess of twelve (12) hours per day, as required under the

23   aforementioned labor regulations.

24        34. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an

25   amount according to proof at time of trial, but in an amount in excess of the jurisdiction of this

26   Court.

27        35. Defendants' conduct described herein violates Labor Code §§218.5, 218.6, 1194 and

28

1198. Therefore Plaintiff is entitled to recover the unpaid balance of wages owed, penalties, plus

2  interest, and reasonable attorney's fees and costs of suit.

3

4                          **FOURTH CAUSE OF ACTION**

5                **(WAITING TIME PENALTIES PURSUANT TO LABOR CODE §203)**

6       36. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein,

7  the allegations contained in the preceding paragraphs. This cause of action is brought against all

8  Defendants jointly and individually.

9       37. California Labor code Sect. 201 provided that if an employer discharges and employee,

10  wages earned and unpaid are due and payable immediately. California Labor Code Section 203

11  provides that an employer who willfully fails to pay wages of an employee at the time required by

12  Sections 201 and 202, is liable for waiting time penalties.

13       38. Defendants, and each of them, willfully refused and continue to refuse, to pay Plaintiff

14  unpaid wages in a timely manner, as required by Labor Code §203. Plaintiff therefore request

15  restitution and penalties as provided by Labor Code §203 218.5, 218.6, and 1194.

16

17                           **FIFTH CAUSE OF ACTION**

18              **(FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS)**

19       39. Plaintiff incorporates herein by reference all of the allegations contained in the preceding

20  paragraphs of this complaint as though fully set forth herein.

21       40. California Labor Code Section 226(a) requires employers semi-monthly or at the time

22  of which payment of wages to furnish each employee with an accurate itemized statement in writing

23  showing, inter alia, gross and net wages earned, hours worked, and the hourly rate at which the

24  employee is compensated.

25

26       41. California Labor Code Section 226(e) provides that if an employer knowingly and

27

28

1  intentionally fails to furnish an employee with at timely, accurate itemized statement, the employee

2  is entitled to recover the grater of all actual damages or $50.00 for the initial pay period in which a

3  violation occurs, and $100.00 for each violation in a subsequent pay period up to $4,000.

4      42. Defendants herein knowingly and intentionally failed to provide Plaintiff with at timely

5  and accurate itemized statement during the entire period of time he was employed by them.  As a

6  result, Defendants are liable for the amounts provided by Labor Code Section 226(e), together with

7

8  attorney fees and costs, pursuant to California Labor Code Section 226(e).

9                         **SIXTH CAUSE OF ACTION**

10         **(VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200)**

11      43. Plaintiff hereby re-alleges and incorporates by reference, as though fully set forth herein,

12  the allegations contained in the preceding paragraphs. This cause of action is brought against all

13  Defendants jointly and individually.

14      44. By violating the foregoing statutes and regulations, the acts of Defendants constitute

15  unfair and unlawful business practices under Business and Professions Code §17200 et seq.

16      45. Defendants' violation of California wage and hour laws constitutes a business practice

17  because it was done repeatedly over a significant period of time and in a systematic manner to the

18  detriment of Plaintiff.

19      46. Plaintiff has suffered damages and requests damages and/or restitution of all monies and

20  profits to be disgorged from Defendants in an amount according to proof at time of trial, but in

21  excess of the jurisdiction of this Court.

22  ///

23  ///

24  WHEREFORE, Plaintiff prays judgment against Defendants and each of them as follows:

25      1.    For general and special damages in a sum in excess of the jurisdictional minimum of

26            this Court, including but not limed to, unpaid wages, overtime, and premium pay

27            pursuant to Califorrna Labor Code Section 226.7(b);

28      2.    For exemplary and punitive damages.

1    3.    For restitution of all monies due to Plaintiff and disgorgement of profits from

2          the unlawful business practices of Defendants;

3    3.    For waiting time penalties pursuant to Labor Code §203 and 226(e);

4    4.    For penalties pursuant to Labor Code §512 and 558;

5    5.    For interest accrued to date;

6    6.    For costs of suit incurred herein, attorney's fees and costs pursuant to Labor Code

7          §§218.5, 226(e), 1194, 2802(c) and CCP Section 1021.5.

8    8.    For such other and further relief that the Court may deem just and proper.

9

10                          **JURY TRIAL DEMANDED**

11         Plaintiff demands a trial by jury of all issues stated in this complaint.

12

13   DATE: *20 NOVEMBER 07*        Edgardo Garcia, Attorney At Law, Inc.

14

15                                By: _____

16                                    EDGARDO GARCIA
                                      Attorney for Plaintiff Jose Luis Melendez

17

18

19

20

21

22

23

24

25

26

27

28

SPACE BELOW FOR FILING STAMP ONLY:

1

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212-2512
(310) 274-8216
STATE BAR NO. 71411

2

3

4

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 2 9 2007

5    Attorney for____ Plaintiff, LORIS KHODAVERDIAN

6

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

Case assigned to D-24
Judge Robert F Hess

7

8

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

FOR THE COUNTY OF LOS ANGELES

10

CENTRAL DISTRICT

11

12    LORIS KHODAVERDIAN

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.        BC381488

13

14                                    Plaintiff,

COMPLAINT FOR:

15

16    vs.

17

18    BROWNING FIRE PROTECTION,
INC., a California Corporation, and
DOES 1 through 100, inclusive

19

20

21

22                                    Defendants.

1. FAILURE TO PAY ALL OVERTIME
   COMPENSATION UNDER LABOR
   CODE § 510 & 1194
2. FAILURE TO ALLOW REST
   PERIODS UNDER LABOR CODE
   § 226.7
3. FAILURE TO PROVIDE ACCURATE
   ITEMIZED STATEMENTS UNDER
   LABOR CODE § 226 (e)
4. WAITING TIME PENALTY UNDER
   LABOR CODE § 203

23

24

25

26

Comes now Plaintiff, LORIS KHODAVERDIAN, who complains and alleges as follows:

27

28

1
COMPLAINT

## Introduction

1.   Plaintiff, LORIS KHODAVERDIAN (hereafter "Plaintiff"), was employed by Defendant, BROWNING FIRE PROTECTION, INC., a California Corporation, and DOES 1 through 100, (hereafter "Defendants"), Inclusive, from August 17, 2006 through October 9, 2007.

2.   Plaintiff at all times pertinent hereto, has been a non-exempt employee within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders. Defendant hired employees who worked as "hourly employees."

3.   Plaintiff was not compensated for overtime hours that he worked. Plaintiff has not been provided overtime wages for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week.

4.   Plaintiff has not been provided rest periods for work days in excess of four (4) hours and was not compensated one hour's wages in lieu thereof.

5.   Plaintiff has not been provided with an *accurate* itemized statement in writing showing, gross wages earned, total hours worked, and all deductions.

6.   Defendant willfully failed to provide Plaintiff all wages at the resignation of his employment with Defendant.

7.   Plaintiff at all times pertinent hereto, has been a non-exempt employee within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.

8.   Plaintiff is covered by California Industrial Welfare Commission Occupational Wage Order No. 16-2001, California Industrial Welfare Commission No. 16 (Title 8 Cal. Code Reg. §11160).

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-0218

## VENUE AND JURISDICTION

9.   Venue is proper in Los Angeles County because Defendants employed Plaintiff, LORIS KHODAVERDIAN in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

## GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

10.   Plaintiff LORIS KHODAVERDIAN is an individual who was employed by Defendant, BROWNING FIRE PROTECTION, INC., a California Corporation, and DOES 1 through 100, Inclusive, in the State of California.

11.   Plaintiff is informed and believes, and based thereon alleges, that Defendant, BROWNING FIRE PROTECTION, INC., is a California Corporation, with its principal place of business in Torrance, California.

12.   Plaintiff is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive; and they are therefore sued pursuant to Code of Civil Procedure Section 474. When their true names and capacity are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacity herein. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOES 1 through 100, inclusive, hereinafter collectively referred to as DOES, acted wrongfully, maliciously, intentionally and negligently; that each is responsible in some manner for the events and happenings complained of herein; and that injuries of Plaintiff, as alleged herein, were proximately caused by Defendants DOES, either through said Defendants' own conduct or through the conduct of their agents and/or employees.

13.   Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants, whether named or fictitiously named as DOE (hereinafter collectively referred to as   Defendants), were the merging entity, merged entity, subsidiary, acquiring

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-0210

3
COMPLAINT

corporation, agent and/or employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and/or employment with knowledge, advice, permission and consent of each other.

### FIRST CAUSE OF ACTION

#### Failure to Provide Overtime Compensation
(Labor Code §§ 510 and 1194)

14.   Plaintiff incorporates paragraphs 1 through 13 as though fully set forth herein.

15.   Defendants willfully violated the provisions of the Labor Code by failing to compensate Plaintiff for all hours worked.

16.   By their policy of requiring non-exempt employees to work in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without compensating such employee at the rate of time and one-half (1 1/2), as alleged above, Defendants willfully violated the provisions of Labor Code Sections 510 and 1194.

17.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount according to proof at trial, and is entitled to recovery of such amount, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code Sections 1194 and/or 218.5.

### SECOND CAUSE OF ACTION

#### Failure to Allow Rest Period
(Labor Code § 226.7)

18.   Plaintiff incorporates paragraphs 1 through 17 as though fully set forth herein.

19.   Labor Code §226.7 requires an employer to pay an additional (1) hour of compensation for each rest period the employer fails to provide. Employees are entitled to a paid ten (10) minute rest

1  break for every four (4) hours worked. Plaintiff consistently worked over four (4) hour shifts

2  without rest breaks.

3

4     20.   Defendants failed to provide Plaintiff with rest breaks of not less than ten (10) minutes as

5  required by the Labor Code during the relevant employment period.

6     21.   Pursuant to Labor Code §226.7, Plaintiff is entitled to damages in an amount equal to one

7  (1) hour of wages per missed rest break, in a sum totaling $5,856.00.

8     22.   Pursuant to Labor Code §218.5 Plaintiff requests that the Court award reasonable

9  attorneys' fees and costs incurred in this action.

10

11  ### THIRD CAUSE OF ACTION

12  #### Failure to Provide an Accurate Itemized Statement
           (Labor Code § 226)

13

14     23.   Plaintiffs incorporate paragraphs 1 through 22 as though fully set forth herein.

15     24.   Labor Code §226 requires an employer to provide an *accurate* itemized statement to each

16  employee. Furthermore, §226(e) provides that an employee who does not receive an accurate

17  itemized statement is entitled to recover fifty dollars ($50) for the initial pay period in which a

18  violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not

19  exceeding an aggregate penalty of four thousand dollars ($4,000).

20

21     25.   By failing to provide overtime compensation to Plaintiff for all overtime hours worked,

22  Defendants continuously provided *inaccurate* itemized statements, regarding hours worked, gross

23  earnings and deductions.

24     26.   Pursuant to Labor Code §226 (e) Plaintiff is entitled to fifty dollars ($50) for the initial pay

25  period and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding

26  an aggregate of four thousand ($4,000) dollars per employee.

27

28

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-8216

27.    Pursuant to Labor Code §226 (e) Plaintiff is entitled to a sum of $3,150.00, plus reasonable attorneys' fees and costs incurred in this action.

## FOURTH CAUSE OF ACTION

### Waiting Time Penalties
### (Labor Code § 203)

28.    Plaintiffs incorporate paragraphs 1 through 27 as though fully set forth herein.

29.    Plaintiff is no longer employed by Defendants. He resigned his position on October 9, 2007, and to date has not received his wages.

30.    Defendants' failure to pay wages, as alleged above was willful in that Defendants and each of them knew wages to be due but failed to pay them, thus entitling Plaintiff to penalties under Labor Code §203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

31.    Defendants have failed to pay Plaintiff all wages owed him within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code §203, Plaintiff is entitled to a penalty in the amount of Plaintiffs' daily wages multiplied by thirty (30) days, totaling $5,040.00.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For overtime compensation pursuant to Labor Code Sections 510 and 1194, according to proof at trial;

2.    For failure to allow rest periods pursuant to Labor Code Section 226.7, in the sum of $5,856.00;

3.    For failure to provide accurate itemized statements pursuant to Labor Code Section 226 (e), in the amount of $3,150.00;

6

COMPLAINT

ELI M. KANTOR
ATTORNEY AT LAW
9540 WILSHIRE BOULEVARD, SUITE 405
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-8216

4.    For waiting time penalties pursuant to Labor Code Section 203, in the sum of $5,040.00;

5.    For interest accrued to date;

6.    For costs of suit incurred herein;

7.    For attorney fees and costs pursuant to Labor Code §§ 218.5, 226 (e) and 1194; and

8.    For such other and further relief that the Court may deem just and proper.


Dated: November 28, 2007

Eli M. Kantor
Attorney for Plaintiff
LORIS KHODAVERDAIN

ELI M. KANTOR
ATTORNEY AT LAW
9595 WILSHIRE BOULEVARD, SUITE 406
BEVERLY HILLS, CALIFORNIA 90212
(310) 274-8216

7
COMPLAINT

**FILED**
LOS ANGELES SUPERIOR COURT

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICE OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307          DEC 05 2007
   El Segundo, California 90245
3  Telephone: (310) 322-1696             JOHN A. CLARKE, CLERK
   Facsimile : (310) 322-3039
4                                        BY MARY GARCIA, DEPUTY

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   **ATTORNEY AT LAW**
6  3460 Ocean View Boulevard, Suite F
   Glendale, California 91208
7  Telephone: (818) 265-0525
   Facsimile : (818) 249-2788
8
                                         Case assigned to D-68
9  Attorneys for Plaintiff              Judge Mark Mooney
10
11
12              SUPERIOR COURT OF THE STATE OF CALIFORNIA
13           FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT
14                                                     BC381738
15  JONATHAN TORALBA,              )     CASE NO.
                                   )
16                                 )
              Plaintiff,           )
17                                 )     **COMPLAINT FOR DAMAGES:**
          vs.                      )
18                                 )     1)  FAILURE TO PAY OVERTIME
19  NATIONAL PRIVATE SECURITY,     )         COMPENSATION
    INCORPORATED; and DOES 1 through )       (*Labor Code* Section 1194);
20  100, inclusive,                )
                                   )     2)  UNFAIR COMPETITION
21                                 )         (*Business & Professions Code*
              Defendants.          )         Section 17200).
22                                 )
23
24
25      PLAINTIFF Jonathan Toralba hereby alleges as follows:
26  ///
27  ///
28  ///

-1-
Complaint

## GENERAL ALLEGATIONS

1.     At all times mentioned herein, defendant NATIONAL PRIVATE SECURITY, INCORPORATED was a California corporation. Said entity, whether known by that or other names, Plaintiff is informed and believes, and on that basis alleges, is in the business of providing guard services to clients, and has its main office in the State of California, County of Los Angeles. Said defendant at all relevant times was an employer of Plaintiff.

2.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges that each of the defendants designated herein as a DOE is an employer of Plaintiff.

3.     To the extent defendants and each of them claim that certain individuals did not employ Plaintiff, Plaintiff is informed and believes, and thereupon alleges that defendants, and each of them, engaged in a pattern and practice of utilizing any claimed non-individual defendants, and each of them, as vehicles to accomplish violations of law, and that there exists, and at all times relevant to this complaint there existed a unity of interest and ownership between any claimed non-individual defendants and individual defendants such that any individuality and separateness between said defendants has ceased. Plaintiff is further informed and believes, and thereupon alleges that if the acts of any claimed non-individuals are treated as those of an entity alone, an inequitable result would follow. Plaintiff is further informed and believes, and on that basis alleges, that any judgment solely against any non-individual defendants in this matter may be uncollectible. Accordingly, as to the defendants which are not individual defendants, it is fair and equitable to permit piercing any purported corporate veil. Plaintiff is further informed and believes, and upon that basis alleges, that individuals who may become defendants, and each of them, misappropriated to themselves, as individuals for their individual advantage, the unpaid wages owed Plaintiff.

4.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that each defendant was acting within the course, scope and authority of said agency,

-2-
Complaint

1    employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

2    ratified, and/or approved the acts of the remaining defendants.

3                            **FIRST CAUSE OF ACTION**

4                         **FOR WAGE AND HOUR VIOLATIONS**

5                      **(PLAINTIFF AGAINST ALL DEFENDANTS)**

6        5.     Plaintiff incorporates by reference each of the preceding paragraphs.

7        6.     Plaintiff was employed by defendants, and each of them, as a security guard, starting

8    about November 1, 2002, and continuing up to and including around June 15, 2007.

9        7.     Plaintiff was, during his employment, required and permitted to work hours in excess

10   of 8 hours per day or 40 hours per week.

11       8.     Pursuant to the provisions of the California Labor Code, including *Labor Code*

12   Section 1194, and regulations adopted by the California Department of Industrial Relations,

13   Plaintiff has the right to be paid properly for every hour of labor.

14       9.     In violation of such laws and regulations, defendants and each of them failed to pay

15   Plaintiff all overtime owed in an amount believed to exceed $6,000.00, and more precisely

16   according to proof at the time of trial.

17       10.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

18             (A)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

19                    termination of employment all accrued but unpaid wages for all hours

20                    labored, including minimum wage and overtime compensation. Because

21                    defendants, and each of them failed to pay such wages, Plaintiff is entitled to

22                    continuing wages set forth in *Labor Code* Section 203 in an amount

23                    estimated to be in excess of $2,160.00.

24             (B)    Defendants, and each of them, were obligated under *Labor Code* Section 226

25                    and regulations of the Industrial Welfare Commission of the State of

26                    California, to keep accurate records of Plaintiff's hours of labor, and to

27                    prepare and submit to Plaintiff at least twice per month an itemized statement

28                    accurately showing the total hours worked by Plaintiff. Defendants, and

                                       -3-
                                    Complaint

1   each of them, failed to keep accurate records of Plaintiff's hours of labor, and
2   further failed to provide accurate itemized wage statements as required by
3   such statute. Accordingly, Plaintiff is entitled to damages pursuant to *Labor*
4   *Code* Section 226 in the amount of $4,000.00 each.

5       (C)  Pursuant to the applicable wage order of the Industrial Welfare Commission,
6   Plaintiff is entitled to receive all other compensation permitted by law,
7   including for meal and rest periods during the course of his employment.

8       11.  In addition, pursuant to the provisions of the California *Labor Code*, and regulations
9   adopted by the California Department of Industrial Relations, Defendants, and each of them, were
10  obligated to provide uniforms and uniform maintenance to Plaintiff free of charge since Plaintiff
11  was required by defendants, and each of them, to wear uniforms while performing their duties. In
12  violation of such laws and regulations, Defendants failed to provide and maintain such uniforms,
13  and charged Plaintiff for such uniforms. Accordingly, Plaintiff is entitled to reimbursement of
14  uniform charges and maintenance costs.

15      12.  In addition, Plaintiff is entitled to interest on unpaid overtime compensation and
16  other recoveries to which they are entitled in an amount to be proved at trial.

17      13.  In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby
18  specifically demanded, in an amount to be proved at trial or by way of motion authorized by law.

19      14.  In addition, Plaintiff is entitled to costs of suit.

20  ## SECOND CAUSE OF ACTION

21  (FOR RESTITUTION AND INJUNCTIVE RELIEF UNDER BUSINESS AND
22  PROFESSIONS CODE SECTION 17200; LABOR CODE SECTION 226;
23  AND RELATED SECTIONS AS AGAINST ALL DEFENDANTS)

24      15.  Plaintiff hereby incorporates herein by this reference paragraphs 1- 14, as if set forth
25  in full.

26      16.  Under California *Business and Professions Code*, §§ 17200, et seq., Defendants, and
27  each of them, are obligated to refrain from engaging in unfair business practices. Further, under a
28  group of laws now commonly referred to as the "Unfair Competition Laws," Defendants, and each

-4-

1  of them, are obligated to comply with the law, and avoid improper, illegal, and unethical activity

2  which would constitute a violation of the Unfair Competition Laws which directly harmed Plaintiff.

3     17.    Defendants, and each of them, on multiple occasions, and in multiple instances,

4  engaged in such conduct prohibited by the Unfair Competition Laws, and engaged in a course of

5  illegal business practices including, Plaintiff is informed and believes, but not limited to, the

6  following:

7         (a)   By failing to pay Plaintiff overtime wages which Defendants knew, or should

8            have known, to be due and owing;

9         (b)   By not keeping time records required by law, including in violation of *Labor*

10            *Code* Section 226, for Plaintiffs;

11         (c)   By failing to provide what are commonly referred to as "pay stubs" to

12            Plaintiff which include all required information mandated by *Labor Code*

13            Section 226.

14     18.    Plaintiff requests relief for said violations, including entry by this Court of an

15  injunction, requiring Defendants, and each of them, to:

16         a)   Provide those pay stubs required by law;

17         b)   Hold in trust all amounts received by Defendants, and each of them, which

18            should have been paid to Plaintiff for his overtime wage earned.

19     19.    Defendants, and each of them, pursuant to such unlawful, unfair and deceptive

20  practices, have enriched themselves at the expense of innocent victims, including, but not limited to,

21  Plaintiff, and have gained an unfair advantage over law-abiding employers. Defendants, and each

22  of them, should therefore be ordered to restore to Plaintiff entitled to receive such, all unpaid

23  overtime compensation for the period of one year preceding the statutory claims, in an amount to be

24  proved at trial, but which are estimated to exceed $2,500.00.

25  ///

26  ///

27  ///

28  ///

-5-
Complaint

1  PRAYER

2  WHEREFORE, Plaintiff prays judgment be entered in his favor and against defendants and

3  each of them as follows:

4      1. Unpaid Overtime, according to proof, in excess of $6,000.00;

5      2. Interest, according to proof, in excess of about $1,000.00;

6      3. Continuing wages pursuant to *Labor Code* Section 203 and paycheck

7         damages pursuant to *Labor Code* Section 226, of at least $6,160.00, and

8         more precisely according to proof;

9      4. For compensation for meal and rest periods not received according to law in

10        an amount to be proved at trial;

11     5. Restitution of about $2,500.00.

12     6. For costs of suit, including attorney's fees, according to proof; and

13     7. For such other and further relief as the Court may deem appropriate.

14

15                Respectfully Submitted:

16                **LAW OFFICES OF ROBERT R. RONNE, APC**

17

18

19

20                BY:    ROBERT R. RONNE,

21                       Attorney for Plaintiff
                      Jonathan Toralba

22

23

24

25

26

27

28

-6-

Complaint

**FILED**

LOS ANGELES SUPERIOR COURT

ROBERT R. RONNE, ESQ. (SBN 092884)
**LAW OFFICE OF ROBERT R. RONNE, APC**
840 Apollo Street, Suite 307
El Segundo, California 90245
Telephone: (310) 322-1696
Facsimile : (310) 322-3039

DEC 05 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

DENNIS W. RIHN, ESQ. (SBN 126233)
**ATTORNEY AT LAW**
3460 Ocean View Boulevard, Suite F
Glendale, California 91208
Telephone: (818) 265-0525
Facsimile : (818) 249-2788

Case assigned to D. 25
Judge Mary Ann Murphy

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

|  |  |
|---|---|
| ANDREW ESPEDILLON, | CASE NO.   BC381737 |
| Plaintiff, | **COMPLAINT** FOR DAMAGES: |
| vs. | FAILURE TO PAY OVERTIME COMPENSATION (*Labor Code* Section 1194) |
| SHALOM ELDERLY CARE INC.; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Plaintiff Andrew Espedillon alleges as follows:

## PRELIMINARY ALLEGATIONS

1.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant SHALOM ELDERLY CARE INC. is and was a California corporation which regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

-1-
Complaint

1    2.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant
2  to this action, Defendants, and each of them, were joint legal employers of Plaintiff within the
3  meaning of California law, or in the alternative, the alter ego of each other (and all of them) within
4  the meaning of California law. Plaintiff is further informed and believes, and on that basis alleges,
5  that some of the Defendants, and each of them, at all times relevant to this action, utilized and
6  conducted business under the aliases and/or fictitious names of Shalom Elderly Care, Inc. #3, or
7  other names or variations of such fictitious names.

8    3.    Plaintiff is further informed and believes, and on that basis alleges, that Defendants,
9  and each of them:

10    (a)    Deliberately and knowingly committed federal and state tax fraud by failing
11    to make legally required deductions from wages paid to Plaintiff and other
12    employees, including federal income tax, state income tax, social security tax
13    and unemployment tax, and/or deliberately and knowingly caused other
14    Defendants to commit such acts; and

15    (b)    Deliberately and knowingly committed the criminal act of failing to procure
16    workers' compensation insurance for employees in violation of law, and/or
17    deliberately and knowingly caused other Defendants to do so; and

18    (c)    Deliberately and knowingly engaged in an illegal pattern and practice of
19    failing to maintain and retain accurate records of wages paid employees as
20    required by law, and/or deliberately and knowingly caused other Defendants
21    to fail to do so; and

22    (d)    Deliberately and knowingly engaged in an illegal pattern and practice of
23    failing to maintain and retain accurate records of days and hours worked by
24    employees in violation of California law, and/or deliberately and knowingly
25    caused other Defendants to do so; and

26    (e)    Deliberately and knowingly engaged in an illegal pattern and practice of
27    violating California wage and hour laws, including the laws requiring
28    payment of overtime compensation, and/or deliberately and knowingly

-2-
Complaint

1    caused other Defendants to do so; and; and

2    (g)    Deliberately and knowingly converted funds which should have been paid to

3    Plaintiff as overtime compensation owing by law.

4    4.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names

5  because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of

6  the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges

7  that each of the defendants designated herein as a DOE was an employer of Plaintiff or otherwise

8  liable to Plaintiff under applicable law. Whenever in this complaint reference is made to

9  "Defendants, and each of them," such allegations shall be deemed to mean acts of defendants acting

10  individually, jointly, or severally, or all or any combination of them.

11    5.    Plaintiff is informed and believes, and upon that basis alleges, that the individual

12  defendants, including certain Does, dominate and control the corporate defendants, and are the sole

13  owners of the corporate defendants. Plaintiff is further informed and believes and thereupon alleges

14  that Defendants, and each of them, engaged in a pattern and practice of utilizing the corporate (or

15  other) Defendants, and each of them, as vehicles to accomplish criminal and civil violations of law,

16  and that there exists, and at all times relevant to this complaint there existed a unity of interest and

17  ownership between any corporate defendants and non-corporate defendants such that any

18  individuality and separateness between said defendants has ceased, and all defendants are the alter

19  ego of every other defendant. Plaintiff is further informed and believes, and thereupon alleges that

20  if the acts of any defendant were treated as the acts of such defendant alone, an inequitable result

21  would follow. Plaintiff is further informed and believes, and on that basis alleges, that any

22  judgment solely against the corporate and/or individual defendants in this matter would be

23  uncollectible. Accordingly, as to all defendants, it is fair and equitable to permit piercing the

24  corporate veil and imposition of joint and several liability. Plaintiff is further informed and

25  believes, and upon that basis alleges, that the individual defendants, and each of them,

26  misappropriated to themselves, and for their own advantage, the unpaid wages owed Plaintiff.

27    6.    Plaintiff is informed and believes and therefore alleges that at all times mentioned

28  in this complaint, the Defendants, and each of them, including DOES 1 through 100, inclusive, were

-3-

Complaint

1  the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that

2  each defendant was acting within the course, scope and authority of said agency, employment, joint

3  venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or

4  approved the acts of the remaining defendants.

5                          FIRST CAUSE OF ACTION

6                      FOR WAGE AND HOUR VIOLATIONS

7                   (INCLUDING LABOR CODE SECTION 1194)

8                   (PLAINTIFF AGAINST ALL DEFENDANTS)

9         7.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding

10  paragraphs.

11        8.    Beginning approximately October 29, 2006, and continuing to June 12, 2007,

12  Plaintiff Andrew Espedillon was employed by defendants, and each of them.

13        9.    During his employment, Plaintiff was not properly compensated by defendants, and

14  each of them for all hours worked.

15        10.   Pursuant to the provisions of the California Labor Code, including Labor Code

16  Section 1194, and regulations adopted by the California Department of Industrial Relations,

17  Plaintiff has the right to be paid properly for every hour of labor.

18        11.   In violation of such laws and regulations, defendants, and each of them failed to pay

19  Plaintiff all overtime owed in an amount believed to exceed $25,000.00.

20        12.   In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

21              (A)   Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

22                    termination of his employment all accrued but unpaid wages for all hours

23                    labored, including overtime compensation. Because defendants, and each of

24                    them failed to pay such wages, Plaintiff Andrew Espedillon is entitled to

25                    continuing wages set forth in *Labor Code* Section 203 in an amount

26                    estimated to be in excess of $1,800.00.

27              (B)   Defendants, and each of them, were obligated under *Labor Code* Section 226

28                    and regulations of the Industrial Welfare Commission of the State of

                                    -4-

1    California, to keep accurate records of Plaintiff's hours of labor, and to

2    prepare and submit to Plaintiff at least twice per month an itemized statement

3    accurately showing the total hours worked by Plaintiff.    Defendants, and

4    each of them, failed to keep accurate records of Plaintiff's hours of labor,

5    and further failed to timely provide accurate itemized wage statements as

6    required by such statute. Accordingly, Plaintiff Andrew Espedillon is

7    entitled to damages pursuant to *Labor Code* Section 226 in the amount of

8    about $1,450.00.

9    (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

10    Plaintiff is entitled to receive all other compensation permitted by law,

11    including for meal and rest periods during the course of his employment.

12    13.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

13    to be proved at trial.

14    14.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

15    specifically demanded, in an amount to be proved according to law.

16    15.    In addition, Plaintiff is entitled to costs of suit.

17    **PRAYER**

18    WHEREFORE, Plaintiff prays judgment be entered in his favor and against defendants and

19    each of them as follows:

20    1.    For unpaid overtime compensation in an amount exceeding $25,000.00, and

21    subject to more precise proof at the time of trial;

22    2.    For continuing wages pursuant to *Labor Code* Section 203 in an amount of at

23    least $1,800.00, and more precisely according to proof;

24    3.    For damages pursuant to *Labor Code* Section 226 in an amount of a

25    maximum of $4,000.00, and more precisely according to proof;

26    4.    For compensation for meal and rest periods not received according to law in

27    an amount to be proved at trial;

28    5.    For prejudgment interest;

-5-

Complaint

6. Imposition of a constructive trust on all amounts converted;

7. For costs of suit, including attorney's fees, according to proof; and

8. For such other and further relief as the Court may deem appropriate.

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY:     ROBERT R. RONNE,
Attorney for Plaintiff
Andrew Espedillon.

-6-

Complaint

LAW OFFICES OF
**JOSEPH M. LOVRETOVICH**
5850 CANOGA AVENUE
SUITE 315
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
NICHOLAS W. SARRIS, STATE BAR NO. 242011
PAUL J. KANG, STATE BAR NO. 237898

Attorneys for Plaintiff CHRISTOPHER TAYLOR

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 06 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

D-7H

Case assigned to
Judge Teresa Sanchez-Gordon

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| CHRISTOPHER TAYLOR, an individual, | Case No.: BC381849 |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. BREACH OF CONTRACT; |
| | 2. FAILURE TO PAY EARNED WAGES (CAL. LABOR CODE §§ 204, 206, 218.5, and 218.6); |
| GANCEDO & NIEVES, LLP, a California Limited Liability Partnership; and DOES 1 through 100, inclusive. | 3. FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE § 1194); |
| Defendants. | 4. WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201-203); |
| | 5. CONVERSION; |
| | 6. PROMISSORY FRAUD AND MISREPRESENTATION; |
| | 7. NEGLIGENT MISREPRESENTATION; |
| | 8. UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200; |

Plaintiff, CHRISTOPHER TAYLOR, hereby brings her complaint against the above-named Defendants and states and alleges as follows:

1

COMPLAINT

## PRELIMINARY ALLEGATIONS

1.   Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein Defendant GANCEDO & NIEVES, LLC (hereinafter "Defendants") was, and is, a California Limited Liability Company, doing business in the State of California.

2.   At all times herein mentioned, and at the time the cause of action arose, Plaintiff CHRSTOPHER TAYLOR (hereinafter "Plaintiff") was an individual and resident of the County of Los Angeles, State of California, and at all relevant times was employed by Defendant in the County of Los Angeles.

3.   Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to the Plaintiff.

4.   Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein.

5.   Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

6.   Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

7.   On or about May 11, 2003, Defendants hired Plaintiff for the position of law clerk. Plaintiff's duties included discovery, legal research, client intake, and assisting attorneys on cases.

///

Law Offices of Joseph M. Lovretovich
5850 Canoga Ave. Suite 375
Woodland Hills, CA 91367
(818) 610-8800

8.   On or about May 11, 2003, in the City of Pasadena, County of Los Angeles, and during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the agreement provided that Plaintiff's employment would be secure for as long as his performance was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff would earn agreed-upon wages and employment benefits, including, but not limited to, medical insurance, dental insurance, ten days of vacation days, ten days of sick days, and profit-sharing. Furthermore, Plaintiff was promised substantial bonuses when cases he was assigned to work on settled or brought to the firm were resolved and the firm received money from settlements, verdicts, and common benefit fund payouts. Cases plaintiff worked on and/or brought to the firm and was promised money for include, but are not limited to, actions against Random House, Inc., The Warner-Lambert Company, and Merck & Co.

9.   During his employment with Defendants, Plaintiff executed his duties with the utmost professionalism and became a valued member of Defendants' business. During the course of Plaintiff's employment, he customarily worked the more than eight hours in one workday and more than forty hours in one workweek.

10.   Shortly after Plaintiff's hire, Plaintiff turned in his time sheet, which included overtime hours. Hector Gancedo, managing partner of the firm, informed Plaintiff that the firm "didn't pay overtime here." Furthermore, Plaintiff was told that he was welcome to work overtime, but that the firm would just pay Plaintiff his regular wage rate.

11.   Plaintiff is informed and believes, and based thereon alleges, that he worked a minimum of five overtime hours per week from May 2003 to August 2005. On information and belief, Plaintiff estimates his overtime hours to total over 560 hours for this same period. Plaintiff further alleges that he was never paid for any overtime hours worked.

12.   In May 2005, Plaintiff was admitted as a member of the California bar. Shortly afterward, Defendants offered Plaintiff a job as an associate attorney of the firm. Plaintiff informed Defendants he was considering various job opportunities. Defendants allowed Plaintiff to remain working as a law clerk while he considered his options. In July 2005, Plaintiff was

Law Offices of Joseph M. Lavretovich
5850 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(818) 610-8800

3
COMPLAINT

offered a job to work as an Assistant District Attorney for the County of Fresno, California.
Plaintiff informed Tina Nieves, the firm's co-managing partner and Plaintiff's supervising
manager, he was inclined to accept the position and leave Gancedo & Nieves. Tina Nieves
advised Plaintiff against accepting this job offer, claiming superior knowledge of the job and its
future financial prospects because she had a family member who was a Superior Court Judge in
Fresno and because she had additional family members living in Fresno. Tina Nieves advised
Plaintiff he could make more money if he accepted Gancedo & Nieves standing offer of
employment.

13.     In or about August 2005, Plaintiff turned down the job offer from the County of
Fresno and accepted a job as an associate attorney at Gancedo & Nieves based upon the partners
promise of a salary of $72,000.00 and substantial bonuses. Plaintiff asked for a higher salary,
but was told by Tina Nieves and Hector Gancedo, "As a Plaintiff's law firm, our business model
is to keep attorney salaries low, so the firm can stay liquid, but when settlement money comes in,
and when we are paid for your common benefit work, you will be paid part of that as your
wages." Plaintiff was told numerous times when he sought an increase in salary, "bonuses are
part of employee's wages."   Plaintiff was promised bonus money as part of his wages by
Defendants, most commonly by Tina Nieves, at least twice a month from August 2005 to April
2007. Additionally, this "deferred wages" issue was constant source of conversation between the
associate attorneys of the firm from August 2005 through April 2007 because settlements were
purportedly looming in actions against Warner-Lambert over the drug Rezulin and actions
against Merck & Co. over the drug Vioxx, and the associates were excitedly anticipating the
bonus money they had been promised.

14.     In or about December 2005, Tina Nieves called Plaintiff into her office. She
informed him he was receiving a yearly bonus. However, she stated that settlement money from
actions against Warner-Lambert over the drug Rezulin would not be received until January 2007,
so he would be paid at the time. At this time, Plaintiff asked for a salary increase. Tina Nieves
informed Plaintiff his bonus could be considered his salary increase. In each subsequent month,

Law Offices of Joseph M. Lovretovich

5850 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(818) 610-8800

4
COMPLAINT

Law Offices of Joseph M. Lovretovich

5650 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(818) 610-8600

1    Plaintiff inquired about this bonus money and was told by Tina Nieves and Hector Gancedo the

2    money had not yet been received.

3         15.    In or about April 2007, both Hector Gancedo and Tina Nieves put a specific

4    dollar figure -- $20,000.00 -- on the bonus money Plaintiff would receive from the Rezulin case

5    settlements and common benefit funds payouts. Plaintiff did not receive this $20,000 bonus

6

7                           **FIRST CAUSE OF ACTION**

8                            **BREACH OF CONTRACT**

9                             **(Against All Defendants)**

10        16.    Plaintiff incorporates by reference paragraphs 1 through 15, inclusive, of this

11   Complaint as if fully set forth at this place.

12        17.    On or about May 11, 2003, in the City of Pasadena, County of Los Angeles, and

13   during the term of Plaintiff's employment, Plaintiff and Defendants entered into an employment

14   agreement, which included oral, written, and implied-in-fact agreements. The basic terms of the

15   agreement provided that Plaintiff's employment would be secure for as long as his performance

16   was satisfactory, that Plaintiff would not be terminated without good cause, and that Plaintiff

17   would earn agreed-upon wages and employment benefits, including, but not limited to, medical

18   insurance, dental insurance, ten days of vacation days, ten days of sick days, and profit-sharing.

19   Furthermore, Plaintiff was promised substantial bonuses when cases he was assigned to work on

20   settled or brought to the firm were resolved and the firm received money from settlements,

21   verdicts, and common benefit fund payouts.

22        18.    In or about August 2005, Defendants promised Plaintiff substantial bonuses. Tina

23   Nieves, managing partner and Plaintiff's supervising manager, told Plaintiff, ""As a plaintiff's

24   law firm, our business model is to keep attorney salaries low, so the firm can stay liquid, but

25   when settlement money comes in, and when we are paid for your common benefit work, you will

26   be paid part of that as your wages." Plaintiff was told numerous times when he sought an

27   increase in salary, "bonuses were part of employee's wages." Plaintiff was promised bonus

28

---

1    money as part of his wages by Defendants, most commonly by Tina Nieves, at least twice a

2    month from August 2005 to April 2007.

3        19.    In or about April 2007, both Hector Gancedo and Tina Nieves put a specific

4    dollar figure -- $20,000.00 -- on the bonus money Plaintiff would receive from the Rezulin case

5    settlements and common benefit funds payouts.  Plaintiff did not receive this $20,000 bonus

6        20.    Defendants breached the oral, written, implied-in-fact agreement by failing to pay

7    Plaintiff his wages when those monies were due, during Plaintiff's employment with Defendants.

8        21.    Plaintiff has performed all conditions, covenants and promises which he was

9    required to perform in accordance with the terms and conditions of the subject oral, written,

10   implied-in-fact agreement between Plaintiff and Defendants.

11       22.    As a direct and proximate result of the breach of said agreements by Defendants,

12   Plaintiff has suffered general damages for mental and emotional distress, along with special

13   damages, in a sum according to proof, but which amount exceeds the jurisdictional minimum of

14   this Court, with interest thereon at the maximum legal rate.

15

16                        SECOND CAUSE OF ACTION

17   FAILURE TO PAY EARNED WAGES (CAL. LABOR CODE §§ 204, 206, 218.5, and

18                                218.6)

19                        (Against All Defendants)

20       23.    Plaintiff incorporates by reference paragraphs 1 through 22, inclusive, of this

21   Complaint as if fully set forth at this place.

22       24.    Defendants employed Plaintiff between May 2003 and April 2007, but

23   Defendants failed and refused to pay Plaintiff the wages that he earned working for them during

24   this period, as required by the California Employment Laws and Regulations.

25       25.    Plaintiff has been deprived of his rightfully earned wages as a direct and

26   proximate result of Defendants' failure and refusal to pay said compensation.  Plaintiff is entitled

27   to recover such amounts, plus interest thereon, attorneys' fees and costs

28   ///

Law Offices of Joseph M. Lovretovich

5850 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(818) 610-8800

                                6
                            COMPLAINT

Law Offices of Joseph M. Lovretovich
5850 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(818) 610-8800

## THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION (CAL. LABOR CODE § 1194)

#### (Against All Defendants)

26.     Plaintiff incorporates by reference paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth at this place.

27.     Defendants encouraged Plaintiff to work more than eight hours a day, forty hours per work week, but Defendants failed and refused to pay Plaintiff the overtime compensation required by the California Employment Laws and Regulations

28.     Plaintiff has been deprived of his rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

29.     Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to California Labor Code § 558 and other applicable provisions of the California Employment Laws and Regulations.

## FOURTH CAUSE OF ACTION

### WAITING TIME PENALTIES (CAL. LABOR CODE §§ 201-203)

#### (Against All Defendants)

30.     Plaintiff incorporates by reference paragraphs 1 through 29, inclusive, of this Complaint as if fully set forth at this place.

31.     Defendants failed to immediately pay Plaintiff accrued wages, accrued vacation days, accrued sick days, and other compensation due to him upon his resignation, as required by California Labor Code §§ 201-203.

32.     Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to California Labor Code §§ 203 and 558, and other applicable provisions of the California Employment Laws and Regulations.

///

///

## FIFTH CAUSE OF ACTION

### CONVERSION IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 3294 AND 3336

#### (Against All Defendants)

33.     Plaintiff incorporates by reference paragraphs 1 through 32, inclusive, of this Complaint as if fully set forth at this place.

34.     By and through the conduct described above, Plaintiff has been deprived of his right to be paid wages earned by virtue of his employment with Defendants, in accordance with the requirements of Sections 200, 204, 206, 210, 218.5, and 218.6 of the California Labor Code.

35.     Pursuant to statute, including but not limited to the Cal. Labor Code and the Cal. Penal Code, it is a violation of law to fail to pay earned wages on the next payday after they are earned.

36.     From that payday forward, pursuant to Cal. Labor Code §216, it is a misdemeanor for the employer to keep the wages and not pay them to the employee. On the next payday after the wages are earned, they become the property of the employee as a matter of law. On that date, the amount is specific and certain based on, as here, an agreement between the parties.

37.     By failing to pay the wages on that payday and retaining the sums earned by the employee, the employer has thereby wrongfully exercised dominion over the property of Plaintiff. Further, once the employer thereafter applied the money to its own use, the conversion was complete.

38.     By failing to pay the earned wages when due, and retaining the monies for its own use, Defendants has converted the property of Plaintiff. Plaintiff, by the acts and omissions of Defendant, has been denied the possession, use, and enjoyment of said monies and has been damaged in an amount according to proof. Additionally, Plaintiff has been required to expend time and money recovering the converted funds and therefore is entitled to be compensated for these efforts.

39.     Plaintiff further alleges that Defendants intentionally and/or negligently failed to make payment to Plaintiff. In failing to pay these monies to Plaintiff, and retaining these monies for its own use, Defendants has acted with malice, oppression, and/or conscious disregard for the

8
COMPLAINT

Law Offices of Joseph M. Lovretovich

5850 Canoga Ave  Suite 315
Woodland Hills, CA 91367
(818) 610-8800

1  statutory rights of the Plaintiff. Such conduct was wrongful and intentional, and given the

2  number of other victims and the number of times this conduct has occurred, justifies the

3  awarding to Plaintiff of punitive damages pursuant to Civil Code §§3294 et seq.. Such award

4  will serve to punish Defendants and set an example to other companies who may also be in

5  violation of such statutes and wage orders.

6

7  ### SIXTH CAUSE OF ACTION

8  ### PROMISSORY FRAUD AND MISREPRESENTATION

9  #### (Against All Defendants)

10      40.    Plaintiff incorporates by reference paragraphs 1 through 39, inclusive, of this

11  Complaint as if fully set forth at this place.

12      41.    During the course of Plaintiff's employment with Defendants, Defendants

13  promised Plaintiff substantial bonuses as part of his wages. Defendants also promised Plaintiff

14  additional wages as participation in an employee profit sharing plan.

15      42.    At the time that Defendants made the above-referenced representations to

16  Plaintiff, Defendants knew them to be false. Defendants had no intent to pay Plaintiff his

17  promised wages.

18      43.    In reliance on the representations made to Plaintiff, Plaintiff continued working

19  under the employment of Defendants, foregoing employment opportunities elsewhere.

20      44.    At the time the representations were made to Plaintiff, he believed them to be

21  true.

22      45.    By reason of Defendant's misrepresentations and as a result of those

23  misrepresentations, Plaintiff has suffered damages in an amount to be proven at the time of trial

24  within the jurisdictional limits of this Court.

25  ///

26  ///

27  ///

28  ///

*Law Offices of Joseph M. Lovretovich*
*5850 Canoga Ave. Suite 315*
*Woodland Hills, CA 91367*
*(818) 610-8800*

9
COMPLAINT

## SEVENTH CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

#### (Against All Defendants)

46.     Plaintiff incorporates by reference paragraphs 1 through 45, inclusive, of this Complaint as if fully set forth at this place.

47.     During the course of Plaintiff's employment with Defendants, Defendants negligently misrepresented to Plaintiff that he would receive substantial bonuses as part of his wages. Defendants also promised Plaintiff additional wages as participation in an employee profit sharing plan.

48.     At the time these negligent representations were made by Defendants to Plaintiff, Defendants' had no reasonable ground for believing them to be true.

49.     Defendants made those representations in order to induce Plaintiff to continue working under the employment of Defendants, foregoing employment opportunities elsewhere.

50.     At the time these representations were made, Plaintiff was ignorant of their falsity, but believed them to be true.

51.     In reliance on the representations made to Plaintiff, Plaintiff continued working under the employment of Defendants, foregoing employment opportunities elsewhere. Plaintiff was justified in relying upon Defendants' representations.

52.     As a proximate result of Defendants' negligent misrepresentations made to Plaintiff, Plaintiff has been damaged in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

#### (Against All Defendants)

53.     Plaintiff incorporates by reference paragraphs 1 through 52, inclusive, of this Complaint as if fully set forth at this place.

///

Law Offices of Joseph M. Lovretovich
5050 Canoga Ave. Suite 316
Woodland Hills, CA 91367
(818) 610-8800

54.     Plaintiff hereby brings a claim for Unfair Business Practices against Defendants pursuant to California Business and Professions Code §§ 17200, et seq. The conduct of these Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

55.     California Business and Professions Code §§ 17200, et seq., prohibit unlawful and unfair business practices.  Plaintiff is a "person" within the meaning of California Business and Professions Code §17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable remedies.

56.     Whistleblower laws express fundamental public policies. California Labor Code § 1102.5(c). California Labor Code § 90.5(a) articulates the public policies of this state to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

57.     Through the conduct alleged in this Complaint, each of these Defendants has acted contrary to these public policies, has violated specific provisions of the California Labor Code, and has engaged in other unlawful and unfair business practices in violation of California Business and Profession Code §§ 17200 et seq., depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees under the law.

58.     Each of these Defendants' conduct, as alleged hereinabove, constituted unfair competition in violation of sections 17200, et seq.

59.     Defendants, by engaging in the conduct herein alleged, by failing to pay Plaintiff earned wages and overtime compensation, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.

60.     As a proximate result of the above mentioned acts of these Defendants, Plaintiff is entitled to restitution for all of Defendants' ill-gotten gains.

///

Law Offices of Joseph M. Lovretovich
5850 Canoga Ave., Suite 315
Woodland Hills, CA 91367
(818) 610-8800

11
COMPLAINT

1    61.    Unless restrained by this Court, these Defendants will continue to engage in the

2  unlawful conduct as alleged above.  Pursuant to the California Business and Professions Code,

3  this Court should make such orders or judgments, including the appointment of a receiver, as

4  may be necessary to prevent the use or employment, by these Defendants, their agents or

5  employees, of any unlawful or deceptive business practice, disgorgement of profits which may

6  be necessary to restore to Plaintiff and Defendants' clients the money these Defendants have

7  unlawfully failed to pay them.

8    62.    Plaintiff further seeks attorney's fees pursuant to California Code of Civil

9  Procedure § 1021.5.

10

11  **WHEREFORE, Plaintiff prays for judgment as follows:**

12    1.    For general damages, according to proof;

13    2.    For special damages, according to proof;

14    3.    For loss of earnings, according to proof;

15    4.    For attorneys' fees, according to proof;

16    5.    For prejudgment interest, according to proof;

17    6.    For punitive and exemplary damages, according to proof;

18    7.    For costs of suit incurred herein; and

19    8.    For such other relief and the Court may deem just and proper.

20

21  DATED:    December 4, 2007        LAW OFFICES OF JOSEPH M. LOVRETOVICH

22

23

24    By: _____

25        JOSEPH M. LOVRETOVICH

26        NICHOLAS W. SARRIS

27        PAUL J. KANG

28        Attorneys for Plaintiff Christopher Taylor

12

COMPLAINT

Law Offices of Joseph M. Lovretovich

5950 Canoga Ave. Suite 315
Woodland Hills, CA 91367
(810) 610-8800

**FILED**

LOS ANGELES SUPERIOR COURT

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICE OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307                          DEC 06 2007
   El Segundo, California 90245
3  Telephone: (310) 322-1696                     JOHN A. CLARKE, CLERK
   Facsimile : (310) 322-3039
4                                                 BY MARY GARCIA, DEPUTY

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   **ATTORNEY AT LAW**
6  3460 Ocean View Boulevard, Suite F
   Glendale, California 91208                   Case assigned to $D72$
7  Telephone: (818) 265-0525                    Judge Ruth Annkwan
   Facsimile : (818) 249-2788
8

9  Attorneys for Plaintiff

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12            **FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

13                                            BC381857

14  NUTTHA BUNYARANGKA,            )    CASE NO.
                                   )
15                                 )
              Plaintiff,           )    **COMPLAINT FOR DAMAGES:**
16                                 )
          vs.                      )    FAILURE TO PAY OVERTIME
17                                 )    AND MINIMUM WAGE
                                   )    COMPENSATION
18  JAMES FORTUNE, an individual; LETS  )  (*Labor Code* Section 1194);
    RELAX, a business entity; and DOES 1  )
19  through 100, inclusive,        )
                                   )
20                                 )
              Defendants.          )
21  ──────────────────────────────)

22

23         Plaintiff Nuttha Bunyarangka alleges as follows:

24  ///

25  ///

26  ///

27  ///

28  ///

                              -1-
                          C o m p l a i n t

## PRELIMINARY ALLEGATIONS

1.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendant JAMES FORTUNE (by that, or with variations on said name, or under various aliases) is and was an individual who regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

2.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein, defendants and each of them, including defendant JAMES FORTUNE, utilizes and does business under the names of LETS RELAX (by that, or with variations on said name), and that under that name, was a business entity, the precise form of is unknown, which regularly conducts business in the State of California, County of Los Angeles, and was an employer of Plaintiff.

3.     Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of the DOE defendants, and each of them. Plaintiffs are informed and believe and thereupon allege that each of the defendants designated herein as a DOE was an employer of Plaintiffs or otherwise liable to Plaintiffs under applicable law. Whenever in this complaint reference is made to "Defendants and each of them," such allegations shall be deemed to mean acts of defendants acting individually, jointly, or severally, or all or any combination of them.

4.     Plaintiff is informed and believes and thereupon alleges that defendants, and each of them, engaged in a pattern and practice of utilizing other names, entities, or other vehicles to accomplish violations of law, and that there exists, and at all times relevant to this complaint there existed a unity of interest and ownership between any such persons, entities, or vehicles and the named defendants such that any individuality and separateness between said defendants has ceased.

5.     Plaintiff is informed and believes and thereupon alleges that at all times mentioned herein in this complaint, the defendants, and each of them, including DOES 1 through 100, inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-defendant, and that each defendant was acting within the course, scope and authority of said agency, employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized, ratified, and/or approved the acts of the remaining defendants.

## FIRST CAUSE OF ACTION

### FOR WAGE AND HOUR VIOLATIONS

### (LABOR CODE SECTION 1194)

### (PLAINTIFF AGAINST ALL DEFENDANTS)

6.    Plaintiff re-alleges and incorporates herein by this reference each of the preceding paragraphs.

7.    Beginning approximately September, 2005, and continuing to about November 5, 2007, Plaintiff Nuttha Bunyarangka was employed by defendants, and each of them.

8.    During her employment, Plaintiff was not properly compensated for all hours which she worked for defendants, and each of them.

9.    Pursuant to the provisions of the California Labor Code, including Labor Code Sections 510 and 1194, and regulations adopted by the California Department of Industrial Relations, Plaintiff has the right to be paid properly for every hour of labor.

10.    In violation of such laws and regulations, defendants, and each of them failed to pay Plaintiff all minimum wage and overtime owed in an amount believed to exceed $45,000.00.

11.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

(A)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the termination of her employment all accrued but unpaid wages for all hours labored, including overtime compensation. Because defendants, and each of them failed to pay such wages, Plaintiff Nuttha Bunyarangka is entitled to continuing wages set forth in *Labor Code* Section 203 in an amount estimated to be $3,000.00.

(B)    Defendants, and each of them, were obligated under *Labor Code* Section 226 and regulations of the Industrial Welfare Commission of the State of California, to keep accurate records of Plaintiff's hours of labor, and to prepare and submit to Plaintiff at least twice per month an itemized statement accurately showing the total hours worked by Plaintiff. Defendants, and each of them, failed to keep accurate records of Plaintiff's hours of labor, and

-3-

Complaint

1  further failed to timely provide accurate itemized wage statements as required

2  by such statute.  Accordingly, Plaintiff Nuttha Bunyarangka is entitled to

3  damages pursuant to *Labor Code* Section 226 in the maximum amount of

4  $4,000.00.

5      (C)  Pursuant to the applicable wage order of the Industrial Welfare Commission,

6  Plaintiff is entitled to receive all other compensation permitted by law,

7  including for expenses incurred but not reimbursed by the employer, split

8  shift differentials and meal and rest periods during the course of her

9  employment.

10  12.  In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

11  to be proved at trial.

12  13.  In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

13  specifically demanded, in an amount to be proved according to law.

14  14.  In addition, Plaintiff is entitled to costs of suit.

15  **PRAYER**

16  WHEREFORE, Plaintiff prays judgment be entered in her favor and against defendants and

17  each of them as follows:

18      1.  For unpaid minimum wage and overtime compensation in an amount

19  exceeding $45,000.00, and subject to more precise proof at the time of trial;

20      2.  For continuing wages pursuant to *Labor Code* Section 203 in the amount of

21  at least $3,000.00, and more precisely according to proof;

22      3.  For damages pursuant to *Labor Code* Section 226 in the amount of a

23  maximum of $4,000.00, and more precisely according to proof;

24      4.  For compensation for meal and rest periods not received according to law in

25  an amount to be proved at trial;

26      5.  For prejudgment interest;

27      6.  For costs of suit, including attorney's fees, according to proof; and

28      7.  For such other and further relief as the Court may deem appropriate.

-4-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted:

LAW OFFICES OF ROBERT R. RONNE, APC

BY:     ROBERT R. RONNE,
Attorney for Plaintiff
Nuttha Bunyarangka

-5-
Complaint

12/06/2007  17:33  8054260927                STEVENKPERRIN ESQ                    PAGE  10

9/605

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 07 2007

JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

"BY FAX"

STEVEN K. PERRIN,  BAR NO. 144539
LAW OFFICES OF STEVEN K. PERRIN
101 Moody Court, Suite 210
Thousand Oaks, California 91360
Telephone: (805) 449-1121
Facsimile:  (805) 426-0927

Attorneys for: Plaintiff Ryan Spaeth

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

RC381897

Ryan Spaeth,

         Plaintiff,

    vs.

Shelly Ward Enterprises, a California
Corporation, Pursuit Systems, Inc. a
California Corporation and DOES 1-10
inclusive

         Defendants.

Case No. :

**COMPLAINT FOR DAMGES:**
1. **Unpaid wages and overtime;**
2. **Missed Meal and Rest**
   **Periods; and**
3. **Unfair Business Practices**

"BY FAX"

    Plaintiff Ryan Spaeth hereby alleges against Defendants Shelley Ward
Enterprises, a California Corporation, Pursuit Systems, a California Corporation, and
DOES 1-10, inclusive as follows:

    1. At all times mentioned herein, Defendants Shelly Ward Enterprises, a
California Corporation and Pursuit Systems, Inc., a California Corporation, were
conducting business in Los Angeles County, California.

    2. The true names and capacities of defendants named herein as DOES 1
through 10 inclusive, whether individual, corporate, associate or otherwise, are

-1-

COMPLAINT FOR DAMAGES

1  presently unknown to Plaintiff who therefore sues such defendants under fictitious

2  names pursuant to California Code of Civil Procedure section 474. Plaintiff is

3  informed and believes, and thereon alleges, that these Defendants. DOES 1 through

4  10, are in some manner or capacity and to some degree, legally responsible and

5  liable for the wrongs of which Plaintiff complains. Plaintiff will amend his complaint to

6  allege the true names and capacities of these DOE defendants once they are

7  ascertained. On information and belief, plaintiff makes all allegations contained in

8  this complaint against all defendants, including DOES 1 through 10, inclusive.

9      3.  At all times herein mentioned, each defendant was an agent, servant,

10  employee and/or joint venturer of each of the remaining defendants, and was at all

11  times acting within the course and scope of such agency, service, employment,

12  and/or joint venture, and each defendant has ratified, approved, and/or authorized

13  the acts of the remaining defendants with full knowledge of said acts.

14                          FIRST CAUSE OF ACTION

15                  (Failure to Pay Overtime Against All Defendants)

16      4.  Plaintiff realleges and incorporates Paragraphs 1 through 3 of this complaint

17  as though expressly set forth herein.

18      5.  California Labor Code section 510 defines a day's work as eight hours and

19  further provides that any work in excess of eight hours in one workday and any work

20  in excess of forty hours in any one workweek must be compensated at the rate of no

21  less than one and one-half times the regular rate of pay. Plaintiff was employed with

22  Defendants and each of them between approximately January, 2002 until

23  approximately August 12, 2007.

24      6.  Plaintiff and others similarly situated worked in excess of eight hours in one

25  day and/or 40 hours per week throughout their employment.

26      7.  As a uniform practice, Defendants failed to keep an accurate record of the

27  hours worked by its employees as required by California Wage Orders.

28

                                    -2-

8.    Defendants owe Plaintiff the overtime wages according to proof at time of trial. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that the Plaintiff did not qualify as an exempt employee and purposely elected not to pay him for his overtime labor. Plaintiff therefore requests overtime compensation for the entirety of his employment according to proof, penalty wages, attorneys' fees and costs pursuant to California Labor Code section 1194 as well as the assessment of any other statutory penalties, including waiting time penalties, against Defendants and each of them .

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code section 226.7)

9.  Plaintiff realleges and incorporates Paragraphs 1 through 8 of this complaint as though expressly set forth therein.

10.    Defendant, throughout Plaintiffs employment, failed to provide him with the required meal and rest breaks as mandated by Labor Code section 226.7. Accordingly, Plaintiff was deprived of the required meal breaks during his employment so that he is entitled to an additional hour of pay for each violation, in an amount to be proven at trial, plus interest thereon and statutory penalties, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Violation of Business and Professions Code sections 17200 and 17203)

11.  Plaintiff realleges and incorporates Paragraphs 1 through 10 of this complaint as through expressly set forth herein.

12.    Since January, 2002, Defendants have engaged and continue to engage in unfair and/or unlawful business acts and practices in violation of California Business and Professions Code sections 17200 and 17203. These acts and practices constitute a continuing and ongoing unfair and/or unlawful business activity defined by Business and Professions Code section 17200, and justify the issuance of an

-3-

12/06/2007  17:33  8854268927                STEVENKPERRIN ESQ                    PAGE  13

1 | Injunction, restitution and other equitable relief pursuant to Business and
2 | Professions Code section 17203.

3 |     13.  Defendants have failed to pay Plaintiff overtime wages and other benefits in
4 | violation of Labor Code section 200 et. seq., Labor Code section 500 et. seq., Labor
5 | Code secton 1100 et..seq., the California Code of Regulations and the guidelines
6 | set forth by the IWC, including meal and rest periods.

7 |     14.  The conduct of Defendants is inimical to the public welfare since it
8 | transgresses civil statutes of this state designed to protect workers from exploitation.

9 |     15.  Defendant's conduct in misclassifying Plaintiff and failing to pay overtime
10 | and provide meal and rest breaks was unfair within the meaning of Section 17200
11 | because it was against established public policy and has been pursued to attain an
12 | unjustified monetary advantage by creating personal disadvantage and hardship to
13 | its employees.

14 |     16.  By and through its unfair and/or unlawful business practices and acts
15 | described herein; Defendant has obtained valuable services from Plaintiff and all
16 | persons similarly situated and has deprived Plaintiff of valuable rights and benefits
17 | guaranteed by law, all to his detriment.

18 |     17.  Plaintiff is entitled to and does seek such relief as may be necessary to ·
19 | restore to him the money and property which Defendants have acquired and/or
20 | which Plaintiff has been deprived by means of the herein described unfair and/or
21 | unlawful business practices.

22 |     18.  Plaintiff is entitled to a further declaration that the above described
23 | business practices are unfair and unlawful, and injunctive relief restraining
24 | Defendant from engaging in any of the herein described unfair and/or unlawful
25 | business practices at all times in the future.

26

27

28

COMPLAINT FOR DAMAGES

1    WHEREFORE, Plaintiff demands judgment against Defendants Shelly Ward

2  Enterprises, a California Corporation, Pursuit Systems, Inc., a California Corporation

3  and DOES 1 through 10, inclusive as follows:

FIRST CAUSE OF ACTION

4

5    1.   For overtime compensation pursuant to California Labor Code section 1194;

6    2.   For waiting time penalties;

7    3.   For interest at the maximum rate allowed by law;

8    4.   For costs, including reasonable attorneys' fees;

9    5.   For such other and further relief as this court deems just and proper.

SECOND CAUSE OF ACTION

10

11   6.   For wages pursuant to California Labor Code section 226.7

12   7.   For waiting time penalties;

13   8.   For interest at the maximum rate allowed by law;

14   9.   For costs including reasonable attorneys' fees;

15   10.  For such other and further relief as this court deems just and proper.

THIRD CAUSE OF ACTION

16

17   11.  For general and special damages according to proof of at time of trial;

18   12.  For a declaration that the actions of Defendants and each of them with

19       respect to failing to pay overtime and withholding meal and rest periods is

20       an unlawful business practice;

21   13.  For interest at the maximum rate allowed by law;

22   14.  For costs of suit incurred herein;

23   15.  For such other and further relief as the court deems just and proper.

24                              LAW OFFICES OF STEVEN K. PERRIN

25

26   Date: December 5, 2007.          By_____
                                        Steven K. Perrin, Attorneys for Plaintiff
27                                      Ryan Spaeth

28

-5-
COMPLAINT FOR DAMAGES

.

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 1 3 2007

Edward J. Chong, ESQ. (SBN 201409)
Law Offices of Edward J. Chong and Associates, Inc.
3325 Wilshire Boulevard, Suite 1250
Los Angeles, California 90010
TEL: (213) 386 - 1990
FAX: (213) 386 - 1800

D-58

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

Attorney for Plaintiff

Case assigned to Rolf M. Treu
Judge

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

BC382336

TINA CHO,

      Plaintiff,

      vs.

NANCY KIM, an individual; NANCY KIM
DBA NANCY KIM, M.D., OB-GYN; and
DOES 1 through 100, inclusive,

      Defendants.

Case No.:

COMPLAINT FOR:

1.  **UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION (LABOR CODE §§ 510, 1194; IWC ORDER 7 § 3);**

2.  **FAILURE TO PROVIDE REQUIRED MEAL PERIODS (LABOR CODE §§ 226.7, 512, IWC ORDER 7 § 11);**

3.  **FAILURE TO PROVIDE REQUIRED REST PERIODS (LABOR CODE § 226.7; IWC ORDER 7 § 12);**

4.  **FAILURE TO MAINTAIN REQUIRED RECORDS (LABOR CODE § 226, 1174; IWC ORDER 7 § 7);**

5.  **FAILURE TO PAY ALL EARNED WAGES UPON SEPARATION (LABOR CODE § 203);**

6.  **UNFAIR BUSINESS PRACTICES, BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.**

Comes now **PLAINTIFF, TINA CHO,** who complains and alleges as follows:

### INTRODUCTION

1. From about June 1, 2005 to June 16, 2007, DEFENDANTS, NANCY KIM, NANCY KIM DBA NANCY KIM, M.D., OB-GYN, and DOES 1 through 100, inclusive, employed PLAINTIFF, TINA CHO, as a medical assistant in their medical practice in the city of Los Angeles. DEFENDANTS, NANCY KIM, NANCY KIM DBA NANCY KIM, M.D., OB-GYN, and DOES 1 through 100, inclusive, required PLAINTIFF, TINA CHO, to work long hours without paying overtime and minimum wage for all hours worked, providing meal and rest periods, maintaining the required records, and failing to pay all wages due upon separation. This is an action brought by PLAINTIFF, TINA CHO, against DEFENDANTS, NANCY KIM, NANCY KIM dba Nancy Kim, M.D., OB-GYN, and DOES 1 through 100, inclusive, alleging violations of various wage/hour provisions of the California Labor Code and Industrial Welfare Commission Wage Orders.

### VENUE AND JURISDICTION

2. Venue is proper in Los Angeles County because DEFENDANTS employed TINA CHO in the County of Los Angeles, and the acts complained of herein occurred in Los Angeles County.

3. The monetary damages sought by Plaintiff exceed $25,000, as set forth in the prayer for relief, and will be established according to proof at trial. Further, there is no federal question at issue as the complaint is based solely on California law and statutes including the IWC Wage Orders, Labor Code, Civil Code, and Code of Civil Procedure.

### GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES

4. Plaintiff, TINA CHO (hereinafter "TINA CHO"), is an individual who was employed by DEFENDANTS, NANCY KIM, NANCY KIM dba Nancy Kim, M.D., OB-GYN, and DOES 1 through 100, inclusive, in the State of California.

1    5.  TINA CHO is ignorant of the true names or capacity of the DEFENDANTS sued
2  herein under the fictitious names DOES 1 through 100, inclusive; and they are therefore sued pursuant
3  to Code of Civil Procedure § 474.  When their true names and capacity are ascertained, TINA CHO will
4  amend this complaint by inserting their true names and capacity herein.  TINA CHO is informed and
5  believes, and based thereon alleges, that DEFENDANTS DOE 1 through 100, inclusive, hereinafter
6  collectively referred to as "DOES," acted wrongfully, maliciously, intentionally and negligently; that
7  each is responsible in some manner for the events and happenings complained of herein; and that
8  injuries of TINA CHO, as alleged herein, were proximately caused by DEFENDANTS DOES, either
9  through said DEFENDANTS' own conduct or through the conduct of their agents and/or employees.
10    6.  TINA CHO is informed and believes, and based thereon alleges, that at all relevant
11  times, each of the DEFENDANTS, whether named or fictitiously named as DOE (hereinafter
12  collectively referred to as "DEFENDANTS"), was the merging entity, merged entity, subsidiary,
13  acquiring corporation, agent and/or employee of each of the remaining DEFENDANTS and, in doing
14  the things hereinafter alleged, was acting within the course and scope of such agency and/or
15  employment with the knowledge, advice, permission and consent of each other.
16    7.  Beginning on or about June 1, 2005 to June 16, 2007, TINA CHO was employed by
17  DEFENDANTS at DEFENDANTS' premises located in Los Angeles, California, in the County of Los
18  Angeles.
19    8.  TINA CHO was employed as a medical assistant by the DEFENDANTS and in such
20  capacity, TINA CHO performed duties that make her a non-exempt employee who is entitled to the
21  benefits and protections of the Labor Codes of the State of California, and to the existing and applicable
22  Industrial Welfare Commission Order 7-2001 (Title 8, California Code of Regulations §§ 11000,
23  11070).  At no time did TINA CHO work in a capacity or perform duties that would have made her
24  exempt from such provisions.
25    9.  Effective June 16, 2007, TINA CHO was terminated or laid off by DEFENDANTS.
26    10. TINA CHO worked for DEFENDANTS each week during the period from about
27
28

1    June 1, 2005 to June 16, 2007. During the period from about June 1, 2005 to June 16, 2007, TINA CHO

2    worked for DEFENDANTS on Mondays, Tuesdays, Wednesdays, Thursdays, Fridays, from

3    approximately 8:30 a.m. to 6:00 ~ 6:30 p.m. and Saturdays, from approximately 9:00 a.m. to 1:00 p.m.

4         11. During the period from about June 1, 2005 to August 31, 2005, TINA CHO received a

5    flat salary of $1,300.00 twice a month in total of $2,600.00 per month from DEFENDANTS. She was

6    paid by check.

7         12. During the period from about September 15, 2005 to up and until May 31, 2006, TINA

8    CHO received a flat salary of $1,400.00 twice a month in total of $2,800.00 per month from

9    DEFENDANTS. She was paid by check and partly in cash.

10        13. During the period from about June 15, 2006 to up and until June 15, 2007, TINA

11   CHO received a flat salary of $1,550.00 twice a month in total of $3,100.00 per month from

12   DEFENDANTS. She was paid by check and partly in cash.

13        14. TINA CHO is authorized to bring this action pursuant to California Labor Code §§

14   1194, 226, 203 and pursuant to the power vested in plaintiff to enforce the provisions of the California

15   Labor Code and the Industrial Welfare Commission (hereinafter "IWC") orders.

16        15. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

17   of California, and to the existing and applicable Industrial Welfare Commission Order 7 (Title 8,

18   California Code of Regulations § 11070).

19        16. TINA CHO is seeking damages for the Labor Code violations for the past two and a half

20   (2 ½) years prior to the filing of this complaint pursuant to Ca. Code. of Civ. Pro. §338(a).

21        17. As for the second and a half year prior to the filing of this complaint, TINA CHO would be

22   entitled to restitution and/or pay pursuant to Business and Professions Code § 17200 and *Cortez vs.*

23   *Purolator Air Filtration Products Co.* (2000) 23 Cal. 4th 163, 178.

24        18. TINA CHO has incurred, and during the pendency of this action will continue to

25   incur, expenses for attorney's fees and costs herein. TINA CHO requests that the court award attorney's

26   fees and costs in an amount according to proof pursuant to California Labor Code §1194(a).

27

28

COMPLAINT - 4

## FIRST CAUSE OF ACTION

## UNLAWFUL NONPAYMENT OF OVERTIME COMPENSATION

### Brought by PLAINTIFF against all DEFENDANTS

### (Labor Code §§ 200, 203, 218.6, 500, 510, 558, 1194, 1198, 1199; IWC ORDER 7 § 3(A)

### (Title 8 Cal. Code of Reg. § 11070)

19. TINA CHO refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

20. At all times herein mentioned, TINA CHO was employed by DEFENDANTS as a medical assistant. TINA CHO's position, therefore, does not fall within the professional, administrative, or executive exemptions.

21. At all times herein mentioned, DEFENDANTS were subject to the Labor Code of the State of California, and to the existing and applicable Industrial Welfare Commission 7 (Title 8, California Code of Regulation § 11070) which states that an employee such as TINA CHO shall not be employed more than eight hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek, however the "regular rate" cannot be less than the applicable minimum wage.

22. At all times herein mentioned, DEFENDANTS were subject to California Labor Code § 510 which states that "eight hours of labor constitutes a day's work. Any hours worked in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of any employee."

23. At all times herein mentioned, DEFENDANTS were subject to California Labor Code § 1198 which states that "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

COMPLAINT - 5

1  　　24. At all times herein mentioned, DEFENDANTS were subject to California Labor Code

2  §1199. Labor Code §1199 states "every employer… is guilty of a misdemeanor and is punishable by a

3  fine of not less than one hundred dollars or by imprisonment for not less than 30 days, or by both, who

4  does any of the following: (a) requires or causes an employee to work for longer hours than those fixed,

5  or under conditions of labor prohibited by an order of the commission."

6  　　25. Labor Code § 1194 permits an aggrieved employee to bring a private right of action for

7  failure to receive the legal overtime rate of pay.

8  　　26. TINA CHO was a non-exempt employee entitled to the protections of Industrial

9  Welfare Commission Order 7 (Title 8 of the California Code of Regulations § 11070), and California

10  Labor Code §§ 200, 500, 510, 1194, 1198 and 1199.

11  　　27. For the last two and a half (2 ½) years before the filing of this complaint, TINA CHO worked

12  more than 40 hours per workweek.

13  　　28. For the last two and a half (2 ½) years before the filing of this complaint, TINA CHO worked

14  more than 8 hours per day.

15  　　29. For the last two and a half (2 ½) years before the filing of this complaint, pursuant to Labor

16  Code § 510 and Title 8 of California Code of Regulations § 11070(3)(a), DEFENDANTS were required

17  to pay TINA CHO, overtime compensation, which is calculated at one and one-half (1 ½) times the

18  regular rate of pay for hours worked in excess of eight (8) hours per day and/or forty (40) hours per

19  week; and, for the first eight (8) hours on the seventh consecutive day of any work week, with double

20  time after twelve (12) hours in any single workday and/or after eight (8) hours on the seventh

21  consecutive day of any work week.

22  　　30. During the course of TINA CHO's employment, DEFENDANTS failed to

23  compensate her for overtime hours worked with premium overtime pay as required under the

24  aforementioned labor regulations.

25  　　31. Instead of making the required payments under the aforementioned wage orders and Labor

26  Code provisions, DEFENDANTS only paid TINA CHO a flat salary rate twice a month, that did not

27  take into consideration the number of hours worked or the number of overtime hours worked. There is

28  no law or wage order that permits DEFENDANTS to lawfully pay TINA CHO a flat salary rate twice a

1  month that does not compensate TINA CHO for all hours worked and all overtime hours worked at the

2  legally mandated rate of pay (the overtime premium rate).

3       32. Under the aforementioned wage orders, statutes, and regulations, TINA CHO is

4  entitled to one and one-half times and/or double her regular rate of pay for overtime work performed for

5  the last two and a half (2 ½) years prior to the filing of this complaint, based on appropriate calculations

6  of the total remuneration for each workweek, and the corresponding number of hours worked each day

7  and/or workweek.

8       33. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 200, 500, 510, 1194,

9  1198, and 1199, TINA CHO is entitled to recover the unpaid balance of overtime compensation, plus

10  interest, attorney's fees, and costs of suit pursuant to Labor Code § 1194.

11       34. TINA CHO seeks interest pursuant to Labor Code § 218.6. That code states that in

12  any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid

13  wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10

14  percent per annum], which shall accrue from the date that the wages were due and payable. TINA CHO

15  entitled to said interest.

16

17                          **SECOND CAUSE OF ACTION**

18       **FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED MEAL PERIODS**

19                    **Brought by PLAINTIFF against all DEFENDANTS**

20  **(Labor Code §§ 218.6, 226.7, 512, 1194; IWC Order 7 § 11 (Title 8 Cal. Code of Reg. § 11070))**

21       35. TINA CHO refers to and incorporates all of the paragraphs of this complaint as

22  though fully set forth herein.

23       36. At all times herein mentioned, TINA CHO was employed by DEFENDANTS as a

24  medical assistant. TINA CHO's position, therefore, does not fall within the professional, administrative,

25  or executive exemptions.

26       37. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

27  of California, and to the existing and applicable Industrial Welfare Commission Order 7 (Title 8,

28  California Code of Regulations § 11070).

1    38. Section 11 of Industrial Welfare Commission Order 7 required DEFENDANTS to give

2    TINA CHO meal breaks as follows: "No employer shall employ any person for a work period of more

3    than five (5) hours without a meal period of not less than thirty (30) minutes, except that when a work

4    period of not more than six (6) hours will complete the day's work the meal period may be waived by

5    mutual consent of employer and employee. Unless the employee is relieved of all duty during a thirty

6    (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as

7    time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an

8    employee from being relieved of all duty and when by written agreement between the parties an on-the-

9    job paid meal period is agreed to."

10    39. Section 11 of Industrial Welfare Commission Order 7 further states that "if an employer fails

11    to provide an employee a meal period in accordance with the applicable provisions of this Order, the

12    employer shall pay the employee one hour of pay at the employee's regular rate of compensation for

13    each work day that the meal period is not provided."

14    40. Labor Code § 512 also prohibits DEFENDANTS from employing TINA CHO for a

15    work period of more than five hours per day without providing TINA CHO with a meal period of not

16    less than 30 minutes.

17    41. For the last two and a half (2 ½) years prior to the filing of the complaint, DEFENDANTS

18    failed to comply with Section 11 of IWC Order 7-2001 and California Labor Code §512, by failing to

19    provide required meal periods to TINA CHO. That meal period was not waived by mutual consent of

20    the DEFENDANTS and TINA CHO. There is no applicable exemption that would permit

21    DEFENDANTS to fail or to refuse to provide TINA CHO with the required meal period.

22    42. DEFENDANTS further violated IWC Order 7 by failing to pay TINA CHO an

23    additional one hour of compensation at TINA CHO's regular rate of pay for each day that

24    DEFENDANTS failed to provide TINA CHO the required meal period for the last two and a half (2 ½)

25    years prior to the filing of this complaint. This compensation is owed and unpaid in an amount

26    according to proof at trial, plus interest thereon at the maximum legal rate from the dates such

27    compensation became due and payable, plus all appropriate penalties.

28    43. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any

1    employee to work during any meal period mandated by an applicable order of the Industrial Welfare
2    Commission. If an employer fails to provide an employee a meal period in accordance with an
3    applicable order of the IWC the employer shall pay the employee one additional hour of pay at the
4    employee's regular rate of pay for each work day that the meal period is not provided.

5        44. For the last two and a half (2 ½) years prior to the filing of this complaint, DEFENDANTS
6    failed to comply with Labor Code § 226.7 by failing to provide required meal periods to TINA CHO.
7    That meal period was not waived by mutual consent of the DEFENDANTS and TINA CHO. There is
8    no applicable exemption that would permit DEFENDANTS to fail or to refuse to provide TINA CHO
9    with the required meal period.

10        45. DEFENDANTS further violated Labor Code § 226.7 by failing to pay TINA CHO an
11    additional one hour of compensation at her regular rate of pay for each day that DEFENDANTS failed
12    to provide TINA CHO the required meal period for the last two and a half (2 ½) years prior to the filing
13    of this complaint. This compensation is owed and unpaid in an amount according to proof at trial, plus
14    interest thereon at the maximum legal rate from the dates such compensation became due and payable,
15    plus all appropriate penalties.

16        46. As DEFENDANTS' conduct alleged herein violates Labor Code §§ 226.7 and 512
17    TINA CHO is entitled to recover the unpaid compensation, pursuant to Labor Code § 218 and interest.
18    attorney's fees, and costs of suit pursuant to Labor Code § 1194.

19        47. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
20    Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b)
21    of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the date that
22    the wages were due and payable. TINA CHO is entitled to said interest.

23

24

25

26

27

28

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE EMPLOYEE WITH REQUIRED REST PERIODS

### Brought by PLAINTIFF against all DEFENDANTS

(Labor Code §§ 218.6, 226.7, 1194, IWC Order 7 § 12 (Title 8 Cal. Code of Reg. § 11070))

48. TINA CHO refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

49. At all times herein mentioned, TINA CHO was employed by DEFENDANTS as a medical assistant. TINA CHO's position, therefore, does not fall within the professional, administrative, or executive exemptions.

50. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State of California, and to the existing and applicable Industrial Welfare Commission Order 7 (Title 8, California Code of Regulations § 11070).

51. Section 12 of Industrial Welfare Commission Order 7 required DEFENDANTS to give TINA CHO rest periods as follows: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

52. For the last two and a half (2 ½) years prior to the filing of this complaint, DEFENDANTS failed to comply with Section 12 of IWC Order 7, by failing to provide required rest periods to TINA CHO. There is no applicable exemption that would permit DEFENDANTS to fail or to refuse to provide TINA CHO with the required rest period.

1   53. DEFENDANTS further violated IWC Order 7 by failing to pay TINA CHO an
2   additional one hour of compensation at her regular rate of pay for each day that DEFENDANTS failed
3   to provide her the required rest period. This compensation is owed and unpaid in an amount according
4   to proof at trial, plus interest thereon at the maximum legal rate from the dates such compensation
5   became due and payable, plus all appropriate penalties.

6   54. Effective January 1, 2001, Labor Code § 226.7 prohibits DEFENDANTS from requiring any
7   employee to work during any rest period mandated by an applicable order of the Industrial Welfare
8   Commission. If an employer fails to provide an employee a rest period in accordance with an applicable
9   order of the IWC the employer shall pay the employee one additional hour of pay at the employee's
10  regular rate of pay for each work day that the rest period is not provided.

11  55. DEFENDANTS violated Labor Code § 226.7 by failing to provide required rest periods to
12  TINA CHO for the last two and a half (2 ½) years prior to the filing of this complaint. The rest period
13  was not waived by mutual consent of DEFENDANTS and TINA CHO. There is no applicable
14  exemption that would permit DEFENDANTS to fail or to refuse to provide TINA CHO with the
15  required rest period.

16  56. DEFENDANTS further violated Labor Code § 226.7 by failing to pay TINA CHO an
17  additional one hour of compensation at TINA CHO's regular rate of pay for each day that
18  DEFENDANTS failed to provide her the required rest period for the last two and a half (2 ½) years prior
19  to the filing of this complaint. This compensation is owed and unpaid in an amount according to proof
20  at trial, plus interest thereon at the maximum legal rate from the dates such compensation became due
21  and payable, plus all appropriate penalties.

22  57. As DEFENDANTS' conduct alleged herein violates Labor Code § 226.7, TINA CHO
23  is entitled to recover the unpaid compensation. pursuant to Labor Code § 218 and interest. attorney's
24  fees, and costs of suit pursuant to Labor Code § 1194.

25  58. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the
26  Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b)
27  of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the date that
28  the wages were due and payable. TINA CHO is entitled to said interest.

# FOURTH CAUSE OF ACTION

## FAILURE TO MAINTAIN REQUIRED RECORDS

### Brought by PLAINTIFF against all DEFENDANTS

(Labor Code §§ 218.6, 226, 226(e), 226.3, 1174; IWC Order 7 § 7 (Title 8 Cal. Code of Reg. § 11070))

59. TINA CHO refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

60. At all times herein mentioned, TINA CHO was employed by DEFENDANTS as a medical assistant. TINA CHO's position, therefore, does not fall within the professional, administrative, or executive exemptions.

61. Labor Code § 226 requires DEFENDANTS, at the time of each payment of wages, to furnish each employee an accurate, itemized statement, in writing, showing gross wages earned, total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the IWC, all deductions, net wages earned, the inclusive dates of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The DEFENDANTS are required to keep a copy of the statement or a record of the deductions shall be kept on file for at least three years at the place of employment or at a central location within the State of California.

62. Labor Code § 226(e) states that "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

63. When construing "willful" in the context of wage and hour labor code violations, Courts have held that the term willful means "the employer 'intentionally failed or refused to perform an act which was required to be done'... It does not mean that the employer's refusal to pay wages must

1   necessarily be based on a deliberate evil purpose to defraud workers for wages which the employer

2   knows to be due." (*Road Sprinkler Fitters Local Union No. 669 vs. G & G Fire Sprinkles, Inc.* (2002)

3   102 Cal.App. 4th 765, 781.)

4        64. Labor Code § 226.3 provide for a civil penalty against an employer who violates subdivision

5   (a) of Section 226 in the amount of $250 per employee per violation for the initial citation and $1,000

6   per employee for each violation in a subsequent citation. The civil penalties are in addition to any other

7   penalty provided by law.

8        65. Labor Code § 1174 requires every person employing labor in the State of California to keep

9   payroll records showing the hours worked daily by and the wage paid to each employee.

10        66. Industrial Welfare Commission Order 7 § 7 (Title 8, California Code of Regulation §

11   11070), in addition to language similar to Labor Code § 226, expressly mandates that the employer keep

12   "Time records showing when the employee begins and ends each work period. Meal periods, split shift

13   intervals and total daily hours worked shall also be recorded."

14        67. For the last two and a half (2 ½) years prior to the filing of this complaint, DEFENDANTS

15   failed to comply with Labor Code §§ 226,1174, and IWC Order 7 § 7, by failing to maintain records

16   which employers are required to maintain, including, but not limited to, records of meal periods, total

17   hours worked, and all applicable hourly rates in effect during the pay period and the corresponding

18   number of hours worked at each hourly rate by the employee.

19        68. TINA CHO alleges that DEFENDANTS "knowingly and intentionally" failed to

20   provide TINA CHO with a copy of an itemized statement, which states the total number of hours

21   worked because DEFENDANTS paid TINA CHO in part by cash.

22        69. Although DEFENDANTS paid TINA CHO with checks for some of the hours

23   TINA CHO worked, they failed to provide TINA CHO with checks and check stubs for all the hours

24   that TINA CHO worked. They paid TINA CHO in cash for any hours in excess of 18 hours worked.

25   However, they did not pay TINA CHO the overtime premium rate for the overtime hours worked.

26        70. As a result of the failure to keep the required records, DEFENDANTS are subject to the

27   penalties set forth in Labor Code §§ 226(e), and 226.3.

28

1    71. TINA CHO seeks an award of reasonable attorney's fees and costs pursuant to Labor

2    Code § 226(e).

3    72. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the

4    Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b)

5    of Section 3289 of the Civil Code currently 10 percent per annum], which shall accrue from the date that

6    the wages were due and payable. TINA CHO is entitled to said interest.

7

8                                    FIFTH CAUSE OF ACTION

9                          FAILURE TO PAY WAGES UPON SEPARATION

10                         Brought by PLAINTIFF against all DEFENDANTS

11                              (Labor Code §§ 203, 218.6, 1194)

12    73. TINA CHO refers to and incorporates all of the paragraphs of this complaint as

13    though fully set forth herein.

14    74. At all times herein mentioned, DEFENDANTS were subject to the Labor Codes of the State

15    of California, and to the existing and applicable IWC Order 7-2001 (Title 8, California Code of

16    Regulations §§ 11000. 11070).

17    75. Labor Code §§ 201 and 202 require that an employer pay all wages due to an employee after

18    said employee is discharged or quits.

19    76. Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

20    employee who is discharged or quits. This penalty consists of an amount equal to the sum of the

21    employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount not

22    to exceed thirty (30) days (Mamika v. Barca, 68 Cal.App.4th 487, 80 Cal.Rptr.2d 175 (1998)).

23    77. When construing "willful" in the context of wage and hour labor code violations, Courts

24    have held that the term willful means "the employer 'intentionally failed or refused to perform an act

25    which was required to be done.'... It does not mean that the employer's refusal to pay wages must

26    necessarily be based on a deliberate evil purpose to defraud workers for wages which the employer

27    knows to be due." (*Road Sprinklers Fitters Local Union No. 669 vs. G & G Fire Sprinklers, Inc.* (2002)

28    102 Cal.App. 4th 765, 781).

78. DEFENDANTS failed to pay TINA CHO on June 16, 2007 for all wages and earned compensation due by failing to pay TINA CHO for all hours worked, failing to pay overtime wages, failing to pay the minimum wage, and failing to compensate for meal and rest periods that were not permitted as alleged herein. DEFENDANTS continue to fail to pay TINA CHO the overtime wages, minimum wages, and compensation owed for meal and rest periods that were not permitted.

79. DEFENDANTS' failure to pay wages as alleged was willful in that DEFENDANTS refused to pay said amounts knowing that TINA CHO had worked overtime without being compensated for such overtime and knowing that TINA CHO was not being paid for the rest and meal breaks she did not receive. As a consequence, TINA CHO is entitled to penalties under Labor Code Section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to 30 days from the time they were due, whichever period is shorter.

80. DEFENDANTS failed to pay TINA CHO the alleged amounts of unpaid wages on June 16, 2007 and have continued to fail to pay those sums for over 30 days. Pursuant to the provisions of Labor Code Section 203, TINA CHO is entitled to a waiting time penalty, which is plaintiff's daily rate, as of June 16, 2007, multiplied by 30 days. These penalties are owed and unpaid.

81. The penalties set forth in Labor Code § 203 may be pursued through this action.

82. TINA CHO is entitled to attorney's fees, expenses, and costs of suit pursuant to Labor Code §1194(a) for bringing this action.

83. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages were due and payable]. TINA CHO is entitled to said interest.

## SIXTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

### Brought by PLAINTIFF against ALL DEFENDANTS

### (Bus. and Prof. Code § 17200, Et seq.)

84. TINA CHO refers to and incorporates all of the paragraphs of this complaint as though fully set forth herein.

85. TINA CHO is suing DEFENDANTS pursuant to Business and Professions Code §§ 17200, et seq.

86. If any employer acquires money to be paid by means of an unlawful practice, that constitutes unfair competition under Business and Professions Code § 17200 (Cortez v. Purolator Air Filtration Products Co., (2000) 23 Cal. 4th 163, 167j).

87. By violating the statutes and regulations as alleged herein, TINA CHO is alleging that DEFENDANTS' acts constitute unlawful and unfair business practices under California Business and Professions Code §§ 17200, et seq. For the last two and a half (2 ½) years prior to the filing of this complaint, DEFENDANTS violated and continues to violate the law, as expressed in Labor Code §§ 200, 203, 221, 226, 226.7, 500, 510, 512, 1174, 1194, 1197, 1198; IWC 7 §§ 2, 3, 4, 7, 11, 12 (Title 8 Cal. Code of Reg. § 11070); Ralph's Grocery Co. v. The Superior Court (Los Angeles) (2003) 112 Cal. App. 4th 1090; 5 Cal. Rptr. 3d 687 (2nd App. Dist.), and Business & Professions Code §§ 17200, et seq. In other words, TINA CHO contends that by failing to properly pay wages, properly pay overtime wages, properly pay minimum wage, provide meal periods, provide rest periods, failing to keep proper records, and other violations alleged herein, DEFENDANTS violated Business & Professions Code §§ 17200, et. seq.

88. DEFENDANTS' violations of the statutes and regulations as alleged herein are business practices done repeatedly over a significant period of time, in California, and in a systematic manner to the detriment of TINA CHO.

89. The harm to TINA CHO outweighs any utility of DEFENDANTS' policies and practices, as alleged herein, and consequently constitute unfair business acts or practices within the meaning of Business and Professions Code §§ 17200, et seq.

90. As a direct and proximate result of the aforementioned acts by DEFENDANTS, DEFENDANTS wrongfully retained and continues to retain funds earned by TINA CHO, according to proof at the time of trial.

91. The unfair and unlawful business acts and practices described herein present a continuing threat to TINA CHO and the California general public. TINA CHO is informed and believes and on such basis alleges that DEFENDANTS have engaged in such practices over a number of years and have failed to indicate, in any way, that they plan to cease such activities any time in the future.

92. For the past two and a half (2 ½) years prior to the filing of this complaint. TINA CHO has suffered and requests back pay and/or restitution of all monies and profits from DEFENDANTS in an amount according to proof at time of trial, but in excess of the Court's jurisdiction requirement, generally, including all awardable amounts. is over $25,000.

93. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable powers of this court, DEFENDANTS should be preliminarily and permanently enjoined from their unfair and unlawful business acts and practices.

94. Pursuant to Business and Professions Code §§ 17200, et seq., and pursuant to the equitable powers of this court, DEFENDANTS should be ordered to restore to TINA CHO all funds DEFENDANTS retained by means of the unfair and unlawful business acts and practices alleged herein.

95. TINA CHO also seeks interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956 and costs of suit pursuant to Cal. Code of Civ. Pro. § 1032.

96. Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the Court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of section 3289 of the Civil Code [currently 10 percent per annum], which shall accrue from the date that the wages were due and payable[.]" TINA CHO is entitled to said interest.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, TINA CHO, prays for judgment against DEFENDANTS, and each of them, jointly and severally, as follows:

## FIRST CAUSE OF ACTION

1. That DEFENDANTS be ordered to pay TINA CHO all unpaid overtime compensation as alleged herein or according to proof pursuant to Labor Code §§ 1194 and 510;

2. For interest pursuant to Labor Code § 218.6; and

3. For reasonable attorney's fees and costs as provided by Labor Code § 1194

## SECOND CAUSE OF ACTION

4. For an additional one hour of pay at TINA CHO's regular rate of pay for each day DEFENDANTS failed to give TINA CHO the required meal periods as alleged herein or according to proof, pursuant to Labor Code §§ 226.7, 512 and IWC Order 7 § 11;

5.   For interest pursuant to Labor Code § 218.6; and

6.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

### THIRD CAUSE OF ACTION

7.   For an additional one hour of pay at TINA CHO's regular rate of pay for each day that DEFENDANTS failed to give TINA CHO the required rest periods as alleged herein or according to proof, pursuant to Labor Code § 226.7 and IWC Order 7 § 12;

8.   For interest pursuant to Labor Code § 218.6; and

9.   For reasonable attorney's fees and costs as provided by Labor Code § 1194.

### FOURTH CAUSE OF ACTION

10.   For penalties pursuant to Labor Code § 226(e);

11.   For penalties pursuant to Labor Code § 226.3;

12.   For interest pursuant to Labor Code § 218.6; and

13.   For reasonable attorney's fees and costs as provided by Labor Code § 226(e).

### FIFTH CAUSE OF ACTION

14.   That DEFENDANTS be ordered to pay TINA CHO a statutory waiting time penalty under Labor Code § 203, in an amount according to proof, plus interest thereon at the maximum legal rate accruing from the 31st day following the separation of TINA CHO's employment from DEFENDANTS;

15.   For interest pursuant to Labor Code § 218.6; and,

16.   For reasonable attorney's fees and costs as provided by Labor Code § 1194(a).

## SIXTH CAUSE OF ACTION

17. For injunctive relief ordering DEFENDANTS to discontinue the unfair and unlawful practices as alleged herein;

18. That DEFENDANTS be ordered to TINA CHO all funds DEFENDANTS retained by means of the unfair and unlawful business acts and practices alleged herein;

19. That DEFENDANTS be ordered to restore all profits in an amount according to proof at time of trial;

20. For enforcement of the civil penalties imposed by the Labor Code pursuant to Business & Professions Code § 17202;

21. For interest pursuant to Business & Professions Code § 17203; *Ballard vs. Equifax Check Servs., Inc.* (ED CA 2001) 158 F. Supp. 2d 1163, 1176-1177; and *Irwin vs. Mascott* (ND CA 2000) 112 F. Supp. 2d 937, 956;

22. For reasonable costs as provided by Cal. Code of Civ. Pro. § 1032.

## ALL CAUSES OF ACTION

23. For penalties and interest as allowed by law;

24. For costs of suit herein incurred; and

25. For such other and further relief as the court deems proper.

Dated: December 13, 2007

LAW OFFICES OF EDWARD J. CHONG AND ASSOCIATES, INC.

By: _____
EDWARD J. CHONG, ESQ.
Attorney for Plaintiff

**FILED**

LOS ANGELES SUPERIOR COURT

DEC 17 2007

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

1  Paul T. Cullen, Esq. (#193575)
   THE CULLEN LAW FIRM, APC
2  29229 Canwood Street, Suite 208
   Agoura Hills, CA 91301-1555
3  Tel: (626) 744-9125; (818) 338-8915
   Fax: (626) 744-9436
4
   Case assigned to
   Judge
5  Attorneys for Plaintiff
   TOMAS MUREIKA, an individual
6

7

8                SUPERIOR COURT OF CALIFORNIA

9       FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11  TOMAS MUREIKA, an individual,          )   CASE NO.:    BC382462
                                           )
12          Plaintiff,                     )   COMPLAINT FOR:
                                           )   1.  RECOVERY OF UNPAID
13      v.                                 )       OVERTIME WAGES;
                                           )   2.  RECOVERY OF UNPAID MINIMUM
14  VERSA MANOS dba GORGEOUS P.R.; and     )       WAGES;
    DOES 1 through 100, inclusive,         )   3.  FAILURE TO PROVIDE MEAL
15                                         )       PERIODS;
                                           )   4.  FAILURE TO PROVIDE PAID REST
16          Defendants.                    )       PERIODS;
                                           )   5.  FAILURE TO TIMELY FURNISH
17                                         )       ACCURATE ITEMIZED WAGE
                                           )       STATEMENTS;
18                                         )   6.  ACCOUNTING;
                                           )   7.  DECLARATORY RELIEF;
19                                         )   8.  VIOLATION OF LABOR CODE §
                                           )       203; AND
20                                         )   9.  UNFAIR BUSINESS PRACTICES
                                           )
21                                         )
                                           )   DEMAND FOR JURY TRIAL
22                                         )
                                           )
23

24

25

26      Plaintiff TOMAS MUREIKA, (hereinafter "Plaintiff") hereby files this Complaint

27  against Defendants VERSA MANOS dba GORGEOUS P.R.; and DOES 1 through 100,

28  inclusive, and alleges as follows:

                              1
                          COMPLAINT

I.

## GENERAL ALLEGATIONS

1.      This lawsuit challenges the Defendants' improper pay practices with respect to the Plaintiff who is a former employee of VERSA MANOS, a sole proprietor, dba GORGEOUS P.R.

2.      Defendants apparently did not consider Plaintiff to be exempt from California laws relating to payment of premium wages for work in excess of eight hours per day and/or 40 hours per week. Nevertheless, Defendants treated Plaintiff as if he was exempt, and thus refused to pay Plaintiff the premium pay rates due him for overtime work.

3.      Defendants routinely obligated Plaintiff to work in excess of eight (8) hours per day and forty (40) hours per week without premium overtime pay. Instead, Defendants purportedly would only pay Plaintiff at a straight-time rate for a maximum of eight (8) hours of pay, regardless of the number of hours he actually worked, and then Defendants would issue paystubs to him falsely stating that he worked fewer hours than he actually had worked.

4.      Plaintiff's action seeks general and punitive damages, penalties, declaratory relief, injunctive relief and restitution from Defendants.

5.      The acts complained of herein have occurred, are presently occurring, and are expected to continue occurring, within the time period from four (4) years preceding the filing of the original Complaint herein, up to and through the time of trial for this matter (hereinafter, the "Relevant Time Period").

II.

## JURISDICTION AND VENUE

6.      The Superior Court of the State of California for the County of Los Angeles, Central District has jurisdiction over this case due to the fact that the alleged violations (a) of

2
COMPLAINT

1   California <u>Labor Code</u> (i.e. §§ 200 et seq.), (b) California <u>Business and Professions Code</u> §§

2   17200 *et seq.* and (c) related common law occurred in the County of Los Angeles.

3        7.    Venue is proper in the Central District of the Los Angeles Superior Court

4   pursuant to <u>Code of Civil Procedure</u> §395(a) and §395.5, because at least some of the acts

5   complained of herein occurred in the County of Los Angeles, and complaints regarding such

6
7   issues may be filed in the Central District.

8                                         III.

9                                       **PARTIES**

10  <u>PLAINTIFF TOMAS MUREIKA</u>

11       8.    Plaintiff is an individual over the age of eighteen (18) and is now and/or at all

12  times mentioned in this Complaint was a resident and domiciliary of the State of California.

13
14       9.    Plaintiff worked for Defendants in the County of Los Angeles, State of California

15  as a publicist trainee.

16       10.   Plaintiff seeks damages, including, but not limited to unpaid wages, penalties and

17  other compensation, from Defendants for the Relevant Time Period, because Defendants have:

18           a.  Failed to pay Plaintiff overtime wages for all overtime hours worked;

19           b.  Failed to pay Plaintiff state-mandated minimum wages for all hours worked;
20
21           c.  Failed to provide Plaintiff proper meal and rest periods;

22           d.  Failed to furnish Plaintiff accurate itemized wage statements;

23           e.  Failed to timely pay Plaintiff all wages due him; and

24           f.  Subjected Plaintiff to unfair business practices within the meaning of <u>B&PC</u>

25               §§ 17200 et seq.

26  <u>DEFENDANTS VERSA MANOS dba GORGEOUS P.R. and DOES 1 through 100, inclusive</u>
27

28

                                          3
                                     COMPLAINT

11.    Plaintiff is unaware of the exact nature of the business entity that is maintained by VERSA MANOS dba GORGEOUS P.R. and DOES 1 through 100, inclusive; however, Defendants are the owner and operator of a public relations company in the city of Los Angeles.

DOES 1 TO 100, INCLUSIVE

12.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this Complaint were licensed to do business and/or actually doing business in the State of California. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such fictitious names pursuant to California Code of Civil Procedure ("CCP") §474. Plaintiff will seek leave of court to amend this Complaint to allege such names and capacities as soon as they are ascertained.

ALL DEFENDANTS

13.    Plaintiff is informed and believes, and based upon such information and belief alleges that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14.    Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, co-employers and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director and/or managing agent, principal and/or employer, expressly directed, consented to, approved, affirmed and ratified each and every action taken by the other

1  co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred

2  to herein.

3    15.    Plaintiff is further informed and believes, and based upon such information and

4  belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately

5  caused Plaintiff to be subjected to the unlawful practices, wrongs, complaints, injuries and/or

6

7  damages alleged in this Complaint.

8    16.    Defendants, and each of them, are now and/or at all times mentioned in this

9  Complaint were members of and/or engaged in a joint venture, partnership and common

10 enterprise, and were acting within the course and scope of, and in pursuit of said joint venture,

11 partnership and common enterprise and, as such were co-employers of the Plaintiff herein.

12

13   17.    Defendants, and each of them, at all times mentioned in this Complaint concurred

14 with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified the

15 various acts and omissions of each and every one of the other Defendants in proximately causing

16 the complaints, injuries and/or damages alleged in this Complaint.

17                          IV.

18              **INDIVIDUAL CAUSES OF ACTION**

19                  **FIRST CAUSE OF ACTION**

20

21          **RECOVERY OF UNPAID OVERTIME WAGES**

22              **(By Plaintiff Against All Defendants)**

23   18.    Plaintiff incorporates by reference and re-alleges each and every one of the

24 allegations contained in the preceding paragraphs of this Complaint as though fully set forth

25 herein.

26

27   19.    As a matter of Defendants' established policy and/or practice, Plaintiff was

28 employed and scheduled to work and in fact did work for Defendants during the period of four

5
COMPLAINT

(4) years preceding the filing of the Complaint herein to the present date, in excess of eight (8) hours per workday and/or in excess of 40 hours per workweek without receiving straight time or overtime compensation for such excess hours worked, in violation of California Labor Code §1997 and the applicable California IWC Wage Order.

20.    Notwithstanding any job title accorded to Plaintiff, he performed non-exempt tasks in excess of fifty percent (50%) of his workday and/or workweek; thus, he could not properly have been classified and/or treated by Defendants as "exempt" employees from California laws regulating overtime.

21.    Moreover, Defendants engaged in series of acts that would invalidate any potentially claimed exemption, e.g. the practice of making deductions from Plaintiff's wages for partial day's absences.

22.    Defendants' failure to pay Plaintiff premium wages for work performed in excess of eight (8) hours per day and/or 40 hours per week violates, at a minimum. Labor Code §§510(a) and 1198.

23.    Plaintiff is informed and believes and thereon alleges that Defendants had and/or have numerous manuals. letters, correspondence, policy handbooks and the like which taken together constitute, created or comprise, a written contract for employment with Plaintiff.

24.    Plaintiff is informed and believes and thereon alleges that Defendants have also disseminated false information throughout Defendants' facilities and establishments and amongst Defendants' employees reciting that, under Defendants' labor policies and practices and under California law, the Plaintiff and his co-workers are/were not entitled to overtime compensation.

25.    Defendants' pattern, practice and uniform administration of company policy regarding illegal employee compensation as described herein is unlawful. Pursuant to Labor

1   Code §§218 and §1194(a), Plaintiff seeks to recover for himself the unpaid balance of the full

2   amount of the straight time compensation and overtime premiums due owing to him.

3         26.     Plaintiff also seeks all legal remedies available for Defendants' willful non-

4   payment of overtime wages, including but not limited to:

5

6         a.     Interest pursuant to Labor Code §§218.6 and 1194(a), Civil Code §§ 3287 and

7                §3289;

8         b.     Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§218.5 and

9                §1194;

10        c.     Damages and/or penalties pursuant to Labor Code §558(a); and,

11        d.     Punitive damages, because Defendants knew such wages were due and owing to
12
13   Plaintiff, Defendants had the clear ability to pay said wages, and the willful non-payment of said

14   wages was oppressive and malicious.  As such Defendants actions and warrant an award of

15   punitive and exemplary damages against Defendants.

16                        SECOND CAUSE OF ACTION

17

18                   RECOVERY OF UNPAID MINIMUM WAGES

19                     (By Plaintiff Against All Defendants)

20
21        27.     Plaintiff incorporates by reference and re-alleges each and every one of the

22   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

23   herein.

24        28.     Failure of an employer to pay its employees the minimum wage fixed by the

25   California Labor Commission violates, *inter alia* Labor Code §1197.

26

27

28

29.     During the Relevant Time Period. Defendants required Plaintiff to remain under Defendants' control without paying therefor, which resulted in Plaintiff earning less than the legal minimum wage in the State of California.

30.     Defendants' pattern and practice of uniformly administering a business policy, whereby Defendants failed to pay the legal minimum wage to Plaintiff violates Labor Code §1194(a).

31.     Accordingly, Plaintiff seeks to recover, pursuant to Labor Code § 1194(a) the unpaid balance of the minimum wages owed him, calculated as the difference between the straight time compensation paid and the applicable minimum wage, including interest thereon.

32.     Plaintiff further seeks liquidated damages pursuant to Labor Code §1194.2(a) on the straight-time portion of uncompensated hours of work (not including the overtime portion thereof) in an amount equal to the wages unlawfully unpaid and interest thereon.

33.     Plaintiff further seeks, as a consequence of Defendants' non-payment of minimum wages, penalties pursuant to the applicable IWC Wage Order at §20(A).

34.     Plaintiff also seeks all legal remedies available for Defendants' willful non-payment of minimum wages, including but not limited to:

   a.     Interest pursuant to Labor Code §§218.6 and 1194(a), Civil Code §§ 3287 and §3289;

   b.     Reasonable attorneys' fees and costs of suit pursuant to Labor Code §§218.5 and §1194;

   c.     Damages and/or penalties pursuant to Labor Code §558(a); and,

   d.     Punitive damages, because Defendants knew such wages were due and owing to Plaintiff, Defendants had the clear ability to pay said wages, and the willful non-payment of said

1  wages was oppressive and malicious. As such, Defendants actions warrant an award of punitive

2  and exemplary damages against Defendants.

3

4                          **THIRD CAUSE OF ACTION**

5

6                  **FAILURE TO PROVIDE MEAL PERIODS**

7                     **(By Plaintiff Against All Defendants)**

8          35.    Plaintiff incorporates by reference and re-alleges each and every one of the

9  allegations contained in the preceding paragraphs of this Complaint as though fully set forth

10  herein.

11         36.    Plaintiff regularly worked over five (5) hours per shift; thus, he was entitled to a

12  meal period of not less than thirty (30) minutes without duty.

13
14         37.    Nevertheless, Defendants routinely failed to provide Plaintiff with such meal

15  periods, notwithstanding the fact that Plaintiff had not waived his right to the same.

16         38.    As such, because Defendants incorrectly considered and/or treated Plaintiff as

17  exempt from meal period requirements established by Labor Code §§ 226.7, §512, 516 and

18  Section 11 of the IWC Wage Order(s), Defendants failed to comply with these provisions of

19  California law and thus, on a regular basis, denied Plaintiff the meal periods to which Plaintiff
20
       was entitled.
21
           39.    Plaintiff seeks damages pursuant to Section 11(D) of the IWC Wage Order(s) and
22
23  Labor Code §226.7(b), in the amount of one (1) additional hour of pay at the Plaintiff' regular

24  rate of compensation for each work day that a meal period is/was not provided to him, the

25  cumulative sum of which premium pay is to be proved at time of trial.

26         40.    Plaintiff further seeks penalties pursuant to Labor Code §558(a) for Defendants'
27
       failure to provide such meal periods.
28

                                    9
                               COMPLAINT

1    41.    Plaintiff seeks pre-judgment interest on all amounts recovered herein pursuant to

2  Labor Code §§ 218.6, 1194(a) and Civil Code §§ 3287(b) and 3289.

3    42.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Labor Code

4  §§218.5 and 1194.

5

6                          **FOURTH CAUSE OF ACTION**

7

8              **FAILURE TO PROVIDE PAID REST PERIODS**

9                    **(By Plaintiff Against All Defendants)**

10    43.    Plaintiff incorporates by reference and re-alleges each and every one of the

11  allegations contained in the preceding paragraphs of this Complaint as though fully set forth

12  herein.

13    44.    Plaintiff consistently worked over four (4) hours per shift and, therefore, was

14  entitled to a rest period of not less than ten (10) minutes for that time period.

15    45.    Defendants failed to authorize and/or permit Plaintiff to avail himself of required

16

17  rest periods, in part because Defendants incorrectly considered and/or treated Plaintiff as exempt

18  from the rest period requirements established by Labor Code §§ 226.7, 516 and Section 12 of the

19  IWC Wage Order(s).

20    46.    Pursuant to Section 12(B) of the IWC Wage Order(s) and Labor Code §226.7(b),

21  Plaintiff seeks damages in the amount of one (1) additional hour of pay at the Plaintiff' regular

22  rate of compensation for each work day that a rest period was not provided, the cumulative sum

23
    of which premium pay is to be proved at time of trial.
24

25    47.    Plaintiff further seeks penalties for Defendants wrongful failure to authorized

26  and/or permit Plaintiff to take such rest period pursuant to Labor Code §558(a)(1)-(2).

27    48.    Plaintiff further seeks pre-judgment interest on the sums recovered in this cause of

28  action pursuant to Labor Code §§218.6 and 1194(a) as well as Civil Code §§ 3287(b) and 3289.

                                   10
                               COMPLAINT

1      49.    Plaintiff further seeks an award reasonable attorneys' fees and costs pursuant to

2 Labor Code §§218.5 and 1194.

3 **FIFTH CAUSE OF ACTION**

4 **FAILURE TO TIMELY FURNISH**

5

6 **ACCURATE ITEMIZED WAGE STATEMENTS**

7 **(By Plaintiff Against All Defendants)**

8      50.    Plaintiff incorporates by reference and re-alleges each and every one of the

9 allegations contained in the preceding paragraphs of this Complaint as though fully set forth

10 herein.

11      51.    Plaintiff is informed and believes and thereon alleges that Defendants, in violation

12

13 of Labor Code §226(a), engaged in a consistent practice with respect to Plaintiff of regularly

14 failing to furnish him with accurate, itemized statements in writing showing (1) gross wages

15 earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or

16 (5) all applicable hourly rates in effect during each respective pay period and the corresponding

17 number of hours worked at each hourly rate by each respective individual.

18      52.    Plaintiff is further informed and believes and thereon alleges that Defendants did

19

20 not maintain accurate business records pertaining to the total hours worked for Defendants by

21 Plaintiff herein.

22      53.    Plaintiff seeks penalties pursuant to Labor Code §226(e) for each violation by

23 Defendants of Labor Code §226(a).

24      54.    Plaintiff further seeks preliminary and permanent injunctive relief pursuant to

25 Labor Code §226(g).

26      55.    Plaintiff also seeks an award of reasonable attorneys' fees and costs pursuant to

27

28 Labor Code §226(g).

11<br>COMPLAINT

1        SIXTH CAUSE OF ACTION

2        ACCOUNTING

3        (By Plaintiff Against All Defendants)

4        56.    Plaintiff incorporates by reference and re-alleges each and every one of the

5    allegations contained in the preceding paragraphs of this Complaint as though fully set forth

6    herein.

7

8        57.    The Plaintiff is owed moneys by Defendants in the form of wages and/or penalties

9    due to Defendants' violation of California laws as set forth hereinabove.

10       58.    Plaintiff does not know the precise amount of the compensation due to him.

11   Upon information and belief, Plaintiff alleges that Defendants, and each of them, possess records

12   from which the amount of compensation due and owing to him herein can be readily determined.

13       59.    The amount of statutory interest owed to Plaintiff is based upon the amount of

14   compensation owed to Plaintiff by Defendants. This amount can only be determined by an

15   accounting of books and records which are believed to be both complex accounts and in the sole

16

17   possession of Defendants, and each of them.

18       SEVENTH CAUSE OF ACTION

19       DECLARATORY RELIEF

20       (By Plaintiff Against All Defendants)

21

22       60.    Plaintiff incorporates by reference and re-alleges each and every one of the

23   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

24   herein.

25

26       61.    An actual controversy has arisen between the Plaintiff, on one hand, and the

27   Defendants, on the other hand, relating to the following matters:

28

12
COMPLAINT

1         a.  Whether Defendants have unlawfully suffered Plaintiff to work

2         overtime without appropriate pay therefor in violation of California

3         law as set forth hereinabove;

4         b.  Whether Defendants, and each of them, have improperly treated

5         and/or classified Plaintiff as an exempt employee;

6         c.  Whether Defendants, and each of them, may have required, as a

7         condition of employment, that Plaintiff work overtime and through

8         rest periods without appropriate pay therefor, forego meal breaks,

9         and accept inaccurate wage statements; and,

10        d.  What amounts the Plaintiff is entitled to receive in principal and

11        interest for unpaid wages and/or penalties.

12       62.   Plaintiff further seeks entry of a declaratory judgment against all Defendants

13   herein and in Plaintiff's favor, which declares Defendants' practices to be unlawful, and which

14   provides for recovery of all sums determined by this Court to be owed by Defendants, and each

15   of them, to the Plaintiff.

16
                         **EIGHTH CAUSE OF ACTION**

17
               **FOR VIOLATION OF LABOR CODE § 203**

18
                  **(By Plaintiff Against All Defendants)**

19
20       63.   Plaintiff incorporates by reference and re-alleges each and every one of the

21   allegations contained in the preceding paragraphs of this Complaint as though fully set forth

22   herein.

23       64.   Plaintiff is informed and believes and thereon alleges that Defendants, in violation

24   of Labor Code §203, consistently and willfully failed to timely pay him all wages due and owing

25   at the time of his termination of employment, including basic and overtime wages as set forth

26   hereinabove.

27

28

1    65.    Plaintiffs seeks the penalties to which he is entitled pursuant to Labor Code §203,

2    in the amount of his daily wage multiplied by thirty (30) days.

3                        NINTH CAUSE OF ACTION

4                        UNFAIR BUSINESS PRACTICES

5                    (By Plaintiff Against All Defendants)

6    66.    Plaintiff incorporates by reference and re-alleges each and every one of the

7    allegations contained in the preceding paragraphs of this Complaint as though fully set forth

8    herein.

9

10    67.    Defendants, and each of them, have engaged in unfair business practices in

11    California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay

12    employee compensation as described hereinabove, specifically, by requiring the Plaintiff to

13    perform the work without regular and overtime compensation, adequate rest and meal periods, or

14    proper wage statements. Defendants' use of such practices constitutes an unfair business

15    practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

16

17    68.    Plaintiff seeks full restitution of the same by Defendants as necessary and

18    according to proof, to restore any and all monies withheld, acquired and/or converted by the

19    Defendants by means of the unfair business practices complained of herein.

20    69.    Plaintiff seeks the appointment of a receiver, as necessary, to oversee said

21    restitution, including all wages earned and unpaid, including interest thereon.

22

23    70.    The acts complained of herein, occurred, at least in part, within the last 4 years

24    preceding this Complaint for Damages.

25    71.    Further, if Defendants are not enjoined from the unlawful conduct described

26    above, Defendants will continue unabated in its unlawful conduct, which will continue to result

27    in irreparable injury to members of the general public, including, but not limited to Plaintiff and

28

                                14
                            COMPLAINT

1  his similarly situated co-workers, who are current employees of the Defendants, and for which

2  there is no adequate remedy at law. Thus, Plaintiff requests that the Court issue a preliminary

3  and permanent injunction prohibiting Defendants from engaging in the foregoing conduct.

4       72.    Plaintiff seeks full restitution from Defendants, as necessary and according to

5  proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

6

7  of the unfair practices complained of herein.

8                                          V.

9                               PRAYER FOR RELIEF

10  WHEREFORE, Plaintiff prays:

11       a.    As to the First Cause of Action for Failure to Pay Overtime Wages:

12            1.    For damages according to proof pursuant to Labor Code §1194(a) and the

13                  IWC Wage Order(s) regarding wages due and owing,;

14            2.    For compensation as authorized by Labor Code §558;

15            3.    For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a)

16                  and Civil Code §§ 3287(b) and 3289;

17

18            4.    For an award of reasonable attorneys' fees and costs pursuant to Labor

19                  Code §§218.5 and 1194(a);

20

21            5.    For and award of exemplary damages;

22       b.    As to the Second Cause of Action for Failure to Pay Minimum Wages:

23            1.    For recovery of the unpaid balance of the full amount of the minimum

24                  wages due and owing, according to proof;

25            2.    For liquidated damages on the straight-time portion of uncompensated

26                  hours of work (not including the overtime portion thereof), pursuant to

27                  Labor Code §1194.2(a);

28

15
COMPLAINT

3.  For pre-judgment interest pursuant to Labor Code §§ 218.6 and 1194(a), Civil Code §§ 3287(b) and 3289;

4.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§218.5 and 1194(a);

5.  For and award of exemplary damages;

c.  As to the Third Cause of Action for Failure to Provide Meal Periods:

1.  For one (1) hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided;

2.  For compensation pursuant to Labor Code §558;

3.  For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

4.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194;

d.  As to the Fourth Cause of Action for Failure to Provide Paid Rest Periods:

1.  For one (1) hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided;

2.  For compensation pursuant to Labor Code §558;

3.  For pre-judgment interest pursuant to Labor Code §§218.6 and 1194(a) and Civil Code §§ 3287(b) and 3289;

4.  For an award of reasonable attorneys' fees and costs pursuant to Labor Code §§ 218.5 and 1194.

5.  For and award of exemplary damages;

f.  As to the Fifth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage Statements:

1.   For penalties as authorized by <u>Labor Code</u> §226(e);

2.   For injunctive relief pursuant to <u>Labor Code</u> §226(g);

3.   For an award of costs and reasonable attorneys' fees pursuant to <u>Labor Code</u> §226(g);

g.   <u>As to the Sixth Cause of Action for Accounting:</u>

For an accounting as requested therein.

h.   <u>As to the Seventh Cause of Action for Declaratory Relief:</u>

Declaratory relief as sought therein.

i.   <u>As to the Eighth Cause of Action for Injunctive Relief:</u>

For penalties pursuant to Labor Code § 203.

j.   <u>As to the Ninth Cause of Action for Unfair Business Practices:</u>

1.   For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to the Plaintiff who are owed monies by Defendants;

2.   For an Order requiring Defendants to make full restitution and payment pursuant to California law;

3.   For an Order for a preliminary and/or permanent injunction prohibiting Defendants from engaging in the acts complained of herein;

4.   For all other appropriate injunctive, declaratory and equitable relief;

5.   For interest to the extent permitted by law; and

6.   For an award of reasonable attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to CCP

17
COMPLAINT

§1021.5, B&PC §17200, et seq., Labor Code §1194 and/or any other

applicable provision of law.

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: December 13, 2007

**The Cullen Law Firm,
A Professional Corporation**

Paul T. Cullen, Esq.
Attorneys for Plaintiff

.

1  Eric E. Castelblanco, Esq. (SBN 156241)
   Kelly Y. Chen, Esq.
2  LAW OFFICES OF ERIC E. CASTELBLANCO
3  8383 Wilshire Blvd, Suite 302
   Beverley Hills, California 90211
4  Telephone:    (323) 951-0180
   Facsimile:    (323) 951-0183
5
6  Attorney for Plaintiff HILARIO HERNANDEZ

**FILED**
LOS ANGELES SUPERIOR COURT

D-55

DEC 18 2007

Case assigned to
Judge *Malcolm H Mackey*

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

7         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8         **IN AND FOR THE COUNTY OF LOS ANGELES/CENTRAL**

9

| | |
|---|---|
| 10  HILARIO HERNANDEZ, an individual, | Case No.: **BC382551** |
| 11         Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 12  vs. | |
| 13  | 1. **Failure to pay Overtime** |
| 14  GARDEN OF EATING, LLC, a limited | **Compensation (Lab. Code. §§510,** |
| 15  liability company; ETHAN ROBERTS, an | **1194; IWC Wage Order No. 5-** |
| 16  individual; and DOES 1-50, inclusive, | **2001(3));** |
| 17         Defendants. | 2. **Failure to Provide Rest Periods or** |
| | **Compensation in Lieu Thereof (Lab.** |
| | **Code. §§226.7; IWC Wage Order No.** |
| | **5-2001(12));** |
| | 3. **Failure to Provide Meal Periods or** |
| | **Compensation in Lieu Thereof (Lab.** |
| | **Code. §§226.7, 512; IWC Wage Order** |
| | **No. 5-2001(11));** |
| | 4. **Failure to Comply With Itemized** |
| | **Wage Statement Provisions (Lab.** |
| | **Code. §§226(a), 226(e));** |
| | 5. **Waiting Time Penalties (Lab. Code.** |
| | **§§202, 203);** |
| | 6. **Breach of Contract** |
| | |
| | **DEMAND FOR JURY TRIAL** |

1

HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1    Plaintiff, HILARIO HERNANDEZ, by and through his attorney, alleges and complains

2  against Defendants Garden of Eating, LLC and Ethan Roberts, and Does 1-50 (collectively

3  "Defendants") as follows:

4
                        **NATURE OF THE ACTION**
5
6    1.    This is an action brought by Plaintiff Hilario Hernandez ("Plaintiff") for unpaid

7  overtime compensation, compensation for rest and meal periods, and related claims.

8                       **GENERAL ALLEGATIONS**

9
     2.    This Court is the proper court and this action is properly filed in the County of
10
11  Los Angeles and in this judicial district because Defendants conduct business in the County of

12  Los Angeles and because defendants' obligation and liability arise therein.

13    3.    Plaintiff is a Hispanic male who at all material times resided in the County of Los

14  Angles. He was a non-exempt employee of Defendant Garden of Eating, LCC ("Garden of

15  Eating") from January of 2005 until his resignation on May 7, 2007.
16
17    4.    Plaintiff is informed and believes, and thereon alleges, that Garden of Eating is a

18  business in California with its relevant principal place of business at 5499 W. Washington Blvd,

19  Los Angeles, California 90016, and at all relevant times licensed to do business in Los Angeles

20  County.
21
     5.    Plaintiff is informed and believes, and thereon alleges, that Defendant Ethan
22
23  Roberts is an individual residing in and doing business in the County of Los Angeles, State of

24  California.

25    6.    The true names and capacities, whether individual, corporate, associate, or

26  otherwise, of Does 1 through 50 are unknown to Plaintiff, who therefore sues the Doe defendants
27

28

---
                                2
                HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities

2  when they have be ascertained.

3      7.      Plaintiff is informed and believes, and thereon alleges, that Defendant Ethan

4
   Roberts and Does 1 through 50 are the partners, owners, shareholders, or managers of Garden of
5
6  Eating, and were acting on behalf of Garden of Eating in the payment of wages to Plaintiff.

7      8.      At all relevant times alleged herein Plaintiff was employed by Defendants under

8  an employment agreement that was partly oral and partly implied.

9      9.      Plaintiff is informed and believes, and thereon alleges, that each and all of the acts
10
   and omissions alleged herein were performed by, and/or attributable to, all Defendants, each
11
12 acting as agents and/or employees, and or under the direction and control of each of the other

13 Defendants, and that said acts and failure to act were within the course and scope of said agency,

14 employment and/or direction and control. Plaintiff is informed and believes, and thereon alleges,

15
   that at all times material hereto Defendants were and are the agents of each other.
16
17     10.     As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

18 suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but

19 subject to proof at trial.

20
                            **FIRST CAUSE OF ACTION**
21                          *Failure to pay Overtime Compensation*
                               (Lab Code. §§510, 1194)
22
23     11.     Plaintiff incorporates paragraphs 1 through 10 as though fully set forth herein.

24 This cause of action is brought against all Defendants jointly and individually.

25     12.     Pursuant to Labor Code sections 510 and Industrial Welfare Commission Order 5-

26 2001(3), for the three (3) years preceding the filing of this lawsuit until the date Plaintiff ceased

27
   to be employed by Defendants, Defendants were required to compensate Plaintiff for all
28

---

3

HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  overtime worked, which is calculated at: (i) one and one-half (1 ½) times the regular rate of pay

2  for hours worked in excess of eight (8) hours per day up to and including twelve (12) hours in

3  any workday and/or forty (40) hours in any workweek, and for the first eight (8) hours worked

4
5  on the seventh (7th) consecutive day of work in a workweek; and (ii) double the Plaintiff's

6  regular of pay for all hours worked in excess of twelve (12) hours in any workday and for all

7  hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a

8  workweek.

9
   13.    Plaintiff was a non-exempt employee entitled to the protections of Industrial
10
11  Welfare Commission Order 5-2001.  During the course of Plaintiff's employment, Defendants,

12  and each of them, failed to compensate Plaintiff for overtime hours worked in excess of eight (8)

13  hours per day and/or forty (40) hours per week and double-time hours in excess of twelve (12)

14  hours per day and for all hours worked in excess of eight (8) hours worked on the seventh (7th)

15
   consecutive day of work in a workweek during which Plaintiff is required to work.
16
17      14.    As a proximate result of the aforementioned violations, Plaintiff has been

18  deprived of wages and/or overtime in amounts to be determined at trial, and is entitled to

19  recovery of such amounts, plus interest and penalties thereon, attorney's fees, and costs, pursuant

20  to Labor Code sections 1194.  Plaintiff therefore requests relief as described herein and below.

21
                          **SECOND CAUSE OF ACTION**
22                  *Failure to Provide Rest Periods or Compensation in Lieu Thereof*
23                              (Lab. Code, §§226.7)

24      15.    Plaintiff incorporates paragraphs 1 through 14 as though fully set forth herein.

25  This cause of action is brought against all Defendants jointly and individually.

26
       16.    By their failure to permit, authorize, or provide a net ten-minute rest period for
27
28  every four hours or major fraction thereof worked per day, to Plaintiff as mandated by the Labor

                                    4
                    HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  Code, and failing to provide compensation for such unprovided rest periods, as alleged herein

2  and above, Defendant willfully violated the provisions of Labor Code section 226.7 and IWC

3  Wage Order No. 5-2001. Plaintiff did not willfully waive through mutual consent with

4
5  Defendant the right to rest periods.

6      17.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of

7  premium wages in the amounts to be determined at trial, and is entitled to recovery of such

8  amounts, plus interest and penalties thereon, attorney's fees, and costs, under Labor Code

9  sections 226.7 and IWC Wage Order 5-2001. Plaintiff therefore requests relief as described
10
11 herein and below.

12                        **THIRD CAUSE OF ACTION**
                  *Failure to Provide Meal Periods or Compensation in Lieu Thereof*
13                          (Lab. Code. §§226.7, 512)

14     18.    Plaintiff incorporates paragraphs 1 through 17 as though fully set forth herein.
15
   This cause of action is brought against all Defendants jointly and individually.
16
17     19.    By their failure provide second meal periods for days on which Plaintiff worked

18 in excess of ten (10) hours, and failing to provide compensation for such unprovided second

19 meal periods, Defendants willfully violated the provisions of Labor Code section 512 and IWC

20 Wage Order 5-2001. Plaintiff did not willfully waive through mutual consent with Defendant the
21
   right to a second duty-free meal period for days on which Plaintiff worked in excess of ten (10)
22
23 hours.

24     20.    As a result of the unlawful acts of Defendant, Plaintiff has been deprived of meal

25 period pay in the amounts to be determined at trial, and is entitled to recovery of such amounts,

26 plus interest and penalties thereon, attorney's fees, and costs, under Labor Code sections 226.7
27

28

                              5
                HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  and 512, and IWC Wage Order 5-2001. Plaintiff therefore requests relief as described herein and

2  below.

3
                              **FORTH CAUSE OF ACTION**
4                  *Failure to Comply With Itemized Wage Statement Provisions*
                            (Lab. Code. §§226(a) and §226(e))
5

6      21.    Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

7  This cause of action is brought against all Defendants jointly and individually.

8      22.    Section 226(a) of the California Labor Code requires Defendants to itemize in

9
   wage statements all applicable hourly rates in effect during the pay period and the corresponding
10
   number of hours worked at each hourly rate by employee. Defendants have failed to comply
11
12  with Labor Code section 226(a) on each and every wage statement that has been provided to

13  Plaintiff. As a result of such a failure, Plaintiff has been harmed and injured.

14     23.    As a result of Defendants failure to comply with Labor Code section 226(a),
15
   Plaintiff is entitled to recovery of damages pursuant to Labor Code section 226(e).  Plaintiff
16
17  therefore requests relief as described herein and below.

18                             **FIFTH CAUSE OF ACTION**
                                *Waiting Time Penalties*
19                              (Lab. Code. §§202, 203)

20     24.    Plaintiff incorporates paragraphs 1 through 24 as though fully set forth herein.
21
   This cause of action is brought against all Defendants jointly and individually.
22
23     25.    Section 204 of the Labor Code requires Defendants to pay all earned wages to its

24  non-union, non-exempt employees bi-monthly. Sections 202 and 203 of the California Labor

25  Code require Defendants to pay Plaintiff all wages due within 72 hours of his resignation from

26  employment. Section 203 of the Labor Code provides that if an employer willfully fails to

27
   timely pay such wages, the employer must, as a penalty, continue to pay the subject employee's
28

                                            6
                     HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  wages until the back wages is paid in full or an action is commenced. The penalty cannot exceed

2  30 days of wages.

3      26.    As described above, Plaintiff is entitled to compensation of overtime wages,

4
5  compensation for unprovided rest periods, and compensation for unprovided meal periods, but

6  to-date has not received such compensation.

7      27.    More than 30 days have passed since Plaintiff has left Defendants' employ.

8      28.    As a consequence of Defendants' willful conduct in not paying overtime wages

9
   and failure to pay meal and rest period compensation in lieu thereof for denied rest and meal
10
   periods, Plaintiff is entitled to 30 days' wages as a penalty under Labor Code section 203 with
11
12  interest thereon and attorney's fees and costs. Plaintiff therefore requests relief as described

13  herein and below.

14                              **SIXTH CAUSE OF ACTION**
                                    *Breach of Contract*
15

16      29.    Plaintiff incorporates paragraphs 1 through 28 as though fully set forth herein.

17  This cause of action is brought against all Defendants jointly and individually.

18
        30.    Plaintiff worked under an oral agreement with Defendants, and that contract is
19
20  deemed under California law to include all provisions of existing labor law.

21      31.    Plaintiff has duly performed all conditions on his part.

22      32.    Defendants have a contractual obligation to pay Plaintiff for all overtime worked.

23  By failing to pay Plaintiff for all hours and overtime worked, Defendants have breach that
24
   agreement.
25
26      33.    Defendants have a contractual obligation to authorize and permit rest periods and

27  to pay the additional hour of pay owed under Wage Order 5-2001(12) and Labor Code section

28

---
                                        7
                     HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  226.7 for failure to do so. By failing to authorize and permit rest periods and pay the additional

2  hour of pay, Defendants have breached that agreement.

3     34.    Defendants have a contractual obligation to provide meal breaks pursuant to

4
5  Wage Order 5-2001(11) and Labor Code section 226.7 or to pay the one hour of pay for failure

6  to do so. By failing to provide meal periods and pay the additional hour of pay, Defendants have

7  breached that agreement.

8     35.    As proximate result of Defendants' breach of the agreement, Plaintiff has suffered

9
10  damages in an amount according to proof at time of trial. Plaintiff therefore requests relief as

11  described herein and below.

12                                **PRAYER**

13     WHEREFORE, Plaintiff prays for the following damages and relief:

14     1.    For compensatory damages in an amount according to proof with interest thereon;

15
16     2.    For economic and/or special damages in the amount according to proof with

17           interest thereon;

18     3.    For premium compensation and waiting time penalties pursuant to Labor Code

19           §203;

20     4.    For rest period pay pursuant to Labor Code §226.7;

21
22     5.    For meal period pay pursuant to Labor Code §226.7;

23     6.    For interest accrued to date;

24     7.    For costs of suit incurred herein;

25     8.    For attorney's fees and costs pursuant to Labor Code §§218.5, 226(e), and 1194;

26           and

27
28     9.    For such other and further relief that the Court may deem just and proper.

────────────────────────────────────────
                      8
              HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a trial by Jury.

3    DATED: DECEMBER $\underline{17}$ , 2007        LAW OFFICES OF ERIC E. CASTELBLANCO

4

5

6                                By:

7                                     Eric E. Castelblanco
                                      Attorneys for Plaintiff
8                                     HILARIO HERNANDEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILARIO HERNANDEZ COMPLAINT FOR DAMAGES

1  ROBERT R. RONNE, ESQ. (SBN 092884)
   **LAW OFFICE OF ROBERT R. RONNE, APC**
2  840 Apollo Street, Suite 307
   El Segundo, California 90245
3  Telephone: (310) 322-1696
   Facsimile : (310) 322-3039
4

**FILED**
LOS ANGELES SUPERIOR COURT

5  DENNIS W. RIHN, ESQ. (SBN 126233)
   **ATTORNEY AT LAW**

DEC 2 6 2007

6  3460 Ocean View Boulevard, Suite F
   Glendale, California 91208
7  Telephone: (818) 265-0525
   Facsimile : (818) 249-2788

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

8

9  Attorneys for Plaintiff

Case assigned to D45
Judge Mel Recana

10

11         SUPERIOR COURT OF THE STATE OF CALIFORNIA

12       FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

13

14  DARWIN ESQUEJO,                              )   CASE NO.   BC382907
                                                 )
15                                               )
                 Plaintiff,                      )   COMPLAINT FOR DAMAGES:
16                                               )
                                                 )   FAILURE TO PAY OVERTIME
17       vs.                                     )   COMPENSATION
                                                 )   (Including *Labor Code* Section 1194);
18  BLUE FLORAL GUEST HOME; FRANK                )
    HERNANDEZ; an individual; SUSAN              )
    HERNANDEZ; an individual; EDGARDO            )
19  VALERIANO; an individual; ELMA               )
    VALERIANO; an individual; and DOES 1         )
20  through 100, inclusive,                      )
                                                 )
21                                               )
                 Defendants.                     )
22                                               )

23

24   Plaintiff Darwin Esquejo alleges as follows:

25                    **PRELIMINARY ALLEGATIONS**

26        1.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned

27  herein, defendant BLUE FLORAL GUEST HOME is and was a name under which certain

28  defendants, at some times relevant hereto, operated.

-1-
Complaint

1    2.    Defendant FRANK HERNANDEZ is an individual who resides within the State

2  of California, County of Los Angeles.

3    3.    Defendant SUSAN HERNANDEZ is an individual who resides within the State

4  of California, County of Los Angeles.

5    4.    Defendant EDGARDO VALERIANO is an individual who resides within the State

6  of California, County of Los Angeles.

7    5.    Defendant ELMA VALERIANO is an individual who resides within the State

8  of California, County of Los Angeles.

9    6.    Plaintiff is further informed and believes, and on that basis alleges, that Defendants,

10    and each of them:

11        (a)    Deliberately and knowingly committed federal and state tax fraud by failing

12            to make legally required deductions from wages paid to Plaintiff and other

13            employees, including federal income tax, state income tax, social security tax

14            and unemployment tax, and/or deliberately and knowingly caused other

15            Defendants to commit such acts; and

16        (b)    Deliberately and knowingly committed the criminal act of failing to procure

17            workers' compensation insurance for employees in violation of law, and/or

18            deliberately and knowingly caused other Defendants to do so; and

19        (c)    Deliberately and knowingly engaged in an illegal pattern and practice of

20            failing to maintain and retain accurate records of wages paid employees as

21            required by law, and/or deliberately and knowingly caused other Defendants

22            to fail to do so; and

23        (d)    Deliberately and knowingly engaged in an illegal pattern and practice of

24            failing to maintain and retain accurate records of days and hours worked by

25            employees in violation of California law, and/or deliberately and knowingly

26            caused other Defendants to do so; and

27        (e)    Deliberately and knowingly engaged in an illegal pattern and practice of

28            violating California wage and hour laws, including the laws requiring

-2-
Complaint

1    payment of minimum wage and overtime compensation, and/or deliberately

2    and knowingly caused other Defendants to do so; and; and

3    (f)    Deliberately and knowingly converted funds which should have been paid to

4    Plaintiff as overtime compensation owing by law.

5    7.    Plaintiff has sued DOES 1 through 100, inclusive, by such fictitious names

6    because Plaintiff is uncertain as to the names, identities, legal responsibilities and/or capacities of

7    the DOE defendants, and each of them. Plaintiff is informed and believes and thereupon alleges

8    that each of the defendants designated herein as a DOE was an employer of Plaintiff or otherwise

9    liable to Plaintiff under applicable law. Whenever in this complaint reference is made to

10   "Defendants, and each of them," such allegations shall be deemed to mean acts of defendants acting

11   individually, jointly, or severally, or all or any combination of them. Plaintiff has sued DOES 1

12   through 100, inclusive, by such fictitious names because Plaintiff is uncertain as to the names,

13   identities, legal responsibilities and/or capacities of the DOE defendants, and each of them.

14   Plaintiff is informed and believes and thereupon alleges that each of the defendants designated

15   herein as a DOE is an employer of Plaintiff.

16   8.    Plaintiff is informed and believes, and on that basis alleges, that at all times relevant

17   to this action, Defendants, and each of them, were joint legal employers of Plaintiff within the

18   meaning of California law, or in the alternative, the alter ego of each other (and all of them) within

19   the meaning of California law. Plaintiff is further informed and believes, and on that basis alleges,

20   that Defendants, and each of them, at all times relevant to this action, utilized and conducted

21   business under the aliases and/or fictitious name of BLUE FLORAL GUEST HOME , or other

22   names or variations of such fictitious names, and that Defendants, and each of them, are the

23   employers of Plaintiff. Plaintiff is informed and believes and thereupon alleges that at all times

24   mentioned

25   herein in this complaint, the defendants, and each of them, including DOES 1 through 100,

26   inclusive, were the agents, servants, employees, joint venturers or co-conspirators of each co-

27   defendant, and that each defendant was acting within the course, scope and authority of said agency,

28   employment, joint venture, or conspiracy, and that each defendant, directly or indirectly, authorized,

-3-

Complaint

1  ratified, and/or approved the acts of the remaining defendants.

2                           **FIRST CAUSE OF ACTION**

3                         **FOR WAGE AND HOUR VIOLATIONS**

4                       **(LABOR CODE SECTIONS 510 and 1194)**

5                       **(PLAINTIFF AGAINST ALL DEFENDANTS)**

6         9.     Plaintiff re-alleges and incorporates herein by this reference each of the preceding

7  paragraphs.

8         10.    Beginning approximately November 7, 2005, and continuing to March 1, 2007,

9  Plaintiff Darwin Esquejo was employed by Defendants, and each of them.

10        11.    During his employment, Plaintiff was not properly compensated for all hours worked

11 by Defendants, and each of them.

12        12.    Pursuant to the provisions of the California Labor Code, including Labor Code

13 Section 1194, and regulations adopted by the California Department of Industrial Relations,

14 Plaintiff has the right to be paid properly for every hour of labor.

15        13.    In violation of such laws and regulations, Defendants, and each of them failed to pay

16 Plaintiff all overtime owed in an amount believed to exceed $75,000.00.

17        14.    In addition, Plaintiff is entitled to additional recoveries allowed by law as follows:

18               (A)    Pursuant to *Labor Code* Section 203, Plaintiff was entitled to receive at the

19                      termination of his employment all accrued but unpaid wages for all hours

20                      labored, including overtime compensation. Because defendants, and each of

21                      them failed to pay such wages, Plaintiff Darwin Esquejo is entitled to

22                      continuing wages set forth in *Labor Code* Section 203 in an amount

23                      estimated to be in excess of $1,939.20.

24               (B)    Defendants, and each of them, were obligated under *Labor Code* Section 226

25                      and regulations of the Industrial Welfare Commission of the State of

26                      California, to keep accurate records of Plaintiff's hours of labor, and to

27                      prepare and submit to Plaintiff at least twice per month an itemized statement

28                      accurately showing the total hours worked by Plaintiff.   Defendants, and

                                          -4-
                                       Complaint

1   each of them, failed to keep accurate records of Plaintiff's hours of labor,

2   and further failed to timely provide accurate itemized wage statements as

3   required by such statute. Accordingly, Plaintiff Darwin Esquejo is entitled to

4   damages pursuant to *Labor Code* Section 226, up to a maximum amount of

5   $4,000.00.

6          (C)    Pursuant to the applicable wage order of the Industrial Welfare Commission,

7                 Plaintiff is entitled to receive all other compensation permitted by law,

8                 including for meal and rest periods during the course of his employment.

9   15.    In addition, Plaintiff is entitled to interest on unpaid amounts owing in an amount

10  to be proved at trial.

11  16.    In addition, Plaintiff is entitled to reasonable attorney's fees, which are hereby

12  specifically demanded, in an amount to be proved according to law.

13  17.    In addition, Plaintiff is entitled to costs of suit.

14                                      **PRAYER**

15  WHEREFORE, Plaintiff prays judgment be entered in his favor and against defendants and

16  each of them as follows:

17  1.     For unpaid overtime compensation in an amount exceeding $75,000.00, and subject

18         to more precise proof at the time of trial;

19  2.     For continuing wages pursuant to *Labor Code* Section 203 in the amount of at least

20         $1,939.20, and more precisely according to proof;

21  3.     For damages pursuant to *Labor Code* Section 226 in the amount of a maximum of

22         $4,000.00, and more precisely according to proof;

23  4.     For compensation for meal and rest periods not received according to law in

24         an amount to be proved at trial;

25  5.     For prejudgment interest;

26  7.     For costs of suit, including attorney's fees, according to proof; and

27  8.     For such other and further relief as the Court may deem appropriate.

28  ///

-5-

Complaint

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted:

**LAW OFFICES OF ROBERT R. RONNE, APC**

BY:     ROBERT R. RONNE,
        Attorney for Plaintiff
        Darwin Esquejo.

Complaint