Mark R. Thierman Cal SB# 72913
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott Miller, SBN 230322
**LAW OFFICES OF SCOTT MILLER, APC**
16133 Ventura Blvd. #1200
Encino, CA 91436
Tel: (818) 788-8081

Steven L. Miller, SBN 106023
**LAW OFFICES OF STEVEN L. MILLER, APC**
16133 Ventura Blvd. # 1200
Encino, CA 91436
Telephone: (818) 986-8900

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO E. SALAZAR, JR., on behalf of herself, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>BALLY TOTAL FITNESS and each of their subsidiaries doing business in California under such names as GORILLA SPORTS, PINNACLE FITNESS and CRUNCH FITNESS and DOES 1 through 50 inclusive,<br><br>Defendants. | No. CV 08-00175 JSW<br><br>**Reply to Defendant's Opposition to Motion to Strike**<br><br>Hearing Date: August 15, 2008<br>Hearing Time: 9:00 a.m.<br>Courtroom: 2<br>Honorable Judge White |

Reply to Defendant's Opposition to Motion to Strike

1

# INTRODUCTION

While case law is sparse, a literal reading of the statute compels the conclusion that the Norris LaGuardia Act deprives this Court of jurisdiction to compel plaintiff to abandon its representative claims on behalf of all affected employees under California Labor Code Section 2699, whether in the guise of an arbitration proceeding or in the form of a direct waiver. California Labor Code 2699 allows any employee to sue on behalf of the State of California with restitution and a portion of the penalties to be shared by all employees similarly situated because the employer did not pay wages in cash or in an alternative manner permissible under California Labor Code Section 212.[1] Defendant is seeking to have this Court enjoin Plaintiff from seeking class wide relief for all employees, and for the State of California, even though the State was never party to any arbitration agreement and no arbitration agreement signed by the employees could bind the State. Plaintiff does not object to class wide arbitration but objects to being ordered to abandon its class claims in favor of an individual claims only arbitration.

# ARGUMENT

### I. CONGRESS HAS DECLARED VOID AS A VIOLATION OF SOCIAL POLICY ANY AGREEMENT TO WAIVE COLLECTIVE OR CONCERTED ACTION, WHICH WOULD INCLUDE A CLAIM FOR CLASS WIDE RELIEF

The evil of Defendant's arbitration policy is not the arbitration itself, but the restriction against any class wide relief. In opposition to Defendant's motion to compel individual arbitration, Plaintiff will (and hereby does again) make its unconscionability arguments based upon case law

---

[1] California Labor Code Section 2699(a) states: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3."

such as the California Supreme Court's recent decision in *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007) and the Ninth Circuit opinions in *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 984 (9th Cir. 2007) (using a finding that class action waiver was unconscionable under California law to invalidate an arbitration agreement) and in *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1177 (9th Cir. 2003) ("We find that this bar on class-wide arbitration is patently one-sided, and conclude that it is substantively unconscionable."), *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1082 (9th Cir. 2007). As stated by the court in *Skirchak v. Dynamics Research Corp.*, 432 F. Supp. 2d 175, 180-181 (D. Mass. 2006)

> An arbitration agreement that eliminates the right to a class-wide proceeding may have "the 'substantial' effect of contravening the principle behind class action policies and 'chilling the effective protection of interests common to a group'." [*Ingle v. Circuit City Stores, Inc.*] at 1176, n.13.

In effect, Defendant is seeking to enjoin Plaintiff from bringing a claim for class wide relief. But Congress has declared in the first few sections of the Norris LaGuardia Act that the Court shall not enforce any agreement which has the effect of "the interference, restraint, or coercion of … other concerted activities for the purpose of. . . other mutual aid or protection. . ." And the Norris-LaGuardia Act further limits the jurisdiction of federal courts from issuing injunctions in "any labor dispute." 29 U.S.C. § 104. The Act defines "labor dispute" as "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 113(c). Section 104 prescribes a list of protected acts that cannot be enjoined including assisting in litigation. And as argued in Plaintiff's opening brief, a waiver of all class action lawsuits over wage payments is interference, restraint and coercion of other concerted activities for the purposes of mutual aid and protection involving and or arising out of a labor

dispute. Therefore, the Norris LaGuardia Act expresses a strong public policy against enforcing such waivers.

Section 1 of the Norris LaGuardia Act, 29 U.S.C. 101 states that "No court of the United States, as herein defined, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this Act nor shall any such restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this Act."[2] The "public policy declared by this Act" is articulated in Sections 2 and 3 of the Norris LaGuardia Act, 29 U.S.C. §§102, 103. Section 2 states:

> In the interpretation of this Act and in determining the jurisdiction and authority of the courts of the United States, as such jurisdiction and authority are herein defined and limited, the public policy of the United States is hereby declared as follows: Whereas under prevailing economic conditions, developed with the aid of governmental authority for owners of property to organize in the corporate and other forms of ownership association, *the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his freedom of labor,* and thereby to obtain acceptable terms and conditions of employment, wherefore, though he should be free to decline to associate with his fellows, it is necessary that he have full freedom of association, self-organization, and designation of representatives of his own choosing, to negotiate the terms and conditions of his employment, and *that he shall be free from the interference, restraint, or coercion of employers of labor, or their agents,* in the designation of such representatives or in self-organization or *in other concerted activities for the purpose* of collective bargaining *or other mutual aid or protection*; therefore, the following definitions of, and limitations upon, the jurisdiction and authority of the courts of the United States are hereby enacted.

A fair and obvious reading of Section 2 of the Act says it is against social policy for an employer to interfere or to restrain an employee in other concerted activities for the purpose of other mutual aid or protection. As demonstrated in the Plaintiff's opening brief, filing a class action over

---

[2] The 1932 Norris LaGuardia Act modifies the 1925 Federal Arbitration Act which was passed seven years earlier. 29 U.S.C §115 states that "All Acts and parts of Acts in conflict with the provisions of this Act are hereby repealed."

3

wage payments is other concerted activity for mutual aid and protection. Section 3 of the Norris LaGuardia Act further says such an anti-group action policy shall not be the basis for a federal Court granting any reliefs, stating that

> Any undertaking or promise, such as is described in this section, or any other undertaking or promise in conflict with the public policy declared in section 2 of this Act is hereby declared to be contrary to the public policy of the United States, shall not be enforceable in any court of the United States and shall not afford any basis for the granting of legal or equitable relief by any such court.

In addition, Section 4(d) of the Act (29 U.S.C. §104(d)) specifically prohibits a Court from enjoining Plaintiff from supporting other employees in litigation. One of the best ways to support employees in litigation is to act as the class representative, or in this case, the statutory representative of the employees on behalf of the State of California under the Labor Code Private Attorney General Act, California Labor Code 2699. Section 4(d) the Norris LaGuardia Act states that

> No court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute (as these terms are herein defined) from doing, whether singly or in concert, any of the following acts : . . . By all lawful means aiding any person participating or interested in any labor dispute who is being proceeded against in, or is prosecuting, any action or suit in any court of the United States or of any State. . .

## II. THE NORRIS LAGUARDIA ACT APPLIES DESPITE THE ALLEGED SUPERVISORY STATUS OF THE NAMED PLAINTIFF

For one month, the named plaintiff was a non-supervisory rank and file employee. But, more universally, the supervisory status of the named plaintiff is irrelevant under the Norris LaGuardia Act because the act of filing a lawsuit over paychecks on behalf of a class of statutory employees constitutes a labor dispute as that term is defined by the Norris LaGuardia Act at 29 U.S.C. § 113 no matter what the employee status of the named plaintiff. Section 13(c) of the Norris LaGuardia Act states, with emphasis supplied that:

4

> The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, *regardless of whether or not the disputants stand in the proximate relation of employer and employee*."

"The definition of a 'labor dispute' is extraordinarily broad." *MacLellan Indus. Servs. v. Local Union No. 1176*, 2006 U.S. Dist. LEXIS 76235 (N.D. Cal. Oct. 6, 2006), *Camping Constr. Co. v. Dist. Council of Iron Workers*, 915 F.2d 1333, 1342 (9th Cir. 1990). In *Bulk Terminals, Inc. v. International Longshoremen's Ass'n*, 457 U.S. 702, 712-14, 102 S. Ct. 2672, 102 S. Ct. 2673, 73 L. Ed. 2d 327 (1982), the Supreme Court said that a union's work stoppage, although motivated exclusively by geopolitical concerns, was a labor dispute because "the employer-employee relationship [is] the matrix of the controversy". Here, the alleged supervisory status of the individual plaintiff is not a debilitating factor because the lawsuit over wage payments is on behalf of a class comprised mostly of non-supervisory, rank and file employees. See, e.g. *New Negro Alliance v. Sanitary Grocery Co.*, 303 U.S. 552, 559-61, 58 S. Ct. 703, 82 L. Ed. 1012 (1938) (finding that picketers who were neither employees nor union organizers, and who were asserting political and social interests rather than economic interests commonly associated with labor unions, were persons interested in a labor dispute within the meaning of section 13).

Lack of National Labor Relations Board jurisdiction is not a factor because the anti-injunction provisions of the Norris LaGuardia Act are jurisdictional for this court, and not as limited as the positive relief afforded by the NLRB. The case of *Lauf v. E. G. Shinner & Co.*, 303 U.S. 323, 82 L. Ed. 872, 58 S. Ct. 578, seems to support the idea that substantive rights flow from the policy declaration section of the Norris-LaGuardia Acts. Even if the National Labor Relations Board lacks jurisdiction, the Norris LaGuardia Act will apply. See also, *Texas & New Orleans R. Co. v. Brotherhood of R. & SS. Clerks*, 281 U.S. 548, 74 L. Ed. 1034, 50 S. Ct. 427, *Trustees of*

*Wisconsin State Federation of Labor v. Simplex Shoe Mfg. Co.*, 215 Wis. 623, 256 N.W. 56 (1934), and *Krystad v. Lau*, 65 Wn.2d 827, 838 (Wash. 1965).

The critical element in determining whether the provisions of the Norris-La Guardia Act apply is whether "the employer-employee relationship [is at] the matrix of the controversy." *Columbia River Packers Assn., Inc. v. Hinton*, 315 U.S. 143, 147 (1942). *Jacksonville Bulk Terminals v. Int'l Longshoremen's Ass'n*, 457 U.S. 702 (1982). In this case, Plaintiff, a rank and file non-supervisory employee for one month during his employment, is suing for a class consisting of mostly hourly paid non-supervisory employees. Unlike the National Labor Relations Act, 29 U.S.C. 151et seq, the anti-injunction provisions of the Norris LaGuardia Act specifically extends to non-employees at 29 U.S.C. 113(c) which says, emphasis supplied,

> The term "labor dispute" includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, ***regardless of whether or not the disputants stand in the proximate relation of employer and employee.***

### III. THE COURT CANNOT ENJOIN NOR COMPEL INDVIDUAL ARBITRATION ONLY, BUT SHOULD ORDER CLASS ARBITRATION OR NO ARBITRATION

Five federal courts of Appeal, including the Ninth Circuit, have all held that the Norris-LaGuardia Act, 29 U.S.C. §§ 101-15, forbids a district court to enjoin the arbitration of a labor dispute. See *Tejidos de Coamo, Inc. v. International Ladies' Garment Workers' Union*, 22 F.3d 8 (1st Cir. 1994); *Lukens Steel Co. v. United Steelworkers*, 989 F.2d 668, 675-79 (3d Cir. 1993); *Camping Construction Co. v. Iron Workers*, 915 F.2d 1333, 1340-50 (9th Cir. 1990); *In re Marine Engineers Beneficial Ass'n*, 232 U.S. App. D.C. 367, 723 F.2d 70 (D.C. Cir. 1983). *AT & T Broadband, LLC v. IBEW*, 317 F.3d 758, 759-760 (7th Cir. Ill. 2003)("To apply the Norris-LaGuardia Act, we have only to know whether arbitration of a labor dispute is a matter "involving or growing out of a labor dispute". It does not require deep insight to understand that the answer is

"yes." Thus the statute applies, and district courts may not issue injunctions.") Yet, Defendant seeks an order to enjoin Plaintiff from pursuing its collective or representative actions. An order to compel arbitration where the agreement clearly limits recovery to non-class claims is an injunction against mutual aid and protection.

In addition, there is a statutory duty for Defendant to resolve these claims for the State of California and all the employees. If there is an obligation to resolve the dispute, the Court may order arbitration of the entire claim by striking the class action restrictions from the arbitration agreement. See, e.g., ***Brotherhood of R.R. Trainmen v. Chicago River & Ind. Ry.***, 353 U.S. 30, 77 S. Ct. 635, 1 L. Ed. 2d 622 (1957) (Court may enforce the union's statutory duty to arbitrate "minor disputes" under the Railway Labor Act); ***Brotherhood of R.R. Trainmen v. Howard***, 343 U.S. 768, 72 S. Ct. 1022, 96 L. Ed. 1283 (1952) (union's duty under RLA not to discriminate against non-union black train porters); ***Graham v. Brotherhood of Locomotive Firemen & Eng'rs***, 338 U.S. 232, 70 S. Ct. 14, 94 L. Ed. 22 (1949) (union's duty under RLA, as the exclusive bargaining representative, to provide nondiscriminatory representation); ***Virginian Ry. v. System Federation No. 40***, 300 U.S. 515, 57 S. Ct. 592, 81 L. Ed. 789 (1937) (employer's duty under RLA to recognize and negotiate with the duly accredited labor representative)). In addition, if the claims of the individual are inseparable from the claims of the group, then the Court can order arbitration of the entire controversy. *Skirchak v. Dynamics Research Corp.*, 508 F.3d 49, 51 (1st Cir. Mass. 2007)("Based on the particular facts of this case, we uphold the striking of the class action waiver on grounds of unconscionability under state law and thus under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16.")

## CONCLUSION

Paragraph 88 and 89of the Defendant's Answer, as well as its motion to compel arbitration, seek to deprive the Plaintiff of his right to seek relief on behalf of the State of California and other

employees. This is an unenforceable agreement under the Norris LaGuardia Act because it seeks to interfere with an employee's right to other mutual aid and protection by filing a lawsuit arising out of a labor dispute. The fact that Plaintiff was a supervisor for a majority of his employment time is not relevant since the lawsuit seeks redress for wage payment to employees. While the Norris LaGuardia Act does not prohibit compelling arbitration, it does prohibit enforcement of a waiver of other mutual aid and protection. Therefore, the Court should either strike the offending provisions of the arbitration agreement, thereby allowing class action arbitration, or simply refuse to compel arbitration.

Dated: July 14, 2008

Respectfully submitted,

Thierman Law Firm

By: /s/Mark R. Thierman
Mark R. Thierman