1  Mark R. Thierman Cal SB# 72913
2  **THIERMAN LAW FIRM, P.C.**
   7287 Lakeside Drive
3  Reno, Nevada 89511
   Tel: (775) 284-1500
4
   Scott Miller, SBN 230322
5  **LAW OFFICES OF SCOTT MILLER, APC**
   16133 Ventura Blvd. #1200
6  Encino, CA 91436
   Tel: (818) 788-8081
7
   Steven L. Miller, SBN 106023
8  **LAW OFFICES OF STEVEN L. MILLER, APC**
   16133 Ventura Blvd. # 1200
9  Encino, CA 91436
   Telephone: (818) 986-8900
10
   Attorneys for Plaintiffs
11
                    UNITED STATES DISTRICT COURT
12                 NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
13

14  FRANCISCO E. SALAZAR, JR., on behalf of )    **No. CV 08-00175 JSW**
    herself, the general public and as an     )
15  "aggrieved employee" under the California  )
    Labor Code Private Attorneys General Act, )
16                                             )
17       Plaintiff,                            )    **PLAINTIFF'S OPPOSITION TO**
                                               )    **MOTION TO COMPEL ARBITRATION**
18       v.                                    )
                                               )    Hearing Date: August 15, 2008
19  BALLY TOTAL FITNESS and each of their   )    Hearing Time: 9:00 a.m.
    subsidiaries doing business in California under )  Courtroom: 2
20  such names as GORILLA SPORTS,              )    Honorable Judge White
    PINNACLE FITNESS and CRUNCH                )
21  FITNESS and DOES 1 through 50 inclusive,   )
                                               )
22       Defendants.                           )
                                               )
23  _____   )
                                               )
24                                             )
25
26
27
28

---

Opposition to Motion to Compel Arbitration                                    i

1

## TABLE OF CONTENTS

2

INTRODUCTION.............................................................................................1

3

ARGUMENT.................................................................................................3

4

    I.    THE CLASS ACTION WAIVER IS UNCONSCIONABLE UNDER CALIFORNIA

5

         AND NINTH CIRCUIT LAW................................................................3

6

    II.   EVEN ILLINOIS COURTS WOULD APPLY THE LAWS OF THE STATE WHERE

7

         THE EMPLOYEE WORKES, AND WOULD ALSO HOLD THE CLASS ACTION

         WAIVER UNCONSCIOUNABLE................................................................9

8

CONCLUSION...............................................................................................13

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3

*A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486, (1982)....................................6

4

5

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000)............................6

6

*Bess v. DirecTV, Inc.*,    Ill. App. 3d   ,   , 885 N.E.2d 488, 497-98, 319 Ill. Dec. 217 (2008)......10

7

*Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1105 n.9 (9th Cir. 2003)..........................1, 9

8

*Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1082 (9th Cir. 2007)......................2, 6, 7, 8, 9, 12, 13

9

*Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)............................6

10

*Gentry v. Superior Court*, 42 Cal. 4th 443  (2007)...........................................................2, 3, 4

11

*Hubbert v. Dell Corp.*, 359 Ill. App. 3d 976, 835 N.E.2d 113, 296 Ill. Dec. 258 (2005)................9

12

13

*Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1177 (9th Cir. 2003)................................2, 3

14

*Little v. Auto Stiegler, Inc.* 29 Cal.4th 1064, 1071(2003)....................................................3

15

*Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 984 (9th Cir. 2007).................2, 3

16

*Skirchak v. Dynamics Research Corp.,* 432 F. Supp. 2d 175, 180-181 (D. Mass. 2006)...............3

17

*Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001)....................................7

18

19

*Stephen R. Wigginton & Weilmuenster & Wigginton, P.C. v. Dell, Inc.*, 2008 Ill. App. LEXIS 577 (Ill. App. Ct. 5th Dist. June 2, 2008).......................................................................9, 10, 11

20

**Statutes**

21

29 U.S.C., Section 102.....................................................................................................1

22

29 U.S.C., Section103.....................................................................................................1

23
24
25
26
27
28

# INTRODUCTION

The class action waiver is unenforceable because it is both substantively and procedurally unconscionable. Defendant hired Plaintiff in California to work in its California facilities, but seeks to impose Illinois wage hour law on him by way of a contract of adhesion. The average employee would have to have counsel to understand that the provisions of the agreement which require arbitration also contain a class action waiver of claims by the employee for wages while claims by the employer against the employees are not subject to such restrictions. The waiver lacks symmetry because only employment disputes are subject to arbitration (which favors the employer), the class action waiver is buried in a long document full of legalese, the acknowledgment gives no option to "opt out" of the arbitration provision (unlike the *Circuit City* case infra), and recites an untrue premises for the choice of law selection that the contract is entered into in Illinois. The class action waiver is neither clear nor unambiguous, nor is it highlighted in any way or set apart from the rest of the boilerplate so that an average person who didn't agree to this provision would even know it's there, much less know that he or she could reject it and continue working for the employer.[1] Although Plaintiff has been unable to find any reported decision on the impact of statement of social policy prohibiting waivers of group action  contained in Sections 2 and 3 of the Norris LaGuardia Act, 29 U.S.C. §§102, 103 on non-collectively bargained employment contracts, this statute is further  evidence that, in the employment context,  class action waivers as a condition of employment, whether coupled with an agreement to arbitrate or standing alone, are unconscionable under federal law[2], under California state law,[3]  and even Illinois law[4] (although application of

---

[1] The agreement is dated April 29, 2005, the same day Mr. Salizar was hired. The agreement says the company may elect to give a copy to the employee at any time in the employment relationship.

[2] Rather than repeat itself, Plaintiff adopts is brief and reply brief in support of its motion to strike affirm defenses previously filed herein.

Illinois labor law to employees working in California is further evidence of unconscionability).

Obviously, the high cost of litigation of small overtime claims for individual employees was already

considered as a factor favoring unconscionability in such cases as ***Gentry v. Superior Court***, 42 Cal.

4th 443 (2007) and the Ninth Circuit has not enforced such waivers in cases like ***Shroyer v. New***

***Cingular Wireless Servs., Inc.***, 498 F.3d 976, 984 (9th Cir. 2007), and ***Ingle v. Circuit City Stores,***

***Inc.,*** 328 F.3d 1165, 1177 (9th Cir. 2003).  The arbitration agreement in this case is almost identical,

word for word, in all relevant respects with the agreement found by the Ninth Circuit to be

unconscionable just last year in the case of ***Davis v. O'Melveny & Myers***, 485 F.3d 1066, 1082 (9th

Cir.  2007).  The fact that the employer only wants to go to arbitration if the class action waiver

provisions apply shows that the employer is just masking a class action waiver provision as a part of

the arbitration  clause, showing the two are severable and rendering the federal policy favoring

arbitration inapplicable to the waiver provision.  For the reasons stated herein, the Court should not

force the employee to waive his right to bring a class action either in arbitration or in the Courts.

---

[3]  California, like most states, an almost identical provisions in its "little Norris LaGuardia Act, at California Code of Civil Procedure 527.3, and its preamble and statement of public policy at Stats 1975 ch 1156, which provides: SECTION 1. In the interpretation and application of this act the public policy of this state is declared as follows:  Under prevailing economic conditions the individual unorganized worker is commonly helpless to exercise actual liberty of contract and to protect his freedom of labor and thereby to obtain acceptable terms and conditions of employment. It is therefore necessary that he have full freedom of association and self-organization and the right to engage in concerted activities for the purpose of collective bargaining, picketing or other mutual aid or protection.

[4]  "Like the federal Norris-LaGuardia Act, the Illinois statute declares all undertakings or promises to refrain from concerted activity in employment contracts against public policy and, therefore, unenforceable." ***Villegas v. Princeton Farms, Inc.***, 1989 U.S. Dist. LEXIS 1495 (N.D. Ill. Feb. 9, 1989) modified on appeal at  893 F.2d 919  (1990)

2

**ARGUMENT**

## I.   THE CLASS ACTION WAIVER IS UNCONSCIONABLE UNDER CALIFORNIA AND NINTH CIRCUIT LAW

To cut to the quick, waivers of statutory class action wage claims in employment contracts are unconscionable, whether they are bundled with an arbitration provision or simply a stand-alone clause under both California and Ninth Circuit precedent.    *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007), *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 984 (9th Cir. 2007) (using a finding that class action waiver was unconscionable under California law to invalidate an arbitration agreement) and *Ingle v. Circuit City Stores, Inc.,* 328 F.3d 1165, 1177 (9th Cir. 2003) ("We find that this bar on class-wide arbitration is patently one-sided, and conclude that it is substantively unconscionable."), *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1082 (9th Cir. 2007). Because this was a classic "take it or leave it" arbitration agreement on its face, where the employee had no choice but to sign the agreement in order to retain his employment, it is a contract of adhesion and thus considered procedurally unconscionable. *Little v. Auto Stiegler, Inc.* 29 Cal.4th 1064, 1071(2003).   Because the class action wavier provision is directed to a substantive rather than a procedural matter, and because overtime wage claims are a matter of public rights rather than private rights, this aspect of the arbitration agreement is substantively unconscionable as well. *Davis v. O'Melveny & Myer, supra.* As stated by the court in *Skirchak v. Dynamics Research Corp.,* 432 F. Supp. 2d 175, 180-181 (D. Mass. 2006)

> An arbitration agreement that eliminates the right to a class-wide proceeding may have "the 'substantial' effect of contravening the principle behind class action policies and 'chilling the effective protection of interests common to a group'." [*Ingle v. Circuit City Stores, Inc.*] at 1176, n.13.

In *Gentry*, a retail store manager filed a proposed class action against his employer, Circuit City Stores, Inc. ("Circuit City"), seeking damages for conversion and statutory violations for the alleged failure to pay overtime compensation. Circuit City filed a motion to compel arbitration.  The Circuit

City arbitration agreement had a thirty day "opt out" window that would not have resulted in the employee's termination. The court found that the California law provided unwaivable rights to legal minimum wage and legal overtime compensation, and that a class action waiver in an employment context would be unconscionable if it were found to be exculpatory. The court found that class action waivers in wage and hour cases usually had exculpatory effect for three reasons -- first, individual awards in wage and hour cases tend to be "modest;" second, a current employee who individually sues his employer is at greater risk of retaliation, as in any type of employment-related litigation; and third, some individual employees might not sue because they were unaware that their legal rights had been violated. Id. at 457-62. The court added that "class actions may be needed to assure the effective enforcement of statutory policies even though some claims are large enough to provide an incentive for individual action," particularly where individual suits through the Labor Commissioner "offer no more than the prospect of "random and fragmentary enforcement" of the employer's legal obligation to pay overtime." Id. at 462 (citation and quotation omitted). The court then stated that "[b]ecause the statutory rights . . . at issue in this case are not waivable, the minimal requirements imposed on arbitration agreements to ensure their vindication cannot be waived by the employee in a prelitigation agreement." Id. at 467. Such a waiver can occur only when the employer and the employee enter into an arbitration agreement after a dispute has arisen, when the employee will be free to determine what trade-offs between arbitral efficiency and formal procedural protections will best safeguard their statutory rights. Id.

The facts of this case are either on all fours, or slightly favor Plaintiff. First, there was no 30 day opt out period like Circuit City provide its employees in the *Gentry* case. Second, the arbitration agreement in this case was buried in a bunch of papers given to the employee on the day he was hired. Third, it was a take it or leave it proposition, with a very clear "at will" statement so that if the employee rejected the agreement, or any part of it, he or she was had no recourse if the employer

1  terminated the employee.  Fourth, the no class action rule is buried in language that says an

2  employee can't bring a grievance that concerns any other employee—which is ironic since any

3  grievance challenging a company or store wide "policy" would impact many employees

4  automatically. This is neither clear nor obvious to the average retail employee.  Fifth, the amount

5  involved in an individual wage claim is typically small, and the check cashing claim even smaller, so

6  aggregation of claims through the class action mechanism becomes the only effective means to

7  obtain legal counsel.   Sixth, the arbitration agreement is limited to employment disputes, which

8  favors the employer, rather than all disputes between the employee and employer arising out of any

9  relationship (employees can use the gym when off work).  Seventh, the State of California is not a

10 party to the agreement, but the agreement is being used to dismiss the penalties due the State of

11 California through the Labor Code Private Attorney General Act, Labor Code 2699 on behalf of all

12 employees.  Eighth, California has a specific policy in favor of class actions in labor code violations

13 under Labor Code 2699, and in unfair competition law cases, Business & Professions Code 17203.

14 Ninth, the "Employment Dispute Resolution Program- EDRP" arbitration agreement here, including

15 the overbroad confidentially provision,[5] the multiple steps before arbitration (the same steps with the

16 same names as here), exclusions from arbitration provisions, the one year notice of claim period,[6]

17 and even the acronyms used in the documents (like the name of the program itself), are all either

[5] As the Court noted in **Davis**, such provisions conflict with California Labor Code Section § 232.5, which states: "No employer may do any of the following:(a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions.(b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions.(c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions.

[6] The agreement in this case seems to make a contradictory statement about waiving the statute of limitations but at the same time preserving the statute of limitations in claims under federal or state law.  First, there are no "statute of limitations" except under state or federal law, so the waiver must apply to these claims.  Second, the time limits specifically exclude any tolling, while various statutes can be tolled under certain circumstances.

identical or almost identical (not a difference of significance to this case) to the "Dispute Resolution Program- DRP" agreement found unconscionable by the Ninth Circuit in *Davis v. O'Melveny & Myers*, 485 F.3d 1066 (9th Cir. 2007). It appears that the Defendant in this case may have been actually using a 2005 iteration of the "O'Melveny" employment arbitration agreement for use in California, the same agreement that the Ninth Circuit has already found unconscionable in its 2007 decision in *Davis.*[7]

Under California law, a contractual clause is unenforceable if it is both procedurally and substantively unconscionable. See *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83 (2000). In California, procedural unconscionability and substantive unconscionability need not both be present to the same degree: "'Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation . . . in proportion to the greater harshness or unreasonableness of the substantive terms themselves.'" *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006), cited with approval in *Armendariz,* 6 P.3d at 690. Procedural unconscionability analysis focuses on "'oppression' or 'surprise.'" *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001). "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice," while "[s]urprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them." *Id.* (citing *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486, (1982)).

In this case, there were both "oppression" and "surprise." The class action waiver provision is contained in a handbook of many other terms and conditions of employment, given to the employee after he starts work, and containing language that is not clearly indicative of any option to

---

[7] It would not be surprising if this Defendant has an agreement that may have originated from the same source as the agreement in the *Davis* case, as the O'Melveny law firm has a widely recognized and highly respected management side labor practice with many, many clients throughout the nation and in California.

1  reject the waiver at all. The handbook, and all its terms, were 'imposed on employees as a condition

2  of employment' and there was not 'an opportunity to negotiate' . . . 'key factors of oppression and

3  surprise.'" *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1042 (9th Cir. 2001).   Unlike the

4
5  provisions of the Circuit City arbitration agreement where employees were given a reasonable time

6  to opt out of the arbitration provisions, this contract was a take it or leave it pronouncement after the

7  employee had been hired, that he was both "at will" (subject to being terminated if he did not agree)

8  and obligated to abide by many conditions, including this, in favor of the employer even after his

9  employment was terminated.   This is a classic contract of adhesion between two parties of unequal

10  bargaining position, unequal in fact and unequal in legislative presumption.   As stated by the

11
12  preamble and statement of public policy to California Code of Civil Procedure 527.3, at Stats 1975

13  ch 1156,SECTION , emphasis supplied:

14          In the interpretation and application of this act the public policy of this state is
           declared as follows:  Under prevailing economic conditions the individual
15          unorganized worker is commonly ***helpless to exercise actual liberty of***
           ***contract and to protect his freedom of labor*** and thereby to obtain acceptable
16          terms and conditions of employment. It is therefore necessary that he have full
           freedom of association and self-organization and the right to engage in
17          concerted activities for the purpose of collective bargaining, picketing ***or***
           ***other mutual aid or protection.***
18
19
20          The provision is also substantively unconscionable.  First, it lacks symmetry.  Only the

21  employee waives his rights to class action litigation, and only the employee must arbitrate all

22  disputes.   Second, this agreement appears to be verbatim in many parts to the agreement found

23  unconscionable by the Ninth Circuit in ***Davis v. O'Melveny & Myers***, 485 F.3d 1066 (9th Cir. 2007).

24  For the nine reasons previously stated in relation to that agreement and the reasons further

25  articulated herein, the Court should find the agreement unconscionable here as well.

26          In addition, the agreement is especially "unconscionable" as applied to wage claims

27  because the State of California has a substantial interest in the regulation of wage and hours of work

28

for employees employed within its borders.  A key element to enforcement of those rights is a private attorney general concept, like qui tam or false claims (which this agreement would relinquish as well), embodied in Labor Code 2699.  Labor Code 2699 has its own procedures, which require notification to the State, which is inconsistent with the exclusive remedy provisions requiring using the internal grievance machinery exclusively.  The social policy in favor of group action to enforce the Labor Code as a "private attorney general" is perhaps even more expansive than a class action based solely on the California Code of Civil Procedure Section 382, the state law analog to Federal Rule of Civil Procedure Rule 23.  California Labor Code 2699(a) expressly states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

In *Davis*, the Ninth Circuit refers to wage claims as public rights, since employers who do not pay overtime or violate the labor code lower the standards for all workers which hurts all society. This is even more true in the case of California Labor Code 2699, in which the employee sues in the shoes of the Labor Commissioner and 75% of the penalties goes to the State of California.  As the Ninth Circuit stated in *Davis:*

> Nevertheless, an arbitration agreement may not function so as to require employees to waive potential recovery for substantive statutory rights in an arbitral forum, especially for statutory rights established "for a public reason" -- such as those under The Age Discrimination in Employment Act (ADEA) and the California Fair Employment and Housing Act (FEHA). [citations]. That is, although such rights are arbitrable, an arbitration forum must allow for the pursuit of the legal rights and remedies provided by such statutes. *Armendariz,* 6 P.3d at 681 (citing *Cole*, 105 F.3d at 1481-82). In this context, employment rights under the FLSA and California's Labor Code are "public rights" analogous to rights under the ADEA and FEHA. See, e.g., ***Albertson's, Inc. v. United Food & Commercial Workers Union***, 157 F.3d 758, 761 (9th Cir. 1998).

1    In addition, the choice of law is against the social policy of California to protect its citizens

2    working within its borders. California law applies to this issue because the employee worked in

3    California. See *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1105 n.9 (9th Cir. 2003)

4

5    (applying California law because employee was employed in California). *Davis v. O'Melveny &*

6    *Myers, supra.* In addition, California Labor Code Section 2699 is a bounty hunter provision for the

7    benefit of both the employees and the state of California, and the state of California was never a

8    party to any agreement to arbitrate its disputes over violations of the labor code. Therefore, the class

9    action waiver buried within the agreement to arbitrate is unconscionable.

10   **II.    EVEN ILLINOIS COURTS WOULD APPLY THE LAWS OF THE STATE**
11   **WHERE THE EMPLOYEE WORKED, AND WOULD ALSO HOLD THE**
     **CLASS ACTION WAIVER UNCONSCIOUNABLE.**

12   Shortly before Defendant filed its brief, and presumably unknown to counsel, on June 2,

13

14   2008 the Illinois Appellate Court issued its opinion in the case of   *Stephen R. Wigginton &*

15   *Weilmuenster & Wigginton, P.C. v. Dell, Inc.*, 2008 Ill. App. LEXIS 577 (Ill. App. Ct. 5th Dist.

16   June 2, 2008) which held a class action waiver provision unconscionable by a Texas personal

17   computer seller (Dell) to an Illinois purchaser, even though the contract said that Texas law applied.

18   Based upon *Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1 (Ill. 2006), the same case upon which

19

20   Defendant relies so heavily in its brief to this Court, the court in *Weilmuenster & Wigginton, P.C. v.*

21   *Dell, Inc, supra,* distinguished on its facts, but also overruled the prior opinion in *Hubbert v. Dell*

22   *Corp.*, 359 Ill. App. 3d 976, 835 N.E.2d 113, 296 Ill. Dec. 258 (2005). The Court in *Weilmuenster*

23   *& Wigginton, P.C. v. Dell, Inc,* found that the class action waiver was procedurally unconscionable

24   because the buyer had not seen it before the purchase since the sale was made over the phone. Of

25   course, like most employees, it is fair to assume Plaintiff herein was given the employment package

26   after he was hired, and was never shown a copy of the employment manual containing the class

27   action waiver provision *before* he accepted an offer of employment.

28

9

1    But even if the procedural unconscionability was not enough, the Court went on to declare

2 the class action waiver substantively unconscionable "We thus conclude that enforcing the class

3 arbitration waiver against Illinois consumers violates the public policy of this state." *Stephen R.*

4 *Wigginton & Weilmuenster & Wigginton, P.C. v. Dell, Inc.*, 2008 Ill. App. LEXIS 577 (Ill. App.

5
Ct. 5th Dist. June 2, 2008).  The Court found substantive unconscionability in that case because there

6
7 was an Illinois statute specifically giving class action redress for these type of claims, thus

8 evidencing a policy in favor of class action resolutions to protect Illinois citizens at large.    The

9 Court in *Stephen R. Wigginton & Weilmuenster & Wigginton, P.C. v. Dell, Inc.*, also relied upon

10 the decision cited by Defendant of *Bess v. DirecTV, Inc.*,    Ill. App. 3d  ,  , 885 N.E.2d 488, 497-

11
98, 319 Ill. Dec. 217 (2008).  The Court said the "Bess" agreement was not unenforceable, despite

12
13 some elements of adhesion,      because the agreement in *Bess* not only allowed class action

14 arbitrations, but provided that the employer would pay any costs associated with bringing class

15 action arbitration over and above the normal costs of filing a class action in state court.  As the Court

16 in *Stephen R. Wigginton & Weilmuenster & Wigginton, P.C. v. Dell, Inc.*, supra, stated:

17          The Bess court went on to analyze the consumer plaintiff's argument that the
18          agreement  was  substantively  unconscionable.  There,  unlike  here,  the
            provision permitted class arbitration, and there, unlike here, the contract
19          provided that if the fee for class arbitration exceeded the filing fee applicable
            to bringing a similar action in court, the defendant would pay the excess. Bess,
20              Ill. App. 3d at  , 885 N.E.2d at 500-01.  The court thus found no
            substantive unconscionability. *Bess,*    Ill. App. 3d at  , 885 N.E.2d at 501
21

22    In this case, the arbitration agreement waives a right to bring class actions for wages when

23 both California's Unfair Competition Law (UCL) –Business & Professions (B&P) Code 17200[8] and

24

25 [8] The last sentence of California B&P Code §17203 now reads, "Any person may pursue
representative claims or relief on behalf of others only if the claimant meets the standing
26 requirements of Section 17204 and complies with Section 382 of the Code of Civil Procedure, but
these limitations do not apply to claims brought under this chapter by the Attorney General, or any
27 district attorney, county counsel, city attorney, or city prosecutor in this state."  Before Prop. 64 § 2,
added this sentence B&P Code §§17203 &17204 by Amendment effective November 3, 2004,
28 standing and traditional class action requirements were not even required to bring a "representative"

1  California's Labor Code Private Attorney General Act (PAGA), Labor Code 2699, specifically

2  provide for class or "representative actions" on behalf of all employees. Not only would the class

3  action waiver frustrate the explicit policy of California Business & Professions Code Section 17203 ,

4
   it would totally distort the bounty hunter provisions which inure to the benefit of both workers and
5
   the state of California under California Labor Code Section 2699. If this Court were to follow
6

7  Illinois law, which probably should not apply to an employment dispute in California, then it should

8  follow the holding in *Stephen R. Wigginton & Weilmuenster & Wigginton, P.C. v. Dell, Inc.,* 2008

9  Ill. App. LEXIS 577, 19-20 (Ill. App. Ct. 5th Dist. June 2, 2008) that

10
   > We hold only that the Illinois [in this case California] plaintiff cannot be
11 > prevented from seeking to arbitrate his claim as the representative of a class
   > and that Illinois consumers [in this case, California employees] cannot be
12 > prevented from being members of that class.

13                                    **CONCLUSION**

14

15      Defendant's arbitration agreement purposefully presents a procedural catch 22 to any

16 employee who seeks to vindicate the "public" rights of a wage hour violation. Only an employee

17 would have standing to sue under the Labor Code. But once the employee is forced to arbitrate his

18
   or her individual claim, he or she is no longer a real party in interest with a real dispute, so that
19
20 employee is no longer an adequate class representative. Win or lose, by using the class action

21 waiver, Defendant frustrates any attempt to certify a class. If Defendant was found to have violated

22 the wage hour laws, it need not make restitution to hundreds of others similarly situated. Defendant

23 can continue to violate the law, knowing its maximum exposure will be an occasional individual

24 case here and there for a few thousand dollars, rather than millions of dollars Defendant may really

25 owe to the employees. Again, the amounts are small in the individual case, which is the reason that

26

27
   _____

28 action under B&P Code 17200. Californians for Disability Rights v. Mervyn's, LLC, 39 Cal. 4th
   223, 232 (Cal. 2006)

the State of California has an explicit policy favoring aggregating these claims for class action treatment at California Labor Code 2699.

The Defendant's arbitration agreement is procedurally unconscionable. The agreement was a "take it or leave it" proposition, typically given to the employee on or after the first day of employment (after the employee is already hired and may have even left another job), mixed in with a bunch of other policies and papers, all signed at once. The class action waiver is obtuse, and not severable from the remaining part of the arbitration agreement. Unlike the employer in the *Gentry* case, the Plaintiff in this case did not even have a 30 day grace period to reject the agreement. In fact, the employee doesn't know he has any option to reject the agreement, in whole or in part, because there is nothing in the agreement that says it's negotiable. For contrast, a lawyer's contingency fee agreement with a client in both California and Nevada must tell the client that it's open to negotiation. The bar insists on such language in order to invite the client to negotiate changes to the agreement, to avoid unconscionability. Here, the agreement says the employee can show it to a lawyer, but what can the lawyer do? The only option available to the employee seems to be to sign the agreement, as is, or quit the job. Since workers are presumed to be in an inferior bargaining position to their employer, this take it or leave it agreement is procedurally unconscionable.

The agreement is also substantively unconscionable. The Defendant's arbitration agreement is virtually identical to the agreement that the Ninth Circuit held to be unconscionable in *Davis v. O'Melveny & Myers, supra*. The non-disclosure agreement violates Labor Code 232.1, its limited only to employment disputes rather than to all disputes between the parties, it has a one year statute of limitations, although it says longer for statutory claims, but in any event, no tolling is allowed. The State of California was not party to the agreement, yet it attempts to preclude the State's recovery for all employees under Labor Code 2699. As the Court in *Davis* noted, the labor

code was enacted for the public good and not just the good of any individual workers, so that group enforcement cannot be waived.  And the choice of law provision that uses Illinios law for employees hired and working in California is further proof of one-sidedness and inherent unfairness to the employee, and the social interests of the State of California.   And both California and United States have a legislative declaration of policy against agreements that preclude group "mutual aid and protection" and concerted activity.  The law of Illinois, which really is not applicable, would yield the same result: the agreement is substantively unconscionable.

For all the reasons set forth above, the Court should not order the Plaintiff to abandon its class wide claims in favor of individual arbitration.  The parties should arbitrate on a classwide basis, or not at all.

Dated:   July 25, 2008                               Respectfully submitted,

                                                     Thierman Law Firm

                                                     By:  /s/Mark R. Thierman
                                                          Mark R. Thierman