IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO E. SALAZAR JR.,

    Plaintiff,

    v.

BALLY TOTAL FITNESS, ET AL.,

    Defendants.

No. C 08-00175 JSW

**ORDER TO SHOW CAUSE**

After review of the pending motions in this matter, the Court is concerned that it may not have jurisdiction over the case and that the motion to compel arbitration may not be well-taken. Therefore, the Court VACATES the hearing set for September 12, 2008 on the motion to compel arbitration filed by Defendant Bally Total Fitness ("Bally") and the motion to strike Defendant's 30th and 31st affirmative defenses filed by Plaintiff Francisco E. Salazar, Jr. ("Plaintiff"). Instead, the Court issues this order to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction and why Bally has not waived enforcement of the arbitration provision. In addition, the further case management conference set for September 12, 2008 is VACATED and may be reset by later order of the Court.

The Court has tentatively decided that, should it retain jurisdiction and should it find that the arbitration provision was not waived by Bally's conduct, it would grant the motion to compel arbitration but sever the class action waiver provision and permit Plaintiff to proceed on a purported class action basis before the arbitrator. The Court also has tentatively decided to deny Plaintiff's motion to strike.

1    The Court hereby issues this order to show cause why this Court should not remand this
2 case to state court for lack of subject matter jurisdiction.  The Court has an independent
3 obligation to determine subject matter jurisdiction.  *See FW/PBS, Inc. v. City of Dallas*, 493
4 U.S. 215, 231 (1990).

5    First, in *Cesar Carrera v. Bally Total Fitness Corporation*, (CV 06-0552 SVW), the
6 Central District of California found, based on a full evidentiary record, that Bally's principal
7 place of business is California, not Illinois, and remanded the case to state court for lack of
8 diversity.  The Court orders Bally to address, with evidentiary support, whether there been any
9 changed circumstances that would demonstrate that California is no longer Bally's principal
10 place of business.

11    Second, in its notice of removal, Bally states that the amount in controversy exceeds the
12 sum of $5,000,000, exclusive of interest and costs.  However, Bally fails to set forth the basis
13 for this calculation.  The Court orders Bally to address the estimate of the amount in
14 controversy in order to establish that the amount in controversy exceeds the statutory minimum
15 established by the Class Action Fairness Act of 2005 ("CAFA").

16    Third, the Court issues this order to show cause why the motion to compel arbitration is
17 well-taken.  The Court notes that in the earlier, related action with the same parties and the
18 same allegations, Bally moved to dismiss several of Plaintiff's claims.  (*See Salazar v. Bally*
19 *Total Fitness*, C 06-3053 JSW.)  The Court orders Bally to address why it did not waive
20 enforcement of the arbitration provision by filing a motion to dismiss in the former iteration of
21 this same case.  Also, in this matter, as in the previous case, Bally removed to federal court
22 under CAFA. Now Bally moves to compel arbitration and enforce the waiver of the bar against
23 class actions.  Were the Court to grant Bally's motion in full, the Court orders Bally to address
24 on what basis could the Court maintain jurisdiction of this matter in order to stay the case
25 pending arbitration.

26    The Court further orders Plaintiff, in its response, to address why the claims now
27 pending before this Court are not barred by the applicable statute of limitations.
28

2

1  Bally shall file a response to this order to show cause not to exceed 15 pages addressing
2  the Court's concerns by no later than September 26, 2008.  Plaintiff shall file a response to
3  Bally's submission not to exceed 15 pages by no later than October 10, 2008.  Should the Court
4  deem it necessary to have a hearing on this Order or the still-pending motions, it will so notify
5  the parties by separate order.

**IT IS SO ORDERED.**

Dated:   September 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California