IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO E. SALAZAR JR., | |
| Plaintiff, | No. C 08-00175 JSW |
| v. | |
| BALLY TOTAL FITNESS, ET AL., | **SECOND ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED OR REMANDED** |
| Defendants. | |

The parties' responses to the Court's first order to show case dated September 9, 2008, raise more questions than they answer.

In its first order to show cause the Court required Plaintiff to address why the claims now pending before the Court are not barred by the statue of limitations. In its response, Plaintiff argues that its re-filing of the complaint in this matter should relate back to its earlier complaint in a related matter which was filed within the applicable statute of limitations. First, it is not at all clear that a separately filed claim, as opposed to an amendment or a supplementary pleading, can relate back to a previously filed claim. *See* Fed. R. Civ. P. 15(c) (setting out conditions when an "*amendment* to a pleading relates back to the date of the original pleading") (emphasis added); *see also Gaona v. United States Postal Service*, 2002 WL 1998270, *2 (N.D. Cal. Aug. 19, 2002) (citing *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (holding that a "separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim"). Also, Plaintiff's response indicates that he voluntarily dismissed the earlier action (*Salazar v. Bally Total Fitness, et al.*, Civ. No. 06-3053 JSW) in order "to comply with the administrative processes

required by California Labor Code Section 2699.3." (Response at 1.) Thus, it is not clear whether this newly-filed case can relate back to a complaint that the Court lacked jurisdiction over originally. *See Moreno v. Autozone, Inc.*, 2007 WL 1650942, *4 (N.D. Cal. June 5, 2007) (holding that a later claim satisfying the jurisdictional prerequisite to exhaust administrative remedies for a claim under California's Private Attorneys' General Act cannot relate back to a previously-filed unexhausted claim because the "rule of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence'") (citing *Wilson v. People*, 271 Cal. App. 2d 665, 669 (1969) (holding that a "subsequent pleading which sets out the subsequent performance of a statutory condition precedent to suit cannot relate the time of performance of the condition back to the time of the filing of the original complaint and thereby toll the running of the statute of limitation, since the role of relation back does not operate to assign the performance of a condition precedent to a date prior to its actual occurrence.")).

In addition, in *Cesar Cerrera v. Bally Total Fitness Corporation*, (CV 06-0552 SVW), the Central District of California found, based on a full evidentiary record, that Bally Total Fitness ("Bally")'s principal place of business is California, thereby destroying diversity jurisdiction. In its response to the first order to show cause, Bally did not, as requested, provide evidence of changed circumstances that would demonstrate that California is no longer Bally's principal place of business. Instead, Bally contested the order of the Central District.

Bally is barred from successive litigation of an issue of fact or law that has been actually litigated and resolved in a valid court determination essential to the prior judgment. *See New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Collateral estoppel, or issue preclusion, bars "relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." *Shaw v. Hahn,* 56 F.3d 1128, 1131 (9th Cir. 1995). "A federal court decision has preclusive effect where (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Kourtis v.*

2

*Cameron*, 419 F.3d 989, 994 (9th Cir. 2005). It appears that all of three of these elements are satisfied here.

The Court therefore issues this second order to show cause why: (1) the case should not be dismissed based on the expiration of the statute of limitations; or (2) the case should not be remanded to state court for lack of subject matter jurisdiction based on the finding by the Central District of California court that Bally's principal place of business is California.

Bally shall file a response to this order to show cause not to exceed 15 pages by no later than December 8, 2008. Plaintiff shall file a response also not to exceed 15 pages, addressing Bally's contentions, by no later than December 22, 2008. Should the Court deem it necessary to have a hearing on this Order or the still-pending motions to compel arbitration and to strike affirmative defenses, it will so notify the parties by separate order.

**IT IS SO ORDERED.**

Dated: November 25, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3